```
 1              IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                        EASTERN DIVISION

 3   MAPLEVALE FARMS, INC.,          )   Docket No. 16 C 8637
     individually and on behalf of   )
 4   all others similarly situated,  )
                                     )
 5                  Plaintiff,       )   Chicago, Illinois
                                     )   September 22, 2016
 6            v.                     )   9:24 a.m.
                                     )
 7   KOCH FOODS, INC., et al.,       )
                                     )
 8                  Defendants.      )

 9
                TRANSCRIPT OF PROCEEDINGS - Motion Hearing
10              BEFORE THE HONORABLE THOMAS M. DURKIN

11
     APPEARANCES:
12

13   For Plaintiffs       HART McLAUGHLIN & ELDRIDGE LLC by
     Maplevale Farms      MR. STEVEN A. HART
14   and John Gross       121 W. Wacker Drive
     and Company:         Suite 1050
15                        Chicago, IL 60601

16
     For Plaintiff        WEXLER | WALLACE LLP by
17   Fargo Stopping       MR. THOMAS A. DOYLE
     Center:              55 W. Monroe Street
18                        Suite 3300
                          Chicago, IL 60603
19

20   For Plaintiffs       WOLF HALDENSTEIN ADLER
     Drucker, Harwayne-   FREEMAN & HERZ LLP by
21   Gidansky, Majernik   MR. THEODORE B. BELL
     and Nelson:          One South Dearborn Street
22                        Suite 2122
                          Chicago, IL 60603
23

24

25
```

```
 1    APPEARANCES (Cont'd.):

 2
      For Plaintiffs          HAGENS BERMAN SOBOL SHAPIRO LLP by
 3    Percy, Lathen           MR. STEVE W. BERMAN
      and Dimas:              1918 8th Avenue
 4                            Suite 3300
                              Seattle, WA 98101
 5

 6                            HAGENS BERMAN SOBOL SHAPIRO LLP by
                              MS. ELIZABETH A. FEGAN
 7                            455 N. Cityfront Plaza Drive
                              NBC Tower, Suite 2410
 8                            Chicago, IL 60611

 9
      For Defendant           SIMPSON THACHER & BARTLETT LLP by
10    Pilgrim's Pride:        MS. ANDREA B. LEVINE (via telephone)
                              425 Lexington Avenue
11                            New York, NY 10017

12
      For Defendant           KIRKLAND & ELLIS LLP by
13    Sanderson Farms:        MR. DANIEL E. LAYTIN
                              300 N. LaSalle Street
14                            Chicago, IL 60654

15
      For Defendant           SHOOK HARDY & BACON LLP by
16    Simmons Foods:          MS. LYNN H. MURRAY
                              111 S. Wacker Drive
17                            Suite 5100
                              Chicago, IL 60606
18

19    Court Reporter:         LAURA R. RENKE, CSR, RDR, CRR
                              Official Court Reporter
20                            219 S. Dearborn Street, Room 1432
                              Chicago, IL 60604
21                            312.435.6053
                              laura_renke@ilnd.uscourts.gov
22

23

24

25
```

1     (In open court.)
2         THE CLERK: Okay. 16 C 8637, Maplevale Farms v. Koch
3 Foods.
4         And I need to get someone on the phone for that one as
5 well.
6     (Clerk places telephone call.)
7         MS. LEVINE: This is Andrea.
8         THE CLERK: Good morning. It's Sandy with Judge
9 Durkin calling on 16 C 8637, Maplevale Farms v. Koch Foods.
10        THE COURT: All right. Good morning. Let's have
11 everyone identify themselves for the record starting first with
12 the person on the phone.
13        MS. LEVINE: Hi. This is Andrea Levine from Simpson
14 Thacher. We're representing Pilgrim's Pride.
15        THE COURT: And -- who do you represent again?
16 Pilgrim's Pride? All right.
17        MS. LEVINE: That's correct.
18        THE COURT: Okay. And in court, who do we have?
19        MR. BERMAN: Good morning, your Honor. Steve Berman
20 on behalf of the Percy movants.
21        MR. HART: Good morning, your Honor. Steven Hart on
22 behalf of the first-filed direct plaintiffs on Maplevale and
23 Gross.
24        MS. FEGAN: Good morning, your Honor. Elizabeth Fegan
25 with Steve Berman's firm on behalf of the Percy plaintiffs.

1 THE COURT: All right.

2 MR. DOYLE: Good morning, your Honor. Thomas Doyle
3 for the Fargo Stopping Center plaintiffs.

4 MS. MURRAY: Good morning, your Honor. Lynn Murray
5 for Simmons Foods, defendant.

6 MR. LAYTIN: Good morning, your Honor. Dan Laytin
7 from Kirkland for Sanderson Farms. Laytin, L-A-Y-T-I-N.

8 MR. BELL: Good morning, your Honor. Theodore Bell on
9 behalf of the indirect purchasers in the Drucker case.

10 THE COURT: All right. Well, good morning, all of
11 you. It seems like we should have more people here, as many as
12 we do have.

13 By the way, I should note for the record I know
14 Mr. Berman. We had cases together against each other years ago
15 where he represented plaintiffs suing Abbott Laboratories. So
16 we're not personal friends, but we've had professional dealings
17 over the years.

18 Mr. Hart has a case in front of me already that was up
19 just earlier this week.

20 Mr. Doyle has had cases in front of me that have gone
21 up and back from the 7th Circuit.

22 So I know a number of the attorneys in the case, but
23 none on a social basis, all professional. So it's not a basis
24 for me to recuse myself, but just a matter to put on the
25 record.

1    Okay. So my first question is, is there -- at least
2    among the defendants and plaintiffs who are here, is there any
3    objection to this motion?
4            MS. MURRAY: Your Honor, Lynn Murray for Simmons
5    Foods.
6            I think not everyone who might want to be heard is
7    here. It's very possible that in the end, the defendants as a
8    group will have no objection. But I think rather than take a
9    position now, we'd like to coordinate as defendants and give
10   you that answer once everybody has been represented.
11           THE COURT: All right. Well, that's reasonable. Are
12   some defendants not represented yet?
13           MR. LAYTIN: I believe that's the case, and I believe
14   not all defendants have been served.
15           THE COURT: Okay. Who is -- well, there's a lot of
16   defendants.
17           MR. HART: I can comment on that, your Honor. At
18   least in the Maplevale case, there was 28 defendants sued.
19   19 have been served.
20           THE COURT: Okay.
21           MR. HART: I believe at least two have appeared. So
22   that is correct.
23           THE COURT: All right. Well, I will tell you, having
24   read it, this seems like a reasonable motion. The plaintiffs
25   are either direct or indirect purchasers of the broilers; the

1    defendants are the farms.  And they're all similar defendants.
2            Are there differences in the defendants in each case,
3    or are they all the same?
4            MR. HART:  They're nearly identical, if not exactly
5    identical, and the complaints are nearly identical --
6            THE COURT:  Okay.
7            MR. HART:  -- and the allegations therein.
8            THE COURT:  On its face, this seems like there's going
9    to be enormous efficiencies in having this in front of one
10   judge, both for discovery coordination and, if there's motions
11   to dismiss, you don't want seven different judges in this
12   building ruling on them.
13           Are there other cases pending in this country other
14   than the seven -- is it seven, I think, we have here?
15           MR. HART:  We checked yesterday, your Honor, and there
16   was no other cases filed in any other jurisdiction.
17           The reason why we wanted to get before your Honor is
18   because Judge Bucklo set a case management hearing, and there
19   are other judges that may want to move their cases.  So we
20   thought it would be appropriate to get before the first-filed
21   case and suggest maybe, in light of judicial economy, that we
22   just have it all heard before your Honor.
23           THE COURT:  Well, that makes sense.  I think Judge
24   Bucklo's schedule doesn't allow -- doesn't require any action
25   until November, I thought it was represented, so we have a

1 little bit of time.

2 I don't want to rule on this until I've had the
3 benefit of anybody who is going to be in the case weighing in.
4 Do you have an estimate on when you can get that kind of
5 information to me? Depends on defendants and when they want to
6 retain counsel, obviously.

7 MR. HART: Given the nature of the defendant mix in
8 this case, your Honor, we think they will all have competent
9 counsel. So we're more than happy to take whatever steps are
10 necessary to move it along quickly, including sending them
11 whatever ruling the Court makes today.

12 THE COURT: Well, all I'm going to do today is require
13 that anybody who is objecting to this process file a -- put in
14 a filing setting forth the basis for the objection. That
15 doesn't do any good to defendants who have been served and
16 haven't retained counsel. So I'm open to a suggestion on how
17 you can expedite that process.

18 And if Judge Bucklo is the only one who has set a
19 scheduling order, it may be that I can certainly talk to Judge
20 Bucklo and ask that she vacate that order until this issue's
21 been decided. But you have six other judge -- or five other
22 judges who may be entering orders in the meantime.

23 MR. BERMAN: There was an order entered, scheduling
24 order, in the Percy case as well.

25 THE COURT: And whose -- what judge is that?

1              MS. FEGAN:  Judge Der-Yeghiayan.

2              THE COURT:  Okay.

3              MR. DOYLE:  And, your Honor, also Judge Dow has

4    entered an order in the Fargo Stopping Center.  My recollection

5    is it's a November date that he set.

6              THE COURT:  Okay.  Well, what I'll do is ask my

7    courtroom deputy to contact the courtroom deputies for these

8    judges, let them know that it is likely I will grant -- I'll

9    make a finding of relatedness and ask the Executive Committee

10   to have these cases reassigned to me.

11             Even if there are objections, I'm likely to do it, but

12   maybe there will be an objection I haven't thought of.  But on

13   its face, this seems like an eminently reasonable request.

14             MR. BERMAN:  I understand I filed a motion before

15   everyone was served, but I didn't want this chaos kind of --

16             THE COURT:  No, Mr. Berman --

17             MR. BERMAN:  -- to keep going.

18             THE COURT:  -- I think that was perfectly appropriate

19   because we are going to end up with conflicting scheduling

20   orders where you're going to be at jeopardy of either having to

21   answer or file a motion to dismiss.  If there's motions to

22   dismiss filed in this case, they ought to be coordinated and

23   done so that there's only one judge reading them, not seven.

24   And it just makes no sense -- it's a waste of your clients'

25   money and our time to do it otherwise.

1          We'll contact -- we'll contact all the other judges
2    who -- the other six judges on these cases and see if they can
3    hold off on filing scheduling orders on those cases until all
4    appearances have been filed in this case and I can rule on the
5    relatedness issue.
6          I don't necessarily need to have everyone who is in
7    the case raise their opinion.  I'm doing it as a matter of
8    fairness.  But I've given you a preview of what I think the
9    right ruling is on this case.
10         So I will -- I'm going to enter an order -- I don't
11   have the authority to enter an order on cases not in front of
12   me, and that's the problem.  I will ask plaintiffs' counsel in
13   this case and current defense counsel in this case to contact
14   the plaintiffs' lawyers in the other cases and any defense
15   lawyers in the other cases.  And give me a status report in two
16   weeks indicating who you've talked to and whether or not there
17   is an objection and informing those people who have an
18   objection that they should weigh in on this motion before me
19   that affects them and file any objection within a week of that.
20         So two weeks for a status report.  It can either be --
21   make it a joint status report between the parties that are in
22   the case, letting me know that you've at least contacted as
23   many people as you can.  And if there's any objections, it
24   should be noted, and those parties that have an objection will
25   have one week after that to file their brief objecting to it.

1                    And then I'll set this case -- well, I'm going to
2    enter an order at that point if -- unless I hear something I'm
3    not anticipating right now, I'll enter an order finding
4    relatedness and asking the Executive Committee to reassign the
5    cases to me; and I'll set a prompt status after that so we can
6    get this case on track.
7                    How does that sound?  I'm open to suggestions if
8    you've got a better one.
9                    MR. BERMAN:  No, that sounds excellent from my
10   perspective, your Honor.
11                   THE COURT:  Defendants --
12                   MR. DOYLE:  That's fine, your Honor.
13                   MS. MURRAY:  That's fine.
14                   MR. LAYTIN:  That's fine.
15                   THE COURT:  -- okay with that too?  Okay.  We'll do
16   that.
17                   So the two weeks will be when, Sandy?
18                   THE CLERK:  October 6th.
19                   THE COURT:  Okay.  And any objections filed a week
20   after that.
21                   THE CLERK:  That's October 13th.
22                   THE COURT:  Okay.  And I'll hold off on setting a
23   status until I've -- these cases have been reassigned to me.
24   But once that order is in, I expect to set a pretty prompt
25   status in the case.  And we will talk about discovery, whether

Case: 1:16-cv-08637 Document #: 48 Filed: 09/28/16 Page 11 of 11 PageID #:1079

11

1 I refer this to a magistrate judge for discovery, whether we
2 set up a plan and I monitor it.  We can talk about it.
3       MR. LAYTIN:  Thank you.
4       MS. MURRAY:  Thank you.
5       THE COURT:  Okay.  In this case that's before me, I
6 don't think I have a scheduling order out yet.  I'm not going
7 to put one out because that will be done once we see how many
8 cases are in front of me.
9       Anything else we need to discuss?
10   (No response.)
11       THE COURT:  On the phone, anything?
12   (No response.)
13       THE COURT:  Apparently not.
14       THE CLERK:  Is she still there?
15       THE COURT:  Okay.  Thank you all.
16       MULTIPLE COUNSEL:  Thank you, your Honor.
17   (Concluded at 9:33 a.m.)
18               C E R T I F I C A T E
19   I certify that the foregoing is a correct transcript of the
20 record of proceedings in the above-entitled matter.
21
22 */s/ LAURA R. RENKE*                              *September 28, 2016*
   LAURA R. RENKE, CSR, RDR, CRR
23 Official Court Reporter
24
25