**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MAPLEVALE FARMS, INC., individually and on behalf of all others similarly situated,<br><br>                        Plaintiff,<br><br>        v.<br><br>KOCH FOODS, INC., et al.,<br>                        Defendants. | Case No. 1:16-cv-08637 |
| FARGO STOPPING CENTER, LLC, and SARGENT'S, individually and on behalf of all others similarly situated,<br><br>                        Plaintiffs,<br><br>        v.<br><br>KOCH FOODS, INC., et al.,<br>                        Defendants. | Case No. 1:16-cv-08851 |
| ABRAHAM DRUCKER, ILANA HARWAYNE-GIDANSKY, SABRINA MAJERNIK and CHRISTOPHER NELSON, individually and on behalf of all others similarly situated,<br><br>                        Plaintiffs,<br><br>        v.<br><br>KOCH FOODS, INC. et al.,<br>                        Defendants. | Case No. 1:16-cv-08874 |

**MOTION FOR APPOINTMENT OF GUSTAFSON GLUEK PLLC AND COTCHETT, PITRE & MCCARTHY, LLP AS INTERIM CLASS COUNSEL AND WEXLER WALLACE LLP AS LIASION COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS**

Pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiffs Fargo Stopping Center, LLC and Sargent's Restaurant and Lounge seek the appointment of the law firms of Gustafson Gluek PLLC ("GG") and Cotchett, Pitre & McCarthy, LLP ("CPM") to serve as Interim Co- Class Counsel on behalf of all indirect purchasers, and Wexler Wallace LLP ("WW") to serve as Liaison Counsel.

## I.       INTRODUCTION

GG and CPM filed the first case on behalf of indirect purchasers. *Fargo Stopping Ctr. v. Koch Foods, Inc.,* 16-cv-08851 (filed Sept. 12, 2016). From the outset, GG and CPM were integral members of a small group of counsel that investigated and developed this case. GG and CPM, in conjunction with counsel for direct purchasers in the *Maplevale Farms, Inc. v. Koch Foods, Inc.,* 6-cv-08637, and *John Gross & Co., Inc. v. Koch Foods, Inc.,* 16-cv-08737 (hereinafter "direct purchaser actions"), began an independent investigation of this matter, worked closely with non-testifying experts, and dedicated substantial resources over a prolonged period of time to develop the case before the first direct purchaser and indirect purchaser actions were filed. This case would not exist without the efforts of this group.  Notably, GG and CPM prepared their Complaint based solely on their group's investigatory efforts without the benefit of any U.S. government investigation.

GG and CPM propose a lean leadership structure to represent all indirect purchasers. This structure allows efficient, streamlined litigation that will benefit all indirect purchaser plaintiffs and class members, defendants and the Court. In contrast, appointment of lead counsel for each level of indirect purchaser would unnecessarily burden all parties and the Court, lead to inefficiencies and prejudice the rights of indirect purchasers. Instead, we propose to incorporate the interests within a single structure.

42851

1

GG and CPM are experienced antitrust class actions attorneys that have obtained extraordinary results for class members. WW is likewise an experienced antitrust and class action firm, with extensive experience serving both as lead and liaison counsel before numerous Judges in this District. Each of the firms have a long history of success, working with others (including defense counsel) and leading the resolution and trial of significant antitrust cases. Appointing Gustafson Gluek PLLC and Cotchett, Pitre & McCarthy, LLP as interim class counsel, and Wexler Wallace LLP as liaison counsel, best satisfies the Rule 23(g) factors and would most benefit all indirect purchaser class members.

## II.     BACKGROUND

The *Fargo Stopping Ctr.* action, the first-filed indirect purchaser action, alleges that defendants colluded to artificially raise and maintain prices of chicken Broilers sold in the United States, in violation of Section One of the Sherman Act, 15 U.S.C. § 1 and various state antitrust and consumer protection statutes resulting in the payment of supra-competitive prices for Broilers by indirect purchasers. The *Fargo Stopping Ctr.* action was coordinated with the two direct purchaser actions. CPM and GG assisted in the drafting of the direct purchaser action complaints, and the *Fargo Stopping Ctr.* action made the same allegations as to the Broiler market and Defendants' conduct, while adding several unique allegations and causes of action applying only to indirect purchasers.

Shortly after the direct purchaser actions and *Fargo Stopping Ctr.* action were filed, several other law firms not involved in the initial investigation filed complaints that copied the allegations of the direct purchaser and *Fargo Stopping Ctr.* complaints. These actions are:

- *Drucker v. Koch Foods, Inc.*, 16-cv-08874;
- *Percy v. Koch Foods, Inc.*, 16-cv-08931;
- *Gilbert v. Tyson Foods, Inc.*, 16-cv-09007;
- *Don Chavas Mexican Rest., Inc., v. Koch Foods, Inc.,* 16-cv-09421;

42851

2

- *Monahan v. Koch Foods, Inc.*, 16-cv-09490.

(hereinafter "tag-along" actions). The *Drucker, Percy,* and *Monahan* actions are nearly word-for

-word identical as to Defendants' conduct. While reworded and reordered, the *Gilbert* action is

likewise substantively identical.

The plaintiffs in the *Fargo Stopping Ctr.* and *Don Chavas* cases are restaurants and a

truck stop that purchased Broilers from a distributor and then used or resold those Broilers in

their businesses, while the plaintiffs in the *Drucker, Percy, Gilbert* and *Monahan* cases are

consumers who purchased broilers for their own consumption. All of the Indirect Purchaser cases

are the same in that they allege the same antitrust claims -- they seek an injunction under federal

law, and they seek damages under state law.

Counsel for *Fargo Stopping Ctr.* action jointly filed a motion for relatedness and for

reassignment of all direct and indirect purchaser action to be transferred to this Court. ECF No.

20. The *Fargo Stopping Ctr.* action was reassigned to this Court. 16-cv-08851, ECF No. 50.

### III.    ARGUMENT

I.    **THE COURT SHOULD APPOINT GUSTAFSON GLUEK AND COTCHETT PITRE MCCARTHY TO LEAD THIS LITIGATION FOR INDIRECT PURCHASERS**

#### a.    Standard for Appointment of Interim Class Counsel under Rule 23(g)(3)

Selection of interim class counsel early in the litigation facilitates "efficiency and economy

without jeopardizing fairness to the parties." *See Manual for Complex Litig*. § 10.22 (4th ed. 2004)

("*Manual*") (interim counsel "assume a responsibility to the court and an obligation to act fairly,

efficiently, and economically in the interests of all parties and parties' counsel"). In matters such

as this, appointing seasoned lead counsel is one of the Court's key organizational tools. *Id*. §§

10.224, 21.272.

42851

3

Under Federal Rule of Civil Procedure 23(g)(3), this Court may "designate interim counsel to act on behalf of a putative class *before* determining whether to certify the actions as a class action." Fed. R. Civ. P. 23(g)(3). Interim Class Counsel has the "responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Smith v. State Farm Mut. Auto. Ins. Co.*, 301 F.R.D. 284, 288 (N.D. Ill. 2014) (quoting *Manual* § 21.11). Interim lead class counsel must "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Rule 23(g) sets forth four considerations for the appointment of interim lead class counsel: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. Fed R. Civ. P. 23(g)(1)(A)(i)–(iv).

Liaison counsel may be appointed to assist with administrative and other matters. *Walker v. Discover Fin. Servs.*, No. 10-CV-6994, 2011 WL 2160889, at *3 (N.D. Ill. May 26, 2011) Liaison counsel is generally responsible, together with interim lead counsel, for "communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities and positions." *Manual* § 10.221, at 24-25. Counsel located in the same district as the Court is typically appointed as liaison counsel. *See id.*

**b. Gustafson Gluek and Cotchett Pitre McCarthy meet Rule 23(g)'s Considerations for the Appointment of Interim Class Counsel.**

**i. GG and CPM Have Sought Consensus Among Indirect Purchaser Counsel**

The most common and desirable means of selecting class counsel is "private ordering." *Manual* § 21.272. Under this model, "[t]he lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests." *Id.* After all, it is counsel who "are best informed [about who is best suited to lead the case] and have the greatest incentive to keep attorney fees in check". *In re Parking Heaters Antitrust Litig.*, 310 F.R.D. 54, 58 (E.D.N.Y. 2015). Efforts of plaintiffs' counsel to coordinate their activities among themselves should be encouraged. *Id.* § 10.22.

In this spirit of efficiency, cooperation, and inclusion, GG and CPM repeatedly reached out to all current counsel of record for indirect purchasers to reach a consensus on leadership that would incorporate the unique skill sets and expertise of all counsel while establishing a lean structure to swiftly and efficiently move this litigation forward for the benefit of the indirect purchasers. *See* Decl. of Daniel E. Gustafson in Support of Mtn. for Appt. of Interim Class Counsel ("Gustafson Decl.") ¶ 11; Decl. of Steven N. Williams in Support of Mtn. for Appt. of Interim Class Counsel ("Williams Decl.") ¶ 6. Counsel for the all indirect purchasers, except for *Percy/Gilbert/Monahan* consumer cases, support our proposed leadership structure, including counsel who represent both first-line and end user indirect purchasers. *See* Gustafson Decl., ¶ 11-12; Williams Decl. ¶ 7. The law firm Wolf Haldenstein Adler Freeman & Herz LLP which represents the consumer end-user plaintiffs in the *Drucker* action will serve as chair of the end-user committee. The purpose of this committee is to look out for the interests of end-users, should they diverge from other types of indirect purchasers. *Manual* § 10.224. Whereas here,

counsel from multiple actions agree to a proposed leadership structure, courts give such consensus significant weight. *See, e.g.*, *Parking Heaters*, 310 F.R.D. at 58 (citing *id.*). To ensure efficiency among counsel, GG and CPM intend to propose a protocol with cost and expense guidelines as set forth in the Williams Decl., at ¶ 12.

> ### ii. Proposed Interim Co-Class Counsel Have Invested Substantial Resources Investigating the Factual and Legal Bases for the Claims, Prior to the Filing of any Action.

Courts routinely look to which counsel expended the most resources in identifying and investigating the potential claims of plaintiffs and class members. *Walker*, 2011 WL 2160889, at *3; *In re Municipal Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (concluding work done by counsel was decisive factor). GG and CPM filed the first indirect purchaser case, which was the result of many months of investigation and research. Given the fact that the allegations of the tag-along actions are copied from the *Fargo Stopping Ctr.* and direct purchaser complaints, it is a fair inference that GG and CPM are the only indirect purchaser counsel who did any investigation prior to the filing of the first direct purchaser action. GG and CPM's pre-filing efforts included early meetings with the direct purchaser counsel to begin investigating the case. Gustafson Decl., ¶ 14; Declaration of W. Joseph Bruckner in Support of Motion of All Direct Purchaser Plaintiffs' To Appoint Interim Co-Lead and Liaison Class Counsel, ECF No. 44-1 at ¶ 11 ("Bruckner Decl."). GG and CPM continued to coordinate with these firms throughout the pre-filing investigation. Bruckner Decl. ¶ 11. GG spent many hours reviewing defendants' securities filings and investor conference call transcripts. Gustafson Decl. ¶ 16. GG did a lengthy review of Defendant involvement in trade associations including the National Chicken Council, Poultry Federation, USAPEEC, USP&EA, as well as investigating other contacts between defendants. *Id.* ¶ 17. This investigation formed the basis of

several allegations in the direct purchaser actions and *Fargo Stopping Ctr.* complaint. Gustafson Decl. ¶18; Bruckner Decl. ¶ 27. Alongside direct purchaser counsel, GG and CPM played an integral role in drafting and editing the first filed direct and indirect purchaser complaints. *Id.* Moreover, GG and CPM paid a significant sum into a common fund that was used to hire economic non-testifying experts to analyze the Broiler market. Gustafson Decl. ¶ 19; Williams Decl. ¶ 8. GG and CPM also analyzed the Broiler market supply chain and pass-on of overcharges from direct to indirect purchasers. Williams Decl. ¶ 8.  These efforts occurred without the benefit of any U.S. government investigation of anticompetitive activity. Gustafson Decl. ¶ 21; Williams Decl. ¶ 8.

After filing the first indirect purchaser complaint, GG and CPM have worked to advance the litigation and coordinate with counsel for direct purchasers and the tag-along actions. The undersigned has served Defendants, sent the requisite notice letters to States' Attorney Generals, attended hearings in front of this Court, coordinated with direct purchaser counsel in sending document preservation letters to defendants, and has represented indirect purchasers on meet and confers with defendants regarding the preservation of electronic data.  Gustafson Decl. ¶ 8. Other indirect purchaser counsel, by contrast, have without any effort at coordination with other plaintiffs sent very similar preservation letters to the same defendants, needlessly complicating matters for no apparent purpose other than to position themselves for leadership in this case.

### iii.  GG, CPM and WW have substantial experience successfully leading complex antitrust class actions, knowledge of the applicable antitrust law, and resources to commit to this action.

#### 1.  Cotchett, Pitre & McCarthy

CPM is a litigation and trial firm with a nationwide practice.  CPM has developed unique and extensive experience in indirect purchaser antitrust cases, having been chosen to lead many

of the most notable indirect purchaser cases in the United States. These include *In re Automotive Parts Antitrust Litig.*, MDL 2311 (E.D. Mich.) ("Auto Parts"), one of the largest price-fixing cases ever. The end-payor class in the Auto Parts case has already recovered over $700 million in settlements. Other price-fixing actions, including indirect purchaser actions, in which CPM has served as either lead counsel or co-lead counsel are: *In re Lithium Ion Batteries Antitrust Litig.*, United District Court for the Northern District of California case no. C 13-MD-2420 YGR (N.D. Cal.) (co-lead counsel for indirect purchasers); *In re Capacitors Antitrust Litig.*, Case No. 3:14-cv-03264-JD (N.D. Cal.) (lead counsel for indirect purchasers); *In re Resistors Antitrust Litig.*, Case No. 5:15-cv-03820-RMW (N.D. Cal.) (lead counsel for indirect purchasers); *In re Domestic Airline Travel Antitrust Litig.*, Case No. 15-1404 (CCK) (MDL No. 2656 (D. D.C.) (co-lead counsel for direct purchasers); *In re Transpacific Passenger Air Transportation Antitrust Litig.*, Case No. 7-cv-5634-CRB (N.D. Cal.) (co-lead counsel for direct purchasers); *Precision Associates Inc., et al. v. Panalpina World Transport (Holding) Ltd., et al.*, Case No. 08-cv-000442 (JG) (VVP) (co-lead counsel for direct purchasers); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, Case No. M:07-CV-01819-CW (lead counsel for direct purchasers); *In re Flash Memory Antitrust Litig.*, Case No. 07-0086 SBA (N.D. Cal.) (co-lead counsel for indirect purchasers); *In re: Plasma Derivative Protein Therapies Antitrust Litig.*, Case No. 3:10-cv-05686 (MDL No. 2109) (N. D. California) (lead counsel for indirect purchasers); and *In re Parking Heaters Antitrust Litig.*, Case No. 1:15-mc-00940-JG-JO (E.D. New York) (liaison counsel for indirect purchasers). A firm resume for CPM is attached as Exhibit A to the Williams Decl.

Attorneys at CPM who would work on this case include Joseph W. Cotchett and Steven N. Williams. CPM Senior Partner Joseph W. Cotchett, as stated by the National Law Journal, is

42851

8

considered by plaintiffs and defense attorneys alike to be one of the foremost trial attorneys in the country. Mr. Cotchett is the author of several books, including Federal Courtroom Evidence, and others. Mr. Cotchett has tried over 100 cases to verdict in jurisdictions across the country. He is known nationally as the trial lawyer for 23,000 plaintiffs in the Lincoln Savings & Loan Association/American Continental Corp. case involving Charles Keating, winning one of the largest jury verdicts in U.S. history, $3.3 billion. Mr. Williams has been directly responsible for all of the cases set forth in the prior paragraph. In addition to his work on these cases, Mr. Williams serves on the Advisory Committee of the Cartel and Criminal Practice Committee of the American Bar Association and is an officer of the California State Bar Antitrust Executive Committee. Mr. Williams participated in the drafting of California's electronic discovery statute as a member of the California Discovery Subcommittee.

CPM worked on this case with GG and counsel for the direct purchasers, coordinating their efforts in investigating and analyzing the case, preparing work product, and coordinating effort so as not to cause unnecessary burden, delay, or waste. CPM is committed to continuing to do so, and has ample resources to bring to this case if chosen for a leadership position.

## 2. Gustafson Gluek

GG's practice is focused almost exclusively on plaintiff-side complex class action cases. For example, the firm is currently co-lead counsel alongside CPM in a price fixing class action against freight forwarders, *Precision Associates v. Panalpina World Transp. (Holding) Ltd.*, No. 08-CV-42 JG VVP (E.D.N.Y.), which has recovered over $400 million for the class. In approving certain settlements in that case, Judge Gleeson concluded, "Class Counsel are highly experienced practitioners in complex litigation generally and antitrust litigation specifically. The settlement agreements [are] the result of hard fought arms'-length negotiation with settlement

defendants' respective counsel. The settlement amounts proposed here attest to Class Counsel's abilities." *Id.*, 2015 WL 6964973, at *8 (internal quotations omitted). Additional representative cases include: *In re DRAM Antitrust Litig.*, MDL No. 1486 (N.D. Cal. and multiple state court actions) (co-lead counsel for indirect purchasers achieving $310 million in settlements); *In re MSG Antitrust Litig.*, MDL No. 1328 (D. Minn.) (at his previous firm, Mr. Gustafson served as co-lead counsel in antitrust class action that recovered over $123 million for plaintiffs); *In re Syngenta Litig.*, No: 27-CV-15-3785 (Minn. Dist. Ct.) (co-lead counsel in state court action representing classes of farmers and businesses against Syngenta for release of unapproved GMO corn in key export markets, lowering the US corn prices); *In Re: Medtronic, Inc., Sprint Fidelis Leads Products Liability Litig.*, MDL No. 1905 (D. Minn.) (as sole lead counsel, negotiated $268 million settlement on behalf of over 14,000 individual plaintiffs); and *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 07-1827 (N.D. Cal.) (significant role in obtaining $1.2 billion for indirect purchaser plaintiffs.

Daniel E. Gustafson and Daniel C. Hedlund will lead the Gustafson Gluek team for this case. Mr. Gustafson is the senior partner and founding member of Gustafson Gluek PLLC. Mr. Gustafson was selected as one of *Minnesota Lawyer's* Attorneys of the Year for 2010 and 2013. In 2001-2015, Mr. Gustafson was designated by *Law & Politics* magazine as a Minnesota "Super Lawyer" in the fields of business litigation, class actions and antitrust. He was also ranked in the Top 100 MN Super Lawyers in 2012 – 2015. Mr. Hedlund is a member of Gustafson Gluek and has practiced in the areas of antitrust, consumer protection, and securities fraud for nearly twenty years. In 2013-2016, he was designated by *Law & Politics* magazine as a Minnesota "Super Lawyer," in the field of antitrust law. He was also ranked in the Top 100 MN Super Lawyers in 2015. Gustafson Gluek has seventeen attorneys who are all dedicated antitrust and complex

litigation practitioners. Gustafson Gluek has the necessary experience and resources needed to successfully lead a complex class action case such as this. *See* Gustafson Gluek firm resume attached as Ex. A to the Gustafson Decl.

### 3. Wexler Wallace

WW is nationally recognized as a leading firm in complex class action and multidistrict litigation, from investigation to trial and appeals, within the following legal areas: consumer protection, antitrust, mass torts, business and commercial litigation, securities & corporate governance, healthcare, whistleblower-false claims, and government representation. The firm is regularly asked by co-counsel to work with them and their clients on cases of wide-ranging importance. Of particular importance here, WW has served both as lead and liaison class counsel in this District before many of its Judges and would be honored to serve as Interim Liaison Counsel before this Court. *See, e.g.*, *Gomez v. PNC Bank*, 12-cv-1274 (N.D. Ill.) (lead counsel); *In re VTech Data Breach Litig.*, 15-cv-10889 (N.D. Ill.) (interim liaison counsel representing purchasers of digital learning toys); *In re: Fluidmaster, Inc., Water Connector Components Prods. Liab. Litig.*, 14-cv-05696 (N.D. Ill.) (interim liaison counsel representing purchasers of plumbing products); *Gibson v. Quaker Oats*, 16-cv-04853 (N.D. Ill.) (interim liaison counsel representing purchasers of oat-based food products); *In re BP Prods. North America*, MDL No. 1801 (N.D. Ill.) (co-lead counsel representing purchasers of propane); *Lynch v. Motorola Mobility,* 16-cv-04524 (N.D. Ill.) (interim co-lead counsel representing purchasers of Motorola devices); *Pension Trust Fund for Operating Engineers v. DeVry Education Group*, 16-cv-05198 (N.D. Ill.) (interim liaison counsel); *Levie v. Sears Roebuck,* 04-cv-7643 (N.D. Ill.) (liaison counsel representing holders of Sears securities).

The firm, which has an AV rating from LexisNexis Martindale-Hubbell and has been named a Highly Recommended Illinois litigation firm since the inaugural edition of *Benchmark Plaintiff* in 2011, has worked hard to earn the respect of judges, co-counsel, and its clients. A description of some of the firm's cases – including its sophisticated antitrust practice -- is in the firm's biography, attached as Exh. D. to Gustafson Decl.

II. **THE COURT SHOULD APPOINT GUSTAFSON GLUEK AND COTCHETT PITRE MCCARTHY TO REPRESENT INDIRECT PURCHASERS**

i. **Appointment of GG and CPM is in the Best Interests of Indirect Purchasers**

GG and CPM seek to represent all indirect purchasers as interim class counsel. Indirect purchasers include smaller distributors, grocery stores, restaurants, food processors, and end-user consumers. Some counsel for the tag-along actions has communicated they believe separate interim class counsel is necessary for each type of indirect purchaser.

All indirect purchasers share the same interest-- to prove Defendants engaged in an antitrust conspiracy to fix the prices and restrict the supply of Broilers and to show the total overcharge that was passed on to the indirect level. "[S]o long as all class members are united in asserting a common right, such as achieving the maximum possible recovery for the class, the class interests are not antagonistic for representation purposes." *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 208 (5th Cir. 1981). The court in *Parking Heaters*, 310 F.R.D. at 58, flatly rejected the same argument being advocated by the *Percy/Gilbert/Monahan* actions-- that multiple indirect purchaser counsel was in the best interests of the class. Instead, the court concluded, "it may well be preferable, and entirely proper, for a putative class of indirect purchasers to try to maximize its collective recovery and then divvy up the spoils among themselves pursuant to judicially supervised procedures." *Id.* Indeed, the *Manual* notes the

inevitability of ultimately diverging class member interests, and "cites as a positive attribute a lawyer's ability to fairly represent such diverse interests." *Id.* (*citing Manual* § 10.224).

ii.    **Appointment of Interim Co-Lead Counsel for All Indirect Purchasers is the Most Efficient Approach for All Parties and the Court**

Appointment of multiple levels of interim class counsel for indirect purchasers would be grossly inefficient and prejudice class members, defendants and the Court.  *See In re Capacitors Antitrust Litig.*, 14-cv-03264, ECF No. 319, at 2 (N.D. Cal. 2014), attached as Gust. Decl, Exhibit C (concluding multiple levels of indirect purchaser counsel would be inefficient). Instead of one voice for indirect purchasers, every meet and confer, deposition, stipulation, and hearing will require a decision-maker from each subclass. Depositions will need to be longer as each subclass will require a certain number of hours. Multiple subclasses of indirect purchasers will result in duplicative efforts and increased billed hours, which will benefit only the attorneys appointed to lead the subclass. *See Parking Heaters*, 310 F.R.D. at 57 ("the court's task . . . is to protect the interests of the plaintiffs, not their lawyers.").

iii.    **Court-Approved Procedures Have Been Implemented to Address Divergences of Interest**

Only client conflicts that are material and presently manifest, rather than merely trivial, speculative, or contingent on the occurrence of a future event, will affect the adequacy of class counsel. Newberg on Class Actions § 3:75. "[T]he requirement to put separate counsel in place arises when a conflict ceases to be theoretical and becomes real and fundamental." *In re Cmty. Bank of N. Virginia Mortgage Lending Practices Litig.*, 795 F.3d 380, 393 (3d Cir. 2015).  All indirect purchasers are aligned in their goals of proving Defendants engaged in a price-fixing and supply restriction conspiracy, and seeking maximum damages.

When the case focuses on allocating the overcharges passed along to the indirect purchasers by the direct purchasers of the product, a tension could develop between various levels of indirect purchasers who are on different levels of the distribution chain. There may be differing views on how the overcharge passed through various levels of the distribution chain. If such a conflict ever materializes, GG and CPM would advise the Court and promptly propose to appoint separate counsel, such as the Chair of Consumer End-User Committee, for the competing groups (that is, the group of companies who purchased broilers from distributors for resale and the group of consumers who purchased broilers for consumption). The background and qualifications of Wolf Haldenstein for this substantial role are set forth in the Wolf Haldenstein Firm Resume, Attached as Exhibit E to the Gustafson Declaration.

As co-lead counsel for the indirect purchasers in the *DRAM* litigation, Gustafson Gluek successfully negotiated a $310 million settlement on behalf of all indirect purchasers. The interests of different types of indirect purchasers (resellers of dynamic random access memory ("DRAM") and end users of DRAM) diverged in the allocation of the settlement fund. Rather than have separate counsel for the entire litigation, each group of indirect purchasers was represented by allocation counsel. The potential conflicts were resolved by a court appointed special master post-settlement. *In re DRAM*, MDL No. 1486, ECF No. 2132 (N.D. Cal. Jan. 7, 2013), attached as Gustafson Decl. Exhibit B. Despite the potential conflict, the special master recommended against the creation subclasses, instead concluding allocation counsel had adequately represented the divergent interests. *Id.* at ¶¶ 21-23.

Other courts agree that separate counsel for each level of purchaser is unnecessary and inefficient at the outset of the litigation and can be addressed *if* a material conflict develops in the future. *See Capacitors*, ECF No. 319, at 2 (appointing CPM as interim class counsel for all levels

42851

14

of indirect purchasers and requiring "hard evidence" of a conflict before considering appointment of separate counsel); *Parking Heaters*, 310 F.R.D. at 58; *Sullivan v. DB Investments, Inc.*, 04-2819 SRC, 2008 WL 8747721, at *12-13 (D.N.J. May 22, 2008) (concluding representation by separate counsel during settlement and allocation proceedings allowed for adequate structural protections). Although courts have appointed separate counsel at the outset for multiple levels of indirect purchasers, including cases GG and CPM currently are counsel in, we can attest from experience to the inherent inefficiencies of such a structure. *See* Gustafson Decl., ¶ 13; Williams Decl. ¶ 11. Because the benefits and efficiencies of one leadership structure for all indirect purchasers outweighs any potential future conflicts, should appoint GG and CPM as interim class counsel for all indirect purchasers.

### III.     CONCLUSION

WHEREFORE, Plaintiffs Fargo Stopping Center, LLC and Sargent's respectfully request that the Court appoint Gustafson Gluek, PLLC and Cotchett, Pitre & McCarthy, LLP as interim co-class counsel, and Wexler Wallace LLP as liaison class counsel, to represent the entire putative indirect purchaser plaintiff class in this litigation.

Dated: October 7, 2016                    Respectfully submitted,

                                          GUSTAFSON GLUEK PLLC

                                          /s/ Thomas A. Doyle
                                          Kenneth A. Wexler
                                          Edward A. Wallace
                                          Thomas A. Doyle
                                          **WEXLER WALLACE LLP**
                                          55 W. Monroe Street, Suite 3300
                                          Chicago, IL 60603
                                          Telephone: (312) 346-2222
                                          kaw@wexlerwallace.com
                                          eaw@wexlerwallace.com
                                          tad@wexlerwallace.com

                                          Daniel E. Gustafson
                                          Daniel C. Hedlund
                                          Michelle J. Looby
                                          Joshua R. Rissman
                                          **GUSTAFSON GLUEK PLLC**
                                          220 South Sixth Street #2600
                                          Minneapolis, MN 55402
                                          Telephone: (612) 333-8844
                                          dgustafson@gustafsongluek.com
                                          dhedlund@gustafsongluek.com
                                          jrissman@gustafsongluek.com
                                          bresch@gustafsongluek.com

                                          Joseph W. Cotchett
                                          Steven N. Williams
                                          **COTCHETT, PITRE & MCCARTHY,
                                          LLP**
                                          840 Malcolm Road, Suite 200
                                          Burlingame, CA 94010
                                          Telephone: (650) 697-6000
                                          jcotchett@cpmlegal.com
                                          swilliams@cpmlegal.com

                                          *Attorneys for Plaintiffs Fargo Stopping
                                          Center, LLC and Sargent's Restaurant and
                                          Lounge*

42851

16

Theodore B. Bell
Carl V. Malmstrom
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC
One South Dearborn Street
Suite 2122
Chicago, IL  60603
Telephone: (312) 984-0000
Facsimile: (312) 984-0001
tbell@whafh.com
malmstrom@whafh.com

Fred Taylor Isquith
Thomas H. Burt
WOLF HALDENSTEIN ADLER
FREEMAN& HERZ LLP
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653
isquith@whafh.com
burt@whafh.com

*Attorneys for Plaintiffs Abraham Drucker,
Ilana Harwayne-Gidansky, Sabrina
Majernik and Christopher Nelson, Case No.
16-8874*

42851

17

## CERTIFICATE OF SERVICE

I certify that, on October 7, 2016, I caused a copy of the foregoing document to be served via the Court's ECF system on all Counsel who have appeared in the case.

/s/ Thomas A Doyle

_____

Thomas A. Doyle