**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MAPLEVALE FARMS, INC., individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>KOCH FOODS, INC., et al.,<br><br>       Defendants. | Case No. 1:16-cv-08637 |
| FARGO STOPPING CENTER, LLC, and SARGENT'S, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>KOCH FOODS, INC., et al.,<br><br>       Defendants. | Case No. 1:16-cv-08851 |
| ABRAHAM DRUCKER, ILANA HARWAYNE-GIDANSKY, SABRINA MAJERNIK and CHRISTOPHER NELSON, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>KOCH FOODS, INC. et al.,<br><br>       Defendants. | Case No. 1:16-cv-08874 |

42884

**DECLARATION OF DANIEL E. GUSTAFSON IN SUPPORT OF MOTION FOR APPOINTMENT OF GUSTAFSON GLUEK PLLC AND COTCHETT, PITRE & MCCARTHY, LLP AS INTERIM CLASS COUNSEL AND WEXLER WALLACE LLP AS LIASION COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS**

I, Daniel E. Gustafson, declare:

1. I am an attorney licensed to practice in the State of Minnesota and have been admitted to practice in several courts, including in this Court *pro hac vice*. I am a founding member of the firm Gustafson Gluek PLLC, attorneys of record for plaintiffs Fargo Stopping Center, LLC and Sargent's Restaurant and Lounge, in the above-entitled matters. I make this declaration in support of the Motion for Appointment of Gustafson Gluek PLLC and Cotchett, Pitre & McCarthy, LLP as Interim Class Counsel and Wexler Wallace LLP and Interim Liaison Counsel for Indirect Purchaser Plaintiffs. I have personal knowledge of the facts in this declaration and could competently testify to them if called as a witness.

2. Attached as Exhibit A is a true and correct copy of Gustafson Gluek's firm résumé.

3. Attached as Exhibit B is a true and correct copy of the Special Master's Recommendation in *In re Dynamic Random Access Memory Antitrust Litig.*, 2013 U.S. Dist. (N.D. Cal. Jan. 7, 2013).

4. Attached as Exhibit C is a true and correct copy of *In re Capacitors Antitrust Litig.*, 14-cv-03264, ECF No. 319 (N.D. Cal. 2014).

5. Attached as Exhibit D is a true and correct copy of Wexler Wallace's firm résumé.

6. Attached as Exhibit E is a true and correct copy of Wolf Haldenstein's firm résumé.

**I.     Litigation History**

7. GG and CPM filed the first case on behalf of indirect purchasers. *Fargo Stopping Ctr. v. Koch Foods, Inc.,* 16-cv-08851 (filed Sept. 12, 2016).

42884

8. GG and CPM were integral members of a small group of counsel that investigated and developed this case. The group consisted of GG, CPM and direct purchaser counsel in *Maplevale Farms, Inc. v. Koch Foods, Inc.,* (16-cv-08637) and *John Gross & Co., Inc. v. Koch Foods, Inc.,* (16-cv-08737) (hereinafter "direct purchaser actions").

9. After filing the first indirect purchaser complaint, GG and CPM have worked to advance the litigation and coordinate with counsel for direct purchasers and the tag-along actions.

10. The undersigned has served Defendants, sent the requisite notice letters to States' Attorney Generals, attended hearings in front of this Court, coordinated with direct purchaser counsel in sending document preservation letters to Defendants, and has represented indirect purchasers on meet and confers with Defendants regarding the preservation of electronic data.

II. **Gustafson Gluek and CPM Have Received the Support of Several Other Qualified Counsel to Lead the Indirect Purchaser Class, and Attempted to Privately Order Leadership**

11. GG and CPM have the support of several other highly qualified firms—including Nastlaw LLC, Saltz, Mongeluzzi, Barrett & Bendesky, P.C., Oliver Law Group, P.C. —firms which have considerable experience in prosecuting class actions and have served as lead counsel in their own right. Oliver Law Group is counsel of record for *Don Chavas Mexican Rest., Inc., v. Koch Foods, Inc.,* 16-cv-09421. Steve Williams and I have communicated with each of them, and each firm supports the appointment of GG and CPM as interim co-lead class counsel in recognition of the investigations and work we have undertaken.

12. GG and CPM have the support of counsel for the *Drucker v. Koch Foods, Inc.*, 16-cv-08874. The *Drucker* complaint seeks to represent a class of end-user indirect purchases. Fred Isquith of Wolf Haldenstein Adler Freeman & Herz LLP, who is qualified in his own right

42884

to lead this case is supporting GG and CPM, including the proposal to have one co-lead counsel for all indirect purchasers.

13. In the spirit of efficiency, cooperation, and inclusion, GG and CPM repeatedly reached out to all current counsel of record for indirect purchasers to reach a consensus on leadership that would incorporate the unique skill sets and expertise of all counsel while establishing a lean structure to swiftly and efficiently move this litigation forward for the benefit of the indirect purchasers.

14. Counsel for the all indirect purchasers, except for the Hagens/Cohen Group, support our proposed leadership structure, including counsel who represent both first line and end user indirect purchasers. The ability of the proposed lead and liaison counsel to command the respect and support of their colleagues and to work cooperatively with opposing counsel and the court is an important consideration in appointing a leadership structure.

15. Based on my experience in indirect purchaser antitrust actions, the most efficient method for all parties and the Court is to have a single leadership structure represent all levels of indirect purchasers. I have personally been counsel in indirect purchaser actions structured in both manners advocated for here – i.e., one leadership structure to represent all indirect purchasers versus separate leadership to represent each level of indirect purchasers. The overlap and inefficiencies in the later not only are an inconvenience to the parties and the Court, but in my opinion pose a more significant threat to the interests of all levels of indirect purchasers – by pitting one level of indirect purchaser against another – than any theoretical conflicts that may arise down the road in cases where the interests of all indirect purchasers are pursued jointly by a single leadership structure.

**III.    GG and CPM Have Expended Considerable Pre-Filing Resources Litigating this Case**

16. GG and CPM's pre-filing efforts included early meetings with the direct purchaser counsel to begin investigating the case.

17. GG and CPM continued to coordinate with these firms throughout the pre-filing investigation.

18. GG spent many hours reviewing Defendants' securities filings and investor conference call transcripts.

19. GG did a lengthy review of Defendants' involvement in trade associations including the National Chicken Council, Poultry Federation, USAPEEC, USP&EA, as well as investigating other contacts between Defendants.

20. The investigation into the investor conference call transcripts and trade association formed the basis of several allegations in the direct purchaser actions and *Fargo Stopping Ctr.* complaint.

21. Alongside direct purchaser counsel, GG and CPM played an integral role in drafting and editing the first filed direct and indirect purchaser complaints. GG and CPM spent several hours drafting, editing and conferring with direct purchaser counsel about the complaint.

22. GG and CPM paid a significant sum into a common fund that was used to hire a non-testifying economic experts to analyze the Broiler market.

23. The efforts of GG and CPM were without the benefit of any U.S. government investigation of anticompetitive activity in the Broiler market.

**IV. GG Has Considerable Antitrust and Complex Litigation Experience**

24. The quality of Gustafson Gluek's work in antitrust and complex litigation has been widely recognized. I, along with Daniel Hedlund, Michelle Looby and Joshua Rissman from GG will be on the litigation team for this case. I was selected as one of *Minnesota*

*Lawyer's* Attorneys of the Year for 2010 and 2013. In 2001-2015, I was designated by *Law & Politics* magazine as a Minnesota "Super Lawyer" in the fields of business litigation, class actions and antitrust. I was also ranked in the Top 100 MN Super Lawyers in 2012 – 2015.

25.     I have testified before Congress on antitrust issues and have co-authored chapters in litigation handbooks. I have testified before the House Committee on the Judiciary, Subcommittee on Intellectual Property, Competition and the Internet regarding the proposed merger between Express Scripts and Medco. I also testified before the United States Congressional Commission on Antitrust Modernization in June 2005 and serve as an Advisory Board Member of the American Antitrust Institute. I have also co-authored chapters including "Pretrial Discovery in Civil Litigation" in *Private Enforcement of Antitrust Law in the United States* and "Obtaining Evidence" in *The International Handbook on Private Enforcement of Competition*.

26.     I have led or been appointed an executive committee member in several antitrust class actions, MDLs and other consumer class actions. Notably, Gustafson Gluek achieved over $400 million to date as co-lead counsel on behalf of the plaintiff class in a price-fixing class action against freight forwarders in the air and ocean shipping industry. *Precision Associates, Inc. v. Panalpina World Transp. (Holding) Ltd.*, No. 08-CV-42 JG VVP, 2015 WL 6964973, at *8 (E.D.N.Y. Nov. 10, 2015) (approving certain settlements). I was also sole lead counsel in the *In Re: Medtronic, Inc., Sprint Fidelis Leads Products Liability Litigation*, MDL No. 1905 (D. Minn.), where I negotiated a $268 million settlement on behalf of Plaintiffs. Other representative experience is described in the Gustafson Gluek firm resume, attached as Exhibit A.

27.     In addition to leading antitrust and complex litigation matters, I have significant

42884

6

trial experience in patent infringement litigation. I obtained jury verdicts in favor of my client in cases involving spinal disc implants and other medical devices in *Spine Solutions, Inc. et al. v. Medtronic Sofamore Danek, Inc., et al.* (W.D. Tenn) and *KBA-Giori, North America, Inc. v. Muhlbauer, Inc.* (E.D. Va.). I also represented a plaintiff Synthes in a patent infringement trial in 2012. *Synthes USA, LLC v. Spinal Kinetics, Inc.* (N.D. Cal.).

28. Outside of complex litigation, Gustafson Gluek recently achieved a landmark civil rights victory. In June 2015, Judge Frank of the District of Minnesota issued an order declaring the Minnesota Sex Offender Program unconstitutional after a six-week bench trial. *Karsjens v. Jesson*, No. CIV. 11-3659, 2015 WL 3755870 (D. Minn. June 17, 2015). My firm also received a "Distinguished Pro Bono Service Award" for its work in establishing the Minnesota Chapter of the *Pro Se Project*, pairing indigent litigants with attorneys.

29. I am a *magna cum laude* graduate of the University of North Dakota with majors in Economics and Sociology (B.A. 1986) and a *cum laude* graduate of the University of Minnesota Law School (J.D. 1989). I was a member of the Minnesota Law Review from 1987 to 1989, serving as an Associate Research Editor in 1988-1989. During law school, I clerked for Opperman & Paquin (1987-1989), a firm that also practiced in the areas of antitrust, consumer protection and class action litigation. After law school, I served as a law clerk to the Honorable Diana E. Murphy, United States District Judge for the District of Minnesota (1989-91). Following my judicial clerkship, I returned to my former firm (then known as Opperman Heins & Paquin) and continued his work in the fields of antitrust and consumer protection class action litigation. In April 1994, I became a founding member and partner in the law firm of Heins Mills & Olson, P.L.C. Between April 1994 and May 2003, I continued my work in antitrust and consumer protection class action litigation and also developed a boutique practice of assisting

national patent and intellectual property firms in litigation matters. In May 2003, I formed Gustafson Gluek PLLC where I continue to practice antitrust and consumer protection class action law.

30. Mr. Hedlund is a member of Gustafson Gluek and has practiced in the areas of antitrust, consumer protection, and securities fraud for nearly twenty years. In 2013-2016, he was designated by *Law & Politics* magazine as a Minnesota "Super Lawyer," in the field of antitrust law. "Super Lawyer" selection results from peer nominations, a "blue ribbon" panel review process and independent research on the candidates; no more than 5% of lawyers in Minnesota are selected as "Super Lawyers." He was also ranked in the Top 100 MN Super Lawyers in 2015. He is a graduate of Carleton College (B.A. 1989) and is a *cum laude* graduate of the University of Minnesota Law School (J.D. 1995).

31. Mr. Hedlund is active in the Minnesota Chapter and the national arm of the Federal Bar Association, currently serving as Co-Vice President for Special Events and Co-Vice President for the Eighth Circuit. He has previously served as Co-Vice President for Monthly Meetings, Co-Vice President for Legal Education and as Secretary of the Federal Bar Association, Minnesota Chapter. He also recently served as Chairman for the Antitrust Section of the Minnesota State Bar Association and is past President of the Committee to Support Antitrust Laws. Mr. Hedlund serves from time to time as a volunteer attorney for the Minnesota Federal Bar Association's Federal *Pro Se* Project and received the Distinguished Pro Bono Service Award in 2011 from this District.

32. Michelle Looby is a partner and a member of the firm's antitrust group. Ms. Looby was recently awarded the Outstanding Antitrust Litigation Achievement by a Young Lawyer award by the American Antitrust Institute for her work on *Precision Assocs., Inc. v.*

*Panalpina World Transport (Holding) Ltd.* (E.D.N.Y.). Ms. Looby was designated a "Super Lawyer Rising Star" in 2014-2016. Ms. Looby is also a council member of the Antitrust Section of the Minnesota State Bar Association. In addition to the *Precision* case, Ms. Looby has been actively involved in numerous other antitrust class actions, including *In re Automotive Parts Antitrust Litig.* (E.D. Mich.); *Universal Delaware v. Comdata Corp.* (E.D. Pa.); and *In re Vitamin C Antitrust Litig.* (E.D.N.Y.).

33. Joshua Rissman is an associate and a member of the firms' antitrust group. Mr. Rissman was designated a "Super Lawyer Rising Star" in 2014-2016. Mr. Rissman is also a council member of the Antitrust Section of the Minnesota State Bar Association and Treasurer for the Antitrust and Trade Regulation Section of the Federal Bar Association. Mr. Rissman has litigated several antitrust class actions and other MDLs, including *Precision Assocs., Inc. v. Panalpina World Transport (Holding) Ltd.* (E.D.N.Y.), *In re National Hockey League Players' Concussion Injury Litigation,* (D. Minn.); and *In re Containerboard Antitrust Litigation* (N.D. Ill.).

**V.     GG Has the Resources to Litigate this Case**

34. Gustafson Gluek has the resources and breadth of litigation capabilities to prosecute the complex antitrust claims in this litigation against the defendants in this action. The firm has seventeen lawyers who devote all or a significant portion of their practices to antitrust matters.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 7, 2016, at Minneapolis, Minnesota.

*/s/ Daniel E. Gustafson*
Daniel E. Gustafson

42884

9