IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MAPLEVALE FARMS, INC., individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| KOCH FOODS, INC., JCG FOODS OF ALABAMA, LLC, JCG FOODS OF GEORGIA, LLC, KOCH MEATS CO., INC. TYSON FOODS, INC., TYSON CHICKEN, INC., TYSON BREEDERS, INC., TYSON POULTRY, INC., PILGRIM'S PRIDE CORPORATION, PERDUE FARMS, INC., SANDERSON FARMS, INC., SANDERSON FARMS, INC. (FOODS DIVISION), SANDERSON FARMS, INC. (PRODUCTION DIVISION), SANDERSON FARMS, INC. (PROCESSING DIVISION), WAYNE FARMS, LLC, MOUNTAIRE FARMS, INC., MOUNTAIRE FARMS, LLC, MOUNTAIRE FARMS OF DELAWARE, INC., PECO FOODS, INC., FOSTER FARMS, LLC, HOUSE OF RAEFORD FARMS, INC., SIMMONS FOODS, INC., FIELDALE FARMS CORPORATION, GEORGE'S, INC., GEORGE'S FARMS, INC., O.K. FOODS, INC., O.K. FARMS, INC., and O.K. INDUSTRIES, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 16-CV-8637<br><br>and Related Cases<br>16-CV-8737; 16-CV-8851;<br>16-CV-8931; 16-CV-9007;<br>16-CV-9421; 16-CV-9490<br>16-CV-9589; 16-CV-9684<br><br><br><br>Judge Thomas M. Durkin |
| Defendants. | ) ) | |

ORDER

This set of anti-trust cases is about the price of chickens, or more properly, "broilers," which are chickens raised for meat consumption to be slaughtered before the age of 13 weeks. The various defendants sold broilers. There are, broadly

speaking, three sets of plaintiffs. Direct purchasers, as the title implies, bought broilers directly from the defendants. Indirect purchasers bought broilers through a distributor, and appear to resell them (*i.e.,* restaurants). Finally, a subset of indirect purchasers are the consumers who actually purchase the broilers for personal use (*i.e.,* consumption).

The nine separate complaints before the Court are essentially identical but for the two or three lines describing the plaintiffs either as direct purchasers, indirect resellers, or indirect consumer end-use purchasers.

Pending before the Court are three separate motions to appoint interim co-lead and liaison class counsel in the above-titled cases.[1] The Court concludes that interim co-lead and liaison counsel should be appointed in order to achieve efficiency and economy in what is likely to be expensive and complicated litigation, while not jeopardizing fairness to the parties.

The Court is convinced that at the highest level, separate sets of interim lead and liaison counsel need to be appointed for the direct purchaser plaintiff cases and the indirect purchaser plaintiff cases. Such appointments are appropriate under Rule 23(g)(3) of the Federal Rules of Civil Procedure. There currently are three direct purchaser cases pending before the Court (16-CV-8637, 16-CV-8737, 16-CV-9684), and six indirect purchaser cases[2] pending before the Court (16-CV-8851, 16-

---

[1] Defendants were invited to weigh in on those motions if they chose to, but have declined.

[2] An additional indirect purchaser case has recently been filed (16-CV-8874), and a motion to reassign the case to this Court will likely be filed (and granted).

CV-8931, 16-CV-9007, 16-CV-9421, 16-CV-9490, 16-CV-9589). As to the three direct purchaser cases, plaintiffs' counsel has moved the Court (R. 44)[3] to appoint W. Joseph Bruckner of Lockridge Grindal Nauen P.L.L.P. ("Lockridge Grindal") and Bruce L. Simon of Pearson, Simon & Warshaw, LLP ("Pearson Simon") as interim co-lead class counsel, and Steven A. Hart of Hart, McLaughlin & Eldridge, LLC ("Hart McLaughlin") as interim liaison class counsel. That motion, which is agreed to between all plaintiffs counsel in the direct purchaser cases, is granted. The Court has carefully reviewed the motion, which sets forth the qualifications of counsel, and also consulted with other judges who are familiar with the particular attorneys and firms. In addition, the Court has considered the factors outlined in Rule 23(g)(1)(A). Interim appointment of the proposed counsel for the direct purchaser plaintiffs is appropriate and the motion is granted.

Also pending before the Court are two separate motions (R. 116, 117) for appointment of interim lead and liaison counsel for the indirect purchaser plaintiffs. One motion (R. 116) seeks appointment for all indirect purchaser plaintiffs of Daniel E. Gustafson and Daniel C. Hedlund of Gustafson Gluek PLLC ("Gustafson Gluek") and Joseph W. Cotchett and Steven N. Williams of Cotchett, Pitre & McCarthy, LLP ("Cotchett, Pitre") to serve as interim co-class counsel, and Wexler Wallace LLP ("Wexler Wallace") to serve as liaison counsel. The other motion (R. 117) seeks appointment of Steve W. Berman of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and Kit A. Pierson of Cohen Milstein Sellers & Toll PLLC

---

[3] Citations are to the docket in the lead case, 16-CV-8637.

("Cohen Milstein") to serve as interim co-lead counsel for the indirect purchaser consumer end users.[4] The Court has again carefully reviewed the submissions and consulted with other judges who have familiarity with the proposed teams of attorneys. Both sets of attorneys are well qualified based on experience and size of firms and teams to represent all of the indirect purchaser plaintiffs or a sub-set of them.

Counsel for the consumer end user plaintiffs contend that a conflict exists between their clients and the indirect reseller plaintiffs. They identify the conflict to be based on a likely pass-through defense that defendants will inevitably raise as to indirect reseller plaintiffs. That is, any improperly high prices that the indirect resellers had to pay for broilers were passed on to the consumer end user plaintiffs, and thus the indirect reseller plaintiffs suffered no antitrust injury. Consumer end user counsel contend that indirect reseller counsel will attempt to show their clients suffered damages by not passing through the entirety of an inflated price to consumer end users. Consumer end user counsel, seeking to maximize the amount of damages their clients suffered, will attempt to show that all or most of the price increase was passed on to them.

While consumer end user counsel raise a plausible argument about the *potential* for conflict, the Court is not persuaded that it is the best interests of the overall class of plaintiffs to have three separate sets of lead counsel at this stage of the proceedings. Any fees incurred by counsel will almost inevitably result in a

---

[4] Proposed lead counsel for the consumer plaintiffs have offices in Chicago so liaison counsel would be them also.

lower recovery for plaintiffs if they are successful. More lead counsel means higher attorneys fees, as sure as night follows day. Accordingly, the motion to appoint Gustafason Gluek and Cotchett, Pitre as interim co-class counsel and Wexler Wallace as liaison counsel is granted, and the motion to appoint Hagens Berman and Cohen Milstein to serve as interim co-lead counsel for the indirect purchaser consumer end users is denied.

When the Court next meets with counsel, it is going to suggest bifurcating liability and damage discovery. The Court is preliminarily in favor of that approach, but will hear arguments at that time or later in filings as to that issue. But no matter how the case proceeds, the Court expects that if a conflict arises as to the interests of the indirect resellers and the consumer end users, it will be much later in the litigation. Consumer end user counsel is free to re-raise the appointment issue at that time, or if a common fund has been arrived at through settlement or judgment, to request appointment as allocation counsel.

Accordingly, the Court appoints Gustafson Gluek and Cotchett, Pitre to serve as interim co-class counsel, and Wexler Wallace as liaison counsel for all indirect purchaser plaintiffs, whether those plaintiffs bought broilers indirectly for resale or for personal use.

This matter is set for a status conference on October 21, 2017 at 9:30 a.m. At that time, there will be a discussion on a number of organizational issues relating to the conduct of the case. The Court initially tasks lead counsel to work with defense counsel to prepare a written agenda to be provided to the Court the day before the

status. The Court expects sometime after that status to enter a series of orders roughly in the form set forth in § 40.21 of the Manual for Complex Litigation, Fourth (2004). Agreed proposals as to those orders will expedite the organizational aspects of these cases. In addition, parties should be prepared to discuss whether (or when) consolidated complaints will be filed, and the schedule for responsive pleadings.

For the foregoing reasons, the (1) Motion of All Direct Purchaser Plaintiffs To Appoint Interim Co-Lead and Liaison Class Counsel, R. 44, is granted; (2) the Motion for Appointment of Gustafson Gluek PLLC and Cotchett, Pitre & McCarthy, LLP as Interim Class Counsel, and Wexler Wallace LLP as Liaison Counsel For Indirect Purchaser Plaintiffs, R. 116, is granted; and (3) the Application For Appointment Of Steve W. Berman of Hagens Berman Sobol Shapiro LLP and Kit A. Pierson of Cohen Milstein Sellers & Toll PLLC As Co-Lead Counsel For The Indirect Purchaser Consumer Class, R. 117, is denied.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: October 14, 2016

6