**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MAPLEVALE FARMS, INC., individually and on behalf of all others similarly situated, | No. 1:16-cv-08637 |
| Plaintiff, | |
| v. | |
| KOCH FOODS, INC., et al., | |
| Defendants. | |
| JOHN GROSS AND COMPANY, INC., individually and on behalf of all others similarly situated, | No. 1:16-cv-08737 |
| Plaintiff, | |
| v. | |
| KOCH FOODS, INC., et al., | |
| Defendants. | |
| FARGO STOPPING CENTER, LLC, and SARGENT'S, individually and on behalf of all others similarly situated, | No. 1:16-cv-08851 |
| Plaintiffs, | |
| v. | |
| KOCH FOODS, INC., et al., | |
| Defendants. | |

| | |
|---|---|
| ABRAHAM DRUCKER, ILANA HARWAYNE-GIDANSKY, SABRINA MAJERNIK and CHRISTOPHER NELSON, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>      v.<br><br>KOCH FOODS, INC. et al.,<br><br>                Defendants. | No. 1:16-cv-08874 |
| DANIEL M. PERCY, GLORIA J. LATHEN, and JONAS DIMAS,<br><br>                Plaintiffs,<br>      v.<br>KOCH FOODS, INC., et al.,<br><br>                Defendants. | No. 1:16-cv-08931 |
| CHRISTOPHER GILBERT, ALISON PAUK, MARILYN STRANGELAND, LESLIE WEIDNER, and DAVID WEIDNER on behalf of themselves and all other similarly situated,<br><br>                Plaintiffs,<br><br>      v.<br><br>TYSON FOODS, INC., et al.,<br><br>                Defendants. | No. 1:16-cv-09007 |

| | |
|---|---|
| DON CHAVAS MEXICAN RESTAURANT, INC., individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>   v.<br><br>KOCH FOODS, INC., et al.,<br><br>      Defendants. | No. 1:16-cv-09421 |
| DOROTHY MONAHAN, FRANK COE, LESTER PATTERSON, PAMELA TIERNEY, LINDA CHESLOW, and NATALIE WILBUR,<br><br>      Plaintiff,<br><br>   v.<br><br>KOCH FOODS, INC., et al.,<br><br>      Defendants. | No. 1:16-cv-09490 |
| BODEGA BREW PUB, INC., individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>   v.<br><br>KOCH FOODS, INC., et al.,<br><br>      Defendants. | No. 1:16-cv-09589 |
| FERRARO FOODS, INC. and FERRARO FOODS OF NORTH CAROLINA, LLC, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>   v.<br><br>KOCH FOODS, INC., et al.,<br><br>      Defendants. | No. 1:16-cv-09684 |

# JOINT AGENDA & STATUS REPORT
## FOR OCTOBER 21, 2016 STATUS CONFERENCE

Pursuant to the Court's Order on October 14, 2016 (ECF No. 144), the parties in the above-referenced matters hereby submit the following joint agenda and status report for the status conference scheduled for 9:30 a.m. on October 21, 2016.

The topics for discussion at tomorrow's hearing include the following items, all of which are discussed in detail below.

1. Agreed upon proposed case management order

2. Preservation order

3. Partial stay of discovery

4. Electronically Stored Information Protocol

5. Deadlines for Federal Rule of Civil Procedure ("Rule") 26(f) reports and the Rule 16 conference

6. Bifurcation of discovery

## I.  AGREED UPON PROPOSED CASE MANAGEMENT ORDER

The parties are simultaneously submitting to the Court a joint proposed initial Case Management Order modeled on §§ 40.21 – 40.22 of the Manual for Complex Litigation (Fourth) reflecting matters on which the parties have agreed. All matters upon which the parties have not agreed upon are identified below for resolution by the Court. At the Court's request, Plaintiffs will submit a revised case management order that reflects any decisions reached by the Court on these issues.

## II.  PRESERVATION ORDER

### Plaintiffs' Position:

Plaintiffs have repeatedly attempted to engage Defendants about their preservation of relevant data, including identifying the need for accelerated preservation and collection of cellphone and other data pertaining to a limited group of senior executives identified in letters to each Defendant. Defendants have represented to Plaintiffs they will forensically copy personal computers, cellphones, and cellphone backups/archives of senior executives, with the exception of certain former employees.

Plaintiffs also provided Defendants with a proposed comprehensive preservation order on October 4, to which Defendants have not yet responded other than to say during the parties' October 17 telephonic meet and confer that Defendants do not believe a preservation order is necessary. Plaintiffs' experience is that a preservation order is necessary because the failure to preserve (and in some cases, collect) certain categories of information early in a case directly results in their deletion. Even though Plaintiffs lack sufficient information to identify *all* relevant custodians at this early stage, Plaintiffs have identified key senior executives from each Defendant to avoid such deletion of relevant information. Provided below are three examples of information Plaintiffs believe are critical to include within the scope of any preservation order.

- **Cellphone data:** Cellphone data is particularly prone to deletion when a document custodian continues using his or her cellphone prior to preservation. Further, Plaintiffs seek confirmation from Defendants regarding whether or not they are taking the position that any senior executive's cellphone or other devices are not within the relevant Defendant's possession, custody, or control so Plaintiffs can raise that issue with the Court before relevant data is deleted.

- **Phone records:** Defendants and their employees can easily (and for free) download copies of their phone records from their respective phone carriers, but due to the phone carriers' rolling retention periods for such phone records, such records will be destroyed in the ordinary course unless Defendants do so now.

- **Former employees:** Plaintiffs have asked Defendants to confirm whether they have notified former employees who had positions of responsibility relevant to this lawsuit of their preservation obligations. No Defendant has confirmed in writing at this time that it is willing to do.

Plaintiffs propose that the Court order the Parties to meet and confer and submit an agreed-upon Preservation Order that addresses at least the concerns noted above to the Court no later than October 28, 2016. If the Parties are unable to agree upon a stipulated Preservation Order by October 28, 2016, then by that deadline the Parties should submit a joint letter to the Court, not to exceed five pages, attaching their respective proposed Preservation Orders and explaining why the proponent's Preservation Order should be adopted by the Court.

**Defendants' Position:**

**Defendants are Preserving Documents**. Defendants are aware of, and are complying with, their document preservation obligations under the Federal Rules of Civil Procedure. As Defendants have conveyed in meet and confers with Plaintiffs, Defendants are taking numerous steps to identify and preserve potentially relevant information, and Defendants will continue to do so. Defendants also jointly met and conferred with Plaintiffs to discuss document preservation on Monday, October 17, 2016.[1]

**Preservation Orders are the Exception**. Plaintiffs' insistence in this civil antitrust litigation on a preservation order is unusual, particularly where, as here, there is no reason to believe that potentially relevant information is being lost, and Defendants have provided assurances that they are taking preservation measures. Further, Defendants' position is consistent with the Sedona Principles, which state, "In general, courts should not issue a preservation order over objection unless the party requesting such an order demonstrates its necessity, which may require an evidentiary hearing in some circumstances. Because all litigants are obligated to preserve relevant evidence in their possession, custody, or control, a party seeking a preservation order must first demonstrate a real danger of evidence destruction, the lack of any other available remedy, and that a preservation order is an appropriate exercise of the court's discretion." The Sedona Principles: Second Edition, *Best Practices Recommendations &*

---

[1] Defendants did not jointly meet with Plaintiffs before that date because the Court had not ruled on Plaintiffs' leadership. Prior to the Court's ruling, different Plaintiffs' groups had sent Defendants different letters proposing different preservation measures. The groups clearly had not been communicating because one group was unaware that another had sent a letter.

*Principles for Addressing Electronic Document Production* at 33 (The Sedona Conference Working Group Series, 2007).

**A Preservation Order is Unwarranted**. While meeting and conferring with Defendants, Plaintiffs offered only one reason they believe a preservation order is needed here: their concern about potential spoliation of data on the mobile devices of certain executives. However, Defendants already have addressed that concern. For each of the executives identified by Plaintiffs that is a current employee, Defendants will forensically copy their mobile devices that are reasonably likely to contain potentially relevant information. Notably, the Parties have agreed to this without a Court order. As to the two other issues that Plaintiffs now identify in their status report as requiring a preservation order – phone records and former employees – Defendants also will meet and confer with Plaintiffs.

**Clear Cut-Off Dates for Preservation**. Defendants propose that the Parties' preservation obligations be limited to documents and emails created between **January 1, 2007 and September 2, 2016,** the date that the first complaint was filed in these cases. The costs and burdens of preserving a wide range of documents for a period of nearly ten years are already substantial. A preservation cutoff date is essential to ensure that parties that incur the substantial expense associated with copying devices containing ESI will not have to repeat the process and incur the same expense later in the litigation. Furthermore, there is no reason to believe that the alleged conspiracy – which Defendants are confident has <u>no merit</u> – would continue after a complaint was filed in federal court. Therefore, there is no reason to impose a burden on employees to preserve documents created after the complaint was filed. Defendants have proposed a cut-off to Plaintiffs, who have recognized the importance of such a cut-off, but Plaintiffs have not agreed to a cut-off date

**Document Preservation Must Be Reciprocal**. Plaintiffs' proposed preservation order is silent regarding Plaintiffs' own preservation obligations. Defendants do not believe that a preservation order is necessary here, but propose that, if the Court enters one, the order apply equally to all parties, including the Plaintiffs. Indeed, Plaintiffs have already informed Defendants that they will not make forensic copies of the mobile devices of any of the executives of the corporate plaintiffs, despite their demand that Defendants do so. Especially in a case where Plaintiffs claim fraudulent concealment, what Plaintiffs knew or believed about Defendants' conduct – comprised largely of public statements – is of course relevant to the defenses in this litigation. Again, Defendants do not believe a preservation order is necessary here, but any such order should apply equally to all the parties.

## III.   PARTIAL STAY OF DISCOVERY

### Plaintiffs' Position:

As the Court is aware, discovery is not automatically stayed in the Northern District of Illinois pending resolution of motions to dismiss, and Plaintiffs believe that certain limited discovery will keep this case moving forward. This Court's Case Procedures on discovery state that "Parties are also reminded that the pendency of a motion, such as a motion to dismiss, does not operate as a stay of discovery absent explicit order of the Court." Plaintiffs' proposed partial stay of discovery would avoid the burden and expense to Defendants of full discovery, while permitting custodian negotiations and other key parameters for discovery to be determined.

Plaintiffs' proposal for a partial stay of discovery to be included in the Case Management Order is provided immediately below:

1. Discovery is partially stayed, as detailed below, until the earlier of April 1, 2017, or the Court's ruling on Defendants' motions to dismiss.

2. To facilitate the Parties' negotiation of an ESI Protocol and document custodians, Plaintiffs shall informally provide their initial Rule 34 requests no later than November 14, 2016. The deadline for formally responding to such Rule 34 requests shall be 45 days after the partial stay of discovery ends.

3. Pursuant to Rule 26(a), by no later than November 21, 2016, Defendants will disclose to Plaintiffs the following information for the period from January 1, 2007 to the present[2]:

   a. **Organizational Charts:** Organizational charts sufficient to show the names and titles of individuals with the following positions or responsibilities:

      i. member of the board of directors;

      ii. all executives with the title of Director, Vice President, or higher (such as SVP, CEO, COO, CFO, etc.), as well as their assistants or secretaries;

      iii. business or market analysts including, but not limited to, individuals with responsibilities relating to market intelligence, competitor analysis, and/or analysis of, reporting to, or receiving data from Agri Stats, Express Markets, Inc. ("EMI"), Urner Barry, Georgia Dock, USDA, or other industry data sources;

      iv. communicating with other Defendants or other Broiler suppliers, such as individuals involved with co-packing arrangements or trades of Broilers with other Defendants;

      v. trade association attendance and membership (e.g., those trade associations listed in ¶¶ 259-271 of the *Maplevale* complaint);

      vi. pricing, supply, inventory, or export of Broilers; or

      vii. investor and/or creditor relations.

   b. **Phone Directories:** Documents, such as phone directories, sufficient to show the office, fax, and cellphone number for the categories of individuals identified above in ¶ 17(a).

   c. **Email Systems:** The email system used by each Defendant, including the name of the email system, version number (including applicable dates for different versions), parameters of any auto-deletion and/or auto-archiving feature used with the email system (to extent applicable), applicable time period of email available

---

[2] Because these disclosures will take place prior to the entry of an ESI Protocol, the parties will meet and confer regarding the format of production for documents. Unless otherwise agreed upon, MS Excel and MS PowerPoint files will be produced in native format with a Bates numbered placeholder. All other documents will at a minimum be Bates numbered.

and/or preserved, and the time period available from any backup schema applicable to the email system.

d. **Non-custodial Data Sources:** A list of known non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI. Defendants will identify the databases that contain "structured data" commonly required in antitrust cases, including pricing, capacity, input cost, travel & expense data, and customer lists, and produce any readily available user manuals, training manuals, or explanations of the type of data contained in such structured databases.

e. **Third-Party Data Sources:** A list of known third-party data sources, if any, likely to contain discoverable ESI and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source. Third-party data sources shall include identification of any former employees who may be in possession of relevant information, including whether or not such individuals have been informed of their preservation obligations.

f. **Document Retention Policies:** Each Defendant will produce a copy of any document retention and/or destruction policy in effect during the period from January 1, 2007 to the present.

g. **Employee Technology Use Policies:** Each Defendant will produce a copy of its policy (or policies) concerning use by employees of cellphones, notebook computers, and tablets for business purposes. Without intending to limit, such policies may go by the following names: bring-your-own device (BYOD) policies, choose-your-own-device (CYOD) policies, corporate-liable-employee-owned (CLEO) policies, corporate-owned/personally enabled (COPE) policies, mobile-device-management (MDM) policies, and dual-use device policies. If no such policy existed for a particular time period or the entire time period, then the Defendant will notify Plaintiffs of that fact in writing.

h. **Phone Records**: Defendants will disclose what steps they have taken to preserve phone records and cellphone data. With respect to phone records, Defendants will disclose if they have downloaded phone records from phone carriers, and if so, when, for whom, and for what phone numbers.

i. **Inaccessible Data**: A list of known data sources, if any, likely to contain discoverable ESI (by type, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Rule 26(b)(2)(C)(i). Inaccessible data source likely to contain discoverable ESI shall be preserved until the parties reach an agreement on these sources. To the extent any such categories of data would depend upon individualized information for particular custodians, Defendants may generally identify such categories of information.

**Defendants' Position:**

Defendants plan to file motions to dismiss. Given the scope of the complaints at issue, which plead circumstantial allegations regarding Defendants' conduct over a nearly ten-year period, (*e.g.*, Maplevale Compl. ¶¶ 5–8, 84–85, 104–19), the Court should follow the many

decisions in complex antitrust suits in this district and stay discovery pending the resolution of Defendants' motions to dismiss. Plaintiffs claim they are amenable to a discovery stay with allowance for "limited" disclosures. But their proposal is far from limited. Instead, they seek to discover voluminous information regarding Defendants' email systems, data sources, preservation and technology policies, and phone records, including employee cellular telephone records. Such discovery is not limited on its face and will impose great burden on Defendants to respond to during the same period when they will be busy preparing and briefing dispositive motions. Defendants have approached Plaintiffs about narrowing their requested disclosures in exchange for their agreement to stay all discovery through the Court's decision on the motions to dismiss. The parties are currently conferring and exploring whether such an accord can be reached for readily accessible information.

While stays on discovery pending decisions on dispositive motions are not necessarily "automatic[]," they "are granted with substantial frequency," particularly in antitrust cases such as this one. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005). Indeed, this Court has pointed out that "some districts have a rule that prohibits discovery during the pendency of such a motion, and in some circuits, district courts have been advised to resolve a motion to dismiss before allowing discovery." *Id.* at 336. Courts in this Circuit have repeatedly stressed that "[a]ntitrust cases are typical of the types of cases where discovery is so burdensome and costly to parties that a stay pending decision on a motion to dismiss may be appropriate." *Coss v. Playtex Prod., LLC*, 2009 WL 1455358, at *1 (N.D. Ill. May 21, 2009); *see also DSM Desotech*, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008) ("[D]iscovery in *any* antitrust case can quickly become enormously expensive and burdensome to defendants") (emphasis in original). Accordingly, judges in this district have routinely stayed discovery pending rulings on motions to dismiss in large, complex antitrust actions such as this:

- In *Standard Iron Words v. Arcelormittal USA, Inc.*, for instance—a class action against domestic steel producers alleging a multi-year conspiracy to reduce output—Judge Zagel stayed discovery upon being informed that the defendants intended to file a motion to dismiss. No. 08-cv-5214, Tr. of Proceedings at 20–22 (N.D. Ill. Nov. 21, 2008).

- Likewise, when presented with antitrust class actions by direct and indirect purchasers of potash alleging that the defendant potash producers had illegally conspired to fix supply and raise prices over a number of years, this Court stayed discovery in order to first address the defendants' motion to dismiss. *In re Potash Antitrust Litig.* (No. II), No. 1:08-cv-06910, Minute Entry, ECF No. 64 (N.D. Ill. Apr. 23, 2009) (Castillo, J.).

- In *DSM Desotech Inc. v. 3D Sys. Corp.*, a large antitrust case against a machine manufacturer, this Court also stayed discovery pending the resolution of a motion to dismiss. 2008 WL 4812440, at *1.

- In *Coss v. Playtex Products*, this Court again stayed discovery pending its decision on a motion to dismiss, noting that the three-count complaint alleging consumer fraud, breach of warranty, and unjust enrichment "is complex and will entail burdensome and costly discovery on a scale similar to that contemplated by *Bell Atlantic*" and other antitrust decisions. 2009 WL 1455358, at *4.

Indeed, the norm for complex cases involving alleged antitrust conspiracies in other federal courts is also to stay discovery pending resolution of defendants' dispositive motions. *See, e.g.*, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2013 WL 5425183, *3 (N.D. Cal. Sept. 26, 2013) (discovery stayed pending resolution of motion to dismiss challenging the adequacy of plaintiff's conspiracy allegations); *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *5–6 (N.D. Cal. July 24, 2007) (discovery stayed pending resolution of several motions to dismiss challenging the sufficiency of, among other things, Section 1 conspiracy allegations); *In re London Silver Fixing, Ltd., Antitrust Litig.*, No. 14-md-2573, ECF Nos. 1, 24, 151 (S.D.N.Y. 2016) (discovery stayed through resolution of motions to dismiss); *In re Interest Rate Swaps Antitrust Litig.*, No. 16-md-02704, ECF No. 92 (S.D.N.Y. July 26, 2016) (discovery stayed pending defendants' anticipated motions to dismiss plaintiffs' conspiracy claims); *In re Foreign Exch. Benchmark Rates Antitrust Litig.*, No. 13-cv-07789, ECF No. 145 (S.D.N.Y. Mar. 4, 2014) (same). In other words, antitrust cases are essentially *presumed* to be so burdensome to generally require stays on discovery pending resolution of dispositive motions.

Defendants are willing to work with Plaintiffs to take reasonable steps to advance this case while their motions to dismiss are pending. Even without embarking on discovery, the parties can still advance the course of this litigation in the interim—for instance, by dealing with important preliminary matters such as discussing document preservation and negotiating a protective order and an ESI protocol. Plaintiffs and Defendants have already begun discussing document preservation, and Defendants are well aware of their obligation to preserve materials potentially relevant to the litigation and have communicated to Plaintiffs their commitment to fulfilling that obligation. Defendants have likewise begun negotiating with Plaintiffs on a draft Protective Order to safeguard the parties' confidential information. And Defendants are also willing to negotiate an ESI protocol while the motions to dismiss are pending and have expressed a willingness to consider informal discovery requests to aid this process. Defendants will continue to assess Plaintiffs' proposed disclosures and attempt to negotiate a narrower subset with Plaintiffs. In the event the parties cannot agree, Defendants would request from the Court a full discovery stay, and the litigation would still be advanced via negotiations over document preservation, the protection of confidential materials, and other important preliminary matters— all of which will require substantial time and attention over the next several months.

## IV.    ELECTRONICALLY STORED INFORMATION PROTOCOL

As provided in the Joint Proposed Case Management Order, the parties agree that an Electronically Stored Information Protocol ("ESI Protocol") must be submitted to the Court no later than December 7, 2016. The parties do not agree regarding whether the ESI Protocol must propose deadlines for completion of custodian negotiations or whether the ESI Protocol must be informed by Defendants' Rule 26(a) disclosures and Rule 26(f) conferences.

### **Plaintiffs' Position:**

Plaintiffs face an asymmetry of information regarding Defendants' electronic systems and internal hierarchy and departmental organization, so it would be difficult for Plaintiffs to negotiate the parameters of an ESI Protocol without the benefit of Rule 26(f) conferences and Rule 26(a) disclosures. For instance, if a Defendant had an aggressive auto-deletion protocol for its email system, such that only 30 days of email is available for discovery, then Plaintiffs would obviously need to seek other categories of ESI that they otherwise might not.

Plaintiffs also propose a requirement that the ESI Protocol include deadlines for custodian negotiations. The absence of such deadlines inevitably leads to avoidable and inefficient delays. To facilitate the negotiation of custodians and parameters for the ESI Protocol, Plaintiffs will informally provide copies of their initial Requests for Production of Documents by November 14, 2016.

Plaintiffs' proposed language for the Case Management Order is provided immediately below:

1. Among other things, the ESI Protocol shall at a minimum provide specific deadlines for (a) agreement on a set of priority document custodians whose data will be processed and available to test search terms with prior to the end of the partial stay of discovery, (b) a larger group of document custodians beyond the priority document custodians to be agreed upon prior to the end of the partial stay of discovery, and (c) deadlines for search negotiations that are triggered by the end of the partial stay of discovery.

2. To facilitate the Parties' negotiation of an ESI Protocol and document custodians, Plaintiffs shall informally provide their initial Rule 34 Requests for the Production of Documents no later than November 14, 2016. The deadline for formally responding to such Rule 34 requests shall be 45 days after the Court's order on Defendants' motions to dismiss.

**Defendants' Position:**

Defendants are committed to negotiating, in good faith, with Plaintiffs on an ESI Protocol. Defendants are currently assessing their data sources (including mobile devices) and identifying individuals likely to have information potentially relevant to the above-captioned actions. Due to the volume of documents and data generated and/or reviewed by each Defendant in the ordinary course of business for the nearly ten -year period, Defendants are not yet in a position to discuss with Plaintiffs the review and production specifications for potentially relevant ESI and other material during a Rule 26(f) conference. Defendants are aware of and are complying with their obligations to preserve potentially relevant information under the Federal Rules of Civil Procedure and will continue to do so.

Further, as to the content of the ESI Protocol, the Defendants anticipate there will be discussions about custodians. Defendants are also willing to agree to an informal, bilateral exchange of Rule 34 Requests for the Production of Documents no later than November 30, 2016. However, Defendants believe the parties would benefit from further negotiations prior to agreeing to the contents of such protocol or the means by which the parties negotiate such protocol. Moreover, as the Joint Proposed Case Management Order provides a mechanism for the parties to resolve discrepancies regarding an ESI Protocol, Defendants do not believe that the issues raised by Plaintiffs need to be resolved at this time in the Joint Proposed Case Management Order.

## V.    DEADLINES FOR FEDERAL RULE OF CIVIL PROCEDURE 26(F) CONFERENCES AND RULE 16 CONFERENCE.

The parties agree that a Rule 16 Conference will take place by January 25, 2017, and that a Rule 26(f) Conference will take place by January 11, 2017. The parties will discuss with the

Court tomorrow the timing of the submission of Rule 26(f) reports in advance of the Rule 16 conference.

## VI.     BIFURCATION OF DISCOVERY

The Court's October 14, 2016, order suggested the parties be prepared to discuss the bifurcation of discovery into a liability and damages phase. The parties will be prepared to do so.

Dated: October 20, 2016

/s/ Steven A. Hart
Steven A. Hart (#6211008)
Brian Eldridge (#6281336)
Kyle Pozan (#6306761)
HART MCLAUGHLIN & ELDRIDGE, LLC
121 West Wacker Drive, Suite 1050
Chicago, IL 60601
Telephone: (312) 955-0545
Facsimile: (312) 971-9243
shart@hmelegal.com
beldridge@hmelegal.com
kpozan@hmelegal.com

***Direct Purchaser Plaintiffs Interim Liaison Class Counsel***

W. Joseph Bruckner
Heidi M. Silton
Elizabeth R. Odette
Brian D. Clark
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:  (612) 339-6900
Facsimile:  (612) 339-0981
wjbruckner@locklaw.com
hmsilton@locklaw.com
erodette@locklaw.com
bdclark@locklaw.com

Bruce L. Simon
Aaron M. Sheanin
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile:  (415) 433-9008
bsimon@pswlaw.com
asheanin@pswlaw.com

*Direct Purchaser Plaintiffs Interim Co-Lead
Class Counsel*


Kenneth A. Wexler
Edward A. Wallace
Thomas A. Doyle
WEXLER WALLACE LLP
55W.Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
kaw@wexlerwallace.com
eaw@wexlerwallace.com
tad@wexlerwallace.com

*Indirect Purchaser Plaintiffs Liaison Counsel*

Daniel E. Gustafson
Daniel C. Hedlund
Michelle J. Looby
Joshua R. Rissman
Brittany N. Resch
**GUSTAFSON GLUEK PLLC**
220 South Sixth Street, #2600
Minneapolis, MN 55402
Telephone: (612)333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
jrissman@gustafsongluek.com
bresch@gustafsongluek.com


Steven N. Williams
COTCHETT, PITRE & MCCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA  94010

Telephone: (650) 697-6000
swilliams@cpmlegal.com

***Indirect Purchaser Plaintiffs Interim Co-Class Counsel***


Stephen Novack
Stephen J. Siegel
Christopher S. Moore
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900
snovack@novackmacey.com
ssiegel@novackmacey.com
cmoore@novackmacey.com

*Counsel for Defendants Koch Foods Incorporated, JCG Foods of Alabama LLC, JCG Foods of Georgia LLC and Koch Meat Co., Inc.*

J. Mark Gidley
Peter J. Carney
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
mgidley@whitecase.com
pcarney@whitecase.com

Robert A. Milne
David H. Suggs
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
rmilne@whitecase.com
dsuggs@whitecase.com

*Attorneys for Defendants Tyson Foods, Inc.,
Tyson Chicken, Inc., Tyson Breeders, Inc.,
Tyson Poultry, Inc.*

Kevin J. Arquit
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 355-2502
karquit@stblaw.com

*Attorneys for Defendant Pilgrim's
Pride Corporation*

Kirstin B. Ives
FALKENBERG FIEWEGER & IVES, LLP
30 N. LaSalle St., Suite 4020
Chicago, IL 60602
kbi@ffilaw.com

J. Douglas Baldridge
Lisa Jose Fales
Danielle Foley
VENABLE LLP
575 7th Street, NW
Washington, DC 20004
jdbaldridge@venable.com
ljfales@venable.com
drfoley@venable.com

*Attorneys for Defendant Perdue Farms, Inc.*

Daniel E. Laytin, P.C.
Christa C. Cottrell
Martin L. Roth
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000
dlaytin@kirkland.com
ccottrell@kirkland.com
martin.roth@kirkland.com

*Attorneys for Defendants Sanderson Farms,
Inc., Sanderson Farms, Inc. (Processing
Division), Sanderson Farms, Inc. (Production
Division) & Sanderson Farms, Inc. (Foods
Division)*

Christopher E. Ondeck
Adrian Fontecilla
Stephen R. Chuk
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., NW
Suite 600 South
Washington, DC 20004
Telephone: (202) 416-6800
Fax: (202) 416-6899
condeck@proskauer.com
afontecilla@proskauer.com
schuk@proskauer.com

*Attorneys for Wayne Farms LLC*

Amy Lee Stewart
ROSE LAW FIRM
120 East Fourth Street
Little Rock, AR 72201
Direct: (501)377-0334
www.roselawfirm.com
astewart@roselawfirm.com

*Attorneys for Defendants Mountaire Farms,
Inc., Mountaire Farms, LLC and Mountaire
Farms of Delaware, Inc.*

Patrick Fitzgerald (#6307561)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
155 N. Wacker Drive
Chicago, IL 10036
Telephone: (312) 407-0700
Facsimile: (312) 407-0411
patrick.fitzgerald@skadden.com

Boris Bershteyn
Sam Auld
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
boris.bershteyn@skadden.com
sam.auld@skadden.com

*Attorneys for Defendant Peco Foods, Inc.*

Gregory G. Wrobel (#3122900)
VEDDER PRICE P.C.
222 N. LaSalle Street
Chicago, IL 60601
Telephone: 312-609-7722
Facsimile: 312-609-5005
gwrobel@vedderprice.com

Henry W. Jones, Jr.
JORDAN PRICE
1951 Clark Avenue
Raleigh, North Carolina 27605
Telephone: 919-828-2501
Facsimile: (919) 834-8447
hjones@jordanprice.com

*Attorneys for Defendant House of Raeford Farms, Inc.*

Lynn H. Murray
Andrew M. Meerkins
SHOOK HARDY & BACON LLP
111 S. Wacker Dr.
Ste. 5100
Chicago IL 60606
312-704-7700
lhmurray@shb.com
ameerkins@shb.com

*Attorneys for Defendant Simmons Food, Inc.*

Brendan J. Healey
MANDELL MENKES LLC
One North Franklin, Suite 3600
Chicago, Illinois, 60606
(312) 251-1006 (T)
(312) 759-2189 (F)
bhealey@mandellmenkes.com

B. Parker Miller
Valarie C. Williams
Max Marks
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
(404) 881-7000 (T)
(404) 881-7777 (F)
parker.miller@alston.com
valarie.williams@alston.com
nowell.berreth@alston.com
max.marks@alston.com

R. Brent Hatcher, Jr.
SMITH, GILLIAM, WILLIAMS & MILES
PA
301 Green Street NW, Suite 200
Gainesville, Georgia 30501
(770) 536-3381 (T)
(770) 535-9902 (F)
bhatcher@sgwmfirm.com
cfranklin@sgwmfirm.com

*Attorneys for Fieldale Farms Corporation*

Sondra A. Hemeryck
RILEY SAFER HOLMES & CANCILA LLP
70 West Madison Street, Suite 2900
Chicago, IL 60602
(312) 471-8700
shemeryck@rshc-law.com

William L. Greene
Ruth S. Shnider
STINSON LEONARD STREET LLP
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402

(612) 335-1500
william.greene@stinson.com
ruth.shnider@stinson.com

Gary V. Weeks
K.C. Dupps Tucker
Kristy E. Boehler
THE LAW GROUP OF NORTHWEST
ARKANSAS LLP
1830 Shelby Lane
Fayetteville, AR  72704
(479) 316-3760
gary.weeks@lawgroupnwa.com
kc.tucker@lawgroupnwa.com
kristy.boehler@lawgroupnwa.com

*Attorneys for Defendants George's, Inc. and
George's Farms, Inc.*

John P. Passarelli
James M. Sulentic
KUTAK ROCK LLP
1650 Farnam Street
Omaha, NE  68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
john.passarelli@kutakrock.com
james.sulentic@kutakrock.com

J.R. Carroll
Scott Jackson
KUTAK ROCK LLP
234 East Millsap Road
Suite 200
Fayetteville, AR  72703-4099
Telephone: (479) 973-4200
Facsimile: (479) 973-0007
jr.caroll@kutakrock.com
scott.jackson@kuakrock.com

Kimberly M. Hare (#6323326)
KUTAK ROCK LLP
One South Wacker Drive
Suite 2050
Chicago, IL  60606-4614
Telephone: (312) 602-4100
Facsimile: (312) 602-4101
kimberly.hare@kutakrock.com

*Attorneys for Defendants O.K. Foods, Inc.,*
*O.K. Farms, Inc., and O.K. Industries, Inc.*