# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| MAPLEVALE FARMS, INC., individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>KOCH FOODS, INC., et al.,<br><br>       Defendants. | No. 1:16-cv-08637 |
| JOHN GROSS AND COMPANY, INC., individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>KOCH FOODS, INC., et al.,<br><br>       Defendants. | No. 1:16-cv-08737 |
| FARGO STOPPING CENTER, LLC, and SARGENT'S, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>KOCH FOODS, INC., et al.,<br><br>       Defendants. | No. 1:16-cv-08851 |

| | |
|---|---|
| ABRAHAM DRUCKER, ILANA HARWAYNE-GIDANSKY, SABRINA MAJERNIK and CHRISTOPHER NELSON, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>KOCH FOODS, INC. et al.,<br><br>       Defendants. | No. 1:16-cv-08874 |
| DANIEL M. PERCY, GLORIA J. LATHEN, and JONAS DIMAS,<br><br>       Plaintiffs,<br>  v.<br>KOCH FOODS, INC., et al.,<br><br>       Defendants. | No. 1:16-cv-08931 |
| CHRISTOPHER GILBERT, ALISON PAUK, MARILYN STRANGELAND, LESLIE WEIDNER, and DAVID WEIDNER on behalf of themselves and all other similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>TYSON FOODS, INC., et al.,<br><br>       Defendants. | No. 1:16-cv-09007 |

| | |
|---|---|
| DON CHAVAS MEXICAN RESTAURANT, INC., individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>KOCH FOODS, INC., et al.,<br><br>      Defendants. | No. 1:16-cv-09421 |
| DOROTHY MONAHAN, FRANK COE, LESTER PATTERSON, PAMELA TIERNEY, LINDA CHESLOW, and NATALIE WILBUR,<br><br>      Plaintiff,<br><br>  v.<br><br>KOCH FOODS, INC., et al.,<br><br>      Defendants. | No. 1:16-cv-09490 |
| BODEGA BREW PUB, INC., individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>KOCH FOODS, INC., et al.,<br><br>      Defendants. | No. 1:16-cv-09589 |
| FERRARO FOODS, INC. and FERRARO FOODS OF NORTH CAROLINA, LLC, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>KOCH FOODS, INC., et al.,<br><br>      Defendants. | No. 1:16-cv-09684 |

# INITIAL CASE MANAGEMENT ORDER

The following Order shall govern pretrial matters in the above-referenced actions.

## PRETRIAL CONSOLIDATION

1.     The Court previously granted motions to relate the above-referenced matters (Nos. 1:16-cv-08637, 1:16-cv-08737, 1:16-cv-08851, 1:16-cv-08874, 1:16-cv-08931, 1:16-cv-09007, 1:16-cv-09421, 1:16-cv-09490, 1:16-cv-09589, 1:16-cv-09684) pursuant to Local Rule 40.4 of the Local Rules of the Northern District of Illinois.  See *Maplevale*, No. 1:16-cv-08637, ECF Nos. 108, 129, & 142.

2.     Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, each of the Direct Purchaser Plaintiff actions (Nos. 1:16-cv-8637, 1:16-cv-08737, & 1:16-cv-09684) is consolidated for pretrial purposes and each of the Indirect Purchaser Plaintiff actions (Nos. 1:16-cv-08851, 1:16-cv-08874, 1:16-cv-08931, 1:16-cv-09007, 1:16-cv-09421, 1:16-cv-09490, & 1:16-cv-09589) is consolidated for pretrial purposes.

3.     This order does not constitute a determination that these actions should be consolidated for trial, nor does it have the effect of making any entity a party to an action in which it has not been joined and served in accordance with the Federal Rules of Civil Procedure.

4.     Any lawyer who has been admitted *pro hac vice* in any of the above actions need not seek *pro hac vice* admission in any other action—a single *pro hac vice* admission in these consolidated proceedings is sufficient.  Any lawyer who has filed a notice of appearance in any of the above actions need not notice an appearance in any other action – a single notice in these consolidated proceedings is sufficient.  It is incumbent upon the lawyer to ensure his or her appearance is listed in the consolidated proceedings for ECF purposes.

## CAPTION

5.     Every pleading or filing in this action, and in any separate action subsequently included therein, shall bear the following caption:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION* | No. 1:16-cv-08637 |
| This Document Relates To: | |

6.     When a filing is intended to be applicable to all actions to which this Order is applicable, the words, "All Actions" shall appear immediately after the words, "This Document Relates to:" in the caption above.  When a pleading is intended to be applicable only to some, but not all of such actions, the unique docket number for each individual action to which the pleading is intended to be applicable shall appear there.

## NEWLY FILED OR TRANSFERRED ACTIONS

7.     When an action that relates to the same subject matter as this action is hereafter filed in or transferred to this Court and assigned to the undersigned, it shall be consolidated with the appropriate action, i.e., Direct Purchaser Plaintiff or Indirect Purchaser Plaintiff action, (provided that any case transferred to this Court solely for pretrial proceedings shall be consolidated only to that extent absent further order of this Court), and the Clerk of Court shall:

a.     Docket a copy of this Order in the separate file for such action.

b.     Make an appropriate entry in the docket that a new case has been assigned.

8. The terms of this Order shall apply automatically to actions later instituted in, removed to, or transferred to this court (including cases transferred for pretrial purposes under 28 U.S.C. § 1407) that involve allegations of antitrust violations concerning broiler chickens by the 28 Defendant entities in the above-referenced actions.

## RESPONSIBILITIES OF DESIGNATED COUNSEL

9. The Court requests the assistance of Designated Counsel in calling to the attention of the Clerk the filing or transfer of any case which might properly be consolidated with this action.

10. Upon first appearance of any new defendant(s), Designated Counsel shall provide notice to that Defendant of this Order.

11. **Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs Lead Counsel.**

Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs' Lead Counsel (see ECF No. 144 for appointment order) shall be generally responsible for coordinating the activities of plaintiffs during pretrial proceedings and shall:

    a. determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

    b. coordinate the initiation and conduct of discovery on behalf of plaintiffs consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(2), and 26(g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

    c. conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;

    d. delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the plaintiffs is conducted efficiently and effectively;

    e. enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

    f. prepare and distribute periodic status reports to the parties;

g.  maintain adequate contemporaneous time and cost records covering services as lead counsel and collect such information from co-counsel on at least a quarterly basis.  Lead counsel will provide summaries of such time and cost records for *in camera* review at the Court's request;

h.  monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

i.  perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further order of the court.

12.  **Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs Liaison Counsel.**

Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs Liaison Counsel (see ECF No. 144 for appointment order) shall:

a.  maintain and distribute to co-counsel and to defendants' liaison counsel an up-to-date service list;

b.  maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party; and

c.  perform other duties if directed to do so by respective co-lead counsel for the Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs.

13. **Defendants' Liaison Counsel**.  Defendants agree to designate White & Case LLP as Defendants' liaison counsel.  Defendants' liaison counsel shall maintain and distribute to co-counsel and to plaintiffs' liaison counsel an up-to-date service list and perform other duties if directed to do so by Defendants.

14. **Privileges Preserved**. No communication among plaintiffs' counsel or among defendants' counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

## REGULAR STATUS CONFERENCES

15.  This Court will convene a regular status conference no later than every 60 days, or on such other regular basis as the Court may order.  Except as otherwise indicated by the

Court, counsel can attend status conferences by telephone. If all counsel agree there is no need for a status conference given activity in the case, liaison counsel may contact the Court's Clerk and seek to have the Court cancel the status conference.

## CASE MANAGEMENT DEADLINES

16.     Plaintiffs will file consolidated amended complaints in the direct purchaser and indirect purchaser actions by October 28, 2016. Defendants previously agreed to accept service of process for those complaints by ECF.

17.     Any Defendant that has not yet filed at least one attorney notice of appearance in these proceedings shall do so no later than November 30, 2016.

18.     Defendants will answer or otherwise respond to those complaints pursuant to Rule 12 by December 21, 2016 [54 days]. If the responsive pleading is a motion to dismiss, Plaintiffs shall have until February 13, 2017 [54 days] to respond. Defendants shall have until March 13, 2017 [28 days] to reply.

19.     The Parties shall submit an agreed upon Electronically Stored Information Protocol ("ESI Protocol") to the Court no later than December 7, 2016. If the Parties are unable to agree upon a stipulated ESI Protocol by December 7, 2016, then by that deadline the Parties will submit a joint letter to the Court, not to exceed five pages, attaching their respective proposed ESI Protocols and explaining why the proponent's ESI Protocol should be adopted by the Court.

20.     The Parties will hold a Rule 26(f) conference no later than January 11, 2017.

21.     The Court and the Parties will hold a Rule 16 conference no later than January 25, 2017.

22.     The Parties will submit a stipulated Protective Order to the Court no later than November 7, 2016.  If the Parties are unable to agree upon a stipulated Protective Order by November 7, 2016, then by that deadline the Parties will submit a joint letter to the Court, not to exceed five pages, attaching their respective proposed Protective Orders and explaining why the proponent's Protective Order should be adopted by the Court.

**IT IS SO ORDERED.**

**October 21, 2016**

ENTERED:

JUDGE THOMAS M. DURKIN