# Exhibit 1

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>This Document Relates To: All Actions | Case No. 1:16-cv-08637<br><br>**[PLAINTIFFS' PROPOSED] ORDER REGARDING DISCLOSURE OF INFORMATION PURSUANT TO FED. R. CIV. P. 26(A)** |

   Pursuant to Rule 26(a), the parties will disclose the following information for the period from January 1, 2007 to September 2, 2016. To the extent not already disclosed pursuant to the parties' previous agreement on December 2, 2016, the parties will disclose the documents and/or information provided below no later than January 31, 2017. As part of these initial, limited disclosures, the parties need not disclose each document falling within items (a)-(b) or (f), but will disclose one document for each year at issue to the extent such documents exist. Such disclosures will be subject to the parties' ability to supplement or amend these disclosures once discovery commences, and further subject to modification by any party upon a showing that complying with such disclosure would be unduly burdensome. By providing information pursuant to these disclosures, the parties do not agree that any documents are discoverable or relevant and do not waive or limit their respective rights to object to, or oppose, any request for further disclosure or discovery.

a. **Organizational Charts:**

  i. **Defendants:** Organizational charts sufficient to show the names and titles of individuals with the following positions or responsibilities relating to broiler chickens:

  1. member of the board of directors;
  2. all executives with the title of Director, Vice President, or higher (such as SVP, CEO, COO, CFO, etc.), as well as their assistants or secretaries;
  3. investor and/or creditor relations;
  4. market intelligence, competitor analysis, and/or analysis of, reporting to, or receiving data from Agri Stats, Express Markets, Inc. ("EMI"), Urner Barry, Georgia Dock, USDA, or other industry data sources;
  5. communicating with other Defendants or other Broiler suppliers, such as individuals involved with co-packing arrangements or trades of Broilers with other Defendants;
  6. trade association attendance and membership for individuals attending the organizations listed in ¶¶ 271-284 of the DPP Consolidated Amended Complaint, ECF No. 178, whose job responsibilities involve Broiler pricing, supply levels, inventories, or exports; and
  7. analysis or determination of a Defendant's own pricing, supply levels, inventory, or export of Broilers.

  Defendants may create a list of individuals with the job responsibilities listed above in lieu of a formal organizational chart, so long as such a list provides the individual's name, title, the time period during which they held that title, and for item (a)(i)(6) above, the name of the trade association attended and any committee memberships held.

  ii. **Plaintiffs:** Plaintiffs that are businesses will disclose organizational charts sufficient to show the names and titles of individuals with the following positions or responsibilities relating to the purchase of Broiler chickens:

  1. Plaintiffs' claims and allegations in the DPP and IPP Consolidated Amended Complaints; and
  2. Plaintiffs' purchase of Broilers, including executives with the title of Director, Vice President, or higher.

  Plaintiffs may create a list of individuals with the job responsibilities listed above in lieu of a formal organizational chart, so long as such a list

        provides the individual's name, title, the time period during which they held that title.

b. **Phone Directories:** Documents, such as phone directories, sufficient to show the office, fax, and cellphone number for the categories of individuals identified above in subparagraphs (a)(i)(1) through (a)(i)(5). Plaintiffs do not agree that their employees' phone numbers or phone records have any relevance to the antitrust price-fixing conspiracy alleged in this Action.

c. **Email Systems:** Identification of the email system used, including the name of the email system, version number (including applicable dates for different versions, if readily available), and time period or number of days for which email is retained on the system.

d. **Non-custodial Data Sources:** A list of known non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI. These lists will identify the databases that are likely to contain discoverable "structured data."

e. **Document Retention Policies:** Document retention and/or destruction policies in effect since January 1, 2007 to September 2, 2016.

f. **Employee Technology Use Policies:** Employee Technology Use Policies in effect since January 1, 2007 to September 2, 2016, including (if they exist) policies concerning use by employees of cellphones, notebook computers, and tablets for business purposes. Without intending to limit, such policies may go by the following names: bring-your-own device (BYOD) policies, choose-your-own-device (CYOD) policies, corporate-liable-employee-owned (CLEO) policies,

    corporate-owned/personally enabled (COPE) policies, mobile-device-management (MDM) policies, and dual-use device policies. Plaintiffs and Defendants will disclose if they have no such policies.

g. **Phone Records**: Plaintiffs and Defendants will disclose if they have downloaded phone records from phone carriers and, if so, from which carriers they have downloaded such records, and the categories of phone records or specific phone numbers for which they have downloaded phone records. Plaintiffs do not agree that their employees' phone numbers or phone records have any relevance to the antitrust price-fixing conspiracy alleged in this Action.

h. **Inaccessible Data**: A list of known data sources, if any, likely to contain discoverable ESI that a party asserts is not reasonably accessible under Rule 26(b)(B) or Rule 26(b)(2)(C)(i).

**SO ORDERED.**

Dated: _____             _____
                                                                                         HON. THOMAS M. DURKIN
                                                                                         U.S. District Judge