IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |  | |
|---|---|---|---|
| MAPLEVALE FARMS, INC., individually and on behalf of all others similarly situated, | ) ) ) ) ) | | |
| *Plaintiffs*, | ) ) ) | | |
| v. | ) ) | | |
| KOCH FOODS, INC., JCG FOODS OF ALABAMA, LLC, JCG FOODS OF GEORGIA, LLC, KOCH MEATS CO., INC. TYSON FOODS, INC., TYSON CHICKEN, INC., TYSON BREEDERS, INC., TYSON POULTRY, INC., PILGRIM'S PRIDE CORPORATION, PERDUE FARMS, INC., SANDERSON FARMS, INC., SANDERSON FARMS, INC. (FOODS DIVISION), SANDERSON FARMS, INC. (PRODUCTION DIVISION), SANDERSON FARMS, INC. (PROCESSING DIVISION), WAYNE FARMS, LLC, MOUNTAIRE FARMS, INC., MOUNTAIRE FARMS, LLC, MOUNTAIRE FARMS OF DELAWARE, INC., PECO FOODS, INC., FOSTER FARMS, LLC, HOUSE OF RAEFORD FARMS, INC., SIMMONS FOODS, INC., FIELDALE FARMS CORPORATION, GEORGE'S, INC., GEORGE'S FARMS, INC., O.K. FOODS, INC., O.K. FARMS, INC., and O.K. INDUSTRIES, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 16-CV-8637<br><br>and Related Cases<br>16-CV-8737; 16-CV-8851;<br>16-CV-8931; 16-CV-9007;<br>16-CV-9421; 16-CV-9490<br>16-CV-9589; 16-CV-9684<br><br><br><br>Judge Thomas M. Durkin | |
| *Defendants*. | ) ) | | |

**ORDER**

For reasons set forth orally at the status conference of December 9, 2016, the Court is now convinced that end-purchaser consumer plaintiffs require separate interim class counsel. The Court believes that interim class counsel for direct and

indirect purchasers have a conflict of interest because of the tension that exists as to how much of any alleged price increase was passed on by the direct and indirect purchasers to the end-purchaser consumer plaintiffs.

Before the Court are the applications for appointment as interim class counsel for end-purchaser consumer plaintiffs from Hagens Berman Sobol Shapiro LLP and Wolf Haldenstein Adler Freeman & Herz LLP. The Court has carefully reviewed the submissions and consulted with other judges who have familiarity with the two law firms. Both firms are well qualified based on experience and have adequate size and resources to competently represent the end-purchaser consumer plaintiffs. Moreover, both firms have local offices, so there is no need for the appointment of separate liaison counsel.

The Court appoints Hagens Berman as interim class counsel for the end-purchaser consumer plaintiffs, in large part because of their aggressive and independent advocacy relating to the conflict that the Court earlier identified. Although the Court in its previous order dated October 14, 2016 (R. 144[1]) thought there was simply a "potential" for a conflict, the Hagens Berman submission renewing their request for appointment of separate counsel (R. 218) convinced the Court to reverse its earlier decision. In the Court's view, Hagens Berman is in the best position to advocate for the end-purchaser consumer plaintiffs.

---

[1] Citations are to the docket in the lead case, 16-CV-8637.

In its submission, Hagens Berman represents that it can and will work cooperatively and efficiently with other interim class counsel. The Court believes Hagens Berman will be able to do so, and will expect nothing less.

For the foregoing reasons, the Application of Wolf Haldenstein Adler Freeman & Merz LLP For Appointment As Interim Class Counsel For End User Consumer Plaintiffs, R. 246, is denied and the Application For Appointment Of Hagens Berman Sobeol Shapiro LLP As Interim Class Counsel For End Purchaser Consumer Plaintiffs, R. 247, is granted.

**ENTERED:**

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: December 14, 2016