**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>This Document Relates To: All Actions | Case No. 1:16-cv-08637<br><br>**JOINT RULE 26(f) REPORT** |

Pursuant to the Court's October 21, 2016 Order (Dkt. No. 172), Direct Purchaser Plaintiffs ("DPPs"), Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs"), End User Consumer Plaintiffs ("EUCPs") (collectively, "Plaintiffs") and Defendants conferred on February 6, 2017 as required by Federal Rule of Civil Procedure 26(f). The parties report as follows:

**A.** **Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1) [Not Agreed Provision]**

The parties previously disclosed current information regarding organizational charts, document retention and technology use policies, and phone directories on December 2, 2016. Per the Order Regarding Disclosure of Information entered by the Court on December 21, 2016 (Dkt. No. 264), the parties disclosed additional information by January 31, 2017 as further set forth in the Order.

The parties disagree with respect to the deadline for Rule 26(a)(1) disclosures, so the parties' positions are provided below.

**Plaintiffs' Position**

The parties shall make the disclosures required by Federal Rule of Civil Procedure 26(a)(1) within 14 days of the parties' Rule 16 Conference with the Court on February 24, 2017.

The parties shall make the disclosures required by Federal Rule of Civil Procedure 26(a)(1) within 21 days of the Court's ruling on Defendants' motions to dismiss the Complaints, if the Court declines to grant those motions.

## B.   Document Preservation [Partially Agreed Provision]

The parties generally agreed to and are taking appropriate steps to preserve documents and electronically stored information relevant to the claims and defenses of any party in this action.  However, EUCPs and Defendants are at an impasse with respect to the disclosure of additional aggregate customer information by Defendants.  EUCPs represent that they are requesting identification of Defendants' customers to permit EUCPs to pursue third-party preservation of transactional data.  Assuming *arguendo* that the aggregate customer information EUCPs now seek is relevant to the claims or defenses in this case, Defendants represent that this information is in the possession of the various Plaintiff constituencies.  Plaintiffs represent that none of the information sought is in the EUCPs' possession, custody, or control.[1]  Consequently, EUCPs will raise this issue with the Court in the parties' joint status letter due on February 17, 2017.

## C.   Electronically Stored Information [Agreed Provision]

The parties are negotiating a protocol governing the production of electronically stored information ("ESI").  The parties disagree on several issues, a number of which were detailed specifically in their December 7, 2016 joint letter brief to the Court and previewed during the December 9, 2016 hearing.  These areas of disagreement pertain to the parties' discovery plan in

---

[1] DPPs and CIIIPs do not oppose EUCPs' requests for information for purposes of preservation of third party data.  However, the EUCPs have agreed to confer further with the other Plaintiffs once information is received from Defendants.

many respects, including the timing of discovery and form of productions. The parties are awaiting the opportunity to further discuss their areas of disagreement with Magistrate Judge Gilbert at his convenience.

**D.** **Interrogatories Pursuant to Federal Rule of Civil Procedure 33 [Not Agreed Provision]**

**Plaintiffs' Position**

1.      DPPs, CIIPPs, and EUCPs may jointly serve 30 interrogatories per "defendant family"[2] named in their respective complaints, and may each serve 15 interrogatories per defendant family on issues specific to each class.

2.      Defendants may jointly serve 25 interrogatories on each of the named DPPs, CIIPPs, and EUCPs. Defendants will coordinate efforts to avoid serving duplicative or unduly burdensome interrogatories.

**Defendants' Position**

The following provisions shall apply should the Court decline to grant Defendants' motions to dismiss DPPs,' CIIPPs', and EUCPs' respective complaints in their entirety:

1.      Plaintiffs may jointly serve 20 interrogatories on each defendant family named in the complaints, and each putative class of Plaintiffs (DPPs, CIIPPs, and EUCPs) may serve 5 additional interrogatories on each defendant family on issues specific to each class.

2.      Defendants may jointly serve 25 interrogatories on each of the named DPPs, CIIPPs, and EUCPs. If the same interrogatory is directed to some or all Plaintiffs, it shall count as one interrogatory and shall be answered individually by each Plaintiff to whom the interrogatory is directed.

---

[2] A "defendant family" is as defined in Appendix A, attached hereto.

**E.** **Requests to Produce Pursuant to Federal Rule of Civil Procedure 34 [Not Agreed Provision]**

**Plaintiffs' Position**

1.      Consistent with Federal Rule of Civil Procedure 34, there will be no limit on the number of requests to produce the parties may serve. However, the parties may only propound a reasonable and appropriate number of requests to produce. The parties will serve any additional requests for production at least 60 days prior to the close of fact discovery.

2.      DPPs, CIIPPs, and EUCPs may serve requests to produce on each defendant family named in their respective complaints.

3.      Defendants may jointly serve requests to produce on each of the named DPPs, CIIPPs, and EUCPs.

**Defendants' Position**

The following provisions shall apply should the Court decline to grant Defendants' motions to dismiss DPPs,' CIIPPs', and EUCPs' respective complaints in their entirety:

1.      Consistent with Federal Rule of Civil Procedure 34, the parties agree not to limit the number of requests to produce they may serve. However, each side (Plaintiffs and Defendants) may only serve two separate sets of document requests on the other side. The parties agree to propound a reasonable and appropriate number of requests to produce in the two sets. No set of requests to produce can be served later than 150 days prior to the end of document discovery, as described in Section I.1.b. below.

2.      This provision does not prohibit requests for specific records that are newly identified in depositions or otherwise, after the deadline for service of requests to produce described in the preceding paragraph.

**F.** **Requests for Admission Pursuant to Federal Rule of Civil Procedure 36 [Not Agreed Provision]**

<u>Plaintiffs' Position</u>

1.      The parties will meet and confer in good faith to determine if a stipulation can be agreed to concerning various evidentiary issues addressed in the Federal Rules of Evidence ("FRE"), including authenticity (FRE 902 & 903), duplicates (FRE 1001(4) & 1003), the requirement for a sponsoring witness to establish authenticity or best evidence, and status of a document as a business record (FRE 803(6)).  To assist the parties in resolving such evidentiary issues via stipulation rather than serving requests for admission, the presumption by the Court is that a document is an authentic business record if it was produced from a party's files, unless a party makes a showing of good cause to the contrary.  For any documents for which the parties cannot agree upon a stipulation, a party may serve, without limitation, any necessary requests for admission to address any potential evidentiary objections.

2.      With respect to non-evidentiary issues addressed in ¶ F(1), DPPs, CIIPPs, and EUCPs may each serve 75 requests for admission on each defendant family named in their respective complaints.

3.      With respect to non-evidentiary issues addressed in ¶ F(1), Defendants may jointly serve 75 requests for admission on each of the named DPPs, CIIPPs, and EUCPs.

<u>Defendants' Position</u>

1.      The parties will meet and confer in good faith to determine if a stipulation can be agreed to concerning various evidentiary issues addressed in the Federal Rules of Evidence ("FRE"), including authenticity (FRE 902 & 903), duplicates (FRE 1001(4) & 1003), the requirement for a sponsoring witness to establish authenticity or best evidence, and status of a

document as a business record (FRE 803(6)).  To minimize the need for requests for admission, the parties agree not to unreasonably withhold consent to stipulate that a document produced by a party is an authentic document or business record, as applicable.

2. DPPs, CIIPPs, and EUCPs may otherwise jointly serve 75 requests for admission per defendant family.

3. Defendants may otherwise jointly serve 75 requests for admission on each of the named DPPs, CIIPPs, and EUCPs.

## G. Individual Depositions Pursuant to Federal Rule of Civil Procedure 30(b)(1) [Not Agreed Provision]

### Plaintiffs' Position

1. DPPs, CIIPPs, and EUCPs collectively may depose up to 10 percipient witnesses per defendant family, except for the Tyson and Pilgrim's defendant families, for which Plaintiffs may collectively depose up to 20 percipient witnesses per family.  For purposes of this stipulation, percipient witnesses shall include Defendants' current employees, as well as former employees where the Defendant makes the witness available for deposition.  Depositions of third parties that are not part of any defendant family, depositions of former employees who the Defendant does not make available for deposition, and depositions of experts will not count toward the per-defendant family percipient witness limits.

2. If any individuals have been employed by more than one Defendant, they may be deposed only once and shall not be counted twice for purposes of Section G.1 above.  If Defendants are aware of any individual noticed for deposition who has been employed by more than one defendant, and Plaintiffs have not expressed their knowledge of this fact, Defendants shall make this fact known upon receipt of a deposition notice for such individual.

3. Defendants may collectively take up to 1 deposition of each natural named Plaintiff and up to two depositions of each named Plaintiff that is a business or corporation (including Rule 30(b)(6) depositions). The parties may agree to modify this provision by agreement or for good cause shown.

4. In accordance with Federal Rule of Civil Procedure 30(d), depositions shall be limited to 7 hours each, except upon agreement of the witness or the party producing the witness. With respect to non-party depositions, the cross-noticing of a deposition by Defendants will not reduce the time available for the taking of such a deposition by Plaintiffs. However, the parties will confer each other in advance with respect to the timing of conducting such depositions.

**Defendants' Position**

The following provisions shall apply should the Court decline to grant Defendants' motions to dismiss DPPs,' CIIPPs', and EUCPs' respective complaints in their entirety:

1. Plaintiffs collectively may conduct up to 90 depositions total, including party depositions pursuant to Rule 30(b)(1) and Rule 30(b)(6) and depositions of non-parties (including former employees of any party), with no more than 7 such depositions from any one defendant family.

2. Defendants may collectively conduct up to 75 depositions, including party depositions pursuant to Rule 30(b)(1) and Rule 30(b)(6) and depositions of non-parties (including former employees of any party). Defendants may collectively take 1 deposition of each named Plaintiff who is a natural person. For any Plaintiff that is not a natural person, Defendants may collectively take up to 5 depositions, including any depositions pursuant to Rule 30(b)(6).

3.      For purposes of the limits in G.1 and G.2, in accordance with Federal Rule of Civil Procedure 30(d), a deposition shall be limited to one day of 7 hours each, except upon agreement of the witness or the party producing the witness.  To the extent the parties agree or the Court orders a deposition exceeding one day of 7 hours (other than to provide answers to questions that a witness previously refused to answer), each additional day (or part thereof) shall count as an additional deposition.

4.      With respect to any deposition to be noticed under Rule 30(b)(6), the noticing side (Plaintiffs or Defendants) may propose up to 15 topics for examination.  Rule 30(b)(6) depositions will be limited to a total of two deposition days (or 14 hours) for each defendant family, even if more than two witnesses are designated to testify and without extending the 7-hour cap on the deposition of each witness designated to testify.  Further, for purposes of the limits in G.1 and G.2, each 7 hours of a Rule 30(b)(6) deposition shall count as a single deposition, regardless of the number of witnesses designated to testify.

5.      If any individuals have been employed by more than one Defendant, they may be deposed only once and shall not be counted twice for purposes of Section G.1 above.  If Defendants are aware of any individual noticed for deposition who has been employed by more than one defendant, and Plaintiffs have not expressed their knowledge of this fact, Defendants shall make this fact known no later than 7 days prior to the date of the deposition.

6.      In the event that any fact witness who has received a deposition notice pursuant to Rule 30(b)(1) is likely to be designated as a Rule 30(b)(6) representative of any party, or in the event that any Rule 30(b)(6) designee also is likely to be deposed in his or her individual capacity, the parties will use their best efforts to coordinate so as to avoid multiple depositions of the same witness.

7.      If only one side notices the deposition of a non-party, the noticing side shall be allowed up to 5.5 hours of examination (divided among the noticing side as they decide), allowing the other side 1.5 hours of examination.  In the event any Plaintiff and any Defendant notice the same non-party witness for deposition, Plaintiffs, as a group, and Defendants, as a group will each be allotted 3.5 hours of time for such a witness, and the deposition will count as a whole deposition for both sides under Sections G.1 and G.2.

## H.      **Depositions Pursuant to Federal Rule of Civil Procedure 30(b)(6) [Not Agreed Provision]**

### **Plaintiffs' Position**

1.      DPPs, CIIPPs, and EUCPs each may notice Rule 30(b)(6) depositions on up to 15 topics—including transactional and non-transactional data topics—per defendant family named in their respective complaints.   DPPs, CIIPPs, and EUCPs will coordinate efforts to avoid duplicative topics.

2.      Rule 30(b)(6) depositions on transactional data topics will be limited to a total of 7 hours per defendant family.  Rule 30(b)(6) depositions on non-transactional data topics will be limited to a total of 14 hours per defendant family.

3.      In the event that any percipient witness who has received a deposition notice also is likely to be designated as a Rule 30(b)(6) representative, or in the event that any Rule 30(b)(6) designee also is likely to be deposed in his or her individual capacity, the parties will use their best efforts to coordinate so as to avoid multiple depositions of the same witness.

### **Defendants' Position**

Defendants' positions regarding Rule 30(b)(6) depositions are laid out in Section G above.

I.      **Discovery & Pretrial Schedule**: In the event the Court declines to grant Defendants' motions to dismiss DPPs', CIIPPs', and EUCPs' respective complaints in their entirety, the following schedule shall apply.

1.      **Fact Discovery [Not Agreed Provision]**

**Plaintiffs' Position**

a.      The parties will abide by the schedule for setting the parameters of discovery provided in Plaintiffs' proposed ESI Protocol filed with the Court on December 7, 2016 (ECF No. 237-3).

b.      Production of documents by the parties shall be substantially complete within 5 months of the Court's order on Defendants' motions to dismiss.

c.      All fact discovery shall be commenced in time to be completed no later than 12 months after the Court's order on Defendants' motions to dismiss.

**Defendants' Position**

a.      After the Court's order on Defendants' motions to dismiss, the parties will engage in the process described in Section V of the Defendants' [Proposed] Agreed Protocol Relating to the Production of Documents and Electronically Stored Information ("ESI Protocol") to negotiate an agreement on Document Custodians, Centralized Document Sources, Search Terms, and any Technology Assisted Review Process (as those terms are defined in the ESI Protocol).  Such process shall be completed no later than 4 months after the Court's decision on the Defendants' motions to dismiss.

b.      Production of documents by the parties shall be substantially complete 8 months after the earlier of (1) the date of any agreement between the parties or Order of the

Court finally resolving the process described in I.1.a. or (2) 4 months after the Court's decision on the motion to dismiss.

   c. All fact discovery shall be commenced in time to be completed no later than 12 months after the deadline for substantial completion of document production.

  2. **Amendment of Complaints [Not Agreed Provision]**

**Plaintiffs' Position**

   a. The parties may seek leave to amend their pleadings to add any parties, claims, or defenses on or before the date 4 months prior to the close of fact discovery.

**Defendants' Position**

   a. Plaintiffs may seek leave to amend their Complaints to add any parties, claims or defenses on or before the date 6 months prior to substantial completion of document production.

  3. **Schedule After Fact Discovery [Not Agreed Provision]**

**Plaintiffs' Position**

  **1. Class Certification**

   a. Plaintiffs shall file and serve their motions for class certification and related expert reports no later than sixty days after the close of fact discovery;

   b. Defendants shall file and serve their response to the motion for class certification and related expert reports within sixty days after Plaintiffs file and serve their motions for class certification, including any motion concerning Plaintiffs' class certification experts pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) (hereinafter, "*Daubert*");

   c. Plaintiffs shall file and serve their reply brief and any reply expert report(s) within forty-five days after Defendants serve their response to Plaintiffs' motion for class certification,

including any motion concerning Defendants' class certification experts pursuant to *Daubert* and a response to any *Daubert* motion by Defendants;

d.  Defendants shall file any opposition to Plaintiffs' *Daubert* motion(s) within 45 days.  There will be no replies to *Daubert* motions filed by either Plaintiffs or Defendants.

e.  Subject to any stipulation or order of the Court regarding expert discovery, all expert materials relied upon in an expert report shall be produced simultaneously with any expert report.  Any backup data shall be produced as soon thereafter as possible, and in any event, within three business days of service of such reports.

f.  Experts shall be made available for deposition on mutually convenient dates starting 14 days after production of the materials making up the expert report.

g.  The parties shall be governed by Federal Rule of Civil Procedure 26(a)(2)(E) and 26(e) concerning supplemental reports, and may seek leave to submit reports replying to expert reports not specifically set forth above.

## 2.  Expert Merits Discovery

a.  Plaintiffs shall file and serve their merits expert reports no later than thirty days after the Court's ruling on Plaintiffs' motion for class certification.

b.  Defendants shall file and serve their merits expert reports within sixty days after Plaintiffs file and serve their merits expert reports.

c.  Plaintiffs shall file and serve any reply merits expert report(s) within forty-five days after Defendants serve their merits expert reports.

d.  All expert materials relied upon in an expert report shall be produced simultaneously with any expert report.  Any backup data shall be produced as soon thereafter as possible, and in any event, within three business days of service of such reports.

e.  Experts shall be made available for deposition on mutually convenient dates starting 14 days after production of the materials making up the expert report.

f.  The parties shall be governed by Federal Rule of Civil Procedure 26(a)(2)(E) and 26(e) concerning supplemental reports, and may seek leave to submit reports replying to expert reports not specifically set forth above.

**3.  Summary Judgment**

a.  Motions for summary judgment shall be filed no later than 30 days after the completion of merits expert discovery.

b.  A briefing schedule, details regarding page limitations, and a schedule for any merits expert reports or depositions will be agreed upon no later than the date upon which fact discovery closes.

**4.  Trial**

a.  This case shall be ready for trial no later than November 2, 2019.

**Defendants' Position**

Defendants did not conspire to fix prices or output of Broilers, and, as explained in Defendants' motions to dismiss, do not believe that Plaintiffs have stated any claim against any Defendants.  Thus, Defendants submit that it is premature at this time to propose a formal schedule for expert discovery, motions for class certification and summary judgment, or a trial date.  The parties will meet and confer regarding a further schedule within 14 days of the Court's rulings on the motions to dismiss, and submit a proposed schedule to the Court within 30 days of the Court's rulings.

However, if the Court wishes to set a formal schedule for expert discovery and motion practice now, Defendants propose the schedule below as an alternative to that proposed by Plaintiffs, which imposes unrealistic and unduly burdensome obligations on the parties.

**1. Class Certification**

a. Plaintiffs shall file and serve their motions for class certification and related expert reports within 30 days after the close of fact discovery.

b. Defendants shall file and serve their responses to the motions for class certification and related expert reports within 120 days after the close of fact discovery.

c. Plaintiffs shall file and serve their reply briefs and any reply expert reports 45 days after Defendants serve their responses to Plaintiffs' motions for class certification.

d. All expert materials relied upon in an expert report shall be produced simultaneously with any expert report. Any backup data shall be produced as soon thereafter as possible, and in any event, within three business days of service of such reports.

e. Experts shall be made available for deposition on mutually convenient dates starting 14 days after production of the materials making up the expert report.

f. The parties shall be governed by Federal Rule of Civil Procedure 26(a)(2)(E) and 26(e) concerning supplemental reports, and may seek leave to submit reports replying to expert reports not specifically set forth above.

g. Any motions challenging an expert offered in support of class certification pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993) shall be filed no later than 45 days after the deposition of the challenged expert.

h. Any opposition to such a Daubert motion shall be filed within 45 days of the filing of said motion.

i.   Any reply in support of such a Daubert motion shall be filed within 30 days of the opposition.

**2.   Merits Expert Discovery**

a.   Plaintiffs shall file and serve their merits expert reports 30 days after the Court's ruling on Plaintiffs' motions for class certification.

b.   Defendants shall file and serve their merits expert reports 120 days after the Court's ruling on Plaintiffs' motions for class certification.

c.   Plaintiffs shall file and serve any reply merits expert reports 45 days after Defendants file and serve their expert merits reports.

d.   All expert materials relied upon in an expert report shall be produced simultaneously with any expert report.  Any backup data shall be produced as soon thereafter as possible, and in any event, within three business days of service of such reports.

e.   Experts shall be made available for deposition on mutually convenient dates starting 14 days after production of the materials making up the expert report.

f.   The parties shall be governed by Federal Rule of Civil Procedure 26(a)(2)(E) and 26(e) concerning supplemental reports, and may seek leave to submit reports replying to expert reports not specifically set forth above.

g.   Any motions challenging an expert offered in support of merits expert discovery pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993) shall be filed no later than 45 days after the deposition of the challenged expert.

h.   Any opposition to such a Daubert motion shall be filed within 45 days of the filing of said motion.

i.   Any reply in support of such a Daubert motion shall be filed within 30 days of the opposition.

**3.   Summary Judgment**

a.   Without waiving the right of any party to move for summary judgment earlier than this deadline pursuant to Federal Rule of Civil Procedure 56(b), any motion for summary judgment shall be filed no later than 60 days after the completion of merits expert discovery.

b.   A response to a motion for summary judgment shall be due no later than 60 days after the motion for summary judgment is filed.

c.   A reply to a motion for summary judgment shall be due no later than 45 days after the response to the motion for summary judgment is filed.

**4.   Trial**

a.   Given the sophisticated and detailed motion practice anticipated in this matter should the Court not grant Defendants' motions to dismiss in their entirety, as well as the time necessarily required for the Court to resolve these motions, Plaintiffs' proposed schedule and trial date are unrealistic.  Defendants maintain that it is not productive at this time to set a date for trial.

**Position of Tyson Defendants on Scheduling After Fact Discovery**

Tyson agrees with the position of the Defendants in all respects of this Report except with respect to the ordering of summary judgment and class certification.  Because Tyson, like all Defendants, believes that neither Tyson nor any other Defendant conspired to reduce output or raise prices of Broilers, Tyson strongly believes it would be more efficient to proceed to summary judgment motions on the merits prior to any class certification proceedings.  Thus, if the cases proceed to discovery, Tyson requests a schedule that plans for a resolution by summary

judgment early in the proceedings, which if granted would promote judicial efficiency and conserve resources by the avoiding the costs of class certification.

**J.**     <u>**Settlement**</u>  **[Agreed Provision]**

The parties concluded it was premature to explore settlement at this juncture.

**K.**     <u>**Service by E-Mail**</u> **[Agreed Provision]**

The parties agree that all disclosures and discovery requests and responses may be served by e-mail and will exchange a list of applicable e-mail addresses within 7 days of this Rule 26(f) report.  Nothing herein shall affect the applicability of Federal Rule of Civil Procedure 6.

**L.**     <u>**Miscellaneous**</u> **[Agreed Provision]**

1.     Any of the provisions and limitations set forth herein may be modified by agreement of the affected parties or by the Court for good cause shown.

2.     Should any dispute arise regarding the limitations and protocols provided above with respect to discovery, the parties will meet and confer in an attempt to reach a mutually agreeable solution before seeking court intervention.

3.     With respect to discovery served pursuant to Federal Rule of Civil Procedure 30, 33, 34, and 36, Plaintiffs (DPPs, CIIPPs, and EUCPs) and Defendants, respectively, will coordinate efforts to avoid serving duplicative or unduly burdensome discovery.

**Dated: February 13, 2017**

/s/ *Steven A. Hart*
Steven A. Hart (#6211008)
Brian Eldridge (#6281336)
Kyle Pozan (#6306761)
Benjamin Shrader (#6304003)
HART MCLAUGHLIN & ELDRIDGE,
LLC
121 West Wacker Drive, Suite 1050
Chicago, IL 60601
Telephone: (312) 955-0545
Facsimile: (312) 971-9243
shart@hmelegal.com
beldridge@hmelegal.com
kpozan@hmelegal.com
bshrader@hmelegal.com
*Direct Purchaser Plaintiffs Interim Liaison*
*Class Counsel*

W. Joseph Bruckner
Heidi M. Silton
Elizabeth R. Odette
Brian D. Clark
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:  (612) 339-6900
Facsimile:  (612) 339-0981
wjbruckner@locklaw.com
hmsilton@locklaw.com
erodette@locklaw.com
bdclark@locklaw.com

Bruce L. Simon
Aaron M. Sheanin
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile:  (415) 433-9008
bsimon@pswlaw.com
asheanin@pswlaw.com
*Direct Purchaser Plaintiffs Interim Co-Lead*
*Class Counsel*

/s/ Thomas A. Doyle
Kenneth A. Wexler
Edward A. Wallace
Thomas A. Doyle
WEXLER WALLACE LLP
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
kaw@wexlerwallace.com
eaw@wexlerwallace.com
tad@wexlerwallace.com
*Commercial and Institutional Indirect*
*Purchaser Plaintiffs Liaison Counsel*

Daniel E. Gustafson
Daniel C. Hedlund
Michelle J. Looby
Joshua R. Rissman
Brittany N. Resch
GUSTAFSON GLUEK PLLC
220 South Sixth Street, #2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
jrissman@gustafsongluek.com
bresch@gustafsongluek.com

Steven N. Williams
COTCHETT, PITRE & MCCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone: (650) 697-6000
swilliams@cpmlegal.com
*Commercial and Institutional Indirect*
*Purchaser Plaintiffs Interim Co-Lead*
*Counsel*

/s/ *Steve W. Berman*
Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO
LLP
1918 8th Avenue, Suite 3300
Seattle, Washington 98101
(206) 623-7292
steve@hbsslaw.com

Elizabeth A. Fegan
Jeannie Y. Evans
HAGENS BERMAN SOBOL SHAPIRO
LLP
455 N. Cityfront Plaza Drive
Suite 2410
Chicago, IL 60611
(708) 628-4949
beth@hbsslaw.com
jeannie@hbsslaw.com
*End User and Consumer Plaintiffs Interim
Lead Counsel*

WHITE & CASE LLP

By: /s/ *Robert A. Milne*
Robert A. Milne
David H. Suggs
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
rmilne@whitecase.com
dsuggs@whitecase.com

J. Mark Gidley
Peter J. Carney
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
mgidley@whitecase.com
pcarney@whitecase.com

*Attorneys for Defendants Tyson Foods, Inc.,*
*Tyson Chicken, Inc., Tyson Breeders, Inc.,*
*Tyson Poultry, Inc.*

NOVACK AND MACEY LLP

By: /s/ *Stephen Novack*
Stephen Novack
Stephen J. Siegel
Christopher S. Moore
100 North Riverside Plaza
Chicago, IL 60606
Telephone: (312) 419-6900
snovack@novackmacey.com
ssiegel@novackmacey.com
cmoore@novackmacey.com

*Attorneys for Defendants Koch Foods*
*Incorporated, JCG Foods of Alabama LLC,*
*JCG Foods of Georgia LLC and Koch Meat*
*Co., Inc.*

WEIL, GOTSHAL & MANGES LLP

By: /s/ *Kevin J. Arquit*
Kevin J. Arquit
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-0950
Facsimile: (212) 310-8007
kevin.arquit@weil.com

BAILEY BRAUER PLLC

Clayton E. Bailey
8350 N. Central Expressway, Ste. 935
Dallas, TX 75206
Telephone: (214) 360-7433
Facsimile: (214) 360-7424
cbailey@baileybrauer.com

EIMER STAHL LLP

Michael L. McCluggage
224 South Michigan Avenue, Ste. 1100
Chicago, IL 60604
Telephone: (312) 660-7665
mmccluggage@eimerstahl.com

*Attorneys for Defendant Pilgrim's*
*Pride Corporation*

VENABLE LLP

By: /s/ *J. Douglas Baldridge*
J. Douglas Baldridge (#437678)
Lisa Jose Fales (admitted *pro hac vice*)
Danielle Foley (admitted *pro hac vice*)
Robert Davis (admitted *pro hac vice*)
575 7th Street, NW
Washington, DC 20004
jdbaldridge@venable.com
ljfales@venable.com
drfoley@venable.com
rpdavis@venable.com

FALKENBERG FIEWEGER & IVES LLP

Kirstin B. Ives
30 N. LaSalle St., Suite 4020
Chicago, IL 60602
kbi@ffilaw.com

*Attorneys for Defendants Perdue Farms, Inc.
and Perdue Foods LLC*

KIRKLAND & ELLIS LLP

By: /s/ *Daniel E. Laytin*
Daniel E. Laytin, P.C.
Christa C. Cottrell
Martin L. Roth
Stacy Pepper
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
dlaytin@kirkland.com
ccottrell@kirkland.com
martin.roth@kirkland.com
stacy.pepper@kirkland.com

*Attorneys for Defendants Sanderson Farms,
Inc., Sanderson Farms, Inc. (Processing
Division), Sanderson Farms, Inc. (Production
Division) & Sanderson Farms, Inc. (Foods
Division)*

PROSKAUER ROSE LLP

By: /s/ *Christopher E. Ondeck*
Christopher E. Ondeck
Adrian Fontecilla
Stephen R. Chuk
1001 Pennsylvania Ave., NW
Suite 600 South
Washington, DC 20004
Telephone: (202) 416-6800
Facsimile: (202) 416-6899
condeck@proskauer.com
afontecilla@proskauer.com
schuk@proskauer.com

*Attorneys for Wayne Farms LLC*

SIDLEY AUSTIN LLP

By: /s/ *John W. Treece*
John W. Treece, Bar No. 3122889
1 S. Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
jtreece@sidley.com

ROSE LAW FIRM

Amy Lee Stewart (admitted *pro hac vice*)
Jacob Dylan White (admitted *pro hac vice*)
20 East Fourth Street
Little Rock, Arkansas 72201
Telephone: (501) 377-0334
Facsimile: (501) 375-1309
astewart@roselawfirm.com
jwhite@roselawfirm.com

*Attorneys for Defendants Mountaire Farms,
LLC and Mountaire Farms of Delaware, Inc.*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ *Patrick Fitzgerald*
Patrick Fitzgerald (#6307561)
155 N. Wacker Drive
Chicago, IL 10036
Telephone: (312) 407-0700
Facsimile: (312) 407-0411
patrick.fitzgerald@skadden.com

Boris Bershteyn
Sam Auld
Four Times Square
New York, NY 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
boris.bershteyn@skadden.com
sam.auld@skadden.com

*Attorneys for Defendant Peco Foods, Inc.*


VEDDER PRICE P.C.

By: /s/ *Gregory G. Wrobel*
Gregory G. Wrobel (#3122900)
222 N. LaSalle Street
Chicago, IL 60601
Telephone: (312) 609-7722
Facsimile: (312) 609-5005
gwrobel@vedderprice.com

JORDAN PRICE WALL GRAY JONES & CARLTON, PLLC

Henry W. Jones, Jr.
1951 Clark Avenue
Raleigh, NC 27605
Telephone: (919) 828-2501
Facsimile: (919) 834-8447
hjones@jordanprice.com

*Attorneys for Defendant House of Raeford Farms, Inc.*

SHOOK HARDY & BACON LLP

By: /s/ *Lynn H. Murray*
Lynn H. Murray
Andrew M. Meerkins
111 S. Wacker Dr.
Ste. 5100
Chicago IL 60606
Telephone: (312) 704-7700
lhmurray@shb.com
ameerkins@shb.com

*Attorneys for Defendant Simmons Foods, Inc.*

RILEY SAFER HOLMES & CANCILA LLP

By: /s/ *Sondra A. Hemeryck*
Sondra A. Hemeryck
70 West Madison Street, Suite 2900
Chicago, IL 60602
Telephone: (312) 471-8700
shemeryck@rshc-law.com

STINSON LEONARD STREET LLP

William L. Greene
Ruth S. Shnider
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1500
william.greene@stinson.com
ruth.shnider@stinson.com

THE LAW GROUP OF NORTHWEST
ARKANSAS LLP

Gary V. Weeks
K.C. Dupps Tucker
Kristy E. Boehler
1830 Shelby Lane
Fayetteville, AR 72704
Telephone: (479) 316-3760
gary.weeks@lawgroupnwa.com
kc.tucker@lawgroupnwa.com
kristy.boehler@lawgroupnwa.com

*Attorneys for Defendants George's, Inc.*
*and George's Farms, Inc.*

MANDELL MENKES LLC

By: /s/ *Brendan J. Healey*
Brendan J. Healey
One North Franklin, Suite 3600
Chicago, IL 60606
Telephone: (312) 251-1006
Facsimile: (312) 759-2189
bhealey@mandellmenkes.com

ALSTON & BIRD LLP

B. Parker Miller
Valarie C. Williams
Max Marks
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
parker.miller@alston.com
valarie.williams@alston.com
nowell.berreth@alston.com
max.marks@alston.com

SMITH, GILLIAM, WILLIAMS & MILES
PA

R. Brent Hatcher, Jr.
301 Green Street NW, Suite 200
Gainesville, GA 30501
Telephone: (770) 536-3381
Facsimile: (770) 535-9902
bhatcher@sgwmfirm.com
cfranklin@sgwmfirm.com

*Attorneys for Fieldale Farms Corporation*

KUTAK ROCK LLP

By: /s/ *John P. Passarelli*
John P. Passarelli
James M. Sulentic
1650 Farnam Street
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
john.passarelli@kutakrock.com
james.sulentic@kutakrock.com

J.R. Carroll
Scott Jackson
234 East Millsap Road
Suite 200
Fayetteville, AR 72703-4099
Telephone: (479) 973-4200
Facsimile: (479) 973-0007
jr.caroll@kutakrock.com
scott.jackson@kuakrock.com

Kimberly M. Hare (#6323326)
One South Wacker Drive
Suite 2050
Chicago, IL 60606-4614
Telephone: (312) 602-4100
Facsimile: (312) 602-4101
kimberly.hare@kutakrock.com

*Attorneys for Defendants O.K. Foods, Inc.,*
*O.K. Farms, Inc., and O.K. Industries, Inc.*

MAYER BROWN LLP

By: /s/ *Carmine R. Zarlenga*
Carmine R. Zarlenga, #90784529
William H. Stallings
Oral D. Pottinger
1999 K Street N.W.
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
czarlenga@mayerbrown.com
wstallings@mayerbrown.com
opottinger@mayerbrown.com

*Attorneys for Defendant Foster Farms, LLC*