# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>This Document Relates To: All Actions | Case No. 1:16-cv-08637<br><br>**INTERIM SCHEDULING ORDER ON AGREED DATES NO. 1** |

As discussed during the April 21, 2017, status conference, the Court hereby enters this Interim Scheduling Order on Agreed Dates. Additionally, the Court orders that the requirement of Fed. R. Civ. P. 45(a)(4) for notice to other parties before service of a subpoena shall be 4 business days after the day notice and a copy of the subpoena are provided, which shall be computed pursuant to Fed. R. Civ. P. 6(a)(1).

| Event | Deadline |
|---|---|
| **Producing Parties Provide Lists of Document Custodians and Non-Custodial Document Sources** | **4/28/17**<br><br>1. If and when production commences, producing parties will make rolling productions at a pace agreed upon by the parties or ordered by the Court.<br>2. Producing parties will make a good faith effort to include in the initial rolling productions agreed-upon categories of custodial files (*e.g.*, emails) for an agreed-upon set of prioritized custodians.<br>3. By April 28, 2017, the parties will supplement the list of the non-custodial sources in the January 31, 2017 disclosures to the extent reasonably practicable given the status of a producing party's ongoing investigations into the claims and defenses in this matter.<br>4. By April 28, 2017, the parties will disclose lists of document custodians. |

| Event | Deadline |
|---|---|
| **Requesting Parties Propose Additional Custodians and Non-Custodial Document Sources & Defendants Produce Copies of Preservation Letters to Telephone Carriers**[1] | **5/5/17** |
| **Parties Serve Rule 26(a)(1) Disclosures** | **5/5/2017**<br>In addition to Rule 26(a)(1) disclosures, parties will supplement Rule 26(a)(1) disclosures with information about whether a disclosed custodian has a cellphone that the producing party believes is not in its possession, custody, or control as soon as reasonably practicable in light of the producing party's ongoing investigation into the claims and defenses in this matter. |
| **Parties Object to Initial Rule 34 Requests** | **5/19/17** |
| **Date by Which Parties Initially Confer re Custodians and Non-Custodial Document Sources** | **5/19/17** |
| **Date by Which Parties Submit Joint Letter Brief to the Court Re: Areas of Dispute on Custodians/ Non-Custodial Doc Sources and Objections to Rule 34 Disclosures** | **6/14/17** |
| **Court Status Conference with Magistrate Judge Gilbert** | **6/16/17** (9:30 a.m.) |
| **Substantial Completion of Document Productions**[2] | **240 days after the Court rules on the motions to dismiss** |

---

[1] By complying with the Court's order to provide copies of preservation letters sent to third-party phone carriers, Defendants in no way concede, stipulate, or admit that an individual for whom a Defendant requested a phone carrier preserve records has information relevant to this case. Plaintiffs may not use these preservation letters as a basis to request an individual identified therein as a custodian, deponent, or witness in this matter. Defendants additionally retain the right to receive copies of preservation letters sent to third-party phone carriers by Plaintiffs if such letters are sent.

[2] The parties and the Court will discuss interim document production deadlines at a future date.

| Event | Deadline |
|---|---|
| **Deadline for Amending Complaints and for Service of Additional Rule 34 Requests for Production** | **120 days after the Deadline for the Substantial Completion of Document Productions\***<br><br>\*The deadline to serve any narrowly tailored Rule 34 Requests based upon information learned at depositions or through newly produced documents shall be 60 days prior to the Completion of Fact Discovery Deadline or within 14 days of a triggering event (whichever is later). |
| **Completion of Fact Discovery** | **330 days after the Substantial Completion of Document Productions** |
| **Filing of Plaintiffs' Motions for Class Certification & Expert Reports[3]** | 30 days after the Completion of Fact Discovery. |
| **Defendants' First Deposition of Plaintiffs' Class Certification Expert(s)** | Expert(s) to be made available for deposition at least within 28-42 days after service of experts' reports. |
| **Filing of Defendants' Responses on Class Certification and Expert Reports**<br><br>**Filing of Defendants' *Daubert* Motions on Class Certification Experts** | 75 days after Filing of Plaintiffs' Motions for Class Certification and Expert Reports. |
| **Plaintiffs' Deposition of Defendants' Class Certification Expert(s)** | Expert(s) to be made available for deposition at least within 28-42 days after service of experts' reports. |

---

[3] Defendants make the following statement, to which Plaintiffs do not agree: This assumes the Court ultimately orders class certification to come before summary judgment. Tyson prefers that summary judgment precedes class certification. To the extent that one or more Defendants identifies elements of claims that meet the standard for summary judgment under Rule 56 at an earlier phase of proceedings, Defendants reserve the right to bring that issue to the Court's attention through a motion prior to expert discovery and briefing on class certification.

| Event | Deadline |
|---|---|
| **Filing of Plaintiffs' Reply Briefs on Class Certification and Expert Reports**<br><br>**Filing of Plaintiffs' Opposition to Defendants' *Daubert* Motions**<br><br>**Filing of Plaintiffs' *Daubert* Motions on Defendants' Class Certification Expert(s)** | 75 days after Filing of Defendants' Responses on Class Certification and Expert Reports. |
| **Defendants' Second Deposition of Plaintiffs' Class Certification Expert(s)** | Expert(s) to be made available for deposition at least within 14-28 days after service of experts' reply reports. |
| **Filing of Defendants' Opposition to Plaintiffs' *Daubert* Motions on Defendants' Class Certification Expert(s)**<br><br>**Filing of Defendants' Reply in Support of *Daubert* Motions Against Plaintiffs' Class Certification Expert(s)** | 60 days after Filing of Plaintiffs' Reply Briefs on Class Certification and Expert Reports. |
| **Filing of Plaintiffs' Reply in Support of *Daubert* Motions on Defendants' Class Certification Expert(s)** | 30 days after Filing of Defendants' Opposition to Plaintiffs' *Daubert* Motions on Defendants' Class Certification Expert(s). |

| Event | Deadline |
|---|---|
| **Summary Judgment & Merits Experts** | - **Parties' Affirmative Merits Expert Reports Due:** 60 days after the Court rules on motions for class certification.[4]<br>- **Parties' Merits Expert Response Reports Due:** 60 days after Parties' affirmative merits expert reports due.<br>- **Parties' Merits Expert Reply Reports Due:** 60 days after Parties' merits expert response reports due.<br>- **Summary Judgment Opening Briefs & Merits *Daubert* Motions Filed:** No later than 60 days after Parties' merits expert reply reports filed.<br>- **Summary Judgment Responses & Merits Expert *Daubert* Responses Filed:** 60 days after summary judgment opening briefs are filed.<br>- **Summary Judgment Replies & Merits Expert *Daubert* Replies Filed:** 45 days after summary judgment response briefs are filed. |

**SO ORDERED.**

Dated: 4/27/17

HON. JEFFREY T. GILBERT
U.S. Magistrate Judge

---

[4] The parties will meet and confer in good faith about the appropriate sequence, quantity, and schedule of depositions in connection with merits expert reports.