### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION<br><br>This Document Relates To: ALL CASES | No. 1:16-cv-08637 |

### REDACTED DECLARATION OF BRIAN D. CLARK IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL THE DEPOSITION OF DEFENDANT FOSTER FARMS, LLC

873748.1

Under 28 U.S.C. § 1746, I, Brian D. Clark, hereby declare:

1.      I am an attorney with the firm of Lockridge Grindal Nauen P.L.L.P., Interim Co-Lead Counsel for Direct Purchaser Plaintiffs in the above entitled action. I am personally familiar with the facts set forth in this declaration. If called as a witness I could and would competently testify to the matters stated herein.

2.      Attached hereto as Exhibit A, is a true and correct copy of the Plaintiffs' Notice of Deposition of Defendant Foster Farms, LLC, which is the subject of Plaintiffs' Motion to Compel the Deposition of Defendant Foster Farms, LLC.

3.      Since the inception of this lawsuit on September 2, 2016, I have been involved in multiple hearings and meet and confer conferences with Foster Farms, LLC and its counsel. Prior to May 17, 2017 counsel for Foster Farms, LLC did not disclose that its subsidiaries and affiliated entities had responsibilities for slaughtering, processing, and selling Broilers. Significantly, the existence of such subsidiaries or affiliates was not mentioned or disclosed in its court ordered organizational charts, or its Rule 26 Initial Disclosures.

4.      A true and correct copy of exemplar pages from Foster Farms, LLC's organizational chart for 2016, served on December 2, 2016 is attached hereto as Exhibit B. On January 31, 2017, Foster Farms, LLC's produced an additional organizational chart, which also did not identify its subsidiaries and affiliates. These organizational charts were produced and marked as "Confidential – Subject to Protective Order," and are thus being filed under seal.

5.      A true and correct copy of Foster Farms, LLC's Rule 26 Initial Disclosures served on May 5, 2017 is attached hereto as Exhibit C.

6.      On May 17, 2017 I participated in a meet and confer telephone conference with Foster Farms, LLC attorney Oral Pottinger regarding custodians and document repositories. During that telephone conference, Plaintiffs inquired as to why Foster Farms, LLC had designated only four

873748.1

document custodians—Ron Foster, Dan Huber, Terry Thompson, and Randall C. Boyce—from the dozens of individuals identified in its organization charts. In response, defense counsel Oral Pottinger stated that Foster Farms, LLC is only responsible for breeder/ranch functions and does not have other responsibilities such as the slaughter, processing, and sale of Broilers.

7. Mr. Pottinger acknowledged that at least two of Foster Farms, LLC's affiliates have such responsibilities and that his firm, Mayer Brown, also represents those entities in other matters. However, Mr. Pottinger refused to identify these entities and asserted that Foster Farms, LLC does not have possession, custody, or control over the documents and ESI of these affiliates. Mr. Pottinger further refused to disclose in any detail the preservation efforts undertaken by these subsidiaries and affiliates.

8. Mr. Pottinger, asserted that the four people whom Foster Farms, LLC identified as potential custodians are affiliated with Foster Farms, LLC, but employed by other related unidentified entities. Moreover, these individuals used a single email address for all Foster Farms related business activities. Nevertheless, Foster Farms, LLC refused to disclose in any detail the preservation efforts undertaken with respect to the subsidiaries and affiliated entities.

9. On May 17, 2017, Plaintiffs sent a letter to Mr. Pottinger, requesting that Foster Farms, LLC identify its subsidiaries and affiliates involved in slaughter, processing, or agree to sit for a 30(b)(6) deposition regarding its organizational structure. (*See* Exhibit D.)

10. On May 19, 2017 Foster Farms, LLC counsel Carmine Zarlenga, responded in writing that Foster Farms was unwilling to produce the information requested by Plaintiffs. (*See* Exhibit E.)

873748.1

11. On May 23, 2017 Plaintiffs responding by once again informing Foster Farms, LLC of their intent to seek relevant information regarding its subsidiaries and to file this motion. (*See* Exhibit F.) As of today, Foster Farms, LLC has not responded to this letter.

12. Unlike Foster Farms, LLC, other defendants in this case, have met and conferred in good faith regarding their subsidiaries and the location of their documents. The most relevant example of such cooperation relates to defendant Simmons Foods, Inc., who recently disclosed that one its subsidiaries, Simmons Prepared Foods, Inc., was involved in the sale of Broilers. Simmons Foods, Inc. worked cooperative with Plaintiffs to reach agreement on a stipulation to amend the complaint and add Simmons Prepared Foods, Inc. as a defendant in this action (Dkt. No. 403).

13. If Foster Farms, LLC had acted similarly or even agreed to produce discovery regarding its subsidiaries and affiliates, Plaintiffs would not have had to file a motion to compel. However, Foster Farms, LLC's refusal to cooperate in the discovery and meet and confer process has necessitated motion practice. As a result, Plaintiffs have had to incur additional attorneys' fees and costs in connection with the filing of their motion to compel the deposition of Foster Farms, LLC.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 31, 2017, in Minneapolis, Minnesota.

*/s/ Brian D. Clark*
Brian D. Clark

873748.1