**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

This Document Relates To:

All Actions

Case No. 1:16-cv-08637

**THE COMMERCIAL AND INSTITUTIONAL
INDIRECT PURCHASER PLAINTIFFS'
RESPONSE TO FOOTNOTE 16
OF THE JOINT STATUS REPORT *(ECF 415)***

Pursuant to the Court's Order dated June 20, 2017, the Commercial and Institutional Indirect Purchaser Plaintiffs (CIIPs) submit this short response to Footnote 16 in the Defendants' portion of a recent Joint Status Report *(ECF 415)*. In that footnote, the Defendants argued the following *(ECF 415 at 43, n.16)*:

> "CIIPs also object to, and refuse to provide, downstream discovery, but they now represent that none of the CIIPs sell Broilers. *See Exh. G, 6/13/17 Ram Letter to Suggs.* This representation is curious, since a major basis for the appointment of counsel for End User Consumer Plaintiffs in this case was the apparent conflict of interest between resellers and end-users. *See e.g., Dkt. No. 218 at 4* ("Three cases were filed on behalf of indirect purchaser resellers, such as small grocery stores and restaurants, which purchase the broilers from distributors and resell them 'Resellers')."): *See also id. at 8* ("Consumers will want to maximize their damages by proving that nearly 100% of the overcharges were passed through to them. Resellers will want to show that they absorbed most of the overcharges and passed through very little.")"

The Defendants also attached a June 13th Letter that Counsel for the CIIPs sent in connection with a discovery inquiry *(ECF 415 at Exh G, which is also Exh. 1 to this memorandum)*. While the Defendants have not asked the Court for a ruling that relates to downstream discovery from the CIIPs, the CIIPs offer the following discussion of the Defendants' Footnote 16.

To be clear, and as we explain below, the CIIP Named Plaintiffs do not resell Broilers.

1. **The CIIP Named Plaintiffs Do Not Sell Broilers.** As the attached June 13th Letter advised the Defendants, the CIIP Named Plaintiffs are restaurants, foodservice operations, and institutions that buy Broilers from wholesalers (such as U.S. Foods or Sysco), and then transform the Broilers into prepared food (such as a barbecue chicken dinner or a chicken enchilada plate), and then serve that prepared food (such as to patrons at their restaurants or residents of their treatment center). The CIIP Named Plaintiffs do not resell Broilers, as that term is used in this case, because "Broilers" excludes all value-added products that were manufactured, supplied or processed by anyone other than the Defendants. *(See ECF 253 at ¶¶ 84, 362; ECF 255 at ¶¶ 107, 385.)* As soon as one of the CIIPs cooks a Broiler, it ceases to be a Broiler. None of the CIIP Named Plaintiffs buys Broilers and then sells them in an unchanged form. *(See Exh. 1, attached hereto).*

2. **The End Users Are Not Suing On Food Prepared by the CIIPs.** None of the End User Consumer Plaintiffs are suing to recover damages on any food that was prepared by the CIIP Named Plaintiffs. Instead, the End User Consumer Plaintiffs are suing to recover damages they incurred when buying Broilers, and the End User Consumer Plaintiffs are excluding any purchases of products that were changed by anyone in the distribution chain after the Defendants' sold them. *(See ECF 255, ¶¶ 107, 385.)* The End User Consumer Plaintiffs will not be proving any pass-through that involves the CIIP Named Plaintiffs, because the CIIP Named Plaintiffs only sold prepared food. Because the CIIP Named Plaintiffs do not sell Broilers, there are no Broiler purchases or Broiler sales that are "downstream" from the CIIP Named Plaintiffs.

3. **No One Else Is Suing on Food Prepared by the CIIPs.** No plaintiff has filed a lawsuit seeking damages on prepared food purchased from the CIIP Named Plaintiffs or from any CIIP class member.

4. **The CIIP Class Definition.** In this litigation, the CIIP Named Plaintiffs intend to represent a class of purchasers who are similarly situated to themselves. To the extent necessary, the CIIPs will narrow their class definition to reflect the proof. Based on what we have learned in the case so far, the CIIP Named Plaintiffs intend to represent only a class of purchasers that suffered damages when they bought Broilers and then did not sell those Broilers in unchanged form. We will offer that narrowed class definition either at class certification or an earlier sensible time. And because this narrower class definition will not prejudice the Defendants, we do not anticipate any objection.

5. **Footnote 16 Does Not Fairly Describe the CIIP Named Plaintiffs.** Thus, Footnote 16 in the Joint Status Report does not provide a complete or accurate picture of where the CIIP Named Plaintiffs fit in the market for chicken (or distribution chain for Broilers) in the United States. Indeed, Footnote 16 suggests some inconsistency by comparing the CIIPs' June 13th Letter *(Exh. 1, hereto)* to a brief that the End User Consumer Plaintiffs filed last November *(ECF 218)*. The Defendants' suggestion is a distraction: the CIIPs should not be bound by any other person's description of their business operations.

# # # #

For the reasons explained above, the CIIP Named Plaintiffs are not "resellers" of Broilers -- and are not any other type of intermediary -- between the Direct Purchaser Plaintiffs and the End User Consumer Plaintiffs on any transaction that is at issue in this litigation.

Dated: June 23, 2017 /s/ Thomas A. Doyle

                                        Daniel E. Gustafson
                                        Daniel C. Hedlund
Michelle J. Looby
Joshua R. Rissman
Brittany N. Resch
**GUSTAFSON GLUEK PLLC**
220 South Sixth Street #2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
jrissman@gustafsongluek.com
bresch@gustafsongluek.com

Joseph W. Cotchett
Steven N. Williams
Joyce M. Chang
Mark F. Ram
**COTCHETT, PITRE & MCCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
jcotchett@cpmlegal.com
swilliams@cpmlegal.com
jchang@cpmlegal.com
mram@cpmlegal.com

*Interim Co-Class Counsel on Behalf of the Commercial and Institutional Indirect Purchasers*

Kenneth A. Wexler
Edward A. Wallace
Thomas A. Doyle
**WEXLER WALLACE LLP**
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
kaw@wexlerwallace.com
eaw@wexlerwallace.com
tad@wexlerwallace.com

*Interim Liaison Counsel on Behalf of the Commercial and Institutional Indirect Purchasers*

- 4 -

Case: 1:16-cv-08637 Document #: 415-7 Filed: 06/14/17 Page 1 of 2 PageID #:7444

LAW OFFICES
## COTCHETT, PITRE & McCARTHY, LLP

LOS ANGELES

840 MALCOLM ROAD
BURLINGAME, CALIFORNIA 94010
TELEPHONE (650) 697-6000
FAX (650) 697-0577

NEW YORK

June 13, 2017

**Via Email**

David H. Suggs
White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095

Re: *In re Broiler Chicken Antitrust Litigation*, No. 1:16-cv-08637 (N.D. Ill.)

Dear David:

I write on behalf of the Commercial and Institutional Indirect Purchaser Plaintiffs ("C&I IPPs") in response to your letter dated June 9, 2017 regarding C&I IPPs' document custodians. Below, I respond to your questions and clarify one point from that letter.

### Fargo Stopping Center, LLC

One point of clarification to your June 9 letter as respects Fargo Stopping Center. After further consultation with Fargo Stopping Center, we learned that Fargo Stopping Center *does not* sell Broilers (as the term is defined in C&I IPPs' operative Third Amended Consolidated Class Action Complaint, ¶ 84, Dkt. 253). The only chicken products sold by Fargo Stopping Center are not Broilers.

In response to your question about Dianne Schatz: C&I IPPs will not add Dianne Schatz as a custodian. She is not likely to have any information relating to Broilers because all of Fargo Stopping Center's relevant documents are in centralized files.

### OneHarvest Corporation

We have further investigated and determined that Jacob Prather is not likely to have information relating to Broilers and C&I IPPs therefore will not add him as a custodian.

### Custodians with Information about C&I IPPs Downstream Use of Broilers

Simply put, none of the C&I IPP plaintiffs sell Broilers. Some C&I IPP Plaintiffs sell prepared chicken made from Broilers (*e.g.*, a chicken dinner), while others use Broilers in their business and have no chicken-related sales. Defendants' requests for production did not seek documents targeted at this category of sales and C&I IPPs will not add custodians with information about these sales of prepared chicken.

C&I IPPs' use of Broilers in selling prepared chicken is irrelevant to this action. Even if there were a case where an indirect purchasers' downstream sales information were relevant – which C&I IPPs do not concede – this is not that case. The "End User Consumer Plaintiffs"

COTCHETT, PITRE & MCCARTHY, LLP

David H. Suggs
June 13, 2017
Page 2

(EUCPs) claims are grounded in their purchase of Broilers and not any other non-Broiler chicken product. Because EUCPs *did not* and *could not have* purchased Broilers from any of the C&I IPPs, no member of the EUCP class was actually (or potentially) a downstream purchaser from any of the C&I IPPs. For this reason, Defendants' position, outlined on pages 3 to 4 of your June 9 letter, begins with a false premise, and reliance on the cases there cited is misplaced.

C&I IPPs want to ensure that Defendants are not prejudiced come time for class certification. Accordingly, we remain open to further meet and confer efforts to determine which categories of information Defendants need to meaningfully challenge individual plaintiffs' showing as to typicality and adequacy. We examined the one case Defendants cite on this point, *In re Urethane Antitrust Litig.*, 237 F.R.D. 454 (D. Kan. 2006), and did not find its discussion of the relevance of *direct purchasers'* documents illuminating to C&I IPPs' circumstances.

Sincerely,

Mark F. Ram

Cc: C&I IPP Interim Lead and Liaison Counsel

## **CERTIFICATE OF SERVICE**

I certify that, on June 23, 2017, I caused a copy of the foregoing document to be served via the Court's ECF system on all Counsel who have appeared in the case.

/s/ Thomas A Doyle
_____

Thomas A. Doyle