IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION<br><br>This Document Relates To:<br>DIRECT PURCHASER ACTION | Case No. 1:16-cv-08637 |

**DECLARATION OF W. JOSEPH BRUCKNER IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT BETWEEN DIRECT PURCHASER PLAINTIFF CLASS AND DEFENDANT FIELDALE FARMS CORPORATION AND FOR CONDITIONAL CERTIFICATION OF THE PROPOSED SETTLEMENT CLASS**

I, W. Joseph Bruckner, declare and state as follows:

1. I am a Partner of the law firm of Lockridge Grindal Nauen P.L.L.P. This Court has appointed me and my firm, together with Bruce L. Simon and his firm, as Interim Co-Lead Counsel for Direct Purchaser Plaintiffs and the Direct Purchaser Plaintiff Class in this litigation. I submit this Declaration in support of Plaintiffs' Motion For Preliminary Approval Of Settlement Between Direct Purchaser Plaintiff Class And Fieldale Farms Corporation And For Conditional Certification Of The Proposed Settlement Class filed simultaneously herewith.

2. I respectfully submit this declaration in support of Plaintiffs' Motion to (a) preliminarily approve a settlement reached with Defendant Fieldale Farms Corporation and its subsidiaries, affiliates and predecessors (collectively "Fieldale Farms" or "Settling Defendant"); and (b) to conditionally certify the Settlement Class.

3. On behalf of Direct Purchaser Plaintiffs, other Co-Lead Counsel and I personally conducted settlement negotiations with counsel for Fieldale Farms over the course of three months and on many occasions. The parties finally signed a memorandum of understanding in

518915.1

July 2017. The Direct Purchaser Plaintiffs and Fieldale Farms recently signed the current proposed settlement agreement.

4. Well before our clients filed this case in September 2016, we commenced and pursued an extensive investigation of the Broiler market and conduct underlying the allegations in DPPs initial complaint (ECF No. 1). We have litigated this case extensively since then. By the time we signed the Memorandum of Understanding with Fieldale Farms to settle our claims against them, we were fully aware of the strengths and weaknesses of each side's positions. In addition to our extensive pre-filing investigation, we had briefed the motions to dismiss our complaints, and the parties are currently engaged in discovery negotiations. The parties have exchanged initial disclosures and responses to written discovery and have produced documents. As a result, we have had the benefit of substantial information obtained from the defendants through their document productions and through formal discovery.

5. During the litigation, Co-Lead Counsel researched, analyzed, and evaluated many contested legal and factual issues. Based on that analysis, and the information obtained from discovery and cooperation, Co-Lead Counsel were well informed of the facts and the benefits, risks, and consequences of the proposed settlement with Fieldale Farms. Counsel thoroughly evaluated the relative strengths and weaknesses of our respective litigation positions in relation to this settlement.

6. The resulting settlement negotiations with Fieldale Farms were at arm's length and were hard fought at all times. The Settlement was the product of intensive settlement negotiations conducted over a period of three months and included several rounds of give-and-take between DPPs' Co-Lead Counsel and Fieldale Farms' counsel. The parties debated many issues, and negotiated many terms of the settlement, including the amount of payment, the timing

of payment, potential conditions on payment, the effect of opt-outs on any settlement, and potential cooperation against other defendants. Throughout this process, Fieldale Farms has been represented by experienced, sophisticated counsel.

7. There was no collusion or preference among counsel for the parties at any time during these negotiations. To the contrary, the negotiations were contentious, hard fought, and fully informed. Plaintiffs sought to obtain the greatest monetary benefit possible from Fieldale Farms. Furthermore, there was no discussion or agreement at any time regarding the amount of attorneys' fees Direct Purchaser Plaintiffs' counsel would ask the Court to award in this case.

8. In the proposed settlement, Fieldale Farms commits to pay $2.25 million to the settlement fund within 30 days of the Effective Date of the Settlement Agreement. Fieldale Farms also agrees to cooperate with Plaintiffs in prosecuting any remaining claims against other defendants. Fieldale Farms' cooperation will include providing an attorney proffer, witness interviews, document productions, declarations and affidavits, authentication of documents, and production of trial witnesses. Fieldale Farms will also provide transactional data, and will explain the data further and supplement it with other data if appropriate.

9. The proposed settlement provides for notice to Settlement Class Members of, among other things, the fact and material terms of the proposed settlement, instructions on how to opt out of the proposed class or object to the settlement, and other information.

10. In my experience, the cost of providing class notice in complex antitrust class actions like this exceeds $100,000, and often costs significantly more.

11. I have practiced law since 1983, I have specialized in antitrust class action law since 1988, and I have prosecuted numerous antitrust class actions as lead counsel or other

leadership positions. I have negotiated many settlements during those years. In my opinion, and in that of my Co-Lead Counsel, the proposed settlement agreement with Fieldale Farms is fair, reasonable, and adequate. The settlement provides substantial benefits to the Class, and avoids the delay and uncertainty of continuing protracted litigation with Fieldale Farms.

12. To the best of Co-Lead Counsel's knowledge, no individual actions have been filed by direct purchasers against Fieldale Farms Corporation regarding an agreement during the class period to fix prices for Broiler Chickens, and throughout this litigation no class member otherwise has expressed an interest in individually controlling separate actions against Fieldale Farms Corporation.

13. A true and correct copy of the Settlement Agreement Between Plaintiffs And Fieldale Farms fully executed on July 27, 2017, is attached hereto as Exhibit A to this Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 4th day of August, 2017 at Minneapolis, Minnesota.

s/W. Joseph Bruckner<br>W. Joseph Bruckner