IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 1:16-cv-08637 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Honorable Thomas M. Durkin |

**DEFENDANTS' RESPONSE TO ALL PLAINTIFFS' BRIEF ADDRESSING
DEFENDANTS' SUPPLEMENTAL AUTHORITY**

The plaintiffs in *In re Tyson Securities Litigation*, No. 5:16-cv-5340 (W.D. Ark. July 26, 2017), filed a 133-page complaint asserting the *exact same conspiracy* as alleged by Plaintiffs in these cases. It is thus striking that Plaintiffs here argue that the Court should give "no weight" to the recent *Tyson Securities* opinion dismissing that complaint and holding that the plaintiffs "fail[ed] to plausibly allege that Tyson entered into an agreement with its industry competitors to suppress the domestic supply of chicken." Mem. Op., *Tyson Securities*, No. 5:16-cv-5340, at 42 (Dkt. No. 52). Just as surprising is the manner in which Plaintiffs support their argument, in particular their repeated mischaracterizations of the *Tyson Securities* court's analysis.

To be clear, Defendants are not asserting that the *Tyson Securities* decision is dispositive of the claims *sub judice*. But there can be no legitimate dispute that it is appropriate for this Court to consider the analysis and conclusions of another federal district court that was presented with the same allegations made by Plaintiffs here. While Defendants were content for this Court to simply review the *Tyson Securities* opinion without further argument from the Parties, given the way Plaintiffs have characterized the decision, Defendants are compelled to respond.

In asking the Court to disregard the *Tyson Securities* decision, Plaintiffs' lead argument is

1

the unremarkable assertion that the court analyzed the claims under the Private Securities Litigation Reform Act of 1995. Pls.' Br., Dkt. No. 445-1 at 1. Defendants do not dispute the legal context of the *Tyson Securities* decision, a securities fraud case. But it is absurd for Plaintiffs to suggest that common-sense conclusions, such as the court's statement that the Great Recession "supplies 'a reasonable, alternative explanation' for the industry's contemporaneous production cuts," Mem. Op. at 40 (quoting *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 908 (6th Cir. 2009)), are irrelevant because they were made in a securities case rather than an antitrust case. In fact, the *Tyson Securities* court is the second court to conclude that output cuts by Broiler producers during the Great Recession were economically and independently rational. *See In re Pilgrim's Pride Corp.*, 728 F.3d 457, 462-63 (5th Cir. 2013). These conclusions strongly support Defendants' position that Plaintiffs' conspiracy allegations fail to state a plausible claim under *Twombly*.[1] Plaintiffs ask this Court to ignore decisions by two federal courts that address issues specifically raised by Plaintiffs' complaints.

Plaintiffs try to distinguish the *Tyson Securities* decision by mischaracterizing it in numerous ways. One of their more egregious claims is that the court did not discuss "purchases from competitors," which Plaintiffs have argued are suggestive of an antitrust conspiracy. Pls.' Br. at 3. But the court analyzed Tyson's "buy-versus-grow" program at great length. The court determined that the program cuts against the argument that Tyson had a motive to conspire to increase prices, because, as a purchaser of Broilers, Tyson "benefit[s] from *lower* chicken prices." Mem. Op. at 36-37 (emphasis in original). The court also held that the program

---

[1] Plaintiffs try to avoid the significance of this result by arguing that Seventh Circuit law "differs substantially" from Eight Circuit precedent. Pls.' Br. at 1, 4-5. But they cite no case comparing the laws of those jurisdictions, let alone a decision holding the laws are different. Moreover, the Supreme Court is the relevant authority here, and the Court in *Twombly* made clear that courts should consider an "obvious alternative explanation" when deciding whether to dismiss an antitrust conspiracy claim. *Bell Atl. v. Twombly*, 550 U.S. 544, 567-68 (2007).

"significantly undermines" the claim that it was against Tyson's interests to cut production unilaterally. Again, Tyson purchased chicken from other producers, and if other suppliers increased supply, Tyson's purchasing costs would drop.[2] Mem. Op. at 38. Plaintiffs' claim that the court did not consider these issues is patently false.

Similarly, Plaintiffs contend that the court gave "little or no consideration" to various purported plus factors. Pls.' Br. at 2. Yet the decision makes plain that the court considered at least the following: alleged actions against interest, motive, opportunity to conspire, sharing of price information (*i.e.*, Agri Stats), and signaling.[3] *See* Mem. Op. at 31-32, 36-42. Nor is it true that the court ignored the alleged "commodity nature of Broiler products." Pls.' Br. at 3. The opinion discusses alleged reductions in "commodity production" as well as other commodity-related allegations, including that Tyson's buy-versus-grow program "allowed Tyson to better hedge against the cyclical price changes in the broiler chicken industry" and to "'produce strong stable returns even in times of falling commodity chicken pricing.'" Mem. Op. at 4-5, 30 (quoting complaint). And while Plaintiffs are correct that the court did not address industry "concentration," that factor helps *Defendants*, because the sprawling nature of the industry makes a conspiracy implausible. *See* Reply Mem., Dkt. No. 370 at 11-12.

Plaintiffs also suggest that the decision is somehow incomplete because the *Tyson Securities* court did not decide the plausibility of the Georgia Dock allegations (which involve

---

[2] Likewise wrong is Plaintiffs' assertion that the court did not discuss "the shift from short-term, spot-market contracts." *See* Mem. Op. at 6 (observing "Tyson 'mov[ed] away from fixed price contracts in its chicken business and towards contracts that relied on spot prices'" (quoting complaint)).

[3] Plaintiffs also contend the court "gave little consideration to a third plus factor, a high level of interfirm communication." Pls.' Br. at 3. But Plaintiffs themselves have not alleged such a plus factor. They appear to be arguing for the first time that public statements to investors constitute interfirm communications, but that would mean a plaintiff could establish such a plus factor simply by suing a publicly traded company – an absurd result unsupported by any legal authority presented by Plaintiffs in their opposition to Defendants' motions to dismiss.

only half the Defendants). But that has no bearing on the court's conclusion that the alleged output-based conspiracy is implausible. Moreover, the court acknowledged the substantial tension in Plaintiffs' attempt to concoct a conspiracy from disparate allegations about production cuts and the Georgia Dock price. *See* Mem. Op. at 30 ("the Complaint actually alleges *two* antitrust conspiracies, or at least one conspiracy with two distinct components") (emphasis in original). In any event, Defendants have explained in detail why Plaintiffs fail to allege a plausible conspiracy regarding Georgia Dock. *See, e.g.*, Reply Mem. at 13-15. That the *Tyson Securities* court did not directly rule on the sufficiency of the Georgia Dock allegations does nothing to undermine Defendants' position, nor is it relevant to the Court's consideration of other allegations common to both cases.

In sum, Defendants respectfully submit that the *Tyson Securities* decision further supports Defendants' position that Plaintiffs' conspiracy claims are implausible and the complaints should be dismissed.

Dated:  August 10, 2017

WHITE & CASE LLP

By:  /s/ *Peter J. Carney*
J. Mark Gidley
Peter J. Carney
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
mgidley@whitecase.com
pcarney@whitecase.com

Robert A. Milne
David H. Suggs
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
rmilne@whitecase.com
dsuggs@whitecase.com

*Attorneys for Defendants Tyson Foods, Inc., Tyson Chicken, Inc., Tyson Breeders, Inc., Tyson Poultry, Inc.*


KIRKLAND & ELLIS LLP

By:  /s/ *Daniel E. Laytin*
Daniel E. Laytin, P.C.
Christa C. Cottrell
Martin L. Roth
Stacy Pepper
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
dlaytin@kirkland.com
ccottrell@kirkland.com
martin.roth@kirkland.com
stacy.pepper@kirkland.com

*Attorneys for Defendants Sanderson Farms, Inc., Sanderson Farms, Inc. (Processing Division), Sanderson Farms, Inc. (Production Division) & Sanderson Farms, Inc. (Foods Division)*

Respectfully submitted,

NOVACK AND MACEY LLP

By:  /s/ *Stephen Novack*
Stephen Novack
Stephen J. Siegel
Christopher S. Moore
100 North Riverside Plaza
Chicago, IL 60606
Telephone: (312) 419-6900
snovack@novackmacey.com
ssiegel@novackmacey.com
cmoore@novackmacey.com

*Attorneys for Defendants Koch Foods Incorporated, JCG Foods of Alabama LLC, JCG Foods of Georgia LLC and Koch Meat Co., Inc.*


VENABLE LLP

By:  /s/ *J. Douglas Baldridge*
J. Douglas Baldridge (#437678)
Lisa Jose Fales (admitted *pro hac vice*)
Leonard L. Gordon (admitted *pro hac vice*)
Robert Davis (admitted *pro hac vice*)
600 Massachusetts Ave., NW
Washington, DC 20001
Telephone: (202) 344-4000
jdbaldridge@venable.com
ljfales@venable.com
LLGordon@Venable.com
rpdavis@venable.com

FALKENBERG FIEWEGER & IVES LLP

Kirstin B. Ives
30 N. LaSalle St., Suite 4020
Chicago, IL 60602
kbi@ffilaw.com

*Attorneys for Defendants Perdue Farms, Inc. and Perdue Foods LLC*

5

SHOOK HARDY & BACON LLP

By: /s/ *Lynn H. Murray*
Lynn H. Murray
Andrew M. Meerkins
111 S. Wacker Dr.
Ste. 5100
Chicago IL 60606
Telephone: (312) 704-7700
lhmurray@shb.com
ameerkins@shb.com

*Attorneys for Defendant Simmons Foods, Inc.*

MAYER BROWN LLP

By: /s/ *Carmine R. Zarlenga*
Carmine R. Zarlenga, #90784529
William H. Stallings
Oral D. Pottinger
1999 K Street N.W.
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
czarlenga@mayerbrown.com
wstallings@mayerbrown.com
opottinger@mayerbrown.com

*Attorneys for Defendant Foster Farms, LLC*

WEIL, GOTSHAL & MANGES LLP

By: /s/ *Kevin J. Arquit*
Kevin J. Arquit
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-0950
Facsimile: (212) 310-8007
kevin.arquit@weil.com

Carrie C. Mahan
1300 Eye Street NW
Washington, DC 20016
Telephone: (202) 682-7231
Facsimile: (202) 857-0940
carrie.mahan@weil.com

BAILEY BRAUER PLLC

Clayton E. Bailey
8350 N. Central Expressway, Ste. 935
Dallas, TX 75206
Telephone: (214) 360-7433
Facsimile: (214) 360-7424
cbailey@baileybrauer.com

EIMER STAHL LLP

Michael L. McCluggage
224 South Michigan Avenue, Ste. 1100
Chicago, IL 60604
Telephone: (312) 660-7665
mmccluggage@eimerstahl.com

*Attorneys for Defendant Pilgrim's Pride Corporation*

Americas 93221072

| | |
|---|---|
| RILEY SAFER HOLMES & CANCILA LLP | PROSKAUER ROSE LLP |
| By: /s/ *Sondra A. Hemeryck* | By: /s/ *Christopher E. Ondeck* |
| Sondra A. Hemeryck | Christopher E. Ondeck |
| 70 West Madison Street, Suite 2900 | Adrian Fontecilla |
| Chicago, IL 60602 | Stephen R. Chuk |
| Telephone: (312) 471-8700 | 1001 Pennsylvania Ave., NW |
| shemeryck@rshc-law.com | Suite 600 South |
| | Washington, DC 20004 |
| STINSON LEONARD STREET LLP | Telephone: (202) 416-6800 |
| | Facsimile: (202) 416-6899 |
| William L. Greene | condeck@proskauer.com |
| Ruth S. Shnider | afontecilla@proskauer.com |
| 150 South Fifth Street, Suite 2300 | schuk@proskauer.com |
| Minneapolis, MN 55402 | |
| Telephone: (612) 335-1500 | *Attorneys for Wayne Farms LLC* |
| william.greene@stinson.com | |
| ruth.shnider@stinson.com | |
| | SIDLEY AUSTIN LLP |
| THE LAW GROUP OF NORTHWEST ARKANSAS LLP | |
| | By: /s/ *John W. Treece* |
| Gary V. Weeks | John W. Treece, Bar No. 3122889 |
| K.C. Dupps Tucker | 1 S. Dearborn Street |
| Kristy E. Boehler | Chicago, Illinois 60603 |
| 1830 Shelby Lane | Telephone: (312) 853-7000 |
| Fayetteville, AR 72704 | Facsimile: (312) 853-7036 |
| Telephone: (479) 316-3760 | jtreece@sidley.com |
| gary.weeks@lawgroupnwa.com | |
| kc.tucker@lawgroupnwa.com | ROSE LAW FIRM |
| kristy.boehler@lawgroupnwa.com | |
| | Amy Lee Stewart (admitted *pro hac vice)* |
| *Attorneys for Defendants George's, Inc. and George's Farms, Inc.* | Jacob Dylan White (admitted *pro hac vice*) |
| | 20 East Fourth Street |
| | Little Rock, Arkansas 72201 |
| | Telephone: (501) 377-0334 |
| | Facsimile: (501) 375-1309 |
| | astewart@roselawfirm.com |
| | jwhite@roselawfirm.com |
| | |
| | *Attorneys for Defendants Mountaire Farms, LLC and Mountaire Farms of Delaware, Inc.* |

7

KUTAK ROCK LLP

By: /s/ *John P. Passarelli*
John P. Passarelli
James M. Sulentic
1650 Farnam Street
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
john.passarelli@kutakrock.com
james.sulentic@kutakrock.com

J.R. Carroll
Scott Jackson
234 East Millsap Road
Suite 200
Fayetteville, AR 72703-4099
Telephone: (479) 973-4200
Facsimile: (479) 973-0007
jr.caroll@kutakrock.com
scott.jackson@kuakrock.com

Kimberly M. Hare (#6323326)
One South Wacker Drive
Suite 2050
Chicago, IL 60606-4614
Telephone: (312) 602-4100
Facsimile: (312) 602-4101
kimberly.hare@kutakrock.com

*Attorneys for Defendants O.K. Foods, Inc., O.K. Farms, Inc., and O.K. Industries, Inc.*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ *Patrick Fitzgerald*
Patrick Fitzgerald (#6307561)
155 N. Wacker Drive
Chicago, IL 10036
Telephone: (312) 407-0700
Facsimile: (312) 407-0411
patrick.fitzgerald@skadden.com

Boris Bershteyn
Four Times Square
New York, NY 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
boris.bershteyn@skadden.com
sam.auld@skadden.com

*Attorneys for Defendant Peco Foods, Inc.*

VEDDER PRICE P.C.

By: /s/ *Gregory G. Wrobel*
Gregory G. Wrobel (#3122900)
222 N. LaSalle Street
Chicago, IL 60601
Telephone: (312) 609-7722
Facsimile: (312) 609-5005
gwrobel@vedderprice.com

JORDAN PRICE WALL GRAY JONES & CARLTON, PLLC

Henry W. Jones, Jr.
1951 Clark Avenue
Raleigh, NC 27605
Telephone: (919) 828-2501
Facsimile: (919) 834-8447
hjones@jordanprice.com

*Attorneys for Defendant House of Raeford Farms, Inc.*

8

Americas 93221072

MANDELL MENKES LLC

By: /s/ *Brendan J. Healey*
Brendan J. Healey
One North Franklin, Suite 3600
Chicago, IL 60606
Telephone: (312) 251-1006
Facsimile: (312) 759-2189
bhealey@mandellmenkes.com

ALSTON & BIRD LLP

B. Parker Miller
Valarie C. Williams
Max Marks
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
parker.miller@alston.com
valarie.williams@alston.com
nowell.berreth@alston.com
max.marks@alston.com

SMITH, GILLIAM, WILLIAMS & MILES PA

R. Brent Hatcher, Jr.
301 Green Street NW, Suite 200
Gainesville, GA 30501
Telephone: (770) 536-3381
Facsimile: (770) 535-9902
bhatcher@sgwmfirm.com
cfranklin@sgwmfirm.com

*Attorneys for Fieldale Farms Corporation*

## **CERTIFICATE OF SERVICE**

I, Peter J. Carney, hereby certify that a true and correct copy of the foregoing Defendants' Response to All Plaintiffs' Brief Addressing Defendants' Supplemental Authority was electronically filed with the Clerk of the Court using the CM/ECF system on August 10, 2017, which constitutes service on counsel of record who are registered electronic filing users.

      /s/ Peter J. Carney
**Peter J. Carney**
701 Thirteenth Street, NW
Washington, District of Columbia 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel for Tyson Foods, Inc., Tyson Chicken, Inc., Tyson Breeders, Inc., Tyson Poultry, Inc.*

Dated: August 10, 2017