UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: BROILER CHICKEN ANTITRUST LITIGATION | Case No. 1:16-cv-08637 |
| THIS DOCUMENT RELATES TO:<br><br>DIRECT PURCHASER ACTION | |

ORDER PRELIMINARILY APPROVING PROPOSED
SETTLEMENT BETWEEN DIRECT PURCHASER PLAINTIFF CLASS
AND FIELDALE FARMS CORPORATION AND CONDITIONALLY CERTIFYING
THE PROPOSED SETTLEMENT CLASS

**THIS CAUSE** came before the Court on the Direct Purchaser Plaintiff Class's Motion For Preliminary Approval Of Settlement Between Direct Purchaser Plaintiff Class And Fieldale Farms Corporation And For Conditional Certification Of The Proposed Settlement Class. Direct Purchaser Plaintiffs ("Plaintiffs") have entered into a Settlement Agreement with Defendant Fieldale Farms Corporation ("Settling Defendant" or "Fieldale Farms"). The Court, having reviewed the Motion, its accompanying memorandum, and the exhibits thereto, the Settlement Agreement, and the file, hereby:

**ORDERS AND ADJUDGES:**

Preliminary Approval of Settlement Agreement

1. This Court has jurisdiction over this action and each of the parties to the Settlement Agreement. Upon review of the record, the Court finds that the proposed Settlement Agreement, which was arrived at by arm's-length negotiations by highly experienced counsel, falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at

the Court's Fairness Hearing. The Court preliminarily finds that the Settlement encompassed by the Settlement Agreement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that Notice of the Settlement should be given.

### Class Certification

2. This Court certifies a Settlement Class defined as:

> All persons who purchased Broilers directly from any of the Defendants or any co-conspirator identified in this action, or their respective subsidiaries or affiliates for use or delivery in the United States from at least as early as January 1, 2008 until the date of this Preliminary Approval Order. Specifically excluded from this Class are the Defendants, the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded from this Class are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, and any co-conspirator identified in this action.

The Court appoints the law firms of Lockridge Grindal Nauen P.L.L.P., and Pearson, Simon & Warshaw, LLP as co-lead counsel for the Settlement Class.

### Class Notice and Fairness Hearing

3. Co-Lead Counsel for Plaintiffs shall submit for the Court's approval a Motion to Approve a Plan of Notice of Settlement for this and any other settlements at an appropriate time prior to moving for final approval of the Fieldale Farms Settlement Agreement.

4. Co-Lead Counsel shall identify a date in consultation with the Court for the Final Approval Hearing concerning the Fieldale Farms Settlement Agreement and any other Settlement Agreements included in the Plan of Notice.

Other Provisions

6. Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used as defined in the Settlement Agreement.

7. In aid of the Court's jurisdiction to implement and enforce the proposed Settlement, as of the date of entry of this Order, Plaintiffs and all members of the Class shall be preliminarily enjoined from commencing or prosecuting any action or other proceeding against the Settling Defendant asserting any of the Claims released in Section II(B) of the Settlement Agreement pending final approval of the Settlement Agreement or until such time as this Court lifts such injunction by subsequent order.

8. If the Settlement Agreement is terminated in accordance with its provisions, or is not approved by the Court or any appellate court, then the Settlement Agreement and all proceedings in connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided otherwise in the Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs, the Settling Defendant, and the members of the Class.

9. If the Settlement Agreement is terminated or is ultimately not approved, the Court will modify any existing scheduling orders as necessary to ensure that the Plaintiffs and Settling Defendant will have sufficient time to prepare for the resumption of litigation.

**IT IS SO ORDERED.**

DATED: August 18, 2017

HON. THOMAS M. DURKIN
United States District Judge

3