UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br>This Document Relates To: All Actions | Case No. 1:16-cv-08637<br><br>Magistrate Judge Jeffrey T. Gilbert |

# **ORDER**

Further to the Court's order of June 20, 2017 [ECF No. 420] and the parties' *in camera* letter submissions of July 10, 2017, the Court is considering appointing Professor Maura R. Grossman as a special master pursuant to Rule 53 of the Federal Rules of Civil Procedure to address and resolve, by mediation or otherwise, issues and disputes that may arise in this case between the parties in relation to electronic discovery, including, but not limited to, identification, preservation, processing, search, review, and production of electronically stored information ("ESI") in this matter ("eDiscovery disputes"). Professor Grossman has prepared an affidavit pursuant to Rule 53(b)(3)(A) of the Federal Rules of Civil Procedure disclosing whether there is any ground for disqualification under 28 U.S.C. § 455. That affidavit will be filed separately on the CM/ECF system. A draft proposed order of appointment is attached to this Order as Exhibit A. Any objections to or comments on Professor Grossman's appointment or the proposed order of appointment shall be filed by **September 19, 2017**.

A telephone conference is set for October 2, 2017, at 10:00 a.m. CST to address any objections to or comments on the appointment of Professor Grossman or the proposed order of appointment, and to discuss next steps. The Court's courtroom deputy will circulate a call-in number and passcode for that conference call.

1

In light of the pending appointment of a special master, the Court will not schedule the conference call Plaintiffs requested in their letter to the Court dated August 22, 2017. Plaintiffs requested, and Defendants opposed, a conference call to discuss certain matters relating to ESI discovery. The Court will defer convening a telephone conference at this time because it would like the special master's input on topics raised in Plaintiffs' letter such as "the issue of loading and processing certain ESI before the motions to dismiss are decided," "test[ing] search terms to determine the universe of responsive documents and relative burdens of particular [discovery] requests," and "structured data disclosures and negotiations." Plaintiffs also wanted the Court to address Defendants' position that the Court should not deal with Defendants' objections to Plaintiffs' Rule 34 requests for production of documents until after Defendants' motions to dismiss are decided and Defendants' documents have been loaded and processed for review. The Court also will defer that discussion until a special master is in place.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: September 5, 2017

# EXHIBIT A

Proposed Order
Appointing Special Master

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>This Document Relates To: All Actions | Case No. 1:16-cv-08637<br><br>Magistrate Judge Jeffrey T. Gilbert |

## ORDER APPOINTING SPECIAL MASTER

I HEREBY APPOINT, pursuant to Federal Rule of Civil Procedure 53(a)(1)(A) and (a)(1)(C), Maura R. Grossman to serve as Special Master, until further order of this Court. The Court has received and filed an affidavit from Professor Grossman disclosing whether there are any grounds for disqualification under 28 U.S.C. § 455. [ECF No. ___]. Fed. R. Civ. P. 53(b)(3)(A). No party has raised any other ground for disqualification. The Court has determined no ground for disqualification exists. Fed. R. Civ. P. 53(a)(2). Consistent with Fed. R. Civ. P. 53(b)(1), the Court has given the parties notice of and an opportunity to be heard on the appointment of Professor Grossman. As required by Fed. R. Civ. P. 53(a)(3), the Court has considered the fairness of imposing the likely expenses on the parties and protected against unreasonable expense or delay.

IT IS FURTHER ORDERED THAT:

1.  The Special Master is appointed to address and resolve, by mediation or otherwise, disputes that may arise between the parties in relation to electronic discovery, including, but not limited to, identification, preservation, processing, search, review, and production of electronically stored information ("ESI") in this matter ("eDiscovery disputes").

The Special Master is directed to proceed with all reasonable diligence in the performance of her duties. Fed. R. Civ. P. 53(b)(2).

2. In furtherance of her duties, the Special Master may communicate ex parte with the Court on any matter. The Special Master may not communicate ex parte with the parties except with respect to scheduling matters and, with the consent of the affected parties, to mediate an eDiscovery dispute.

3. The Special Master shall preserve, as a record of her activities, all written submissions received from the parties, all written submissions sent to the parties, any transcripts of hearings before the Special Master, and any evidence considered in making or recommending findings of fact on the basis of evidence. Fed. R. Civ. P. 53(b)(2)(C). The Special Master shall file with the Clerk of the Court such records upon the request of any party or the Court. The Special Master also shall file any order, report, or recommendation to the Court and promptly serve a copy on each party. Fed. R. Civ. P. 53(d), (e). Docketing an order, report, or recommendation via the CM/ECF system shall constitute proper service upon all parties.

4. A party may file objections to—or a motion to adopt or modify—the Special Master's order, report, or recommendation no later than 21 days from the date that order, report, or recommendation is served. Fed. R. Civ. P. 53(f)(2). The party filing an objection or motion must also file the relevant record if not filed by the Special Master with her order, report, or recommendation. Unless a different schedule is set by the Court, the responding party shall file a written response 14 days after the objection or motion is filed, and the objecting or moving party shall file a reply in support of its objection or motion 7 days thereafter.

5. Any order, report, or recommendation of the Special Master on non-dispositive motions, unless it involves a finding of fact or conclusion of law, will be deemed a

ruling on a procedural matter. The Court will set aside a ruling on a procedural matter only where it is an abuse of discretion. Fed. R. Civ. P. 53(f)(5).

6. Unless the parties, with the Court's approval, stipulate to some other standard of review under Fed. R. Civ. P. 53(f)(3), the Court will decide de novo all objections to findings of fact made or recommended by the Special Master. The Court will decide de novo all objections to conclusions of law made or recommended by the Special Master. Fed. R. Civ. P. 53(f)(4).

7. The Special Master's compensation, as well as any reasonable costs and expenses incurred by the Special Master, shall be borne equally by Plaintiffs and Defendants with each side to determine the allocation of its one-half of the Special Master's compensation, costs, and expenses within its respective constituency. Fed. R. Civ. P. 53(g). The Special Master shall submit a monthly invoice to Liaison Counsel, with a copy to the Court, detailing her hours and any expenses. Unless there is an objection to the invoice, which shall be raised promptly with the Special Master, payment shall be made to the Special Master by Liaison Counsel, on behalf of such Counsels' respective constituencies, within 60 days. The Special Master shall be compensated at a rate of $850 per hour. If the Special Master finds that she needs the assistance of a secretary, paralegal, or similar adjunct, that expense shall be billed by the Special Master at cost. Objections to the Special Master's invoices, if not resolved by the Special Master and the parties, will be resolved by the Court.

8. The Special Master shall be bound by the terms of the Agreed Confidentiality Order [ECF No. 202].

9. This Order may be amended at any time after notice to the parties and an opportunity to be heard. Fed. R. Civ. P. 53(b)(4).

It is so ordered.

———————————————
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: _____, 2017

DRAFT