# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>This Document Relates To: All Actions | Case No. 1:16-cv-08637<br><br>Magistrate Judge Jeffrey T. Gilbert |

## ORDER APPOINTING SPECIAL MASTER

I HEREBY APPOINT, pursuant to Federal Rule of Civil Procedure 53(a)(1)(A) and (a)(1)(C), Maura R. Grossman to serve as Special Master, until further order of this Court. The Court has received and filed an affidavit from Professor Grossman disclosing whether there are any grounds for disqualification under 28 U.S.C. § 455. [ECF No. 475]. Fed. R. Civ. P. 53(b)(3)(A). No party has raised any other ground for disqualification. The Court has determined no ground for disqualification exists. Fed. R. Civ. P. 53(a)(2). Consistent with Fed. R. Civ. P. 53(b)(1), the Court has given the parties notice of and an opportunity to be heard on the appointment of Professor Grossman. As required by Fed. R. Civ. P. 53(a)(3), the Court has considered the fairness of imposing the likely expenses on the parties and protected against unreasonable expense or delay.

IT IS FURTHER ORDERED THAT:

1. The Special Master is appointed to address and resolve, by mediation or otherwise, issues and disputes that may arise between the parties in relation to electronic discovery, including, but not limited to, identification, preservation, processing, search, review, and production of electronically stored information ("ESI") in this matter ("eDiscovery matters")

1

and to assist and advise the Court concerning those matters. The Special Master is directed to proceed with all reasonable diligence in the performance of her duties. Fed. R. Civ. P. 53(b)(2).

2. In furtherance of her duties, the Special Master may communicate ex parte with the Court on any matter. The Special Master may not communicate ex parte with the parties except with respect to scheduling matters and, with the consent of the affected parties, to mediate an eDiscovery dispute.

3. The Special Master shall preserve, as a record of her activities, all written submissions received from the parties, all written submissions sent to the parties, any transcripts of hearings before the Special Master, and any evidence considered in making or recommending findings of fact on the basis of evidence. Fed. R. Civ. P. 53(b)(2)(C). The Special Master shall file with the Clerk of the Court such records upon the request of any party or the Court. The Special Master also shall file any order, report, or recommendation to the Court and promptly serve a copy on each party. Fed. R. Civ. P. 53(d), (e). Docketing an order, report, or recommendation via the CM/ECF system shall constitute proper service upon all parties.

4. A party may file objections to—or a motion to adopt or modify—the Special Master's order, report, or recommendation no later than 10 days from the date that order, report, or recommendation is served. Fed. R. Civ. P. 53(f)(2). The party filing an objection or motion must also file the relevant record if not filed by the Special Master with her order, report, or recommendation. Unless a different schedule is set by the Court, the responding party shall file a written response 10 days after the objection or motion is filed.

5. Any order, report, or recommendation of the Special Master on non-dispositive motions, unless it involves a finding of fact or conclusion of law, will be deemed a

ruling on a procedural matter. The Court will set aside a ruling on a procedural matter only where it is an abuse of discretion. Fed. R. Civ. P. 53(f)(5).

6. Unless the parties, with the Court's approval, stipulate to some other standard of review under Fed. R. Civ. P. 53(f)(3), the Court will decide de novo all objections to findings of fact made or recommended by the Special Master. The Court will decide de novo all objections to conclusions of law made or recommended by the Special Master. Fed. R. Civ. P. 53(f)(4).

7. The Special Master's compensation, as well as any reasonable costs and expenses incurred by the Special Master, shall be borne equally by Plaintiffs and Defendants with each side to determine the allocation of its one-half of the Special Master's compensation, costs, and expenses within its respective constituency. Fed. R. Civ. P. 53(g). The Special Master shall submit a monthly invoice to Liaison Counsel, with a copy to the Court, detailing her hours and any expenses. Unless there is an objection to the invoice, which shall be raised promptly with the Special Master, payment shall be made to the Special Master by Liaison Counsel, on behalf of such Counsels' respective constituencies, within 60 days. The Special Master shall be compensated at a rate of $850 per hour. If the Special Master finds that she needs the assistance of a secretary, paralegal, or similar adjunct, that expense shall be billed by the Special Master at cost. Objections to the Special Master's invoices, if not resolved by the Special Master and the parties, will be resolved by the Court.

8. The Special Master shall be bound by the terms of the Agreed Confidentiality Order [ECF No. 202].

9. This Order may be amended at any time after notice to the parties and an opportunity to be heard. Fed. R. Civ. P. 53(b)(4).

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: October 2, 2017