T 708.628.4949  F 708.628.4950

Elizabeth A. Fegan
**HAGENS BERMAN SOBOL SHAPIRO LLP**
455 N. CITYFRONT PLAZA DRIVE
SUITE 2410
CHICAGO, IL 60611
www.hbsslaw.com
**Direct (708) 628-4960**
**Direct Fax (708) 628-4950**
**beth@hbsslaw.com**



October 16, 2017

**Via ECF**
Hon. Magistrate Judge Jeffrey T. Gilbert
Chambers 1336
Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street
Chicago, IL 60604

    Re: *In re Broiler Chicken Antitrust Litigation,* Case No. 1:16-cv-08637 (N.D. Ill)
<u>Indirect Purchaser Plaintiffs' Federal Rule of Civil Procedure 34 requests for production of documents, responses, and objections.</u>

Dear Judge Gilbert,

    The Commercial & Institutional Indirect Purchaser Plaintiffs ("C&I IPPs"), and End-User Consumer Plaintiffs ("EUCPs") (collectively, "indirect plaintiffs" or "IPPs") write in response to the Court's October 2, 2017 Order (Dkt. 492) regarding the parties' Rule 34 requests for production of documents ("RFPs"), and specifically the requests propounded by the indirect plaintiffs to Defendants.

    The C&I IPPs and EUCPs served their requests on all Defendants on February 28, 2017 and March 10, 2017 respectively. Defendants served their responses on May 19. After receipt of the responses, IPPs met and conferred with the individual defendants over the parties' requests and responses.[1] For the non-transaction data requests, IPPs have reached full agreement with Fieldale Farms and Peco Foods on their responses and objections to the IPP RFPs. Very little progress has been made with Wayne Farms. For the remaining Defendants, the parties have been making progress in resolving their disputes and intend to continue the process in hopes of reaching further agreement. For these remaining Defendants, the indirect plaintiffs do not believe it fruitful to raise any issues with the Court at this time.

---

    [1] Along with the Direct Purchaser Plaintiffs, the indirect plaintiffs also participated in the meet-and-confer discussion concerning All Plaintiffs' requests for production, which are detailed in the letter from all Plaintiffs.

To the extent that it is helpful for the Court to understand the parties' undertakings to date to reach agreement on the outstanding requests for production, IPPs include a brief summary below of the history of discovery conferences between the parties:

1. <u>Foster Farms</u> served its responses on May 19, and Foster Poultry Farms (a newly added defendant) served its responses on October 4, 2017. The indirect plaintiffs and Foster entities conferred on July 18, August 4, and October 11. The parties exchanged letters discussing various proposed compromises on August 7, August 29, September 14 and October 11. The parties' discussions are ongoing, and they have agreed to continuing working towards resolution of the outstanding issues without the Court's intervention at this time.

2. <u>George's</u> served its responses on May 19. The indirect plaintiffs responded in letters dated June 30 outlining the issues with those responses to discuss, and the parties met and conferred on August 10. The indirect plaintiffs then wrote George's on August 29 to further address George's responses. George's responded by letter on September 20. The indirect plaintiffs responded on October 12 to invite George's to meet and confer about a limited number of remaining issues, and do not believe it fruitful to raise any issues with the Court at this time.

3. <u>House of Raeford Farms</u> served its responses on May 19. The indirect plaintiffs responded in letters dated June 30 outlining the issues with those responses to discuss, and the parties met and conferred on August 2 and August 14. The indirect plaintiffs wrote a letter on August 18 to memorialize the meet and confer. House of Raeford responded with an email on October 2 offering to revise their responses to certain requests. Indirect plaintiffs responded with a letter on October 6 outlining the areas of remaining disagreement. On October 16, House of Raeford requested more time to respond. Indirect plaintiffs have agreed to continue working toward resolution of the outstanding issues without the Court's intervention at this time.

4. <u>Koch Foods</u> served its responses on May 19. The indirect plaintiffs responded in letters dated June 30 outlining the issues with those responses to discuss, and the parties met and conferred in phone conferences on July 18, July 20 and August 3. The indirect plaintiffs wrote Koch Foods on August 11 to further address Koch Foods' responses. Koch Foods

       responded by letter on September 19. The indirect plaintiffs responded on October 11 to state that, while there were still issues to discuss, those remaining issues should be discussed further. That process is ongoing, but the indirect purchasers do not have issues related to Koch Foods to raise with the Court at this time.

5. <u>Mountaire Farms</u> served its responses on May 25. The indirect plaintiffs responded in letters dated June 30 outlining the issues with those responses to discuss, and the parties met and conferred in phone conferences on August 4 and August 11. The indirect plaintiffs then wrote Mountaire on August 29 to further address Mountaire's responses. Mountaire responded by letter on October 10. The indirect plaintiffs responded on October 13 to state that while there are still areas of disagreement, those remaining issues should be discussed further, and to invite Mountaire to meet and confer on the remaining issues. Indirect plaintiffs do not believe it fruitful to raise any issues with the Court at this time.

6. <u>OK Foods</u> served its responses on May 19. The indirect plaintiffs responded in letters dated June 30 outlining the issues with those responses to discuss, and the parties met and conferred in phone conferences on July 28 and August 8. The indirect plaintiffs wrote OK Foods a letter on August 23 to further address OK Foods' responses. OK Foods responded by letter on September 29. The indirect plaintiffs responded by email on October 10 to state that, while there are still areas of disagreement, those remaining issues should be discussed further. Indirect plaintiffs and OK Foods have scheduled a meet and confer for October 19, and do not have issues that are ripe to raise with the Court at this time.

7. <u>Perdue</u> served its responses on May 19. The indirect plaintiffs responded in letters dated June 30 outlining the issues with those responses to discuss, and the parties met and conferred by phone on August 4. The indirect plaintiffs then wrote Perdue on August 21 to further address Perdue's responses. Perdue responded by letter on September 19. The indirect plaintiffs responded on October 12 to state that while there are still areas of disagreement, those remaining issues should be discussed further, and to invite Perdue to meet and confer on the remaining issues. Indirect plaintiffs do not believe it fruitful to raise any issues with the Court at this time.

8. <u>Pilgrim's Pride</u> served its responses on May 19. The indirect plaintiffs responded in letters dated June 30 outlining the issues with those responses to discuss, and the parties met and conferred on August 10. After the meet and confer, Pilgrim's preferred to amend its responses and send those to indirect plaintiffs on October 6. The indirect plaintiffs responded on October 11 to invite Pilgrim's to meet and confer about a limited number of remaining issues and do not believe it fruitful to raise any issues with the Court at this time.

9. <u>Sanderson Farms</u> served its responses on May 19. The indirect plaintiffs responded in letters dated June 30 outlining the issues with those responses to discuss, and the parties met and conferred on August 8. The indirect plaintiffs then wrote Sanderson on August 22 to further address Sanderson's responses. Sanderson responded by letter on September 21. The parties met and conferred on October 12 about a limited number of remaining issues, and do not believe it fruitful to raise any issues with the Court at this time.

10. <u>Simmons</u> served its responses on May 19. The indirect plaintiffs responded in letters dated June 30 outlining the issues with those responses to discuss, and the parties met and conferred on August 7. The indirect plaintiffs then wrote Simmons on August 29 to further address Simmons' responses. Simmons responded by letter on September 29. The indirect plaintiffs responded on October 10 to invite Simmons's to meet and confer about a limited number of remaining issues, and do not believe it fruitful to raise any issues with the Court at this time.

11. <u>Tyson</u> served its responses on May 19. The indirect plaintiffs responded in letters dated June 30 outlining the issues with those responses to discuss, and the parties met and conferred in phone conferences on August 9 and August 10. The indirect plaintiffs then wrote Tyson on August 22 to further address Tyson's responses. Tyson responded by letter on October 9. The indirect plaintiffs responded on October 13 to state that while there are still areas of disagreement, those remaining issues should be discussed further, and to invite Tyson to meet and confer on the remaining issues. Indirect plaintiffs do not believe it fruitful to raise any issues with the Court at this time.

12. <u>Wayne Farms</u> – The indirect plaintiffs incorporate by reference the direct purchaser plaintiffs' (DPPs') discussion of the discovery conferences to date with Wayne Farms. The indirect plaintiffs have made little progress with Wayne Farms beyond what the DPPs detail.

IPPs will continue to work diligently to resolve all outstanding disputes with the defendants or to bring them to the Court's attention.

Sincerely,

| | |
|---|---|
| */s/ Daniel C. Hedlund* | */s/ Elizabeth A. Fegan* |
| | |
| Daniel E. Gustafson | Elizabeth A. Fegan |
| Daniel C. Hedlund | Jeannie Y. Evans |
| Michelle J. Looby | HAGENS BERMAN SOBOL SHAPIRO LLP |
| Joshua R. Rissman | 455 N. Cityfront Plaza Drive |
| Brittany N. Resch | Suite 2410 |
| GUSTAFSON GLUEK PLLC | Chicago, IL 60611 |
| 220 South Sixth Street | (708) 628-4949 |
| #2600 | beth@hbsslaw.com |
| Minneapolis, MN 55402 | jeannie@hbsslaw.com |
| (612)333-8844 | |
| dgustafson@gustafsongluek.com | Steve W. Berman |
| dhedlund@gustafsongluek.com | HAGENS BERMAN SOBOL SHAPIRO LLP |
| mlooby@gustafsongluek.com | 1918 8th Avenue, Suite 3300 |
| jrissman@gustafsongluek.com | Seattle, Washington 98101 |
| bresch@gustafsongluek.com | (206) 623-7292 |
| | steve@hbsslaw.com |
| Steven N. Williams | |
| Mark F. Ram | Shana E. Scarlett |
| Joyce M. Chang | HAGENS BERMAN SOBOL SHAPIRO LLP |
| COTCHETT, PITRE & MCCARTHY, LLP | 715 Hearst Avenue, Suite 202 |
| 840 Malcolm Road, | Berkeley, CA 94710 |
| Suite 200 | (510) 725-3000 |
| Burlingame, CA 94010 | shanas@hbsslaw.com |
| (650) 697-6000 | |
| swilliams@cpmlegal.com | *End-User Consumer Indirect Purchaser* |
| mram@cpmlegal.com | *Plaintiffs Interim Class Counsel* |
| jchang@cpmlegal.com | |
| | */s/ Brent W. Johnson* |
| *Commercial and Institutional Indirect* | Kit A. Pierson |
| *Purchaser Plaintiffs Interim Co-Lead Counsel* | Brent W. Johnson |

Kenneth A. Wexler
Edward A. Wallace
Thomas A. Doyle
WEXLER WALLACE LLP
55 W. Monroe Street
Suite 3300
Chicago, IL 60603
(312) 346-2222
kaw@wexlerwallace.com
eaw@wexlerwallace.com
tad@wexlerwallace.com

*Commercial and Institutional Indirect Purchaser Plaintiffs Liaison Counsel*

COHEN MILSTEIN SELLERS &
 TOLL, PLLC
1100 New York Ave. NW
Suite 500, West Tower
Washington, DC 20005
kpierson@cohenmilstein.com
bjohnson@cohenmilstein.com

Daniel H. Silverman
COHEN MILSTEIN SELLERS &
 TOLL, PLLC
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
dsilverman@cohenmilstein.com

*End-User Consumer Indirect Purchaser Plaintiffs Interim Class Counsel*

cc:     All Counsel and Parties via ECF