# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION* | Case No. 1:16-cv-08637 |
| This Document Relates To: | |
| All CIIP Actions | |

## THE CIIP PLAINTIFFS' STATUS REPORT
## REGARDING THE CHICKEN KITCHEN (FL) PLAINTIFF

Pursuant to the Court's Order *(ECF 497)*, the Chicken Kitchen complaint was reassigned as part of this litigation. As a Status Report to follow up on that reassignment, the Commercial and Institutional Indirect Purchaser Plaintiffs (CIIPs) state as follows:

1. Counsel for the CIIPs has conferred with the Florida Counsel that appeared on behalf of Chicken Kitchen while its case was pending in Florida.

2. Counsel for Chicken Kitchen has advised us that, now that the Chicken Kitchen case has been transferred and reassigned here, Chicken Kitchen prefers not to proceed separately on its complaint. Instead, Chicken Kitchen prefers to be an additional named plaintiff on the CIIPs' operative class complaint *(ECF 253)*, with Chicken Kitchen's Florida Counsel serving as additional counsel for the CIIP class.

3. Counsel for the CIIPs agrees to this approach.

4. Under this proposed approach, there would be no need for a separate round of motion practice regarding the Chicken Kitchen complaint. Instead, any ruling on the motions that are pending with respect to the CIIPs' operative class complaint would apply to Chicken Kitchen. The CIIPs would formally amend their pleadings at an appropriate time to reflect this approach.

5. In similar circumstances in another case – *In re Capacitors Antitrust Litigation* (3:14-cv-3264 in the N.D. Calif.) -- the Court deemed the later-filed complaint to be moot and the additional plaintiff became a party to the pending class complaint (see Transcript, attached hereto, at pp. 10-14). The Court could adopt a similar approach here, and deem Chicken Kitchen to be part of the pending CIIP class complaint *instanter*.

Dated: November 3, 2017                    /s/Thomas A. Doyle

Daniel C. Hedlund
Michelle J. Looby
Joshua R. Rissman
Brittany N. Resch
**GUSTAFSON GLUEK PLLC**
220 South Sixth Street #2600
Minneapolis, MN 55402
Telephone: (612) 333-8844

Steven N. Williams
Mark Ram
Joyce Chang
**COTCHETT, PITRE & MCCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000

*Lead Counsel for the Commercial and*
*Institutional Indirect Purchaser Class*

Kenneth A. Wexler
Thomas A. Doyle
**WEXLER WALLACE LLP**
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222

*Liaison Counsel for the Commercial and*
*Institutional Indirect Purchaser Plaintiff Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable James Donato, Judge

IN RE:  CAPACITORS ANTITRUST      )
LITIGATION,                       )
                                  )     NO. C 14-03264 JD
                                  )
_____    )


                        San Francisco, California
                        Wednesday, July 8, 2015

                    **TRANSCRIPT OF PROCEEDINGS**


**APPEARANCES**:

For Plaintiffs:  Direct Purchasers, Chip-Tech, Ltd., and
Dependable Component Supply Corp:

                        JOSEPH SAVERI LAW FIRM
                        505 Montgomery Street, Suite 625
                        San Francisco, California  94111
               BY:  **JOSEPH SAVERI**
                    **JAMES G.B. DALLAL**
                    **MATTHEW SINCLAIR WEILER**
                    **ATTORNEYS AT LAW**


For Flextronics International USA, Inc.

                        Williams, Montgomery & John
                        1875 Connecticut Ave., NW, Ste. 10004
                        Washington, DC 20008
               BY:  **CHARLES E. TOMPKINS**
                    **ATTORNEY AT LAW**


For Plaintiff Flextronics International USA, Inc.:

                        Block & Leviton LLP
                        492 9th Street, Suite 260
                        Oakland, CA 94607
               By:  **LESLEY ELIZABETH WEAVER**
                    **ATTORNEY AT LAW**

Reported By:            Rhonda L. Aquilina, CSR #9956, RMR, CRR
                        Court Reporter

**APPEARANCES:** (CONTINUED)

For Plaintiffs Indirect Purchasers, Toy-Knowlogy, Inc., and CAE Sound:

     COTCHETT, PITRE & MCCARTHY LLP
     San Francisco Airport Office Center
     840 Malcolm Road
     Burlingame, California  94010
  **BY: STEVEN WILLIAMS**
     **ELIZABETH TRAN**
     **ATTORNEYS AT LAW**

For Plaintiff Walker Component Group, Inc.:

     Girard Gibbs, LLP
     601 California Street, 14th Floor
     San Francisco, CA 94108
  **BY: CHRISTINA H. SHARP**
     **ATTORNEY AT LAW**

For Defendants Panasonic Corp., et al., and Sanyo Electric Group, Ltd., et al:

     WINSTON & STRAWN LLP
     200 Park Avenue
     New York, New York 10166
  **BY: IAN L. PAPENDICK**
     **ATTORNEY AT LAW**

For Defendants NEC Tokin Corp. and NEC Tokin America:

     GIBSON, DUNN & CRUTCHER LLP
     555 Mission Street
     San Francisco, California  94105
  **BY: GEORGE A. NICOUD III**
     **ATTORNEY AT LAW**

For Defendant Nitsuko Elec.

     Latham & Watkins
     505 Montgomery Street - Suite 1900
     San Francisco, California  94111
  **By: BELINDA S. LEE**
     **ATTORNEY AT LAW**

**APPEARANCES:   (CONTINUED)**

For Defendant AVX Corp.:

                     MINTZ, LEVIN
                     44 Montgomery Street, 36th Flr.
                     San Francisco, CA 94104
        BY:  **EVAN NADEL**
              **ATTORNEY AT LAW**

                     MINTZ, LEVIN PC
                     701 Pennsylvania Ave., N.W.
                     Washington, D.C. 20004
        BY:  **BRUCE D. SOKLER**
              **ATTORNEY AT LAW**

                     MCKENNA, LONG & ALDRIDGE LLP
                     1900 K Street, N.W.
                     Washington, D.C. 20006
        BY:  **CLAIRE M. MADDOX**
              **GASPARE BONO**
              **ATTORNEYS AT LAW**

For Defendant Matsuo Electric Co., Ltd.:

                     DENTONS US LLP
                     525 Market Street, 26th Flr.
                     San Francisco, CA 94105
        BY:  **BONNIE LAU**
              **ATTORNEY AT LAW**

                     DENTONS US LLP
                     601 South Figueroa Street, Suite 2500
                     Los Angeles, CA 90017-5704
        BY:  **FELIX T. WOO**
              **ATTORNEY AT LAW**

For Defendant United Chemi-Con Corp.:

                     CADWALADER, WICKERSHAM & TAFT, LLP
                     700 Sixth Street, N.W.
                     Washington, D.C. 20001
        BY:  **CHARLES F. RULE**
              **JOSEPH J. BIAL**
              **ATTORNEYS AT LAW**

For Defendant Holystone International:

        JONES DAY
        555 South Flower Street - 50th Floor
        Los Angeles, California  90071
  BY:  **RACHEL HADASS ZERNIK**
      **ATTORNEY AT LAW**

For Defendant Okaya Electric America, Inc, and Okaya Electric
Industries Co., Ltd.:

        BAKER & MCKENZIE
        Two Embarcadero Center, 11th Flr
        San Francisco, CA 94111
  BY:  **DARRELL PRESCOTT**
      **ATTORNEY AT LAW**

For Defendant Soshin Electric Co., Ltd., and Soshin Electronics
America, Inc.:

        HUGHES, HUBBARD & REED, LLP
        One Battery Park Plaza
        New York, NY 10004
  BY:  **ETHAN R. LITWIN**
      **ATTORNEY AT LAW**

For Defendant Fujitsu Components America, Inc. and Fujitsu,
Ltd.:

        MORRISON & FOERSTER
        2000 Pennsylvania Ave., NW
        Washington, D.C. 20006-1888
  BY:  **JEFFREY A. JAECKEL**
      **ATTORNEY AT LAW**

For Defendant Rubycom Corp., and Rubycom America:

        Hunton & Williams LLP
        2200 Pennsylvania Ave, NW
        Washington, DC 20037
  By:  **GEORGE PETKOSKI**
      **ATTORNEY AT LAW**

For Defendant Taitsu America, Inc.

        Ropes & Gray, LLP
        One Metro Center
        700 12th Street NW, Suite 900
        Washington, DC 20005-3948
  By:  **MARK SAMUEL POPOFSKY**
      **ATTORNEY AT LAW**

**APPEARANCES:   (CONTINUED)**

For Defendant Elna Co. Ltd.:

> Wilmer, Cutler, Pickering, Hale & Dorr,
> 950 Page Mill Road
> Palo Alto, CA 94304
> **By:  HEATHER S. TEWKSBURY**
> **ATTORNEY AT LAW**

For Defendants KEMET Corp and KMET Electronics Corp.:

> PILLSBURY, WINTHROP, SHAW, PITTMAN LLP
> Four Embarcadero Center, Suite 2200
> San Francisco, California  94111
> **BY:  JACOB R. SORENSEN**
> **ATTORNEY AT LAW**

For Defendant Nichicon Corp and Nichicon (America) Corp.:

> K&L GATES
> 70 West Madison Street, Suite 3100
> Chicago, Illinois 60602
> **BY:  SCOTT M. MENDEL**
> **ATTORNEY AT LAW**

For Defendant Hitachi Chemical Co., Ltd.:

> WILSON, SONSINI, GOODRICH & ROSATI
> 1301 Avenue of the Americas - 40th Fl.
> New York, New York 10019
> **BY:  JEFFREY JAMES VAN HOOREWEGHE**
> **ATTORNEY AT LAW**

For Defendant Rohm Co., Ltd., and Rohm Semiconductor USA LLC:

> O'MELVENY & MYERS LLP
> Two Embarcadero Center - 28th Floor
> San Francisco, California  94111
> **BY:  CHRISTINA BROWN**
> **MICHAEL TUBACH**
> **ATTORNEYS AT LAW**

**APPEARANCES: (CONTINUED)**

For Defendant USA:

                          U.S. Department of Justice
                          Antitrust Division
                          450 Golden Gate Ave., Rm 10-0101
                          P.O. Box 36046
                          San Francisco, CA 94102
                     By:  **JACKIN CHOU LEM, TRIAL ATTORNEY**
                          **HOWARD J. PARKER, ATTORNEY**

| | |
|---|---|
| 1 | <u>**Wednesday - April 29, 2015**</u>                    <u>**1:33 p.m.**</u> |
| 2 | <u>**P R O C E E D I N G S**</u> |
| 3 | **---oOo---** |
| 4 | **THE CLERK:**  Calling Civil 14-3264, In Re Capacitors |
| 5 | Antitrust Litigation. |
| 6 | Counsel. |
| 7 | **MR. SAVERI:**  Good afternoon, Your Honor.  Joseph |
| 8 | Saveri on behalf of the Direct Purchaser Plaintiffs. |
| 9 | **MR. WILLIAMS:**  Good afternoon, Your Honor.  Steve |
| 10 | Williams with Elizabeth Tran on behalf of the Indirect |
| 11 | Purchaser Plaintiffs. |
| 12 | **MR. RULE:**  Your Honor, Charles Rule on behalf of the |
| 13 | defendants, along with Mr. Bial, my partner. |
| 14 | **THE COURT:**  Okay.  All right.  I've made a list.  Oh, |
| 15 | okay.  I see it. |
| 16 | Mr. Saveri, people should come up. |
| 17 | All right.  What is the status of the impasse that you |
| 18 | mentioned with respect to foreign antitrust authorities?  Did |
| 19 | you work that out? |
| 20 | **MR. SAVERI:**  We haven't worked it out yet, but I don't |
| 21 | believe the issue is -- we haven't submitted any papers on it. |
| 22 | **THE COURT:**  Do you want to have one due? |
| 23 | **MR. SAVERI:**  I beg your pardon? |
| 24 | **THE COURT:**  Do you want to set dates for that? |
| 25 | **MR. SAVERI:**  Yes, we might as well, Your Honor. |

1    THE COURT:  Do you want to get it worked out or do you

2  want to set dates?

3    Are you talking?  Are you having communications?

4    MR. SAVERI:  We've had some -- we've had

5  conversations.  I think that the parties have staked out their

6  positions.

7    MR. NICOUD:  Your Honor, George Nicoud for NEC Tokin.

8  I've been asked to speak for the defendants on this.

9    THE COURT:  All right.

10    MR. NICOUD:  From looking at the history, I think

11  there have been discussions between the parties in individual

12  meet and confers.

13    MR. SAVERI:  Right.

14    MR. NICOUD:  And there's been a general agreement that

15  we ought to address this as a global issue.

16    MR. SAVERI:  Right.

17    MR. NICOUD:  I think the parties would benefit from

18  some discussion at a global level and see if we can work this

19  out, and if we can't, of course we'll bring it back.  But I

20  think we'd benefit from talking together.

21    THE COURT:  When is that going to happen?

22    MR. NICOUD:  I do not --

23    THE COURT:  Let's have it done next week.

24    MR. NICOUD:  Yes, I can be available next week.

25    THE COURT:  Have it done next week; all right?  We

1   want to keep this thing moving along.  All right.  So that's

2   that.

3       I will move the motion to dismiss hearing to 9/30/15; we

4   will do the status conference at the same time; we'll vacate

5   the October 14th status conference.  So come in one day, MTD

6   and CMC 9/30/15.  Then moving down the road a bit, we will have

7   the next status conference, along with the FTAIA hearing, on

8   12/9/15, and I'm going to vacate the January 2016 conference.

9       So your next visits will be 9/30, 12/9/15, and let me stop

10  there for a moment.  So this is a lot of people, a lot of time,

11  you-all on plaintiffs side want to do it in 30 days or

12  something like that, and the defendants want to do them never.

13  I mean, where are we on this?

14      **MR. SAVERI:**  Your Honor, I guess -- I think it's

15  important to continue to have these.  I think that given the

16  progress we've made since our last time together, I think 30

17  days probably is unnecessary.

18      **THE COURT:**  All right.  Are you okay with 60?

19      **MR. SAVERI:**  I think 60 would be appropriate.

20      And Your Honor, I'm also happy if you want to do it by

21  telephone, if that's --

22      **THE COURT:**  No, not by telephone.

23      **MR. SAVERI:**  Okay.

24      **THE COURT:**  All right.  Then in that case I'll set the

25  next one.  So the next one will be 2/10/16.  You're going to

get this all in an order, so don't worry about writing it down.

So that will be -- so your next visits are 9/30/15, 12/9/15,

and 2/10/16; okay?

Now, who is here for Flextronics?

**MR. WILLIAMS:** Good afternoon, Your Honor. I'm Lesley

Weaver with Black & Leviton. I'm a local counsel, and we

submitted a pro hac vice application, admittedly late, for

Mr.Tompkins here who is representing Flextronics.

**THE COURT:** Okay. Charles Tompkins?

**MR. TOMPKINS:** Yes, Your Honor.

**THE COURT:** All right. You're supposed to be

consolidated, so we're going to fold you in; okay?

**MR. TOMPKINS:** Thank you, Your Honor.

**THE COURT:** There's no reason not to; right?

**MR. TOMPKINS:** No, your Honor.

**THE COURT:** All right. So you'll be folded in. What

are you, you're DPP, direct purchasers?

**MR. TOMPKINS:** Yes, we're a Direct Purchaser

Plaintiff.

And Your Honor, we do have a Rule 26 conference scheduled

for the 13th.

**THE COURT:** Well, when you're consolidated, you're

going to be on the same track as everybody else; all right? So

you'll have to come see me again, and whatever you're going to

talk about should be part of the larger discussions with your

1  DPP lead counsel, which is Mr. Saveri; okay? That's what

2  consolidation means. Your complaint is being absorbed into the

3  DPP complaint, so you're now part of the DPP team.

4      MR. TOMPKINS: Yes, Your Honor, I understand.

5  Flextronics does have individual issues, though, that we are

6  interested in litigating, which is why we filed our own

7  complaint.

8      THE COURT: Well, what are they?

9      MR. TOMPKINS: Well, Your Honor, as I've set forth in

10 our complaint, we have specifically -- have alleged that some

11 elements of the conspiracy were targeted specifically at

12 Flextronics and at its customers, and we think that we may be

13 in a position where we want to take distinct position from

14 class counsel on certain issues, especially related to the

15 FTAIA. And admittedly --

16     THE COURT: What are you going to take different

17 positions on?

18     MR. TOMPKINS: Well, Your Honor, I don't want to get

19 too far ahead of myself.

20     THE COURT: Well, but you're getting ahead -- I'm not

21 going to get placeholders. You've got to give me some

22 realistic assessment about why you should be purged out. I'm

23 extremely reluctant to do that; okay?

24     MR. TOMPKINS: Your Honor --

25     THE COURT: So just tell me what it is that you think

1  sets you apart and makes you different.

2      **MR. TOMPKINS:**  Your Honor, I think that with regard to

3  the FTAIA, we may end up taking different positions from class

4  counsel.

5      **THE COURT:**  You can do that in a brief.  You still

6  need to be consolidated and work together on discovery and

7  everything else, and you can carve out your own thing.

8      **MR. TOMPKINS:**  Absolutely, Your Honor.  Maybe I

9  misunderstood you.  I apologize.

10     **THE COURT:**  No.  Here's what's happening.  Your

11  complaint will be nonexistent as of today.  You're going to be

12  part of the team with DPP.  Your lead counsel is Mr. Saveri.

13  You will work with him.  To the extent you have different

14  briefing issues, you can bring a motion.  That's fine.  But I'm

15  not having a separate complaint.  I don't want any more

16  separate status conferences.  We're not going to have a dual

17  track thing here; okay?

18     **MR. TOMPKINS:**  Your Honor, our --

19     **THE COURT:**  It's not going to be DPP and Flextronics.

20  It's one -- one ship, one ship sailing forward.

21     **MR. TOMPKINS:**  Your Honor, our complaint contains

22  allegations that are not contained in the Direct Purchaser

23  complaint, and --

24     **THE COURT:**  Well, what are they?  Just tell me what

25  they are.  What is so separate about you guys?

1    MR. TOMPKINS:  Well, I will describe them.  We have

2  allegations regarding specific bilateral agreements that have

3  to do with Flextronics.

4    THE COURT:  Why can't you pursue that within the

5  context of the consolidated complaint?

6    MR. TOMPKINS:  We can pursue it in coordination of

7  discovery and our efforts with the DPPs, and we would like to

8  do that.  All I'm saying is that we have certain allegations

9  that we would like preserved for the record to not just be

10  eliminated because they're not ones that the DPPs have elected

11  to pursue.

12    I mean, Your Honor, if we wanted to be --

13    THE COURT:  All right.  How about this?  Do you want

14  to just amend the consolidated complaint to add your

15  allegations?

16    MR. TOMPKINS:  We're happy to work with Direct

17  Purchaser counsel to do that.

18    THE COURT:  Did you sue the same people?

19    MR. TOMPKINS:  No, your Honor, we sued a subset of the

20  defendants.

21    THE COURT:  Okay.  But it's nobody new; right?

22    MR. TOMPKINS:  No, we did not sue anybody new.

23    MR. MENDEL:  Your Honor, Scott Mendel for the Nichicon

24  defendants.

25    There is one defendant that they've sued that you've

1    dismissed, and the allegations in the Flextronics complaint are

2    identical to the ones that you've dismissed.

3         **THE COURT:** Well, hopefully you can work that out.  If

4    that's true, then it will be an awfully quick motion to

5    dismiss, so I want you to spend some time being practical.

6         **MR. TOMPKINS:** Yes, Your Honor.  It's one of the

7    things we'll talk about this week.

8         **THE COURT:** All right.  Why don't you just fold

9    yourself into the consolidated complaint; okay?

10        Is that all right, Mr. Saveri?

11        **MR. SAVERI:** That's fine.  I mean, we have a plan and

12   a schedule, and I think we should try to stick with it.

13        **THE COURT:** Okay.  Yes, so just blend in, and we'll go

14   from there.

15        All right.  Next thing, motion to seal.  We're going to

16   start with NCC as an exemplar, but here is what we're going to

17   do with the motions to seal.  I'm going to put this out in a

18   written order, but I can't -- it's getting chaotic on the admin

19   motions, all right, and we're going to order the chaos.

20        So the plaintiffs typically start the ball rolling,

21   because you filed something and you have to accord sealing

22   status to whatever the defendants presumptively have sealed.  I

23   get that.  That's fine.  You still do that; okay?  Now, this

24   time, though, the defendants are going to wait until the

25   briefing is over, okay, until the reply brief or whatever it is

that is the last increment of briefing; and then at that point the defendants are going to produce a chart, not a dueling counter motion or response to the motion, but it will be a free-standing separate motion to seal by the defendant that lists this data that's going to be in chart form, and each entry that you want to seal -- you're going to get this in an order -- but each entry you want to seal is going to have a tab number in the far left column. The tab is going to correspond to a binder that the defendant is going to produce, or whoever the party is wanting to seal is going to produce, that matches the entry on the chart. So, far left column with a tab number for each document.

The next column over will specify the exact portions to be sealed, so if it's a hundred-page document, you're going to say pages 2 through 6, whatever it is.

The next column over after that will be your succinct and specific and particularized reason for sealing, and give pin cites to whatever declaration that accompanies that that supports the compelling reasons for sealing.

And then the fifth column -- the next column over will be blank, and that is where I will enter "granted" or "denied"; okay? So we're going to do this for everybody going forward. This is how we're going to do motions to seal. So you do on the plaintiff's side what you normally do, but on the defense side this is how we're going to make it easier for the Court.

1      **MR. SAVERI:**  May I ask a question?

2      **THE COURT:**  Yes, of course.

3      **MR. SAVERI:**  So what we're obliged to do in the

4   ordinary course, because they aren't our documents, they're

5   someone else's, we file the administrative motion with each of

6   our filings that contains materials to be sealed, so we'll

7   continue to do that for each successive --

8      **THE COURT:**  You continue to do that; and then I'm not

9   going to do anything with it, that's just the reality of what

10  you have to do, and that document is going to fade away into

11  nothingness, because the real action will take place when the

12  defendants do what I just articulated - when they finally take

13  a stand on what they actually want to have sealed.

14      **MR. SAVERI:**  At the end of --

15      **THE COURT:**  At the end of the briefing.

16      **MR. SAVERI:**  Got it, Your Honor.

17      **THE COURT:**  And then there will be a binder that's

18  perfectly coordinated with tab numbers, and then I can just

19  flip through them and make my rulings; okay?

20      **MR. SAVERI:**  Yes.

21      **THE COURT:**  But we're going to start with NCC.  So

22  NCC's motion is going to be -- is terminated, and then you just

23  need to refile it the way I've just outlined it.

24      **MR. RULE:**  Okay, Your Honor.

25      **THE COURT:**  And I'll have the text version of what I

 1   just said, you know, posted in a day or two, so you'll have it;

 2   okay?

 3        **MR. SAVERI:**  Thank you.

 4        **THE COURT:**  Anything else?  Is that it?  Nothing else?

 5        **MR. SAVERI:**  Actually, thank you.  I think we're good.

 6        **THE COURT:**  Okay.  That was a long statement.  But you

 7   worked everything out?

 8        **MR. SAVERI:**  Yeah, I think we're fine.  I think we're

 9   fine.

10        **THE COURT:**  All right.  I'm going to write that down.

11   "I think we're fine."

12                    (Laughter)

13        **ALL COUNSEL:**  Thank you, Your Honor.

14        **THE COURT:**  Thank you.

15             (Proceedings adjourned at 1:46 p.m.)

16                    ---oOo---

## CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   Monday, July 13, 2015

_____
Rhonda L. Aquilina, CSR No. 9956, RMR, CRR
Court Reporter

## CERTIFICATE OF SERVICE

I certify that, on November 3, 2017, I caused a copy of the foregoing document to be served via the Court's ECF system on all Counsel who have appeared in the case.

/s/ Thomas A Doyle
_____

Thomas A. Doyle