**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In Re Broiler Chicken Antitrust Litigation | Case No.: 16 C 8637<br><br>Judge Thomas Durkin |

**MOTION FOR REASSIGNMENT BASED ON RELATEDNESS
PURSUANT TO LOCAL RULE 40.4**

Plaintiffs, Sysco Corporation in 18-cv-700, and US Foods, Inc. in 18-cv-702, by and through their undersigned counsel, pursuant to Local Rule 40.4, respectfully move this Court for reassignment of their cases based on relatedness, and in support thereof, Plaintiffs state as follows:

1. Plaintiffs Sysco Corporation and US Foods, Inc., seek that this Court transfer the cases of Sysco Corporation v. Tyson Foods, Inc., 18-cv-700, and US Foods, Inc. v. Tyson Foods Inc., 18-cv-702, pursuant to Local Rule 40.4 based on a finding of relatedness.

**I.      LR 40.4(c)**

2. LR 40.4(c) directs that the "motion shall be filed in the lowest-numbered case of the claimed related set and noticed before the judge assigned to that case."

3. LR 40.4(c) directs the party filing the motion to attach a copy of the complaint from the case thought to be related.  The Sysco complaint in 18-cv-700 is attached hereto as Exhibit 1, and the US Foods, Inc. complaint in 18-cv-702 is attached hereto as Exhibit 2.

4. Finally, LR 40.4(c) provides that a "motion for reassignment based on relatedness may be filed by any party to a case," and directs the party filing the motion to: (1) set forth point of commonality of the cases in sufficient detail to indicate that the cases are related within the

1

meaning of sections (a), and (2) indicate the extent to which the conditions required by section (b) will be met if the cases are found to be related."

## II.   LR 40.4(a)

5.   Pursuant to LR 40.4(a), two or more civil cases may be related if, ". . . (2) the cases involve the same issues of fact or law;" or, "(3) the cases grow out of the same transaction or occurrence."

6.   The present case, those already found to be related,[1] and the newly filed Sysco Corporation and US Foods, Inc. cases, 18-cv-700 and 18-cv-702, are all related because all involve many of the same issues of fact and law and grow out of the same basic occurrence.

7.   The present case and the related litigations allege the "Defendants conspired to fix chicken prices higher than the market would naturally support, in violation of the Sherman Act § 1 and state law."  Dkt. 541, p.1.

8.   Moreover, while the Defendants somewhat vary from case to case, the Defendants in the complaints attached as Exhibit 1 and 2, and most of the Defendants in the present matter and related litigations are nearly identical.  And the Defendants named in Plaintiffs' action overlap almost exactly with those named in case No. 17-cv-8850, which was already found to be related.

---

[1] According to the Court's memorandum opinion of November 20, 2017, Dkt. 541, p. 1, related cases include 16-cv-9421, 16-cv-8931, 16-cv-8851, 16-cv-9007, 16-cv-9490, 16-cv-8737, 16-cv-7176, 16-cv-9589, 16-cv-9684, 16-cv-8874, 16-cv-9912, and 16-cv-9900.  In a January 3, 2018 minute entry, Dkt. 584, the Court granted the plaintiffs' motion to reassign Case No. 17-cv-8850, *Affiliated Foods, Inc., et al. v. Claxton Poultry Farms, Inc., et al.* to this action.   And, according to the Court's January 23, 2018 minute entry, Dkt. 630, the Court made a recommendation to the Executive Committee that 18-cv-0245, *Winn-Dixie Stores, Inc. v. Koch Foods, Inc., et al.* "be reassigned as related to this action."

9.  The same law and authorities apply to Sherman Act claims and relate to the same core of operative fact surrounding the alleged conspiracy.

## III.  **LR 40.4(b)**

10. Pursuant to LR 40.4(b), this Court may reassign <u>Sysco Corporation v. Tyson Foods, Inc. et al.</u>, 18-cv-700 and <u>US Foods, Inc. v. Tyson Foods, Inc., et al.</u>, if they are related to the present lawsuit under LR 40.4(a), "and each of the following criteria is met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case had not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding."

11. Aside from the cases sought to be reassigned, all of the aforementioned litigation is pending in the Northern District of Illinois before Judge Durkin.

12. The Court can save substantial time and effort by, among other things, coordinating discovery issues and briefing.

### CONCLUSION

WHEREFORE Plaintiffs Sysco Corporation and US Foods, Inc., respectfully request that this Honorable Court grant their motion for reassignment based on relatedness pursuant to Northern District of Illinois Local Rule 40.4.

Respectfully submitted,

SYSCO CORPORATION                                 US FOODS, INC.

By:    /s Jared S. Kosoglad                       By:    /s/ Daryl M. Schumacher

Jared S. Kosoglad (6286633)                       Daryl M. Schumacher (6244815)
JARED S. KOSOGLAD, PC                             KOPECKY SCHUMACHER ROSENBURG PC
223 W. Jackson Blvd.                              120 N. LaSalle St
Suite 200                                         Suite 2000
Chicago, IL 60606                                 Chicago, IL 60602
Tel: (312) 513-6000                               Tel: (312) 380-6556
jared@jaredlaw.com                                dschumacher@ksrpc.com

Scott E. Gant                                     Scott E. Gant
Jonathan M. Shaw                                  Jonathan M. Shaw
Kyle Smith                                        Kyle Smith
BOIES SCHILLER FLEXNER LLP                        BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW                          1401 New York Avenue, NW
Washington, DC 20005                              Washington, DC 20005
Tel:  (202) 237-2727                              Tel:  (202) 237-2727
Fax: (201) 237-6131                               Fax: (201) 237-6131
Email: sgant@bsfllp.com                           Email: sgant@bsfllp.com

## CERTIFICATE OF SERVICE

The undersigned attorney, on oath, states that a copy of the foregoing pleading was served on all of the attorneys of records via the Court's electronic filing system.

/s Jared S. Kosoglad