UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>This Document Relates To: All Actions | Case No. 1:16-cv-08637<br><br>Magistrate Judge Jeffrey T. Gilbert |

## ORDER

Tyson Defendants' Motion for Protective Order to Preclude Non-Parties' Production of Documents as to Non-Custodians [725] is denied without prejudice. See Statement for further details.

## STATEMENT

This matter is before the Court on Tyson Defendants' Motion for Protective Order to Preclude Non-Parties' Production of Documents as to Non-Custodians [725]. Tyson Defendants seek a protective order to prevent non-party AT&T from producing documents, specifically telephone records for telephone numbers purportedly used by three former Tyson executives, pursuant to a subpoena to be served upon AT&T by Plaintiffs. Tyson Defendants argue that the subpoenaed telephone records are irrelevant and that allowing Plaintiffs to serve their subpoena would impose upon Tyson Defendants an undue burden because they would have to review the subpoenaed records, potentially review other records relating to the three former Tyson executives, and defend against likely follow-up discovery.

The Federal Rules of Civil Procedure allow for liberal discovery. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Under Rule 26, "[p]arties may obtain regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." FED. R. CIV. P. 26(b)(1). Nonetheless, under Rule 26(c)(1), a court has the broad authority to enter a protective order to limit discovery "for good cause shown ... to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." FED. R. CIV. P. 26(c)(1). The burden to show good cause is on the party seeking the order. *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994). Conclusory statements are not sufficient. *See Zenith Electronics Corp. v. Exzec, Inc.*, 1998 WL 9181, at *8 (N.D. Ill. Jan. 5, 1998); 8 C. Wright & A. Miller, Federal Practice and Procedure § 2035 (1970). So, the Court must decide whether Tyson Defendants have shown good cause for the protective order they want the Court to enter.

The Court has reviewed the parties' submissions and concludes that Tyson Defendants have not shown good cause for entry of a protective order under Federal Rule of Civil Procedure 26(c).

1

Plaintiffs appear to seek what may be relevant information that is proportionate in scope and timing. On a sliding scale, the Court acknowledges that Plaintiffs seem to have made more of a showing of relevance as to telephone calls made by the late Don Tyson than they have done with respect to John Tyson or Archie Schaffer. But parsing relevance with respect to a relatively focused third-party subpoena this early in the case in the face of the threshold showing Plaintiffs have made and in the context of an objection by a party required to do nothing directly in response to the subpoena can be a perilous task.

Further, and importantly, Tyson Defendants have not shown that Plaintiffs' subpoena to AT&T would impose any specific or substantial burden on them at this time. Rather, Tyson Defendants' burden argument is more diffuse and ephemeral. The burden on Tyson Defendants as a result of AT&T producing documents in response to Plaintiffs' subpoena is, in the general scheme of things, relatively minor, even if Tyson Defendants have to review the documents produced and do some internal vetting and investigation secondary to whatever those documents might show. It does not, in the Court's view, constitute good cause for the issuance of a protective order at this juncture. Also, to the extent certain of the phone numbers flagged by Plaintiffs are not even associated with Tyson or any of its three former executives as Tyson Defendants seem to say in their Reply memorandum, the burden argument pales to de minimis for that aspect of Plaintiffs' subpoena.

In addition, Tyson Defendants' argument that production of the AT&T phone records "will almost certainly spawn yet more discovery" in the future ([ECF No. 773, at 6]) does not translate into good cause to block the third-party discovery Plaintiffs actually are seeking now. If Plaintiffs seek additional discovery from Tyson Defendants in the future because of the phone records Plaintiffs may receive from AT&T, and that additional discovery runs afoul of the requirements of Rule 26(b)(1), then the Court can address that particular discovery at that time and evaluate it in context and on the merits rather than on the basis of speculation and supposition about what that future discovery might entail.

Finally, the Court concludes that Plaintiffs did not waive their ability, as Tyson Defendants argue, to seek this information. The Court understands Tyson Defendants believe they were whipsawed by Plaintiffs when they agreed to produce certain information last year or agreed to particular custodians only to have Plaintiffs seemingly go back on what Tyson Defendants believed to be a negotiated compromise to a discovery dispute that had been put to bed. The Court does not read the relevant emails that way. *See* [ECF No. 754-2] ("[Plaintiffs] obviously reserve all rights as discovery proceeds, and in turn, we understand Tyson reserves all rights."). In any event, Plaintiffs present a credible argument that their thinking may have evolved after they obtained additional information. In short, the Court does not see any major unfairness here.

For all of these reasons, Tyson Defendants' Motion for Protective Order to Preclude Non-Parties' Production of Documents as to Non-Custodians [725] is denied without prejudice to Tyson Defendants' ability to oppose any future discovery directed to them by Plaintiffs that may grow out of the information produced pursuant to Plaintiffs' subpoena to AT&T.

It is so ordered.

2

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: April 13, 2018