IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAPLEVALE FARMS, INC., individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br> v.<br><br>KOCH FOODS, INC., et al.,<br><br>  Defendants. | Case No. 16-cv-08637<br><br>Honorable Thomas M. Durkin |
| ACTION MEAT DISTRIBUTORS, INC., et al.,<br><br>  Plaintiffs,<br><br> v.<br><br>NORMAN W/ FRIES, INC., d/b/a CLAXTON POULTRY FARMS, et al.,<br><br>  Defendants. | Case No. 18-cv-03471<br><br>Honorable Marvin E. Aspen |

**PLAINTIFFS' UNOPPOSED MOTION PURSUANT
TO LOCAL RULE 40.4 TO REASSIGN CASE AS RELATED**

Pursuant to Northern District of Illinois Local Rule 40.4, Plaintiffs ACTION MEAT DISTRIBUTORS, INC., ASSOCIATED FOOD STORES, INC., BASHAS' INC., CERTCO, INC., DiCARLO DISTRIBUTORS, INC., IRA HIGDON GROCERY COMPANY, INC., NICHOLAS & CO., INC., PACIFIC AGRI-PRODUCTS, INC., PACIFIC FOOD DISTRIBUTORS, INC., TROYER FOODS, INC., URM STORES, INC., and WEINSTEIN WHOLESALE MEATS, INC. (collectively "Plaintiffs") respectfully move to reassign their related individual, direct purchaser case to the Honorable Thomas M. Durkin, who is presiding over the above-captioned action, *Maplevale Farms, Inc., et al., v. Koch Foods, Inc., et al.,* 16-cv-

08637 (N.D. Ill.)("*Maplevale*"), now known collectively with other reassigned cases as *In Re: Broiler Chickens Antitrust Litigation*. Defendants in the *Maplevale* and *Action Meat* cases do not oppose reassignment of the *Action Meat* case to Judge Durkin.

## INTRODUCTION

1. On September 2, 2016, the *Maplevale* case was filed in this District on behalf of a proposed class of direct purchasers of chickens. Since then, numerous other direct purchaser cases have been filed with similar allegations against Defendants.[1] The direct purchaser complaints generally alleged that Defendants engaged in a conspiracy to increase the prices of chicken by reducing supply in violation of federal antitrust laws.

2. On October 5, 2016, after a hearing, Judge Durkin granted various motions to reassign and relate several of the later-filed cases to the *Maplevale* case. On a later date, the remaining direct purchaser cases were also related to the *Maplevale* case and reassigned to Judge Durkin.

3. On May 16, 2018, the *Action Meat Distributors, Inc. et al., v. Norman W. Fries, Inc., d/b/a Claxton Poultry Farms*, 18-cv-03471 ("*Action Meat*") case was filed by Plaintiffs in the Northern District of Illinois. *See* Exhibit A attached. The *Action Meat* complaint makes similar allegations to the other direct purchaser cases that have been previously related to the *Maplevale* action (although it is an individual, non-class case, and not a class action).

4. The difference between the *Maplevale* and *Action Meat* complaints is that the *Action Meat* Plaintiffs are bringing the case on their own behalf as direct purchasers, and not as

---

[1] *See, e.g.*, *John Gross and Company, Inc. v. Koch Foods, Inc. et al.,* No. 16-cv-08737; *Fargo Stopping Center, LLC et al. v. Koch Foods, Inc. et al.,* No. 16-cv-08851; *Ferraro Foods, Inc. v. Koch Foods, Inc., et al.,* 16-cv-09684; and *Joe Christiana Food Distributors, Inc. v. Koch Foods, et al.,* 16-cv-09900.

part of a class. The *Maplevale* complaint alleges claims on behalf of a proposed class of direct purchasers, while the *Action Meat* Plaintiffs make similar allegations on their own behalves.

5.  Pursuant to Local Rule 40.4, the *Action Meat* case should be reassigned to Judge Durkin who presides over the earliest numbered case.

## ARGUMENT

Reassignment under Local Rule 40.4 provides for a case to be reassigned to another judge "if it is found to be related to an earlier-number case" and certain criteria are met. Local Rule 40.4(b). First, the moving party must establish that the cases are related, by demonstrating: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same. Local Rule 40.4(a).

Second, if related, a case may be reassigned to the calendar of a judge hearing an earlier numbered case only if: (1) both cases are pending in this District; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to substantially delay the proceedings in the earlier case; and (4) the cases are susceptible of disposition in a single proceeding.[2] Here, reassignment is appropriate because these antitrust lawsuits meet the requirements of Local Rule 40.4(a) and (b).

### A. The Lawsuits Are Related Under Local Rule 40.4(a)

Rule 40.4(a) sets out four alternative conditions under which lawsuits may be deemed related. Two of the four conditions are satisfied here. First, the *Maplevale* and *Action Meat* lawsuits satisfy Rule 40.4(a)(3) because they each allege claims based on the same transaction or

---

[2] The *Action Meat* Plaintiffs are not, and will not be, seeking consolidation of their case with the *Maplevale* case.

occurrence—a conspiracy among Defendants to artificially reduce or suppress chicken supply and raise chicken prices. Second, the lawsuits satisfy Rule 40.4(a)(2) because they involve some of the same issues of fact or law, such as, among other things:

1. Whether Defendants and their co-conspirators engaged in an agreement, combination, or conspiracy to fix, raise, elevate, maintain, or stabilize prices of chicken sold in interstate commerce in the United States;

2. Whether the alleged conspiracy violated the Sherman Act;

3. Whether the conduct of Defendants and their co-conspirators caused injury to the business or property of the Plaintiffs; and

4. Whether Plaintiffs are entitled to, among other things, damages.

Accordingly, this suit should be deemed related to the *Maplevale* action and reassigned to Judge Durkin.

### B. The Lawsuit Satisfies the Criteria Set Forth in Local Rule 40.4(b)

All four requirements of Local Rule 40.4(b) are also met. First, both cases are proceeding in the Northern District of Illinois. Second, because Judge Durkin (and Magistrate Judge Jeffrey T. Gilbert) have been handling the *Maplevale* case for over a year, having the *Action Meat* case reassigned to those judges will save judicial time and effort in that they are already familiar with the relevant allegations and controlling law (*see, e.g.*, Memorandum Opinion and Order on Defendants' Motions to Dismiss, Dkt. 541).

Third, reassigning the *Action Meat* case to Judge Durkin will not substantially delay the proceedings in the *Maplevale* case, as the *Action Meat* Plaintiffs are agreeable to having the scheduling orders applicable in the *Maplevale* action, with slight variations to account for the May 2018 filing date of the *Action Meat* action, apply to their case. Finally, because the *Action Meat* and *Maplevale* cases involve similar claims and defenses, and will likely involve duplicative discovery of the parties and non-parties, the two actions are susceptible of disposition

in a single proceeding (which already involves multiple proposed classes of purchasers at various levels of the distribution chain).

## CONCLUSION

Pursuant to Local Rule 40.4, Plaintiffs ACTION MEAT DISTRIBUTORS, INC., ASSOCIATED FOOD STORES, INC., BASHAS' INC., CERTCO, INC., DiCARLO DISTRIBUTORS, INC., IRA HIGDON GROCERY COMPANY, INC., NICHOLAS & CO., INC., PACIFIC AGRI-PRODUCTS, INC., PACIFIC FOOD DISTRIBUTORS, INC., TROYER FOODS, INC., URM STORES, INC., and WEINSTEIN WHOLESALE MEATS, INC. respectfully request that their case, *Action Meat Distributors, Inc. et al., v. Norman W. Fries, Inc., d/b/a Claxton Poultry Farms*, 18-cv-03471, be reassigned to Judge Durkin, who is currently presiding over the earliest-numbered case.

Dated: May 30, 2018                                     Respectfully submitted,


By: */s/ Eric R. Lifvendahl*
      One of the Attorneys for Plaintiffs

Eric R. Lifvendahl, ARDC#6211539
WILLIAMS MONTGOMERY & JOHN LTD.
233 South Wacker Drive – Suite 6800
Chicago, IL 60606-6359
T: 312/443-3200 / F: 312/630-8500
Email: erl@willmont.com

**KAPLAN FOX & KILSHEIMER LLP**
Robert N. Kaplan
Matthew P. McCahill
850 Third Avenue, 14th Floor
New York, New York 10022
Tel: (212) 687-1980
Email: rkaplan@kaplanfox.com
Email: mmccahill@kaplanfox.com

**HAJJAR PETERS, LLP**
Johnny K. Merritt
3144 Bee Cave Road
Austin, Texas 78746
Tel: (512) 637-4956
Email: jmerritt@legalstrategy.com

**THE COFFMAN LAW FIRM**
Richard L. Coffman
First City Building
505 Orleans Street, Fifth Floor
Beaumont, Texas 77701
Tel: (409) 833-7700
Email: rcoffman@coffmanlawfirm.com

**CERA LLP**
Solomon B. Cera
595 Market Street, Suite 2300
San Francisco, California 94105
Tel: (415) 777-2230
Email: scera@cerallp.com

**CERA LLP**
C. Andrew Dirksen
800 Boylston St., 16th Floor
Boston, Mass. 02199
Tel: (857) 453-6555
Email: cdirksen@cerallp.com