**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION* <br><br> This Document Relates To: <br> Direct Purchaser Actions | Case No. 1:16-cv-08637 <br><br> Hon. Thomas A. Durkin <br><br> Magistrate Judge Jeffrey T. Gilbert |

**DIRECT PURCHASER PLAINTIFFS' MOTION TO APPROVE A PLAN OF NOTICE OF SETTLEMENT WITH DEFENDANT FIELDALE FARMS CORPORATION**

877042.1

Pursuant to this Court's August 18, 2017 Order Preliminarily Approving Proposed Settlement Between Direct Purchaser Plaintiff Class And Fieldale Farms Corporation And Conditionally Certifying The Proposed Settlement Class (ECF No. 462, hereinafter referred to as "MFPA Order"), the Direct Purchaser Plaintiffs ("DPPs") respectfully move this Court for an order approving a plan of notice of the Fieldale Farms settlement.

I.  INTRODUCTION

In granting preliminary approval to the settlement in August 2017, the Court permitted DPPs to defer disseminating notice to the class until further developments in the litigation. DPPs believe that providing notice of the Fieldale Farms settlement now is in the best interest of the Settlement Class Members and the ongoing litigation. Since the time the Court entered its preliminary approval order, class members have learned about the lawsuit through other sources including media reports, subpoenas by Defendants and others, and third-party solicitations. These developments have prompted class member questions regarding the lawsuit, and DPP Class Counsel believe these questions may most reliably be answered in a Court-approved notice containing accurate information. DPPs plan of notice should be approved because it comports with due process and Federal Rule of Civil Procedure ("Rule 23") by providing direct and publication notice to Class Members, which contains the necessary information to apprise Class Members of the nature of the action, the terms of the settlement, and their rights thereunder. The notice provider is highly experienced in handling class notice and will use the resources at its disposal to insure the accuracy and effectiveness of the notice. As such, DPPs respectfully request that this Court approve the plan of notice described herein and schedule the final settlement approval process.

**II.     LEGAL STANDARD**

Rule 23(e) requires that prior to final approval, notice of a proposed settlement be given in a reasonable manner to all class members who would be bound by such a settlement. For a class proposed under Rule 23(b)(3), whether litigated or by virtue of a settlement, Rule 23(c)(2)(B) states:

> The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

The form of notice is "adequate if it may be understood by the average class member." 4 *Newberg on Class Actions* § 11.53 (4th ed. 2002) ("*Newberg*").

Notice to class members must be "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Amchem Prods.*, 521 U.S. at 617 (quoting Fed. R. Civ. P. 23(c)(2)); *City of Greenville v. Syngenta Crop Prot.*, No. 3:10-cv-188, 2012 WL 1948153, at *4 (S.D. Ill. May 30, 2012) (same). Notice should be mailed to members who can be identified through reasonable effort, and other members should be notified by publication. *City of Greenville*, 2012 WL 1948153 at *4; *see Stoller v. Baldwin-United Corp.*, 650 F. Supp. 341, 343–44 (S.D. Ohio 1986) (approving combination of mailing and publication).

### III. PROPOSED NOTICE OF THE FIELDALE FARMS CORPORATION SETTLEMENT

DPPs propose to the Court a plan of notice which, comports with due process and provides reasonable notice to all known and reasonably identifiable customers of Defendants pursuant to Rule 23.

The class notice documents consisting of the summary publication notice, email notice, and a long form notice comply with the requirements of Rule 23(c)(2)(B). (The proposed summary, email, and long form notices are attached to the Declaration of Bobby Pouya as Exhibits "A" "B" and "C" respectively.) The notice documents define the class,[1] describe the nature of the action, summarize the class claims, and explain the procedure for requesting exclusion from the settlement class and objecting to the proposed settlement. The notice documents describe the terms of the settlement with Defendant Fieldale Farms Corporation,[2] and inform the Settlement Class Members that there is no plan of distribution at this time to qualifying Class Members. The notice documents provide the date, time and place of the final approval hearing, and informs class members that they need not enter an appearance through counsel, but may do so if they choose. The notice documents also inform Settlement Class

---

[1] This Court has already certified the settlement Class in the MFPA Order as: "All persons who purchased Broilers directly from any of the Defendants or any co-conspirator identified in this action, or their respective subsidiaries or affiliates for use or delivery in the United States from at least as early as January 1, 2008 until the date of this Preliminary Approval Order. Specifically excluded from this Class are the Defendants, the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded from this Class are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, and any co-conspirator identified in this action." MFPA Order, ECF No. 462, p. 2.

[2] A true and correct copy of the Settlement Agreement Between Plaintiffs And Fieldale Farms fully executed on July 27, 2017, was attached to the Declaration of W. Joseph Bruckner as Exhibit "A" and filed concurrently with the Motion for Preliminary Approval of settlement (ECF No. 447-2).

Members how to exercise their rights to participate in, opt out of, or object to the proposed settlement, how to make informed decisions regarding the proposed settlement, and tell class members that the settlement will be binding upon them if they do not opt out.

Plaintiffs' proposed plan to disseminate notice also comports with due process and Rule 23. The plan includes: (1) direct notice by U.S. mail and email to each class member who can be identified by reasonable effort, including but not limited to Defendants' customer lists; (2) publication of the summary notice in industry-related mailed and digital media; and (3) the posting of both forms of notice on a public website. Plaintiffs have retained JND Legal Administration ("JND"), an experienced national class action notice provider and claims administrator, to assist with class notice for this settlement.[3] JND has experience administering numerous settlements, including antitrust class actions. Its services include designing and executing class notice plans, handling settlement funds escrow and reporting, class member data management, legal notification, call center support, and claims administration. *See* Declaration of Jennifer M. Keough, filed herewith, ¶¶ 2-3, Exh. A.

Since the class members in this case directly purchased Broiler chickens from Defendants, DPPs expect to obtain mailing addresses for the vast majority of class members from Defendants' customer lists, and will rely predominantly on direct mail and email "to all members who can be identified through reasonable effort." *Amchem Prods.*, 521 U.S. at 617 (quoting Fed. R. Civ. P. 23(c)(2)). The Defendants have agreed to produce their customer list data needed to efficiently disseminate notice in accordance with the Court's order. *See* Pouya Decl. ¶ 3, Exh. D.

---

[3] http://www.jndla.com

877042.1  5

Once JND receives the customer list data, it will analyze the data and conduct address research to verify the Settlement Class Members' mailing addresses, updating as necessary. Keough Decl. ¶ 7. JND will mail the Long Form Notice via first-class U.S. mail to those Settlement Class Members. *Id*. JND will also send the email notice to all Settlement Class Members for whom email addresses are provided in the class list data. *Id.* ¶ 8. The email notice will provide Class Members with an electronic link to the settlement website, where they can obtain more information including the long form notice and the Settlement Agreement. *Id*. This direct mail and email notice should reach the vast majority of class members. *Id.* ¶ 9.

JND further plans to supplement the direct mail and email notice via publication notice. This will include both print and digital media components. Suggested print publications include the Shelby Report, Progressive Grocer, Meat + Poultry, Poultry Times, Frozen & Refrigerated, Supermarket News, and Grocery Headquarters. The print ads are expected to be included in a single issue of each of the publications. Keough Decl. ¶ 10. Suggested digital media publications include the Shelby Report, Progressive Grocer, Meat + Poultry, Poultry Times, Supermarket News, Grocery Headquarters, and Fast Casual. The digital ads are expected to run on these websites for one month. *Id.* ¶ 11.

JND will also host an informational website with a memorable domain name, providing additional information and documents, and a toll-free number for frequently asked questions and requests for mailing of further information. Keough Decl. ¶ 12. The website and call center will be available in both English and Spanish. *See id*.

Class Counsel submits that this proposed Notice goes above and beyond the requirements imposed by Fed. R. Civ. P. 23(c)(2) and 23(e) and constitutes the best notice practicable under

the circumstances, and thus should be approved. *See City of Greenville*, 2012 WL 1948153, at *4 (quotation omitted).

## IV. THE COURT SHOULD SCHEDULE A FINAL APPROVAL HEARING

The last step in the settlement approval process is the final approval hearing, at which the Court may hear all evidence necessary to evaluate the proposed settlement. At that hearing, proponents of the settlement may explain and describe its terms and conditions and offer argument in support of the settlement approval, and members of the Settlement Class or their counsel may be heard in support of or in opposition to the settlement. DPPs propose the following schedule of events necessary for a hearing on final approval of the settlement.

| DATE | EVENT |
| --- | --- |
| Within 30 days of the order approving a notice plan | Defendants to produce customer contact information to Plaintiffs and Settlement Administrator |
| Within 60 days of the approval of a notice plan | Settlement Administrator to provide direct mail and email notice, and commence the publication notice plan |
| 60 days after the mailing of Notice | Last day for Settlement Class Members to request exclusion from the Settlement Class and for Settlement Class Members to object to the settlement |
| 10 days after last day to request exclusion from the settlement | Class Counsel shall file with the Court a list of all persons and entities who have timely requested exclusion from the Settlement Class |
| 14 days before Fairness Hearing | Class Counsel shall file motion for final approval of settlement and all supporting papers, and Class Counsel and settling defendant Fieldale Farms may respond to any objections to the proposed settlement. |
| No sooner than 45 days after the deadline to opt out | Final Settlement Fairness Hearing |

## V. CONCLUSION

For the above stated reasons, DPPs respectfully request that the Court approve the proposed notice plan and final approval schedule for the Fieldale settlement.

Dated: June 5, 2018

Respectfully submitted,

*/s/ Steven A. Hart*
Steven Hart (#6211008)
Brian Eldridge (#6281336)
Kyle Pozan (#6306761)
HART MCLAUGHLIN & ELDRIDGE, LLC
121 West Wacker Drive, Suite 1050
Chicago, IL 60601
T: (312) 955-0545
F: (312) 971-9243
shart@hmelegal.com
beldridge@hmelegal.com
kpozan@hmelegal.com

*Direct Purchaser Plaintiffs Interim Liaison Class Counsel*

W. Joseph Bruckner
Elizabeth R. Odette
Brian D. Clark
Simeon A. Morbey
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
T: (612) 339-6900
F: (612) 339-0981
wjbruckner@locklaw.com
erodette@locklaw.com
bdclark@locklaw.com
samorbey@locklaw.com

Bruce L. Simon
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
T: (415) 433-9000
F: (415) 433-9008
bsimon@pswlaw.com

Clifford H. Pearson
Bobby Pouya
Michael H. Pearson
PEARSON SIMON & WARSHAW, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 92403
T: (818) 788-8300
F: (818) 788-8104
cpearson@pswlaw.com
mpearson@pswlaw.com
bpouya@pswlaw.com

*Direct Purchaser Plaintiffs Interim Co-Lead Class Counsel*