# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>This Document Relates To:<br>Direct Purchaser Actions | Case No. 1:16-cv-08637<br><br>Hon. Thomas A. Durkin<br><br>Magistrate Judge Jeffrey T. Gilbert |

### DECLARATION OF BOBBY POUYA IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION TO APPROVE A PLAN OF NOTICE OF SETTLEMENT WITH DEFENDANT FIELDALE FARMS CORPORATION

Bobby Pouya declares:

1.     I am an attorney with Pearson, Simon & Warshaw, LLP co-lead counsel for Direct Purchaser Plaintiffs.  I make this declaration in support of Direct Purchaser Plaintiffs' Motion to Approve a Plan of Notice of Settlement With Defendant Fieldale Farms Corporation. The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2.     Co-Lead Counsel worked with the Settlement Administrator JND Legal Administration to develop the notice plan and the draft the notice documents in this lawsuit.  The notice documents provide the necessary information for class members to understand the lawsuit, settlement terms, and exercise their rights thereunder.  Attached to this declaration are true and correct copies of the proposed following proposed notice documents: Summary Publication Notice (Exhibit A), Email Notice (Exhibit B), and Long Form Notice (Exhibit C).

3.     The goal of the notice plan was to maximize the reach to class members by providing direct mail and email notice to all class members for which Defendants have contact information.  In order to implement the notice plan Direct Purchaser Plaintiffs co lead counsel requested that Defendants produce their customer lists and contact information on two occasions. In response Defendants advised that they would produce the class member contact information pursuant to a Court order and approval of a notice plan.  The parties' communications regarding the production of customer contact information is attached hereto as Exhibit D.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed June 4, 2018, at Sherman Oaks, California.

_____
Bobby Pouya

# EXHIBIT A

**COURT-APPROVED LEGAL NOTICE**

**If you purchased Broiler chicken directly from a Broiler Chicken Producer for use or delivery in the United States from January 1, 2008 through August 18, 2017, a class action settlement may affect your rights.**

*Para una notificacion in español, llame gratis al 1-866-552-1178*
*o visite nuestro website www.broilerchickenantitrustlitigation.com.*

A settlement has been proposed between Direct Purchaser Plaintiffs and Fieldale Farms Corporation in a class action antitrust lawsuit about Broiler chickens sold in the United States between January 1, 2008 and August 18, 2017. This Court-ordered notice may affect your rights. Please review and follow the instructions carefully.

The United States District Court for the Northern District of Illinois authorized this notice. Before any money is paid, the Court will hold a hearing to decide whether to approve the Settlement.

**WHO IS INCLUDED?**

For settlement purposes, Class Members are defined as all persons who purchased Broilers directly from any of the Defendants or any co-conspirator identified in this action, or their respective subsidiaries or affiliates, for use or delivery in the United States from at least as early as January 1, 2008 until August 18, 2017. If you are not sure you are included, you can get more information, including a detailed notice, at www.broilerchickenantitrustlitigation.com or by calling toll-free 1-866-552-1178.

Specifically excluded from the Class are the Defendants; the officers, directors, or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir, or assign of any Defendant. Also excluded from the Class are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, and any co-conspirator identified in this action.

**WHAT IS THIS ABOUT?**

The lawsuit claims that Broiler chicken producers including Fieldale Farms combined and conspired in restraint of trade, the purpose and effect of which was to suppress competition and allow them to charge supra-competitive prices for Broilers during the Class Period, in violation of federal law. Fieldale Farms vigorously and affirmatively denies it did anything wrong, and denies that it in any way conspired with competitors to restrain trade or suppressed competition to charge supra-competitive prices. The Court did not decide which side was right, but both sides agreed to the Settlement to resolve the case. The case is still proceeding on behalf of the Direct Purchaser Plaintiffs against all other Defendants.

**WHAT DOES THE SETTLEMENT PROVIDE?**

Fieldale Farms will pay $2,250,000 as a monetary payment. In addition to this monetary benefit, as part of the Settlement Agreement Fieldale Farms has also agreed to cooperate in good faith with Direct Purchaser Plaintiffs and Settlement Class Counsel in regard to the ongoing litigation against the non-settling Defendants. This cooperation includes producing relevant documents, making current or former employees available for interviews and depositions, and providing a description of certain facts known to Fieldale that the Direct Purchaser Plaintiffs contend are relevant to the conduct at issue in the litigation. Class Counsel are not seeking to recover attorneys' fees and do not plan for distribution of settlement proceeds to the Class Members at this time, but may do so at a future date subject to further notice.

**WHAT ARE YOUR RIGHTS AND OPTIONS?**

You do not need to take any action to remain a Class Member and be bound by the Settlement. As a Class Member, you may be able to participate in any future settlement or judgment obtained by Direct Purchaser Plaintiffs against other Defendants in the case. If you don't want to be legally bound by the Settlement, you must exclude yourself by [**DATE**], or you won't be able to sue or continue to sue Fieldale Farms about the legal claims in this case. If you exclude yourself, you can't get money from the Settlement. If you stay in the Settlement, you may object to it by [**DATE**]. The detailed notice explains how to exclude yourself or object. Details may also be found on the FAQs page of the settlement website. The Court will hold a hearing in this case (*In re: Broiler Chicken Antitrust Litigation*, Case No. 16-cv-08637) on [**DATE**] at [**Time**] to consider whether to approve the Settlement. You may ask to speak at the hearing, but you don't have to.

**This notice is only a summary. You can find more details about the Settlement at www.broilerchickenantitrustlitigation.com or by calling toll-free 1-866-552-1178. Please do not contact the Court.**

# EXHIBIT B

Subject Line: "Legal Notice re: Broiler Chicken Antitrust Litigation"

## COURT-APPROVED LEGAL NOTICE

**If you purchased Broiler chicken directly from a Broiler Chicken Producer for use or delivery in the United States from January 1, 2008 through August 18, 2017, a class action settlement may affect your rights.**

*Para una notificacion en español, llame gratis al 1-866-552-1178*
*o visite nuestro website* www.broilerchickenantitrustlitigation.com

A settlement has been proposed between Direct Purchaser Plaintiffs and Fieldale Farms Corporation in a class action antitrust lawsuit about Broiler chickens sold in the United States between January 1, 2008 and August 18, 2017. This Court-ordered notice may affect your rights. Please review and follow the instructions carefully.

The United States District Court for the Northern District of Illinois authorized this notice. Before any money is paid, the Court will hold a hearing to decide whether to approve the Settlement.

### WHO IS INCLUDED?

For settlement purposes, Class Members are defined as all persons who purchased Broilers directly from any of the Defendants or any co-conspirator identified in this action, or their respective subsidiaries or affiliates, for use or delivery in the United States from at least as early as January 1, 2008 until August 18, 2017. If you are not sure you are included, you can get more information, including a detailed notice, at www.broilerchickenantitrustlitigation.com or by calling toll-free 1-866-552-1178.

Specifically excluded from the Class are the Defendants; the officers, directors, or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir, or assign of any Defendant. Also excluded from the Class are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, and any co-conspirator identified in this action.

### WHAT IS THIS ABOUT?

The lawsuit claims that Broiler chicken producers including Fieldale Farms combined and conspired in restraint of trade, the purpose and effect of which was to suppress competition and allow them to charge supra-competitive prices for Broilers during the Class Period, in violation of federal law. Fieldale Farms vigorously and affirmatively denies it did anything wrong, and denies that it in any way conspired with competitors to restrain trade or suppressed competition to charge supra-competitive prices. The Court did not decide which side was right, but both sides agreed to the Settlement to resolve the case and get benefits to the Class. The case is still proceeding on behalf of the Direct Purchaser Plaintiffs against all other Defendants.

### WHAT DOES THE SETTLEMENT PROVIDE?

Fieldale Farms will pay $2,250,000 as a monetary payment. In addition to this monetary benefit, as part of the Settlement Agreement Fieldale Farms has also agreed to cooperate in good faith with Direct Purchaser Plaintiffs and Settlement Class Counsel in regard to the ongoing litigation against the non-settling Defendants. This cooperation includes producing relevant documents, making current or former employees available for interviews and depositions, and providing a description of certain facts known to Fieldale that the Direct Purchaser Plaintiffs contend are relevant to the conduct at issue in the litigation. Class Counsel are not seeking to recover attorneys' fees and do not plan for distribution of settlement proceeds to the Class Members at this time, but may do so at a future date subject to further notice.

### WHAT ARE YOUR RIGHTS AND OPTIONS?

You do not need to take any action to remain a Class Member and be bound by the Settlement. As a Class Member, you

may be able to participate in any future settlement or judgment obtained by Direct Purchaser Plaintiffs against other Defendants in the case. If you don't want to be legally bound by the Settlement, you must exclude yourself by [**DATE**], or you won't be able to sue or continue to sue Fieldale Farms about the legal claims in this case. If you exclude yourself, you can't get money from the Settlement. If you stay in the Settlement, you may object to it by [**DATE**]. The detailed notice explains how to exclude yourself or object. Details may also be found on the FAQs page of the settlement website. The Court will hold a hearing in this case (*In re: Broiler Chicken Antitrust Litigation*, Case No. 16-cv-08637) on [**DATE**] at [**Time**] to consider whether to approve the Settlement. You may ask to speak at the hearing, but you don't have to.

**This notice is only a summary. You can find more details about the Settlement at www.broilerchickenantitrustlitigation.com or by calling toll-free 1-866-552-1178. Please do not contact the Court.**

# EXHIBIT C

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

# If you purchased Broiler chicken directly from a Broiler Chicken Producer for use or delivery in the United States from January 1, 2008 through August 18, 2017, a class action settlement may affect your rights.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A settlement has been reached in a class action antitrust lawsuit filed on behalf of Direct Purchaser Plaintiffs ("Plaintiffs") with Defendant Fieldale Farms Corporation ("Fieldale Farms" or "Settling Defendant"). This Settlement only applies to Fieldale Farms and does not dismiss claims against other Defendants in the case entitled *In re Broiler Chicken Antitrust Litigation*, N.D. Ill. Case No. 1:16-cv-08637.

- The Court has not decided whether Fieldale Farms did anything wrong, and Fieldale Farms denies any wrongdoing.

- If approved by the Court, the Settlement will resolve a lawsuit over whether Fieldale Farms combined and conspired in restraint of trade, the purpose and effect of which was to suppress competition and to allow Fieldale Farms and other Broiler chicken producers to charge supra-competitive prices for Broilers during the Class Period, in violation of federal law. If approved, the Settlement will avoid litigation costs and risks to Direct Purchaser Plaintiffs and Fieldale Farms, and will release Fieldale Farms from liability to the class of Direct Purchaser Plaintiffs.

- The Settlement requires Fieldale Farms to pay $2,250,000. In addition to this monetary payment, Fieldale Farms has agreed to cooperate in good faith with Direct Purchaser Plaintiffs in the ongoing litigation against the non-settling Defendants, including producing documents and other relevant information.

- Your legal rights are affected whether you act or don't act. Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **OBJECT** | Write to the Court about why you don't like the Settlement. Objections must be postmarked or received by [DATE]. |
| **ATTEND THE FAIRNESS HEARING** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | You will remain part of the Settlement, and you may participate in any monetary distribution to qualified purchasers. The Settlement will resolve your claims against Fieldale and you will give up your rights to sue Fieldale about the legal claims in this case. You will be bound by the judgment. |
| **ASK TO BE EXCLUDED** | This is the only option that allows you ever to be part of any *other* lawsuit against Fieldale Farms about the legal claims in this case. Requests for Exclusion must be postmarked or received by [DATE]. |

- **Questions? Read on and visit www.broilerchickenantitrustlitigation.com or call toll-free 1-866-552-1178.**

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** ...................................................................................................................Page 2
    1.  Why did I receive a notice?
    2.  What is this lawsuit about?
    3.  What is a class action, and who is involved?
    4.  Why is there a settlement?
    5.  What if you received previous communications regarding this lawsuit?

**WHO IS IN THE CLASS** ..................................................................................................................Page 4
    6.  Am I part of the Class?
    7.  Are there exceptions to being included?
    8.  I'm still not sure if I'm included.

**THE FIELDALE SETTLEMENT BENEFITS** .......................................................................................Page 4
    9.  What does the Fieldale Settlement provide?
    10. What are the Fieldale Settlement benefits being used for?
    11. What am I giving up by staying in the Settlement Class?
    12. What happens if I do nothing at all?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ........................................................................Page 5
    13. How do I exclude myself from the Fieldale Settlement?
    14. If I don't exclude myself, can I sue Fieldale Farms for the same thing later?

**OBJECTING TO THE SETTLEMENT** ...............................................................................................Page 5
    15. How do I tell the Court that I don't like the Settlement?
    16. What is the difference between excluding myself and objecting?

**THE LAWYERS REPRESENTING YOU** ...........................................................................................Page 6
    17. Do I have a lawyer in this case?
    18. How will the lawyers be paid?

**THE COURT'S FAIRNESS HEARING** ..............................................................................................Page 6
    19. When and where will the Court decide whether to approve the Settlement?
    20. Do I have to come to the hearing?
    21. May I speak at the hearing?

**GETTING MORE INFORMATION** ....................................................................................................Page 7
    22. How do I get more information about the Settlement?

## BASIC INFORMATION

| **1.  Why did I receive a notice?** |
|---|

All Defendants including Fieldale Farms produce Broiler chicken. Defendants' records show that you may have purchased Broiler chicken products directly from one or more of the Defendants for use and delivery in the United States between January 1, 2008 and August 18, 2017. The list of Defendants is in Section 2 below. The Court authorized this notice because you have a right to know about the proposed settlement of certain claims against Fieldale in this class action lawsuit and about your options before the Court decides whether to approve the class action settlement between Defendant Fieldale Farms and Direct Purchaser Plaintiffs ("Settlement"). If the Court approves it, and after objections and appeals are resolved, you will be bound by the judgment and terms of the Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

| **2.  What is this lawsuit about?** |
|---|

This class action is called *In re Broiler Chicken Antitrust Litigation*, N.D. Ill. Case No. 1:16-cv-08637 and is pending in the United States District Court for the Northern District of Illinois. U.S. District Court Judge Thomas M. Durkin is in charge of this class action.

Questions? Call the Settlement Administrator toll-free at 1-866-552-1178 or visit www.broilerchickenantitrustlitigation.com.

2

Direct Purchaser Plaintiffs allege that Defendants and their co-conspirators conspired and combined to fix, raise, maintain, and stabilize the price of Broilers, beginning at least as early as January 2008, and that their principal method for doing this was to coordinate their output and limit production, with the intent and expected result of increasing prices of Broilers in the United States, in violation of federal antitrust laws.

The Defendants and co-conspirators named in Direct Purchaser Plaintiffs' Second Consolidated Amended Complaint are producers of Broiler chicken and Broiler chicken products in the United States. The Defendants are: Fieldale Farms; Koch Foods, Inc.; JCG Foods of Alabama, LLC; JCG Foods of Georgia, LLC; Koch Meat Co., Inc.; Tyson Foods, Inc.; Tyson Chicken, Inc.; Tyson Breeders, Inc.; Tyson Poultry, Inc.; Pilgrim's Pride Corporation; Perdue Farms, Inc.; Perdue Foods LLC; Sanderson Farms, Inc.; Wayne Farms, LLC; Mountaire Farms, Inc.; Mountaire Farms, LLC; Mountaire Farms of Delaware, Inc.; Peco Foods, Inc.; Foster Farms, LLC; House of Raeford Farms, Inc.; Simmons Foods, Inc.; George's, Inc.; George's Farms, Inc.; O.K. Foods, Inc.; O.K. Farms, Inc.; O.K. Industries, Inc.; Claxton Poultry Farms, Inc.; Norman W. Fries, Inc.; Harrison Poultry, Inc.; Mar-Jac Poultry, Inc.; Mar-Jac Poultry MS, LLC; Mar-Jac Poultry AL, LLC; Mar-Jac AL/MS, Inc.; Mar-Jac Poultry, LLC; Mar-Jac Holdings, LLC; and their related entities.

Direct Purchaser Plaintiffs have reached a proposed settlement with one Defendant, Fieldale Farms, but the Direct Purchasers' case is proceeding against all other Defendants. If applicable, you will receive a separate notice regarding the progress of the litigation and any resolution of claims against other Defendants.

Settling Defendant Fieldale Farms vigorously and affirmatively denies all allegations of wrongdoing in this lawsuit and would allege numerous defenses to Plaintiffs' claims if the case against it were to proceed. Despite its belief that it is not liable for, and has strong defenses to, the Claims asserted by the Direct Purchaser Plaintiffs, Fieldale agreed to settle this action to avoid the further expense, inconvenience, disruption, and burden of this litigation and any other present or future litigation arising out of the facts that gave rise to this litigation, to avoid the risks inherent in uncertain complex litigation and trial, and thereby to put to rest this controversy.

## 3. What is a class action, and who is involved?

In a class action lawsuit, one or more people or businesses called class representatives sue on behalf of others who have similar claims, all of whom together are a "class." Individual class members do not have to file a lawsuit to participate in the class action Settlement, or be bound by the judgment in the class action. One court resolves the issues for everyone in the class, except for those who exclude themselves from the class.

## 4. Why is there a settlement?

The Court did not decide in favor of Direct Purchaser Plaintiffs or Fieldale Farms. Direct Purchaser Plaintiffs believe they may have won at trial and possibly obtained a greater recovery. Fieldale Farms believes the Direct Purchaser Plaintiffs may not have won at a trial. But trials involve risks to both sides, and therefore Direct Purchaser Plaintiffs and Fieldale Farms have agreed to a settlement. The Settlement requires Fieldale Farms to pay money, as well as cooperate with Direct Purchaser Plaintiffs. This cooperation includes producing relevant documents, making current or former employees available for interviews and depositions, and providing a description of certain facts known to Fieldale that the Direct Purchaser Plaintiffs contend are relevant to the conduct at issue in the litigation. Direct Purchaser Plaintiffs and their attorneys believe the Settlement is in the best interests of all Class Members.

## 5. What if you received previous communications regarding this lawsuit?

You may have received other communications regarding this lawsuit, including solicitations by other attorneys seeking to represent you as a Direct Action Plaintiff in an individual lawsuit against Defendants. These communications were not approved by the Court and did not come from Court-appointed Plaintiffs' Class Counsel. You should carefully review this notice and your rights as a Class Member before deciding whether to opt out or stay in the Class. If you have questions about this litigation and your rights as a Class Member, please contact Co-Lead Class Counsel whose contact information is listed in question 15 below.

Questions? Call the Settlement Administrator toll-free at 1-866-552-1178 or visit www.broilerchickenantitrustlitigation.com.

3

## WHO IS IN THE CLASS

### 6.  Am I part of the Class?

The Court decided that, for settlement purposes, Class Members are defined as:

> All persons who purchased Broilers directly from any of the Defendants or any co-conspirator identified in this notice, or their respective subsidiaries of affiliates, for use or delivery in the United States from at least as early as January 1, 2008 until August 18, 2017.

If you satisfy these criteria, then you are a Class Member, subject to the exception listed in Section 7 below.

While this Settlement is only with Fieldale Farms, the Class includes persons who purchased Broiler chicken from **any** of the Defendants or their co-conspirators.  If you are a Class Member and do not exclude yourself, you may be eligible to participate in any additional settlements which may arise with any other Defendants in the case.

### 7.  Are there exceptions to being included?

Yes. Specifically excluded from this Class are the Defendants, the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir, or assign of any Defendant.  Also excluded from this Class are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, and any co-conspirator.

If you are in one of these categories, you are not a Class Member and not eligible to participate in the Settlement.

### 8.  I'm still not sure if I'm included.

If you are still not sure if you are included, please review the detailed information contained in the Settlement Agreement, available for download at www.broilerchickenantitrustlitigation.com.  You may also call the Settlement Administrator at 1-866-552-1178 or call or write to Co-Lead Counsel at the phone numbers or addresses listed in question 15 below.

## THE FIELDALE SETTLEMENT BENEFITS

### 9.  What does the Fieldale Settlement provide?

If the Settlement is approved, Fieldale Farms will pay $2,250,000 to resolve all Direct Purchaser Class Members' claims against it in this litigation against Fieldale Farms.  In addition to this monetary benefit, Fieldale Farms has also agreed to cooperate in good faith with Direct Purchaser Plaintiffs in the litigation against the other Defendants.  This cooperation includes producing relevant documents; making current or former employees available for interviews and depositions; and providing a description of the principal facts known to Fieldale Farms that are relevant to the litigation.

### 10. What are the Fieldale Settlement benefits being used for?

A portion of the Settlement proceeds are being used for the administration of the Notice by the Settlement Administrator.  The remainder of the Settlement proceeds will remain available for any future notice, distribution to Class Members, or attorneys' fees, litigation expenses, and incentive awards to Plaintiffs and their counsel.  At this time, Plaintiffs and their counsel are not seeking any attorneys' fees, non-administration expenses, or incentive awards from the Settlement proceeds.  However, they may do so in the future, subject to additional notice to you and approval by the Court.  Class Counsel do not intend to distribute any proceeds from the Fieldale Settlement to qualifying Class Members at this time, but instead intend to combine any distribution of the Fieldale Settlement proceeds with proceeds from future settlements or other recoveries in the litigation.  You will be provided further notice of any such future settlements or recoveries.

Questions? Call the Settlement Administrator toll-free at 1-866-552-1178 or visit www.broilerchickenantitrustlitigation.com.

4

### 11. What am I giving up by staying in the Settlement Class?

Unless you exclude yourself, you are staying in the Settlement Class, which means that you can't sue, continue to sue, or be part of any other lawsuit against Fieldale Farms that pertains to the same legal issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you. The Released Claims are detailed in the Settlement Agreement, available at www.broilerchickenantitrustlitigation.com.

You are not releasing your claims against any Defendant other than Fieldale Farms by staying in the lawsuit.

### 12. What happens if I do nothing at all?

If you do nothing, you will remain a member of the Settlement Class, and participate in this settlement and any future settlements or judgments obtained by Direct Purchaser Plaintiffs.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 13. How do I exclude myself from the Fieldale Settlement?

If you do not want the benefits offered by the Fieldale Settlement and you do not want to be legally bound by the terms of the Settlement, or if you wish to pursue your own separate lawsuit against Fieldale, you must exclude yourself by submitting a written request to the Settlement Administrator stating your intent to exclude yourself from the Settlement Class. Your Exclusion Request must include the following: (a) your name, including the name of your business which purchased Broiler chicken, and address; (b) a statement that you want to be excluded from the Settlement Class in *In re: Broiler Chicken Antitrust Litigation*; and (c) your signature. You must mail or email your Exclusion Request, postmarked or received by [DATE], to: Broiler Chicken Antitrust Litigation, c/o JND Legal Administration, PO Box 91343, Seattle, WA 98111 or info@broilerchickenantitrustlitigation.com.

### 14. If I don't exclude myself, can I sue Fieldale Farms for the same thing later?

No. Unless you exclude yourself, you give up the right to sue Fieldale Farms for the same claims that the Settlement resolves. If you have a pending lawsuit against Fieldale Farms, speak to your lawyer in that lawsuit immediately to determine whether you must exclude yourself from this Settlement Class to continue your own lawsuit against Fieldale Farms.

By staying in the lawsuit you are not releasing your claims in this case against any Defendant other than Fieldale Farms.

## OBJECTING TO THE SETTLEMENT

### 15. How do I tell the Court that I don't like the Settlement?

If you are a Class Member and have not excluded yourself from the Settlement, you can object to the Settlement if you don't like part or all of it. The Court will consider your views.

To object, you must send a letter or other written statement saying that you object to the Direct Purchaser Plaintiffs' Settlement with Fieldale Farms in *In re: Broiler Chicken Antitrust Litigation* and the reasons why you object to the Settlement. Be sure to include your full name, the name of your business which purchased Broiler chicken, current mailing address, and email address. Your objection must be signed. You may include or attach any documents that you would like the Court to consider. Do not send your written objection to the Court or the judge. Instead, mail the objection to the Settlement Administrator, Co-Lead Counsel, and Counsel for Settling Defendant at the addresses listed below. Your objection must be postmarked no later than [DATE].

| **Settlement Administrator:** | **Direct Purchaser Plaintiffs' Co-Lead Counsel:** | **Counsel for Settling Defendant Fieldale Farms:** |
|---|---|---|
| Broiler Chicken Antitrust Litigation c/o JND Legal Administration | W. Joseph Bruckner LOCKRIDGE GRINDAL NAUEN P.L.L.P. | B. Parker Miller Valarie C. Williams |

Questions? Call the Settlement Administrator toll-free at 1-866-552-1178 or visit www.broilerchickenantitrustlitigation.com.

PO Box 91343
Seattle, WA 98111
(866) 552-1178

100 Washington Ave. S., Ste. 2220
Minneapolis, MN 55401
 (612) 339-6900

Bruce L. Simon
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery St., Ste. 2450
San Francisco, CA 94104
(877) 391-8300

James Cash
Max Marks
ALSTON & BIRD LLP
1201 W. Peachtree St.
Atlanta, GA 30309
(404) 881-7000

## 16. What is the difference between excluding myself and objecting?

Objecting is telling the Court that you do not like something about the Settlement. You can object only if you do not exclude yourself from the Class. Excluding yourself is telling the Court that you do not want to be part of the Class or the lawsuit. If you exclude yourself, you have no standing to object because the case no longer affects you.

# THE LAWYERS REPRESENTING YOU

## 17. Do I have a lawyer in this case?

The Court has appointed W. Joseph Bruckner of Lockridge Grindal Nauen P.L.L.P. and Bruce L. Simon of Pearson, Simon & Warshaw, LLP as Co-Lead Counsel on behalf of Direct Purchaser Plaintiffs and Class Members. Their contact information is provided above in question 15.

If you wish to remain a Class Member, you do not need to hire your own lawyer because Co-Lead Counsel is working on your behalf.

If you wish to pursue your own case separate from this one, or if you exclude yourself from the Settlement Class, these lawyers will no longer represent you. You will need to hire your own lawyer if you wish to pursue your own lawsuit against Fieldale.

## 18. How will the lawyers be paid?

At this time, Co-Lead Counsel are not asking the Court to award any attorneys' fees from the Settlement with Fieldale Farms. In the future, Co-Lead Counsel may ask the Court to award attorneys' fees and reimbursement of reasonable and necessary litigation expenses from the Fieldale Settlement or any other settlement or other recovery in this litigation. At such time, and prior to any Court approval, Class Members will be provided with notice of the amount of fees or expenses sought by Class Counsel and the opportunity to be heard by the Court. You will not have to pay any fees or costs out-of-pocket.

# THE COURT'S FAIRNESS HEARING

## 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you don't have to. The Court will hold a Fairness Hearing at ___ a.m./p.m. on [DATE], at the United States District Court for the Northern District of Illinois, Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois in Courtroom 1441. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

## 20. Do I have to come to the hearing?

No. Co-Lead Counsel will answer any questions the Court may have. However, you are welcome to come at your own expense. If you send an objection, you do not have to come to court to talk about it. As long as you mailed your

Questions? Call the Settlement Administrator toll-free at 1-866-552-1178 or visit www.broilerchickenantitrustlitigation.com.

6

written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

---

**21. May I speak at the hearing?**

You may ask to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *In re: Broiler Chicken Antitrust Litigation*." Be sure to include your name, including the name of your business which purchased Broiler chicken, current mailing address, telephone number, and signature. Your Notice of Intention to Appear must be postmarked no later than [DATE], and it must be sent to the Clerk of the Court, Co-Lead Counsel, and Defense Counsel. The address for the Clerk of the Court is: Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois. The addresses for Co-Lead Counsel and Defense Counsel are provided in Question 15. You cannot ask to speak at the hearing if you excluded yourself from the Fieldale Settlement.

## GETTING MORE INFORMATION

---

**22. How do I get more information about the Settlement?**

This notice summarizes the proposed Settlement. More details are in the Fieldale Settlement Agreement. You can find a copy of the Settlement Agreement, other important documents, and information about the current status of the litigation by visiting www.broilerchickenantitrustlitigation.com. You may contact the Settlement Administrator at info@broilerchickenantitrustlitigation.com or toll-free at 1-866-552-1178. You may also contact Co-Lead Counsel at the address, phone number, and email address provided in Question 15.

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

Questions? Call the Settlement Administrator toll-free at 1-866-552-1178 or visit www.broilerchickenantitrustlitigation.com.

7

# EXHIBIT D

**Pouya, Bobby**

| | |
|---|---|
| **From:** | Amy Lee Stewart <ASTEWART@RoseLawFirm.com> |
| **Sent:** | Thursday, May 24, 2018 7:44 PM |
| **To:** | Pouya, Bobby |
| **Cc:** | Clark, Brian D. (bdclark@locklaw.com); Bruckner, W. Joseph (wjbruckner@locklaw.com); Simon, Bruce L.; Steven A. Hart (shart@hmelegal.com) (shart@hmelegal.com); kpozan@hmelegal.com |
| **Subject:** | FW: Broilers - DPPs Request for Customer Contact Data |

Dear Bobby,

You, like I initially, may not have recalled this discussion from last September. I've now conferred with defense counsel and our position as a group remains the same on this (though certainly any individual defendant may choose to speak up separately).

Hoping you have a very fine Memorial Day weekend,
Amy

---

**From:** Mahan, Carrie [mailto:Carrie.Mahan@weil.com]
**Sent:** Thursday, September 07, 2017 7:42 AM
**To:** Clark, Brian D. <bdclark@locklaw.com>; parker.miller@alston.com; Healey, Brendan J. (bhealey@mandellmenkes) <bhealey@mandellmenkes.com>; bhatcher@sgwmfirm.com; max.marks@alston.com; tony.greene@alston.com; valarie.williams@alston.com; czarlenga@mayerbrown.com; opottinger@mayerbrown.com; Wstallings@mayerbrown.com; William.greene@stinson.com; kc.tucker@lawgroupnwa.com; ruth.shnider@stinson.com; shemeryck@rshc-law.com; gwrobel@vedderprice.com; hjones@jordanprice.com; snovack@novackmacey.com; SSiegel@novackmacey.com; CMoore@novackmacey.com; Amy Lee Stewart <ASTEWART@RoseLawFirm.com>; jtreece@sidley.com; james.sulentic@kutakrock.com; john.passarelli@kutakrock.com; jr.carroll@kutakrock.com; robin.stewart@kutakrock.com; jeffrey.fletcher@kutakrock.com; Boris.Bershteyn@skadden.com; Patrick.Fitzgerald@skadden.com; Sam.Auld@skadden.com; lara.flath@skadden.com; lgordon@Venable.com; ATHernacki@Venable.com; JBaldridge@Venable.com; ljfales@venable.com; RPDavis@Venable.com; cbailey@baileybrauer.com; Arquit, Kevin <Kevin.Arquit@weil.com>; PilgrimsPride <PilgrimsPride.Service@weil.com>; mmccluggage@eimerstahl.com; daniel.laytin@kirkland.com; christa.cottrell@kirkland.com; rothm@kirkland.com; stacy.pepper@kirkland.com; lhmurray@shb.com; ameerkins@shb.com; lnovion@shb.com; pfoneill@shb.com; dsuggs@whitecase.com; jostrander@whitecase.com; mgidley@whitecase.com; pcarney@whitecase.com; rmilne@whitecase.com; amanning@mcguirewoods.com; afontecilla@proskauer.com; condeck@proskauer.com; schuk@proskauer.com
**Cc:** Bruckner, W. Joseph <wjbruckner@locklaw.com>; Sipe, Elizabeth M. <emsipe@locklaw.com>; Bruce L. Simon - Pearson, Simon & Warshaw, LLP (bsimon@pswlaw.com) <bsimon@pswlaw.com>; Steven A. Hart (shart@hmelegal.com) <shart@hmelegal.com>; kpozan@hmelegal.com; steve@hbsslaw.com; beth@hbsslaw.com; jeannie@hbsslaw.com; Bjohnson@cohenmilstein.com; 'DGustafson@gustafsongluek.com' (DGustafson@gustafsongluek.com) <DGustafson@gustafsongluek.com>; 'dhedlund@gustafsongluek.com' <dhedlund@gustafsongluek.com>; 'Michelle J. Looby Esq. (mlooby@gustafsongluek.com)' <mlooby@gustafsongluek.com>; 'Josh J. Rissman (jrissman@gustafsongluek.com)' <jrissman@gustafsongluek.com>; 'Brittany Resch (BResch@gustafsongluek.com)' <BResch@gustafsongluek.com>; 'Steven N. Williams - Cotchett, Pitre & McCarthy LLP (swilliams@cpmlegal.com)' <swilliams@cpmlegal.com>; 'JChang@cpmlegal.com' <JChang@cpmlegal.com>; 'Mark Ram' <MRam@cpmlegal.com>; 'Thomas Doyle (tad@wexlerwallace.com)' <tad@wexlerwallace.com>; Mr. Daniel L. Warshaw (dwarshaw@pswlaw.com) <dwarshaw@pswlaw.com>; Bobby Pouya - Pearson, Simon & Warshaw, LLP (bpouya@pswlaw.com) <bpouya@pswlaw.com>; Pearson, Michael H. <mpearson@pswlaw.com>
**Subject:** RE: Broilers - DPPs Request for Customer Contact Data

Dear Brian,

Hope you had a good Labor Day holiday.  I have conferred with defense counsel and our position remains unchanged.   In light of Plaintiffs' request that the Court delay indefinitely any notice actually being sent, we do not believe a debate regarding customer contact data is timely or productive.  As previously noted, when Plaintiffs ultimately present a notice plan to the Court for approval, the Defendants will comply with instructions from the Court as to the production of customer contact data to Plaintiffs' settlement class claims administrator.

Have a good day.

Best
Carrie



**Carrie C. Mahan**

**Weil, Gotshal & Manges LLP**
(202) 682-7231 Direct
(202) 669-9179 Mobile

---

**From:** Mahan, Carrie
**Sent:** Friday, August 25, 2017 2:57 PM
**To:** 'Clark, Brian D.' <bdclark@locklaw.com>; parker.miller@alston.com; Healey, Brendan J. (bhealey@mandellmenkes.com) <bhealey@mandellmenkes.com>; bhatcher@sgwmfirm.com; max.marks@alston.com; tony.greene@alston.com; valarie.williams@alston.com; czarlenga@mayerbrown.com; opottinger@mayerbrown.com; Wstallings@mayerbrown.com; William.greene@stinson.com; kc.tucker@lawgroupnwa.com; ruth.shnider@stinson.com; shemeryck@rshc-law.com; gwrobel@vedderprice.com; hjones@jordanprice.com; snovack@novackmacey.com; SSiegel@novackmacey.com; CMoore@novackmacey.com; astewart@roselawfirm.com; jtreece@sidley.com; james.sulentic@kutakrock.com; john.passarelli@kutakrock.com; jr.carroll@kutakrock.com; robin.stewart@kutakrock.com; jeffrey.fletcher@kutakrock.com; Boris.Bershteyn@skadden.com; Patrick.Fitzgerald@skadden.com; Sam.Auld@skadden.com; lara.flath@skadden.com; lgordon@Venable.com; ATHernacki@Venable.com; JBaldridge@Venable.com; ljfales@venable.com; RPDavis@Venable.com; cbailey@baileybrauer.com; Arquit, Kevin <Kevin.Arquit@weil.com>; PilgrimsPride <PilgrimsPride.Service@weil.com>; mmccluggage@eimerstahl.com; daniel.laytin@kirkland.com; christa.cottrell@kirkland.com; rothm@kirkland.com; stacy.pepper@kirkland.com; lhmurray@shb.com; ameerkins@shb.com; lnovion@shb.com; pfoneill@shb.com; dsuggs@whitecase.com; jostrander@whitecase.com; mgidley@whitecase.com; pcarney@whitecase.com; rmilne@whitecase.com; amanning@mcguirewoods.com; afontecilla@proskauer.com; condeck@proskauer.com; schuk@proskauer.com
**Cc:** Bruckner, W. Joseph <wjbruckner@locklaw.com>; Sipe, Elizabeth M. <emsipe@locklaw.com>; Bruce L. Simon - Pearson, Simon & Warshaw, LLP (bsimon@pswlaw.com) <bsimon@pswlaw.com>; Steven A. Hart <shart@hmelegal.com> <shart@hmelegal.com>; kpozan@hmelegal.com; steve@hbsslaw.com; beth@hbsslaw.com; jeannie@hbsslaw.com; Bjohnson@cohenmilstein.com; 'DGustafson@gustafsongluek.com' (DGustafson@gustafsongluek.com) <DGustafson@gustafsongluek.com>; 'dhedlund@gustafsongluek.com' <dhedlund@gustafsongluek.com>; 'Michelle J. Looby Esq. (mlooby@gustafsongluek.com)' <mlooby@gustafsongluek.com>; 'Josh J. Rissman (jrissman@gustafsongluek.com)' <jrissman@gustafsongluek.com>; 'Brittany Resch (BResch@gustafsongluek.com)' <BResch@gustafsongluek.com>; 'Steven N. Williams - Cotchett, Pitre & McCarthy LLP (swilliams@cpmlegal.com)' <swilliams@cpmlegal.com>; 'JChang@cpmlegal.com' <JChang@cpmlegal.com>; 'Mark Ram' <MRam@cpmlegal.com>;

'Thomas Doyle ([tad@wexlerwallace.com](mailto:tad@wexlerwallace.com))' <[tad@wexlerwallace.com](mailto:tad@wexlerwallace.com)>; Mr. Daniel L. Warshaw ([dwarshaw@pswlaw.com](mailto:dwarshaw@pswlaw.com))
<[dwarshaw@pswlaw.com](mailto:dwarshaw@pswlaw.com)>; Bobby Pouya - Pearson, Simon & Warshaw, LLP ([bpouya@pswlaw.com](mailto:bpouya@pswlaw.com))
<[bpouya@pswlaw.com](mailto:bpouya@pswlaw.com)>; Pearson, Michael H. <[mpearson@pswlaw.com](mailto:mpearson@pswlaw.com)>
**Subject:** RE: Broilers - DPPs Request for Customer Contact Data

Thank you for your note, Brian.

I will confer with defense counsel and will respond as soon as possible, which is unlikely to be before next Wednesday
given that many people are on vacation for this last week of summer.

Enjoy your weekend.

Best
Carrie



**Carrie C. Mahan**

**Weil, Gotshal & Manges LLP**
(202) 682-7231 Direct
(202) 669-9179 Mobile

---

**From:** Clark, Brian D. [[mailto:bdclark@locklaw.com](mailto:bdclark@locklaw.com)]
**Sent:** Friday, August 25, 2017 2:50 PM
**To:** Mahan, Carrie <[Carrie.Mahan@weil.com](mailto:Carrie.Mahan@weil.com)>; [parker.miller@alston.com](mailto:parker.miller@alston.com); Healey, Brendan J.
([bhealey@mandellmenkes.com](mailto:bhealey@mandellmenkes.com)) <[bhealey@mandellmenkes.com](mailto:bhealey@mandellmenkes.com)>; [bhatcher@sgwmfirm.com](mailto:bhatcher@sgwmfirm.com); [max.marks@alston.com](mailto:max.marks@alston.com);
[tony.greene@alston.com](mailto:tony.greene@alston.com); [valarie.williams@alston.com](mailto:valarie.williams@alston.com); [czarlenga@mayerbrown.com](mailto:czarlenga@mayerbrown.com); [opottinger@mayerbrown.com](mailto:opottinger@mayerbrown.com);
[Wstallings@mayerbrown.com](mailto:Wstallings@mayerbrown.com); [William.greene@stinson.com](mailto:William.greene@stinson.com); [kc.tucker@lawgroupnwa.com](mailto:kc.tucker@lawgroupnwa.com); [ruth.shnider@stinson.com](mailto:ruth.shnider@stinson.com);
[shemeryck@rshc-law.com](mailto:shemeryck@rshc-law.com); [gwrobel@vedderprice.com](mailto:gwrobel@vedderprice.com); [hjones@jordanprice.com](mailto:hjones@jordanprice.com); [snovack@novackmacey.com](mailto:snovack@novackmacey.com);
[SSiegel@novackmacey.com](mailto:SSiegel@novackmacey.com); [CMoore@novackmacey.com](mailto:CMoore@novackmacey.com); [astewart@roselawfirm.com](mailto:astewart@roselawfirm.com); [jtreece@sidley.com](mailto:jtreece@sidley.com);
[james.sulentic@kutakrock.com](mailto:james.sulentic@kutakrock.com); [john.passarelli@kutakrock.com](mailto:john.passarelli@kutakrock.com); [jr.carroll@kutakrock.com](mailto:jr.carroll@kutakrock.com);
[robin.stewart@kutakrock.com](mailto:robin.stewart@kutakrock.com); [jeffrey.fletcher@kutakrock.com](mailto:jeffrey.fletcher@kutakrock.com); [Boris.Bershteyn@skadden.com](mailto:Boris.Bershteyn@skadden.com);
[Patrick.Fitzgerald@skadden.com](mailto:Patrick.Fitzgerald@skadden.com); [Sam.Auld@skadden.com](mailto:Sam.Auld@skadden.com); [lara.flath@skadden.com](mailto:lara.flath@skadden.com); [lgordon@Venable.com](mailto:lgordon@Venable.com);
[ATHernacki@Venable.com](mailto:ATHernacki@Venable.com); [JBaldridge@Venable.com](mailto:JBaldridge@Venable.com); [ljfales@venable.com](mailto:ljfales@venable.com); [RPDavis@Venable.com](mailto:RPDavis@Venable.com);
[cbailey@baileybrauer.com](mailto:cbailey@baileybrauer.com); Arquit, Kevin <[Kevin.Arquit@weil.com](mailto:Kevin.Arquit@weil.com)>; PilgrimsPride <[PilgrimsPride.Service@weil.com](mailto:PilgrimsPride.Service@weil.com)>;
[mmccluggage@eimerstahl.com](mailto:mmccluggage@eimerstahl.com); [daniel.laytin@kirkland.com](mailto:daniel.laytin@kirkland.com); [christa.cottrell@kirkland.com](mailto:christa.cottrell@kirkland.com); [rothm@kirkland.com](mailto:rothm@kirkland.com);
[stacy.pepper@kirkland.com](mailto:stacy.pepper@kirkland.com); [lhmurray@shb.com](mailto:lhmurray@shb.com); [ameerkins@shb.com](mailto:ameerkins@shb.com); [lnovion@shb.com](mailto:lnovion@shb.com); [pfoneill@shb.com](mailto:pfoneill@shb.com);
[dsuggs@whitecase.com](mailto:dsuggs@whitecase.com); [jostrander@whitecase.com](mailto:jostrander@whitecase.com); [mgidley@whitecase.com](mailto:mgidley@whitecase.com); [pcarney@whitecase.com](mailto:pcarney@whitecase.com);
[rmilne@whitecase.com](mailto:rmilne@whitecase.com); [amanning@mcguirewoods.com](mailto:amanning@mcguirewoods.com); [afontecilla@proskauer.com](mailto:afontecilla@proskauer.com); [condeck@proskauer.com](mailto:condeck@proskauer.com);
[schuk@proskauer.com](mailto:schuk@proskauer.com)
**Cc:** Bruckner, W. Joseph <[wjbruckner@locklaw.com](mailto:wjbruckner@locklaw.com)>; Sipe, Elizabeth M. <[emsipe@locklaw.com](mailto:emsipe@locklaw.com)>; Bruce L. Simon -
Pearson, Simon & Warshaw, LLP ([bsimon@pswlaw.com](mailto:bsimon@pswlaw.com)) <[bsimon@pswlaw.com](mailto:bsimon@pswlaw.com)>; Steven A. Hart ([shart@hmelegal.com](mailto:shart@hmelegal.com))
<[shart@hmelegal.com](mailto:shart@hmelegal.com)>; [kpozan@hmelegal.com](mailto:kpozan@hmelegal.com); [steve@hbsslaw.com](mailto:steve@hbsslaw.com); [beth@hbsslaw.com](mailto:beth@hbsslaw.com); [jeannie@hbsslaw.com](mailto:jeannie@hbsslaw.com);
[Bjohnson@cohenmilstein.com](mailto:Bjohnson@cohenmilstein.com); 'DGustafson@gustafsongluek.com' ([DGustafson@gustafsongluek.com](mailto:DGustafson@gustafsongluek.com))
<[DGustafson@gustafsongluek.com](mailto:DGustafson@gustafsongluek.com)>; 'dhedlund@gustafsongluek.com' <[dhedlund@gustafsongluek.com](mailto:dhedlund@gustafsongluek.com)>; 'Michelle J.
Looby Esq. ([mlooby@gustafsongluek.com](mailto:mlooby@gustafsongluek.com))' <[mlooby@gustafsongluek.com](mailto:mlooby@gustafsongluek.com)>; 'Josh J. Rissman
([jrissman@gustafsongluek.com](mailto:jrissman@gustafsongluek.com))' <[jrissman@gustafsongluek.com](mailto:jrissman@gustafsongluek.com)>; 'Brittany Resch ([BResch@gustafsongluek.com](mailto:BResch@gustafsongluek.com))'
<[BResch@gustafsongluek.com](mailto:BResch@gustafsongluek.com)>; 'Steven N. Williams - Cotchett, Pitre & McCarthy LLP ([swilliams@cpmlegal.com](mailto:swilliams@cpmlegal.com))'
<[swilliams@cpmlegal.com](mailto:swilliams@cpmlegal.com)>; 'JChang@cpmlegal.com' <[JChang@cpmlegal.com](mailto:JChang@cpmlegal.com)>; 'Mark Ram' <[MRam@cpmlegal.com](mailto:MRam@cpmlegal.com)>;

'Thomas Doyle (tad@wexlerwallace.com)' <tad@wexlerwallace.com>; Mr. Daniel L. Warshaw (dwarshaw@pswlaw.com) <dwarshaw@pswlaw.com>; Bobby Pouya - Pearson, Simon & Warshaw, LLP (bpouya@pswlaw.com) <bpouya@pswlaw.com>; Pearson, Michael H. <mpearson@pswlaw.com>
**Subject:** RE: Broilers - DPPs Request for Customer Contact Data

Carrie,

We do not understand Defendants' refusal to provide the necessary customer contact data now. As I believe you will concede, it is not a question of if Defendants will provide this information, but when. We've requested the information now so that we can submit a well-grounded notice plan to the Court, rather than having us and our proposed notice provider estimate or even speculate as to Defendants' readily available and verifiable information, and which Defendants recognize will be produced at some point soon in any event.

Nevertheless, DPPs would like to avoid motion practice on this issue if at all possible. Therefore, DPPs make the following compromise proposal below:

1. No later than September 22, 2017, or sooner if the Court approves a notice plan before then (in that event, see no. 3 below), Defendants will complete their internal collection of customer contact data from the time period from January 1, 2008, through August 18, 2017, including customer names, customer addresses, and customer emails. The customer contact data will be in comma separated value (.csv) or other spreadsheet format.

2. No later than September 29, 2017, or sooner if the Court approves a notice plan before then (in that event, see no. 3 below), each Defendant will provide the following information to DPPs: (a) the total number of U.S. customers to which Broilers were sold from 1/1/2008 to 8/18/2017. Defendants will use reasonable efforts to deduplicate from this total number identical customers who have multiple physical mailing addresses, and (b) the number of customers who have valid email addresses reflected in the data.

3. Within 7 days of the Court's approval of a notice plan in this action, Defendants will produce the customer contact information to Court-appointed counsel for DPPs and the Settlement Class and the Court-appointed notice provider.

    a. Note: DPPs do not agree with your refusal to provide this information directly to DPPs' counsel. For obvious reasons, it is baseless to suggest that we are not entitled to know the identity of the members of the class which the Court has appointed us to represent. If you maintain this position, we will address this issue with the Court in conjunction with approval of DPPs' proposed notice plan.

Please advise if Defendants will agree to the proposal above no later than Wednesday, August 30, 2017.

Thank you,
Brian

Brian D. Clark | Attorney
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue S | Suite 2200 | Minneapolis MN  55401
V: 612-596-4089 | F: 612-339-0981 | www.locklaw.com

**From:** Mahan, Carrie [mailto:Carrie.Mahan@weil.com]
**Sent:** Friday, August 25, 2017 10:56 AM
**To:** Clark, Brian D. <bdclark@locklaw.com>; parker.miller@alston.com; Healey, Brendan J.
(bhealey@mandellmenkes.com) <bhealey@mandellmenkes.com>; bhatcher@sgwmfirm.com; max.marks@alston.com;
tony.greene@alston.com; valarie.williams@alston.com; czarlenga@mayerbrown.com; opottinger@mayerbrown.com;
Wstallings@mayerbrown.com; William.greene@stinson.com; kc.tucker@lawgroupnwa.com; ruth.shnider@stinson.com;

shemeryck@rshc-law.com; gwrobel@vedderprice.com; hjones@jordanprice.com; snovack@novackmacey.com; SSiegel@novackmacey.com; CMoore@novackmacey.com; astewart@roselawfirm.com; jtreece@sidley.com; james.sulentic@kutakrock.com; john.passarelli@kutakrock.com; jr.carroll@kutakrock.com; robin.stewart@kutakrock.com; jeffrey.fletcher@kutakrock.com; Boris.Bershteyn@skadden.com; Patrick.Fitzgerald@skadden.com; Sam.Auld@skadden.com; lara.flath@skadden.com; lgordon@Venable.com; ATHernacki@Venable.com; JBaldridge@Venable.com; ljfales@venable.com; RPDavis@Venable.com; cbailey@baileybrauer.com; Arquit, Kevin <Kevin.Arquit@weil.com>; PilgrimsPride <PilgrimsPride.Service@weil.com>; mmccluggage@eimerstahl.com; daniel.laytin@kirkland.com; christa.cottrell@kirkland.com; rothm@kirkland.com; stacy.pepper@kirkland.com; lhmurray@shb.com; ameerkins@shb.com; lnovion@shb.com; pfoneill@shb.com; dsuggs@whitecase.com; jostrander@whitecase.com; mgidley@whitecase.com; pcarney@whitecase.com; rmilne@whitecase.com; amanning@mcguirewoods.com; afontecilla@proskauer.com; condeck@proskauer.com; schuk@proskauer.com
**Cc:** Bruckner, W. Joseph <wjbruckner@locklaw.com>; Sipe, Elizabeth M. <emsipe@locklaw.com>; Bruce L. Simon - Pearson, Simon & Warshaw, LLP (bsimon@pswlaw.com) <bsimon@pswlaw.com>; asheanin@pslaw.com; Steven A. Hart (shart@hmelegal.com) <shart@hmelegal.com>; kpozan@hmelegal.com; steve@hbsslaw.com; beth@hbsslaw.com; jeannie@hbsslaw.com; Bjohnson@cohenmilstein.com; 'DGustafson@gustafsongluek.com' (DGustafson@gustafsongluek.com) <DGustafson@gustafsongluek.com>; 'dhedlund@gustafsongluek.com' <dhedlund@gustafsongluek.com>; 'Michelle J. Looby Esq. (mlooby@gustafsongluek.com)' <mlooby@gustafsongluek.com>; 'Josh J. Rissman (jrissman@gustafsongluek.com)' <jrissman@gustafsongluek.com>; 'Brittany Resch (BResch@gustafsongluek.com)' <BResch@gustafsongluek.com>; 'Steven N. Williams - Cotchett, Pitre & McCarthy LLP (swilliams@cpmlegal.com)' <swilliams@cpmlegal.com>; 'JChang@cpmlegal.com' <JChang@cpmlegal.com>; 'Mark Ram' <MRam@cpmlegal.com>; 'Thomas Doyle (tad@wexlerwallace.com)' <tad@wexlerwallace.com>
**Subject:** RE: Broilers - DPPs Request for Customer Contact Data

Dear Brian,

Thanks for your note.  Given DPP's request to the Court that notice be deferred indefinitely, which the Court granted, the Defendants will not provide customer data for settlement notices at this time.  Further, as mentioned previously, should the Court order notice be provided to a settlement administrator for use in sending notices, the Defendants anticipate that such order will require the production of customer data to the settlement administrator only for use by them in serving notices.  And, of course, the Defendants will comply with the terms of a Court order.  It is not our collective experience that customer data be delivered to DPP counsel for use in soliciting bids for administrator services, nor do we think such use is appropriate.

Thanks.



Carrie C. Mahan

**Weil, Gotshal & Manges LLP**
(202) 682-7231 Direct
(202) 669-9179 Mobile

---

**From:** Clark, Brian D. [mailto:bdclark@locklaw.com]
**Sent:** Tuesday, August 22, 2017 12:02 PM
**To:** Mahan, Carrie <Carrie.Mahan@weil.com>; parker.miller@alston.com; Healey, Brendan J. (bhealey@mandellmenkes.com) <bhealey@mandellmenkes.com>; bhatcher@sgwmfirm.com; max.marks@alston.com;

tony.greene@alston.com; valarie.williams@alston.com; czarlenga@mayerbrown.com; opottinger@mayerbrown.com; Wstallings@mayerbrown.com; William.greene@stinson.com; kc.tucker@lawgroupnwa.com; ruth.shnider@stinson.com; shemeryck@rshc-law.com; gwrobel@vedderprice.com; hjones@jordanprice.com; snovack@novackmacey.com; SSiegel@novackmacey.com; CMoore@novackmacey.com; astewart@roselawfirm.com; jtreece@sidley.com; james.sulentic@kutakrock.com; john.passarelli@kutakrock.com; jr.carroll@kutakrock.com; robin.stewart@kutakrock.com; jeffrey.fletcher@kutakrock.com; Boris.Bershteyn@skadden.com; Patrick.Fitzgerald@skadden.com; Sam.Auld@skadden.com; lara.flath@skadden.com; lgordon@Venable.com; ATHernacki@Venable.com; JBaldridge@Venable.com; ljfales@venable.com; RPDavis@Venable.com; cbailey@baileybrauer.com; Arquit, Kevin <Kevin.Arquit@weil.com>; PilgrimsPride <PilgrimsPride.Service@weil.com>; mmccluggage@eimerstahl.com; daniel.laytin@kirkland.com; christa.cottrell@kirkland.com; rothm@kirkland.com; stacy.pepper@kirkland.com; lhmurray@shb.com; ameerkins@shb.com; lnovion@shb.com; pfoneill@shb.com; dsuggs@whitecase.com; jostrander@whitecase.com; mgidley@whitecase.com; pcarney@whitecase.com; rmilne@whitecase.com; amanning@mcguirewoods.com; afontecilla@proskauer.com; condeck@proskauer.com; schuk@proskauer.com

**Cc:** Bruckner, W. Joseph <wjbruckner@locklaw.com>; Sipe, Elizabeth M. <emsipe@locklaw.com>; Bruce L. Simon - Pearson, Simon & Warshaw, LLP (bsimon@pswlaw.com) <bsimon@pswlaw.com>; asheanin@pslaw.com; Steven A. Hart (shart@hmelegal.com) <shart@hmelegal.com>; kpozan@hmelegal.com; steve@hbsslaw.com; beth@hbsslaw.com; jeannie@hbsslaw.com; Bjohnson@cohenmilstein.com; 'DGustafson@gustafsongluek.com' (DGustafson@gustafsongluek.com) <DGustafson@gustafsongluek.com>; 'dhedlund@gustafsongluek.com' <dhedlund@gustafsongluek.com>; 'Michelle J. Looby Esq. (mlooby@gustafsongluek.com)' <mlooby@gustafsongluek.com>; 'Josh J. Rissman (jrissman@gustafsongluek.com)' <jrissman@gustafsongluek.com>; 'Brittany Resch (BResch@gustafsongluek.com)' <BResch@gustafsongluek.com>; 'Steven N. Williams - Cotchett, Pitre & McCarthy LLP (swilliams@cpmlegal.com)' <swilliams@cpmlegal.com>; 'JChang@cpmlegal.com' <JChang@cpmlegal.com>; 'Mark Ram' <MRam@cpmlegal.com>; 'Thomas Doyle (tad@wexlerwallace.com)' <tad@wexlerwallace.com>

**Subject:** RE: Broilers - DPPs Request for Customer Contact Data

Carrie,

Thank you for your email. With the preliminary approval of the Fieldale Farms settlement on Friday, August 18, 2017, we must move forward with obtaining Defendants' customer contact information. We are currently discussing proposals with various class notice vendors. However, direct purchaser plaintiffs need the actual customer contact data to determine the number of class members, number of valid email addresses, and number of direct mailings that will be required. Accordingly, we again request that Defendants confirm in writing that they agree to produce the information requested in DPPs' letter dated August 4, 2017 (attached). Please advise by Friday, August 25, if Defendants will agree to provide this information over the next few weeks. As we stated in the August 4 letter, we are willing to agree on a reasonable schedule for production of this information, but we need to know shortly if Defendants plan to cooperate on this issue in a timely fashion or seek to defer its resolution indefinitely.

Thanks,
Brian

Brian D. Clark | Attorney
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue S | Suite 2200 | Minneapolis MN 55401
V: 612-596-4089 | F: 612-339-0981 | www.locklaw.com

---

**From:** Mahan, Carrie [mailto:Carrie.Mahan@weil.com]
**Sent:** Thursday, August 10, 2017 2:01 PM
**To:** Clark, Brian D. <bdclark@locklaw.com>; parker.miller@alston.com; Healey, Brendan J. (bhealey@mandellmenkes.com) <bhealey@mandellmenkes.com>; bhatcher@sgwmfirm.com; max.marks@alston.com; tony.greene@alston.com; valarie.williams@alston.com; czarlenga@mayerbrown.com; opottinger@mayerbrown.com;

Wstallings@mayerbrown.com; William.greene@stinson.com; kc.tucker@lawgroupnwa.com; ruth.shnider@stinson.com; shemeryck@rshc-law.com; gwrobel@vedderprice.com; hjones@jordanprice.com; snovack@novackmacey.com; SSiegel@novackmacey.com; CMoore@novackmacey.com; astewart@roselawfirm.com; jtreece@sidley.com; james.sulentic@kutakrock.com; john.passarelli@kutakrock.com; jr.carroll@kutakrock.com; robin.stewart@kutakrock.com; jeffrey.fletcher@kutakrock.com; Boris.Bershteyn@skadden.com; Patrick.Fitzgerald@skadden.com; Sam.Auld@skadden.com; lara.flath@skadden.com; lgordon@Venable.com; ATHernacki@Venable.com; JBaldridge@Venable.com; ljfales@venable.com; RPDavis@Venable.com; cbailey@baileybrauer.com; Arquit, Kevin <Kevin.Arquit@weil.com>; PilgrimsPride <PilgrimsPride.Service@weil.com>; mmccluggage@eimerstahl.com; daniel.laytin@kirkland.com; christa.cottrell@kirkland.com; rothm@kirkland.com; stacy.pepper@kirkland.com; lhmurray@shb.com; ameerkins@shb.com; lnovion@shb.com; pfoneill@shb.com; dsuggs@whitecase.com; jostrander@whitecase.com; mgidley@whitecase.com; pcarney@whitecase.com; rmilne@whitecase.com; amanning@mcguirewoods.com; afontecilla@proskauer.com; condeck@proskauer.com; schuk@proskauer.com
**Cc:** Bruckner, W. Joseph <wjbruckner@locklaw.com>; Sipe, Elizabeth M. <emsipe@locklaw.com>; Bruce L. Simon - Pearson, Simon & Warshaw, LLP (bsimon@pswlaw.com) <bsimon@pswlaw.com>; asheanin@pslaw.com; Steven A. Hart (shart@hmelegal.com) <shart@hmelegal.com>; kpozan@hmelegal.com; steve@hbsslaw.com; beth@hbsslaw.com; jeannie@hbsslaw.com; Bjohnson@cohenmilstein.com; 'DGustafson@gustafsongluek.com' (DGustafson@gustafsongluek.com) <DGustafson@gustafsongluek.com>; 'dhedlund@gustafsongluek.com' <dhedlund@gustafsongluek.com>; 'Michelle J. Looby Esq. (mlooby@gustafsongluek.com)' <mlooby@gustafsongluek.com>; 'Josh J. Rissman (jrissman@gustafsongluek.com)' <jrissman@gustafsongluek.com>; 'Brittany Resch (BResch@gustafsongluek.com)' <BResch@gustafsongluek.com>; 'Steven N. Williams - Cotchett, Pitre & McCarthy LLP (swilliams@cpmlegal.com)' <swilliams@cpmlegal.com>; 'JChang@cpmlegal.com' <JChang@cpmlegal.com>; 'Mark Ram' <MRam@cpmlegal.com>; 'Thomas Doyle (tad@wexlerwallace.com)' <tad@wexlerwallace.com>
**Subject:** RE: Broilers - Revised ESI Protocol & Schedule

Dear Brian,

I write on behalf of Defendants in response to your August 4, 2017 letter to David Suggs related to DPP's motion for conditional approval of their settlement with Defendant Fieldale.  In our experience, it is typical for the Court's preliminary approval order to require non-settling defendants to produce to an appointed settlement class claims administrator within a certain period of time contact information for customers in the preliminarily approved settlement class for the administrator's use if and when it is needed for distribution of class notices.   While we note that DPPs have requested the Court postpone "for the time being" any notice of the proposed settlement to the class, the Defendants will, of course, comply with any orders the Court may issue related to its consideration of your proposed settlement, including those related to notice.

Please let us know if you have any questions.

Best,
Carrie



Carrie C. Mahan

**Weil, Gotshal & Manges LLP**
(202) 682-7231 Direct
(202) 669-9179 Mobile

This e-mail may contain information that is privileged, confidential or otherwise protected from disclosure. If you are not the intended recipient or otherwise have received this message in error, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you are not the intended recipient or otherwise have received this message in error, please notify us immediately by e-mail, discard any paper copies and delete all electronic files of the message.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.