UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION* <br><br> This Document Relates To: <br> Direct Purchaser Actions | Case No. 1:16-cv-08637 <br><br> Hon. Thomas M. Durkin <br><br> Magistrate Judge Jeffrey T. Gilbert |

**ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION TO APPROVE A PLAN OF NOTICE OF SETTLEMENT WITH DEFENDANT FIELDALE FARMS CORPORATION**

888838.1

This Court having reviewed and considered Direct Purchaser Plaintiffs' Motion to Approve a Plan of Notice of Settlement With Defendant Fieldale Farms Corporation ("Motion") and finding good cause hereby grants the motion as set forth below.

**FINDINGS:**

1. The Court having previously entered an Order Preliminarily Approving Proposed Settlement Between Direct Purchaser Plaintiff Class And Fieldale Farms Corporation And Conditionally Certifying The Proposed Settlement Class (ECF No. 462), hereby directs notice to be distributed to the Settlement Class Members pursuant to Federal Rule of Civil Procedure ("Rule") 23(c)(2).

2. The proposed notice plan set forth in the Motion and the supporting declarations comply with Rule 23(c)(2)(B) and due process as it constitutes the best notice that is practicable under the circumstances, including individual notice vial mail and email to all members who can be identified through reasonable effort. The direct mail and email notice will be supported by reasonable publication notice to reach class members who could not be individually identified.

3. The attached proposed notice documents: Summary Publication Notice (Exhibit A), Email Notice (Exhibit B), and Long Form Notice (Exhibit C), and their manner of transmission, comply with Rule 23(c)(2)(B) and due process because the notices and forms are reasonably calculated to adequately apprise class members of (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). Non-substantive changes, such as typographical errors, can be made to the notice documents by agreement of the parties without leave of the Court.

4. The Court hereby sets the below schedule for the dissemination of notice to the class and for the Court's Fairness Hearing, at which time the Court will determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. This Court

may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website but other than the website posting the Parties will not be required to provide any additional notice to Class Members.

| DATE | EVENT |
|---|---|
| 1. July 20, 2018 | Each Defendant to produce customer names, addresses, phone numbers and email addresses, to the extent the Defendant has that information in its structured transactional data or other sources as agreed, to Direct Purchaser Plaintiffs and the Settlement Administrator.[1] |
| 2. August 16, 2018 | Settlement Administrator to provide direct mail and email notice, and commence the publication notice plan |
| 3. October 15, 2018 | Last day for Settlement Class Members to request exclusion from the Settlement Class and for Settlement Class Members to object to the settlement |
| 4. October 25, 2018 | Class Counsel shall file with the Court a list of all persons and entities who have timely requested exclusion from the Settlement Class |
| 5. October 29, 2018 | Class Counsel shall file motion for final approval of settlement and all supporting papers, and Class Counsel and settling defendant Fieldale Farms may respond to any objections to the proposed settlement. |
| 6. November 13, 2018 at 9:00 a.m. | Final Settlement Fairness Hearing |

**IT IS SO ORDERED.**

DATED: 6/22/2018

_Thomas M Durkin_

HON. THOMAS M. DURKIN

---

[1] To the extent that any Defendant relies on its transactional structured data to produce customer contact information, it must identify these documents by bates number to Direct Purchaser Plaintiffs and the Settlement Administrator by July 20, 2018 and ensure that the customer contact information is readily identifiable and accessible.