UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION* <br><br> This Document Relates To: All Actions | Case No. 16 C 8637 <br><br> Magistrate Judge Jeffrey T. Gilbert |

## **ORDER**

This matter is before the Court on Class Plaintiffs' Motion to Compel Production of Attachments to Responsive Email Families and Modify the ESI Protocol Order (ECF No. 459) [ECF No. 976]. In this Motion, Plaintiffs challenge the actions of three Defendants (Tyson, Koch Foods, and Mountaire) in withholding from production a large number of email attachments as non-responsive. For the reasons set forth below, Plaintiffs' Motion to Compel and Modify ESI Protocol [ECF No. 976] is denied.

## I. BACKGROUND

On August 15, 2017, the Court entered an Order Regarding Production of Electronically Stored Information and Paper Documents ("ESI Protocol") [ECF No. 459]. The ESI Protocol was the result of extensive negotiation, compromise by both sides, and guidance provided by the Court over many months. Pursuant to the ESI Protocol, the parties were required to meet and confer regarding "a non-exhaustive list of criteria" to be used in determining whether a document is responsive to a party's production requests within the meaning of Federal Rule of Civil Procedure 26(b)(1) for purposes of this case. *See* ESI Protocol [ECF No. 459], at ¶ II(G). The parties apparently did this, and "each Defendant provid[ed] to Plaintiffs' (at Plaintiffs' request) a detailed document identifying precisely what that Defendant would produce in response to each of Plaintiffs' 80-plus document requests." Defendants' Opposition to Class Plaintiffs' Motion to Compel Production of Non-Responsive Attachments ("Defendants' Opposition") [ECF No. 1020], at 1.

The parties also agreed, and the Court ordered, that non-responsive attachments to any responsive parent emails did not have to be produced. *See* ESI Protocol [ECF No. 459], at ¶ II(G). Pursuant to the agreed upon procedure, when a non-responsive attachment to an email is withheld, the producing party is supposed to insert a placeholder (which Defendants did) that says a non-responsive document has been withheld from production. *Id.* Under the ESI Protocol, the parties were supposed to meet and confer about whether any other information would be contained on the placeholder document. *Id.* Apparently, the parties did not meet and confer about that issue, nor did they agree on whether additional information would be included on the placeholder document. Defendants' Opposition [ECF No. 1020], at 5.

The ESI Protocol provides that the requesting party has the right to request production of any document withheld solely on the basis of non-responsiveness if the party believes in good faith that the document is responsive. *See* ESI Protocol [ECF No. 459], at ¶ II(G). The requesting party must provide a list of the withheld documents it requests be produced with an explanation of why the party believes the documents are responsive. *Id.*

Plaintiffs now want the Court to exercise its "inherent power to manage complex litigation efficiently" and to prescribe the categories of documents that can be withheld, to require a party to insert a placeholder for each document withheld as non-responsive that identifies the category into which the withheld document falls, and presumably to order Defendants to produce the documents they are withholding that do not fall within one of those categories. Plaintiffs' Motion to Compel and Modify ESI Protocol [ECF No. 976], at 14. The Court declines to do so.

## II. ANALYSIS

The ESI Protocol is clear, and Section II(G) of the ESI Protocol represents a negotiated compromise of the parties' opposing positions. That provision, which permits a party to not produce non-responsive email attachments, was added to address Defendants' position that they be allowed to withhold non-responsive attachments to emails. *See* ESI Protocol [ECF No. 459], at ¶ II(G). The requirement that the parties meet and confer about the information that would be provided in the placeholder documents and the provision that a party could in good faith request production of withheld documents were included to give Plaintiffs some leverage and recourse given their concern that Defendants would withhold documents as non-responsive that should be produced. Plaintiffs could have pushed for more description on the place holder document or brought the issue to the Court's attention if they were at impasse with Defendants. They did not do that. Although Defendants did not initiate those discussions either, this provision of the ESI Protocol was for Plaintiffs' benefit so one would expect them to take advantage of it.

The Court will not rewrite now the ESI Protocol that was agreed to and memorialized almost two years ago. Pursuant to the ESI Protocol, Plaintiffs have the right to challenge in good faith and with reasons why they think Defendants are withholding potentially responsive documents. The Court recognizes it may be difficult for Plaintiffs to do that in some instances with the limited information they have about documents Defendants have withheld. However, Plaintiffs' reasons for challenging a Defendant's withholding of a purportedly non-responsive document do not have to be precise as long as they are raised in good faith, and they can be based on context.

For example, Plaintiffs may have good reason to question the withholding of an attachment to an email when another attachment to the same email that was produced contains information Plaintiffs say is critical to their case. In other words, whether or not the attachment was withheld properly as non-responsive, Plaintiffs may have good cause to flag the issue for discussion. Plaintiffs raise such an instance at the beginning of their reply brief. *See* Plaintiffs' Reply [ECF No. 1031], at 1. Plaintiffs would need to raise the issue with the applicable Defendant (or Defendants) in the first instance and follow the ESI Protocol. It may be, for example, that a document was withheld in error, as the Koch Defendants determined was the case for certain documents after Plaintiffs filed their Motion. *See* The Koch Defendants' Joinder and Amended Separate Response in Opposition to Motion to Compel, [ECF No. 1028], at 6. After the parties have satisfied their obligations under

the ESI Protocol and the meet and confer requirements for discovery disputes, if they still cannot resolve a dispute, then they can raise it with the Court.[1]

The Court does not agree with Plaintiffs that there is any hard and fast rule that nonresponsive documents should be produced in all cases. Plaintiffs cite *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, 2011 WL 3738979 (S.D.N.Y. Aug. 18, 2011), for the proposition that it is common for parties to produce a non-privileged attachment to an email if the email is relevant. 2011 WL 3738979, at *5. Whether or not that is a true statement, Plaintiffs ignore that the court in *Abu Dhabi Commercial Bank* endorsed this practice "absent party agreement or court order to the contrary." *Id.* In this case, there is both party agreement and a court order that governs how the parties will review, designate, and produce documents.[2] Further, other cases cited by Plaintiffs deal with line by line or word redactions in otherwise responsive documents; that is not the context in which Plaintiffs are challenging the withholding of documents in this case.

The Court recognizes that there is some burden on Plaintiffs in following the ESI Protocol. Nevertheless, that is the procedure to which the parties agreed and what the Court ordered. Plaintiffs' request for relief in their Motion would place more burden on Defendants by changing the document review and production protocol near the end of a long process. That is not proportional to the needs of the case, and the Court sees no good reason to change the rules midstream. The Court also disagrees that would be a proper exercise of its discretion as Plaintiffs contend. The process to which the parties agreed in the ESI Protocol is not perfect, but, as with any compromise, it is good enough. Further, Plaintiffs have not given the Court a sufficient reason to scrap it particularly given they did not take advantage of the provisions included in the ESI Protocol that were intended to provide them with some protection.

### III. CONCLUSION

For all these reasons, Class Plaintiffs' Motion to Compel Production of Attachments to Responsive Email Families and Modify the ESI Protocol Order (ECF No. 459) [ECF No. 976] is denied.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: July 17, 2018

---

[1] The Court notes that it seems clear many of the documents being withheld are non-responsive, and the Court does not expect challenges to those documents beyond whatever is necessary to confirm that is the case. The Court also does not expect, nor will it accept, a kitchen sink challenge from Plaintiffs. That is not what the ESI Protocol envisions.

[2] Defendants have identified discovery protocols in which other courts specifically have ordered that non-responsive attachments to emails do not need to be produced. Defendants' Opposition, [ECF No. 1020], at 6 (citing cases).

3