IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAPLEVALE FARMS, INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KOCH FOODS, INC., et al.,<br><br>Defendants. | Case No. 16-cv-08637<br><br>Honorable Thomas M. Durkin |
| W. LEE FLOWERS & CO., INC.<br><br>Plaintiff,<br><br>v.<br><br>NORMAN W. FRIES, INC., d/b/a CLAXTON POULTRY FARMS, et al.,<br><br>Defendants. | Case No. 18-cv-05345<br><br>Honorable John J. Tharp, Jr. |

**PLAINTIFF'S UNOPPOSED MOTION PURSUANT
TO LOCAL RULE 40.4 TO REASSIGN CASE AS RELATED**

Pursuant to Northern District of Illinois Local Rule 40.4, Plaintiff W. Lee Flowers & Co., Inc. ("Plaintiff") respectfully moves to reassign its related individual, direct purchaser case to the Honorable Thomas M. Durkin, who is presiding over the above-captioned action, *Maplevale Farms, Inc., et al., v. Koch Foods, Inc., et al.,* 16-cv-08637 (N.D. Ill.)("*Maplevale*"), now known collectively with other reassigned cases as *In Re: Broiler Chickens Antitrust Litigation*. Defendants in the *Maplevale* and *Flowers* cases do not oppose reassignment of the *Flowers* case to Judge Durkin.

**INTRODUCTION**

1. On September 2, 2016, the *Maplevale* case was filed in this District on behalf of a proposed class of direct purchasers of chickens. Since then, numerous other direct purchaser cases have been filed with similar allegations against Defendants.[1] The direct purchaser complaints generally alleged that Defendants engaged in a conspiracy to increase the prices of chicken by reducing supply in violation of federal antitrust laws.

2. On October 5, 2016, after a hearing, Judge Durkin granted various motions to reassign and relate several of the later-filed cases to the *Maplevale* case. On a later date, the remaining direct purchaser cases were also related to the *Maplevale* case and reassigned to Judge Durkin.

3. On August 6, 2018, the *W. Lee Flowers & Co., Inc. v. Norman W. Fries, Inc., d/b/a Claxton Poultry Farms*, 18-cv-05345 ("*Flowers*") case was filed by Plaintiff in the Northern District of Illinois. *See* Exhibit A attached. The *Flowers* complaint makes similar allegations to the other direct purchaser cases that have been previously related to the *Maplevale* action (although it is an individual, non-class case, and not a class action).

4. The difference between the *Maplevale* and *Flowers* complaints is that the *Flowers* Plaintiff is bringing the case on its own behalf as a direct purchaser, and not as part of a class. The *Maplevale* complaint alleges claims on behalf of a proposed class of direct purchasers, while the *Flowers* Plaintiff makes similar allegations on its own behalf.

5. Pursuant to Local Rule 40.4, the *Flowers* case should be reassigned to Judge Durkin who presides over the earliest numbered case.

**ARGUMENT**

---

[1] *See, e.g.*, *John Gross and Company, Inc. v. Koch Foods, Inc. et al.*, No. 16-cv-08737; *Fargo Stopping Center, LLC et al. v. Koch Foods, Inc. et al.*, No. 16-cv-08851; *Ferraro Foods, Inc. v. Koch Foods, Inc., et al.*, 16-cv-09684; and *Joe Christiana Food Distributors, Inc. v. Koch Foods, et al.*, 16-cv-09900.

Reassignment under Local Rule 40.4 provides for a case to be reassigned to another judge "if it is found to be related to an earlier-number case" and certain criteria are met. Local Rule 40.4(b). First, the moving party must establish that the cases are related, by demonstrating: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same. Local Rule 40.4(a).

Second, if related, a case may be reassigned to the calendar of a judge hearing an earlier numbered case only if: (1) both cases are pending in this District; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to substantially delay the proceedings in the earlier case; and (4) the cases are susceptible of disposition in a single proceeding.[2] Here, reassignment is appropriate because these antitrust lawsuits meet the requirements of Local Rule 40.4(a) and (b).

### A. The Lawsuits Are Related Under Local Rule 40.4(a)

Rule 40.4(a) sets out four alternative conditions under which lawsuits may be deemed related. Two of the four conditions are satisfied here. First, the *Maplevale* and *Flowers* lawsuits satisfy Rule 40.4(a)(3) because they each allege claims based on the same transaction or occurrence—a conspiracy among Defendants to artificially reduce or suppress chicken supply and raise chicken prices. Second, the lawsuits satisfy Rule 40.4(a)(2) because they involve some of the same issues of fact or law, such as, among other things:

1. Whether Defendants and their co-conspirators engaged in an agreement, combination, or conspiracy to fix, raise, elevate, maintain, or stabilize prices of chicken sold in interstate commerce in the United States;

---

[2] The *Flowers* Plaintiff is not, and will not be, seeking consolidation of its case with the *Maplevale* case.

2. Whether the alleged conspiracy violated the Sherman Act;

3. Whether the conduct of Defendants and their co-conspirators caused injury to the business or property of the Plaintiffs; and

4. Whether Plaintiffs are entitled to, among other things, damages.

Accordingly, this suit should be deemed related to the *Maplevale* action and reassigned to Judge Durkin.

### B. The Lawsuit Satisfies the Criteria Set Forth in Local Rule 40.4(b)

All four requirements of Local Rule 40.4(b) are also met. First, both cases are proceeding in the Northern District of Illinois. Second, because Judge Durkin (and Magistrate Judge Jeffrey T. Gilbert) have been handling the *Maplevale* case for over a year, having the *Flowers* case reassigned to those judges will save judicial time and effort in that they are already familiar with the relevant allegations and controlling law (*see, e.g.*, Memorandum Opinion and Order on Defendants' Motions to Dismiss, Dkt. 541).

Third, reassigning the *Flowers* case to Judge Durkin will not substantially delay the proceedings in the *Maplevale* case, as the *Flowers* Plaintiff is agreeable to having the scheduling orders applicable in the *Maplevale* action, with slight variations to account for the August 2018 filing date of the *Flowers* action, apply to its case. Finally, because the *Flowers* and *Maplevale* cases involve similar claims and defenses, and will likely involve duplicative discovery of the parties and non-parties, the two actions are susceptible of disposition in a single proceeding (which already involves multiple proposed classes of purchasers at various levels of the distribution chain).

### CONCLUSION

Pursuant to Local Rule 40.4, Plaintiff W. Lee Flowers & Co., Inc. respectfully requests that its case, *W. Lee Flowers & Co., Inc. v. Norman W. Fries, Inc. d/b/a Claxton Poultry Farms et al.*, Case No. 1:18-cv-05345, be reassigned to Judge Durkin, who is currently presiding over the earliest-numbered case.

Dated:  August 14, 2018                                          Respectfully submitted,

*/s/ Eric R. Lifvendahl*
One of the Attorneys for Plaintiff
Eric R. Lifvendahl (#6211539)
**WILLIAMS MONTGOMERY & JOHN LTD.**
233 S. Wacker Dr., Suite 6800
Chicago, Illinois 60606
Tel: (312) 443-3230
Email: erl@willmont.com

**KAPLAN FOX & KILSHEIMER LLP**
Robert N. Kaplan
Matthew P. McCahill
850 Third Avenue, 14th Floor
New York, New York 10022
Tel: (212) 687-1980
Email: rkaplan@kaplanfox.com
Email: mmccahill@kaplanfox.com

**HAJJAR PETERS, LLP**
Johnny K. Merritt
3144 Bee Cave Road
Austin, Texas 78746
Tel: (512) 637-4956
Email: jmerritt@legalstrategy.com

**THE COFFMAN LAW FIRM**
Richard L. Coffman
First City Building
505 Orleans Street, Fifth Floor
Beaumont, Texas 77701
Tel: (409) 833-7700
Email: rcoffman@coffmanlawfirm.com

**CERA LLP**
Solomon B. Cera
595 Market Street, Suite 2300
San Francisco, California 94105
Tel: (415) 777-2230
Email: scera@cerallp.com

**CERA LLP**
C. Andrew Dirksen
800 Boylston St., 16th Floor
Boston, Mass. 02199
Tel: (857) 453-6555
Email: cdirksen@cerallp.com

**HAYNSWORTH SINKLER BOYD, PA**
Manton M. Grier
Elizabeth H. Black
Mary C. Eldridge
1201 Main Street, 22nd Floor
Columbia, South Carolina 29201
Tel: (803) 779-3080
Email: mgrier@hsblawfirm.com
 eblack@hsblawfirm.com
 meldridge@hsblawfirm.com

*Counsel for Plaintiff W. Lee Flowers & Co., Inc.*

**CERTIFICATE OF SERVICE**

I certify that on August 14, 2018, I caused a copy of the foregoing document to be filed electronically using the Court's CM/ECF system, which will generate notice of this filing to all counsel of record.