UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>This Document Relates To: All Actions | Case No. 16 C 8637<br><br>Magistrate Judge Jeffrey T. Gilbert |

## ORDER

During the status hearing held on August 24, 2018, the Court addressed the subjects listed in the parties' Joint Report and Letter Brief Regarding August 24, 2018 Status Conference [1122], the Joint Letter Brief Regarding Number of Depositions [1131], and additional issues raised by the Court in its Order entered on August 22, 2018 [1139]. This Order memorializes some of the rulings made, guidance provided, and dates set by the Court during the hearing. The parties are directed to the transcript of the hearing for a complete record of that hearing.

**(1) Defendants' Motion to Quash Plaintiffs' First Set of Interrogatories to Each Defendant and Requests for Admissions to All Defendant Families**

For the reasons discussed on the record, Defendants' Motion to Quash Plaintiffs' First Set of Interrogatories to Each Defendant and Requests for Admissions to All Defendant Families [970] is granted in large part but denied as to Plaintiffs' Interrogatories Nos. 2 and 3 and as to Defendants' argument that Plaintiffs have exceeded the number of interrogatories allowed by Rule 33 of the Federal Rules of Civil Procedure. Defendants shall respond to Plaintiffs' Interrogatories Nos. 2 and 3 by September 14, 2018. As discussed on the record, the Court's view is that some of the information sought by Plaintiffs' Interrogatory No. 1 and their related Requests for Admissions is discoverable by interrogatory or is the proper subject of a request for admission, but Plaintiffs cannot obtain all the information they are seeking in the form they are seeking it with the omnibus, aircraft carrier-like Requests for Admissions and accompanying First Set of Interrogatories they served.

The parties should meet and confer about the information Plaintiffs are seeking, and the Court urges the parties to attempt to reach agreement about the way in which Plaintiffs can obtain at least some or even most of the information they want in a manner more in keeping with the Federal Rules of Civil Procedure as interpreted by the Court during the hearing. To the extent the parties cannot reach agreement, Plaintiffs shall file a motion for leave to serve any disputed interrogatories and/or requests for admission and putting in context why the particular information they are seeking is relevant and proportional to the needs of the case.

The Court notes that it addressed the parties' respective positions concerning the number of interrogatories that would be permitted in this case during a February 24, 2017, status hearing

[336] and again during a December 11, 2017, status hearing [581]. *See also* Joint Status Report for February 24, 2017 Status Conference [316] at 17-18. Although not subsequently memorialized in an order, the Court indicated during those hearings that it was inclined to allow Defendants to serve 25 interrogatories on each Plaintiff and to allow Plaintiffs to serve 25 joint interrogatories on all Defendants and 10 additional interrogatories on each separate Defendant family. *See* Hearing Transcripts [336], at 35, and [581], at 32-33. If the parties now want to address these issues further, they should meet and confer and then present any dispute to the Court for resolution.[1]

**(2) Number of Depositions**

With respect to the number of depositions that will be permitted in this case, absent agreement or further court order:

(a) Plaintiffs can take up to 10 depositions of each Defendant family, including Rule 30(b)(6) depositions, which is a total of 180 depositions covering the 18 Defendant families.

(b) Defendants can take up to 100 depositions of Plaintiffs, including Rule 30(b)(6) depositions. Defendants are permitted to take up to two depositions of larger corporate Plaintiffs and one deposition of each smaller corporate Plaintiff and individual Plaintiff.

(c) Each side is permitted to take up to 25 third party depositions.

Although not discussed in detail at the hearing, the Court is willing to consider distributing the 180 Defendant family depositions such that some families are allotted more than 10 depositions thereby reducing the number of depositions that can be taken of other families to less than 10 depositions. But the Court is not willing at the outset to adopt Plaintiffs' proposal that they be allowed to take up to 25 depositions of larger Defendant families and up to 15 or 20 depositions of other Defendant families. The Court encourages the parties to continue to discuss these issues as they begin to notice and to take depositions in real time and learn how many depositions actually are necessary.

If a new defendant or defendant family is added to the case, Plaintiffs are given leave, absent agreement of the parties or further court order, to take up to 10 depositions of any new defendant or defendant family, including Rule 30(b)(6) depositions. If any new plaintiff is added, absent agreement of the parties or further court order, Defendants are given leave to take up to two depositions of any newly added larger corporate plaintiff, and one deposition each of any newly added smaller corporate plaintiff or individual plaintiff, including Rule 30(b)(6) depositions.

**(3) Authenticity and Admissibility of Business Records**

For the reasons discussed on the record, the Court is unwilling to enter Plaintiffs' proposed order concerning the presumed authenticity and admissibility of documents used at depositions. *See* [1122], at Ex. B. In the Court's view, Plaintiffs' proposal sweeps too broadly in presuming that documents qualify as business records within the meaning of Federal Rule of Evidence 803(6)

---

[1] This issue was not addressed in this level of detail at the August 24, 2018.

and the process by which a party would be able to challenge that presumption is cumbersome and not proportional to the needs of the case. Legitimate disputes concerning the authenticity and admissibility of particular documents as business records can be resolved later in the case when the parties and the Court have a greater appreciation and understanding of the documents that actually matter, and after the parties have had a chance to address those matters in context. If the parties want the Court to enter a more definitive procedural order in this regard now, however, then the Court is more inclined toward the order Defendants proposed. *See* [1122], at Ex. C.

**(4) Dates for Validation Protocol**

Those Defendants that have substantially completed their production of documents and are in the process of conducting their validation protocol in accordance with the Order Regarding Search Methodology For Electronically Stored Information [586] shall complete the validation protocol and provide the specified information on or before September 24, 2018. For all other Defendants who have yet to substantially complete their production of documents, once those Defendants reach substantial completion, they shall initiate their validation protocol in accordance with the Order Regarding Search Methodology For Electronically Stored Information [586] and complete that process 53 days after substantial completion of their document production.

**(5) Fact Discovery Close Date, Scheduling Orders, and Other Matters**

As discussed at the hearing and for the reasons set forth in the Court's Order of August 22, 2018 [1139], it is clear to the Court that the fact discovery close date set in Scheduling Order No. 2 [574] and subsequent dates in that Order that key off the fact discovery close date need to be adjusted. Therefore, the Court orders that the date for the close of fact discovery (and all other dates after that) be pushed forward 120 days. By September 6, 2018, the parties shall submit a proposed scheduling order that supersedes Scheduling Order No. 2 in these respects.

By September 6, 2018, the parties also shall meet and confer about the dates now set in Scheduling Order No. 2 [574] for service of a second set of interrogatories, service of additional requests for production of documents, and for amending complaints. As discussed on the record, if these dates are pushed forward, they should be moved only to the extent necessary and no morre than 30 or 60 days, and the new proposed dates should be included in a proposed scheduling order that will supersede Scheduling Order No. 2 [574] which shall be submitted by September 6, 2018. Also by September 6, 2018, the parties shall advise the Court's courtroom deputy whether they would like the next status hearing to be held on October 26 or November 2, 2018, beginning at 9:30 a.m., with a joint status report to be filed two weeks before the hearing.

By September 14, 2018, the parties shall either (1) submit a proposed scheduling order that will supersede Scheduling Order No. 3 [785] regarding newly-added Defendants and Direct Action Plaintiffs, or (2) file a joint motion to resolve any continuing disputes concerning dates to be included in such an Order.

Gerber Poultry's Motion to Quash Subpoena and/or for a Protective Order [973] remains under advisement. As discussed on the record, the relevant parties should continue to discuss a

resolution of that Motion and file an appropriate stipulation concerning the withdrawal of that Motion, notice it for hearing, or propose a revised briefing schedule.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: August 28, 2018