# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>This Document Relates To:<br>Direct Purchaser Actions | Case No. 1:16-cv-08637<br><br>Hon. Thomas A. Durkin<br><br>Magistrate Judge Jeffrey T. Gilbert |

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT WITH DEFENDANT FIELDALE FARMS CORPORATION

894320.2

Having considered the Direct Purchaser Plaintiffs' ("DPPs") motion for final approval of their class action settlement with Defendant Fieldale Farms Corporation ("Fieldale Farms" or "Settling Defendant"), and having conducted a fairness hearing in connection with that motion, the Court, having also reviewed the settlement agreement between the DPPs and Fieldale Farms ("Settlement" or "Settlement Agreement"), the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that the motion should be GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of this litigation, including the actions within this litigation, and over the parties to the Settlement Agreement, including all members of the Settlement Class (also referred to herein as the "Class") and the Defendants.

2. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement.

3. Pursuant to Fed. R. Civ. P. 23(g), Co-Lead Counsel previously appointed by the Court is appointed as Co-Lead counsel for the Class as they have and will fairly and competently represent the interests of the Class.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court determines that the following settlement class be certified:

> All persons who purchased Broilers directly from any of the Defendants or any co-conspirator identified in this action, or their respective subsidiaries or affiliates for use or delivery in the United States from at least as early as January 1, 2008 until the date of this Preliminary Approval Order. Specifically excluded from this Class are the Defendants, the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded from this Class are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial

894320.2                                1

staff, any juror assigned to this action, and any co-conspirator identified in this action.

5. The Court further finds that the prerequisites to a class action under Rule 23 are satisfied for settlement purposes in that: (a) there are hundreds of geographically dispersed class members, making joinder of all members impracticable; (b) there are questions of law and fact common to the class that predominate over individual issues; (c) the claims or defenses of the class plaintiffs are typical of the claims or defenses of the class; (d) the plaintiffs will fairly and adequately protect the interests of the class, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the class; and (e) a class action is superior to individual actions.

6. The Court hereby finally approves and confirms the settlement set forth in the Settlement Agreement and finds that said settlement is, in all respects, fair, reasonable and adequate to the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7. This Court hereby dismisses with prejudice the action against the Settling Defendant (Fieldale Farms), with each party to bear their own costs and fees, including attorneys' fees, except as provided in the Settlement Agreement.

8. The Releasing Parties are hereby and forever barred from commencing or continuing against the Released Parties any of the Released Claims as defined in the Settlement Agreement.

9. The Released Parties are hereby and forever released from all Released Claims as defined in the Settlement Agreement.

10. The notice given to the Class, including individual notice to all members of the Class who could be identified through reasonable efforts, was the best notice practicable under the circumstances. Said notice provided due and adequate notice of the proceedings and of the

matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

11. No objections to the Settlement were filed.

12. As set forth in the notice to the Class, at this time Co-Lead Counsel are not seeking their fees or to distribute Settlement proceeds to qualified claimants; when Co-Lead Counsel determine to do so, they will notify the class and seek the Court's approval.

13. Any member of the Class who failed to timely and validly request to be excluded from the Class shall be subject to and bound by the provisions of the Settlement Agreement, the Released Claims contained therein, and this Order (and the related Final Judgment) with respect to all Released Claims, regardless of whether such members of the Class seek or obtain any distribution from any Settlement Fund. Persons/Entities who validly requested to be excluded from the Class are listed in **Exhibits A1** and **A2** to the Third Supplemental Declaration Of Jennifer M. Keough Regarding Notice Administration.

14. Without affecting the finality of the Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement Agreement and any allocation or distribution to Class Members pursuant to further orders of this Court; (b) disposition of any Settlement Fund; (c) hearing and determining applications by plaintiffs for attorneys' fees, costs, expenses, and interest; (d) the actions until the Final Judgment has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreement; (e) hearing and ruling on any matters relating to any plan of allocation or distribution of settlement proceeds; and (f) the parties to the Settlement

Agreement for the purpose of enforcing and administering the Settlement Agreement and the mutual releases contemplated by, or executed in connection with the Settlement Agreement.

15. In the event that the settlement does not become effective in accordance with the terms of the Settlement Agreement, then the Final Judgment shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void and the parties shall be returned to their respective positions *ex ante*.

16. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that judgment should be entered and further finds that there is no just reason for delay in the entry of final judgment as to the parties to the Settlement Agreement. Accordingly, the Clerk is hereby directed to enter such judgment forthwith.

Dated: 11/16/2018

United States District Judge