UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | No. 1:16-cv-08637<br>Honorable Thomas M. Durkin |

**DIRECT ACTION PLAINTIFFS' RESPONSE AND OBJECTIONS TO DEFENDANTS' RULE 30(b)(6) NOTICE OF DEPOSITION**

Pursuant to 30(b)(6) of the Federal Rules of Civil Procedure and the Court's Order Regarding 30(b)(6) Deposition Notice Exchange (Dkt. No. 1375), Action Meat Distributors, Inc. Affiliated Foods, Inc., Alex Lee, Inc./Merchants Distributors, LLC Associated Food Stores, Inc., Associated Grocers of New England, Inc., Bashas' Inc., Big Y Foods, Inc., Certco, Inc., Fareway Stores, Inc., Howard Samuels as Trustee in Bankruptcy for Central Grocers, Inc., CBBC OPCO, LLC, d/b/a Colorado Boxed Beef and King Solomon Foods, Inc., Ira Higdon Grocery Company, Inc., Nicholas & Co., Inc., Pacific Agri-Products, Inc., Pacific Food Distributors, Inc., Piggy Wiggly Alabama Distributing Co., Inc., Troyer Foods, Inc., URM Stores, Inc., W. Lee Flowers & Co., Inc., Weinstein Wholesale Meats, Inc., Woodman's Food Market, Inc. (the "Plaintiffs"), by and through their counsel, respond to Defendants' 30(b)(6) Notice of Deposition to Direct Action Plaintiffs, dated November 15, 2018 ("Notice"), as follows:

**GENERAL OBJECTIONS TO
DEFENDANTS' DEFINITIONS AND INSTRUCTIONS**

1. Plaintiffs object to the Notice to the extent it seeks information that is not relevant to any claim or defense in this case and/or not proportional to the needs of the case.

2. Plaintiffs object to the Notice to the extent it seeks testimony regarding confidential, trade secret, or proprietary business information.

3. Plaintiffs object to the Notice to the extent it seeks information that requires expert testimony or legal interpretation.

4. Plaintiffs object to the Notice to the extent it seeks information protected from discovery based on the attorney-client privilege, the work product doctrine, or any other privilege or immunity (hereinafter, "Privilege").

5. Many of the topics in the Notice assume knowledge or conduct by Plaintiffs that is not necessarily well founded. In responding to each topic, Plaintiffs do not intend to imply,

acknowledge, or concede that the conduct or knowledge assumed by a particular topic actually occurred or was known by Plaintiffs.

6. Plaintiffs object to the Notice to the extent it seeks information related to Plaintiffs' own sales, prices or profits – often referred to as "downstream" discovery – because such discovery is irrelevant and its production is contrary to the principles established by the Supreme Court in *Hanover Shoe v. United Shoe Machinery Corp.*, 392 U.S. 481 (1968) and *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977). Under these controlling cases, a direct purchaser – such as the Plaintiffs here – is entitled to recover the "full amount" of an overcharge, and inquiry into the "downstream" effects of the overcharge – including, for example, inquiry into the direct purchaser's own prices, sales, and profits – is irrelevant as matter of law. Following these fundamental principles, numerous courts, including the Court in this case, have rejected attempts by antitrust defendants to take "downstream" discovery from direct purchasers. *See, e.g.*, *In re Broiler Chicken Antirust Litig.*, 1:16-cv-08637, (N.D. Ill. Feb. 21, 2018), ECF No. 749 at 5 (denying motion to compel downstream discovery issued to plaintiffs); *In re K-Dur Antitrust Litig.*, 686 F.3d 197, 221 (3d Cir. 2012) (plaintiffs' sales and profits not discoverable on adequacy of representation, damages and indirect purchaser issues); *In re Niaspan Antitrust Litig.*, No. 13-md-02460, 2015 LEXIS 92534, at *1-2 (E.D. Pa. Jul. 9, 2015) (joining other courts in finding downstream discovery irrelevant in both the direct purchaser and indirect purchaser cases); *In re Polyurethane Foam Antitrust Litig.*, No. 10-md-02196, 2014 WL 764617, at *3-4 & 2012 WL 5970908 (N.D. Ohio Feb. 26, 2014) (upholding prior ruling barring downstream discovery because "the focus of this case is the manufacturing of foam, not the downstream use or resale of foam products"); *In re Optical Disk Drive Prods. Antitrust Litig.*, No. 10-md-02143, Docket No. 943 (N.D. Cal. Jul. 19, 2013) (motion for protective order granted where whatever minimal relevance of downstream discovery was substantially outweighed by burden on direct purchasers); *In re Pool Prods. Distrib. Mkt. Antitrust Litig.*, No. 12-md-02328, Docket No. 174 at 13-23 (E.D. La. Nov. 6, 2012) ("[L]ower courts have, for the most part, found downstream information to be non-discoverable, whether for market definition, class certification, damages, or indirect purchaser issues."); *In re Air Cargo Shipping Servs. Antitrust Litig.*, No. 06-md-01775, 2010 WL 4916723, at *4 (E.D.N.Y. Nov. 4, 2010) (rejecting effort to obtain discovery of plaintiffs' pricing and methods of determining downstream pricing and recognizing the myriad of cases that have denied downstream discovery); *In re Flat Glass Antitrust Litig.* (II), No. 08-mc-00180, Docket No. 238 (W.D. Pa. Jan. 6, 2010) (motion to compel denied where downstream information was not relevant or necessary to determine class certification); *PLAINTIFFS Inc. v. Abbott Labs*, 251 F.R.D. 431, 433-34 (N.D. Cal. 2008) (denying motion to compel documents in response to requests seeking downstream sales information); *In re Aspartame Antitrust Litig.*, No. 06-cv-01732, 2008 WL 2275528, at *4-6 (E.D. Pa. Apr. 8, 2008) (downstream information not discoverable on class certification and indirect purchaser issues); *In re Auto. Refinishing Paint Antitrust Litig.*, MDL No. 1426, 2006 WL 1479819, at *7-8 (E.D. Pa. May 26, 2006) (precluding downstream discovery relating to market conditions, nature of industry and damages); *In re Pressure-Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 498 (M.D. Pa. 2005) (denying motion to compel plaintiffs' prices and methods to determine prices of downstream products); *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 298-302 (D.D.C. 2000) (denying motion to compel documents regarding plaintiff's "use, manufacture, sale, marketing, distribution or supply of vitamins or vitamin-containing products"; "downstream" discovery not relevant to direct purchasers' antitrust claims and benefit of such discovery outweighed by burden or expense to plaintiff of providing such discovery).

Accordingly, Plaintiffs object to the Notice insofar it seeks "downstream" discovery, as "downstream" discovery is not relevant. Plaintiffs also object to the Notice because the preparation needed to testify as to "downstream" topics is more burdensome and expensive than beneficial and is not proportional to the needs of the case. This objection will be referred to as Plaintiffs' "Downstream Objection."

7. Plaintiffs object to the Notice to the extent it seeks information concerning products other than Broilers. Such "other product" information is irrelevant, overly broad and unduly burdensome to collect and testify to. This objection will hereinafter be referred to as Plaintiffs' "Other Product Objection".

8. Plaintiffs object to the Notice to the extent that its calls for, or purports to require, Plaintiffs to do some act that is not required by the Federal Rules of Civil Procedure and/or the Local Rules of the Court.

9. Plaintiffs object to the Notice because it defines "You," "Your," "Plaintiff" or "Plaintiffs" to include entities separate and distinct from the Plaintiffs, including, for example, assignors and representatives. The Plaintiffs cannot and need not testify on behalf of entities other than themselves.

10. Plaintiffs object to the Notice to the extent that Defendants will seek testimony beyond the subject matter of the Notice, as construed by Plaintiffs. Any such testimony should not be considered as the testimony of Plaintiffs and will not be binding upon Plaintiffs.

11. Plaintiffs object to the Notice because many of the topics are more appropriately addressed through reference to Plaintiffs' transaction records and other documents produced in this litigation, rather than through a deposition. Plaintiffs reserve the right to refer Defendants to their transaction records and other documents at the time of deposition.

12. Each of the foregoing objections and limitations are incorporated into Plaintiffs' responses to each of the topics below.

13. Plaintiffs' responses to each topic herein as well as Plaintiffs' subsequent testimony are subject to the Agreed Confidentiality Order dated November 8, 2016 (Doc. No. 202).

14. Plaintiffs reserve the right to supplement this response and/or add other objections if, based on Plaintiffs' continued preparation for the deposition, Plaintiffs determine that such additional objection is required.

15. Unless otherwise indicated, Plaintiffs will, subject to their objections and reasonable availability of responsive information, provide testimony only for the time period of January 1, 2007 through September 2, 2016 ("the Relevant Time Period").

## SPECIFIC REPONSES AND OBJECTIONS

1.  Your decision-making regarding the purchase of Broilers during the Relevant Period, including the selection of Broiler suppliers (including, but not limited to, integrators, brokers or intermediaries), the negotiations for the purchase of Broilers, considerations regarding pricing of Broilers, bids and/or offers received or solicited for the purchase of Broilers, and any discounts, rebates or credits You received or solicited related to the purchase of Broilers.

**RESPONSE**:

Plaintiffs object to this topic on the grounds that it is overbroad and unduly burdensome and more burdensome than beneficial under the circumstances. Plaintiffs further object to this topic on the ground that it calls testimony that is neither relevant to any claim or defense at issue in this case nor proportional to the needs of the case. Plaintiffs further object to this topic on the grounds that certain of the requested information is equally available to Defendants or is already in the possession, custody, or control of Defendants. Plaintiffs further object because certain information covered by this topic is evident from documents that will be produced by Plaintiffs, including their transactional purchase data for Broilers.

Subject to and without waiving these and Plaintiffs' general objections, each of the Plaintiffs will designate a 30(b)(6) witness to testify generally to their respective purchases, purchasing processes and purchase related decision-making with respect to Broilers over the Relevant Time Period.

2.  Your decision-making regarding the sales of Broilers during the Relevant Period, including the selection of Broiler customers and the factors taken into account in pricing of Broilers, including any discounts, rebates or credits You offered related to the sale of Broilers.

**RESPONSE**:

Plaintiffs object to this topic on the grounds that it is overbroad and unduly burdensome and more burdensome than beneficial under the circumstances. Plaintiffs further object to this topic on the ground that it calls testimony that is neither relevant to any claim or defense at issue in this case nor proportional to the needs of the case. Plaintiffs further object to this topic on the basis of their Downstream Objection.

3.  Your policies, practices, or procedures for purchasing, ordering, or inventorying Broilers.

**RESPONSE**:

Plaintiffs object to this topic on the grounds that it is overbroad and unduly burdensome and more burdensome than beneficial under the circumstances. Plaintiffs further object to this topic on the ground that it calls testimony that is neither relevant to any claim or defense at issue in this

case nor proportional to the needs of the case. Plaintiffs further object to this topic on the grounds that certain of the requested information is equally available to Defendants or is already in the possession, custody, or control of Defendants. Plaintiffs further object to this topic on the basis of their Downstream Objection.

Subject to and without waiving these and Plaintiffs' general objections, each of the Plaintiffs will designate a 30(b)(6) witness to testify generally to their respective purchasing processes and practices with respect to Broilers over the Relevant Time Period.

4. Your purchase of Broilers during the Relevant Period, including all financial terms of the purchase, quantities, types, forms (fresh or frozen, raw or cooked, further processed), any labeling claims (organic, NAE, NAIHM, Halal, Kosher), dates and location of purchase, and whether purchase was pursuant to a contract or on the spot market.

**RESPONSE**:

Plaintiffs object to this topic on the grounds that it is overbroad and unduly burdensome and more burdensome than beneficial under the circumstances. Plaintiffs further object to this topic on the ground that it calls testimony that is neither relevant to any claim or defense at issue in this case nor proportional to the needs of the case. Plaintiffs further object to this topic on the grounds that certain of the requested information is equally available to Defendants or is already in the possession, custody, or control of Defendants. Plaintiffs further object because much of the information covered by this topic is evident from documents that will be produced by Plaintiffs, including their transactional purchase data for Broilers.

Subject to and without waiving these and Plaintiffs' general objections, each of the Plaintiffs will designate a 30(b)(6) witness to testify generally to their respective purchases and purchasing processes with respect to Broilers over the Relevant Time Period.

5. Your inventory levels of Broilers during the Relevant Period.

**RESPONSE**:

Plaintiffs object to this topic on the grounds that it is overbroad and unduly burdensome and more burdensome than beneficial under the circumstances. Plaintiffs further object to this topic on the ground that it calls testimony that is neither relevant to any claim or defense at issue in this case nor proportional to the needs of the case. Plaintiffs further object to this topic on the basis of their Downstream Objection.

6. Your budgets, forecasts, projections or strategic plans with respect to Your purchases of Broilers during the Relevant Period.

**RESPONSE**:

5

Plaintiffs object to this topic on the grounds that it is overbroad and unduly burdensome and more burdensome than beneficial under the circumstances. Plaintiffs further object to this topic on the ground that it calls testimony that is neither relevant to any claim or defense at issue in this case nor proportional to the needs of the case.

Subject to and without waiving these and Plaintiffs' general objections, each of the Plaintiffs will designate a 30(b)(6) witness to testify generally to their purchasing processes, including, if applicable, budgeting, forecasting, projections and strategy, with respect to Broilers over the Relevant Time Period.

7. Your monitoring, analysis, forecasts, or projections regarding chicken prices, including the prices You pay for chicken or products containing chicken and prices at which You sell chicken or products containing chicken.

**RESPONSE**:

Plaintiffs object to this topic on the grounds that it is overbroad and unduly burdensome and more burdensome than beneficial under the circumstances. Plaintiffs further object to this topic on the ground that it calls testimony that is neither relevant to any claim or defense at issue in this case nor proportional to the needs of the case. Plaintiffs further object to this topic on the basis of their Downstream Objection.

Subject to and without waiving these and Plaintiffs' general objections, each of the Plaintiffs will designate a 30(b)(6) witness to testify generally to their respective purchasing processes for Broilers, including, if applicable, monitoring, analyses, forecasts, or projections over the Relevant Time Period.

8. Any analyses, forecasts, or projections prepared by, for, or otherwise utilized by You concerning market factors taken into account in purchasing or selling Broilers.

**RESPONSE**:

Plaintiffs object to this topic on the grounds that it is overbroad and unduly burdensome and more burdensome than beneficial under the circumstances. Plaintiffs further object to this topic on the ground that it calls testimony that is neither relevant to any claim or defense at issue in this case nor proportional to the needs of the case. Plaintiffs further object to this topic on the basis of their Downstream Objection.

Subject to and without waiving these and Plaintiffs' general objections, each of the Plaintiffs will designate a 30(b)(6) witness to testify generally to their respective purchasing processes for Broilers, including, if applicable, the consideration of any market factors, over the Relevant Time Period.

9. Your Communications with any other named Plaintiff or any putative class member, whether directly or indirectly, concerning Broilers, Broiler markets, Broiler prices, any supplier of Broilers, or concerning any allegations made in the Broiler Chicken Litigation or the Complaint.

**RESPONSE**:

Plaintiffs object to this topic on the grounds that it is overbroad and unduly burdensome and more burdensome than beneficial under the circumstances. Plaintiffs further object to this topic on the ground that it calls testimony that is neither relevant to any claim or defense at issue in this case nor proportional to the needs of the case.

10. Your participation in trade associations or other industry organizations, including buying cooperatives and share groups (including those hosted by the Food Marketing Institute, the National Grocers Association, the National Restaurant Association, and any similar group) during the Relevant Period.

**RESPONSE**:

Plaintiffs object to this topic on the grounds that it is overbroad and unduly burdensome and more burdensome than beneficial under the circumstances. Plaintiffs further object to this topic on the ground that it calls testimony that is neither relevant to any claim or defense at issue in this case nor proportional to the needs of the case.

Subject to and without waiving these and Plaintiffs' general objections, each of the Plaintiffs will designate a 30(b)(6) witness to testify generally to their membership in, if applicable, any poultry specific trade associations over the Relevant Time Period.

11. Your use of Consulting, Indexing or Benchmarking Services from January 1, 2007 through February 28, 2017.

**RESPONSE**:

Plaintiffs object to this topic on the grounds that it is overbroad and unduly burdensome and more burdensome than beneficial under the circumstances. Plaintiffs further object to this topic on the ground that it calls testimony that is neither relevant to any claim or defense at issue in this case nor proportional to the needs of the case.

Subject to and without waiving these and Plaintiffs' general objections, each of the Plaintiffs will designate a 30(b)(6) witness to testify generally to the use of indices, if applicable, in the prices they paid for Broilers during the Relevant Time Period.

12. The interchangeability/substitutability among proteins (e.g., chicken, beef, pork, fish), including but not limited to Your purchases of non-chicken proteins (e.g., beef, pork, fish)

in response to changes in the price, supply or demand of chicken, and Your purchase of chicken in response to changes in the prices, supply or demand of non-chicken proteins (e.g., beef, prof, fish).

**RESPONSE**:

Plaintiffs object to this topic on the grounds that it is overbroad and unduly burdensome and more burdensome than beneficial under the circumstances. Plaintiffs further object to this topic on the ground that it calls testimony that is neither relevant to any claim or defense at issue in this case nor proportional to the needs of the case. Plaintiffs further object to this topic on the bases of their Downstream and Other Product Objections.

Subject to and without waiving these and Plaintiffs' general objections, each of the Plaintiffs will designate a 30(b)(6) witness to testify generally to their respective purchasing processes for Broilers over the Relevant Time Period, including, if applicable, the consideration of any substitutability among proteins as part of their purchasing analyses.

13. The purchase data or other transactional data that You have produced in the Broiler Chicken Litigation, including but not limited to its completeness, the meaning of all terms and abbreviations contained therein, and the extent to which such data contains the information requested in Defendants' Request for Production.

**RESPONSE**:

Plaintiffs object to this topic on the grounds that it is overbroad and unduly burdensome and more burdensome than beneficial under the circumstances.

Subject to and without waiving these and Plaintiffs' general objections, each of the Plaintiffs will designate a 30(b)(6) witness to generally explain the transactional purchase data for Broilers that they will produce in response to Defendants' Requests for Production.

14. Your knowledge of industry wide production of Broilers or the production of any individual defendant.

**RESPONSE**:

Plaintiffs object to this topic on the grounds that it is overbroad and unduly burdensome and more burdensome than beneficial under the circumstances. Plaintiffs further object to this topic on the ground that it calls testimony that is neither relevant to any claim or defense at issue in this case nor proportional to the needs of the case. Plaintiffs further object to this topic because the phrase "knowledge of industry wide production of Broilers or the production of any individual defendant" is vague and ambiguous as used in the topic.

Subject to and without waiving these and Plaintiffs' general objections, each of the Plaintiffs will designate a 30(b)(6) witness to testify generally to their respective purchasing processes for Broilers, including, if applicable, the consideration of production levels, over the Relevant Time Period.

15.   Your knowledge of feed costs associated with raising Broilers.

**RESPONSE**:

Plaintiffs object to this topic on the grounds that it is overbroad and unduly burdensome and more burdensome than beneficial under the circumstances. Plaintiffs further object to this topic on the ground that it calls testimony that is neither relevant to any claim or defense at issue in this case nor proportional to the needs of the case. Plaintiffs further object to this topic because the phrase "knowledge of feed costs associated with raising Broilers" is vague and ambiguous as used in the topic.

Subject to and without waiving these and Plaintiffs' general objections, each of the Plaintiffs will designate a 30(b)(6) witness to testify generally to their respective purchasing processes for Broilers, including, if applicable, any consideration of feed costs, over the Relevant Time Period.

16.   Your knowledge of average prices for Broilers.

**RESPONSE**:

Plaintiffs object to this topic on the grounds that it is overbroad and unduly burdensome and more burdensome than beneficial under the circumstances. Plaintiffs further object to this topic on the ground that it calls testimony that is neither relevant to any claim or defense at issue in this case nor proportional to the needs of the case. Plaintiffs further object to this topic because the phrase "average prices for Broilers" is vague and ambiguous as used in the topic. Plaintiffs further object to this topic on the basis of their Downstream Objection.

Subject to and without waiving these and Plaintiffs' general objections, each of the Plaintiffs will designate a 30(b)(6) witness to testify generally to their respective purchasing processes and purchases of Broilers over the Relevant Time Period, including, if applicable, any consideration of "average prices" as part of their purchasing analyses.

17.   Your access to information relating to Broiler production and pricing, such as NASS, USDA, Urner Barry, EMI and Georgia Dock.

**RESPONSE**:

Plaintiffs object to this topic on the grounds that it is overbroad and unduly burdensome and more burdensome than beneficial under the circumstances. Plaintiffs further object to this topic

on the ground that it calls testimony that is neither relevant to any claim or defense at issue in this case nor proportional to the needs of the case. Plaintiffs further object to this topic on the basis of their Downstream Objection.

Subject to and without waiving these and Plaintiffs' general objections, each of the Plaintiffs will designate a 30(b)(6) witness to testify generally to their respective purchasing processes and purchases of Broilers, including, if applicable, the use of indices in the prices they paid for Broilers, over the Relevant Time Period.

18. Your knowledge of, analysis of, purchasing activity, and decision-making regarding chicken raised for meat consumption – regardless of whether it is included in or excluded from the definition of Broilers – with different attributes that potentially distinguish the product, including but not limited to the following attributes: (1) antibiotic free or ABF, (2) no antibiotic ever or NAE, (3) no antibiotics intended for human medicine or NAIHM, (4) organic, (5) free-range, (6) Kosher, (7) Halal, (8) all-vegetarian fed, (9) yellow birds, and (10) size, such as big birds, small birds, and other variations for use in specific applications, including but not limited to deli WOGs, tray pack, or further processing. This request includes, but is not limited to, any specific attributes identified by You or Your customers in advertising or other sales or purchasing activity.

**RESPONSE**:

Plaintiffs object to this topic on the grounds that it is overbroad and unduly burdensome and more burdensome than beneficial under the circumstances. Plaintiffs further object to this topic on the ground that it calls for testimony that is neither relevant to any claim or defense at issue in this case nor proportional to the needs of the case. Plaintiffs further object to this topic on the bases of their Downstream and Other Product Objections. Plaintiffs further objects to the topic because it is vague and ambiguous.

Subject to and without waiving these and Plaintiffs' general objections, each of the Plaintiffs will designate a 30(b)(6) witness to testify generally to their respective purchases, purchasing processes and purchase related decision-making with respect to Broilers over the Relevant Time Period.

19. Your Communications with third parties regarding the Broiler Chicken Litigation.

**RESPONSE**:

Plaintiffs object to this topic on the grounds that it is overbroad and unduly burdensome and more burdensome than beneficial under the circumstances. Plaintiffs further object to this topic on the ground that it calls for testimony that is neither relevant to any claim or defense at issue in this case nor proportional to the needs of the case. Plaintiffs further object to the topic insofar as it seeks testimony protected by a Privilege.

10

Subject to and without waiving these and Plaintiffs' general objections, each of the Plaintiffs will designate a 30(b)(6) witness to testify to the general nature of any non-privileged communications they have had with third parties concerning their material allegations against Defendants in this litigation.

20. Your alleged damages claimed as a result of the conduct alleged in the Complaint, including calculations of the total amount of damages allegedly suffered by You and how such damages were calculated.

**RESPONSE**:

Plaintiffs object to this topic on the grounds that it is overbroad and unduly burdensome and more burdensome than beneficial under the circumstances. Plaintiffs further object to this topic on the ground that it calls for testimony that is neither relevant to any claim or defense at issue in this case nor proportional to the needs of the case. Plaintiffs further object to the topic insofar as it seeks expert testimony or information protected by a Privilege.

Subject to and without waiving these and Plaintiffs' general objections, each of the Plaintiffs will designate a 30(b)(6) witness to testify to the factual bases of their respective damage claims in this case.

Dated: November 29, 2018                                   Respectfully submitted,

By: /s/ Eric R. Lifvendahl

Eric R. Lifvendahl
Williams Montgomery & John Ltd.
233 South Wacker Drive, Suite 6800
Chicago, Illinois 60606
Tel: (312) 443-3230
erl@willmont.com

Robert N. Kaplan
Matthew P. McCahill
Kaplan Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, New York 10022
Tel: (212) 687-1980
rkaplan@kaplanfox.com
mmccahill@kaplanfox.com

Solomon B. Cera
Cera LLP
595 Market Street, Suite 1350

San Francisco, California 94105
Tel: (415) 777-2230
scera@cerallp.com

Charles A. Dirksen
Cera LLP
800 Boylston Street, 16th Floor
Boston, Massachusetts 02129
Tel: (857) 453-6555
cdirksen@cerallp.com

Richard L. Coffman
The Coffman Law Firm
505 Orleans Street, Suite 505
Beaumont, Texas 77701
Tel: (409) 833-7700
rcoffman@coffmanlawfirm.com

Manton M. Grier
Elizabeth H. Black
Mary C. Eldridge
Haynsworth Sinkler Boyd, PA
1201 Main Street, 22nd Floor
Columbia, South Carolina 29201
Tel: (803) 779-3080
mgrier@hsblawfirm.com
eblack@hsblawfirm.com
meldridge@hsblawfirm.com

Johnny K. Merritt
Hajjar Peters, LLP
3144 Bee Cave Road
Austin, Texas 78746
Tel: (512) 637-4956
jmerritt@legalstrategy.com

*Counsel for Direct Action Plaintiffs: Action Meat Distributors, Inc. Affiliated Foods, Inc., Alex Lee, Inc./Merchants Distributors, LLC Associated Food Stores, Inc., Associated Grocers of New England, Inc., Bashas' Inc., Big Y Foods, Inc., Certco, Inc., Fareway Stores, Inc., Howard Samuels as Trustee in Bankruptcy for Central Grocers, Inc., CBBC OPCO, LLC, d/b/a Colorado Boxed Beef and King Solomon Foods, Inc.,*

12

*Ira Higdon Grocery Company, Inc., Nicholas & Co., Inc., Pacific Agri-Products, Inc., Pacific Food Distributors, Inc., Piggy Wiggly Alabama Distributing Co., Inc., Troyer Foods, Inc., URM Stores, Inc., W. Lee Flowers & Co., Inc., Weinstein Wholesale Meats, Inc., Woodman's Food Market, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 29, 2018, I served a true and correct copy of the foregoing document on counsel for Defendants.

By:    /s/ Eric. R. Lifvendahl