UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | Case No. 1:16-cv-08637 |
| This Document Relates To: | The Honorable Thomas M. Durkin |
| *United Supermarkets, LLC, et al. v. Tyson Foods, Inc., et al.* | |

**PILGRIM'S PRIDE CORPORATION'S STATEMENT OF AFFIRMATIVE DEFENSES
TO UNITED SUPERMARKETS, LLC PLAINTIFFS' COMPLAINT**

As required by the Court's Order approving Pilgrim's Pride Corporation's Stipulation with United Supermarkets, LLC, Krispy Krunchy Foods, LLC, Cheney Bros., Inc., Associated Wholesale Grocers, Inc., Maximum Quality Foods, Inc., and BJ's Wholesale Club, Inc. (Dkt. 1423), Pilgrim's Pride Corporation ("Pilgrim's") provides the following list of defenses it is asserting with respect to the Complaint filed by Plaintiffs United Supermarkets, LLC, Krispy Krunchy Foods, LLC, and Cheney Bros., Inc. ("Plaintiffs") in the above-referenced action. Pilgrim's defers answering allegations in the Complaint until February 15, 2019 (See Dkt. 1416). Pilgrim's asserts these defenses without assuming any burden that it otherwise would not bear.

The defenses that must be affirmatively stated in a pleading per Federal Rule of Civil Procedure 8 are the affirmative defenses referenced in Rule 8(c). *See* Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including: [identified affirmative defenses]."). To the extent necessary, Pilgrim's alleges Plaintiffs' causes of action are barred because the acts Plaintiffs allege Pilgrim's undertook in furtherance of the alleged conspiracy were in Pilgrim's unilateral self-interest. Discovery is

ongoing and Pilgrim's reserves all rights to identify and assert defenses based on the record as it develops, up to and including the time of trial.

**FIRST DEFENSE**

1. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

2. The statute of limitations for Plaintiffs' claims is four years. 15 U.S.C. § 15(b). Thus, Plaintiffs' claims must be dismissed unless Plaintiffs can sufficiently allege that they could not have discovered the claimed offense within the limitations period exercising reasonable diligence.

3. Plaintiffs cannot satisfy this burden: the challenged conduct occurred between seven and ten years ago. *See, e.g.*, Compl. ¶ 8.

4. Moreover, the facts Plaintiffs cite in support of their claims were made public more than four years ago. *See, e.g.*, Compl. ¶¶ 105, 153-55, 158-59, 176, 194, 265, 311.

5. Plaintiffs' attempts to justify its delay by claiming fraudulent concealment fails—they simply recycle their underlying allegations and conclusively assert fraudulent concealment. *See* Compl. ¶¶ 380-87.

6. Accordingly, Plaintiffs' Complaint is time-barred.

**SECOND DEFENSE**

7. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any injury in fact and/or any injury cognizable under the antitrust laws.

8. Plaintiffs' alleged harm lies in their speculation that a conspiracy among nearly twenty companies colluded seamlessly over almost a decade resulting in their harm. In essence, Plaintiffs complain about the impact of naturally unpredictable changes in the market conditions that exist in a global economy.

9. To the extent that Plaintiffs maintain that they were injured by these events, such an injury is not cognizable under the antitrust laws.

**THIRD DEFENSE**

10. Plaintiffs' claims are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of Defendants and/or were caused, if at all, solely and proximately by the conduct of Plaintiffs themselves or third parties including, without limitations, the prior, intervening or superseding conduct of Plaintiffs or such third parties.

**FOURTH DEFENSE**

11. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to exercise reasonable care to mitigate any damages it may have suffered.

12. The facts Plaintiffs cite in support of their claims were made public more than four years ago. Pilgrim's hereby incorporates Paragraph 4 above in support of this defense.

13. To the extent Plaintiffs believed that Pilgrim's had unfairly increased the price of chicken by agreeing to cut chicken production, Plaintiffs had an obligation to mitigate their damages by seeking other sources of supply, including from other producers.

14. Plaintiffs' failure to exercise reasonable care to mitigate damages was the complete or partial cause of any damages Plaintiffs may have suffered.

**FIFTH DEFENSE**

15. Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

16. The facts Plaintiffs cite in support of their claims were made public more than four years ago. Pilgrim's hereby incorporates Paragraph 4 above in support of this defense.

17. Plaintiffs' conduct in continuing to purchase chicken at what they now allege are inflated prices is evidence of an intention to waive any right to bring this suit and was inconsistent with any intention other than to waive their right to bring suit.

18. Plaintiffs, by their actions, accepted the benefits of an ongoing relationship with defendants and relinquished their right to bring suit.

**SIXTH DEFENSE**

19. Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

20. The facts Plaintiffs cite in support of its claims were made public more than four years ago. Pilgrim's hereby incorporates Paragraph 4 above in support of this defense.

21. Pilgrim's relied in good faith, and to its detriment, on Plaintiffs' actions in continuing to purchase chicken without complaint.

22. Pilgrim's had no knowledge of Plaintiffs' alleged complaints or means to discover these complaints.

23. Plaintiffs' claims are therefore estopped.

**SEVENTH DEFENSE**

24. Plaintiffs' claims are barred by the equitable doctrine of laches.

25. The laches doctrine dictates that "those who sleep on their rights, lose them." *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 820 (7th Cir. 1999). Specifically, laches will bar relief in the face of: "(1) an unreasonable lack of diligence by the party against whom the defense is asserted and (2) prejudice arising therefrom." *Id.* (citing *Cannon v. Univ. of Health Sciences/Chi. Med. Sch.*, 710 F.2d 351, 359 (7th Cir. 1983)).

26. Pilgrim's hereby incorporates Paragraph 4 above in support of this defense. Plaintiffs demonstrated an unreasonable lack of diligence in bringing their claims. As set forth in support of Pilgrim's statute of limitations defense, the challenged conduct that underlies Plaintiffs'

claims occurred between seven and ten years ago. *See, e.g.*, Compl. ¶ 8. Likewise, the specific facts Plaintiffs cite in support of their claims were publicly available long ago. *See, e.g.*, Compl. ¶¶ 105, 153-55, 158-59, 176, 194, 265, 311. Yet, Plaintiffs did not file their allegations until 2018, causing Pilgrim's to continue to deal with Plaintiffs in the same manner, to its prejudice. This unreasonable lack of diligence in raising their claims bars them now.

27. Accordingly, the equitable principles embodied in the laches doctrine bar Plaintiffs from seeking relief at this delayed juncture.

**EIGHTH DEFENSE**

28. Plaintiffs' claims are barred, in whole or in part, due to the ratification of, and consent to, the conduct of Pilgrim's.

29. Pilgrim's hereby incorporates Paragraph 4 above in support of this defense.

30. Plaintiffs' Complaint relies on publicly available information—much of which has been available for years—thereby demonstrating their long-standing ratification of and consent to the complained-of conduct.

31. For example, Plaintiffs have known for more than a decade that certain Broiler producers participate in and receive reports from Agri Stats. *See, e.g.*, Compl. ¶ 10.

32. As another example, to the extent that Plaintiffs purchased Broilers based on the Georgia Dock index or otherwise allege any injury based on Georgia Dock-based pricing, Plaintiffs knew about and consented to industry use of the Georgia Dock index. The Georgia Dock index was publicly accessible online, making any deviation between the Georgia Dock and other price indices—including Urner Barry—readily available to Plaintiffs.

33. Accordingly, because Plaintiffs have been aware for years of the very same conduct they now challenge—much of which has provided Plaintiffs a direct benefit—Plaintiffs' claims are barred by the doctrine of ratification.

5

**NINTH DEFENSE**

34. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek to impose liability on Defendants based on the exercise of any person or entity's right to petition federal, state and local legislative bodies, including through public statements, because such conduct was immune under the *Noerr-Pennington* doctrine and privileged under the First Amendment to the U.S. Constitution.

**TENTH DEFENSE**

35. Plaintiffs' claims are barred, in whole or in part, to the extent the sales contracts pursuant to which Plaintiffs purchased broilers contain arbitration clauses or clauses providing a different forum for the resolution of their claims. *See, e.g.*, *Cont'l Ins. Co. v. M/V Orsula*, 354 F.3d 603 (7th Cir. 2003); *West Shore Pipe Line Co. v. Associated Electric & Gas Ins. Services, Ltd.*, 791 F. Supp. 200 (N.D. Ill. 1992).

**ELEVENTH DEFENSE**

36. Without admitting the existence of any contract, combination or conspiracy in restraint of trade, and expressly denying same, Plaintiffs' claims are barred, in whole or in part, by non-settling Defendants' right to set off any amounts paid to Plaintiffs by any Defendants who have settled, or do settle, Plaintiffs' claims against them in this action.

**TWELVTH DEFENSE**

37. Without admitting the existence of any contract, combination or conspiracy in restraint of trade, and expressly denying same, Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs entered into cost-plus contracts with parties who purchased from Plaintiffs before Plaintiffs began paying any purported overcharge.

**THIRTEENTH DEFENSE**

38. Plaintiffs' claims are barred, in whole or in part, by the Filed Rate Doctrine.

39. Under the Filed Rate Doctrine, rates that are filed with, authorized by, and/or overseen by state or federal agencies are per se reasonable and unassailable in judicial proceedings brought by ratepayers.

40. The Georgia Dock index was compiled and issued by the Georgia Department of Agriculture. To the extent that Plaintiffs seek damages for purchase of Broilers based on the Georgia Dock index or otherwise alleges any injury based on Georgia Dock-based pricing or pricing filed with, authorized by, and/or overseen by any other regulatory body, Plaintiffs' claims are barred by the Filed Rate Doctrine.

**FOURTEENTH DEFENSE**

41. Plaintiffs' claims are barred, in whole or in part, to the extent they are untimely under applicable limitations periods set out in contracts and/or agreements executed by Plaintiffs.

**FIFTEENTH DEFENSE**

42. Plaintiffs' claims are barred, in whole or in part, to the extent they seek improper multiple damage awards, and damage awards duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution.

**SIXTEENTH DEFENSE**

43. Upon information and belief, Plaintiffs' claims are barred, in whole or in part, by Pilgrim's right to set off any amount paid to Plaintiffs by damages attributable to Plaintiffs' conduct to the extent Plaintiffs unlawfully coordinated regarding the purchase price of broilers, including by communicating and sharing competitively sensitive information.

**SEVENTEENTH DEFENSE**

44. To the extent that Plaintiffs' causes of action against Pilgrim's arise from, or rely on, any fact, event, omission, liability, or damage that occurred before December 28, 2009, such

causes of action are barred and enjoined by the confirmation order (ECF No. 4399) entered by the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division in the case styled *In re Pilgrim's Pride Corp. et al.*, Case No. 08-45664-MXM.

**EIGHTEENTH DEFENSE**

45. Pilgrim's adopts and incorporates by reference any and all other defenses asserted by any other Defendant to the extent that the defense would apply to Pilgrim's.

Dated: December 19, 2018

Respectfully submitted,

WEIL GOTSHAL & MANGES LLP

By: /s/ Carrie C. Mahan
Carrie C. Mahan (IL Bar No. 459802)
Christopher J. Abbott
Daniel E. Antalics
2001 M Street N.W., Suite 600
Washington, D.C. 20036
Telephone: 202-682-7000
Facsimile: 202-857-0940
carrie.mahan@weil.com
christopher.abbott@weil.com
daniel.antalics@weil.com

Kevin J. Arquit
767 Fifth Avenue
New York, NY 10153
Telephone: 212-310-0950
Facsimile: 212-310-8007
kevin.arquit@weil.com

BAILEY BRAUER PLLC

Clayton E. Bailey
8350 N. Central Expressway, Ste. 206
Dallas, TX 75206
Telephone: 214-360-7433
Facsimile: 214-360-7424
cbailey@baileybrauer.com

EIMER STAHL LLP

Michael L. McCluggage (#01820966)
224 South Michigan Avenue, Ste. 1100
Chicago, IL 60604
Telephone: 312-660-7665
Facsimile: 312-692-1718
mmccluggage@eimerstahl.com
*Attorneys for Defendant Pilgrim's Pride Corporation*

## CERTIFICATE OF SERVICE

    I hereby certify that on December 19, 2018, a true and correct copy of the foregoing ***PILGRIM'S PRIDE CORPORATION'S STATEMENT OF AFFIRMATIVE DEFENSES TO UNITED SUPERMARKETS, LLC PLAINTIFFS' COMPLAINT*** was filed electronically. Notice of this filing was sent by operation of the Court's ECF electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic system.

                                                                                             /s/ Carrie C. Mahan