# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION* <br><br> This Document Relates To: <br><br> Case No. 1:18-cv-00245: <br><br> Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC, <br><br>     Plaintiffs, <br><br> v. <br><br> Koch Foods, Inc., *et al.* <br><br>     Defendants. | Case No.1:16-cv-08637 <br><br> Hon. Judge Thomas M. Durkin <br><br> Magistrate Jeffrey T. Gilbert |

## MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiffs Winn-Dixie, Inc. and Bi-Lo Holdings, LLC pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, respectfully move for leave to file their First Consolidated Amended Class Action Complaint and in support of their Motion Plaintiffs respectfully state as follows:

### I.    Introduction

1. Plaintiffs Winn-Dixie, Inc. and Bi-Lo Holdings, LLC ("Plaintiffs"), seek leave to file their First Amended Complaint ("FAC"), which is attached hereto as Exhibit "A." Plaintiffs have also attached hereto a redlined version of their proposed FAC as Exhibit "B."

2. As is set forth in further detail below, Plaintiffs seek to amend their complaint to include additional parties as named defendants. None of the Defendants that Plaintiffs seek to

1

add to their FAC are new parties to the overall coordinated action, as each have been previously named as defendants in various related complaints alleging substantially similar factual allegations filed by other plaintiffs in the coordinated actions.

3. Plaintiffs also seek to add certain additional claims for relief against various sub-sets of Defendants, including:

   a. A Sherman Act §1 claim (plead in the alternative) against a subset of the Defendants with operations in the State of Georgia who previously alleged to have also colluded to inflate the Georgia Dock price index in furtherance of the previously alleged anticompetitive output reduction conspiracy ("the Georgia Dock Defendants").

   b. State law claims for conspiracy to defraud, common law fraud and negligent misrepresentation against all Georgia Dock Defendants,

   c. Violations of the Florida Deceptive and Unfair Trade Practices Act, (Fla. Stat. § 501.201, e*t seq*.) against Defendants Fieldale Farms and Sanderson Farms, and

   d. State law claims against Defendants Fieldale Farms and Sanderson Farms for breach of contract, breach of the implied covenant of good faith and fair dealing and unjust enrichment against Defendants Fieldale Farms and Sanderson arising from their participation in the scheme to manipulate and inflate the Georgia Dock price index which they used as a price index to adjust pricing in their supply contracts with Plaintiffs.

## II. Procedural Background

4. On November 20, 2017, the Court substantially denied certain defendants motions to dismiss the class action complaints for failure to state a claim. *See* Dkt. 541 (*In re Broiler Chicken Antitrust Litig.*, 290 F. Supp. 3d 772 (N.D. Ill. 2017)).

5. On January 12, 2018, Plaintiffs, who are one of the Direct Action Plaintiffs ("DAPs") in this action, filed their initial Complaint in the Northern District of Illinois, alleging that the Defendants[1] conspired and combined to fix, raise, maintain, and stabilize the price of

---

[1]The initial complaint named the following defendant groups as defendants: the Koch Foods Defendants, the Tyson Defendants, Pilgrim's Pride Corporation, the Perdue Defendants, the Sanderson Farms Defendants, Wayne Farms, LLC, the Mountaire Farms Defendants, Peco Foods, Inc, the Foster Farms Defendants, House of Raeford Farms,

broilers in violation of Section 1 of the Sherman Act. *See* Dkt. Nos. 1-2, in Case No. 1:18-cv-00245 (N.D. Ill.).

6. Plaintiffs' Complaint was reassigned by the Executive Committee to this Court's docket on January 23, 2018. *See* Dkt. 7 in Case No. 1:18-cv-00245 (N.D. Ill.).

7. The Defendants answered the Plaintiffs' Complaint (and other DAP complaints) on February 14 - 15, 2019.

8. The deadline for Direct Action Plaintiffs for filing amended complaints is April 15, 2019. *See* Dkt. No. 1231.

9. This is Plaintiffs' first request to file an amended complaint.

### III. Argument

#### a. Additional Defendants who already parties in the coordinated actions.

10. First, Plaintiffs seek to amend their complaint to add several additional defendants who have already been named as defendants in various other complaints filed by other Plaintiffs in this action.

11. Specifically Plaintiffs seek to add the following Defendants who are all alleged to have participated in the conspiracy with the existing named Defendants in violation of Section 1 of the Sherman Act:

    a.    Amick Farms, LLC,
    b.    Case Foods, Inc., Case Farms, LLC, and Case Farms Processing, Inc. (collectively, "Case Farms");
    c.    Agri Stats, Inc. ("Agri Stats").
    d.    Claxton Poultry Farms, Inc. and Norman W. Fries, Inc. (collectively, "Claxton Poultry"),
    e.    Harrison Poultry, Inc. (collectively, "Harrison Poultry"), and

---

Inc., the Simmons Foods Defendants, Fieldale Farms Corporation, The George's Defendants and the O.K. Foods Defendants

f.  Mar-Jac Poultry, Inc., Mar-Jac Poultry MS, LLC, Mar-Jac Poultry AL, LLC, Mar-Jac AL/MS, Inc., Mar-Jac Poultry, LLC and Mar-Jac Holdings, LLC (collectively, "Mar-Jac Poultry")

12. As a preliminary matter, Mar-Jac Poultry, Claxton Poultry and Harrison Poultry were all previously named as non-defendant co-conspirators in Plaintiffs' initial complaint. *See* Dkt. No. 2 in case no. 1:18-cv-00245 (N.D. Ill.)

13. In addition, Mar-Jac Poultry, Claxton Poultry and Harrison Poultry have since been named as Defendants in various other complaints or amended complaints previously filed in the coordinated action. *See e.g* Class Complaints at Dkt. Nos. 709, 716. Various DAP's have also previously filed Complaints against Mar-Jac Poultry, Claxton Poultry and Harrison Poultry which these defendants answered on February 14 and 15, 2019. *See e.g.* Answers at Dkt. Nos. 1671-1685, 1863-78.

14. Likewise Agri Stats is already named as a Defendant in various complaints previously filed in these coordinated actions by other Plaintiffs. *See e.g.* Dkt. No. 716 (EUCP's Second Amended Consolidated Complaint), *See e.g.* Complaints filed in Affiliated *Foods, Inc., et al. v. Claxton Poultry Farms, Inc.*, *et al.*, Case No. 17-cv-08850, *Sysco Corporation v. Tyson Foods, Inc., et al.*, Case No. 18-cv-00700; *US Foods, Inc. v. Tyson Foods, Inc., et al.*, Case No. 18-cv-00702 and *see e.g.* Agri Stats' Answers to various DAP Complaints filed April 1, 2019 at Dkt. Nos. 1982-1994.

15. Moreover, this Court denied Agri Stats' Motion to Dismiss various Complaints on February 28, 2019. *See* Dkt. 1943.

16. Case Foods and Amick have also already been named as party defendants in certain Complaints filed in January 15, 2019. *See e.g.* Dkt. Nos. 1566, 1568.

*17.*     Amick and Case had until March 15, 2019 to file motions to dismiss the class action complaints and neither filed a motion to dismiss. *See* Stip and Orders at 1622 and 1629. Both Amick and Case are also proceeding with discovery as stipulated by the parties. *Id.*

18.     Plaintiffs now seek to add each of the above defendants as party defendants in Plaintiffs' proposed First Amended Complaint.

19.     With respect to Agri Stats, Plaintiffs proposed FAC alleges, similar to other complaints filed against Agri Stats, that Agri Stats conspired to facilitate the exchange of confidential, proprietary, and competitively sensitive data among Defendants and their co-conspirators and that the data provided by Agristats was used by Defendants to both reach agreement to reduce output and fix the price of broiler chickens and to police their unlawful agreement.

20.     With respect to Amick Farms, Case Farms, Claxton Poultry, Mar-Jac Poultry and Harrison Poultry, Plaintiffs' proposed Amended Complaint alleges that these defendants like the previously named defendants coordinated production cuts and exchanged detailed and highly confidential information about their respective pricing, capacity, production, and costs with competitors for the purpose of artificially inflating the price of Broilers in the United States and that they were also members of joint ventures and involved in industry trade associations with the other Defendants.

21.     None of the parties that Plaintiffs seek to add will be unfairly prejudiced by being named as defendants in Plaintiffs' FAC as each are already named defendants in the coordinated actions and each are currently proceeding with discovery here.

    **b.  Additional claims for relief**

22. Plaintiffs also seek to add additional claims against various Defendants which essentially arise out of the core allegations already alleged in the various pending complaints.

23. As noted above, Plaintiffs seek to add, in the alternative, a Section 1 Claim against a sub-set of the Defendants referred to as the Georgia Dock Defendants. This claim for relief is already a part of this case and has already been included in various complaints filed by other plaintiffs. *See* e.g. Complaints at Dkt. No. 1 in case 19-cv-00638, at pp. 78-80; Dkt. No. 1 in case 18-cv-04534, at 124-125; and Dkt. No. 1 in case 18-cv-06693, pp. 124-25.

24. This alternative claim for relief essentially alleges that a sub-set of the defendants who reported their pricing information to the Georgia Department of Agriculture for inclusion in the Georgia Dock price index colluded to unlawfully manipulate and inflate the Georgia Dock price index -- which was often used in supply contracts to set the price of broiler chicken.

25. This is not a new claim in this case and essentially mirrors claims already alleged in this case by other Plaintiffs which Defendants have already answered.

26. Plaintiffs also seek to add claims for Conspiracy to Defraud, Common Law Fraud and Negligent Misrepresentation against all Georgia Dock Defendants. These claims are substantially based on the factual allegations already made against defendants in various filed complaints. Numerous plaintiffs have already made allegations regarding an additional prong of the conspiracy involving the defendants' collusion to manipulate the Georgia Dock index price. Plaintiffs here have added similar factual allegations regarding the defendants' attempts to raise the Georgia Dock price index which Plaintiffs believe also substantially support their conspiracy to defraud claim.

27. As the allegations that Plaintiffs seek to add to support these additional claims have mostly been already pled in other complaints already, defendants will not be prejudiced by this additional Conspiracy to Defraud claim.

28. Finally, Plaintiffs seek to add several state law claims against Defendants Fieldale Farms and Sanderson Farms for breach of contract and breach of the implied covenant of good faith and fair dealing, and unjust enrichment.

29. Fieldale Farms and Sanderson Farms are some of the Georgia Dock Defendants and also were Plaintiffs' chicken suppliers that entered into supply contracts with Plaintiffs that tied the price of chicken to the Georgia Dock index price.

30. Accordingly, due to the role of Fieldale Farms and Sanderson Farms in the alleged conspiracy to further inflate the Georgia Dock index price that caused Plaintiffs additional injury under their contracts with Fieldale Farms and Sanderson Farms, Plaintiffs seek to bring state law claims for relief for Breach of Contract and Unjust Enrichment against them.

31. Each of these claims arise out of the same core conduct related to the Defendants' anticompetitive price-fixing conspiracy that is presently alleged in many pending complaints, i.e. that an additional component of the Defendants' conspiracy reduce broiler chicken supply/output was the coordinated manipulation of the Georgia Dock index price which is already an significant part of the case.

32. Thus, while plaintiffs are seeking to assert additional state law claims, these claims all relate to Defendants' alleged conduct to manipulate the Georgia Dock index.

   **c. Leave to Amend Should Be Granted.**

33. Rule 15(a) of the Federal Rules of Civil Procedure provides that, a "court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a). "In the

absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Sides v. City of Champaign*, 496 F.3d 820, 825 (7th Cir. 2007) ("Courts are to use their discretion under Rule 15(a) to liberally grant permission to amend pleadings so long as there is not undue prejudice" or undue delay to opposing party or bad faith or dilatory motive by the movant.).

34. Here, the Court has set the Deadline for DAPs to file amended complaints on April 15, 2019. As the court set this deadline as part of the scheduling order, it can be inferred that amendments by this date are not intended to and do not cause undue delay to this case or prejudice to the Defendants..

35. In addition, since the filing of Plaintiffs' initial Complaint, the parties have worked cooperatively and diligently in discovery, undertaking extensive written discovery, producing responsive documents and ESI, and taking depositions. And in this process, Plaintiffs learned additional information to support the inclusion of additional Defendants, and to support their claim for manipulation of the Georgia Dock, which relates to Plaintiffs' additional claims.

36. Justice requires that Plaintiffs be allowed to file their FAC. The information necessary to support the inclusion of the additional Defendants, the facts relating to the manipulation of the Georgia Dock, and the new claims, came to light in discovery. Thus, the FAC is not the result of undue delay, bad faith, or dilatory motive by DPPs, or repeated failure to cure deficiencies.

37. Furthermore, leave to amend should be freely given as plaintiffs seek to name additional defendants who are already part of the coordinated actions and to bring additional theories of recovery that arise from core factual issues that are already a part of this case.

38. Moreover, Plaintiffs have not unduly delayed their amended complaint as they are seeking leave to file their amended complaint within the amendment deadline set by the court and while discovery is still open and on-going. Fact discovery in the DAP case is not scheduled to close until October 14, 2019 and the DAPs have just started to make their document productions.

39. Accordingly, Plaintiffs claims are not expected to require additional discovery beyond what is already being taken in this case and what will be taken, given that the core facts with respect to those claims have been the subject of other complaints in the consolidated action. For example, Defendants' conduct regarding the Georgia Dock, how the Georgia Dock operated, whether the Georgia Dock was manipulated, how pricing was determined in Chicken supply contracts, communications between defendants and between defendants and plaintiffs regarding the Georgia Dock, the use of the Georgia Doc in supply contracts, etc. are already part of on-going discovery in this case.

40. Moreover, Plaintiffs' proposed amendments are not futile. The Defendants that Plaintiffs seek to add here are already a part of the coordinated cases and all motions to dismiss to date have been substantially denied and all defendants Plaintiffs seek to add are participating in discovery. In addition, the allegations with respect to the manipulation of the Georgia Dock have also been upheld by this Court. Thus, this is not a situation where any claim plaintiff is seeking to bring has been previously dismissed in this litigation. Therefore, there is simply no basis to find that plaintiffs proposed amendments would be futile

41. Here, the amendments plaintiffs seek leave to file has not been brought for any improper purpose, will not prejudice any defendant, does not assert futile claims and thus leave to amend here should be freely granted in accordance with Fed. R. Civ. P. 15(a).

42. Pursuant to the Court's Case Procedures, Plaintiffs requested that Defendants consent to their Motion. Defendants were unable to take an advance position.

## IV. Conclusion

WHEREFORE, Plaintiffs respectfully request this Court to enter an order granting them leave to file the their Proposed First Amended Complaint attached hereto at Exhibit A.

Dated: April 15, 2019

*[signature: Patrick J. Ahern]*

Patrick J. Ahern
Theodore B. Bell
**Ahern & Associates, P.C.**
Willoughby Tower
8 South Michigan Avenue
Suite 3600
Chicago, Illinois 60603
Phone: (312) 404-3760
patrick.ahern@ahernandassociatespc.com

*Attorneys for Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC*