UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____
                                       )
IN RE:                              )        Case No. 16-cv-8637
                                       )
     BROILER CHICKEN ANTITRUST )       Judge Thomas M. Durkin
     LITIGATION                         )       Magistrate Judge Jeffrey T. Gilbert
                                       )
*This Document Relates to All Actions*    )
_____)

**THE UNITED STATES'**
**MOTION TO INTERVENE AND STAY DISCOVERY**

The government respectfully seeks leave to intervene in the above-captioned matter under Federal Rule of Civil Procedure 24, and moves for an initial six-month, limited stay of discovery. The government further requests an immediate stay of discovery while this motion is pending.

For the reasons stated below and discussed in the attached *ex parte* declaration ("Koenig Declaration"), a limited stay is needed to protect the grand jury's investigation. The government recognizes the maturity of discovery in this well-publicized case and the Court's substantial investment of resources to keep the case moving forward in a timely fashion. Nevertheless, the investigation has reached a point, *see* Koenig Decl. ¶ 6, where the government's interests now warrant a temporary and tailored discovery stay. Specifically, the government requests a 6-month stay of depositions and non-evidentiary written discovery (*i.e.*, written discovery beyond, for example, a request for admission that particular documents are business records) of the defendants and their current and former employees. The government does not request a stay of any remaining document discovery or depositions of plaintiffs or third parties (except third

parties who are the defendants' former employees), but asks the Court to order that no party may use civil discovery to seek information regarding the grand jury's investigation.

## ARGUMENT

For the reasons that follow, the Court should grant both the government's motion to intervene and the government's motion to stay discovery.[1]

### Motion to Intervene

Federal Rule of Civil Procedure 24 provides two avenues for the government to intervene in this matter, both of which lead to the conclusion that intervention should be permitted. Rule 24(a)(2) allows for "intervention of right" in an action if (1) the application to intervene is timely, (2) the applicant has an interest in the subject matter of the action, (3) disposition of the action may impede the applicant's ability to protect that interest, and (4) the applicant's interest is not adequately represented by existing parties to the litigation. *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995). The requirements for intervention of right are construed "liberally" and doubts are resolved "in favor of allowing intervention." *Michigan v. U.S. Army Corps of Engineers*, No. 10-cv-4457, 2010 WL 3324698, at *2 (N.D. Ill. Aug. 20, 2010). Rule 24 also allows for "permissive intervention" where a would-be intervenor "has a claim or defense that [it] shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

---

[1] Prior to filing this motion, the government conferred with liaison counsel for the group of defendants and the various plaintiff groups. None of the groups object to the government intervening in this matter. The end-user consumer plaintiffs object to a 6-month stay, but none of the other groups have taken a position on the 6-month stay (meaning they may or may not object). The defendants, the indirect-purchaser plaintiffs, and the end-user consumer plaintiffs do not object to the entry of a temporary stay during the pendency of this motion. The direct-purchaser plaintiffs and the direct-action plaintiffs have not taken a position on a temporary stay (meaning they may or may not object).

2

Intervention of Right: The government meets all four requirements for intervention of right under Rule 24(a)(2).

*First*, the motion to intervene is timely. A timeliness determination should account for the totality of the circumstances and consider such factors as "(1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice to the original parties caused by the delay; (3) the resulting prejudice to the intervenor if the motion is denied; and (4) any unusual circumstances." *South v. Rowe*, 759 F.2d 610, 612 (7th Cir. 1985). In this case, two of those considerations—length of notice and unusual circumstances in favor of intervention—are not addressed here but are instead addressed *ex parte*, Koenig Decl. ¶¶ 5-11, due to the restrictions imposed by Federal Rule of Criminal Procedure 6(e). Both militate in favor of intervention.

Likewise, the other two timeliness considerations—prejudice to existing parties and prejudice to the intervenor—each favor permitting the government to intervene. Prejudice to existing parties is measured in "non-monetary" terms and "the only 'prejudice' that is relevant under this factor is that which flows from a prospective intervenor's failure to intervene after he knew, or reasonably should have known, that his interests were not being adequately represented—and not from the fact that including another party in the case might make resolution more difficult." *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 857 (9th Cir. 2016) (internal quotation marks and alterations omitted). As discussed *ex parte*, the government moved to intervene quickly, Koenig Decl. ¶¶ 5-6, and, as a result, it is difficult to fathom that the small amount of time it took to assemble this motion will result in any prejudice to existing parties. By contrast, it is apparent that the government and the grand jury's investigation would be significantly prejudiced were this motion to intervene denied. *See id* ¶¶ 9, 11.

*Second* and *third*, the government has a significant interest in ensuring the integrity of the grand jury's investigation and, if charges are filed, minimizing the extent to which civil discovery can be used to circumvent criminal discovery. *See SEC v. Salis*, No. 16-cv-231, 2016 WL 7239916, at *2 (N.D. Ind. Dec. 14, 2016). Indeed, the Antitrust Division often seeks to intervene in such situations where a criminal investigation is proceeding in parallel with a civil class action, and does so successfully. *See, e.g.*, *In re Generic Digoxin & Doxycycline Antitrust Litig.*, No. 2:16-md-02724-CMR, ECF No. 108 (E.D. Pa. Jan. 6, 2017) (Order granting the United States' Mot. to Intervene); *In re Flash Memory Antitrust Litig.*, No. 4:07-cv-00086-SBA, ECF No. 212 (N.D. Cal. Oct. 23, 2007); *In re TFT (Flat Panel) Antitrust Litig.*, No. 3:07-md-01827-SI, ECF No. 217 (N.D. Cal. Jul. 10, 2007); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. M:07-cv-1819-CW, ECF No. 198 (N.D. Cal. Jun. 5, 2007). Other Department of Justice components have done so when confronted with similar situations. *See SEC v. Fleming*, No. 17-cv-7049, ECF No. 32 (N.D. Ill. Nov. 20, 2017) (USAO successfully intervening and staying discovery in civil case brought by SEC pending resolution of criminal insider trading charges); *CFTC v. Zhao*, No. 1:18-cv-620, ECF No. 26 (N.D.Ill. Oct. 16, 2018) (granting DOJ Criminal Division, Fraud Section's motion to intervene and stay discovery in civil action brought by CFTC pending resolution of fraud, spoofing, and false statement charges); *Eastwood Enters.*, *LLC v. Farha*, No. 8:07-CV-1940-T-33EAJ, ECF No. 220 (M.D. Fla. May 13, 2010) (summarily permitting the government to intervene "insofar as it [sought] to stay discovery in [the] matter").

*Fourth*, none of the parties to this litigation adequately represent the government's interests. The defendants clearly do not because their interest in defending the alleged conduct at issue is diametrically opposed to the government's interest in investigating and possibly prosecuting the same or similar conduct. Nor do the plaintiffs, notwithstanding the fact that their

interests are more closely aligned with the government's interests. In *Salis*, for example, where the government sought to intervene in a civil matter brought by the Securities and Exchange Commission, the court explained: "although both agencies represent the interests of the United States, the SEC's and the DOJ's interests are different, and the SEC can't be expected to protect the interests of the DOJ." *Id.* at *3. If the SEC is unable to protect the government's investigatory and prosecutorial interests, then private plaintiffs certainly cannot.

Accordingly, the Court should permit the government to intervene as a matter of right under Rule 24(a)(2).

Permissive Intervention: In the alternative, the Court should permit the government to intervene under Rule 24(b)(1)(B). As discussed above, the motion is timely. And the government's *ex parte* submission adequately demonstrates that this litigation shares "common question[s] of law or fact," Rule 24(b)(1)(B), with the grand jury investigation. Koenig Decl. ¶¶ 5-11.

## Motion to Stay Discovery

This Court has the inherent power to stay civil proceedings pending the completion of a criminal proceeding "if the interests of justice require it." *Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 945 (N.D. Ill. 2008) (citing *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *Jenny's Uniforms, Inc. v. AMCO Ins. Co.*, No. 16-cv-0113, 2016 WL 5394392, at *1 (S.D. Ill. 2016) (citing *Kordel*, 397 U.S. at 12 n.27) ("[I]t is within a district court's discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions on discovery when there are criminal proceedings occurring at the same time as a related civil proceeding.").

Courts in the Seventh Circuit and elsewhere examine several factors to determine whether a stay of civil proceedings in these circumstances is warranted. Though the factors vary

5

in numbers and formulations from case to case, and are not exhaustive, they generally include the following:

>   (1)   the effect on the public interest of granting or denying a stay;
>   (2)   the effect on the trial court and the efficient use of judicial resources;
>   (3)   whether the civil and criminal matters overlap;
>   (4)   whether the governmental entity that has initiated the criminal case or investigation is also a party in the civil case;
>   (5)   the posture of the criminal proceeding;
>   (6)   the interest of the civil plaintiff in proceeding expeditiously, and the potential prejudice the plaintiff may suffer from a delay; and
>   (7)   the burden that any particular aspect of the civil case may impose on defendants if a stay is denied.

*See, e.g.*, *Cruz v. City of Chicago*, No. 08-cv-2087, 2011 WL 613561, at *2 (N.D. Ill. Feb. 15, 2011); *Clark v. Djukic*, No. 14-cv-160, 2014 WL 6674610, at *1-*2 (N.D. Ind. Nov. 25, 2014) (Cherry, M.J.).

Public Interest: Of all the factors above, the public's interest in effective criminal law enforcement—and hence the government's interest in protecting the integrity of the grand jury's investigation and subsequent charges—should be afforded the most weight. *See Benevolence Int'l Found., Inc. v. Ashcroft*, 200 F. Supp. 2d 935, 941 (N.D. Ill. 2002) (citing *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1062)). Although the public also has an interest in the "prompt disposition of civil litigation," *Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 946-47 (N.D. Ill. 2008), that interest is generally outweighed by the public's interest in effective criminal law enforcement, *see id.* And in this case, the nature and scope of the conduct under investigation by the grand jury, as well as the risks to the investigation of on-going civil discovery is more than sufficient for the public-interest factor to favor a stay. *See* Koenig Decl. ¶¶ 7-11.

Judicial Resources and Overlap: Closely related and also very important is the effect of a stay on the Court and the efficient use of judicial resources. Where there is substantial overlap

6

between the civil and criminal matters, staying discovery in the civil matter promotes efficient use of judicial resources because "resolution of the related criminal matter may eliminate much of the Court's work in the civil action by simplifying the issues" and prevents discovery from becoming "bogged down" with "a long series of Fifth Amendment assertions." *United States v. All Meat & Poultry Prods.*, No. 02-cv-5145, 2003 WL 22284318, at *5 (N.D. Ill. Oct. 2, 2003) (Bobrick, M.J.).

Here, there is very substantial overlap between the civil and criminal matters. Although the requested stay may cause some short-term delay, granting the stay and allowing the grand jury investigation and any subsequent charges to streamline the Court's workload may significantly enhance judicial economy. That is especially true in the context of criminal antitrust enforcement, where a judgment against a defendant is "prima facie evidence against such defendant in any action or proceeding brought by any other party." 15 U.S.C. § 16(a).

Whether the Government is a Party: Another factor for the Court to consider is whether the government is a party to the civil action and, as a result, might "use the civil discovery process to circumvent the limitations on discovery in criminal proceedings." *Hare v. Custable*, No. 07-cv-3742, 2008 WL 1995062, at *2 (N.D. Ill. May 6, 2008). In several cases, where the government, as here, is not a party to the civil action and therefore cannot use civil process to circumvent criminal discovery, courts have held that factor against granting a stay. *See, e.g.*, *id.* However, the government submits that its status as a non-party in this matter should not weigh one way or the other—it is simply a non-factor.

Posture of the Criminal Proceeding: A pre-indictment stay is appropriate. Although courts are sometimes reluctant to grant a stay before any charges have been filed due to the uncertain length of criminal investigations, *see, e.g.*, *All Meat & Poultry Prods.*, 2003 WL 22284318, at *5, the pre-indictment status of the investigation is merely a consideration, not a

7

compete bar. In numerous cases, courts have granted discovery stays before the grand jury has indicted anyone. *See, e.g.*, *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988); *SEC v. Offhill*, No. 3:07-cv-1643-D, 2008 WL 958072, at *3 (N.D. Tx. Apr. 9, 2008); *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1038-39 (W.D. Mich. 2007); *Ashworth v. Albers Medical, Inc.*, 229 F.R.D. 527, 533 (S.D.W. Va. 2005); *Jones v. City of Indianapolis*, 216 F.R.D. 440, 451-52 (S.D. Ind. 2003); *Walsh Securities Inc. v. Cristo Property Management, Ltd.*, 7 F.Supp.2d 523, 527-28 (D.N.J 1998); *SEC v. Downe*, No. 92-cv-4092 1993 WL 22126, at *13 (S.D.N.Y. Jan. 26, 1993); *Brumfield v. Shelton*, 727 F. Supp. 282, 284 (E.D. La 1989); *Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y. 1985). In fact, courts in other districts have found that "when the government seeks a stay of civil discovery, the justification for obtaining the stay is often strongest *before* an indictment is handed down." *Offhill*, 2008 WL 958072, at *3 (emphasis added); *see also Lee v. Ackal*, No. 15-cv-00754, 2016 WL 1690319, at *3 (W.D. La. Apr. 25, 2016); *Tajonera v. Black Elk Energy Offshore Operations, LLC*, No.13-cv-0366, 2015 WL 893447, at *9 (E.D. La. Mar. 2, 2015); *Warren v. Geller*, No. 11-cv-2282, 2013 WL 1455688, at *9 (E.D. La. Apr. 9, 2013).

In this case, a pre-indictment stay is appropriate because—unlike many open-ended stays that endure until the conclusion of the criminal matter—the government is seeking only a 6-month stay with limited scope. Moreover, the government is committed to working expeditiously toward charging decisions. At the end of six months, the government will be in a position to provide the Court with a status update and request that the stay be modified, extended, or lifted.

Plaintiffs' Interest in Proceeding Expeditiously: As previously discussed with respect to judicial economy, resolution of the criminal case could narrow the scope of this civil litigation, which would benefit all parties, including plaintiffs, and therefore weighs in favor of a stay. *See, e.g., Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 568 (1951) ("It is well established

that a prior criminal conviction may work an estoppel in favor of the [plaintiff] in a subsequent civil proceeding."); *In re Worldcom, Inc. Sec. Litig.*, No. 02-cv-3288, 2002 WL 31729501, at *8 (S.D.N.Y. Dec. 5, 2002) ("The conviction of a civil defendant as a result of the entry of a plea or following a trial can contribute significantly to the narrowing of issues in dispute in the overlapping civil cases and promote settlement of civil litigation.").

Burden on Defendants: This factor weighs in favor of a stay, as well. Denying a stay would impose a burden on the subjects of the criminal investigation in at least two significant respects. First, it would force subjects to defend two cases simultaneously.[2] Second, denying a stay of discovery in this action would force subjects to choose between invoking their Fifth Amendment right against self-incrimination and risking that any such invocation would be used as a basis for an adverse inference in this civil case, or testifying or otherwise responding to civil discovery and having their responses used against them in the criminal case. *See Chagolla*, 529 F. Supp. 2d at 947 ("A civil defendant in this situation who is effectively backed into a corner in which he has no viable choice but to claim the privilege is forced to face a significant risk of unfair prejudice that may be virtually impossible to remedy."); *Harris v. City of Chicago*, 266 F.3d 750, 753 (7th Cir. 2001) ("[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them.") (citation omitted). Granting the stay would mitigate that dilemma.[3]

---

[2] Because the government only requests a partial stay, there may still be some residual defending of two cases simultaneously. However, given the nature of the stay—mostly discovery of the defendants—that concern would be considerably lessened.

[3] The dilemma is far from hypothetical. The docket in this matter reflects recent activity seeking to amend the deposition protocol based on 5th Amendment assertions, and in one of the briefs the end-user consumer plaintiffs said that "[a] grand jury investigation into Defendants' conduct has increased the likelihood that witnesses in this civil case will refuse to answer substantive questions during depositions and instead assert their Fifth Amendment privileges." Reply in Supp. of Pls.' Mot. to Am. Dep. Protocol Order 1, ECF No. 2254. They also said, "the

9

## **CONCLUSION**

For the foregoing reasons, the government's motion should be granted.

Respectfully submitted,

JAMES J. FREDRICKS
Chief
United States Department of Justice
Antitrust Division
Washington Criminal II Section

_____
MICHAEL T. KOENIG
HEATHER D. CALL
Trial Attorneys
United States Department of Justice
Antitrust Division
Washington Criminal II Section
450 5th St NW
Washington, DC 20530
(202) 616-2165
michael.koenig@usdoj.gov

COUNSEL FOR MOVANT-UNITED STATES

Dated: June 21, 2019

---

Department of Justice investigation appears to be gaining traction, as evidenced by the recent subpoena." *Id.* at 4.

10