UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: <br><br> BROILER CHICKEN ANTITRUST LITIGATION <br><br> *This Document Relates to All Actions:* | Case No. 16-cv-8637 <br><br> Judge Thomas M. Durkin <br> Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OF THE AFFILIATED FOODS PLAINTIFFS IN PARTIAL OPPOSITION TO THE UNITED STATES' MOTION TO INTERVENE AND STAY DISCOVERY**

The Affiliated Foods Group of Direct-Action Plaintiffs[1] (Affiliated Foods Plaintiffs) have brought actions in this litigation. They do not oppose the United States' (DOJ's) Motion to Intervene. But they respectfully oppose the DOJ's motion to stay discovery. (Document 2268).

The DOJ "requests a 6-month stay of depositions" and all "written discovery" of "defendants and their current and former employees" beyond, for example, "a request for admission that particular documents are business records." If granted, this relief would effectively shut down plaintiffs' prosecution of this case for six months and probably longer.

---

[1] The Affiliated Foods Group of Direct-Action Plaintiffs are composed of Action Meat Distributors, Inc., Affiliated Foods, Inc., Alex Lee, Inc., Associated Food Stores, Inc., Associated Grocers of New England, Inc., Associated Grocers, Inc., Bashas' Inc., Big Y Foods, Inc., Brookshire Grocery Company, CBBC Opco, LLC d/b/a Colorado Boxed Beef, Certco, Inc., Fareway Stores, Inc., Giant Eagle, Inc., Howard Samuels as Trustee for Central Grocers, Inc., Ira Higdon Grocery Company, Inc., King Solomon Foods, Inc., Merchants Distributors, LLC, Nicholas & Co., Inc., Pacific Agri-Products, Inc., Pacific Food Distributors, Inc., Piggly Wiggly Alabama Distributing Co., Inc., Schnuck Markets, Inc., Troyer Foods, Inc., URM Stores, Inc., W. Lee Flowers and Company, Inc., Weinstein Wholesale Meats, Inc., and Woodman's Food Market, Inc.

The DOJ comes late to these proceedings. Discovery of defendants has been ongoing for more than one year and depositions of defendants have been occurring since October 2018. To date, more than 150 depositions have been taken. Indeed, we are not aware of any case where the DOJ moved for a discovery stay when the case had been pending for two and one-half years and after so substantial an amount of substantive discovery has occurred. While the Affiliated Foods Plaintiffs do not wish to interfere with the DOJ's investigation, granting a discovery stay now will wreak havoc on this litigation, and send it down a slippery slope that would likely lead to additional DOJ motions to extend the stay (as typically happens), which could last for years.

This, for example, is precisely what has happened in *In re: Generic Pharmaceutical Pricing Antitrust Litigation*, MDL No. 2724, 16-MD2724, pending in the Eastern District of Pennsylvania. The DOJ moved for a stay of discovery in January 2017 to prevent, among other things, depositions of defendants and their present and former employees. This deposition stay has been repeatedly extended in six-month increments; it is still in effect more than two years later.

We fear that if the Court grants this stay, this litigation will be unnecessarily delayed and plaintiffs will be prejudiced. If the DOJ has concerns about *particular* depositions or types of depositions (for example, those of certain individuals or employees of a particular entity), those depositions could be deferred until the end of fact discovery. This was done in *In Re: Packaged Seafood Product Antitrust Litigation*, Case No. 3:15 and 02670-JLS-MDD, pending in the Southern District of California, where there was a partial stay of discovery pertaining to particular deponents.

Even if the Court were to grant some type of deposition stay, it should not stay non-deposition party discovery. At the very least, document discovery should proceed, and the

parties should continue to meet and confer about any related issues. Likewise, there is no reason to prevent service of, and Defendants' responses to, Interrogatories and Requests for Admission.

## Conclusion

It is respectfully submitted that the Court should grant DOJ's motion to intervene, but deny DOJ's request to stay discovery or, in the alternative, narrow the scope of the requested discovery stay given potential prejudice to plaintiffs.

Dated: June 26, 2019

/s/ Eric R. Lifvendahl
Eric R. Lifvendahl
**LOWIS & GELLEN LLP**
175 w. Jackson Blvd., Suite 950
Chicago, Illinois 60604
Tel: (312) 456-2707
Email: elifvendahl@lowis-gellen.com

**KAPLAN FOX & KILSHEIMER, LLP**
Robert N. Kaplan
Matthew P. McCahill
Jeff Campisi
850 Third Avenue, 14th Floor
New York, New York 10022
Tel: (212) 687-1980
Email: rkaplan@kaplanfox.com
Email: mmccahill@kaplanfox.com
Email: jcampisi@kaplanfox.com

**KAPLAN FOX & KILSHEIMER LLP**
Gary L. Specks
681 Prestwick Lane
Wheeling, Illinois 60090
Tel: (847) 831-1585
Email: gspecks@kaplanfox.com

**THE COFFMAN LAW FIRM**
Richard L. Coffman
First City Building
505 Orleans Street, Fifth Floor
Beaumont, Texas 77701
Tel: (409) 833-7700
Email: rcoffman@coffmanlawfirm.com

**CERA LLP**
Solomon B. Cera
595 Market Street, Suite 2300
San Francisco, California 94105
Tel: (415) 777-2230
Email: scera@cerallp.com

**CERA LLP**
C. Andrew Dirksen
800 Boylston St., 16th Floor
Boston, Mass. 02199
Tel: (857) 453-6555
Email: cdirksen@cerallp.com

**HAYNSWORTH SINKLER BOYD P.A.**
Manton M. Grier
Elizabeth H. Black
Mary C. Eldridge
1201 Main Street 22nd Floor
Columbia, SC 29201-3226
Tel: 803.540.7753
Email: mgrier@hsblawfirm.com
Email: eblack@hsblawfirm.com
Email: meldridge@hsblawfirm.com

**MARCUS & SHAPIRA LLP**
Bernard D. Marcus
Moira C. Cain-Mannix
Erin Gibson Allen
One Oxford Center, 35th Floor
Pittsburgh, PA 15219
Telephone: (412) 471-3490
Facsimile: (412) 391-8758
Email: marcus@marcus-shapira.com
Email: cain-mannix@marcus-shapira.com
Email: Allen@marcus-shapira.com