**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION<br><br>This Document Relates To: ALL CASES | No. 1:16-cv-08637<br><br>Hon. Thomas M. Durkin<br>Magistrate Judge Jeffrey T. Gilbert |

**DIRECT PURCHASER PLAINTIFFS' REPLY IN SUPPORT OF
THEIR MOTION FOR PROTECTIVE ORDER TO PROTECT CLASS MEMBERS
FROM MISLEADING SOLICITATIONS**

Direct Purchaser Plaintiffs ("DPPs"), by and through their undersigned counsel, submit this Reply to the response briefs filed by various Direct Action Plaintiffs ("DAPs") to their Motion for Protective Order to Protect Class Members from Misleading Communications ("Motion"):[1]

**INTRODUCTION**

What constitutes a solicitation—and what this motion seeks to address—is clear. The ABA Model Rules of Profession Conduct define a solicitation as "a communication *initiated by or on behalf of a lawyer or law firm* that is directed to a specific person the lawyer knows or reasonably should know needs legal services in a particular matter and that offers to provide, or reasonably can be understood as offering to provide, legal services for that matter." ABA Model Rules of Prof. Conduct, Rule 7.3(a) (emphasis added); N.D. Ill. L.R.83.50 ("Applicable disciplinary rules are the Model Rules adopted by the American Bar Association."). Equally clear is that communications between attorneys with prior or existing clients are *not* prohibited solicitations.

---

[1] DPPs' Motion and this reply brief primarily address the conduct of counsel for the Affiliated Foods Inc. ("AFI") Plaintiffs: Kaplan, Fox & Kilsheimer, LLP, Coffman Law Firm, and Williams Montgomery & John LLP. To eliminate any possible confusion (*see* ECF No. 2930, at 4 n.4), DPPs will alter the terminology in this brief to better indicate when they are talking about counsel for the Affiliated Food Plaintiffs—"AFI counsel"—as opposed all DAP counsel.

*Id.* at Rule 7.3(b)(2). Thus, the concern raised by some DAP counsel (*see* ECF No. 2938, at 1; ECF No. 2930, at 4) is not implicated by this Motion; the relief DPPs request would not interfere with existing attorney-client relationships as defined by the Model Rule. DPPs are concerned only with affirmative solicitations to class members who have no pre-existing attorney-client relationship with DAP counsel.

None of DAP counsel's oppositions to the Motion support denial of the relief DPPs seek. First, the arguments by counsel for Affiliated Foods Inc. Plaintiffs ("AFI counsel") are particularly unavailing. AFI counsel's attempt to differentiate "litigation classes" from "settlement classes" in these circumstances is not supported by the law or the facts. Their attempt to disavow knowledge of their own solicitations is not credible. And their attempt to ignore DPP counsel's extensive efforts to stop these improper class communications without the need for motion practice is inconsistent with the facts.

Second, the claim by other DAP counsel that the Motion infringes on their rights is also unavailing. As noted, DPPs do not seek to interfere with existing attorney-client relationships as defined under the Model Rule. DPPs seek to prevent the dissemination of misleading *solicitations*, by having prospective solicitations approved by the Court. As numerous cases have held, Rule 23 provides the Court with the authority to stop misleading solicitations to class members. This authority is not outweighed by the limited First Amendment protections to solicitations, which are considered commercial speech. And regardless of constitutional protections, such communications may not be misleading.

Remarkably, none of the briefs filed by any DAP counsel acknowledges that at least one solicitation at issue went to a class representative, who is indisputably represented by DPP counsel. This is a clear intrusion into that attorney-client relationship. This also illustrates the problems and

2

prejudice caused by AFI counsel's improper solicitations. In order to accept the arguments of DAPs in opposition, the Court would also have to accept the nonsensical notion that the appointment of class counsel has no meaning, the Court-approved notice to the class is not worth the paper it is written on, and that attorneys around the country can solicit class members and say anything they want, even if it is not consistent with the official communication from the Court. Of course, that is neither the law nor the policy behind the class mechanism.

The impact of the business model of attorneys who solicit opt outs is obvious: it diminishes the effectiveness of class actions and creates enormous inefficiencies. That is unfortunate, but has been going on for some time. What is unacceptable here is that the subject solicitations are misleading, and in particular suggest (even after notice went out) that class members are not represented. It is also truly ironic that AFI counsel argue no harm has occurred since, they say, the class notice clears everything up. The class action world would be turned on its head if DAPs could hide behind the Court-approved notice to "cure" their misleading statements. That would be a license to mislead with impunity.

For the reasons discussed below and in the Motion, DPPs request that this Court grant their Motion to enter an Order: (1) curtailing all solicitations of class members by AFI counsel Kaplan, Fox & Kilsheimer, LLP, Coffman Law Firm, and Williams Montgomery & John LLP; (2) obligating said AFI counsel to provide DPP counsel with contact information for every class member that AFI counsel targeted with the solicitation letters; (3) authorizing DPP counsel to send a Court-approved Corrective Letter (ECF No. 2331-7) to each recipient of AFI counsel's solicitation letters; and (4) requiring notice to DPP counsel and approval from the Court before any DAP counsel send future unsolicited communications to DPP class members.

**ARGUMENT**

A.     **The Relief DPPs Seek Relating to AFI Counsel is Reasonable and Necessary**

AFI counsel's arguments ignore the fact that the Court has the authority to and should impose the relief DPPs seek—relief necessitated by AFI counsel's misleading communications to members of the DPP class. Instead, they argue that members of settlement classes are not entitled to the same protections as members of litigation classes from inaccurate, misleading solicitations. They claim that the class notice of the Fieldale Farms settlement cured their misleading communications. They suggest there was no harm because the solicitations were only partly successful. And they profess, disingenuously, that they offered to give DPPs their requested relief. As discussed below, each of these arguments is without merit, and the only way to ensure AFI counsel do not send any further misleading solicitations to class members is through the relief DPPs seek.[2]

    1.     **The Law Does Not Distinguish Between Settlement Classes and Litigation Classes in the Context of the Attorney-Client Relationship Between Class Members and Class Counsel**

AFI counsel suggest that they can communicate with members of the DPP class even *after* certification because they are members of a settlement class instead of a litigation class. (ECF No. 2937, at 1–2, 7–9.) But the law does not draw a distinction between the two—"a class is a class is a class." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 799 (3d Cir. 1995); *see also In re Cmty. Bank of N. Virginia,* 418 F.3d 277, 300 (3d Cir. 2005) (noting that a class must meet all the requirements of Rule 23, regardless of whether it is seeking

---

[2] DPP counsel take issue with AFI counsel's baseless suggestion that we took a "sweetheart settlement at the beginning of the case to try and bar forever all communications with absent class members." (ECF No. 2937, at 7 n.10.) The Court appointed DPP counsel to these positions and we take our responsibilities very seriously, which the record in this case supports. In fact, without the huge effort put into the first class filings by DPP counsel, none of the DAP cases would have been filed.

certification as a class for trial or for settlement). The law does not say that a litigation class creates an attorney-client relationship between class members and class counsel while a settlement class does not. Instead, "[w]ithout question the unnamed class members, once the class has been certified, are 'represented by' the class counsel." *Resnick v. Am. Dental Ass'n*, 95 F.R.D. 372, 376 (N.D. Ill. 1982). None of the cases AFI counsel cite supports their proffered distinction between litigation classes and settlement classes in the context of the attorney-client relationship in these circumstances.

        **a.**    **AFI Counsel Sent Their Solicitations After the DPP Class Was Certified**

According to AFI counsel, "At the time of the March 2018 letter advertisement, no *litigation* class had been certified or even requested." (ECF No. 2937, at 8–9) (emphasis added). But as noted above, any distinction between litigation and settlement classes does not matter in this context. In fact, the Court conditionally certified the DPP settlement class in August 2017, long before AFI counsel's March 2018 solicitation. (ECF No. 462.) After conditional certification, AFI counsel sent at least two solicitations to DPP class members. (ECF No. 2331-3; ECF No. 2940-1.) And after final certification of the DPP settlement class in November 2018 (ECF No. 1414), AFI counsel sent at least one more unsolicited communication to DPP class members. (ECF No. 2331-2.)

        **b.**    **AFI Counsel Knew of the May 2019 Solicitation to UniPro Members**

AFI counsel makes no attempt (other than feigning ignorance) to defend the May 2019 "UniPro" solicitation, which was sent to DPP class members on their behalf after the Court certified the DPP settlement class in November 2018 (ECF No. 1414). AFI counsel profess that they had never seen the May 2019 communication sent to UniPro members over AFI counsel's

5

names, and that they never communicated with its sender. (ECF No. 2939, at ¶¶ 26–28.) But this is semantics and evades the point. The record shows that AFI counsel knew of the May 2019 solicitation before it was sent, and AFI counsel provided most of its substance.

According to AFI counsel Richard Coffman, prior to the May 2019 UniPro solicitation, a UniPro member asked AFI counsel to send him a "case update memorandum," which they did. (ECF No. 2940, at ¶ 7.) Later that month, on May 14, 2019, AFI counsel Robert Kaplan said another UniPro member called him and told him he "had received a notice from Unipro about the *Broiler Chicken* litigation." (ECF No. 2939, at ¶ 22.) AFI counsel knew that a DPP class representative received the May 2019 solicitation when DPP counsel informed them on May 29, 2019 that DPP counsel's own client had received one. (ECF No. 2331-1, at ¶ 5; ECF No. 2331-5.) For AFI counsel to claim that they had not seen the actual UniPro solicitation until DPP counsel sent it to them is not only disingenuous but beside the point. AFI counsel knew of the solicitation before it happened, they provided content for it, and they knew it went to DPP class members over their name and on their behalf. And apparently for six weeks after DPP raised the impropriety of the solicitation they did nothing to obtain a copy or confirm what DPP counsel told them. They own that solicitation despite their attempt to distance themselves from it.

The history of AFI counsel's interactions with UniPro is important. AFI counsel admit they previously prepared a solicitation for UniPro members in April 2018. (ECF No. 2940, at ¶ 6) ("I was contacted by a Unipro member who asked for a fee proposal to be made available to Unipro members . . . . We were advised that Unipro subsequently sent the proposal to its members.").) Given their prior efforts to solicit UniPro members and the agreement with UniPro to send such letters to all of its members as suggested by the April 2018 communication, AFI counsel intended

(or at the very least knew) that UniPro would distribute the May 2019 "case update memorandum" to all UniPro members.[3]

### 2. AFI Counsel's Communications with Class Members Are Misleading and Should Be Subjected to Corrective Action

As detailed in DPPs' Motion, AFI counsel's communications with DPP class members dated May 2018 and May 2019 are at best confusing and lacking in information necessary to provide recipients with a complete picture of the litigation and its participants, and are at worst objectively biased and designed to urge recipients to opt out of the class. (ECF No. 2331, at 9–10.)

Although DPP counsel were aware of three solicitations sent by AFI counsel, they had not been provided a copy of the April 2018 communication to UniPro members until AFI counsel included it with their response brief. (ECF No. 2940-1.) The April 2018 communication is as misleading as the others. It notes that a class action with three classes of purchasers was filed in the Northern District of Illinois but makes no mention of the attorneys representing the various classes or the enormous amount of legal work and expense they expended in the investigation and litigation of the case.[4] (ECF No. 2940-1, at 3.) The communication only mentions the "nationally recognized litigation firm of Boies, Schiller, and Flexner" representing Sysco and US Foods, which opted out of the class, and how they "already invested substantial time and resources into

---

[3] The May 2019 communication with UniPro produced by AFI counsel with their response brief (ECF No. 2940-1) is not the "case update memorandum" Mr. Coffman said they provided to UniPro (*Id.*, at ¶ 7). Without it, it is not possible to compare the memorandum prepared by AFI counsel to the May 2019 communication.

[4] AFI counsel claims to "have been at the vanguard of this litigation," (ECF No. 2937, at 4), but they omit the fact—and did not tell the recipients of their solicitations—that by the time AFI counsel filed their first direct action against Defendants, DPPs and other classes had spent years and invested thousands of person hours investigating and litigating this case. They omit the fact that AFI counsel waited until after DPPs defeated Defendants' numerous motions to dismiss to bring their first lawsuit, avoiding the risk of an unfavorable ruling and coat-tailing on the success of DPPs and other class counsel. DPPs and other class counsel also drafted and negotiated numerous orders, protocols, and schedules that govern the case. AFI counsel has led in none of these areas.

this matter." (*Id.*) It notes UniPro members can join Sysco and US Foods in opting out of the class; it says nothing about remaining in the class. (*Id.*) The communication also insinuates that the case is moving slowly, by mentioning that the class action was filed in September 2016 and stating that the case is still in its early stages, despite there being over 600 separate docket entries. (*Id.*) The communication even says, "We are not aware that this class has been certified to date." (*Id.*) Yet, eight months earlier in August 2017, the Court conditionally certified a DPP settlement class and appointed the "highly experienced" law firms of Lockridge Grindal Nauen P.L.L.P., and Pearson, Simon & Warshaw, LLP as co-lead counsel for the settlement class. (ECF No. 462.) There is no mention of the settlement, the conditional certification of a DPP settlement class, that UniPro members are already represented as class members by DPP counsel, or that UniPro members are included in the DPP settlement class. It does, however, prominently provide the contact information for AFI counsel. (*Id.*)

AFI counsel argue their conduct should be excused for two reasons. First, they maintain they were merely parroting the Court's statements about the "train [] leaving the station." Yet, in the quotations on which they rely, the Court is saying it is *not* too late to opt out. Their argument also contradicts the statements of other DAP counsel, who claim, "Until a court certifies a litigation class and the opt-out date passes, a passive class member is free to decide to commence its own direct action." (ECF No. 2938, at 3.)

Second, they claim that it is not possible for UniPro members to have been misled because they are sophisticated parties. AFI counsel cannot say this with confidence because they do not know all of the hundreds of members of UniPro, many of which are small businesses. In Illinois,

8

California, New York, Florida, Texas, and Ohio alone, there are approximately 200 distributors in UniPro.[5]

Put simply, this Court should exercise its authority under Rule 23 and put a stop to these misleading communications. *See, e.g.*, *Piekarski v. Amedisys Ill., LLC*, 4 F. Supp. 3d 952, 955 (N.D. Ill. 2013) (collecting cases) ("[D]istrict courts have restricted communications with potential class members not only by plaintiffs but also by defendants, as well as communications before a class is certified."). District courts have broad discretion under Rule 23 to restrict communications with absent class members in order to prevent frustration of the policies of the Rule. In *Gulf Oil,* the Supreme Court instructed district courts to weigh the need for any limitation on solicitations to class members with the potential interference with the rights of the parties. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101–02 (1981). "Only such a determination can ensure that the court is furthering, rather than hindering, the policies embodied in the Federal Rules of Civil Procedure, especially Rule 23." *Id.* In the wake of *Gulf Oil*, courts have limited abusive communications like those sent by AFI counsel to DPP class members—communications that threaten the proper functioning of class action litigation. *See, e.g.*, *Cox Nuclear Med. v. Gold Cup Coffee Servs., Inc.*, 214 F.R.D. 696, 698 (S.D. Ala. 2003) (collecting cases).

"Misleading communications to class members concerning the litigation pose a serious threat to the fairness of the litigation process, the adequacy of the representation and the administration of justice." *In re Sch. Asbestos Litig.*, 842 F.2d 671, 680 (3d Cir. 1988). Such communications are *never* allowed. The solicitations in question offer legal services in exchange for compensation. As such, they constitute commercial speech and are entitled to lesser protection. *Shapero v. Kentucky Bar Ass'n*, 486 U.S. 466, 472 (1988). And for commercial speech to even be

---

[5] *See* https://www.uniprofoodservice.com/directory.

entitled to First Amendment protections in the first place, the Supreme Court instructs that the speech must not concern unlawful activity "*and not be misleading.*" *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557, 566 (1980) (emphasis added). AFI counsel's solicitations are plainly misleading. They are thus not eligible for First Amendment safeguards.

### 3. The Notice of Fieldale Farms Settlement and the Success of AFI Counsel's Solicitations Have No Bearing on DPPs' Requested Relief

Contrary to AFI counsel's contention (ECF No. 2937, at 12–13), the notice to class members of the Fieldale Farms settlement does not "cure" any issues created by their solicitations. At best, the settlement notice contains extensive information regarding the case, and was not designed or intended to combat a minimum of three misleading communications from AFI counsel. At worst, the May 2019 solicitation superseded the settlement notice in the minds of absent class members since it is the last communication they received. Either way, this argument lacks merit because the settlement notice is the official communication approved by the Court and AFI counsel's solicitations undermine it.

Moreover, AFI counsel's contention that DPPs' Motion should be denied because their solicitations had only limited success hardly ranks as a serious argument. (*See* ECF No. 2937, at 5) ("Only six of the 27 AFI Plaintiffs resulted from AFI Plaintiffs' counsel's advertising efforts."); (*Id.*, at 3 n.4) ("AFI Plaintiffs' counsel have not received any prospective client inquiries from the [March 2018 advertisement] letter in over a year."). As courts have recognized, Rule 23(d) "does not . . . require a finding of *actual* harm" in order to support the issuance of a corrective notice. *See In re Sch. Asbestos Litig.*, 842 F.2d at 683 (emphasis in original). However, the fact that AFI counsel obtained a substantial number of their clients from their solicitations is proof of harm. This

number also does not include prospective clients who AFI counsel chose not to retain or were otherwise influenced to opt out of the class. By showing actual harm, DPPs have gone above and beyond what Rule 23(d) requires.

### 4. AFI Counsel Did Not Agree to the Relief Requested by DPPs

Finally, AFI counsel have not offered DPPs "the relief that they now ask the Court to grant." (ECF No. 2939, at 7.) DPP counsel asked AFI counsel to produce the "case update memorandum" they sent to UniPro members in May 2019. (ECF No. 2331-1, at ¶ 7.) DPP counsel also asked AFI counsel produce a list of all recipients of their communications with DPP class members and that they agree to a corrective letter to send to each such recipient. (ECF No. 2331-1, at ¶¶ 5–6.) DPP counsel provided AFI counsel with a draft stipulation to memorialize any agreement. (ECF No. 2331-6, at 2–5.) AFI counsel did not produce the "case update memorandum." AFI counsel did not produce a list of the recipients of their communications. AFI counsel did not sign the stipulation. And as evidenced by AFI counsel's statements during the July 30, 2019 telephone call with the Court, AFI counsel still will not agree to the corrective letter proposed by DPP counsel, despite having had it in hand for nearly a week before DPPs filed this Motion.

### B. The Narrow Relief DPPs Seek Relating to All DAP Counsel Is Appropriate

DAP counsel other than AFI counsel wrongly characterize the relief DPPs request against them as "a gag order" that prohibits their "ability to communicate in *any* way with *any* entity that might be a class member" and that seeks to intrude on pre-existing attorney-client relationships. (ECF No. 2936, at 2; ECF No. 2938, at 2; ECF No. 2930, at 4.) The relief DPPs seek relating all DAP counsel is very narrow. DPPs' Motion targets *solicitations*, not other forms of

communication, and not communications as part of existing attorney-client relationships. The concerns raised by these DAP counsel are thus not implicated by this Motion.

The ABA Model Rules of Profession Conduct, which apply here, define a solicitation as "a communication *initiated by or on behalf of a lawyer or law firm* . . . ." ABA Model Rules, Rule 7.3(a) (emphasis added). As Rule 7.3(b)(2) of the ABA Model Rules makes clear, communications with a "person who has a family, close personal, or prior business or professional relationship with the lawyer or law firm" are not considered solicitations. *Id.*, at Rule 7.3(b)(2). Nor are DPPs trying to preclude DAP counsel from responding to inquiries initiated by DPP class members who were not first targeted by misleading, unsolicited communications. (*See, e.g.*, ECF No. 2936, at 2) ("purchasers . . . who have been referred to DAP counsel by other clients"); (ECF No. 2938, at 1) ("companies [who] reach out to our firms to discuss potential direct actions during the pendency of a class action case"). Again, these communications are not solicitations because they were not initiated by lawyers. ABA Model Rules, Rule 7.3(a).[6]

Moreover, the relief sought by DPPs does not require DAP counsel to cease making solicitations if they desire to do so. Rather, DPPs are merely seeking to have the Court review these solicitations to ensure they are truthful and not misleading. This is the same standard the Court applies in reviewing and approving the class action notices that are disseminated to the class pursuant to Rule 23. And this review process is necessary and appropriate to ensure that the information contained any solicitations do not overwhelm the Court approved class notices and mislead class members.

---

[6] DPP counsel are willing to tailor the proposed order so that it comports with the language suggested by one of the DAP counsel. (*See* ECF No. 2938, at 5.)

DPP counsel are not casting aspersions on every DAP counsel in this case. Indeed, DAP who do not intend to solicit class members will not be affected by the requested relief. Again, why should such counsel even care since they profess to have huge stables of existing clients and supposedly do not solicit to get clients? And DAP counsel who intend to disseminate truthful and accurate solicitations will still be able to do so. Review of such solicitations is necessary to protect the notice requirements of Rule 23 and appropriate under the circumstances.

## CONCLUSION

WHEREFORE, DPPs respectfully request this Court grant their Motion and enter an Order protecting DPP class members from actual and potentially misleading solicitations by counsel for Direct Action Plaintiffs.

Dated: August 1, 2019                                    Respectfully submitted,

|  |  |
|---|---|
|  | /s/ Steven A. Hart |
| W. Joseph Bruckner | Steven A. Hart (#6211008) |
| Elizabeth R. Odette | Brian Eldridge (#6281336) |
| Brian D. Clark | John Marrese (#6306516) |
| Simeon A. Morbey | Kyle Pozan (#6306761) |
| LOCKRIDGE GRINDAL NAUEN P.L.L.P. | HART McLAUGHLIN & ELDRIDGE, LLC |
| 100 Washington Avenue South, Suite 2200 | 22 W. Washington Street, Suite 1600 |
| Minneapolis, MN 55401 | Chicago, IL 60602 |
| Telephone: (612) 339-6900 | Telephone: (312) 955-0545 |
| Facsimile: (612) 339-0981 | Facsimile: (312) 971-9243 |
| wjbruckner@locklaw.com | shart@hmelegal.com |
| erodette@locklaw.com | beldridge@hmelegal.com |
| bdclark@locklaw.com | jmarrese@hmelegal.com |
| samorbey@locklaw.com | kpozan@hmelegal.com |

Clifford H. Pearson                                      *Direct Purchaser Plaintiffs Interim Liaison*
Bobby Pouya                                              *Class Counsel*
Michael H. Pearson
PEARSON SIMON & WARSHAW, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 92403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
cpearson@pswlaw.com
mpearson@pswlaw.com
bpouya@pswlaw.com

Bruce L. Simon
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile:  (415) 433-9008
bsimon@pswlaw.com

*Direct Purchaser Plaintiffs Interim Co-Lead*
*Class Counsel*

## **CERTIFICATE OF SERVICE**

I, Steven A. Hart, depose and state that I have served a copy of Direct Purchaser Plaintiffs' Reply In Support of Their Motion for Protective Order to Protect Class Members from Misleading Solicitations upon all counsel of record via the United States Court for the Northern District of Illinois ECF Document Filing System on August 1, 2019.

By:    /s/ *Steven A. Hart*

[x]   As provided by law pursuant to Rule 5(b) of Fed. Rules of Civil Procedure, I certify that the statements set forth herein are true and correct.