UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 16 C 8637<br><br>Judge Thomas M. Durkin |

ORDER

Winn-Dixie's motion for entry of judgment under Federal Rule of Civil Procedure 54(b), [3389], is denied.

STATEMENT

The Court granted defendant Fieldale Farms's motion to enforce a class settlement against plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holdings LLC (together "Winn-Dixie"). *See* R. 3312. Winn-Dixie now moves for entry of final judgment pursuant to Rule 54(b) so it can appeal the Court's ruling. *See* R. 3389.

Under Rule 54(b), a "court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." "A proper Rule 54(b) order requires the district court to make two determinations: (1) that the order in question was truly a 'final judgment,' and (2) that there is no just reason to delay the appeal of the claim that was 'finally' decided." *Gen. Ins. Co. of Am. v. Clark Mall Corp.*, 644 F.3d 375, 379 (7th Cir. 2011). Fieldale concedes that the order dismissing Winn-Dixie's claims against Fieldale was a "final judgment" for purposes of Rule 54(b). *See* R. 3479 at 3. So the issue here is whether there is "just reason for delay."

According to the Supreme Court, "[i]t is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in the multiple claims action is ready for appeal." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). "This discretion is to be exercised in the interest of sound judicial administration." *Id.* "Thus, in deciding whether there are not just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved." *Id.* The Seventh Circuit has added that "[e]ven when claims are separate, an appeal ought not follow as of course." *Horn v. Transcon Lines*, 898 F.2d 589, 592 (7th Cir. 1990). "A significant possibly that the claim will go away [by becoming moot] . . . makes improvident the parties' and the judges' investment of resources to produce a speedy appellate ruling." *Id.*

Winn-Dixie's argument that it should be permitted to appeal now is premised on the conjecture that Fieldale will lose on summary judgment, lose on trial, and lose on appeal, and then that Winn-Dixie will win on appeal. Winn-Dixie contends that in that circumstance, it will require a separate trial against Fieldale. Winn-Dixie argues that it should be permitted to appeal now, so if it is successful, it can rejoin discovery and any trial along with the other plaintiffs who have opted out of the class.

The Court finds this to be a highly unlikely scenario. Discovery in this case has been highly coordinated under the leadership of liaison counsel for the putative classes and counsel for groups of direct-action plaintiffs. Document discovery has been entirely joint, and it is rare that other counsel for particular plaintiffs have

reason to ask additional questions at depositions. Contrary to the hypothetical scenario conjured by Winn-Dixie on this motion, it is much more likely that if Winn-Dixie is eventually able to resurrect its claims on appeal, which could only happen if Fieldale had lost on the merits in this Court and on appeal, that Fieldale would seek to settle its claims against Winn-Dixie. It is nearly impossible to imagine that Fieldale would insist on defending itself on the merits after serious losses in the district court and on appeal. And even if Fieldale did want to incur the cost of additional summary judgment briefing and trial, it is highly unlikely that any significant additional discovery would be necessary.

Lastly, Winn-Dixie has made no argument as to why it believes it will prevail on appeal. The decision to enforce the settlement against Winn-Dixie was within this Court's discretion. And as the Court explained in that decision, Winn-Dixie gave little to no explanation for why it failed to object timely to its inclusion in the class settlement. Without a solid explanation for that failure, Winn-Dixie has little basis for appeal. Having articulated no argument that its appeal will be meritorious, the Court finds that permitting a separate appeal on this issue would be a waste of judicial resources. That is a just reason to delay the appeal to the end of the case, since Winn-Dixie has not identified any plausible countervailing reason.

ENTERED:

*Thomas M Durkin*
Honorable Thomas M. Durkin
United States District Judge

Dated: March 3, 2020

3