**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION<br><br>This Document Relates To: ALL CASES | No. 1:16-cv-08637<br><br>Hon. Thomas M. Durkin<br>Magistrate Judge Jeffrey T. Gilbert |

**CLASS PLAINTIFFS' MOTION FOR ENTRY OF AN ORDER REGARDING
REMOTE DEPOSITIONS OF CERTAIN CATEGORIES OF WITNESSES**

Direct Purchaser Plaintiffs, Commercial and Institutional Indirect Purchaser Plaintiffs, and End-User Consumer Plaintiffs (collectively, "Class Plaintiffs"), by and through their undersigned counsel, hereby move this Court for entry of an order regarding remote depositions of certain categories of witnesses. In support, Class Plaintiffs state the following:

**INTRODUCTION**

Through no fault of Class Plaintiffs, defendant discovery has been stayed for nearly 11 months, to the detriment of Class Plaintiffs' case. First, the United States Department of Justice intervened and stayed defendant discovery for nine months. *See* ECF No. 2302 (initial three month stay); ECF No. 3153 (extending the stay by nine months); and ECF No. 3356 (reducing the stay by three months). Toward the end of the stay the Court allowed the parties to proceed with Rule 30(b)(6) depositions of Defendants on topics that did not directly relate to their participation in the conspiracy (ECF No. 3153), but those depositions never took place, despite Class Plaintiffs' best efforts.

Then came the COVID-19 pandemic, which effectively ground this case to a halt just a few weeks before the stay was scheduled to lift on March 31, 2020. Class Plaintiffs understand that public health must be our first priority during this difficult time, and that some accommodations will be necessary to reflect new demands on the Court and the parties. Class Plaintiffs are also

sensitive to the unique challenges the COVID-19 pandemic has created for certain workers in the poultry industry. But there are ways to respond to this unprecedented health challenge without suspending civil discovery indefinitely: Recognizing the safety and efficacy of remote deposition technology, many courts have kept the wheels of justice turning by adopting remote deposition protocols. Class Plaintiffs now ask this Court to adopt such a protocol for sensible use in this case.

## ARGUMENT

**A. Class Plaintiffs' Remote Deposition Protocol Serves the Purpose of the Federal Rules of Civil Procedure and Is Supported by Good Cause**

The Federal Rules of Civil Procedure must be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In an effort to meet their obligations under Rule 1, Class Plaintiffs have proposed a protocol for remote depositions during the COVID-19 pandemic, as well as an initial list of deponents.[1] (Exhibit A, [Proposed] Order Concerning the Taking of Depositions During the COVID-19 Public Health Emergency; Exhibit B, Declaration of Brian D. Clark in Support of Class Plaintiffs' Motion for Entry of an Order Requiring Remote Depositions for Certain Categories of Witnesses.) The protocol allows for the remote administration of oaths and leverages modern technology to hold depositions by videoconference, with recordings of the videoconferences made so that the parties can play the testimony for the jury at trial. There is nothing new or novel about this approach. Courts have long recognized the utility of depositions by telephone, videoconference, or other remote means. *See, e.g.*, *Guillen v. Bank of Am. Corp.*, Civ. No. 10-05825, 2011 WL 3939690, at *1 (N.D. Cal. Aug. 31, 2011) (citing *Brown v. Carr*, 253 F.R.D. 410, 412 (S.D. Tex. 2006)) ("Leave to take depositions by telephone is granted liberally."); *Jahr v. IU Int'l Corp.*, 109 F.R.D. 429, 431 (M.D.N.C. 1986) ("[L]eave to take

---

[1] Class Plaintiffs have offered to make their witnesses available for remote depositions.

2

telephonic depositions should be liberally granted in appropriate cases."); *accord Hoeft v. Richardson*, No. 09-cv-115, 2009 WL 3242067, at *3 (W.D. Wis. Oct. 2, 2009) (quoting *Brown*, 253 F.R.D. at 412). All that is required for a remote deposition is a legitimate reason. *Kaseberg v. Conaco, LLC*, No. 15-cv-01637, 2016 WL 8729927, at *5 (S.D. Cal. Aug. 19, 2016) (quoting *Jahr*, 109 F.R.D. at 431). A desire to save money constitutes good cause to depose out-of-state witnesses by remote means. *Guillen*, 2011 WL 3939690, at *1; *accord Kaseberg*, 2016 WL 8729927, at *6. Once the proponent of a remote deposition makes a showing of good cause, "[t]he burden is on the opposing party to show how they would be prejudiced." *Guillen*, 2011 WL 3939690, at *1 (citing *Brown*, 253 F.R.D. at 412; *Cressler v. Neuenschwander*, 170 F.R.D. 20, 21 (D. Kan. 1996)).

As other courts have recognized, the requirement of social distancing necessitated by the COVID-19 pandemic and the fact that these public health precautions will continue for an indeterminate and potentially lengthy amount of time certainly qualifies as a legitimate reason for ordering remote depositions. *See* § B, *infra*. The burden therefore falls on Defendants to show they would be prejudiced by remote depositions. Defendants cannot make this showing solely by articulating a desire to be present in person, either to prepare the witness or for the deposition itself. *See Kaseberg*, 2016 WL 8729927, at *6 (finding that a defendant not being present with its own witness during the deposition will not prejudice the defendant); *Hoeft*, 2009 WL 3242067, at *3 (citing *Mikola v. Penn Lyon Homes, Inc.*, No. 4:CV-07-0612, 2008 WL 2050807, at *1 (M.D. Pa. May 13, 2008)) (noting that a desire to depose an individual in person simply to observe his or her demeanor, without more, does not amount to good cause for denying a request to conduct a telephonic deposition).

For example, Veritext Legal Solutions, the court reporting company used by the parties for depositions in this case, has a robust virtual deposition solution. The secure platform, called

3

"Veritext Virtual," allows for up to 100 people to participate in a remote deposition (well more than would be needed here).[2] There is no need to install software or go through any setup process—all that is needed is to click a link to log in and join the deposition.[3] If a witness lacks a computer with a camera, Veritext will ship them one in advance of the deposition at the noticing party's expense. During the deposition, attendees have access to real-time video of the witness, as well as a live transcription of the testimony.[4] Participants can also upload documents, stamp and introduce exhibits, and even annotate exhibits:[5]



The Veritext Virtual platform.

And Veritext provides around-the-clock technical support in the event the parties or the witness encounter technical difficulties.[6] For every deposition in this case so far, many attorneys have

---

[2] https://www.veritext.com/services/veritext-virtual/.
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*

already attended remotely by telephone, choosing to forgo the benefits of seeing the witness and exhibits as they are stamped, in return for the convenience and time- and cost-savings of not traveling. Veritext Virtual is a marked improvement over traditional telephone depositions; it will provide most of the benefits of in-person testimony, while achieving cost savings and protecting the health and safety of witnesses, counsel, court reporters, videographers, and support staff at the hotels or law firms where depositions would otherwise be held.

Class Plaintiffs propose that the initial order relating to remote depositions would last until August 31, 2020, at which point the Court and parties can assess and refine the process if appropriate. Class Plaintiffs currently propose deposing 10 mid-level witnesses from nine different Defendants by videoconference before July 31, 2020. They also propose deposing eight Rule 30(b)(6) designees on Topics 18, 21, and 22 of Plaintiffs' Amended Notices of Deposition they served on April 13, 2020 by that same date. (Exhibit C, Exemplar Plaintiffs' Amended Notice of Rule 30(b)(6) Deposition.). Class Plaintiffs also told Defendants that, if one or more of these witnesses has a role within an essential business that makes it impossible for him or her to sit for a deposition, the parties certainly can address those circumstances on an individual basis, with Court intervention if necessary. But Class Plaintiffs have selected their witnesses carefully and believe those circumstances will be the exception, not the rule.

Class Plaintiffs' proposal comports with Rule 1's requirements. First, it will secure a "just" result. Fed. R. Civ. P. 1. As the Court may have recognized in shortening the length of the DOJ's stay, and as explained further in § C, *infra*, a year-long or indefinite pause in discovery prejudices Class Plaintiffs' ability to prosecute their case. By contrast, "Defendants will not be prejudiced by a videoconference deposition, . . . and there is no suggestion that such a method is inaccurate or untrustworthy." *See Kaseberg*, 2016 WL 8729927, at *6. In addition, Class Plaintiffs' proposal

5

will result in a "speed[ier]" determination of this case than the alternative of indefinitely postponing all depositions until it is safe for more than 10 attorneys to travel and sit together in a conference room. Fed. R. Civ. 1. Third, courts have recognized that remote depositions are an inexpensive alternative to in-person depositions where, as here, witnesses are located out of state. *See id.* ("Plaintiff's desire to save expenses on what is anticipated to be a short deposition is a legitimate reason to order a remote deposition."); *Guillen*, 2011 WL 3939690, at *1 ("A desire to save money constitutes good cause to depose out-of-state witnesses telephone or remote means.").

### B. Courts Nationwide View Remote Depositions as a Reasonable Alternative in the Current Environment

Even before the COVID-19 pandemic, courts showed an increased willingness to allow remote depositions in cases like this one. For example, in *Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 602–03 (D. Kan. 2012), a collective action case seeking to recover unpaid overtime under the Fair Labor Standards Act, the court held:

> With the commonplace usage and advances in videoconferencing capabilities, including the usage of Skype™ and other relatively low-cost, and high quality technology for streaming live video, the Court finds that the purposes of a "just, speedy, and inexpensive determination" of the action are better served by permitting the out-of-state opt-in plaintiffs . . . to appear for their depositions by videoconference rather than requiring them to travel to Kansas City to appear in person.

Now more than ever, courts across the country are embracing videoconference depositions to keep discovery moving forward during the COVID-19 pandemic.[7] In *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 1:14-md-02542 (S.D.N.Y. Mar. 16, 2020), the court ordered "that all depositions in this action may be taken via telephone, videoconference, or other

---

[7] The Seventh Circuit has also embraced videoconference solutions during the pandemic, recently announcing that "[a]ll cases scheduled for oral argument through June 30, 2020, will be argued by counsel either telephonically or by Zoom Video Communications." *See* http://www.ca7.uscourts.gov.

remote means, and may be recorded by any reliable audio or audiovisual means." (Exhibit D.) Similarly, in *County of Cook v. Bank of America Corp., et al.*, No. 1:14-cv-02280 (N.D. Ill.), the court recommended that the parties consider depositions by videoconference instead of cancelling 25 depositions that were scheduled before the end of April:

> So I appreciate that concern and that issue. My advice to all of you is that if travel becomes -- to take video conference depositions. And if you need me to order it to happen that way, I will order it. But I do think that rather than -- look, I realize that every lawyer would like a crack at the witness live, and I don't blame you. And when I was a practicing attorney I always wanted that too. But we -- you know, things happen and we are in an uncertain situation, and we have no idea when things will clear up in terms of timelines. So because of that I think in this particular circumstance you should offer videoconferencing rather than canceling the deposition.

(Exhibit E, Mar. 12, 2020 Hr'g Tr. at 7:3–15.) Likewise, the District Court of Harris County, Texas, cognizant of "the important interest of litigants to keep cases moving forward," entered an order allowing parties to take all depositions by videoconference and explicitly stated that a party's desire to attend a deposition in person would not constitute good cause to stay the deposition. (Exhibit F.) In *Klein v. Transguard Ins. Co. of America, Inc.*, No. 2018-CA-006742 (Mar. 31, 2020), the Circuit Court of Sarasota County, Florida denied the defendant's motion for a protective order where the defendant sought to prohibit his deposition from proceeding by videoconference since his attorneys could not physically be present with him during his deposition due to the on-going COVID-19 pandemic. (Exhibit G.) The circuit court observed:

> [T]he only basis for Mr. Pivnik's motion is to permit the physical contact between himself and his attorneys. He concedes, though, there is no rule of law requiring this. Attorneys for many years prior to COVID-19 have successfully used video conferencing to conduct important depositions. Today is no different, except those video depositions are now becoming virtually ubiquitous. Mr. Pivnik will still have his attorney "present," it just will be by video.

(*Id.*) (emphasis in original). Calendar J1 of the Circuit Court of Cook County, which is the asbestos docket, entered a Supplemental Case Management Order Regarding COVID-19 Emergency

7

Measures on March 16, 2020 that required all depositions of high or higher risk witnesses be conducted telephonically or by video conference. (Exhibit H.) In *Bard, et al. v. Monsanto Company, et al.*, No. 18-2-00001-7 (Mar. 19, 2020), the Superior Court of King County, Washington ordered all fact witness depositions in all cases to proceed by telephone or videoconference and prohibited attorneys from attending any deposition in person. (Exhibit I.) The court balanced the need to "protect the health and safety of all attorneys and witnesses during the novel coronavirus state of emergency" while "still maintain[ing] consistent and equitable access to justice." (*Id.*) In *Hecker v. Western Tidewater Regional Jail Authority, et al.*, No. 2:19-cv-0373 (E.D. Va. Mar. 23, 2020), the court denied the defendants' motion to continue case management deadlines and quash deposition notices, seeing "no reason why the depositions cannot be completed before the expiration of discovery" since the defendants' depositions could be taken remotely by video. (Exhibit J.)

    **C.    Further Delay of Defendant Discovery Will Unduly Prejudice Class Plaintiffs and Impede the Litigation Schedule**

Class Plaintiffs have invested enormous time and resources in developing and litigating this case. They have devoted tens of thousands of hours investigating the underlying facts, drafting the complaint, defeating motions to dismiss, negotiating discovery custodians and non-custodial sources of discovery, litigating discovery disputes, deposing nearly 100 witnesses, and preparing their cases for class certification and trial. Class Plaintiffs were already prejudiced by the delay that occurred when the DOJ moved to intervene on June 21, 2019. At that time, Class Plaintiffs were in the thick of fact depositions. Many depositions remain to be taken, as does the work to reschedule them during these uncertain and unprecedented times. The DOJ-related stay on defendant discovery and the extension of that stay also resulted in the parties investing substantial time negotiating and briefing amended case management schedules, work which has been erased

by COVID-19. (*See generally* ECF No. 2322; ECF No. 3184; ECF No. 3204; ECF No. 3212; ECF No. 3307; ECF No. 3153; ECF No. 3356; ECF No. 3411; ECF No. 3415; and ECF No. 3420.)

The impact of the DOJ stay and COVID-19 on the case schedule has already been significant. (Exhibit K.) When the DOJ intervened and obtained a stay of defendant discovery, fact discovery was scheduled to close on October 14, 2019, with class certification briefing to begin the following month on November 19. (ECF No. 1230.) After the initial three-month DOJ stay, the fact discovery deadline was pushed back five months to March 13, 2020, and the deadline for Class Plaintiffs to file their motions for class certification and accompanying expert reports became April 13. (ECF No. 2322.) After the stay was extended for an additional six months, the close of fact discovery was postponed yet again to December 18, 2020, more than 14 months later than originally contemplated in Scheduling Order No. 6. (ECF No. 3420.) In an attempt to make up for lost time from the DOJ stay, Class Plaintiffs made the difficult decision to move for class certification six months prior to the close of fact discovery. (*Id.*) They also fought for and obtained an expedited class certification and class expert discovery schedule. (*Id.*) With the schedule set forth in Scheduling Order No. 13 no longer a reality, Class Plaintiffs are again left fighting to keep this case moving forward. Videoconference depositions that can reasonably be accomplished during this period are necessary to prevent further delay to the litigation schedule.

Class Plaintiffs have not been able to take the remaining depositions for nearly 11 months. As Class Plaintiffs highlighted when the DOJ last sought to extend the stay, the passage of time alone seriously prejudices Plaintiffs: one witness died during the DOJ stay and some of the most important remaining witnesses are approaching retirement age. Unless the Court orders the parties to take at least some remote depositions, the further delay of defendant discovery will only

exacerbate this very real prejudice. Class Plaintiffs submit that this approach appropriately balances Class Plaintiffs' right to civil justice and the very legitimate COVID-19 concerns.

## CONCLUSION

WHEREFORE, for these reasons, Direct Purchaser Plaintiffs, Commercial and Institutional Indirect Purchaser Plaintiffs, and End-User Consumer Plaintiffs respectfully request that this Court enter their order regarding remote depositions of certain categories of witnesses.

Dated: May 13, 2020

W. Joseph Bruckner
Brian D. Clark
Simeon A. Morbey
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
T:  (612) 339-6900
F:  (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com
samorbey@locklaw.com

Bruce L. Simon
Neil Swartzberg
PEARSON, SIMON & WARSHAW, LLP
350 Sansome Street, Suite 680
San Francisco, CA 94104
T: (415) 433-9000
F:  (415) 433-9008
bsimon@pswlaw.com
nswartzberg@pswlaw.com

Clifford H. Pearson
Daniel L. Warshaw
Michael H. Pearson
Bobby Pouya
PEARSON SIMON & WARSHAW, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 92403
T: (818) 788-8300
F: (818) 788-8104
cpearson@pswlaw.com
dwarshaw@pswlaw.com
mpearson@pswlaw.com
bpouya@pswlaw.com

***Direct Purchaser Plaintiffs Interim Co-Lead Class Counsel***

s/ *Steven A. Hart*
Steven Hart (#6211008)
Brian Eldridge (#6281336)
John Marrese (#6306516)
Kyle Pozan (#6306761)
HART MCLAUGHLIN & ELDRIDGE, LLC
22 West Washington Street, Suite 1600
Chicago, IL 60602
T: (312) 955-0545
F: (312) 971-9243
shart@hmelegal.com
beldridge@hmelegal.com
jmarrese@hmelegal.com
kpozan@hmelegal.com

***Direct Purchaser Plaintiffs Interim Liaison Class Counsel***

s/ *Kenneth A. Wexler*
Kenneth A. Wexler
Edward A. Wallace
WEXLER WALLACE LLP
55W.Monroe Street, Suite 3300
Chicago, IL 60603
T: (312) 346-2222
kaw@wexlerwallace.com
eaw@wexlerwallace.com

***Commercial and Institutional Indirect Purchaser Plaintiffs Liaison Counsel***

Daniel E. Gustafson
Daniel C. Hedlund
Michelle J. Looby
Joshua R. Rissman
Brittany N. Resch
GUSTAFSON GLUEK PLLC
220 South Sixth Street, #2600
Minneapolis, MN 55402
T: (612)333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
jrissman@gustafsongluek.com
bresch@gustafsongluek.com

Joseph W. Cotchett
Adam Zapala
Tamarah Prevost
COTCHETT, PITRE & MCCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
T: (650) 697-6000
jcotchett@cpmlegal.com
azapala@cpmlegal.com
tprevost@cpmlegal.com

***Commercial and Institutional Indirect Purchaser Plaintiffs Interim Co-Lead Counsel***

s/ *Shana E. Scarlett*
Shana E. Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
T: (510) 725-3000
shanas@hbsslaw.com

Steve W. Berman (*pro hac vice*)
1301 Second Avenue, Suite 2000
HAGENS BERMAN SOBOL SHAPIRO LLP
Seattle, Washington 98101
T: (206) 623-7292
steve@hbsslaw.com

***Interim Lead Counsel for End-User Consumer Plaintiffs***

Kit A. Pierson
Brent W. Johnson
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave. NW
Suite 500, West Tower
Washington, DC 20005
T: (202) 408-4600
kpierson@cohenmilstein.com
bjohnson@cohenmilstein.com

Daniel H. Silverman
COHEN MILSTEIN SELLERS & TOLL, PLLC
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
T: (312) 357-0370
dsilverman@cohenmilstein.com

***Additional Counsel for End-User Consumer Plaintiffs***

## CERTIFICATE OF SERVICE

I, Steven A. Hart, depose and state that I have served a copy of Class Plaintiffs' Motion for Entry of an Order Requiring Remote Depositions for Certain Categories of Witnesses upon all counsel of record via the United States Court for the Northern District of Illinois' CM/ECF Document Filing System on May 13, 2020.

By: s/ *Steven A. Hart*

[x]   As provided by law pursuant to Rule 5(b) of Fed. Rules of Civil Procedure, I certify that the statements set forth herein are true and correct.