UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>This Document Relates To: All Actions | Case No. 1:16-cv-08637<br><br>Magistrate Judge Jeffrey T. Gilbert |

## ORDER

The Court heard oral argument by telephone on May 18, 2020, on Class Plaintiffs' Motion to Compel Production of Additional Structured Data, Contracts and 30(b)(6) Testimony (hereinafter, "Class Plaintiffs' Motion") [ECF No. 3532]. The Court also raised *sua sponte* at the outset of the hearing the matter of conducting the remaining Class Representative depositions by remote means pursuant to Federal Rule of Civil Procedure 30(b)(4). This Order memorializes the Court's rulings on Class Plaintiffs' Motion and on the issue of the remaining Class Representative depositions.

I.

On the Court's own motion and without objection from the parties, the Court orders and the parties agree to complete the remaining depositions of Class Representatives by remote means in accordance with Federal Rule of Civil Procedure 30(b)(4), without prejudice to Defendants' opposition to remote depositions being taken more broadly in this case, particularly depositions of Defendants' employees, and without prejudice to the Court's forthcoming ruling on Class Plaintiffs' Motion for Entry of an Order Requiring Remote Depositions for Certain Categories of Witnesses [ECF No. 3610] which currently is being briefed. The parties shall meet and confer to discuss and agree upon any procedures necessary for conducting the remaining Class

Representatives' depositions remotely and to schedule them as soon as practicable. If the parties reach an impasse in those discussions, they should contact the Court's courtroom deputy about scheduling a telephone conference or hearing with the Court.

II.

For the reasons discussed on the record and incorporated by this reference herein, as well as the reasons set forth below, Class Plaintiffs' Motion [ECF No. 3532] is granted in part and denied in part.

As discussed on the record, the parties have reached agreement on Plaintiffs' request for Rule 30(b)(6) testimony from Defendants' designated representatives concerning whether a Defendant continues to participate in benchmarking services through the present. The parties agree that each Defendant will designate a witness to testify on "whether it still participates in AgriStats" and "basic facts about its current participation." *See* Class Plaintiffs' Reply [ECF No. 3594], at 11. The parties agree this resolves their dispute about this proposed Rule 30(b)(6) topic. Accordingly, Class Plaintiffs' Motion is granted by agreement in this respect.

For the reasons discussed on the record and incorporated by this reference herein, the Court denies Class Plaintiffs' request to include in their Rule 30(b)(6) deposition topics a question about the existence of other governmental investigations.

For the reasons discussed on the record and incorporated by this reference herein, the Court denies Class Plaintiffs' request to seek Rule 30(b)(6) testimony from all Defendants about the potential destruction or spoliation of evidence without some predicate evidence of the same. Class Plaintiffs have identified instances in which they believe three Defendants potentially destroyed relevant texts and/or telephones. Class Plaintiffs are permitted to seek testimony and ask follow-up questions about the alleged destruction of evidence by these three identified Defendants to the

extent Class Plaintiffs have not already conducted those inquiries. This ruling, of course, is without prejudice to Class Plaintiffs seeking to ask similar questions of any Defendant where they can make the necessary predicate showing of suspected destruction of evidence as to that Defendant. Class Plaintiffs have not, however, made the showing necessary to justify seeking discovery from all Defendants about generalized destruction or spoliation of evidence at this time. If the parties reach an impasse as to the application of the Court's ruling in this regard, they should contact the Court's courtroom deputy about scheduling a telephone conference or hearing with the Court.

Class Plaintiffs' motion to compel the supplemental production of certain structured data from January 1, 2018 through December 31, 2019, and a sampling of contracts entered into between Defendants and Direct Purchaser Plaintiffs during that same time period, is granted in part. *See* All Plaintiffs Fifth Set of Requests for Production of Documents to All Defendants [ECF No. 3532-3]. Class Plaintiffs represent they are seeking productions that are somewhat narrower than described in their Fifth Set of Requests for Production, and that these supplemental productions will be consistent in form with each Defendant's prior productions of the same categories of information. If these supplemental productions can be accomplished in ways that further reduce the burden on a Defendant, while still providing Class Plaintiffs with the core information they are seeking, then the supplemental productions shall be accomplished in that manner. Consistent with this ruling, the Court also grants Class Plaintiffs' Motion to include as necessary Rule 30(b)(6) topic No. 7 concerning the identification, explanation, and interpretation of structured and transactional data produced by Defendants. [ECF No. 3532-2].

Plaintiffs have met their burden to show the structured data and contracts they are seeking are relevant, among other things, to the market structure, alleged overcharges, and the effect (or lack of effect) on the market of Defendants' alleged conduct including after the shutdown of the

Georgia Dock at the end of 2016. While Defendants are correct that the bulk of the unlawful conduct Class Plaintiffs allege Defendants engaged in occurred between 2008 and 2016, Class Plaintiffs also allege a Class Period to the present (which they say should be interpreted as through 2019) and they allege that certain allegedly anticompetitive conduct continues through the present. *See, e.g.,* Direct Purchaser Plaintiffs' Fourth Amended and Consolidated Class Action Complaint [ECF No. 1566] at ¶¶ 6, 186, 296, 301, 326, 414, 450; End-User Consumer Plaintiffs' Fourth Consolidated Amended Complaint [ECF No. 2174] at ¶¶ 241, 335, 340, 493. The burden on Defendants from producing the information Class Plaintiffs are seeking, though far from insignificant, is proportional to the needs of this case.

The Court appreciates Defendants' argument that Plaintiffs agreed in December 2017 to brief class certification with structured data produced only through the end of December 2017 and a sampling of sales contracts entered into only until early September 2016. That was when fact discovery was scheduled to close on June 13, 2019, and Class Plaintiffs' class certification motions were due to be filed on July 15, 2019, thirty-days after the close of fact discovery. Scheduling Order No. 2 [ECF No. 574]. It is entirely possible or even likely that Class Plaintiffs would have requested that Defendants supplement their productions of structured data at some point before discovery was scheduled to close and class certification motions were to be filed pursuant to Scheduling Order No. 2. Due to events beyond Class Plaintiffs' control, however, the discovery close date shifted forward significantly to December 18, 2020, and Class Plaintiffs agreed to file their class certification motion six-months before that, on June 18, 2020, in an effort to keep the case moving and to tee-up class certification at the earliest possible opportunity. Scheduling Order No. 13 [ECF No. 3420]. Those dates have been pushed still farther out by the successive General Orders issued by our Chief Judge due to the Coronavirus (COVID-19) pandemic that, as of now,

continue all court-set deadlines a total of 77 days. [ECF Nos. 3531, 3548, 3583]. Consistent with those orders, class certification briefing now is set to begin on September 3, 2020, and fact discovery does not close until March 5, 2021. Joint Status Report [ECF No. 3616]. The Court is not convinced that Plaintiffs should be held to the deadline for the production of structured data that they agreed to and the Court ordered in December 2017 under these circumstances.

Moreover, at oral argument, Class Plaintiffs explained that their desire to expand the universe of sales contracts produced by certain Defendants crystallized after they completed their review of contracts previously produced by certain Defendants that pegged sales prices to the Georgia Dock. According to Class Plaintiffs, that made it more important for them to see sales contracts after the shutdown of the Georgia Dock in 2016, something Plaintiffs did not fully appreciate when they agreed to a September 2, 2016, end for production of those contracts in August 2017. [ECF No. 459]. The Court, however, orders production of additional sales contracts only through 2018 based upon representations made during oral argument that Class Plaintiffs could live with that limitation.

The Court further orders, consistent with the Order Appointing Special Master [ECF No. 491], that Special Master Maura Grossman shall meet with the parties telephonically to facilitate Defendants' production of the structured data and contracts requested by Class Plaintiffs in the least burdensome way possible; to help the parties reach agreement concerning the scope, manner, and timing of those supplemental productions; and to ensure those supplemental productions can

be accomplished within a time frame that will permit briefing of Class Plaintiffs' forthcoming motions for class certification as soon as practicable under all circumstances including accommodations necessary because of the global Coronavirus (COVID-19) pandemic.

    It is so ordered.

Dated: May 19, 2020

                                            Jeffrey T. Gilbert
                                            United States Magistrate Judge