IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION<br><br>This Document Relates To:<br>*Four New Actions Only* | Case No. 1:16-cv-08637<br><br>Honorable Thomas M. Durkin |

**DEFENDANT PECO FOODS, INC.'S MEMORANDUM IN SUPPORT OF
CERTAIN DEFENDANTS' MOTION TO EXCLUDE BID-RIGGING CLAIMS
FROM THE *IN RE BROILERS* CONSOLIDATED PROCEEDINGS**

Peco Foods, Inc. respectfully submits this memorandum in support of the relief sought by Certain Defendants' Motion to Exclude Bid-Rigging Claims from the *In re Broilers* Consolidated Proceedings (ECF No. 3687): any new claims related to a purported conspiracy to rig the bidding process relating to the sale of "Small Birds" to restaurants should be excluded from the consolidated *In re Broiler Chicken Antitrust Litigation*.[1]

New DAPs' decision to plead an assortment of distinct allegations indiscriminately against all defendants has significant and prejudicial effects on producers like Peco. We speak from experience. Peco—a privately held company that represents less than 4% of the Broiler market and has no link to the setting of the Georgia Dock—has been a named defendant since this litigation began in September 2016. Although this Court has allowed most claims in this litigation to survive a motion to dismiss, it observed that "the allegations against Peco are thin." (ECF No. 667.) Nonetheless, Peco has borne its share of the massive (and massively expensive) undertaking of discovery described in Defendants' Motion for nearly four years relating to the alleged supply reduction conspiracy, as well as the Georgia Dock claims that nobody seriously contends could be maintained against Peco.

Now, the New DAPs seek to interject yet another set of allegations involving a subset of the broiler market—a supposed bid-rigging conspiracy among Small Bird producers—indiscriminately against <u>all</u> defendant producers. Although Peco is a small player in the market, it did not produce any "Small Birds" during the relevant period, much less get mentioned in the

---

[1] Capitalized terms are defined in Certain Defendants' Memorandum (ECF No. 3688) or the Boston Market complaint (*Boston Market Corp., v. Tyson Foods, Inc. et al.*, No. 1:20-cv-3450 (N.D. Ill. filed June 12, 2020)).

*(cont'd)*

recent indictment concerning alleged bid-rigging that gave rise to the new allegations.[2] A link between the supposed Small Bird conspiracy and Peco is not even thin—it is absent. Yet Peco now faces the burden of additional discovery into conduct in which it (and other similarly situated defendants such as Sanderson Farms, Foster Farms, and Harrison Poultry who also did not produce Small Birds during this time) could not possibly have participated.[3] There has to be a point at which a civil defendant should no longer be held hostage by the belated addition of allegations that plainly do not relate to that defendant. We respectfully submit that that point has been reached.

---

[2] The New DAP complaints fail to make any allegations specific to Peco (or numerous other defendants) in alleging the Small Bird bid-rigging conspiracy. Peco recognizes, however, that the issue of whether the New DAPs can state a claim as to the alleged Small Bird conspiracy is a question for another procedural day.

[3] Notably, in pleading the allegations regarding the purported manipulation of the Georgia Dock index, plaintiffs (including the New DAPs) identified the specific defendants who alleged participated in the purported Georgia Dock manipulation. There is no reason why the New DAPs should not have to do the same with respect to the Small Bird conspiracy—particularly given that the New DAPs' allegations are predicated on their interactions with certain and specific producers. For example, the New DAPs reference their contracts with defendants, specific instructions to defendants regarding their products, and note that "the proprietary product Defendants produce and sell to Boston Market cannot be sold to any other customer." (Boston Market Compl. ¶ 216; see also ¶ 224 ("each of the Defendants that submitted bids to Boston Market gave the exact same explanation").)

## CONCLUSION

Accordingly, Peco respectfully requests that the Court exercise its significant case management authority to exclude the bid-rigging claim brought by the New DAPs from the *In re Broilers Litigation*.

Dated: July 2, 2020

Respectfully submitted,

*/s/ Patrick Fitzgerald*
Patrick Fitzgerald (#6307561)
Gail Lee
Peter Cheun
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
155 N. Wacker Drive
Chicago, IL 60606
Telephone: (312) 407-0700
Facsimile: (312) 407-0411
patrick.fitzgerald@skadden.com
gail.lee@skadden.com
peter.cheun@skadden.com

Boris Bershteyn (admitted *pro hac vice*)
Lara Flath (#6289481)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
boris.bershteyn@skadden.com
lara.flath@skadden.com

*Attorneys for Defendant Peco Foods, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of July, 2020, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

/s/ *Patrick Fitzgerald*