**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION* | Case No. 1:16-cv-08637 |
| | Hon. Thomas M. Durkin |
| This Document Relates To: Direct Purchaser Actions | Magistrate Judge Jeffrey T. Gilbert |

**ORDER GRANTING COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' UNCONTESTED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH DEFENDANT AMICK FARMS, LLC AND FOR CONDITIONAL CERTIFICATION OF THE PROPOSED SETTLEMENT CLASS**

Now before the Court is Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") Motion for Preliminary Approval of Settlement with Defendant Amick Farms, LLC ("Amick Farms" or "Settling Defendant") and for Conditional Certification of the Proposed Settlement Class ("Motion").

The Court, having reviewed the Motion, its accompanying memorandum and the exhibits thereto, the Settlement Agreement between Amick and CIIPPs ("Settlement Agreement"), and the file, hereby **ORDERS AND ADJUDGES:**

1. This Court has jurisdiction over this action and each of the parties to the Settlement Agreement.

2. This Court certifies a Settlement Class defined as:

> All entities who indirectly purchased Broilers from Defendants or co-conspirators in the United States during the Class Period for their own use in commercial food preparation, including institutional purchasers such as hospitals, nursing homes, and schools.
>
> Specifically excluded from this Class are: (a) natural persons who purchased Broilers for their personal use and not for commercial Food preparation (End-User Consumers); (b) purchasers of Broilers directly from Defendants; (c) purchasers of Broilers for resale in unaltered form; (d) purchasers of value added products containing Broilers, that are not manufactured, supplied or processed by Defendants, or otherwise not under the control of Defendants; (e) the Defendants; (f) the officers, directors or employees of any Defendant; (g) any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant; (h) any federal, state governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; (i) any juror assigned to this action; and G) any Co-Conspirator identified in this action.

This class definition is in all material respects the same settlement class proposed in CIIPPs' Complaint, and the same class set forth in the Settlement Agreement. *See* Settlement Agreement, § II.E.2.

3. The Court appoints the law firms of Cotchett, Pitre & McCarthy LLP, and Gustafson Gluek, PLLC as Co-Lead counsel for the Settlement Class.

4. Upon review of the record, the Court finds that the proposed Settlement Agreement has been negotiated at arms' length, falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at the Court's Fairness Hearing.

The Court finds that the Settlement Agreement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the Settlement may be given to the Settlement Class when appropriate.

4. At a later time, Co-Lead Counsel will move the Court to approve a program to notify members of the Settlement Class of this and any other then-pending settlements, as the Court finds it would be more efficient and economical to defer the notice and claims process until such time as there are further recoveries in the case, by settlement or by judgment.

5. After Class Notice has been approved and disseminated, the Court shall hold a hearing on the Proposed Settlement to determine whether it is fair, reasonable, and adequate, and whether it should be finally approved by the Court (the "Fairness Hearing").

6. After Notice has been disseminated, Class Members who wish to exclude themselves will be required to submit an appropriate and timely request for exclusion, and Class Members who wish to object to the Settlement must submit an appropriate and timely written statement of the grounds for objection. Class Members who wish to appear in person to object to this Agreement may do so at the Fairness Hearing pursuant to directions by the Court.

8. Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used as defined in the Settlement Agreement.

9. If the Settlement Agreement is terminated or rescinded in accordance with its provisions, or otherwise does not become Final, then the Settlement Agreement and all proceedings in connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided otherwise in the Settlement Agreement, and without prejudice to the *status quo ante* rights of CIIPPs, the Settling Defendant, and the members of the Class. The Parties shall also comply with any terms or provisions of the Settlement Agreement applicable to termination, rescission, or the Settlement otherwise not becoming Final.

10. Neither this Order nor the Settlement Agreement shall be deemed or construed to

be an admission or evidence of any violation of any statute, law, rule, or regulation or of any liability or wrongdoing by the Settling Defendant or of the truth of any of CIIPPs' Claims or allegations, nor shall it be deemed or construed to be an admission nor evidence of Released Parties' defenses.

7. The Action with respect to CIIPPs' Claims is stayed as to the Released Parties (as that term is defined in the Settlement Agreement) except as necessary to effectuate this Settlement.

**IT IS SO ORDERED.**

DATED: 7/9/2020

*Thomas M Durkin*

HON. THOMAS M. DURKIN

4