**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>    ALL DIRECT-ACTION PLAINTIFFS | Civil Action No. 1:16-cv-08637<br><br>Judge Thomas M. Durkin<br><br>Magistrate Judge Jeffrey T. Gilbert |

**JOINT STATUS REPORT**

Pursuant to this Court's June 12, 2020 Order (Dkt. 3653), Direct-Action Plaintiffs and Defendants met and conferred concerning the filing of a consolidated complaint and a consolidated answer.

**DAP Statement**:

DAPs will prepare and file a consolidated complaint by October 9, 2020. Although DAPs have not yet determined the consolidated complaint's precise format, the pleading will include a compilation of all factual allegations made by DAPs in their actions as informed by both existing pleadings and evidence obtained in discovery reasonably in advance of the time of filing. The consolidated complaint will also include a section for each DAP that identifies (i) which factual allegations the DAP joins, (ii) a statement of the causes of action asserted by the DAP, (iii) the Defendants against which the DAP asserts those causes of action, and (iv) the DAP's prayer for relief.

DAPs understand this Court's direction to require inclusion of all allegations and claims in a consolidated complaint to create a single repository of pertinent factual allegations that conform to the evidence and on which the Court and the parties may efficiently rely, without compromising any DAP's substantive or procedural rights. Likewise, each Defendant would file an answer and defenses that are responsive to DAPs' consolidated complaint, without compromising any Defendant's substantive or procedural rights. As such, DAPs' position is that their consolidated complaint should contain all of the DAPs' allegations and claims, informed by their existing pleadings, developments in this civil case, and developments in the criminal case led by the Department of Justice, an intervenor in this civil case. For some DAPs, this may function as an amendment, involving addition of Defendants and claims. DAPs object to Certain Defendants' Motion to Exclude Bid-Rigging Claims, referenced by Defendants below, and will respond to that motion on the schedule set by the Court.

Given Defendants' position below, and the substantial amount of work that will go into preparing the consolidated complaint, DAPs seek this Court's confirmation that it is permissible for DAPs to proceed as described above.

**Defendants' Statement**:

The Court has ordered the DAPs to file a consolidated complaint. (Dkt. 3525, 3653). Defendants understand consolidation to mean combining in one pleading the allegations and claims presently made by DAPs in each of their operative complaints, subject to the below discussion of the Motion to Exclude. Defendants disagree that this consolidated pleading should include the addition of Defendants or claims, or otherwise materially alter the allegations that have formed the basis for this litigation since 2016, in a disguised attempt to amend long after the deadline for such amendments has passed. As the Court is aware, Scheduling Orders 7 and 9 set an April 15, 2019 deadline to amend for all DAPs with complaints filed before January 15, 2019. (Dkt. 1231, 1416.) Moreover, Rule 15(a)(1) allows for one amendment as of right 21 days after Defendants answer the complaint or move to dismiss. Accordingly, for nearly all DAPs, the deadline to amend either by rule or under the Court's Scheduling Orders has long passed. Defendants believe that further amendment would require leave of court under Rules 15(a)(2) and that any motion to amend must meet the good cause standard of Rule 16(b)(4).

Furthermore, for the reasons set forth by moving Defendants in Certain Defendants' Motion to Exclude Bid-Rigging Claims from the *In Re Broilers Consolidated Proceedings* (Dkt. 3687, 3688), the consolidated complaint should not include the new "small bird" bid-rigging allegations presently included by

3

DAPs Boston Market Corp. (*Boston Market Corp., v. Tyson Foods, Inc. et al.*, No. 1:20-cv-3450 (N.D. Ill. filed June 12, 2020)), Barbeque Integrated, Inc. (*Barbeque Integrated, Inc. v. Tyson Foods, Inc. et al.*, No. 1:20-cv-3454 (N.D. Ill. filed June 12, 2020)), FIC Restaurants (*FIC Restaurants, Inc. v. Tyson Foods, Inc. et al.*, No. 1:20-cv- 3458 (N.D. Ill. filed June 12, 2020)), and The Johnny Rockets Group, Inc. (*The Johnny Rockets Group, Inc. v. Tyson Foods, Inc., et al.*, No. 1:20-cv-3459 (N.D. Ill. filed June 12, 2020)) in their present complaints.

DAPs request three months to prepare and file their consolidated complaint. Until Defendants see the proposed consolidation, they are unable to definitively state how they will respond to the pleading. If DAPs use the consolidation order to add Defendants or materially amend their allegations and claims, the Defendants will file a motion opposing such amendments within 60 days of the DAP filing. If the consolidation is a true consolidation of their existing claims, and does not include the Boston Market DAPs' "bid rigging" claims or other material amendment of the claims that have been at issue since 2016, then Defendants will answer the consolidated complaint within 90 days of its filing.

Defendants object to DAPs' request for the Court's "confirmation." If DAPs require clarification of the Court's orders, they should file an appropriate motion. It is equally inappropriate for DAPs to ask Defendants to respond definitively to hypotheticals, and untenable to ask Defendants to commit to

4

answering a consolidated complaint while also insisting on carte blanche to amend.

Dated: July 10, 2020

| BOIES SCHILLER FLEXNER LLP | WEIL GOTSHAL & MANGES LLP |
|---|---|
| s/ Scott E. Gant<br>Scott E. Gant<br>1401 New York Avenue, NW<br>Washington, DC 20005<br>(202) 237-2727<br>sgant@bsfllp.com<br><br>*Attorney for Sysco & US Foods and Co-Liaison Counsel for DAPs, on behalf of all DAPs*<br><br>SALVATORE PRESCOTT PORTER & PORTER, PLLC<br><br>s/ Julie B. Porter<br>Julie B. Porter (#6243787)<br>1010 Davis Street<br>Evanston, IL 60201<br>(312) 283-5711<br>porter@spplaw.com<br><br>*Attorney for Ahold Delhaize USA and Co-Liaison Counsel for DAPs, on behalf of all DAPs* | s/ Carrie C. Mahan<br>Carrie C. Mahan (#459802)<br>Christopher J. Abbott (#1014487)<br>2001 M Street N.W., Ste. 600<br>Washington, D.C. 20036<br>(202) 682-7000<br>carrie.mahan@weil.com<br>christopher.abbott@weil.com<br><br>*Attorney for Pilgrim's Pride and Liaison Counsel for Defendants, on behalf of all Defendants* |

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 10, 2020, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

Dated:     July 10, 2020                                                         s/ Julie B. Porter