# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | Case No. 1:16-cv-08637 |
| | The Honorable Thomas M. Durkin |
| This Document Relates To: | The Honorable Jeffrey T. Gilbert |
| **All Cases** | |

## DEFENDANTS' REPLY IN SUPPORT OF
## THEIR MOTION FOR PROTECTIVE ORDER [DKT. 3689]

Defendants respectfully submit this Reply in support of their Motion for Protective Order (Dkt. 3689) (the "Motion").[1]

## INTRODUCTION

The concessions in Plaintiffs' Opposition make this a narrow dispute. *See* Dkt. 3710 ("Opp'n"). The parties agree that, in general, management-level testimony is appropriate for Topics 18 and 21. They also agree that if Plaintiffs provide reasonable notice of a limited number of specific transactions or decisions about which they seek a Defendant's corporate testimony, that Defendant will prepare its designee to testify about those particular transactions or decisions. What remains is Plaintiffs' demand that Defendants prepare their witnesses to provide binding corporate testimony on unidentified and unlimited specific transactions and production decisions without any notice. Plaintiffs' refusal to identify *any* of these specific transactions fails to meet Rule 30(b)(6)'s "reasonable particularity" requirement and places an undue burden on Defendants to prepare their corporate representatives.

Rather than addressing this problem, Plaintiffs choose to misdirect by attacking arguments Defendants never made, misrepresenting Plaintiffs' offers and requested testimony, and distorting the factual record. Perhaps the clearest example of the mischaracterizations in Plaintiffs' Opposition is the "offer" about which this Court inquired during the July 20, 2020 hearing. According to Plaintiffs' Opposition, they "have already offered to accept general pricing process at a managerial level, and Plaintiffs' offer of identifying specific transactions in advance is a reasonable compromise and should ameliorate Defendants' concerns." Opp'n at 10. Defendants

---

[1] For the purpose of this Motion, "Defendants" includes Amick, Case, Claxton, George's, Harrison, Koch, Mar-Jac, Mountaire, OK Foods, Peco, Perdue, Pilgrim's Pride, Simmons, and Tyson. George's joins the motion subject to the caveats explained in footnote 1 of the Motion. Other defendants who have not joined this motion either (a) have not been served with the 30(b)(6) topics at issue, or (b) have individual circumstances and/or are negotiating separately with Plaintiffs.

agree that would be a reasonable compromise— as it was the exact request *made by Defendants*. *See* Dkt. 3689-3 at 4. But, Plaintiffs did not make that offer. Indeed, while counsel described that statement as a "poorly constructed sentence," it would be more accurate to say that the statement is false. *See* Mahan Decl., Ex. 1 (July 20, 2020 Hr'g Tr. at 61:15–62:8). In reality, Plaintiffs agreed to identify specific transactions or production decisions in advance only if *Plaintiffs*, in *their* sole discretion, "believe it will facilitate an efficient deposition." Dkt. 3689-3 at 2. That is not a reasonable compromise.

In downplaying Defendants' legitimate concerns, Plaintiffs tout the success of other depositions they claim proceeded without incident on what they describe as "nearly identical topics." Opp'n at 9. This is simply not true. First, Plaintiffs' topics in these prior depositions are narrower than those at issue here; indeed, the sales and production topic for House of Raeford consisted of one sentence asking for the "process by which You breed, grow, produce, and sell Broilers and Broiler Products, including the involvement of any third parties in the process." *See* Dkt. 3710-5 at 6 (Topic 1). Worse yet, Plaintiffs fail to acknowledge that the meet and confer process with House of Raeford led to even further narrowing of the scope. House of Raeford ultimately designated a witness "to testify *generally* about HRF practices and procedures to produce and sell broilers." *See* Mahan Decl., Ex. 2 at 6 (emphasis added). There was no agreement that House of Raeford's witness would be prepared to address any specific transactions, much less the millions of transactions that the Defendants would be faced with under Plaintiffs' currently constructed topics. Mahan Decl., Ex. 3 at 2. Plaintiffs do not explain why the same limitations on scope are not acceptable for the moving Defendants. Plaintiffs' position is even more inexplicable given that just this past Friday, July 24, they *accepted* Sanderson's compromise offer "to designate a witness to testify *generally* about Sanderson Farms' use of Price or Supply indices and its pricing

2

and sale of Broilers and Broiler Products[.]"—exactly what they rejected repeatedly, forcing the moving Defendants to request the assistance of the Court. *See* Mahan Decl., Ex. 4 at 2 (emphasis added).

Despite the very language of the request and their statements during the meet and confer process, Plaintiffs' Opposition goes to great lengths to emphasize that Topics 18 and 21 seek management level testimony. *See* Opp'n at 2, 5-7, 10-11, 13. These statements beg credulity. Defendants have no objection to preparing their corporate representatives to provide general, management level testimony on Topics 18 and 21. Indeed, they have offered to do so. The problem is that Plaintiffs have demanded more. They have explicitly declined to limit the topics to management level testimony and instead "continue to reserve the right to ask about specific transactions, production, or pricing decisions," Dkt. 3689-3 at 2, including "each specific decision by Defendants to cut production/capacity or forgo increases in production/capacity," *id*. at 6; *see also* Opp'n at 3. Even attempting to prepare a corporate witness to give binding corporate testimony on an untold number of the hundreds of thousands (and even millions) of potential sales transactions and a large number of production decisions (or decisions to "forgo an increase"—a term the Opposition does not even attempt to explain) is simply untenable. Defendants offered the sensible alternative of Plaintiffs identifying in advance a reasonable number of specific transactions or production decisions about which they would like testimony so Defendants could adequately prepare a witness. This compromise also was rejected.

## **ARGUMENT**

### I. **Plaintiffs' Arguments In Support Of Topic 18 Fail**

There is no dispute that Topic 18 seeks testimony concerning the "process by which [Defendants] price or sell Broilers and/or Broiler products." Opp'n at 5. Plaintiffs, however, have specifically "not agree[d] to limit the Topic 18" to management level testimony. Dkt. 3689-3 at

6. Rather, they have explicitly and unequivocally "reserved the right to ask about specific transactions." *Id*. at 2.[2] Plaintiffs' request that Defendants produce corporate representatives able to testify about specific transactions *requires* Defendants to prepare their witnesses on those particular transactions. *See* Dkt. 3689 at 6. But Plaintiffs refuse to identify which of the millions of transactions the witness will be asked to address. Defendants should not be subjected to claims of unprepared corporate representatives given these circumstances. Nor do the Rules require Defendants to prepare a witness on such a broad topic. *See Smithkline Beecham Corp. v. Apotex Corp.*, No. 98 C 3952, 2000 WL 116082, at *9 (N.D. Ill. Jan. 24, 2000).

The reason for this is clear. As Defendants have explained, asking a witness to testify about specific, but unidentified, transactions is unduly burdensome. *See* Dkt. 3689 at 6-8. The Opposition does not meaningfully challenge the undue burden of such preparation. Instead, Plaintiffs argue that the "onerous and burdensome task" of preparation is a "consequence [that] is merely an obligation that flows from the privilege of using the corporate form to do business." Opp'n at 9. The problem with Plaintiffs' position is that although they refer to general testimony on the "pricing process" to understate the burden on Defendants (Opp'n at 7), Plaintiffs simultaneously demand that the actual testimony *cannot* in fact be limited to general testimony on the pricing process, thus placing an undue burden on Defendants (Opp'n at 10).

---

[2] Plaintiffs' assertion that "Defendants did not attempt to meaningfully meet and confer," Opp'n at 4, is simply wrong. After a telephonic meet and confer on the Defendants' objections, counsel for Class Plaintiffs refused to "agree[ ] to limit Topic 18," to management level testimony only. Dkt. 3689-3 at 6. Defendants responded offering testimony about specific transactions and production decisions if Plaintiffs identified a reasonable number in advance, and asking Plaintiffs to confirm whether they would "accept these proposals or if the parties are at impasse." *Id*. at 4. As the Opposition admits, "Plaintiffs rejected" that offer. Opp'n at 5. Defendants' Motion followed. Given the admission that "Plaintiffs rejected" Defendants' offer, it is unclear how Defendants "declared wrongly that the parties were at impasse." Opp'n at 5. Indeed, the Opposition reiterates that "Plaintiffs do not agree to limit Topic 18" or to identify specific transactions. *Id*. at 6.

Defendants' proposal to prepare corporate representatives on specific transactions that are identified in advance is a reasonable compromise. Plaintiffs' work product arguments against this proposal are a red herring. Rule 30(b)(6) requires topics to be identified with reasonable particularity. Like any 30(b)(6) deposition topic, this obligation may be fulfilled by providing a reasonable list of transactions, perhaps by customer and/or date, without exhibits or proposed questions. Defendants have not demanded that Plaintiffs "identify deposition exhibits before a deposition" or "disclose their line of questioning prior to the deposition." Opp'n at 8.

Plaintiffs' reference to the prior depositions of Wayne Farms and House of Raeford which "proceeded without issue," Opp'n at 9, further weakens their argument. Nowhere in the notice for those depositions did Plaintiffs demand testimony "about specific transactions." *Compare* Dkt. 3689-3 at 2 *with* Dkt. 3710-4 (Wayne Farms) and 3710-5 (House of Raeford). Indeed, the House of Raeford topic—"The process by which You breed, grow, produce, and sell Broilers and Broiler Products, including the involvement of any third parties in the process"—is the same type of general, management level "process" testimony Defendants have agreed to offer. *See* Dkt. 3710-5 at 6 (Topic 1). Dispelling any doubt, House of Raeford's Responses and Objections offered to "designate one or more 30(b)(6) witnesses *to testify generally about HRF practices and procedures to produce and sell Broilers and Broiler Products.*" Mahan Decl., Ex. 2 at 6 (emphasis added).[3] The deposition transcript and the Plaintiffs' own correspondence indicate that they accepted that offer. *See* Mahan Decl., Ex. 5 (HRF 30(b)(6) Dep. Tr. at 18:6-19:10); Mahan Decl., Ex. 3. Given this agreement, it is no surprise the deposition proceeded without issue. And, notably, when Plaintiffs' questioning exceeded that defined scope, counsel for House of Raeford objected. *See*

---

[3] House of Raeford's Responses and Objections further offered to prepare their corporate representative about specific documents should Plaintiffs so desire. Ex. 2 at 5.

Mahan Decl., Ex. 5 (HRF 30(b)(6) Dep. Tr. at 215:17-217:6). Therefore, far from "undermin[ing]" Defendants' position, Opp'n at 9, this experience bolsters it. Plaintiffs provide no justification for now adding the unreasonable and unworkable requirement to be prepared to testify about an untold number of specific transactions.

In fact, Plaintiffs *disclaimed* any requirement that a corporate representative must be prepared to testify about specific transactions just last week in their individual meet and confer discussions with Sanderson Farms. As Class Plaintiffs' counsel stated "[w]ith respect to the scope of Topic 17, Sanderson has proposed to designate a witness to testify generally about Sanderson Farms' use of Price or Supply Indices in its pricing and sale of Broilers and Broiler Products and generally about Sanderson Farms' pricing and sale of Broilers and Broiler products as specified in Topic 17 (b)-(e). *Plaintiffs accept this offer of testimony*." Mahan Decl., Ex. 4 at 2 (emphasis added, citation omitted). Topic 17 for Sanderson Farms is the same as Topic 18 for the other Defendants. *See id.* Yet, Plaintiffs' have refused this same compromise from the moving Defendants, inexplicably necessitating the expense and delay of filing this Motion.[4]

## II. Plaintiffs' "Limitations" To Topic 21 Are Likewise Insufficient

As with Topic 18, Plaintiffs attempt to portray Topic 21 as seeking high level testimony "on Defendants' 'process' for making production decisions." Opp'n at 11. And, again, Defendants have offered to provide that testimony. But Plaintiffs refuse to actually accept that

---

[4] Plaintiffs' argument that the Motion is procedurally improper and that the issue is "more appropriately addressed in the context of a motion to compel" is incorrect. Opp'n at 9 (citing *New Jersey v. Sprint Corp.*, No. 03-2071-JWL, 2010 WL 610671, at *1 (D. Kan. Feb. 19, 2010)). *Sprint* recognizes that other courts disagree with its position. *See* 2010 WL 610671, at *1 n.4 ("*But see Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005). And it runs counter to the many cases issuing such orders. *See Krasney v. Nationwide Mut. Ins. Co.*, No. 3:06-cv-1164-JBA, 2007 WL 4365677, at *3 (D. Conn. Dec. 11, 2007) ("Federal judges have not hesitated to issue protective orders when corporations are asked to respond to overly broad and unfocused Rule 30(b)(6) notices."); Dkt. 3689 at 7-10. Plaintiffs' preferred wait-and-see approach illustrates the harm and undue expense this Motion seeks to avoid.

limitation. Rather, they again refuse "to limit Topic 21" and have expressly stated they expect testimony on "*each* specific decision by Defendants to cut production/capacity or forgo increases in production/capacity," Dkt. 3689-3 at 6, including the "factors relied upon by you in determining production." Dkt. 3689-2 at 13.

Seeking to justify the breadth of their request, Plaintiffs rely on two invalid arguments. [5] First, they claim that "Defendants conjure extreme examples of how Topic 21 could be overbroad." Opp'n at 11. But, these so-called "extreme examples" are eight examples drawn from Plaintiffs' own questioning in this case, including inquiries into equipment malfunction, site inspections by regulators, routine maintenance, or holiday-related closures. Dkt. 3689 at 10-11.[6] They also demand that Defendants testify regarding "each specific decision by Defendants to cut production/capacity." Dkt. 3689-3 at 6. While Plaintiffs describe these as "micro-level production decisions" that they are not interested in, this description highlights the undefined and unduly burdensome nature of the request. Defendants would argue that many of these examples—such as disease, weather, and equipment malfunctions—are not "decisions" at all. They are involuntary

---

[5] Tellingly, Plaintiffs do not confront Defendants' cases finding overbroad topics seeking testimony regarding each and every one of a particular decision. *See Prasad v. George Washington Univ.*, 323 F.R.D. 88, 98 (D.D.C. 2017) (seeking testimony concerning "[i]nstitutional responses" to harassment suffered by Plaintiff); *Menuel v. Hertz. Corp.*, No. 1:07-CV-3031-JTC-RGV, 2009 WL 10665026, at *7 (N.D. Ga. Dec. 9, 2009) ("[A]ll actions of Hertz that were taken in allowing paid prayer breaks for Muslims at the Atlanta airport facility."). And their attempt to distinguish *United States v. HVI Cat Canyon*, No. CV-11-5097-FMO (SSx), 2016 WL 11683593, at *9 (C.D. Cal. Oct. 26, 2016), fails given that, like the topics there seeking testimony on "any action," Plaintiffs here seek testimony on "each" specific production decision. That Plaintiffs do not intend to ask about all decisions is inapposite—their reservations of the "right" to do so purports to require Defendants to prepare to testify on all of them.

[6] Plaintiffs' contention that the Rule 30(b)(1) testimony on these topics illustrates that "such testimony is not categorically impossible as Defendants contend," is misguided. Opp'n at 13. Rule 30(b)(1) deponents are not required to testify about events outside their own personal knowledge. Preparing a Rule 30(b)(6) deponent to testify about *corporate* knowledge is a different matter. As explained in the Motion, preparing one person to give corporate testimony regarding the multitude of production decisions these corporations have made over nearly a nine-year period and numerous production sites is impractical. *See* Dkt. 3689 at 9-11.

incidents.  Moreover, Plaintiffs do not delineate between a "micro-level" decision and the "larger production decisions" in which they claim to be interested.  As such, restricting the topic to testimony on "larger production decisions" is untenable because Plaintiffs make no effort to define the scope of that term.

Likewise, Plaintiffs request for testimony about so-called "external communications" regarding production decisions and their insistence that a witness be prepared to testify about each specific decision without limitation only compounds the burden.  *See* Dkt. 3689 at 13.  Plaintiffs refuse to offer an explanation of what, in their view, constitutes an external communication, or to direct Defendants to the examples (or decisions) that they would like a witness to be prepared to discuss.  Instead, they resort to misdirection, suggesting that it is not their deficient topic and lack of cooperation that are the problem, but "[p]erhaps" that "Defendants externally communicated about production cuts so many times." Opp'n at 12.  This suggestion is unfounded and constitutes nothing more than an inappropriate accusation.  At bottom, Plaintiffs do *nothing* to narrow Topic 21 to a scope on which a witness could reasonably prepare.  Without reasonable limitation as to which production decisions or communications are at issue, Defendants are left guessing how to adequately prepare a corporate representative.

Second, Plaintiffs repeat the argument that a few past depositions on this topic have already proceeded without issue or objection.  Opp'n at 12-13.  As before, Plaintiffs' Topic 21 seeks broader testimony than sought in their topics for those earlier depositions, as evidenced by the several additional subparts.  *Compare* Dkt. 3689-2 *with* Opp'n at 12 (Wayne Farms); Dkt. 3710-5 (House of Raeford); Mahan Decl., Ex. 2 (House of Raeford agreeing to provide general testimony on production); Dkt. 3710-6 (Foster Farms' different topics).  Notably absent from any of these prior topics is Plaintiffs' new, ambiguous request for testimony regarding "external

communications" or the "decision to forgo production increases," which Plaintiffs still have not defined. Indeed, when counsel for Wayne Farms explained their understanding of their topic as "the process by which you breed, grow, produce, price, *not* could or hypothetically do things other than what you've done," counsel for Class Plaintiffs responded "[f]air enough." *See* Mahan Decl., Ex. 6 (Wayne Farms 30(b)(6) Dep. Tr. at 85:5-9 (emphasis added)). If Plaintiffs confine their questioning about specific alleged production decreases to those alleged in their complaints, Defendants could adequately prepare a witness to testify, assuming the alleged decision is adequately identified in the complaints.[7] Yet, this Motion is necessary because Plaintiffs now appear to refuse reasonable limitations—they seek testimony about "each specific decision" both to "cut production/capacity" and to "forego increases," as well as testimony on still undefined "external communications" about those decisions. Dkt. 3689-3 at 6; Dkt. 3689-2 (Topic 18).

## III. Plaintiffs' Proposed 2-day Window Is Unreasonable

If Plaintiffs want Defendants' corporate representatives to prepare to testify about a reasonable number of specific transactions and production decisions, they must provide Defendants with sufficient time to do so. Defendants have proposed a two-week period to receive notice of the specific transactions or decisions in order to allow time to obtain relevant documents, gather information from relevant witnesses, and prepare the corporate representative to testify. Plaintiffs' proposed two day window does not allow sufficient time for investigation and education of a witness on events that are alleged to have happened years before.

---

[7] Indeed, if those are the "larger production decisions" Plaintiffs are interested in, then they overstate the burden of identifying them.

## **<u>CONCLUSION</u>**

For the foregoing reasons and those stated in the Motion, Defendants respectfully request that this Court grant the Motion for Protective Order.

Dated: July 28, 2020

WEIL GOTSHAL & MANGES LLP

By: */s/ Carrie C. Mahan*
Carrie C. Mahan (#459802)
Christopher J. Abbott (#1014487)
2001 M Street N.W., Ste. 600
Washington, D.C. 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
carrie.mahan@weil.com
christopher.abbott@weil.com

Jessica L. Falk (#4763686)
767 Fifth Avenue
New York, NY 10153
Telephone: 212-310-8000
Facsimile: 212-310-8007
jessica.falk@weil.com

Brian G. Liegel (#119269*)*
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Telephone: (305) 577-3100
Facsimile: (305) 347-7159
Brian.liegel@weil.com

BAILEY BRAUER PLLC
Clayton E. Bailey (admitted *pro hac vice*)
8350 N. Central Expressway, Ste. 206
Dallas, TX 75206
Telephone: (214) 360-7433
Facsimile: (214) 360-7424
cbailey@baileybrauer.com

EIMER STAHL LLP
Michael L. McCluggage (#01820966)
224 South Michigan Avenue, Ste. 1100
Chicago, IL 60604
Telephone: (312) 660-7665
Facsimile: (312) 692-1718
mmccluggage@eimerstahl.com

*Attorneys for Defendant Pilgrim's Pride*
*Corporation and Liaison Counsel for*
*Defendants*

Respectfully submitted,

VENABLE LLP

By: /s/ *J. Douglas Baldridge*
J. Douglas Baldridge (#437678)
Lisa Jose Fales (admitted *pro hac vice*)
Danielle Foley (admitted *pro hac vice*)
Andrew Hernacki (admitted *pro hac vice*)
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: 202-344-8300
jdbaldridge@venable.com
ljfales@venable.com
drfoley@venable.com
athernacki@venable.com

FALKENBERG IVES LLP
Kirstin B. Ives
30 N. LaSalle St., Ste 4020
Chicago, IL 60602
Telephone: (312) 566-4803
Facsimile: (312) 566-4810
kbi@ffilaw.com

*Attorneys for Defendants Perdue Farms, Inc.*
*and Perdue Foods LLC*

11

By: /s/ *John W. Treece*

John W. Treece (#3122889)
1135 West Montana Street
Chicago, IL 60614
Telephone: (312) 961-7808
jtreece@jwtreece.com

ROSE LAW FIRM

Amanda K. Wofford (admitted *pro hac vice*)
Bourgon Reynolds (admitted *pro hac vice*)
120 East Fourth Street
Little Rock, Arkansas 72201
Telephone: (501) 375-9131
Facsimile: (501) 375-1309
awofford@roselawfirm.com
breynolds@roselawfirm.com

*Attorneys for Defendants Mountaire Farms,
Inc., Mountaire Farms, LLC and Mountaire
Farms of Delaware, Inc.*

JOSEPH D. CARNEY & ASSOCIATES
LLC

By: /s/ *Joseph D. Carney*

Joseph D. Carney (admitted *pro hac vice*)
Telephone: 440-249-0860
Facsimile: 866-270-1221
jdc@jdcarney.com
case@jdcarney.com

Office Address:
139 Crocker Park Boulevard, Ste. 400
Westlake, OH 44145
Mailing Address:1540 Peach Drive
Avon, OH 44011

MILLER SHAKMAN LEVINE &
FELDMAN LLP

Thomas M. Staunton
Daniel M. Feeney
180 North LaSalle Suite 3600
Chicago, IL 60601
Telephone: 312-263-3700
tstaunton@millershakman.com
dfeeney@millershakman.com

D.KLAR LAW
Deborah A. Klar (admitted *pro hac vice*)
Deborah A. Klar, Esq.
2934 1/2 Beverly Glen Circle, Suite 761
Bel Air, CA 90077
Telephone: 310-858-9500
dklar@dklarlaw.com

*Attorneys for Defendants Case Foods, Inc.,
Case Farms, LLC, and Case Farms
Processing, Inc*

NOVACK AND MACEY LLP

By: /s/ *Stephen Novack*
Stephen Novack
Stephen J. Siegel
Christopher S. Moore
100 North Riverside Plaza
Chicago, IL 60606
Telephone: (312) 419-6900
Facsimile: (312) 419-6928
snovack@novackmacey.com
ssiegel@novackmacey.com
cmoore@novackmacey.com

*Attorneys for Defendants Koch Foods
Incorporated, JCG Foods of Alabama LLC,
JCG Foods of Georgia LLC and Koch Meat
Co., Inc.*

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
By: /s/ *Lara Flath*
Lara Flath (#6289481)
Boris Bershteyn (admitted *pro hac vice*)
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
boris.bershteyn@skadden.com
lara.flath@skadden.com

Patrick Fitzgerald (#6307561)
Gail Lee
Peter Cheun
155 N. Wacker Drive
Chicago, IL 60606
Telephone: (312) 407-0700
Facsimile: (312) 407-0411
patrick.fitzgerald@skadden.com
gail.lee@skadden.com
peter.cheun@skadden.com

*Attorneys for Defendant Peco Foods, Inc.*

KUTAK ROCK LLP

By: /s/ *John P. Passarelli*
John P. Passarelli (admitted *pro hac vice*)
James M. Sulentic (admitted *pro hac vice*)
1650 Farnam Street
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
john.passarelli@kutakrock.com
james.sulentic@kutakrock.com

J.R. Carroll (admitted *pro hac vice*)
Jeffrey M. Fletcher (admitted *pro hac vice*)
234 East Millsap Road, Ste 200
Fayetteville, AR 72703-4099
Telephone: (479) 973-4200
Facsimile: (479) 973-0007
jr.caroll@kutakrock.com
Jeffrey.fletcher@kuakrock.com

Kimberly M. Hare (#6323326)
One South Wacker Drive, Ste 2050
Chicago, IL 60606-4614
Telephone: (312) 602-4100
Facsimile: (312) 602-4101
kimberly.hare@kutakrock.com

*Attorneys for Defendants O.K. Foods, Inc.,*
*O.K. Farms, Inc., and O.K. Industries, Inc.*

EDWARD C. KONIECZNY LLC

By: /s/ *Edward C. Konieczny*
Edward C. Konieczny (admitted *pro hac vice*)
400 Colony Square, Ste 1501
1201 Peachtree Street, NE
Atlanta, GA 30361
Telephone: (404) 380-1430
Facsimile: (404) 382-6011
ed@koniecznylaw.com

SMITH, GAMBRELL & RUSSELL, LLP

David C. Newman (admitted *pro hac vice*)
W. Parker Sanders (admitted *pro hac vice*)
1230 Peachtree Street, N.E.
Promenade, Ste 3100
Atlanta, GA 30309
Telephone: (404) 815-3500
Facsimile: (404) 815-3509
dnewman@sgrlaw.com
psanders@sgrlaw.com

James L. Thompson
Lynch Thompson LLP
150 S. Wacker Drive, Suite 2600
Chicago, IL 60606
T: (312) 445-4623
F: (312) 896-5883
jthompson@lynchthompson.com

*Attorneys for Defendants Mar-Jac Poultry,*
*Inc., Mar-Jac Poultry MS, LLC, Mar-Jac*
*Poultry AL, LLC, Mar-Jac AL/MS, Inc., Mar-*
*Jac Poultry, LLC, Mar-Jac Holdings, Inc.*

14

VAUGHAN & MURPHY

By: /s/ *Charles C. Murphy, Jr.*
Charles C. Murphy, Jr. (admitted *pro hac vice*)
690 S Ponce Court NE
Atlanta, GA 30307
Telephone: (404) 667-0714
Facsimile: (404) 529-4193
cmurphy@vaughanandmurphy.com

WINSTON & STRAWN LLP

James F. Herbison
Michael P. Mayer
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
jherbison@winston.com
mmayer@winston.com

*Attorneys for Defendant Norman W. Fries, Inc. d/b/a Claxton Poultry Farms*

DYKEMA GOSSET PLLC

By: /s/ *Howard B. Iwrey*
Howard B. Iwrey
39577 Woodward Ave, Ste. 300
Bloomfield Hills, MI 48304
Telephone: 248-203-0526
Facsimile: 248-203-0763
hiwrey@dykema.com

Steven H. Gistenson
10 South Wacker Drive, Ste. 2300
Chicago, IL 60606
Telephone: 312-627-2267
Facsimile: 312-876-1155
sgistenson@dykema.com

Cody D. Rockey
2723 South State Street, Ste. 400
Ann Arbor, MI 48104
Telephone: 734-214-7655
Facsimile: 734-214-7696
crockey@dykema.com

Dante A. Stella
400 Renaissance Center
Detroit, MI 48243
Telephone: 313-568-6693
Facsimile: 313-568-6893
dstella@dykema.com

*Attorneys for Defendants Amick Farms, LLC*

EVERSHEDS SUTHERLAND (US) LLP

By: */s/ Patricia A. Gorham*
James R. McGibbon (admitted *pro hac vice*)
Patricia A. Gorham (admitted *pro hac vice*)
Peter M. Szeremeta (admitted *pro hac vice*)
Kaitlin A. Carreno (admitted *pro hac vice*)
999 Peachtree Street, N.E., Ste 2300
Atlanta, Georgia 30309-3996
Telephone: (404) 853-8000
Facsimile: (404) 853-8806
jimmcgibbon@eversheds-sutherland.com
patriciagorham@eversheds-sutherland.com
peterszeremeta@eversheds-sutherland.com
katilincarreno@eversheds-sutherland.com

SMITHAMUNDSEN LLC

Clay H. Phillips
150 N. Michigan Avenue, Ste 3300
Chicago, Illinois 60601
Telephone: (312) 894-3200
Facsimile: (312) 997-1828
cphillips@salawus.com

*Attorneys for Defendants Harrison Poultry,
Inc.*

AXINN, VELTROP & HARKRIDER LLP

By: /s/ *Rachel J. Adcox*
Rachel J. Adcox (#1001488)
Daniel K. Oakes (admitted *pro hac vice*)
Kenina J. Lee (admitted *pro hac vice*)
950 F Street NW, Ste 700
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
radcox@axinn.com
doakes@axinn.com
klee@axinn.com

John M. Tanski (admitted *pro hac vice*)
Jarod G. Taylor (admitted *pro hac vice*)
90 State House Square
Hartford, CT 06103
Telephone: (860) 275-8100
Facsimile: (860) 275-8101
jtanski@axinn.com
jtaylor@axinn.com

Nicholas E.O. Gaglio (admitted *pro hac vice*)
114 West 47th Street
New York, NY 10036
Telephone: (212) 728-2200
Facsimile: (212) 261-5654
ngaglio@axinn.com

LIPE LYONS MURPHY NAHRSTADT &
PONTIKIS, LTD.

Jordan M. Tank
230 West Monroe, Street, Ste 2260
Chicago, IL 60606
Telephone: (312) 702-0586
Facsimile: (312) 726-2273
jmt@lipelyons.com

*Attorneys for Defendants Tyson Foods, Inc.,
Tyson Chicken, Inc., Tyson Breeders, Inc.,
Tyson Poultry, Inc.*

16

SHOOK HARDY & BACON LLP

By: /s/ *Lynn H. Murray*
Lynn H. Murray
111 S. Wacker Dr., Ste 4700
Chicago IL 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195
lhmurray@shb.com

Laurie A. Novion (admitted *pro hac vice*)
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
lnovion@shb.com

CONNER & WINTERS

John R. Elrod (admitted *pro hac vice*)
Vicki Bronson (admitted *pro hac vice*)
4375 N. Vantage Drive, Ste. 405
Fayetteville, AR 72703
Telephone: (479) 582-5711
jelrod@cwlaw.com
vbronson@cwlaw.com

*Attorneys for Defendant Simmons Foods, Inc.*
*and Simmons Prepared Foods Inc.*

STINSON LLP

By: /s/ *William L. Greene*
William L. Greene (admitted *pro hac vice*)
Peter J. Schwingler (admitted *pro hac vice*)
Kevin P. Kitchen (admitted *pro hac vice*)
50 South Sixth Street, Ste 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
kevin.kitchen@stinson.com

J. Nicci Warr
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
Telephone: (314) 259-4570
nicci.warr@stinson.com

SUGAR FELSENTHAL GRAIS &
HELSINGER LLP

John C. Martin
30 N. LaSalle Street, Ste 3000
Chicago, IL 60602
Telephone: (312) 704-2172
Facsimile: (312) 372-7951
jmartin@sfgh.com

THE LAW GROUP OF NORTHWEST
ARKANSAS LLP

Gary V. Weeks (admitted *pro hac vice*)
K.C. Dupps Tucker (admitted *pro hac vice*)
Kristy E. Boehler (admitted *pro hac vice*)
1830 Shelby Lane
Fayetteville, AR 72704
Telephone: (479) 316-3760
gary.weeks@lawgroupnwa.com
kc.tucker@lawgroupnwa.com
kristy.boehler@lawgroupnwa.com

*Attorneys for Defendants George's, Inc.*
*and George's Farms, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 28, 2020, a true and correct copy of the foregoing document was filed electronically. Notice of this filing was sent by operation of the Court's ECF electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic system.

<u>/s/ *Carrie C. Mahan*</u>
Carrie C. Mahan

18