**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>This Document Relates To: All Actions | Case No. 1:16-cv-08637<br><br>Magistrate Judge Jeffrey T. Gilbert |

**ORDER**

This matter is before the Court on All Plaintiffs' Motion to Amend the Court's August 28, 2018 Order (Doc. 1155) and Scheduling Order No. 13 (Doc. 3420) to Permit Limited Evidentiary Discovery After the Fact Discovery Deadline [ECF No. 3570]. For the reasons discussed below, All Plaintiffs' Motion [ECF No. 3570] is granted in part. See Statement below for further details.

**STATEMENT**

Direct Purchaser Plaintiffs, Commercial and Institutional Indirect Purchaser Plaintiffs, End-User Consumer Plaintiffs, and Direct Action Plaintiffs collectively filed a Motion to Amend the Court's August 28, 2018 Order (Doc. 1155) and Scheduling Order No. 13 (Doc. 3420) to Permit Limited Evidentiary Discovery After the Fact Discovery Deadline [ECF No. 3570] ("Plaintiffs' Motion"). Plaintiffs want permission to conduct limited evidentiary discovery as necessary to address the authenticity and admissibility of documents produced by parties in this litigation after the close of fact discovery. This issue has been percolating for a while and now is being presented to the Court because the parties have been unable to resolve it themselves.

Plaintiffs first wanted the Court to entertain a presumption of authenticity and admissibility for certain documents, but the Court rejected that approach earlier in the case. Order [ECF No. 1155], at 2-3; Transcript of 8/24/18 Hearing [ECF No. 1188], at 74-79. Plaintiffs then sought

Defendants' cooperation in reaching stipulations that would address the authenticity and admissibility of documents. Plaintiffs proposed such stipulations—either on a global basis or as to each individual Defendant—on two evidentiary issues: (1) the authenticity of documents under Federal Rule of Evidence 901; and (2) the admissibility of documents, including as business records, under Federal Rule of Evidence 803(6) or otherwise. Plaintiffs say Defendants rejected Plaintiffs' suggestions but have not provided any concrete counter-proposals to Plaintiffs other than to say that now is not the time to reach closure on these issues and the parties should address them later in the case.

Defendants say the evidentiary issues that Plaintiffs are raising are not ripe for adjudication because, among other things, Plaintiffs still have more than 100 depositions to take during which they will have ample opportunity to lay the foundation they need for documents used in those depositions that they may want to use at trial. Plaintiffs' proposals, according to Defendants, relieve them of the responsibility to lay a proper foundation for the admissibility of documents during depositions and instead allow them, at least potentially, to sandbag Defendants with requests for admissions and Rule 30(b)(6) depositions about a large number of documents that may not have been discussed during, or the focus of, fact discovery.

Further, according to Defendants, they have not been stonewalling Plaintiffs on stipulations but rather have accommodated Plaintiffs' requests for authenticity stipulations for almost 1,900 documents so far. Defendants argue that permitting additional discovery regarding matters of authenticity and admissibility after the fact discovery deadline upends the parties' previous negotiations and concessions and the Court's August 28, 2019 Order [ECF No. 1155] regarding the number of depositions allocated to each of the parties, and also is contrary to the provisions of the current Scheduling Order No. 13 [ECF No. 3420].

2

Because the parties have been unable to negotiate the stipulations for which Plaintiffs have been seeking Defendants' agreement, or, at a minimum, to settle on a process to address disputes that likely will arise regarding the authenticity and admissibility of documents later in the litigation, Plaintiffs say they had no choice but to file this Motion and request that the Court (1) amend its August 28, 2019 Order [ECF No. 1155] (which set the number of depositions allowed for each party in this case) to permit one additional Rule 30(b)(6) deposition of up to seven hours to be taken of any party, limited to issues of authenticity and admissibility of documents as business records or otherwise, after the close of fact discovery, and (2) amend Scheduling Order No. 13 [ECF No. 3420] to permit any party to serve requests for admissions also after the close of fact discovery and limited to the same evidentiary issues.

As a threshold matter, the Court agrees with Plaintiffs that stipulations as to certain documents or categories of documents—specifically as to authenticity—are a good way to eliminate disagreements now and down the road and could streamline depositions being taken now and in the future. Numerous sources and authorities concur. *Cf.* Manual for Complex Litigation, Fourth, § 11.33 ("The parties may, for example, be able to stipulate to the authenticity of documents ... while reserving the right to dispute assumptions, interpretations, or inferences drawn from the evidence."); § 11.423 ("[T]he parties can facilitate discovery by stipulating to notice and manner of taking depositions and adopting various informal procedures."); §11.471 ("Stipulations may be sought with respect both to the facts of the case and to matters that affect admissibility of other evidence, such as the authenticity of records and foundation requirements for exceptions to the hearsay rule under Federal Rule of Evidence 803(6) and similar provisions.").

Such stipulations, though, are not mandated. Plaintiffs cite some cases in which the parties negotiated a stipulation to address evidentiary issues, but the cases are distinguishable in that the

parties in those cases agreed to a protocol rather than asking the court to impose one party's suggested protocol over the other's objection as is the case here. *See, e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, Case No. 07-md-1827 (N.D. Cal.); *In Re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. M-02-1486 (N.D. Cal.); and *Reitman et al. v. Champion PetFoods USA, Inc.*, No. 18-cv-1736 (C.D. Cal.).[1]

Defendants appear not to be completely opposed to evidentiary stipulations in principle or practice and, as noted above, the parties have reached stipulations as to almost 2,000 documents. Plaintiffs, though, believe the parties should be doing more in that regard. Defendants say they are doing what they can and this all will work out in due time. The Court agrees more with Plaintiffs' desire to get this issue resolved now than it does with Defendants' desire to put it off or shut it down. Plaintiffs are ramping up to take a large number of depositions in the next nine months. If the Court can provide some clarity or direction, now is the time to do so. The matter of how the parties should proceed in discovery is committed to the Court's discretion. District courts have "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013); *see also Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012) (citations omitted) ("District courts have broad discretion in supervising discovery ... for

---

[1] Interestingly, at the time Plaintiffs first raised this issue with the Court and submitted a proposed order to address the authenticity and admissibility of business records modeled after an order entered in *In re: General Motors LLC Ignition Switch Litigation*, Case No. 14-MD-2543 (S.D.N.Y May 4, 2015) (*see* ECF No. 3570-1]), Defendants submitted a competing order used in the *In re: Processed Egg Products Antitrust Litigation*, Case No. 08-md-202 and MDL No. 2002 (E.D. Pa. Mar. 18, 2014) (*see* ECF No. 3570-3]) which provided for a process, including both requests for admissions or limited Rule 30(b)(6) depositions, to resolve authenticity and admissibility issues after the close of discovery but in advance of trial. The Court informed the parties at the time that if they wanted the Court to enter a more definitive order it was inclined toward the order submitted by Defendants from the *Egg Products Antitrust Litigation*. *See generally* Transcript of 8/24/18 Hearing [ECF No. 1188], at 74-79. The Court's position remains the same, and it is unclear why an order along the lines of the one entered in the *Egg Products Antitrust Litigation,* which was proposed by Defendants in August 2018, no longer is acceptable.

they are much closer to the management of the case and the host of intangible and equitable factors that may be relevant in exercising such discretion.").

In the Court's view, Defendants' argument that Plaintiffs want to avoid doing the hard work of identifying key documents during depositions and, instead, prefer to postpone that exercise until after discovery is complete is a bit of an overstatement. It is not in Plaintiffs' interest to postpone resolution of disputes relating to the authenticity or admissibility of documents until later in the case. So far Plaintiffs have marked over 3,000 documents as exhibits in depositions taken to date, and there is nothing to indicate that Plaintiffs will not continue using key documents in depositions and asking witnesses questions to authenticate and to lay the foundation for their later use at summary judgment or trial. The Court sees Plaintiffs' proposal for limited evidentiary discovery after the close of fact discovery not so much as an attempt to avoid doing the work necessary to identify and authenticate documents now for later use in the case, or as an opportunity to sandbag Defendants at the end of fact discovery, but as a way to navigate the discovery protocols already put in place by the Court and to assure that they will not be barred from introducing evidence they need to prove their case.[2]

Underscoring Plaintiffs' position is the fact that they may not be able to lay an evidentiary foundation for all the documents they want to introduce into evidence during the depositions they

---

[2] Plaintiffs consistently have said during negotiations of the Rule 30(b)(6) deposition limitations that the limitations did not cover topics relating to authenticity and admissibility. Plaintiffs reserved their rights to seek relief from the limitations on Rule 30(b)(6) depositions on those bases. *See, e.g.,* [ECF Nos. 1131, 1281, 1923]. The Court even acknowledged in Scheduling Order No. 12 the potential need for discovery regarding authenticity and admissibility of documents near the end of or after the close of fact discovery. As to the issue of limited, post-fact discovery and requests for admissions, Scheduling Order No. 12 provided: "Absent agreement by the parties or order by the Court otherwise, any written discovery, *except for* third party discovery and *written discovery regarding the authenticity and admissibility of documents in the absence of a stipulation*, that still may be served in this matter under the Federal Rules of Civil Procedure, the parties' existing agreements, and the Court's orders in this case must be served no later than 90 days before the close of fact discovery." [ECF No. 2322], at 2 n.1 (emphasis added).

5

can take in this case before the close of fact discovery. According to Plaintiffs, Defendants collectively have produced approximately seven million documents (excluding structured data). Plaintiffs are permitted to take 200 Defendant depositions, including Rule 30(b)(6) depositions, under the Court's prior orders. *See* [ECF Nos. 1155, 2024]. Over 500 Defendant custodians have produced documents in the case, however, meaning less than 40% of Defendants' custodians will be deposed given the limits on the number of depositions each party can take that have been imposed by the Court. That understandably motivates Plaintiffs' desire to obtain stipulations now governing the authenticity and/or admissibility of documents or categories of documents, or to have the Court establish a process by which they can make a record for the admission of documents they need to use in their cases after the close of fact discovery.

Clearly, Plaintiffs are identifying and using documents they deem relevant and useful in depositions taken so far in this case. According to Defendants, Plaintiffs have taken 83 depositions of Defendant employees and former employees and 24 third-party depositions. During those depositions, Plaintiffs have marked 3,084 exhibits. Defendants concede that Plaintiffs have sought to authenticate exhibits and to lay a foundation for their admissibility in depositions taken to date. This is how it is done in the normal course of discovery, and Plaintiffs (as well as Defendants) should continue to attempt to lay the evidentiary foundation for documents marked as exhibits in depositions as the parties proceed through discovery.

Given the massive number of documents that have been produced and still are being produced in this case, however, common sense dictates it is inevitable there will be documents for which no foundation will be laid during fact discovery but that one party or another will want to use in summary judgment practice or introduce into evidence at trial. There may be no dispute as to the authenticity or admissibility of many or even the majority of these documents. As to

6

documents for which there are disputes, however, there should be a process by which a party can make a record concerning the authenticity or admissibility of those documents. Allowing this type of limited evidentiary discovery to proceed close to or after the end of fact discovery seems to be an efficient way to deal with the issue, and it potentially could narrow the number of disputes that must be presented to the Court for resolution.

The Court will not, however, do as Plaintiffs suggest and automatically permit them to take 20 additional Rule 30(b)(6) depositions and/or automatically serve an unlimited number of requests for admissions after the close of fact discovery. The Court does not want to write a blank check that could be interpreted as excusing Plaintiffs from the obligation to attempt to lay foundation during depositions when a document is fresh in everyone's mind. By the same token, the Court does not want to excuse Defendants from their obligation to meet and confer in good faith now about stipulations concerning the authenticity and/or admissibility of documents or categories of documents that can streamline depositions and eliminate the need for additional requests for admissions and/or limited Rule 30(b)(6) depositions later. Moreover, at the end of the day, Plaintiffs may not need an extra deposition of every Defendant that remains in the case on evidentiary issues, and requests for admissions may reduce or eliminate the need for additional Rule 30(b)(6) depositions on the evidentiary issues Plaintiffs envision.

To be clear, though, the Court will allow limited evidentiary discovery along the lines that Plaintiffs envision after the close of fact discovery or even before it closes as noted below. The Court can, if necessary, fine tune that process after it sees what the parties have been able to accomplish by stipulation and through the normal deposition process. The Court, frankly, anticipates the parties may be able to agree on the parameters of the limited evidentiary discovery that will be allowed if they follow the guidance provided in this Order. But the parties should

7

understand that the Court is willing to allow the kind of limited evidentiary discovery that Plaintiffs envision after the close of fact discovery or shortly before then, and that should inform their discussions.

Although this has been said before, it bears emphasis: the Court urges the parties to continue to cooperate in crafting reasonable stipulations as to the authenticity and admissibility of specific documents and/or categories of documents. Plaintiffs also must continue to attempt to lay a foundation for documents with deponents when they can do so, and deponents should be prepared to the extent reasonably possible to allow the deposing party to do so. As fact discovery draws to a close, the parties must meet and confer in good faith and attempt to resolve disputes concerning the authenticity and admissibility of documents that Plaintiffs wish to use to prosecute their case. If disputes remain after that process, then the Court will allow limited requests for admissions and, if necessary, limited Rule 30(b)(6) depositions concerning the authenticity of documents or the evidentiary foundation for the admission of documents (putting aside relevance issues) at trial, with that process to be completed well-before trial and/or summary judgment practice.[3]

The parties should build some additional time into the proposed modifications to the case management schedule they are scheduled to submit on or before August 18, 2020 (*see* [ECF No. 3712]) to accommodate the process the Court has described in this Order. The Court anticipates

---

[3] Plaintiffs say they are seeking additional Rule 30(b)(6) depositions "limited to the issues of authenticity and admissibility of documents as business records or otherwise, after the close of fact discovery." Plaintiffs' Motion [ECF No. 3570], at 1-2. To be clear, by granting Plaintiffs' Motion to allow limited discovery designed to nail down the authenticity and/or admissibility of documents, the Court does not intend to permit wholesale discovery concerning relevance that should have been taken during fact discovery. The Court takes Plaintiffs at their word as to what they are trying to accomplish when they reference the need to lay foundation for a document as a business record, and it interprets the immediately following phrase "or otherwise" to refer to the need to lay foundation for the admission of a document under other evidentiary conventions in the Federal Rules of Evidence. *Id.* The Court does not intend to allow a second round of wide-ranging discovery into relevance or other issues that might go to the admissibility of a document that should have been explored during fact discovery in this case.

that process should not extend the schedule by more than 30 to 45 days, or perhaps 60 days at the outside, after the end of fact discovery. This should not significantly delay the forward progress of the case. The parties might consider reviving in their next proposed case management schedule a provision that requires Plaintiffs (or any party; see below) to serve an initial round of written discovery on the authenticity and/or admissibility of documents, absent stipulations, along the lines discussed in this Order at some point before the close of fact discovery. *See* Scheduling Order No. 12 [ECF No. 2322], at 2 n.1. That might front load the process of dealing with the issues Plaintiffs have raised, but it is not intended to preclude a second, more limited set of written requests immediately after the close of fact discovery if that is required. In addition, the parties should discuss and propose to the Court an outside limit on the number of documents for which Plaintiffs can serve requests for admissions as to authenticity and/or admissibility factors. Further, as has been done in other cases, the parties might consider a procedure by which they will begin to identify trial exhibits before or upon the close of fact discovery and work through authentication or admissibility issues before they need to file their pretrial order with due consideration given to circumstances that would not preclude a party from later identifying a trial exhibit.

Finally, the Court notes it has addressed the issues presented in Plaintiffs' Motion in terms of the relief Plaintiffs are seeking for themselves and the limited evidentiary discovery they propose to take. The Court recognizes that Plaintiffs phrase the relief they are seeking in their Motion so that it would apply to all parties and not just to Plaintiffs. But Defendants opposed the relief Plaintiffs were seeking and so the Court has interpreted Plaintiffs' Motion as requesting the Court institute a procedure that would redound to their benefit as opposed to a procedure that would apply to all parties in the case. If Defendants want similar accommodations in light of this ruling, the Court is not opposed to building reciprocity into the case management schedule with

9

respect to a process for nailing down the authenticity or admissibility of documents that Defendants want to use in their cases as well.

For all the reasons discussed above, All Plaintiffs' Motion to Amend the Court's August 28, 2018 Order (Doc. 1155) and Scheduling Order No. 13 (Doc. 3420) to Permit Limited Evidentiary Discovery After the Fact Discovery Deadline [ECF No. 3570] is granted in part.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: July 29, 2020