UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>This Document Relates To: All Actions | Case No. 1:16-cv-08637<br><br>**ORDER AND STIPULATION CONCERNING REMOTE DEPOSITION PROTOCOL** |

Pursuant to Federal Rules of Civil Procedure 1, 29, and 30(b)(4), and this Court's Opinion and Order on Class Plaintiffs' Motion for Entry of an Order Regarding Remote Depositions of Certain Categories of Witnesses (Dkt. 3674), the Parties have met, conferred, and agreed upon the following protocol for taking, defending, and participating in remote depositions in this case. The Parties submit and the Court agrees that, given the ongoing COVID-19 pandemic, good cause exists for entry of the stipulated remote deposition protocol described in this unopposed proposed order. Unless explicitly stated otherwise herein, this Order does not alter or otherwise supersede the Deposition Protocol Order already entered in this case (Dkt. 995).

IT IS HEREBY ORDERED THAT:

1. **Definitions**

    a. "Attending Counsel" shall mean any legal counsel for a Party or Non-Party that is attending a Deposition noticed and taken pursuant to this order. Attending Counsel does not include Deposing Counsel or Defending Counsel.

    b. "Court Reporter" shall mean an individual retained by the Party or Parties

550646.8

taking a Deposition pursuant to this order to transcribe the Deposition taken pursuant to this order and who is authorized to administer oaths either by federal or state law.

    c.    "Deposition" shall mean any deposition upon oral examination taken pursuant to Fed. R. Civ. P. 30, or any court order in this Litigation.

    d.    "Deposing Counsel" shall mean the legal counsel of the Party or Parties noticing a Deposition pursuant to this order.

    e.    "Defending Counsel" shall mean the legal counsel of the Party, Parties, Non-Party, or Non-Parties being deposed pursuant to this order who is principally defending the Deposition. In the case of a witness who is represented by personal and company counsel for the purpose of his or her Deposition, both personal and company counsel shall be treated as "Defending Counsel" under this order.

    f.    "Document" shall have the broadest possible meaning consistent with Fed. R. Civ. P. 34, Fed. R. Evid. 1001, and Fed. R. Evid. 1006, and explicitly includes Hard Copy Documents, ESI, and Summary Exhibits.

    g.    "Electronically Stored Information" and "ESI" shall have its broadest possible meaning consistent with Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001, and explicitly includes all electronically-stored information produced by any Party or Non-Party in this Litigation.

    h.    "Exhibit" shall mean any Document or ESI that is marked as an exhibit at a Deposition.

i. "Hard Copy Document" shall mean any Document or thing discoverable under Fed. R. Civ. P. 26(b)(1), Fed. R. Civ. P. 34, and/or Fed. R. Civ. P. 45 that cannot be characterized as ESI.

j. "Litigation" shall mean *In re Broiler Chicken Antitrust Litigation*, and any matter consolidated with or deemed related to that matter by this Court.

k. "Parties" shall mean any plaintiff, any defendant, and any of their current and/or former employees, executives, officers, and/or directors.

l. "Non-Parties" shall mean all natural or legal persons that are not Parties from whom a Party is seeking a Deposition in the Litigation.

2. **APPLICABILITY AND GENERAL PRINCIPLES:**

a. **Applicability:** This Order is intended to allow the Parties to continue deposition discovery during the on-going COVID-19 pandemic, with the goal of completing fact discovery by the current March 5, 2021 deadline. This Order shall remain in effect until the later of: December 1, 2020; the expiration, termination, or vacating of General Order No. 20-cv-0012 (*In re: Coronavirus COVID-19 Public Emergency* (N.D. Ill.)), including various amendments to that order and like general orders that may be entered by the Court; the Parties agree; or the Court orders otherwise. Except as set forth in the Deposition Protocol Order (Dkt. No. 995) or herein, the procedures for noticing and conducting Depositions are controlled by the Federal Rules of Civil Procedure. Nothing in this Order shall prevent (1) a deposition from proceeding in person if Deposing Counsel, Defending Counsel, and the witness agree, or (2) Defending Counsel from

being physically present in the same room as the deponent regardless of whether a deposition is treated as in-person or remote under this Order.

b. **General Principles:** The Parties recognize that compelling travel of witnesses, attorneys, or court reporters for in-person depositions may not be appropriate in all instances given the ongoing global COVID-19 pandemic. In all cases, the desire of the witness to be socially distant from counsel, court reporters, and/or videographers shall be respected. If the noticing Party, the responding Party, and the witness agree, a Deposition may take place in person at an agreed upon location with the noticing Party, responding Party, witness, court reporter, and videographer appearing in person. Unless conditions related to the COVID-19 pandemic safely allow otherwise, all Parties should confer in advance to ensure that only those attorneys who plan to question or represent the witness will appear in person. Any other Party may participate in any in-person Deposition by telephone or via video conference. Deposing Counsel and Attending Counsel intending to participate by phone shall cooperate in good faith to facilitate such participation.

c. The Court and counsel recognize that the COVID-19 pandemic requires the Parties to be flexible in completing Deposition discovery in this Litigation, and that certain witnesses may choose to or need to proceed with Depositions remotely. The Parties are encouraged to take steps that will enable deponents, Deposing Counsel, Defending Counsel, and Attending Counsel to complete Depositions in a manner that also takes into account the needs of dependent care and personal health care. In light of the ongoing public health situation, the Parties and Non-Parties shall meet, confer, and cooperate with one another regarding the scheduling of Depositions and the procedures for taking Depositions.

**d.     Notice:** The Court' prior Deposition Protocol Order (Dkt. 995) shall control the noticing and scheduling of Depositions taken pursuant to this Order. The Parties will proceed with Rule 30(b)(6) depositions consistent with page 9 of the Court's June 25, 2020 Order (Dkt. 3674).

3.    **REMOTE DEPOSITION PROTOCOL**

a.     **Applicability:** Where the witness, Defending Counsel, and/or Deposing Counsel appear for a Deposition remotely, the following Remote Deposition Protocol shall apply.

b.     **Vendor and Platform:** The Plaintiffs are using Veritext for court reporting, videography and remote video deposition services in this case. Veritext intends to use the Remote Counsel/Cameo platform, which allows for the deponent, Attending Counsel, Deposing Counsel, Defending Counsel, Court Reporter, and videographer to participate in a Deposition without attending the Deposition in-person. Defendants will share similar information consistent with Section 3(f) below.

c.     **Length of Deposition:** If audio or technical issues impact the ability to proceed with the Deposition, then the Parties will meet in good faith to continue the deposition.

d.     **Notice of Remote Deposition:** Any Party may notice a Deposition to be taken remotely pursuant to the terms of this Stipulation by so indicating in the notice of deposition.

e.     **Notice of Change from In-Person to Remote Deposition:** If a Deposition was previously anticipated or agreed to be an in-person Deposition, the deponent or that person's attorney may request the deposition be changed to a remote Deposition. Such a request to change the format for the Deposition should be provided as soon as reasonably practicable, but no later

than 7 (seven) days in advance of the Deposition. The Parties will work cooperatively and timely to arrange for the necessary logistics required for the change in format of the Deposition.

f. **Remote Administration of Oath and Recording of Video:** The Parties agree and the Court finds that a Court Reporter may administer the oath to a deponent remotely, even if the Court Reporter is not in the physical presence of the witness. Further, if a Court Reporter is not authorized to take oaths in the place of examination pursuant to Federal Rule of Civil Procedure 28, the Parties agree and the Court finds that extenuating circumstances warrant proceeding with the administration of such oaths remotely and that the transcripts and video recordings may be used by or against all Parties in this Litigation to the same extent that would otherwise be permissible under applicable court orders, rules of court, rules of procedure and rules of evidence. The Parties further stipulate and the Court finds, pursuant to Federal Rule of Civil Procedure 29(a), that the recorded video provided in a digital file by the court reporting service or platform vendor may be used as if it were a recording prepared by a certified videographer, and that each side will waive any objections based on authenticity. The Parties will cooperate on technical issues regarding the digital file (e.g., assuring audio and video quality, displaying exhibits, removing segments that were off the record, and affixing time stamps). The individual administering the oath to the witness shall ask the witness to swear that he or she is who he or she claims to be.

g. **Video-conferencing:** Where the witness, Defending Counsel, and/or the Deposing Counsel are appearing for the Deposition remotely, then a video conferencing service will be utilized and such video may be recorded for later use in proceedings in this case, including trial. The video-conferencing software must have sufficient security features in place to prevent the public disclosure of protected information designated under the Confidentiality Order in this

Litigation.[1] Deposing Counsel shall bear the burden of ensuring that the deponent has the proper software, hardware, and other relevant equipment to attend a deposition by video conference, but Defending Counsel will reasonably assist Deposing Counsel with this burden and Defending Counsel will ensure that readily available equipment at the witness's location for the deposition is made available for the deposition.[2] To the extent any Deposition will proceed using a service other than as set forth in Section 2(b) above, details regarding the video conferencing to be used for each Deposition will be made available to all Parties at least 6 (six) business days before the Deposition. Deposing Counsel and Defending Counsel shall meet, confer, and cooperate to ensure that the deponent has technology sufficient to attend a Deposition via remote means. If necessary, this shall include arranging for the witness to participate in a "test run" of the Deposition video conferencing software being utilized, at least 3 (three) business days or 5 (five) calendar days before the scheduled date of the Deposition (whichever is longer). The noticing Party shall bear the cost of ensuring that the deponent has the proper software, hardware, and other relevant equipment to attend a Deposition by video conference. The Parties will discuss any further details related to the video conferencing service in advance of the Deposition, and if there are any disagreements, will raise those with the Court. To the extent possible, the video conferencing service should display the witness, Defending Counsel, and Deposing Counsel on the video screen at all times, unless one or more counsel must be taken off screen to display an Exhibit; however, the witness should always be on screen. There should be no unrecorded or unnoted conversations between the witness and any counsel involved in this case (including the Defending Counsel)

---

[1] For purposes of this protocol, use of Zoom technology with a passcode-protected meeting room shall constitute sufficient security features.

[2] As an example, required technology that Deposing Counsel may need to provide to a witness can include portable WiFi hotspots, portable WiFi cameras, and an additional monitor to ease viewing of exhibits.

during a remote Deposition while the witness is on the record, and Deposing Counsel may ask the witness and his/her counsel to certify, on the record, that no such conversations have taken place. Furthermore, witnesses in Depositions taken pursuant to this Stipulation shall not use or consult any means of communications while on the record during the Deposition (other than audio and video communications used to conduct the Deposition itself), including without limitation electronic communications (email, text, social media) and other communications (phone), and all counsel attending the Deposition will also stipulate, on the record and at the beginning and end of each Deposition, that they (and any individual working with them) will not communicate and have not communicated with the witness (respectively) while the witness is on the record other than in the presence of the Court Reporter and videographer. Nothing in this order prevents a witness from seeking advice regarding the application of a privilege or immunity from testifying during the course of a Deposition taken pursuant to this order. Nothing in this Section (g) modifies the Court's prior Deposition Protocol Order (Dkt. 995) regarding consultations with witnesses during deposition breaks.

  h.   **Deposition Recording:** In addition to recording the Deposition by stenographic means, the deposing Party may record the Deposition by video. The video recording shall be limited to the witness; however, this provision is separate from, and does not supplant, Section 3(g) as to the individuals that should be *displayed* (rather than recorded for the official Deposition video) during the Deposition. Deposing Counsel is responsible for ensuring that the remote means utilized for a Deposition allow for the Court Reporter to accurately record the deponent's testimony. Either Deposing Counsel or Defending Counsel may elect to have a technical specialist attend a Deposition taken by remote means to ensure that technical issues are dealt with in a timely manner. Deposing Counsel may also elect to have an exhibit specialist attend

a deposition taken by remote means to ensure that Exhibits are properly displayed during deposition. If Deposing Counsel utilizes an exhibit specialist, Deposing Counsel will act in good faith to make their exhibit specialist available to assist the Defending Counsel or other Parties to present any Exhibits to the witness during cross-examination or redirect. For purposes of clarity, Confidential or Highly Confidential information may be disclosed to such technical or exhibit specialists during the course of a deposition without violating the Court's Confidentiality Order, and such technical and exhibit specialists shall be bound by the Confidentiality Order.

  i. **Technical Issues**

    i. **Audio or Visual Issues:** Should technical issues, such as audio or video issues, prevent the Court Reporter, witness, Deposing Counsel, or Defending Counsel from reliably seeing one another, hearing one another, or, in the case of the Court Reporter, transcribing the testimony, at any point during a Deposition taken pursuant to this order, the Deposition shall be recessed until the technical issue is resolved. Should technical issues prevent the Court Reporter from reliably hearing or transcribing the testimony at any Deposition taken pursuant to this order and such technical issue cannot be remedied in a timely manner, Deposing Counsel, Defending Counsel, and Attending Counsel shall meet, confer, and cooperate with one another to address the problem, including but not limited to rescheduling the Deposition. The Parties will also act in good faith to account for any time lost to technical issues to permit the deposing Party to use the full time it is permitted for the Deposition.

    ii. **Making Objections:** If a technical issue prevents Defending Counsel from hearing a question and/or interposing a timely objection on the record, then Defending Counsel shall notify the Deposition attendees as soon as possible (e.g., by using the

chat features of the video conference or emailing counsel). Defending Counsel's objection to that question is preserved if (i) the objection is asserted promptly on the record after the technical issue is resolved, or (ii) if the technical issue cannot be resolved and the Deposition is continued, the objection may be asserted in writing to Deposing Counsel, Attending Counsel and the Court Reporter within three business days of receiving the rough transcript that includes the question at issue.

      **j.**    **Remote Deposition Exhibits:**

          i.    **Generally.** Deposing Counsel shall be responsible for ensuring that any Exhibits that they wish to mark and use at the Deposition can be shown to the witness and Defending Counsel in a manner that enables the witness and Defending Counsel to independently review the Exhibits during the course of the Deposition. Such means of marking and using Exhibits for the Deposition shall include, by way of example: (a) sending via Fed Ex, U.S. Postal Service, or UPS sealed courtesy copy or pre-marked Exhibits to the witness (and/or defending attorney, if requested) in advance of the Deposition; (b) emailing pre-marked Exhibits to the witness, Defending Counsel, Attending Counsel, and the Court Reporter in advance of the Deposition; (c) using a video conferencing platform or other electronic application for presenting Deposition Exhibits (*e.g.*, Remote Counsel/Cameo, eDepoze or Zoom screen-sharing) that enables Deposing Counsel to share Exhibits with the witness, Court Reporter, Defending Counsel, and Attending Counsel; and (d) any other means that the Deposing Counsel and Defending Counsel agree to. If the remote means utilized does not permit marking of Exhibits remotely, counsel shall either pre-mark Exhibits or direct the witness and other attendees as to how Exhibits should be marked.

          ii.    **Exhibit Numbering and Handling:** Each Deposition shall be assigned a block of Exhibit numbers to be used sequentially. Any Documents reviewed, or notes made, by a witness while on the record shall be preserved, made available to all Parties' counsel,

and/or made a Deposition Exhibit (e.g., marked as the same Exhibit number with an "A" affixed for the annotated version). Upon conclusion of the Deposition, the vendor responsible for handling the Exhibits will circulate the stamped copies to the Court Reporter and all counsel attending.

    iii.  **Hard Copy Exhibits:** At the sole discretion of the noticing Party, a remote Deposition may be conducted using sealed, pre-marked, hard copy paper Exhibits as the official Exhibits. Such hard copy Exhibits shall be mailed such that they are received at least two days before the Deposition (with tracking information available upon request) to the deponent and the Defending Counsel. Anyone receiving sealed hard copy Exhibits agrees pursuant to this Stipulation, as ordered, that the sealed Exhibits must remain sealed and unopened until the deposition begins and the witness is instructed on the record to open a sealed hard copy exhibit (at which time others in possession of sealed exhibit folders may open the sealed exhibit, as well). Deposing Counsel may ask the witness and others receiving sealed exhibits to confirm, on the record, that no exhibit was opened prior to the deposition. At the conclusion of a Deposition, any unused exhibits will remain sealed and be returned, unopened, to the counsel who provided those exhibits with a self-addressed return envelope. All counsel planning on questioning the witness with an Exhibit will attempt in good faith to include in their hard copy set all of the exhibits on which they plan to question the witness; however, nothing in this paragraph is intended to prevent, nor in fact prevents, counsel from preparing for the Deposition until the time that it occurs, or from introducing during the Deposition additional Exhibits not previously mailed in hard copy, including by electronic means otherwise provided herein.

    iv.  **Electronic Exhibits:** Pursuant to ¶ V(A) of the Deposition Protocol Order (Dkt. No. 995), a Party may utilize electronic Exhibits in connection with a Deposition so long as the Party provides notice to the deponent and Defending Counsel and arranges for the

technology to permit the presentment of the electronic Exhibit at the Deposition to the witness and counsel. The Parties will provide electronic copies of Exhibits introduced during the course of a Deposition, either via email, deposition exhibit software, or via a pre-arranged FTP or file-sharing site, to ensure that opposing counsel and Attending Counsel may participate in the Deposition. Similarly, where an Exhibit is used electronically and was not provided in hard copy before the Deposition, the Parties will provide electronic copies of that document by the same means described in the previous sentence. Deposing Counsel shall not begin questioning a witness concerning an electronic Exhibit until that Exhibit has been received by Defending Counsel and Attending Counsel.

1. **Courtesy Hard Copies for Depositions Conducted with Electronic Exhibits**: Upon request by the deponent or Defending Counsel, courtesy hard copies of Exhibits will be provided to the deponent and Defending Counsel to arrive at least 48 hours prior to the Deposition. Voluminous exhibits upon which only a portion of the document will be the subject of questioning (beyond authentication and evidentiary questions) need not be mailed in hard copy and will be presented electronically, but Deposing Counsel will provide excerpts of key portions of the document as part of the hard copy courtesy set. If these hard copies are delayed in arriving, the Parties will meet and confer on rescheduling the Deposition, if necessary. All counsel planning on questioning the witness with an Exhibit will attempt in good faith to include in the courtesy hard copies all of the Exhibits on which they plan to question the witness. All provisions of Paragraph ¶ 2(i)(iii) apply regarding the sealing and unsealing of such hard copy Exhibits. For the avoidance of doubt, the official Exhibit will remain the electronic copy presented to the witness and all participants consistent with Paragraph 2(i)(iv).

2. **"Last Minute" Exhibits**: The Parties recognize that there may occasionally be last minute Deposition Exhibits, which are not able to be provided to the witness or Defending Counsel in advance. Nothing in this section is intended to prevent, nor in fact prevents, Deposing Counsel from preparing for the Deposition until the time that it occurs, or from introducing during the Deposition additional Exhibits not previously mailed in hard copy. However, the use of such "last minute" exhibits should be the exception, not the rule. Questioning about a "last minute exhibit" shall not commence until defending counsel has received a copy of the exhibit electronically via one of the electronic methods specified herein.

k. **Other Remote Deposition Logistics.**

   i. The time shown on the transcript and video shall be the local time in the place where the deponent is located.

   ii. Absent a special need, the witness will not have access to or use of the Realtime feed from the Court Reporter at any time during the Deposition.

   iii. Witnesses will testify on the record that they do not have any notes or Documents available to them while the Deposition is on the record, other than any that are disclosed and provided to all Parties.

   iv. Both (1) the Court Reporter and (2) the Deposition vendor or videographer will maintain an official record of the Deposition. Accordingly, both will need to agree when proceedings are on or off the record. Once proceedings go on the record, and absent extenuating circumstances, all Parties must agree before the record stops.

l. All objections to the use and admissibility of the transcript or video of a

Deposition taken pursuant to this order based solely on the fact that the Deposition was taken by remote means are deemed waived.

4. **MISCELLANEOUS**

a. An objection on behalf of one defendant is deemed an objection on behalf of all defendants. Similarly, an objection on behalf of one plaintiff is deemed an objection on behalf of all plaintiffs.

b. At this time, the only depositions that the Court has compelled are the 18 depositions subject to the Court's June 25, 2020 Order (Dkt. 3674.). The Parties anticipate that additional Depositions will need to proceed remotely and plan for this Protocol to apply to these additional depositions. The Parties agree to meet and confer in good faith to negotiate revisions to this order based on lessons learned from the initial 18 depositions, if any. This Order may be modified by the Parties on their own motion or the Court on its own motion for good cause shown. Deposing Counsel and Defending Counsel may vary from the provisions of this order by a written stipulation entered on the record in a Deposition taken pursuant to this order.

**IT IS SO ORDERED.**

DATED: July 31, 2020

_____
Jeffrey T. Gilbert
United States Magistrate Judge