IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION<br><br>This Document Relates To:<br>*Independent Purchasing Cooperative, Inc.* | Case No. 1:16-cv-08637<br><br>Hon. Thomas M. Durkin |

**JOINDER TO CERTAIN DEFENDANTS'[1] MOTION TO EXCLUDE BID-RIGGING CLAIMS FROM THE *IN RE BROILERS* CONSOLIDATED PROCEEDINGS**

Defendants file this motion to respond to the filing of an amended complaint by DAP Independent Purchasing Cooperative, Inc. ("IPC") that improperly seeks to add new "bid-rigging" claims to this four-year-old case—an issue that is already the subject of Certain Defendants' Motion to Exclude Bid-Rigging Claims from the *In re Broilers* Consolidated Proceedings. (Dkt. 3688 (the "Motion to Exclude").) Specifically, Defendants moved to exclude bid-rigging claims from consolidation in this matter after four DAPs (the "New DAPs") filed complaints newly alleging supposed "Small Bird bid-rigging" claims. *Id*. As Defendants explained in the Motion to Exclude, these new allegations had never been part of Plaintiffs' case, and adding them in at the eleventh hour would cause significant case management issues, impede the fair and efficient progress of this litigation, and cause substantial prejudice to Defendants.

Defendants also noted in the Motion to Exclude that such untimely (and shoe-horned) bid-rigging claims were unlikely to remain cabined to the four DAPs at issue. (Mot. to Exclude, at 1

---

[1] Defendants include Agri Stats, Inc., Amick Farms, Case Farms, Foster Farms, George's, Harrison Poultry, House of Raeford Farms, Koch Foods, Mar-Jac Poultry, Mountaire Farms, O.K. Foods, Pilgrim's Pride Corporation, Perdue, Sanderson Farms, Simmons Foods, Tyson, and Wayne Farms.

("While the relief requested in this motion is limited to these four new complaints, this issue is not.").) And, indeed, another DAP is now attempting the same bootstrapping. This time, IPC is attempting to taint—and expand—this case by adding new "bid-rigging" allegations through an amendment to its existing complaint. (Dkt. 3717.)[2] Specifically, IPC newly alleges that "…where the price was not based directly or indirectly on price indexes manipulated by Defendants, Defendants ensured that those prices too were artificially inflated . . . by explicitly rigging the bids with their supposed competitors." (*Id.*, ¶ 382.) IPC notably goes even further than the New DAPs and the DOJ indictment on which the New DAPs' complaint was based. Namely, it does not limit its allegations to "Small Birds" or a handful of customers: its complaint seeks to tag *all* Defendants with sweeping allegations regarding bids for sales to "restaurants, grocery retailers, purchasing cooperatives and others who purchased large volumes of broiler chicken products." (*Id.,* ¶ 383.)

Such a dramatic expansion would take this four-year-old case backward, when it should be moving forward. Hundreds of depositions have been taken; millions of pages have been produced; dozens of third party subpoenas have been sent; and millions of rows of data have been analyzed by experts with one set of allegations in mind. Plaintiffs cannot change those allegations at the eleventh hour without causing significant delay and case management issues. What is more, the reason IPC (and others) are attempting to add bid-rigging claims is the very reason it should be rejected: they want to "taint" this alleged supply-reduction conspiracy case by insisting that the indictments of four individuals from two Defendants for alleged bid rigging must mean there are broader issues in the industry. That case is distinct and should stay separate rather than infect this case.

---

[2] IPC's filing of this amended complaint also does not comport with this Court's June 12, 2020 order requiring the DAPs to collectively file a *single* consolidated complaint, which DAPs agreed to do by October 9, 2020. (Dkt. 3700, at 1.)

For the reasons discussed in the Motion to Exclude and below, the Court should not allow IPC—or any Plaintiff—to introduce entirely new claims into this litigation at this late hour.

## BACKGROUND

Nearly four years ago, the original complaint was filed in what would become *In re Broiler Chicken Antitrust Litigation*, alleging coordinated supply cuts and manipulation of the Georgia Dock by certain Defendants. Since then, Defendants have produced over **8 million documents** and the parties have taken more than **220 depositions** of Plaintiffs, Defendants, and third parties. Throughout all this time and activity, and across multiple amended complaints, the allegations at the heart of this case have remained the same: coordinated supply cuts and manipulation of the Georgia Dock.

On June 2, 2020, the DOJ indicted four individuals from two companies. The indictment focused on a small number of incidents of putative bid-rigging directed at certain "quick-service restaurants." This development was not lost on Plaintiffs. Almost immediately, they sprung to action, seeking again to improperly expand discovery to DOJ related documents, and moving to compel depositions related to alleged bid-rigging. (Dkt. 3672, 6/25/20 Pls.' Mem., at 11.) And on June 12, 2020, the New DAPs brought new claims based on supposed bid rigging, alleging that the DOJ indictment revealed a conspiracy to rig bids of "Small Birds"—defined as birds slaughtered between 7 and 9 weeks, weighing less than 4 and ¼ pounds. (Dkt. 3654, Boston Market Corp. Compl., ¶¶ 4 n.2, 13.) Defendants moved to exclude these new and separate bid-rigging allegations. That motion remains pending. (Mot. to Exclude.)

Now, an existing DAP seeks to amend its complaint to add new "bid-rigging claims." Unlike the New DAPs' complaints, these allegations are not limited to Small Birds. Rather, IPC pleads that the supposedly rigged bids occurred on transactions "…where the price was not based directly or indirectly on price indexes" involving "large volumes of broiler chicken products,"

3

including bids for sales to restaurants, grocery stores, purchasing cooperatives and quick service restaurants. (Dkt. 3717, ¶¶ 382–84.) IPC's new broadened allegations of "bid rigging" beyond "Small Birds" come on the heels of Defendants' original Motion to Exclude explaining that a number of Defendants do not even produce Small Birds.[3] The Court should not allow IPC to drastically expand this case at the eleventh hour.

## ARGUMENT

When a new complaint is filed years after the start of litigation, courts have broad discretion to ensure the existing case proceeds fairly and efficiently. *See Westbrook v. Hahn*, 2018 WL 2381971, at *1–2 (S.D. Ind. May 25, 2018) (severing claims filed against lately-joined defendants because the claims involved were "separate and distinct" from the allegations in plaintiff's earlier complaint). Exercising that discretion to sever "separate and distinct," claims within a single complaint, or to prohibit those claims' consolidation in a matter, is appropriate where, as here, doing so would avoid prejudice and benefit convenience and judicial economy. *See, e.g., Allstate Prop. & Cas. Ins. Co. v. Omega Flex, Inc.*, 2013 WL 786764, at *3–4 (S.D. Ind. Mar. 1, 2013) (severing claim where incidents were "distinct and separate" and capable of being resolved separately); *MHG Hotels, LLC v. Studio 78, LLC*, 2019 WL 251259, at *1 (S.D. Ind. Jan. 16, 2019) (citing factors necessary when addressing whether to sever). For the reasons set out more fully in Defendants' Motion to Exclude and summarized here, the Court should exercise such discretion and refuse to allow IPC's bid-rigging claims into this case.

---

[3] Specifically, the following Defendants did not produce Small Birds—as defined by New DAPs—during the supposed conspiracy period of 2012-2017: Sanderson Farms, Amick Farms, Foster Farms, Peco Foods, and Harrison Poultry. Additionally, House of Raeford closed its Small Bird plant in 2012 and has not produced them since. (Mot. to Exclude at 12-13, n.10.)

4

*First*, the bid-rigging claim is a new and factually distinct theory of the case. This new amended complaint is simply another attempt by Plaintiffs to rewrite history and their allegations to assert that bid-rigging claims have always been at the "heart" of their case. (Dkt. 3672, 6/25/20 Pls.' Mem., at 1.) Not so. Indeed, before June 12, 2020, **none of the previous 40 complaints** alleged anything close to the "explicit bid rigging" alleged here. Instead, each of those previous complaints focused on two sets of allegations: supply reduction and manipulation of the Georgia Dock.

*Second*, expanding the case now, at the eleventh hour, would significantly prejudice Defendants and delay this case. At each and every step of this case—from document requests to depositions to third party discovery—decisions were made with one scope in mind. To significantly add to that now, with an entirely new theory of the case, would inevitably result in even more discovery: more requests for production, more interrogatories, and more subpoenas, further delaying resolution. As the Court recognized earlier this year, "…the parties have been conducting discovery according to the terms of [the August 15, 2017 Agreements] for two and a half years" and now "[d]ocument discovery sought by the three putative classes is largely complete." (Dkt. 3520, 3/4/20 Order, at 1, 5). It is too late to go backwards, nor is a "do over" warranted. Yet, that is precisely what Plaintiffs are asking occur.

*Third*, to allow the bid-rigging claim in this litigation would unfairly prejudice Defendants. The DOJ's indictment charged *four* individuals, from *two* Defendants, based on alleged incidents with a limited number of customers. But Plaintiffs opportunistically seek to paint all 19 producer Defendants[4] as engaging in the charged conduct, likely hoping that they can save their baseless

---

[4] In its amended complaint, IPC has also added an additional Defendant family—Keystone Foods LLC and its three subsidiaries (collectively "Keystone"). (See Dkt. 3717, ¶¶ 58, 60-62.) IPC's complaint is the first time that Keystone has been named as a defendant in this litigation, and IPC has not yet served Keystone with its complaint.

5

claims by improperly relying on innuendo and guilt by association. Indeed, Plaintiffs want to argue that there must be broader issues in the industry involving *nineteen* broiler producers and *tens of thousands* broiler customers. They have acknowledged this strategy, explaining that they seek to introduce this evidence as "other bad acts" to show Defendants have a propensity to conspire. (Dkt. 3672, 6/25/20 Pls.' Mem., at 9.) There simply is no question that permitting them to do so would improperly prejudice Defendants. Plaintiffs, including IPC, should not be allowed to piggyback on the DOJ's indictment to convert a case about supposed supply reductions and manipulation of the Georgia Dock into one about bid rigging, which serves no purpose but to unfairly prejudice Defendants and taint the case they actually pleaded.

## CONCLUSION

Excluding the new bid-rigging claim from this litigation is the most fair and efficient solution. This does not prejudice *any* Plaintiffs—these new claims can and should proceed like any new claim, in a separate proceeding. Moreover, keeping separate cases separate will allow *In re Broiler Chicken Antitrust Litigation* to move toward the close of fact discovery and class certification as planned, while avoiding unfair prejudice and juror confusion regarding the claims that are, and always have been, a part of the litigation. As such, under its authority to manage this case pursuant to Rules 16, 21, and 42, this Court should exclude the new bid-rigging claim in the complaints brought by IPC and the New DAPs—as well as any similar bid-rigging claims other Plaintiffs may attempt to pursue—from this litigation.

---

While Keystone therefore cannot join this filing, counsel for Keystone has informed the undersigned that Keystone agrees with the positions taken herein.

Date: August 6, 2020                                   Respectfully submitted,

                                                                          */s/ Daniel E. Laytin, P.C.*
Daniel E. Laytin, P.C. (#6257119)
Christa C. Cottrell, P.C. (#6284749)
Stacy Pepper (#6306726)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000
dlaytin@kirkland.com
ccottrell@kirkland.com
stacy.pepper@kirkland.com

*Counsel for Defendants Sanderson Farms, Inc.; Sanderson Farms, Inc. (Production Division); and Sanderson Farms, Inc. (Foods Division)*

| | |
|---|---|
| WEIL GOTSHAL & MANGES LLP | VENABLE LLP |
| By: */s/ Carrie C. Mahan* <br> Carrie C. Mahan (#459802) <br> Christopher J. Abbott (#1014487) <br> 2001 M Street N.W., Ste. 600 <br> Washington, D.C. 20036 <br> Telephone: (202) 682-7000 <br> Facsimile: (202) 857-0940 <br> carrie.mahan@weil.com <br> christopher.abbott@weil.com | By: */s/ J. Douglas Baldridge* <br> J. Douglas Baldridge (#437678) <br> Lisa Jose Fales (admitted *pro hac vice*) <br> Danielle R. Foley (admitted *pro hac vice*) <br> Andrew T. Hernacki (admitted *pro hac vice*) <br> 600 Massachusetts Avenue, NW <br> Washington, DC 20001 <br> Telephone: (202) 344-4000 <br> Facsimile: 202-344-8300 <br> jdbaldridge@venable.com <br> ljfales@venable.com <br> drfoley@venable.com <br> athernacki@venable.com |
| BAILEY BRAUER PLLC <br><br> Clayton E. Bailey (admitted *pro hac vice*) <br> 8350 N. Central Expressway, Ste. 206 <br> Dallas, TX 75206 <br> Telephone: (214) 360-7433 <br> Facsimile: (214) 360-7424 <br> cbailey@baileybrauer.com | *Attorneys for Defendants Perdue Farms, Inc. and Perdue Foods LLC* |
| EIMER STAHL LLP <br><br> Michael L. McCluggage (#01820966) <br> 224 South Michigan Avenue, Ste. 1100 <br> Chicago, IL 60604 <br> Telephone: (312) 660-7665 <br> Facsimile: (312) 692-1718 <br> mmccluggage@eimerstahl.com <br><br> *Attorneys for Defendant Pilgrim's Pride Corporation and Liaison Counsel for Defendants* | |

By: /s/ *John W. Treece*
John W. Treece (#3122889)
1135 West Montana Street
Chicago, IL 60614
Telephone: (312) 961-7808
jtreece@jwtreece.com

ROSE LAW FIRM

Amanda K. Wofford (admitted *pro hac vice*)
Bourgon Reynolds (admitted *pro hac vice*)
120 East Fourth Street
Little Rock, Arkansas 72201
Telephone: (501) 375-9131
Facsimile: (501) 375-1309
awofford@roselawfirm.com
breynolds@roselawfirm.com

*Attorneys for Defendants Mountaire Farms, Inc., Mountaire Farms, LLC and Mountaire Farms of Delaware, Inc.*

NOVACK AND MACEY LLP

By: /s/ *Stephen Novack*
Stephen Novack
Stephen J. Siegel
Christopher S. Moore
100 North Riverside Plaza
Chicago, IL 60606
Telephone: (312) 419-6900
Facsimile: (312) 419-6928
snovack@novackmacey.com
ssiegel@novackmacey.com
cmoore@novackmacey.com

*Attorneys for Defendants Koch Foods Incorporated, JCG Foods of Alabama LLC, JCG Foods of Georgia LLC and Koch Meat Co., Inc.*

MAYER BROWN LLP

By: /s/ *Carmine R. Zarlenga*
Carmine R. Zarlenga (#90784529)
William H. Stallings (admitted *pro hac vice*)
Stephen M. Medlock (admitted *pro hac vice*)
Oral D. Pottinger (admitted *pro hac vice*)
1999 K Street N.W.
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
czarlenga@mayerbrown.com
wstallings@mayerbrown.com
smedlock@mayerbrown.com
opottinger@mayerbrown.com

*Attorneys for Defendant Foster Farms, LLC and Foster Poultry Farms, a California Corporation*

PROSKAUER ROSE LLP

By: /s/ *Christopher E. Ondeck*
Christopher E. Ondeck (admitted *pro hac vice*)
Stephen R. Chuk (admitted *pro hac vice*)
1001 Pennsylvania Ave., N.W., Ste 600 South
Washington, DC 20004
Telephone: (202) 416-6800
Facsimile: (202) 416-6899
condeck@proskauer.com
schuk@proskauer.com

*Attorneys for Wayne Farms LLC*

| | |
|---|---|
| VEDDER PRICE P.C. | KUTAK ROCK LLP |
| By: /s/ *Gregory G. Wrobel* | By: /s/ *John P. Passarelli* |
| Gregory G. Wrobel (#3122900) | John P. Passarelli (admitted *pro hac vice*) |
| 222 N. LaSalle Street | James M. Sulentic (admitted *pro hac vice*) |
| Chicago, IL 60601 | 1650 Farnam Street |
| Telephone: (312) 609-7722 | Omaha, NE 68102 |
| Facsimile: (312) 609-5005 | Telephone: (402) 346-6000 |
| gwrobel@vedderprice.com | Facsimile: (402) 346-1148 |
| | john.passarelli@kutakrock.com |
| | james.sulentic@kutakrock.com |
| JORDAN PRICE WALL GRAY JONES & CARLTON, PLLC | |
| | J.R. Carroll (admitted *pro hac vice*) |
| Henry W. Jones, Jr. (admitted *pro hac vice*) | Jeffrey M. Fletcher (admitted *pro hac vice*) |
| 1951 Clark Avenue | 234 East Millsap Road, Ste 200 |
| Raleigh, NC 27605 | Fayetteville, AR 72703-4099 |
| Telephone: (919) 828-2501 | Telephone: (479) 973-4200 |
| Facsimile: (919) 834-8447 | Facsimile: (479) 973-0007 |
| hjones@jordanprice.com | jr.caroll@kutakrock.com |
| | Jeffrey.fletcher@kutakrock.com |
| *Attorneys for Defendant House of Raeford Farms, Inc.* | |
| | Kimberly M. Hare (#6323326) |
| | One South Wacker Drive, Ste 2050 |
| | Chicago, IL 60606-4614 |
| | Telephone: (312) 602-4100 |
| | Facsimile: (312) 602-4101 |
| | kimberly.hare@kutakrock.com |
| | *Attorneys for Defendants O.K. Foods, Inc., O.K. Farms, Inc., and O.K. Industries, Inc.* |

STINSON LLP

By: /s/ *William L. Greene*
William L. Greene (admitted *pro hac vice*)
Peter J. Schwingler (admitted *pro hac vice*)
Kevin P. Kitchen (admitted *pro hac vice*)
50 South Sixth Street, Ste 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
kevin.kitchen@stinson.com

J. Nicci Warr
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
Telephone: (314) 259-4570
nicci.warr@stinson.com

SUGAR FELSENTHAL GRAIS & HELSINGER LLP

John C. Martin
30 N. LaSalle Street, Ste 3000
Chicago, IL 60602
Telephone: (312) 704-2172
Facsimile: (312) 372-7951
jmartin@sfgh.com

THE LAW GROUP OF NORTHWEST ARKANSAS LLP

Gary V. Weeks (admitted *pro hac vice*)
K.C. Dupps Tucker (admitted *pro hac vice*)
Kristy E. Boehler (admitted *pro hac vice*)
1830 Shelby Lane
Fayetteville, AR 72704
Telephone: (479) 316-3760
gary.weeks@lawgroupnwa.com
kc.tucker@lawgroupnwa.com
kristy.boehler@lawgroupnwa.com

*Attorneys for Defendants George's, Inc. and George's Farms, Inc.*

EDWARD C. KONIECZNY LLC

By: */s/ Edward C. Konieczny*
Edward C. Konieczny (admitted *pro hac vice*)
400 Colony Square, Ste 1501
1201 Peachtree Street, NE
Atlanta, GA 30361
Telephone: (404) 380-1430
Facsimile: (404) 382-6011
ed@koniecznylaw.com

SMITH, GAMBRELL & RUSSELL, LLP

David C. Newman (admitted *pro hac vice*)
W. Parker Sanders (admitted *pro hac vice*)
1230 Peachtree Street, N.E.
Promenade, Ste 3100
Atlanta, GA 30309
Telephone: (404) 815-3500
Facsimile: (404) 815-3509
dnewman@sgrlaw.com
psanders@sgrlaw.com

James L. Thompson Lynch Thompson LLP
150 S. Wacker Drive, Suite 2600
Chicago, IL 60606
T: (312) 445-4623
F: (312) 896-5883
jthompson@lynchthompson.com

*Attorneys for Defendants Mar-Jac Poultry, Inc., Mar-Jac Poultry MS, LLC, Mar-Jac Poultry AL, LLC, Mar-Jac AL/MS, Inc., Mar- Jac Poultry, LLC, Mar-Jac Holdings, Inc.*

| | |
|---|---|
| DYKEMA GOSSET PLLC | SHOOK HARDY & BACON LLP |
| By: /s/ *Howard B. Iwrey* <br> Howard B. Iwrey <br> 39577 Woodward Ave, Ste. 300 <br> Bloomfield Hills, MI 48304 <br> Telephone: 248-203-0526 <br> Facsimile: 248-203-0763 <br> hiwrey@dykema.com | By: /s/ *Lynn H. Murray* <br> Lynn H. Murray <br> 111 S. Wacker Dr., Ste 4700 <br> Chicago IL 60606 <br> Telephone: (312) 704-7700 <br> Facsimile: (312) 558-1195 <br> lhmurray@shb.com |
| Steven H. Gistenson <br> 10 South Wacker Drive, Ste. 2300 <br> Chicago, IL 60606 <br> Telephone: 312-627-2267 <br> Facsimile: 312-876-1155 <br> sgistenson@dykema.com | Laurie A. Novion <br> 2555 Grand Blvd. <br> Kansas City, MO 64108 <br> Telephone: (816) 474-6550 <br> Facsimile: (816) 421-5547 <br> lnovion@shb.com |
| Cody D. Rockey <br> 2723 South State Street, Ste. 400 <br> Ann Arbor, MI 48104 <br> Telephone: 734-214-7655 <br> Facsimile: 734-214-7696 <br> crockey@dykema.com | CONNER & WINTERS <br><br> John R. Elrod <br> Vicki Bronson (admitted *pro hac vice*) <br> 4375 N. Vantage Drive, Ste. 405 <br> Fayetteville, AR 72703 <br> Telephone: (479) 582-5711 <br> jelrod@cwlaw.com <br> vbronson@cwlaw.com |
| Dante A. Stella <br> 400 Renaissance Center <br> Detroit, MI 48243 <br> Telephone: 313-568-6693 <br> Facsimile: 313-568-6893 <br> dstella@dykema.com | *Attorneys for Defendant Simmons Foods, Inc. and Simmons Prepared Foods Inc.* |
| *Attorneys for Defendants Amick Farms, LLC* | |

| | |
|---|---|
| AXINN, VELTROP & HARKRIDER LLP | HOGAN LOVELLS US LLP |
| By: /s/ *Rachel J. Adcox* <br> Rachel J. Adcox (#1001488) <br> Daniel K. Oakes (admitted *pro hac vice*) <br> Kenina J. Lee (admitted *pro hac vice*) <br> 950 F Street NW, Ste 700 <br> Telephone: (202) 912-4700 <br> Facsimile: (202) 912-4701 <br> radcox@axinn.com <br> doakes@axinn.com <br> klee@axinn.com <br><br> John M. Tanski (admitted *pro hac vice*) <br> Jarod G. Taylor (admitted *pro hac vice*) <br> 90 State House Square <br> Hartford, CT 06103 <br> Telephone: (860) 275-8100 <br> Facsimile: (860) 275-8101 <br> jtanski@axinn.com <br> jtaylor@axinn.com <br><br> Nicholas E.O. Gaglio (admitted *pro hac vice*) <br> 114 West 47th Street <br> New York, NY 10036 <br> Telephone: (212) 728-2200 <br> Facsimile: (212) 261-5654 <br> ngaglio@axinn.com <br><br> LIPE LYONS MURPHY NAHRSTADT & PONTIKIS, LTD. <br><br> Jordan M. Tank <br> 230 West Monroe, Street, Ste 2260 <br> Chicago, IL 60606 <br> Telephone: (312) 702-0586 <br> Facsimile: (312) 726-2273 <br> jmt@lipelyons.com <br><br> *Attorneys for Defendants Tyson Foods, Inc., Tyson Chicken, Inc., Tyson Breeders, Inc., Tyson Poultry, Inc.* | By: /s/ *William L. Monts III* <br> William L. Monts III (admitted *pro hac vice*) <br> Justin W. Bernick (admitted *pro hac vice*) <br> 555 Thirteenth Street, N.W. <br> Washington, D.C. 20004-1109 <br> Telephone: (202) 637-5910 <br> Facsimile: (202) 637-5911 <br> william.monts@hoganlovells.com <br> justin.bernick@hoganlovells.com <br><br> MILLER, CANFIELD, PADDOCK, AND STONE P.L.C. <br><br> Jacob D. Koering <br> 225 West Washington Street, Ste 2600 <br> Chicago, Illinois 60606 <br> Telephone: (312) 460-4272 <br> Facsimile: (312) 460-4201 <br> koering@millercanfield.com <br><br> *Attorneys for Defendant Agri Stats, Inc.* |

13

| | |
|---|---|
| JOSEPH D. CARNEY & ASSOCIATES LLC | EVERSHEDS SUTHERLAND (US) LLP |
| By: /s/ *Joseph D. Carney* | By: /s/ *James R. McGibbon* |
| Joseph D. Carney (admitted *pro hac vice*) | James R. McGibbon (admitted *pro hac vice*) |
| Douglas G. Walters | Patricia A. Gorham (admitted *pro hac vice*) |
| Jamie Krafcik | Peter M. Szeremeta (admitted *pro hac vice*) |
| Telephone: 440-249-0860 | Kaitlin A. Carreno (admitted *pro hac vice*) |
| Facsimile: 866-270-1221 | 999 Peachtree Street, N.E., Ste 2300 |
| jdc@jdcarney.com | Atlanta, Georgia 30309-3996 |
| ca2@jdcarney.com | Telephone: (404) 853-8000 |
| ca@jdcarney.com | Facsimile: (404) 853-8806 |
| case@jdcarney.com | jimmcgibbon@eversheds-sutherland.com |
| | patriciagorham@eversheds-sutherland.com |
| Office Address: | peterszeremeta@eversheds-sutherland.com |
| 139 Crocker Park Boulevard, Ste. 400 | katilincarreno@eversheds-sutherland.com |
| Westlake, OH 44145 | |
| | SMITHAMUNDSEN LLC |
| Mailing Address: | |
| 1540 Peach Drive | Clay H. Phillips |
| Avon, OH 44011 | 150 N. Michigan Avenue, Ste 3300 |
| | Chicago, Illinois 60601 |
| MILLER SHAKMAN LEVINE & FELDMAN LLP | Telephone: (312) 894-3200 |
| | Facsimile: (312) 997-1828 |
| | cphillips@salawus.com |
| Thomas M. Staunton | |
| Daniel M. Feeney | *Attorneys for Defendants Harrison Poultry, Inc.* |
| 180 North LaSalle Suite 3600 | |
| Chicago, IL 60601 | |
| Telephone: 312-263-3700 | |
| tstaunton@millershakman.com | |
| dfeeney@millershakman.com | |
| | |
| D. KLAR LAW | |
| | |
| Deborah A. Klar (admitted *pro hac vice*) | |
| Deborah A. Klar, Esq. | |
| 2934 1/2 Beverly Glen Circle, Suite 761 | |
| Bel Air, CA 90077 | |
| Telephone: 310-858-9500 | |
| dklar@dklarlaw.com | |
| | |
| *Attorneys for Defendants Case Foods, Inc., Case Farms, LLC, and Case Farms Processing, Inc.* | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2020, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Daniel E. Laytin, P.C.*
Daniel E. Laytin, P.C.