

U.S. Department of Justice

Antitrust Division

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20001*

September 4, 2020

The Honorable Thomas M. Durkin
United States District Judge
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

        Re:   In re Broiler Chickens Antitrust Litigation (16-cv-8637)
              *This document relates to all actions*

Dear Judge Durkin:

      The United States, intervenor in this action, writes the Court for three reasons. First, the government takes no position on the Certain Defendants' Motion to Exclude Bid-Rigging Claims from the *In re Broilers* Consolidated Proceedings [Dkt. 3687]. The government views the Motion to implicate the narrow case-management question of whether discovery on these claims are included in the consolidated proceedings or not. Once that question is resolved, the government will have an interest in ensuring whatever discovery is sought on these claims does not interfere with the grand jury's investigation or the government's active criminal litigation in the District of Colorado.[1]

      Second, the government is now in criminal litigation resulting from an indictment that plaintiffs in several cases have explicitly referenced in their complaints. These developments increase the risk that future discovery in the civil action, whether in the consolidated proceedings or not, may interfere with the criminal prosecution—beyond the risk that has existed since the government intervened in this action. The government is not moving to stay discovery at this time, though depending on the nature and extent to which future discovery in the civil case interferes unduly with the criminal prosecution, the government may need to re-visit the question of whether the Court should stay discovery, at least in part, pending completion of the criminal prosecution. *See Hollinger Int'l, Inc. v. Hollinger Inc.*, No. 04 C 698, 2006 WL 8460613, at *3 (N.D. Ill. Feb. 28, 2006)("[T]he most important factor to be considered in ruling on a motion to stay a civil case is whether the related criminal investigation has ripened into an indictment.")

---

[1] On June 2, 2020, a grand jury in the District of Colorado returned an indictment charging four individuals for their role in conspiring to fix the prices of broiler chicken products in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. *See United States v. Penn, et al.*, 20-cr-152 (D. Colo.).

In a conference call on September 3, 2020, we summarized the foregoing information for the various constituencies in this litigation. We solicited the receipt of any objections to the foregoing ahead of our filing of this letter. We have received no objections.

Third, if the motion to exclude is granted, and discovery relating to the bid-rigging claims proceeds separately from the discovery consolidated in *In re Broiler Chickens*, the government respectfully requests a process that will continue to permit the government to receive copies of discovery requests to interpose timely objections as needed. This is the present approach in the consolidated proceedings.[2] The government is prepared to submit a motion and proposed order to formalize the parties' need to provide the United States with copies of all discovery requests, including requests for the production of documents as well as deposition notices, whether or not that discovery is propounded or taken within the *In re Broiler Chickens* consolidated proceedings or outside of it.

Respectfully submitted,

/s/ Michael Koenig
Michael T. Koenig, Trial Attorney
Carolyn M. Sweeney, Trial Attorney
Paul J. Torzilli, Trial Attorney
U.S. Department of Justice
Antitrust Division
450 Fifth Street, N.W.
Washington, D.C. 20530
(202) 616-2165
Michael.Koenig@usdoj.gov

---

[2] That approach has enabled the government to be informed of upcoming planned depositions so that, if the need arises, it can "file a sealed motion for a protective order with respect to that particular deposition," Dkt. 3356 (order lifting stay), and has likely avoided needless motion practice.