**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION<br><br>This Document Relates To: ALL CASES | No. 1:16-cv-08637<br><br>Hon. Thomas M. Durkin<br>Magistrate Judge Jeffrey T. Gilbert |

**DIRECT PURCHASER PLAINTIFFS' MOTION TO
APPOINT SPECIAL MASTERS FOR SETTLEMENT**

Direct Purchaser Plaintiffs ("DPPs"), through their undersigned counsel, and pursuant to Rule 53 of the Federal Rules of Civil Procedure, hereby move this Court for entry of an Order appointing Special Masters for Settlement. In support, DPPs state the following:

As it said in its September 22, 2020 Order, the Court's goal is the "expedient resolution of this case." (ECF No. 3835 at 8.) DPPs share that goal. After more than four years of litigation, motions for class certification will be filed in two weeks and the close of fact discovery is in sight. As the Court stated, "an immense amount of motion practice and discovery has occurred" to date. (ECF No. 3835 at 5–6.) In light of upcoming class certification motion practice, related expert discovery, considerations raised by the DOJ's recent Superseding Indictment, and other remaining pretrial matters, DPPs believe that at this juncture the Court should consider appointing Settlement Masters to facilitate settlement discussions.

The Court previously inquired about settlement discussions on February 6, 2018 and on occasion since then, even suggesting setting aside a day to sit down with the parties to "talk about where this case is going" and the potential for settlement of this complex litigation. (*See, e.g.*, Ex. A, Feb. 6, 2018 Hr'g Tr. at 14:18–19; Ex. B, Nov. 13, 2018 Hr'g Tr. at 11:20–18:20.) The timing may not have been right at that time but DPPs respectfully suggest that it may be now. Significant

work remains to be done. The class plaintiffs are on the cusp of moving for class certification, which will require the parties to undertake class expert discovery and related *Daubert* motions. This will be followed by merits expert discovery, summary judgment, and more *Daubert* motion practice. Finally, in just over two years, there will be trials in those cases that are not settled or otherwise resolved. But proceedings will not end there. The Court has acknowledged that the related bid-rigging claims, which are stayed until the supply reduction and Georgia Dock claims are resolved, will necessitate more document discovery and "likely re-taking of hundreds of depositions." (ECF No. 3835 at 6.) If not settled, the bid-rigging claims then will require further pretrial proceedings, summary judgment, and trials.

DPPs propose two distinguished and eminently qualified candidates as Special Masters, both well known to this Court. The first is the Honorable Ruben Castillo (Ret.), former Chief Judge of this Court. Judge Castillo presided over multiple antitrust and class action cases during his 25 years on the bench, and he succeeded in settling difficult cases. The second is the Honorable Morton Denlow (Ret.), former Magistrate Judge for this Court. Judge Denlow has particular expertise settling complex class action antitrust cases. He successfully mediated a $97.5 million settlement in a class action antitrust case against producers of potash, a $4.8 million settlement involving the containerboard and corrugated paper industry, and a $39 million settlement involving liquid crystal display (LCD) panels. Both Judge Castillo and Judge Denlow have the experience and skills to resolve this challenging case. Both also have expressed interest in the role and are willing to serve as Special Masters.

Although both Judge Castillo and Judge Denlow are separately qualified to independently serve as a Special Master, given the number of parties and the potential for conflicts of interest, DPPs put forward that they both be appointed to jointly serve as Special Masters. Having two

Special Masters will aid with timing, while their differing styles will also serve as a benefit: where one is not successful the other may succeed. However, if the Court prefers to appoint only a single Special Master, DPPs are equally amenable to the selection of either Judge Castillo or Judge Denlow. DPPs suggest that the appointments occur now with initial meetings to begin in November, with status reports to the Court as appropriate. Appointing Special Masters to focus on settlement will allow the case and settlement talks to proceed on parallel tracks, thereby avoiding any additional delays to the case schedule.

Settlement masters have proven successful in large, complex class actions. For instance, in *In re Automotive Parts Antitrust Litig.*, No. 2:12-md-02311 (E.D. Mich.), the court appointed a Settlement Master at the parties' request, after concluding that "pursuant to Federal Rule of Civil Procedure 53(a)(1)(C), the appointment of a master would aid significantly the progress of this litigation without imposing unreasonable expenses on the parties." (Ex. C, Feb. 14, 2017 Amended Order Appointing Settlement Master at p. 1.) The Settlement Master in *Auto Parts* mediated several successful settlements. Moreover, mandatory mediation has already had positive results during COVID-19 in the Circuit Court of Cook County, despite parties' initial unwillingness, where General Administrative Order 20-7 mandated "pre-trial of cases that were ready for trial but were not permitted to proceed due to the COVID-19 pandemic." (Ex. D, Aug. 26, 2020 Gen. Admin. Order 20-7 at p. 1.)

DPPs have spoken with liaison counsel for Defendants. Defendants will not join this motion. It is likely that some or all of Defendants will oppose the motion but need to see what is filed before they can take a definitive position.

4

WHEREFORE, for these reasons, Direct Purchaser Plaintiffs respectfully request this Court enter an Order appointing Special Masters for Settlement pursuant to Rule 53 of the Federal Rules of Civil Procedure.

Dated: October 15, 2020

<div style="column-count:2">

W. Joseph Bruckner
Brian D. Clark
Simeon A. Morbey
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
T: (612) 339-6900
F: (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com
samorbey@locklaw.com

Bruce L. Simon
Neil Swartzberg
PEARSON, SIMON & WARSHAW, LLP
350 Sansome Street, Suite 680
San Francisco, CA 94104
T: (415) 433-9000
F: (415) 433-9008
bsimon@pswlaw.com
nswartzberg@pswlaw.com

Clifford H. Pearson
Daniel L. Warshaw
Michael H. Pearson
Bobby Pouya
PEARSON SIMON & WARSHAW, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 92403
T: (818) 788-8300
F: (818) 788-8104
cpearson@pswlaw.com
dwarshaw@pswlaw.com
mpearson@pswlaw.com
bpouya@pswlaw.com

***Direct Purchaser Plaintiffs Interim Co-Lead Class Counsel***

s/ *Steven A. Hart*
Steven A. Hart (#6211008)
Brian Eldridge (#6281336)
John Marrese (#6306516)
Kyle Pozan (#6306761)
HART MCLAUGHLIN & ELDRIDGE, LLC
22 West Washington Street, Suite 1600
Chicago, IL 60602
T: (312) 955-0545
F: (312) 971-9243
shart@hmelegal.com
beldridge@hmelegal.com
jmarrese@hmelegal.com
kpozan@hmelegal.com

***Direct Purchaser Plaintiffs Interim Liaison Class Counsel***

</div>

## CERTIFICATE OF SERVICE

I, Steven A. Hart, depose and state that I have served a copy of Direct Purchaser Plaintiffs' Motion to Appoint Special Master for Settlement upon all counsel of record via the United States Court for the Northern District of Illinois' CM/ECF Document Filing System on October 15, 2020.

By: s/ *Steven A. Hart*

[x] As provided by law pursuant to Rule 5(b) of Fed. Rules of Civil Procedure, I certify that the statements set forth herein are true and correct.