# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | Case No. 1:16-cv-08637 |
| | The Honorable Thomas M. Durkin |
| This Document Relates To: | The Honorable Jeffrey T. Gilbert |
| *Sysco Corp. v. Tyson Foods, Inc. et al.*, No. 1:18-cv-00700 | |
| *US Foods, Inc. v. Tyson Foods, Inc. et al.*, No. 1:18-cv-00702 | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL SYSCO
AND US FOODS TO PROVIDE WITNESSES ON CERTAIN RULE 30(b)(6) TOPICS**

## TABLE OF CONTENTS

BACKGROUND ........................................................................................................................2

ARGUMENT ...........................................................................................................................4

I.     Category 1:  Plaintiffs' Knowledge and Analysis of Different Types of Chicken Products (Topic 23).................................................................................................5

II.    Category 2:  Plaintiffs' Monitoring of Their Competitors and Use of Such Competitive Information (Topic 15)...............................................................................7

III.   Category 3:  Plaintiffs' Monitoring and Projections of Broiler Market Factors and Pricing (Topics 8, 9, 13, and 18-20). ................................................................9

IV.   Category 4:  Plaintiffs' Pre-Complaint Investigation (Topic 26) ....................................12

CONCLUSION ........................................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baxter Int'l, Inc. v. Becton, Dickinson & Co.*,
  No. 17-C-7576, 2019 WL 3408813 (N.D. Ill. July 26, 2019) ..........................................12, 13

*Bryant v. Mattel, Inc.*,
  No. CV 04-09049 SGL(RNBx), 2007 WL 5430885 (C.D. Cal. July 2, 2007)......................13

*Chicago Reg'l Council of Carpenters Pension Fund v. Woodlawn Cmty. Dev. Corp.*,
  No. 09-cv-3983, 2011 WL 6318605 (N.D. Ill. Dec. 15, 2011).................................................5

*United States ex rel. Derrick v. Roche Diagnostics Corp.*,
  No. 14-C-4601, 2019 WL 10367990 (N.D. Ill. July 29, 2019) .................................................4

*Fed. Deposit Ins. Corp. v. Giancola*,
  No. 13-C-3230, 2015 WL 5559804 (N.D. Ill. Sept. 18, 2015).................................................4

*In re Peregrine Fin. Grp. Customer Litig.*,
  No. 12-C-5546, 2015 WL 1344466 (N.D. Ill. Mar. 20, 2015) .................................................5

*Seaga Mfg., Inc. v. Intermatic Mfg. Ltd.*,
  No. 13-C-50041, 2013 WL 3672964 (N.D. Ill. July 12, 2013) .................................................4

*Securities and Exchange Commission v. Merkin*,
  283 F.R.D. 689 (S.D. Fla. 2012)............................................................................................13

*SmithKline Beecham Corp. v. Apotex Corp.*,
  No. 98-C-3952, 2000 WL 116082 (N.D. Ill. Jan. 23, 2000).....................................................5

**Other Authorities**

Local Rule 37.2 ................................................................................................................................2

Federal Rule of Civil Procedure 30(b)(6) ............................................................................ *passim*

It has been nearly nine months since Defendants[1] served their Rule 30(b)(6) Topics on Sysco and US Foods (collectively, "Plaintiffs"). Despite good-faith attempts by Defendants to obtain responses from Plaintiffs and to reach an appropriate compromise, Defendants remain at an impasse with Plaintiffs regarding several Topics, namely:

- **Category 1:** Plaintiffs' knowledge and analysis of various Broiler products;[2]

- **Category 2:** Plaintiffs' monitoring of competitors' purchases and use of that competitive intelligence;[3]

- **Category 3:** Plaintiffs' monitoring and projections of market factors and prices for Broiler products;[4] and

- **Category 4:** Plaintiffs' pre-complaint investigation.[5]

These Topics are central to the claims that Plaintiffs brought against the Defendants here. Sysco and US Foods are the two largest broadline distributors in the United States. The documents they produced in this case demonstrate that they monitored various market factors impacting the price of Broilers – the cost of feed, production levels, and consumer demand – and then used that information to make their Broiler procurement decisions and negotiate Broiler prices. Evidence that Plaintiffs themselves successfully forecasted Broiler prices based on market factors will prove that those factors – not any alleged collusion – actually determined prices. Plaintiffs' collection

---

[1] For purposes of this Motion, "Defendants" includes all undersigned Defendants. Amick Farms and Case Foods were not named in Plaintiffs' complaints. Sysco Corporation has resolved its claims against Fieldale Farms; accordingly, Fieldale is not a party to this Motion. *See* Dkt. 3552.

[2] *See* Exhibit A (e-mail attaching Rule 30(b)(6) Notice to Sysco and US Foods), Topic 23. The Rule 30(b)(6) Topics for Sysco Corporation are the same as those for US Foods.

[3] *Id.*, Topic 15.

[4] *Id.*, Topics 8, 9, 13, and 18-20.

[5] *Id.*, Topic 26.

1

and use of competitive intelligence similarly impacted their negotiations of Broiler pricing and will show both the procompetitive motives and effect of such intelligence, and thus is central to this case. Finally, Plaintiffs' pre-complaint investigation, and the extent to which they were aware of any of the alleged conduct, impacts issues such as whether an unlawful understanding can be inferred from Defendants' conduct and whether Plaintiffs' claims are barred by the statute of limitations.

Without providing any real basis, Plaintiffs have refused to testify concerning Categories 1 and 2, despite several attempts by Defendants to compromise and at least five telephonic meet and confers. With respect to Categories 3 and 4, Plaintiffs have agreed to provide testimony only on documents that Defendants have pre-identified: a "compromise" that is unjustified, too narrow, and seeks to flip their burden of adequately preparing a witness (in lawsuits Plaintiffs have chosen to bring) to Defendants. They have dragged their feet in providing Defendants with highly relevant information (and which other DAPs have agreed to provide). With the 30(b)(6) depositions of these Plaintiffs scheduled for December 3 and December 10, Defendants respectfully ask this Court to compel Plaintiffs to produce witnesses on these Topics.[6]

## BACKGROUND

Defendants have been trying to complete negotiations regarding their 30(b)(6) Topics to Plaintiffs for over eight months. After months of delay by Plaintiffs, and with the depositions fast

---

[6] Pursuant to N.D. Ill. Local Rule 37.2, Defendants certify that the parties have engaged in several meet and confers, including at least five telephone conferences between counsel for Defendants and Plaintiffs' counsel, as evidenced by the exhibits attached to this motion. Although these meet and confers resulted in the agreement on many Topics, the Topics that are subject to this motion remain disputed. The last telephonic meet and confer regarding the Topics subject to this motion occurred on September 21, 2020. *See* Ex. H. Defendants sent a follow up e-mail on September 22 and received a response from Plaintiffs on October 13. *See id*.

approaching, Defendants can wait no longer to seek the Court's assistance in obtaining basic information about this case from Plaintiffs' corporate witnesses.

In December 2019, Defendants provided initial draft 30(b)(6) Topics to Plaintiffs. In January, Defendants held the first of several meet and confer calls regarding the Topics with counsel for Plaintiffs. Defendants revised the initial Topics to address issues that Plaintiffs raised in that initial meet and confer, and immediately served formal 30(b)(6) Topics on Sysco and US Foods on January 29, 2020. *See* Ex. A. Plaintiffs delayed responding for months, despite multiple inquiries by Defendants (which went unanswered). *See* Ex. B (April 13, 2020 e-mail noting that Plaintiffs' "continued silence is puzzling and troubling").

Finally, on April 20, US Foods provided draft objections, which merely asserted general objections and reserved the right to amend the responses after further meet and confers. *See* Ex. C at p.1 (April 20, 2020 e-mail from S. Gant).

The parties held another telephonic meet and confer on April 30, during which Defendants agreed, as a courtesy, to provide a document outlining in greater detail the testimony they sought, while Sysco and US Foods committed to provide further detail on what information they were agreeing to prepare a corporate representative to provide. As agreed, Defendants provided their document with further detail on May 8. *See* Ex. D at p.6 (May 8, 2020 e-mail from B. Liegel). However, Plaintiffs did not keep their end of the bargain. Instead, they only offered to discuss with their client and then respond to Defendants, without providing the promised further detail on their position. *See id.* (May 8, 2020 e-mail from S. Gant).

Despite following up several times during June and receiving minimal or no response, Defendants finally received "a document with US Foods' current positions on the 30(b)(6) topics"

on July 9, 2020 (two months after it had been promised), and an e-mail relating that "Sysco's positions are the same," with one exception on July 14.  *See* Ex. E.

After a series of discussions, the parties reached agreement on most of the Topics, but other Topics remained disputed.  On August 3, Defendants reiterated their request that Plaintiffs provide "complete responses and objections," with Plaintiffs' final positions on the Topics in dispute by August 10.  *See* Ex. F at p.1.  That did not happen.  After another series of communications and a meet and confer call, Defendants provided further proposed compromises on September 22.  *See* Ex. G at pp.4-9; Ex. H. at p.2-3 (September 22, 2020 e-mail from B. Liegel).  Finally, after three more weeks, Plaintiffs have wholly refused to provide relevant testimony on Categories 1 and 2, and have refused to provide even general, management-level testimony on Categories 3 and 4.  *See* Ex. H at p.1 (October 13, 2020 e-mail from S. Gant).  Accordingly, Defendants file this Motion to Compel.

## ARGUMENT

This Court has previously recognized that a motion to compel is appropriate when a party desires "to firmly nail down the topics for the deposition."  *United States ex rel. Derrick v. Roche Diagnostics Corp.*, No. 14-C-4601, 2019 WL 10367990, at *1 (N.D. Ill. July 29, 2019) (Gilbert, M.J.).  "Rule 30(b)(6) is intended to streamline the discovery process" and is "designed to prevent business entities from 'bandying,' which is the practice of presenting employees for their deposition who disclaim knowledge of facts known by other individuals within the entity."  *Fed. Deposit Ins. Corp. v. Giancola*, No. 13-C-3230, 2015 WL 5559804, at *2 (N.D. Ill. Sept. 18, 2015) (alterations adopted and citations omitted).  "Although Rule 30(b)(6) is not designed to be a memory contest, the corporation has a duty to make a good faith, conscientious effort to designate appropriate persons and to prepare them to testify fully and non-evasively about the subjects.

4

Preparing a Rule 30(b)(6) designee may be an onerous and burdensome task, but this consequence is merely an obligation that flows from the privilege of using the corporate form to do business." *Seaga Mfg., Inc. v. Intermatic Mfg. Ltd.*, No. 13-C-50041, 2013 WL 3672964, at *2 (N.D. Ill. July 12, 2013) (citations omitted).

A Rule 30(b)(6) notice need only "describe with *reasonable* particularity the matters for examination." Fed. R. Civ. P. 30(b)(6) (emphasis added); *see also In re Peregrine Fin. Grp. Customer Litig.*, No. 12-C-5546, 2015 WL 1344466, at *9 (N.D. Ill. Mar. 20, 2015) (rejecting argument that notice must "designate the scope of inquiry with 'painstaking specificity,'" because "the plain language of the Rule contradicts such a claim"). This Court has recognized that a party's "obligation in noticing a Rule 30(b)(6) deposition" is to provide the other party "with information sufficient for it to prepare its corporate designee so he or she can give the corporation's testimony about specific topics." Dkt. 3730 at 3 (citing, *inter alia*, *SmithKline Beecham Corp. v. Apotex Corp.*, No. 98-C-3952, 2000 WL 116082, at *9 (N.D. Ill. Jan. 23, 2000)). Such preparation extends to "information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6); *see also Chicago Reg'l Council of Carpenters Pension Fund v. Woodlawn Cmty. Dev. Corp.*, No. 09-cv-3983, 2011 WL 6318605, at *4 (N.D. Ill. Dec. 15, 2011) (explaining scope of duty to prepare under Rule 30(b)(6)). For the following reasons, Defendants have met their obligation to describe the scope of inquiry for the disputed Topics with "reasonable particularity," providing Plaintiffs with more than sufficient information to prepare their designees.

## I.  Category 1:  Plaintiffs' Knowledge and Analysis of Different Types of Chicken Products (Topic 23)

Topic 23 seeks general, management-level testimony concerning Plaintiffs' knowledge, analysis, and purchasing of various chicken products in specifically enumerated categories:

5

> Your knowledge of, analysis of, purchasing activity, and decision-making regarding chicken raised for meat consumption—regardless of whether it is included in or excluded from the definition of Broilers—with different attributes that potentially distinguish the product, including the following attributes: (1) antibiotic free or ABF, (2) no antibiotic ever or NAE, (3) no antibiotics intended for human medicine or NAIHM, (4) organic, (5) free-range, (6) Kosher, (7) halal, (8) all-vegetarian fed, (9) yellow birds, and (10) size, such as big birds, small birds, and other variations for use in specific applications, including deli WOGs, tray pack, or further processing. This request includes any specific attributes identified by You or Your customers in advertising or other sales or purchasing activity.

Ex. A (Topic 23). It seeks testimony regarding the differences between various Broiler chicken products, such as differences in bird size, packaging, and further processing. This testimony will show that while certain product categories, such as organic and Kosher chicken, fall outside Plaintiffs' litigation-driven definition of "Broilers," *see* Sysco Complaint at ¶ 73,[7] they still impact the demand for Broiler chicken. Defendants have requested general, management-level testimony concerning Plaintiffs' knowledge of consumer demand for these products from their customers, including how that demand affects their purchasing decisions.

Although Plaintiffs' complaints broadly group all "Broiler" products into one category, anyone who has ever shopped for chicken is aware that there are myriad different chicken products. Testimony will show the differences between those products, the varying demand for the products, and the different Defendants that produce them, and thus will show the implausibility of a conspiracy to reduce supply for all Broilers. It will also inform the analysis of Defendants' legitimate business decisions in allocating production to meet that varied demand. ███████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[7] Sysco Complaint, Case No. 1:18-cv-00700 (N.D. Ill. Jan. 30, 2018), Dkt. 1.

 Large distributors like Plaintiffs are likely to know which Broiler products are more popular for restaurants versus retail customers.

Accordingly, the varying demand for the myriad chicken products, including increasing demand for "non-Broiler" chicken products, is directly relevant to Defendants' production and pricing decisions during the relevant period.

Plaintiffs have failed to articulate any reason why they are unable to offer management-level testimony on this Topic. Indeed, their most recent correspondence fails to respond to this Topic entirely, claiming it was not discussed at prior meet and confers. *See* Ex. H at p.1. This is not correct – Defendants discussed this Topic most recently during the September 21 meet and confer, and responded to Plaintiffs' counsel's questions about the Topic's relevance. As shown in Defendants' September 22 correspondence, Plaintiffs were to provide a response on the Topic after discussing with their clients. *See* Ex. H at pp.2-3. They never did, however, necessitating this Motion.

## II.    Category 2:    Plaintiffs' Monitoring of Their Competitors and Use of Such Competitive Information (Topic 15)

Topic 15 seeks a corporate representative to testify regarding:

Your relationship or interactions with, monitoring of, and knowledge about Your competitors and/or other Broiler purchasers, including Communications with such

competitors and/or Broiler purchasers, knowledge of Your competitors' pricing, attendance at events such as the EMI Poultry Outlook Conference also attended by Your competitors, and Your hiring of employees who formerly worked for Your competitors.

The parties have agreed to the scope of certain portions of Topic 15, but a dispute remains concerning whether Plaintiffs must provide testimony on their "monitoring or knowledge of the competitors' purchases and sales of Broilers, including pricing." *See* Ex. H at p.3 (September 22, 2020 e-mail from B. Liegel). Defendants believe a witness should be prepared to testify at a general level regarding the monitoring of competitors' pricing, product development, and public statements. This information would include testimony regarding whether and how Plaintiffs gather information on competitors (*i.e.*, other purchasers and resellers of Broiler products) and how they use that information to negotiate and agree on prices for Broilers.

Because Plaintiffs have alleged that this very conduct is anticompetitive when performed by Defendants (*see, e.g.*, Sysco Compl. ¶¶ 106), testimony on Topic 15 is highly relevant; it will show the legitimate sources of such competitive intelligence, show the legitimate uses of the competitive intelligence, and illustrate the existence of dynamic competition within the Broiler market. For example, document discovery suggests that Plaintiffs and other customers of Defendants used competitor information in order to negotiate a better price for Broilers from Defendants. ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████ ████████████████████████

████████████████████████████ Defendants are entitled to explore whether

Sysco and US Foods engaged in similar conduct, and the ways in which that conduct impacted negotiations, pricing decisions, and procurement strategy.

Plaintiffs currently refuse to provide any testimony about these issues – and instead continue to offer to testify only concerning industry events and the hiring of employees from within the industry. *See* Ex. H at p.1. During the meet and confer process, Plaintiffs argued that they could not testify regarding whether any employee ever spoke with a competitor at any time, but Defendants have already allayed that concern by stating clearly: "Defendants do *not* expect that your clients interview everyone at the company to ask if they've ever had contact with a competitor." Ex. H at p.3 (emphasis added). Rather, the focus is on *general, management-level testimony* about any practices of monitoring or obtaining information about competitors (which has been further limited to broadline distributors) and the use of that competitive intelligence. Defendants have provided Plaintiffs with "information sufficient for [them] to prepare" their witnesses about Topic 15. Dkt. 3730 at 3. Accordingly, beyond the information regarding events and hiring on which the parties have already agreed, Plaintiffs should be compelled to provide a witness to testify at a general level concerning their monitoring of competitors' pricing, product development, and public statements, as it relates to Broiler products.

## III. Category 3: Plaintiffs' Monitoring and Projections of Broiler Market Factors and Pricing (Topics 8, 9, 13, and 18-20)

Topics 8, 9, 13 and 18-20 seek testimony concerning Plaintiffs' gathering and use of information relating to Broiler pricing and production, and the various factors affecting the market for Broilers, such as production levels, industry demand, and the costs of inputs such as corn and grain. *See* Ex. A. Defendants have agreed to limit these Topics to "general, management-level" testimony. Topic 8 seeks testimony concerning "monitoring, analysis, forecasts or projections

regarding chicken prices;" Topic 9 seeks analyses, forecasts or projections "concerning market factors taken into account in purchasing or selling Broilers;" Topic 13 asks for knowledge of "historical demand, supply, and prices for Broilers and market factors affecting demand, supply, and prices for Broilers;"[8] and Topics 18-20 seek general testimony concerning Plaintiffs' knowledge of Broiler production levels, feed costs, and average prices for Broilers during the Relevant Period.[9]

Plaintiffs initially refused to provide *any* Rule 30(b)(6) testimony on these Topics, asserting that they had not identified routine or systematic monitoring or use of such information. *See* Ex. F at pp.2-3. Subsequently, Plaintiffs agreed to provide "general testimony reasonably available to it about information *made available to it by third-parties*." Ex. G at p.4 (emphasis added). Defendants responded by explaining that the "focus of those topics is [Plaintiffs'] gathering and use of information on pricing, demand, and market factors for Broilers, *regardless of the source of the information*." Ex. H at p.2 (September 22, 2020 e-mail from B. Liegel) (emphasis added).

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[8] The parties have agreed to exclude "opinion" from the scope of Topic 13. *See* Ex. F at p.3.

[9] Topic 18 also sought testimony concerning Plaintiffs' knowledge of how Broilers are produced. The parties have agreed to accept 30(b)(1) testimony on that portion of Topic 18. *See* Ex. F at pp.3-4.

████████████████████████████████████████████████████

10



Testimony regarding Plaintiffs' monitoring, knowledge, and use of information relating to Broiler prices and market factors is highly relevant to this litigation. Plaintiffs allege that production cuts and price increases were the result of illegal conduct. *See e.g.*, Sysco Complaint at ¶¶ 8-9. They also fault Defendants' access to information about production figures and "corn and soybean meal costs." *See* Sysco Complaint at ¶ 106. ████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████ Defendants are entitled to testimony on these points, which will illustrate that Defendants' supply decisions were legitimate, independent decisions based on market factors like demand and cost. The testimony will also illustrate that these decisions were of no surprise to sophisticated and well-informed purchasers like Sysco and US Foods.

In the eight months since service of Defendants' 30(b)(6) Topics, Plaintiffs never justified why they cannot provide management-level testimony on these Topics. Plaintiffs initially denied monitoring these factors, then reversed position and agreed to provide "general testimony" only about a handful of documents identified by Plaintiffs. *See* Ex. H at p.1. This is plainly insufficient. Plaintiffs' proposal fails to provide testimony regarding their collection and use of this market information in general. Most obviously, Plaintiffs' proposal would leave Defendants unable to determine whether Plaintiffs' gathering and use of this information extended beyond the

11

documents that Plaintiffs have identified. Moreover, Plaintiffs' identification of these documents illustrates that they understand the Topics and have "information sufficient" to prepare a witness to provide management-level testimony. Dkt. 3730 at 3.

**IV.    Category 4:  Plaintiffs' Pre-Complaint Investigation (Topic 26)**

Topic 26 seeks testimony concerning: "knowledge and participation in the Broiler Chicken Litigation, including the allegations set forth in Your Complaint and Your pre-Complaint investigation of facts supporting Your allegations." After negotiating, Defendants have explained that Plaintiffs' representatives should be prepared to provide management-level knowledge of investigations regarding alleged manipulation of the Georgia Dock, inter-defendant sales, "atypical increases" in exports, and other allegations by Plaintiffs regarding Defendants' conduct. This testimony naturally relates to Defendants' statute of limitations defense, as well as whether antitrust violations can be inferred from conduct and communications by Defendants that Plaintiffs may have been aware of, but never challenged.

After twice summarily responding that they "do not plan to provide a witness," Plaintiffs then objected to this Topic on the basis that it "does not appear to seek any non-privileged information." Ex. G at p.6. And, in their most recent correspondence, they rested on that objection –offering only to "consider" specific documents if shown in advance. Ex. H at p.2. Defendants' request for general testimony on Plaintiffs' pre-complaint investigation is not contingent on identifying documents in advance. Moreover, Plaintiffs' privilege objection "is speculation," because the Topic is not "drafted in such a way that questions within [its] scope would *inevitably* seek privileged information." *Baxter Int'l, Inc. v. Becton, Dickinson & Co.*, No. 17-C-7576, 2019 WL 3408813, at *7 (N.D. Ill. July 26, 2019) (emphasis in original). Indeed, consistent with *Baxter*, Defendants have represented that they are *not* seeking privileged information and have tailored

12

Topic 26 to include only pre-Complaint knowledge and any pre-Complaint investigation not involving counsel. *See* Ex. H at p.3 ("As we have indicated, we are not seeking privileged information, but we are entitled to testimony on non-privileged facts responsive to this Topic to the extent there are any. To the extent a question may seek privileged information at a deposition, you are of course able to object at that time on a question-by-question basis."). Plaintiffs' "wholesale refusal to produce a witness to testify about relevant Rule 30(b)(6) topics is not the appropriate way to protect its privileged information." *Id.*; *see also Securities and Exchange Commission v. Merkin*, 283 F.R.D. 689, 698 (S.D. Fla. 2012) (explaining that "[l]itigants usually cannot prohibit a 30(b)(6) deposition by arguing in advance that each and every question would trigger the disclosure of attorney-client and work production information"); *Bryant v. Mattel, Inc.*, No. CV 04-09049 SGL(RNBx), 2007 WL 5430885, at *3 (C.D. Cal. July 2, 2007) (holding that a party "may not make a blanket [privilege] objection and justify its refusal to produce a Rule 30(b)(6) designee on [a Rule 30(b)(6)] topic based on that blanket objection"). "Rather, [Plaintiffs] must produce a knowledgeable witness to testify and then, if any question asked during the deposition ventures into what [Plaintiffs] claim[] is privileged territory, [Plaintiffs'] counsel is free to object to the particular question at issue, state the asserted privilege, and instruct the witness not to answer on the basis of that privilege." *Baxter*, 2019 WL 3408813, at *8.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendants respectfully request that this Court grant the Motion and compel Sysco and US Foods to provide management-level testimony on Topics 8, 9, 13, 15, 18-20, 23, and 26.

13

Dated: October 16, 2020

WEIL GOTSHAL & MANGES LLP

By: */s/ Carrie C. Mahan*
Carrie C. Mahan (#459802)
Christopher J. Abbott (#1014487)
2001 M Street N.W., Ste. 600
Washington, D.C. 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
carrie.mahan@weil.com
christopher.abbott@weil.com

Adam C. Hemlock (#2829679)
767 Fifth Avenue
New York, NY 10153
Telephone: 212-310-8000
Facsimile: 212-310-8007
adam.hemlock@weil.com

Brian G. Liegel (#119269*)*
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Telephone: (305) 577-3100
Facsimile: (305) 347-7159
Brian.liegel@weil.com

BAILEY BRAUER PLLC
Clayton E. Bailey (admitted *pro hac vice*)
8350 N. Central Expressway, Ste. 206
Dallas, TX 75206
Telephone: (214) 360-7433
Facsimile: (214) 360-7424
cbailey@baileybrauer.com

EIMER STAHL LLP
Michael L. McCluggage (#01820966)
224 South Michigan Avenue, Ste. 1100
Chicago, IL 60604
Telephone: (312) 660-7665
Facsimile: (312) 692-1718
mmccluggage@eimerstahl.com

*Attorneys for Defendant Pilgrim's Pride*
*Corporation and Liaison Counsel for*
*Defendants*

Respectfully submitted,

VENABLE LLP

By: /s/ *J. Douglas Baldridge*
J. Douglas Baldridge (#437678)
Lisa Jose Fales (admitted *pro hac vice*)
Danielle Foley (admitted *pro hac vice*)
Andrew Hernacki (admitted *pro hac vice*)
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: 202-344-8300
jdbaldridge@venable.com
ljfales@venable.com
drfoley@venable.com
athernacki@venable.com

FALKENBERG IVES LLP
Kirstin B. Ives
30 N. LaSalle St., Ste 4020
Chicago, IL 60602
Telephone: (312) 566-4803
Facsimile: (312) 566-4810
kbi@ffilaw.com

*Attorneys for Defendants Perdue Farms, Inc.*
*and Perdue Foods LLC*

14

By: /s/ *John W. Treece*
_____
John W. Treece (#3122889)
1135 West Montana Street
Chicago, IL 60614
Telephone: (312) 961-7808
jtreece@jwtreece.com

ROSE LAW FIRM

Amanda K. Wofford (admitted *pro hac vice*)
Bourgon Reynolds (admitted *pro hac vice*)
120 East Fourth Street
Little Rock, Arkansas 72201
Telephone: (501) 375-9131
Facsimile: (501) 375-1309
awofford@roselawfirm.com
breynolds@roselawfirm.com

*Attorneys for Defendants Mountaire Farms,*
*Inc., Mountaire Farms, LLC and Mountaire*
*Farms of Delaware, Inc.*


KIRKLAND & ELLIS LLP

By: /s/ *Daniel E. Laytin, P.C.*
_____
Daniel E. Laytin, P.C.
Christa C. Cottrell, P.C.
Stacy Pepper
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
dlaytin@kirkland.com
ccottrell@kirkland.com
stacy.pepper@kirkland.com

*Attorneys for Defendants Sanderson Farms,*
*Inc., Sanderson Farms, Inc. (Foods Division),*
*Sanderson Farms, Inc. (Processing Division),*
*and Sanderson Farms, Inc. (Production*
*Division)*

STINSON LLP

By: /s/ *William L. Greene*
_____
William L. Greene (admitted *pro hac vice*)
Peter J. Schwingler (admitted *pro hac vice*)
Kevin P. Kitchen (admitted *pro hac vice*)
50 South Sixth Street, Ste 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
kevin.kitchen@stinson.com

J. Nicci Warr
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
Telephone: (314) 259-4570
nicci.warr@stinson.com

SUGAR FELSENTHAL GRAIS &
HELSINGER LLP

John C. Martin
30 N. LaSalle Street, Ste 3000
Chicago, IL 60602
Telephone: (312) 704-2172
Facsimile: (312) 372-7951
jmartin@sfgh.com

THE LAW GROUP OF NORTHWEST
ARKANSAS LLP

Gary V. Weeks (admitted *pro hac vice*)
K.C. Dupps Tucker (admitted *pro hac vice*)
Kristy E. Boehler (admitted *pro hac vice*)
1830 Shelby Lane
Fayetteville, AR 72704
Telephone: (479) 316-3760
gary.weeks@lawgroupnwa.com
kc.tucker@lawgroupnwa.com
kristy.boehler@lawgroupnwa.com

*Attorneys for Defendants George's, Inc.*
*and George's Farms, Inc.*

15

NOVACK AND MACEY LLP

By: /s/ *Stephen Novack*
Stephen Novack
Stephen J. Siegel
Christopher S. Moore
100 North Riverside Plaza
Chicago, IL 60606
Telephone: (312) 419-6900
Facsimile: (312) 419-6928
snovack@novackmacey.com
ssiegel@novackmacey.com
cmoore@novackmacey.com

*Attorneys for Defendants Koch Foods Incorporated, JCG Foods of Alabama LLC, JCG Foods of Georgia LLC and Koch Meat Co., Inc.*


VEDDER PRICE P.C.

By: /s/ *Gregory G. Wrobel*
Gregory G. Wrobel (#3122900)
222 N. LaSalle Street
Chicago, IL 60601
Telephone: (312) 609-7722
Facsimile: (312) 609-5005
gwrobel@vedderprice.com

JORDAN PRICE WALL GRAY JONES & CARLTON, PLLC

Henry W. Jones, Jr. (admitted *pro hac vice*)
1951 Clark Avenue
Raleigh, NC 27605
Telephone: (919) 828-2501
Facsimile: (919) 834-8447
hjones@jordanprice.com

*Attorneys for Defendant House of Raeford Farms, Inc.*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ *Lara Flath*
Lara Flath (#6289481)
Boris Bershteyn (admitted *pro hac vice*)
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
boris.bershteyn@skadden.com
lara.flath@skadden.com

Patrick Fitzgerald (#6307561)
Gail Lee
Peter Cheun
155 N. Wacker Drive
Chicago, IL 60606
Telephone: (312) 407-0700
Facsimile: (312) 407-0411
patrick.fitzgerald@skadden.com
gail.lee@skadden.com
peter.cheun@skadden.com

*Attorneys for Defendant Peco Foods, Inc.*


PROSKAUER ROSE LLP

By: /s/ *Christopher E. Ondeck*
Christopher E. Ondeck (admitted *pro hac vice*)
Stephen R. Chuk (admitted *pro hac vice*)
1001 Pennsylvania Ave., NW, Ste 600 South
Washington, DC 20004
Telephone: (202) 416-6800
Facsimile: (202) 416-6899
condeck@proskauer.com
schuk@proskauer.com

*Attorneys for Wayne Farms LLC*

16

KUTAK ROCK LLP

By: /s/ *John P. Passarelli*
John P. Passarelli (admitted *pro hac vice*)
James M. Sulentic (admitted *pro hac vice*)
1650 Farnam Street
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
john.passarelli@kutakrock.com
james.sulentic@kutakrock.com

J.R. Carroll (admitted *pro hac vice*)
Jeffrey M. Fletcher (admitted *pro hac vice*)
234 East Millsap Road, Ste 200
Fayetteville, AR 72703-4099
Telephone: (479) 973-4200
Facsimile: (479) 973-0007
jr.caroll@kutakrock.com
Jeffrey.fletcher@kuakrock.com

Kimberly M. Hare (#6323326)
One South Wacker Drive, Ste 2050
Chicago, IL 60606-4614
Telephone: (312) 602-4100
Facsimile: (312) 602-4101
kimberly.hare@kutakrock.com

*Attorneys for Defendants O.K. Foods, Inc.,*
*O.K. Farms, Inc., and O.K. Industries, Inc.*

EDWARD C. KONIECZNY LLC

By: /s/ *Edward C. Konieczny*
Edward C. Konieczny (admitted *pro hac vice*)
400 Colony Square, Ste 1501
1201 Peachtree Street, NE
Atlanta, GA 30361
Telephone: (404) 380-1430
Facsimile: (404) 382-6011
ed@koniecznylaw.com

SMITH, GAMBRELL & RUSSELL, LLP

David C. Newman (admitted *pro hac vice*)
W. Parker Sanders (admitted *pro hac vice*)
1230 Peachtree Street, N.E.
Promenade, Ste 3100
Atlanta, GA 30309
Telephone: (404) 815-3500
Facsimile: (404) 815-3509
dnewman@sgrlaw.com
psanders@sgrlaw.com

James L. Thompson
Lynch Thompson LLP
150 S. Wacker Drive, Suite 2600
Chicago, IL 60606
T: (312) 445-4623
F: (312) 896-5883
jthompson@lynchthompson.com

*Attorneys for Defendants Mar-Jac Poultry,*
*Inc.*

17

VAUGHAN & MURPHY

By: /s/ *Charles C. Murphy, Jr.*
Charles C. Murphy, Jr. (admitted *pro hac vice*)
690 S Ponce Court NE
Atlanta, GA 30307
Telephone: (404) 667-0714
Facsimile: (404) 529-4193
cmurphy@vaughanandmurphy.com

WINSTON & STRAWN LLP

James F. Herbison
Michael P. Mayer
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
jherbison@winston.com
mmayer@winston.com

*Attorneys for Defendant Norman W. Fries, Inc. d/b/a Claxton Poultry Farms*

MAYER BROWN LLP

By: */s/ Carmine R. Zarlenga*
Carmine R. Zarlenga (#90784529)
William H. Stallings (admitted pro hac vice)
Stephen M. Medlock (admitted pro hac vice)
Oral D. Pottinger (admitted pro hac vice)
1999 K Street N.W.
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
czarlenga@mayerbrown.com
wstallings@mayerbrown.com
smedlock@mayerbrown.com
opottinger@mayerbrown.com

*Attorneys for Defendants Foster Farms, LLC and Foster Poultry Farms, a California Corporation*

SHOOK HARDY & BACON LLP

By: /s/ *Lynn H. Murray*
Lynn H. Murray
111 S. Wacker Dr., Ste 4700
Chicago IL 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195
lhmurray@shb.com

Laurie A. Novion (admitted *pro hac vice*)
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
lnovion@shb.com

CONNER & WINTERS

John R. Elrod (admitted *pro hac vice*)
Vicki Bronson (admitted *pro hac vice*)
4375 N. Vantage Drive, Ste. 405
Fayetteville, AR 72703
Telephone: (479) 582-5711
jelrod@cwlaw.com
vbronson@cwlaw.com

*Attorneys for Defendant Simmons Foods, Inc. and Simmons Prepared Foods Inc.*

18

EVERSHEDS SUTHERLAND (US) LLP

By: */s/ Patricia A. Gorham*
James R. McGibbon (admitted *pro hac vice*)
Patricia A. Gorham (admitted *pro hac vice*)
Peter M. Szeremeta (admitted *pro hac vice*)
Kaitlin A. Carreno (admitted *pro hac vice*)
999 Peachtree Street, N.E., Ste 2300
Atlanta, Georgia 30309-3996
Telephone: (404) 853-8000
Facsimile: (404) 853-8806
jimmcgibbon@eversheds-sutherland.com
patriciagorham@eversheds-sutherland.com
peterszeremeta@eversheds-sutherland.com
katilincarreno@eversheds-sutherland.com

SMITHAMUNDSEN LLC

Clay H. Phillips
150 N. Michigan Avenue, Ste 3300
Chicago, Illinois 60601
Telephone: (312) 894-3200
Facsimile: (312) 997-1828
cphillips@salawus.com

*Attorneys for Defendants Harrison Poultry, Inc.*

AXINN, VELTROP & HARKRIDER LLP

By: /s/ *Rachel J. Adcox*
Rachel J. Adcox (#1001488)
Daniel K. Oakes (admitted *pro hac vice*)
Kenina J. Lee (admitted *pro hac vice*)
950 F Street NW, Ste 700
Washington, DC 20004
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
radcox@axinn.com
doakes@axinn.com
klee@axinn.com

John M. Tanski (admitted *pro hac vice*)
Jarod G. Taylor (admitted *pro hac vice*)
90 State House Square
Hartford, CT 06103
Telephone: (860) 275-8100
Facsimile: (860) 275-8101
jtanski@axinn.com
jtaylor@axinn.com

Nicholas E.O. Gaglio (admitted *pro hac vice*)
114 West 47th Street
New York, NY 10036
Telephone: (212) 728-2200
Facsimile: (212) 261-5654
ngaglio@axinn.com

LIPE LYONS MURPHY NAHRSTADT & PONTIKIS, LTD.

Jordan M. Tank
230 West Monroe, Street, Ste 2260
Chicago, IL 60606
Telephone: (312) 702-0586
Facsimile: (312) 726-2273
jmt@lipelyons.com

*Attorneys for Defendants Tyson Foods, Inc., Tyson Chicken, Inc., Tyson Breeders, Inc., Tyson Poultry, Inc.*

19

HOGAN LOVELLS US LLP

By: /s/ *William L. Monts III*
William L. Monts III (admitted *pro hac vice*)
Justin W. Bernick (admitted *pro hac vice*)
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
Telephone: (202) 637-5910
Facsimile: (202) 637-5911
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com

MILLER, CANFIELD, PADDOCK, AND
STONE P.L.C.

Jacob D. Koering
225 West Washington Street, Ste 2600
Chicago, Illinois 60606
Telephone: (312) 460-4272
Facsimile: (312) 460-4201
koering@millercanfield.com

*Attorneys for Defendant Agri Stats, Inc.*

20

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2020, a true and correct copy of the foregoing document was filed electronically. Notice of this filing was sent by operation of the Court's ECF electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic system.

/s/ *Carrie C. Mahan*
Carrie C. Mahan

21