**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>This Document Relates To:<br><br>Direct Purchaser Plaintiff Actions | Case No. 1:16-cv-08637<br><br>Hon. Thomas A. Durkin<br><br>Magistrate Judge Jeffrey T. Gilbert |

**ORDER ENTERING FINAL JUDGMENT AND GRANTING FINAL APPROVAL TO THE DIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH DEFENDANT AMICK FARMS, LLC**

The Court has considered the Direct Purchaser Plaintiffs' ("DPPs") motion for final approval of their class action settlement with Defendant Amick Farms, LLC ("Settling Defendant"), and has conducted a fairness hearing in connection with that motion. The Court also has reviewed the Settlement Agreement between the DPPs and Amick Farms, LLC ("Amick") (the "Settlement" or "Settlement Agreement"), the pleadings and other papers on file in this action, and the statements of counsel and the parties. The Court now hereby finds that the motion should be GRANTED as to the Settlement with Settling Defendant.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of this litigation, including the actions within this litigation, and over the parties to the Settlement Agreement, including all members of the Settlement Class (also referred to herein as the "Class") and the Settling Defendant.

2. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement.

3. Pursuant to Fed. R. Civ. P. 23(g), Co-Lead Counsel previously appointed by the Court is appointed as Co-Lead counsel for the Class as they have and will fairly and competently represent the interests of the Class.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court determines that the following Settlement Class be certified solely for the purposes of the Settlement:

> All persons who purchased Broilers directly from any of the Defendants or any co-conspirator identified in this action, or their respective subsidiaries or affiliates for use or delivery in the United States from at least as early as January 1, 2008 until December 20, 2019. Specifically excluded from this Class are the Defendants, the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also

excluded from this Class are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, and any co-conspirator identified in this action.

5. The Court further finds that the prerequisites to a class action under Rule 23 are satisfied solely for settlement purposes in that: (a) there are hundreds of geographically dispersed class members, making joinder of all members impracticable; (b) there are questions of law and fact common to the class that predominate over individual issues; (c) the claims or defenses of the plaintiffs are typical of the claims or defenses of the Settlement Class; (d) the plaintiffs will fairly and adequately protect the interests of the Settlement Class, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the Settlement Class; (e) common issues of law and fact predominate; and (f) a class action is superior to individual actions.

6. The Court hereby finally approves Settlement Agreement and its terms and finds that said Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure and directs consummation of the Settlement Agreement according to its terms and conditions.

7. This Court hereby dismisses with prejudice all Claims in the DPP action against the Settling Defendant, with each party to bear its own costs and fees, including attorneys' fees, except as provided in the Settlement Agreement.

8. The Releases in the Settlement Agreement are incorporated herein and the Releasing Parties are hereby and forever barred from commencing or continuing against the Released Parties any of the Released Claims as defined in the Settlement Agreement.

9. The Released Parties are hereby and forever released from all Released Claims as defined in the Settlement Agreement.

10. The notice given to the Settlement Class, including individual notice to all members of the Settlement Class who could be identified through reasonable efforts, was the most effective and practicable under the circumstances. This notice provided due and sufficient notice of the proceedings and of the matters set forth therein, including the proposed settlement, to all persons entitled to such notice, and this notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

11. No objections to the Settlement were filed.

12. As set forth in the notice to the Settlement Class, at this time Co-Lead Counsel are not seeking their fees or to distribute proceeds from the Settlement to qualified claimants; when Co-Lead Counsel determine to do so, they will notify the Class and seek the Court's approval.

13. Any member of the Settlement Class who failed to timely and validly request to be excluded from the Settlement Class shall be subject to and bound by the provisions of the Settlement Agreement, the Released Claims contained therein, and this Order with respect to all Released Claims, regardless of whether such members of the Class seek or obtain any distribution from the Settlement Fund. Persons/Entities who validly requested to be excluded from the Settlement Class are listed in **Exhibits A1** and **A2** attached hereto. Such persons/entities are not entitled to any recovery from the Settlement Fund. Furthermore, nothing in this Judgment shall be construed as a determination by this Court that any person or entity satisfies the criteria for membership in the Settlement Class merely because they filed a Request for Exclusion.

14. A list of opt-outs with partial assignments from the Settlement ("Partial Assignees") is set forth in the attached **Exhibit B**. For each such partial assignment for which exclusion from the Class has been requested by the alleged Partial Assignee, Settlement Class Counsel, the Settling Defendants, and the Partial Assignee have reached agreement as to the amount of the Settlement Class Member's purchases for the time period January 1, 2008 through December 31, 2017 that are covered by the partial assignment for the purpose of the Settlement. These agreements have been assembled by the Settlement Administrator and provided to the parties. Claims based on purchases assigned by the Settlement Class Member to the Partial Assignee, to the extent consistent with the above-referenced agreements, are excluded from the Settlement Class. Except for the claims of the Partial Assignees, all claims belonging to the Settlement Class Members (whether assigned or not) are part of the Class and released through the provisions of the Settlement Agreement and this Order.

15. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that judgment should be entered and further finds that there is no just reason for delay in the entry of final judgment as to the parties to the Settlement Agreements. Accordingly, the Clerk is hereby directed to enter this Final Judgment forthwith.

16. Without affecting the finality of Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) consummation, administration and implementation of the Settlement Agreement and any allocation or distribution to Settlement Class Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) hearing and determining applications by plaintiffs for attorneys' fees, costs, expenses, and interest; (d) the actions until the Final Judgment has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement

Agreements; (e) hearing and ruling on any matters relating to any plan of allocation or distribution of proceeds from the Settlements; and (f) the parties to the Settlement Agreement for the purpose of enforcing and administering the Settlement Agreements and the releases contemplated by, or executed in connection with the Settlement Agreement.

Dated: __10/26/2020_____     _____*Thomas M Durkin*_____
                                   United States District Judge