# APPENDIX A

## Chart of State Antitrust Claims & Harmonization Provisions

Conspiracy and Restraint of Trade under Sherman Antitrust Act.
- "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal." 15 U.S.C. § 1.

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Statute | State Statute Is Interpreted in Harmony with Federal Law |
|---|---|---|
| Arizona<br><br>Ariz. Rev. Stat. Ann. §§ 44-1401, et seq. | Ariz. Rev. Stat. Ann. § 44-1402 ("A contract, combination or conspiracy between two or more persons in restraint of, or to monopolize, trade or commerce, any part of which is within this state, is unlawful."). | Ariz. Rev. Stat. Ann. § 44-1412 ("This article shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this article among those states that enact it. It is the intent of the legislature that in construing this article, the courts may use as a guide interpretations given by the federal courts to comparable federal antitrust statutes."). |
| California<br><br>Cal. Bus. & Prof. Code §§ 16700, et seq. | Cal. Bus. & Prof. Code §§ 16720 (prohibited restraints on competition include a "combination of capital, skill or acts by two or more persons" for a prohibited purpose, including to "create or carry out restrictions in trade or commerce" and to "prevent competition in manufacturing, making, transportation, sale or purchase of merchandise, produce or any commodity"). | *Tucker v. Apple Computer, Inc.*, 493 F. Supp.2d 1090, 1102 (N.D. Cal. 2006) ("The Cartwright Act has identical objectives to the federal antitrust acts, and cases construing the federal antitrust laws are permissive authority in interpreting the Cartwright Act.") |
| District of Columbia<br><br>D.C. Antitrust Act, D.C. Code §§ 28-4501 et seq. | D.C. Code § 28-4502 ("Every contract, combination in the form of a trust or otherwise, or conspiracy in restraint of trade or commerce all or any part of which is within the District of Columbia is declared to be illegal."). | D.C. Code § 28-4515 ("It is the intent of the Council of the District of Columbia that in construing this chapter, a court of competent jurisdiction may use as a guide interpretations given by federal courts to comparable antitrust statutes.") |

| | | |
|---|---|---|
| Illinois<br><br>Illinois Antitrust Act, 740 Ill. Comp. Stat. Ann. 10/3(1), *et seq.* | 740 Ill. Comp. Stat. 10/3(2) (declaring unlawful any "contract, combination, or conspiracy with one or more other persons [to] unreasonably restrain trade or commerce").<br><br>740 Ill. Comp. Stat. 10/3(1)a (declaring unlawful "any combination or conspiracy with . . . a competitor . . . for the purpose or with the effect of fixing, controlling, or maintaining the price or rate charged for any commodity sold or bought by the parties thereto, or the fee charged or paid for any service performed or received by the parties thereto").<br><br>740 Ill. Comp. Stat. 10/3(1)b (declaring unlawful "fixing, controlling, maintaining, limiting, or discontinuing the production, manufacture, mining, sale or supply of any commodity, or the sale or supply of any service, for the purpose or with the effect stated in paragraph a. of subsection (1)"). | 740 Ill. Comp. Stat. 10/11 ("When the wording of this Act is identical or similar to that of a federal antitrust law, the courts of this State shall use the construction of the federal law by the federal courts as a guide in construing this Act…").<br><br>*See also Chirikos v. Yellow Cab Co.*, 87 Ill. App. 3d 569, 579, 410 N.E.2d 61, 68 (Ill. App. Ct. 1st Dist. 1980) (noting that determining application of this Act, federal decisions are important.); *People v. Crawford Distributing Co.*, 53 Ill. 2d 332, 339, 291 N.E.2d 648 (Ill. 1972) (holding that while federal decisions are not binding on Illinois courts, the federal antitrust experience under the Sherman Act (15 U.S.C. § 1 et seq.) is applicable to questions arising under this Act and can serve as a useful guide to Illinois courts) |
| Iowa<br><br>Iowa Code §§ 553.1, *et seq.* | Iowa Code § 553.4 ("A contract, combination, or conspiracy between two or more persons shall not restrain or monopolize trade or commerce in a relevant market."). | Iowa Code § 553.2 ("This chapter shall be construed to complement and be harmonized with the applied laws of the United States which have the same or similar purpose as this chapter. This construction. . . shall be made to achieve uniform application of the state and federal laws prohibiting restraints of economic activity and monopolistic practices.").<br><br>*See also Mueller v. Wellmark*, Inc., 861 N.W.2d 563, 567 (Iowa 2015) ("[W]hen interpreting the Iowa Competition Law, we have generally adhered to federal interpretations of federal antitrust law."); *Davies v. Genesis Med. Ctr.*, 994 F. Supp. 1078, 1103 (S.D. Iowa 1998) ("When interpreting Iowa antitrust |

| | | |
|---|---|---|
| | | statutes, Iowa courts are required by Section 553.2 to give considerable weight to federal cases construing similar sections of the Sherman Act."). |
| Kansas<br><br>Kansas Restraint of Trade Act<br>Kan. Stat. Ann. § 50-101 *et seq*. | Kan. Stat. Ann. § 50-101 (declaring unlawful and defining trusts as any "combination of capital, skill, or acts, by two or more persons" carried out for the purpose of, inter alia: restricting trade or commerce; increasing or reducing the price of goods; or preventing competition).<br><br>Kan. Stat. Ann. § 50-112 (declaring unlawful "all arrangements, contracts, agreements, trusts or combinations between persons, designed or which tend to advance, reduce or control the price or the cost to the producer or to the consumer of any such products or articles"). | Kan. Stat. Ann. § 50-163 ("Except as otherwise provided in subsections (d) and (e), the Kansas restraint of trade act shall be construed in harmony with ruling judicial interpretations of federal antitrust law by the United States supreme court…") |
| Maine<br><br>Me. Rev. Stat. Ann. tit. 10 §§ 1101, *et seq*. | Me. Rev. Stat. Ann. tit. 10 § 1101 ("Every contract, combination in the form of trusts or otherwise, or conspiracy, in restraint of trade or commerce in this State is declared to be illegal."). | Maine's antitrust laws "parallel the Sherman Act" and are interpreted in accordance with "the doctrines developed in relation to federal law." *Davric Maine Corp. v. Rancourt*, 216 F.3d 143, 149 (1st Cir. 2000); *see also McKinnon v. Honeywell Int'l Inc.*, 977 A.2d 420, 424 (Me. 2009) ("[W]e look to both state and federal antitrust law for guidance in the interpretation of the Maine antitrust statute. . ."). |
| Michigan<br><br>Mich. Comp. Laws §§ 445.771, *et seq*. | Mich. Comp. Laws § 445.772 ("A contract, combination, or conspiracy between 2 or more persons in restraint of, or to monopolize, trade or commerce in a relevant market is unlawful."). | Mich. Comp. Laws § 445.784(2) ("It is the intent of the legislature that in construing all sections of this act, the courts shall give due deference to interpretations given by the federal courts to comparable antitrust statutes, including, without limitation, the doctrine of per se violations and the rule of reason."). |

| | | Sections 445.772 and 445.773 "are modeled after § 1 (restraint of trade) and § 2 (monopoly) provisions of the Sherman Act" and are interpreted to be consistent with those provisions. *Partner & Partner, Inc. v. ExxonMobil Oil Corp.*, 326 Fed. Appx. 892, 898 (6th Cir. 2009). *See also Goldman v. Loubella Extendables*, 283 N.W.2d 695, 699 (Mich. Ct. App. 1979) ("The Michigan antitrust act is patterned after the Sherman Antitrust Act, 15 U.S.C. 1, and Federal court interpretations of the Sherman Act are persuasive authority as to the meaning of the Michigan act."). |
|---|---|---|
| Minnesota<br><br>Minn. Stat. §§ 325D.49, *et seq.* | Minn. Stat. § 325D.51 ("A contract, combination, or conspiracy between two or more persons in unreasonable restraint of trade or commerce is unlawful."). | "As the purposes of Minnesota and federal antitrust law are the same, it is sensible to interpret them consistently." *Lorix v. Crompton Corp.*, 736 N.W.2d 619, 626 (Minn. 2007); *State v. Road Constuctors, Inc.*, 474 N.W.2d 224, 225 n.1 (Minn. Ct. App. 1991)("Minnesota antitrust law is interpreted consistently with federal case law developed under the Sherman Act."); *Inline Packaging, LLC v. Graphic Packaging Int'l, LLC,* 351 F. Supp. 3d 1187, 1202 (D. Minn. 2018) ("Minnesota anti-trust law is interpreted consistent with the federal court's construction of the Sherman Act."). |
| Mississippi<br><br>Miss. Code Ann. §§ 75-21-1, *et seq.* | Miss. Code Ann. § 75-21-3 (prohibiting trusts and combines, defined as "a combination, contract, understanding or agreement, expressed or implied, between two or more persons, corporations or firms or association of persons or between any one or more of either with one or more of the others," when the effect would be, *inter alia*, "to restrain trade," "to hinder competition in the. . . sale or purchase of a commodity," or to "forestall a commodity"). | Mississippi antitrust statute is "patterned" after the Sherman Act, and the Mississippi Supreme Court has been influenced by decisions of the United States Supreme Court "in interpreting and applying it." *In re Intel Corp. Microprocessor Antitrust Litig.*, 2010 WL 8591815, at App. C (D. Del. July 28, 2010) (*quoting NAACP v. Claiborne Hardware Co.*, 393 So.2d 1290, 1301 (Miss. 1980), *rev'd on other grounds*, 458 U.S. 886 (1982)). *See also In re Dynamic Random Access Memory (DRAM) Antitrust Litig.,* 516 F. Supp.2d 1072, 1098 (N.D. Cal. 2007) ("[T]he antitrust statutes of these five states [which include Mississippi] are to be applied with federal antitrust principles in mind.") |
| Nebraska<br><br>Neb. Rev. Stat. §§ 59-801, *et seq.* | Neb. Rev. Stat. § 59-801 ("Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade | Neb. Rev. Stat. § 59-829 ("When any provision of sections 59-801 to 59-831 and sections 84-211 to 84-214 or any provision of Chapter 59 is the same as or similar to the language of a |

| | | |
|---|---|---|
| | or commerce, within this state, is hereby declared to be illegal."). | federal antitrust law, the courts of this state in construing such sections or chapter shall follow the construction given to the federal law by the federal courts."). *See also Health Consultants v. Precision Instruments*, 527 N.W.2d 596, 601-604 (Neb. 1995) (following federal law in delineating elements of antitrust claims under Nebraska statute). |
| Nevada Nev. Rev. Stat. §§ 598A.010, *et seq*. | Nev. Rev. Stat. § 598A.060(1)(a) ("Every activity enumerated in this subsection constitutes a contract, combination or conspiracy in restraint of trade, and it is unlawful to conduct any part of any such activity in this State," including: "raising, depressing, fixing, pegging or stabilizing the price of any commodity or service," "foreclosures of competitive activity for a period of time," "[a]greements to establish prices for commodities or services," "[a]greements to discontinue a product, or agreements with anyone engaged in the manufacture of competitive lines to limit size, styles or quantities of items comprising the lines," and "agreements to restrict volume of production"). | Nev. Rev. Stat. § 598A.050 ("The provisions of this chapter shall be construed in harmony with prevailing judicial interpretations of the federal antitrust statutes."). *See also Nev. Recycling & Salvage, Ltd. v. Reno Disposal Co.*, 423 P.3d 605, 607 (Nev. 2018) (citing *Boulware v. Nev. Dep't. of Human Res.*, 960 F. 2d 793, 800 (9th Cir. 1992) ("'[The UTPA] also adopts by reference the case law applicable to the federal antitrust laws."). |
| New Hampshire N.H. Rev. Stat. Ann. Tit. XXXI, §356, *et seq*. | N.H. Rev. Stat. Ann. §§356:2.I, ("Every contract, combination, or conspiracy in restraint of trade is unlawful.") N.H. Rev. Stat. Ann. §§356.2.II (Declaring unlawful every contract, combination, or conspiracy which has, *inter alia,* the purpose or effect of fixing controlling or maintaining prices, rates, quotations or fees in any part of trade or commers; or fixing, controlling, maintaining, limiting or discontinuing the | N.H. Rev. Stat. Ann. § 356:14. ("In any action or prosecution under this chapter, the courts may be guided by interpretations of the United States' antitrust laws."). *See also Kenneth E. Curran, Inc. v. Auclair Transp., Inc.,* 128 N.H. 743, 748 (1986) (looking to Sherman Act jurisprudence to interpret state antitrust law); *Minuteman, LLC v. Microsoft Corp.*, 795 A. 2d 833, 836 (2002) ("[w]hile judicial review of our antitrust law is sparse, both [the Supreme Court of New Hampshire] and the United States District Court for the |

| | | |
|---|---|---|
| | production, manufacture, mining, sale or distribution of any commodity or service). | District of New Hampshire have looked to federal law when construing RSA Chapter 356"). |
| New Mexico<br><br>N.M. Stat. Ann. §§57-1-1, *et seq.* | N.M. Stat. Ann. §57-1-1 ("Every contract, agreement, combination or conspiracy in restraint of trade or commerce, any part of which trade or commerce is within this state, is unlawful.") | N.M. Stat. Ann. §57-1-15 ("Unless otherwise provided in the Antitrust Act [57-1-1 to 57-1-17 NMSA 1978], the Antitrust Act shall be construed in harmony with judicial interpretations of the federal antitrust laws. This construction shall be made to achieve uniform application of the state and federal laws prohibiting restraints of trade and monopolistic practices.")<br><br>*See also Romero v. Philip Morris Inc.,* 148 N.M. 713, 724 (2010) ("It is . . .the duty of the courts to ensure that New Mexico antitrust law does not deviate substantially from federal interpretations of antitrust law.") |
| New York<br><br>N.Y. Gen. Bus. Law §§ 340, *et seq.* | N.Y. Gen. Bus. Law § 340(1) ("Every contract, agreement, arrangement or combination whereby. . . [c]ompetition or the free exercise of any activity in the conduct of any business, trade or commerce or in the furnishing of any service in this state is or may be restrained. . . is hereby declared to be against public policy, illegal and void."). | "Under New York law, the state and federal antitrust statutes 'require identical basic elements of proof.'" *Reading Int'l Inc. v. Oaktree Capital Mgmt. LLC*, 317 F. Supp. 2d 301, 332-33 (S.D.N.Y. 2003); *Gebman v. Kelly*, No. 08-CV-307, 2008 U.S. Dist. LEXIS 61762, at *12 (N.D.N.Y. Aug. 8, 2008) ("Courts generally interpret New York's Donnelly Act 'in a fashion identical to its federal counterpart, the Sherman Act.'"). *See also Anheuser-Busch, Inc. v. Abrams*, 520 N.E.2d 535, 539 (N.Y. 1988) ("The Donnelly Act – often called a 'Little Sherman Act' – should generally be construed in light of Federal precedent and given a different interpretation only where State policy, differences in the statutory language or the legislative history justify such a result."). |
| North Carolina<br><br>N.C. Gen. Stat. § 75-1, *et seq.* | N.C. Gen. Stat. § 75-1 ("Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce in the State of North Carolina is hereby declared to be illegal."). | The North Carolina antitrust statute is "based on" the Sherman Act, and decisions interpreting the Sherman Act are "instructive" in interpreting the North Carolina statute. *Madison Cablevision, Inc. v. City of Morgantown*, 386 S.E.2d 200, 213 (N.C. 1989). *See also Reichhold Chemicals, Inc. v. Goel*, 555 S.E.2d 281, 293 (N.C. Ct. App. 2001) (North Carolina statute was "modeled after" federal antitrust law and federal decisions provide |

| | | |
|---|---|---|
| | | guidance in interpreting it); *Crain v. Debartolo*, No. 7:14-CV-29-D, 2015 U.S. Dist. LEXIS 832, at *21 n.3 (E.D.N.C. Jan 6, 2015) ("'Federal case law interpretations of the federal antitrust laws are persuasive authority in construing [North Carolina] antitrust statutes.'"). |
| North Dakota<br><br>N.D. Cent. Code §§ 51-08.1-01, *et seq*. | N.D. Cent. Code § 51-08.1-02 ("A contract, combination, or conspiracy between two or more persons in restraint of, or to monopolize, trade or commerce in a relevant market is unlawful."). | "The language of NDUSAA parallels Section 1 of the Sherman Act. And North Dakota courts look to federal antitrust law in interpreting the NDUSAA." *In re Electronic Books Antitrust Litig.*, 2014 WL 2535112, at *15 (S.D.N.Y. June 5, 2014) (citing *Ag Acceptance Corp. v. Glinz*, 684 N.W.2d 632, 639 (N.D. 2004)). |
| Oregon<br><br>Or. Rev. Stat. §§ 646.705, *et seq*. | Or. Rev. Stat. § 646.725 ("Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce is declared to be illegal."). | Or. Rev. Stat. § 646.715(2) ("The decisions of federal courts in construction of federal law relating to the same subject shall be persuasive authority in the construction of ORS 646.705 to 646.805 and 646.990.").<br><br>*See also Oregon Laborers-Employers Health & Welfare Trust Fund v. Philip Morris, Inc.*, 185 F.3d 957, 963 n.4 (9th Cir. 1999) (Oregon antitrust laws "are almost identical to the federal antitrust statutes," and Oregon courts look to federal decisions for guidance in interpreting state antitrust laws); *See also Boydstun Equip. Mfg., LLC v. Cottrell, Inc.*, 2017 WL 4803938, at *1 n. 1 (D. Or. Oct. 24, 2017) ("[t]he text of Oregon's anti-monopolization law is virtually identical to Section 2 of the Sherman Act") (internal citations omitted). |
| Rhode Island<br><br>R.I. Gen. Laws § 6-36-1, *et seq*. | R.I. Gen. Laws § 6-36-4 ("Every contract, combination, or conspiracy in restraint of, or to monopolize, trade or commerce is unlawful."). | R.I. Gen. Laws § 6-36-2(b) ("This chapter shall be construed in harmony with judicial interpretations of comparable federal antitrust statutes insofar as practicable. . .").<br><br>*See also Stop & Shop Supermarket Co. v. Blue Cross & Blue Shield of Rhode Island*, 239 F. Supp. 2d 180, 186-87 (D.R.I. 2003) ("The provisions of the Rhode Island Antitrust Act mirror those of §§ 1-2 of the Sherman Act and § 3 of the Clayton Act and are construed in the same manner as the federal statutes."). |

| | | |
|---|---|---|
| South Dakota<br><br>S.D. Codified Laws §37-1-3.1, *et seq.* | S.D. Codified Laws § 37-1-3.1 ("A contract, combination, or conspiracy between two or more persons in restraint of trade or commerce any part of which is within this state is unlawful.") | S.D. Codified Laws § 37-1-22 ("It is the intent of the Legislature that in construing this chapter, the courts may use as a guide interpretations given by the federal or state courts to comparable antitrust statutes.")<br><br>*See also Byre v. City of Chamberlain*, 362 N.W.2d 69, 74 (S.D. 1985) ("[B]ecause of the similarity of language between the federal and state antitrust statutes and because of the legislative suggestion for interpretation found in SDCL 37-1-22, great weight should be given to the federal cases interpreting the federal statute."). |
| Tennessee<br><br>Tenn. Code Ann. §§ 47-25-101, *et seq.* | Tenn. Code Ann. § 47-25-101 ("All arrangements, contracts, agreements, trusts, or combinations between persons or corporations made with a view to lessen, or which tend to lessen, full and free competition in the importation or sale of articles imported into this state, or in the manufacture or sale of articles of domestic growth or of domestic raw material, and all arrangements, contracts, agreements, trusts, or combinations between persons or corporations designed, or which tend, to advance, reduce, or control the price or the cost to the producer or the consumer of any such product or article, are declared to be against public policy, unlawful, and void."). | Tennessee's Supreme Court has looked to decisions interpreting the Sherman Act and comparable state laws for guidance in interpreting its antitrust laws. *See Freeman Industries, LLC v. Eastman Chemical Co.*, 172 S.W.3d 512, 523 (Tenn. 2005). *See also Spahr v. Leegin Creative Leather Products, Inc.*, 2008 U.S. Dist. LEXIS 90079, at *42 (E.D. Tenn. Aug. 20, 2008) (Tennessee courts likely to follow federal courts on liability issue); *Rockholt Furniture, Inc. v. Kincaid Furniture Co., Inc.*, 1998 U.S. Dist. LEXIS 24255, at *18 (E.D. Tenn. July 6, 1998) (federal authorities defining claims under federal antitrust statutes "most persuasive" in interpreting Tennessee statute). |
| Utah<br><br>Utah Code Ann. §§ 76-10-3101 *et seq.* | 76-10-3104(1) ("Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce is declared to be illegal.") | Utah Code Ann. § 76-10-3118 ("The Legislature intends that the courts, in construing this act, will be guided by interpretations given by the federal courts to comparable federal antitrust statutes and by other state courts to comparable state antitrust statutes.") |

| | | |
|---|---|---|
| | | *See also Rio Vista Oil, Ltd. v. Southland Corp.*, 667 F. Supp. 757, 762 (D. Utah 1987) ("Utah antitrust laws are to be construed in harmony with the federal antitrust scheme."). |
| West Virginia<br><br>W. Va. Code §§ 47-18-1, *et seq.* | W. Va. Code § 47-18-3(a) ("Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce in this State shall be unlawful"). | W. Va. Code § 47-18-16 ("This article shall be construed liberally and in harmony with ruling judicial interpretations of comparable federal antitrust statutes.").<br><br>*See also Kessel v. Monongalia County General Hosp. Co.*, 648 S.E.2d 366, 374 (W. Va. 2007) (West Virginia courts apply federal decisional law in interpreting the West Virginia Antitrust Act), *accord Audiology Distribution, LLC v. Hawkins*, No. 5:13CV154, 2014 U.S. Dist. LEXIS 14510, at *17 (N.D.W. Va. Feb. 5, 2014); *Princeton Ins. Agency, Inc. v. Erie Ins. Co.*, 225 W.Va. 178, 690 S.E.2d 587, 592 (2009) ("The Legislature has directed that where our state antitrust provisions track the Sherman Act's provisions, federal decisional law should be followed."). |
| Wisconsin<br><br>Wis. Stat. Ann. §§ 133.01, *et seq.* | Wis. Stat. Ann. § 133.03(1) ("Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce is illegal."). | "Federal precedents are often instructive and persuasive in analyzing Wisconsin antitrust law." *Eichenseer v. Madison-Dane County Tavern League, Inc.*, 748 N.W.2d 154, 174 (Wis. 2008). *See also Conley Publ'g Group, Ltd. v. Journal Commc'ns, Inc.*, 665 N.W.2d 879, 885-86 (Wis. 2003) ("Wisconsin courts have followed federal court interpretations of Sections 1 and 2 of the Sherman Act and have construed Wisconsin antitrust statutes in conformity with these federal court interpretations. This is longstanding policy."); *Thermal Design, Inc. v. Am. Soc'y of Heating*, 2013 U.S. Dist. LEXIS 202699, at *42 n. 10 (E.D.Wis. June 12, 2013) ("Because Wisconsin antitrust law follows federal precedents, the court's reasoning regarding the federal antitrust claim applies equally to the state antitrust claim."). |