UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 1:16-cv-08637 TMD |
| This Document Relates To:<br><br>All Commercial and Institutional Indirect Purchaser Plaintiff Actions | |

**DECLARATION OF ADAM J. ZAPALA IN SUPPORT OF COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' UNCONTESTED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH DEFENDANTS PECO FOODS, INC., GEORGE'S, INC., AND GEORGE'S FARMS, INC. AND FOR CONDITIONAL CERTIFICATION OF THE PROPOSED SETTLEMENT CLASS**

I, Adam J. Zapala, declare and state as follows:

1. I am a partner at Cotchett, Pitre & McCarthy, LLP. During the pendency of this litigation, my firm has acted as Interim Co-Lead Class Counsel to the Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs"). I make this declaration based on my personal knowledge and if called as a witness, I could and would competently testify to the matters stated herein.

2. I submit this declaration in support of Class Counsel's Motion to: (a) preliminarily approve the settlement reached with Defendant Peco Foods, Inc. and its subsidiaries, affiliates and predecessors (collectively "Peco"); (b) preliminarily approve the settlement reached with Defendants George's, Inc. and George's Farms, Inc. and their subsidiaries, affiliates and predecessors (together, "George's," and collectively with Peco, "Settling Defendants"; and (c) to conditionally certify the Settlement Class.

3. On behalf of the CIIPPs, I—along with my Co-Lead Counsel—personally

1

conducted numerous rounds of settlement negotiations with counsel for Peco and for George's over the course of several months. The CIIPPs and Peco recently signed the current proposed settlement agreement between them on October 29, 2020. The CIIPPs and George's signed the current proposed settlement agreement between them the same day.

4. Prior to our clients filing this case, we commenced and pursued an extensive investigation of the Broiler market and conduct of the Defendants underlying the allegations in CIIPPs' Consolidated Amended Complaint (ECF No. 179). We have litigated this case extensively since then. By the time we signed the settlement agreements with Peco and George's to settle our claims against them, we were well aware of the strengths and weaknesses of each side's positions. In addition to our extensive pre-filing investigation, we had briefed the motions to dismiss our complaints and the parties are currently engaged in, and have been engaged in, extensive discovery efforts. As a result, we have had the benefit of substantial information obtained from the Defendants through their document productions and through formal discovery.

5. Moreover, prior to reaching these settlements with Peco and George's, CIIPPs reached a settlement with another Defendant, Fieldale Farms Corporation ("Fieldale") for $1.4 million, and another settlement with an additional Defendant, Amick Farms ("Amick"), for $2.95 million. *See* ECF No. 1534. CIIPPs' experts estimate that Fieldale's sales of Broilers to the CIIPP class constitute 1.9% of overall sales to the CIIPP class and that Amick's sales constitute approximately 1.7%. The equivalent market share figure for Peco is 3.09%, and the equivalent market share figure for George's is 3.36%.

6. During the litigation and in relation to this settlement, Co-Lead Counsel researched, analyzed and evaluated many contested legal and factual issues. Based on that analysis, and the information obtained from discovery and voluntary cooperation, Co-Lead Counsel were well-

informed of the facts and the benefits, risks and consequences of the proposed settlements with Peco and George's. Counsel thoroughly evaluated the relative strengths and weaknesses of our respective litigation positions in relation to these settlements.

7. The resulting settlement negotiations with both Peco and George's were at arm's length and were hard-fought at all times. The Settlements were the product of intensive settlement negotiations conducted over a period of many months and included several rounds of give-and-take between CIIPPs' Co-Lead Counsel and counsel for Peco and for George's during several telephonic meetings. The parties also utilized the assistance of a neutral, third-party mediator, who supervised the settlement discussions. The parties debated many issues, and negotiated many terms of the settlement, including the amount of payment, the timing of payment, potential conditions on payment, and potential cooperation. Each side had the opportunity to be fully informed of the relative strengths and weaknesses of their positions, litigation risks and issues involving the ability to pay. Throughout this process, both Peco and George's have been represented by experienced, sophisticated counsel.

8. There was no collusion or preference among counsel for the parties at any time during these negotiations. To the contrary, the negotiations were contentious, hard-fought and fully informed. CIIPPs sought to obtain the greatest monetary benefit possible both from Peco and from George's at this litigation juncture. Furthermore, there was no discussion or agreement at any time regarding the amount of attorneys' fees CIIPPs' counsel would ask the Court to award in this case.

9. In the proposed settlement between CIIPPs and Peco, Settling Defendant Peco commits to pay $3.525 million to the settlement fund within 30 days of the Effective Date of the Settlement Agreement. Peco also agrees to specified types of cooperation with Plaintiffs in prosecuting any remaining claims against the other Defendants. Similarly, In the proposed

settlement between CIIPPs and George's, Settling Defendant George's commits to pay $3.525 million to the settlement fund within 30 days of the Effective Date of the Settlement Agreement. George's also agrees to specified types of cooperation with Plaintiffs in prosecuting any remaining claims against the other Defendants. Settling Defendants' cooperation will include making reasonable efforts to authenticate documents it produced during the course of the litigation and lay an evidentiary foundation for the admissibility of documents it produced during discovery at trial, whether through a witness, by declaration, or some other means. *See* Exhibit A at § II.A.3 (a)-(c); Exhibit B at § II.A.3 (a)-(c).

10. I have personally prosecuted numerous antitrust class actions as lead counsel or in other leadership positions. I have negotiated many settlements during those years. In my opinion, and in the opinion of my esteemed Co-Lead Counsel, the proposed settlement agreements with Peco and George's are fair, reasonable and adequate. The settlement provides substantial benefits to the Class and avoids the delay and uncertainty of continuing protracted litigation with these Settling Defendants.

11. A true and correct copy of the Settlement Agreement between CIIPPs and Peco is attached hereto as Exhibit A to this Declaration.

12. A true and correct copy of the Settlement Agreement between CIIPPs and George's is attached hereto as Exhibit B to this Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 4, 2020 in Burlingame, California.

                                                */s/ Adam J. Zapala*
                                                ADAM J. ZAPALA