**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 1:16-cv-08637 TMD |
| This Document Relates To:<br><br>All Commercial and Institutional Indirect Purchaser Plaintiff Actions | |

**ORDER GRANTING COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' UNCONTESTED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENTS WITH DEFENDANTS PECO FOODS, INC., GEORGE'S, INC., AND GEORGE'S FARMS, INC. AND FOR CONDITIONAL CERTIFICATION OF THE PROPOSED SETTLEMENT CLASSES**

Now before the Court is Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") Motion for Preliminary Approval of Settlements with (1) Defendant Peco Foods, Inc. ("Peco"), and (2) Defendants George's, Inc., and George's Farms, Inc. (together, "George's," and collectively with Peco, "Settling Defendants").

The Court, having reviewed the Motion, its accompanying memorandum and the exhibits thereto, the Settlement Agreement between Peco and CIIPPs ("Peco Settlement Agreement"), the Settlement Agreement between George's and CIIPPs ("George's Settlement Agreement"), and the file, hereby **ORDERS AND ADJUDGES:**

1. This Court has jurisdiction over this action and each of the parties to the Settlement Agreement.

2. This Court certifies a Settlement Class defined as

> All entities who indirectly purchased Broilers from Defendants or co-conspirators in the United States during the Class Period for their own use in commercial food preparation, including institutional purchasers such as hospitals, nursing homes, and schools.
>
> Specifically excluded from this Class are: (a) natural persons who purchased Broilers for their personal use and not for commercial Food preparation (End-User Consumers); (b) purchasers of Broilers directly from Defendants; (c) purchasers of Broilers for resale in unaltered form; (d) purchasers of value added products containing Broilers, that are not manufactured, supplied or processed by Defendants, or otherwise not under the control of Defendants; (e) the Defendants; (f) the officers, directors or employees of any Defendant; (g) any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant; (h) any federal, state governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; (i) any juror assigned to this action; and (j) any Co-Conspirator identified in this action.

The Class Period is the period from and including January 1, 2008 through July 31, 2019. This class definition is in all material respects the same settlement class proposed in CIIPPs'

Complaint, and the same class set forth in the Settlement Agreement. *See* Peco Settlement Agreement, § II.E.2; George's Settlement Agreement, § II.E.2.

3. The Court appoints the law firms of Cotchett, Pitre & McCarthy LLP and Gustafson Gluek, PLLC as Co-Lead counsel for the Settlement Class.

4. Upon review of the record, the Court finds that the proposed Peco Settlement Agreement has been negotiated at arm's length, falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at the Court's Fairness Hearing. The Court finds that the Peco Settlement Agreement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the Settlement may be given to the Settlement Class when appropriate.

5. The Court further finds that the proposed George's Settlement Agreement has been negotiated at arm's length, falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at the Court's Fairness Hearing. The Court finds that the George's Settlement Agreement as well is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the Settlement may be given to the Settlement Class when appropriate.

6. At a later time, Co-Lead Counsel will move the Court to approve a program to notify members of the Settlement Class of these and any other then-pending settlements, as the

Court finds it would be more efficient and economical to defer the notice and claims process until a later time.

7. After Class Notice has been approved and disseminated, the Court shall hold a hearing on the Proposed Settlements to determine whether they are fair, reasonable, and adequate, and whether they should be finally approved by the Court (the "Fairness Hearing").

8. After Notice has been disseminated, Class Members who wish to exclude themselves from either Settlement will be required to submit an appropriate and timely request for exclusion, and Class Members who wish to object to either Settlement must submit an appropriate and timely written statement of the grounds for objection. Class Members who wish to appear in person to object to either Agreement may do so at the Fairness Hearing pursuant to directions by the Court.

9. Terms used in this Order that are defined in the Settlement Agreements are, unless otherwise defined herein, used as defined in the Settlement Agreements.

10. If Either Settlement Agreement is terminated or rescinded in accordance with its provisions, or otherwise does not become Final, then the Settlement Agreement and all proceedings in connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided otherwise in the Settlement Agreement, and without prejudice to the status quo ante rights of CIIPPs, the Settling Defendant, and the members of the Class. The Parties shall also comply with any terms or provisions of the Settlement Agreement applicable to termination, rescission, or the Settlement otherwise not becoming Final.

11. Neither this Order nor either of the Settlement Agreements shall be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, or regulation or of any liability or wrongdoing by either of the Settling Defendants or of the truth of any of

CIIPPs' Claims or allegations, nor shall it be deemed or construed to be an admission nor evidence of Released Parties' defenses.

12. The Action with respect to CIIPPs' Claims is stayed as to the Released Parties (as that term is defined in the Settlement Agreements) except as necessary to effectuate this Settlement.

**IT IS SO ORDERED.**

*Thomas M Durkin*
_____
HON. THOMAS M. DURKIN