# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>This Document Relates To:<br>All Actions | Case No.: 1:16-cv-08637<br><br>Hon. Thomas M. Durkin<br><br>Magistrate Judge Jeffrey T. Gilbert<br><br>**ORDER REGARDING DIRECT ACTION PLAINTIFF DEPOSITIONS** |

Pursuant to the Stipulation entered by the Parties, and having met and conferred, End-User Consumer Plaintiffs (EUCPs) and Commercial and Institutional Indirect Purchaser Plaintiffs (CIIPPs) (collectively, "IPPs"), Direct Purchaser Plaintiffs, Defendants, and Direct Action Plaintiffs ("DAPs") agree and stipulate as follows:

1. At any future depositions of DAPs noticed by Defendants, IPPs shall be entitled to examine any DAP witnesses without cross-noticing or issuing a subpoena, subject to the following limitations:

2. IPPs collectively shall be limited to 15 minutes of examination.

3. The IPP examination shall be limited to matters within the scope of the Defendant examination and limited to issues germane to the IPP cases.

4. To the extent to which Defendants seek to examine the witness further after the IPP examination, the Defendants must use time remaining within the 7 hours permitted under the Rules and Deposition Protocol (or any different amount of examination time agreed between counsel for the witness and Defendants or ordered by the Court). The further examination by Defendants shall be limited to matters within

the scope of the IPP examination, and/or of any examination conducted by another party.

5.  IPPs agree not to seek to reopen any depositions that occurred before the date this stipulation is entered by the Court.

6.  This Stipulation governs only the limited subject matter it addresses, and no party forfeits or waives any right or arguments with respect to any other issue in these cases.

7.  This Stipulation does not alter or displace any prior agreements between any DAP and EUCPs or CIIPPs.

8.  Nothing in this stipulation alters or otherwise affects the terms governing depositions as set forth in Court's prior orders, including the Deposition Protocol Order (Dkt. 995), the Order and Stipulation Concerning Remote Deposition Protocol (Dkt. 3729), or the Court's August 28, 2018 Order (Dkt. 1155).

**PURSUANT TO STIPULATION, IT IS SO ORDERED**:

DATED: December 28, 2020

_____
HON. JEFFREY T. GILBERT
UNITED STATES MAGISTRATE JUDGE