# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| *In Re Broiler Chicken Antitrust Litigation*, Case No: 16-cv-08637 | |
| SYSCO CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> TYSON FOODS, INC., *et al.*, <br><br> Defendants. | Case No. 18-cv-700 <br><br> Judge Thomas M. Durkin <br> Magistrate Judge Jeffrey T. Gilbert <br><br> **JURY TRIAL DEMANDED** <br><br> **PUBLIC VERSION** |

## AMENDED COMPLAINT

1. With permission of the Court (ECF 4139), Plaintiff Sysco Corporation ("Sysco") hereby amends its Complaint (ECF 1) in Case No. 18-cv-700, and its claims and allegations in and the Direct Action Plaintiffs' Consolidated Complaint and Demand for Jury Trial, filed in *In re Broiler Antitrust Litigation*, Case No. 1:16-cv-08637 (ECF 3924; ECF 3922) ("DAP Consolidated Complaint"),[1] to name the following Defendants: Utrecht-America Holdings, Inc. and its subsidiaries, Rabo AgriFinance LLC, Rabobank USA Financial Corporation, and Utrecht-America Finance Co. (collectively "Rabobank"); Case Foods, Inc., Case Farms LLC, and Case Farms Processing Inc. (collectively "Case"); and Keystone Foods LLC and its wholly owned subsidiaries and affiliated entities Keystone Foods Corporation, Equity Group Eufaula Division, LLC, Equity

---

[1] The DAP Consolidated Complaint is in the process of being amended to reflect ECF 4139 and the addition of DAPs which have filed complaints since the DAP Consolidated Complaint was filed. When the amended DAP Consolidated Complaint is filed, it will reflect the amendments included herein.

Group Kentucky Division LLC, and Equity Group Georgia Division LLC (collectively "Keystone").

2. Sysco incorporates by reference the factual allegations and reservations of rights contained in the DAP Consolidated Complaint, amending its row in Section II's Chart of Direct-Action Plaintiff Cases as follows:

| Plaintiff Name | Operative Complaint (Reference is to Sealed Version, if applicable) | Named Defendants (Not Previously Dismissed)[2] | Named Co-Conspirators (if any) | Causes of Action |
|---|---|---|---|---|
| Sysco Corporation | ECF 686-1 | Agri Stats; Claxton; Foster Farms; Harrison; House of Raeford; Koch; Mar-Jac; Mountaire; O.K. Foods; Perdue; Pilgrim's Pride; Sanderson; Simmons; Tyson; Wayne; Rabobank; Case; Keystone | Fieldale; George's; Peco | Count I (Sherman Act Claim for all Anticompetitive Conduct); Count II (Sherman Act Claim for Output Restriction); Count III (Sherman Act for GA Dock Manipulation) |

## ALLEGATIONS AGAINST RABOBANK

3. Sysco further amends its Complaint and the DAP Consolidated Complaint to allege the following:

4. Rabobank is the leading lender and financial institution serving the poultry industry.[3] The broiler producers which have turned to Rabobank for credit and/or transactional

---

[2] Since the filing of the DAP Consolidated Complaint, Sysco's claims against Peco have been dismissed pursuant to a stipulation (ECF 3959). A stipulation dismissing George's is forthcoming.

[3] Utrecht-America Holdings, Inc. is a Delaware corporation headquartered in New York, NY. Its subsidiaries include: Rabo AgriFinance LLC, a Delaware limited liability company headquartered in Saint Louis, MO, that provides financial services and insurance to agricultural producers and agribusinesses; Rabobank USA Financial Corporation, a Delaware corporation headquartered in New York, NY that is a special purpose entity formed to issue commercial paper notes; and financial services company Utrecht-America Finance Co., a Delaware company headquartered in New York, NY.

work have included Fieldale, House of Raeford, Koch, Mountaire, Peco, Perdue, Pilgrim's Pride, Tyson, and Wayne Farms.

5. At the outset of this case, it appeared that Rabobank was an innocent bystander, uninvolved in defendants' alleged misconduct. However, during discovery—including of Rabobank as a third-party—it has become apparent that Rabobank facilitated and participated in anticompetitive activities.

6. Instead of serving as a disinterested market observer, lender, and advisor for transactions, Rabobank—to advance its own interests and bottom line—consistently sought industrywide action to alter the output and pricing of broilers. ███████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████

7. One facet of Rabobank's anticompetitive conduct involved coordination with defendant Agri Stats. ██████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████

8. ████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

[redacted]

9. [redacted]

10. [redacted]

11. Rabobank's role in the anticompetitive conduct also included encouraging communication among broiler producer competitors, and serving as a conduit for communications between and among those competitors. [redacted]

12.   Rabobank also communicated directly with producers as part of an effort to coordinate industrywide action with respect to production and/or pricing. ██████████

██████████

██████████

██████████

██████████

██████████

██████████

13.   ██████████

██████████

██████████

14.   ██████████

██████████

██████████
██████████
██████████
██████████
██████████

██████████[4]

15.   Rabobank also used its reports and publications, shared widely with producers, including defendants, to effectuate producer coordination. ██████████

██████████

---

[4] ██████████

5

█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████[5]

16. Rabobank used its position as the leading lender and financial institution serving the industry to secure coordinated action. ████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
████████████████████████████

17. By virtue of Rabobank and all Defendants and Co-Conspirators identified in the DAP Consolidated Complaint actively and intentionally concealing their above-described wrongful conduct, the running of any applicable statute of limitations has been tolled and suspended with respect to Plaintiff's claims and causes of action resulting from the Defendants' unlawful conduct alleged in this Complaint under the fraudulent concealment doctrine and/or doctrine of equitable estoppel.

18. Pursuant 15 U.S.C. § 16(i), the running of any applicable statute of limitations was also tolled when the Department of Justice instituted a criminal antitrust proceeding by convening a grand jury (which appears to have been in January 2019), and for which the DOJ issued a subpoena on April 2019, seeking "[a]ll discovery" in this civil case.

---

[5] *See, e.g.*, https://www.drovers.com/article/chicken-industry-faces-consolidation-afterdisastrous-expansion (Dec. 12, 2011) (attributing to Rabobank the assertion that "the industry needs to 'consider plant closures more intently'").

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that the Court:

    A.    Enter joint and several judgments against all Defendants in favor of Plaintiff;

    B.    Award Plaintiff treble damages, of an amount to be determined at trial, to the maximum extent allowed under the federal antitrust laws;

    C.    Award Plaintiff post-judgment interest as provided by law, with such interest to be awarded at the highest legal rate;

    D.    Award Plaintiff its attorneys' fees, litigation expenses, and costs, as provided by law;

    E.    Grant Plaintiff such other and further relief to which Plaintiff is entitled.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all of its claims and issues so triable.

Dated: January 11, 2021

Respectfully submitted,

/s/ *Scott E. Gant*
Scott E. Gant
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
Email: sgant@bsfllp.com

Colleen A. Harrison
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8204
Email: charrison@bsfllp.com

*Counsel for Sysco Corp.*