# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>This Document Relates To:<br>All Actions | Case No.: 1:16-cv-08637<br><br>Judge Thomas M. Durkin<br><br>Magistrate Judge Jeffrey T. Gilbert<br><br>**JOINT ORDER REGARDING DIRECT ACTION PLAINTIFF DISCOVERY OBLIGATIONS** |

1. Pursuant to the Court's January 12, 2021 Order [ECF No. 4163]:

2. By February 12, 2021 each DAP[1] will identify to Defendants which of the previously agreed benchmarking and protein-related trade associations it is aware of having participated in during the period January 1, 2007-September 2, 2016. For each such benchmarking and trade association, the DAP will identify the custodians from whom it has searched and produced documents.

Unless otherwise agreed, each DAP also will by February 12, 2021 confirm it has investigated and included in its search and production any centralized, consolidated, or shared drive or folder it has identified in which it maintains information responsive to Defendants' benchmarking and trade association requests for production.

3. For trade associations, the DAP should include as a custodian, regardless of whether that individual was previously included as a custodian, any individual it is aware of after

---

[1] This does not include the Walmart Plaintiffs (Walmart Inc., Wal-Mart Stores Texas, LLC, Wal-Mart Louisiana, LLC, Wal-Mart Stores Arkansas, LLC, Wal-Mart Stores East, LP, Sam's West, Inc., and Sam's East, Inc.), who were exempted from Defendants' motion to compel, *see* Dkt. 3954 at 1 n.2, and this Court's Order, *see* Dkt. 4163 at 7.

reasonable investigation who during the time period at issue: (1) was one of the DAP's representatives (not merely an attendee) at or to the agreed protein-related trade associations (including but not limited to, a member of the board or leadership of the trade association); (2) was a regular attendee at meetings or events held by one of the agreed protein-related trade associations (i.e., attended more than five of the meetings and events during the time period in question); or (3) keeps a set of agendas, minutes, invite lists, or presentations from one of the agreed protein-related trade associations.

For benchmarking entities, the DAP should include as a custodian, regardless of whether that individual was previously included as a custodian, any individual it is aware of after reasonable investigation who during the time period at issue: (1) was primarily responsible for or shares primary responsibility for submitting that DAP's information to one of the agreed indexing or benchmarking services; (2) was primarily responsible or shares primary responsibility for receiving information from one of the agreed indexing or benchmarking services; (3) was a primary contact at the company who interacted with the agreed indexing or benchmarking service; or (4) keeps reports generated by one of the agreed indexing or benchmarking services.

If a particular DAP determines that an individual meeting the foregoing criteria should not be a custodian due to undue burden, proportionality, duplication, or other grounds, such DAP shall explain any such objections to Defendants, and the parties shall work together in good faith to address such objections.

4. For any individuals identified in Paragraph 3, or any non-custodial sources identified as specified in Paragraph 2 of this Order, the responding DAP shall search for and

produce from those individuals or non-custodial sources any non-privileged documents responsive to Defendants' applicable benchmarking- and trade-association-related RFPs by March 5, 2021.

5. As part of the foregoing disclosures, each DAP shall provide a sufficient level of detail or explanation to allow Defendants and/or the Court to evaluate whether reasonable compliance has been achieved.

6. Upon receipt of the foregoing disclosures from any DAP, Defendants will within 5 business days, convey to counsel for that DAP if Defendants disagree with that DAP's position(s) about its compliance and/or plan for additional searches. To the extent a DAP has genuine burden concerns and reasonably requires beyond March 5 to complete production of additional responsive documents, that DAP shall make Defendants aware when it identifies additional custodians. Subsequently, Defendants and that DAP shall discuss a reasonable timeframe to complete the production, not to exceed the total number of days elapsed between the DAP's initial identification and Defendants' response without good cause.

7. Defendants and DAPs reserve all rights, and all arguments not inconsistent with this Order.[2]

**IT IS SO ORDERED**:

---

[2] Any DAP presently consolidated in *In re Broiler Chicken Antitrust Litigation* which (1) was not so consolidated at the time that Defendants' motion was filed, and/or (2) has not as of the date of this Order completed their document productions with Defendants, shall make note of this Order and be mindful of the Court's January 12, 2021 Order [ECF No. 4163]. That DAP and Defendants shall conduct negotiations concerning DAP custodians and search parameters accordingly and consistent with the expectations for discovery related to trade associations and benchmarking services contained therein.

DATED: January 26, 2021

HON. JEFFREY T. GILBERT
UNITED STATES MAGISTRATE JUDGE