UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION* | Civil Action No. 1:16-cv-08637 |
| | Judge Thomas M. Durkin |
| | Magistrate Judge Jeffrey T. Gilbert |
| THIS DOCUMENT RELATES TO: | |
| *Services Group of America, Inc. v. Tyson Foods, et al.*, Case No. 1:19-cv-04194 | |
| And | Honorable Thomas M. Durkin |
| The Direct Purchaser Plaintiff Action | Honorable Jeffrey T. Gilbert |

**SUR-REPLY IN SUPPORT OF SERVICES GROUP OF AMERICA INC'S NOTICE OF OPT-OUT AND OBJECTION TO LIST OF OPT-OUTS WITH RESPECT TO THE DIRECT PURCHASER CLASS PLAINTIFFS' SETTLEMENTS WITH GEORGE'S AND PECO DEFENDANTS, OR IN THE ALTERNATIVE, <u>MOTION FOR LATE OPT-OUT FROM THE SETTLEMENTS</u>**

George's and Peco's (the "Settling Defendants") Sur-Response (ECF Dkt. No. 4324) to Services Group of America's ("SGA") Reply (ECF Dkt. No. 4304) again demonstrates their lack of transparency in the process of providing SGA with notice to opt out of their settlements with the Direct Purchaser Plaintiff Class (the "Class Settlements"). The Settling Defendants additionally miss the mark on the basis for permitting SGA's opt out and SGA's arguments in reply. In short, it was the Settling Defendants—not SGA—who pointed to notice to the subsidiaries as justification for their position. Now that SGA has, in its reply brief, explained that the Settling Defendants' position accomplishes the opposite of what they intended, the Defendants add an irrelevant qualification. But it was *their* theory that notice to the subsidiaries was sufficient. They simply cannot have it both ways.

In the initial Response (ECF Dkt. No. 4275) to SGA's Motion (ECF Dkt. No. 4187), the Settling Defendants and the Claims Administrator, for the first time, claimed that notice of the Class Settlements was served on SGA "through its (now former) subsidiaries." (ECF Dkt. No.

4275, at 5). They refuse to acknowledge that, by the time notice was served, the subsidiaries had been sold to Direct Action Plaintiff US Foods. Decl. Dianne Shay, ¶ 4 (ECF Dkt. No. 4187-2). Without any basis for imputing knowledge of the notice to SGA, the Settling Defendants argued that SGA should not be permitted to opt out of the Class Settlements because the US Foods entities received sufficient notice. (ECF Dkt. No. 4275 at 5).

In its Reply, SGA reasoned that to the extent US Foods received notice through service on SGA's former subsidiaries, such notice cannot weigh against a finding of excusable neglect in favor of SGA. (ECF Dkt. No. 4304 at 6–8). SGA argued that the facts and the law support a finding of excusable neglect, considering the factors of minimal prejudice to the Settling Defendants, the delay's non-existent impact on the judicial proceedings, SGA's excusable reasons for the delay, and SGA's good faith in seeking relief from this Court to opt out of the George's and Peco class settlements. (ECF Dkt. No. 4304). SGA then proposed that "the clearest resolution is to apply the US Foods opt out to the subsidiaries' claims, regardless of which DAP owns them." (ECF Dkt. No. 4304 at 8). The Settling Defendants' Sur-Response fails to move the needle on the balance of these factors or the sufficiency of the Claims Administrator's notice. (ECF Dkt. No. 4324). It only shows that the Claims Administrator *understood* that US Foods did not own the claims of SGA's former subsidiaries. This fact, while surprising, does nothing to harm SGA's position; it is an admission of inadequate notice by the Settling Defendants.

SGA should be excused for not knowing what was provided to US Foods or what US Foods sent to the Claims Administrator. Outside of the briefing over the current Motion, the Claims Administrator provided none of this material to SGA, despite repeated requests for an explanation regarding notice to SGA or its former subsidiaries. In light of the totality of the circumstances, this Court should permit SGA to opt out of the DPP Class Settlements with George's and Peco.

Dated: February 24, 2021　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ Gregory J. Casas*
　　　　　　　　　　　　　　　　　　　　John F. Gibbons
　　　　　　　　　　　　　　　　　　　　Illinois Bar No. 6190493
　　　　　　　　　　　　　　　　　　　　gibbonsj@gtlaw.com
　　　　　　　　　　　　　　　　　　　　Thomas E. Dutton
　　　　　　　　　　　　　　　　　　　　Illinois Bar No. 6195923
　　　　　　　　　　　　　　　　　　　　duttont@gtlaw.com
　　　　　　　　　　　　　　　　　　　　GREENBERG TRAURIG, L.L.P.
　　　　　　　　　　　　　　　　　　　　77 West Wacker Dr. Suite 3100
　　　　　　　　　　　　　　　　　　　　Chicago, IL 60601
　　　　　　　　　　　　　　　　　　　　Telephone: 312-456-8400
　　　　　　　　　　　　　　　　　　　　Fax: 312-456-8435

　　　　　　　　　　　　　　　　　　　　Gregory J. Casas (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Texas Bar No.: 00787213
　　　　　　　　　　　　　　　　　　　　casasg@gtlaw.com
　　　　　　　　　　　　　　　　　　　　Erik Weber (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Texas Bar No.: 240898587
　　　　　　　　　　　　　　　　　　　　weberer@gtlaw.com
　　　　　　　　　　　　　　　　　　　　GREENBERG TRAURIG, L.L.P.
　　　　　　　　　　　　　　　　　　　　300 West Sixth Street, Suite 2050
　　　　　　　　　　　　　　　　　　　　Austin, Texas 78701-4052
　　　　　　　　　　　　　　　　　　　　Telephone: 512-320-7200
　　　　　　　　　　　　　　　　　　　　Fax: 512-320-7210

　　　　　　　　　　　　　　　　　　　　Dominic E. Draye (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Arizona Bar No. 033012
　　　　　　　　　　　　　　　　　　　　drayed@gtlaw.com
　　　　　　　　　　　　　　　　　　　　GREENBERG TRAURIG, L.L.P.
　　　　　　　　　　　　　　　　　　　　2375 East Camelback Road, Suite 700
　　　　　　　　　　　　　　　　　　　　Phoenix, AZ 85016
　　　　　　　　　　　　　　　　　　　　Telephone: 602-445-8000
　　　　　　　　　　　　　　　　　　　　Fax: 602-445-8100

　　　　　　　　　　　　　　　　　　　　*Attorneys for Services Group of America, Inc.*

## CERTIFICATE OF SERVICE

      I, Erik Weber, hereby certify that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system on February 24, 2021, which constitutes service on counsel of record who are registered electronic filing users.

                                     */s/ Erik Weber*
                                     Erik Weber