**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*Boston Market Corporation v. Tyson Foods, Inc. et al.*, Case No. 1:20-cv-03450 | Civil Action No. 1:16-cv-08637<br><br>Judge Thomas M. Durkin<br>Magistrate Judge Jeffrey T. Gilbert<br><br>Jury Trial Demanded |

**AMENDED COMPLAINT**

1. Plaintiff Boston Market Corporation ("Boston Market") hereby amends its Complaint (ECF 1) in Case No. 1:20-cv-03450, and its claims and allegations in the Direct Action Plaintiffs' Amended Consolidated Complaint and Demand for Jury Trial, filed in *In re Broiler Antitrust Litigation*, Case No. 1:16-cv-08637 (ECF 4243) ("DAP Amended Consolidated Complaint"), to name the following Defendants: Utrecht-America Holdings, Inc. and its subsidiaries, Rabo AgriFinance LLC, Rabobank USA Financial Corporation, and Utrecht-America Finance Co. (collectively "Rabobank"); and Keystone Foods LLC and its wholly owned subsidiaries and affiliated entities Keystone Foods Corporation, Equity Group Eufaula Division, LLC, Equity Group Kentucky Division LLC, and Equity Group Georgia Division LLC (collectively "Keystone").

2. Boston Market incorporates by reference the factual allegations and reservations of rights contained in the DAP Amended Consolidated Complaint, amending its row in Section II's Chart of Direct-Action Plaintiff Cases as follows:

1

| Plaintiff Name | Operative Complaint (Reference is to Sealed Version, if applicable) | Named Defendants (Not Previously Dismissed) | Named-Co-Conspirators (if any) | Causes of Action |
|---|---|---|---|---|
| Boston Market Corporation | ECF 3654-1 | Claxton; Pilgrim's Pride; George's; Agri Stats; Amick; Case; Fieldale; Foster Farms; Harrison; House of Raeford; Koch; Mar-Jac; Mountaire; O.K. Foods; Peco; Perdue; Sanderson; Simmons; Tyson; Wayne; Rabobank; Keystone | Allen Harim; Defendant Family Co-Conspirators | Count I (Sherman Act Claim for all Anticompetitive Conduct); Count XXIII (Violation of Arizona Antitrust Law); Count XXXI (Violation of California's Cartwright Act); Count XXXII (Violation of California's UCL); Count XXXIV (Violation of Colorado Consumer Protection Act); Count XXXV (Violation of District of Columbia Antitrust Act); Count XXII (Violation of FDUTPA); Count XXIV (Violation of Illinois Antitrust Act); Count XXVIII (Violation of the Illinois Fraud Act); Count XLVI (Violation of Kansas Antitrust Act); Count XXXVIII (Violation of Michigan Antitrust Act); Count XXV (Violation of Minnesota Antitrust Law); Count XXIX (Violation of Minnesota Consumer Fraud Act); Count XXXIX (Violation of Missouri Merchandising Practices Act); Count XLVII (Violation of Nebraska Junkin Act); Count XLVIII (Violation of the Nebraska Consumer Protection Act); Count XLIX (Violation of New Hampshire Antitrust Act); Count XL (Violation of Nevada Unfair Trade Practices Act); Count XLI (Violation of Nevada Deceptive Trade Practices Act); Count XXVI (Violation of New Mexico Antitrust Act); Count XXX (Violation of New Mexico Unfair Practices Act); Count XXVII (Violation of NY General Business Law); Count XLII (Violation of North Carolina Unfair Trade Act); Count XLIII (Violation of the Rhode Island Antitrust Act); Count LVII (Violation of S.C. CODE ANN §§ 39-5-10); Count XLV (Violation of the Virginia Consumer Protection Act); Count LII (Violation of the Wisconsin Antitrust Act) |

**PRAYER FOR RELIEF**

WHEREFORE, Boston Market respectfully requests that the Court:

A. Enter joint and several judgments against Defendants in favor of Boston Market;

B. Award Boston Market damages in an amount to be determined at trial to the maximum extent allowed under federal antitrust laws, and enter a joint and several judgment in favor of Boston Market against Defendants in an amount to be trebled as provided by law;

C. Award Boston Market post-judgment interest as provided by law, with such interest to be awarded at the highest legal rate;

D. Award Boston Market's attorneys' fees, litigation expenses, and costs, as provided by law; and

E. Grant Boston Market such other and further relief that the Court may deem just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Boston Market demands a trial by jury on all issues so triable.

Dated: February 26, 2021                    Respectfully submitted,

                                            BOSTON MARKET CORPORATION

                                            By: /s/ *Lori P. Lustrin*
                                            Robert W. Turken (*pro hac vice*)
                                            Lori P. Lustrin (*pro hac vice*)
                                            Scott N. Wagner (*pro hac vice*)
                                            **BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
                                            1450 Brickell Ave., Suite 2300
                                            Miami, Florida 33131-3456
                                            Telephone: 305-374-7580
                                            Facsimile: 305-374-7593
                                            rturken@bilzin.com

llustrin@bilzin.com
swagner@bilzin.com

Andrew P. Bleiman
**MARKS & KLEIN, LLP**
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Telephone: 312-206-5162
Facsimile: 312-420-5568
andrew@marksklein.com