# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 1:16-cv-08637<br><br>Honorable Thomas M. Durkin<br>Magistrate Judge Jeffrey T. Gilbert |
| This Document Relates To:<br><br>All End-User Consumer Plaintiff Actions | |

### ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENTS BETWEEN END-USER CONSUMER PLAINTIFFS AND TYSON, FIELDALE, PECO FOODS AND GEORGE'S DEFENDANTS

Now before the Court is End-User Consumer Plaintiffs' ("EUCPs") Motion for Preliminary Approval of Settlements with (1) Defendants Tyson Foods, Inc., Tyson Chicken, Inc., Tyson Breeders, Inc. and Tyson Poultry, Inc. ("Tyson"), (2) Defendant Fieldale Corporation ("Fieldale"), (3) Defendant Peco Foods, Inc. ("Peco"), and (4) Defendants George's, Inc., and George's Farms, Inc. ("George's) (collectively, "Settling Defendants").

The Court, having reviewed the Motion, its accompanying memorandum and the exhibits thereto, the Settlement Agreement between Tyson and EUCPs ("Tyson Settlement Agreement"), the Settlement Agreement between Fieldale and EUCPs ("Fieldale Settlement Agreement"), the Settlement Agreement between Peco and EUCPs ("Peco Settlement Agreement"), the Settlement Agreement between George's and EUCPs ("George's Settlement Agreement"), and the file, hereby ORDERS:

1. This Court has jurisdiction over this action and each of the parties to the Settlement Agreement.

2. This Court certifies a Settlement Class defined as:

> All persons and entities who indirectly purchased fresh or frozen raw chicken (defined as whole birds (with or without giblets), whole cut-up birds purchased within a package, or "white meat" parts including breasts and wings (or cuts containing a combination of these), but excluding chicken that is marketed as halal, kosher, free range, or organic) from Defendants or alleged co-conspirators for personal consumption, where the person or entity purchased in California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Oregon, Rhode Island (after July 15, 2013), South Carolina, South Dakota, Tennessee, Utah, and Wisconsin from January 1, 2009 (except for Rhode Island, which is from July 15, 2013) to July 31, 2019.

This class definition is in all material respects the same settlement class proposed in EUCPs' Fifth Consolidated Amended Class Action Complaint, ECF Nos. 3747 (redacted), and 3748 (sealed), and the same class set forth in the Settlement Agreement. *See* Tyson Settlement Agreement, § II.G.2; Fieldale Settlement Agreement, § II.G.2; Peco Settlement Agreement, § II.G.2; and George's Settlement Agreement, § II.G.2.

3. The Court appoints the law firms of Hagens Berman Sobol Shapiro LLP and Cohen Milstein Sellers & Toll, PLLC as Co-Lead counsel for the Settlement Class.

4. Upon review of the record, the Court finds that the proposed Tyson Settlement Agreement has been negotiated at arm's length, falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at the Court's Fairness Hearing. The Court finds that the Tyson Settlement Agreement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement and its terms

satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the Settlement may be given to the Settlement Class when appropriate.

5. Upon review of the record, the Court finds that the proposed Fieldale Settlement Agreement has been negotiated at arm's length, falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at the Court's Fairness Hearing. The Court finds that the Fieldale Settlement Agreement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the Settlement may be given to the Settlement Class when appropriate.

6. Upon review of the record, the Court finds that the proposed Peco Settlement Agreement has been negotiated at arm's length, falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at the Court's Fairness Hearing. The Court finds that the Peco Settlement Agreement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the Settlement may be given to the Settlement Class when appropriate.

7. The Court further finds that the proposed George's Settlement Agreement has been negotiated at arm's length, falls within the range of possible approval and is hereby

preliminarily approved, subject to further consideration at the Court's Fairness Hearing. The Court finds that the George's Settlement Agreement as well is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the Settlement may be given to the Settlement Class when appropriate.

8. At a later time, Co-Lead Counsel will move the Court to approve a program to notify members of the Settlement Class of these and any other then-pending settlements, as the Court finds it would be more efficient and economical to defer the notice and claims process until a later time.

9. After Class Notice has been approved and disseminated, the Court shall hold a hearing on the Proposed Settlements to determine whether they are fair, reasonable, and adequate, and whether they should be finally approved by the Court (the "Fairness Hearing").

10. After Notice has been disseminated, Class Members who wish to exclude themselves from any of these Settlements will be required to submit an appropriate and timely request for exclusion, and Class Members who wish to object to any of these Settlements must submit an appropriate and timely written statement of the grounds for objection. Class Members who wish to appear in person to object to any of these Agreements may do so at the Fairness Hearing pursuant to directions by the Court.

11. Terms used in this Order that are defined in the Settlement Agreements are, unless otherwise defined herein, used as defined in the Settlement Agreements.

12. If any of these Settlement Agreements is terminated or rescinded in accordance

010636-11/1440067 V2

with its provisions, or otherwise does not become Final, then the Settlement Agreement and all proceedings in connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided otherwise in the Settlement Agreement, and without prejudice to the status quo ante rights of EUCPs, the Settling Defendant, and the members of the Class. The Parties shall also comply with any terms or provisions of the Settlement Agreement applicable to termination, rescission, or the Settlement otherwise not becoming Final.

13. Neither this Order nor any of these Settlement Agreements shall be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, or regulation or of any liability or wrongdoing by any of the Settling Defendants or of the truth of any of EUCPs' Claims or allegations, nor shall it be deemed or construed to be an admission nor evidence of Released Parties' defenses.

14. The Action with respect to EUCPs' Claims is stayed as to the Released Parties (as that term is defined in the Settlement Agreements) except as necessary to effectuate this Settlement.

IT IS SO ORDERED.

DATED: March 22, 2021

*Thomas M Durkin*

HONORABLE THOMAS M. DURKIN
UNITED STATES DISTRICT COURT JUDGE