EXHIBIT  C

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br>This Document Relates To: All Actions | Case No. 1:16-cv-08637<br><br>The Honorable Thomas M. Durkin |

### RESPONSES AND OBJECTIONS OF DEFENDANT
### PILGRIM'S PRIDE CORPORATION TO RESTAURANT DAPS'
### <u>REQUESTS FOR PRODUCTION OF DOCUMENTS TO PRODUCER DEFENDANTS</u>

Pursuant to Federal Rules of Civil Procedure 26 and 34 and prior agreements of the parties and Orders of the Court in this litigation, Defendant Pilgrim's Pride Corporation ("Pilgrim's" or the "Company") hereby provides its Responses and Objections to Restaurant DAPs' Requests for Production of Documents to Producer Defendants dated January 15, 2021 (the "Requests"). These Responses and Objections are based upon information presently known to Pilgrim's. Pilgrim's reserves the right to amend, modify, or supplement these objections and responses.

### <u>PRELIMINARY STATEMENT</u>

1.      Pilgrim's objects to the Definitions to the extent that they purport to extend beyond a reasonable scope and/or their natural meaning. Pilgrim's interprets the Requests reasonably and in good faith in accordance with common English usage, as supplemented by its understanding of the common meanings of terms in the Broiler chicken industry, and as provided in the Federal Rules of Civil Procedure.

2.      Pilgrim's stands on its previously stated objections to the definitions of "You," "Your"," and Defendant, which are incorporated by reference.

## SPECIFIC RESPONSES AND OBJECTIONS

1.  ***All Documents reflecting Defendants' pricing for Restaurant DAPs' purchases of Broiler chicken, including Defendants' explanations and presentations concerning pricing of Broiler chicken.***

**Response:**  Pilgrim's objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks "all" documents.  Pilgrim's further objects to the phrase "explanations and presentations concerning pricing of Broiler chicken" as vague and ambiguous.  Pilgrim's also objects to this Request to the extent it seeks the production of documents protected from disclosure by the attorney-client privilege, work-product doctrine, or other applicable privilege.  Moreover, as the Court's December 22, 2017 Order states, "the parties have agreed that, as a general matter, the appropriate time period for discovery in this case is January 1, 2007 through September 2, 2016" (the "Documents Relevant Time Period") Dkt. 580 at 3 (citing Dkt. 459 at 12).  Pilgrim's objects to this Request as seeking documents outside the Documents Relevant Time Period.  Pilgrim's further objects to this Request to the extent it seeks discovery related to any "bid-rigging claim" which the Court has ordered "stayed until the supply reduction and Georgia Dock claims are resolved." *See* Dkt. 3835.

The parties have already negotiated and agreed on Pilgrim's' offer of production pursuant to All Plaintiffs' First Set of Requests for Production of Documents to All Defendants. *See, e.g.*, Amended Responses and Objections of Defendant Pilgrim's Pride Corporation to All Plaintiffs' First Set of Requests for Production of Documents to All Defendants. This Request is duplicative of Requests 11 and 12 in All Plaintiffs' First Set of Requests for Production of Documents to All Defendants, except that this Request seeks more than three years of documents and data outside

of the Documents Relevant Time Period. Restaurant DAPs have not shown good cause as to why the parties' agreements, including the Documents Relevant Time Period, should be altered at this late stage of the litigation. Expanding the Documents Relevant Time Period as Restaurant DAPs propose here would require Pilgrim's to collect and review vast amounts of new documents—doing so would be incredibly time-consuming and expensive, and is not necessary or proportional to the needs of this case.

This Request seeks discovery that is duplicative and outside the Documents Relevant Time Period. Pilgrim's has fulfilled its production obligations with respect to this Request consistent with the parties' agreements and the Court's orders. To the extent this request purports to seek documents and information related to bid rigging claims or allegations, that discovery is stayed by Court order. Pilgrim's declines to make any further production in response to this Request.

**2. *All Documents reflecting Communications between You and Restaurant DAPs regarding Defendants' pricing for Restaurant DAPs purchases of Broiler chicken, including Defendants' explanations and presentations concerning pricing of Broiler chicken.***

**Response:** Pilgrim's objects to this Request as overly broad and unduly burdensome, and not proportional to the needs of the case because it seeks "all" documents reflecting communications. Pilgrim's further objects to the phrase "explanations and presentations concerning pricing of Broiler chicken" as vague and ambiguous. Pilgrim's also objects to this Request to the extent it seeks the production of documents protected from disclosure by the attorney-client privilege, work-product doctrine, or other applicable privilege. Pilgrim's further objects to this Request as duplicative of other Requests for Production.

Moreover, as the Court's December 22, 2017 Order states, "the parties have agreed that, as a general matter, the appropriate time period for discovery in this case is January 1, 2007

3

through September 2, 2016" (the "Documents Relevant Time Period") Dkt. 580 at 3 (citing Dkt. 459 at 12). Pilgrim's objects to this Request as seeking documents outside the Documents Relevant Time Period. Pilgrim's further objects to this Request to the extent it seeks discovery related to any "bid-rigging claim" which the Court has ordered "stayed until the supply reduction and Georgia Dock claims are resolved." *See* Dkt. 3835.

The parties have already negotiated and agreed on Pilgrim's' offer of production pursuant to All Plaintiffs' First Set of Requests for Production of Documents to All Defendants. *See, e.g.*, Amended Responses and Objections of Defendant Pilgrim's Pride Corporation to All Plaintiffs' First Set of Requests for Production of Documents to All Defendants. This Request is duplicative of Requests 11 and 12 in All Plaintiffs' First Set of Requests for Production of Documents to All Defendants, except that this Request seeks more than three years of documents outside of the Documents Relevant Time Period. Restaurant DAPs have not shown good cause as to why the parties' agreements, including the Documents Relevant Time Period, should be altered at this late stage of the litigation. Expanding the Documents Relevant Time Period as Restaurant DAPs propose here would require Pilgrim's to collect and review vast amounts of new documents—doing so would be incredibly time-consuming and expensive, and is not necessary or proportional to the needs of this case.

This Request seeks discovery that is duplicative and outside the Documents Relevant Time Period. Pilgrim's has fulfilled its production obligations with respect to this Request consistent with the parties' agreements and the Court's orders. To the extent this request purports to seek documents and information related to bid rigging claims or allegations, that discovery is stayed by Court order. Pilgrim's declines to make any further production in response to this Request.

4

**3.** **_All Documents reflecting Communications between You and Restaurant DAPs_**
**_regarding supply of Broiler chicken._**

> **Response:** Pilgrim's objects to this Request as overly broad, unduly burdensome, and
not proportional to the needs of this case because it seeks "all" documents reflecting
communications. Pilgrim's also objects to this Request to the extent it seeks the production of
documents protected from disclosure by the attorney-client privilege, work-product doctrine, or
other applicable privilege. Pilgrim's further objects to this Request as duplicative of other
Requests for Production.

> Moreover, as the Court's December 22, 2017 Order states, "the parties have agreed that,
as a general matter, the appropriate time period for discovery in this case is January 1, 2007
through September 2, 2016" (the "Documents Relevant Time Period") Dkt. 580 at 3 (citing Dkt.
459 at 12). Pilgrim's objects to this Request as seeking documents outside the Documents
Relevant Time Period. Pilgrim's further objects to this Request to the extent it seeks discovery
related to any "bid-rigging claim" which the Court has ordered "stayed until the supply reduction
and Georgia Dock claims are resolved." *See* Dkt. 3835.

> The parties have already negotiated and agreed on Pilgrim's' offer of production pursuant
to All Plaintiffs' First Set of Requests for Production of Documents to All Defendants. *See, e.g.*,
Amended Responses and Objections of Defendant Pilgrim's Pride Corporation to All Plaintiffs'
First Set of Requests for Production of Documents to All Defendants. This Request is similar to
Requests 14, 17, 21, 23, 24, 27, 28, 29, 46, and 49 in All Plaintiffs' First Set of Requests for
Production of Documents to All Defendants, except that this Request seeks more than three years
of documents outside of the Documents Relevant Time Period. Restaurant DAPs have not
shown good cause as to why the parties' agreements, including the Documents Relevant Time
Period, should be altered at this late stage of the litigation. Expanding the Documents Relevant

Time Period as Restaurant DAPs propose here would require Pilgrim's to collect and review vast amounts of new documents—doing so would be incredibly time-consuming and expensive, and is not necessary or proportional to the needs of this case.

This Request seeks discovery that is duplicative and outside the Documents Relevant Time Period. Pilgrim's has fulfilled its production obligations with respect to this Request consistent with the parties' agreements and the Court's orders. To the extent this request purports to seek documents and information related to bid rigging claims or allegations, that discovery is stayed by Court order. Pilgrim's declines to make any further production in response to this Request.

### 4. *All Documents reflecting contract negotiations and contractual terms for sales of Broiler chicken by Defendants to Restaurant DAPs.*

**<u>Response:</u>** Pilgrim's objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks "all" documents. Pilgrim's also objects to this Request to the extent it seeks the production of documents protected from disclosure by the attorney-client privilege, work-product doctrine, or other applicable privilege.

Moreover, as the Court's December 22, 2017 Order states, "the parties have agreed that, as a general matter, the appropriate time period for discovery in this case is January 1, 2007 through September 2, 2016" (the "Documents Relevant Time Period") Dkt. 580 at 3 (citing Dkt. 459 at 12). Pilgrim's objects to this Request for production as seeking documents outside the Documents Relevant Time Period. Pilgrim's further objects to this Request to the extent it seeks discovery related to any "bid-rigging claim" which the Court has ordered "stayed until the supply reduction and Georgia Dock claims are resolved." *See* Dkt. 3835.

The parties have already negotiated and agreed on Pilgrim's' offer of production pursuant to All Plaintiffs' First Set of Requests for Production of Documents to All Defendants. *See, e.g.*,

Amended Responses and Objections of Defendant Pilgrim's Pride Corporation to All Plaintiffs' First Set of Requests for Production of Documents to All Defendants. This Request is similar to Requests 40 and 42 in All Plaintiffs' First Set of Requests for Production of Documents to All Defendants, Request 1 in All Plaintiffs' Third Set of Requests for Production of Documents to Broiler Integrator Defendants, and Request 1 in All Plaintiffs' Fifth Set of Requests for Production of Documents to All Defendants, except that this Request seeks more than three years of documents outside of the Documents Relevant Time Period. Restaurant DAPs have not shown good cause as to why the parties' agreements, including the Documents Relevant Time Period, should be altered at this late stage of the litigation. Expanding the Documents Relevant Time Period as Restaurant DAPs propose here would require Pilgrim's to collect and review vast amounts of new documents—doing so would be incredibly time-consuming and expensive, and is not necessary or proportional to the needs of this case.

This Request seeks discovery that is duplicative and outside the Documents Relevant Time Period. Pilgrim's has fulfilled its production obligations with respect to this Request consistent with the parties' agreements and the Court's orders. To the extent this request purports to seek documents and information related to bid rigging claims or allegations, that discovery is stayed by Court order. Pilgrim's declines to make any further production in response to this Request.

5. ***All Documents reflecting Communications between You and Restaurant DAPs regarding contract negotiations and contractual terms for sales of Broiler chicken by Defendants to Restaurant DAPs.***

**Response:** Pilgrim's objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks "all" documents reflecting communications. Pilgrim's also objects to this Request to the extent it seeks the production of

documents protected from disclosure by the attorney-client privilege, work-product doctrine, or other applicable privilege.

Moreover, as the Court's December 22, 2017 Order states, "the parties have agreed that, as a general matter, the appropriate time period for discovery in this case is January 1, 2007 through September 2, 2016" (the "Documents Relevant Time Period") Dkt. 580 at 3 (citing Dkt. 459 at 12). Pilgrim's objects to this Request as seeking documents outside the Documents Relevant Time Period. Pilgrim's further objects to this Request to the extent it seeks discovery related to any "bid-rigging claim" which the Court has ordered "stayed until the supply reduction and Georgia Dock claims are resolved." *See* Dkt. 3835.

The parties have already negotiated and agreed on Pilgrim's' offer of production pursuant to All Plaintiffs' First Set of Requests for Production of Documents to All Defendants. *See, e.g.*, Amended Responses and Objections of Defendant Pilgrim's Pride Corporation to All Plaintiffs' First Set of Requests for Production of Documents to All Defendants. This Request is similar to Requests 40 and 42 in All Plaintiffs' First Set of Requests for Production of Documents to All Defendants, Request 1 in All Plaintiffs' Third Set of Requests for Production of Documents to Broiler Integrator Defendants, and Request 1 in All Plaintiffs' Fifth Set of Requests for Production of Documents to All Defendants, except that this Request seeks more than three years of documents outside of the Documents Relevant Time Period. Restaurant DAPs have not shown good cause as to why the parties' agreements, including the Documents Relevant Time Period, should be altered at this late stage of the litigation. Expanding the Documents Relevant Time Period as Restaurant DAPs propose here would require Pilgrim's to collect and review vast amounts of new documents—doing so would be incredibly time-consuming and expensive, and is not necessary or proportional to the needs of this case.

This Request seeks discovery that is duplicative and outside the Documents Relevant Time Period. Pilgrim's has fulfilled its production obligations with respect to this Request consistent with the parties' agreements and the Court's orders. To the extent this request purports to seek documents and information related to bid rigging claims or allegations, that discovery is stayed by Court order. Pilgrim's declines to make any further production in response to this Request.

Dated: February 16, 2021        Respectfully submitted,

WEIL GOTSHAL & MANGES LLP

By: */s/ Carrie C. Mahan*
Carrie C. Mahan (#459802)
Christopher J. Abbott (#1014487)
2001 M Street N.W., Ste. 600
Washington, D.C. 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
carrie.mahan@weil.com
christopher.abbott@weil.com

Jessica L. Falk (#4763686)
767 Fifth Avenue
New York, NY 10153
Telephone: 212-310-8000
Facsimile: 212-310-8007
jessica.falk@weil.com

EIMER STAHL LLP

Michael L. McCluggage (#01820966)
224 South Michigan Avenue, Ste. 1100
Chicago, IL 60604
Telephone: (312) 660-7665
Facsimile: (312) 692-1718
mmccluggage@eimerstahl.com

*Attorneys for Defendant Pilgrim's Pride Corporation*

## CERTIFICATE OF SERVICE

I, Carrie C. Mahan, depose and state that I have served a copy of Responses and Objections of Defendants Pilgrim's Pride Corporation to Restaurant DAPs' Requests for Production of Documents to Producer Defendants was served by electronic mail on the counsel listed below.

*/s/ Carrie C. Mahan*

### Counsel for Plaintiffs

| Class | Contact | E-mail |
|---|---|---|
| DPPs | W. Joseph Bruckner | wjbruckner@locklaw.com |
| | Brian D. Clark | bdclark@locklaw.com |
| | Simeon A. Morbey | samorbey@locklaw.com |
| | Elizabeth M. Sipe | emsipe@locklaw.com |
| | Bruce L. Simon | bsimon@pswlaw.com |
| | Daniel L. Warshaw | dwarshaw@pswlaw.com |
| | Neil Swartzberg | nswartzberg@pswlaw.com |
| | Clifford H. Pearson | cpearson@pswlaw.com |
| | Michael H. Pearson | mpearson@pswlaw.com |
| | Bobby Pouya | bpouya@pswlaw.com |
| | Thomas Nolan | tnolan@pswlaw.com |
| | Ellowene Grant | egrant@pswlaw.com |
| | Steven Hart | shart@hmelegal.com |
| | Brian Eldridge | beldridge@hmelegal.com |
| | Kyle Pozan | kpozan@hmelegal.com |
| | John Marrese | jmarrese@hmelegal.com |
| CIIPPs | Daniel E. Gustafson | dgustafson@gustafsongluek.com |
| | Daniel C. Hedlund | dhedlund@gustafsongluek.com |
| | Michelle J. Looby | mlooby@gustafsongluek.com |
| | Joshua R. Rissman | jrissman@gustafsongluek.com |
| | Brittany N. Resch | bresch@gustafsongluek.com |
| | Jamie L. Holzer | jholzer@gustafsongluek.com |
| | Ling Wang | lwang@gustafsongluek.com |
| | Joseph W. Cotchett | jcotchett@cpmlegal.com |
| | Adam J. Zapala | azapala@cpmlegal.com |
| | Tamarah P. Prevost | tprevost@cpmlegal.com |
| | Alex Barnett | abarnett@cpmlegal.com |
| | Jaclyn Verducci | jverducci@cpmlegal.com |
| | Carlo Lipson | clipson@cpmlegal.com |
| | Michael Caylao | mcaylao@cpmlegal.com |
| | Joseph Alioto, Jr. | jalioto@cpmlegal.com |
| | Samantha Fong | sfong@cpmlegal.com |
| | James Dallal | jdallal@cpmlegal.com |

| | Kenneth A. Wexler | kaw@wexlerwallace.com |
|---|---|---|
| | Edward A. Wallace | eaw@wexlerwallace.com |
| | Michelle Perkovic | mp@wexlerwallace.com |
| | Melinda Morales | mjm@wexlerwallace.com |
| **EUCPs** | Steve W. Berman | steve@hbsslaw.com |
| | Jason Zweig | jasonz@hbsslaw.com |
| | Rio Pierce | riop@hbsslaw.com |
| | Shana Scarlett | shanas@hbsslaw.com |
| | Kit A. Pierson | kpierson@cohenmilstein.com |
| | Brent W. Johnson | bjohnson@cohenmilstein.com |
| | Carol V. Gilden | cgilden@cohenmilstein.com |
| | Daniel H. Silverman | dsilverman@cohenmilstein.com |
| | Alison Deich | adeich@cohenmilstein.com |
| | Benjamin Brown | bbrown@cohenmilstein.com |
| | Breanna Van Engelen | breannav@hbsslaw.com |
| | Ben Siegel | bens@hbsslaw.com |
| **Direct Action Plaintiffs Affiliated Foods, ALEX LEE, INC., MERCHANTS DISTRIBUTORS, LLC, ASSOCIATED GROCERS OF NEW ENGLAND, INC., BIG Y FOODS, INC., FAREWAY STORES, INC., PIGGLY WIGGLY ALABAMA DISTRIBUTING CO., INC. and WOODMAN'S FOOD MARKET, INC.** | Eric R. Lifvendahl | elifvendahl@lgcounsel.com |
| | Robert N. Kaplan | rkaplan@kaplanfox.com |
| | Matthew P. McCahill | mmccahill@kaplanfox.com |
| | Johnny K. Merritt | jmerritt@legalstrategy.com |
| | Richard L. Coffman | rcoffman@coffmanlawfirm.com |
| | Solomon B. Cera | scera@cerallp.com |
| | Jeffrey P. Campisi | jcampisi@kaplanfox.com |
| | Mandrika Moonsammy | mmoonsammy@kaplanfox.com |
| | Elizabeth Black | eblack@hsblawfirm.com |
| | Mary Eldridge | meldridge@hsblawfirm.com |
| | C. Andrew Dirksen | cdirksen@cerallp.com |
| **Direct Action Plaintiffs Winn-Dixie Stores & Bi-Lo Holdings** | Patrick J. Ahern | patrick.ahern@ahernandassociatespc.com |
| | Theodore B. Bell | theo.bell@ahernandassociatespc.com |
| | Liana Alston | liana.alston@ahernandassociatespc.com |
| **Direct Action Plaintiff Sysco Corporation** | Scott E. Gant | sgant@bsfllp.com |
| | Jonathan M. Shaw | jshaw@bsfllp.com |
| | Colleen Harrison | charrison@bsfllp.com |

|  | Sarah Jones | sjones@bsfllp.com |
|---|---|---|
|  | Simon Leen | sleen@bsfllp.com |
|  | Ryan McAllister | rmcallister@BSFLLP.com |
| **Direct Action Plaintiff<br>US Foods, Inc.** | Scott E. Gant | sgant@bsfllp.com |
|  | Jonathan M. Shaw | jshaw@bsfllp.com |
|  | Colleen Harrison | charrison@bsfllp.com |
|  | Sarah Jones | sjones@bsfllp.com |
|  | Simon Leen | sleen@bsfllp.com |
|  | Ryan McAllister | rmcallister@BSFLLP.com |
| **Direct Action Plaintiffs<br>Campbell Soup Company; Campbell<br>Soup Supply Company, L.L.C.; Pacific<br>Foods of Oregon** | Scott E. Gant | sgant@bsfllp.com |
|  | Jonathan M. Shaw | jshaw@bsfllp.com |
|  | Colleen Harrison | charrison@bsfllp.com |
|  | Sarah Jones | sjones@bsfllp.com |
|  | Simon Leen | sleen@bsfllp.com |
|  | Ryan McAllister | rmcallister@BSFLLP.com |
| **Direct Action Plaintiff<br>Target Corporation** | Scott E. Gant | sgant@bsfllp.com |
|  | Jonathan M. Shaw | jshaw@bsfllp.com |
|  | Colleen Harrison | charrison@bsfllp.com |
|  | Sarah Jones | sjones@bsfllp.com |
|  | Simon Leen | sleen@bsfllp.com |
|  | Ryan McAllister | rmcallister@BSFLLP.com |
| **Direct Action Plaintiffs<br>John Soules Foods, Inc., John Soules<br>Acqusitions LLC** | Scott E. Gant | sgant@bsfllp.com |
|  | Jonathan M. Shaw | jshaw@bsfllp.com |
|  | Colleen Harrison | charrison@bsfllp.com |
|  | Sarah Jones | sjones@bsfllp.com |
|  | Simon Leen | sleen@bsfllp.com |
|  | Ryan McAllister | rmcallister@BSFLLP.com |
| **Direct Action Plaintiffs The Kroger<br>Co., Hy-Vee Inc., & Albertsons<br>Companies Inc.** | Bill Blechman | wjb@knpa.com |
|  | Doug Patton | dpatton@knpa.com |
|  | Sam Randall | srandall@knpa.com |
|  | Brandon Floch | bfloch@knpa.com |

| | | |
|---|---|---|
| **Direct Action Plaintiffs Associated Grocers of the South, Inc.; Meijer, Inc.; Meijer Distribution, Inc.; OSI Restaurant Partners, LLC; Publix Super Markets, Inc.; Supervalu Inc.; & Wakefern Food Corp.** | Paul Slater | PES@Sperling-law.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | David Germaine | dgermaine@sperling-law.com |
| | John Bjork | jbjork@sperling-law.com |
| | Martin Amaro | MAmaro@sperling-law.com |
| | Phil Cramer | pcramer@srvhlaw.com |
| | Ryan Holt | RHolt@srvhlaw.com |
| | Stacie Beishuizen | sbeishuizen@srvhlaw.com |
| | Jerry Santangelo | jsantangelo@sperling-law.com |
| **Direct Action Plaintiff Jetro Holdings, LLC** | Philip J. Iovieno | philip.iovieno@cwt.com |
| | Anne M. Nardacci | anardacci@bsfllp.com |
| | Mark A. Singer | mark.singer@cwt.com |
| | Nicholas A. Gravante, Jr. | nick.gravante@cwt.com |
| **Direct Action Plaintiffs Ahold Delhaize USA, Inc.; Aldi, Inc.; Chick-fil-A, Inc.** | Ryan Phair | rphair@huntonak.com |
| | Jack Martin | martinj@huntonak.com |
| | Craig Lee | craiglee@huntonak.com |
| | Matthew Calvert | mcalvert@huntonak.com |
| | Neil Gilman | ngilman@huntonak.com |
| | Emily Bolles | ebolles@huntonak.com |
| | Chris Brewer | brewerc@huntonak.com |
| | Meredith Malcolm | mmalcolm@huntonak.com |
| | Julie Porter | porter@spplawyers.com |
| **Direct Action Plaintiff BJ's Warehouse Club, Inc.** | Philip J. Iovieno | philip.iovieno@cwt.com |
| | Anne M. Nardacci | anardacci@bsfllp.com |
| | Mark A. Singer | mark.singer@cwt.com |
| | Nicholas A. Gravante, Jr. | nick.gravante@cwt.com |
| **Direct Action Plaintiff Maximum Quality Foods, Inc.** | Philip J. Iovieno | philip.iovieno@cwt.com |
| | Anne M. Nardacci | anardacci@bsfllp.com |
| | Mark A. Singer | mark.singer@cwt.com |
| | Nicholas A. Gravante, Jr. | nick.gravante@cwt.com |
| **Direct Action Plaintiff PJ Food Service, Inc.** | Philip J. Iovieno | philip.iovieno@cwt.com |
| | Anne M. Nardacci | anardacci@bsfllp.com |
| | Mark A. Singer | mark.singer@cwt.com |

| | Nicholas A. Gravante, Jr. | nick.gravante@cwt.com |
|---|---|---|
| **Direct Action Plaintiff Hooters of America, LLC** | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| **Direct Action Plaintiffs ANAHEIM WINGS, LLC, d/b/a Hooters of Anaheim; GASLAMP WINGS, LLC, previously d/b/a Hooters of San Diego; MISSION VALLEY WINGS, LLC, d/b/a Hooters of Mission Valley; OCEANSIDE WINGS, LLC, previously d/b/a Hooters of Oceanside; COSTA MESA WINGS, LLC, d/b/a Hooters of Costa Mesa; RANCHO BERNARDO WINGS, LLC, d/b/a Hooters of San Marcos; ONTARIO WINGS, LLC, d/b/a Hooters of Ontario; HOLLYWOOD WINGS, LLC, d/b/a Hooters of Hollywood; SOUTH GATE WINGS, LLC, d/b/a Hooters of South Gate; WINGS OVER LONG BEACH, LLC, d/b/a Hooters of Long Beach; BONITA PLAZA WINGS, LLC, d/b/a Hooters of Plaza Bonita; and DOWNTOWN WINGS, LLC, previously d/b/a Hooters of Downtown LA** | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |

| | | |
|---|---|---|
| **Direct Action Plaintiffs RESTAURANTS OF AMERICA, INC; LTP MANAGEMENT GROUP, INC.; GIBSON, GRECO & WOOD, LTD.; and HOOTERS MANAGEMENT CORPORATION** | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| **Direct Action Plaintiffs Sherwood Food Distributors, L.L.C.; Harvest Meat Company, Inc.; Western Boxed Meat Distributors, Inc.; and Hamilton Meat, LLC** | Philip J. Iovieno | philip.iovieno@cwt.com |
| | Anne M. Nardacci | anardacci@bsfllp.com |
| | Mark A. Singer | mark.singer@cwt.com |
| | Nicholas A. Gravante, Jr. | nick.gravante@cwt.com |
| **Direct Action Plaintiff Darden Restaurants, Inc.** | Philip J. Iovieno | philip.iovieno@cwt.com |
| | Anne M. Nardacci | anardacci@bsfllp.com |
| | Mark A. Singer | mark.singer@cwt.com |
| | Nicholas A. Gravante, Jr. | nick.gravante@cwt.com |
| **Direct Action Plaintiff QUIRCH FOODS, LLC, f/k/a/ QUIRCH FOODS CO.** | Marvin A. Miller | mmiller@millerlawllc.com |
| | Matthew E. Van Tine | mvantine@millerlawllc.com |
| | Andrew Szot | aszot@millerlawllc.com |
| | Jay Shapiro | jshapiro@stearnsweaver.com |
| | Samuel Patmore | spatmore@stearnsweaver.com |
| | Carlos Canino | ccanino@stearnsweaver.com |
| | Abigail Corbett | acorbett@stearnsweaver.com |

| | | |
|---|---|---|
| **Direct Action Plaintiffs ACTION MEAT DISTRIBUTORS, INC., ASSOCIATED FOOD STORES, INC., BASHAS' INC., CERTCO, INC., DICARLO DISTRIBUTORS, INC., IRA HIGDON GROCERY COMPANY, INC., NICHOLAS & CO., INC., PACIFIC AGRI-PRODUCTS, INC., PACIFIC FOOD DISTRIBUTORS, INC., TROYER FOODS, INC., URM STORES, INC., and WEINSTEIN WHOLESALE MEATS, INC.** | Eric R. Lifvendahl | elifvendahl@lgcounsel.com |
| | Robert N. Kaplan | rkaplan@kaplanfox.com |
| | Matthew P. McCahill | mmccahill@kaplanfox.com |
| | Johnny K. Merritt | jmerritt@legalstrategy.com |
| | Richard L. Coffman | rcoffman@coffmanlawfirm.com |
| | Solomon B. Cera | scera@cerallp.com |
| | C. Andrew Dirksen | cdirksen@cerallp.com |
| **Direct Action Plaintiffs ASSOCIATED GROCERS, INC., BROOKSHIRE GROCERY COMPANY, And SCHNUCK MARKETS, INC.** | Eric R. Lifvendahl | elifvendahl@lgcounsel.com |
| | Robert N. Kaplan | rkaplan@kaplanfox.com |
| | Matthew P. McCahill | mmccahill@kaplanfox.com |
| | Johnny K. Merritt | jmerritt@legalstrategy.com |
| | Richard L. Coffman | rcoffman@coffmanlawfirm.com |
| | Solomon B. Cera | scera@cerallp.com |
| | C. Andrew Dirksen | cdirksen@cerallp.com |
| **Direct Action Plaintiffs HOWARD SAMUELS AS TRUSTEE IN BANKRUPTCY FOR CENTRAL GROCERS, INC., CBBC OPCO, LLC, d/b/a COLORADO BOXED BEEF and KING SOLOMON FOODS, INC.** | Eric R. Lifvendahl | elifvendahl@lgcounsel.com |
| | Robert N. Kaplan | rkaplan@kaplanfox.com |
| | Matthew P. McCahill | mmccahill@kaplanfox.com |
| | Johnny K. Merritt | jmerritt@legalstrategy.com |
| | Richard L. Coffman | rcoffman@coffmanlawfirm.com |
| | Solomon B. Cera | scera@cerallp.com |
| | C. Andrew Dirksen | cdirksen@cerallp.com |
| **Direct Action Plaintiff W. LEE FLOWERS & COMPANY, INC.** | Eric R. Lifvendahl | elifvendahl@lgcounsel.com |
| | Robert N. Kaplan | rkaplan@kaplanfox.com |
| | Matthew P. McCahill | mmccahill@kaplanfox.com |
| | Johnny K. Merritt | jmerritt@legalstrategy.com |

| | Richard L. Coffman | rcoffman@coffmanlawfirm.com |
|---|---|---|
| | Solomon B. Cera | scera@cerallp.com |
| | C. Andrew Dirksen | cdirksen@cerallp.com |
| | Manton Grier | mgrier@hsblawfirm.com |
| | Elizabeth Black | eblack@hsblawfirm.com |
| | Mary Eldridge | meldridge@hsblawfirm.com |
| **Direct Action Plaintiffs UNITED SUPERMARKETS, LLC; KRISPY KRUNCHY FOODS, LLC; and CHENEY BROS., INC.** | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Jana Eisinger | jeisinger@eisingerlawfirm.com |
| | Clay Taylor | Clay.Taylor@bondsellis.com |
| **Direct Action Plaintiffs Shamrock Foods Company and United Food Service, Inc.; Barbeque Integrated, Inc.; Bojangles' Restaurants, Inc. and Bojangles OPCO, LLC; Boston Market Corp.; Captain D's, LLC; Cracker Barrel Old Country Store, Inc. and CBOCS Distribution, Inc.; FIC Restaurants, Inc.; Golden Corral Corp.; The Johnny Rockets Group, Inc.; White Castle Purchasing Co.; WZ Franchise Corp.; Zaxby's Franchising LLC** | Robert Turken | rturken@bilzin.com |
| | Scott Wagner | swagner@bilzin.com |
| | Lori Lustrin | llustrin@bilzin.com |
| | Ilana Drescher | ldrescher@bilzin.com |
| | Shalia Sakona | ssakona@bilzin.com |
| | Ben Mitchel | bmitchel@bilzin.com |
| | Brianna Sainte | bsainte@bilzin.com |
| **Direct Action Plaintiffs CHECKERS DRIVE-IN RESTAURANTS, INC.** | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| | David Esau | desau@carltonfields.com |

| | Kristin Gore | kgore@carltonfields.com |
|---|---|---|
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| **Direct Action Plaintiffs GIANT EAGLE** | Erin Allen | Allen@marcus-shapira.com |
| | Moira Cain-Mannix | Cain-Mannix@marcus-shapira.com |
| | Bernie Marcus | Marcus@marcus-shapira.com |
| **Direct Action Plaintiffs Conagra Brands, Inc. Pinnacle Foods, Inc., Kraft Heinz Foods Company, Nestlé USA, Inc. and Nestlé Purina PetCare Company** | David Eddy | deddy@theantitrustlawgroup.com |
| | Dennis Lynch | dlynch@theantitrustlawgroup.com |
| | Chase Keibler | ckeibler@theantitrustlawgroup.com |
| | Connie Steele | csteele@theantitrustlawgroup.com |
| **Direct Action Plaintiff Services Group of America, Inc.** | Greg Casas | casasg@gtlaw.com |
| | Dominic Draye | drayed@gtlaw.com |
| | Tom Dutton | duttont@gtlaw.com |
| | Erik Weber | weberer@gtlaw.com |
| | Zach Douglas | douglasz@gtlaw.com |
| | Cindy Reed | reedci@gtlaw.com |
| | Vanessa Pinkerton | pinkertonv@gtlaw.com |
| **Direct Action Plaintiff Walmart** | Shawn Rabin | srabin@SusmanGodfrey.com |
| | Ravi Bhalla | rbhalla@susmangodfrey.com |
| | Ryan Caughey | rcaughey@susmangodfrey.com |
| | Steven Shepard | SShepard@susmangodfrey.com |
| | Leize Nand | LNand@susmangodfrey.com |
| | Rodney Polanco | rpolanco@susmangodfrey.com |
| **Direct Action Plaintiffs Amigos Meat Distributors, LP; Amigos Meat & Poultry, LLC; Amigos Meat Distributors East, LP; and Amigos Meat Distributors West, LP** | Peter Taaffe | ptaaffe@txattorneys.com |
| | Jason Willis | jwillis@txattorneys.com |
| | Obed De La Cruz | obed@mdlcfirm.com |
| | Spencer Markle | spencer@mdlcfirm.com |
| **Direct Action Plaintiff Commonwealth of Puerto Rico** | Johan M. Rosa Rodriguez | jorosa@justicia.pr.gov |
| | Todd Schneider | tschneider@schneiderwallace.com |
| | Kyle Bates | kbates@schneiderwallace.com |

| | Peter Schneider | pschneider@schneiderwallace.com |
|---|---|---|
| | Michael Mulder | mmmulder@mmulderlaw.com |
| | Elena Liveris | eliveris@mmulderlaw.com |
| **Direct Action Plaintiff El Pollo Loco, Inc.** | Judith Zahid | JZahid@zelle.com |
| | Eric Buetzow | ebuetzow@zelle.com |
| | James Dugan | jdugan@zelle.com |
| **Direct Action Plaintiff Associated Wholesale Grocers, Inc.** | Daniel Owen | dowen@polsinelli.com |
| | Amy Fitts | afitts@polsinelli.com |
| | Gabe Zorogastua | gzorogastua@polsinelli.com |
| | Kim Murray | kmurray@polsinelli.com |
| **Direct Action Plaintiffs McLane Company, Inc.; McLane/Mid-Atlantic, Inc.; McLane/Midwest, Inc.; McLane Minnesota, Inc.;  McLane New Jersey, Inc.; McLane/Eastern, Inc.; McLane/Suneast, Inc.; McLane Ohio, Inc.; McLane/Southern, Inc.; McLane/Western, Inc.; McLane Express, Inc.; Kinexo, Inc.; McLane Foodservice Distribution, Inc., McLane Foodservice, Inc.** | Kathryn Reilly | reilly@wtotrial.com |
| | Judith Youngman | youngman@wtotrial.com |
| | Camille Papini-Chapla | papinichapla@wtotrial.com |
| | Adam Hachikian | ahachikian@foxswibel.com |
| **Direct Action Plaintiff Bob Evans Farms, Inc.** | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| **Direct Action Plaintiff The Fresh Market, Inc.** | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |

| | Scott Menger | SMenger@carltonfields.com |
|---|---|---|
| | Garth Yearick | gyearick@carltonfields.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| **Direct Action Plaintiff Wawa, Inc.** | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| **Direct Action Plaintiff Restaurant Services, Inc.** | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Roger Kobert | rkobert@carltonfields.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| **Direct Action Plaintiffs L. Hart Inc.; R & D Marketing LLC; Timber Lake Foods Inc.; EMA Foods Co., LLC; and Red Bird Farms Distribution Company** | Paul J. Ripp | pjr@willmont.com |
| | Charles E. Tompkins | cet@willmont.com |
| | Evan P. Boyle | epb@willmont.com |
| | W. Lawrence Deas | lawrence@listondeas.com |
| | Michael Gratz, Jr. | michael@gratzandgratz.com |
| **USDOJ** | Heather Call | Heather.Call@usdoj.gov |
| | Michael Koenig | Michael.Koenig@usdoj.gov |
| | George Baranko | George.Baranko@usdoj.gov |
| | Frederick Levenson | Frederick.Levenson@usdoj.gov |
| | Carolyn Sweeney | Carolyn.Sweeney@usdoj.gov |
| | Paul Torzilli | Paul.Torzilli@usdoj.gov |
| | | |

| | | |
|---|---|---|
| **Direct Action Plaintiffs Carl Buddig & Co., Inc.; and Caesars Enterprise Services, LLC** | Floyd A Mandell | floyd.mandell@katten.com |
| | Jeffrey A. Wakolbinger | jeffrey.wakolbinger@katten.com |
| | Yonaton M. Rosenzweig | yoni.rosenzweig@katten.com |
| | Catherine E. O'Brien | catherine.obrien@katten.com |

**Counsel for Defendants**

| Defendant | Contact | E-mail |
|---|---|---|
| Agri Stats | William Monts | william.monts@hoganlovells.com |
| | Justin Bernick | justin.bernick@hoganlovells.com |
| | Jacob Koering | koering@millercanfield.com |
| | Kimberly Rancour | kimberly.rancour@hoganlovells.com |
| | Liam Phibbs | liam.phibbs@hoganlovells.com |
| | Olga Fleysh | olga.fleysh@hoganlovells.com |
| Claxton Poultry Farms | Charles C. Murphy, Jr. | cmurphy@vaughanandmurphy.com |
| | Jim Herbison | JHerbison@winston.com |
| | Michael P. Mayer | mmayer@winston.com |
| | Greg Wilkowski | gwilkowski@winston.com |
| | Tom Neuner | Tneuner@winston.com |
| Fieldale Farms | Parker Miller | parker.miller@alston.com |
| | Valarie Williams | Valarie.Williams@alston.com |
| | Max Marks | Max.Marks@alston.com |
| | Jeff Hannah | Jeff.Hannah@alston.com |
| | Doug Cunningham | Doug.Cunningham@alston.com |
| | Brent Hatcher | bhatcher@sgwmfirm.com |
| Foster Farms | Carmine Zarlenga | czarlenga@mayerbrown.com |
| | Oral Pottinger | opottinger@mayerbrown.com |
| | William Stallings | Wstallings@mayerbrown.com |
| | Steve Medlock | smedlock@mayerbrown.com |
| | Sasha Keck | skeck@mayerbrown.com |
| | Ankur Mandhania | Amandhania@mayerbrown.com |
| | Kate Monks | KMonks@mayerbrown.com |
| | Peter Bennett | PBennett@mayerbrown.com |
| George's | William Greene | William.greene@stinson.com |
| | KC Tucker | kc.tucker@lawgroupnwa.com |
| | John C. Martin | jmartin@sfgh.com |
| | Kristy Elizabeth Boehler | kristy.boehler@lawgroupnwa.com |
| | Zachary H Hemenway | zachary.hemenway@stinson.com |
| | Nicci Warr | nicci.warr@stinson.com |
| | Kevin Kitchen | kevin.kitchen@stinson.com |
| | Gary Weeks | gary.weeks@lawgroupnwa.com |
| | Pete Schwingler | peter.schwingler@stinson.com |
| Harrison Poultry | Patricia A. Gorham | patriciagorham@eversheds-sutherland.com |
| | James R. McGibbon | jimmcgibbon@eversheds-sutherland.com |
| | Ronald Balfour | rbalfour@salawus.com |
| | Kaitlin Carreno | KaitlinCarreno@eversheds-sutherland.us |
| | Dylan de Fouw | DylandeFouw@eversheds-sutherland.us |

| | Peter Szeremeta | PeterSzeremeta@eversheds-sutherland.us |
|---|---|---|
| | Lucy Dalton | LucyDalton@eversheds-sutherland.us |
| **House of Raeford Farms** | Gregory Wrobel | gwrobel@vedderprice.com |
| | Henry Jones | hjones@jordanprice.com |
| **Koch Foods** | Stephen Novack | snovack@novackmacey.com |
| | Stephen Siegel | SSiegel@novackmacey.com |
| | Christopher Moore | CMoore@novackmacey.com |
| | Julie A. Johnston-Ahlen | jja@novackmacey.com |
| | Brian Cohen | bcohen@novackmacey.com |
| | Marie Lim | mlim@novackmacey.com |
| | Elizabeth Wolicki | ewolicki@novackmacey.com |
| **Mar-Jac Poultry** | Ed Konieczny | ed@koniecznylaw.com |
| | David Newman | dnewman@sgrlaw.com |
| | Parker Sanders | psanders@sgrlaw.com |
| | Mark Cline | mcline@sgrlaw.com |
| | John Pennington | jpennington@sgrlaw.com |
| | Amy Buice | abuice@sgrlaw.com |
| **Mountaire Farms** | Bourgon Reynolds | breynolds@roselawfirm.com |
| | Andrew Rittenhouse | arittenhouse@roselawfirm.com |
| | Adam Hopkins | ahopkins@roselawfirm.com |
| | Amanda Wofford | awofford@roselawfirm.com |
| | John Treece | jtreece@jwtreece.com |
| | Joe Hall | jhall@roselawfirm.com |
| | Ramona Beritiech | rberitiech@roselawfirm.com |
| | Ryan Smith | rsmith@roselawfirm.com |
| **OK Foods** | James Sulentic | james.sulentic@kutakrock.com |
| | John Passarelli | john.passarelli@kutakrock.com |
| | J.R. Carroll | jr.carroll@kutakrock.com |
| | Jeffrey Fletcher | jeffrey.fletcher@kutakrock.com |
| | Kimberly Hare | kimberly.hare@kutakrock.com |
| | Stephen Dacus | stephen.dacus@kutakrock.com |
| **Peco Foods** | Boris Bershteyn | Boris.Bershteyn@skadden.com |
| | Patrick Fitzgerald | Patrick.Fitzgerald@skadden.com |
| | Lara Flath | lara.flath@skadden.com |
| | Peter Cheun | peter.cheun@skadden.com |
| | Gail Lee | Gail.Lee@skadden.com |
| **Perdue** | Leonard Gordon | lgordon@Venable.com |
| | Andrew Hernacki | ATHernacki@Venable.com |
| | Doug Baldridge | JBaldridge@Venable.com |
| | Lisa Jose Fales | ljfales@venable.com |
| | Robert Davis | RPDavis@Venable.com |
| | Benjamin Argyle | bpargyle@Venable.com |

| | Zak Varshovi | ZKVarshovi@Venable.com |
|---|---|---|
| | Andrew Dickson | ABDickson@Venable.com |
| | Thomasina Abraham | TDAbraham@Venable.com |
| | Danielle Foley | DRFoley@Venable.com |
| **Pilgrim's Pride** | Clayton Bailey | cbailey@baileybrauer.com |
| | Carrie Mahan | carrie.mahan@weil.com |
| | Service | PilgrimsPride.Service@weil.com |
| | Michael McCluggage | mmccluggage@EimerStahl.com |
| **Sanderson Farms** | Daniel Laytin | daniel.laytin@kirkland.com |
| | Christa Cottrell | christa.cottrell@kirkland.com |
| | Martin Roth | rothm@kirkland.com |
| | Stacy Pepper | stacy.pepper@kirkland.com |
| | Jessica Giulitto | jessica.giulitto@kirkland.com |
| | Kathleen Cawley | kcawley@kirkland.com |
| | Kyle Casey | kyle.casey@kirkland.com |
| | Rachel Haig | rachel.haig@kirkland.com |
| | Tucker Hunter | tucker.hunter@kirkland.com |
| | Jenna Stupar | jenna.stupar@kirkland.com |
| | Amelia Bailey | amelia.bailey@kirkland.com |
| | Barry Frett | barry.frett@kirkland.com |
| | Kate Guilfoyle | kate.guilfoyle@kirkland.com |
| | Anne Hudson | anne.hudson@kirkland.com |
| | Camil Sanchez Palumbo | camil.sanchezpalumbo@kirkland.com |
| | Sarah Brodwolf | sarah.brodwolf@kirkland.com |
| | Joe Schroeder | joseph.schroeder@kirkland.com |
| | Melissa Chambers | melissa.chambers@kirkland.com |
| | Stephen Rees | stephen.rees@kirkland.com |
| | Kathleen Murray | kathleen.murray@kirkland.com |
| | Bailey Ellis | bailey.ellis@kirkland.com |
| | Emma Nelson | emma.nelson@kirkland.com |
| **Simmons Foods** | Lynn Murray | lhmurray@shb.com |
| | Laurie Novion | lnovion@shb.com |
| | Riley Mendoza | rmendoza@shb.com |
| | Mia Fleming | mkfleming@shb.com |
| | John Elrod | jelrod@cwlaw.com |
| | Peter O'Neill | pfoneill@shb.com |
| | Vicki Bronson | vbronson@cwlaw.com |
| **Tyson** | Rachel Adcox | radcox@axinn.com |
| | Nicholas Gaglio | ngaglio@axinn.com |
| | Kenina Lee | klee@axinn.com |
| | John Tanski | jtanski@axinn.com |
| | Jarod Taylor | jtaylor@axinn.com |
| | Daniel Oakes | doakes@axinn.com |

| | Michael O'Mara | momara@axinn.com |
|---|---|---|
| | Brooke Oppenheimer | boppenheimer@axinn.com |
| | Kail Jethmalani | kjethmalani@axinn.com |
| | Jordan Tank | jmt@lipelyons.com |
| | Denise Plunkett | dplunkett@axinn.com |
| | Brandon Boxbaum | bboxbaum@axinn.com |
| **Wayne Farms** | Christopher Ondeck | condeck@proskauer.com |
| | Rucha Desai | rdesai@proskauer.com |
| | Stephen Chuk | schuk@proskauer.com |
| **Case Foods** | Joe Carney | jdc@jdcarney.com |
| | Deborah Klar | dklar@dklarlaw.com |
| | Daniel Feeney | dfeeney@millershakman.com |
| | Thomas Staunton | tstaunton@millershakman.com |
| | Paul Binder | binderpl@yahoo.com |
| | Service | case@jdcarney.com |
| **Amick** | Howard Iwrey | HIwrey@dykema.com |
| | Dante Stella | dstella@dykema.com |
| | Cody Rockey | crockey@dykema.com |
| | Steven Gistenson | sgistenson@dykema.com |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>This Document Relates To: Restaurant DAPs | Case No. 1:16-cv-08637<br><br>Honorable Thomas M. Durkin<br>Magistrate Judge Jeffrey T. Gilbert |

### MAR-JAC DEFENDANTS' RESPONSES AND
### OBJECTIONS TO RESTAURANT DAPS' REQUESTS
### FOR PRODUCTION OF DOCUMENTS TO PRODUCER DEFENDANTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Mar-Jac Poultry, Inc.; Mar-Jac Poultry MS, LLC; Mar-Jac Poultry AL, LLC; Mar-Jac AL/MS, Inc.; Mar-Jac Poultry, LLC; and Mar-Jac Holdings, Inc. (collectively, the "Mar-Jac Defendants" or "Mar-Jac") hereby respond to Restaurant DAPs' Requests for Production of Documents to Producer Defendants ("Requests").

### PRELIMINARY RESPONSES AND OBJECTIONS

1.      Mar-Jac objects to the Requests on the grounds that they seek information and documents outside the agreed-upon and court-ordered discovery period. The Court's ESI Protocol Order stated that, as a general matter, the appropriate time period for discovery in this case is January 1, 2007 through September 2, 2016. (Dkt. 459 at 12). These Requests, seeking documents from the time period January 1, 2008 to January 1, 2019—a more-than two-year expansion of the previously-determined discovery period—represent an undue and disproportionate increase in the discovery burden.

2.    Mar-Jac objects to the Requests to the extent they seek discovery of electronically stored information from sources that are not reasonably accessible in light of the burdens or costs required to locate, restore, review, and produce whatever responsive information may be found.

3.    To the extent Mar-Jac is required to disclose any information or documents, it does so without conceding the materiality, admissibility, or relevance of any such information. Nor shall the disclosure be construed as a waiver of any objection to any use of such information in any trial, hearing, or proceeding.

4.    Discovery is ongoing in this matter, as is Mar-Jac's own investigation regarding the allegations made in the various Complaints. Mar-Jac's Responses thus reflect only the current state of Mar-Jac's knowledge and information concerning Plaintiffs' Requests. Further investigation may identify additional facts or information that could lead to additions to, changes in, or variations from Mar-Jac's Responses and Objections herein. Mar-Jac reserves the right to: (a) revise, correct, supplement, amend, modify, or clarify its Responses and Objections as additional information is discovered in accordance with the Rules; (b) provide additional responsive documents; (c) modify its Objections on grounds including, but not limited to, relevance, undue burden, and/or proportionality; (d) rely upon or introduce any information or documents provided in this case that are responsive to the Requests, but are discovered subsequent to the date of these Responses at any hearing, proceeding, or trial; and (e) challenge the authenticity or admissibility of any information or documents in any hearing, proceeding, or trial.

5.    Mar-Jac objects to the definitions of "You" and "Your" as vague, ambiguous, overbroad, and unduly burdensome. Mar-Jac further objects to these definitions on the grounds that they purport to include people and entities beyond the named Parties that are irrelevant and beyond the scope of this case because they purport to impose a burden on Mar-Jac to obtain

information from third-parties outside of Mar-Jac's control. Mar-Jac interprets these terms to mean Mar-Jac Poultry, Inc.; Mar-Jac Poultry MS, LLC; Mar-Jac Poultry AL, LLC; Mar-Jac AL/MS, Inc.; Mar-Jac Poultry, LLC; and Mar-Jac Holdings, Inc. only. Mar-Jac does not interpret these terms to include any of its predecessors, wholly-owned or controlled subsidiaries or affiliates, successors, parents, other subsidiaries, departments, divisions, joint ventures, other affiliates, and any organization or entity, or any present or former directors, officers, employees, agents, attorneys, representatives, or persons that Mar-Jac manages or controls, including entities that were merged with or were acquired by Mar-Jac.

6.      Mar-Jac objects to the definitions of "Broiler" and "Broilers" as overbroad, unduly burdensome, vague, and ambiguous. Mar-Jac further objects to those definitions because "fresh or frozen," "raw or cooked," "whole or in parts," "meat ingredient in a value added product" are vague, ambiguous, overbroad, and unduly burdensome.

7.      Mar-Jac objects to the definition of "Document" as vague, ambiguous, overbroad, and unduly burdensome. Mar-Jac will interpret "Document" to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a)(1)(A).

8.      Mar-Jac objects to the definitions of "relating to," "referring to," "regarding," "with respect to," or "concerning" as vague, ambiguous, overbroad, and unduly burdensome. Mar-Jac will interpret these terms according to their common meaning.

9.      Mar-Jac objects to the definitions of "Communication" and "Communications" as vague, ambiguous, overbroad, and unduly burdensome. Mar-Jac will interpret "Communication" to mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

10.      Mar-Jac will construe each definition using its interpretation of each defined term

3

as noted above and below and/or according to its common usage, as supplemented by its understandings of the common meaning of terms in the broiler chicken industry, and as provided in the Federal Rules of Civil Procedure.

11.     Mar-Jac objects to the Definitions and Requests to the extent they impose burdens or obligations upon Mar-Jac that are inconsistent with the Federal Rules of Civil Procedure, the Local Rules of the United States for the Northern District of Illinois, or any other applicable rules.

12.     Mar-Jac objects to the Requests to the extent they seek information or documents that are beyond Mar-Jac's possession, custody, or control, or that are publicly available, already in Plaintiffs' possession, custody, or control, or otherwise available from sources other than Mar-Jac to which Plaintiffs also have access.

<u>**RESPONSES AND OBJECTIONS**</u>

Subject to and without waiving any of the foregoing Objections, which are incorporated in the following Responses by reference, Mar-Jac objects and responds to Plaintiffs' Requests as follows.

<u>**REQUEST NO. 1**</u>**: All Documents reflecting Defendants' pricing for Restaurant DAPs' purchases of Broiler chicken, including Defendants' explanations and presentations concerning pricing of Broiler chicken.**

<u>**RESPONSE**</u>**:**

Mar-Jac objects to this Request because it ignores prior Orders of this Court and, with fewer than six months left in discovery, attempts to re-litigate the prior agreements between Mar-Jac and all Plaintiffs. The parties spent months negotiating discovery limits in this case, including sources, search terms, relevant start and end dates, and offers of production. (*See* Dkt. 3520 at 5). They agreed, and the court ordered, that the time period for discovery, as a general matter was January 1, 2007 through September 2, 2016. (Dkt. 580 at 3). Class Plaintiffs further agreed that

4

the cutoff for Defendants' document preservation responsibilities would end as of September 2, 2016. (*See* Dkt. 175, 10/21/16 Hr'g Tr. at 30:5-13; 11/10/16 Suggs E-mail to B. Clark). This Request ignores those negotiated limits.

This Request also is duplicative of one or more previous document requests for which, pursuant to agreed offers of production, Mar-Jac reviewed hundreds of thousands of documents and produced those that were responsive. (*See* All Plaintiffs' First Set of Requests for Production of Documents to Defendants Claxton Poultry, Mar-Jac Poultry, and Harrison Poultry Inc. ("All Plaintiffs' First RFPs")). In October 2018—more than 2 years ago—Mar-Jac verified, pursuant to the Court's orders, that it had substantially completed its document production. (*See* Dkt. 586 at 6-9; Dkt. 459 at 14).

Restaurant DAPs have full access to these relevant Mar-Jac productions and have not indicated that they have reviewed these productions and found them insufficient. Regardless, after Mar-Jac has fulfilled its agreed-upon and court-ordered production obligations, Restaurant DAPs are asking Mar-Jac for more of the same. Only this time, they *also* want documents covering more than two additional years beyond the agreed discovery period. The Court's Order Regarding Production of Electronically Stored Information and Paper Documents contemplated that a party's production would be validated when it was substantially complete, and substantial completion contemplates no substantial further review and production. (*See* Dkt. 459 at 14; Dkt. 586 at 6-9). This Request comes much too late and would upend discovery more than two years after Mar-Jac's "substantial completion" of document production and require an entirely new and comprehensive review of many thousands of documents that Mar-Jac has already reviewed, as well as a potential new and comprehensive review of many thousands of additional documents (which have not even been located or loaded into Mar-Jac's review platform). That process could

take months and cost many thousands of dollars. Moreover, Plaintiffs have not explained how, considering that substantially all alleged unlawful conduct occurred between 2007 and 2016 (Dkt. 3618, 5/18/2020 Hr'g Tr. at 46, 30-31), and that all discovery and claims regarding alleged bid-rigging are stayed (Dkt. 3835 at 6-7), documents created or modified after September 2, 2016, are relevant to their non-stayed claims or defenses in this case.

Not only would this Request impose an enormous burden on Mar-Jac, but this information is equally available to Plaintiffs. This Request asks for pricing, explanations and presentations *provided to* the new Restaurant DAPs. Restaurant DAPs should already have this information. Further, the request for this information improperly attempts to circumvent the Court's order staying the bid-rigging claims and related discovery. (*See* Dkt. 3835 at 6-7.)

For all the reasons above, Mar-Jac objects to this request as overbroad, unduly burdensome, and not proportional to the needs in this case. Mar-Jac further objects to this Request for "All Documents reflecting Defendants' pricing" for Restaurant DAPs' purchases of Broiler chicken as vague and ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case regardless of timeframe. Mar-Jac objects to this Request to the extent it seeks documents that are not relevant to the claims or defenses of the Parties and are, thus, beyond the proper scope of discovery. Mar-Jac objects to this Request as vague and ambiguous because "explanations and presentations concerning pricing" is undefined and unclear. Mar-Jac objects to this request because it ignores agreed offers of production negotiated in the context of All Plaintiffs' First RFPs. Mar-Jac objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other applicable privileges or protections.

**REQUEST NO. 2**: All Documents reflecting Communications between You and Restaurant DAPs regarding Defendants' pricing for Restaurant DAPs' purchases of Broiler chicken, including Defendants' explanations and presentations concerning pricing of Broiler chicken.

**RESPONSE**:

Mar-Jac objects to this Request because it ignores prior Orders of this Court and, with fewer than six months left in discovery, attempts to re-litigate the prior agreements between Mar-Jac and all Plaintiffs. The parties spent months negotiating discovery limits in this case, including sources, search terms, relevant start and end dates, and offers of production. (*See* Dkt. 3520 at 5). They agreed, and the court ordered, that the time period for discovery, as a general matter was January 1, 2007 through September 2, 2016. (Dkt. 580 at 3). Class Plaintiffs further agreed that the cutoff for Defendants' document preservation responsibilities would end as of September 2, 2016. (*See* Dkt. 175, 10/21/16 Hr'g Tr. at 30:5-13; 11/10/16 Suggs E-mail to B. Clark). This Request ignores those negotiated limits.

This Request also is duplicative of one or more previous document requests for which, pursuant to agreed offers of production, Mar-Jac reviewed hundreds of thousands of documents and produced those that were responsive. (*See* All Plaintiffs' First RFPs). In October 2018—more than 2 years ago—Mar-Jac verified, pursuant to the Court's orders, that it had substantially completed its document production. (*See* Dkt. 586 at 6-9; Dkt. 459 at 14).

Restaurant DAPs have full access to these relevant Mar-Jac productions and have not indicated that they have reviewed these productions and found them insufficient. Regardless, after Mar-Jac has fulfilled its agreed-upon and court-ordered production obligations, Restaurant DAPs are asking Mar-Jac for more of the same. Only this time, they *also* want documents covering more than two additional years beyond the agreed discovery period. The Court's Order Regarding Production of Electronically Stored Information and Paper Documents contemplated that a party's

production would be validated when it was substantially complete, and substantial completion contemplates no substantial further review and production. (*See* Dkt. 459 at 14; Dkt. 586 at 6-9). This Request comes much too late and would upend discovery more than two years after Mar-Jac's "substantial completion" of document production and require an entirely new and comprehensive review of many thousands of documents that Mar-Jac has already reviewed, as well as a potential new and comprehensive review of many thousands of additional documents (which have not even been located or loaded into Mar-Jac's review platform). That process could take months and cost many thousands of dollars. Moreover, Plaintiffs have not explained how, considering that substantially all alleged unlawful conduct occurred between 2007 and 2016 (Dkt. 3618, 5/18/2020 Hr'g Tr. at 46, 30-31), and that all discovery and claims regarding bid-rigging are stayed (Dkt. 3835 at 6-7), documents created or modified after September 2, 2016, are relevant to their non-stayed claims or defenses in this case.

Not only would this Request impose an enormous burden on Mar-Jac, but this information is equally available to Plaintiffs. This request asks for documents reflecting communications regarding pricing *between* Defendants and the new Restaurant DAPs. Restaurant DAPs should already have this information. Further, the request for this information improperly attempts to circumvent the Court's order staying the bid-rigging claims and related discovery. (*See* Dkt. 3835 at 6-7).

For all the reasons above, Mar-Jac objects to this request as overbroad, unduly burdensome, and not proportional to the needs in this case. Mar-Jac further objects to this Request for "All Documents reflecting Communications between You and Restaurant DAPs" regarding "pricing for Restaurant DAPs' purchases of Broiler chicken" as vague and ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case regardless of timeframe. Mar-Jac objects

to this Request to the extent it seeks documents that are not relevant to the claims or defenses of the Parties and are, thus, beyond the proper scope of discovery. Mar-Jac objects to this Request as vague and ambiguous because "explanations and presentations concerning pricing" is undefined and unclear. Mar-Jac objects to this request because it ignores agreed offers of production negotiated in the context of All Plaintiffs' First RFPs. Mar-Jac objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other applicable privileges or protections.

**REQUEST NO. 3: All Documents reflecting Communications between You and Restaurant DAPs regarding supply of Broiler chicken.**

**RESPONSE:**

Mar-Jac objects to this Request because it ignores prior Orders of this Court and, with fewer than six months left in discovery, attempts to re-litigate the prior agreements between Mar-Jac and all Plaintiffs. The parties spent months negotiating discovery limits in this case, including sources, search terms, relevant start and end dates, and offers of production. (*See* Dkt. 3520 at 5). They agreed, and the court ordered, that the time period for discovery, as a general matter was January 1, 2007 through September 2, 2016. (Dkt. 580 at 3). Class Plaintiffs further agreed that the cutoff for Defendants' document preservation responsibilities would end as of September 2, 2016. (*See* Dkt. 175, 10/21/16 Hr'g Tr. at 30:5-13; 11/10/16 Suggs E-mail to B. Clark). This Request ignores those negotiated limits.

This Request also is duplicative of one or more previous document requests for which, pursuant to agreed offers of production, Mar-Jac reviewed hundreds of thousands of documents and produced those that were responsive. (*See* All Plaintiffs' First RFPs). In October 2018—more than 2 years ago—Mar-Jac verified, pursuant to the Court's orders, that it had substantially completed its document production. (*See* Dkt. 586 at 6-9; Dkt. 459 at 14).

9

Restaurant DAPs have full access to these relevant Mar-Jac productions and have not indicated that they have reviewed these productions and found them insufficient. Regardless, after Mar-Jac has fulfilled its agreed-upon and court-ordered production obligations, Restaurant DAPs are asking Mar-Jac for more of the same. Only this time, they *also* want documents covering more than two additional years beyond the agreed discovery period. The Court's Order Regarding Production of Electronically Stored Information and Paper Documents contemplated that a party's production would be validated when it was substantially complete, and substantial completion contemplates no substantial further review and production. (*See* Dkt. 459 at 14; Dkt. 586 at 6-9). This Request comes much too late and would upend discovery more than two years after Mar-Jac's "substantial completion" of document production and require an entirely new and comprehensive review of many thousands of documents that Mar-Jac has already reviewed, as well as a potential new and comprehensive review of many thousands of additional documents (which have not even been located or loaded into Mar-Jac's review platform). That process could take months and cost many thousands of dollars. Moreover, Plaintiffs have not explained how, considering that substantially all alleged unlawful conduct occurred between 2007 and 2016 (Dkt. 3618, 5/18/2020 Hr'g Tr. at 46, 30-31), and that all discovery and claims regarding alleged bid-rigging are stayed (Dkt. 3835 at 6-7), documents created or modified after September 2, 2016, are relevant to their non-stayed claims or defenses in this case.

Not only would this Request impose an enormous burden on Mar-Jac, but this information is equally available to Plaintiffs. This request asks for documents reflecting communications *between* Defendants and new Restaurant DAPs. Restaurant DAPs should already have this information. Further, the request for this information improperly attempts to circumvent the Court's order staying the bid-rigging claims and related discovery. (*See* Dkt. 3835 at 6-7).

For all the reasons above, Mar-Jac objects to this request as overbroad, unduly burdensome, and not proportional to the needs in this case. Mar-Jac further objects to this Request for "All Documents reflecting Communications between You and Restaurant DAPs regarding supply of Broiler chicken" as vague and ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case regardless of timeframe. Mar-Jac objects to this Request to the extent it seeks documents that are not relevant to the claims or defenses of the Parties and are, thus, beyond the proper scope of discovery. Mar-Jac objects to this request because it ignores agreed offers of production negotiated in the context of All Plaintiffs' First RFPs. Mar-Jac objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other applicable privileges or protections.

**REQUEST NO. 4: All Documents reflecting contract negotiations and contractual terms for sales of Broiler chicken by Defendants to Restaurant DAPs.**

**RESPONSE:**

Mar-Jac objects to this Request because it ignores prior Orders of this Court and, with fewer than six months left in discovery, attempts to re-litigate the prior agreements between Mar-Jac and all Plaintiffs. The parties spent months negotiating discovery limits in this case, including sources, search terms, relevant start and end dates, and offers of production. (*See* Dkt. 3520 at 5). They agreed, and the court ordered, that the time period for discovery, as a general matter was January 1, 2007 through September 2, 2016. (Dkt. 580 at 3). Class Plaintiffs further agreed that the cutoff for Defendants' document preservation responsibilities would end as of September 2, 2016. (*See* Dkt. 175, 10/21/16 Hr'g Tr. at 30:5-13; 11/10/16 Suggs E-mail to B. Clark). This Request ignores those negotiated limits.

This Request also is duplicative of one or more previous document requests for which, pursuant to agreed offers of production, Mar-Jac reviewed hundreds of thousands of documents and produced those that were responsive. (*See* All Plaintiffs' First RFPs). In October 2018—more than 2 years ago—Mar-Jac verified, pursuant to the Court's orders, that it had substantially completed its document production. (*See* Dkt. 586 at 6-9; Dkt. 459 at 14).

Restaurant DAPs have full access to these relevant Mar-Jac productions and have not indicated that they have reviewed these productions and found them insufficient. Regardless, after Mar-Jac has fulfilled its agreed-upon and court-ordered production obligations, Restaurant DAPs are asking Mar-Jac for more of the same. Only this time, they *also* want documents covering more than two additional years beyond the agreed discovery period. The Court's Order Regarding Production of Electronically Stored Information and Paper Documents contemplated that a party's production would be validated when it was substantially complete, and substantial completion contemplates no substantial further review and production. (*See* Dkt. 459 at 14; Dkt. 586 at 6-9). This Request comes much too late and would upend discovery more than two years after Mar-Jac's "substantial completion" of document production and require an entirely new and comprehensive review of many thousands of documents that Mar-Jac has already reviewed, as well as a potential new and comprehensive review of many thousands of additional documents (which have not even been located or loaded into Mar-Jac's review platform). That process could take months and cost many thousands of dollars. Moreover, Plaintiffs have not explained how, considering that substantially all alleged unlawful conduct occurred between 2007 and 2016 (Dkt. 3618, 5/18/2020 Hr'g Tr. at 46, 30-31), and that all discovery and claims regarding alleged bid-rigging are stayed (Dkt. 3835 at 6-7), documents created or modified after September 2, 2016, are relevant to their non-stayed claims or defenses in this case.

Not only would this Request impose an enormous burden on Mar-Jac, but this information is equally available to Plaintiffs. This Request asks for documents reflecting contract negotiations and contractual terms for sales by Defendants *to* Restaurant DAPs. Restaurant DAPs should already have this information. Further, the request for this information improperly attempts to circumvent the Court's order staying the bid-rigging claims and related discovery. (*See* Dkt. 3835 at 6-7).

For all the reasons above, Mar-Jac objects to this request as overbroad, unduly burdensome, and not proportional to the needs in this case. Mar-Jac further objects to this Request for "All Documents reflecting contract negotiations and contractual terms for sales of Broiler chicken by Defendants to Restaurant DAPs" as vague and ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case regardless of timeframe. Mar-Jac objects to this Request to the extent it seeks documents that are not relevant to the claims or defenses of the Parties and are, thus, beyond the proper scope of discovery. Mar-Jac objects to this Request as vague and ambiguous because "contract negotiations" and "contractual terms" are undefined and unclear. Mar-Jac objects to this request because it ignores agreed offers of production negotiated in the context of All Plaintiffs' First RFPs. Mar-Jac objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other applicable privileges or protections.

**REQUEST NO. 5**: All Documents reflecting Communications between You and Restaurant DAPs regarding contract negotiations and contractual terms for sales of Broiler chicken by Defendants to Restaurant DAPs.

**RESPONSE**:

Mar-Jac objects to this Request because it ignores prior Orders of this Court and, with fewer than six months left in discovery, attempts to re-litigate the prior agreements between Mar-Jac and all Plaintiffs. The parties spent months negotiating discovery limits in this case, including sources, search terms, relevant start and end dates, and offers of production. (*See* Dkt. 3520 at 5). They agreed, and the court ordered, that the time period for discovery, as a general matter was January 1, 2007 through September 2, 2016. (Dkt. 580 at 3). Class Plaintiffs further agreed that the cutoff for Defendants' document preservation responsibilities would end as of September 2, 2016. (*See* Dkt. 175, 10/21/16 Hr'g Tr. at 30:5-13; 11/10/16 Suggs E-mail to B. Clark). This Request ignores those negotiated limits.

This Request also is duplicative of one or more previous document requests for which, pursuant to agreed offers of production, Mar-Jac reviewed hundreds of thousands of documents and produced those that were responsive. (*See* All Plaintiffs' First RFPs). In October 2018—more than 2 years ago—Mar-Jac verified, pursuant to the Court's orders, that it had substantially completed its document production. (*See* Dkt. 586 at 6-9; Dkt. 459 at 14).

Restaurant DAPs have full access to these relevant Mar-Jac productions and have not indicated that they have reviewed these productions and found them insufficient. Regardless, after Mar-Jac has fulfilled its agreed-upon and court-ordered production obligations, Restaurant DAPs are asking Mar-Jac for more of the same. Only this time, they *also* want documents covering more than two additional years beyond the agreed discovery period. The Court's Order Regarding Production of Electronically Stored Information and Paper Documents contemplated that a party's

14

production would be validated when it was substantially complete, and substantial completion contemplates no substantial further review and production. (*See* Dkt. 459 at 14; Dkt. 586 at 6-9). This Request comes much too late and would upend discovery more than two years after Mar-Jac's "substantial completion" of document production and require an entirely new and comprehensive review of many thousands of documents that Mar-Jac has already reviewed, as well as a potential new and comprehensive review of many thousands of additional documents (which have not even been located or loaded into Mar-Jac's review platform). That process could take months and cost many thousands of dollars. Moreover, Plaintiffs have not explained how, considering that substantially all alleged unlawful conduct occurred between 2007 and 2016 (Dkt. 3618, 5/18/2020 Hr'g Tr. at 46, 30-31), and that all discovery and claims regarding alleged bid-rigging are stayed (Dkt. 3835 at 6-7), documents created or modified after September 2, 2016, are relevant to their non-stayed claims or defenses in this case.

Not only would this Request impose an enormous burden on Mar-Jac, but this information is equally available to Plaintiffs. This Request asks for documents reflecting communications *between* Defendants and new Restaurant DAPs. Restaurant DAPs should already have this information. Further, the request for this information improperly attempts to circumvent the Court's order staying the bid-rigging claims and related discovery. (Dkt. 3835 at 6-7).

For all the reasons above, Mar-Jac objects to this request as overbroad, unduly burdensome, and not proportional to the needs in this case. Mar-Jac further objects to this Request for "All Documents reflecting Communications between You and Restaurant DAPs regarding contract negotiations and contractual terms for sales of Broiler chicken" as vague and ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case regardless of timeframe. Mar-Jac objects to this Request to the extent it seeks documents that are not relevant

to the claims or defenses of the Parties and are, thus, beyond the proper scope of discovery. Mar-Jac objects to this Request as vague and ambiguous because "contract negotiations" and "contractual terms" is undefined and unclear. Mar-Jac objects to this request because it ignores agreed offers of production negotiated in the context of All Plaintiffs' First RFPs. Mar-Jac objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other applicable privileges or protections.

Date: February 16, 2021

*/s/ Edward C. Konieczny*
Edward C. Konieczny
EDWARD C. KONIECZNY LLC
400 Colony Square, Suite 1501
1201 Peachtree Street, N.E.
Atlanta, Georgia 30361
T: (404) 380-1430
F: (404) 382-6011
ed@koniecznylaw.com


David C. Newman
Wm. Parker Sanders
SMITH, GAMBRELL & RUSSELL, LLP
1230 Peachtree Street, N.E.
Promenade, Suite 3100
Atlanta, Georgia 30309
T: (404) 815-3500
F: (404) 685-6816
dnewman@sgrlaw.com
psanders@sgrlaw.com


James L. Thompson
LYNCH THOMPSON LLP
150 S. Wacker Drive, Suite 2600
Chicago, IL 60606
T: (312) 445-4623
F: (312) 896-5883
jthompson@lynchthomspon.com

*Attorneys for Mar-Jac Poultry, Inc., Mar-Jac Poultry*

16

*MS, LLC, Mar-Jac Poultry AL, LLC, Mar-Jac AL/MS, Inc., Mar-Jac Poultry, LLC, Mar-Jac Holdings, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Edward C. Konieczny, hereby affirm that on February 16, 2021, I caused a true and correct copy of Mar-Jac Defendants' Responses and Objections to Restaurant DAPs' Requests for Production of Documents to Producer Defendants to be served via electronic mail on the following counsel of record.

| Class | Contact | E-mail |
|-------|---------|--------|
| **DPPs** | W. Joseph Bruckner | wjbruckner@locklaw.com |
| | Brian D. Clark | bdclark@locklaw.com |
| | Simeon A. Morbey | samorbey@locklaw.com |
| | Elizabeth M. Sipe | emsipe@locklaw.com |
| | Bruce L. Simon | bsimon@pswlaw.com |
| | Daniel L. Warshaw | dwarshaw@pswlaw.com |
| | Neil Swartzberg | nswartzberg@pswlaw.com |
| | Clifford H. Pearson | cpearson@pswlaw.com |
| | Michael H. Pearson | mpearson@pswlaw.com |
| | Bobby Pouya | bpouya@pswlaw.com |
| | Thomas Nolan | tnolan@pswlaw.com |
| | Ellowene Grant | egrant@pswlaw.com |
| | Steven Hart | shart@hmelegal.com |
| | Brian Eldridge | beldridge@hmelegal.com |
| | Kyle Pozan | kpozan@hmelegal.com |
| | John Marrese | jmarrese@hmelegal.com |
| **CIIPPs** | Daniel E. Gustafson | dgustafson@gustafsongluek.com |
| | Daniel C. Hedlund | dhedlund@gustafsongluek.com |
| | Michelle J. Looby | mlooby@gustafsongluek.com |
| | Joshua R. Rissman | jrissman@gustafsongluek.com |
| | Brittany N. Resch | bresch@gustafsongluek.com |
| | Jamie L. Holzer | jholzer@gustafsongluek.com |
| | Ling Wang | lwang@gustafsongluek.com |
| | Joseph W. Cotchett | jcotchett@cpmlegal.com |
| | Adam J. Zapala | azapala@cpmlegal.com |
| | Tamarah P. Prevost | tprevost@cpmlegal.com |
| | Alex Barnett | abarnett@cpmlegal.com |
| | Jaclyn Verducci | jverducci@cpmlegal.com |
| | Carlo Lipson | clipson@cpmlegal.com |
| | Michael Caylao | mcaylao@cpmlegal.com |
| | Joseph Alioto, Jr. | jalioto@cpmlegal.com |

| Class | Contact | E-mail |
|---|---|---|
| | Samantha Fong | sfong@cpmlegal.com |
| | James Dallal | jdallal@cpmlegal.com |
| | Kenneth A. Wexler | kaw@wexlerwallace.com |
| | Edward A. Wallace | eaw@wexlerwallace.com |
| | Michelle Perkovic | mp@wexlerwallace.com |
| | Melinda Morales | mjm@wexlerwallace.com |
| **EUCPs** | Steve W. Berman | steve@hbsslaw.com |
| | Jason Zweig | jasonz@hbsslaw.com |
| | Rio Pierce | riop@hbsslaw.com |
| | Shana Scarlett | shanas@hbsslaw.com |
| | Kit A. Pierson | kpierson@cohenmilstein.com |
| | Brent W. Johnson | bjohnson@cohenmilstein.com |
| | Carol V. Gilden | cgilden@cohenmilstein.com |
| | Daniel H. Silverman | dsilverman@cohenmilstein.com |
| | Alison Deich | adeich@cohenmilstein.com |
| | Benjamin Brown | bbrown@cohenmilstein.com |
| | Breanna Van Engelen | breannav@hbsslaw.com |
| | Ben Siegel | bens@hbsslaw.com |
| **Direct Action Plaintiffs Affiliated Foods, ALEX LEE, INC., MERCHANTS DISTRIBUTORS, LLC, ASSOCIATED GROCERS OF NEW ENGLAND, INC., BIG Y FOODS, INC., FAREWAY STORES, INC., PIGGLY WIGGLY ALABAMA DISTRIBUTING CO., INC. and WOODMAN'S FOOD MARKET, INC.** | Eric R. Lifvendahl | elifvendahl@lgcounsel.com |
| | Robert N. Kaplan | rkaplan@kaplanfox.com |
| | Matthew P. McCahill | mmccahill@kaplanfox.com |
| | Johnny K. Merritt | jmerritt@legalstrategy.com |
| | Richard L. Coffman | rcoffman@coffmanlawfirm.com |
| | Solomon B. Cera | scera@cerallp.com |
| | Jeffrey P. Campisi | jcampisi@kaplanfox.com |
| | Mandrika Moonsammy | mmoonsammy@kaplanfox.com |
| | Elizabeth Black | eblack@hsblawfirm.com |
| | Mary Eldridge | meldridge@hsblawfirm.com |
| | C. Andrew Dirksen | cdirksen@cerallp.com |
| **Direct Action Plaintiffs Winn-Dixie Stores & Bi-Lo Holdings** | Patrick J. Ahern | patrick.ahern@ahernandassociatespc.com |
| | Theodore B. Bell | theo.bell@ahernandassociatespc.com |
| | Liana Alston | liana.alston@ahernandassociatespc.com |

19

| Class | Contact | E-mail |
|---|---|---|
| **Direct Action Plaintiff**<br>**Sysco Corporation** | Scott E. Gant | sgant@bsfllp.com |
| | Jonathan M. Shaw | jshaw@bsfllp.com |
| | Colleen Harrison | charrison@bsfllp.com |
| | Sarah Jones | sjones@bsfllp.com |
| | Simon Leen | sleen@bsfllp.com |
| | Ryan McAllister | rmcallister@BSFLLP.com |
| **Direct Action Plaintiff**<br>**US Foods, Inc.** | Scott E. Gant | sgant@bsfllp.com |
| | Jonathan M. Shaw | jshaw@bsfllp.com |
| | Colleen Harrison | charrison@bsfllp.com |
| | Sarah Jones | sjones@bsfllp.com |
| | Simon Leen | sleen@bsfllp.com |
| | Ryan McAllister | rmcallister@BSFLLP.com |
| **Direct Action Plaintiffs**<br>**Campbell Soup Company; Campbell**<br>**Soup Supply Company, L.L.C.; Pacific**<br>**Foods of Oregon** | Scott E. Gant | sgant@bsfllp.com |
| | Jonathan M. Shaw | jshaw@bsfllp.com |
| | Colleen Harrison | charrison@bsfllp.com |
| | Sarah Jones | sjones@bsfllp.com |
| | Simon Leen | sleen@bsfllp.com |
| | Ryan McAllister | rmcallister@BSFLLP.com |
| **Direct Action Plaintiff**<br>**Target Corporation** | Scott E. Gant | sgant@bsfllp.com |
| | Jonathan M. Shaw | jshaw@bsfllp.com |
| | Colleen Harrison | charrison@bsfllp.com |
| | Sarah Jones | sjones@bsfllp.com |
| | Simon Leen | sleen@bsfllp.com |
| | Ryan McAllister | rmcallister@BSFLLP.com |
| **Direct Action Plaintiffs**<br>**John Soules Foods, Inc., John Soules**<br>**Acqusitions LLC** | Scott E. Gant | sgant@bsfllp.com |
| | Jonathan M. Shaw | jshaw@bsfllp.com |
| | Colleen Harrison | charrison@bsfllp.com |
| | Sarah Jones | sjones@bsfllp.com |
| | Simon Leen | sleen@bsfllp.com |
| | Ryan McAllister | rmcallister@BSFLLP.com |
| **Direct Action Plaintiffs The Kroger**<br>**Co., Hy-Vee Inc., & Albertsons**<br>**Companies Inc.** | Bill Blechman | wjb@knpa.com |

| Class | Contact | E-mail |
|---|---|---|
| | Doug Patton | dpatton@knpa.com |
| | Sam Randall | srandall@knpa.com |
| | Brandon Floch | bfloch@knpa.com |
| **Direct Action Plaintiffs Associated Grocers of the South, Inc.; Meijer, Inc.; Meijer Distribution, Inc.; OSI Restaurant Partners, LLC; Publix Super Markets, Inc.; Supervalu Inc.; & Wakefern Food Corp.** | Paul Slater | PES@Sperling-law.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | David Germaine | dgermaine@sperling-law.com |
| | John Bjork | jbjork@sperling-law.com |
| | Martin Amaro | MAmaro@sperling-law.com |
| | Phil Cramer | pcramer@srvhlaw.com |
| | Ryan Holt | RHolt@srvhlaw.com |
| | Stacie Beishuizen | sbeishuizen@srvhlaw.com |
| | Jerry Santangelo | jsantangelo@sperling-law.com |
| **Direct Action Plaintiff Jetro Holdings, LLC** | Philip J. Iovieno | philip.iovieno@cwt.com |
| | Anne M. Nardacci | anardacci@bsfllp.com |
| | Mark A. Singer | mark.singer@cwt.com |
| | Nicholas A. Gravante, Jr. | nick.gravante@cwt.com |
| **Direct Action Plaintiffs Ahold Delhaize USA, Inc.; Aldi, Inc.; Chick-fil-A, Inc.** | Ryan Phair | rphair@huntonak.com |
| | Jack Martin | martinj@huntonak.com |
| | Craig Lee | craiglee@huntonak.com |
| | Matthew Calvert | mcalvert@huntonak.com |
| | Neil Gilman | ngilman@huntonak.com |
| | Emily Bolles | ebolles@huntonak.com |
| | Chris Brewer | brewerc@huntonak.com |
| | Meredith Malcolm | mmalcolm@huntonak.com |
| | Julie Porter | porter@spplawyers.com |
| **Direct Action Plaintiff BJ's Warehouse Club, Inc.** | Philip J. Iovieno | philip.iovieno@cwt.com |
| | Anne M. Nardacci | anardacci@bsfllp.com |
| | Mark A. Singer | mark.singer@cwt.com |
| | Nicholas A. Gravante, Jr. | nick.gravante@cwt.com |
| **Direct Action Plaintiff Maximum Quality Foods, Inc.** | Philip J. Iovieno | philip.iovieno@cwt.com |
| | Anne M. Nardacci | anardacci@bsfllp.com |
| | Mark A. Singer | mark.singer@cwt.com |
| | Nicholas A. Gravante, Jr. | nick.gravante@cwt.com |

| Class | Contact | E-mail |
|---|---|---|
| **Direct Action Plaintiff PJ Food Service, Inc.** | Philip J. Iovieno | philip.iovieno@cwt.com |
| | Anne M. Nardacci | anardacci@bsfllp.com |
| | Mark A. Singer | mark.singer@cwt.com |
| | Nicholas A. Gravante, Jr. | nick.gravante@cwt.com |
| **Direct Action Plaintiff Hooters of America, LLC** | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| **Direct Action Plaintiffs ANAHEIM WINGS, LLC, d/b/a Hooters of Anaheim; GASLAMP WINGS, LLC, previously d/b/a Hooters of San Diego; MISSION VALLEY WINGS, LLC, d/b/a Hooters of Mission Valley; OCEANSIDE WINGS, LLC, previously d/b/a Hooters of Oceanside; COSTA MESA WINGS, LLC, d/b/a Hooters of Costa Mesa; RANCHO BERNARDO WINGS, LLC, d/b/a Hooters of San Marcos; ONTARIO WINGS, LLC, d/b/a Hooters of Ontario; HOLLYWOOD WINGS, LLC, d/b/a Hooters of Hollywood; SOUTH GATE WINGS, LLC, d/b/a Hooters of South Gate; WINGS OVER LONG BEACH, LLC, d/b/a Hooters of Long Beach; BONITA PLAZA WINGS, LLC, d/b/a Hooters of Plaza Bonita; and DOWNTOWN WINGS, LLC, previously d/b/a Hooters of Downtown LA** | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |

| Class | Contact | E-mail |
|---|---|---|
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| **Direct Action Plaintiffs RESTAURANTS OF AMERICA, INC; LTP MANAGEMENT GROUP, INC.; GIBSON, GRECO & WOOD, LTD.; and HOOTERS MANAGEMENT CORPORATION** | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| **Direct Action Plaintiffs Sherwood Food Distributors, L.L.C.; Harvest Meat Company, Inc.; Western Boxed Meat Distributors, Inc.; and Hamilton Meat, LLC** | Philip J. Iovieno | philip.iovieno@cwt.com |
| | Anne M. Nardacci | anardacci@bsfllp.com |
| | Mark A. Singer | mark.singer@cwt.com |
| | Nicholas A. Gravante, Jr. | nick.gravante@cwt.com |
| **Direct Action Plaintiff Darden Restaurants, Inc.** | Philip J. Iovieno | philip.iovieno@cwt.com |
| | Anne M. Nardacci | anardacci@bsfllp.com |
| | Mark A. Singer | mark.singer@cwt.com |
| | Nicholas A. Gravante, Jr. | nick.gravante@cwt.com |
| **Direct Action Plaintiff QUIRCH FOODS, LLC, f/k/a/ QUIRCH FOODS CO.** | Marvin A. Miller | mmiller@millerlawllc.com |
| | Matthew E. Van Tine | mvantine@millerlawllc.com |
| | Andrew Szot | aszot@millerlawllc.com |
| | Jay Shapiro | jshapiro@stearnsweaver.com |
| | Samuel Patmore | spatmore@stearnsweaver.com |
| | Carlos Canino | ccanino@stearnsweaver.com |
| | Abigail Corbett | acorbett@stearnsweaver.com |

| Class | Contact | E-mail |
|---|---|---|
| **Direct Action Plaintiffs ACTION MEAT DISTRIBUTORS, INC., ASSOCIATED FOOD STORES, INC., BASHAS' INC., CERTCO, INC., DICARLO DISTRIBUTORS, INC., IRA HIGDON GROCERY COMPANY, INC., NICHOLAS & CO., INC., PACIFIC AGRI-PRODUCTS, INC., PACIFIC FOOD DISTRIBUTORS, INC., TROYER FOODS, INC., URM STORES, INC., and WEINSTEIN WHOLESALE MEATS, INC.** | Eric R. Lifvendahl | elifvendahl@lgcounsel.com |
| | Robert N. Kaplan | rkaplan@kaplanfox.com |
| | Matthew P. McCahill | mmccahill@kaplanfox.com |
| | Johnny K. Merritt | jmerritt@legalstrategy |
| | Richard L. Coffman | rcoffman@coffmanlawfirm.com |
| | Solomon B. Cera | scera@cerallp.com |
| | C. Andrew Dirksen | cdirksen@cerallp.com |
| **Direct Action Plaintiffs ASSOCIATED GROCERS, INC., BROOKSHIRE GROCERY COMPANY, And SCHNUCK MARKETS, INC.** | Eric R. Lifvendahl | elifvendahl@lgcounsel.com |
| | Robert N. Kaplan | rkaplan@kaplanfox.com |
| | Matthew P. McCahill | mmccahill@kaplanfox.com |
| | Johnny K. Merritt | jmerritt@legalstrategy.com |
| | Richard L. Coffman | rcoffman@coffmanlawfirm.com |
| | Solomon B. Cera | scera@cerallp.com |
| | C. Andrew Dirksen | cdirksen@cerallp.com |
| **Direct Action Plaintiffs HOWARD SAMUELS AS TRUSTEE IN BANKRUPTCY FOR CENTRAL GROCERS, INC., CBBC OPCO, LLC, d/b/a COLORADO BOXED BEEF and KING SOLOMON FOODS, INC.** | Eric R. Lifvendahl | elifvendahl@lgcounsel.com |
| | Robert N. Kaplan | rkaplan@kaplanfox.com |
| | Matthew P. McCahill | mmccahill@kaplanfox.com |
| | Johnny K. Merritt | jmerritt@legalstrategy.com |
| | Richard L. Coffman | rcoffman@coffmanlawfirm.com |
| | Solomon B. Cera | scera@cerallp.com |
| | C. Andrew Dirksen | cdirksen@cerallp.com |
| **Direct Action Plaintiff W. LEE FLOWERS & COMPANY, INC.** | Eric R. Lifvendahl | elifvendahl@lgcounsel.com |
| | Robert N. Kaplan | rkaplan@kaplanfox.com |
| | Matthew P. McCahill | mmccahill@kaplanfox.com |

| Class | Contact | E-mail |
|---|---|---|
| | Johnny K. Merritt | jmerritt@legalstrategy.com |
| | Richard L. Coffman | rcoffman@coffmanlawfirm.com |
| | Solomon B. Cera | scera@cerallp.com |
| | C. Andrew Dirksen | cdirksen@cerallp.com |
| | Manton Grier | mgrier@hsblawfirm.com |
| | Elizabeth Black | eblack@hsblawfirm.com |
| | Mary Eldridge | meldridge@hsblawfirm.com |
| **Direct Action Plaintiffs UNITED SUPERMARKETS, LLC; KRISPY KRUNCHY FOODS, LLC; and CHENEY BROS., INC.** | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Jana Eisinger | jeisinger@eisingerlawfirm.com |
| | Clay Taylor | Clay.Taylor@bondsellis.com |
| **Direct Action Plaintiffs Shamrock Foods Company and United Food Service, Inc.; Barbeque Integrated, Inc.; Bojangles' Restaurants, Inc. and Bojangles OPCO, LLC; Boston Market Corp.; Captain D's, LLC; Cracker Barrel Old Country Store, Inc. and CBOCS Distribution, Inc.; FIC Restaurants, Inc.; Golden Corral Corp.; The Johnny Rockets Group, Inc.; White Castle Purchasing Co.; WZ Franchise Corp.; Zaxby's Franchising LLC** | Robert Turken | rturken@bilzin.com |
| | Scott Wagner | swagner@bilzin.com |
| | Lori Lustrin | llustrin@bilzin.com |
| | Ilana Drescher | Idrescher@bilzin.com |
| | Shalia Sakona | ssakona@bilzin.com |
| | Ben Mitchel | bmitchel@bilzin.com |
| | Brianna Sainte | bsainte@bilzin.com |
| **Direct Action Plaintiffs CHECKERS DRIVE-IN RESTAURANTS, INC.** | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |

| Class | Contact | E-mail |
|---|---|---|
| | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| **Direct Action Plaintiffs GIANT EAGLE** | Erin Allen | Allen@marcus-shapira.com |
| | Moira Cain-Mannix | Cain-Mannix@marcus-shapira.com |
| | Bernie Marcus | Marcus@marcus-shapira.com |
| **Direct Action Plaintiffs Conagra Brands, Inc. Pinnacle Foods, Inc., Kraft Heinz Foods Company, Nestlé USA, Inc. and Nestlé Purina PetCare Company** | David Eddy | deddy@theantitrustlawgroup.com |
| | Dennis Lynch | dlynch@theantitrustlawgroup.com |
| | Chase Keibler | ckeibler@theantitrustlawgroup.com |
| | Connie Steele | csteele@theantitrustlawgroup.com |
| **Direct Action Plaintiff Services Group of America, Inc.** | Greg Casas | casasg@gtlaw.com |
| | Dominic Draye | drayed@gtlaw.com |
| | Tom Dutton | duttont@gtlaw.com |
| | Erik Weber | weberer@gtlaw.com |
| | Zach Douglas | douglasz@gtlaw.com |
| | Cindy Reed | reedci@gtlaw.com |
| | Vanessa Pinkerton | pinkertonv@gtlaw.com |
| **Direct Action Plaintiff Walmart** | Shawn Rabin | srabin@SusmanGodfrey.com |
| | Ravi Bhalla | rbhalla@susmangodfrey.com |
| | Ryan Caughey | rcaughey@susmangodfrey.com |
| | Steven Shepard | SShepard@susmangodfrey.com |
| | Leize Nand | LNand@susmangodfrey.com |
| | Rodney Polanco | rpolanco@susmangodfrey.com |
| **Direct Action Plaintiffs Amigos Meat Distributors, LP; Amigos Meat & Poultry, LLC; Amigos Meat Distributors East, LP; and Amigos Meat Distributors West, LP** | Peter Taaffe | ptaaffe@txattorneys.com |
| | Jason Willis | jwillis@txattorneys.com |
| | Obed De La Cruz | obed@mdlcfirm.com |
| | Spencer Markle | spencer@mdlcfirm.com |

| Class | Contact | E-mail |
|---|---|---|
| **Direct Action Plaintiff Commonwealth of Puerto Rico** | Johan M. Rosa Rodriguez | jorosa@justicia.pr.gov |
| | Todd Schneider | tschneider@schneiderwallace.com |
| | Kyle Bates | kbates@schneiderwallace.com |
| | Peter Schneider | pschneider@schneiderwallace.com |
| | Michael Mulder | mmulder@mmulderlaw.com |
| | Elena Liveris | eliveris@mmulderlaw.com |
| **Direct Action Plaintiff El Pollo Loco, Inc.** | Judith Zahid | JZahid@zelle.com |
| | Eric Buetzow | ebuetzow@zelle.com |
| | James Dugan | jdugan@zelle.com |
| **Direct Action Plaintiff Associated Wholesale Grocers, Inc.** | Daniel Owen | dowen@polsinelli.com |
| | Amy Fitts | afitts@polsinelli.com |
| | Gabe Zorogastua | gzorogastua@polsinelli.com |
| | Kim Murray | kmurray@polsinelli.com |
| **Direct Action Plaintiffs McLane Company, Inc.; McLane/Mid-Atlantic, Inc.; McLane/Midwest, Inc.; McLane Minnesota, Inc.;  McLane New Jersey, Inc.; McLane/Eastern, Inc.; McLane/Suneast, Inc.; McLane Ohio, Inc.; McLane/Southern, Inc.; McLane/Western, Inc.; McLane Express, Inc.; Kinexo, Inc.; McLane Foodservice Distribution, Inc., McLane Foodservice, Inc.** | Kathryn Reilly | reilly@wtotrial.com |
| | Judith Youngman | youngman@wtotrial.com |
| | Camille Papini-Chapla | papinichapla@wtotrial.com |
| | Adam Hachikian | ahachikian@foxswibel.com |
| **Direct Action Plaintiff Bob Evans Farms, Inc.** | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |

| Class | Contact | E-mail |
|---|---|---|
| **Direct Action Plaintiff The Fresh Market, Inc.** | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| **Direct Action Plaintiff Wawa, Inc.** | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| **Direct Action Plaintiff Restaurant Services, Inc.** | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Roger Kobert | rkobert@carltonfields.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| **Direct Action Plaintiffs L. Hart Inc.; R & D Marketing LLC; Timber Lake Foods Inc.; EMA Foods Co., LLC; and Red Bird Farms Distribution Company** | Paul J. Ripp | pjr@willmont.com |
| | Charles E. Tompkins | cet@willmont.com |
| | Evan P. Boyle | epb@willmont.com |
| | W. Lawrence Deas | lawrence@listondeas.com |

| Class | Contact | E-mail |
|---|---|---|
| | Michael Gratz, Jr. | michael@gratzandgratz.com |
| **USDOJ** | Heather Call | Heather.Call@usdoj.gov |
| | Michael Koenig | Michael.Koenig@usdoj.gov |
| | George Baranko | George.Baranko@usdoj.gov |
| | Frederick Levenson | Frederick.Levenson@usdoj.gov |
| | Carolyn Sweeney | Carolyn.Sweeney@usdoj.gov |
| | Paul Torzilli | Paul.Torzilli@usdoj.gov |
| **Direct Action Plaintiffs Carl Buddig & Co., Inc.; and Caesars Enterprise Services, LLC** | Floyd A Mandell | floyd.mandell@katten.com |
| | Jeffrey A. Wakolbinger | jeffrey.wakolbinger@katten.com |
| | Yonaton M. Rosenzweig | yoni.rosenzweig@katten.com |
| | Catherine E. O'Brien | catherine.obrien@katten.com |

Date: February 16, 2021        */s/ Edward C. Konieczny*
                                       Edward C. Konieczny

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>**This Document Relates To:**<br>*All DAP Actions* | **Case No. 1:16-cv-08637**<br>**JURY TRIAL DEMANDED**<br><br>**OBJECTIONS AND RESPONSES OF TYSON FOODS, INC., TYSON CHICKEN, INC., TYSON BREEDERS, INC., AND TYSON POULTRY, INC. TO RESTAURANT DAPS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO PRODUCER DEFENDANTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the United States District Court for the Northern District of Illinois (the "Local Rules"), Defendants Tyson Foods, Inc., Tyson Chicken, Inc., Tyson Breeders, Inc., and Tyson Poultry, Inc. (collectively, "Tyson") hereby submit these objections and responses to Restaurant Direct Action Plaintiffs' ("Restaurant DAPs") Requests for Production of Documents to Producer Defendants (the "Requests"), dated January 15, 2021.

## PRELIMINARY STATEMENT

The following response is made only for purposes of this action. This response is subject to all objections as to admissibility and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All evidentiary objections and grounds are expressly reserved.

Tyson expressly reserves all rights to supplement, amend, correct, or clarify its objections and responses to the Requests as necessary and to assert additional objections arising from matters discovered during the course of the litigation. Tyson's responses should not be construed to prejudice its right to conduct further investigation in this case or to limit Tyson's

use of any additional evidence that may be developed. Tyson also reserves all rights to challenge Restaurant DAPs' standing at trial.

## GENERAL OBJECTIONS

Tyson objects to these Requests as overly broad, unduly burdensome, and not proportional to the needs of the case. Tyson has made a significant production of both structured and unstructured data pursuant to prior discovery requests, including, among others, All Plaintiffs' Requests for Production to All Defendants, dated February 28, 2017 ("Plaintiffs' First Set of RFPs"), Commercial and Institutional Indirect Purchaser Plaintiffs' First Set of Requests for Production of Documents to All Defendants, dated February 28, 2017 ("CIIPPs' First Set of RFPs"), and End-User Consumer Plaintiffs' First Set of Requests for Production of Documents to All Defendants, dated March 10, 2017 ("EUCPs' First Set of RFPs"). As Restaurant DAPs are aware, the parties spent months negotiating the scope of Tyson's production in response to these requests, which resulted in Tyson producing over 1.2 million documents from 48 custodians for a nearly ten-year period. Tyson further made supplemental productions of two additional years' worth of contracts and structured data in response to All Plaintiffs' Fifth Set of Requests of Production to All Defendants, dated December 9, 2019. All of these productions have been made available to Restaurant DAPs through their participation in the *In re Broiler Chicken Antitrust Litigation* matter. Restaurant DAPs were putative DPP class members at the time of these negotiations and productions, and their interests were fully and vigorously represented by interim co-lead counsel for DPPs. Restaurant DAPs have not demonstrated sufficient need to justify re-opening document production years after Tyson certified its substantial completion and near the close of fact discovery, nor have they provided a basis for disregarding the limits in the ESI Protocol Order.

Tyson objects to these Requests as cumulative and duplicative of the Plaintiffs' First Set of RFPs, Third Set of RFPs, and Fifth Set of RFPs; CIIPPs' First Set of RFPs; and EUCPs' First Set of RFPs. Tyson further objects to these Requests to the extent they seek information that contravenes the Court's March 4, 2020 Order granting the DOJ's motion for a protective order (ECF No. 3520) or the Court's September 22, 2020 Memorandum Opinion and Order bifurcating discovery.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Tyson objects to the definition of "You" and "Your" because the use of "predecessors," "wholly-owned or controlled subsidiaries or affiliates," "successors," "parents," "other subsidiaries," "departments," "divisions," "joint ventures," "other affiliates," and "any organization or entity that the responding Defendant manages or controls" renders the Requests vague, overly broad, unduly burdensome, and not proportional to the needs of the case. Tyson interprets "You" to mean Tyson.

2. Tyson objects to the purported "Relevant Time Period" of January 1, 2008 through January 1, 2019 as overly broad, unduly burdensome, irrelevant to the claims or defenses of any party to this litigation, not proportionate to the needs of the case and contrary to the parties' agreements and the Court's order. Restaurant DAPs have failed to articulate why data or documents outside of the agreed upon January 1, 2007 – September 2, 2016 time period for unstructured data or agreed upon December 31, 2017 cutoff date for structured data are relevant to this case. Nor have they provided an explanation for their decision to try to renege on the parties' prior agreements and the Court's orders about the scope of production. Tyson further objects to the purported Relevant Time Period to the extent it violates the Court's Order Regarding the Production of Electronically Stored

3

Information ("ESI Protocol Order") (Dkt. No. 459), which provides that the Parties "may

limit the processing of discoverable [unstructured data] to that which was created,

modified, sent, or received between January 1, 2007 and September 2, 2016."

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS FOR PRODUCTION

### REQUEST NO. 1:

All Documents reflecting Defendants' pricing for Restaurant DAPs' purchases of Broiler
chicken, including Defendants' explanations and presentations concerning pricing of Broiler
chicken.

### RESPONSE TO REQUEST NO. 1:

Tyson objects to this Request as overly broad, unduly burdensome, and not proportional

to the needs of the case as this Request seeks "all" documents "reflecting Defendants' pricing"

over an eleven year time period from January 1, 2008 to January 1, 2019, which is more than two

years beyond the previously negotiated and Court-ordered production cut-off date of September

2, 2016. Restaurant DAPs have neither explained their need for such documents during the

September 3, 2016 – January 1, 2019 timeframe, nor have they articulated the relevance of such

documents to their claims or defenses in this case. Tyson objects to this Request as unduly

burdensome and not proportional to the needs of the case to the extent it seeks documents that

are within the possession, custody, or control of, or that are equally accessible to, Restaurant

DAPs, including, but not limited to, pricing for Restaurant DAPs' purchases of Broiler chicken.

Tyson objects to this Request because the phrase "Documents reflecting Defendants' pricing for

Restaurant DAPs' purchases of Broiler chicken" is vague, ambiguous, and fails to describe the

documents sought with reasonable particularity. Tyson objects to this Request to the extent it

seeks information protected by the attorney-client privilege, the work-product doctrine, joint-

defense privilege or any other applicable privilege or protection recognized by any applicable

law. Tyson further objects to this Request as cumulative and duplicative of Request No. 2 and

prior discovery requests, including Plaintiffs' First Set of RFPs Requests Nos. 11, 12, 13, 16, 40,

41, and 42. Tyson also objects to this Request as not proportional to the needs of the case to the

extent it seeks to impose additional burden on Tyson by calling for the collection, review and

production of information beyond what Tyson has already produced in response to prior

discovery requests. Tyson further objects that this Request contravenes the Court's March 4,

2020 Order granting the DOJ's motion for a protective order (ECF No. 3520) and the Court's

September 22, 2020 Memorandum Opinion and Order bi-furcating discovery.

**REQUEST NO. 2:**

All Documents reflecting Communications between You and Restaurant DAPs regarding
Defendants' pricing for Restaurant DAPs' purchases of Broiler chicken, including Defendants'
explanations and presentations concerning pricing of Broiler chicken.

**RESPONSE TO REQUEST NO. 2:**

Tyson objects to this Request as overly broad, unduly burdensome, and not proportional

to the needs of the case, as this Request seeks "all" documents "reflecting" communications

between Tyson and Restaurant DAPs over an eleven year time period from January 1, 2008 to

January 1, 2019, which is more than two years beyond the previously negotiated and Court-

ordered production cut-off date of September 2, 2016. Restaurant DAPs have neither explained

their need for such documents during the September 3, 2016 – January 1, 2019 timeframe, nor

have they articulated the relevance of such documents to their claims or defenses in this case.

Tyson objects to this Request as unduly burdensome and not proportional to the needs of the case

to the extent it seeks documents that are within the possession, custody, or control of, or that are

equally accessible to, Restaurant DAPs, including, but not limited to, communications between

Tyson and Restaurant DAPs regarding pricing for Restaurant DAPs' purchases of Broiler

chicken. Tyson objects to this Request to the extent it seeks information protected by the

attorney-client privilege, the work-product doctrine, joint-defense privilege or any other

5

applicable privilege or protection recognized by any applicable law. Tyson further objects to this Request as cumulative and duplicative of Request No. 1 and prior discovery requests, including Plaintiffs' First Set of RFPs Request No. 12. Tyson also objects to this Request as not proportional to the needs of the case to the extent it seeks to impose additional burden on Tyson by calling for the collection, review and production of information beyond what Tyson has already produced in response to prior discovery requests. Tyson further objects that this Request contravenes the Court's March 4, 2020 Order granting the DOJ's motion for a protective order (ECF No. 3520) and the Court's September 22, 2020 Memorandum Opinion and Order bi-furcating discovery.

**REQUEST NO. 3:**

All Documents reflecting Communications between You and Restaurant DAPs regarding supply of Broiler chicken.

**RESPONSE TO REQUEST NO. 3:**

Tyson objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, as this Request seeks documents "all" documents "reflecting" communications between Tyson and Restaurant DAPs over an eleven year period from January 1, 2008 to January 1, 2019, which is more than two years beyond the previously negotiated and Court-ordered production cut-off date of September 2, 2016. Restaurant DAPs have neither explained their need for such documents during the September 3, 2016 – January 1, 2019 timeframe, nor have they articulated the relevance of such documents to their claims or defenses in this case. Tyson objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it seeks documents that are within the possession, custody, or control of, or that are equally accessible to, Restaurant DAPs, including, but not limited to, communications between Tyson and Restaurant DAPs regarding the supply of Broiler chicken.

Tyson objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, joint-defense privilege or any other applicable privilege or protection recognized by any applicable law.  Tyson further objects to this Request as cumulative and duplicative of prior discovery requests, including Plaintiffs' First Set of RFPs Request No. 14.  Tyson also objects to this Request as not proportional to the needs of the case to the extent it seeks to impose additional burden on Tyson by calling for the collection, review and production of information beyond what Tyson has already produced in response to prior discovery requests.  Tyson further objects that this Request contravenes the Court's March 4, 2020 Order granting the DOJ's motion for a protective order (ECF No. 3520) and the Court's September 22, 2020 Memorandum Opinion and Order bi-furcating discovery.

**REQUEST NO. 4:**

All Documents reflecting contract negotiations and contractual terms for sales of Broiler chicken by Defendants to Restaurant DAPs.

**RESPONSE TO REQUEST NO. 4:**

Tyson objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, as this Request seeks "all" documents "reflecting contract negotiation and contractual terms for sales of Broiler chicken" over an eleven year time period from January 1, 2008 to January 1, 2019, which is more than two years beyond the previously negotiated and Court-ordered production cut-off date of January 1, 2007 through September 2, 2016.  Restaurant DAPs have neither explained their need for such documents during the September 3, 2016 – January 1, 2019 timeframe, nor have they articulated the relevance of such documents to their claims or defenses in this case.  Tyson objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent  it seeks documents that are within the possession, custody, or control of, or that are equally accessible to, Restaurant DAPs, including,

7

but not limited to, contracts and documents reflecting contract negotiations between Tyson and

Restaurant DAPs.  Tyson objects to this Request as vague and ambiguous because the phrase

"reflecting contract negotiations and contractual sales" is vague, ambiguous, and fails to describe

the documents sought with reasonable particularity.  Tyson objects to this Request to the extent it

seeks information protected by the attorney-client privilege, the work-product doctrine, joint-

defense privilege or any other applicable privilege or protection recognized by any applicable

law.  Tyson further objects to this Request as cumulative and duplicative of prior discovery

requests, including Plaintiffs' First Set of RFPs Requests Nos. 11, 40, 41, 42, and 48, Plaintiffs'

Third Set of RFP Request No. 1, and Plaintiffs' Fifth Set of RFPs Request No. 1.  Tyson also

objects to this Request as not proportional to the needs of the case to the extent it seeks to impose

additional burden on Tyson by calling for the collection, review and production of information

beyond what Tyson has already produced in response to prior discovery requests.  Tyson further

objects that this Request contravenes the Court's March 4, 2020 Order granting the DOJ's

motion for a protective order (ECF No. 3520) and the Court's September 22, 2020 Memorandum

Opinion and Order bi-furcating discovery.

## REQUEST NO. 5:

All Documents reflecting Communications between You and Restaurant DAPs regarding contract negotiations and contractual terms for sales of Broiler chicken by Defendants to Restaurant DAPs.

## RESPONSE TO REQUEST NO. 5:

Tyson objects to this Request as overly broad, unduly burdensome, and not proportional

to the needs of the case, as this Request seeks "all" documents relating to or communicating

pricing announcements, pricing guidelines, pricing formulas, price lists, or implementation of

price changes over an eleven year time period from January 1, 2008 to January 1, 2019, which is

more than two years beyond the previously negotiated and Court-ordered production cut-off date

of January 1, 2007 through September 2, 2016.  Tyson objects to this Request as unduly

burdensome and not proportional to the needs of the case to the extent  it seeks documents that

are within the possession, custody, or control of, or that are equally accessible to, Restaurant

DAPs, including, but not limited to, communications between Tyson and Restaurant DAPs

regarding contract negotiations and contractual terms for sales of Broiler chicken.  Tyson objects

to this Request to the extent it seeks information protected by the attorney-client privilege, the

work-product doctrine, joint-defense privilege or any other applicable privilege or protection

recognized by any applicable law.  Tyson further objects to this Request as cumulative and

duplicative of Request No. 4 and of prior discovery requests, including Plaintiffs' First Set of

RFPs Requests Nos. 38 and 42, Plaintiffs' Third Set of RFP Request No. 1, and Plaintiffs' Fifth

Set of RFPs Request No. 1.  Tyson also objects to this Request as not proportional to the needs

of the case to the extent it seeks to impose additional burden on Tyson by calling for the

collection, review and production of information beyond what Tyson has already produced in

response to prior discovery requests.  Tyson further objects that this Request contravenes the

Court's March 4, 2020 Order granting the DOJ's motion for a protective order (ECF No. 3520)

and the Court's September 22, 2020 Memorandum Opinion and Order bi-furcating discovery.

*[signature page to follow]*

Dated:  February 16, 2021

Respectfully Submitted,

By:  /s/ *Kenina J. Lee*
Rachel J. Adcox (#1001488)
Daniel K. Oakes (admitted *pro hac vice*)
Kenina J. Lee (admitted *pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
950 F Street NW, Ste 700
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
radcox@axinn.com
doakes@axinn.com
klee@axinn.com

John M. Tanski (admitted *pro hac vice*)
Jarod G. Taylor (admitted *pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
Telephone: (860) 275-8100
Facsimile: (860) 275-8101
jtanski@axinn.com
jtaylor@axinn.com

Nicholas E.O. Gaglio (admitted *pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, NY 10036
Telephone: (212) 728-2200
Facsimile: (212) 261-5654
ngaglio@axinn.com

Jordan M. Tank
LIPE LYONS MURPHY NAHRSTADT &
PONTIKIS, LTD.
230 West Monroe, Street, Ste 2260
Chicago, IL 60606
Telephone: (312) 702-0586
Facsimile: (312) 726-2273
jmt@lipelyons.com

*Attorneys for Defendants Tyson Foods, Inc.,*
*Tyson Chicken, Inc., Tyson Breeders, Inc.,*
*Tyson Poultry, Inc.*

## CERTIFICATE OF SERVICE

I, Kenina J. Lee, hereby certify that on February 16, 2021, the foregoing Objections and Responses of Tyson Foods, Inc., Tyson Chicken, Inc., Tyson Breeders, Inc., and Tyson Poultry, Inc. to Restaurant Direct Action Plaintiffs' Requests for Production of Documents to Producer Defendants was served by electronic mail on the counsel listed below.

/s/ *Kenina J. Lee*

| Class | Contact | E-mail |
|---|---|---|
| **DPPs** | W. Joseph Bruckner | wjbruckner@locklaw.com |
| | Brian D. Clark | bdclark@locklaw.com |
| | Simeon A. Morbey | samorbey@locklaw.com |
| | Elizabeth M. Sipe | emsipe@locklaw.com |
| | Bruce L. Simon | bsimon@pswlaw.com |
| | Daniel L. Warshaw | dwarshaw@pswlaw.com |
| | Neil Swartzberg | nswartzberg@pswlaw.com |
| | Clifford H. Pearson | cpearson@pswlaw.com |
| | Michael H. Pearson | mpearson@pswlaw.com |
| | Bobby Pouya | bpouya@pswlaw.com |
| | Thomas Nolan | tnolan@pswlaw.com |
| | Ellowene Grant | egrant@pswlaw.com |
| | Steven Hart | shart@hmelegal.com |
| | Brian Eldridge | beldridge@hmelegal.com |
| | Kyle Pozan | kpozan@hmelegal.com |
| | John Marrese | jmarrese@hmelegal.com |
| **CIIPPs** | Daniel E. Gustafson | dgustafson@gustafsongluek.com |
| | Daniel C. Hedlund | dhedlund@gustafsongluek.com |
| | Michelle J. Looby | mlooby@gustafsongluek.com |
| | Joshua R. Rissman | jrissman@gustafsongluek.com |
| | Brittany N. Resch | bresch@gustafsongluek.com |
| | Jamie L. Holzer | jholzer@gustafsongluek.com |
| | Ling Wang | lwang@gustafsongluek.com |
| | Joseph W. Cotchett | jcotchett@cpmlegal.com |
| | Adam J. Zapala | azapala@cpmlegal.com |
| | Tamarah P. Prevost | tprevost@cpmlegal.com |
| | Alex Barnett | abarnett@cpmlegal.com |
| | Jaclyn Verducci | jverducci@cpmlegal.com |
| | Carlo Lipson | clipson@cpmlegal.com |

|  | Michael Caylao | mcaylao@cpmlegal.com |
|---|---|---|
|  | Joseph Alioto, Jr. | jalioto@cpmlegal.com |
|  | Samantha Fong | sfong@cpmlegal.com |
|  | James Dallal | jdallal@cpmlegal.com |
|  | Kenneth A. Wexler | kaw@wexlerwallace.com |
|  | Edward A. Wallace | eaw@wexlerwallace.com |
|  | Michelle Perkovic | mp@wexlerwallace.com |
|  | Melinda Morales | mjm@wexlerwallace.com |
| **EUCPs** | Steve W. Berman | steve@hbsslaw.com |
|  | Jason Zweig | jasonz@hbsslaw.com |
|  | Rio Pierce | riop@hbsslaw.com |
|  | Shana Scarlett | shanas@hbsslaw.com |
|  | Kit A. Pierson | kpierson@cohenmilstein.com |
|  | Brent W. Johnson | bjohnson@cohenmilstein.com |
|  | Carol V. Gilden | cgilden@cohenmilstein.com |
|  | Daniel H. Silverman | dsilverman@cohenmilstein.com |
|  | Alison Deich | adeich@cohenmilstein.com |
|  | Benjamin Brown | bbrown@cohenmilstein.com |
|  | Breanna Van Engelen | breannav@hbsslaw.com |
|  | Ben Siegel | bens@hbsslaw.com |
| **Direct Action Plaintiffs Affiliated Foods, ALEX LEE, INC., MERCHANTS DISTRIBUTORS, LLC, ASSOCIATED GROCERS OF NEW ENGLAND, INC., BIG Y FOODS, INC., FAREWAY STORES, INC., PIGGLY WIGGLY ALABAMA DISTRIBUTING CO., INC. and WOODMAN'S FOOD MARKET, INC.** | Eric R. Lifvendahl | elifvendahl@lgcounsel.com |
|  | Robert N. Kaplan | rkaplan@kaplanfox.com |
|  | Matthew P. McCahill | mmccahill@kaplanfox.com |
|  | Johnny K. Merritt | jmerritt@legalstrategy.com |
|  | Richard L. Coffman | rcoffman@coffmanlawfirm.com |
|  | Solomon B. Cera | scera@cerallp.com |
|  | Jeffrey P. Campisi | jcampisi@kaplanfox.com |
|  | Mandrika Moonsammy | mmoonsammy@kaplanfox.com |
|  | Elizabeth Black | eblack@hsblawfirm.com |
|  | Mary Eldridge | meldridge@hsblawfirm.com |

| | C. Andrew Dirksen | cdirksen@cerallp.com |
|---|---|---|
| **Direct Action Plaintiffs Winn-Dixie Stores & Bi-Lo Holdings** | Patrick J. Ahern | patrick.ahern@ahernandassociatespc.com |
| | Theodore B. Bell | theo.bell@ahernandassociatespc.com |
| | Liana Alston | liana.alston@ahernandassociatespc.com |
| **Direct Action Plaintiff Sysco Corporation** | Scott E. Gant | sgant@bsfllp.com |
| | Jonathan M. Shaw | jshaw@bsfllp.com |
| | Colleen Harrison | charrison@bsfllp.com |
| | Sarah Jones | sjones@bsfllp.com |
| | Simon Leen | sleen@bsfllp.com |
| | Ryan McAllister | rmcallister@BSFLLP.com |
| **Direct Action Plaintiff US Foods, Inc.** | Scott E. Gant | sgant@bsfllp.com |
| | Jonathan M. Shaw | jshaw@bsfllp.com |
| | Colleen Harrison | charrison@bsfllp.com |
| | Sarah Jones | sjones@bsfllp.com |
| | Simon Leen | sleen@bsfllp.com |
| | Ryan McAllister | rmcallister@BSFLLP.com |
| **Direct Action Plaintiffs Campbell Soup Company; Campbell Soup Supply Company, L.L.C.; Pacific Foods of Oregon** | Scott E. Gant | sgant@bsfllp.com |
| | Jonathan M. Shaw | jshaw@bsfllp.com |
| | Colleen Harrison | charrison@bsfllp.com |
| | Sarah Jones | sjones@bsfllp.com |
| | Simon Leen | sleen@bsfllp.com |
| | Ryan McAllister | rmcallister@BSFLLP.com |
| **Direct Action Plaintiff Target Corporation** | Scott E. Gant | sgant@bsfllp.com |
| | Jonathan M. Shaw | jshaw@bsfllp.com |
| | Colleen Harrison | charrison@bsfllp.com |
| | Sarah Jones | sjones@bsfllp.com |
| | Simon Leen | sleen@bsfllp.com |
| | Ryan McAllister | rmcallister@BSFLLP.com |
| **Direct Action Plaintiffs John Soules Foods, Inc., John Soules Acqusitions LLC** | Scott E. Gant | sgant@bsfllp.com |
| | Jonathan M. Shaw | jshaw@bsfllp.com |
| | Colleen Harrison | charrison@bsfllp.com |

| | Sarah Jones | sjones@bsfllp.com |
|---|---|---|
| | Simon Leen | sleen@bsfllp.com |
| | Ryan McAllister | rmcallister@BSFLLP.com |
| **Direct Action Plaintiffs The Kroger Co., Hy-Vee Inc., & Albertsons Companies Inc.** | Bill Blechman | wjb@knpa.com |
| | Doug Patton | dpatton@knpa.com |
| | Sam Randall | srandall@knpa.com |
| | Brandon Floch | bfloch@knpa.com |
| **Direct Action Plaintiffs Associated Grocers of the South, Inc.; Meijer, Inc.; Meijer Distribution, Inc.; OSI Restaurant Partners, LLC; Publix Super Markets, Inc.; Supervalu Inc.; & Wakefern Food Corp.** | Paul Slater | PES@Sperling-law.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | David Germaine | dgermaine@sperling-law.com |
| | John Bjork | jbjork@sperling-law.com |
| | Martin Amaro | MAmaro@sperling-law.com |
| | Phil Cramer | pcramer@srvhlaw.com |
| | Ryan Holt | RHolt@srvhlaw.com |
| | Stacie Beishuizen | sbeishuizen@srvhlaw.com |
| | Jerry Santangelo | jsantangelo@sperling-law.com |
| **Direct Action Plaintiff Jetro Holdings, LLC** | Philip J. Iovieno | philip.iovieno@cwt.com |
| | Anne M. Nardacci | anardacci@bsfllp.com |
| | Mark A. Singer | mark.singer@cwt.com |
| | Nicholas A. Gravante, Jr. | nick.gravante@cwt.com |
| **Direct Action Plaintiffs Ahold Delhaize USA, Inc.; Aldi, Inc.; Chick-fil-A, Inc.** | Ryan Phair | rphair@huntonak.com |
| | Jack Martin | martinj@huntonak.com |
| | Craig Lee | craiglee@huntonak.com |
| | Matthew Calvert | mcalvert@huntonak.com |
| | Neil Gilman | ngilman@huntonak.com |
| | Emily Bolles | ebolles@huntonak.com |
| | Chris Brewer | brewerc@huntonak.com |
| | Meredith Malcolm | mmalcolm@huntonak.com |
| | Julie Porter | porter@spplawyers.com |

| | | |
|---|---|---|
| **Direct Action Plaintiff BJ's Warehouse Club, Inc.** | Philip J. Iovieno | philip.iovieno@cwt.com |
| | Anne M. Nardacci | anardacci@bsfllp.com |
| | Mark A. Singer | mark.singer@cwt.com |
| | Nicholas A. Gravante, Jr. | nick.gravante@cwt.com |
| **Direct Action Plaintiff Maximum Quality Foods, Inc.** | Philip J. Iovieno | philip.iovieno@cwt.com |
| | Anne M. Nardacci | anardacci@bsfllp.com |
| | Mark A. Singer | mark.singer@cwt.com |
| | Nicholas A. Gravante, Jr. | nick.gravante@cwt.com |
| **Direct Action Plaintiff PJ Food Service, Inc.** | Philip J. Iovieno | philip.iovieno@cwt.com |
| | Anne M. Nardacci | anardacci@bsfllp.com |
| | Mark A. Singer | mark.singer@cwt.com |
| | Nicholas A. Gravante, Jr. | nick.gravante@cwt.com |
| **Direct Action Plaintiff Hooters of America, LLC** | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |

| | | |
|---|---|---|
| **Direct Action Plaintiffs ANAHEIM WINGS, LLC, d/b/a Hooters of Anaheim; GASLAMP WINGS, LLC, previously d/b/a Hooters of San Diego; MISSION VALLEY WINGS, LLC, d/b/a Hooters of Mission Valley; OCEANSIDE WINGS, LLC, previously d/b/a Hooters of Oceanside; COSTA MESA WINGS, LLC, d/b/a Hooters of Costa Mesa; RANCHO BERNARDO WINGS, LLC, d/b/a Hooters of San Marcos; ONTARIO WINGS, LLC, d/b/a Hooters of Ontario; HOLLYWOOD WINGS, LLC, d/b/a Hooters of Hollywood; SOUTH GATE WINGS, LLC, d/b/a Hooters of South Gate; WINGS OVER LONG BEACH, LLC, d/b/a Hooters of Long Beach; BONITA PLAZA WINGS, LLC, d/b/a Hooters of Plaza Bonita; and DOWNTOWN WINGS, LLC, previously d/b/a Hooters of Downtown LA** | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| **Direct Action Plaintiffs RESTAURANTS OF AMERICA, INC; LTP MANAGEMENT GROUP, INC.; GIBSON, GRECO &** | David Esau | desau@carltonfields.com |

16

| | | |
|---|---|---|
| **WOOD, LTD.; and HOOTERS MANAGEMENT CORPORATION** | | |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| **Direct Action Plaintiffs Sherwood Food Distributors, L.L.C.; Harvest Meat Company, Inc.; Western Boxed Meat Distributors, Inc.; and Hamilton Meat, LLC** | Philip J. Iovieno | philip.iovieno@cwt.com |
| | Anne M. Nardacci | anardacci@bsfllp.com |
| | Mark A. Singer | mark.singer@cwt.com |
| | Nicholas A. Gravante, Jr. | nick.gravante@cwt.com |
| **Direct Action Plaintiff Darden Restaurants, Inc.** | Philip J. Iovieno | philip.iovieno@cwt.com |
| | Anne M. Nardacci | anardacci@bsfllp.com |
| | Mark A. Singer | mark.singer@cwt.com |
| | Nicholas A. Gravante, Jr. | nick.gravante@cwt.com |
| **Direct Action Plaintiff QUIRCH FOODS, LLC, f/k/a/ QUIRCH FOODS CO.** | Marvin A. Miller | mmiller@millerlawllc.com |
| | Matthew E. Van Tine | mvantine@millerlawllc.com |
| | Andrew Szot | aszot@millerlawllc.com |
| | Jay Shapiro | jshapiro@stearnsweaver.com |
| | Samuel Patmore | spatmore@stearnsweaver.com |
| | Carlos Canino | ccanino@stearnsweaver.com |
| | Abigail Corbett | acorbett@stearnsweaver.com |

| | | |
|---|---|---|
| **Direct Action Plaintiffs ACTION MEAT DISTRIBUTORS, INC., ASSOCIATED FOOD STORES, INC., BASHAS' INC., CERTCO, INC., DICARLO DISTRIBUTORS, INC., IRA HIGDON GROCERY COMPANY, INC., NICHOLAS & CO., INC., PACIFIC AGRI-PRODUCTS, INC., PACIFIC FOOD DISTRIBUTORS, INC., TROYER FOODS, INC., URM STORES, INC., and WEINSTEIN WHOLESALE MEATS, INC.** | Eric R. Lifvendahl | elifvendahl@lgcounsel.com |
| | Robert N. Kaplan | rkaplan@kaplanfox.com |
| | Matthew P. McCahill | mmccahill@kaplanfox.com |
| | Johnny K. Merritt | jmerritt@legalstrategy.com |
| | Richard L. Coffman | rcoffman@coffmanlawfirm.com |
| | Solomon B. Cera | scera@cerallp.com |
| | C. Andrew Dirksen | cdirksen@cerallp.com |
| **Direct Action Plaintiffs ASSOCIATED GROCERS, INC., BROOKSHIRE GROCERY COMPANY, And SCHNUCK MARKETS, INC.** | Eric R. Lifvendahl | elifvendahl@lgcounsel.com |
| | Robert N. Kaplan | rkaplan@kaplanfox.com |
| | Matthew P. McCahill | mmccahill@kaplanfox.com |
| | Johnny K. Merritt | jmerritt@legalstrategy.com |
| | Richard L. Coffman | rcoffman@coffmanlawfirm.com |
| | Solomon B. Cera | scera@cerallp.com |
| | C. Andrew Dirksen | cdirksen@cerallp.com |
| **Direct Action Plaintiffs HOWARD SAMUELS AS TRUSTEE IN BANKRUPTCY FOR CENTRAL GROCERS, INC., CBBC OPCO, LLC, d/b/a COLORADO BOXED** | Eric R. Lifvendahl | elifvendahl@lgcounsel.com |

| | | |
|---|---|---|
| **BEEF and KING SOLOMON FOODS, INC.** | | |
| | Robert N. Kaplan | rkaplan@kaplanfox.com |
| | Matthew P. McCahill | mmccahill@kaplanfox.com |
| | Johnny K. Merritt | jmerritt@legalstrategy.com |
| | Richard L. Coffman | rcoffman@coffmanlawfirm.com |
| | Solomon B. Cera | scera@cerallp.com |
| | C. Andrew Dirksen | cdirksen@cerallp.com |
| **Direct Action Plaintiff W. LEE FLOWERS & COMPANY, INC.** | Eric R. Lifvendahl | elifvendahl@lgcounsel.com |
| | Robert N. Kaplan | rkaplan@kaplanfox.com |
| | Matthew P. McCahill | mmccahill@kaplanfox.com |
| | Johnny K. Merritt | jmerritt@legalstrategy.com |
| | Richard L. Coffman | rcoffman@coffmanlawfirm.com |
| | Solomon B. Cera | scera@cerallp.com |
| | C. Andrew Dirksen | cdirksen@cerallp.com |
| | Manton Grier | mgrier@hsblawfirm.com |
| | Elizabeth Black | eblack@hsblawfirm.com |
| | Mary Eldridge | meldridge@hsblawfirm.com |
| **Direct Action Plaintiffs UNITED SUPERMARKETS, LLC; KRISPY KRUNCHY FOODS, LLC; and CHENEY BROS., INC.** | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Jana Eisinger | jeisinger@eisingerlawfirm.com |
| | Clay Taylor | Clay.Taylor@bondsellis.com |

| | | |
|---|---|---|
| **Direct Action Plaintiffs Shamrock Foods Company and United Food Service, Inc.; Barbeque Integrated, Inc.; Bojangles' Restaurants, Inc. and Bojangles OPCO, LLC; Boston Market Corp.; Captain D's, LLC; Cracker Barrel Old Country Store, Inc. and CBOCS Distribution, Inc.; FIC Restaurants, Inc.; Golden Corral Corp.; The Johnny Rockets Group, Inc.; White Castle Purchasing Co.; WZ Franchise Corp.; Zaxby's Franchising LLC** | Robert Turken | rturken@bilzin.com |
| | Scott Wagner | swagner@bilzin.com |
| | Lori Lustrin | llustrin@bilzin.com |
| | Ilana Drescher | Idrescher@bilzin.com |
| | Shalia Sakona | ssakona@bilzin.com |
| | Ben Mitchel | bmitchel@bilzin.com |
| | Brianna Sainte | bsainte@bilzin.com |
| **Direct Action Plaintiffs CHECKERS DRIVE-IN RESTAURANTS, INC.** | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| **Direct Action Plaintiffs GIANT EAGLE** | Erin Allen | Allen@marcus-shapira.com |
| | Moira Cain-Mannix | Cain-Mannix@marcus-shapira.com |
| | Bernie Marcus | Marcus@marcus-shapira.com |
| **Direct Action Plaintiffs Conagra Brands, Inc. Pinnacle Foods, Inc., Kraft Heinz Foods Company,** | David Eddy | deddy@theantitrustlawgroup.com |

| | | |
|---|---|---|
| **Nestlé USA, Inc. and Nestlé Purina PetCare Company** | | |
| | Dennis Lynch | dlynch@theantitrustlawgroup.com |
| | Chase Keibler | ckeibler@theantitrustlawgroup.com |
| | Connie Steele | csteele@theantitrustlawgroup.com |
| **Direct Action Plaintiff Services Group of America, Inc.** | Greg Casas | casasg@gtlaw.com |
| | Dominic Draye | drayed@gtlaw.com |
| | Tom Dutton | duttont@gtlaw.com |
| | Erik Weber | weberer@gtlaw.com |
| | Zach Douglas | douglasz@gtlaw.com |
| | Cindy Reed | reedci@gtlaw.com |
| | Vanessa Pinkerton | pinkertonv@gtlaw.com |
| **Direct Action Plaintiff Walmart** | Shawn Rabin | srabin@SusmanGodfrey.com |
| | Ravi Bhalla | rbhalla@susmangodfrey.com |
| | Ryan Caughey | rcaughey@susmangodfrey.com |
| | Steven Shepard | SShepard@susmangodfrey.com |
| | Leize Nand | LNand@susmangodfrey.com |
| | Rodney Polanco | rpolanco@susmangodfrey.com |
| **Direct Action Plaintiffs Amigos Meat Distributors, LP; Amigos Meat & Poultry, LLC; Amigos Meat Distributors East, LP; and Amigos Meat Distributors West, LP** | Peter Taaffe | ptaaffe@txattorneys.com |
| | Jason Willis | jwillis@txattorneys.com |
| | Obed De La Cruz | obed@mdlcfirm.com |
| | Spencer Markle | spencer@mdlcfirm.com |
| **Direct Action Plaintiff Commonwealth of Puerto Rico** | Johan M. Rosa Rodriguez | jorosa@justicia.pr.gov |
| | Todd Schneider | tschneider@schneiderwallace.com |
| | Kyle Bates | kbates@schneiderwallace.com |
| | Peter Schneider | pschneider@schneiderwallace.com |
| | Michael Mulder | mmulder@mmulderlaw.com |
| | Elena Liveris | eliveris@mmulderlaw.com |
| **Direct Action Plaintiff El Pollo Loco, Inc.** | Judith Zahid | JZahid@zelle.com |

| | | |
|---|---|---|
| | Eric Buetzow | ebuetzow@zelle.com |
| | James Dugan | jdugan@zelle.com |
| **Direct Action Plaintiff Associated Wholesale Grocers, Inc.** | Daniel Owen | dowen@polsinelli.com |
| | Amy Fitts | afitts@polsinelli.com |
| | Gabe Zorogastua | gzorogastua@polsinelli.com |
| | Kim Murray | kmurray@polsinelli.com |
| **Direct Action Plaintiffs McLane Company, Inc.; McLane/Mid-Atlantic, Inc.; McLane/Midwest, Inc.; McLane Minnesota, Inc.; McLane New Jersey, Inc.; McLane/Eastern, Inc.; McLane/Suneast, Inc.; McLane Ohio, Inc.; McLane/Southern, Inc.; McLane/Western, Inc.; McLane Express, Inc.; Kinexo, Inc.; McLane Foodservice Distribution, Inc., McLane Foodservice, Inc.** | Kathryn Reilly | reilly@wtotrial.com |
| | Judith Youngman | youngman@wtotrial.com |
| | Camille Papini-Chapla | papinichapla@wtotrial.com |
| | Adam Hachikian | ahachikian@foxswibel.com |
| **Direct Action Plaintiff Bob Evans Farms, Inc.** | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| **Direct Action Plaintiff The Fresh Market, Inc.** | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |

| | Casey McGowan | CMcGowan@carltonfields.com |
|---|---|---|
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| **Direct Action Plaintiff Wawa, Inc.** | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| **Direct Action Plaintiff Restaurant Services, Inc.** | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Roger Kobert | rkobert@carltonfields.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| **Direct Action Plaintiffs L. Hart Inc.; R & D Marketing LLC; Timber Lake Foods Inc.; EMA Foods Co., LLC; and Red Bird Farms Distribution Company** | Paul J. Ripp | pjr@willmont.com |
| | Charles E. Tompkins | cet@willmont.com |
| | Evan P. Boyle | epb@willmont.com |
| | W. Lawrence Deas | lawrence@listondeas.com |
| | Michael Gratz, Jr. | michael@gratzandgratz.com |
| **USDOJ** | Heather Call | Heather.Call@usdoj.gov |
| | Michael Koenig | Michael.Koenig@usdoj.gov |
| | George Baranko | George.Baranko@usdoj.gov |

| | Frederick Levenson | Frederick.Levenson@usdoj.gov |
|---|---|---|
| | Carolyn Sweeney | Carolyn.Sweeney@usdoj.gov |
| | Paul Torzilli | Paul.Torzilli@usdoj.gov |
| | | |
| **Direct Action Plaintiffs Carl Buddig & Co., Inc.; and Caesars Enterprise Services, LLC** | Floyd A Mandell | floyd.mandell@katten.com |
| | Jeffrey A. Wakolbinger | jeffrey.wakolbinger@katten.com |
| | Yonaton M. Rosenzweig | yoni.rosenzweig@katten.com |
| | Catherine E. O'Brien | catherine.obrien@katten.com |

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION* | No. 1:16-cv-08637 |
| This Document Relates To: | Honorable Thomas M. Durkin |
| | Magistrate Judge Jeffrey T. Gilbert |
| ALL ACTIONS | |

## KOCH'S OBJECTIONS AND RESPONSES TO RESTAURANT DIRECT ACTION PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO CERTAIN PRODUCER DEFENDANTS

Defendants Koch Foods Incorporated, JCG Foods of Alabama LLC, JCG Foods of Georgia LLC and Koch Meat Co., Inc. (collectively, "Koch"), by their attorneys, Novack and Macey LLP, pursuant to Federal Rules of Civil Procedure 26 and 34, submit the following Objections and Responses to Restaurant Direct Action Plaintiffs' Requests for Production of Documents to Certain Producer Defendants dated January 15, 2021 (the "Requests").

## OBJECTION TO DEFINITION

1.      Koch objects to the definitions of "You," "Your," and "Your company" as vague and ambiguous, overly broad, and unduly burdensome. Koch also objects to the definitions of these terms on the grounds that they purport to include people and entities beyond the named Koch parties and that are irrelevant to the claims and defenses in the case. Koch interprets the terms to mean Koch Foods Incorporated, JCG Foods of Alabama LLC, JCG Foods of Georgia LLC and Koch Meat Co., Inc. only; it does not interpret the terms to include any other predecessors, wholly-owned or controlled subsidiaries or affiliates, successors, parents, other subsidiaries, departments, divisions, joint ventures, other affiliates, or other organizations or entities, nor any present or former directors, officers, employees, agents, attorneys,

representatives of, or other persons acting or purporting to act on behalf of, any entities other than the four named Koch defendants.

**SPECIFIC RESPONSES**

Subject to and without waiving the foregoing objection, Koch specifically objects and responds to each Request below. The foregoing objection is incorporated by reference in the response below.

## REQUEST FOR PRODUCTION NO. 1:

All Documents reflecting Defendants' pricing for Restaurant DAPs' purchases of Broiler chicken, including Defendants' explanations and presentations concerning pricing of Broiler chicken.

## RESPONSE:

Koch objects to this Request as an improper attempt to expand the Relevant Time Period beyond January 1, 2007-September 2, 2016. As the Court's December 22, 2017 Order states, "[T]he parties have agreed that, as a general matter, the appropriate time period for discovery in this case is January 1, 2007 through September 2, 2016." (Dkt. 580 at 3 (citing Dkt. 459 at 12).) Restaurant DAPs' Request seeks documents from January 1, 2008-January 1, 2019, which is beyond the scope of the agreed and Court-ordered relevant time period.

Koch further objects to this Request, which seeks "All Documents reflecting Defendants' pricing for Restaurant DAPs' purchases of Broiler chicken" from January 1, 2008 through January 1, 2019, as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case. Koch further objects to the terms and phrases "pricing" and "explanations and presentations concerning pricing" as vague and ambiguous. Koch also objects to this Request to the extent it seeks information relating to issues beyond the scope of this litigation and, thus, that is irrelevant.

In addition, Koch objects to this Request to the extent it purports to seek documents and information related to bid rigging claims or allegations. Pursuant to the Court's September 22, 2020 Order, bid-rigging allegations and any corresponding discovery are stayed. (Dkt. 3835 ("Discovery into bid-rigging is closed until the supply reduction and Georgia Dock claims are resolved.").)

Koch objects to this Request as untimely, and, in light of the current posture of the case, unreasonable and disproportionate to the case's needs. This litigation began on September 2, 2016. In the almost four-and-a-half years since, Defendants and Plaintiffs have engaged in extensive negotiations regarding document productions, custodians, and search terms relevant to Defendants' Broiler supply and pricing. Indeed, as this Court has already recognized, "the parties reached detailed agreements regarding the scope of relevance, most notably with respect to time period, custodians, and search terms," and have been litigating pursuant to those agreements for years. (Dkt. 3520, Order at 5.) And, as a result of those agreements, Defendants have performed exhaustive searches and already produced more than 8 million documents relating to those subjects. (*Id.* at 6.) Those documents are available to all Plaintiffs, including the late-filing Restaurant DAPs, who waited until this incredibly late juncture to file suit.

Koch further objects that this Request overlaps with previous discovery requests for which the parties have already agreed upon offers of production of documents within the agreed and Court-ordered relevant time period for discovery. These requests include, but are not limited to:

- All Plaintiffs' First Set of Requests for Production of Documents to All Defendants, Request 12, which sought "All Documents relating to or communicating Broiler price announcements, price changes, explanations of the reasons for price changes, price lists, pricing policies, pricing guidelines, pricing methods, pricing formulas" and various other documents related to pricing. (Dkt. 3532-4 at 14.)

- All Plaintiffs' First Set of Requests for Production of Documents to All Defendants, Request 13, which sought "All Documents relating to any contemplated, proposed, or

actual bids for the sale of Broilers . . . , including Documents concerning whether or not to bid and the availability of Broilers from other Broiler Producers to fulfill a bid." (*Id.* at 14.)

Koch has already fulfilled its production obligations with respect to these requests consistent with the parties' agreements and the Court's orders in this matter.

Subject to and without waiving these or its general objections, Koch declines to undertake any further collection, review, or production in response to this Request.

## REQUEST FOR PRODUCTION NO. 2:

All Documents reflecting Communications between You and Restaurant DAPs regarding Defendants' pricing for Restaurant DAPs' purchases of Broiler chicken, including Defendants' explanations and presentations concerning pricing of Broiler chicken.

### RESPONSE:

Koch objects to this Request as an improper attempt to expand the Relevant Time Period beyond January 1, 2007-September 2, 2016. As the Court's December 22, 2017 Order states, "[T]he parties have agreed that, as a general matter, the appropriate time period for discovery in this case is January 1, 2007 through September 2, 2016." (Dkt. 580 at 3 (citing Dkt. 459 at 12).) Restaurant DAPs' Request seeks documents from January 1, 2008-January 1, 2019, which is beyond the scope of the agreed and Court-ordered relevant time period.

Koch further objects to this Request to the extent it seeks "All Documents between You and Restaurant DAPs" from September 1, 2008 through January 1, 2019 regarding "pricing for Restaurant DAPs' purchases of Broiler chicken pricing" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of this case. Koch further objects to the terms and phrases "pricing" and "explanations and presentations concerning pricing" as vague and ambiguous. Koch objects to this Request to the extent it seeks information relating to issues beyond the scope of this litigation and, thus, that is irrelevant. Koch also objects to this Request to the extent that it seeks production of documents that are protected from disclosure by the

4

attorney-client privilege, work-product doctrine, or other applicable privilege. Finally, Koch objects to the extent that the information sought is publicly available to Restaurant DAPs.

In addition, Koch objects to this Request to the extent it purports to seek documents and information related to bid rigging claims or allegations. Pursuant to the Court's September 22, 2020 Order, bid-rigging allegations and any corresponding discovery are stayed. (Dkt. 3835 ("Discovery into bid-rigging is closed until the supply reduction and Georgia Dock claims are resolved.").)

Furthermore, Koch objects to this Request because it seeks information that is equally available to Restaurant DAPs. Specifically, this request seeks "All Documents reflecting Communications between [Koch] and Restaurant DAPs" related to pricing. Given that this Request seeks communications involving Restaurant DAPs, the requested documents are equally available to Restaurant DAPs.

Koch objects to this Request as untimely, and, in light of the current posture of the case, unreasonable and disproportionate to the case's needs. This litigation began on September 2, 2016. In the almost four-and-a-half years since, Defendants and Plaintiffs have engaged in extensive negotiations regarding document productions, custodians, and search terms relevant to Defendants' Broiler supply and pricing. Indeed, as this Court has already recognized, "the parties reached detailed agreements regarding the scope of relevance, most notably with respect to time period, custodians, and search terms," and have been litigating pursuant to those agreements for years. (Dkt. 3520, Order at 5.) And, as a result of those agreements, Defendants have performed exhaustive searches and produced more than 8 million documents relating to those subjects. (*Id.* at 6.) Those documents are available to all Plaintiffs, including the late-filing Restaurant DAPs, who waited until this incredibly late juncture to file suit.

Koch further objects that this Request overlaps with previous discovery requests for which the parties have already agreed upon offers of production of documents within the agreed and Court-ordered relevant time period for discovery. These requests include, but are not limited to:

- All Plaintiffs' First Set of Requests for Production of Documents to All Defendants, Request 12, which sought "All Documents relating to or communicating Broiler price announcements, price changes, explanations of the reasons for price changes, price lists, pricing policies, pricing guidelines, pricing methods, pricing formulas" and various other documents related to pricing. (Dkt. 3532-4 at 14.)

- All Plaintiffs' First Set of Requests for Production of Documents to All Defendants, Request 13, which sought "All Documents relating to any contemplated, proposed, or actual bids for the sale of Broilers . . . , including Documents concerning whether or not to bid and the availability of Broilers from other Broiler Producers to fulfill a bid." (*Id.* at 14.)

Koch has already fulfilled its production obligations with respect to these requests consistent with the parties' agreements and the Court's orders in this matter.

Subject to and without waiving these or its general objections, Koch declines to undertake any further collection, review, or production in response to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents reflecting Communications between You and Restaurant DAPs regarding supply of Broiler chicken.

**RESPONSE**:

Koch objects to this Request as an improper attempt to expand the Relevant Time Period beyond January 1, 2007-September 2, 2016. As the Court's December 22, 2017 Order states, "[T]he parties have agreed that, as a general matter, the appropriate time period for discovery in this case is January 1, 2007 through September 2, 2016." (Dkt. 580 at 3 (citing Dkt. 459 at 12).) Restaurant DAPs' Request seeks documents from January 1, 2008-January 1, 2019, which is beyond the scope of the agreed and Court-ordered relevant time period.

Koch further objects to this Request, which seeks "All Documents reflecting Communications" from September 1, 2008 through January 1, 2019 "regarding supply of Broiler chicken" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of this case. Koch objects to this Request to the extent it seeks information relating to issues beyond the scope of this litigation and, thus, that is irrelevant. Koch also objects to this Request to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege, work-product doctrine, or other applicable privilege.

In addition, Koch objects to this Request to the extent it purports to seek documents and information related to bid rigging claims or allegations. Pursuant to the Court's September 22, 2020 Order, bid-rigging allegations and any corresponding discovery are stayed. (Dkt. 3835 ("Discovery into bid-rigging is closed until the supply reduction and Georgia Dock claims are resolved.").)

Furthermore, Koch objects to this Request because it seeks information that is equally available to Restaurant DAPs. Specifically, this request seeks "All Documents reflecting Communications between [Koch] and Restaurant DAPs" related to Broiler supply. Given that this Request seeks communications involving Restaurant DAPs, the requested documents are equally available to Restaurant DAPs.

Koch objects to this Request as untimely, and, in light of the current posture of the case, unreasonable and disproportionate to the case's needs. This litigation began on September 2, 2016. In the almost four-and-a-half years since, Defendants and Plaintiffs have engaged in extensive negotiations regarding document productions, custodians, and search terms relevant to Defendants' Broiler supply and pricing. Indeed, as this Court has already recognized, "the parties reached detailed agreements regarding the scope of relevance, most notably with respect to time

7

period, custodians, and search terms, and have been litigating pursuant to those agreements for years.  (Dkt. 3520, Order at 5.)  And, as a result of those agreements, Defendants have performed exhaustive searches and produced more than 8 million documents relating to those subjects.  (*Id.* at 6.)  Those documents are available to all Plaintiffs, including the late-filing Restaurant DAPs, who waited until this incredibly late juncture to file suit.

Koch further objects that this Request overlaps with previous discovery requests for which the parties have already agreed upon offers of production of documents responsive to the Request within the agreed and Court-ordered relevant time period for discovery.  These requests include, but are not limited to:

- All Plaintiffs' First Set of Requests for Production of Documents to All Defendants, Request 23, which sought "All Documents relating to Competitive Conditions in the market for Broilers," with "Competitive Conditions" defined to include "Broiler Supply Factors."  (Dkt. 3532-4 at 3, 17.)

Koch has already fulfilled its production obligations with respect to this request consistent with the parties' agreements and the Court's orders in this matter.

Subject to and without waiving these or its general objections, Koch declines to undertake any further collection, review, or production in response to this Request.

## REQUEST FOR PRODUCTION NO. 4:

All Documents reflecting contract negotiations and contractual terms for sales of Broiler chicken by Defendants to Restaurant DAPs.

### RESPONSE:

Koch objects to this Request as an improper attempt to expand the Relevant Time Period beyond January 1, 2007-September 2, 2016.  As the Court's December 22, 2017 Order states, "[T]he parties have agreed that, as a general matter, the appropriate time period for discovery in this case is January 1, 2007 through September 2, 2016."  (Dkt. 580 at 3 (citing Dkt. 459 at 12).)

Restaurant DAPs' Request seeks documents from January 1, 2008-January 1, 2019, which is beyond the scope of the agreed and Court-ordered relevant time period.

Koch further objects to this Request, which seeks "All Documents reflecting contract negotiations and contractual terms for sales of Broiler chicken by Defendants to Restaurant DAPs" from January 1, 2008 to January 1, 2019, as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of this case. Koch further objects to the phrases "reflecting contract negotiations" and "contractual terms" as vague and ambiguous. Koch objects to this Request to the extent it seeks information relating to issues beyond the scope of this litigation and, thus, that is irrelevant. Koch also objects to this Request to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege, work-product doctrine, or other applicable privilege.

In addition, Koch objects to this Request to the extent it purports to seek documents and information related to bid rigging claims or allegations. Pursuant to the Court's September 22, 2020 Order, bid-rigging allegations and any corresponding discovery are stayed. (Dkt. 3835 ("Discovery into bid-rigging is closed until the supply reduction and Georgia Dock claims are resolved.").)

Furthermore, Koch objects to this Request because it seeks information that is equally available to Restaurant DAPs. Specifically, this Request seeks "All Documents reflecting contract negotiations and contractual terms for sales of Broiler chicken by Defendants to Restaurant DAPs." Given that the Restaurant DAPs were a part of both the negotiations and the contracts that underlie this Request, the requested documents are equally available to Restaurant DAPs.

Koch objects to this Request as untimely, and, in light of the current posture of the case, unreasonable and disproportionate to the case's needs. This litigation began on September 2, 2016.

In the almost four-and-a-half years since, Defendants and Plaintiffs have engaged in extensive negotiations regarding document productions, custodians, and search terms relevant to Defendants' Broiler supply and pricing. Indeed, as this Court has already recognized, "the parties reached detailed agreements regarding the scope of relevance, most notably with respect to time period, custodians, and search terms," and have been litigating pursuant to those agreements for years. (Dkt. 3520, Order at 5.) And, as a result of those agreements, Defendants then performed exhaustive searches and produced more than 8 million documents relating to those subjects. (*Id.* at 6.) Those documents are available to all Plaintiffs, including the late-filing Restaurant DAPs, who waited until this incredibly late juncture to file suit.

Koch further objects that this Request overlaps with previous discovery requests for which the parties have already agreed upon offers of production of documents responsive to the Request within the agreed and Court-ordered relevant time period for discovery. These requests include, but are not limited to:

- All Plaintiffs' First Set of Requests for Production of Documents to All Defendants, Request 40, which sought "Documents sufficient to show all forms of contracts and invoices, and any summaries of the terms (including duration, price protection, terms for price modification, surcharges, discounts, or rebates) for the sale of Broilers in the U.S. to Your customers." (Dkt. 3532-4 at 21.)

- All Plaintiffs' First Set of Requests for Production of Documents to All Defendants, Request 41, which sought "Your Structured Data sufficient to summarize the pricing provisions of Your customers' Broiler contracts or purchases, including any changes to those provisions over time and the Broiler price index to which such prices are tied." (*Id.*)

- All Plaintiffs' First Set of Requests for Production of Documents to All Defendants, Request 42, which sought All Documents relating to any decision to change the pricing terms for Your customers' contracts for Broilers, including any analyses regarding changes from fixed price to adjustable price provisions." (*Id.*)

Koch has already fulfilled its production obligations with respect to these requests consistent with the parties' agreements and the Court's orders in this matter.

Subject to and without waiving these and its general objections, Koch declines to undertake any further collection, review, or production in response to this Request.

## REQUEST FOR PRODUCTION NO. 5:

All Documents reflecting Communications between You and Restaurant DAPs regarding contract negotiations and contractual terms for sales of Broiler chiecken by Defendants to Restaurant DAPs.

### RESPONSE:

Koch objects to this Request as an improper attempt to expand the Relevant Time Period beyond January 1, 2007-September 2, 2016. As the Court's December 22, 2017 Order states, "[T]he parties have agreed that, as a general matter, the appropriate time period for discovery in this case is January 1, 2007 through September 2, 2016." (Dkt. 580 at 3 (citing Dkt. 459 at 12).) Restaurant DAPs' Request seeks documents from January 1, 2008-January 1, 2019, which is beyond the scope of the agreed and Court-ordered relevant time period.

Koch further objects to this Request, which seeks "All Documents reflecting Communications between You and Restaurant DAPs regarding contract negotiation and contractual terms for sales of Broiler chicken" from January 1, 2008 to January 1, 2019, as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of this case. Koch further objects to the phrases "reflecting Communications," "regarding contract negotiations," and "contractual terms" as vague and ambiguous. Koch objects to this Request to the extent it seeks information relating to issues beyond the scope of this litigation and, thus, that is irrelevant. Koch also objects to this Request to the extent that it seeks production of documents that are protected from disclosure by the attorney-client privilege, work-product doctrine, or other applicable privilege.

In addition, Koch objects to this Request to the extent it purports to seek documents and information related to bid rigging claims or allegations. Pursuant to the Court's September 22,

2020 Order, bid-rigging allegations and any corresponding discovery are stayed. (Dkt. 3835 ("Discovery into bid-rigging is closed until the supply reduction and Georgia Dock claims are resolved.").)

Furthermore, Koch objects to this Request because it seeks information that is equally available to Restaurant DAPs. Specifically, this Request seeks "All Documents reflecting Communications between You and Restaurant DAPs regarding contract negotiations and contractual terms for sales of Broiler chicken by Defendants to Restaurant DAPs." Given that the Restaurant DAPs were a part of the communications, negotiations, and contracts that underlie this Request, the requested documents are equally available to Restaurant DAPs.

Koch objects to this Request as untimely, and, in light of the current posture of the case, unreasonable and disproportionate to the case's needs. This litigation began on September 2, 2016. In the almost four-and-a-half years since, Defendants and Plaintiffs have engaged in extensive negotiations regarding document productions, custodians, and search terms relevant to Defendants' Broiler supply and pricing. Indeed, as this Court has already recognized, "the parties reached detailed agreements regarding the scope of relevance, most notably with respect to time period, custodians, and search terms," and have been litigating pursuant to those agreements for years. (Dkt. 3520, Order at 5.) And, as a result of those agreements, Defendants then performed exhaustive searches and produced more than 8 million documents relating to those subjects. (*Id.* at 6.) Those documents are available to all Plaintiffs, including the late-filing Restaurant DAPs, who waited until this incredibly late juncture to file suit.

Koch further objects that this Request is duplicative of Restaurant DAP Request 4. Moreover, this Request overlaps with previous discovery requests for which the parties have already agreed upon offers of production of documents responsive to the Request within the agreed

and Court-ordered relevant time period for discovery. These requests include, but are not limited to:

- All Plaintiffs' First Set of Requests for Production of Documents to All Defendants, Request 40, which sought "Documents sufficient to show all forms of contracts and invoices, and any summaries of the terms (including duration, price protection, terms for price modification, surcharges, discounts, or rebates) for the sale of Broilers in the U.S. to Your customers." (Dkt. 3532-4 at 21.)

- All Plaintiffs' First Set of Requests for Production of Documents to All Defendants, Request 41, which sought "Your Structured Data sufficient to summarize the pricing provisions of Your customers' Broiler contracts or purchases, including any changes to those provisions over time and the Broiler price index to which such prices are tied." (*Id.*)

- All Plaintiffs' First Set of Requests for Production of Documents to All Defendants, Request 42, which sought All Documents relating to any decision to change the pricing terms for Your customers' contracts for Broilers, including any analyses regarding changes from fixed price to adjustable price provisions." (*Id.*)

Koch has already fulfilled its production obligations with respect to these requests consistent with the parties' agreements and the Court's orders in this matter. Subject to and without waiving these or its general objections, Koch declines to undertake any further collection, review, or production in response to this Request.

13

Dated: February 16, 2021

Respectfully submitted,

KOCH FOODS INCORPORATED, JCG FOODS
OF ALABAMA LLC, JCG FOODS OF GEORGIA
LLC, AND KOCH MEAT CO., INC.

Stephen Novack
*snovack@novackmacey.com*
Stephen J. Siegel
*ssiegel@novackmacey.com*
Christopher S. Moore
*cmoore@novackmacey.com*
Elizabeth C. Wolicki
*ewolicki@novackmacey.com*
Brian E. Cohen
*bcohen@novackmacey.com*
Julie Johnston-Ahlen
*jja@novackmacey.com*
Novack and Macey LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900
#1273180

By: ___/s/  Brian E. Cohen_____
            One of Their Attorneys

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that he served a copy of the foregoing ***Koch's Objections and Responses to Restaurant Direct Action Plaintiffs' Requests for Production of Documents to Certain Producer Defendants*** upon counsel listed below by causing a true and correct copy thereof to be delivered by email on February 16, 2021.

*/s/ Brian E. Cohen*

**PLAINTIFFS' COUNSEL**

| Class | Contact | E-mail |
|---|---|---|
| **DPPs** | W. Joseph Bruckner | wjbruckner@locklaw.com |
| | Brian D. Clark | bdclark@locklaw.com |
| | Simeon A. Morbey | samorbey@locklaw.com |
| | Elizabeth M. Sipe | emsipe@locklaw.com |
| | Bruce L. Simon | bsimon@pswlaw.com |
| | Daniel L. Warshaw | dwarshaw@pswlaw.com |
| | Neil Swartzberg | nswartzberg@pswlaw.com |
| | Clifford H. Pearson | cpearson@pswlaw.com |
| | Michael H. Pearson | mpearson@pswlaw.com |
| | Bobby Pouya | bpouya@pswlaw.com |
| | Thomas Nolan | tnolan@pswlaw.com |
| | Ellowene Grant | egrant@pswlaw.com |
| | Steven Hart | shart@hmelegal.com |
| | Brian Eldridge | beldridge@hmelegal.com |
| | Kyle Pozan | kpozan@hmelegal.com |
| | John Marrese | jmarrese@hmelegal.com |
| **CIIPPs** | Daniel E. Gustafson | dgustafson@gustafsongluek.com |
| | Daniel C. Hedlund | dhedlund@gustafsongluek.com |
| | Michelle J. Looby | mlooby@gustafsongluek.com |
| | Joshua R. Rissman | jrissman@gustafsongluek.com |
| | Brittany N. Resch | bresch@gustafsongluek.com |
| | Jamie L. Holzer | jholzer@gustafsongluek.com |
| | Ling Wang | lwang@gustafsongluek.com |
| | Joseph W. Cotchett | jcotchett@cpmlegal.com |
| | Adam J. Zapala | azapala@cpmlegal.com |
| | Tamarah P. Prevost | tprevost@cpmlegal.com |
| | Alex Barnett | abarnett@cpmlegal.com |
| | Jaclyn Verducci | jverducci@cpmlegal.com |
| | Carlo Lipson | clipson@cpmlegal.com |
| | Michael Caylao | mcaylao@cpmlegal.com |
| | Joseph Alioto, Jr. | jalioto@cpmlegal.com |
| | Samantha Fong | sfong@cpmlegal.com |
| | James Dallal | jdallal@cpmlegal.com |
| | Kenneth A. Wexler | kaw@wexlerwallace.com |
| | Edward A. Wallace | eaw@wexlerwallace.com |
| | Michelle Perkovic | mp@wexlerwallace.com |
| | Melinda Morales | mjm@wexlerwallace.com |
| **EUCPs** | Steve W. Berman | steve@hbsslaw.com |

| | Jason Zweig | jasonz@hbsslaw.com |
|---|---|---|
| | Rio Pierce | riop@hbsslaw.com |
| | Shana Scarlett | shanas@hbsslaw.com |
| | Kit A. Pierson | kpierson@cohenmilstein.com |
| | Brent W. Johnson | bjohnson@cohenmilstein.com |
| | Carol V. Gilden | cgilden@cohenmilstein.com |
| | Daniel H. Silverman | dsilverman@cohenmilstein.com |
| | Alison Deich | adeich@cohenmilstein.com |
| | Benjamin Brown | bbrown@cohenmilstein.com |
| | Breanna Van Engelen | breannav@hbsslaw.com |
| | Ben Siegel | bens@hbsslaw.com |
| **Direct Action Plaintiffs Affiliated Foods, ALEX LEE, INC., MERCHANTS DISTRIBUTORS, LLC, ASSOCIATED GROCERS OF NEW ENGLAND, INC., BIG Y FOODS, INC., FAREWAY STORES, INC., PIGGLY WIGGLY ALABAMA DISTRIBUTING CO., INC. and WOODMAN'S FOOD MARKET, INC.** | Eric R. Lifvendahl | elifvendahl@lgcounsel.com |
| | Robert N. Kaplan | rkaplan@kaplanfox.com |
| | Matthew P. McCahill | mmccahill@kaplanfox.com |
| | Johnny K. Merritt | jmerritt@legalstrategy.com |
| | Richard L. Coffman | rcoffman@coffmanlawfirm.com |
| | Solomon B. Cera | scera@cerallp.com |
| | Jeffrey P. Campisi | jcampisi@kaplanfox.com |
| | Mandrika Moonsammy | mmoonsammy@kaplanfox.com |
| | Elizabeth Black | eblack@hsblawfirm.com |
| | Mary Eldridge | meldridge@hsblawfirm.com |
| | C. Andrew Dirksen | cdirksen@cerallp.com |

| | | |
|---|---|---|
| **Direct Action Plaintiffs Winn-Dixie Stores & Bi-Lo Holdings** | Patrick J. Ahern | patrick.ahern@ahernandassociatespc.com |
| | Theodore B. Bell | theo.bell@ahernandassociatespc.com |
| | Liana Alston | liana.alston@ahernandassociatespc.com |
| **Direct Action Plaintiff Sysco Corporation** | Scott E. Gant | sgant@bsfllp.com |
| | Jonathan M. Shaw | jshaw@bsfllp.com |
| | Colleen Harrison | charrison@bsfllp.com |
| | Sarah Jones | sjones@bsfllp.com |
| | Simon Leen | sleen@bsfllp.com |
| | Ryan McAllister | rmcallister@BSFLLP.com |
| **Direct Action Plaintiff US Foods, Inc.** | Scott E. Gant | sgant@bsfllp.com |
| | Jonathan M. Shaw | jshaw@bsfllp.com |
| | Colleen Harrison | charrison@bsfllp.com |
| | Sarah Jones | sjones@bsfllp.com |
| | Simon Leen | sleen@bsfllp.com |
| | Ryan McAllister | rmcallister@BSFLLP.com |
| **Direct Action Plaintiffs Campbell Soup Company; Campbell Soup Supply Company, L.L.C.; Pacific Foods of Oregon** | Scott E. Gant | sgant@bsfllp.com |
| | Jonathan M. Shaw | jshaw@bsfllp.com |
| | Colleen Harrison | charrison@bsfllp.com |
| | Sarah Jones | sjones@bsfllp.com |
| | Simon Leen | sleen@bsfllp.com |
| | Ryan McAllister | rmcallister@BSFLLP.com |
| **Direct Action Plaintiff Target Corporation** | Scott E. Gant | sgant@bsfllp.com |
| | Jonathan M. Shaw | jshaw@bsfllp.com |
| | Colleen Harrison | charrison@bsfllp.com |
| | Sarah Jones | sjones@bsfllp.com |
| | Simon Leen | sleen@bsfllp.com |
| | Ryan McAllister | rmcallister@BSFLLP.com |

| | | |
|---|---|---|
| **Direct Action Plaintiffs John Soules Foods, Inc., John Soules Acqusitions LLC** | Scott E. Gant | sgant@bsfllp.com |
| | Jonathan M. Shaw | jshaw@bsfllp.com |
| | Colleen Harrison | charrison@bsfllp.com |
| | Sarah Jones | sjones@bsfllp.com |
| | Simon Leen | sleen@bsfllp.com |
| | Ryan McAllister | rmcallister@BSFLLP.com |
| **Direct Action Plaintiffs The Kroger Co., Hy-Vee Inc., & Albertsons Companies Inc.** | Bill Blechman | wjb@knpa.com |
| | Doug Patton | dpatton@knpa.com |
| | Sam Randall | srandall@knpa.com |
| | Brandon Floch | bfloch@knpa.com |
| **Direct Action Plaintiffs Associated Grocers of the South, Inc.; Meijer, Inc.; Meijer Distribution, Inc.; OSI Restaurant Partners, LLC; Publix Super Markets, Inc.; Supervalu Inc.; & Wakefern Food Corp.** | Paul Slater | PES@Sperling-law.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | David Germaine | dgermaine@sperling-law.com |
| | John Bjork | jbjork@sperling-law.com |
| | Martin Amaro | MAmaro@sperling-law.com |
| | Phil Cramer | pcramer@srvhlaw.com |
| | Ryan Holt | RHolt@srvhlaw.com |
| | Stacie Beishuizen | sbeishuizen@srvhlaw.com |
| | Jerry Santangelo | jsantangelo@sperling-law.com |
| **Direct Action Plaintiff Jetro Holdings, LLC** | Philip J. Iovieno | philip.iovieno@cwt.com |

| | | |
|---|---|---|
| | Anne M. Nardacci | anardacci@bsfllp.com |
| | Mark A. Singer | mark.singer@cwt.com |
| | Nicholas A. Gravante, Jr. | nick.gravante@cwt.com |
| **Direct Action Plaintiffs Ahold Delhaize USA, Inc.; Aldi, Inc.; Chick-fil-A, Inc.** | Ryan Phair | rphair@huntonak.com |
| | Jack Martin | martinj@huntonak.com |
| | Craig Lee | craiglee@huntonak.com |
| | Matthew Calvert | mcalvert@huntonak.com |
| | Neil Gilman | ngilman@huntonak.com |
| | Emily Bolles | ebolles@huntonak.com |
| | Chris Brewer | brewerc@huntonak.com |
| | Meredith Malcolm | mmalcolm@huntonak.com |
| | Julie Porter | porter@spplawyers.com |
| **Direct Action Plaintiff BJ's Warehouse Club, Inc.** | Philip J. Iovieno | philip.iovieno@cwt.com |
| | Anne M. Nardacci | anardacci@bsfllp.com |
| | Mark A. Singer | mark.singer@cwt.com |
| | Nicholas A. Gravante, Jr. | nick.gravante@cwt.com |
| **Direct Action Plaintiff Maximum Quality Foods, Inc.** | Philip J. Iovieno | philip.iovieno@cwt.com |
| | Anne M. Nardacci | anardacci@bsfllp.com |
| | Mark A. Singer | mark.singer@cwt.com |
| | Nicholas A. Gravante, Jr. | nick.gravante@cwt.com |
| **Direct Action Plaintiff PJ Food Service, Inc.** | Philip J. Iovieno | philip.iovieno@cwt.com |
| | Anne M. Nardacci | anardacci@bsfllp.com |
| | Mark A. Singer | mark.singer@cwt.com |
| | Nicholas A. Gravante, Jr. | nick.gravante@cwt.com |
| **Direct Action Plaintiff Hooters of America, LLC** | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |

|  | Scott Menger | SMenger@carltonfields.com |
|---|---|---|
|  | Garth Yearick | gyearick@carltonfields.com |
|  | Joseph Vanek | jvanek@sperling-law.com |
|  | Michael Dickler | mdickler@sperling-law.com |
| **Direct Action Plaintiffs ANAHEIM WINGS, LLC, d/b/a Hooters of Anaheim; GASLAMP WINGS, LLC, previously d/b/a Hooters of San Diego; MISSION VALLEY WINGS, LLC, d/b/a Hooters of Mission Valley; OCEANSIDE WINGS, LLC, previously d/b/a Hooters of Oceanside; COSTA MESA WINGS, LLC, d/b/a Hooters of Costa Mesa; RANCHO BERNARDO WINGS, LLC, d/b/a Hooters of San Marcos; ONTARIO WINGS, LLC, d/b/a Hooters of Ontario; HOLLYWOOD WINGS, LLC, d/b/a Hooters of Hollywood; SOUTH GATE WINGS, LLC, d/b/a Hooters of South Gate; WINGS OVER LONG BEACH, LLC, d/b/a Hooters** | David Esau | desau@carltonfields.com |

| | | |
|---|---|---|
| **of Long Beach; BONITA PLAZA WINGS, LLC, d/b/a Hooters of Plaza Bonita; and DOWNTOWN WINGS, LLC, previously d/b/a Hooters of Downtown LA** | | |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| **Direct Action Plaintiffs RESTAURANTS OF AMERICA, INC; LTP MANAGEMENT GROUP, INC.; GIBSON, GRECO & WOOD, LTD.; and HOOTERS MANAGEMENT CORPORATION** | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |

| | | |
|---|---|---|
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| **Direct Action Plaintiffs Sherwood Food Distributors, L.L.C.; Harvest Meat Company, Inc.; Western Boxed Meat Distributors, Inc.; and Hamilton Meat, LLC** | Philip J. Iovieno | philip.iovieno@cwt.com |
| | Anne M. Nardacci | anardacci@bsfllp.com |
| | Mark A. Singer | mark.singer@cwt.com |
| | Nicholas A. Gravante, Jr. | nick.gravante@cwt.com |
| **Direct Action Plaintiff Darden Restaurants, Inc.** | Philip J. Iovieno | philip.iovieno@cwt.com |
| | Anne M. Nardacci | anardacci@bsfllp.com |
| | Mark A. Singer | mark.singer@cwt.com |
| | Nicholas A. Gravante, Jr. | nick.gravante@cwt.com |
| **Direct Action Plaintiff QUIRCH FOODS, LLC, f/k/a/ QUIRCH FOODS CO.** | Marvin A. Miller | mmiller@millerlawllc.com |
| | Matthew E. Van Tine | mvantine@millerlawllc.com |
| | Andrew Szot | aszot@millerlawllc.com |
| | Jay Shapiro | jshapiro@stearnsweaver.com |
| | Samuel Patmore | spatmore@stearnsweaver.com |
| | Carlos Canino | ccanino@stearnsweaver.com |
| | Abigail Corbett | acorbett@stearnsweaver.com |

| | | |
|---|---|---|
| **Direct Action Plaintiffs ACTION MEAT DISTRIBUTORS, INC., ASSOCIATED FOOD STORES, INC., BASHAS' INC., CERTCO, INC., DICARLO DISTRIBUTORS, INC., IRA HIGDON GROCERY COMPANY, INC., NICHOLAS & CO., INC., PACIFIC AGRI-PRODUCTS, INC., PACIFIC FOOD DISTRIBUTORS, INC., TROYER FOODS, INC., URM STORES, INC., and WEINSTEIN WHOLESALE MEATS, INC.** | Eric R. Lifvendahl | elifvendahl@lgcounsel.com |
| | Robert N. Kaplan | rkaplan@kaplanfox.com |
| | Matthew P. McCahill | mmccahill@kaplanfox.com |
| | Johnny K. Merritt | jmerritt@legalstrategy.com |
| | Richard L. Coffman | rcoffman@coffmanlawfirm.com |
| | Solomon B. Cera | scera@cerallp.com |
| | C. Andrew Dirksen | cdirksen@cerallp.com |
| **Direct Action Plaintiffs ASSOCIATED GROCERS, INC., BROOKSHIRE GROCERY COMPANY, And SCHNUCK MARKETS, INC.** | Eric R. Lifvendahl | elifvendahl@lgcounsel.com |
| | Robert N. Kaplan | rkaplan@kaplanfox.com |
| | Matthew P. McCahill | mmccahill@kaplanfox.com |

| | Johnny K. Merritt | jmerritt@legalstrategy.com |
|---|---|---|
| | Richard L. Coffman | rcoffman@coffmanlawfirm.com |
| | Solomon B. Cera | scera@cerallp.com |
| | C. Andrew Dirksen | cdirksen@cerallp.com |
| **Direct Action Plaintiffs HOWARD SAMUELS AS TRUSTEE IN BANKRUPTCY FOR CENTRAL GROCERS, INC., CBBC OPCO, LLC, d/b/a COLORADO BOXED BEEF and KING SOLOMON FOODS, INC.** | Eric R. Lifvendahl | elifvendahl@lgcounsel.com |
| | Robert N. Kaplan | rkaplan@kaplanfox.com |
| | Matthew P. McCahill | mmccahill@kaplanfox.com |
| | Johnny K. Merritt | jmerritt@legalstrategy.com |
| | Richard L. Coffman | rcoffman@coffmanlawfirm.com |
| | Solomon B. Cera | scera@cerallp.com |
| | C. Andrew Dirksen | cdirksen@cerallp.com |
| **Direct Action Plaintiff W. LEE FLOWERS & COMPANY, INC.** | Eric R. Lifvendahl | elifvendahl@lgcounsel.com |
| | Robert N. Kaplan | rkaplan@kaplanfox.com |
| | Matthew P. McCahill | mmccahill@kaplanfox.com |
| | Johnny K. Merritt | jmerritt@legalstrategy.com |
| | Richard L. Coffman | rcoffman@coffmanlawfirm.com |
| | Solomon B. Cera | scera@cerallp.com |
| | C. Andrew Dirksen | cdirksen@cerallp.com |
| | Manton Grier | mgrier@hsblawfirm.com |
| | Elizabeth Black | eblack@hsblawfirm.com |
| | Mary Eldridge | meldridge@hsblawfirm.com |
| **Direct Action Plaintiffs UNITED SUPERMARKETS, LLC; KRISPY KRUNCHY FOODS, LLC; and** | Joseph Vanek | jvanek@sperling-law.com |

| **CHENEY BROS., INC.** | | |
|---|---|---|
| | Michael Dickler | mdickler@sperling-law.com |
| | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Jana Eisinger | jeisinger@eisingerlawfirm.com |
| | Clay Taylor | Clay.Taylor@bondsellis.com |
| **Direct Action Plaintiffs Shamrock Foods Company and United Food Service, Inc.; Barbeque Integrated, Inc.; Bojangles' Restaurants, Inc. and Bojangles OPCO, LLC; Boston Market Corp.; Captain D's, LLC; Cracker Barrel Old Country Store, Inc. and CBOCS Distribution, Inc.; FIC Restaurants, Inc.; Golden Corral Corp.; The Johnny Rockets Group, Inc.; White Castle Purchasing Co.; WZ Franchise Corp.; Zaxby's Franchising LLC** | Robert Turken | rturken@bilzin.com |
| | Scott Wagner | swagner@bilzin.com |
| | Lori Lustrin | llustrin@bilzin.com |

| | | |
|---|---|---|
| | Ilana Drescher | Idrescher@bilzin.com |
| | Shalia Sakona | ssakona@bilzin.com |
| | Ben Mitchel | bmitchel@bilzin.com |
| | Brianna Sainte | bsainte@bilzin.com |
| **Direct Action Plaintiffs CHECKERS DRIVE-IN RESTAURANTS, INC.** | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| **Direct Action Plaintiffs GIANT EAGLE** | Erin Allen | Allen@marcus-shapira.com |
| | Moira Cain-Mannix | Cain-Mannix@marcus-shapira.com |
| | Bernie Marcus | Marcus@marcus-shapira.com |
| **Direct Action Plaintiffs Conagra Brands, Inc. Pinnacle Foods, Inc., Kraft Heinz Foods Company, Nestlé USA, Inc. and Nestlé Purina PetCare Company** | David Eddy | deddy@theantitrustlawgroup.com |
| | Dennis Lynch | dlynch@theantitrustlawgroup.com |
| | Chase Keibler | ckeibler@theantitrustlawgroup.com |
| | Connie Steele | csteele@theantitrustlawgroup.com |
| **Direct Action Plaintiff Services Group of America, Inc.** | Greg Casas | casasg@gtlaw.com |
| | Dominic Draye | drayed@gtlaw.com |
| | Tom Dutton | duttont@gtlaw.com |
| | Erik Weber | weberer@gtlaw.com |
| | Zach Douglas | douglasz@gtlaw.com |

| | Cindy Reed | reedci@gtlaw.com |
|---|---|---|
| | Vanessa Pinkerton | pinkertonv@gtlaw.com |
| **Direct Action Plaintiff Walmart** | Shawn Rabin | srabin@SusmanGodfrey.com |
| | Ravi Bhalla | rbhalla@susmangodfrey.com |
| | Ryan Caughey | rcaughey@susmangodfrey.com |
| | Steven Shepard | SShepard@susmangodfrey.com |
| | Leize Nand | LNand@susmangodfrey.com |
| | Rodney Polanco | rpolanco@susmangodfrey.com |
| **Direct Action Plaintiffs Amigos Meat Distributors, LP; Amigos Meat & Poultry, LLC; Amigos Meat Distributors East, LP; and Amigos Meat Distributors West, LP** | Peter Taaffe | ptaaffe@txattorneys.com |
| | Jason Willis | jwillis@txattorneys.com |
| | Obed De La Cruz | obed@mdlcfirm.com |
| | Spencer Markle | spencer@mdlcfirm.com |
| **Direct Action Plaintiff Commonwealth of Puerto Rico** | Johan M. Rosa Rodriguez | jorosa@justicia.pr.gov |
| | Todd Schneider | tschneider@schneiderwallace.com |
| | Kyle Bates | kbates@schneiderwallace.com |
| | Peter Schneider | pschneider@schneiderwallace.com |
| | Michael Mulder | mmulder@mmulderlaw.com |
| | Elena Liveris | eliveris@mmulderlaw.com |
| **Direct Action Plaintiff El Pollo Loco, Inc.** | Judith Zahid | JZahid@zelle.com |
| | Eric Buetzow | ebuetzow@zelle.com |
| | James Dugan | jdugan@zelle.com |
| **Direct Action Plaintiff Associated Wholesale Grocers, Inc.** | Daniel Owen | dowen@polsinelli.com |
| | Amy Fitts | afitts@polsinelli.com |
| | Gabe Zorogastua | gzorogastua@polsinelli.com |
| | Kim Murray | kmurray@polsinelli.com |

| | | |
|---|---|---|
| **Direct Action Plaintiffs McLane Company, Inc.; McLane/Mid-Atlantic, Inc.; McLane/Midwest, Inc.; McLane Minnesota, Inc.; McLane New Jersey, Inc.; McLane/Eastern, Inc.; McLane/Suneast, Inc.; McLane Ohio, Inc.; McLane/Southern, Inc.; McLane/Western, Inc.; McLane Express, Inc.; Kinexo, Inc.; McLane Foodservice Distribution, Inc., McLane Foodservice, Inc.** | Kathryn Reilly | reilly@wtotrial.com |
| | Judith Youngman | youngman@wtotrial.com |
| | Camille Papini-Chapla | papinichapla@wtotrial.com |
| | Adam Hachikian | ahachikian@foxswibel.com |
| **Direct Action Plaintiff Bob Evans Farms, Inc.** | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| **Direct Action Plaintiff The Fresh Market, Inc.** | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |

| | Amanda Jesteadt | ajesteadt@carltonfields.com |
|---|---|---|
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| **Direct Action Plaintiff Wawa, Inc.** | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| **Direct Action Plaintiff Restaurant Services, Inc.** | David Esau | desau@carltonfields.com |
| | Kristin Gore | kgore@carltonfields.com |
| | Amanda Jesteadt | ajesteadt@carltonfields.com |
| | Stephen Cohen | scohen@carltonfields.com |
| | Casey McGowan | CMcGowan@carltonfields.com |
| | Amy Bowers | ABowers@carltonfields.com |
| | Scott Menger | SMenger@carltonfields.com |
| | Garth Yearick | gyearick@carltonfields.com |
| | Roger Kobert | rkobert@carltonfields.com |
| | Joseph Vanek | jvanek@sperling-law.com |
| | Michael Dickler | mdickler@sperling-law.com |
| **Direct Action Plaintiffs L. Hart Inc.; R & D Marketing LLC; Timber Lake Foods Inc.; EMA Foods Co., LLC; and Red Bird** | Paul J. Ripp | pjr@willmont.com |

| | | |
|---|---|---|
| **Farms Distribution Company** | | |
| | Charles E. Tompkins | cet@willmont.com |
| | Evan P. Boyle | epb@willmont.com |
| | W. Lawrence Deas | lawrence@listondeas.com |
| | Michael Gratz, Jr. | michael@gratzandgratz.com |
| **USDOJ** | Heather Call | Heather.Call@usdoj.gov |
| | Michael Koenig | Michael.Koenig@usdoj.gov |
| | George Baranko | George.Baranko@usdoj.gov |
| | Frederick Levenson | Frederick.Levenson@usdoj.gov |
| | Carolyn Sweeney | Carolyn.Sweeney@usdoj.gov |
| | Paul Torzilli | Paul.Torzilli@usdoj.gov |
| | | |
| **Direct Action Plaintiffs Carl Buddig & Co., Inc.; and Caesars Enterprise Services, LLC** | Floyd A Mandell | floyd.mandell@katten.com |
| | Jeffrey A. Wakolbinger | jeffrey.wakolbinger@katten.com |
| | Yonaton M. Rosenzweig | yoni.rosenzweig@katten.com |
| | Catherine E. O'Brien | catherine.obrien@katten.com |

**DEFENDANTS' COUNSEL**

| Defendant | Contact | E-mail |
|---|---|---|
| **Agri Stats** | William Monts | william.monts@hoganlovells.com |
| | Justin Bernick | justin.bernick@hoganlovells.com |
| | Jacob Koering | koering@millercanfield.com |
| | Kimberly Rancour | kimberly.rancour@hoganlovells.com |
| | Liam Phibbs | liam.phibbs@hoganlovells.com |
| | Olga Fleysh | olga.fleysh@hoganlovells.com |
| **Claxton Poultry Farms** | Charles C. Murphy, Jr. | cmurphy@vaughanandmurphy.com |
| | Jim Herbison | JHerbison@winston.com |
| | Michael P. Mayer | mmayer@winston.com |
| | Greg Wilkowski | gwilkowski@winston.com |
| | Tom Neuner | Tneuner@winston.com |
| **Fieldale Farms** | Parker Miller | parker.miller@alston.com |
| | Valarie Williams | Valarie.Williams@alston.com |

|  | Max Marks | Max.Marks@alston.com |
|---|---|---|
|  | Jeff Hannah | Jeff.Hannah@alston.com |
|  | Doug Cunningham | Doug.Cunningham@alston.com |
|  | Brent Hatcher | bhatcher@sgwmfirm.com |
| **Foster Farms** | Carmine Zarlenga | czarlenga@mayerbrown.com |
|  | Oral Pottinger | opottinger@mayerbrown.com |
|  | William Stallings | Wstallings@mayerbrown.com |
|  | Steve Medlock | smedlock@mayerbrown.com |
|  | Sasha Keck | skeck@mayerbrown.com |
|  | Ankur Mandhania | Amandhania@mayerbrown.com |
|  | Kate Monks | KMonks@mayerbrown.com |
|  | Peter Bennett | PBennett@mayerbrown.com |
| **George's** | William Greene | William.greene@stinson.com |
|  | KC Tucker | kc.tucker@lawgroupnwa.com |
|  | John C. Martin | jmartin@sfgh.com |
|  | Kristy Elizabeth Boehler | kristy.boehler@lawgroupnwa.com |
|  | Zachary H Hemenway | zachary.hemenway@stinson.com |
|  | Nicci Warr | nicci.warr@stinson.com |
|  | Kevin Kitchen | kevin.kitchen@stinson.com |
|  | Gary Weeks | gary.weeks@lawgroupnwa.com |
|  | Pete Schwingler | peter.schwingler@stinson.com |
| **Harrison Poultry** | Patricia A. Gorham | patriciagorham@eversheds-sutherland.com |
|  | James R. McGibbon | jimmcgibbon@eversheds-sutherland.com |
|  | Ronald Balfour | rbalfour@salawus.com |
|  | Kaitlin Carreno | KaitlinCarreno@eversheds-sutherland.us |
|  | Dylan de Fouw | DylandeFouw@eversheds-sutherland.us |
|  | Peter Szeremeta | PeterSzeremeta@eversheds-sutherland.us |
|  | Lucy Dalton | LucyDalton@eversheds-sutherland.us |
| **House of Raeford Farms** | Gregory Wrobel | gwrobel@vedderprice.com |
|  | Henry Jones | hjones@jordanprice.com |
| **Koch Foods** | Stephen Novack | snovack@novackmacey.com |
|  | Stephen Siegel | SSiegel@novackmacey.com |
|  | Christopher Moore | CMoore@novackmacey.com |
|  | Julie A. Johnston-Ahlen | jja@novackmacey.com |
|  | Brian Cohen | bcohen@novackmacey.com |
|  | Marie Lim | mlim@novackmacey.com |

|  | Elizabeth Wolicki | ewolicki@novackmacey.com |
|---|---|---|
| **Mar-Jac Poultry** | Ed Konieczny | ed@koniecznylaw.com |
|  | David Newman | dnewman@sgrlaw.com |
|  | Parker Sanders | psanders@sgrlaw.com |
|  | Mark Cline | mcline@sgrlaw.com |
|  | John Pennington | jpennington@sgrlaw.com |
|  | Amy Buice | abuice@sgrlaw.com |
| **Mountaire Farms** | Bourgon Reynolds | breynolds@roselawfirm.com |
|  | Andrew Rittenhouse | arittenhouse@roselawfirm.com |
|  | Adam Hopkins | ahopkins@roselawfirm.com |
|  | Amanda Wofford | awofford@roselawfirm.com |
|  | John Treece | jtreece@jwtreece.com |
|  | Joe Hall | jhall@roselawfirm.com |
|  | Ramona Beritiech | rberitiech@roselawfirm.com |
|  | Ryan Smith | rsmith@roselawfirm.com |
| **OK Foods** | James Sulentic | james.sulentic@kutakrock.com |
|  | John Passarelli | john.passarelli@kutakrock.com |
|  | J.R. Carroll | jr.carroll@kutakrock.com |
|  | Jeffrey Fletcher | jeffrey.fletcher@kutakrock.com |
|  | Kimberly Hare | kimberly.hare@kutakrock.com |
|  | Stephen Dacus | stephen.dacus@kutakrock.com |
| **Peco Foods** | Boris Bersheteyn | Boris.Bershteyn@skadden.com |
|  | Patrick Fitzgerald | Patrick.Fitzgerald@skadden.com |
|  | Lara Flath | lara.flath@skadden.com |
|  | Peter Cheun | peter.cheun@skadden.com |
|  | Gail Lee | Gail.Lee@skadden.com |
| **Perdue** | Leonard Gordon | lgordon@Venable.com |
|  | Andrew Hernacki | ATHernacki@Venable.com |
|  | Doug Baldridge | JBaldridge@Venable.com |
|  | Lisa Jose Fales | ljfales@venable.com |
|  | Robert Davis | RPDavis@Venable.com |
|  | Benjamin Argyle | bpargyle@Venable.com |
|  | Zak Varshovi | ZKVarshovi@Venable.com |
|  | Andrew Dickson | ABDickson@Venable.com |
|  | Thomasina Abraham | TDAbraham@Venable.com |
|  | Danielle Foley | DRFoley@Venable.com |
| **Pilgrim's Pride** | Clayton Bailey | cbailey@baileybrauer.com |
|  | Carrie Mahan | carrie.mahan@weil.com |
|  | Service | PilgrimsPride.Service@weil.com |
|  | Michael McCluggage | mmccluggage@EimerStahl.com |
| **Sanderson Farms** | Daniel Laytin | daniel.laytin@kirkland.com |

|  | Christa Cottrell | christa.cottrell@kirkland.com |
|---|---|---|
|  | Martin Roth | rothm@kirkland.com |
|  | Stacy Pepper | stacy.pepper@kirkland.com |
|  | Jessica Giulitto | jessica.giulitto@kirkland.com |
|  | Kathleen Cawley | kcawley@kirkland.com |
|  | Kyle Casey | kyle.casey@kirkland.com |
|  | Rachel Haig | rachel.haig@kirkland.com |
|  | Tucker Hunter | tucker.hunter@kirkland.com |
|  | Jenna Stupar | jenna.stupar@kirkland.com |
|  | Amelia Bailey | amelia.bailey@kirkland.com |
|  | Barry Frett | barry.frett@kirkland.com |
|  | Kate Guilfoyle | kate.guilfoyle@kirkland.com |
|  | Anne Hudson | anne.hudson@kirkland.com |
|  | Camil Sanchez Palumbo | camil.sanchezpalumbo@kirkland.com |
|  | Sarah Brodwolf | sarah.brodwolf@kirkland.com |
|  | Joe Schroeder | joseph.schroeder@kirkland.com |
|  | Melissa Chambers | melissa.chambers@kirkland.com |
|  | Stephen Rees | stephen.rees@kirkland.com |
|  | Kathleen Murray | kathleen.murray@kirkland.com |
|  | Bailey Ellis | bailey.ellis@kirkland.com |
|  | Emma Nelson | emma.nelson@kirkland.com |
| **Simmons Foods** | Lynn Murray | lhmurray@shb.com |
|  | Laurie Novion | lnovion@shb.com |
|  | Riley Mendoza | rmendoza@shb.com |
|  | Mia Fleming | mkfleming@shb.com |
|  | John Elrod | jelrod@cwlaw.com |
|  | Peter O'Neill | pfoneill@shb.com |
|  | Vicki Bronson | vbronson@cwlaw.com |
| **Tyson** | Rachel Adcox | radcox@axinn.com |
|  | Nicholas Gaglio | ngaglio@axinn.com |
|  | Kenina Lee | klee@axinn.com |
|  | John Tanski | jtanski@axinn.com |
|  | Jarod Taylor | jtaylor@axinn.com |
|  | Daniel Oakes | doakes@axinn.com |
|  | Michael O'Mara | momara@axinn.com |
|  | Brooke Oppenheimer | boppenheimer@axinn.com |
|  | Kail Jethmalani | kjethmalani@axinn.com |
|  | Jordan Tank | jmt@lipelyons.com |
|  | Denise Plunkett | dplunkett@axinn.com |
|  | Brandon Boxbaum | bboxbaum@axinn.com |
| **Wayne Farms** | Christopher Ondeck | condeck@proskauer.com |

| | Rucha Desai | rdesai@proskauer.com |
|---|---|---|
| | Stephen Chuk | schuk@proskauer.com |
| **Case Foods** | Joe Carney | jdc@jdcarney.com |
| | Deborah Klar | dklar@dklarlaw.com |
| | Daniel Feeney | dfeeney@millershakman.com |
| | Thomas Staunton | tstaunton@millershakman.com |
| | Paul Binder | binderpl@yahoo.com |
| | Service | case@jdcarney.com |
| **Amick** | Howard Iwrey | HIwrey@dykema.com |
| | Dante Stella | dstella@dykema.com |
| | Cody Rockey | crockey@dykema.com |
| | Steven Gistenson | sgistenson@dykema.com |