# EXHIBIT D

*1055 Thomas Jefferson Street, NW*
*Suite 400*
*Washington, D.C. 20007*
*Tel: 202 263-4300*
*www.sgrlaw.com*

**SMITH, GAMBRELL & RUSSELL, LLP**
*Attorneys at Law*

*John P. Pennington*
*Direct Tel: 202-263-4360*
*Direct Fax: 202-263-4325*
*jpennington@sgrlaw.com*

February 5, 2021

**VIA EMAIL**
llustrin@bilzin.com

Lori Lustrin
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue
23rd Floor
Miami, FL 33131

Re:   *In re Broiler Chicken Antitrust Litigation, 16-cv-08637*

Dear Lori:

    I write on behalf of all Defendants[1] in response to your letter of January 19, 2021. Specifically, I respond to your request that Defendants search the files of the 24 custodians identified in your letter for documents responsive to the January 15, 2021 Restaurant DAPs' Requests for Production of Documents (the "Restaurant RFPs"). Although each Defendant will be serving formal responses to those RFPs in the normal course, we want to make clear that Defendants object to the Restaurant DAPs' request to add these 24 new custodians.

    First, it is clear from your letter that Restaurant DAPs seek to use these new custodians to back-door into discovery regarding the stayed bid-rigging allegations. As you know, on September 22, 2020, Judge Durkin stayed all bid-rigging claims and further ruled that "[d]iscovery into bid-rigging is closed until the supply reduction and Georgia Dock claims are resolved." (Dkt. 3835, Order at 6–7.) Contrary to this Order, you purport to seek to add these 24 custodians so that you can explore broadly the documents of individuals "who have interfaced with Restaurant DAPs regarding Restaurant DAPs' chicken purchases." Tellingly, you include

---

[1] Peco Foods Inc. ("Peco"), Amick Farms, LLC ("Amick"), George's, Inc. and George's Farms, Inc. ("George's"), join with respect to any DAP that has named Peco, Amick or George's as a defendant and continues to have unreleased claims and/or non-dismissed claims against those entities.



Atlanta | Austin | Jacksonville | London | Los Angeles | Miami | New York | Southampton | Washington, D.C.

Lori Lustrin
February 5, 2021
Page 2

in the list of proposed custodians three individuals who have been indicted by the DOJ. Defendants do not agree to your improper attempt to circumvent the Court's order staying such discovery.

Second, to the extent your request does not seek to discover information related to stayed bid-rigging allegations, it is untimely and well beyond the proportionality given where we are in this case. As you know, and as mentioned on our prior meet and confer, this case was filed on September 2, 2016. In the more than four years since, Defendants and Plaintiffs engaged in extensive negotiations regarding custodians and search terms relevant to their Broiler supply and pricing decisions. Indeed, in granting Defendants' Motion for a protective order on March 4, 2020, Judge Durkin explained that "the parties reached detailed agreements regarding the scope of relevance, most notably with respect to time period, custodians, and search terms. These agreements were entered as an order of the Court on August 15, 2017, *see* R. 459, meaning the parties have been conducting discovery according to the terms of those agreements for two and a half years." (Dkt. 3520, Order at 5). Defendants then performed exhaustive searches and produced more than 8 million documents, which the Court has characterized as "a massive number of documents" (*Id.* at 6), relating to those subjects. Those documents are available to all plaintiffs, including the late-filing Restaurant DAPs, who waited until the approach of the fact discovery deadline to file suit and then sought consolidation with the parties who had been litigating for years. With fewer than six months left in discovery, it is simply too late to re-litigate the list of custodians that all parties agreed to be relevant to broiler supply decisions.

Finally, most, if not all, of the information sought from the new custodians is already in your clients' possession. In the third paragraph of page two of your letter, you indicate that the list of additional Defendant custodians identifies individuals that supposedly communicated with the late-filing Restaurant DAPs. Since the new requests for production seek (1) pricing, explanations and presentations **provided to** the new Restaurant DAPs; (2) documents reflecting communications regarding pricing **between** Defendants and the new Restaurant DAPS; (3) documents reflecting communications **between** Defendants and the new Restaurant DAPs; (4) documents reflecting contract negotiations and contractual terms for sales by Defendants **to** Restaurant DAPs; and (5) documents reflecting communications **between** Defendants and Restaurant DAPs, any responsive documents that may be possessed by these individuals are likely already in the possession of the late-filing Restaurant DAPs.

Sincerely yours,

/s/John P. Pennington