# EXHIBIT E

| | |
|---|---|
| **From:** | Pepper, Stacy <stacy.pepper@kirkland.com> |
| **Sent:** | Thursday, March 11, 2021 3:55 PM |
| **To:** | Lori Lustrin; *jpennington@sgrlaw.com; *dfeeney@millershakman.com; *smedlock@mayerbrown.com |
| **Cc:** | Robert Turken; Scott N. Wagner |
| **Subject:** | RE: Stipulation-Restaurant DAP Track [IWOV-MIAMI.FID1447211] |

Lori,

I write on behalf of the Defendants. Your email below is inaccurate with respect to the parties' discussions to date, so let us begin by correcting the record. On January 15, 2021, 16 of the 139 DAPs in this case served five new discovery requests on the Defendants. Those DAPs were: Boston Market Corporation, Barbeque Integrated, Inc., FIC Restaurants, Inc., The Johnny Rockets Group, Inc., WZ Franchise Corp., Golden Corral Corp., White Castle Purchasing Co., Cracker Barrel Old Country Store, Inc. CBOCS Distribution, Inc., Captain D's LLC, Bojangles' Restaurant Inc., El Pollo Loco, Inc., Chick-fil-A Inc., Independent Purchasing Cooperative, Inc., Darden Restaurants Inc., PJ Food Service, Inc., and Pollo Operations, Inc.

On January 19, 2021, a subset of those DAPs -- Boston Market Corporation, Barbeque Integrated, Inc., FIC Restaurants, Inc., The Johnny Rockets Group, Inc., WZ Franchise Corp., Golden Corral Corp., White Castle Purchasing Co., Cracker Barrel Old Country Store, Inc., Bojangles' Restaurant Inc. -- also contacted Defendants to request to reopen custodian negotiations and add 24 new custodians to this case. (*See* 1/19/21 L. Lustrin Letter to J. Pennington.)

On February 5, 2021, Defendants declined to add any new custodians to this case. Defendants explained that the request to add custodians now appeared to be an end-run around the Court's September 22, 2020 order staying discovery as to bid-rigging claims (*see* Dkt. 3835). They further explained that, to the extent that these DAPs claimed this was not their aim, that the request to add 24 custodians purportedly related to supply reduction and Georgia Dock related claims at this late juncture was unreasonable, disproportionate to the needs of the case, and untimely, and sought information equally likely to be in the requesting DAPs' possession. (*See* 2/5/21 J. Pennington Letter to L. Lustrin.)

On February 16, 2021, each Defendant also served its objections and responses to the RFPs served by the DAPs identified above. While the responses to those RFPs varied, Defendants objected to these DAPs' attempt to expand the long-standing and well-recognized relevant time period in this case through January 1, 2019.

Defendants also raised several objections independent of any concerns that these RFPs seeking "All Documents reflecting Defendants' pricing for Restaurant DAPs' purchases of Broilers chicken" (RFP 1), "All Documents reflecting Communications between You and Restaurant DAPs regarding Defendants' pricing for Restaurant DAPs' purchases of Broiler chicken" (RFP 2), "All Documents reflecting Communications between You and Restaurant DAPs regarding supply of Broiler chicken" (RFP 3), "All Documents reflecting contract negotiations and contractual terms for sales of Broiler chicken by Defendants to Restaurant DAPs" (RFP 4), and "All Documents reflecting Communications between You and Restaurant DAPs regarding contract negotiations and contractual terms for sales of Broiler chicken by Defendants to Restaurant DAPs" (RFP 5) were another attempt to circumvent the Court's order staying discovery related to bid-rigging claims. In particular, Defendants objected to the vague, ambiguous, and overly broad nature of these requests, as well as that these efforts to unseat the parties' detailed agreements regarding the scope of relevance, custodians, search terms, and time period were not reasonable, disproportionate to the needs of the case, and untimely, and sought information equally likely to be in the possession of the requesting DAPs.

Your representation that these requests for 24 new custodians and voluminous additional documents covering over a decade constitute "targeted discovery" is thus inaccurate (*see* 3/9/21 L. Lustrin Email to Defendants). So, too, is the suggestion that Defendants' basis for objection was only that the requests "constituted an end run around the Court's Order staying bid rigging discovery." (*Id.*) Indeed, as this case heads toward its sixth year, these requesting DAPs seek to upend discovery more than two years after Defendants' "substantial completion" of document production with requests that likely would require entirely new review of many thousands of additional documents. Furthermore, there is not any basis for your assertion that Defendants believe discovery relevant to the supply reduction and Georgia Dock claims "cannot be differentiated from the bid-rigging discovery that the Court has stayed." (*See* Proposed Stip. ¶ 5.) The requesting DAPs have made no effort to connect their current RFPs to the original allegations of conspiracy on which discovery presently is allowed.

In any event, Defendants met and conferred with you on these requests, and expressed a willingness to consider making certain additional productions of contracts after the requesting DAPs (as the counterparties to those contracts) reviewed their own files and the existing productions in the case and made an effort to identify for the applicable Defendants the particular contracts they believe exist, but are no longer their own possession. (*See* 3/1/21 D. Feeney Email to L. Lustrin.) Having received no other response from you on this offer besides your email below, we take it that the DAPs have declined that compromise.

Instead, the DAPs above, now joined by Zaxby's Franchising LLC, Shamrock Foods Company, United Food Service, Inc., Supply Management Services, Inc., and Caesars Enterprise Services, LLC (some of whom have been in this case since 2018 and 2019), have asked Defendants to ignore the Court's clear instruction that the supply reduction and Georgia Dock claims in this case, already on "borrowed time" (*see* Dkt. 3835 at 6), should be making "[t]rue progress toward an end" (*id.* at 9). Defendants decline that invitation. The Court's guidance applies to all DAPs in this case to date, and Defendants will not agree to create an entirely separate track of litigation for this subset of them. That is not a proper response to this conventional discovery dispute.

Best,

Stacy

**Stacy Pepper**

---

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
T +1 312 862 2287
F +1 312 862 2200

---

stacy.pepper@kirkland.com

**From:** Lori Lustrin <llustrin@bilzin.com>
**Sent:** Tuesday, March 9, 2021 9:51 AM
**To:** *jpennington@sgrlaw.com <jpennington@sgrlaw.com>; Pepper, Stacy <stacy.pepper@kirkland.com>; *dfeeney@millershakman.com <dfeeney@millershakman.com>; *smedlock@mayerbrown.com <smedlock@mayerbrown.com>
**Cc:** Robert Turken <rturken@bilzin.com>; Scott N. Wagner <SWagner@bilzin.com>
**Subject:** Stipulation-Restaurant DAP Track [IWOV-MIAMI.FID1447211]

John, Stacy, Dan, and Stephen,

I write on behalf of the Restaurant DAPs identified in the attached stipulation that we provide for Defendants' consideration.

As you know the majority of recently filed DAPs consist of restaurants that contracted directly with defendants ("Restaurant DAPs"). As you also know, the Restaurant DAPs recently served targeted discovery aimed at obtaining documents that were particular to Defendants' specific dealings with Restaurant DAPs. In view of the Court's September 22, 2020 Order, Restaurant DAPs confirmed that they were not seeking documents related to their bid-rigging claims. Nevertheless, Defendants objected to all of Restaurant DAPs' requests, asserting that they constituted an end run around the Court's Order staying bid rigging discovery. Indeed, Defendants' position appears to be that Restaurant DAPs cannot pursue any discovery that seeks to inquire about Defendants transactions and dealings with Restaurant DAPs without impinging on the Court's Order staying the bid-rigging aspect of the case.

Restaurant DAPs strongly disagree with Defendants' position. However, to avoid senseless motion practice, and to facilitate the efficient litigation of Restaurant DAPs' claims, Restaurant DAPs have drafted the attached stipulation which creates a separate Restaurant DAP case management track. As you will see, the stipulation establishes case deadlines keyed off of the lifting of the Court's September 22 Order, and which provides for all elements of the Restaurant DAPs' cases to proceed together. The separate case management track also accomplishes Defendants' objective of receiving additional time to complete discovery on Restaurant DAPs—which, again, are the vast majority of recently filed cases. Finally, you will see that given the practicalities of the different timing, we provided for the appointment of a separate Restaurant DAP liaison counsel.

Please let us know Defendants' position on the attached. We are happy to schedule a meet and confer to discuss further.

Best regards,

Lori

**Bilzin Sumberg**

Lori Lustrin
Partner
**Bilzin Sumberg Baena Price & Axelrod LLP**
1450 Brickell Avenue, 23rd Floor
Miami, Florida 33131
www.bilzin.com

Tel 305.350.2385
Cell 954.649.3451
Direct Fax 305.351.2208
llustrin@bilzin.com

*Stay up to date on the legal and business challenges and opportunities posed by COVID-19. Access Bilzin Sumberg's COVID-19 Resource Center here.*

**CAUTION:** Please be aware of the increase in cybercrime and fraud. Bilzin Sumberg personnel will not ordinarily provide wire transfer or other payment instructions by email relating to the payment of Bilzin Sumberg invoices or advance fee deposits. Although payment instructions may be provided by email in connection with client matters such as closings, please contact us to obtain verbal verification prior to initiating any payments.

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply e-mail or reply to info@bilzin.com, and delete the message. Thank you very much.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.