# EXHIBIT G

*1055 Thomas Jefferson Street, NW*
*Suite 400*
*Washington, D.C. 20007*
*Tel: 202 263-4300*
*www.sgrlaw.com*

**SMITH, GAMBRELL & RUSSELL, LLP**
*Attorneys at Law*

*John P. Pennington*
*Direct Tel: 202-263-4360*
*Direct Fax: 202-263-4325*
*jpennington@sgrlaw.com*

December 4, 2020

**VIA EMAIL**

Robert W. Turken
Lori P. Lustrin
Scott N. Wagner
Ilana Drescher
BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Ave., Suite 2300
MIAMI, FL 33131-3456

Andrew P. Bleiman
Mark I. Fishbein
MARKS & KLEIN
1363 Shermer Road, Suite 318
Northbrook, IL 60062

Re: *In re Broiler Chicken Antitrust Litigation*
Case No. 1:16-cv-08637
Boston Market's Disclosures

Dear Counsel:

We write regarding Boston Market's disclosures pursuant to Fed. R. Civ. P. 26(a) and identification of custodians. Specifically, we request that Boston Market promptly supplement its disclosures to remedy the deficiencies identified below.

### I. Boston Market's disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(i).

Boston Market has not fulfilled its obligations under Fed. R. Civ. 26(a)(1)(i). That Rule requires Boston Market to disclose the subjects of discoverable information likely to be held by each disclosed individual that Boston Market may use to support its claims. Boston Market has not met that obligation for the individuals it identified: Darryl Still, Tim Workman, and Tim Jordan. We ask that Boston Market remedy that deficiency by supplementing its disclosure to provide the information required by the Rule.



Atlanta | Austin | Jacksonville | London | Los Angeles | Miami | New York | Southampton | Washington, D.C.

December 4, 2020
Page 2

## II.     Identification of Custodians.

Boston Market did not provide a disclosure of custodians, which, by agreement of the parties, was due on the same date as Boston Market's initial disclosures. Please promptly confirm whether the disclosure of individuals pursuant to Fed R. Civ. P. 26(a)(1)(i) in Boston Market's initial disclosures was also intended to serve as Boston Market's disclosure of proposed custodians. To the extent that the individuals identified pursuant to Fed. R. Civ. P. 26(a)(1)(i) were not intended to serve as Boston Market's disclosure of custodians, please immediately disclose Boston Market's proposed custodians.

Further, Defendants believe that Boston Market's senior executives are likely to possess discoverable information. For that reason, Defendants request that Boston Market also designate George Michel, who served as CEO from 2010-2018; F. Lane Cardwell, Jr., who served as CEO from 2009-2010; Rick Arras, who served as CEO from 2007-2009; and Tony Buford, who served as Executive Vice President of Operations from 2011-2016. These individuals are likely to possess discoverable information related to Boston Market's strategic decisions impacting the purchase of chicken. It is likely that other individuals who served in these roles may have responsive information, but Defendants are only asking that these custodians be added at this time.

Further, we ask that Defendants add Dan Gruis as a custodian because he is likely to possess discoverable information by virtue of his position as a Director of Supply Chain for Boston Market.

We ask that the above identified disclosures be supplemented as described by December 11, 2020.

Sincerely,

/s/ John P. Pennington