# EXHIBIT H

| | |
|---|---|
| **From:** | Szeremeta, Peter <peterszeremeta@eversheds-sutherland.com> |
| **Sent:** | Tuesday, February 16, 2021 1:03 PM |
| **To:** | Lori Lustrin; Ilana Drescher; Robert Turken; Shalia Sakona |
| **Cc:** | Gorham, Patricia; de Fouw, Dylan |
| **Subject:** | Broilers - Dkt. 264 & Initial Disclosures of DAP Bojangles |
| **Attachments:** | Bojangles Initial Disclosures 2 9 2021.pdf |

Hi Lori: I'm writing on behalf of Defendants with respect to two issues regarding the Dkt. 264 and initial disclosures served by Plaintiff Bojangles.

First, Bojangles' disclosures do not meet the requirements of Rule 26(a)(1)(i), which require Bojangles to disclose the subjects of discoverable information likely held by each disclosed individual that Bojangles may use to support its claims. Please provide updated disclosures containing this information by February 19, 2021.

Second, we understand that Bojangles has identified the following individuals as proposed document custodians:

- Pete Bungert;
- Sharon Widlits;
- Clay Enloe;
- Keith Rosenthal;
- Matt Runkle;
- Anita Isenhour;
- Tracy Franks.

Defendants have one requested addition to this list: Ken Scott, who we understand was Bojangles' Director of Quality Assurance from 2007 to 2016. We have reviewed documents already produced in the litigation and have identified several communications between Mr. Scott and various producers regarding Bojangles' purchases of chicken. Please let us know if Bojangles will agree to add Mr. Scott as a document custodian.

Currently, our deadline to submit custodial disputes to the court is tomorrow, February 17. With the extension on Bojangles' initial disclosures, we request that the parties stipulate to move this deadline to next Monday, February 22. This brief extension will allow time for a meet and confer, if necessary, regarding the requested addition of Mr. Scott as a custodian. Please confirm that Bojangles has no objection.

Best regards,
Peter

Peter Szeremeta | Associate | T: +1.404.853.8170

---

**From:** Shalia Sakona <ssakona@bilzin.com>
**Sent:** Tuesday, February 9, 2021 5:25 PM
**To:** RMcCabe@mayerbrown.com; OPottinger@mayerbrown.com; jpennington@sgrlaw.com; Szeremeta, Peter <PeterSzeremeta@eversheds-sutherland.us>; patriciagorham@eversheds-sutherland.com; jimmcgibbon@eversheds-sutherland.com; DNEWMAN@sgrlaw.com; ed@koniecznylaw.com; PSANDERS@sgrlaw.com; James.Sulentic@KutakRock.com; John.Passarelli@KutakRock.com; Stephen.Dacus@KutakRock.com; Maggie.Ebert@KutakRock.Com; WKatt@MillerShakman.com; BREYNOLDS@RoseLawFirm.com;

AWOFFORD@RoseLawFirm.com; JHALL@RoseLawFirm.com; RBERITIE@RoseLawFirm.com; RSMITH@RoseLawFirm.com; ARITTENHOUSE@RoseLawFirm.com
**Cc:** Scott N. Wagner <SWagner@bilzin.com>; Lori Lustrin <llustrin@bilzin.com>; Robert Turken <rturken@bilzin.com>; Ilana Drescher <idrescher@bilzin.com>; Fanny Morera, MBA <fmorera@bilzin.com>; Benjamin Mitchel <bmitchel@bilzin.com>; Brianna Sainte <bsainte@bilzin.com>; BSBPA eService <eservice@bilzin.com>; Melissa C. Pallett-Vasquez <mpallett@bilzin.com>; Alicia Lopez-Thomsen <alopez@bilzin.com>
**Subject:** RE: In re Broiler Antitrust Litigation: Bojangles' Restaurants, Inc. v. Tyson Foods, Inc., Case No. 1:20-cv-7734: service of Initial Disclosures [IWOV-MIAMI.FID1447217]

Good evening,

Attached and served upon you in the above-captioned matter, please find Bojangles' Initial Disclosures.

Best,
Shalia



Shalia Sakona
Attorney
**Bilzin Sumberg Baena Price & Axelrod LLP**
1450 Brickell Avenue, 23rd Floor          Tel 305.350.7216
Miami, Florida 33131                      Direct Fax 305.351.2238
www.bilzin.com                            ssakona@bilzin.com

*Stay up to date on the legal and business challenges and opportunities posed by COVID-19. Access Bilzin Sumberg's COVID-19 Resource Center here.*

**CAUTION:** Please be aware of the increase in cybercrime and fraud. Bilzin Sumberg personnel will not ordinarily provide wire transfer or other payment instructions by email relating to the payment of Bilzin Sumberg invoices or advance fee deposits. Although payment instructions may be provided by email in connection with client matters such as closings, please contact us to obtain verbal verification prior to initiating any payments.

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in this message. If you have received this message in error, please advise the sender by reply e-mail or reply to info@bilzin.com, and delete the message. Thank you very much.

Eversheds Sutherland (US) LLP is part of a global legal practice, operating through various separate and distinct legal entities, under Eversheds Sutherland. For a full description of the structure and a list of offices, please visit www.eversheds-sutherland.com.

This e-mail message, together with any attachments, is intended only for the above named recipient(s) and may contain privileged and/or confidential information. If you are not an intended recipient, you must not review, copy or show the message and any attachments to anyone. Please reply to this e-mail and highlight the mistaken transmission to the sender, and then immediately delete the message.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | Case No. 1:16-cv-08637 |
| BOJANGLES' RESTAURANTS, INC. AND BOJANGLES OPCO, LLC,<br><br>       Plaintiff,<br>v.<br>TYSON FOODS, INC.; *al.*,<br><br>       Defendants. | District Judge Thomas M. Durkin<br><br>Magistrate Judge Jeffrey T. Gilbert<br><br>Case No: 1:20-cv-7734 |

**BOJANGLES' INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(A) AND DKT. 264**

      Plaintiffs Bojangles' Restaurants, Inc. and Bojangles Opco, LLC (collectively, "Bojangles") hereby submit the following disclosure pursuant to Fed. R. Civ. P. 26(a) and the Court's Order Regarding Disclosure of Information (Dkt. 264). This disclosure is designated as "Highly Confidential Information" under the Agreed Confidentiality Order in this litigation (Dkt. 202). This disclosure is based on Bojangles' investigation to date and current understanding of the facts. If Bojangles becomes aware of additional responsive information, Bojangles will supplement this disclosure, as required by the applicable rules. In making these initial disclosures, Bojangles does not concede any of the information is discoverable or relevant in this litigation and does not waive the right to object to discovery or the introduction of documents or testimony for any reason.

MIAMI 8029121.1 81810/92006

## I.     DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)

**Disclosure of individuals likely to have discoverable information that Plaintiffs may use to support their claims, pursuant to Fed. R. Civ. P. 26(a)(1)(i):**

1. Peter Bungert (c/o Bilzin Sumberg)
2. Sharon Widlits (c/o Bilzin Sumberg)
3. Clay Enloe (c/o Bilzin Sumberg)
4. Keith Rosenthal (c/o Bilzin Sumberg)
5. Matt Runkle (c/o Bilzin Sumberg)
6. Anita Isenhour (c/o Bilzin Sumberg)
7. Tracy Franks (c/o Bilzin Sumberg)

Bojangles reserves the right to supplement or revise this list with individuals identified during discovery in the case as having discoverable information.

**Disclosure of documents that Plaintiffs may use to support their claims, pursuant to Fed. R. Civ. P. 26(a)(1)(ii):**

Bojangles may support their claims with documents in the custodial files of their personnel with responsibility for purchasing Broilers, to be collected and produced in discovery, including emails and other electronic documents; data regarding Bojangles' purchases of Broilers to be collected and produced in discovery; and documents that have been or will be produced by Defendants or third parties in discovery.

Bojangles reserves the right to supplement or revise this list.

**Disclosure of claimed damages pursuant to Fed. R. Civ. P. 26(a)(1)(iii):**

As a general matter, Bojangles seeks recovery for damages as a result of the supracompetitive prices Bojangles was charged for chicken due to Defendants' unlawful conduct.

MIAMI 8029121.1 81810/92006

Bojangles is entitled to treble damages in accordance with Section 4 of the Clayton Act, 15 U.S.C. § 15. The computation of Bojangles' damages will depend on expert opinion and testimony to be disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(D) in accordance with the schedule set by the Court, and on information yet to be obtained from Defendants.

Bojangles reserves the right to supplement or revise this list.

**Disclosure of applicable insurance agreements pursuant to Fed. R. Civ. P. 26(a)(1)(iv):**

This section pertains to insurance, if any, that is available to cover, in whole or in part, any aspect of Bojangles' claim. Bojangles is not aware of any applicable insurance coverage.

## II. DISCLOSURES PURSUANT TO THE COURT'S ORDER REGARDING DISCLOSURE OF INFORMATION (DKT. 264)

**Subpart (a)(ii)**: *Organizational Charts: . . . ii. Direct Purchaser Plaintiffs: Organizational charts sufficient to show the names and titles of individuals with the following positions or responsibilities relating to the purchase of Broiler chickens:*

> *1. Plaintiffs' claims and allegations in the DPP Second Consolidated Amended Complaint; and*
>
> *2. Plaintiffs' purchase of Broilers, including executives with the title of Director, Vice President, or higher.*

*Plaintiffs may create a list of individuals with the job responsibilities listed above in lieu of a formal organizational chart, so long as such a list provides the individual's name, title, the time period during which they held that title.*

**Response to Subpart (a)(ii)**:

Based on Bojangles' investigation to date and current understanding of the facts, Bojangles discloses the following list of individuals.

| Name | Title | Start Date | End Date |
|---|---|---|---|
| Keith Rosenthal | Senior Vice President of Purchasing & Product Development | 8/1987 | 2/2016 |
| Peter Bungert | Senior Director of Purchasing | 11/12/14 | 7/26/17 |

MIAMI 8029121.1 81810/92006

| Sharon Widlits | Supply Chain Coordinator | 10/2015 | N/A |
| Clay Enloe | Senior Manager of Purchasing | 5/23/16 | N/A |
| Ken Koziol | Chief Restaurant Support Officer | 2/2019 | 01/2020 |
| Tracy Franks | Senior Supply Chain Manager | 6/2014 | N/A |
| Anita Isenhour | Administrative Assistant | 10/2015 | N/A |
| David Lyons | Senior Director of Supply Chain & Quality | 9/2019 | N/A |
| Randy Lawrence | Vice President of Supply Chain | 10/2017 | 10/2018 |

**Subpart (c)**: *Email Systems: Identification of the email system used, including the name of the email system, version number (including applicable dates for different versions, if readily available), and time period or number of days for which email is retained on the system.*

**Response to Subpart (c)**: Based on Bojangles' investigation to date and current understanding of the facts, Bojangles discloses the following systems:

| Email System Version | Date |
|---|---|
| Exchange 5.5 | 2007-2014 |
| Exchange 2007 | early 2014 - Updated to Cumulative update 14 |
| Exchange 2010 | Late 2015 |
| Exchange 2013 | Early 2016 |
| Mimecast | Starting 2017 |
| Exchange 2013 CU23 | Late 2020 |

Any data contained for the foregoing systems are only retained for a period of seven years, unless it is subject to a litigation hold.

MIAMI 8029121.1 81810/92006

**Subpart (d)**: *Non-custodial Data Sources: A list of known non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI. These lists will identify the databases that are likely to contain discoverable "structured data."*

**Response to Subpart (d)**: Based on Bojangles' investigation to date and current understanding of the facts, Bojangles discloses the following responsive databases:

**Unstructured Data:** Bojangles' G-Drive, Box.com, and Office 365, are likely to contain documents and data related to Bojangles' purchase of Broilers.

**Structured Data:** Arrowstream, a third-party system, contains transactional purchase data related to Broilers for a portion of the relevant period. Bojangles' shared drive contains transactional purchase data related to broilers for a portion of the relevant period that was downloaded from iTrade, which Bojangles utilized prior to Arrowstream.

**Subpart (e)**: *Document Retention Policies: Document retention and/or destruction policies in effect since January 1, 2007 to September 2, 2016.*

**Response to Subpart (e)**:

Based on Bojangles' investigation to date and current understanding of the facts, Bojangles states that their current retention policy is to retain emails for seven years. Bojangles further identifies the following document retention policy: IT Document Retention Protocols (2017 through the present). Bojangles further states that, for the applicable period, while it did not have an official document retention or destruction policy in place, it did maintain data recovery and backup protocols.

**Subpart (f)**: *Employee Technology Use Policies: Employee Technology Use Policies in effect since January 1, 2007 to September 2, 20 16, including (if they exist) policies concerning use by employees of cell phones, notebook computers, and tablets for business purposes. Without intending to limit, such policies may go by the following names: bring-your-own device (BYOD) policies, choose-your-own-device (CYOD) policies, corporate-liable-employee-owned (CLEO) policies, corporate-owned/personally enabled (COPE) policies, mobile-device management (MDM) policies, and dual-use device policies. Plaintiffs and Defendants will disclose if they have no such policies.*

MIAMI 8029121.1 81810/92006

**Response to Subpart (f)**: Based on Bojangles' investigation to date and current understanding of the facts, Bojangles discloses that, for the applicable period, it did not have an official employee technology use policy.

**Subpart (g)**: *Phone Records: Plaintiffs and Defendants will disclose if they have downloaded phone records from phone carriers and, if so, from which carriers they have downloaded such records, and the categories of phone records or specific phone numbers for which they have downloaded phone records.*

**Response to Subpart (g)**: Bojangles states that their accounting department may have certain paper records of long distance phone calls made through AT&T for their office telephones and through Verizon for any corporate-owned mobile telephones during the relevant period. Bojangles is not otherwise aware of phone records being "downloaded" from phone carriers during the relevant period.

**Subpart (h)**: *Inaccessible Data: A list of known data sources, if any, likely to contain discoverable ESI that a party asserts is not reasonably accessible under Rule 26(b)(B) or Rule26(b )(2)(C)(i).*

**Response to Subpart (h):** Based on investigation to date, Bojangles states that it has back-up tapes stored offsite going back approximately seven years. The tapes from the earlier part of this period were backed-up using older versions of the pertinent back-up software (Veeam), which would create additional challenges for restoration.

Dated: February 9, 2021

                **BILZIN SUMBERG BAENA PRICE & AXELROD LLP**

                By: */s/ Lori P. Lustrin*

                Robert W. Turken
                Lori P. Lustrin
                Scott N. Wagner
                1450 Brickell Ave
                Suite 2300
                Miami, Florida 33131-3456

Tel: (305) 374-7580<br>
Fax: (305) 374-7593<br>
rturken@bilzin.com<br>
llustrin@bilzin.com<br>
swagner@bilzin.com

*Counsel for Plaintiffs Bojangles Restaurants, Inc. and Bojangles Opco, LLC*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 9th day of February, 2021, a true and correct copy of the foregoing was served via email on counsel of record for Defendants.

/s/ *Lori P. Lustrin*
Lori P. Lustrin

MIAMI 8029121.1 81810/92006