UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>This Document Relates To: All Actions | Case No. 1:16-cv-08637<br><br>**PUBLIC VERSION (REDACTED)** |

**REPLY IN SUPPORT OF UNITED STATES'
MOTION FOR LIMITED DEPOSITION STAY**

The Court should grant the Government's motion for a limited deposition stay, including for the depositions in dispute. These depositions, if permitted to proceed now, would likely interfere with the Government's upcoming trial and ongoing investigation. The Kroger-Publix Plaintiffs, the only parties objecting to the Government's stay request, submitted an opposition brief that does not alter the conclusion that these depositions should be stayed. This Reply[1] addresses two arguments in the Kroger-Publix Plaintiffs' brief that should have no bearing on the disposition of this motion. This Reply also points out that their claimed prejudice can be remediated with a revised discovery schedule, and confirms that there is no dispute on the ▮▮▮▮▮▮▮▮▮▮.

    1. <u>Data on other criminal proceedings is incorrectly used and unreliable</u>. Contrary to the Kroger-Publix Plaintiffs' brief, the Government *does* dispute that "the average

---

[1] The Government will file the unredacted version of this Reply under seal because it contains confidential information protected from public disclosure. The Government is filing this redacted version on the public docket.

time to disposition for criminal antitrust trials is 28.3 months." Opp. at 1. The 28.3-month duration does not relate, as their briefs claims, to criminal antitrust *trials* but rather to *all* criminal antitrust proceedings and includes the time period up to and including sentencing.[2] In fact, the two criminal antitrust trials in the data occurred well below the 28.3-month figure that they cite. *See United States v. Lischewski*, Case No. 3:18-cr-00203-EMC (N.D. Cal.), *and United States v. Aiyer*, Case No. 1:18-cr-00333 (S.D.N.Y.) (both proceeding to trial approximately 17 months post-indictment). Nevertheless, a sample size of two is too small to reliably predict when the trial in *United States v. Penn, et al.*, would likely commence.

Second, though there is no perfect information, the Government has utilized the best information available to it to formulate a stay end date that is reasonably likely to coincide with the completion of the pending related criminal trial. *See* Govt Br. at 2. Based on this information, the trial should be completed in advance of the early January 2022 end date that the Government has requested.

2. <u>Information from unrelated cases has no bearing on this motion</u>. Regarding the Government's request to ███████████████, the Kroger-Publix Plaintiffs assert that ████████████████████████████████████████ ████████████████████████████████████████

---

[2] The data from the Administrative Office of the U.S. Courts on behalf of the Federal Judiciary that the Kroger-Publix Plaintiffs cite records the median length of time "from Commencement to Termination." The data itself, in a footnote, makes clear that for guilty defendants, termination occurs on the date that the defendant "was sentenced." This is typically many months after the start or completion of a trial.

2

██████████████████████████████████ The decision that a court in another district made in an unrelated case involving wholly different criminal and civil defendants, timing and procedural issues, should have no bearing on whether the Court ██████████████████████. Rather, to decide this motion, the Court should use the factors that courts in this Circuit apply to the facts of *this case*. When doing so, they weigh in favor of the Government's requested stay.

    3. <u>Proposed schedule addresses prejudice claim</u>. The Kroger-Publix Plaintiffs' claimed prejudice is based on a false premise. Their brief asserts that the Government's deposition stays will ████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████ ████████████████████████████████ ████████████████████████████████ █████████████

    4. <u>No dispute on</u> ███████████████. Footnote 5 of Kroger-Publix Plaintiffs' brief implies that there remains a dispute ████████████████████. Opp. at 2. But the Government, in the interest of narrowing the dispute as much as it reasonably can, has agreed to ████████████████████████████████████ ████████████████████████. To avoid any doubt, as far as the Government

3

is concerned, the following 

Dated: April 16, 2021

Respectfully submitted,

*/s/ Paul Torzilli*

_____
PAUL J. TORZILLI, Trial Attorney
MICHAEL T. KOENIG, Trial Attorney
HEATHER CALL, Trial Attorney
CAROLYN M. SWEENEY, Trial Attorney
U.S. Department of Justice
Antitrust Division
450 5th St NW
Washington, DC 20530
202/514.8349
Paul.Torzilli@usdoj.gov

4

**CERTIFICATE OF SERVICE**

    I hereby certify that I have caused the foregoing to be filed on the Court's CM/ECF system, which will provide a copy to all counsel of record in this action.

    Dated: April 16, 2021

                                        Respectfully submitted,

                                        /s/ Paul J. Torzilli

                                        Paul J. Torzilli
                                        Trial Attorney
                                        U.S. Department of Justice
                                        Antitrust Division
                                        450 5th St NW
                                        Washington, DC 20530
                                        202/514.8349
                                        Paul.Torzilli@usdoj.gov