**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Movant Direct Action Plaintiffs | Civil Action No. 1:16-cv-08637<br><br>Judge Thomas M. Durkin<br><br>Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OF LAW IN SUPPORT OF CERTAIN DIRECT
ACTION PLAINTIFFS' MOTION TO COMPEL KEYSTONE DEPOSITIONS**

**I.     INTRODUCTION**

As alleged in the Direct Action Plaintiffs' Amended Consolidated Complaint, Defendant Keystone participated in the Defendants' anticompetitive conspiracy in the years leading up to Keystone's acquisition by Defendant Tyson in 2018. The Movants, which are each of the more than eighty DAPs that has named the Keystone entities as Defendants, now seek to depose four of Keystone's former and current employees regarding that pre-acquisition conduct by Keystone, and also to take a Rule 30(b)(6) deposition of Keystone. However, Movant DAPs have been forced to file this motion to compel because Keystone contends Movant DAPs are entitled to no depositions and offered as a "compromise" only a single 30(b)(1) witness.

Keystone's refusal to provide witnesses is based on an illogical application of orders entered in this case in 2018 and 2019 before Keystone was a named Defendant and before most of the Movant DAPs had even filed their initial complaints.[1] Specifically, Keystone claims that Tyson's acquisition of Keystone in 2018 means that Keystone should be treated as part of the Tyson "Defendant family" for activity that occurred before 2018, and that all Plaintiffs are

---

[1] The first DAP named the Keystone entities as Defendants on July 24, 2020 (Dkt. No. 3716), and Judge Durkin granted numerous other DAPs' motion for leave to amend to add the Keystone entities on January 6, 2021 (Dkt. No. 4139).

therefore barred from taking any Keystone-related depositions because Keystone employees were not included on the Tyson deponent list formulated by the parties in early 2019. *See* Ex. 1 at p. 6 (Apr. 1, 2021 email from J. Tanski).

As Movant DAPs have pointed out to Keystone's counsel during the meet and confer process, when the Court entered its August 2018 and April 2019 deposition orders (Dkt. Nos. 1155 and 2024, respectively), this present question – what to do about a newly acquired subsidiary, that is newly named as a Defendant, and that is alleged to have engaged in pre-acquisition independent wrongful conduct – was not presented to, or contemplated by, the Court. At that time, Keystone was mentioned in some Plaintiffs' complaints as an alleged co-conspirator but was not yet named as a Defendant; and Keystone, which had produced documents pursuant to a third-party subpoena served on it, was being represented by its own counsel rather than counsel for Tyson. It was only through a careful review of those subpoenaed documents that Movant DAPs eventually learned of Keystone's wrongful conduct that occurred prior to Keystone's acquisition by Tyson in 2018. But now, because Tyson acquired Keystone, it is taking the unfounded position that DAPs lack the right to take any Keystone depositions, and they have only offered to permit one Rule 30(b)(1) deposition as a "compromise." *See* Ex. 1 at pp. 2-3 (Apr. 20, 2021 email from J. Tanski).

Because Keystone is a new, separate Defendant, it is subject to up to ten depositions under the Court's August 28, 2018 deposition allocation order. *See* Dkt. No. 1155 at 2 ("If a new defendant or defendant family is added to the case, Plaintiffs are given leave, absent agreement of the parties or further court order, to take up to 10 depositions of any new defendant or defendant family, including Rule 30(b)(6) depositions."). Nevertheless, in the spirit of compromise and to avoid the need for court intervention, the Movant DAPs offered to forgo taking ten Keystone depositions and instead seek only five, three of which DAPs agreed could be re-allocated from previously allocated, but currently unused, Tyson deposition slots. *See* Ex. 1 at p. 4 (Apr. 13, 2021

2

email from A. Corbett). In other words, the Movant DAPs' proposal would result in only two "new" total deposition slots for the Tyson and Keystone Defendants.

Keystone has rejected this reasonable compromise offer to reallocate three Tyson depositions and to add only two additional Keystone depositions. Instead, Keystone refuses to provide more than a single Keystone deposition even if DAPs agree to forgo the three previously-designated Tyson deponent slots. *See* Ex. 1 at pp. 2-3 (Apr. 20, 2021 email from J. Tanski).

Keystone's position is untenable, and if accepted by the Court would deprive DAPs of their due process rights.

## II. THE FIVE REQUESTED KEYSTONE DEPOSITIONS SHOULD GO FORWARD

The Movant DAPs, who have exercised their due process right to opt out of the putative Classes, have a fundamental right to seek relevant discovery against the Defendants they have sued. *See G & S Metal Consultants, Inc. v. Cont'l Cas. Co.*, No. 09-CV-493-JD, 2013 WL 4950802, at *5 (N.D. Ind. Sept. 10, 2013) ("Without the ability to take (or retake) necessary depositions, especially regarding matters of great importance, there is no doubt that" a party is prejudiced in its "ability to conduct proper discovery."); *In re Urethane Antitrust Litig.*, No. 04–MD–1616–JWL, 2014 WL 273899, at *1 (D. Kan. Jan. 24, 2014) (noting that discovery was re-opened upon direct-action plaintiffs' request for the purpose of allowing depositions of key employees). Indeed, "'[c]ourts commonly look unfavorably upon significant restrictions placed upon the discovery process,'" and when the requested discovery is relevant, as is no doubt the case here, the "'burden rests upon the objecting party to show why a particular discovery request is improper.'" *Sauer v. Exelon Generation Co.*, 280 F.R.D. 404, 407 (N.D. Ill. 2012) (quoting *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006)); *see also Todd v. Ocwen Loan Servicing, Inc.*, No. 19-CV-00085-JMS, 2020 WL 1328640, at *2 (S.D. Ind. Jan. 30, 2020) (holding that burden is on party opposing relevant discovery "to explain precisely why its objections are proper given the broad and liberal construction of the federal discovery rules").

3

    **A.    Keystone Cannot Legitimately Claim Any Surprise or Unfairness in Being Subjected to Depositions in this Case**

The depositions Movants seek to take concern conduct by Keystone before its acquisition by Tyson. Indeed, numerous paragraphs in the Amended Consolidated DAP Complaint lay out specific allegations regarding pre-2018 conduct by Keystone in furtherance of the alleged conspiracy. *See* Dkt No. 4243 & 4244 at ¶¶ 198-205, 416, 471, 475-76, 487-90, 493, 513, 518, 587, 868-70, 878-80, 884, 887, 898, 922-23, 926, 970(c), 982, and 1011. Those allegations (and the naming of the Keystone entities as Defendants) were added to the consolidated DAP complaint following a motion for leave to amend that was filed by certain DAPs on October 20, 2020 (Dkt. No. 3896), opposed by Defendants (Dkt. No. 3994), and granted by Judge Durkin on January 6, 2021 (Dkt. No. 4139).

In opposing that motion for leave, Defendants, including Tyson, acknowledged that adding Keystone as a Defendant would lead to additional discovery, arguing that "New Defendants will bring additional pleadings, motions, discovery, and issues for trial . . . ." Defendants' Response To Certain Direct Action Plaintiffs' Motion For Leave To Amend, Dkt. 3994, at 6. Having lost the motion to amend, Tyson and Keystone are now trying another tactic – delay and obstruction. Together, these two Defendants are attempting to use Tyson's acquisition of Keystone, which occurred two years after the start of this litigation, as a shield to prevent the Movant DAPs from obtaining full and fair discovery into the facts alleged in the Amended Consolidated Complaint regarding Keystone.

    **B.    The Four Requested 30(b)(1) Keystone Depositions Are Necessary and Appropriate**

Each of the four Keystone former or current employees who Movant DAPs seek to depose is mentioned by name and discussed in the Amended Consolidated DAP Complaint and appears to be significant to the case against Keystone. Movant DAPs seek to depose these individuals regarding, among other things, the allegations in the Amended Consolidated DAP Complaint, key

4

documents they authored or received that have been produced in this litigation, and other conduct in furtherance of the alleged conspiracy including inter-Defendant communications.

1. **William "Bill" Andersen**

Requested deponent Bill Andersen, who served as Acting President and Senior Vice President of Keystone during much of the conspiracy period, was a major player at Keystone. He attended critical meetings with other Defendants, including as alleged in the Amended Consolidated DAP Complaint. His communications with other Defendants involved issues about the Broiler market that are central to this litigation. Movant DAPs expect that Mr. Andersen's deposition will establish he was in direct contact with other Defendants in sharing anticompetitive communications and even used code phrases to describe the conspiracy. Paragraphs of the sealed Amended Consolidated DAP Complaint (Dkt No. 4243 & 4244) that identify conduct by Mr. Andersen are: ¶¶ 488-89, 869, 878, 982, and 1011.

2. **Terry Tolbert**

Requested deponent Terry Tolbert was VP Supply Chain Execution and a Senior Director Sales & Logistics at Keystone during the conspiracy period. As alleged in the Amended Consolidated DAP Complaint, he had numerous communications with other Defendants and was in charge of pricing and benchmarking-related decisions that directly impacted prices Movant DAPs paid for Broilers. Paragraphs of the sealed Amended Consolidated DAP Complaint (Dkt No. 4243 & 4244) that identify conduct by Mr. Tolbert are: ¶¶ 205, 471, 476, 880, 923, and 982.

3. **Philip Drake**

Requested deponent Philip Drake was Director of Purchasing and Sales Director for Keystone during the conspiracy period. Mr. Drake engaged in direct communications with other Defendants regarding pricing and supply in furtherance of the conspiracy. One example of relevant conduct by Mr. Drake is discussed in paragraph 513 of the sealed Amended Consolidated DAP Complaint (Dkt No. 4243 & 4244).

    **4. Ken Opengart**

Ken Opengart, who is the sole deponent Keystone agreed to make available for a deposition, and who is also the only *current* Keystone or Tyson employee whose deposition is being requested, is believed to be another key player in the conspiracy. He was a Vice President of Live Operations and Processing and of Commodity Risk Management during much of the conspiracy period, and was in communication with other participants in the conspiracy regarding the price of Broilers. Paragraphs 490, 879, 887, and 982 of the sealed Amended Consolidated DAP Complaint (Dkt No. 4243 & 4244) lay out specific conduct by Ken Opengart that provide a window into his importance to this case.

    **C. The Requested 30(b)(6) Keystone Deposition Is Necessary and Appropriate**

Movant DAPs seek to take a 30(b)(6) deposition of Keystone, just as has been done with the numerous other parties to this litigation, including Movants. The topics to be covered would be similar to topics covered as to each of the other Defendants, with a focus on Keystone's own conduct and documents. Keystone will not let such a basic deposition go forward without a court order.

Movant DAPs have a clear and present need, and a due process right, to obtain sworn testimony from Keystone in a 30(b)(6) deposition. *See Canal Barge Co. v. Commonwealth Edison Co.*, No. 98-CV-0509, 2001 WL 817853, at *1 (N.D. Ill. July 19, 2001) (observing that a Rule 30(b)(6) designee's testimony is the official testimony of the entity, and that "Rule 30(b)(6) is designed to prevent business entities from 'bandying,' the practice of presenting employees for their deposition who disclaim knowledge of facts known by other individuals within the entity.").

### III. CONCLUSION

For the foregoing reasons, the Movant DAPs respectfully request an order granting this motion and compelling Keystone to produce the requested 30(b)(1) and 30(b)(6) witnesses as to current employees and to act in good faith to coordinate the appearance of the requested former Keystone employees.

### STATEMENT OF COMPLIANCE WITH LOCAL RULE 37.2

Pursuant to N.D. Ill. Local Rule 37.2, Movant DAPs state they have engaged in good faith meet and confer discussions in an effort to resolve this discovery dispute without court intervention, including a telephone conference on April 6, 2021 between counsel for Movant DAPs, including A. Corbett, A. Szot, R. McAllister, and others for the Movant DAPs, and counsel for Defendant Keystone, including J. Tanski and K. Lee. After that initial meet and confer, Movant DAPs continued their efforts to reach an accord without court intervention through numerous email proposals and negotiations with counsel for Keystone (as reflected in Exhibit 1 hereto).

Dated: April 27, 2021          Respectfully submitted,

/s/ *Scott E. Gant*
Scott E. Gant
**BOIES SCHILLER FLEXNER LLP**
1401 New York Avenue, N.W.
Washington, D.C. 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
E-mail: sgant@bsfllp.com

Colleen A. Harrison
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8204
Fax: (914) 749-8300
E-mail: charrison@bsfllp.com

Ryan T. McAllister
**BOIES SCHILLER FLEXNER LLP**
30 South Pearl Street, 11th Floor
Albany, NY 12207
Tel: (518) 694-4271
Fax: (518) 434 0665
E-mail: rmcallister@bsfllp.com

*Counsel for Plaintiffs Amory Investments LLC, Campbell Soup Company, Campbell Soup Supply Company, L.L.C., John Soules Foods, Inc., John Soules Acquisitions LLC, Pacific Foods of Oregon, Sysco Corp., Target Corp., US Foods, Inc.*

/s/ *David C. Eddy*
David C. Eddy, Esquire
N.D. Illinois Bar No. 72258
Dennis J. Lynch, Esquire
N.D. Illinois Bar No. 07622
**ANTITRUST LAW GROUP, LLC**
1601 Assembly Street
P.O. Box 8117
Columbia, SC 29202
Tel: (803) 253-8267
E-mail: deddy@theantitrustlawgroup.com
dlynch@theantitrustlawgroup.com

*Counsel for Plaintiffs Conagra Brands, Inc.; Pinnacle Foods, Inc.; Kraft Heinz Foods Company; Nestlé USA, Inc.; and, Nestlé Purina PetCare Company*

/s/ *Jay B. Shapiro*
Jay B. Shapiro (admitted *pro hac vice*)
Samuel O. Patmore (admitted *pro hac vice*)
Carlos J. Canino (admitted *pro hac vice*)
Abigail G. Corbett (admitted *pro hac vice*)
**STEARNS WEAVER MILLER WEISSLER ALHADEF F & SITTERSON, P.A.**
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Tel: (305) 789-3200
Fax: (305) 789-3395
E-mail: jshapiro@stearnsweaver.com
    spatmore@stearnsweaver.com
    ccanino@stearnsweaver.com

/s/ *Amy D. Fitts*
Amy D. Fitts (IL Bar No. 629248)
Daniel D. Owen (MO Bar No. 41514, *Pro Hac Vice*)
Guillermo G. Zorogastua (MO Bar No. 59643, *Pro Hac Vice*)
**POLSINELLI PC**
900 W. 48th Place
Suite 900
Kansas City, MO 64112
Tel: (816) 753-1000
Fax: (816) 753-1536
E-mail: afitts@polsinelli.com
dowen@polsinelli.com
gzorogastua@polsinelli.com

8

acorbett@stearnsweaver.com

Marvin A. Miller
Andrew Szot
**MILLER LAW LLC**
115 S. LaSalle Street, Suite 2910
Chicago, Illinois 60603
Tel: (312) 332-3400
Fax: (312) 676-2676
E-mail: mmiller@millerlawllc.com
aszot@millerlawllc.com

*Counsel for Plaintiffs Quirch Foods, LLC, Independent Purchasing Cooperative, Inc., and Supply Management Services, Inc.*


/s/ *Kathryn A. Reilly*
Kathryn A. Reilly
Judith P. Youngman
Camille Papini-Chapla
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel: (303) 244-180
Fax: (303) 244-1879
Reilly@wtotrial.com
Youngman@wtotrial.com
PapiniChapla@wtotrial.com

*Counsel for Plaintiffs McLane Company, Inc.; McLane/Mid-Atlantic, Inc.; McLane/Midwest, Inc.; McLane Minnesota, Inc.; McLane New Jersey, Inc.; McLane/Eastern, Inc.; McLane/Suneast, Inc.; McLane Ohio, Inc.; McLane/Southern, Inc.; McLane/Western, Inc.; McLane Express, Inc.; Kinexo, Inc.; McLane Foodservice Distribution, Inc., McLane Foodservice, Inc.*

Rodney L. Lewis (IL Bar No. 6288353)
**POLSINELLI PC**
150 N. Riverside Plaza
Suite 3000
Chicago, Illinois 60606
Tel: (312) 819-1900
Fax: (312) 819-1910
E-mail: rodneylewis@polsinelli.com

*Counsel for Plaintiff Associated Wholesale Grocers, Inc.*


/s/ *Ryan P. Phair*
Ryan P. Phair (#479050)
Craig Y. Lee (admitted *pro hac vice*)
Emily K. Bolles (admitted *pro hac vice*)
Christopher C. Brewer (admitted *pro hac vice*)
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037-1701
Tel: (202) 955-1500
E-mail: rphair@huntonak.com
craiglee@huntonak.com
ebolles@huntonak.com
brewerc@huntonak.com

John S. Martin (admitted *pro hac vice*)
**HUNTON ANDREWS KURTH LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074
Tel: (804) 788-8200
E-mail: martinj@huntonak.com

Matthew J. Calvert (admitted *pro hac vice*)
**HUNTON ANDREWS KURTH LLP**
Bank of America Plaza, Suite 4100
600 Peachtree Street NE
Atlanta, GA 30308
(404) 888-4000
E-mail: mcalvert@huntonak.com

9

Julie B. Porter (#6243787)
**SALVATORE PRESCOTT & PORTER, PLLC**
1010 Davis Street
Evanston, Illinois 60201
Tel: (312) 283-5711
E-mail: porter@spplawyers.com

*Counsel for Plaintiffs Ahold Delhaize USA, Inc., ALDI, Inc., and Chick-fil-A, Inc.*

*/s/ Lori P. Lustrin*
Robert W. Turken (*pro hac vice*)
Lori P. Lustrin (*pro hac vice*)
Scott N. Wagner (*pro hac vice*)
**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Ave., Suite 2300
Miami, Florida 33131-3456
Telephone: 305-374-7580
Facsimile: 305-374-7593
rturken@bilzin.com
llustrin@bilzin.com
swagner@bilzin.com

Andrew P. Bleiman
**MARKS & KLEIN, LLP**
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Telephone: 312-206-5162
Facsimile: 312-420-5568
andrew@marksklein.com

*Counsel for El Pollo Loco, Inc., Bojangles' Restaurants, Inc. and Bojangles OPCO, LLC, Boston Market Corporation, Captain D's, LLC, Cracker Barrel Old Country Store, Inc., Friendly's, Johnny Rockets Group, Inc., Smokey Bones Bar & Fire Grill, White Castle Purchasing Co., WZ Franchise Corporation, and Zaxby's Franchising LLC*

*/s/ David B. Esau*
David B. Esau
Kristin A. Gore
Amanda R. Jesteadt
Stephen A. Cohen
Casey R. McGowan
**CARLTON FIELDS, P.A.**
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida 33401
Tel: (561) 659-7070
Fax: (561) 659-7368
desau@carltonfields.com
kgore@carltonfields.com
ajesteadt@carltonfields.com
scohen@carltonfields.com
cmcgowan@calrtonfields.com

Roger S. Kobert
**CARLTON FIELDS, P.A.**
Chrysler Building
405 Lexington Avenue, 36th Floor
New York, New York 10174-3699
Tel: (212) 785-2577
Fax: (212) 785-5203
rkobert@carltonfields.com

*Counsel for Plaintiff Restaurant Services, Inc., Cajun Operating Company d/a/ Church's Chicken, Buffalo Wild Wings, Inc., Sonic Industries Services, Inc., CKE Restaurants Holdings, Inc., Focus Brands LLC, and Cheesecake Factory Incorporated*

## CERTIFICATE OF SERVICE

I, Scott E. Gant, hereby certify that a true and correct copy of the foregoing **MEMORANDUM OF LAW** was electronically filed with the Clerk of the Court using the CM/ECF system on April 27, 2021, which constitutes service on counsel of record who are registered electronic filing users.

*/s/ Scott E. Gant*
Scott E. Gant