# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | Case No. 1:16-cv-08637 |
| This Document Relates To: | The Honorable Thomas M. Durkin<br>The Honorable Jeffrey T. Gilbert |
| *McLane Company, Inc., et al. v. Pilgrim's Pride Corporation et al.*, No. 1:20-cv-07831 | |

## DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO TAKE DEPOSITIONS OF MCLANE WITNESSES

Defendants respectfully seek a one-month extension of time, until July 11, 2021, to depose witnesses from Direct Action Plaintiff McLane Company, Inc. ("McLane").[1] Just 10 days after this Court granted McLane's motion to reassign based on relatedness in January, Defendants engaged with McLane to negotiate the scope and timing of McLane's document productions. Despite Defendants' diligent and good faith efforts to work with McLane, after various delays in collecting and processing data, McLane confirmed that it will not substantially complete its document production until May 10, 2021 (a date Defendants have repeatedly told McLane is too close to the end of fact discovery). McLane's delay in producing documents prejudices Defendants. Simply put, it is unfair for McLane (who filed its complaint on December 31, 2020) to take over four months to collect, review, and produce responsive documents, yet require Defendants to review those documents, prepare for depositions, and take the depositions within just 30 days. To resolve the issue while maintaining the case schedule for expert reports and

---

[1] McLane's complaint was consolidated in *In re Broiler Chicken Antitrust Litigation* prior to February 1, 2021, and thus McLane is not considered one of the "New-Filing DAPs" that are the subject of Defendants' Motion to Amend Scheduling Order No. 14 (Dkt. 4438).

1

dispositive motions, Defendants proposed a one-month extension to depose McLane witnesses—a compromise that had already been agreed to by multiple other DAPs—and it appeared this would be a workable solution. Yet, McLane rejected this simple proposal, instead attempting to condition it on extensions for its own case (but not other DAPs).

Defendants' request is reasonable, and there is good cause for a minor extension to take depositions of McLane. First, Defendants have been diligent in seeking to keep discovery moving, yet this request is necessary to mitigate prejudice already caused by McLane's delayed document production. Second, the proposal of a one-month extension to depose McLane witnesses will not materially affect the case schedule or other parties, and Defendants. McLane's conditions, by contrast, are an inappropriate effort to extract concessions from Defendants. Notably, McLane's request to extend time to take discovery of Defendants is already pending before this Court (which Defendants have opposed). *See* Dkt. 4468. This and any other piecemeal attempt by individual DAPs to extend discovery of Defendants is inappropriate.

Accordingly, and for good cause shown, Defendants respectfully ask this Court to enter a one-month extension of the fact discovery deadline, solely as it relates to McLane, in order for Defendants to address any production deficiencies and take depositions of McLane witnesses.

## BACKGROUND

McLane Company is "one of the largest supply chain companies in the United States,"[2] with $50 billion in annual revenue, which purchased billions of dollars' worth of chicken from various Defendants between 2008 and 2019. McLane has been on the periphery of this case for years, including receiving subpoenas from both Class Plaintiffs and Defendants in March 2018; opting out of the Direct Purchaser Plaintiffs' settlement with Fieldale in October 2018 (*see* Dkt.

---

[2] *See* "About," McLane Company, Inc. https://www.mclaneco.com/content/mclaneco/en/about.html# (last visited April 29, 2021).

1326); and assigning certain claims to multiple other DAPs, starting at least as early as February 2019 (*see* Dkt. 1911 (complaint filed by Checkers Drive-In Restaurants, Inc.)). McLane filed its own opt-out complaint on December 31, 2020 and the Court granted McLane's motion to reassign based on relatedness on January 4, 2021. (Dkt. 4135).

Defendants served initial discovery requests on McLane on January 14, 2021. *See* Declaration of Jessica L. Falk in Support of Defendants' Motion for an Extension of Time to Depose McLane Witnesses ("Decl."), Exhibit A. The requests were substantially similar to requests served on other DAPs, and included a list of search terms that had been heavily negotiated and agreed on between Defendants and prior DAPs. Mindful that fact discovery closed in less than six months, Defendants also sought to negotiate an expedited discovery schedule. *Id.* McLane proposed to begin rolling productions by April 1, 2021, with substantial completion of its document production by May 15. *Id.* Defendants responded on January 19, 2021, stating that a schedule giving McLane four months to produce documents but giving Defendants only four weeks to review the production and depose witnesses was simply not workable. *Id.* Instead, Defendants proposed a more equitable division of the remaining five months until the end of fact discovery, with rolling productions to begin March 1 and substantial completion by April 1. *Id.* McLane's counterproposal was to move up the substantial completion deadline five days, to May 10, 2021. *Id.* On January 20, 2021, Defendants reiterated that substantial completion one month before the June 11 fact discovery deadline was not workable. *Id.*

The parties met and conferred on January 22, 2021 to discuss scheduling, and McLane advised that it was still conducting custodian interviews, and would not accept the search terms or commit to an earlier production deadline without a more definite understanding of the number of documents to review. *See* Decl. at 5. Defendants agreed to table further discussions about the

timing of McLane's production while McLane sought to identify custodians, and collect and process data. *Id.*

McLane identified potential custodians on February 8, 2021, *see* Decl. at 6, but continuously delayed acceptance of the proposed search terms—which Defendants served January 14, and which countless other DAPs had agreed to without issue—until early April. Defendants attempted to work with McLane to ensure the production stayed on track, including repeatedly following up on the status of McLane's collection and review during this two-month period:

- Defendants asked for an update on search terms during a February 12, 2021 meet and confer; McLane responded that it was still collecting and processing custodial data and would provide an updated timing estimate the next week. *See* Decl. at 7.

- A week later, on February 19, McLane advised that "there was a delay in ingesting data" due to extreme weather conditions in Texas, where McLane is based. *See* Decl., Ex. B. McLane estimated being able to test search terms the week of March 1. *Id.*

- On Friday, March 5, 2021, McLane sent proposed revisions to the search terms. *See* Decl., Ex. C.

- Defendants responded on March 10 and requested hit count reports for certain modified terms. *Id.*

- On March 12, McLane agreed to "circulate a search term hit reports [sic] as soon as the remainder of our data is processed and the hit report is complete." Until that occurred, McLane indicated that it would "continue working with the agreed search terms." *Id.*

- Defendants wrote to McLane on March 26, 2021, requesting a meet and confer to discuss finalizing a schedule for production. *Id.*

- Defendants followed up on that request on March 31, and a meet and confer was scheduled for April 5, 2021. *Id.*

- During the April 5 meet and confer, Defendants inquired about the hit reports, only to be told that McLane *still* had not ingested all the relevant data due to the February snowstorm in Texas. McLane estimated it would be able to provide the hit counts later that week. *See* Decl. at 10.

4

- McLane finally provided the requested hit reports on April 9, 2021, almost three months after Defendants first sent proposed search terms.³ *See* Decl., Ex. C.

During the same April 5 meet and confer, Defendants asked and McLane at last gave a more definitive estimate for substantial completion of its document production: May 10, 2021. *See* Decl. at 11. Defendants immediately proposed extending the time to depose McLane witnesses by one month, reiterating that a May 10 production deadline did not leave enough time for depositions, which Defendants had been communicating to McLane since January. *Id.* at 12. McLane's counsel indicated they would consider the proposal. *Id.* Defendants followed up on April 15, asking for confirmation of the May 10 production deadline and whether McLane would agree to the one-month extension to July 11, 2021, as discussed. *See* Decl., Ex. C. In the interest of fairness, Defendants also stated that they could accept a one-month extension if McLane completed its production by May 14, rather than May 10, as agreed to with other DAPs. *Id.* McLane replied on April 19 that, "We appreciate the offer for the extension, but we will not need it." *Id.* Defendants clarified that the May 14 deadline was offered as a courtesy, but that Defendants were still seeking an extension even if McLane completed production by May 10. *Id.* Defendants reminded McLane, again, that Defendants have consistently stated that one month to prepare for and take depositions is not workable. *Id.* McLane responded on April 22, rejecting the extension unless Defendants agreed to a mutual extension for both fact discovery and expert reports.⁴ *Id.*

The parties attempted to seek a resolution but are at an impasse, with just over five weeks left until the close of fact discovery.

---

[3] Defendants accepted McLane's proposed revisions on April 15, 2021. The revisions limited the number of documents McLane had to review and did not increase McLane's review burden.

[4] In the alternative, McLane indicated it would be "open to discussing" Defendants' request for an extension with respect to McLane only, but only if Defendants agreed to make certain commitments with respect to discovery requests served by McLane. *See* Decl., Ex. C. Defendants are engaging in meet-and-confers regarding McLane's discovery requests, but this separate issue does not detract from the issue at hand – whether Defendants should receive a one-month extension to take depositions of McLane.

**ARGUMENT**

I. **DEFENDANTS HAVE SHOWN GOOD CAUSE FOR SEEKING AN EXTENSION.**

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." "The primary consideration in making a good cause determination is the diligence of the party seeking the amendment." *United States ex rel. Derrick v. Roche Diagnostics Corp.*, No. 14 C 4601, 2019 WL 10367989, at *1 (N.D. Ill. July 12, 2019) (*citing Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011)). As detailed above, Defendants have been diligent in both negotiating McLane's discovery responses and in bringing this dispute to the Court.

Since serving initial discovery requests on January 14, 2021, Defendants have regularly and repeatedly inquired about McLane's document review and production. In many instances, Defendants had to affirmatively follow up about the status of McLane's discovery efforts (often to be told that data processing was still in progress). Indeed, just days after serving initial discovery requests, Defendants made clear to McLane that any schedule must provide more than one month after the substantial completion deadline to take depositions. *See* Decl., Ex. A. Defendants reiterated this position multiple times. *See, e.g.,* Decl., Ex. A; Decl. at 5, Decl., Ex. C. And, when it became clear in early April that McLane would not be able to complete its document production before May 10, Defendants immediately proposed an extension. McLane did not raise any real concerns or additional conditions until April 22; up to that point, Defendants reasonably believed the parties would be able to reach an agreement. In the intervening period before filing this motion, Defendants attempted resolve the dispute with McLane, as required under the Local Rules. However, now clear that McLane is unwilling to agree to a short extension absent other conditions, Defendants had no choice but to move the Court for relief.

6

## II. A ONE-MONTH EXTENSION FOR DEPOSITIONS IS REASONABLE AND APPROPRIATE UNDER THE CIRCUMSTANCES.

The extension Defendants seek is reasonable and proportionate, and will allow Defendants sufficient time to prepare for and take depositions of a very significant customer without having any effect on the overall case schedule. Indeed, multiple other DAPs (including some with substantial completion deadlines over a month before May 10) have agreed to this same one-month extension for depositions. When McLane filed its complaint at the end of December 2020, completion of document production and depositions by mid-June 2021 was tight, but feasible. However, over the past nearly five months, there have been a series of delays that have stalled McLane's document production. Whatever the cause of the delays, Defendants are now in a position where they will have 30 days to review documents, then prepare for and take depositions.

This is simply not realistic given McLane's size and the current status of its production. To date, McLane has produced 156 documents. *See* Decl. at 13; Decl., Ex. C. This includes documents like supplier contracts, assignments, and retention policies, but does not include any custodial documents. *Id.* Without a meaningful production of documents, Defendants cannot even identify which McLane employees they should depose in the first place. What's more, Defendants fully expect to receive a substantial number of documents (and if they do not, this raises concerns about the sufficiency of McLane's production). By its own admission, McLane is one of the largest supply chain companies in the United States. *See* n.2, *supra*. McLane's initial disclosures identified 14 full custodians, and three additional custodians relating to benchmarking and/or trade associations. *See* Decl. at 6. The partial hit count reports that Defendants received indicate that certain search terms are returning thousands of hits. *See* Decl., Ex. C. It took *months* to load and process all the data and, presumably, months to review the search term hits. Asking Defendants to take this all on in four weeks, when McLane had more than four months, is fundamentally unfair.

Defendants have been diligent in seeking discovery from McLane and should not be prejudiced by the various delays over which Defendants had no control.

### III. MCLANE'S REQUEST FOR A MUTUAL EXTENSION IS IMPROPER.

Defendants' request for an extension is due to a single issue: McLane's inability to complete its document production with sufficient time for depositions. McLane's attempt to force an extension of discovery on Defendants is inappropriate. To start, McLane and certain other DAPs are already seeking to extend the deadline for fact discovery (which Defendants have opposed). *See* Dkt. 4468. Should the Court deny that request, why should McLane get a second bite at the apple due to *its own* production delays?

Further, McLane's alternative offer—that Defendants "commit to promptly responding" to McLane's discovery requests and in turn, McLane "would be open to discussing" an extension—is even more unworkable. First, Defendants *have* been responding to McLane, as is appropriate for each individual company. Pilgrim's, for instance, is scheduled to meet and confer with McLane this week. More importantly, an offer to "be open to discussing" an extension, at this late stage, is meaningless. McLane's refusal to commit to a reasonable production schedule is the very reason this motion is needed.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant a one-month extension, until July 11, 2021, for Defendants to take depositions of McLane witnesses.

## STATEMENT OF COMPLIANCE WITH LOCAL RULE 37.2

Pursuant to N.D. Ill. Local Rule 37.2, Defendants state they have engaged in good faith meet and confer discussions in an effort to resolve this discovery dispute without court intervention, including a telephone conference on April 5, 2021 between counsel for Defendants (Jessica Falk and Rachel Crosswell) and counsel for McLane (H. Camille Papini-Chapla and Harry Dorcy) in which Defendants proposed the one-month extension. Defendants sought confirmation of McLane's agreement by email on April 15, 2021, and when that was denied, exchanged numerous emails with counsel for McLane through April 30, 2021 (as reflected in Ex. C).[5] The parties have explained their positions clearly to one another, and further discussion will not result in an accord.

---

[5] Defendants' latest email asked for a response by the end of the day on Friday, April 30, 2021 if McLane did not agree that the parties are at an impasse. At the time of filing, McLane had not responded to the email, which Defendants interpret as McLane's agreement that the parties are at an impasse on this issue.

Dated: May 3, 2021

KIRKLAND & ELLIS LLP

By: /s/ *Daniel E. Laytin, P.C.*
Daniel E. Laytin, P.C.
Christa C. Cottrell, P.C.
Stacy Pepper
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
dlaytin@kirkland.com
ccottrell@kirkland.com
stacy.pepper@kirkland.com

*Attorneys for Defendants Sanderson Farms, Inc., Sanderson Farms, Inc. (Foods Division), Sanderson Farms, Inc. (Processing Division), and Sanderson Farms, Inc. (Production Division) and Liaison Counsel for Defendants*

Respectfully submitted,

WEIL GOTSHAL & MANGES LLP

By: */s/ Carrie C. Mahan*
Carrie C. Mahan (#459802)
Christopher J. Abbott (#1014487)
2001 M Street N.W., Ste. 600
Washington, D.C. 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
carrie.mahan@weil.com
christopher.abbott@weil.com

Jessica L. Falk (#4763686)
767 Fifth Avenue
New York, NY 10153
Telephone: 212-310-8000
Facsimile: 212-310-8007
jessica.falk@weil.com

EIMER STAHL LLP

Michael L. McCluggage (#01820966)
224 South Michigan Avenue, Ste. 1100
Chicago, IL 60604
Telephone: (312) 660-7665
Facsimile: (312) 692-1718
mmccluggage@eimerstahl.com

*Attorneys for Defendant Pilgrim's Pride Corporation*

| | |
|---|---|
| NOVACK AND MACEY LLP | VENABLE LLP |
| By: /s/ *Stephen Novack* <br> Stephen Novack <br> Stephen J. Siegel <br> Christopher S. Moore <br> 100 North Riverside Plaza <br> Chicago, IL 60606 <br> Telephone: (312) 419-6900 <br> Facsimile: (312) 419-6928 <br> snovack@novackmacey.com <br> ssiegel@novackmacey.com <br> cmoore@novackmacey.com <br><br> *Attorneys for Defendants Koch Foods Incorporated, JCG Foods of Alabama LLC, JCG Foods of Georgia LLC and Koch Meat Co., Inc.* | By: /s/ *J. Douglas Baldridge* <br> J. Douglas Baldridge (#437678) <br> Lisa Jose Fales (admitted *pro hac vice*) <br> Danielle Foley (admitted *pro hac vice*) <br> Andrew Hernacki (admitted *pro hac vice*) <br> 600 Massachusetts Avenue, NW <br> Washington, DC 20001 <br> Telephone: (202) 344-4000 <br> Facsimile: 202-344-8300 <br> jdbaldridge@venable.com <br> ljfales@venable.com <br> drfoley@venable.com <br> athernacki@venable.com |
| VEDDER PRICE P.C. <br><br> By: /s/ *Gregory G. Wrobel* <br> Gregory G. Wrobel (#3122900) <br> 222 N. LaSalle Street <br> Chicago, IL 60601 <br> Telephone: (312) 609-7722 <br> Facsimile: (312) 609-5005 <br> gwrobel@vedderprice.com | FALKENBERG IVES LLP <br><br> Kirstin B. Ives <br> 30 N. LaSalle St., Ste 4020 <br> Chicago, IL 60602 <br> Telephone: (312) 566-4803 <br> Facsimile: (312) 566-4810 <br> kbi@ffilaw.com <br><br> *Attorneys for Defendants Perdue Farms, Inc. and Perdue Foods LLC* |
| JORDAN PRICE WALL GRAY JONES & CARLTON, PLLC <br><br> Henry W. Jones, Jr. (admitted *pro hac vice*) <br> 1951 Clark Avenue <br> Raleigh, NC 27605 <br> Telephone: (919) 828-2501 <br> Facsimile: (919) 834-8447 <br> hjones@jordanprice.com <br><br> *Attorneys for Defendant House of Raeford Farms, Inc.* | |

KUTAK ROCK LLP

By: /s/ *John P. Passarelli*
John P. Passarelli (admitted *pro hac vice*)
James M. Sulentic (admitted *pro hac vice*)
1650 Farnam Street
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
john.passarelli@kutakrock.com
james.sulentic@kutakrock.com

J.R. Carroll (admitted *pro hac vice*)
Jeffrey M. Fletcher (admitted *pro hac vice*)
234 East Millsap Road, Ste 200
Fayetteville, AR 72703-4099
Telephone: (479) 973-4200
Facsimile: (479) 973-0007
jr.caroll@kutakrock.com
Jeffrey.fletcher@kuakrock.com

Kimberly M. Hare (#6323326)
One South Wacker Drive, Ste 2050
Chicago, IL 60606-4614
Telephone: (312) 602-4100
Facsimile: (312) 602-4101
kimberly.hare@kutakrock.com

*Attorneys for Defendants O.K. Foods, Inc., O.K. Farms, Inc., and O.K. Industries, Inc.*

MAYER BROWN LLP

By: /s/ *Carmine R. Zarlenga*
Carmine R. Zarlenga (#90784529)
William H. Stallings (admitted *pro hac vice*)
Stephen M. Medlock (admitted *pro hac vice*)
Oral D. Pottinger (admitted *pro hac vice*)
1999 K Street N.W.
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
czarlenga@mayerbrown.com
wstallings@mayerbrown.com
smedlock@mayerbrown.com
opottinger@mayerbrown.com

*Attorneys for Defendant Foster Farms, LLC and Foster Poultry Farms, a California Corporation*

PROSKAUER ROSE LLP

By: /s/ *Christopher E. Ondeck*
Christopher E. Ondeck (admitted *pro hac vice*)
Stephen R. Chuk (admitted *pro hac vice*)
1001 Pennsylvania Ave., NW, Ste 600 South
Washington, DC 20004
Telephone: (202) 416-6800
Facsimile: (202) 416-6899
condeck@proskauer.com
schuk@proskauer.com

*Attorneys for Wayne Farms LLC*

12

VAUGHAN & MURPHY

By: /s/ *Charles C. Murphy, Jr.*
Charles C. Murphy, Jr. (admitted *pro hac vice*)
690 S Ponce Court NE
Atlanta, GA 30307
Telephone: (404) 667-0714
Facsimile: (404) 529-4193
cmurphy@vaughanandmurphy.com

WINSTON & STRAWN LLP

James F. Herbison
Michael P. Mayer
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
jherbison@winston.com
mmayer@winston.com

*Attorneys for Defendant Norman W. Fries, Inc. d/b/a Claxton Poultry Farms*

EDWARD C. KONIECZNY LLC

By: */s/ Edward C. Konieczny*
Edward C. Konieczny (admitted *pro hac vice*)
1201 Peachtree Street, NE, Suite 1501
Atlanta, GA 30361
Telephone: (404) 380-1430
Facsimile: (404) 382-6011
ed@koniecznylaw.com

SMITH, GAMBRELL & RUSSELL, LLP

David C. Newman (admitted *pro hac vice*)
W. Parker Sanders (admitted *pro hac vice*)
1230 Peachtree Street, N.E.
Promenade, Ste 3100
Atlanta, GA 30309
Telephone: (404) 815-3500
Facsimile: (404) 815-3509
dnewman@sgrlaw.com
psanders@sgrlaw.com

James L. Thompson
Lynch Thompson LLP
150 S. Wacker Drive, Suite 2600
Chicago, IL 60606
T: (312) 445-4623
F: (312) 896-5883
jthompson@lynchthompson.com

*Attorneys for Defendants Mar-Jac Poultry, Inc., Mar-Jac Poultry MS, LLC, Mar-Jac Poultry AL, LLC, Mar-Jac AL/MS, Inc., Mar-Jac Poultry, LLC, Mar-Jac Holdings, Inc.*

SHOOK HARDY & BACON LLP

By: /s/ *Lynn H. Murray*
Lynn H. Murray
111 S. Wacker Dr., Ste 4700
Chicago IL 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195
lhmurray@shb.com

Laurie A. Novion
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
lnovion@shb.com

CONNER & WINTERS

John R. Elrod
Vicki Bronson (admitted *pro hac vice*)
4375 N. Vantage Drive, Ste. 405
Fayetteville, AR 72703
Telephone: (479) 582-5711
jelrod@cwlaw.com
vbronson@cwlaw.com

*Attorneys for Defendant Simmons Foods, Inc. and Simmons Prepared Foods Inc.*

HOGAN LOVELLS US LLP

By: /s/ *William L. Monts III*
William L. Monts III (admitted *pro hac vice*)
Justin W. Bernick (admitted *pro hac vice*)
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
Telephone: (202) 637-5910
Facsimile: (202) 637-5911
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com

MILLER, CANFIELD, PADDOCK, AND STONE P.L.C.

Jacob D. Koering
225 West Washington Street, Ste 2600
Chicago, Illinois 60606
Telephone: (312) 460-4272
Facsimile: (312) 460-4201
koering@millercanfield.com

*Attorneys for Defendant Agri Stats, Inc.*

<div style="column-count:2">

JOSEPH D. CARNEY & ASSOCIATES LLC

By: /s/ *Joseph D. Carney*
Joseph D. Carney (admitted *pro hac vice*)
Telephone: 440-249-0860
Facsimile: 866-270-1221
jdc@jdcarney.com
case@jdcarney.com

Office Address:
139 Crocker Park Boulevard, Ste. 400
Westlake, OH 44145

Mailing Address:
1540 Peach Drive
Avon, OH 44011

MILLER SHAKMAN LEVINE & FELDMAN LLP

Thomas M. Staunton
Daniel M. Feeney
180 North LaSalle Suite 3600
Chicago, IL 60601
Telephone: 312-263-3700
tstaunton@millershakman.com
dfeeney@millershakman.com

D.KLAR LAW

Deborah A. Klar (admitted *pro hac vice*)
Deborah A. Klar, Esq.
2934 1/2 Beverly Glen Circle, Suite 761
Bel Air, CA 90077
Telephone: 310-858-9500
dklar@dklarlaw.com

*Attorneys for Defendants Case Foods, Inc., Case Farms, LLC, and Case Farms Processing, Inc.*

EVERSHEDS SUTHERLAND (US) LLP

By: /s/ *Patricia A. Gorham*
James R. McGibbon (admitted *pro hac vice*)
Patricia A. Gorham (admitted *pro hac vice*)
Peter M. Szeremeta (admitted *pro hac vice*)
Kaitlin A. Carreno (admitted *pro hac vice*)
Dylan de Fouw (admitted *pro hac vice*)
999 Peachtree Street, N.E., Ste 2300
Atlanta, Georgia 30309-3996
Telephone: (404) 853-8000
Facsimile: (404) 853-8806
jimmcgibbon@eversheds-sutherland.com
patriciagorham@eversheds-sutherland.com
peterszeremeta@eversheds-sutherland.com
katilincarreno@eversheds-sutherland.com
dylandefouw@eversheds-sutherland.com

SMITHAMUNDSEN LLC

Ronald Balfour
SMITH AMUNDSEN LLC
150 N. Michigan Avenue, Ste 3300
Chicago, Illinois 60601
Telephone: (312) 894-3369
Facsimile: (312) 997-1816
rbalfour@salawus.com

*Attorneys for Defendant Harrison Poultry, Inc.*

</div>

15

| | |
|---|---|
| STINSON LLP | DYKEMA GOSSETT PLLC |
| By: /s/ *William L. Greene* | By: /s/ *Howard B. Iwrey* |
| William L. Greene (admitted *pro hac vice*) | Howard B. Iwrey |
| Peter J. Schwingler (admitted *pro hac vice*) | 39577 Woodward Ave, Ste. 300 |
| Kevin P. Kitchen (admitted *pro hac vice*) | Bloomfield Hills, MI 48304 |
| 50 South Sixth Street, Ste 2600 | Telephone: 248-203-0526 |
| Minneapolis, MN 55402 | Facsimile: 248-203-0763 |
| Telephone: (612) 335-1500 | hiwrey@dykema.com |
| william.greene@stinson.com | |
| peter.schwingler@stinson.com | Steven H. Gistenson |
| kevin.kitchen@stinson.com | 10 South Wacker Drive, Ste. 2300 |
| | Chicago, IL 60606 |
| J. Nicci Warr | Telephone: 312-627-2267 |
| 7700 Forsyth Blvd., Suite 1100 St. Louis, MO 63105 Telephone: (314) 259-4570 | Facsimile: 312-876-1155 |
| nicci.warr@stinson.com | sgistenson@dykema.com |
| | Cody D. Rockey |
| SUGAR FELSENTHAL GRAIS & HELSINGER LLP | 2723 South State Street, Ste. 400 Ann Arbor, MI 48104 |
| | Telephone: 734-214-7655 |
| John C. Martin | Facsimile: 734-214-7696 |
| 30 N. LaSalle Street, Ste 3000 | crockey@dykema.com |
| Chicago, IL 60602 | |
| Telephone: (312) 704-2172 | Dante A. Stella |
| Facsimile: (312) 372-7951 | 400 Renaissance Center |
| jmartin@sfgh.com | Detroit, MI 48243 |
| | Telephone: 313-568-6693 |
| THE LAW GROUP OF NORTHWEST ARKANSAS LLP | Facsimile: 313-568-6893 |
| | dstella@dykema.com |
| Gary V. Weeks (admitted *pro hac vice*) | *Attorneys for Defendants Amick Farms, LLC* |
| K.C. Dupps Tucker (admitted *pro hac vice*) | |
| Kristy E. Boehler (admitted *pro hac vice*) | |
| 1830 Shelby Lane | |
| Fayetteville, AR 72704 | |
| Telephone: (479) 316-3760 | |
| gary.weeks@lawgroupnwa.com | |
| kc.tucker@lawgroupnwa.com | |
| kristy.boehler@lawgroupnwa.com | |
| *Attorneys for Defendants George's, Inc. and George's Farms, Inc.* | |

By: /s/ *John W. Treece*
John W. Treece (#3122889)
1135 West Montana Street
Chicago, IL 60614
Telephone: (312) 961-7808
jtreece@jwtreece.com

ROSE LAW FIRM

Amanda K. Wofford (admitted *pro hac vice*)
Bourgon Reynolds (admitted *pro hac vice*)
120 East Fourth Street
Little Rock, Arkansas 72201
Telephone: (501) 375-9131
Facsimile: (501) 375-1309
awofford@roselawfirm.com
breynolds@roselawfirm.com

*Attorneys for Defendants Mountaire Farms Inc., Mountaire Farms, LLC and Mountaire Farms of Delaware, Inc.*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ *Patrick Fitzgerald*
Patrick Fitzgerald (#6307561)
Gail Lee
Peter Cheun
155 N. Wacker Drive Chicago, IL 60606
Telephone: (312) 407-0700
Facsimile: (312) 407-0411
patrick.fitzgerald@skadden.com
gail.lee@skadden.com
peter.cheun@skadden.com

Boris Bershteyn (admitted *pro hac vice*)
Lara Flath (#6289481)
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
boris.bershteyn@skadden.com
lara.flath@skadden.com

*Attorneys for Defendant Peco Foods, Inc.*

AXINN, VELTROP & HARKRIDER LLP

By: /s/ *Rachel J. Adcox*
Rachel J. Adcox (#1001488)
Daniel K. Oakes (admitted *pro hac vice*)
Kenina J. Lee (admitted *pro hac vice*)
950 F Street NW, Ste 700
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
radcox@axinn.com
doakes@axinn.com
klee@axinn.com

John M. Tanski (admitted *pro hac vice*)
Jarod G. Taylor (admitted *pro hac vice*)
90 State House Square
Hartford, CT 06103
Telephone: (860) 275-8100
Facsimile: (860) 275-8101
jtanski@axinn.com
jtaylor@axinn.com

Nicholas E.O. Gaglio (admitted *pro hac vice*)
Kail J. Jethmalani (admitted *pro hac vice*)
114 West 47th Street
New York, NY 10036
Telephone: (212) 728-2200
Facsimile: (212) 261-5654
ngaglio@axinn.com
kjethmalani@axinn.com

LIPE LYONS MURPHY NAHRSTADT & PONTIKIS, LTD.

Jordan M. Tank
230 West Monroe, Street, Ste 2260
Chicago, IL 60606
Telephone: (312) 702-0586
Facsimile: (312) 726-2273
jmt@lipelyons.com

*Attorneys for Defendants Tyson Foods, Inc., Tyson Chicken, Inc., Tyson Breeders, Inc., Tyson Poultry, Inc., Keystone Foods LLC, Equity Group Eufaula Division, LLC, Equity Group Kentucky Division LLC, Equity Group – Georgia Division LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2021, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Carrie C. Mahan*