IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION<br><br>This Document Relates To All Actions | Case No. 16-cv-8637<br><br>Honorable Thomas M. Durkin<br><br>Magistrate Judge Jeffrey T. Gilbert<br><br>**REDACTED** |

**MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY
TIMOTHY STILLER'S MOTION FOR LEAVE TO
INTERVENE AND FOR THE ENTRY OF A STAY OF
DEPOSITION DISCOVERY**

Timothy Stiller respectfully requests leave to intervene in the above-captioned action for the limited purpose of seeking the entry of a stay of his deposition ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Mr. Stiller has been informed that on April 22, 2021, this Court apparently entered a sealed Order allowing Mr. Stiller's deposition to proceed. Because Mr. Stiller does not have access to the sealed Order, he cannot assess either the scope of discovery that is being permitted, or the basis for allowing discovery to move forward at this time.[1] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Mr. Stiller's motion is ripe given the Court's April 22nd Order, and given the

---

[1] Mr. Stiller requests that he be given access to the April 22, 2021 Order so that its scope and/or reasoning can be addressed, as needed, in the reply expected to be filed in support of the instant motion.

accelerated briefing schedule [Doc. 4581] established in response to *Non-party Jayson Penn's Motion for Leave to Intervene and for Entry of a Protective Order* [Doc. 4575], which also is premised upon the April 22nd Order and raises issues that are similar to the issues being raised by Mr. Stiller.

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Stiller is the Head of Food Service for poultry supplier Pilgrim's Pride Corporation ("Pilgrim's"). Declaration of Kristen M. Frost in Support of Non-Party Timothy Stiller's Motion to Intervene and Request To Stay Deposition Discovery ("Frost Decl.") at ¶¶ 2, 8. In June 2020, a grand jury returned an indictment against four individuals for alleged bid-rigging and price-fixing in connection with the sale of broiler chicken products between 2012 and 2017. *United States v. Stiller et al.*, No. 1:20-cr-00152-PAB (D. Colo. June 2, 2020), ECF No. 1. In October 2020, the government obtained a Superseding Indictment which names six additional defendants and identifies additional conduct alleged to violate Section 1 of the Sherman Antitrust Act. Mr. Stiller is not named as a defendant in the Superseding Indictment. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

The government has correctly recognized that its investigation and the criminal indictment overlap substantially with the allegations in this action. *See United States' Motion to Intervene and Stay Discovery, In re Broiler Chicken Antitrust Litig.*, No. 16-cv-8637, (N.D. Ill. June 21, 2019, ECF No. 2268, at 7. ▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

## LEGAL STANDARDS

Federal Rule of Civil Procedure 24(a) requires a court to permit intervention "if (1) the motion is timely; (2) the moving party has an interest relating to the property or transaction at issue in the litigation; and (3) that interest may, as a practical matter, be impaired or impeded by disposition of the case." *Driftless Area Land Conservancy v. Huebsch*, 969 F.3d 742, 746 (7th Cir. 2020). "A proposed intervenor who satisfies these three elements is *entitled* intervene *unless* existing parties adequately represent his interests." *Ibid.* (emphasis in original).

Where a party is not entitled to intervention of right under Fed.R.Civ.P. 24(a), intervention may be permitted under Rule 24(b), provided the party timely moves and "has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b). "Two requirements must be met before a court may exercise its discretionary power to grant intervention under 24(b)(2): The proposed intervenor must demonstrate that "there is (1) a common question of law or fact, and (2) independent jurisdiction." *Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995).

Federal Rule of Civil Procedure 26 governs motions for a protective order. For good cause, a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden." Fed.R.Civ.P. 26(c)(1). This authority extends to staying "civil proceedings until after the completion of criminal proceedings . . ." *Cruz v. City of DuPage*, 1997 WL 370194 at *2 (N.D. Ill. June 27, 1997).

Courts have composed slightly varying lists of factors to consider in determining whether to stay a civil proceeding pending the outcome of a related criminal case. The concerns such lists

express can be distilled down to the following factors: (1) the extent to which the issues in the criminal and civil matters overlap and whether the government initiated both proceedings; (2) the posture of the criminal proceedings; (3) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (4) the burden which any particular aspect of the proceedings may impose on defendants; (5) the convenience of the court in the management of its cases, and the efficient use of judicial resources; and (6) the interests of persons not parties to the civil litigation and of the public in pending civil and criminal litigation. *United States v. All Meat & Poultry Prods.*, 2003 WL 22284318 at *2 (N.D. Ill. Oct. 3, 2003). *See also Glover v. Upmann*, 2020 WL 1433801 at *1 (N.D. Ill. Mar. 24, 2020) (same).

## ARGUMENT

I. **Mr. Stiller should be permitted to intervene in this matter.**

Mr. Stiller is entitled to intervene in this case as a matter of right. First, Mr. Stiller has a "direct, significant" and "legally protectable" interest in a stay of his deposition in this action that would be impaired should the Court permit the plaintiffs to depose him. As explained in greater detail below, *infra,* Argument II(e), case law establishes that non-party witnesses in civil cases have a substantial and legally protectable interest in preserving their Fifth Amendment right against self-incrimination. That interest exists, and is protectable, so long as there is a "non-frivolous" chance that the witness may face criminal charges that are related to the civil case, and despite the fact that the witness may not currently be under indictment. *See, e.g., In re Folding Carton Antitrust Litig.,* 609 F.2d 867, 871 (7th Cir. 1979) ("we conclude that it is only when there is but a fanciful possibility of prosecution that a claim of fifth amendment privilege is not well taken"). *See also, infra,* Argument II(b).

4

Second, the parties to this action do not adequately represent Mr. Stiller's interests. The plaintiffs' interests conflict with Mr. Stiller's because, among other things, they seek to depose him under circumstances that would impair his constitutional rights. The corporate defendants in this action are not in the same position as Mr. Stiller because they do not have Fifth Amendment rights, nor are they entitled to assert Mr. Stiller's rights on his behalf. *See, e.g., Curcio v. United States*, 354 U.S. 118, 122 (1957) ("a corporation is not protected by the constitutional privilege against self-incrimination"); *United States v. White,* 322 U.S. 694, 699 (1944) ("the privilege against self-incrimination is a purely personal one, [thus] it cannot be used by or on behalf of any organization, such as a corporation").

Third, Mr. Stiller's motion for intervention is timely. Mr. Stiller's motion is being filed shortly after he became aware of this Court's order permitting his deposition, and it is being filed within days of the expedited briefing schedule established for Mr. Penn's similar motion.

In the alternative, Mr. Stiller should be permitted to intervene under Rule 24(b). His motion is timely. Mr. Stiller "has a claim or defense that shares with the main action a question of law or fact"—namely, that he seeks a stay of his deposition, while plaintiffs would have that deposition go forward. Further, no "undu[e] delay or prejudice for adjudication of the original parties' rights" will result if Mr. Stiller is permitted to intervene given the fact that Mr. Penn's similar motion to intervene already had been granted by the Court. And finally, the Court can exercise jurisdiction over this request. *See Griffith v. University Hosp., L.L.C.*, 249 F.3d 658 (7th Cir. 2001) (recognizing that third parties may permissively intervene for the purpose of contesting protective orders). Furthermore, because Rule 26(c) explicitly authorizes Mr. Stiller to seek a stay of his proposed deposition, it would be unfair and unjust to deprive him of that opportunity by disallowing intervention.

5

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

a. *Overlap of issues between criminal and civil issues.*

The Superseding Indictment brought in the District of Colorado alleges a wide-ranging conspiracy and "continuing network of [s]uppliers and co-conspirators, an understood purpose of which was to suppress and eliminate competition through rigging bids and fixing prices and price-related terms for broiler chicken products sold in the United States" from 2012 through at least 2019. *In re Broiler Chicken Antitrust Litig.*, No. 16-cv-8637 (N.D. Ill. April 5, 2021), ECF No. 4575-3, Ex. 1, ¶¶ 1, 47-48. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The consolidated cases in this matter focus on the same overarching allegations, as this Court already had recognized. *See Memorandum Opinion and Order*, ECF No. 3835, at p. 4 ("There is a substantial relationship between the alleged bid-rigging claim and the alleged supply reduction and Georgia Dock price index manipulation claims. All three claims have the same goal of maintaining a high price for Broilers, involving the same industry and defendants. These similarities mean that discovery for all three claims is thoroughly intertwined in terms of the scope of relevant documents, document custodians, and deponents.").

This "substantial overlap of issues between the criminal and civil proceedings, if not

a near identity of those issues," supports the entry of a limited stay of Mr. Stiller's deposition. *See, e.g., Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 945-46 (N.D. Ill 2008) ("[t]he close relationship between the civil and criminal matters weighs in favor of a stay"); *Glover*, 2020 WL 1433801 at *2 ("significant overlap of issues here. . . . weighs in favor of a stay").

    b.    *Posture of the criminal proceedings.*

The posture of the criminal action favors a stay of Mr. Stiller's deposition. ▮

▮▮▮▮▮▮▮▮▮▮▮ That possibility is more than sufficient to justify Mr. Stiller's invocation of the Fifth Amendment in this case. *See, e.g., Lacy v. Butts*, 992 F.3d 371, 377 (7th Cir. 2019) ("[t]he Fifth Amendment 'protects against any disclosures which the witness reasonably believes *could be used* in a criminal prosecution or *could lead to other evidence* that might be so used'") (quoting *Kastigar v. United States*, 406 U.S. 441, 445 (1972)) (emphasis added by Seventh Circuit); *Resnover v. Pearson*, 965 F.2d 1453, 1462 (7th Cir. 1992) ("[w]e cannot agree that

7

a witness' constitutional privilege against self-incrimination depends upon a judge's prediction of the likelihood of prosecution . . . [i]t is only where there is but a fanciful possibility of prosecution that a claim of Fifth Amendment privilege is not well taken") (internal citations and quotations omitted); *Hilmann v. City of Chicago,* 918 F.Supp.2d 775, 778 (N.D. Ill. 2013) ("[t]he right to assert the Fifth Amendment privilege depends upon the possibility, not the likelihood of prosecution" and observing that the "possibility of prosecution is foreclosed only by the existence of an absolute bar to prosecution as indicated by a statute of limitations, immunity, or double jeopardy").

    c.    *Plaintiffs' interest in proceeding expeditiously and potential prejudice of a delay.*

While plaintiffs may have "a significant interest in obtaining resolution of [their] claims," *Chagolla*, 529 F.Supp.2d at 947, it is difficult to see how a stay of Mr. Stiller's deposition would have any adverse impact on that interest. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Thus, it appears that plaintiffs' interest in the timely resolution of their claims will not be stymied by a limited stay directed only at Mr. Stiller's deposition. In short, any stay of Mr. Stiller's deposition would have little if any impact on the course of proceedings.

    d.    *Burden which the proceedings may impose on defendants.*

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See, e.g, City of Chicago v. Reliable Truck Parts Co.,* 768 F.Supp. 642, 647 (N.D. Ill. 1991) ("[s]hould the individual defendants refuse to respond to questions

propounded in the course of such a deposition, however, the [plaintiff] may make full use of the negative inference of their silence at trial—as it relates to the liability of both the individual defendants themselves and [their employer-defendant]"). █

█

█

█

█

█

█

█

█

█

█

█

█

e. *Convenience of the court and efficient use of judicial resources.*

█

█

█

█

█

█

f. *Interests of persons not parties to the civil litigation and of the public in pending civil and criminal litigation.*

█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
████████████████████████
████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
███████████████████████████████
████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████

██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████

<a>
</a>



## CONCLUSION

For the foregoing reasons, Mr. Stiller respectfully requests that the Court enter an order granting Mr. Stiller leave to intervene in this action and issue a stay of his deposition until the threat of criminal prosecution has ended.

Dated: May 8, 2021

                                          Respectfully submitted,

                                          */s/ Kristen M. Frost*
                                          Kristen M. Frost (#6282905)
                                          Ridley, McGreevy & Winocur, P.C.
                                          303 16th Street, Suite 200
                                          Denver, CO 80202
                                          Tel.: (303) 629-9700
                                          Fax: (303) 629-9702
                                          frost@ridleylaw.com

                                          */s/ Patrick L. Ridley*
                                          Patrick L. Ridley (*Pro Hac Vice*)
                                          Ridley, McGreevy & Winocur, P.C.
                                          303 16th Street, Suite 200
                                          Denver, CO 80202
                                          Tel.: (303) 629-9700
                                          Fax: (303) 629-9702
                                          ridley@ridleylaw.com

                                          *Counsel for Non-Party Timothy Stiller*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have caused the foregoing to be filed on the Court's CM/ECF system, which automatically provides notice to counsel for all parties to the above-captioned action.

Dated: May 8, 2021

                                           */s/ Kristen M. Frost*
                                           Kristen M. Frost
                                           Ridley, McGreevy & Winocur, P.C.
                                           303 16th Street, Suite 200
                                           Denver, CO 80202
                                           Tel.: (303) 629-9700
                                           Fax: (303) 629-9702
                                           frost@ridleylaw.com