# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **IN RE BROILER CHICKEN ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO: DIRECT PURCHASER PLAINTIFF ACTIONS, COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFF ACTIONS, AND END-USER CONSUMER PLAINTIFF ACTIONS | Case No. 1:16-cv-08637<br><br>The Honorable Thomas M. Durkin<br>The Honorable Jeffery T. Gilbert<br><br>**[PUBLIC, REDACTED]** |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO FILE A SUR-REPLY AND SUPPLEMENTAL EXPERT REPORT

# INTRODUCTION

Defendants' class opposition papers struck a nerve. In those papers, Defendants show that Plaintiffs' experts' models defy common sense and ignore serious macroeconomic events as well as major variations in the classes: everything from unprecedented feed price spikes and the Great Recession, on the one hand, to differences in broiler demand and customer bargaining power on the other. When producers are losing money on bird sales, they produce fewer birds; it really is that simple. The fact that some supply reductions (or slower growth) would occur was obvious to anyone following the industry—including the USDA, which acknowledged it repeatedly.

Faced with these (and many other) damning attacks, Plaintiffs try to pivot. In particular, Dr. Carter's rebuttal report on behalf of the direct purchasers contains a significant amount of new analysis. ████████████████████████████████████████████████████████████████████████████

*See* Dkt. 4505, Carter Expert Reply Report ("Carter Reply") ¶¶ 127–32; Carter 5/12/21 Dep. 372:17–21. ████████████████████████████████

████████████ Carter Reply ¶¶ 197, 200. And the DPPs alone provided 11.5 gigabytes of ***entirely new*** "backup data" they had not previously produced or analyzed. The EUCPs' expert Dr. Sunding, too, includes an entirely new opinion that is not proper rebuttal: ████████████
████████████████████████████████████████████████████████████████████████████

*See* Dkt. 4487.3, Sunding Expert Reply Report ("Sunding Reply") ¶ 24. The list is long but the point is simple: faced with the real possibility of losing class certification, Plaintiffs have tried to redo their work.

Separately, DPPs' and EUCPs' briefing in support of their motions for class certification relied extensively on the district court's decision to grant certification in the *Tuna* antitrust

litigation. *See, e.g.*, Dkt. 3990, DPP Class Certification Br. at 40; Dkt. 4480, DPP Reply at 12, 15, 25, 32, & 38; Dkt. 4487, EUCP Reply at 11 n.45, 16 n.51, 30 n.87, 38 n.117; *In re Packaged Seafood Prods. Antitrust Litig.*, 332 F.R.D. 308 (S.D. Cal. 2019). On April 6, 2021, however, the Ninth Circuit vacated and remanded the district court's decision. *See Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 993 F.3d 774 (9th Cir. 2021).[1] The *Tuna* litigation involved similar experts as this case (including Dr. Johnson for defendants and Drs. Mangum and Sunding for plaintiffs) and similar issues regarding class certification—namely, whether plaintiffs' expert's model could support certification if the model's use of averaging masked the fact that 28% of the class was uninjured. *See id.* at 792. The Court should provide Defendants with an opportunity to address this important new legal development.

Because these analyses and the *Tuna* decision are new, Defendants have not yet had the time to respond to them. Therefore, to aid the Court's rigorous analysis of all the issues presented in the class certification motion papers, Defendants should be given a meaningful opportunity to respond to the new analyses contained in Plaintiffs' experts' reply reports and to the Ninth Circuit's recent opinion in the *Tuna* litigation. Accordingly, Defendants[2] respectfully seek leave to file (a) a short, 25-page sur-reply to Plaintiffs' motions for class certification, attached hereto as Exhibit A; and (b) a supplemental expert report that addresses Plaintiffs' experts' new analyses, attached hereto as Exhibit B.[3]

---

[1] Since the Ninth Circuit issued its opinion, a Ninth Circuit judge called for a vote to determine whether the case should be reheard en banc, and the court requested briefing regarding if the case should be reheard. *See Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, No. 19-56514, Dkt. 101 (9th Cir. Apr. 28, 2021).

[2] Because it has settled with the DPPs, Defendant Pilgrim's Pride notes that it joins this Motion to File a Sur-Reply and Supplemental Expert Report only as to the CIIPP and EUCP actions.

[3] Defendants conferred with Plaintiffs and understand that Plaintiffs object to Defendants filing a sur-reply and supplemental expert report.

2

## LEGAL STANDARD

An expert's rebuttal testimony must be limited to evidence that "is intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii). When plaintiffs' experts' rebuttals exceed the subject matter of their original reports, courts frequently remedy the situation by providing defendants an opportunity to respond to the new opinions through sur-reply briefs and their own supplemental expert reports. *In re Elec. Books Antitrust Litig.*, 2014 WL 1282293, at *8 (S.D.N.Y. Mar. 28, 2014); *see also In re Opana ER Antitrust Litig.*, MDL No. 2580, Case No. 14-cv-10150, Dkt. No. 492 (N.D. Ill. Jan. 31, 2020) (granting defendants leave to submit sur-replies and new reports to address expert opinions plaintiffs raised for the first time in their class certification replies); *Papyrus Tech. Corp. v. New York Stock Exch., LLC*, 257 F.R.D. 39, 40 (S.D.N.Y. 2009) (allowing defendant to file supplemental rebuttal expert reports "[t]o avoid any potential prejudice to the defendant").

Courts similarly allow defendants to file a sur-reply to "raise[] or respond[] to some new issue or development in the law." *Merrill Lynch Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 2009 WL 3762974, at *1 (N.D. Ind. Nov. 9, 2009).

## ARGUMENT

### I. THE NEW ANALYSES IN DR. CARTER'S AND DR. SUNDING'S REPORTS ARE IMPROPER REBUTTAL.

#### A. Dr. Carter's New Analysis Is Not Proper Rebuttal.

Plaintiffs and their experts filed voluminous rebuttal reports on March 29, knowing Defendants would have limited ability to respond without the Court's leave. In particular, the completely new analysis in Dr. Carter's 175-page reply is astounding:

- **New Corn-Price & Recession Analysis.** ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ *See* Carter Reply at Fig. 12.

3

■ ■ ■ *Id.* ¶¶ 127–32.

- **New Profit-Margin Analysis.** ■ ■ ■ *Id.* ¶¶ 194–201. ■ ■ ■ Carter 5/12/21 Dep. 263:7–18, 269:8–12; Carter Reply ¶ 200.

- **New Bankruptcy Analysis.** ■ ■ ■ Carter Reply ¶¶ 154–63.

- **New "Structural Break" Analysis.** ■ ■ ■ *Id.* ¶¶ 70–71 & Fig. 5.

- **New Backup Data.** Dr. Carter provides 11.5 gigabytes of new backup data, none of which accompanied his original report.

Unsurprisingly in light of all this new analysis, Dr. Carter's "rebuttal" report is 19 pages longer than his initial effort, despite also incorporating numerous cross-references. Dr. Carter's Reply goes far beyond the scope of his opening report in a transparent attempt to redo his report and add new analysis he could have done previously, including on each of the topics above.

***First*,** ■ ■ ■ *See* Carter Reply ¶¶ 130–32 & Fig. 12. This new analysis is not persuasive, as explained in Defendants' sur-reply. But for present purposes, the point is that this analysis is entirely missing from Dr. Carter's original report: ■ ■ ■

***Second***, ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████ *See* DPP Class

Opp. 11–14. ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

██████. Carter 1/12/21 Dep. 106:4–7.  Defendants should be given the opportunity to respond to this new analysis—and show that, if anything, it only proves the import of needing to address the impact of high feed costs on broiler supply.

***Third***, █████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

██████ Carter Report ¶¶ 74–79 & Fig. 3; Carter 5/12/21 Dep. 240:13–18, 243:5–9. ██

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

██████████████████████████ *See* Carter 1/12/21 Dep. 159:10–14; *see also id.* at 161:20–23

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

█████ Carter Reply ¶¶ 194–201 & Fig. 22. ████████████████████████████

███████████████████████████████████████████████████████████████████████

5

███████████████████████████ Ex. A at 11–13; Ex. B. ¶¶ 97–98 & Ex. 6.

***Fourth***, ████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████ Carter Reply ¶¶ 131, 154–63. █████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████ Carter 5/12/21

Dep. 323:7–19, 326:8–21.  Defendants should be permitted to respond to that new finding, too.

In total, Dr. Carter had to produce all new "backup" data totaling 11.5 gigabytes.  The law is clear that this new analysis is not proper "rebuttal"; it is an improper attempt to redo Dr. Carter's original Report and offer the Court new analysis that he could have provided in his initial Report. *See, e.g.*, *Coward v. Forestar Realty, Inc.*, 282 F. Supp. 3d 1317, 1331 (N.D. Ga. 2017) (citing *Smetzer v. Newton*, 2012 WL 2064507, at *1 (N.D. Ind. June 7, 2012)) ("Moreover, a rebuttal report is limited to contradicting or rebutting evidence on the same subject matter identified by another party and is not an opportunity to advance new opinions or new evidence.").  "A rebuttal report is ***not the time to change methodologies to account for noted deficiencies***; instead, it is to respond to criticisms of such methodologies." *Bowman v. Int'l Bus. Mach. Corp.*, 2013 WL 1857192, at *7 (S.D. Ind. May 2, 2013) (emphasis added).

For example, in the *Coward* case, where an expert's initial report did not discuss the software program Stata, it was improper to extensively discuss that program on rebuttal— "Because [the expert's] initial report did not discuss the use of this software program and now Stata appears to play an important, if not central, role in his methodology, it was not contrary to law to find that the report constituted improper rebuttal." 282 F. Supp. 3d at 1331. So too here:

██████████████████████████████████████████████████████████████████

██████████████████████████████████████ Carter 1/12/21 Dep. 85:24–25, 161:20–23.

His dozens of pages of new analysis on these topics only begs the question why such analysis was not included in his original report. *See Bowman*, 2013 WL 1857192, at *8.

Dr. Carter and the DPPs may not use rebuttal to attempt to revise and redo the glaring defects in their opening analysis. Accordingly, Defendants[4] request that the Court allow them to submit a sur-reply and supplemental expert report to address this new analysis.

### B. Dr. Sunding's New Analysis Is Not Proper Rebuttal.

While Dr. Carter's new analysis is most glaring, Dr. Sunding also submitted brand new analysis. ██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████ *See* Sunding

Reply ¶ 24; Sunding Dep. 144:20–25 ████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ *See* Sunding Reply

---

[4] Excluding Pilgrim's, *see supra* n.2.

7

¶¶ 89–103. ████

████

████ *See id.* ¶¶ 107–17.

████

████ Sunding Reply ¶ 113; Sunding Dep. 161:10–163:17 ████

████ All of this analysis is wrong, as explained in the accompanying filings, but what matters for this motion is that it is wholly new and departs from any legitimate response to Dr. Johnson's criticisms. Like Dr. Carter, Dr. Sunding attempts to "change methodologies to account for noted deficiencies," and his efforts to revise and redo the defects in his initial report are improper rebuttal as well. *Bowman*, 2013 WL 1857192, at *7; *Coward*, 282 F. Supp. 3d at 1331; *Stanfield v. Dart*, 2013 WL 589222, at *3 (N.D. Ill. Feb. 14, 2013).[5]

### C. EUCPs' New State-Law Arguments and Factual Assertions About Class Representative Weidner Are Not Proper Rebuttal.

In addition to new expert analysis, EUCPs also raise brand new arguments and factual assertions in their Reply. For example, even though EUCPs made no mention of their unjust

---

[5] Dr. Mangum, for his part, files no less than 285 pages of "rebuttal." While Dr. Mangum's latest report is more connected to "rebuttal" than the new analyses in Dr. Carter's and Dr. Sunding's reports, his reply report nevertheless added nearly 6 gigabytes of backup data and several new figures and analyses. ████ ████ Dkt. 4493.03, Mangum Expert Reply Report ¶ 145. This analysis, and its accompanying figures, could have—and should have—been done in Dr. Mangum's initial report. Similarly, ████ —while ostensibly responding to Dr. Johnson—could have been included in his initial report. *See, e.g., id.* ¶¶ 47, 221 & Figs. 44–47.

enrichment claims in their Motion, EUCPs now attempt to fill that hole on Reply by adding arguments and discussions about those very same laws. Similarly, EUCPs attempt to rehabilitate their Kansas class representative, David Weidner, by proffering two new factual issues. First, they proffer a declaration from Mr. Weidner in which he changes his prior deposition testimony purportedly after having his memory "refreshed" by store receipts that were never produced to Defendants prior to his deposition. Second, they attempt to downplay Mrs. Weidner's 24-year friendship with class counsel by claiming that counsel was only involved in the case in a tangential way for a short period. These new facts are demonstrably wrong, and Defendants should be provided an opportunity to explain this to the Court.

## II. DEFENDANTS SHOULD RECEIVE A MEANINGFUL OPPORTUNITY TO RESPOND TO THE NEW ANALYSIS AND NEW *TUNA* CASE LAW.

Defendants should have a meaningful opportunity to respond to Plaintiffs' voluminous submissions and new analysis. In addition, Defendants should have an opportunity to address the recent *Tuna* decision reversing the grant of class certification—and involving the same experts as in this case. *See Olean*, 993 F.3d 774.

***First,*** Defendants' briefing and Dr. Johnson's critiques have resulted in Plaintiffs conducting additional analysis to try and plug those gaps—including with over ***160 gigabytes*** of new backup data. Stated differently: Plaintiffs effectively sandbagged their analyses concerning the many holes in their original reports until these later, lengthier replies. Plaintiffs cannot wait for their reply reports to conduct extensive backstopping analysis, safe from any answer or opposing expert response. Instead, it is elementary that "[t]he plaintiff who knows that the defendant means to contest an issue that is germane to the prima facie case . . . must put in his evidence on the issue as part of his case in chief." *Braun v. Lorillard Inc.*, 84 F.3d 230, 237 (7th Cir. 1996); *see also Murphy v. Vill. of Hoffman Estates*, 1999 WL 160305, at *2 (N.D. Ill. Mar.

9

17, 1999) (observing that it is "established beyond peradventure that it is improper to sandbag one's opponent by raising new matter in reply"). "Otherwise the plaintiff could reverse the order of proof, in effect requiring the defendants to put in their evidence before the plaintiff put in his." *Braun*, 84 F.3d at 237. That risk is apposite here: where Drs. Carter and Sunding should have done a fulsome analysis in the first place, Plaintiffs cannot redo that analysis now and give Defendants no fair opportunity to respond.

Perhaps for this very reason, courts regularly allow defendants to file additional briefs and "a further supplemental expert report" where plaintiffs' experts submit significant new analysis. *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 138 F. Supp. 3d 1, 2 (D.D.C. 2015); *see also In re Opana*, MDL No. 2580, Case No. 14-cv-10150, Dkt. No. 492 (granting Defendants leave to file sur-replies and new opinions plaintiffs put forward on reply); *In re Elec. Books*, 2014 WL 1282293, at *8 ("[T]his Court granted Apple permission to file a sur-reply brief and sur-reply expert reports addressing new opinions that could not have been anticipated by Apple's experts." (quotation omitted)); *Univ. Healthsystem Consortium v. UnitedHealth Grp., Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014) ("In some instances, allowing the filing of a surreply 'vouchsafes the aggrieved party's right to be heard and provides the court with the information necessary to make an informed decision.'" (quoting *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 329 (N.D. Ill. 2005)).

***Second***, a short sur-reply will allow Defendants to discuss the Ninth Circuit's recent opinion in the *Tuna* antitrust litigation: a case involving the same experts as this case and the same issues that the Court must confront when deciding whether to grant Plaintiffs' motions for class certification. In the *Tuna* case, the Ninth Circuit vacated class certification where analysis by Dr. Johnson (Defendants' expert here) showed that the class could contain many uninjured class members and that Dr. Mangum's model (CIIPPs' expert here) may hide many uninjured class

10

members by averaging them all together. *Olean*, 993 F.3d at 791. As the Ninth Circuit explained, "a key factual determination courts must make is whether the plaintiffs' statistical evidence sweeps in uninjured class members," and a court cannot conclude that common issues predominate if plaintiffs' regression model is "unable to show impact for up to 28% of the class." *Id.* at 791–92. As Defendants' sur-reply and supplemental expert report make clear, Plaintiffs' experts' reports, similar to Dr. Mangum's report in the *Tuna* litigation, use "average assumptions" that "mask individual differences among the class members, such as bargaining power, negotiation positions, and marketing strategies." *Id.* at 792. District courts allow sur-reply briefs that "raise[] or respond[] to some new issue or development in the law"—such as the *Tuna* opinion here. *Merrill Lynch*, 2009 WL 3762974, at *1 (granting plaintiffs' motion to file a sur-reply "because it addresses [a] new and potentially dispositive issue"); *United States v. Anzures*, 2017 U.S. Dist. LEXIS 63629, at *2 (D.N.M. Apr. 26, 2017) (granting the government leave to file a sur-reply "to address on-point case law that has developed since the United States' initial response"). Defendants submit that the same result is warranted in this highly complex case.

## CONCLUSION

For the reasons stated above, Defendants' requested relief will ensure that both sides are adequately heard on Plaintiffs' enormously consequential motions to certify classes. Defendants respectfully ask the Court to grant Defendants leave to file (a) the sur-reply, attached hereto as Exhibit A; and (b) the supplemental expert report, attached hereto as Exhibit B.

Dated: May 20, 2021

Respectfully submitted,

<u>/s/ *Daniel E. Laytin, P.C.*</u>
Daniel E. Laytin, P.C.
Christa C. Cottrell, P.C.
Stacy Pepper
Rachel B. Haig
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000
dlaytin@kirkland.com
ccottrell@kirkland.com
stacy.pepper@kirkland.com
rachel.haig@kirkland.com

*Attorneys for Defendants Sanderson Farms, Inc., Sanderson Farms, Inc. (Processing Division), Sanderson Farms, Inc. (Production Division), & Sanderson Farms, Inc. (Foods Division) and Liaison Counsel for Defendants*

DEFENDANTS' ATTORNEYS

KIRKLAND & ELLIS LLP

By: */s/ Daniel E. Laytin, P.C.*
Daniel E. Laytin, P.C.
Christa C. Cottrell, P.C.
Stacy Pepper
Rachel B. Haig
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
dlaytin@kirkland.com
ccottrell@kirkland.com
stacy.pepper@kirkland.com
rachel.haig@kirkland.com

*Attorneys for Defendants Sanderson Farms, Inc., Sanderson Farms, Inc. (Foods Division), Sanderson Farms, Inc. (Processing Division), and Sanderson Farms, Inc. (Production Division) and Liaison Counsel for Defendant*

VENABLE LLP

By: */s/ J. Douglas Baldridge*
J. Douglas Baldridge (#437678)
Lisa Jose Fales (admitted *pro hac vice*)
Danielle Foley (admitted *pro hac vice*)
Andrew Hernacki (admitted *pro hac vice*)
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: 202-344-8300
jdbaldridge@venable.com
ljfales@venable.com
drfoley@venable.com
athernacki@venable.com

FALKENBERG IVES LLP

Kirstin B. Ives
30 N. LaSalle St., Ste 4020
Chicago, IL 60602
Telephone: (312) 566-4803
Facsimile: (312) 566-4810
kbi@ffilaw.com

*Attorneys for Defendants Perdue Farms, Inc. and Perdue Foods LLC*

| ROSE LAW FIRM | MAYER BROWN LLP |
|---|---|
| By: */s/ John W. Treece* <br> John W. Treece (#3122889) <br> 1135 West Montana Street <br> Chicago, IL 60614 <br> Telephone: (312) 961-7808 <br> jtreece@jwtreece.com <br><br> Amanda K. Wofford (admitted *pro hac vice*) <br> Bourgon Reynolds (admitted *pro hac vice*) <br> 120 East Fourth Street <br> Little Rock, AR 72201 <br> Telephone: (501) 375-9131 <br> Facsimile: (501) 375-1309 <br> awofford@roselawfirm.com <br> breynolds@roselawfirm.com <br><br> *Attorneys for Defendants Mountaire Farms Inc., Mountaire Farms, LLC and Mountaire Farms of Delaware, Inc.* | By: */s/ Carmine R. Zarlenga* <br> Carmine R. Zarlenga (#90784529) <br> William H. Stallings (admitted *pro hac vice*) <br> Stephen M. Medlock (admitted *pro hac vice*) <br> Oral D. Pottinger (admitted *pro hac vice*) <br> 1999 K Street N.W. <br> Washington, DC 20006 <br> Telephone: (202) 263-3000 <br> Facsimile: (202) 263-3300 <br> czarlenga@mayerbrown.com <br> wstallings@mayerbrown.com <br> smedlock@mayerbrown.com <br> opottinger@mayerbrown.com <br><br> *Attorneys for Defendant Foster Farms, LLC and Foster Poultry Farms, a California Corporation* |
| NOVACK AND MACEY LLP | PROSKAUER ROSE LLP |
| By: */s/ Stephen Novack* <br> Stephen Novack <br> Stephen J. Siegel <br> Christopher S. Moore <br> 100 North Riverside Plaza <br> Chicago, IL 60606 <br> Telephone: (312) 419-6900 <br> Facsimile: (312) 419-6928 <br> snovack@novackmacey.com <br> ssiegel@novackmacey.com <br> cmoore@novackmacey.com <br><br> *Attorneys for Defendants Koch Foods Incorporated, JCG Foods of Alabama LLC, JCG Foods of Georgia LLC and Koch Meat Co., Inc.* | By: */s/ Christopher E. Ondeck* <br> Christopher E. Ondeck (admitted *pro hac vice*) <br> Stephen R. Chuk (admitted *pro hac vice*) <br> 1001 Pennsylvania Ave., NW, Ste 600 South <br> Washington, DC 20004 <br> Telephone: (202) 416-6800 <br> Facsimile: (202) 416-6899 <br> condeck@proskauer.com <br> schuk@proskauer.com <br><br> *Attorneys for Wayne Farms LLC* |

KUTAK ROCK LLP

By: */s/ John P. Passarelli*
John P. Passarelli (admitted *pro hac vice*)
James M. Sulentic (admitted *pro hac vice*)
1650 Farnam Street
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
john.passarelli@kutakrock.com
james.sulentic@kutakrock.com

J.R. Carroll (admitted *pro hac vice*)
Jeffrey M. Fletcher (admitted *pro hac vice*)
234 East Millsap Road, Ste 200
Fayetteville, AR 72703-4099
Telephone: (479) 973-4200
Facsimile: (479) 973-0007
jr.caroll@kutakrock.com
Jeffrey.fletcher@kuakrock.com

Kimberly M. Hare (#6323326)
One South Wacker Drive, Ste 2050
Chicago, IL 60606-4614
Telephone: (312) 602-4100
Facsimile: (312) 602-4101
kimberly.hare@kutakrock.com

*Attorneys for Defendants O.K. Foods, Inc., O.K. Farms, Inc., and O.K. Industries, Inc.*

EDWARD C. KONIECZNY LLC

By: */s/ Edward C. Konieczny*
Edward C. Konieczny (admitted *pro hac vice*)
400 Colony Square, Ste 1501
1201 Peachtree Street, NE
Atlanta, GA 30361
Telephone: (404) 380-1430
Facsimile: (404) 382-6011
ed@koniecznylaw.com

SMITH, GAMBRELL & RUSSELL, LLP

David C. Newman (admitted *pro hac vice*)
W. Parker Sanders (admitted *pro hac vice*)
1230 Peachtree Street, N.E.
Promenade, Ste 3100
Atlanta, GA 30309
Telephone: (404) 815-3500
Facsimile: (404) 815-3509
dnewman@sgrlaw.com
psanders@sgrlaw.com

James L. Thompson
Lynch Thompson LLP
150 S. Wacker Drive, Suite 2600
Chicago, IL 60606
T: (312) 445-4623
F: (312) 896-5883
jthompson@lynchthompson.com

*Attorneys for Defendants Mar-Jac Poultry, Inc.*

| | |
|---|---|
| VAUGHAN & MURPHY | HOGAN LOVELLS US LLP |
| By: /s/ *Charles C. Murphy, Jr.* <br> Charles C. Murphy, Jr. <br> (admitted *pro hac vice*) <br> 690 S Ponce Court NE <br> Atlanta, GA 30307 <br> Telephone: (404) 667-0714 <br> Facsimile: (404) 529-4193 <br> cmurphy@vaughanandmurphy.com | By: /s/ *William L. Monts III* <br> William L. Monts III (admitted *pro hac vice*) <br> Justin W. Bernick (admitted *pro hac vice*) <br> 555 Thirteenth Street, N.W. <br> Washington, D.C. 20004-1109 <br> Telephone: (202) 637-5910 <br> Facsimile: (202) 637-5911 <br> william.monts@hoganlovells.com <br> justin.bernick@hoganlovells.com |
| WINSTON & STRAWN LLP <br><br> James F. Herbison <br> Michael P. Mayer <br> 35 West Wacker Drive <br> Chicago, IL 60601 <br> Telephone: (312) 558-5600 <br> Facsimile: (312) 558-5700 <br> jherbison@winston.com <br> mmayer@winston.com <br><br> *Attorneys for Defendant Norman W. Fries, Inc. d/b/a Claxton Poultry Farms* | MILLER, CANFIELD, PADDOCK, AND STONE P.L.C. <br><br> Jacob D. Koering <br> 225 West Washington Street, Ste 2600 <br> Chicago, Illinois 60606 <br> Telephone: (312) 460-4272 <br> Facsimile: (312) 460-4201 <br> koering@millercanfield.com <br><br> *Attorneys for Defendant Agri Stats, Inc.* <br><br> VEDDER PRICE P.C. <br><br> By: /s/ *Gregory G. Wrobel* <br> Gregory G. Wrobel (#3122900) <br> 222 N. LaSalle Street <br> Chicago, IL 60601 <br> Telephone: (312) 609-7722 <br> Facsimile: (312) 609-5005 <br> gwrobel@vedderprice.com <br><br> JORDAN PRICE WALL GRAY JONES & CARLTON, PLLC <br><br> Henry W. Jones, Jr. (admitted *pro hac vice*) <br> 1951 Clark Avenue <br> Raleigh, NC 27605 <br> Telephone: (919) 828-2501 <br> Facsimile: (919) 834-8447 <br> hjones@jordanprice.com <br><br> *Attorneys for Defendant House of Raeford Farms, Inc.* |

| SHOOK HARDY & BACON LLP | JOSEPH D. CARNEY & ASSOCIATES LLC |
|---|---|
| By: */s/ Lynn H. Murray* <br> Lynn H. Murray <br> 111 S. Wacker Dr., Ste 4700 <br> Chicago IL 60606 <br> Telephone: (312) 704-7700 <br> Facsimile: (312) 558-1195 <br> lhmurray@shb.com <br><br> Laurie A. Novion <br> 2555 Grand Blvd. <br> Kansas City, MO 64108 <br> Telephone: (816) 474-6550 <br> Facsimile: (816) 421-5547 <br> lnovion@shb.com <br><br> CONNER & WINTERS <br><br> John R. Elrod <br> Vicki Bronson (admitted *pro hac vice*) <br> 4375 N. Vantage Drive, Ste. 405 <br> Fayetteville, AR 72703 <br> Telephone: (479) 582-5711 <br> jelrod@cwlaw.com <br> vbronson@cwlaw.com <br><br> *Attorneys for Defendant Simmons Foods, Inc. and Simmons Prepared Foods Inc.* | By: */s/ Joseph D. Carney* <br> Joseph D. Carney (admitted pro hac vice) <br> OFFICE ADDRESS: <br> 139 Crocker Park Boulevard, Ste. 400 <br> Westlake, OH 44145 <br> MAILING ADDRESS: <br> 1540 Peach Drive <br> Avon, OH 44011 <br> Telephone: 440-249-0860 <br> Facsimile: 866-270-1221 <br> jdc@jdcarney.com <br> case@jdcarney.com <br><br> MILLER SHAKMAN LEVINE & FELDMAN LLP <br><br> Thomas M. Staunton <br> Daniel M. Feeney <br> 180 North LaSalle Suite 3600 <br> Chicago, IL 60601 <br> Telephone: 312-263-3700 <br> tstaunton@millershakman.com <br> dfeeney@millershakman.com <br><br> D.KLAR LAW <br><br> Deborah A. Klar (admitted pro hac vice) <br> 2934 1/2 Beverly Glen Circle, Suite 761 <br> Bel Air, CA 90077 <br> Telephone: 310-858-9500 <br> dklar@dklarlaw.com <br><br> Paul L. Binder, Esq. (admitted pro hac vice) <br> Attorney at Law <br> 20780 Brandywine <br> Fairview Park, OH 44126-2805 <br> Telephone: 440-376-6850 <br> binderpl@yahoo.com <br><br> *Attorneys for Defendants Case Foods, Inc., Case Farms, LLC, and Case Farms Processing, Inc.* |

| EVERSHEDS SUTHERLAND (US) LLP | WEIL, GOTSHAL & MANGES, LLP |
|---|---|
| By: */s/ Patricia A. Gorham* <br> James R. McGibbon <br> Patricia A. Gorham <br> Peter M. Szeremeta <br> Kaitlin A. Carreno <br> Dylan W. de Fouw <br> 999 Peachtree Street, N.E., Ste 2300 <br> Atlanta, GA 30309-3996 <br> Telephone: (404) 853-8000 <br> Facsimile: (404) 853-8806 <br> jimmcgibbon@eversheds-sutherland.com <br> patriciagorham@eversheds-sutherland.com <br> peterszeremeta@eversheds-sutherland.com <br> kaitlincarreno@eversheds-sutherland.com <br> dylandefouw@eversheds-sutherland.com | By: */s/ Carrie C. Mahan* <br> Carrie C. Mahan (#459802) <br> Christopher J. Abbott (#1014487) <br> 2001 M Street N.W., Ste. 600 <br> Washington, D.C. 20036 <br> Telephone: (202) 682-7000 <br> Facsimile: (202) 857-0940 <br> Carrie.mahan@weil.com <br> Christopher.abbott@weil.com <br><br> Pravin R. Patel (#0099939) <br> Brian G. Liegel (#0119269) <br> Corey K. Brady (admitted *pro hac vice*) <br> 1395 Brickell Avenue, Ste., 1200 <br> Miami, FL 33131 <br> Telephone (305) 577-3100 <br> Pravin.patel@weil.com <br> Brian.liegel@weil.com <br> Corey.brady@weil.com |
| SMITH AMUNDSEN LLC <br><br> Ronald Balfour <br> 150 N. Michigan Avenue, Ste 3300 <br> Chicago, IL 60601 <br> Telephone: (312) 894-3369 <br> Facsimile: (312) 997-1816 <br> rbalfour@salawus.com <br><br> *Attorneys for Defendant Harrison Poultry, Inc.* | EIMER STAHL LLP <br><br> Michael L. McCluggage (#018209966 <br> 224 South Michigan Avenue, Ste. 1100 <br> Chicago, IL 60604 <br> (312) 660-7665 <br> (312) 692-1718 <br> mmccluggage@eimerstahl.com <br><br> *Attorneys for Defendant Pilgrim's Pride Corporation* |

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2021, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Daniel E. Laytin, P.C.*
Daniel E. Laytin, P.C.