**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION<br><br>This Document Relates To:<br>All Actions | No. 1:16-cv-08637<br><br>Hon. Thomas M. Durkin<br>Magistrate Judge Jeffrey T. Gilbert |

**CERTAIN DIRECT-ACTION PLAINTIFFS' SUBMISSION
IN ADVANCE OF MAY 24, 2021 HEARING**

Certain Direct-Action Plaintiffs ("Certain DAPs[1]") respectfully provide the following perspectives and comprehensive suggestions for addressing the myriad scheduling issues in this complex litigation. In so doing, Certain DAPs recognize that there are numerous scheduling issues that are subject to pending motions,[2] some of which may require Judge Durkin's review and decision, but Certain DAPs understand that—as Judge Durkin observed—the process of revising the schedule "will allow the Court to consider the many issues the parties have recently raised," including in the pending motions.[3] Certain DAPs understand the May 24, 2021 hearing to be an initial step towards that goal. Nonetheless, Certain DAPs are also mindful that the May 24 hearing is not to set a trial date or a trial plan, but "to direct traffic getting toward that goal," get the parties "talking about the relationship between how the cases are going to be tried," and "what kind of discovery needs to happen in order to allow those things to happen."[4] To that end, Certain DAPs

---

[1] Certain DAPs include all Direct-Action Plaintiffs identified on the signature block of this submission.

[2] *See* Direct-Action Pls.' Mot. for Entry of an Order Preventing Any Def. from Relying on the Absence of Evid. About, or Consideration of, the Possible or Actual Effects of Alleged or Potential Bid-Rigging, ECF No. 4637; Moving Direct-Action Pls.' Mot. for an Extension of Time to Serve Initial Expert Reports, ECF No. 4648; Direct-Action Plf. Chick-fil-A, Inc.'s Mot. to Partially Reconsider the September 22, 2020 Order and Obj. to Magistrate Judge's May 7 and May 23, 2021 Orders, ECF No. 4651.

[3] May 14, 2021 Hr'g Tr. at 12 ("May 14 Hearing"), ECF No. 4700.

[4] May 14 Hearing at 20-21.

have worked hard to present a comprehensive approach on each of the three issues that the Court has expressed a desire to explore at the hearing.

The structure and schedule of this consolidated antitrust litigation has obviously been – and continues to be – a significant subject of debate among the parties as they continue to grapple with the challenges presented by a global pandemic, the growing number of new Plaintiff lawsuits, and the intervention of the U.S. Department of Justice as it seeks to protect its ongoing grand jury investigation and criminal proceedings. As of today, there are over 140 Plaintiffs, including many of the largest grocery and restaurant chains, food processors, and distributors in the country, who have all felt compelled to exercise their constitutional right to file their own lawsuit and control their own claims.

The DAP group, however, is not a monolith. And, as Defendants themselves have recognized, the size, diversity and breadth of the chicken industry does not lend itself to a "one size fits all" approach.[5] While a common thread connects all of the Plaintiffs' cases, there are important differences among the DAPs, and their separate cases, that cannot be ignored. Nonetheless, the DAPs have consistently endeavored to collaborate and organize themselves so that their cases could proceed in an expeditious and efficient manner. To that end, the Certain DAPs respectfully submit their proposed modifications to the current structure and schedule of this case. This proposal is the product of extensive negotiations amongst counsel for Certain DAPs and reflects an earnest attempt at achieving a workable consensus that is grounded in the reality of what the parties have left to do, solves the problems identified with the current schedule, addresses several of the motions and filings currently pending before the Court, and comports with the Court's desire to advance this litigation towards an early 2023 trial date.

---

[5] *See* Defs.' Opp. to Direct Purchaser Pls.' Mot. for Class Certification, ECF Nos. 4209, 4210, at 59.

| Milestone | Scheduling Order No. 15 | Classes & Certain Grocer Bellwethers | Direct-Action Plaintiffs |
|---|---|---|---|
| Fact Discovery Cutoff | June 11, 2021 | July 30, 2021[6] | August 6, 2022 |
| Commencement of "Bid-Rigging" Written Discovery Requests and Meet & Confer Process[7] | N/A | N/A | September 1, 2021 |
| "Bid-Rigging" Discovery Productions Commence | N/A | N/A | January 3, 2022 |
| Plaintiff to Identify Merits Experts by Topic | June 21, 2021 | August 17, 2021 | August 23, 2022 |
| Parties to Identify Supp. Docs. for Meet and Confer | June 18, 2021 | August 26, 2021 | N/A |
| Plaintiff Affirmative Expert Reports | July 2, 2021 | August 31, 2021 | September 6, 2022 |
| Defendant Expert Reports | September 17, 2021 | November 1, 2021 | November 4, 2022 |
| Joint Submission on Additional Discovery | July 21, 2021 | November 17, 2021 | N/A |
| Plaintiff Rebuttal Expert Reports | December 3, 2021 | January 17, 2022 | December 16, 2022 |
| Expiration of DOJ Stay | January 3, 2022 | January 3, 2022 | |
| All Expert Depositions[8] | January 7, 2022 | April 1, 2022 | January 20, 2023 |
| MSJ & *Daubert* Motions | January 21, 2022 | April 8, 2022 | February 24, 2023 |
| Supplemental Discovery Cutoff[9] | | April 22, 2022 | N/A |
| MSJ/*Daubert* Responses (& Plaintiff Expert Supplements[10]) | March 22, 2022 | June 17, 2022 | April 25, 2023 |
| MSJ/*Daubert* Reply | April 26, 2022 | July 22, 2022 | May 26, 2023 |

[6] Except for depositions that are stayed.

[7] The Defendants and Plaintiffs on this track shall begin to exchange written discovery requests, responses, and objections along with any requisite meet and confer negotiations so that they may commence with the immediate production and exchange of documents and information on January 3, 2022.

[8] Instead of piecemeal expert depositions and to avoid the inefficiency of deposing some experts twice, all expert depositions will be taken once per side after expert reports are served.

[9] This deadline would be for those depositions for which the Court has stayed until January 3, 2022 and would be limited to completing discovery on market manipulation claims.

[10] Supplemental expert reports, if any, would be limited to information elicited from supplemental discovery on previously stayed depositions on market manipulation claims.

| Trials | ~~October 17, 2022~~ | Starting as early as January 2023 | TBD - Fall 2023 |

Certain DAPs believe that the Court's adoption of five key conceptual modifications embodied in this suggested schedule would greatly benefit the orderly and efficient resolution of this case:

**First**, as discussed at each of the past two Friday hearings on this issue, Certain DAPs believe that the creation of a DAP bellwether that can be tried alongside the direct class case in early 2023 is desirable. Some DAPs, like the classes, are focused heavily on the longstanding Georgia Dock and supply restrictions allegations. They have been parties to this case for many years and are prepared to go to trial on the current schedule. Other Plaintiffs, particularly restaurant Plaintiffs and others that were heavily impacted by the bid-rigging allegations that are the subject of the DOJ's grand jury investigation, filed much later and cannot proceed deeper into the case without the currently stayed bid-rigging discovery. A bellwether allows the former to move forward expeditiously in a manner consistent with Judge Durkin's direction while also allowing the latter to proceed at its own separate pace, thereby relieving the pressure created by trying to collapse the two together. Bellwethers are a common method of addressing complex multi-plaintiff cases and has been used successfully in numerous antitrust actions as outlined in the submission by the Kroger & Publix Plaintiffs. [ECF Nos. 4635 & 4636]

**Second**, as outlined in Chick-fil-A's recent motion to partially reconsider the bid-rigging stay and object to Scheduling Order 15 [ECF Nos. 4651 & 4652], the current bifurcated structure of the case builds reversible error into the schedule itself. Count One of the DAPs' Amended Consolidated Complaint ("ACC") alleges a single overarching conspiracy that was carried out through various means, including market manipulation and bid-rigging. But the bifurcation order [ECF No. 3835] effectively splits Count One into separate "claims," rather than treating it as a

single overarching conspiracy, which is the primary allegation in the ACC. To that extent, the bifurcation order departs from the Supreme Court's decision in *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962), which held that it was reversible error to "dismember" an antitrust conspiracy and analyze its "separate parts," rather than "looking at it as a whole." Accordingly, to avoid that issue, Certain DAPs suggest that the Court clarify that the bifurcation order does not apply to expert reports and summary judgment for the non-bellwether DAPs and move the dates for both until after bid-rigging discovery is complete.[11] This also largely solves the recurring problems that Plaintiffs have been experiencing with Defendants using the bifurcation order as both a sword and a shield.

**Third**, Certain DAPs believe that any discussion of the schedule needs to be grounded in reality.[12] Specifically, it needs to acknowledge the reality that the parties have far too much work left to do, including over 80 depositions, 693 requests for admission (served on DAPs by Defendants after this Court stated it would enter Scheduling Order No. 15), more than a dozen contention interrogatories, extensive third-party discovery, and a significant and growing number of motions to compel, for discovery to realistically close on June 11, 2021. Defendants themselves have asked to take depositions of DAPs that filed before February 1, 2021 after June 11, which further demonstrates that a June 11 fact discovery deadline is nothing more than fiction.

---

[11] And as previously requested by DAPs, for those cases subject to the bifurcation order, Defendants should not be permitted to exploit the lack of a fully developed record on bid-rigging to attack Plaintiffs' market manipulation claims. After all, the fact record is not fully developed regarding bid-rigging as a result of the bifurcation order. DAPs have pending before this Court a request to confirm that the deliberate omission of bid-rigging from expert reports on the bellwether track cannot be a basis for attack by Defendants, including, for example, any criticism or challenge that Plaintiffs or their experts failed to account for bid-rigging in their analyses. Similarly, Plaintiffs who proceed to trial on non-bid rigging aspects of the case pursuant to the Court's bifurcation order should not be legally precluded from or otherwise prejudiced in any subsequent trial on the full scope of the Defendants' anticompetitive and conspiratorial conduct.

[12] As Judge Gilbert recognized, "my goal is to continue to manage the process and get . . . something that makes sense for all parties, both on discovery and trial." May 14 Hearing, at 21.

Moreover, Defendants have also recently made it clear they believe they can take individualized, account-level discovery from DAPs while at the same time refusing to provide reciprocal discovery themselves (even though they have told the Court repeatedly that individualized proof is necessary and put account-level discovery at issue). The questions presented by individualized, account-level discovery will take some time to work out and the Certain DAPs' proposed schedule builds some flexibility into the schedule to allow the parties and the Court to do so.

**Fourth**, Certain DAPs' proposed schedule also allows for a more efficient bid-rigging discovery process. It will enable the parties to address time consuming issues—such as discussions involving requests, responses, custodians, and search terms—while preserving the Court's direction to defer formal bid-rigging discovery. This proposed process should not be controversial considering that Defendants already have provided their bid-rigging documents to the Department of Justice and Defendants Tyson and Pilgrims have agreed to provide the same documents to DPPs.

**Finally**, Certain DAPs' proposed schedule addresses several other issues that have been raised by and with the Court in recent hearings and filings. For example, it will allow the inclusion of later-filed DAP actions without disrupting the schedule. The additional time built into Certain DAPs' proposed schedule should allow for the necessary individualized discovery from both sides in later-filed DAP cases. The proposed schedule will also address the concern raised by Defendants about having to depose numerous Plaintiff experts, which was a primary basis for Defendants' original motion to modify Scheduling Order No. 14. By reducing the number of Plaintiff experts on the bellwether track, and by more efficiently having all expert depositions taken after all expert reports are served, substantial time and resources are saved that would otherwise be expended by

deposing Plaintiff experts twice. Deposing experts after all of their respective reports are served saves valuable time and is also more efficient.

Certain DAPs believe that their proposed schedule would largely resolve many of the current motions and filings before the Court while setting the stage for meaningful discussion about trial structure. Without discussing their concerns or questions about the Certain DAPs' proposed schedule, Defendants made a filing late Friday (and a corrected version on Saturday) [ECF No. 4699], that reflects several misunderstandings about Certain DAPs' proposal. For example, Defendants complain that they have less time to depose DAPs' experts when in reality they actually have more overall time to do so and fewer experts to depose by virtue of the separation of the DAP tracks and the moving of all expert depositions until after reports have been served. Likewise, Defendants complain that "new discovery…may occur between now and July 31, 2021." Certain DAPs agree that no new discovery should be served or propounded between now and July 31, 2021. Rather, this time will be used to address the substantial volume of discovery that is currently pending, including the barrage of additional deposition notices, third party subpoenas, and more than five hundred requests for admission served by Defendants after the May 7 hearing. Finally, Defendants assert that Certain DAPs seek to provide the Court with less than six months before trial to rule on summary judgment motions, when in fact Defendants' proposed Scheduling Order No. 15 [ECF No 4439-2, entered on May 13, 2021 ECF No. 4640-4641] did just that. Nonetheless, Certain DAPs have revised their proposal (as reflected above) to ensure that the Court will have six months to rule on summary judgment depending on when in early 2023 the Court sets the first trial to commence. And speaking of trail, the schedule proposed by Certain DAPs would facilitate a trial starting as early as January 2023, in contrast to Defendants' proposal to delay trial until April 2023.

* * *

Certain DAPs believe that the suggestions embodied by their proposed schedule are both necessary and desirable if this litigation is to proceed expeditiously and efficiently towards resolution. While everyone involved in this case—from the Court to the Defendants to the Classes to the DAPs—has worked diligently and in good faith to move this case along expeditiously under difficult conditions to date, Certain DAPs respectfully suggest that these modifications reflect an honest assessment of where the parties are now and the current issues before this Court in order to advance this litigation to resolution.


Dated:  May 24, 2021                    Respectfully submitted,


                                        /s/ Julie B. Porter
                                        Julie B. Porter (#6243787)
                                        SALVATORE PRESCOTT PORTER
                                        & PORTER, PLLC
                                        1010 Davis Street
                                        Evanston, IL 60201
                                        (312) 283-5711
                                        porter@sppplaw.com

                                        Ryan P. Phair (#479050)
                                        Craig Y. Lee (admitted *pro hac vice*)
                                        Emily K. Bolles (admitted *pro hac vice*)
                                        Christopher C. Brewer (admitted *pro hac vice*)
                                        HUNTON ANDREWS KURTH LLP
                                        2200 Pennsylvania Avenue, NW
                                        Washington, D.C. 20037-1701
                                        (202) 955-1500
                                        rphair@huntonak.com
                                        craiglee@huntonak.com
                                        ebolles@huntonak.com
                                        brewerc@huntonak.com

                                        John S. Martin (admitted *pro hac vice*)
                                        HUNTON ANDREWS KURTH LLP
                                        Riverfront Plaza, East Tower

951 East Byrd Street
Richmond, VA 23219-4704
(804) 788-8200
marinj@huntonak.com

Matthew J. Calvert (admitted *pro hac vice*)
HUNTON ANDREWS KURTH LLP
Bank of America Plaza, Suite 4100
600 Peachtree Street NE
Atlanta, GA 30308
(404) 888-4000
mcalvert@huntonak.com

***Counsel for Plaintiffs Ahold Delhaize USA, Inc.,
ALDI, Inc., and Chick-fil-A, Inc.***

**DAP Counsel and DAPs Joining in this Submission**

/s/ *Eric R. Lifvendahl*

L&G LAW GROUP
Eric R. Lifvendahl
175 W. Jackson Boulevard
Suite 950
Chicago, Illinois 60604
Tel: (312) 364-2500
E-mail: elifvendahl@lgcounsel.com

KAPLAN FOX & KILSHEIMER, LLP
Robert N. Kaplan
Jeffrey P. Campisi
Matthew P. McCahill
850 Third Avenue, 14th Floor
New York, New York 10022
Tel: (212) 687-1980
E-mail:
    rkaplan@kaplanfox.com
    jcampisi@kaplanfox.com
    mmccahill@kaplanfox.com

THE COFFMAN LAW FIRM
Richard L. Coffman
Edison Plaza
350 Pine Street
Suite 700
Beaumont, Texas 77701
Tel: (409) 833-7700
E-mail: rcoffman@coffmanlawfirm.com

CERA LLP
Solomon B. Cera
595 Market Street
Suite 2300
San Francisco, California 94105
Tel: (415) 777-2230
E-mail:
    scera@cerallp.com

CERA LLP
C. Andrew Dirksen
800 Boylston Street
16th Floor
Boston, MA 02199
Tel: (857) 453-6555
E-mail: cdirksen@cerallp.com

HAYNSWORTH SINKLER BOYD P.A.
Manton M. Grier
Elizabeth H. Black
Mary C. Eldridge
1201 Main Street
22nd Floor
Columbia, SC 29201-3226
Tel: (803) 540-7753
E-mail:
    mgrier@hsblawfirm.com
    eblack@hsblawfirm.com
    meldridge@hsblawfirm.com

MARCUS & SHAPIRA LLP
Bernard D. Marcus
Moira Cain-Mannix
Erin Gibson Allen
One Oxford Center
35th Floor
Pittsburgh, PA 15219
Tel: (412) 471-3490
E-mail:
    marcus@marcus-shapira.com
    cain-mannix@marcus-shapira.com
    allen@marcus-shapira.com

***Counsel for the Affiliated Foods Plaintiffs***

/s/ *Peter K. Taaffe*
THE BUZBEE LAW FIRM
Anthony G. Buzbee
Peter K. Taaffe
J.P. Morgan Chase Tower
600 Travis
Suite 7300
Houston, Texas 77002
Tel: (713) 223-5393
Fax: (713) 223-5909
E-mail: tbuzbee@txattorneys.com
          ptaaffe@txattorneys.com

Spencer G. Markle
Obed De La Cruz
MARKLE • DELACRUZ, LLP
700 Gemini Avenue
Suite 240
Houston, Texas 77058
Tel: (281) 486-0677
Fax: (281) 486-0694
E-mail: spencer@mdlcfirm.com
          obed@mdlcfirm.com

Laurence M. Landsman, Esq.
LANDSMAN LAW FIRM, LLC
33 North LaSalle, Suite 1400
Chicago, IL 60602
Tel: (312) 251-1165
Fax: (312) 251-1147

*Counsel for Plaintiffs Amigos Meat Distributors, LP, Amigos Meat & Poultry, LLC, Amigos Meat Distributors East, LP and Amigos Meat Distributors West, LP*

/s/ *David P. Germaine*
Paul E. Slater
Joseph M. Vanek
David P. Germaine
John P. Bjork
SPERLING & SLATER, P.C.
55 West Monroe Street
Suite 3200
Chicago, Illinois 60603
Tel: (312) 641-3200
Fax: (312) 641-6492
E-mail:
          PES@Sperling-law.com
          JVanek@Sperling-law.com
          DGermaine@Sperling-law.com
          JBjork@Sperling-law.com

Phillip F. Cramer
Ryan T. Holt
SHERRARD ROE VOIGT & HARBISON, PLC
150 3rd Avenue South
Suite 1100
Nashville, TN 37201
Tel: (615) 742-4200
E-mail:
          pcramer@srvhlaw.com
          rholt@srvhlaw.com

*Counsel for Plaintiffs Associated Grocers of the South, Inc., Meijer, Inc., Meijer Distribution, Inc., OSI Restaurant Partners, LLC, Publix Super Markets, Inc., Supervalu Inc.; Unified Grocers, Inc.; Associated Grocers of Florida, Inc.; and Wakefern Food Corp.*

/s/ *Amy D. Fitts*
Amy D. Fitts (IL Bar No. 629248)
Daniel D. Owen (MO Bar No. 41514, *Pro Hac Vice*)
Guillermo G. Zorogastua (MO Bar No. 59643, *Pro Hac Vice*)
POLSINELLI PC
900 W. 48th Place
Suite 900
Kansas City, MO 64112
Tel: (816) 753-1000
Fax: (816) 753-1536
E-mail:
        afitts@polsinelli.com
        dowen@polsinelli.com
        gzorogastua@polsinelli.com

Rodney L. Lewis (IL Bar No. 6288353)
POLSINELLI PC
150 N. Riverside Plaza
Suite 3000
Chicago, Illinois 60606
Tel: (312) 819-1900
Fax: (312) 819-1910
E-mail: rodneylewis@polsinelli.com

*Counsel for Plaintiff Associated Wholesale Grocers, Inc.*

/s/ *David C. Eddy*
David C. Eddy, Esquire
N.D. Illinois Bar No. 72258
Dennis J. Lynch, Esquire
N.D. Illinois Bar No. 07622
ANTITRUST LAW GROUP, LLC
1601 Assembly Street
P.O. Box 8117
Columbia, SC 29202
Tel: (803) 253-8267
E-mail: deddy@theantitrustlawgroup.com
        dlynch@theantitrustlawgroup.com

*Counsel for Plaintiffs Conagra Brands, Inc.; Pinnacle Foods, Inc.; Kraft Heinz Foods Company; Nestlé USA, Inc.; and, Nestlé Purina PetCare Company*

/s/ *Jay B. Shapiro*

Jay B. Shapiro (*Admitted pro hac vice*)
Samuel O. Patmore (*Admitted pro hac vice*)
Carlos J. Canino (*Admitted pro hac vice*)
Abigail G. Corbett (*Admitted pro hac vice*)
STEARNS WEAVER MILLER WEISSLER
 ALHADEFF & SITTERSON, P.A.
150 West Flagler Street
Suite 2200
Miami, Florida 33130
Tel: (305) 789-3200
Fax: (305) 789-3395
E-mail: jshapiro@stearnsweaver.com
        spatmore@stearnsweaver.com
        ccanino@stearnsweaver.com
        acorbett@stearnsweaver.com


Marvin A. Miller
Matthew E. Van Tine
Andrew Szot
MILLER LAW LLC
115 S. LaSalle Street
Suite 2910
Chicago, Illinois 60603
Tel: (312) 332-3400
Fax: (312) 676-2676
E-mail: mmiller@millerlawllc.com
        mvantine@millerlawllc.com
        aszot@millerlawllc.com


*Counsel for Plaintiffs Quirch Foods, LLC, Independent Purchasing Cooperative, Inc., and Supply Management Services, Inc.*

/s/ *Lori P. Lustrin*

Robert W. Turken
Lori P. Lustrin
Scott N. Wagner
BILZIN SUMBERG BAENA PRICE & AXELROD
LLP
1450 Brickell Avenue
Suite 2300
Miami, Florida 33131-3456
Tel: (305) 374-7580
Fax: (305) 374-7593
E-mail:
        rturken@bilzin.com
        llustrin@bilzin.com
        swagner@bilzin.com


*Counsel for Plaintiffs Shamrock Foods Company, United Food Service, Inc., Boston Market Corporation, Bojangles' Restaurants, Inc. and Bojangles Opco, LLC, WZ Franchise Corporation, Zaxby's Franchising LLC, Barbeque Integrated, Inc. d/b/a Smokey Bones Bar & Fire Grill, FIC Restaurants, Inc. d/b/a Friendly's, The Johnny Rockets Group, Inc., Golden Corral Corporation, White Castle Purchasing Co., Cracker Barrel Old Country Store, Inc., Captain D's LLC, CBOCS Distribution, Inc., and El Pollo Loco, Inc.*

/s/ *William J. Blechman*
William J. Blechman
Kevin Murray
Douglas Patton
Samuel Randall
Michael Ponzoli
KENNY NACHWALTER, P.A.
1441 Brickell Avenue
Suite 1100
Miami, Florida 33131
Tel: (305) 373-1000
Fax: (305) 372-1861
E-mail:
        wblechman@knpa.com
        kmurray@knpa.com
        dpatton@knpa.com
        srandall@knpa.com
        mponzoli@knpa.com

***Counsel for Plaintiffs The Kroger Co., Albertsons Companies, Inc., Hy-Vee, Inc., Save Mart Supermarkets and Pollo Operations, Inc.***

/s/ *David Esau*
David B. Esau
Kristin A. Gore
Garth T. Yearick
Amanda R. Jesteadt
Stephen A. Cohen
Casey R. McGowan
CARLTON FIELDS, P.A.
525 Okeechobee Boulevard
Suite 1200
West Palm Beach, Florida 33401
Tel: (561) 659-7070
Fax: (561) 659-7368
E-mail:
        desau@carltonfields.com
        kgore@carltonfields.com
        ajesteadt@carltonfields.com
        scohen@carltonfields.com
        cmcgowan@calrtonfields.com

Roger S. Kobert
CARLTON FIELDS, P.A.
Chrystler Building
405 Lexington Avenue, 36th Floor
New York, New York 10174-3699
Tel: (212) 785-2577
Fax: (305) 785-5203
E-mail: rkobert@carltonfields.com

Scott L. Menger
CARLTON FIELDS, LLP
2029 Century Park East, Suite 1200
Los Angeles, CA 90067
Tel: (310) 843-6300
Fax: (310) 843-6301
Email:
        smenger@carltonfields.com

Kevin Tottis
Keith M. Stolte
Monica L. Thompson
TottisLaw
One East Wacker Drive, Suite 1205
Chicago, IL 60601
Tel: (312) 527-1400
Fax: (312) 589-7192

Email:

> ktottis@tottislaw.com
> kstolte@tottislaw.com
> mthompson@tottislaw.com

***Counsel for Plaintiffs United Supermarkets, LLC, Krispy Krunchy Foods, LLC, Cheney Bros. Inc., Hooters of America, LLC, Checkers Drive-In Restaurants Inc., Restaurants of America, Inc., LTP Management Group, Inc., Gibson, Greco & Wood, Ltd, Hooters Management Corporation, Anaheim Wings, LLC d/b/a Hooters of Anaheim, Bonita Plaza Wings, LLC d/b/a Hooters of Plaza Bonita, Costa Mesa Wings, LLC d/b/a Hooters of Costa Mesa, Downtown Wings, LLC previously d/b/a Hooters of Downtown LA, Gaslamp Wings, LLC previously d/b/a Hooters of San Diego, Hollywood Wings, LLC d/b/a Hooters of Hollywood, Mission Valley Wings, LLC d/b/a Hooters of Mission Valley, Oceanside Wings, LLC previously d/b/a Hooters of Oceanside, Ontario Wings, LLC d/b/a Hooters of Ontario, Rancho Bernardo Wings, LLC d/b/a Hooters of San Marcos, South Gate Wings, LLC d/b/a Hooters of South Gate, Wings Over Long Beach, LLC d/b/a Hooters of Long Beach, Bob Evans Farms, Inc., The Fresh Market, Inc., Wawa, Inc., Restaurant Services, Inc., Cajun Operating Company d/b/a Chuch's Chicken, Buffalo Wild Wings, Inc., Sonic Industries Services, Inc., CKE Restaurants Holdings, Inc., Focus Brands LLC, and The Cheesecake Factory Incorporated***

Joseph M. Vanek
Michael G. Dickler
SPERLING & SLATER, P.C.
55 West Monroe Street
Suite 3200
Chicago, Illinois 60603
Tel: (312) 641-3200
Fax: (312) 641-6492
E-mail:

> jvanek@sperling-law.com
> mdickler@sperling-law.com

***Designated Local Counsel for the United Supermarkets et al. Plaintiffs under N.D. Ill. LR 83.15***

Jana Eisinger
LAW OFFICE OF JANA EISINGER, PLLC
4610 South Ulster Street
Suite 150
Denver, Colorado 80237
Tel: (303) 209-0266
Fax: (303) 353-0786
E-mail: jeisinger@eisingerlawfirm.com

***Co-Counsel for Plaintiffs United Supermarkets, LLC and Krispy Krunchy Foods, LLC***

Clay M. Taylor
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street
Suite 1000
Fort Worth, Texas 76102
Tel: (817) 779-4300
Fax (817) 405-6902
E-mail: Clay.Taylor@bondsellis.com

***Co-Counsel for Plaintiff United Supermarkets, LLC***

/s/ *Shawn J. Rabin*
Neal S. Manne (2017083)
Ryan Caughey
SUSMAN GODFREY L.L.P.
1000 Louisiana Street
Suite 5100
Houston, Texas 77002
Tel: (713) 651-9366
E-mail: nmanne@susmangodfrey.com
        rcaughey@susmangodfrey.com

Shawn J. Rabin
Steven M. Shepard
Ravi P.S. Bhalla
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas
32nd Floor
New York, N.Y. 10019-6023
Tel: (212) 336-8330
E-mail: srabin@susmangodfrey.com
        sshepard@susmangodfrey.com
        rbhalla@susmangodfrey.com

Terence H. Campbell
COTSIRILOS, TIGHE, STREICKER, POULOS
 & CAMPBELL
33 N. Dearborn Street
Suite 600
Chicago, Illinois 60602
Tel: (312) 263-0345
E-mail: tcampbell@cotsiriloslaw.com

***Counsel for Plaintiffs Walmart Inc.; Wal-Mart Stores East, LP; Wal-Mart Stores Arkansas, LLC; Wal-Mart Stores Texas, LLC; Wal-Mart Louisiana, LLC; Sam's West, Inc.; Sam's East, Inc***.

/s/ *Patrick J. Ahern*
Patrick J. Ahern
Theodore B. Bell
AHERN & ASSOCIATES, P.C.
Willoughby Tower
8 South Michigan Avenue
Suite 3600
Chicago, Illinois 60603
Tel: (312) 404-3760
E-mail:
        patrick.ahern@ahernandassociatespc.com

***Counsel for Plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC; and Kraft Heinz Foods as to CA Number 3572***

/s/ *John F. Gibbons*
John F. Gibbons
Illinois Bar No. 6190493
Thomas E. Dutton
Illinois Bar No. 6195923
GREENBERG TRAURIG, L.L.P.
77 West Wacker Drive
Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400
Fax: (312) 456-8435
E-mail: gibbonsj@gtlaw.com
　　　　　　duttont@gtlaw.com

Gregory J. Casas (admitted *pro hac vice*)
Texas Bar No: 00787213
Erik Weber (admitted *pro hac vice*)
Texas Bar No: 240898587
300 West Sixth Street
Suite 2050
Austin, Texas 78701-4052
Tel: (512) 320-7200
Fax: (512) 320-7210
E-mail: casasg@gtlaw.com
　　　　　　weberer@gtlaw.com

Dominic E. Draye (admitted *pro hac vice*)
Arizona Bar No. 033012
2375 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Tel: (602) 445-8000
Fax: (602) 445-8100
E-mail: drayed@gtlaw.com

***Counsel for Plaintiff Services Group of America, Inc.***

/s/ *Philip J. Iovieno*
Philip J. Iovieno
Nicholas A. Gravante, Jr.
Karen C. Dyer
Lawrence S. Brandman
Mark A. Singer
CADWALADER, WICKERSHAM & TAFT LLP
200 Liberty Street
New York, NY 10281
Tel: (212) 504-6000
Fax: (212) 504-6666
E-mail:
　　　philip.iovieno@cwt.com
　　　nicholas.gravante@cwt.com
　　　karen.dyer@cwt.com
　　　lawrence.brandman@cwt.com
　　　mark.singer@cwt.com

***Counsel for Plaintiffs Jetro Holdings, LLC; BJ's Wholesale Club, Inc.; Maximum Quality Foods, Inc.; Sherwood Food Distributors, L.L.C.; Harvest Meat Company, Inc.; Western Boxed Meat Distributors, Inc.; Hamilton Meat, LLC; Darden Restaurants, Inc.; PJ Food Service, Inc.; Feeser's Inc.; and Thurston Foods, Inc., and Co-Counsel for Plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC***

17

/s/ *Kathryn A. Reilly*
Kathryn A. Reilly
Judith P. Youngman
Camille Papini-Chapla
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Tel: (303) 244-1800
Fax: (303) 244-1879
Email:
    Reilly@wtotrial.com
    Youngman@wtotrial.com
    PapiniChapla@wtotrial.com

***Counsel for Plaintiffs McLane Company, Inc.; McLane/Mid-Atlantic, Inc.; McLane/Midwest, Inc.; McLane Minnesota, Inc.; McLane New Jersey, Inc.; McLane/Eastern, Inc.; McLane/Suneast, Inc.; McLane Ohio, Inc.; McLane/Southern, Inc.; McLane/Western, Inc.; McLane Express, Inc.; Kinexo, Inc.; McLane Foodservice Distribution, Inc., McLane Foodservice, Inc.***

/s/ *Paul J. Ripp*
Paul J. Ripp
WILIIAMS MONTGOMERY & JOHN LTD.
233 S. Wacker Drive, Suite 6800
Chicago, IL 60606
Telephone: (312) 443-3200
Facsimile: (312) 630-8500
Email: pjr@willmont.com

Charles E. Tompkins (*pro hac vice* forthcoming)
WILLIAMS MONTGOMERY & JOHN LTD.
1607 22nd Street, NW, Suite 300
Washington D.C. 20008
Telephone: (202) 791-9951
Facsimile: (312) 630-8586
Email: cet@willmont.com

W. Lawrence Deas (*pro hac vice* forthcoming)
LISTON & DEAS PLLC
605 Crescent Boulevard, Suite 200
Ridgeland, MS 39157
Telephone: (601) 981-1636
Facsimile: (601) 982-0371
Email: Lawrence@listondeas.com

Michael Gratz, Jr. (*pro hac vice* forthcoming)
GRATZ & GRATZ, P.A.
312 N. Green Street
Tupelo, MS 38804
Telephone: (662) 844-5531
Facsimile: (662) 844-8747
Email: michael@gratzandgratz.com

***Counsel for Plaintiffs L. Hart, Inc., R & D Marketing, LLC, Timber Lake Foods, Inc., EMA Foods Co., LLC, and Red Bird Farms Distribution Company***

/s/ *Floyd A. Mandell*
Floyd A. Mandell
Jeffrey A. Wakolbinger
Catherine E. O'Brien
KATTEN MUNCHIN ROSEMAN LLP
525 West Monroe Street
Chicago, Illinois 60661-3639
Tel: (312) 902-5235
Fax: (312) 902-1061
Email:
     floyd.mandell@katten.com
     jeffery.wakolbinger@katten.com
     catherine.obrien@katten.com

Yonaton M. Rosenzweig
2029 Century Park East, Suite 2600
Los Angeles, California 90034
Tel: (310) 788-4460
Fax: (310) 712-8222
Email:
     yoni.rosenzweig@katten.com

*Counsel for Caesars Enterprise Services, LLC and Carl Buddig & Co.*

**CERTIFICATE OF SERVICE**

I, Ryan P. Phair, hereby certify that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system on May 24, 2021, which constitutes service on counsel of record who are registered electronic filing users.


                                           /s/ Ryan P. Phair