UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION<br><br>This Document Relates To:<br>*Ahold Delhaize USA, Inc. v. Koch Foods, Incorporated et al.*, Case No. 18-cv-5351 | Case No.: 1:16-cv-08637<br><br>Judge Thomas M. Durkin<br><br>Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OF LAW IN SUPPORT OF DIRECT-ACTION PLAINTIFF
AHOLD DELHAIZE'S MOTION TO COMPEL PILGRIM'S DEPOSITIONS**

This litigation involves a multi-faceted and far-ranging conspiracy by America's chicken producers to fix, raise, maintain, and charge anticompetitive prices for broiler chicken throughout the United States. Plaintiff Ahold Delhaize USA, Inc. ("Ahold Delhaize") is one of the many purchasers of broiler chickens that has brought a direct-action lawsuit to address this anticompetitive conduct.[1] But Ahold Delhaize *also* has asserted unique causes of action not found in the class complaints for common law fraud, breach of the implied covenant of good faith and fair dealing, and negligent misrepresentation against Pilgrim's Pride Corporation ("Pilgrim's"), amongst other defendants, based on its own individualized, account-level dealings with Defendants.[2]

Ahold Delhaize's claims require evidence and testimony specific to Ahold Delhaize's interactions with Pilgrim's—as such, it is evidence and testimony that the classes and other Direct-

---

[1] Plaintiff Ahold Delhaize USA, Inc. is made up of Ahold U.S.A., Inc. ("Legacy Ahold") and Delhaize U.S. Holding, Inc. ("Legacy Delhaize") and is the direct and indirect parent company of several local retail companies that purchased Broilers and Broiler Products during the relevant period. In July 2016, Legacy Ahold and Legacy Delhaize merged to form Ahold Delhaize USA, Inc.

[2] *See* Direct-Action Plaintiffs' Amended Consol. Complaint ("DAP CAC" or "DAP Amended Complaint"), ECF No. 4244, Counts XVI-XVIII.

1

Action Plaintiffs ("DAPs") pursuing common antitrust claims would not have any cause to pursue. For that reason, Ahold Delhaize has requested the depositions of Pilgrim's two account managers—John "Jay" Robinson (the Legacy Delhaize account manager) and Tony Neal (the Legacy Ahold account manager)—just as Defendants requested the depositions of their counterparts at Ahold Delhaize. Yet, while Defendants pursue such depositions from Ahold Delhaize, Pilgrim's has categorically refused to provide individualized, account-level depositions that are relevant to Ahold Delhaize's unique fraud and contact claims *because* it also had to provide common depositions on the separate antitrust claims to the classes and DAPs. This is improper. Pilgrim's refusal to allow Ahold Delhaize to depose these two individuals is a clear attempt to prevent it from obtaining and using testimony to support its unique claims.

The fact that Ahold Delhaize has asserted unique claims cannot be ignored for discovery purposes. Rule 26(b)(1) provides that a party may obtain discovery that is relevant to its claims or defenses, and a party does not lose the right to seek discovery on one of its claims because it has also brought other claims. The fact that different claims may involve different witnesses, as is the case here, is neither surprising nor controversial. The two employees that Ahold Delhaize seeks to depose, for example, were disclosed in Pilgrim's interrogatory responses as having "direct or account-level responsibility" for the Ahold Delhaize accounts,[3] but neither was deemed relevant by Pilgrim's it its disclosure of witnesses pertinent to the antitrust claims.[4] Nevertheless, there is no doubt that these individuals are central to Ahold Delhaize's prosecution of its unique claims.

Moreover, even if Ahold Delhaize had not brought unique claims, individualized, account-level discovery is also necessary for its antitrust claims because Defendants themselves have made

---

[3] *See* Dufek Decl. Ex. A [Pilgrim's Pride Corp.'s Resp. and Objs. to Direct Action Pls.' First Set of Interrogs. to All Defs. dated Aug. 6, 2019] at 7
[4] *See* Dufek Decl. Ex. B [Pilgrim's Pride Corp.'s Rule 26(a)(1) Initial Disclosures].

such discovery relevant. Indeed, Defendants, including Pilgrim's, have repeatedly emphasized to this Court that "individualized proof" is necessary in this case.[5] They also have put certain topics "at issue" by asserting them as affirmative defenses to DAPs' claims, including the communications between DAPs and their suppliers that explain why they chose to buy from each chicken supplier, the terms and negotiation of their individualized supply contracts and what that means for DAPs' claims, and the nature of each DAP's dealings with each supplier and whether the supplier was treated fairly.[6] Each of these arguments require individualized discovery regarding the communications and essential terms of the agreements between the DAPs and their suppliers. Defendants themselves have essentially acknowledged the relevance and importance of such discovery by requesting two additional depositions of Ahold Delhaize account-level employees **beyond** what was ordered by the Court for this very reason. When taken to its logical conclusion, therefore, Pilgrim's position seems to be that only one-way discovery is permitted: Ahold Delhaize should permit Defendants, including Pilgrim's, to take additional depositions of its account-level employees beyond the Court-ordered limit, but Pilgrim's should not have to make available **any** of its reciprocal witnesses who deal with the requested Ahold witnesses.

The inequity of Pilgrim's position is plain. It claims that the Court's case management order prevents Ahold Delhaize from seeking individual, account-level testimony of its disclosed account managers, but then claims that the very same order should be relaxed to allow Defendants to take two additional account-level depositions of the Ahold Delhaize counterparts. Pilgrim's further continues to rely on affirmative defenses that put individualized deposition discovery

---

[5] *See* Defendants' Opposition to Direct Purchaser Plaintiffs' Motion for Class Certification at 20-22, ECF No. 4210. Defendants' arguments in opposition to class certification are thus undermined by their entire approach to DAP discovery.

[6] *See* Defs. Consolidated Answer to Complaint by DAPs, ECF No. 4417.

3

squarely at issue, but then relies on the Court's case management order to shield those defenses from scrutiny. Such gamesmanship should not be tolerated.

At bottom, Pilgrim's is trying to prevent Ahold Delhaize from obtaining key deposition testimony to use at summary judgment and trial that is outside of the common causes of action brought by all plaintiffs under the Sherman Act. However, Ahold Delhaize has a due process right to opt out of the putative class and assert causes of action that are unique to the harm it has suffered as a result of Pilgrim's conduct. Accordingly, Ahold Delhaize brings this motion to compel the depositions of Mr. Robinson and Mr. Neal.

## RELEVANT BACKGROUND

On August 6, 2018, Ahold Delhaize filed its own complaint against Defendants asserting three causes of action under the Sherman Act.[7] On April 15, 2019—the original deadline for amendments to plaintiffs' complaints—Ahold Delhaize filed a Motion for Leave to File *instanter* an Amended Complaint (ECF No. 2071), which added causes of action including, *inter alia*, common law fraud, breach of the implied covenant of good faith and fair dealing, and negligent misrepresentation against Pilgrim's, amongst other Defendants (the "Unique Claims").[8] No Defendant moved to dismiss these causes of action.[9]

Before Ahold Delhaize amended its complaint, the Court issued two orders on August 28, 2018 and April 10, 2019 (ECF Nos. 1155 and 2024, respectively) that outlined the number of depositions the parties could take (the "Deposition Orders"). In its August 28, 2018 Order, the

---

[7] Complaint, *Ahold Delhaize USA, Inc. v. Koch Foods, Inc. et al.*, No. 18-cv-5351 (N.D. Ill. Aug. 6, 2018), ECF No. 1.
[8] Ahold Delhaize's Amended Complaint was docketed on April 18, 2019. *See* ECF No. 2099 (adding, *inter alia*, Counts IV-VI).
[9] Sanderson Farms moved to dismiss Ahold Delhaize's federal RICO claim, which was denied.

4

Court held that ten depositions would be permitted of each Defendant family, and one to two depositions would be permitted of each DAP. ECF No. 1155 at 2. The Court also proactively addressed what deposition limits would presumptively apply if new parties were added to the case, but it did not address the question of how DAPs with unique, individualized claims that may partially overlap with the common antitrust claim would be handled. In its April 10, 2019 order, the Court permitted plaintiffs to take additional depositions of Tyson and Pilgrim's current or former employees identified in plaintiffs' briefs, for a total of 21 depositions of Pilgrim's employees and 20 depositions of Tyson employees. ECF No. 2024.

The Deposition Orders were briefed and entered prior to the date Ahold Delhaize amended its Complaint to add its Unique Claims. Ahold Delhaize still did its best to diligently litigate its case pursuant to the Deposition Orders and the discovery tools at its disposal. For example, Ahold Delhaize joined the DAPs in serving Pilgrim's with interrogatories seeking, among other things, the identity of each DAP's specific account representative on May 31, 2019, which Pilgrim's responded to on August 6, 2019. *See* Dufek Decl. Ex. A. Pilgrim's added Mr. Neal and Mr. Robinson as custodians after the first round of custodian negotiations at the behest of Ahold Delhaize and other DAPs. *See* Dufek Decl. Ex. C [R. Dahnke ltr to R. Phair et al. dated April 17, 2019]. On July 26, 2019, shortly after the first stay was put in place, Ahold Delhaize gave notice to Pilgrim's that it contemplated deposing Mr. Neal and Mr. Robinson and asked that Pilgrim's provide notice to Ahold Delhaize if Pilgrim's learned that either individual was planning to leave their employment or planning to leave the country during the duration of the stay. *See* Dufek Decl. Ex. D [E. Bolles ltr to Counsel for Certain Defendants, including Pilgrim's, dated July 26, 2019]. Ahold Delhaize did not receive a response to that letter from Pilgrim's. Finally, Ahold Delhaize was one of the only DAPs to issue its own 30(b)(6) topics to Pilgrim's. *See* Dufek Decl. Ex. E.

5

Ahold Delhaize has attempted to coordinate with the three classes and all DAPs to negotiate time during Pilgrim's 30(b)(6) depositions for the Ahold Delhaize topics.

It has now become clear that the shared 30(b)(1) and 30(b)(6) depositions with plaintiffs did not or will not cover the witnesses, topics, or documents that relate to Ahold Delhaize's Unique Claims. Thus, earlier this month, Ahold Delhaize followed up on its letter from July 2019 and requested depositions for one or two additional account representatives beyond the common depositions allotted under the Court's Deposition Orders from Pilgrim's, Tyson, Koch, and Sanderson. *See e.g.* Dufek Decl. Ex. F [C. Dufek email to C. Abbott dated May 6, 2021] (requesting the depositions of Jay Robinson and Tony Neal). Pilgrim's refused Ahold Delhaize's request. Pilgrim's argued that (1) it was not required to put forward any witnesses beyond the number ordered by the Court; (2) Ahold Delhaize failed to disclose its interest in these account representatives in the briefing and argument leading up to the Deposition Orders; (3) Ahold Delhaize's requests were untimely and too burdensome; and (4) Ahold Delhaize could still get the testimony it needed through the limited amount of time it could ask questions during the Pilgrim's 30(b)(6) deposition. *See* Dufek Decl. Ex. G (C. Abbott email to J. Martin dated May 10, 2021).

Ahold Delhaize and Pilgrim's met and conferred on May 12, 2021. Dufek Decl. ¶ 11. Ahold Delhaize explained that it did not agree with Pilgrim's position or objections to these depositions. It explained that there were obvious limitations with respect to how it could use 30(b)(6) testimony obtained from Pilgrim's, including that portions of it would not be admissible at trial, as well as the fact that limited corporate deposition testimony was no substitute for a substantive 30(b)(1) deposition. *Id*. Ahold Delhaize also explained that it had a due process right to litigate all claims asserted in its complaint, and Pilgrim's position was an attempt to foreclose Ahold Delhaize's ability to get the evidence related to its Unique Claims. *Id*.

6

Ahold Delhaize further explained that Pilgrim's position was untenable given the fact that Defendants made the *exact same request* of Ahold Delhaize on May 3, 2021. *See id.* Specifically, Defendants asked Ahold Delhaize to make three additional account-level employees available for depositions even though there was only one Ahold Delhaize deposition slot remaining pursuant to the Court's Deposition Orders. *See* Dufek Decl. Ex. H [E. Wolicki email to J. Martin et al. dated May 3, 2021]. Ahold Delhaize told to Pilgrim's (and made the same representations to Koch, Sanderson, and Tyson) that it was willing to give Defendants the two extra, 7 hour, 30(b)(1) depositions of Ahold Delhaize employees they requested, if Pilgrim's (and the other Defendants) reciprocally gave Ahold Delhaize one or two depositions of their account representatives. Dufek Decl. ¶ 12. Pilgrim's refused Ahold Delhaize's reasonable offer, stating that there were no circumstances in which it would be willing to allow Ahold Delhaize to take any additional 30(b)(1) depositions. Dufek Decl. ¶ 13. The parties are now at an impasse over Pilgrim's refusal to engage in reciprocal, individualized discovery.

## ARGUMENT

Under the federal rules, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Under Rule 30(a)(2), a party seeking additional depositions must seek leave of Court absent a stipulation from the opposing party, and the Court "must grant leave" to take additional depositions if permitting additional depositions would be consistent with Rule 26(b)(2). Fed. R. Civ. P. 30(a)(2).

When a party fails to provide the requested discovery, a motion to compel is proper. *See* Fed. R. Civ. P. 37(a). Courts have significant discretion in deciding discovery disputes, but "[u]ltimately, the party objecting to discovery bears the burden to show the requested discovery is

7

improper" and "must 'specifically demonstrate the burden that the discovery would impose.'" *Baxter Int'l Inc. v. AXA Versicherung*, 320 F.R.D. 158, 161, 166 (N.D. Ill. 2017). "Courts commonly look unfavorably upon significant restrictions placed upon the discovery process," and when the requested discovery is relevant, as is no doubt the case here, the "burden rests upon the objecting party to show why a particular discovery request is improper." *Sauer v. Exelon Generation Co.*, 280 F.R.D. 404, 407 (N.D. Ill. 2012) (quoting *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006)); *Todd v. Ocwen Loan Servicing, Inc.*, No. 19-CV-00085-JMS, 2020 WL 1328640, at *2 (S.D. Ind. Jan. 30, 2020) (holding that burden is on party opposing relevant discovery "to explain precisely why its objections are proper given the broad and liberal construction of the federal discovery rules").

## I. THE DEPOSITIONS OF MR. NEAL AND MR. ROBINSON ARE NECESSARY AND APPROPRIATE

There is no question that the depositions of Mr. Neal and Mr. Robinson are highly relevant to Ahold Delhaize's Unique Claims against Pilgrim's and to Pilgrim's affirmative defenses. When weighing the merits of additional depositions, courts consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into the account the needs of the case and the importance of the issues at stake in the action. *Perry v. Ill. Cent. R.R. Co.*, No. 14 CV 756, 2014 WL 10742632, at *4–5 (N.D. Ill. Nov. 6, 2014) (citing *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002)) (finding based on totality of circumstances that additional depositions were warranted); *see also Belbachir v. United States*, No. 08 C 50193, 2010 WL 4718358, at *2 (N.D. Ill. Nov. 15, 2010) ("In balancing the interests of the parties, the court finds that the burden or expense of the proposed [deposition] does not outweigh the likely benefit it would provide to Plaintiff").

8

Mr. Neal and Mr. Robinson were both account representatives to Legacy Ahold and Legacy Delhaize, respectively, during the relevant time period. They were the individuals largely charged with communicating with Legacy Ahold and Legacy Delhaize for Pilgrim's, and thus were the individuals that made the alleged fraudulent misrepresentations and omissions. Any burden to Pilgrim's is far outweighed by the prejudice Ahold Delhaize will suffer at summary judgment and trial if it is not able to depose the key individuals on the fraudulent representations (or omissions) that they made.

Mr. Neal served as the Regional Sales Manager at Pilgrim's from December 2010 to March 2016. *See* Dufek Decl. Ex. A at 7. He specifically serviced the Legacy Ahold banners prior to their merger with Legacy Delhaize. *Id*. As is reflected in the allegations in DAPs' Amended Complaint, Mr. Neal "managed" Pilgrim's relationship with Ahold Delhaize and "communicated with [Ahold Delhaize] regarding sales and pricing." *See* DAP CAC ¶ 791. Ahold Delhaize alleges that he was *the* individual at Pilgrim's who made false statements and affirmative misrepresentations about Georgia Dock pricing and market conditions to Legacy Ahold. *Id*. ¶ 805.

The documents further support the importance of Mr. Neal's testimony to Ahold Delhaize's Unique Claims. They show, among other things, that Mr. Neal submitted pricing to Legacy Ahold and made requests to Legacy Ahold for price relief based on "the market." *See, e.g.*, AD0000857448 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ AD0002193768 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; PILGRIMS-0003452919 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ PILGRIMS-0007088134 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Mr. Neal also participated in weekly conference calls and other meetings with Legacy Ahold where they discussed Legacy Ahold's account and pricing. *See, e.g.*, PILGRIMS-0003457549 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9

███████████████████ AD0001084447 (weekly conference call calendar invite including representatives from Legacy Ahold and Mr. Neal). Finally, Mr. Neal responded to bids on behalf of Pilgrim's and thus has direct knowledge of the specific terms, quotes, and representations Pilgrim's included in its bids. *See, e.g.*, AD0002659810 (Mr. Neal submits Pilgrim's bid for Legacy Ahold's chicken sandwich business); AD0002661286 (Mr. Neal submits Pilgrim's bid for Legacy Ahold's fresh chicken business).

Mr. Robinson meanwhile served as the Regional Sales Manager at Pilgrim's from January 2007 to September 2016. *See* Dufek Decl. Ex. A at 7. He serviced the Legacy Delhaize banners prior to their merger with Legacy Ahold. *Id.* Specifically, Mr. Robinson submitted cost model pricing updates to Legacy Delhaize. *See, e.g.*, AD0000536029; AD0000531598; PILGRIMS-0010456529. He further solicited business directly from Legacy Delhaize, which necessarily included discussions regarding how the product is priced. *See, e.g.*, PILGRIMS-0010450809-810 (██████████████████████████████████████████████████████████████████ ██████████████████████ AD0000380770 (███████████████████████████████ █████████████████████████. Finally, as with Mr. Neal, Mr. Robinson responded to bids on behalf of Pilgrim's and thus has direct knowledge of the specific terms, quotes, and representations Pilgrim's included in its bids to Legacy Delhaize, including one such representation that ██████████████████████████████████████████████████ ██████. *See, e.g.*, AD0001792541.

Simply put, these are the individuals who made representations (and omissions) to Ahold Delhaize and the ones it needs to depose regarding its Unique Claims and Pilgrim's affirmative defenses. Without their testimony, Ahold Delhaize will be prejudiced when the parties brief summary judgment and present their evidence to the jury. Each of these individuals are outside

10

the subpoena power of the Court, so unless Pilgrim's decides to call them as witnesses at trial, a videotaped deposition is the only way Ahold Delhaize will be able to rely on their testimony. Moreover, it is now clear that Ahold Delhaize will not able to get the same kind of testimony from the Pilgrim's witnesses it has shared or will share with the other plaintiffs in the case. Understandably, those depositions focused on common themes and antitrust issues applicable to all plaintiffs as opposed to Pilgrim's specific misrepresentations and omissions to Ahold Delhaize. This is why Ahold Delhaize respectfully asks the Court to compel the testimony of Mr. Robinson and Mr. Neal.

## II. PILGRIM'S OBJECTIONS ARE NOT PERSUASIVE

Pilgrim's has asserted a number of objections as a basis for its refusal to allow Ahold Delhaize to take two additional 30(b)(1) depositions. It argues that it has no obligation to exceed the number of 30(b)(1) depositions required under the Court's Deposition Orders, any additional depositions would be too burdensome, Ahold Delhaize's request is untimely, and the information can be obtained from its 30(b)(6) representative. However, Pilgrim's position is untenable and, if allowed to stand, improperly limits Ahold Delhaize's ability to collect and present relevant evidence in support of its Unique Claims and against Pilgrim's affirmative defenses.

As an initial matter, Pilgrim's cannot avoid the obvious inequity between Defendants demanding that Ahold Delhaize offer two additional account-level 30(b)(1) depositions beyond the number ordered by the Court, while at the same time refusing to reciprocally permit Ahold Delhaize to take similar account-level depositions. The proximity of these requests, which were made within days of each other, makes Pilgrim's timeliness argument moot.[10] Moreover,

---

[10] *Compare* Dufek Decl. Ex. H [E. Wolicki email to J. Martin dated May 3, 2021] (requesting additional Ahold Delhaize account-level employees) *with* Dufek Decl. Ex. F [C.

Pilgrim's has been aware of Ahold Delhaize's interest in deposing Mr. Neal and Mr. Robinson since at least July 26, 2019.[11]  By comparison, Defendants first identified the additional Ahold Delhaize account-level employees they wanted to depose on May 3, 2021.[12]

Any "burden" Pilgrim's suffers by offering additional 30(b)(1) depositions is equally suffered by Ahold Delhaize as both entities will have to prepare for two additional 30(b)(1) depositions.  *See Fed. Trade Comm'n v. A1 Janitorial Supply Corp.*, No. 17 C 7790, 2018 WL 7506108, at *3 (N.D. Ill. Sept. 26, 2018) (granting additional depositions where there is equal burden on both parties).  Pilgrim's is one of the two largest chicken producers in the United States, and it is a key defendant in this complex antitrust action involving hundreds of billions of dollars of chicken purchases and involving three classes plus more than 140 DAPs.  It is not unreasonable or unduly burdensome to ask for two additional depositions of Pilgrim's witnesses beyond the number ordered by the Court.

That is particularly true where, as here, Ahold Delhaize has brought Unique Claims targeting misrepresentations and omissions ***that were made by Pilgrim's account representatives***.  Moreover, Pilgrim's has admitted that such account-level testimony is highly relevant and has itself made it highly relevant.  In their opposition to class certification, Defendants, including Pilgrim's, emphasized to the Court how unique each individual DAP's purchasing relationship is and why individualized proof is necessary to resolve this case.[13]  Pilgrim's also has put the testimony of its account representatives "at issue" by asserting affirmative defenses to DAPs'

---

Dufek email to C. Abbott dated May 6, 2021] (requesting depositions of Mr. Neal and Mr. Robinson).

[11] *See* Dufek Decl. Ex. D [E. Bolles ltr to Counsel for Certain Defendants, including Pilgrim's, dated July 26, 2019].

[12] Dufek Decl. Ex. H [E. Wolicki email to J. Martin dated May 3, 2021]

[13] *See* Defendants' Opposition to Direct Purchaser Plaintiffs' Motion for Class Certification at 20-22, ECF No. 4210.

claims that include the communications between DAPs and their suppliers that explain why DAPs chose to buy from each chicken supplier, the terms and negotiation of the individualize supply contracts and what that means for DAPs' claims, and the nature of each DAP's dealings with each supplier and whether the supplier was treated fairly.[14]

Defendants' positions highlight the importance of depositions with the actual account representatives that communicated directly with Ahold Delhaize. The Court cannot permit Defendants to use the "uniqueness" of plaintiffs' claims as both a sword and a shield. *See Flomo v. Bridgestone Americas Holding, Inc.*, No. 106CV00627DFHJMS, 2009 WL 10688034, at *4 (S.D. Ind. June 16, 2009) (holding "sword-and-shield litigation tactics are anathema to the Federal Rules' discovery provisions"). If Pilgrim's (and the other defendants) intend to use the unique facts of its relationship with Ahold Delhaize as a defense at summary judgment or trial, then Ahold Delhaize should be able to depose the individuals at Pilgrim's with specific knowledge of its account. *See Fed. Trade Comm'n*, No. 17 C 7790, 2018 WL 7506108, at *3 (finding party is entitled to develop "competing evidence" through additional depositions).

The prejudice to Ahold Delhaize is ultimately what differentiates the parties' respective positions, resulting in the benefit of these two depositions far outweighing the burden Pilgrim's. There is no question that Ahold Delhaize will be prejudiced in the prosecution of its Unique Claims and ability to rebut Pilgrim's affirmative defenses if it is unable to depose the individuals at Pilgrim's who made the misrepresentations and omissions about the pricing and market conditions. The testimony of Mr. Neal and Mr. Robinson is central to Ahold Delhaize's summary judgment briefs and without question will be a key piece of evidence for the jury to consider at trial.

---

[14] *See* Defs. Consol. Answer to Complaint by DAPs, ECF No. 4417.

For similar reasons, Pilgrim's "offer" of replacing these crucial 30(b)(1) depositions with limited questioning by Ahold Delhaize at Pilgrim's 30(b)(6) deposition—which it is already entitled to use—is unavailing. For example, 30(b)(6) testimony may not adequately replace the testimony of witnesses with personal knowledge of the actions and omissions at issue. *See Sara Lee Corp. v. Kraft Foods Inc.*, 276 F.R.D. 500, 503 (N.D. Ill. 2011) (ruling that 30(b)(6) testimony was not admissible at trial because it "would severely undercut the requirement, fundamental to our adversary system, that fact witnesses have personal knowledge of the matters upon which they testify"). Moreover, there is a strong preference for witnesses who have actual knowledge of the topics at issue over a corporate representative who is educated on the topics. *See id.* (expressing doubt that a "Rule 30(b)(6) witness should be allowed to testify about the details of a car accident in lieu of the corporation's truck driver who actually witnessed the event").

Here, Pilgrim's has offered to provide "management level" and "general" testimony regarding the topics in Ahold's 30(b)(6) Notice. *See* Dufek Decl. Ex. G [C. Abbott email to J. Martin dated May 10, 2021]. It is highly unlikely that a "management-level" representative will have sufficient, first-hand knowledge to provide admissible testimony about the specific representations that Mr. Robinson and Mr. Neal made to Ahold Delhaize. Nor will the witness be able to authenticate all the key documents related to Ahold Delhaize's account that Mr. Neal and Mr. Robinson prepared or have knowledge about what they intended and did not intend to communicate to Ahold Delhaize. And since both Mr. Robinson and Mr. Neal are outside the subpoena range of the Court, Ahold Delhaize will be unable to compel their testimony. In sum, Mr. Robinson's and Mr. Neal's 30(b)(1) depositions are necessary vehicles to help Ahold Delhaize collect and present this evidence at summary judgement and trial in support of its Unique Claims.

**CONCLUSION**

For the foregoing reasons, Ahold Delhaize respectfully requests an order granting this motion and compelling Pilgrim's to produce Mr. Robinson and Mr. Neal as witnesses for Rule 30(b)(1) depositions and to act in good faith to coordinate their appearance.

**STATEMENT OF COMPLIANCE WITH LOCAL RULE 37.2**

Pursuant to N.D. Ill. Local Rule 37.2, Ahold Delhaize states that it has engaged in good faith meet and confer discussions with Pilgrim's in an effort to resolve this discovery dispute without court intervention, including a telephone conference on May 12, 2021 between counsel for Ahold Delhaize, including C. Dufek, J. Martin, and E. Bolles, and counsel for Defendant Pilgrim's, including C. Abbott.  After that meet and confer, it became clear that the parties were at an impasse and Court intervention was needed.  Ahold Delhaize remains open to continuing good faith negotiations with Pilgrim's if it believes a compromise may be reached.

Dated:  May 24, 2021    Respectfully submitted,

    /s/ Ryan P. Phair
Ryan P. Phair (#479050)
Craig Y. Lee (admitted *pro hac vice*)
Emily K. Bolles (admitted *pro hac vice*)
Christopher C. Brewer (admitted *pro hac vice*)
Christopher J. Dufek (admitted *pro hac vice)*
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037-1701
(202) 955-1500
rphair@huntonak.com
craiglee@huntonak.com
ebolles@huntonak.com
brewerc@huntonak.com
cdufek@huntonak.com

John S. Martin (admitted *pro hac vice*)
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street

15

Richmond, VA 23219-4704
(804) 788-8200
marinj@huntonak.com

Julie B. Porter (#6243787)
SALVATORE PRESCOTT PORTER
& PORTER, PLLC
1010 Davis Street
Evanston, IL 60201
(312) 283-5711
porter@spplaw.com

***Counsel for Plaintiffs Ahold Delhaize USA, Inc.***

**CERTIFICATE OF SERVICE**

    I, Ryan P. Phair, hereby certify that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system on May 24, 2021, which constitutes service on counsel of record who are registered electronic filing users.

                                                             /s/ Ryan P. Phair