# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>THIS DOCUMENT RELATES TO:<br><br>All Direct Action Plaintiff Cases | Case: 1:16-cv-08637<br><br>Honorable Thomas M. Durkin |

**DEFENDANTS' OPPOSITION TO DIRECT ACTION PLAINTIFFS' MOTION FOR ENTRY OF AN ORDER PREVENTING ANY DEFENDANT FROM RELYING ON THE ABSENCE OF EVIDENCE ABOUT, OR CONSIDERATION OF, THE POSSIBLE OR ACTUAL EFFECTS OF ALLEGED OR POTENTIAL BID-RIGGING**

**INTRODUCTION**

On September 22, 2020, this Court bifurcated and stayed the bid-rigging claims brought by plaintiffs, including the Direct Action Plaintiffs ("DAPs"), years after this case began. Dkt. 3835 at 5-9. In the eight months since this Court issued the bifurcation order, the parties have been hard at work completing discovery with this Court's guidance in mind. The parties have taken well over 100 depositions since this Court stayed the bid-rigging claims and issued dozens of requests for production and requests for admission based on the directive that discovery into bid-rigging was stayed during this phase of the litigation. Expert discovery is just around the corner, and numerous economic experts are analyzing this case with the understanding that the bid-rigging phase of the case is bifurcated and stayed pending resolution of the supply restriction and Georgia Dock claims. As this Court put it, "[t]his case is already on borrowed time." *Id.* at 6.

Now, with the close of fact discovery looming, the DAPs have decided to do everything that they can to derail this Court's carefully-managed schedule. In the past three months, certain of them have filed motions to allow bid-rigging back into this phase of the litigation; moved for their own litigation track in which supply, Georgia-Dock, and bid-rigging allegations might all be tried together; and, most recently, filed a grossly untimely motion to reconsider the Court's bid-rigging stay. The present motion is a continuation of that trend.

At the same time, the DAPs have filed this *motion in limine* seeking a one-way gag order that prevents Defendants[1]—and only Defendants—from mentioning bid-rigging allegations in any way at any point during the entirety of the case. In other words, if DAPs have their way Defendants cannot even mention bid-rigging during the bid-rigging phase of the case. If anyone is adopting a

---

[1] "Defendants" refers to the entities which have signed this brief. All signatories join this brief to the extent the moving DAPs have active claims against them.

1

"sword-and-shield" approach to bid-rigging in this case, it is the DAPs. This one-sided request can only be construed as an attempt to hamstring Defendants. The bottom line is that no order is needed on this topic at all, given the Court's clear and repeated directions to the parties. But to the extent any order on this issue *is* needed, it should be reciprocally binding on all parties—*i.e.*, no party should be allowed to mention bid-rigging during the supply restriction and Georgia Dock phase of the litigation. That reciprocal agreement is precisely what Defendants offered to DAPs, only for DAPs to reject the proposal. Dkt. 4637-1; *see also* Ex. A.

DAPs' motion also should be denied because it violates basic notions of due process. If DAPs have their way, they can parade ominous-sounding insinuations before this Court and a potential jury about bid-rigging—including with respect to Defendants having no relationship to the alleged conduct—and Defendants have to sit there silently. DAPs' proposed order would rob Defendants of the ability to mount a defense even if, despite the Court's stay of the bid-rigging claims, DAPs raise bid-rigging themselves in motions or at trial. Thus, DAPs' proposal invites this Court to commit a basic error. "Due process requires that there be an opportunity to present every available defense." *Lindsey v. Normet*, 405 U.S. 56, 66 (1972) (quoting *Am. Sur. Co. v. Baldwin*, 287 U.S. 156, 168 (1932)). DAPs cite no contrary authority—they do not cite a single case where any Court has prohibited a defendant from putting on a defense. Defendants are entitled to present a defense if DAPs open the door by presenting evidence or argument related to supposed bid-rigging in any motion, filing, or presentation to this Court or a jury.

## ARGUMENT

DAPs' motion should be denied as one-sided and unduly prejudicial. As evidenced most recently by their motion for reconsideration, DAPs are working hard to improperly force bid-rigging claims back into this litigation, and they would prefer if Defendants were not allowed to say anything about it.

The precise means by which they hope to accomplish this end appear unclear even to DAPs, who—unable to take a single position on bid-rigging—take nearly every position imaginable. Some DAPs claim that there will be "many disputes as to whether evidence . . . [of] bid rigging will be admissible in connection with summary judgment and at trial." Dkt. 4642 at 2. Others have filed a motion to unwind this Court's bifurcation order, along with nearly every aspect of this Court's carefully-constructed pretrial schedule, to allow them to try the supply cut, Georgia Dock, and bid-rigging cases simultaneously, presumably to a single jury. Dkt. 4651 at 1-2. Still other DAPs view the bifurcation order as an appellate issue and are prepared to move ahead with trying what they call the "market manipulation" case.[2] Dkt. 4646.

But all DAPs agree on one thing—they should be allowed to mention bid-rigging at will and Defendants should not be allowed to respond. DAPs argue that Defendants—and only Defendants—should be barred from mentioning the absence of evidence regarding bid-rigging in any future motion, filing, or at trial. Dkt. 4637 at 1 (limiting proposed order to statements and filings made "by any Defendant"). Under their one-way gag order, DAPs and their experts remain free to tell the Court or a jury about bid-rigging—improperly, given the stay of those claims—but Defendants have to sit silently and take it. *See id.*

Things get even more bizarre when you take a jury out of the equation. In several motions

---

[2] DAPs have seized on the phrase "market manipulation," but that does not accurately describe Plaintiffs' burden at summary judgment and trial. To survive summary judgment, Plaintiffs must offer evidence of an agreement to restrain competition that "tend[s] to rule out the possibility that the defendants were acting independently." *Kleen Prods. LLC v. Georgia-Pacific LLC*, 910 F.3d 927, 934 (7th Cir. 2018) (citation omitted). In other words, Plaintiffs must show that each Defendant had an agreement—"a conscious commitment to a common scheme designed to achieve an unlawful objective." *Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 768 (1984). If all that Plaintiffs can show is that a Defendant elected to "follow the leader" on pricing or supply without agreeing to do so, summary judgment will be warranted. *In re Text Messaging Antitrust Litig.*, 782 F.3d 867, 871-72 (7th Cir. 2015); *see also In re Chocolate Confectionary Antitrust Litig.*, 801 F.3d 383, 397 (3d Cir. 2015). The relevant legal standard is "agreement," not "manipulation." *See Monsanto*, 465 U.S. at 768.

3

pending before the Court, DAPs make broad-brush and unsupported statements regarding the Government's bid-rigging investigation. For example, in its motion for reconsideration, Chick-Fil-A makes arguments regarding the relevance of the Government's bid-rigging investigation. Dkt. 4651 at 12-13. And Certain DAPs include a lengthy discourse on supposed bid-rigging in their responses to this Court's questions regarding the scope of a trial. *See* Dkt. 4642 at 4-6. Under the DAPs' proposed order, it is unclear if Defendants would be permitted to respond in kind to those factual allegations. For example, DAPs' proposed order would appear to ban Defendants from pointing out that:

- The conduct referenced in the indictments in the criminal actions appears to relate to "small birds,"[3] which even DAPs admit were not produced by certain Defendants, including Foster Farms, Harrison Poultry, Peco, Amick, Agri Stats, and Sanderson, during the relevant time period, *see* Dkt. 4243 at ¶ 571 n.9;

- Some Defendants, such as Harrison Poultry, did not make any bids for sales—instead, they generally sold via weekly price sheets sent to their customers;

- Many Defendants did not service the handful of national accounts that appear relevant to the indictments in the criminal action; and

- DAPs' breathless recounting of snippets of documents and deposition testimony concerning bidding conveniently omits the innocuous explanations for the supposedly problematic comments.

Moreover, as Defendants previously informed DAPs, DAPs' requested relief is not by its terms limited to the current phase of the litigation. *See* Dkt. 4637-1; Ex. A. Read literally, DAPs'

---

[3] As DAPs allege, "small birds" generally weigh 4.25 pounds or less. *See* Dkt. 4244 ¶ 571, n.9.

proposed order would prevent Defendants from defending against bid-rigging allegations even during the bid-rigging phase of the case. DAPs do not, and cannot, justify such a request.

To be clear, Defendants strongly object to any attempt by DAPs to reintroduce bid-rigging claims now, will oppose DAPs' motion for reconsideration, and agree with the Court and the Class Plaintiffs (who have not joined DAPs' motion) that the parties are perfectly capable of litigating on the Court's clear instructions that bid-rigging is not a part of this phase of the case. But this motion goes even further than DAPs' rebellion against the Court's decisions; here, DAPs seek to restrict Defendants' ability to mention bid-rigging without making any mutual representation that they themselves will not raise evidence or argument about bid-rigging. Indeed, they specifically rejected Defendants' proposal to make the "no bid-rigging" requirement mutual. Dkt. 4637-1.

Defendants could not agree to any such lopsided arrangement, nor should this Court order it. The Court has ordered that bid-rigging has no place in the current phase of the case, and Defendants intend to abide by that order. But if Plaintiffs continue to resist the Court's orders staying bid-rigging during this phase of proceedings and affirmatively raise the issue, Defendants should be—indeed, must be—permitted to respond. Thus, while Defendants do not believe any further stipulation or order is necessary on this topic, they submit that to the extent any such stipulation or order forbidding discussion of bid-rigging is appropriate, it must apply to all parties in the case.

This is not simply a matter of sauce for the goose being sauce for the gander. In fact, DAPs' broad, one-sided order would strip Defendants of their Constitutional right to due process. Defendants have a fundamental right to present a full-throated defense to the evidence and arguments presented against them. Before Defendants can be deprived of their property, they must be given the right to defend themselves in a fair hearing. *Mathews v. Eldridge*, 424 U.S. 319, 332-

33 (1976); *see also Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 168 (1951) (Frankfurter, J., concurring) (the "right to be heard before being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardships of a criminal conviction, is a principle basic to our society."); *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) ("The fundamental requisite of due process of law is the opportunity to be heard.") (citation omitted). Therefore, "fundamental fairness and due process generally require that a person accused of wrongdoing—whether criminally or civilly—have 'an opportunity to present every available defense.'" *United States v. Wells Fargo Bank, N.A.*, 132 F. Supp. 3d 558, 561 (S.D.N.Y. 2015) (quoting *Philip Morris USA v. Williams*, 549 U.S. 346, 353 (2007)).

Those due process principles apply with particular force here because DAPs' motion seeks to permanently rig the rules in their favor. While DAPs would be free to allege the existence of a bid-rigging conspiracy despite the stay, Defendants would be prohibited from responding if DAPs open that door. Because DAPs' proposed order seeks to allow them to use bid-rigging as both a sword and a shield, and plainly violates Defendants' due process rights, it should be rejected outright. If DAPs continue to raise the specter of bid-rigging, Defendants have a right to respond.

## CONCLUSION

For the foregoing reasons, DAPs' one-sided motion *in limine* should be denied.

Dated: May 24, 2021                                             Respectfully submitted,

WEIL GOTSHAL & MANGES LLP

By: */s/ Carrie C. Mahan*
Carrie C. Mahan (#459802)
Christopher J. Abbott (#1014487)
2001 M Street N.W., Ste. 600
Washington, D.C. 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
carrie.mahan@weil.com
christopher.abbott@weil.com

Pravin R. Patel (#0099939)
Brian G. Liegel (#0119269)
1395 Brickell Avenue, Ste. 1200
Miami, FL 33131
Telephone: 305-577-3100
pravin.patel@weil.com
brian.liegel@weil.com

EIMER STAHL LLP

Michael L. McCluggage (#01820966)
224 South Michigan Avenue, Ste. 1100
Chicago, IL 60604
Telephone: (312) 660-7665
Facsimile: (312) 692-1718
mmccluggage@eimerstahl.com

*Attorneys for Defendant Pilgrim's Pride Corporation*

MAYER BROWN LLP

By: */s/ Carmine R. Zarlenga*
Carmine R. Zarlenga (#90784529)
William H. Stallings (admitted *pro hac vice*)
Stephen M. Medlock (admitted *pro hac vice*)
Oral D. Pottinger (admitted *pro hac vice*)
1999 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
czarlenga@mayerbrown.com
wstallings@mayerbrown.com
smedlock@mayerbrown.com
opottinger@mayerbrown.com

*Attorneys for Defendant Foster Farms, LLC and Foster Poultry Farms, a California Corporation*

VENABLE LLP

By: */s/ J. Douglas Baldridge*
J. Douglas Baldridge (#437678)
Lisa Jose Fales (admitted *pro hac vice*)
Danielle Foley (admitted *pro hac vice*)
Andrew Hernacki (admitted *pro hac vice*)
600 Massachusetts Avenue, NW
Washington, D.C. 20001
Telephone: (202) 344-4000
Facsimile: 202-344-8300
jdbaldridge@venable.com
ljfales@venable.com
drfoley@venable.com
athernacki@venable.com

FALKENBERG IVES LLP

Kirstin B. Ives
30 N. LaSalle St., Ste 4020
Chicago, IL 60602
Telephone: (312) 566-4803
Facsimile: (312) 566-4810
kbi@ffilaw.com

*Attorneys for Defendants Perdue Farms, Inc. and Perdue Foods LLC*

By: */s/ John W. Treece*
John W. Treece (#3122889)
1135 West Montana Street
Chicago, IL 60614
Telephone: (312) 961-7808
jtreece@jwtreece.com

ROSE LAW FIRM

Amanda K. Wofford (admitted *pro hac vice*)
Bourgon Reynolds (admitted *pro hac vice*)
120 East Fourth Street
Little Rock, AR 72201
Telephone: (501) 375-9131
Facsimile: (501) 375-1309
awofford@roselawfirm.com
breynolds@roselawfirm.com

*Attorneys for Defendants Mountaire Farms Inc., Mountaire Farms, LLC and Mountaire Farms of Delaware, Inc.*

<div style="column-count:2">

NOVACK AND MACEY LLP

By: */s/ Stephen Novack*
Stephen Novack
Stephen J. Siegel
Christopher S. Moore
100 North Riverside Plaza
Chicago, IL 60606
Telephone: (312) 419-6900
Facsimile: (312) 419-6928
snovack@novackmacey.com
ssiegel@novackmacey.com
cmoore@novackmacey.com

*Attorneys for Defendants Koch Foods Incorporated, JCG Foods of Alabama LLC, JCG Foods of Georgia LLC and Koch Meat Co., Inc.*

VEDDER PRICE P.C.

By: */s/ Gregory G. Wrobel*
Gregory G. Wrobel (#3122900)
222 N. LaSalle Street
Chicago, IL 60601
Telephone: (312) 609-7722
Facsimile: (312) 609-5005
gwrobel@vedderprice.com

JORDAN PRICE WALL GRAY JONES & CARLTON, PLLC

Henry W. Jones, Jr. (admitted *pro hac vice*)
1951 Clark Avenue

Raleigh, NC 27605
Telephone: (919) 828-2501
Facsimile: (919) 834-8447
hjones@jordanprice.com

*Attorneys for Defendant House of Raeford Farms, Inc.*

KIRKLAND & ELLIS LLP

By: */s/ Daniel E. Laytin, P.C.*
Daniel E. Laytin, P.C.
Christa C. Cottrell, P.C.
Stacy Pepper
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
dlaytin@kirkland.com
ccottrell@kirkland.com
stacy.pepper@kirkland.com

*Attorneys for Defendants Sanderson Farms, Inc., Sanderson Farms, Inc. (Foods Division), Sanderson Farms, Inc. (Processing Division), and Sanderson Farms, Inc. (Production Division) and Liaison Counsel for Defendants*

PROSKAUER ROSE LLP

By: */s/ Christopher E. Ondeck*
Christopher E. Ondeck (admitted *pro hac vice*)
Stephen R. Chuk (admitted *pro hac vice*)
1001 Pennsylvania Ave., NW, Ste 600 South
Washington, D.C. 20004
Telephone: (202) 416-6800
Facsimile: (202) 416-6899
condeck@proskauer.com
schuk@proskauer.com

*Attorneys for Wayne Farms LLC*

</div>

| KUTAK ROCK LLP | EDWARD C. KONIECZNY LLC |
|---|---|
| By: */s/ John P. Passarelli*<br>John P. Passarelli (admitted *pro hac vice*)<br>James M. Sulentic (admitted *pro hac vice*)<br>1650 Farnam Street<br>Omaha, NE 68102<br>Telephone: (402) 346-6000<br>Facsimile: (402) 346-1148<br>john.passarelli@kutakrock.com<br>james.sulentic@kutakrock.com<br><br>J.R. Carroll (admitted *pro hac vice*)<br>Jeffrey M. Fletcher (admitted *pro hac vice*)<br>234 East Millsap Road, Ste 200<br>Fayetteville, AR 72703-4099<br>Telephone: (479) 973-4200<br>Facsimile: (479) 973-0007<br>jr.caroll@kutakrock.com<br>Jeffrey.fletcher@kuakrock.com<br><br>Kimberly M. Hare (#6323326)<br>One South Wacker Drive, Ste 2050<br>Chicago, IL 60606-4614<br>Telephone: (312) 602-4100<br>Facsimile: (312) 602-4101<br>kimberly.hare@kutakrock.com<br><br>*Attorneys for Defendants O.K. Foods, Inc., O.K. Farms, Inc., and O.K. Industries, Inc.* | By: */s/ Edward C. Konieczny*<br>Edward C. Konieczny (admitted *pro hac vice*)<br>400 Colony Square, Ste 1501<br>1201 Peachtree Street, NE<br>Atlanta, GA 30361<br>Telephone: (404) 380-1430<br>Facsimile: (404) 382-6011<br>ed@koniecznylaw.com<br><br>SMITH, GAMBRELL & RUSSELL, LLP<br><br>David C. Newman (admitted *pro hac vice*)<br>W. Parker Sanders (admitted *pro hac vice*)<br>1230 Peachtree Street, N.E.<br>Promenade, Ste 3100<br>Atlanta, GA 30309<br>Telephone: (404) 815-3500<br>Facsimile: (404) 815-3509<br>dnewman@sgrlaw.com<br>psanders@sgrlaw.com<br><br>James L. Thompson<br>Lynch Thompson LLP<br>150 S. Wacker Drive, Suite 2600<br>Chicago, IL 60606<br>T: (312) 445-4623<br>F: (312) 896-5883<br>jthompson@lynchthompson.com<br><br>*Attorneys for Defendants Mar-Jac Poultry, Inc., Mar-Jac Poultry MS, LLC, Mar-Jac Poultry AL, LLC, Mar-Jack AL/MS, Inc., Mar-Jac Poultry, LLC, Mar-Jac Holdings, Inc.* |

| VAUGHAN & MURPHY | HOGAN LOVELLS US LLP |
|---|---|
| By: */s/ Charles C. Murphy, Jr.*<br>Charles C. Murphy, Jr. (admitted *pro hac vice*)<br>690 S Ponce Court NE<br>Atlanta, GA 30307<br>Telephone: (404) 667-0714<br>Facsimile: (404) 529-4193<br>cmurphy@vaughanandmurphy.com | By: */s/ William L. Monts III*<br>William L. Monts III (admitted *pro hac vice*)<br>Justin W. Bernick (admitted *pro hac vice*)<br>555 Thirteenth Street, N.W.<br>Washington, D.C. 20004-1109<br>Telephone: (202) 637-5910<br>Facsimile: (202) 637-5911<br>william.monts@hoganlovells.com<br>justin.bernick@hoganlovells.com |
| WINSTON & STRAWN LLP | MILLER, CANFIELD, PADDOCK, AND STONE P.L.C. |
| James F. Herbison<br>Michael P. Mayer<br>35 West Wacker Drive<br>Chicago, IL 60601<br>Telephone: (312) 558-5600<br>Facsimile: (312) 558-5700<br>jherbison@winston.com<br>mmayer@winston.com | Jacob D. Koering<br>225 West Washington Street, Ste 2600<br>Chicago, IL 60606<br>Telephone: (312) 460-4272<br>Facsimile: (312) 460-4201<br>koering@millercanfield.com |
| *Attorneys for Defendant Norman W. Fries, Inc. d/b/a Claxton Poultry Farms* | *Attorneys for Defendant Agri Stats, Inc.* |

SHOOK HARDY & BACON LLP

By: */s/ Lynn H. Murray*
Lynn H. Murray
111 S. Wacker Dr., Ste 4700
Chicago IL 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195
lhmurray@shb.com

Laurie A. Novion
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
lnovion@shb.com

CONNER & WINTERS

John R. Elrod
Vicki Bronson (admitted *pro hac vice*)
4375 N. Vantage Drive, Ste. 405
Fayetteville, AR 72703
Telephone: (479) 582-5711
jelrod@cwlaw.com
vbronson@cwlaw.com

*Attorneys for Defendant Simmons Foods, Inc. and Simmons Prepared Foods Inc.*

EVERSHEDS SUTHERLAND (US) LLP

By: */s/ Patricia A. Gorham*
James R. McGibbon (admitted *pro hac vice*)
Patricia A. Gorham (admitted *pro hac vice*)
Peter M. Szeremeta (admitted *pro hac vice*)
Kaitlin A. Carreno (admitted *pro hac vice*)
Dylan de Fouw (admitted *pro hac vice*)
999 Peachtree Street, N.E., Ste 2300
Atlanta, GA 30309-3996
Telephone: (404) 853-8000
Facsimile: (404) 853-8806
jimmcgibbon@eversheds-sutherland.com
patriciagorham@eversheds-sutherland.com
peterszeremeta@eversheds-sutherland.com
katilincarreno@eversheds-sutherland.com
dylandefouw@eversheds-sutherland.com

SMITH AMUNDSEN LLC

Ronald Balfour
150 N. Michigan Avenue, Ste 3300
Chicago, IL 60601
Telephone: (312) 894-3369
Facsimile: (312) 997-1816
rbalfour@salawus.com

*Attorneys for Defendant Harrison Poultry, Inc.*

| AXINN, VELTROP & HARKRIDER LLP | JOSEPH D. CARNEY & ASSOCIATES LLC |
|---|---|
| By: /s/ *Rachel J. Adcox* <br> Rachel J. Adcox (#1001488) <br> Daniel K. Oakes (admitted *pro hac vice*) <br> Kenina J. Lee (admitted *pro hac vice*) <br> 1901 L Street NW <br> Telephone: (202) 912-4700 <br> Facsimile: (202) 912-4701 <br> radcox@axinn.com <br> doakes@axinn.com <br> klee@axinn.com <br><br> John M. Tanski (admitted *pro hac vice*) <br> Jarod G. Taylor (admitted *pro hac vice*) <br> 90 State House Square <br> Hartford, CT 06103 <br> Telephone: (860) 275-8100 <br> Facsimile: (860) 275-8101 <br> jtanski@axinn.com <br> jtaylor@axinn.com <br><br> Nicholas E.O. Gaglio (admitted *pro hac vice*) <br> 114 West 47th Street <br> New York, NY 10036 <br> Telephone: (212) 728-2200 <br> Facsimile: (212) 261-5654 <br> ngaglio@axinn.com <br><br> **LIPE LYONS MURPHY NAHRSTADT & PONTIKIS, LTD.** <br><br> Jordan M. Tank <br> 230 West Monroe Street, Ste 2260 <br> Chicago, IL 60606 <br> Telephone: (312) 702-0586 <br> Facsimile: (312) 726-2273 <br> jmt@lipelyons.com <br><br> *Attorneys for Defendants Tyson Foods, Inc., Tyson Chicken, Inc., Tyson Breeders, Inc., Tyson Poultry, Inc., Keystone Foods LLC, Equity Group Eufaula Division, LLC, Equity Group Kentucky Division LLC, Equity Group – Georgia Division LLC* | By: /s/ *Joseph D. Carney* <br> Joseph D. Carney (Admitted *Pro Hac Vice*) <br> OFFICE ADDRESS: <br> 139 Crocker Park Boulevard, Ste. 400 <br> Westlake, Oh 44145 <br> MAILING ADDRESS: <br> 1540 Peach Drive <br> Avon, OH 44011 <br> Telephone: 440-249-0860 <br> Facsimile: 866-270-1221 <br> jdc@jdcarney.Com <br> case@jdcarney.Com <br><br> **MILLER SHAKMAN LEVINE & FELDMAN LLP** <br><br> Thomas M. Staunton <br> Daniel M. Feeney <br> 180 North LaSalle St., Suite 3600 <br> Chicago, IL 60601 <br> Telephone: 312-263-3700 <br> tstaunton@millershakman.com <br> dfeeney@millershakman.com <br><br> **D.KLAR LAW** <br><br> Deborah A. Klar (admitted *pro hac vice*) <br> 2934 1/2 Beverly Glen Circle, Suite 761 <br> Bel Air, CA 90077 <br> Telephone: 310-858-9500 <br> dklar@dklarlaw.com <br><br> Paul L. Binder, Esq. (admitted *pro hac vice*) <br> Attorney at Law <br> 20780 Brandywine <br> Fairview Park, OH  44126-2805 <br> Telephone: 440-376-6850 <br> binderpl@yahoo.com <br><br> *Attorneys for Defendants Case Foods, Inc., Case Farms, LLC, and Case Farms Processing, Inc.* |

MANDELL MENKES, LLC

By: /s/ *Brendan J. Healey*
Brendan J. Healey
One North Franklin, Ste
3600 Chicago, IL 60606
Telephone: (312) 251-1006
Facsimile: (312) 759-2189
bhealey@mandellmenkes.com

ALSTON & BIRD LLP

B. Parker Miller (admitted *pro hac vice)*
Valarie C. Williams (admitted *pro hac vice)*
Max Marks (admitted *pro hac vice)*
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
parker.miller@alston.com
valarie.williams@alston.com
nowell.berreth@alston.com
max.marks@alston.com

SMITH, GILLIAM, WILLIAMS & MILES PA

R. Brent Hatcher, Jr. (admitted *pro hac vice*)
301 Green Street NW, Ste 200
Gainesville, GA 30501
Telephone: (770) 536-3381
Facsimile: (770) 535-9902
bhatcher@sgwmfirm.com

*Attorneys for Fieldale Farms Corporation*

DYKEMA GOSSETT PLLC

By: /s/ *Howard B. Iwrey*
Howard B. Iwrey
39577 Woodward Ave., Ste. 300
Bloomfield Hills, MI 48304
Telephone: 248-203-0526
Facsimile: 248-203-0763
hiwrey@dykema.com

Steven H. Gistenson
10 South Wacker Drive, Ste. 2300
Chicago, IL 60606
Telephone: 312-627-2267
Facsimile: 312-876-1155
sgistenson@dykema.com

Cody D. Rockey
2723 South State Street, Ste. 400
Ann Arbor, MI 48104
Telephone: 734-214-7655
Facsimile: 734-214-7696
crockey@dykema.com

Dante A. Stella
400 Renaissance Center
Detroit, MI 48243
Telephone: 313-568-6693
Facsimile: 313-568-6893
dstella@dykema.com

*Attorneys for Defendant Amick Farms, LLC*

14

STINSON LLP

By: /s/ *William L. Greene*
William L. Greene (admitted *pro hac vice*)
Peter J. Schwingler (admitted *pro hac vice*)
Kevin P. Kitchen (admitted *pro hac vice*)
50 South Sixth Street, Ste 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
kevin.kitchen@stinson.com

J. Nicci Warr
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
Telephone: (314) 259-4570
nicci.warr@stinson.com

SUGAR FELSENTHAL GRAIS & HELSINGER LLP

John C. Martin
30 N. LaSalle Street, Ste 3000
Chicago, IL 60602
Telephone: (312) 704-2172
Facsimile: (312) 372-7951
jmartin@sfgh.com

THE LAW GROUP OF NORTHWEST ARKANSAS LLP

Gary V. Weeks (admitted *pro hac vice*)
K.C. Dupps Tucker (admitted *pro hac vice*)
Kristy E. Boehler (admitted *pro hac vice*)
1830 Shelby Lane
Fayetteville, AR 72704
Telephone: (479) 316-3760
gary.weeks@lawgroupnwa.com
kc.tucker@lawgroupnwa.com
kristy.boehler@lawgroupnwa.com

*Attorneys for Defendants George's, Inc. and George's Farms, Inc.*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ *Patrick Fitzgerald*
Patrick Fitzgerald (#6307561)
Gail Lee
Peter Cheun
155 N. Wacker Drive
Chicago, IL 60606
Telephone: (312) 407-0700
Facsimile: (312) 407-0411
patrick.fitzgerald@skadden.com
gail.lee@skadden.com
peter.cheun@skadden.com

Boris Bershteyn (admitted *pro hac vice*)
Lara Flath (#6289481)
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
boris.bershteyn@skadden.com
lara.flath@skadden.com

*Attorneys for Defendant Peco Foods, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on May 24, 2021, the foregoing document was served via CM/ECF on all counsel of record.

/s/ *Carmine R. Zarlenga*
Carmine R. Zarlenga