# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**IN RE BROILER CHICKEN ANTITRUST LITIGATION**

Case No: 1:16-cv-08637

Judge Thomas M. Durkin

THIS DOCUMENT RELATES TO:

Judge Jeffrey T. Gilbert

Direct Action Plaintiffs

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR AN ORDER GOVERNING THE OPERATION OF DIRECT ACTION PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT

The Court ordered the Direct Action Plaintiffs ("DAPs") to file a consolidated complaint to "streamline the docket and future motion practice." (Dkt. 3835, Mem. Op. and Order at 9 (Sept. 22, 2020)). To achieve the Court's goal, the consolidated complaint must be the operative pleading in each DAP case. All of DAPs' arguments to the contrary miss their target.

*First*, DAPs' insistence that the Amended Consolidated Complaint ("ACC") is administrative—i.e., has no legal effect—would have significant consequences for the parties and the Court, destroying the efficiencies the Court sought when it ordered DAPs to file a consolidated complaint. Among other consequences, each DAP that filed a "short form" complaint incorporating the ACC would have to file a full individual complaint. Each DAP that used the ACC to "amend" its underlying allegations would have to prepare and file a separate amended complaint containing the new claims and parties it wanted to add. (*See* Dkt. 4580 at 9 ("Motion" or "Mot.").) And each DAP would be entitled to a separate answer to their separate complaint. Far from streamlining the sprawling DAP proceedings, DAPs' position ensures that all parties will be left with greater inefficiency, more confusion and more complexity—juggling 70-plus DAP complaints *and* the ACC—plus a slew of new docket entries.

*Second*, DAPs ignore the practical reality of how the parties and the Court have treated the ACC. DAPs hand-wave away the most important factor in determining whether a consolidated complaint is operative according to a case *they* cite: whether the complaint can be the subject of motion practice. The situation here is unambiguous. Rabobank moved to dismiss the ACC, not the underlying DAP complaints. (Dkt. 4369.) DAPs did not object that the motion was improper; they responded on the merits. (Dkt. 4510.) The Court decided the motion on the merits. (Dkt. 4729.) DAPs cannot reconcile those positions, so they bury the issue in a footnote. (Dkt. 4695 at 5 n.1 ("Opp.").) Additionally, the ACC contains claims, allegations and theories not reflected in any underlying complaints. (Mot. at 9.) The case law is clear that those claims, allegations and theories have no legal effect if the ACC is administrative only.

*Third*, DAPs' position that courts require the parties' consent to treat a consolidated complaint as operative (Opp. at 3-4) is contrary to district judges' inherent power to manage their own dockets. DAPs support their consent argument by pointing to out-of-circuit cases where an operative complaint would have affected the choice of law. But DAPs fail to identify a comparable issue here. And DAPs fail to acknowledge recent in-circuit cases that reached the opposite conclusion regarding consent. In any event, DAPs previously agreed that the ACC was the operative pleading in each DAP proceeding. (Mot., Ex. 4.)

*Finally*, and tellingly, DAPs' opposition sets up and knocks down strawmen rather than engaging with the serious practical and legal consequences of their position. They complain, for example, that Defendants are trying to force DAPs to make certain claims and allegations. But the proposed order contains in paragraph three an explicit provision allowing DAPs to identify which claims and allegations they do not join. (*See* Mot., Ex. 1, ¶ 3.) DAPs also argue that an operative ACC would merge individual proceedings. (Opp. at 3.) But that is not the relief

Defendants seek, nor is it a necessary result of an operative ACC. (Mot. at 10 n.11.) Defendants simply want to confirm that the ACC is the operative complaint in each DAP proceeding to ensure clarity about the claims, allegations and theories they are facing, and to achieve the Court's desire to "streamline the docket and future motion practice." (Dkt. 3835 at 9.)

Defendants therefore request that the Court enter the proposed order accompanying Defendants' Motion, which clarifies once and for all that the ACC (or any subsequent amendments thereto permitted by the Court) is the operative complaint in each DAP action, and that only those allegations and claims asserted in the ACC have legal effect.

## ARGUMENT

### I. DAPS FAIL TO ADDRESS THE PRACTICAL CONSEQUENCES OF THE ACC BEING ADMINISTRATIVE

DAPs fail to offer any cogent explanation as to why a consolidated set of allegations, as encompassed in the ACC, should not be treated as the operative set of claims, allegations and theories that Defendants are facing. Their lack of credible justification underscores the inescapable conclusion that it should. If the ACC is not the operative complaint in each DAP proceeding, as DAPs contend, all of the efficiencies the Court sought when it ordered the ACC would be thrown out the window:

- Each DAP that filed a "short form" complaint incorporating the ACC would have to file a full individual complaint. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 591 (6th Cir. 2013) (administrative pleadings are "legally inert"); *see also In re Fluidmaster*, 149 F. Supp. 3d 940, 946-47 (N.D. Ill. 2016) (allegations have no legal effect if they only appear in an administrative complaint). Conversely, if the ACC is substantive, then the existing short form complaints are acceptable.

- Each DAP that used the ACC to "amend" its underlying allegations must prepare and file a separate amended underlying complaint containing the new claims and parties the Court granted them leave to add. *See Fluidmaster*, 149 F. Supp. 3d at 946-47. But if the ACC is operative, then the amended claims and allegations contained in the ACC have legal effect, and no further filings are necessary.

- Each Defendant must prepare and file individual answers to each of the 42 individual DAP complaints and any other amended DAP complaint filed since March 5, 2020 when the Court first ordered DAPs to prepare a consolidated complaint. (Dkt. 3525); *see Refrigerant Compressors*, 731 F.3d at 591. Alternatively, if the ACC is operative, then the proposed process of a single consolidated amendment and a single consolidated answer every 90 days will suffice because both documents will have legal effect. And Defendants need not overrun the docket with individual answers to individual complaints.

- Rabobank must refile its motion to dismiss directed to each of the newly-filed underlying complaints in which it is named, DAPs must refile their opposition, and the Court will need to reissue its opinion. *See id.* at 590-91 (motions directed to administrative complaints are improper); *Fluidmaster*, 149 F. Supp. 3d at 948 (same). If the ACC is substantive, then the existing briefing on Rabobank's motion to dismiss was directed to the proper pleading, and the Court's opinion stands.

- Similarly, Rule 56 motions and other future motion practice will have to be directed to each of the 72 underlying DAP complaints, not the ACC, undoing the streamlining that the Court envisioned. *Fluidmaster*, 149 F. Supp. 3d at 948.

The Court previously observed that "the intent to streamline the docket would be frustrated by maintaining two sets of pleadings." (Dkt. 3835 at 9.) But if the ACC is administrative only, then Defendants—and the Court—will have to juggle over 70 DAP pleadings *in addition to* the ACC, which contains unique claims, allegations and theories not found in the underlying complaints, (Mot. at 8-9), that DAPs assert "function as an amendment to" or "supplement[] each DAP's individual complaint." (Opp. at 1, 2.) The ACC will cease to be "a single repository of pertinent factual allegations." (*Id.* at 6.) The ACC must therefore be the operative complaint in each DAP case to achieve the Court's goal of streamlining the docket and future motion practice, and to avoid clogging the docket with avoidable filings.

## II.     DAPS IGNORE THE PRACTICAL REALITY THAT THE COURT AND THE PARTIES HAVE TREATED THE ACC AS OPERATIVE

Whether a consolidated complaint is operative or administrative requires a "pragmatic inquiry" that considers several factors, including, "perhaps most important[,]" whether the consolidated complaint was subject to a motion to dismiss. *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 490 (7th Cir. 2020) (citing *Refrigerant Compressors*, 731 F.3d at 590-91). This

point is made clear in a case DAPs cite with approval: "motions are improper when dealing with an 'administrative' consolidated complaint." *Fluidmaster*, 149 F. Supp. 3d at 948. The *Fluidmaster* consolidated complaint was deemed operative because the parties "fully briefed Rule 12(b) motions to dismiss portions of the consolidated complaint without any objection as to the propriety of such motions[.]" *Id.*; *see also Bell*, 982 F.3d at 490-91 (determining that consolidated complaint was operative based on motion practice directed to it).

There is no dispute here that Rabobank's motion to dismiss is directed toward the ACC. (*See* Dkt. 4369.) Nor is there any dispute that DAPs did not object to the propriety of Rabobank's motion on the basis that it was directed toward an administrative complaint. (Dkt. 4510.) Nor did the Court object. (Dkt. 4729.) DAPs cannot reconcile the unambiguous case law with their position. (*See* Opp. at 5 n.1.) The "perhaps most important" factor in determining whether a consolidated complaint is operative or administrative tilts decisively in Defendants' favor.

Another "pragmatic inquiry" provides further evidence that the ACC is—and should be—the operative pleading in each DAP proceeding. In its January 6, 2021 Order, the Court granted certain DAPs' motions to amend to add Keystone and Case as Defendants, and to assert federal and Georgia RICO claims against certain other Defendants. (Dkt. 4139.) Several DAPs implemented those amendments only in the ACC, without amending their underlying complaints. Similarly, certain claims, allegations and theories appear only in the ACC, and not in any underlying complaint. (Mot. at 8.) But an administrative complaint is a "legally inert summar[y] of pleadings[.]" *Refrigerant Compressors*, 731 F.3d at 591.[1]

---

[1] The cases DAPs cite yield the same conclusion. *In re Zimmer Nexgen Knee Implant Prods. Liab. Litig.*, 2012 WL 3582708, at *3 (N.D. Ill. Aug. 16, 2012) (an administrative complaint is "not to be given the same effect as an ordinary complaint" (citations and quotations omitted)); *In re Vioxx Prods. Liab. Litig.*, 239 F.R.D. 450, 454 (E.D. La. 2006) (same).

DAPs nevertheless argue this is "semantics" and an "attempt to create procedural complexity and confusion[.]" (Opp. at 4.) Quite the opposite. *Fluidmaster* involved a substantively identical situation—the legal effect of a California subclass pled only in a consolidated complaint and not "in any of the underlying complaints[.]" 149 F. Supp. 3d at 946-47. The court concluded the subclass was properly pled only because the consolidated complaint was operative and had legal effect: "The answer to that question lies in the fact that the consolidated class action complaint here is a *superseding* [i.e., operative] complaint (as opposed to an *administrative* one)." *Id.* at 947 (emphases in original).

By the same token, if the ACC here is operative, then claims, allegations and theories appearing only in the ACC and not in an underlying complaint have legal effect. *Id.* But if the ACC is administrative, then DAPs that did not amend their underlying complaints would not have legally operative claims against Keystone and Case, and their federal and Georgia RICO claims would be similarly inoperative. *Id.* Other claims, allegations and theories appearing only in the ACC and not in an underlying complaint would also be inoperative. *Id.* The affected DAPs would need to amend each of their underlying complaints for those claims, allegations and theories to have legal effect. *Id.* That would defeat the Court's desire to streamline the docket.

Another pragmatic concern is that divergences between underlying complaints and the ACC, and questions about which has legal effect, create needless confusion and complexity. DAPs do not even attempt to rebut this basic proposition. (Opp. at 5-6.) Whether there is sufficient notice of *claims* and *allegations* to grant or deny a motion to dismiss is an altogether separate issue from whether Defendants have sufficient notice of which *theories* each DAP will pursue against each Defendant during expert discovery, on summary judgment and at trial.[2]

---

[2] (*See, e.g.*, Mot. at 8 (unclear which DAP, if any, alleges that the Urner Barry index is subject to manipulation or that Tyson uses its Cobb-Vantress subsidiary as an enforcement mechanism for the

The "pragmatic inquiry" counseled by the Seventh Circuit in *Bell*, 982 F.3d at 490-91, leads inexorably to the conclusion that the ACC is the operative pleading in each DAP case.[3]

III. **COURTS HAVE HELD CONSOLIDATED COMPLAINTS ARE OPERATIVE WITHOUT THE PARTIES' CONSENT**

Relying on two out-of-circuit cases, DAPs argue that courts typically do not treat a consolidated pleading as operative unless all parties consent. (Opp. at 3-4 (citing *In re Mercedes-Benz Tele Aid Contract Litig.*, 257 F.R.D. 46 (D.N.J. 2009); *In re Conagra Peanut Butter Prods. Liab. Litig.*, 251 F.R.D. 689 (N.D. Ga. 2008)).) DAPs are mistaken, and the cases they cite inapposite. *First*, requiring the parties' consent for a pleading to be operative would deprive this Court of its inherent power to manage the docket. *See, e.g.*, *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016). Other courts may have allowed the parties to decide whether a pleading was operative, but that does not mean this Court needed the DAPs' permission to order them to file an operative consolidated complaint. (*See, e.g.*, Dkt. 3835 at 2-3.)

*Second*, both cases DAPs cite confronted a situation not present here: the operative complaint would have affected the choice of law. *See Mercedes-Benz*, 257 F.R.D. at 56 ("The use of a superseding complaint as the operative pleading for determining the proper choice of law rules in a multi-district litigation . . . is only appropriate, however, when the parties have agreed to such an arrangement." (citation omitted)); *Conagra*, 251 F.R.D. at 693 (same). DAPs fail to identify any issue here comparable to *Mercedes-Benz* or *Conagra*. (*See* Opp. at 3-4.)

---

conspiracies alleged); Dkt. 4507 (certain "restaurant DAPs" claim to have a "unique" theory of harm even though many DAPs have incorporated the entire ACC by reference).)

[3] *Refrigerant Compressors* supports Defendants' position in yet another way. The court there suggested that "legally inert" pleadings should be referred to as an "administrative complaint" and "administrative answer," while pleadings with legal effect should be referred to as a "consolidated complaint" and "consolidated answer." 731 F.3d at 591; *see also Bell*, 982 F.3d at 490-91 (looking to the label of the consolidated complaint). The Court here was explicit in its March 5, 2020 Order that it intended DAPs to file a "consolidated complaint" and Defendants to file a "consolidated answer." (Dkt. 3525.)

*Third*, recent in-circuit decisions come out the other way. In *Fluidmaster*, the parties do not appear to have consented that the consolidated complaint was operative. *See* 149 F. Supp. 3d at 945. Nevertheless, once there was a dispute—about the legal effect of the California subclass discussed *supra*, in Section II—this court held, "*whether it was expressly stated or not*, the consolidated complaint is a superseding complaint with its own legal effect[.]" *Id.* at 948 (emphasis added). The Seventh Circuit took the same approach in *Bell*. Observing that "clarity was not reached" about whether the consolidated complaint was operative, the court of appeals was left to "decide whether the consolidated complaints superseded the individual pleadings to become the operative units for entry of judgments and appeals." *Bell*, 982 F.3d at 491. The Seventh Circuit concluded that the consolidated complaint was the "legally operative pleading" with no consideration or discussion of whether all parties consented. *See id.*[4]

Even if that were not enough to dispose of DAPs' argument (and it is), the DAPs here *did* consent. On November 11, 2020, DAPs wrote to Defendants "to make clear that, in accordance with the Court's Order, **DAPs intend for the Consolidated Complaint to be the operative complaint in each DAP's case** notwithstanding a full reservation of their objections and rights." (Mot. at 4 (emphasis added); *see also* Mot., Ex. 4.)

DAPs now backtrack, asserting that their unequivocal statement above is "not accurate," that "Defendants mischaracterize DAPs' position through selective quotes" and that neither the Court nor Defendants should rely on DAPs' prior position because it is somehow "misleading" due to the Court's January 6, 2021 Order. (Opp. at 4.)

---

[4] The Sixth Circuit took the same approach in *Refrigerant Compressors*. 731 F.3d at 591 (no discussion of parties' consent). The Seventh Circuit recently noted that the Supreme Court "endors[ed] the Sixth Circuit's approach in *Refrigerant Compressors* to ascertaining the legal effect of a consolidated complaint in multidistrict litigation . . . ." *Bell*, 982 F.3d at 490.

DAPs are mistaken on all counts. Defendants quoted DAPs' November 11, 2020 letter verbatim and without characterization, and provided a complete copy to the Court as Exhibit 4 to their Motion. (Mot., Ex. 4.) DAPs provide no explanation for why Defendants or the Court should disregard it. And DAPs' clarification of the July 10, 2020 joint status report that the ACC would be "informed by their existing pleadings[,]" (Opp. at 4 (quoting Dkt. 3700 at 2)), does nothing to change the plain language of their prior agreement.

IV. **DAPS KNOCK DOWN STRAWMEN THAT DEFENDANTS DO NOT ADVANCE**

Having failed to contend with the weight of authority supporting Defendants' position, DAPs instead mischaracterize Defendants' positions and the relief sought. *First*, contrary to DAPs' opposition, (*id.* at 1-3), the ACC being the operative complaint in no way forces any DAP to concede or make any allegation or claim. Indeed, Paragraph 3 of Defendants' proposed order facially contradicts this argument—DAPs may identify which claims and allegations they do not join. (*See* Mot., Ex. 1, ¶ 3.) This provision has been part of the parties' negotiations since the beginning. Defendants proposed—and DAPs accepted and expanded upon—language to this effect in the first iteration of the joint proposed order. (Mot., Ex. 5.) This provision is also consistent with the July 10, 2020 joint status report, in which DAPs represented that they would identify not just the claims they join, but also the specific factual allegations. (Dkt. 3700 at 1.) To date, DAPs have not done so with respect to the allegations advanced. Far from forcing DAPs to make or concede any allegations, Defendants' proposed order simply asks DAPs to provide certainty about which allegations and theories they do advance.[5]

---

[5] To illustrate, certain "restaurant DAPs" have argued to this Court that they have a unique theory of harm regarding an alleged false small bird supply reduction. (*See, e.g.*, Dkt. 4507.) But it appears that non-restaurant DAPs—e.g., Feeser's, Inc. (Dkt. 4501), Amory Investments LLC (Dkt. 4537-1) and Target Corporation (Dkt. 4193)—advance that theory too because they have incorporated the ACC in full with no indication that they do not join in the pertinent allegations. Defendants' proposed order will resolve that uncertainty.

*Second*, DAPs argue that an administrative complaint cannot result in the merger of individual proceedings. (Opp. at 1 (citing *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 n.3 (2015)).) But this Motion does not ask the Court to merge the individual DAP proceedings. (Mot. at 10 n.11.) Consistent with the Supreme Court's *Gelboim* decision, Defendants' position is that an operative consolidated complaint does not *necessarily* result in the merger of the individual underlying cases. *Gelboim*, 574 U.S. at 413 n.3. In no way did the Supreme Court suggest that a consolidated complaint *must* be administrative to avoid merger. *Id.*

DAPs' decision to rebut arguments Defendants do not make is telling. And it does nothing to suggest that the ACC is anything but the operative complaint in each DAP proceeding.

## V. THE PARTIES SEEM TO BE LARGELY IN AGREEMENT REGARDING THE AMENDMENT PROCESS

The only remaining disagreement regarding the process of amending the ACC is language about incorporating all new "complaints" versus all new "claims and allegations." (*See* Opp. at 7-8.) While the distinction is not clear to Defendants, DAPs' opposition marks the first time they have raised a concern with or suggested changing that language; Defendants were not aware it was ever in dispute. (*See* Mot., Ex. 2 (highlighting provisions Defendants understood to be in dispute).) The proposed verbiage simply reflects Defendants' attempt to maintain fidelity to the Court's March 5, 2020 Order directing DAPs to file a "consolidated complaint." (Dkt. 3525.) And, at any rate, this minor disagreement will likely be resolved by the determination that the ACC is the operative complaint in each DAP proceeding.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant Defendant's Motion and any other relief deemed proper.

Respectfully Submitted,

Dated:  June 4, 2021

By:  /s/ *Rachel J. Adcox*
Rachel J. Adcox (#1001488)
Daniel K. Oakes (admitted *pro hac vice*)
Kenina J. Lee (admitted *pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
radcox@axinn.com
doakes@axinn.com
klee@axinn.com

John M. Tanski (admitted *pro hac vice*)
Jarod G. Taylor (admitted *pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
Telephone: (860) 275-8100
Facsimile: (860) 275-8101
jtanski@axinn.com
jtaylor@axinn.com

Nicholas E.O. Gaglio (admitted *pro hac vice*)
Kail J. Jethmalani (admitted *pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, NY 10036
Telephone: (212) 728-2200
Facsimile: (212) 261-5654
ngaglio@axinn.com
kjethmalani@axinn.com

Jordan M. Tank
LIPE LYONS MURPHY NAHRSTADT &
PONTIKIS, LTD.
230 West Monroe, Street, Ste 2260
Chicago, IL 60606
Telephone: (312) 702-0586
Facsimile: (312) 726-2273
jmt@lipelyons.com

*Attorneys for Defendants Tyson Foods, Inc.,
Tyson Chicken, Inc., Tyson Breeders, Inc.,
Tyson Poultry, Inc., Keystone Foods LLC, Equity
Group Eufaula Division, LLC, Equity Group
Kentucky Division LLC, Equity Group – Georgia
Division LLC*

WEIL GOTSHAL & MANGES LLP

By: */s/ Carrie C. Mahan*
Carrie C. Mahan (#459802)
Christopher J. Abbott (#1014487)
2001 M Street N.W., Ste. 600
Washington, D.C. 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
carrie.mahan@weil.com
christopher.abbott@weil.com

Jessica L. Falk (#4763686)
767 Fifth Avenue
New York, NY 10153
Telephone: 212-310-8000
Facsimile: 212-310-8007
jessica.falk@weil.com

BAILEY BRAUER PLLC

Clayton E. Bailey (admitted *pro hac vice*)
8350 N. Central Expressway, Ste. 206
Dallas, TX 75206
Telephone: (214) 360-7433
Facsimile: (214) 360-7424
cbailey@baileybrauer.com

EIMER STAHL LLP

Michael L. McCluggage (#01820966)
224 South Michigan Avenue, Ste. 1100
Chicago, IL 60604
Telephone: (312) 660-7665
Facsimile: (312) 692-1718
mmccluggage@eimerstahl.com

*Attorneys for Defendant Pilgrim's Pride
Corporation*

VENABLE LLP

By: */s/ J. Douglas Baldridge*
J. Douglas Baldridge (#437678)
Lisa Jose Fales (admitted *pro hac vice*)
Danielle Foley (admitted *pro hac vice*)
Andrew Hernacki (admitted *pro hac vice*)
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: 202-344-8300
jdbaldridge@venable.com
ljfales@venable.com
drfoley@venable.com
athernacki@venable.com

FALKENBERG IVES LLP

Kirstin B. Ives
30 N. LaSalle St., Ste 4020
Chicago, IL 60602
Telephone: (312) 566-4803
Facsimile: (312) 566-4810
kbi@ffilaw.com

*Attorneys for Defendants Perdue Farms, Inc.
and Perdue Foods LLC*

By: /s/ *John W. Treece*
John W. Treece (#3122889)
1135 West Montana Street
Chicago, IL 60614
Telephone: (312) 961-7808
jtreece@jwtreece.com

ROSE LAW FIRM

Amanda K. Wofford (admitted *pro hac vice*)
Bourgon Reynolds (admitted *pro hac vice*)
120 East Fourth Street
Little Rock, Arkansas 72201
Telephone: (501) 375-9131
Facsimile: (501) 375-1309
awofford@roselawfirm.com
breynolds@roselawfirm.com

*Attorneys for Defendants Mountaire Farms Inc., Mountaire Farms, LLC and Mountaire Farms of Delaware, Inc.*

MAYER BROWN LLP

By: /s/ *Carmine R. Zarlenga*
Carmine R. Zarlenga (#90784529)
William H. Stallings (admitted *pro hac vice*)
Stephen M. Medlock (admitted *pro hac vice*)
Oral D. Pottinger (admitted *pro hac vice*)
1999 K Street N.W.
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
czarlenga@mayerbrown.com
wstallings@mayerbrown.com
smedlock@mayerbrown.com
opottinger@mayerbrown.com

*Attorneys for Defendant Foster Farms, LLC and Foster Poultry Farms, a California Corporation*

NOVACK AND MACEY LLP

By: /s/ *Stephen Novack*
Stephen Novack
Stephen J. Siegel
Christopher S. Moore
100 North Riverside Plaza
Chicago, IL 60606
Telephone: (312) 419-6900
Facsimile: (312) 419-6928
snovack@novackmacey.com
ssiegel@novackmacey.com
cmoore@novackmacey.com

*Attorneys for Defendants Koch Foods Incorporated, JCG Foods of Alabama LLC, JCG Foods of Georgia LLC and Koch Meat Co., Inc.*

KIRKLAND & ELLIS LLP

By: /s/ *Daniel E. Laytin, P.C.*
Daniel E. Laytin, P.C.
Christa C. Cottrell, P.C.
Stacy Pepper
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
dlaytin@kirkland.com
ccottrell@kirkland.com
stacy.pepper@kirkland.com

*Attorneys for Defendants Sanderson Farms, Inc., Sanderson Farms, Inc. (Foods Division), Sanderson Farms, Inc. (Processing Division), and Sanderson Farms, Inc. (Production Division) and Liaison Counsel for Defendants*

VEDDER PRICE P.C.

By: /s/ *Gregory G. Wrobel*
Gregory G. Wrobel (#3122900)
222 N. LaSalle Street
Chicago, IL 60601
Telephone: (312) 609-7722
Facsimile: (312) 609-5005
gwrobel@vedderprice.com

JORDAN PRICE WALL GRAY JONES
& CARLTON, PLLC

Henry W. Jones, Jr. (admitted *pro hac vice*)
1951 Clark Avenue
Raleigh, NC 27605
Telephone: (919) 828-2501
Facsimile: (919) 834-8447
hjones@jordanprice.com

*Attorneys for Defendant House of Raeford Farms, Inc.*

PROSKAUER ROSE LLP

By: /s/ *Christopher E. Ondeck*
Christopher E. Ondeck (admitted *pro hac vice*)
Stephen R. Chuk (admitted *pro hac vice*)
1001 Pennsylvania Ave., NW, Ste 600 South
Washington, DC 20004
Telephone: (202) 416-6800
Facsimile: (202) 416-6899
condeck@proskauer.com
schuk@proskauer.com

*Attorneys for Wayne Farms LLC*

KUTAK ROCK LLP

By: /s/ *John P. Passarelli*
John P. Passarelli (admitted *pro hac vice*)
James M. Sulentic (admitted *pro hac vice*)
1650 Farnam Street
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
john.passarelli@kutakrock.com
james.sulentic@kutakrock.com

J.R. Carroll (admitted *pro hac vice*)
Jeffrey M. Fletcher (admitted *pro hac vice*)
234 East Millsap Road, Ste 200
Fayetteville, AR 72703-4099
Telephone: (479) 973-4200
Facsimile: (479) 973-0007
jr.caroll@kutakrock.com
Jeffrey.fletcher@kuakrock.com

Kimberly M. Hare (#6323326)
One South Wacker Drive, Ste 2050
Chicago, IL 60606-4614
Telephone: (312) 602-4100
Facsimile: (312) 602-4101
kimberly.hare@kutakrock.com

*Attorneys for Defendants O.K. Foods, Inc.,*
*O.K. Farms, Inc., and O.K. Industries, Inc.*

EDWARD C. KONIECZNY LLC

By: /s/ *Edward C. Konieczny*
Edward C. Konieczny (admitted *pro hac vice*)
400 Colony Square, Ste 1501
1201 Peachtree Street, NE
Atlanta, GA 30361
Telephone: (404) 380-1430
Facsimile: (404) 382-6011
ed@koniecznylaw.com

SMITH, GAMBRELL & RUSSELL, LLP

David C. Newman (admitted *pro hac vice*)
W. Parker Sanders (admitted *pro hac vice*)
1230 Peachtree Street, N.E.
Promenade, Ste 3100
Atlanta, GA 30309
Telephone: (404) 815-3500
Facsimile: (404) 815-3509
dnewman@sgrlaw.com
psanders@sgrlaw.com

James L. Thompson
Lynch Thompson LLP
150 S. Wacker Drive, Suite 2600
Chicago, IL 60606
T: (312) 445-4623
F: (312) 896-5883
jthompson@lynchthompson.com

*Attorneys for Defendants Mar-Jac Poultry,*
*Inc., Mar-Jac Poultry MS, LLC, Mar-Jac*
*Poultry AL, LLC, Mar-Jac AL/MS, Inc.,*
*Mar-Jac Poultry, LLC, Mar-Jac Holdings, Inc.*

VAUGHAN & MURPHY

By:  /s/ *Charles C. Murphy, Jr.*
Charles C. Murphy, Jr. (admitted *pro hac vice*)
690 S Ponce Court NE
Atlanta, GA 30307
Telephone: (404) 667-0714
Facsimile: (404) 529-4193
cmurphy@vaughanandmurphy.com

WINSTON & STRAWN LLP

James F. Herbison
Michael P. Mayer
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
jherbison@winston.com
mmayer@winston.com

*Attorneys for Defendant Norman W. Fries, Inc. d/b/a Claxton Poultry Farms*

HOGAN LOVELLS US LLP

By:  /s/ *William L. Monts III*
William L. Monts III (admitted *pro hac vice*)
Justin W. Bernick (admitted *pro hac vice*)
555 Thirteenth Street, N.W.
Washington, D.C.  20004-1109
Telephone:  (202) 637-5910
Facsimile: (202) 637-5911
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com

MILLER, CANFIELD, PADDOCK, AND STONE P.L.C.

Jacob D. Koering
225 West Washington Street, Ste 2600
Chicago, Illinois  60606
Telephone:  (312) 460-4272
Facsimile:  (312) 460-4201
koering@millercanfield.com

*Attorneys for Defendant Agri Stats, Inc.*

SHOOK HARDY & BACON LLP

By: /s/ *Lynn H. Murray*
Lynn H. Murray
111 S. Wacker Dr., Ste 4700
Chicago IL 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195
lhmurray@shb.com

Laurie A. Novion
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
lnovion@shb.com

CONNER & WINTERS

John R. Elrod
Vicki Bronson (admitted *pro hac vice*)
4375 N. Vantage Drive, Ste. 405
Fayetteville, AR 72703
Telephone: (479) 582-5711
jelrod@cwlaw.com
vbronson@cwlaw.com

*Attorneys for Defendant Simmons Foods,*
*Inc. and Simmons Prepared Foods Inc.*

EVERSHEDS SUTHERLAND (US) LLP

By: /s/ *Patricia A. Gorham*
James R. McGibbon (admitted *pro hac vice*)
Patricia A. Gorham (admitted *pro hac vice*)
Peter M. Szeremeta (admitted *pro hac vice*)
Kaitlin A. Carreno (admitted *pro hac vice*)
Dylan de Fouw (admitted *pro hac vice*)
999 Peachtree Street, N.E., Ste 2300
Atlanta, Georgia 30309-3996
Telephone: (404) 853-8000
Facsimile: (404) 853-8806
jimmcgibbon@eversheds-sutherland.com
patriciagorham@eversheds-sutherland.com
peterszeremeta@eversheds-sutherland.com
katilincarreno@eversheds-sutherland.com
dylandefouw@eversheds-sutherland.com

SMITHAMUNDSEN LLC

Ronald Balfour
150 N. Michigan Avenue, Ste 3300
Chicago, Illinois 60601
Telephone: (312) 894-3389
Facsimile: (312) 997-1816
rbalfour@salawus.com

*Attorneys for Defendant Harrison Poultry, Inc.*

JOSEPH D. CARNEY & ASSOCIATES LLC

By: /s/ *Joseph D. Carney*
Joseph D. Carney (admitted *pro hac vice*)
Telephone: 440-249-0860
Facsimile: 866-270-1221
jdc@jdcarney.com
case@jdcarney.com

Office Address:
139 Crocker Park Boulevard, Ste. 400
Westlake, OH 44145

Mailing Address:
1540 Peach Drive
Avon, OH 44011

MILLER SHAKMAN LEVINE & FELDMAN LLP

Thomas M. Staunton
Daniel M. Feeney
180 North LaSalle Suite 3600
Chicago, IL 60601
Telephone: 312-263-3700
tstaunton@millershakman.com
dfeeney@millershakman.com

D.KLAR LAW

Deborah A. Klar (admitted *pro hac vice*)
Deborah A. Klar, Esq.
2934 1/2 Beverly Glen Circle, Suite 761
Bel Air, CA 90077
Telephone: 310-858-9500
dklar@dklarlaw.com

*Attorneys for Defendants Case Foods, Inc.,*
*Case Farms, LLC, and Case Farms*
*Processing, Inc.*

DYKEMA GOSSETT PLLC

By: /s/ *Howard B. Iwrey*
Howard B. Iwrey
39577 Woodward Ave, Ste. 300
Bloomfield Hills, MI 48304
Telephone: 248-203-0526
Facsimile: 248-203-0763
hiwrey@dykema.com

Steven H. Gistenson
10 South Wacker Drive, Ste. 2300
Chicago, IL 60606
Telephone: 312-627-2267
Facsimile: 312-876-1155
sgistenson@dykema.com

Cody D. Rockey
2723 South State Street, Ste. 400
Ann Arbor, MI 48104 Telephone:
734-214-7655
Facsimile: 734-214-7696
crockey@dykema.com

Dante A. Stella
400 Renaissance Center
Detroit, MI 48243
Telephone: 313-568-6693
Facsimile: 313-568-6893
dstella@dykema.com

*Attorneys for Defendants Amick Farms, LLC*

STINSON LLP

By: /s/ *William L. Greene*
William L. Greene (admitted *pro hac vice*)
Peter J. Schwingler (admitted *pro hac vice*)
Kevin P. Kitchen (admitted *pro hac vice*)
50 South Sixth Street, Ste 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
kevin.kitchen@stinson.com

J. Nicci Warr
7700 Forsyth Blvd., Suite 1100 St. Louis,
MO 63105 Telephone: (314) 259-4570
nicci.warr@stinson.com

SUGAR FELSENTHAL GRAIS &
HELSINGER LLP

John C. Martin
30 N. LaSalle Street, Ste 3000
Chicago, IL 60602
Telephone: (312) 704-2172
Facsimile: (312) 372-7951
jmartin@sfgh.com

THE LAW GROUP OF NORTHWEST
ARKANSAS LLP

Gary V. Weeks (admitted *pro hac vice*)
K.C. Dupps Tucker (admitted *pro hac vice*)
Kristy E. Boehler (admitted *pro hac vice*)
1830 Shelby Lane
Fayetteville, AR 72704
Telephone: (479) 316-3760
gary.weeks@lawgroupnwa.com
kc.tucker@lawgroupnwa.com
kristy.boehler@lawgroupnwa.com

*Attorneys for Defendants George's, Inc.
and George's Farms, Inc.*

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP

By: /s/ *Patrick Fitzgerald*
Patrick Fitzgerald (#6307561)
Gail Lee
Peter Cheun
155 N. Wacker Drive
Chicago, IL 60606
Telephone: (312) 407-0700
Facsimile: (312) 407-0411
patrick.fitzgerald@skadden.com
gail.lee@skadden.com
peter.cheun@skadden.com

Boris Bershteyn (admitted *pro hac vice*)
Lara Flath (#6289481)
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
boris.bershteyn@skadden.com
lara.flath@skadden.com

*Attorneys for Defendant Peco Foods, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2021, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all counsel of record.

/s/    *Jordan M. Tank*
Jordan M. Tank
LIPE LYONS MURPHY NAHRSTADT &
PONTIKIS, LTD.
230 West Monroe, Street, Ste 2260
Chicago, IL 60606
Telephone: (312) 702-0586
Facsimile: (312) 726-2273
jmt@lipelyons.com