UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>THIS DOCUMENT RELATES TO:<br><br>All Class Plaintiffs | Case: 1:16-cv-08637<br><br>Honorable Thomas M. Durkin |

**REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR AN EVIDENTIARY HEARING ON CLASS CERTIFICATION**

Defendants submit this reply to the Class Plaintiffs' Response (Dkt. No. 4723, the "Response" or "Resp.") to Defendants' Motion for an Evidentiary Hearing on Class Certification (Dkt. No. 4639, the "Motion" or "Mot.").[1]

## INTRODUCTION

On May 14, 2021, this Court stated that it will "likely" order an evidentiary hearing. May 14, 2021 Hr'g Tr., Dkt. 4700, at 11:15-17. Recognizing this statement (Resp. at 1, 9), Plaintiffs backed off their previously stated opposition to Defendants' Motion and instead filed a Response discussing the hearing's potential structure. In other words, the only remaining dispute is the hearing's format, not its propriety.

The hearing's duration and format lies within the Court's discretion, and Defendants are prepared to proceed with whatever structure the Court deems most helpful to resolving the class certification motions. To the extent the Court's schedule permits, Defendants respectfully submit that these complex motions warrant a two-day evidentiary hearing with witness testimony and oral argument. Plaintiffs also propose a hearing format with testimony and oral argument (Resp. at 10-12), but their proposal is inadequate in at least three ways. First, their proposed hearing duration is too short—9 hours to cover three proposed classes, four or more witnesses, oral argument, and questioning by the Court. Second, Plaintiffs presume to divide up all of Defendants' time in their proposal, for example by allocating only thirty minutes to cross-examination (and questioning by the Court[2]) of each of their experts, but an hour and a half total for Dr. Johnson. The parties should be able to divide their respective blocks of time as they see fit, as is customary—neither side should

---

[1] Because it has settled with the DPPs, Defendant Pilgrim's Pride notes that it joins this Reply (and the Motion) only as to the CIIPP and EUCP actions.

[2] Plaintiffs appear to suggest that questioning by the Court should be restricted to these segments. *See* Resp. at 11-12. Defendants oppose any purported limit on the Court's discretion to question witnesses.

be in the business of predetermining their opponent's hearing strategy. Finally, Defendants agree with Plaintiffs that *no* expert—not only Dr. Johnson—should be allowed to "provide new analysis" at a hearing. Resp. at 12. However, if Plaintiffs submit "sur-sur-reply materials," Defendants do not agree that such materials would constitute "approved materials timely submitted," nor do they agree that Dr. Johnson should be precluded from appropriately responding to such materials at a hearing. *Id.* Defendants likewise reject Plaintiffs' claim that any response by Dr. Johnson would "require that the hearing be adjourned" and trigger an "indefinite[]" back and forth. *Id.* at 12-13. Plaintiffs offer no support for any of these assertions, and they should not be allowed to sandbag Defendants with more new analyses.

While Plaintiffs do propose a hearing format with witness testimony, elsewhere in their Response they contend that the hearing should be limited to oral argument by counsel. Their only rationale for so limiting the hearing is that the record on class certification is voluminous. But that is exactly why it *would* be helpful for the Court to hold a fulsome hearing and hear from the witnesses that are most critical to each party's case at this important stage. When the record is this large and complicated, examination by the parties and the Court would surely assist in unearthing the most valuable nuggets from a mountain of information.

## ARGUMENT

### I. The Voluminous, Complicated Record Weighs in Favor of an Evidentiary Hearing

The record here is complex and contains thousands of pages of documentary evidence, deposition testimony, expert reports, and briefs. Mot. at 1, 4-5. Class Plaintiffs agree. *See* Resp. at 2-5. It does not follow, however, that the hearing should be limited to lawyer argument. Plaintiffs misunderstand the purpose of the Motion when they contend that this Court should not hear from witnesses because there is no need "to further augment the record," which would be

"cumulative." *Id.* at 1, 2, 6.[3] The point is not to "augment" the record, but rather to help make sense of it. *See* Mot. at 5 ("In this context, an evidentiary hearing would help to crystallize the key issues for resolution by this Court."), *id.* ("The various experts could be subjected to examination, as well as questioning by the Court, thereby allowing the most important issues to rise to the surface."). Defendants see no reason—and Plaintiffs identified none[4]—why the Court should deny itself an opportunity to examine the evidence and question key witnesses in this complicated case.

## II. Plaintiffs' Cases Suggesting That an Evidentiary Hearing Is Discretionary Do Not Counsel against Exercising That Discretion Here

Defendants' Motion cited guidance from the Seventh Circuit—along with several other circuits—to the effect that evidentiary hearings can assist courts in rigorously analyzing tough questions presented by class certification. Mot. at 1-3. It also listed ten examples of antitrust cases where such hearings were held and expert testimony was heard. *Id.* at 3-4 n.1. Plaintiffs fail to address any of this authority, waving it away as "cases from other jurisdictions, as well as other cases from the Seventh Circuit where courts have used their discretion to hold a hearing." Resp. at 6 n.2. Yet the cases Plaintiffs cite—which include a number from other jurisdictions[5]—do nothing more than suggest that a court *also* has discretion to not hold an evidentiary hearing where

---

[3] It appears that Plaintiffs, on the other hand, *do* intend to inflate the record by filing "sur-sur-reply materials." *Id.* at 12. And they go on to threaten "spend[ing] weeks generating new analysis" should Dr. Johnson respond to their new materials at a hearing. *Id.* Defendants filed a sur-reply, which was allowed by the Court (Dkt. No. 4694), because Plaintiffs' experts submitted brand new analyses in their reply reports. Plaintiffs do not have any similar justification for filing "sur-sur-reply materials."

[4] While Plaintiffs refer to "a waste of time and money" (Resp. at 1, 9), they identify no particular prejudice or unreasonable expense that would arise from a hearing with expert testimony—a deafening silence in response to Defendants' point that such a hearing would not prejudice any party and would amount to a relatively minor incremental cost at this important stage of the case. *See* Mot. at 5-7.

[5] Many of Plaintiffs' in-circuit cases are cited for propositions that are fully consistent with Defendants' Motion. *See, e.g.*, *id.* at 5 (citing *Comcast*, *Szabo*, and *Priddy*—all cited by Defendants—to establish that a court should conduct a rigorous class certification analysis); *id.* at 7 n.4 (citing *West* and *American Honda*—both cited by Defendants—to establish that a court must rule on challenges to experts).

it finds one unnecessary on the facts of the case. That is a straightforward corollary to a court's discretion to hold an evidentiary hearing—which this Court already indicated it will likely do.

For example, Plaintiffs hold out *Kleen Products LLC v. International Paper*, 306 F.R.D. 585 (N.D. Ill. 2015), as "the most on-point precedent." Resp. at 6 & n.2. *Kleen Products* noted that "courts have held evidentiary hearings prior to deciding a class certification motion," while also observing that such hearings "are not *required*." 306 F.R.D. at 590 (emphasis added). The court went on to find that an evidentiary hearing was not necessary on the facts of that case, which were essentially undisputed, "so there are little if any factual disputes." *Id.* That case is not on-point. Critically, Plaintiffs have not suggested that all facts pertaining to class certification are undisputed here, as in *Kleen Products*.[6] And, unlike in *Kleen Products*, this Court has indicated an inclination to hold an evidentiary hearing.

Plaintiffs also cite *In re Allstate Corporation Securities Litigation*, 2020 WL 7490280 (N.D. Ill. Dec. 21, 2020), a securities fraud class action, as purportedly involving "a similar request for an evidentiary hearing." Resp. at 7. Not only do they fail to explain how *Allstate* is factually similar (it is not), but that case was in a materially different posture. In particular, the district court had already considered and ruled on class certification, after which its order was vacated on appeal and remanded for further proceedings regarding a specific issue. *Allstate*, 2020 WL 7490280, at *1. Given that "[t]he class certification record is closed"—something the Seventh Circuit had instructed in its opinion—and with the benefit of supplemental briefs on the issue, the court there declined to hold an evidentiary hearing. *Id.* at *1-2. The posture of this case is nothing like *Allstate*: This Court has not yet considered class certification, it is not deciding a narrowed issue

---

[6] At most, they claim that the experts "us[e] the same data" (Resp. at 7); in reality, different experts use multiple datasets, different models, different combinations of variables, and different sensitivities.

4

on remand after receiving supplemental briefing, and the Seventh Circuit has not deemed the record closed.

None of Plaintiffs' other cases declining to hold an evidentiary hearing control the outcome here. *See* Resp. at 8-9.[7] Each simply represents an instance where a court made a discretionary, fact-specific determination that an evidentiary hearing was unnecessary. By contrast, Defendants presented numerous relevant examples where a court held an evidentiary hearing on class certification. Mot. at 3-4 n.1. Defendants submit that the Court should do the same here, and nothing in Plaintiffs' Response counsels otherwise.[8]

## CONCLUSION

Therefore, Defendants respectfully request that the Court grant Defendants' Motion and schedule a two-day evidentiary hearing on the motions for class certification that includes examination of witnesses and oral argument.

---

[7] Several of Plaintiffs' examples are not even antitrust cases. *See Allstate*, 2020 WL 7490280 (securities case); *In re Dial Complete Mktg. & Sales Practices Litig.*, 2013 WL 1222310 (D.N.H. Mar. 26, 2013) (false advertising case); *Shanehchian v. Macy's, Inc.*, 2010 WL 4272905 (S.D. Ohio Oct. 21, 2010) (ERISA suit).

[8] Plaintiffs inaccurately suggest that Defendants are seeking "mini trials." Resp. 10; *see also id.* at 1. Evidentiary hearings on class certification are commonplace and are far from a trial. Defendants are committed to presenting evidence properly focused on class certification, and the Court has discretion to guide the structure of the hearing.

Dated: June 7, 2021

Respectfully submitted,

KIRKLAND & ELLIS LLP

By: */s/ Daniel E. Laytin, P.C.*
Daniel E. Laytin, P.C.
Christa C. Cottrell, P.C.
Stacy Pepper
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
dlaytin@kirkland.com
ccottrell@kirkland.com
stacy.pepper@kirkland.com

*Attorneys for Defendants Sanderson Farms, Inc., Sanderson Farms, Inc. (Foods Division), Sanderson Farms, Inc. (Processing Division), and Sanderson Farms, Inc. (Production Division) and Liaison Counsel for Defendants*

WEIL, GOTSHAL & MANGES LLP

By: */s/ Carrie C. Mahan*
Carrie C. Mahan (#459802)
Christopher J. Abbott (#1014487)
2001 M Street N.W., Ste. 600
Washington, D.C. 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
carrie.mahan@weil.com
christopher.abbott@weil.com

Pravin R. Patel (#0099939)
Brian G. Liegel (#0119269)
Corey K. Brady (admitted *pro hac vice*)
1395 Brickell Avenue, Ste. 1200
Miami, FL 33131
Telephone: 305-577-3100
pravin.patel@weil.com
brian.liegel@weil.com
corey.brady@weil.com

EIMER STAHL LLP

Michael L. McCluggage (#01820966)
224 South Michigan Avenue, Ste. 1100
Chicago, IL 60604
Telephone: (312) 660-7665
Facsimile: (312) 692-1718
mmccluggage@eimerstahl.com

*Attorneys for Defendant Pilgrim's Pride Corporation*

6

VENABLE LLP

By: */s/ J. Douglas Baldridge*
J. Douglas Baldridge (#437678)
Lisa Jose Fales (admitted *pro hac vice*)
Danielle Foley (admitted *pro hac vice*)
Andrew Hernacki (admitted *pro hac vice*)
600 Massachusetts Avenue, NW
Washington, D.C. 20001
Telephone: (202) 344-4000
Facsimile: 202-344-8300
jdbaldridge@venable.com
ljfales@venable.com
drfoley@venable.com
athernacki@venable.com

FALKENBERG IVES LLP

Kirstin B. Ives
30 N. LaSalle St., Ste 4020
Chicago, IL 60602
Telephone: (312) 566-4803
Facsimile: (312) 566-4810
kbi@ffilaw.com

*Attorneys for Defendants Perdue Farms, Inc. and Perdue Foods LLC*

By: */s/ John W. Treece*
John W. Treece (#3122889)
1135 West Montana Street
Chicago, IL 60614
Telephone: (312) 961-7808
jtreece@jwtreece.com

ROSE LAW FIRM

Amanda K. Wofford (admitted *pro hac vice*)
Bourgon Reynolds (admitted *pro hac vice*)
120 East Fourth Street
Little Rock, AR 72201
Telephone: (501) 375-9131
Facsimile: (501) 375-1309
awofford@roselawfirm.com
breynolds@roselawfirm.com

*Attorneys for Defendants Mountaire Farms Inc., Mountaire Farms, LLC and Mountaire Farms of Delaware, Inc.*

7

NOVACK AND MACEY LLP

By: */s/ Stephen Novack*
Stephen Novack
Stephen J. Siegel
Christopher S. Moore
100 North Riverside Plaza
Chicago, IL 60606
Telephone: (312) 419-6900
Facsimile: (312) 419-6928
snovack@novackmacey.com
ssiegel@novackmacey.com
cmoore@novackmacey.com

*Attorneys for Defendants Koch Foods Incorporated, JCG Foods of Alabama LLC, JCG Foods of Georgia LLC and Koch Meat Co., Inc.*

VEDDER PRICE P.C.

By: */s/ Gregory G. Wrobel*
Gregory G. Wrobel (#3122900)
222 N. LaSalle Street
Chicago, IL 60601
Telephone: (312) 609-7722
Facsimile: (312) 609-5005
gwrobel@vedderprice.com

JORDAN PRICE WALL GRAY JONES & CARLTON, PLLC

Henry W. Jones, Jr. (admitted *pro hac vice*)
1951 Clark Avenue

Raleigh, NC 27605
Telephone: (919) 828-2501
Facsimile: (919) 834-8447
hjones@jordanprice.com

*Attorneys for Defendant House of Raeford Farms, Inc.*

PROSKAUER ROSE LLP

By: */s/ Christopher E. Ondeck*
 Christopher E. Ondeck (admitted *pro hac vice*)
Stephen R. Chuk (admitted *pro hac vice*)
1001 Pennsylvania Ave., NW, Ste 600 South
Washington, D.C. 20004
Telephone: (202) 416-6800
Facsimile: (202) 416-6899
condeck@proskauer.com schuk@proskauer.com

*Attorneys for Wayne Farms LLC*

MAYER BROWN LLP

By: */s/ Carmine R. Zarlenga*
Carmine R. Zarlenga (#90784529)
William H. Stallings (admitted *pro hac vice*)
Stephen M. Medlock (admitted *pro hac vice)*
Oral D. Pottinger (admitted *pro hac vice*)
1999 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
czarlenga@mayerbrown.com
wstallings@mayerbrown.com
smedlock@mayerbrown.com
opottinger@mayerbrown.com

*Attorneys for Defendant Foster Farms, LLC and Foster Poultry Farms, a California Corporation*

8

KUTAK ROCK LLP

By: */s/ John P. Passarelli*
John P. Passarelli (admitted *pro hac vice*)
James M. Sulentic (admitted *pro hac vice*)
1650 Farnam Street
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
john.passarelli@kutakrock.com
james.sulentic@kutakrock.com

J.R. Carroll (admitted *pro hac vice*)
Jeffrey M. Fletcher (admitted *pro hac vice*)
234 East Millsap Road, Ste 200
Fayetteville, AR 72703-4099
Telephone: (479) 973-4200
Facsimile: (479) 973-0007
jr.caroll@kutakrock.com
Jeffrey.fletcher@kuakrock.com

Kimberly M. Hare (#6323326) One
South Wacker Drive, Ste 2050
Chicago, IL 60606-4614
Telephone: (312) 602-4100
Facsimile: (312) 602-4101
kimberly.hare@kutakrock.com

*Attorneys for Defendants O.K. Foods, Inc., O.K. Farms, Inc., and O.K. Industries, Inc.*

EDWARD C. KONIECZNY LLC

By: */s/ Edward C. Konieczny*
Edward C. Konieczny (admitted *pro hac vice*)
400 Colony Square, Ste 1501
1201 Peachtree Street, NE
Atlanta, GA 30361
Telephone: (404) 380-1430
Facsimile: (404) 382-6011
ed@koniecznylaw.com

SMITH, GAMBRELL & RUSSELL, LLP

David C. Newman (admitted *pro hac vice*)
W. Parker Sanders (admitted *pro hac vice*)
1230 Peachtree Street, N.E.
Promenade, Ste 3100
Atlanta, GA 30309
Telephone: (404) 815-3500
Facsimile: (404) 815-3509
dnewman@sgrlaw.com
psanders@sgrlaw.com

James L. Thompson
Lynch Thompson LLP
150 S. Wacker Drive, Suite 2600
Chicago, IL 60606
T: (312) 445-4623
F: (312) 896-5883
jthompson@lynchthompson.com

*Attorneys for Defendants Mar-Jac Poultry, Inc., Mar-Jac Poultry MS, LLC, Mar-Jac Poultry AL, LLC, Mar-Jack AL/MS, Inc., Mar-Jac Poultry, LLC, Mar-Jac Holdings, Inc*

| | |
|---|---|
| VAUGHAN & MURPHY | HOGAN LOVELLS US LLP |
| By: */s/ Charles C. Murphy, Jr.* <br> Charles C. Murphy, Jr. (admitted *pro hac vice*) <br> 690 S Ponce Court NE <br> Atlanta, GA 30307 <br> Telephone: (404) 667-0714 <br> Facsimile: (404) 529-4193 <br> cmurphy@vaughanandmurphy.com | By: */s/ William L. Monts III* <br> William L. Monts III (admitted *pro hac vice*) <br> Justin W. Bernick (admitted *pro hac vice*) <br> 555 Thirteenth Street, N.W. <br> Washington, D.C. 20004-1109 <br> Telephone: (202) 637-5910 <br> Facsimile: (202) 637-5911 <br> william.monts@hoganlovells.com <br> justin.bernick@hoganlovells.com |
| WINSTON & STRAWN LLP | MILLER, CANFIELD, PADDOCK, AND STONE P.L.C. |
| James F. Herbison <br> Michael P. Mayer <br> 35 West Wacker Drive <br> Chicago, IL 60601 <br> Telephone: (312) 558-5600 <br> Facsimile: (312) 558-5700 <br> jherbison@winston.com <br> mmayer@winston.com | Jacob D. Koering <br> 225 West Washington Street, Ste 2600 <br> Chicago, IL 60606 <br> Telephone: (312) 460-4272 <br> Facsimile: (312) 460-4201 <br> koering@millercanfield.com |
| *Attorneys for Defendant Norman W. Fries, Inc. d/b/a Claxton Poultry Farms* | *Attorneys for Defendant Agri Stats, Inc.* |

| | |
|---|---|
| SHOOK HARDY & BACON LLP | EVERSHEDS SUTHERLAND (US) LLP |
| By: */s/ Lynn H. Murray* <br> Lynn H. Murray <br> 111 S. Wacker Dr., Ste 4700 <br> Chicago IL 60606 <br> Telephone: (312) 704-7700 <br> Facsimile: (312) 558-1195 <br> lhmurray@shb.com | By: */s/ Patricia A. Gorham* <br> James R. McGibbon (admitted *pro hac vice*) <br> Patricia A. Gorham (admitted *pro hac vice*) <br> Peter M. Szeremeta (admitted *pro hac vice*) <br> Kaitlin A. Carreno (admitted *pro hac vice*) <br> Dylan de Fouw (admitted *pro hac vice*) <br> 999 Peachtree Street, N.E., Ste 2300 <br> Atlanta, GA 30309-3996 <br> Telephone: (404) 853-8000 <br> Facsimile: (404) 853-8806 <br> jimmcgibbon@eversheds-sutherland.com <br> patriciagorham@eversheds-sutherland.com <br> peterszeremeta@eversheds-sutherland.com <br> katilincarreno@eversheds-sutherland.com <br> dylandefouw@eversheds-sutherland.com |
| Laurie A. Novion <br> 2555 Grand Blvd. <br> Kansas City, MO 64108 <br> Telephone: (816) 474-6550 <br> Facsimile: (816) 421-5547 <br> lnovion@shb.com | |
| CONNER & WINTERS | SMITH AMUNDSEN LLC |
| John R. Elrod <br> Vicki Bronson (admitted *pro hac vice*) <br> 4375 N. Vantage Drive, Ste. 405 <br> Fayetteville, AR 72703 <br> Telephone: (479) 582-5711 <br> jelrod@cwlaw.com <br> vbronson@cwlaw.com | Ronald Balfour <br> 150 N. Michigan Avenue, Ste 3300 <br> Chicago, IL 60601 <br> Telephone: (312) 894-3369 <br> Facsimile: (312) 997-1816 <br> rbalfour@salawus.com |
| *Attorneys for Defendant Simmons Foods, Inc. and Simmons Prepared Foods Inc.* | *Attorneys for Defendant Harrison Poultry, Inc.* |

JOSEPH D. CARNEY & ASSOCIATES LLC

By: /s/ *Joseph D. Carney*
Joseph D. Carney (admitted *pro hac vice*)
Telephone: 440-249-0860
Facsimile: 866-270-1221
jdc@jdcarney.com
case@jdcarney.com

Office Address:
139 Crocker Park Boulevard, Ste. 400
Westlake, OH 44145

Mailing Address:
1540 Peach Drive
Avon, OH 44011

MILLER SHAKMAN LEVINE &
FELDMAN LLP

Thomas M. Staunton
Daniel M. Feeney
180 North LaSalle Suite 3600
Chicago, IL 60601
Telephone: 312-263-3700
tstaunton@millershakman.com
dfeeney@millershakman.com

D.KLAR LAW

Deborah A. Klar (admitted *pro hac vice*)
2934 1/2 Beverly Glen Circle, Suite 761
Bel Air, CA 90077
Telephone: 310-858-9500
dklar@dklarlaw.com

*Attorneys for Defendants Case Foods, Inc., Case Farms, LLC, and Case Farms Processing, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2021, a true and correct copy of this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

*/s/ Carrie C. Mahan*
Carrie C. Mahan
