### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | Case No: 1:16-cv-08637 |
| | The Honorable Thomas M. Durkin |
| *THIS DOCUMENT RELATES TO:*<br>*Sysco Corp. v. Tyson Foods, Inc. et al.*, No. 1:18-cv-00700<br>*Ahold Delhaize USA, Inc. v. Koch Foods, Inc. et al.*, No. 1:18-cv-05351 | Magistrate Jeffrey T. Gilbert |

### REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL ADDITIONAL DEPOSITIONS OF SYSCO AND AHOLD AND FOR AN AWARD OF CERTAIN COSTS AND FEES

Plaintiffs allege that Defendants engaged in a decade-long conspiracy to artificially raise the price of billions of dollars of chicken purchases. In order to adequately defend themselves against these allegations, Defendants' Brief in Support of their Motion to Compel Additional Depositions of Sysco and Ahold (Dkt. 4823) asked the Court to permit them to take *two* additional depositions of personnel from Sysco and Ahold Delhaize.[1] This request is patently reasonable and proportionate to the needs of this sprawling litigation and the breadth of Plaintiffs' claims. While numerous other Direct-Action Plaintiffs (DAPs) have agreed to similar requests, Sysco and Ahold Delhaize have refused. Their opposition briefs (Dkt. 4897, "Sysco's Opposition" or "Sysco Opp."; Dkt. 4898 "Ahold's Opposition" or "Ahold Opp.") demonstrate that their refusals are unreasonable and that the Motion should be granted.

---

[1] Peco Foods, Inc. joined the Motion to Compel only as to Ahold Delhaize. (Dkt. 4825.)

## ARGUMENT

I. **THE COURT SHOULD GRANT THE MOTION AS TO SYSCO**

Sysco's Opposition wholly ignores the elephant in the room—the stark asymmetry between the information at Sysco's disposal in prosecuting its claims and the information available to Defendants to defend against them. Sysco is "America's biggest wholesale food distributor," https://fortune.com/company/sysco/fortune500/; it claims $8 billion in chicken purchases during the relevant time period; and it has at least two large divisions involved in the purchase of chicken, in addition to the purchases separately made by each of 72 operating companies. As noted in Defendants' opening brief, Sysco, along with other plaintiffs, will have the benefit of 21 Tyson depositions[2], 21 Pilgrim's Pride depositions, and over 120 depositions from the other Defendants collectively going into summary judgment and trial.

Sysco, in contrast, has provided only three witnesses—one of which Sysco had no involvement in producing or preparing. Defendants' request for two additional fact witnesses, in addition to limited follow-up on topics that Sysco's corporate witness either could not or was instructed not to speak to, is not asking for much. These depositions will not prejudice Sysco, and they will not delay the case schedule. The Court should grant them in the interest of fundamental fairness.

Contrary to Sysco's assertion, Defendants have not been "sitting on their hands" since Sysco's 30(b)(6) deposition in December 2020. Sysco is not the only DAP in this case; it is one of more than 160. Defendants accordingly have taken over 100 depositions, while defending nearly 50, during that same period. At the same time, Defendants were negotiating with many DAPs over requests for additional depositions, with the intention of bringing a single omnibus

---

[2] This includes depositions of Tyson's subsidiaries Cobb-Vantress and Keystone Foods.

motion against all DAPs with whom Defendants could not reach agreement, rather than bringing a large number of piecemeal motions. Defendants were able to reach agreement with most DAPs from whom they sought additional depositions—but not with two, leading to this motion.

Nor will Sysco be prejudiced by producing the requested witnesses now. Each witness would testify on limited, discrete topics. Indeed, Defendants have offered to limit both fact witnesses' testimony to a combined seven hours in total, and to limit the additional corporate testimony to two hours. The burden is further lessened by the parties' ability to conduct each of these depositions remotely.

Sysco's attempt to point to Tyson's opposition to Ahold Delhaize's request for yet another Tyson deposition to support its own opposition misses the mark. (*See* Sysco Opp. at 6.) Sysco and Tyson simply are not similarly situated. As explained in Tyson's opposition:

- Ahold already had the chance to participate in *21* Tyson depositions;

- Ahold already had the chance to participate in *4 days* of Tyson 30(b)(6) testimony;

- Ahold already moved for—and received—additional depositions in April of this year (on top of the 10 additional depositions previously granted), without raising the possibility of yet another deposition;

- Ahold waited nearly *two years* between initially raising Mr. Shinstine as potential deponent and then making an actual request;

- Finally, there is evidence that Ahold's request was a response to Defendants' request for additional Ahold depositions, rather than a perceived actual need for the deponent's testimony. (*See* Dkt. 4823, at 12.)

(Dkt. 4863.) None of those facts apply here. The Court should grant Defendants' request. *See, e.g.*, *Manitowoc Co. v. Kachmer*, No. 14 C 09271, 2016 WL 4493454, at *2 (N.D. Ill. Aug. 26, 2016) (refusing to deny on timeliness grounds motion to compel production of a spreadsheet filed after close of discovery where production would not "upend the case's briefing schedule, place an undue burden on the opposing party, or force the Court to reopen discovery").

A.     **The Court Should Permit Limited, Continued 30(b)(6) Questioning of Sysco**

1.     **Sysco Should Provide Testimony on Its Operating Companies' Purchasing Practices**

Sysco attempts to defend its corporate witness's preparation and testimony by stating that she "provided numerous answers referencing the operating companies." (Sysco Opp. at 6-7.) That vague characterization falls flat—"referencing" is not the same as being prepared and answering the questions asked about their practices for purchasing broilers. And while Ms. Hoyt had worked at one of the operating companies, she moved out of that position in 2004. (Ex. 1, 12/3/2020 Sysco 30(b)(6) (Hoyt) Tr. at 29:2-7 ("Hoyt Tr.").)

The specific testimony that Sysco points to does not help it either. In that testimony, Ms. Hoyt  (Sysco Opp. at 7-8.) And she gave that answer over counsel's objections of lack of foundation and calling for speculation, further showing that she was not prepared to provide the company's testimony on that subject. (*Id.*) A properly prepared witness would have been able to testify generally to reasons that operating companies have purchased outside of centralized agreements and have chosen one supplier over another, even if subject to the caveat that those are individualized decisions.

Sysco similarly fails to explain away its witness's testimony that she was unaware if Sysco's operating companies used market forecasts as part of their purchasing process. (Sysco Opp. at 8.) In the exchange at issue, Sysco's corporate witness was shown a letter ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (Ex. 1, Hoyt Tr. 225:22-226:10; Ex. 2, DX 2015.) Defendants' counsel asked the witness whether Sysco could confirm whether

████████████████████—which she could not do because ████████████████

████████████████████████████████████████████████

████████████ (Ex. 1, Hoyt Tr. 228:4-230:19.)  Put simply, the witness did not work at an operating company in the relevant time period and could not testify to important aspects of how purchasing by those operating companies worked.

2.  **Sysco Should Provide Testimony on Its Knowledge of the Allegations In Its Complaint**

Sysco seems to believe that Topic 26 was not a topic, but was instead a single, yes-or-no question—did Sysco conduct a non-privileged investigation of its allegations before filing its complaint?  Sysco misconstrues the purpose and procedure of 30(b)(6) depositions.  Defendants are entitled to probe the witness to understand Sysco's position on other questions that reasonably come within the scope of the topic and for which the witness can reasonably have been expected to prepare.  This topic—not just the yes-or-no question to which Sysco would like to limit it—touches on important questions in this case.  Did Sysco not conduct an investigation because it never came to an independent belief in the conspiracy it now alleges?  If so, is that because Sysco believed that broiler supply and demand were adequately explained by market factors such as a recession and spikes in the price of chicken feed?  These issues are part of Defendants' defense, and Defendants noticed and are entitled to Sysco's knowledge of them.

B.  **The Court Should Compel Two Additional Depositions Of Sysco Personnel**

Defendants seek the depositions of Neil Theiss—a Vice President at the head of one of Sysco's divisions with responsibilities for chicken purchases, and in particular the division with primary responsibility for Sysco's market analysis—and Lee White—a Senior Director with responsibility for Sysco's subscription to EMI, an Agri Stats affiliate that provided detailed market information, including forecasts, and that DAPs have implicated in furthering the

Defendants' alleged supply-reduction conspiracy. Sysco's implication that Defendants seek these depositions because they are dissatisfied with the two depositions they have taken is flat wrong. (*See* Sysco Opp. at 6 (Defendants "should not be relieved of the implications of that strategic choice" "to take a 30(b)(6) deposition of Sysco"), 11 ("Defendants appear to now complain about their decision to depose former Sysco employee Clay Mullins.").)[3] Although the Hoyt, Theiss and White depositions provided valuable information, the simple fact is that no three employees of this multi-billion-dollar company, with tens of thousands of employees, could provide the full scope of information that Defendants seek to defend against Sysco's allegations of two separate conspiracies for which it will likely claim hundreds of millions of dollars in damages. Defendants have identified two additional witnesses likely to have important information, and the request for their depositions is relevant and proportional to Sysco's significant claims and claimed damages. The Court should require Sysco to produce the witnesses requested—which will still amount to only a fraction of what the largest Defendants have provided, much less all Defendants collectively.

## II. **THE COURT SHOULD GRANT THE MOTION AS TO AHOLD DELHAIZE**

Ahold Delhaize brings its claims on behalf of two legacy companies that merged in 2016 as well as more than a dozen other grocery store entities that purportedly assigned their claims to Ahold Delhaize. Each of those assignors—which include various grocery store banners like Food Lion, Hannford Brothers and Giant Food Stores—maintains the right to independently select their own broiler suppliers. (Ex. 3, 4/19/2021 Ahold Delhaize 30(b)(6) (Latva) Tr. at 63:2-

---

[3] Defendants do not claim they were surprised that Mr. Mullins worked for Defendants and EMI longer than he worked at Sysco, as Sysco states. (Sysco Opp. at 11.) But his work history shows that Sysco cannot claim to have gone above and beyond what was required of it, and cannot claim a lack of proportionality simply because Mr. Mullins was deposed in addition to another fact witness and a 30(b)(6) witness. (*Id.* at 11-12.)

22 ("Latva Tr.").)  Defendants could have reasonably sought deposition testimony from *each* of those entities in order to discover evidence about their unique decision-making practices with respect to broiler purchases.  Instead, Defendants seek only *two* additional depositions from Ahold Delhaize:  one from each of the two legacy companies.   Defendants' request is patently reasonable in light of Ahold Delhaize's complex corporate background and the sheer number of separate companies on whose behalf it is suing Defendants.

At bottom, Ahold's Opposition does not dispute that Defendants reasonably require the deposition of a witness from each of its two legacy companies.  Indeed, Ahold's Opposition acknowledges that for almost *the entire relevant time period*, Ahold Delhaize was two separate companies—Ahold and Delhaize.  (Ahold Opp. at 4.)  Each of those entities, by itself, would qualify as one of the largest DAPs to file suit against the broiler industry.  And each of those entities had unique buying processes about which Defendants are entitled to inquire.  Indeed, Ahold's Opposition does not provide any argument against Defendants' request to depose Jim Brinser.  Brinser is a legacy Ahold witness, and Ahold appears to recognize that Defendants have not had the opportunity to elicit any testimony from that legacy company's personnel.

Instead, Ahold attempts to distract the Court by criticizing the choices Defendants made with respect to the two Ahold Delhaize depositions that have been taken.  These arguments are unavailing.  For example, Ahold notes in its Opposition that Defendants must have known about the Ahold Delhaize merger before they chose to schedule the deposition of its Rule 30(b)(6) corporate representative, and argues that Defendants should have "used their two available depositions for one Ahold witness and one Delhaize witness."  (*Id.* at 4-6.)  But the mere fact that Ahold Delhaize was the product of a merger should not deprive Defendants of the ability to take a deposition of its corporate representative.  Defendants were entitled to seek corporate

representative testimony from Ahold Delhaize on company-wide topics that would not have been available through Rule 30(b)(1) depositions.

Ahold's Opposition also criticizes Defendants for choosing to depose Brooks Newkirk, a legacy Delhaize employee, and claims that that deposition offered Defendants "the opportunity to seek testimony regarding issues particular to legacy Delhaize." (*Id.* at 5-6.) Defendants chose to depose Mr. Newkirk because Ahold Delhaize disclosed him as someone it might use to support its claims (Ex. 4, Ahold Delhaize's Rule 26(a) Initial Disclosures, at 2),[4] and based on the testimony of Ahold Delhaize's Rule 30(b)(6) representative, Mark Latva. Mr. Latva testified that ██████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████████ (Ex. 3, Latva Tr. at 156:9-158:6, 172:10-14.) Mr. Latva also testified that ████████████████████████████ ██████████████████████████████ (*Id.* at 171:23-172:9.)

But Mr. Latva was wrong. Contrary to the testimony of Ahold Delhaize's corporate representative (Mr. Latva), Mr. Newkirk testified that ███████████████████████████████ ██████████████ (*See* Ex. 5, 7/9/21 Newkirk Tr. at 64:25-65:3.) More specifically, Mr. Newkirk testified that ████████████████████████████████ (*id.*); ██████ ███████████████████████████████████████████████████████████████ ██████████████████████████████████ (*id.* at 80:4-25, 111:23-112:6); and ███████████████████████████████ (*id.* at 98:8-17). In other words, Mr. Latva's testimony on behalf of Ahold Delhaize led Defendants astray. While Defendants did elicit useful

---

[4] Defendants have not deposed and are not seeking to depose Brandon Moorefield and Mark Palumbo, both of whom also appear on Ahold Delhaize's initial disclosures.

testimony from Mr. Newkirk, they have not—as Ahold argues—had the opportunity to seek "testimony regarding issues particular to legacy Delhaize, including its practices prior to the merger." (Ahold Opp. at 6.)

The requested additional deposition of Mr. Ruel would afford Defendants that opportunity. Mr. Ruel was a Product and Program Development Analyst for Delhaize and should be intimately familiar with that company's chicken purchasing processes. Mr. Ruel's responsibilities included negotiating and contracting with broiler producers (Ex. 6, [AD0000532060]), communicating with producers about requested cost increases (Ex. 7, [Latva Ex. 2283]), and monitoring changes to broiler price indexes, including the Georgia Dock (Ex. 8, [AD0000562889]). Defendants reasonably require his deposition to get first-hand testimony about Delhaize's side of Ahold Delhaize's pre-merger business. The Court should grant Defendants' request for this additional deposition.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Compel Additional Depositions of Sysco and Ahold and for an Award of Certain Costs and Fees should be granted.

Dated: August 5, 2021              Respectfully submitted,

By: /s/ *Rachel J. Adcox*
Rachel J. Adcox (#1001488)
Daniel K. Oakes (admitted *pro hac vice*)
Kenina J. Lee (admitted *pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
radcox@axinn.com
doakes@axinn.com
klee@axinn.com

John M. Tanski (admitted *pro hac vice*)
Jarod G. Taylor (admitted *pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
Telephone: (860) 275-8100
Facsimile: (860) 275-8101
jtanski@axinn.com
jtaylor@axinn.com

Nicholas E.O. Gaglio (admitted *pro hac vice*)
Kail J. Jethmalani (admitted *pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, NY 10036
Telephone: (212) 728-2200
Facsimile: (212) 261-5654
ngaglio@axinn.com
kjethmalani@axinn.com

Jordan M. Tank
LIPE LYONS MURPHY NAHRSTADT &
PONTIKIS, LTD.
230 West Monroe, Street, Ste 2260
Chicago, IL 60606
Telephone: (312) 702-0586
Facsimile: (312) 726-2273
jmt@lipelyons.com

*Attorneys for Defendants Tyson Foods, Inc.,*
*Tyson Chicken, Inc., Tyson Breeders, Inc.,*
*Tyson Poultry, Inc., Keystone Foods LLC, Equity*
*Group Eufaula Division, LLC, Equity Group*
*Kentucky Division LLC, Equity Group – Georgia*
*Division LLC*

WEIL GOTSHAL & MANGES LLP

By: */s/ Carrie C. Mahan*
Carrie C. Mahan (#459802)
Christopher J. Abbott (#1014487)
2001 M Street N.W., Ste. 600
Washington, D.C. 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
carrie.mahan@weil.com
christopher.abbott@weil.com

Jessica L. Falk (#4763686)
767 Fifth Avenue
New York, NY 10153
Telephone: 212-310-8000
Facsimile: 212-310-8007
jessica.falk@weil.com

EIMER STAHL LLP

Michael L. McCluggage (#01820966)
224 South Michigan Avenue, Ste. 1100
Chicago, IL 60604
Telephone: (312) 660-7665
Facsimile: (312) 692-1718
mmccluggage@eimerstahl.com

*Attorneys for Defendant Pilgrim's Pride Corporation*

VENABLE LLP

By: */s/ J. Douglas Baldridge*
J. Douglas Baldridge (#437678)
Lisa Jose Fales (admitted *pro hac vice*)
Danielle Foley (admitted *pro hac vice*)
Andrew Hernacki (admitted *pro hac vice*)
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: 202-344-8300
jdbaldridge@venable.com
ljfales@venable.com
drfoley@venable.com
athernacki@venable.com

FALKENBERG IVES LLP

Kirstin B. Ives
30 N. LaSalle St., Ste 4020
Chicago, IL 60602
Telephone: (312) 566-4803
Facsimile: (312) 566-4810
kbi@ffilaw.com

*Attorneys for Defendants Perdue Farms, Inc. and Perdue Foods LLC*

ROSE LAW FIRM

By: /s/ *John W. Treece*
John W. Treece (#3122889)
1135 West Montana Street
Chicago, IL 60614
Telephone: (312) 961-7808
jtreece@jwtreece.com

Amanda K. Wofford (admitted *pro hac vice*)
Bourgon Reynolds (admitted *pro hac vice*)
120 East Fourth Street
Little Rock, Arkansas 72201
Telephone: (501) 375-9131
Facsimile: (501) 375-1309
awofford@roselawfirm.com
breynolds@roselawfirm.com

*Attorneys for Defendants Mountaire Farms Inc., Mountaire Farms, LLC and Mountaire Farms of Delaware, Inc.*


NOVACK AND MACEY LLP

By: /s/ *Stephen Novack*
Stephen Novack
Stephen J. Siegel
Christopher S. Moore
100 North Riverside Plaza
Chicago, IL 60606
Telephone: (312) 419-6900
Facsimile: (312) 419-6928
snovack@novackmacey.com
ssiegel@novackmacey.com
cmoore@novackmacey.com

*Attorneys for Defendants Koch Foods Incorporated, JCG Foods of Alabama LLC, JCG Foods of Georgia LLC and Koch Meat Co., Inc.*


MAYER BROWN LLP

By: /s/ *Carmine R. Zarlenga*
Carmine R. Zarlenga (#90784529)
William H. Stallings (admitted *pro hac vice*)
Stephen M. Medlock (admitted *pro hac vice*)
Oral D. Pottinger (admitted *pro hac vice*)
1999 K Street N.W.
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
czarlenga@mayerbrown.com
wstallings@mayerbrown.com
smedlock@mayerbrown.com
opottinger@mayerbrown.com

*Attorneys for Defendant Foster Farms, LLC and Foster Poultry Farms, a California Corporation*


KIRKLAND & ELLIS LLP

By: /s/ *Daniel E. Laytin, P.C.*
Daniel E. Laytin, P.C.
Christa C. Cottrell, P.C.
Stacy Pepper
Rachel B. Haig
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
dlaytin@kirkland.com
ccottrell@kirkland.com
stacy.pepper@kirkland.com
rachel.haig@kirkland.com

*Attorneys for Defendants Sanderson Farms, Inc., Sanderson Farms, Inc. (Foods Division), Sanderson Farms, Inc. (Processing Division), and Sanderson Farms, Inc. (Production Division) and Liaison Counsel for Defendants*

VEDDER PRICE P.C.

By: /s/ *Gregory G. Wrobel*
Gregory G. Wrobel (#3122900)
222 N. LaSalle Street
Chicago, IL 60601
Telephone: (312) 609-7722
Facsimile: (312) 609-5005
gwrobel@vedderprice.com

JORDAN PRICE WALL GRAY JONES
& CARLTON, PLLC

Henry W. Jones, Jr. (admitted *pro hac vice*)
1951 Clark Avenue
Raleigh, NC 27605
Telephone: (919) 828-2501
Facsimile: (919) 834-8447
hjones@jordanprice.com

*Attorneys for Defendant House of Raeford Farms, Inc.*

PROSKAUER ROSE LLP

By: /s/ *Christopher E. Ondeck*
Christopher E. Ondeck (admitted *pro hac vice*)
Stephen R. Chuk (admitted *pro hac vice*)
1001 Pennsylvania Ave., NW, Ste 600 South
Washington, DC 20004
Telephone: (202) 416-6800
Facsimile: (202) 416-6899
condeck@proskauer.com
schuk@proskauer.com

*Attorneys for Wayne Farms LLC*

KUTAK ROCK LLP

By: /s/ *John P. Passarelli*
John P. Passarelli (admitted *pro hac vice*)
James M. Sulentic (admitted *pro hac vice*)
1650 Farnam Street
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
john.passarelli@kutakrock.com
james.sulentic@kutakrock.com

J.R. Carroll (admitted *pro hac vice*)
Jeffrey M. Fletcher (admitted *pro hac vice*)
234 East Millsap Road, Ste 200
Fayetteville, AR 72703-4099
Telephone: (479) 973-4200
Facsimile: (479) 973-0007
jr.caroll@kutakrock.com
Jeffrey.fletcher@kuakrock.com

Kimberly M. Hare (#6323326)
One South Wacker Drive, Ste 2050
Chicago, IL 60606-4614
Telephone: (312) 602-4100
Facsimile: (312) 602-4101
kimberly.hare@kutakrock.com

*Attorneys for Defendants O.K. Foods, Inc.,*
*O.K. Farms, Inc., and O.K. Industries, Inc.*

EDWARD C. KONIECZNY LLC

By: */s/ Edward C. Konieczny*
Edward C. Konieczny (admitted *pro hac vice*)
400 Colony Square, Ste 1501
1201 Peachtree Street, NE
Atlanta, GA 30361
Telephone: (404) 380-1430
Facsimile: (404) 382-6011
ed@koniecznylaw.com

SMITH, GAMBRELL & RUSSELL, LLP

David C. Newman (admitted *pro hac vice*)
W. Parker Sanders (admitted *pro hac vice*)
1230 Peachtree Street, N.E.
Promenade, Ste 3100
Atlanta, GA 30309
Telephone: (404) 815-3500
Facsimile: (404) 815-3509
dnewman@sgrlaw.com
psanders@sgrlaw.com

James L. Thompson
Lynch Thompson LLP
150 S. Wacker Drive, Suite 2600
Chicago, IL 60606
T: (312) 445-4623
F: (312) 896-5883
jthompson@lynchthompson.com

*Attorneys for Defendants Mar-Jac Poultry,*
*Inc., Mar-Jac Poultry MS, LLC, Mar-Jac*
*Poultry AL, LLC, Mar-Jac AL/MS, Inc.,*
*Mar-Jac Poultry, LLC, Mar-Jac Holdings, Inc.*

VAUGHAN & MURPHY

By: /s/ *Charles C. Murphy, Jr.*
Charles C. Murphy, Jr. (admitted *pro hac vice*)
690 S Ponce Court NE
Atlanta, GA 30307
Telephone: (404) 667-0714
Facsimile: (404) 529-4193
cmurphy@vaughanandmurphy.com

WINSTON & STRAWN LLP

James F. Herbison
Michael P. Mayer
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
jherbison@winston.com
mmayer@winston.com

*Attorneys for Defendant Norman W. Fries, Inc. d/b/a Claxton Poultry Farms*

HOGAN LOVELLS US LLP

By: /s/ *William L. Monts III*
William L. Monts III (admitted *pro hac vice*)
Justin W. Bernick (admitted *pro hac vice*)
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
Telephone: (202) 637-5910
Facsimile: (202) 637-5911
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com

MILLER, CANFIELD, PADDOCK, AND STONE P.L.C.

Jacob D. Koering
225 West Washington Street, Ste 2600
Chicago, Illinois 60606
Telephone: (312) 460-4272
Facsimile: (312) 460-4201
koering@millercanfield.com

*Attorneys for Defendant Agri Stats, Inc.*

SHOOK HARDY & BACON LLP

By:  /s/ *Lynn H. Murray*
Lynn H. Murray
111 S. Wacker Dr., Ste 4700
Chicago IL 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195
lhmurray@shb.com

Laurie A. Novion
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
lnovion@shb.com

CONNER & WINTERS

John R. Elrod
Vicki Bronson (admitted *pro hac vice*)
4375 N. Vantage Drive, Ste. 405
Fayetteville, AR 72703
Telephone: (479) 582-5711
jelrod@cwlaw.com
vbronson@cwlaw.com

*Attorneys for Defendant Simmons Foods,
Inc. and Simmons Prepared Foods Inc.*

EVERSHEDS SUTHERLAND (US) LLP

By:  /s/ *Patricia A. Gorham*
James R. McGibbon (admitted *pro hac vice*)
Patricia A. Gorham (admitted *pro hac vice*)
Peter M. Szeremeta (admitted *pro hac vice*)
Kaitlin A. Carreno (admitted *pro hac vice*)
Dylan de Fouw (admitted *pro hac vice*)
999 Peachtree Street, N.E., Ste 2300
Atlanta, Georgia 30309-3996
Telephone: (404) 853-8000
Facsimile:  (404) 853-8806
jimmcgibbon@eversheds-sutherland.com
patriciagorham@eversheds-sutherland.com
peterszeremeta@eversheds-sutherland.com
katilincarreno@eversheds-sutherland.com
dylandefouw@eversheds-sutherland.com

SMITHAMUNDSEN LLC

Ronald Balfour
150 N. Michigan Avenue, Ste 3300
Chicago, Illinois 60601
Telephone: (312) 894-3389
Facsimile: (312) 997-1816
rbalfour@salawus.com

*Attorneys for Defendant Harrison Poultry, Inc.*

JOSEPH D. CARNEY & ASSOCIATES
LLC

By: /s/ *Joseph D. Carney*
Joseph D. Carney (admitted *pro hac vice*)
Telephone: 440-249-0860
Facsimile: 866-270-1221
jdc@jdcarney.com
case@jdcarney.com

Office Address:
139 Crocker Park Boulevard, Ste. 400
Westlake, OH 44145

Mailing Address:
1540 Peach Drive
Avon, OH 44011

MILLER SHAKMAN LEVINE &
FELDMAN LLP

Thomas M. Staunton
Daniel M. Feeney
180 North LaSalle Suite 3600
Chicago, IL 60601
Telephone: 312-263-3700
tstaunton@millershakman.com
dfeeney@millershakman.com

D.KLAR LAW

Deborah A. Klar (admitted *pro hac vice*)
Deborah A. Klar, Esq.
2934 1/2 Beverly Glen Circle, Suite 761
Bel Air, CA 90077
Telephone: 310-858-9500
dklar@dklarlaw.com

*Attorneys for Defendants Case Foods, Inc.,*
*Case Farms, LLC, and Case Farms*
*Processing, Inc.*

MANDELL MENKES LLC

By: /s/ *Brendan J. Healey*
Brendan J. Healey
One North Franklin, Ste
3600 Chicago, IL 60606
Telephone: (312) 251-1006
Facsimile: (312) 759-2189
bhealey@mandellmenkes.com

ALSTON & BIRD LLP

B. Parker Miller (admitted *pro hac vice*)
Valarie C. Williams (admitted *pro hac vice*)
Max Marks (admitted *pro hac vice*)
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
parker.miller@alston.com
valarie.williams@alston.com
nowell.berreth@alston.com
max.marks@alston.com

SMITH, GILLIAM, WILLIAMS & MILES
PA

R. Brent Hatcher, Jr. (admitted *pro hac vice*)
301 Green Street NW, Ste 200
Gainesville, GA 30501
Telephone: (770) 536-3381
Facsimile: (770) 535-9902
bhatcher@sgwmfirm.com

*Attorneys for Fieldale Farms Corporation*

STINSON LLP

By: /s/ *William L. Greene*
William L. Greene (admitted *pro hac vice*)
Peter J. Schwingler (admitted *pro hac vice*)
Kevin P. Kitchen (admitted *pro hac vice*)
50 South Sixth Street, Ste 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
kevin.kitchen@stinson.com

J. Nicci Warr
7700 Forsyth Blvd., Suite 1100 St. Louis,
MO 63105 Telephone: (314) 259-4570
nicci.warr@stinson.com

SUGAR FELSENTHAL GRAIS &
HELSINGER LLP

John C. Martin
30 N. LaSalle Street, Ste 3000
Chicago, IL 60602
Telephone: (312) 704-2172
Facsimile: (312) 372-7951
jmartin@sfgh.com

THE LAW GROUP OF NORTHWEST
ARKANSAS LLP
Gary V. Weeks (admitted *pro hac vice*)
K.C. Dupps Tucker (admitted *pro hac vice*)
Kristy E. Boehler (admitted *pro hac vice*)
1830 Shelby Lane
Fayetteville, AR 72704
Telephone: (479) 316-3760
gary.weeks@lawgroupnwa.com
kc.tucker@lawgroupnwa.com
kristy.boehler@lawgroupnwa.com

*Attorneys for Defendants George's, Inc.
and George's Farms, Inc.*

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP

By:  /s/ *Patrick Fitzgerald*
Patrick Fitzgerald (#6307561)
Gail Lee
155 N. Wacker Drive
Chicago, IL 60606
Telephone: (312) 407-0700
Facsimile: (312) 407-0411
patrick.fitzgerald@skadden.com
gail.lee@skadden.com

Boris Bershteyn (admitted *pro hac vice*)
Lara Flath (#6289481)
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
boris.bershteyn@skadden.com
lara.flath@skadden.com

*Attorneys for Defendant Peco Foods, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 5, 2021, a true and correct copy of the foregoing

document was electronically filed with the Clerk of the Court using CM/ECF system, which will

send notification of such filing to all counsel of record.


*/s/    Jordan M. Tank*_____