UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 1:16-cv-08637 |
| This Document Relates To: | Honorable Thomas M. Durkin<br>Magistrate Judge Jeffrey T. Gilbert |
| *All Direct Purchaser Plaintiff Actions* | |
| *All Commercial & Institutional Indirect Purchaser Plaintiff Actions* | **[PUBLIC, REDACTED]** |
| *All End-User Consumer Plaintiff Actions* | |

## RESPONSE TO CLASS PLAINTIFFS' MOTION TO STRIKE AND FOR LEAVE TO FILE SUR-SUR REPLY

Much has already been written on class certification, so Defendants will keep this brief.[1] The Court should reject class plaintiffs' extraordinary filings, both because they are improper—***four months late***—and because they change nothing. If anything, that Plaintiffs filed one more last-ditch brief only confirms they have not satisfied the "rigorous analysis" required here. *Comcast v. Behrend*, 569 U.S. 27, 35 (2013).

***First***, Plaintiffs' new and untimely arguments should be rejected. It is Plaintiffs—not Defendants—who are late to offer new analysis. Defendants' last submission was four months ago. Plaintiffs now seek to "have the last word," with over 48 pages of new briefing, 76 pages of additional analysis from Dr. Carter, 51 pages of additional analysis from Dr. Sunding, and multiple

---

[1] "Defendants" refers to the below-signed Defendants—with the exception of Harrison Poultry, which signs on to this brief only with respect to CIIPPs and EUCPs, and Case Farms, which was not named by EUCPs.

deposition excerpts. *See* Dkt. Nos. 5054–5057 (filed September 17, 2021). Plaintiffs offer no explanation for their four-month delay, nor can there be any.

On the flip side, Defendants' Sur-Reply was proper—***which is one reason why the Court already granted Defendants leave to file it.*** *See* Dkt. 4694 (May 21, 2021) ("Motion for leave to file a sur-reply and supplemental expert report is granted."). Rightly so: Defendants filed their Sur-Reply back in May to address brand new arguments and expert analysis.[2] Plaintiffs' motion to strike is thus, in substance, a motion for reconsideration. *See id.* Yet, surprisingly, Plaintiffs never acknowledge that this Court has already granted Defendants leave to file the material they seek to strike. Nor do they demonstrate the "manifest error or change in law" that could support upending the Court's prior order. *DeMaria Bldg. Co., Inc. v. Advanced Boiler Control Servs., Inc.*, 2021 WL 4295148, at *1 (N.D. Ill. July 8, 2021) (denying reconsideration); *see also Heyer v. Pierce & Assocs., P.C.*, 2017 WL 2404978, at *2 (N.D. Ill. June 2, 2017) (similar).

Put simply, Plaintiffs' motion should be denied because it is moot and untimely. Dkt. 4725, Defs.' Sur-Reply. Plaintiffs offer no reason for their four-month delay or any basis for why additional expert analysis is warranted—especially now, after 1,400 pages of class expert reports have been filed with this Court since Plaintiffs first submitted reports from these same experts nearly a year ago. *See, e.g.*, *Coyle Nissan, LLC v. Nissan N.A., Inc.*, 2021 WL 679110, at *3 (S.D. Ind. Feb. 22, 2021) (rejecting untimely sur-reply filings); *McAllister v. Innovation Ventures, LLC*, 2019 WL 11837054, at *2 (N.D. Ind. July 17, 2019) (rejecting additional briefing that was "neither

---

[2] For example, DPPs filed an extraordinary 136-page "rebuttal" report from Dr. Carter (longer than his original report), while EUCPs filed an even lengthier 188-page "rebuttal" report from Dr. Sunding (equivalent to his original report). *See* Defs.' Sur-Reply at 1–3. The additional new analysis in these reports is laid out in detail in Defendants' motion for leave, which was granted by the Court. Dkt. 4694.

necessary nor justified"). Leave to file yet more voluminous arguments—and belatedly—should be denied.

**Second**, the Ninth Circuit's decision to rehear *Olean Wholesale Grocery Cooperative, Inc. v. Bumblee Bee Foods LLC* ("*Tuna*") via an *en banc* panel, *see* 5 F.4th 950 (9th Cir. Aug. 3, 2021), neither justifies hundreds of pages of new filings, nor changes that Plaintiffs have not met their class burden here. Plaintiffs emphasize that *Tuna* is "an out-of-circuit decision" that is now being reheard. Dkt. 5054.03, DPP Proposed Sur-Sur-Reply at 2. Plaintiffs urge the Court to ignore *Tuna* because it is devastating for their case: as the panel made clear, "a key factual determination courts must make is whether the plaintiffs' statistical evidence sweeps in uninjured class members." *Olean*, 993 F.3d at 791. Because Dr. Johnson showed that Plaintiffs' model in that case "was unable to show impact for up to 28% of the class . . . . common questions of law or fact would not be shared by substantially all class members." *Id.* at 791–92. The same reasoning would doom Plaintiffs' classes here, where Plaintiffs similarly have no way of sorting out the uninjured purchasers they lump into their classes. *See* Dkt. 4209, DPP Class Opp. at 51–54; Dkt. 4234, CIIPP Class Opp. at 52–56; Dkt. 4213, EUCP Class Opp. at 50–55.

Regardless of how the *Tuna* class motions are ultimately resolved, applying this Circuit's case law to the record here requires the denial of Plaintiffs' class motions. DPP Class Opp. at 24–60; CIIPP Class Opp. at 25–59; EUCP Class Opp. at 25–59. Moreover, the principle that Defendants cite *Tuna* for is not disputed. The point is simple: a class cannot include uninjured class members. The Supreme Court recently reaffirmed this point in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), explaining that "only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* at 2205. This rule does not change merely because a case is brought as a class: "Article III does not give

federal courts the power to order relief to any uninjured plaintiff, class action or not." *Id.* at 2208. Here, Plaintiffs' class models across the board sweep in huge numbers of uninjured class members—for example, ▮. Dkt. 4209.01, Johnson Rep. at 215, ¶ 274 & Ex. 69. Including those class members in a certified class cannot be squared with *TransUnion*. Nor do Plaintiffs have any method to sort those uninjured purchasers from the class, much less determine the extent of injury for the rest—facts that again undermine the class. *See*, *e.g.*, *In re Steel Antitrust Litig.*, 2015 WL 5304629, at *11 (N.D. Ill. Sept. 9, 2015).

***Third***, the substance of Plaintiffs' latest filings only highlights their problems on class certification. For example, the DPPs' model's failings are not minor or on the fringes of their economic analysis—at bottom, their model does not comport with common sense.

Defendants stand on their previous briefs, but highlight a few key issues here:

- **The Structural Break ("SB") Test.** DPPs continue to run, not walk, from the SB test. Rightly so: the SB Test does not control for corn prices, the Great Recession, and a lot more. DPPs repeat that the SB Test is not a "damages" model, DPP Proposed Sur-Sur-Reply at 1, 3, but that misses the point. The SB Test *feeds into the damages model*, a fact DPPs have never denied, as it defines the conspiracy and non-conspiracy periods and inputs. As such, a flaw in the SB Test is a flaw throughout. *See* Defs.' Sur-Reply at 5; Dkt. 4683, Carter *Daubert* Reply at 1.

- **Pilgrim's Pride Bankruptcy.** DPPs admit that the Pilgrim's bankruptcy was "▮" to the conspiracy. *See* Dkt. 4683.01, Carter Dep. 327:2–7. And they admit they must separate out lawful from unlawful supply cuts. DPP Proposed Sur-Sur-Reply at 2. But DPPs' analysis ***does not account for legal reductions***—including those from producer bankruptcies. *See* DPP Class Opp. at 38 n.30; Defs.' Sur-Reply at 8–9. Try as they might, DPPs cannot avoid the fact that Pilgrim's (i) made reductions as part of its Chapter 11 restructuring, and (ii) those cuts were blessed by the Bankruptcy Court, which found that "the evidence ***[was] overwhelming that Debtors were incurring huge losses that could best be stemmed by reducing their production.***" *In re Pilgrim's Pride Corp.*, 448 B.R. 896, 905–07 (Bankr. N.D. Tex. 2011). That DPPs' primary retort here is that Defendants' argument is late is telling—they have no good response. In any event, this argument is not untimely: Defendants made it in their opening brief, *see* DPP Class Opp. at 38 n.30, and in their sur-reply (after additional admissions from Dr. Carter that ▮ ▮), *see* Defs.' Sur-Reply at 8–9. Put simply, this is an indisputable *Comcast* problem to which DPPs still have no answer.

- **The But-For (Negative) Profit Margins.** DPPs argue that Defendants have "failed to cite any cases that support denial of class certification based on but-for profit margins." DPP Proposed

4

Sur-Sur-Reply at 2. To state the obvious, there is a mountain of case law saying a model cannot survive when it leads to absurd results—and ▮▮▮. *See* Dkt. 4271, Carter *Daubert* at 13. Carter's but-for profit margins do not model rational conduct; they model ▮▮▮. *See* Dkt. 4678.02, Johnson Supp. Rep. at 55, Ex. 6. Carter's but-for profit margins are not just a problem—they are fatal.[3]

- **The USDA/FAPRI Forecasts.** It is undisputed that the USDA and the Food and Agricultural Policy Research Institute ("FAPRI") at the University of Missouri both forecasted ahead of time what would happen to broiler supply during what Dr. Carter and the DPPs identify as the "conspiracy period." It is also undisputed that those forecasts *look a lot like what actually happened*. *See* DPP Class Opp. at 36–37; Carter *Daubert* at 4. These models are not "red herrings." DPP Proposed Sur-Sur-Reply at 5. Quite the opposite: they demonstrate that Plaintiffs' experts' models lack any reliable methodology. The USDA and FAPRI modeled what they thought would happen based on real life variables. That evidence led the USDA to expect that the "▮▮▮." Dkt. 4216.04, Ex. 48, Shagam (USDA) Dep. 182:17–23 (emphasis added). The Court should not bless a model that predicts the *opposite results* of the U.S. government and a leading academic institution on this very issue. That defies common sense, and certainly would not withstand a "rigorous" analysis.

- **The Great Recession.** Two facts are obvious from the record: the Great Recession hit in 2008, and corn prices spiked to unprecedented levels that same year. Observers called it the "perfect poultry storm." Dkt. 5055.03, Carter Sur-Reply Rep. at 36–38, ¶¶ 55–59. Dr. Carter, once again, struggles to explain why his model does not account for these basic points. He claims ▮▮▮. *See* Johnson Rep. at 59, ¶ 99. He also ▮▮▮ Carter Sur-Reply Rep. at 16, ¶ 18; *id.* at 37, ¶¶ 56–58. But this ignores that producing a broiler takes 13 weeks. The impact of a decision to cut is not felt immediately; by Dr. Carter's own estimation, ▮▮▮ *See* Dkt. 4271.01, Carter 1/12/21 Dep. 129:20–130:5. Thus, Dr. Carter's suggestion ▮▮▮ is ill-founded and unpersuasive. The storm happened—and Dr. Carter cannot explain away his failure to account for it by pretending it never rained.

Similar to the above, the EUCPs' economic modeling is still fundamentally flawed because it does not reliably show that the alleged conspiracy caused any overcharges during the EUCP Class

---

[3] Dr. Carter's new reply asserts that ▮▮▮ *See* Dkt. 5055.03, Carter Sur-Reply Rep. at 45, ¶ 73. As Dr. Johnson already explained, ▮▮▮. *See* Dkt. 4678.02, Johnson Supp. Rep. at 56, ¶ 99. In short, Dr. Carter's analysis remains untethered to what producers' profit margins would have been if they continued increasing supply at the incredible straight-line rate Carter says they should have. It defies common sense to suggest that producers, who were already struggling post-2008, would have had the same profit margins in a world where they charged ▮▮▮.

Period, and it is unable to distinguish what portion of any alleged production cut was due to non-conspiratorial factors, such as the Pilgrim's bankruptcy, an increase in grain prices, or natural volatility in chicken output. *See* EUCP Class Opp. at 28–32; Dkt. 4684, Sunding *Daubert* Reply at 6–10. Moreover, Dr. Sunding's overcharge and pass-through models still improperly rest on averages and pooled data that obscure material differences among purchasers, the prices they paid, and their contractual agreements. EUCP Class Opp. at 32–38; Sunding *Daubert* Reply at 10–14.

The list of problems is long but the point is simple: no amount of paper can save class plaintiffs' models. At their core, they gloss over key variations—in products, market segments, customers, and contracts. DPP Class Opp. at 43–49; Carter *Daubert* at 11; EUCP Class Opp. at 32–38. They ignore important real-world facts: that several producers—facing dire industry conditions that led several of them to declare bankruptcy—reduced supply (including as part of those bankruptcies), as predicted by the USDA. DPP Class Opp. at 12, 36–37; Defs.' Sur-Reply at 7. And they sit atop the unreliable house of cards that is the SB Test, which accounts for no variables, cannot disaggregate lawful and unlawful conduct, and cannot reliably identify the start of the conspiracy or satisfy *Comcast*.

## CONCLUSION

The Court should deny Plaintiffs' motion to strike, deny Plaintiffs' request for leave to make an untimely and unnecessary filing, and deny Plaintiffs' motions for class certification.

Dated: September 29, 2021　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ Daniel E. Laytin, P.C.*
　　　　　　　　　　　　　　　　　　　　　Daniel E. Laytin, P.C.
　　　　　　　　　　　　　　　　　　　　　Christa C. Cottrell, P.C.
　　　　　　　　　　　　　　　　　　　　　Rachel B. Haig
　　　　　　　　　　　　　　　　　　　　　KIRKLAND & ELLIS LLP
　　　　　　　　　　　　　　　　　　　　　300 North LaSalle Street
　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60654
　　　　　　　　　　　　　　　　　　　　　(312) 862-2000
　　　　　　　　　　　　　　　　　　　　　dlaytin@kirkland.com
　　　　　　　　　　　　　　　　　　　　　ccottrell@kirkland.com
　　　　　　　　　　　　　　　　　　　　　rachel.haig@kirkland.com

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants Sanderson Farms, Inc., Sanderson Farms, Inc. (Processing Division), Sanderson Farms, Inc. (Production Division), & Sanderson Farms, Inc. (Foods Division) and Liaison Counsel for Defendants*

<u>DEFENDANTS' ATTORNEYS</u>

ROSE LAW FIRM

By: /s/ *John W. Treece*
John W. Treece (#3122889)
1135 West Montana Street
Chicago, IL 60614
Telephone: (312) 961-7808
jtreece@jwtreece.com

Amanda K. Wofford (admitted *pro hac vice*)
Bourgon Reynolds (admitted *pro hac vice*)
120 East Fourth Street
Little Rock, Arkansas 72201
Telephone: (501) 375-9131
Facsimile: (501) 375-1309
awofford@roselawfirm.com
breynolds@roselawfirm.com

*Attorneys for Defendants Mountaire Farms Inc., Mountaire Farms, LLC and Mountaire Farms of Delaware, Inc.*


MAYER BROWN LLP

By: /s/ *Carmine R. Zarlenga*
Carmine R. Zarlenga (#90784529)
William H. Stallings (admitted *pro hac vice*)
Stephen M. Medlock (admitted *pro hac vice*)
Oral D. Pottinger (admitted *pro hac vice*)
1999 K Street N.W.
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
czarlenga@mayerbrown.com
wstallings@mayerbrown.com
smedlock@mayerbrown.com
opottinger@mayerbrown.com

*Attorneys for Defendant Foster Farms, LLC and Foster Poultry Farms, a California Corporation*

VENABLE LLP

By: /s/ *J. Douglas Baldridge*
J. Douglas Baldridge (#437678)
Lisa Jose Fales (admitted *pro hac vice*)
Danielle Foley (admitted *pro hac vice*)Andrew Hernacki (admitted *pro hac vice*)
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: 202-344-8300
jdbaldridge@venable.com
ljfales@venable.com
drfoley@venable.com
athernacki@venable.com

FALKENBERG IVES LLP

Kirstin B. Ives
30 N. LaSalle St., Ste 4020
Chicago, IL 60602
Telephone: (312) 566-4803
Facsimile: (312) 566-4810
kbi@ffilaw.com

*Attorneys for Defendants Perdue Farms, Inc. and Perdue Foods LLC*

NOVACK AND MACEY LLP

By: /s/ *Stephen Novack*
Stephen Novack
Stephen J. Siegel
Christopher S. Moore
100 North Riverside Plaza
Chicago, IL 60606
Telephone: (312) 419-6900
Facsimile: (312) 419-6928
snovack@novackmacey.com
ssiegel@novackmacey.com
cmoore@novackmacey.com

*Attorneys for Defendants Koch Foods Incorporated, JCG Foods of Alabama LLC, JCG Foods of Georgia LLC and Koch Meat Co., Inc.*


VEDDER PRICE P.C.

By: /s/ *Gregory G. Wrobel*
Gregory G. Wrobel (#3122900)
222 N. LaSalle Street
Chicago, IL 60601
Telephone: (312) 609-7722
Facsimile: (312) 609-5005
gwrobel@vedderprice.com

JORDAN PRICE WALL GRAY JONES & CARLTON, PLLC

Henry W. Jones, Jr. (admitted *pro hac vice*)
1951 Clark Avenue
Raleigh, NC 27605
Telephone: (919) 828-2501
Facsimile: (919) 834-8447
hjones@jordanprice.com

*Attorneys for Defendant House of Raeford Farms, Inc.*

PROSKAUER ROSE LLP

By: /s/ *Christopher E. Ondeck*
Christopher E. Ondeck (admitted *pro hac vice*)
Stephen R. Chuk (admitted *pro hac vice*)
1001 Pennsylvania Ave., NW, Ste 600 South
Washington, DC 20004
Telephone: (202) 416-6800
Facsimile: (202) 416-6899
condeck@proskauer.com
schuk@proskauer.com

*Attorneys for Wayne Farms LLC*


KUTAK ROCK LLP

By: /s/ *John P. Passarelli*
John P. Passarelli (admitted *pro hac vice*)
James M. Sulentic (admitted *pro hac vice*)
1650 Farnam Street
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
john.passarelli@kutakrock.com
james.sulentic@kutakrock.com

J.R. Carroll (admitted *pro hac vice*)
Jeffrey M. Fletcher (admitted *pro hac vice*)
234 East Millsap Road, Ste 200
Fayetteville, AR 72703-4099
Telephone: (479) 973-4200
Facsimile: (479) 973-0007
jr.caroll@kutakrock.com
Jeffrey.fletcher@kutakrock.com

Kimberly M. Hare (#6323326)
One South Wacker Drive, Ste 2050
Chicago, IL 60606-4614
Telephone: (312) 602-4100
Facsimile: (312) 602-4101
kimberly.hare@kutakrock.com

*Attorneys for Defendants O.K. Foods, Inc., O.K. Farms, Inc., and O.K. Industries, Inc.*

| | |
|---|---|
| VAUGHAN & MURPHY | HOGAN LOVELLS US LLP |
| By: /s/ *Charles C. Murphy, Jr.* <br> Charles C. Murphy, Jr. (admitted *pro hac vice*) <br> 690 S Ponce Court NE <br> Atlanta, GA 30307 <br> Telephone: (404) 667-0714 <br> Facsimile: (404) 529-4193 <br> cmurphy@vaughanandmurphy.com | By: /s/ *William L. Monts III* <br> William L. Monts III (admitted *pro hac vice*) <br> Justin W. Bernick (admitted *pro hac vice*) <br> 555 Thirteenth Street, N.W. <br> Washington, D.C. 20004-1109 <br> Telephone: (202) 637-5910 <br> Facsimile: (202) 637-5911 <br> william.monts@hoganlovells.com <br> justin.bernick@hoganlovells.com |
| WINSTON & STRAWN LLP | |
| James F. Herbison <br> Michael P. Mayer <br> 35 West Wacker Drive <br> Chicago, Illinois 60601 <br> Telephone: (312) 558-5600 <br> Facsimile: (312) 558-5700 <br> jherbison@winston.com <br> mmayer@winston.com | MILLER, CANFIELD, PADDOCK, AND STONE P.L.C. <br><br> Jacob D. Koering <br> 225 West Washington Street, Ste 2600 <br> Chicago, Illinois 60606 <br> Telephone: (312) 460-4272 <br> Facsimile: (312) 460-4201 <br> koering@millercanfield.com |
| *Attorneys for Defendant Norman W. Fries, Inc. d/b/a Claxton Poultry Farms* | *Attorneys for Defendant Agri Stats, Inc.* |

| | |
|---|---|
| SHOOK HARDY & BACON LLP | EVERSHEDS SUTHERLAND (US) LLP |
| By: /s/ *Lynn H. Murray* <br> Lynn H. Murray <br> 111 S. Wacker Dr., Ste 4700 <br> Chicago IL 60606 <br> Telephone: (312) 704-7700 <br> Facsimile: (312) 558-1195 <br> lhmurray@shb.com | By: /s/ *Patricia A. Gorham* <br> James R. McGibbon <br> Patricia A. Gorham <br> Peter M. Szeremeta <br> Kaitlin A. Carreno <br> Dylan W. de Fouw <br> 999 Peachtree Street, N.E., Ste 2300 <br> Atlanta, Georgia 30309-3996 <br> Telephone: (404) 853-8000 <br> Facsimile: (404) 853-8806 <br> jimmcgibbon@eversheds-sutherland.com <br> patriciagorham@eversheds-sutherland.com <br> peterszeremeta@eversheds-sutherland.com <br> kaitlincarreno@eversheds-sutherland.com <br> dylandefouw@eversheds-sutherland.com |
| Laurie A. Novion <br> 2555 Grand Blvd. <br> Kansas City, MO 64108 <br> Telephone: (816) 474-6550 <br> Facsimile: (816) 421-5547 <br> lnovion@shb.com | |
| CONNER & WINTERS | |
| John R. Elrod <br> Vicki Bronson (admitted *pro hac vice*) <br> 4375 N. Vantage Drive, Ste. 405 <br> Fayetteville, AR 72703 <br> Telephone: (479) 582-5711 <br> jelrod@cwlaw.com <br> vbronson@cwlaw.com | SMITH AMUNDSEN LLC <br><br> Ronald Balfour <br> 150 N. Michigan Avenue, Ste 3300 <br> Chicago, Illinois 60601 <br> Telephone: (312) 894-3369 <br> Facsimile: (312) 997-1816 <br> rbalfour@salawus.com |
| *Attorneys for Defendant Simmons Foods, Inc. and Simmons Prepared Foods Inc.* | *Attorneys for Defendant Harrison Poultry, Inc.* |

JOSEPH D. CARNEY & ASSOCIATES LLC

By: /s/ *Joseph D. Carney*
Joseph D. Carney (admitted pro hac vice)
OFFICE ADDRESS:
139 Crocker Park Boulevard, Ste. 400
Westlake, OH 44145
MAILING ADDRESS:
1540 Peach Drive
Avon, OH 44011
Telephone: 440-249-0860
Facsimile: 866-270-1221
jdc@jdcarney.com
case@jdcarney.com

MILLER SHAKMAN LEVINE & FELDMAN LLP

Thomas M. Staunton
Daniel M. Feeney
180 North LaSalle Suite 3600
Chicago, IL 60601
Telephone: 312-263-3700
tstaunton@millershakman.com
dfeeney@millershakman.com

D.KLAR LAW

Deborah A. Klar (admitted pro hac vice)
2934 1/2 Beverly Glen Circle, Suite 761
Bel Air, CA 90077
Telephone: 310-858-9500
dklar@dklarlaw.com

Paul L. Binder, Esq. (admitted pro hac vice)
Attorney at Law
20780 Brandywine
Fairview Park, OH 44126-2805
Telephone: 440-376-6850
binderpl@yahoo.com

*Attorneys for Defendants Case Foods, Inc., Case Farms, LLC, and Case Farms Processing, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2021 a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Daniel E. Laytin, P.C.*

Daniel E. Laytin, P.C.