**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION<br><br>This Document Relates To:<br>All Actions | No. 1:16-cv-08637<br><br>Hon. Thomas M. Durkin<br>Magistrate Judge Jeffrey T. Gilbert |

**CERTAIN DIRECT ACTION PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO AMEND UPCOMING DEADLINES IN SCHEDULING ORDER NO. 16**

The undersigned direct-action plaintiffs (the "Track 1 DAPs"),[1] who served expert reports on August 31, 2021, submit this response to Defendants' motion to continue certain of Defendants' deadlines related to those expert reports and otherwise (ECF #5154).

**INTRODUCTION**

The Track 1 DAPs served their expert reports on August 31, 2021 under Scheduling Order No. 16. When Defendants recently proposed a 45-day extension to depose our experts and serve rebuttal reports, we accepted their proposal as a professional courtesy. The Track 1 DAPs filed our lawsuits years ago and have taken a leadership role at nearly every stage of these proceedings. (*See, e.g.*, ECF #5020.) We alone among the DAPs have pressed for a trial alone or with the DPPs. We understand that some DAPs who have not yet served expert reports may seek to join Track 1, which could invite further delay in Track 1. We are not those DAPs. Instead, we respectfully request that the Court fashion a schedule that does not prejudice those plaintiffs that served expert reports months ago and that minimizes any further delay to the prompt resolution of Track 1.

---

[1] The Track 1 DAPs consist of the Kroger & Publix Plaintiffs and another two groups of direct-action plaintiffs. Collectively, we all share the same liability and damages experts.

1

**DISCUSSION**

Before the Court issued its Docket Order on October 27, 2021 (ECF #5158), the Track 1 DAPs had already informed Defendants that we would agree to push back all Track 1 deadlines by 30 days. That 30 days was intended to account for the time between the Court's October 15, 2021 Order and the November 12, 2021 deadline, by which any parties that have already served expert reports could file stipulations joining Track 1.[2] When Defendants subsequently proposed a 45-day extension of those deadlines, we informed Defendants that we agreed to their proposal.

While we agreed to provide this additional time as a professional courtesy, we disagree with Defendants' assertion that the October 15, 2021 Order impacts their ability to respond to the Track 1 plaintiffs' expert reports. Defendants have known since June 17, 2021—the date Scheduling Order No. 16 (ECF #4748) was entered—that we would serve our initial expert reports on August 31, 2021, and that they must serve their rebuttal reports by December 17, 2021. Surely their experts had been at work responding to our expert reports in the 46 days from when we served them until the Order was entered. If anything, the fact that only a subset of direct-action plaintiffs (*i.e.*, only the Track 1 DAPs) served expert reports should make it ***easier*** for Defendants to meet these longstanding deadlines; Defendants have fewer experts to depose and fewer expert reports to rebut than the Court and parties anticipated when Scheduling Order No. 16 was entered.

After we agreed to Defendants' proposed 45-day extension, Defendants withdrew their proposal, stating that they were unclear whether any plaintiffs that have not served expert reports might try to join Track 1. We do not see how this could happen, because we understood Judge Gilbert's remarks at the hearing that immediately preceded the August 31, 2021 expert deadline

---

[2] This additional time would also afford the Court the opportunity to review several pending motions not referenced in the October 15, 2021 Order (ECF #5128), which will facilitate the resolution of the Track 1 cases. *See* ECF ## 4575, 4579, 4585, 4621, 4637, 4732, 4738.

2

as strongly suggesting that, in order to proceed on Track 1, a plaintiff *had to* serve its expert reports on or before the August 31 deadline. (*See* ECF #4976 (8/25/21 Hr'g Tr.) at 58 ("folks who are going on the first track should start that process now"); *id.* at 55-56 ("the people who want to go forward with the first cases" should "mak[e] these disclosures now"); *id.* at 55 (plaintiffs "who want to be on that first track mak[ing] their disclosures now really advances the cause of moving the case forward"); *id.* at 60 ("getting your disclosures . . . out now means that you're in the first tranche").) What ensued is that the Track 1 DAPs and Class Plaintiffs served their reports on the August 31 deadline set forth in Scheduling Order 16, and *all other DAPs* moved or joined a motion to put off their expert reports and proceed on what Judge Gilbert called Track 2.

We anticipate that Defendants will contend that all Track 1 deadlines must be further delayed to give plaintiffs who chose not to serve their expert reports on August 31 and therefore, in effect, to proceed on Track 2, more time to prepare expert reports. We oppose such a request, which would substantially delay the Track 1 actions, give Defendants the unfair advantage of many extra months to respond to those expert reports that were served on August 31, and reward any plaintiffs that chose not to serve expert reports on August 31 under the existing schedule.

We read the October 15, 2021 Order not as turning the Track 1 train around, but allowing passengers who had disembarked to join a new Track 2 train, while the Track 1 train continues apace. (*See* ECF #5128 at 4 (emphasizing that Track 1 claims "have taken priority" for years and will "continue" to take priority).) We believe that only those plaintiffs that timely served expert reports on August 31, 2021 remain on the original train. (*See* ECF #4976 at 55-60.) That includes the Track 1 DAPs—who introduced the concept of a two-track system (ECF #4461 at 13-14), have repeatedly expressed their desire to be a part of the first trial (*see, e.g.*, ECF #5020), and are the only direct-action plaintiffs who have already served expert reports.

3

Defendants are incorrect to suggest that they do not yet know whether they will need to respond to all three of the Track 1 DAPs' shared experts. In a meet and confer on October 25, 2021, the Track 1 DAPs informed Defendants that we are inclined to participate in Track 1 and, upon obtaining approval from all clients, will file our stipulation. Further, although the Track 1 DAPs continue to gather approvals from some clients, enough of our clients have already approved proceeding on Track 1 that all three of our shared experts will proceed on Track 1.[3]

## CONCLUSION

Although the Track 1 DAPs submit that Defendants should not need additional time to meet deadlines that they have known about for months and which were not impacted by the October 15, 2021 Order, we agreed to Defendants' proposal to extend all Track 1 deadlines by 45 days as a professional courtesy. If Defendants now believe that they need 60 days rather than the 45 days they proposed, we will not quibble about 15 days. Most importantly, we request that the Court not permit any further delay to the expert schedule and the prompt resolution of Track 1.

Dated: November 3, 2021

Respectfully submitted,

| /s/ *David P. Germaine* | /s/ *William J. Blechman* |
|---|---|
| Paul E. Slater | William J. Blechman |
| Joseph M. Vanek | Kevin Murray |
| David P. Germaine | Douglas Patton |
| John P. Bjork | Samuel Randall |
| SPERLING & SLATER, P.C. | Michael Ponzoli |
| 55 West Monroe Street | KENNY NACHWALTER, P.A. |
| Suite 3200 | 1441 Brickell Avenue |
| Chicago, Illinois 60603 | Suite 1100 |
| Tel: (312) 641-3200 | Miami, Florida 33131 |
| Fax: (312) 641-6492 | Tel: (305) 373-1000 |

---

[3] As background, there are 49 plaintiffs in the Track 1 DAP group (not "[o]ver 80 DAPs," as stated in Defendants' motion, ECF #5154 at 4). All 49 plaintiffs share one liability expert and one damages expert, and a subset of them (the Kroger & Publix Plaintiffs) share a forensic-accountant expert. All three of our experts timely issued reports on August 31, 2021.

4

E-mail: PES@Sperling-law.com
        JVanek@Sperling-law.com
        DGermaine@Sperling-law.com
        JBjork@Sperling-law.com

Phillip F. Cramer
Ryan T. Holt
SHERRARD ROE VOIGT & HARBISON, PLC
150 3rd Avenue South, Suite 1100
Nashville, TN 37201
Tel: (615) 742-4200
E-mail: pcramer@srvhlaw.com
        rholt@srvhlaw.com

*Counsel for Plaintiffs Associated Grocers of the South, Inc., Meijer, Inc., Meijer Distribution, Inc., OSI Restaurant Partners, LLC, Publix Super Markets, Inc., Supervalu Inc.; Unified Grocers, Inc.; Associated Grocers of Florida, Inc.; and Wakefern Food Corp.*

Fax: (305) 372-1861
E-mail: wblechman@knpa.com
        kmurray@knpa.com
        dpatton@knpa.com
        srandall@knpa.com
        mponzoli@knpa.com

*Counsel for Plaintiffs The Kroger Co., Albertsons Companies, Inc., Hy-Vee, Inc., and Save Mart Supermarkets*

CERA LLP
Solomon B. Cera
595 Market Street, Suite 2300
San Francisco, CA 94105
Tel: (415) 777-2230
E-mail: scera@cerallp.com

CERA LLP
C. Andrew Dirksen
800 Boylston Street, 16th Floor
Boston, MA 02199
Tel: (857) 453-6555
E-mail: cdirksen@cerallp.com

HAYNSWORTH SINKLER BOYD P.A.
Manton M. Grier
Elizabeth H. Black
Mary C. Eldridge
1201 Main Street, 22nd Floor
Columbia, SC 29201-3226

/s/ *Eric R. Lifvendahl*
L&G LAW GROUP
Eric R. Lifvendahl
175 W. Jackson Boulevard, Suite 950
Chicago, IL 60604
Tel: (312) 364-2500
E-mail: elifvendahl@lgcounsel.com

KAPLAN FOX & KILSHEIMER, LLP
Robert N. Kaplan
Gregory K. Arenson
Jeffrey P. Campisi
Matthew P. McCahill
850 Third Avenue, 14th Floor
New York, NY 10022
Tel: (212) 687-1980
E-mail: rkaplan@kaplanfox.com
Email: garenson@kaplanfox.com
E-mail: jcampisi@kaplanfox.com
E-mail: mmccahill@kaplanfox.com

5

Tel: (803) 540-7753
E-mail: mgrier@hsblawfirm.com
E-mail: eblack@hsblawfirm.com
E-mail: meldridge@hsblawfirm.com

THE COFFMAN LAW FIRM
Richard L. Coffman
3355 West Alabama, Suite 240
Houston, TX 77098
Tel: (713) 528-6700
E-mail: rcoffman@coffmanlawfirm.com

MARCUS & SHAPIRA LLP
Bernard D. Marcus
Moira Cain-Mannix
Erin Gibson Allen
One Oxford Center, 35th Floor
Pittsburgh, PA 15219
Tel: (412) 471-3490
E-mail: marcus@marcus-shapira.com
E-mail: cain-mannix@marcus-shapira.com
E-mail: allen@marcus-shapira.com

*Counsel for Action Meat Distributors, Inc.; Affiliated Foods, Inc.; Alex Lee, Inc./Merchants Distributors, LLC; Associated Food Stores, Inc.; Associated Grocers of New England, Inc.; Associated Grocers, Inc.; Bashas' Inc.; Big Y Foods, Inc.; Brookshire Bros., Inc.; Brookshire Grocery Company; CBBC Opco, LLC d/b/a Colorado Boxed Beef; Certco, Inc.; Columbia Meats, Inc.; Fareway Stores, Inc.; Giant Eagle, Inc.; Greenville Meats, Inc.; Howard Samuels as Trustee in Bankruptcy for Central Grocers, Inc.; Ira Higdon Grocery Company, Inc.; King Solomon Foods, Inc.; Latina Boulevard Foods, LLC; Nicholas & Co., Inc.; Pacific Food Distributors, Inc.; Piggly Wiggly Alabama Distributing Co., Inc.; S&S Trading, LLC; Schnuck Markets, Inc.; SpartanNash Company; Springfield Grocer Co. (d/b/a SGC Foodservice); The Distribution Group, Inc. (d/b/a Van Eerden Foodservice Company); The Golub Corporation; Topco Associates, LLC; Troyer Foods, Inc.; URM Stores, Inc.; W. Lee Flowers & Company, Inc.; Weinstein Wholesale Meats, Inc.; and Woodman's Food Market, Inc.*

/s/ Patrick J. Ahern
Patrick J. Ahern
Theodore B. Bell
AHERN AND ASSOCIATES, P.C.
8 South Michigan Ave., Suite 3600
Chicago, IL 60603
(312) 404-3760
patrick.ahern@ahernandassociatespc.com
theo.bell@ahernandassociatespc.com

*Counsel for Plaintiffs Winn-Dixie Stores, Inc and Bi-Lo Holdings, LLC*

## **CERTIFICATE OF SERVICE**

David P. Germaine, certifies that on November 3, 2021, I caused a true and correct copy of the foregoing ***Certain Direct Action Plaintiffs' Response to Defendants' Motion to Amend Upcoming Deadlines in Scheduling Order No. 16*** to be filed via CM/ECF.

                                                          */s/ David P. Germaine*
                                                           David P. Germaine