# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION, <br><br> This Document Relates To: <br><br> All Actions | Case No.: 1:16-cv-08637 <br><br> The Honorable Thomas M. Durkin <br><br> Magistrate Judge Jeffrey T. Gilbert |

## CLASS PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO AMEND UPCOMING DEADLINES IN SCHEDULING ORDER NO. 16

Direct Purchaser Plaintiffs, Commercial and Institutional Indirect Purchaser Plaintiffs, and End-User Consumer Plaintiffs ("Class Plaintiffs") hereby respond to Defendants' Motion to Amend Upcoming Deadlines In Scheduling Order No. 16 (ECF No. 5154) as follows:

## INTRODUCTION

Class Plaintiffs have vigorously prosecuted this matter for over five years. At every opportunity, they have pushed to resolve their claims, through trial or settlements. And they have continued to do so during lengthy delays due to the government's intervention and the COVID-19 pandemic. Now Defendants, and some DAPs who chose not to file expert reports by the August 31, 2021 deadline in Scheduling Order No. 16, seek further delay of Class Plaintiffs' cases. After the filing of Defendants' motion, Class Plaintiffs accepted a compromise proposal offered by Defendants of what Class Plaintiffs understood to be a 45-day extension of all remaining dates in Scheduling Order No. 16. However, Defendants subsequently sought an unbounded delay while certain DAPs—who chose not to file merits expert reports by the August 31, 2021 deadline in Scheduling Order No. 16—now seek to make a new election to file merits reports, join Track 1, and attempt to "catch up" to Class Plaintiffs. Class Plaintiffs abided by the case schedule and

563517.1

disclosed their merits expert reports by August 31 (ECF No. 4748 at 3); however, Defendants' proposal for fixing the problem potentially occasioned by these non-compliant DAPs who may now attempt to proceed on Track 1 is to penalize Class Plaintiffs by delaying Class Plaintiffs' cases. This is prejudicial and unfair to Class Plaintiffs, who have chosen every option and complied with every deadline that allows their clients and classes to resolve their cases as soon as possible. It is also an unsophisticated solution to a problem that is similar to those the parties have previously encountered but have been more deftly handled in prior scheduling orders.

## ARGUMENT

### A. The Parties Are Close to an Agreement on a Reasonable Extension to the Schedule, but Class Plaintiffs Want to Ensure It Applies to All Applicable Deadlines.

The parties' current proposals are not far apart. Defendants' offer is a 45-day extension of only the "deadlines for Defendants to depose Plaintiffs' experts who have already submitted reports and for Defendants to serve their responsive expert reports." (Exhibit A, Oct. 29, 2021 Email from J. Stupar.) Class Plaintiffs similarly proposed a 45-day extension, but one that applies to all remaining dates in Scheduling Order No. 16, with the exception of the January 3, 2022 expiration of the stay on depositions of DOJ-requested witnesses and topics ("DOJ Stay Expiration").[1] (Exhibit B, Oct. 27, 2021 Email from K. Pozan; Exhibit C, Oct. 28, 2021 Email from K. Pozan; Exhibit D, Proposed Scheduling Order No. 17 for Track 1 Actions.) By maintaining the spacing and structure of Scheduling Order No. 16, Class Plaintiffs' proposal is more equitable, and it is joined by DAPs who disclosed merits expert reports by August 31.

---

[1] The DOJ Stay Expiration deadline is connected to the ongoing criminal trial and the Court's October 15 Order did not impact it; thus, in Class Plaintiffs' view, neither the October 15 Order nor anything else required that it be changed.

Class Plaintiffs were not opposed in principle to an extension. What Class Plaintiffs opposed is Defendants' pre-motion request to vacate all deadlines in this case rather than extend them, the duration of extension that Defendants sought in their motion, and that Defendants sought to seize an unwarranted and prejudicial advantage by extending only their own upcoming deadlines, rather than engaging in a reasoned negotiation on the appropriate effect of that change on the overall schedule. At most, the Court's October 15, 2021 Order vacating its September 22, 2020 bifurcation Order created a period of uncertainty for Defendants lasting only 28 days. This is because the October 15 Order set a November 12, 2021 deadline for Plaintiffs to decide whether to proceed on Track 1 or Track 2.[2] Thus, at the latest, Defendants would know within 28 days of the Court's October 15 Order which Plaintiffs were proceeding on Track 1 and the merits expert reports to which they would need to respond.[3] Moreover, Defendants have had Class Plaintiffs' merits expert reports since August 31. Yet surprisingly, even prior to the Court's Order of October 15, Defendants made no attempt to schedule the depositions of Class Plaintiffs' merits experts in time to meet their December 7, 2021 deadline. The Court need not reward Defendants by accommodating their intentional delay.

Therefore, while the Court's October 15 Order may have injected some limited scheduling uncertainty into a subset of DAP cases (those where the DAP in question did not file merits expert reports by August 31 but may now attempt to proceed on Track 1), the Order did not create any similar uncertainty with respect to Class Plaintiffs. Class Plaintiffs therefore believed that

---

[2] Class Plaintiffs intend "Track 1" and "Track 2" as used herein to be synonymous with the Court's references in its October 15 Order to the "first track" and the "second track," respectively. (*See* ECF No. 5128, Oct. 15, 2021 Order, at 5.)

[3] And as Defendants acknowledged in their motion, on October 26, DPPs and EUCPs filed stipulations of intent to proceed on Track 1, 17 days before the November 12 deadline. (ECF Nos. 5150, 5151.)

Defendants' request for a 60-day extension in their cases was excessive, was not necessitated by the October 15 Order, would unfairly provide Defendants' merits expert(s) with additional time to study and dissect Class Plaintiffs' merits expert reports without providing additional time to Class Plaintiffs' experts, and would shorten the amount of time that Class Plaintiffs have to depose Defendants' merits expert(s) and disclose rebuttal merits expert reports.

Even so, Class Plaintiffs were, and still are, willing to negotiate a reasonable compromise with Defendants. The parties continued to communicate via email following the filing of Defendants' motion and Defendants made a compromise proposal of a 45-day extension. (Exhibit E, Oct. 27, 2021 Email from J. Stupar.) Initially, it was unclear from Defendants' communications whether they intended the 45-day extension to apply to all remaining deadlines, including the DOJ Stay Expiration. So Class Plaintiffs made their proposal clear: exclude the DOJ Stay Expiration deadline from the agreement, maintain the spacing and structure of Scheduling Order No. 16, and extend all other remaining deadlines for 45 days. (Exhibit B, Oct. 27, 2021 Email from K. Pozan; Exhibit C, Oct. 28, 2021 Email from K. Pozan; Exhibit D, Proposed Scheduling Order No. 17 for Track 1 Actions.) However, instead of acknowledging Class Plaintiffs' proposal, Defendants shifted course and proposed a piecemeal approach that would further advantage Defendants and prejudice Class Plaintiffs, *i.e.*, that the extension would apply only to the "deadlines for Defendants to depose Plaintiffs' experts who have already submitted reports and for Defendants to serve their responsive expert reports." (Exhibit A, Oct. 29, 2021 Email from J. Stupar.) Defendants further proposed to delay any discussion of the remaining dates in Scheduling Order No. 16 until the parties "addressed [them] with the Court after November 12." (*Id.*) Defendants then narrowed their proposal even further: "Long and short, this 45 days is contingent on [Defendants] already having all Track 1 Plaintiffs' expert reports; if that changes, so will the schedule from the Defendants'

perspective." (*Id.*) Defendants' qualification essentially rendered their offer entirely illusory since, as they knew at the time of their increasingly narrowed proposal, one DAP who did not disclose merits expert reports by August 31 had already said that it may elect Track 1.

As currently framed, two profoundly unfair outcomes ensue from Defendants' current proposal. First, if only the dates for Defendants' rebuttal reports move and the remaining schedule stays in place for the Class Plaintiffs, then the agreed upon spacing (January 31, 2022 for Defendants' expert reports with the 45-day extension and April 8, 2022 for Plaintiffs' rebuttal expert reports under the existing Scheduling Order No. 16), would dramatically shorten Class Plaintiffs' time to prepare rebuttal reports.

The second outcome under Defendants' proposal is that they receive a 45-day extension on the deadlines for their rebuttal expert reports, and then some future extension as the parties confer to set an additional, future Scheduling Order No. 17. This also is profoundly unfair to Class Plaintiffs. Plaintiffs' experts are academics who are heavily sought after in terms of their time and commitments. Without firm dates for depositions and reports, it is challenging for these experts to properly set aside time to prepare for depositions and prepare their reports. Moreover, this litigation is time consuming and takes substantial litigation resources from each of the firms involved. Again, without at least some guideposts in place for law firms to reserve time from associates, partners, and other professionals to complete expert reports, have attorneys available to conduct the remaining depositions (currently stayed until the completion of the criminal trial or subject to pending motions for protective orders), and be ready to address Defendants' summary judgment motions, it is very difficult to the firms in this litigation to represent the classes in the most vigorous manner possible. In short, Defendants' proposal asking this Court for certainty,

without providing for an extension in the complete schedule, deprives Class Plaintiffs of the very same certainty.

A simple solution exists. Moving all dates in Scheduling Order No. 16 by 45 days puts all parties on equal footing. The spacing between events has been long-established in this case and would not be disrupted. Moreover, the 45-day extension 45-day extension provides Defendants with ample time to account for any uncertainty resulting from the 28 days of lag time between the Court's October 15 Order and the November 12 election deadline, as well as an additional 17 days to account for the holidays. Class Plaintiffs therefore propose to the Court, as they did to Defendants, that the Court adopt the deadlines contained in Proposed Scheduling Order No. 17 for Track 1 Actions. (Exhibit D, Proposed Scheduling Order No. 17 for Track 1 Actions.)

**B.  Aside From the 45-Day Extension, There Is No Need to Further Modify the Deadlines in Scheduling Order No. 16, Even if DAPs Who Did Not Timely Disclose Merits Expert Reports Elect Track 1**

Defendants have wrongly seized on the possibility that DAPs who did not disclose merits expert reports by August 31 may nevertheless proceed on Track 1 as a pretext to upend the entire schedule as to Class Plaintiffs. As noted above, in their final two communications Defendants clarified that any agreement to extend the remaining dates in Scheduling Order No. 16 by 45 days is contingent on it remaining the case that the only Track 1 actions are those brought by Plaintiffs who timely disclosed merits expert reports by August 31. (*See* Exhibit A, Oct. 29, 2021 Email from J. Stupar.) Defendants' position is that if DAPs who did not disclose merits expert reports by August 31 ultimately do elect Track 1 and the Court permits them to proceed on Track 1, the schedule would need to change. (*Id.*) Defendants are effectively saying they are entitled to have all Track 1 actions on precisely the same schedule. They are not. As this case has repeatedly

demonstrated, it is neither unworkable nor unfairly prejudicial to Defendants if there are different deadlines for parties on the same track.

Until now, there has been only one track. But ever since the first DAP case was reassigned as related, the Court has built accommodations into the schedule to enable new DAPs to "catch up." For instance, Scheduling Order No. 9 included separate discovery deadlines for "Current Direct Action Plaintiffs," as well as procedures for future DAP cases reassigned as related. (*See generally* ECF No. 1416.) These accommodations are even found in the current scheduling order, which has an August 31, 2021 deadline by which any DAP must be reassigned as related to be considered for participation in the initial trial—the same date by which Plaintiffs' merits expert reports were due. (ECF No. 4748 at 3.) Scheduling Order No. 16 also notes that Defendants and "DAPs who filed in between February 1, 2021 and the date of this Order . . . have separately negotiated discovery schedules and will attempt to adhere to those as negotiated." (*Id.* at 2 n.4.)

Class Plaintiffs adhered to the deadlines in Scheduling Order No. 16 by disclosing their merits expert reports on August 31. It is now November 3. The December 7 deadline to depose Class Plaintiffs' merits experts is fast approaching, and Defendants have made no effort to notice a single one of their depositions. Assuming for the sake of argument that the Court's October 15 Order led to any uncertainty as to whether Defendants would need to depose Class Plaintiffs' merits experts by the December 7 deadline, Class Plaintiffs' proposed 45-day extension will remedy it and ensure that the deadlines do not encroach on the holidays. But whether a DAP who has not disclosed its merits expert reports elects to proceed on Track 1 creates no uncertainty as to whether Defendants need to depose Class Plaintiffs' merits experts or disclose their rebuttal merits expert reports.

In sum, the best way to address the problem created by a DAP who did not disclose a merits expert report by August 31 but nevertheless elects to proceed on Track 1, is to create an accommodation in the schedule, like the many that have existed in this case before it.[4] To penalize Class Plaintiffs for a circumstance not of their making by further delaying the prosecution of their cases is not only unfair, it is unnecessary. The Court should obligate Defendants to comply with the schedule, subject to a brief extension. There is simply no basis for wiping the slate clean for Class Plaintiffs just because a DAP who did not comply with the August 31 deadline may decide to elect Track 1.

## CONCLUSION

WHEREFORE, for these reasons, Direct Purchaser Plaintiffs, Commercial and Institutional Indirect Purchaser Plaintiffs, and End-User Consumer Plaintiffs respectfully request that the Court deny Defendants' Motion to Amend Upcoming Deadlines In Scheduling Order No. 16, and instead that the Court adopt the deadlines contained in Class Plaintiffs' Proposed Scheduling Order No. 17 for Track 1 Actions. (Exhibit D, Proposed Scheduling Order No. 17 for Track 1 Actions.)

---

[4] Even without an accommodation, the addition of 45 days to the schedule and the likely substantial overlap with Class Plaintiffs' merits expert reports should ensure that Defendants have ample time with any newly-disclosed merits expert reports by DAPs.

Date: November 3, 2021

*/s/ W. Joseph Bruckner*
W. Joseph Bruckner (MN #147758)
Brian D. Clark (MN #0390069)
Simeon A. Morbey (MN #0391338)
Kyle Pozan (#6306761)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
T: (612) 339-6900
F: (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com
samorbey@locklaw.com
kjpozan@locklaw.com

Clifford H. Pearson (*Pro Hac Vice*)
Daniel L. Warshaw (*Pro Hac Vice*)
Thomas J. Nolan (*Pro Hac Vice*)
Bobby Pouya (*Pro Hac Vice*)
Michael H. Pearson (*Pro Hac Vice*)
PEARSON SIMON & WARSHAW, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 92403
T: (818) 788-8300
F: (818) 788-8104
cpearson@pswlaw.com
dwarshaw@pswlaw.com
tnolan@pswlaw.com
bpouya@pswlaw.com
mpearson@pswlaw.com

Respectfully submitted,

Bruce L. Simon (*Pro Hac Vice*)
PEARSON SIMON & WARSHAW, LLP
350 Sansome Street, Suite 680
San Francisco, CA 94104
T: (415) 433-9000
F: (415) 433-9008
bsimon@pswlaw.com

*Direct Purchaser Plaintiffs' Interim Co-Lead Class Counsel*

Steven A. Hart (#6211008)
Brian Eldridge (#6281336)
HART MCLAUGHLIN & ELDRIDGE, LLC
22 West Washington Street, Suite 1600
Chicago, IL 60602
T: (312) 955-0545
F: (312) 971-9243
shart@hmelegal.com
beldridge@hmelegal.com

*Direct Purchaser Plaintiffs' Liaison Class Counsel*

*s/ Daniel E. Gustafson*
Daniel E. Gustafson
Daniel C. Hedlund
Michelle J. Looby
Joshua R. Rissman
Brittany N. Resch
GUSTAFSON GLUEK PLLC
220 South Sixth Street, #2600
Minneapolis, MN 55402
T: (612)333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
jrissman@gustafsongluek.com
bresch@gustafsongluek.com

Adam Zapala
Tamarah Prevost
James G. Dallal
COTCHETT, PITRE & MCCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
T: (650) 697-6000
azapala@cpmlegal.com
tprevost@cpmlegal.com
jdallal@cpmlegal.com

*Commercial and Institutional Indirect Purchaser Plaintiffs' Interim Co-Lead Counsel*

Kenneth A. Wexler
Kara A. Elgersma
Melinda J. Morales
WEXLER BOLEY & ELGERSMA LLP
55W.Monroe Street, Suite 3300Chicago, IL 60603
T: (312) 346-2222
kaw@wbe-llp.com
kae@wbe-llp.com
mjm@wbe-llp.com

*Commercial and Institutional Indirect Purchaser Plaintiffs' Liaison Counsel*

*s/ Shana E. Scarlett*
Steve W. Berman
Breanna Van Engelen
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
1918 8th Avenue, Suite 3300
Seattle, WA 98101
T: (206) 623-7292
steve@hbsslaw.com
breannav@hbsslaw.com

Shana E. Scarlett
Rio R. Pierce
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
T: (510) 725-3000
shanas@hbsslaw.com
riop@hbsslaw.com

Brent W. Johnson
Benjamin D. Brown
Daniel H. Silverman
Alison Deich
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave. NW
Suite 500, West Tower
Washington, DC 20005
T: (202) 408-4600
bjohnson@cohenmilstein.com
bbrown@cohenmilstein.com
dsilverman@cohenmilstein.com
adeich@cohenmilstein.com

***End-User Consumer Plaintiffs' Interim Co-Lead Counsel***