# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION<br><br>This Document Relates To:<br>All Actions | No. 1:16-cv-08637<br><br>Hon. Thomas M. Durkin<br>Magistrate Judge Jeffrey T. Gilbert |

## KROGER & PUBLIX PLAINTIFFS' NOTICE AND STIPULATION OF INTENT TO PROCEED TO TRIAL ON TRACK 1

In accordance with the Court's October 15, 2021 Order (ECF #5128), the Kroger and Publix Plaintiffs[1] hereby reaffirm and give notice of their desire to proceed to a trial on Track 1.[2]

In support, the Kroger and Publix Plaintiffs state as follows:

1. The Court has stated that "[i]f any plaintiff desires to proceed to trial on the supply reduction and Georgia Dock conspiracies without discovery into bid rigging, that track will be given priority over plaintiffs who insist on taking bid rigging discovery before any trial." *Id.* at 5.

2. The Kroger and Publix Plaintiffs hereby reaffirm their desire to proceed to trial as expeditiously as possible on these aspects of the case. The Kroger and Publix Plaintiffs filed their lawsuits years ago and have taken a leadership role at nearly every stage of these proceedings. *See, e.g.*, ECF #5020 at 1-2 (collecting docket entries).

---

[1] The "Kroger and Publix Plaintiffs" are Associated Grocers of the South, Inc.; Meijer, Inc.; Meijer Distribution, Inc.; OSI Restaurant Partners, LLC; Publix Super Markets, Inc.; Supervalu Inc.; Unified Grocers, Inc.; Associated Grocers of Florida, Inc.; Wakefern Food Corp.; The Kroger Co.; Albertsons Companies, Inc.; Hy-Vee, Inc.; and Save Mart Supermarkets.

[2] "Track 1" is intended to be synonymous with the Court's reference in its October 15, 2021 Order to the "first track." *See* ECF #5128 at 5.

3. The Kroger and Publix Plaintiffs are willing to proceed to trial on supply reduction and Georgia Dock without discovery into bid rigging beyond what was already contemplated in the existing schedule. *See* ECF #4557 (Stay Order); ECF ## 4575, 4579, 4585, 4621 (pending motions for protective order filed by Jayson Penn, Mar-Jac, Case Foods, and Tim Stiller).[3] If the Court's intentions in the October 15, 2021 Order were that any plaintiffs that elect to join Track 1 should be foregoing the discovery already contemplated by the existing schedule, then the Kroger and Publix Plaintiffs would respectfully request the opportunity to respond further on this issue.

4. The Court has expressly reserved ruling on whether Plaintiffs may use "evidence of bid rigging" that they possess or that is publicly available (ECF #5128 at 4 n.2), and the Kroger and Publix Plaintiffs reserve all rights to seek to introduce pursuant to Rule 404(b) or otherwise any available evidence at a Track 1 trial.

5. With this understanding, the Kroger and Publix Plaintiffs concede and stipulate any appellate issue on trying these claims without further bid rigging discovery, in accordance with the Court's Order (ECF #5128 at 5-6).[4]

---

[3] In addition to this limited bid rigging discovery that was already contemplated, the Kroger and Publix Plaintiffs are also awaiting fact discovery not related to bid rigging that has been stayed and/or is subject to pending motions, including depositions pertaining to the market manipulation claims that have been stayed (ECF #4557) or for which defense witnesses have refused to be deposed (notwithstanding this Court's order permitting the Kroger and Publix Plaintiffs to take such depositions over the government's stay request) (ECF ## 4575, 4579, 4585, 4621) and Defendants' responses to contention interrogatories (ECF #4732). The Kroger and Publix Plaintiffs understand that this stipulation has no bearing on such non-bid rigging discovery.

[4] We do not intend this stipulation to moot or otherwise preclude the relief requested in ECF #4637, which remains appropriate for those Plaintiffs that have already served expert reports and that elect to proceed to trial on supply reduction and Georgia Dock. As a result of two court-ordered discovery stays and the bifurcation order, there has been no meaningful discovery into certain conduct by Defendants. Defendants should not be permitted to use *their* non-production of certain discovery to attack Plaintiffs on Track 1 for not considering such non-produced discovery. *See generally* ECF #4637.

Dated: November 12, 2021

Respectfully submitted,

| | |
|---|---|
| /s/ *David P. Germaine* | /s/ *William J. Blechman* |
| Paul E. Slater | William J. Blechman |
| Joseph M. Vanek | Kevin Murray |
| David P. Germaine | Douglas Patton |
| John P. Bjork | Samuel Randall |
| SPERLING & SLATER, P.C. | Michael Ponzoli |
| 55 West Monroe Street | KENNY NACHWALTER, P.A. |
| Suite 3200 | 1441 Brickell Avenue |
| Chicago, Illinois 60603 | Suite 1100 |
| Tel: (312) 641-3200 | Miami, Florida 33131 |
| Fax: (312) 641-6492 | Tel: (305) 373-1000 |
| E-mail: PES@Sperling-law.com | Fax: (305) 372-1861 |
| JVanek@Sperling-law.com | E-mail: wblechman@knpa.com |
| DGermaine@Sperling-law.com | kmurray@knpa.com |
| JBjork@Sperling-law.com | dpatton@knpa.com |
| | srandall@knpa.com |
| | mponzoli@knpa.com |

Phillip F. Cramer
Ryan T. Holt
SHERRARD ROE VOIGT &
HARBISON, PLC
150 3rd Avenue South, Suite 1100
Nashville, TN 37201
Tel: (615) 742-4200
E-mail: pcramer@srvhlaw.com
rholt@srvhlaw.com

***Counsel for Plaintiffs The Kroger Co., Albertsons Companies, Inc., Hy-Vee, Inc., and Save Mart Supermarkets***

***Counsel for Plaintiffs Associated Grocers of the South, Inc., Meijer, Inc., Meijer Distribution, Inc., OSI Restaurant Partners, LLC, Publix Super Markets, Inc., Supervalu Inc.; Unified Grocers, Inc.; Associated Grocers of Florida, Inc.; and Wakefern Food Corp.***

## CERTIFICATE OF SERVICE

David P. Germaine, certifies that on November 12, 2021, I caused a true and correct copy of the foregoing ***Kroger & Publix Plaintiffs' Notice and Stipulation of Intent to Proceed to Trial on Track 1*** to be filed via CM/ECF.

                                                        */s/ David P. Germaine*
                                                        David P. Germaine