# EXHIBIT C

# If You Purchased Broiler Chicken for Commercial Use Since 2008 You May Be Entitled to Money from Class Action Settlements Totaling Approximately $103 Million

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- You could receive money from class action settlements if you purchased broiler chicken products ("Broilers") for commercial or institutional food preparation in one of the following states: Arizona, California, Connecticut,[1] District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin ("Indirect Purchaser States").

- Settlements totaling approximately $103 million have now been reached on behalf of a class of Commercial and Institutional Indirect Purchaser Plaintiffs (the "Class") with Defendants Amick Farms, LLC, Fieldale Farms Corporation, George's Inc. and George's Farms, Inc., Mar-Jac Poultry, Inc., Mar-Jac Poultry MS, LLC, Mar-Jac Poultry AL, LLC, Mar-Jac AL/MS, Inc., Mar-Jac Poultry, LLC, and Mar-Jac Holdings, Inc., Peco Foods, Inc., Pilgrim's Pride Corporation, Tyson Foods, Inc., Tyson Chicken, Inc., Tyson Breeders, Inc., and Tyson Poultry, Inc. (collectively, "Settling Defendants").

- The Settlement Class includes all entities that purchased Broilers indirectly from one or more Defendants or named co-conspirators in the United States for their own use in commercial and institutional food preparation from January 1, 2008 to July 31, 2019. Settlement Class Members include institutional purchasers, among others, such as restaurants, hotels, grocery stores with deli departments that commercially prepare meals, and certain non-government entities such as hospitals, nursing homes, and schools.

- Plaintiffs claim that Defendants and co-conspirators engaged in an unlawful conspiracy to fix, raise, maintain, or stabilize the prices of Broilers in violation of state and federal law. Plaintiffs allege that they and other indirect purchasers paid more for Broilers than they would have absent the conspiracy. Defendants deny Plaintiffs' claims and allegations. The Court has not reached any final decision as to which side is right.

- If the Settlements are approved by the Court, the Settling Defendants will be dismissed from the case, and the money will be distributed according to a Plan of Allocation where Settlement Class Members will get a pro rata share of the funds based on their qualifying purchases of Broilers made in Indirect Purchaser States.

- Please read this Notice and the Settlement Agreements available at www.xxxxxxxxxxxx.com carefully. Your legal rights may be affected whether or not you act. This Notice is a summary of the Settlement Agreements and the Claim Form filing process, and provides instructions on what you must do to receive money from the Settlements. It is not intended to, and does not, include all the specific details in the Settlement Agreements. To obtain more specific details concerning the Settlements, please read the Settlement Agreements.

| YOUR LEGAL RIGHTS AND OPTIONS | | |
|---|---|---|
| **SUBMIT A CLAIM FORM** | The only way to be eligible to receive a payment for your Broiler purchases in an Indirect Purchaser State. | _____, 2022 |
| **EXCLUDE YOURSELF** | You will not be included in the Settlement(s) from which you exclude yourself. You will receive no benefits from the Settlement(s) from which you exclude yourself, but you will keep any rights you currently have to sue the Settling Defendants about the claims in the lawsuit. | _____, 2022 |
| **DO NOTHING NOW** | If you do nothing, your claims will be included in these Settlements, but you will not receive money. If you do not submit a Claim Form, you will not be eligible to receive a payment. If you do not exclude yourself from these Settlements, you will give up your rights to sue these Settling Defendants about the claims in the lawsuit. | _____ |
| **OBJECT TO THE SETTLEMENT** | If you do not exclude yourself, you can write to the Court explaining why you object to these Settlements. | _____, 2022 |
| **GO TO THE HEARING** | The Court will consider whether the Settlements are fair, reasonable, and adequate. | _____, 2022 |

- The Court in charge of this case still has to decide on final approval of the Settlements. Distribution payments to eligible Settlement Class Members will be made only (1) if the Court grants final approval of the Settlements and after any appeals are

---

[1] The definition of "Indirect Purchaser States" includes Connecticut only with respect to the Amick settlement.

resolved, and (2) after the Court approves a Plan of Allocation to distribute the Settlement Funds minus expenses and any Court-approved attorneys' fees and other appropriate deductions ("Net Settlement Funds") to Settlement Class Members.

**TABLE OF CONTENTS**

BASIC INFORMATION .................................................................................................................. 4
    1.    What Is This Notice About? ............................................................................................. 4
    2.    What Is This Lawsuit About? ........................................................................................... 4
    3.    Why Are There Settlements, But the Litigation Is Continuing? ..................................... 4
    4.    What Are Broilers? .......................................................................................................... 4
    5.    Why Is This a Class Action? ........................................................................................... 4
THE SETTLEMENTS ....................................................................................................................... 4
    6.    How Do I Know If I May Be Included in the Class? ..................................................... 4
    7.    What Do the Settlements Provide? .................................................................................. 5
HOW TO GET BENEFITS ............................................................................................................... 5
    8.    How Can I Get a Payment from the Settlements? .......................................................... 5
    9.    How Much Money Can I Get? ........................................................................................ 5
    10.   When Will I Get a Payment? ........................................................................................... 6
REMAINING IN THE CLASS .......................................................................................................... 6
    11.   What Happens If I Remain in the Class? ......................................................................... 6
EXCLUDING YOURSELF FROM THE SETTLEMENT CLASSES ............................................. 7
    12.   How Do I Get Out of the Settlement Classes? ............................................................... 7
    13.   If I Don't Exclude Myself, Can I Sue for the Same Thing Later? .................................. 7
    14.   If I Exclude Myself, Can I Still Get Money Benefits? ................................................... 7
THE LAWYER REPRESENTING YOU ......................................................................................... 7
    15.   Do I Have a Lawyer Representing Me? .......................................................................... 7
    16.   How Will the Lawyers Be Paid? ..................................................................................... 7
OBJECTING TO THE SETTLEMENTS ......................................................................................... 8
    17.   How Do I Object to or Comment on the Settlements? ................................................... 8
    18.   What Is the Difference Between Excluding Myself From the Class and Objecting to the Settlements? ............. 8
THE FINAL FAIRNESS HEARING ................................................................................................. 8
    19.   When and Where Will the Court Decide Whether to Approve the Settlements? ........... 8
    20.   Do I Have to Attend the Hearing? ................................................................................... 8
    21.   May I Speak at the Hearing? ........................................................................................... 8
GET MORE INFORMATION .......................................................................................................... 9
    22.   How Do I Get More Information? ................................................................................... 9

| BASIC INFORMATION |
|---|

**1. What Is This Notice About?**

This Notice is to inform you about Settlements reached in this litigation before the Court decides whether to grant final approval to them. This Notice explains the lawsuit, the Settlements, your legal rights in relation to the Settlements, and the Claim Form filing process. The Court in charge is the United States District Court for the Northern District of Illinois. This lawsuit is a class action, and is formally known as *In re: Broiler Chicken Antitrust Litigation – Commercial & Institutional Indirect Purchaser Plaintiff Actions*, No. 1:16-cv-08637. The entities that sued are called the "Plaintiffs." The companies they sued are called the "Defendants."

**2. What Is This Lawsuit About?**

The proposed class of Commercial and Institutional Indirect Purchaser Plaintiffs alleges that between January 1, 2008, and July 31, 2019, Defendants and co-conspirators conspired to fix, maintain, stabilize, and/or raise the prices of Broilers, resulting in overcharges to commercial and institutional indirect purchasers of Broilers. The complaint describes how the Defendants and co-conspirators allegedly violated federal and state antitrust, unfair competition, and consumer protection laws by agreeing to fix prices and restrict output of Broilers. Defendants deny Plaintiffs' allegations. The Court has not decided which side is right.

**3. Why Are There Settlements, But the Litigation Is Continuing?**

Only the Settling Defendants listed above have agreed to settle the lawsuit. The case is continuing against the remaining Defendants in the action ("Non-Settling Defendants").[2] Additional money may become available in the future as a result of a trial or future settlements, but there is no guarantee that this will happen.

**4. What Are Broilers?**

"Broilers" are chickens raised for meat consumption to be slaughtered before the age of 13 weeks, and which may be sold in a variety of forms, including fresh or frozen, raw or cooked, whole or in parts, or as a meat ingredient in a value-added product, but excluding chicken that is grown, processed, and sold according to halal, kosher, free range, or organic standards.

**5. Why Is This a Class Action?**

In a class action, one or more people or businesses called "class representatives" sue on behalf of themselves and others with similar claims in the specific class action. All of these people together are the "Class" or "Class Members." Individual Class Members may have their claims determined by a judgment or a settlement in a class action without filing individual lawsuits. In a class action, one court may resolve the issues for all Class Members, except for those who exclude themselves from the Settlement Class.

| THE SETTLEMENTS |
|---|

**6. How Do I Know If I May Be Included in the Class?**

For the Fieldale and Amick settlements, the Settlement Classes are defined in substantially similar ways, as:

> All entities who indirectly purchased Broilers from Defendants or co-conspirators in the United States for their own use in commercial food preparation from January 1, 2008, until February 20, 2019.

For the George's, Peco, Tyson, and Mar-Jac settlements, the Settlement Classes are defined in substantially similar ways, as:

> All entities that purchased Broilers indirectly from a Defendant or named co-conspirator in the United States for their own use in commercial food preparation from January 1, 2008, until July 31, 2019.

For the Pilgrim's Pride settlement, the Settlement Class is defined as:

> All entities that purchased Broilers indirectly from a Defendant or named co-conspirator in the Indirect Purchaser States, as defined herein, for their own use in commercial food preparation from January 1, 2008, until July 31, 2019.

---

[2] Koch Foods, Inc., JCG Foods of Alabama, LLC, JCG Foods of Georgia, LLC, Koch Meat Co., Inc. (collectively, "Koch Foods"); Perdue Farms, LLC, Perdue Foods LLC (collectively, "Perdue"); Sanderson Farms, Inc., Sanderson Farms, Inc. (Foods Division), Sanderson Farms, Inc. (Production Division), Sanderson Farms, Inc. (Processing Division) (collectively, "Sanderson Farms"); Wayne Farms LLC; Mountaire Farms, Inc., Mountaire Farms, LLC, Mountaire Farms of Delaware, Inc. (collectively, "Mountaire"); Foster Farms, LLC, Foster Poultry Farms (collectively, "Foster Farms"); House of Raeford Farms, Inc.; Simmons Foods, Inc., Simmons Prepared Foods, Inc. (collectively, "Simmons"); O.K. Foods, Inc., O.K. Farms, Inc., O.K. Industries, Inc. (collectively "O.K. Foods"); Claxton Poultry Farms, Inc., Norman W. Fries, Inc., d/b/a Claxton Poultry Farms, Inc. (collectively, "Claxton Poultry"); Harrison Poultry, Inc.; Agri Stats, Inc., Case Foods, Inc., Case Farms, LLC, Case Farms Processing, Inc. (collectively, "Case Foods").

The above Settlement Class definitions include institutional commercial food preparers such as restaurants, hotels, grocery stores with deli departments that commercially prepare meals, and certain non-government entities such as hospitals, nursing homes, and schools. Specifically excluded from these Classes are:

    (a) natural persons who purchased Broilers for their use and/or not for commercial food preparation (*e.g.*, End-User Consumers);
    (b) purchasers of Broilers directly from Defendants;
    (c) purchasers of Broilers for resale in unaltered form;
    (d) purchasers of Broilers from an intermediary who has further processed the Broiler after purchase from a Defendant;
    (e) the Defendants;
    (f) the officers, directors, or employees of any Defendant;
    (g) any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant;
    (h) any federal or state governmental entities, and any judicial officer presiding over this action and the members of his/her immediate family and judicial staff;
    (i) any juror assigned to this action; and
    (j) any Co- Conspirator identified in this action.

The specific definitions of who is included in each of the Settlement Classes are set forth in the Settlement Agreements and in the order preliminarily approving the Settlements. The Settlement Agreements, the Preliminary Approval Orders, and the related Complaints are accessible on the website www.xxxxxxxxxxxxx.com.

**7. What Do the Settlements Provide?**

The combined Settlement Fund from these Settlements, if approved by the Court, will be $103,890,000 (plus $1 million from the Pilgrim's Pride settlement that may be used for class notice and claims administration services).

| | |
|---|---|
| Fieldale | $1.4 Million |
| Amick | $2.95 Million |
| George's | $3.525 Million |
| Peco | $3.525 Million |
| Pilgrim's Pride | $44 Million + $1 Million for notice/claims |
| Tyson | $42.5 Million |
| Mar-Jac | $5.99 Million |
| Total | $103.89 Million + $1 Million |

After deduction of attorneys' fees, notice and administration costs, litigation expenses, taxes and tax preparation costs, and any other expense or cost as approved by the Court, the remaining Net Settlement Funds will be available for distribution to eligible Settlement Class Members that purchased in the Indirect Purchaser States and that submit valid claims.

The Settlements also provide that Settling Defendants will provide varying types of cooperation in the Commercial and Institutional Indirect Purchaser Plaintiffs' continued prosecution of the case. Six of the seven settlements also provide for injunctive relief.

More details about the Settlements are set forth in the Settlement Agreements, available at www.xxxxxxxxxxxxx.com.

| **HOW TO GET BENEFITS** |
|---|

**8. How Can I Get a Payment from the Settlements?**

To receive money, you must have made qualifying purchases of Broilers from an Indirect Purchaser State and you must submit a valid Claim Form. Please read this Notice and the Claim Form carefully, fill out the form, including all the information and documents it asks for, sign it, and submit it to the Settlement Administrator by mail or online no later than _____, 2022.

**9. How Much Money Can I Get?**

At this time, it is unknown how much each Settlement Class Member that submits a valid claim will receive. Payments will be based on the Plan of Allocation that incorporates the alleged overcharges calculated by Plaintiffs' experts for each category of Broilers purchased (*i.e.*, breast products, whole bird products, wing products, and other miscellaneous products, as further defined in the Claim Form and the Plan of Allocation) and the time period in which the purchase occurred. The *pro rata* payments will also be based on other factors, including the number of valid claims submitted by all Settlement Class Members and the dollar value of each Settlement Class Member's purchase(s) of Broilers in proportion to the total dollar value of the purchases of Broilers for all valid claimants. No money will be returned to the Settling Defendants once the Court finally approves the Settlements. To be eligible to

receive a payment, you must have made a purchase in one of the Indirect Purchaser States[3] and will need to submit a valid claim form no later than _____, 2022.

The detailed Plan of Allocation is available for review at www.xxxxxxxxxxxxx.com. For purposes of the *pro rata* payments to Settlement Class Members, purchases will be weighted according to chicken part category and the time period of the purchase, as reflected in the chart below. This weighting is based on Plaintiffs' experts' calculation of the overcharges applicable to the various Broiler parts and the products included as part of the Settlement Class Definition:

| **Product Category** | **Time Period of Purchase**: January 1, 2008 through November 30, 2011 | **Time Period of Purchase**: December 1, 2011 through July 31, 2019 |
|---|---|---|
| Breast Products | 1 | 3.5 |
| Whole Bird Products | 1.3 | 2.6 |
| Wing Products | 3.5 | 6.1 |
| Other Products[4] | 1 | 1 |

Under the supervision of the Court, this proposed Plan of Allocation may be altered without additional mailed or emailed notice to the Settlement Class. To stay informed about any changes to the Plan of Allocation, please monitor the docket in this matter, and the Settlement website at: www.xxxxxxxxxxxxx.com.

Payments to Settlement Class Members will be made only: (1) if the Court grants final approval of the Settlements and after any appeals are resolved; and (2) in accordance with the Court-approved Plan of Allocation to distribute the Settlement Funds minus expenses, notice and claims administration costs, service awards, taxes and tax preparation costs, Court-approved attorneys' fees, and any other costs or expenses as approved by the Court, to Settlement Class Members with qualifying purchases.

Class Counsel is considering adopting a minimum payment for all valid claimants to ensure that payments to Class Members are economically feasible from a claims administration standpoint. Once claims are received and processed, Class Counsel will make a determination regarding minimum payments and post it on the settlement website. Be sure to check the settlement website in the future for additional information.

**10. When Will I Get a Payment?**

Payments from the Settlements will not be distributed, at a minimum, until the Court grants final approval of the Settlements, any objections or appeals are resolved, and all claims are processed and validated. Updates on when Net Settlement Funds will be distributed will be provided on the Settlement website at www.xxxxxxxxxxxxx.com.

| **REMAINING IN THE CLASS** |
|---|

**11. What Happens If I Remain in the Class?**

Unless you exclude yourself from one or more of the Settlement Classes, you will remain in each of the Settlement Classes, which means you will give up your right to sue the Settling Defendants on your own for the claims described in the Settlement Agreements. You also will be bound by any decisions by the Court relating to the Settlements. In return for paying the Settlement Amount, the Settling Defendants (and certain related entities defined in the Settlement Agreements) will be released from claims relating to the alleged conduct involving Broilers identified in the Settlement Agreements. Settlement Class Members with purchases in states other than the Indirect Purchasers States will retain their ability to bring claims, if any, for damages against the Settling Defendants. The Settlement Agreements describe the released claims in detail, so read them carefully, since those releases will be binding on you if the Court approves the Settlements. If you have any questions, you can talk with Class Counsel for free, or you can, of course, talk with your own lawyer (at your own expense) if you have questions about what this means. The Settlement Agreements, including the specific releases, are available at www.xxxxxxxxxxxxx.com.

---

[3] Arizona, California, Connecticut (for the Amick settlement only), District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin

[4] As further reflected and defined in the Claim Form, "Other Products" includes Dark Meat Products, Further Processed Products, and Other Miscellaneous Broiler Products.

| **EXCLUDING YOURSELF FROM THE SETTLEMENT CLASSES** |
|---|

**12. How Do I Get Out of the Settlement Classes?**

To exclude yourself from one or more of the Settlement Classes, you must send a letter by mail stating that you want to be excluded from *In re: Broiler Chicken Antitrust Litigation – Commercial & Institutional Indirect Purchaser Plaintiff Actions*, No. 1:16-cv-08637. Your letter must also include the following:

- Your name and company name, address, and telephone number;
- A statement saying that you want to be excluded from *In re: Broiler Chicken Antitrust Litigation – Commercial & Institutional Indirect Purchaser Plaintiff Actions*, No. 1:16-cv-08637;
- A statement indicating, by Defendant name, the settlement or settlements from which you wish to be excluded; and
- Your signature.

You must include the following statement with your exclusion request: "I want to be excluded from the Broilers Antitrust Litigation – CIIPP class action settlement with [SPECIFY THE NAME OF EACH SETTLING DEFENDANT WHOSE SETTLEMENT YOU WISH TO EXCLUDE YOURSELF FROM]. I understand that by so doing, I will not be able to get any money or benefits from the settlement with that/those Settling Defendant(s) in this case for Broiler purchases in the Indirect Purchaser States."

You must mail your exclusion request, postmarked no later than _____, 2022, to:

> Broilers CIIPP Settlement
> ATTN: EXCLUSIONS
> c/o A.B. Data, Ltd.
> P.O. Box 173001
> Milwaukee, WI 53217-8042

**13. If I Don't Exclude Myself, Can I Sue for the Same Thing Later?**

No. Unless you exclude yourself, you give up any right to sue the Settling Defendants for the claims being released in this litigation (the Released Claims as defined in the Settlement Agreements). The Settlements do not release monetary damages claims under the laws of states other than the Indirect Purchaser States.

If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that lawsuit immediately, because you may need to exclude yourself from the Class(es) to continue your own lawsuit.

**14. If I Exclude Myself, Can I Still Get Money Benefits?**

No. If you exclude yourself from any Settlement Class in the Settlements, you will not get any money as a result of the Settlements.

| **THE LAWYERS REPRESENTING YOU** |
|---|

**15. Do I Have Lawyers Representing Me?**

The Court has appointed the following lawyers as Class Counsel to represent you and all other members of the Settlement Classes:

| | |
|---|---|
| Daniel C. Hedlund, Esq.<br>GUSTAFSON GLUEK PLLC<br>120 South Sixth Street, Suite 2600<br>Minneapolis, MN 55402 | Adam J. Zapala, Esq.<br>COTCHETT, PITRE & MCCARTHY, LLP<br>San Francisco Airport Office Center<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010 |

You will not be charged for contacting these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**16. How Will the Lawyers Be Paid?**

At the Final Fairness Hearing, or at a later date, Class Counsel will ask the Court for attorneys' fees based on their services in this litigation, not to exceed 35% of the Settlement Funds and will ask to be reimbursed for certain expenses already incurred on behalf of the Settlement Classes in an amount not to exceed $10,658,854.99. Any payment to the attorneys will be subject to Court approval, and the Court may award less than the requested amount. The attorneys' fees, costs, and litigation expenses that the Court orders, plus the costs to administer the Settlements, will come out of the Settlement Funds. Additionally, Class Counsel will seek service awards in an amount not to exceed $15,000 per class representative.

When Class Counsel's motion for attorneys' fees, costs, and expenses is filed, a copy will be available at www.xxxxxxxxx.com. The motion will be posted on the website before the deadline for objecting or excluding yourself from the Settlements. Settlement Class Members that have not excluded themselves will have an opportunity to object to this request.

| OBJECTING TO THE SETTLEMENTS |
|---|

**17. How Do I Object to the Settlements?**

If you have objections regarding any aspect of the Settlements, you may express your views to the Court. You can object to one or more Settlements only if you do not exclude yourself from that Settlement Class. To object to the Settlements, you must do the following:

- Specify in writing your name and company name, address, and telephone number;
- Clearly identify in writing the case name, number, and Settlement (*In re: Broiler Chicken Antitrust Litigation – Commercial & Institutional Indirect Purchaser Plaintiff Actions*, No. 1:16-cv-08637);
- Set out the basis upon which you assert you are a class member, including details of your qualifying purchases;
- Set out the entirety of your objection, including any applicable legal authorities and supporting evidence and whether the objection applies only to you or a specific Settlement Class or subset of a Settlement Class;
- Provide the identity of all counsel who represent you, including former or current counsel who may be entitled to compensation for any reason related to the objection, along with a statement of the number of times in which that counsel has objected to a class action within five years preceding the submission of the objections, the caption of the case for each prior objection and a copy of any relevant orders addressing the objections;
- Provide any agreements that relate to the objection or the process of objecting between you, your counsel, and/or any other person or entity;
- Provide your (and your attorney's) signature on the written objection;
- Provide a statement indicating whether you intend to appear at the Final Fairness Hearing (either personally or through counsel);
- Provide a declaration under penalty of perjury that the information provided is true and correct.
- Submit your letter to the Court either by mailing it to the Clerk of Court, United States District Court for the Northern District of Illinois, 219 S. Dearborn Street, Chicago, IL 60604, or by filing it in person at any location of the United States District Court for the Northern District of Illinois;
- Also submit your letter or objection to Class Counsel by mailing to at least one of the addresses listed in Section 15; and
- Make sure that the letter to the Court is filed or postmarked on or before _____, 2022.

**18. What Is the Difference Between Excluding Myself From the Class and Objecting to the Settlements?**

If you exclude yourself, you are telling the Court that you do not want to participate in the Settlement(s). Therefore, you will not be eligible to receive any benefits from the Settlement(s) and you will not be able to object to the Settlement(s). Objecting to a Settlement simply means telling the Court that you do not like something about the Settlement. Objecting does not make you ineligible to receive a payment.

| THE FINAL FAIRNESS HEARING |
|---|

The Court will hold a hearing to decide whether to grant final approval of the Settlements ("Final Fairness Hearing"). You may attend and you may ask to speak, but you do not have to do so.

**19. When and Where Will the Court Decide Whether to Approve the Settlements?**

The Court will hold the Final Fairness Hearing at _____.m. on _____, 2022, at the United States District Court for the Northern District of Illinois, 219 S. Dearborn Street, Chicago, IL 60604. Given the COVID-19 pandemic, it is possible that the Court will hold the hearing by teleconference or video conference. The hearing may be moved to a different date or time without additional notice, so check the Court's PACER site, http://ilnd.uscourts.gov/cm-ecf; or www.xxxxxxxx.com; or call 1-866-XXX-XXXX to confirm the status of the hearing and date. At this hearing, the Court will consider whether the Settlements are fair, reasonable, and adequate. If there are objections or comments, the Court will consider them at that time and may listen to people who have asked to speak at the hearing. At or after the hearing, the Court will decide whether to approve the Settlements.

**20. Do I Have to Attend the Hearing?**

No. Class Counsel will answer any questions the Court may have at the Final Fairness Hearing. But you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed or mailed your written objection on time, the Court will consider it. You may also hire your own lawyer at your own expense to attend the hearing on your behalf, but you are not required to do so.

**21. May I Speak at the Hearing?**

If you send an objection or comment on the Settlements, you may have the right to speak at the Final Fairness Hearing as determined by the Court. You cannot speak at the hearing on the Settlement(s) from which you exclude yourself.

| GET MORE INFORMATION |
|---|

**22. How Do I Get More Information?**

This Notice summarizes the Settlements and the Claim Form filing process. For more detailed information about the Settlements, please visit www.xxxxxxxx.com. You also may write with questions to the Settlement Administrator: Broilers CIIPP Settlement, c/o A.B. Data, Ltd., P.O. Box XXXXX, Milwaukee, WI 53217-8042 or call the settlement toll-free number 1-866-XXX-XXXX.

Additional information can be obtained by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of Illinois, 219 S. Dearborn Street, Chicago, IL 60604, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays, or by contacting Class Counsel at (650) 697-6000.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THESE SETTLEMENTS OR THE CLAIM PROCESS.**

Dated: _____, 2021

By Order of the Court
United States District Court
Northern District of Illinois