# **EXHIBIT F**

# COMMERCIAL & INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' PLAN OF ALLOCATION

This document describes the methods by which the Round 1 settlement funds will be allocated and distributed to the Commercial & Institutional Indirect Purchaser Plaintiffs ("CIIPPs") that are members of the settlement classes with qualifying purchases eligible for distribution.

Settlements totaling approximately $103 million have now been reached on behalf of CIIPPs with Defendants Amick Farms, LLC, Fieldale Farms Corporation, George's Inc. and George's Farms, Inc., Mar-Jac Poultry, Inc., Mar-Jac Poultry MS, LLC, Mar-Jac Poultry AL, LLC, Mar-Jac AL/MS, Inc., Mar-Jac Poultry, LLC, and Mar-Jac Holdings, Inc., Peco Foods, Inc., Pilgrim's Pride Corporation, Tyson Foods, Inc., Tyson Chicken, Inc., Tyson Breeders, Inc., and Tyson Poultry, Inc. (collectively, "Settling Defendants").

As a general matter, the Settlement Classes include all entities that indirectly purchased Broilers from Defendants or co-conspirators in the United States for their own use in commercial and institutional food preparation from January 1, 2008, to July 31, 2019. Settlement Class Members include institutional purchasers, among others, such as restaurants, hotels, grocery stores with deli departments that commercially prepare meals, and certain non-government entities such as hospitals, nursing homes, and schools. But there are some variations in the settlement classes, so you should double check the class notices and settlement agreements on the website or on the Court's PACER system to ensure that your business is a member of the Settlement Class(es).

**Eligibility for a Share of the Monetary Settlements**

You could receive money from class action settlements if you indirectly purchased broiler chicken products ("Broilers") from Defendants for commercial or institutional food preparation in one of the following states: Arizona, California, Connecticut,[1] District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin ("Indirect Purchaser States"). Your purchase of a Broiler chicken must have occurred in the time period of January 1, 2008, to July 31, 2019.

The definition of "Broilers" includes chickens raised for meat consumption to be slaughtered before the age of 13 weeks, and which may be sold in a variety of forms, including fresh or frozen, raw or cooked, whole or in parts, or as a meat ingredient in a value-added product, but excluding chicken that is grown, processed, and sold according to halal, kosher, free range, or organic standards.

---

[1] The definition of "Indirect Purchaser States" includes Connecticut only with respect to the Amick settlement. As a consequence, eligible settlement class members making qualifying purchases in Connecticut will only be eligible for a *pro rata* distribution from the Amick settlement. Consistent with the enactment date for the Connecticut statute permitting indirect purchasers to recover damages, the start date for purchases from Connecticut qualifying for payment under the Amick settlement is October 1, 2018.

### The "Net Settlement Amount"

The "Net Settlement Amount" is the amount of money that will be available for distribution to qualified class members after all attorneys' fees, litigation expenses, costs of notice and claims administration, interim Class Representative service awards, taxes and tax preparation costs, and other costs or payments as approved by the Court are deducted from the gross settlement amounts.

### Definitions of Broiler Products

The Broiler chicken categories are defined as follows:

**Whole Bird Products** are products that contain breasts, wings, and dark meat together and include both chickens that are sold intact (with or without giblets) and chickens that have been cut up into halves, quarters, eight pieces, or nine pieces. Products can be marinated or seasoned but products that meet the definition of Further Processed Products (defined below) do not count as Whole Bird Products.

**Breast Products** include both bone-in and boneless products that have meat from the breast and/or tenderloin of the chicken and do not also contain wings or dark meat. Products can be marinated or seasoned but products that meet the definition of Further Processed Products (defined below) do not count as Breast Products.

**Wing Products** include both whole wings or products containing first joint (*i.e.*, drumettes) and/or second joint (*i.e.*, flats). Wings that are sold along with the breast are considered Other Products rather than Wing Products. Additionally, "boneless wings" do not count as Wing Products because they are made from further processed breast meat and are therefore included in Further Processed Products. Wing Products can be marinated or seasoned but wings that meet the definition of Further Processed Products (*i.e.*, breaded and/or cooked wings) do not count as Wing Products.

**Other Products** include Dark Meat Products, Further Processed Products, and Other Miscellaneous Broiler Products. Dark Meat Products include bone-in and boneless thighs and drumsticks/legs, whether sold individually or together as leg quarters. Further Processed Products include any chicken meat that has been breaded, cooked, or formed, such as patties or nuggets; or products made from mechanically separated meat such as chicken sausages; or products that are ground, sliced, diced, or cubed; or meal products that contain chicken meat as an ingredient. Other Miscellaneous Broiler Products include other Broiler products that do not meet the definition of any of the above categories, such as chicken cuts containing a breast and a wing.

### Conditions for Distribution

In order to receive a distribution from the Round 1 Settlements, the following conditions must be met: (1) the entity is a member of one or more of the CIIPP Settlement Classes; (2) the entity made its indirect purchase(s) of Broilers in one of the Indirect Purchaser States; (3) the purchases were made during the Class Period; and (4) the Court finally approves the Settlements, and any appeals are resolved such that the settlements are final.

***Pro Rata* Plan of Distribution for Purchases of Broilers in the Indirect Purchaser States**

Payments will be determined on a *pro rata* basis for qualifying purchases made in the Indirect Purchaser States from the time period of January 1, 2008, to July 31, 2019. The proposed procedure will be to score each claim based on dollars purchased of qualifying purchases, (*i.e.*, purchases that meet the Settlement Class definition, the definition of Broilers in the Settlement Agreement, and that occurred in an Indirect Purchaser State). Because CIIPPs' expert work found different overcharge percentages for different product categories over two time periods, purchases of different Broiler parts will be weighted differently and then paid out *pro rata* based on that weighting, as reflected in the below chart, which shows the points per dollar of qualifying purchases used in computing the score for each claim:

| **Product Category** | **Time Period of Purchase**: January 1, 2008 through November 30, 2011 | **Time Period of Purchase**: December 1, 2011 through July 31, 2019 |
|---|---|---|
| Breast Products | 1 | 3.5 |
| Whole Bird Products | 1.3 | 2.6 |
| Wing Products | 3.5 | 6.1 |
| Other Products | 1 | 1 |

Additionally, Class Counsel is considering adopting a minimum payment for all valid claimants to ensure that payments to Class Members are economically feasible from a claims administration standpoint. Once claims are received and processed, Class Counsel will make a determination regarding minimum payments and post it on the settlement website. Be sure to check the settlement website in the future for additional information.