# EXHIBIT B

# EXHIBIT D

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>This Document Relates To: All Actions | Case No. 1:16-cv-08637<br><br>**[PROPOSED] SCHEDULING ORDER NO. 17 FOR TRACK 1 ACTIONS** |

  This Scheduling Order No. 17 for all actions in which Plaintiffs have opted for Track 1 supersedes the Court's previous Scheduling Order No. 2 (ECF Dkt. 574) issued on December 15, 2017, Scheduling Order No. 6 issued on September 13, 2018 (ECF Dkt. 1230), Scheduling Order No. 9 issued on November 19, 2018 (ECF Dkt. 1416), Scheduling Order No. 12 issued on July 15, 2019 (ECF Dkt. 2322), Scheduling Order No. 13 issued on January 29, 2020 (ECF Dkt. 3420), Scheduling Order No. 14 (ECF Dkt. 3788) issued on August 28, 2020, Scheduling Order No. 15 (ECF Dkt. 4641) issued on May 13, 2021, and Scheduling Order No. 16 (ECF Dkt. 4748) issued on June 17, 2021. The parties are directed to the separate Search Methodology Order (ECF Dkt. 586) for any additional deadlines relating to the search of electronically stored information. Additionally, the Court orders that the requirement of Fed. R. Civ. P. 45(a)(4) for notice to other parties before service of a subpoena shall be 4 business days after the day notice and a copy of the subpoena are provided, which shall be computed pursuant to Fed. R. Civ. P. 6(a)(1).

  A party receiving objections or productions from a third party in response to a Rule 45 subpoena will serve a copy of those objections or documents on other parties within 7 days, unless otherwise agreed. A party that receives a non-Bates numbered production (or production without a load file) from a third party in response to a Rule 45 subpoena shall serve those documents on

other parties within 10 days, unless otherwise agreed by the parties. A party receiving a production from a third party in response to a Rule 45 subpoena that includes information relating to a deposition scheduled within 7 days must notify all parties within 48 hours of receipt.

| Event | Deadline |
|---|---|
| **Expiration of Stay on Depositions of DOJ-Requested Witnesses and Topics** | January 3, 2022 |
| **Joint Submission on Any Additional Discovery Requested Per ECF Dkt. 3727 Concerning Evidentiary Issues Relating to Documents** | January 3, 2022 |
| **Deadline to Depose Plaintiffs' Merits Experts** <br><br> **Defendants to Identify Merits Experts By Topics to Facilitate Scheduling**[1] | January 21, 2022 |
| **Defendants' Affirmative & Rebuttal Merits Expert Reports Due** | January 31, 2022 |
| **Deadline to Depose Defendants' Merits Experts** | May 9, 2022 |
| **Plaintiffs' Rebuttal Merits Expert Reports Due** | May 23, 2022 |
| **Deadline to Complete Depositions Previously Requested by U.S. Department of Justice to be Stayed or Partially Stayed**[2] | June 24, 2022 |

---

[1] The parties will identify by name any class certification expert who is also serving as a merits expert. However, the parties need not identify by name any new experts disclosed at this time, but instead can refer to them generically such as "Defendant Expert 2," etc.

[2] The Court's assumption underlying this Scheduling Order No. 17 for Track 1 Plaintiffs is that Plaintiffs will be able to take the stayed depositions they need to take before they respond to Defendants' motions for summary judgment and before trial, as well as the depositions that are the subject of currently-pending motions for protective orders. (*See* 5/7/21 Hr'g Tr. (ECF Dkt. 4625)

| Event | Deadline |
|---|---|
| **Deadline to Depose Plaintiffs' Rebuttal Merits Experts** | June 27, 2022 |
| **Summary Judgment Opening Briefs & Merits *Daubert* Motions Filed**[3] | July 25, 2022 |
| **Summary Judgment Responses & Merits Expert *Daubert* Responses Filed** | October 24, 2022 |
| **Summary Judgment Replies & Merits Expert *Daubert* Replies Filed** | January 5, 2023 |
| **First Trial Commences**[4] | TBD after the Court has considered the parties' 7/16/2021 trial plan submissions[5] |

**SO ORDERED.**

Dated: _____

_____
HON. JEFFREY T. GILBERT
U.S. MAGISTRATE JUDGE

---

at 21-22; ECF Dkts. 4575, 4579, 4585, 4621).) This deadline also may not apply to other discovery that may be deferred by agreement of the parties.

[3] Pre-summary judgment motion conference with Judge Durkin to be set on a date to be determined. The parties request that the conference take place at a time shortly after the Court rules on class certification and related motions.

[4] The Court will decide the number, sequence and timing of trials at a later date.

[5] Consistent with the Court's guidance at the May 24, 2021 hearing, Defendants request that this date should be no fewer than eight months from the conclusion of summary judgment briefing. (*See* 5/24/21 Hr'g Tr. (ECF Dkt. 4714) at 15:23-25 (I probably would build in the eight months from the time that the summary judgment briefs are done and trial would commence.").)