# EXHIBIT C

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Jenna Marie Stupar
To Call Writer Directly:
+1 312 862 3077
jenna.stupar@kirkland.com

300 North LaSalle
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

November 30, 2021

**By E-mail**

Counsel for All Plaintiffs

      Re:  Scheduling-Related Meet and Confers

Dear Counsel:

  We write to memorialize the parties' scheduling-related meet and confers on November 22, 2021 via Zoom and subsequent email communications, including the positions articulated by the various Plaintiff groups as Defendants understand them, and our responses.

## I.  Plaintiffs' Position On Track 1 Claims

  During the Zoom, Defendants explained that we believe that the first step in negotiating a Track 1 schedule is to confirm the parties' understanding regarding which claims are proceeding on Track 1. That way, the parties can account for any necessary motion practice or amendments to align the pleadings with those claims. Accordingly, Defendants inquired whether Track 1 Plaintiffs (other than EUCPs) agreed that in selecting to proceed on Track 1, they were planning on not proceeding with bid-rigging claims at a Track 1 trial.[1] The second step, we believe, is determining if and when Plaintiffs will amend their complaints to reflect the claims proceeding on Track 1 (*i.e.*, to eliminate the bid-rigging claims and allegations).

  To facilitate the conversation, Defendants analogized this case to a three-legged stool: with legs of 1) a supply reduction conspiracy, 2) the Georgia Dock allegations, and 3) bid-rigging claims. Defendants asked Plaintiffs whether they believed they were proceeding to trial on a claim with all three legs, or only two (supply reduction and Georgia Dock).

  As the parties were unable to find common ground on these issues during the Zoom, Defendants followed up via email. Defendants asked three questions:

---

[1] EUCPs' complaint does not include bid-rigging claims.

Austin Bay Area Beijing Boston Brussels Dallas Hong Kong Houston London Los Angeles Munich New York Paris Salt Lake City Shanghai Washington, D.C.

KE 81877234.3

**KIRKLAND & ELLIS LLP**

Plaintiffs' Counsel
November 30 2021
Page 2

1. "Do you as a Track 1 Plaintiff agree that you are not bringing a bid-rigging claim?"

2. "Assuming yes, when are you going to amend your complaint to eliminate the bid-rigging claims from your Complaint?"

3. "When is AWG filing its expert report(s)?"

(11/22/21 E-mail from J. Stupar.) DPPs, CIIPPs, and Track 1 DAPs provided email responses over the next few days.

As Defendants understand, the positions taken by each Plaintiff group in response to Defendants' questions during the Zoom and/or subsequently via e-mail are as follows:

- **Direct Purchaser Plaintiffs**

  - Bid-Rigging Claims. During the Zoom, DPPs agreed that in proceeding with Track 1, they had given up their bid-rigging claims and would take under advisement when and how to amend their complaint. DPPs seemed to revise their position via e-mail a few days later, stating that "DPPs have a single claim under Section 1 of the Sherman Act. Bid-rigging [sic] is simply one method of Defendants' conspiracy," and they have elected to proceed to trial on "the market manipulation method" (presumably supply reduction and Georgia Dock) and "will separately proceed to trial on the bid-rigging method" after more discovery, thereby attempting to elect both Tracks 1 and 2. They further "reserve[d] the right to introduce bid-rigging evidence for other permitted purposes" at trial on Track 1. (11/24/21 Email from K. Pozan.)

  - Amending the Complaint. DPPs stated they would not amend their complaint. DPPs stated they believe "the scope of the Track 1 trial has not changed since the parties negotiated and the Court entered Scheduling Order No. 16." (*Id.*)

  - AWG. DPPs stated they did not believe Defendants "need to know" the answer to this question because a schedule could include time for AWG to catch up. (*Id.*)

  - The Schedule. DPPs request a 45-day extension of all current deadlines in Scheduling Order No. 16. (*Id.*)

- **End-User Consumer Plaintiffs** responded on the Zoom that they strongly disagreed with three-legged stool analogy and expressly reserved all rights regarding bid-rigging evidence, but acknowledged that they had never brought a bid-rigging claim. The EUCPs did not provide a separate written response to Defendants' three questions.

KE 81877234.3

KIRKLAND & ELLIS LLP

Plaintiffs' Counsel
November 30 2021
Page 3

- **Commercial and Institutional Indirect Purchaser Plaintiffs** were not prepared to provide an answer on the Zoom but indicated they would consider the questions. They responded two days later via email.

    - Bid-Rigging Claims. CIIPPs stated that they "do not allege a separate standalone claim that arises solely from episodes of bid-rigging [sic]" and instead bring a "Section 1 antitrust price-fixing conspiracy claim and the state statutory antitrust and consumer protection analogs to Section 1 as alleged in the Seventh Amended Complaint." CIIPPs further assert that they intend to pursue under Track 1 their price fixing conspiracy claim as alleged, and that such claim includes "bid rigging." (11/24/21 E-mail from J. Rissman.)

    - Amending the Complaint. CIIPPs stated they would not amend their complaint and that no Court order required them to do so. (*Id.*)

    - AWG. CIIPPs stated there is "no reason" for Defendants to wait to take their experts' depositions until receiving AWG's report. (*Id.*)

    - The Schedule. Like DPPs, CIIPPs want a 45-day extension of all current deadlines in Scheduling Order No. 16. (*Id.*)

- **Track 1 DAPs** (excluding AWG) expressed significant confusion at Defendants' questions in the Zoom, including telling counsel for Defendants she was speaking "gibberish," and stating they do not know what qualifies as "bid rigging." They did not answer Defendants' questions during the Zoom, and instead repeatedly requested dates for depositions of their experts. These DAPs responded in two groups, separately, via email.

    - **Kroger / Publix DAPs**

        - Bid-Rigging Claims. The Kroger / Publix DAPs stated that they "intend to proceed to trial on the Section 1 and RICO" claims in their complaints, including Counts I, II, III, IV, V, and VI of the Amended Consolidated Complaint. (11/26/21 E-mail from D. Germaine.) These DAPs have stated they "do not intend to pursue bid[-]rigging damages as part of these claims in a Track 1 trial in this litigation," but reserved their right to seek damages based on bid-rigging "at a future trial." (*Id.*) Like the DPPs, these DAPs are attempting to elect both Track 1 and Track 2.

        - Amending the Complaint. The Kroger / Publix DAPs stated that they are not required by the Court's order to amend their complaint. (*Id.*)

KE 81877234.3

**KIRKLAND & ELLIS LLP**

Plaintiffs' Counsel
November 30 2021
Page 4

- AWG. The Kroger / Publix DAPs did not provide a response to this question. (*Id.*)

- The Schedule. The Kroger / Publix DAPs did not take a position on the schedule either way. (*Id.*)

- **Affiliated Foods DAPs**

  - Bid-Rigging Claims. The Affiliated Foods DAPs stated that they "have elected to try their claims that defendants conspired to artificially inflate the prices of broilers including through manipulation of supply and of the Georgia Dock leaving for another day what bid[-]rigging or other evidence may be admitted[,] including under Rule 404(b)." (11/30/21 Email from R. Kaplan.)

  - Amending the Complaint. The Affiliated Foods DAPs stated that they "see no reason" to amend their complaint. (*Id.*)

  - AWG. The Affiliated Foods DAPs did not provide a response to this question. (*Id.*)

  - The Schedule. The Affiliated Foods DAPs did not take a position on the schedule either way. (*Id.*)

- **AWG (DAP)** agreed that the bid-rigging claims were not a part of Track 1, and that all Track 1 Plaintiffs would need to amend their complaints to reflect that. To date, AWG has been unable to commit to a date certain to submit its expert report(s).

To put it simply, Defendants are confused at these responses, as not all Plaintiff groups have provided a clear response on whether the claims they intend to try on Track 1 include bid rigging. To be fair, CIIPPs are clear that their answer to that question is yes, and EUCPs and AWG say their answer is no. But DPPs and the remaining DAPs are not clear. For example, it is unclear whether DPPs and DAPs—who say they are bringing an overarching conspiracy claim—intend to try bid rigging *as part of* the overarching conspiracy. Answers that focus on going to trial "without bid-rigging discovery" do not answer Defendants' question of whether you intend to bring a bid-rigging **_claim_** (just without additional discovery). Likewise, answers that focus on motions *in limine* or admissibility of such evidence at trial are non-responsive, as Defendants are asking what **_claims_** you are bringing.

Defendants have requested clarity on this simple point—the claims you intend to try— from Plaintiffs multiple times, both orally and in writing. Yet we still do not have a clear answer from everyone—and the answers we do have are contradictory. We expected these would be

## KIRKLAND & ELLIS LLP

Plaintiffs' Counsel
November 30 2021
Page 5

simple threshold questions—but ones that needed to be addressed in any schedule moving forward. We include our responses to each of these positions below.

### II. Track 1 Claims

Defendants believe that Judge Durkin's October 15 order allows for only one answer to the question of whether a Track 1 Plaintiff can bring a bid-rigging claim at the Track 1 trial. That answer is no. In his October 15 Order, Judge Durkin reversed his prior bifurcation order to allow Plaintiffs to proceed in due course with an overarching conspiracy claim that included bid rigging, Track 2, with that claim still subject to "significant motions to dismiss" and further delays due to ongoing criminal proceedings. (Dkt. 5128 at 5.)

The Court provided an alternative for plaintiffs who wanted to move more quickly and "proceed to trial on the supply reduction and Georgia Dock conspiracies" (Track 1). In order to qualify for that "priority" Track, the Court required plaintiffs to give up their bid-rigging claims and allegations as part of that Track (none of which have been answered or subject to Rule 12 motions), forego any discovery on bid rigging, and affirmatively concede any appellate issues arising from the above. (*Id.*) The Court did not authorize or contemplate Plaintiffs splitting their claims and proceeding on both Tracks 1 and Track 2. Judge Durkin provided clear direction that Track 1 is limited to plaintiffs "that would like to proceed to trial on the supply reduction and Georgia Dock conspiracies" only. (*Id.*)

The efforts by the DPPs and certain DAPs to proceed on both Track 1 and Track 2 is inconsistent with the October 15 Order. The same is true of the CIIPPs' refusal to agree that Track 1 does not include bid-rigging claims. Further, Plaintiffs' insistence on moving the schedule forward without time for the parties—or the Court—to meaningfully understand the claims moving forward, or to even reach agreement on what claims are being tried, is unreasonable and inefficient. It appears the parties are at an impasse on this issue; accordingly, Defendants intend to brief the question.

### III. Amendment of Complaint

At present, the operative complaints of the DPPs, CIIPPS, and DAPs include unanswered allegations regarding bid rigging and claims seeking affirmative relief based on alleged bid-rigging activity that have not been tested under Rule 12. If Track 1 Plaintiffs do not voluntarily agree to amend their complaints to remove those allegations, we will ask the Court to dismiss or strike them, or to move those Plaintiffs off Track 1 and onto Track 2. Any scheduling order entered in this case will have to allow for that motion practice.

## KIRKLAND & ELLIS LLP

Plaintiffs' Counsel
November 30 2021
Page 6

### IV.  AWG

Defendants raise two issues with respect to AWG.

First, it appears there is significant disagreement among Track 1 Plaintiffs, which played a prominent role in the meet and confer. AWG's counsel stated that the other Track 1 Plaintiffs were not "working with him" on a date to submit his report. To be clear, we expect Plaintiffs to work together, just as Defendants have throughout this case, so that the parties can efficiently reach agreement on issues such as the schedule. AWG's counsel also stated that the other Plaintiffs were trying to "kick him out" of Track 1. Defendants do not know what that means, but we want to be clear on one thing: if there is a dispute over who is in Track 1, that needs to be resolved now. Please advise.

Second, Defendants need to know when AWG is serving its expert report(s) in this case. Defendants have repeatedly told the Court—and Plaintiffs—that we need all expert reports so we can file an omnibus response, rather than respond piecemeal. In addition, Defendants need AWG's expert report(s) (and positions) before deposing other experts in this case, as understanding the different positions and inconsistencies across Plaintiffs' experts is, of course, part of the examination. AWG suggested that it might be able to serve its reports by December 17. That date is acceptable to Defendants, but we need a firm commitment from AWG before we can agree to deadlines for remaining expert discovery. Counsel for AWG has expressed that he wishes to submit his report on a date that is agreeable to everyone, but that the other Track 1 Plaintiffs are refusing to work with him on reaching a date. As Defendants have stated many times, given that we need to respond to all Track 1 reports together, we cannot provide a proposed response date to Plaintiffs until we know when we can expect AWG's report. And it appears that, unfortunately, *Plaintiffs* are prolonging Defendants' ability to consider a date by refusing to work with AWG.

### III.  The Schedule / Expert Depositions

Before scheduling depositions of any of Plaintiffs' experts, Defendants need to know whether any Track 1 Plaintiff intends to amend its merits expert reports. We do not believe there is a basis to amend, or that the Court's October 15 Order allows for any such amendment. However—particularly given the lack of clarity as to Plaintiffs' positions on bid-rigging claims and wholesale refusal to stipulate that these are the final reports on the Zoom meet and confer—Defendants want to obtain confirmation before proceeding with depositions.

Defendants are ready and willing to proceed on a schedule—and expeditiously. We will propose a Track 1 schedule, which begins with Plaintiffs amending their complaints, within a week of an agreement on that approach, or if there is no agreement, once the Court rules on that issue. Given your positions as stated during the November 22, 2021 Zoom meet and confer and

KE 81877234.3

# KIRKLAND & ELLIS LLP

Plaintiffs' Counsel
November 30 2021
Page 7

subsequent e-mail correspondence, it appears the parties are at an impasse on this point, too. Consequently, Defendants intend to submit our positions on this point as part of the December 3 Joint Report. If you would like to discuss these issues further in advance of the December 3 Joint Report, we will make ourselves available.

                                                Sincerely,

                                                */s/ Jenna Marie Stupar*

                                                Jenna Marie Stupar

KE 81877234.3

KIRKLAND & ELLIS LLP

Plaintiffs' Counsel
November 26, 2021
Page (bcc)

bcc:

KE 81877234.3