IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION<br><br>This Document Relates To:<br>All Actions | No. 1:16-cv-08637<br><br>Hon. Thomas M. Durkin<br>Magistrate Judge Jeffrey T. Gilbert |

**KROGER & PUBLIX PLAINTIFFS' STATEMENT ON FURTHER MODIFICATIONS TO SCHEDULING ORDER NO. 16**

The Kroger and Publix Plaintiffs[1] submit this Statement on further modifications to Scheduling Order No. 16. While we agree with the Class Plaintiffs' papers regarding modification of Scheduling Order No. 16 and rejection of Defendants' attempt to further delay a Track One trial – and thus join in those papers rather than restate those points here – we write separately to apprise the Court of certain facts specific to our clients.

The Kroger and Publix Plaintiffs remain in full compliance with Scheduling Order No. 16. As required by Court Order, we identified our clients' "merits experts by topics to facilitate scheduling" on August 17, 2021, and we timely served affirmative merits expert reports on August 31, 2021. Per Scheduling Order No. 16, Defendants should have deposed Plaintiffs' merit experts by December 7, 2021. However, they have not even tried to schedule these depositions.

Between August 17, 2021 (when, per this Court's Order, we identified plaintiffs' experts to "facilitate scheduling") and October 15, 2021 (when the Court vacated its bifurcation order), Defendants ***never*** inquired once to schedule the depositions of the Kroger and Publix Plaintiffs'

---

[1] The "Kroger and Publix Plaintiffs" are The Kroger Co., Publix Super Markets, Inc., Albertsons Companies, Inc., SuperValu Inc., Meijer, Inc. & Meijer Distribution, Inc., Wakefern Food Corporation, OSI Restaurant Partners, LLC, Hy-Vee, Inc., Save-Mart Supermarkets, Unified Grocers, Inc., Associated Grocers of Florida, Inc., and Associated Grocers of the South.

1

experts. Even after another 12 days passed after the Court's October 15 Order, Defendants still ***never*** requested to schedule expert depositions.

Instead, on October 27, 2021, Defendants filed a motion to "request a slight modification to the [expert deposition] deadlines." ECF #5145. Defendants explained:

> With respect to the expert deadlines, Defendants seek a modest 60-day extension. This extension allows the dust to settle in terms of which Plaintiff intends to proceed on which Track; it also accounts for the holidays occurring in December while keeping the case moving. DAPs who have filed expert reports have agreed to a 30-day extension, and Defendants are continuing to negotiate with them as Defendants maintain more time is necessary (in part, to account for the holidays)…

*Id*.

Based on Defendants' professed commitment to "keep this case moving," the parties all agreed to a compromise of a 45-day extension to accommodate Defendants' stated concerns. This Court then entered the following Order: "Scheduling Order No. 16 [4748] is amended as follows: Defendants' deadline to depose Plaintiffs' experts is extended from 12/7/21 to 1/21/22, and Defendants' deadline to submit their affirmative and rebuttal expert reports is extended from 12/17/21 to 1/31/22." ECF #5178.

Notwithstanding this extension, Defendants still ***never*** requested to take the depositions of any of the experts disclosed by the Kroger and Publix Plaintiffs. On November 12, the Kroger and Publix Plaintiffs filed their stipulation affirming what they had told this Court consistently for the past two years: they intended to proceed to the earliest available trial date. Still, Defendants ***never*** sought to depose the experts of the Kroger and Publix Plaintiffs.

Recognizing that between August 17 and November 19, Defendants ***never*** reached out to schedule expert depositions, the Kroger and Publix Plaintiffs proactively reached out to schedule deposition dates, and we sent the following communication to Defendants:

> If Defendants intend to take the deposition of either Dr. Frankel or Dr. McClave, Dr. McClave can be available on either January 11 or 12 and Dr. Frankel can be available on either January 19 or 20. Please let us know if Defendants intend to proceed with either deposition, and, if so, which date works best.

Email from D. Germaine to Defendant Liaison Counsel (11/19/21).

Defendants only response was to acknowledge receipt of the offer and promise to respond "as soon as [we] can." Email from J. Stupar to Kroger and Publix Counsel (11/19/21). In fact, we did not receive any further communication from the Defendants until yesterday, December 2. At that time and without even acknowledging our prior offer, Defendants proposed one date for each expert in the latter half of February 2022—dates well beyond the deadline they themselves agreed to and previously ordered by this Court. Not only are the Kroger and Publix Plaintiffs' experts unavailable on the single days unilaterally chosen by Defendants, but Defendants also accompanied their proposed dates with numerous preconditions designed to render all expert deadlines illusory.

Defendants have no justification for further delay. The October 15 Order did nothing to change the scope of the initial trial or the scope of the expert reports. In light of this reality and the fact that the Defendants have made no serious attempt to schedule our clients' expert depositions, we respectfully assert that the Defendants have now waived their first round of expert depositions and should not be allowed to further delay their expert report disclosures. Defendants will still have the opportunity under the proffered scheduling order to depose the Kroger and Publix experts after our experts submit their reply reports.

In addition to not changing the scope of trial or expert reports, the October 15 Order did nothing to alter the scope of the parties for trial, with one potential exception. All Track One Plaintiffs served their expert reports on August 31, 2021, with the exception of one putative Track One Plaintiff AWG.

The Court will obviously decide whether to allow AWG to participate in Track One or a Track One Trial. However, we mention the AWG situation here because *Defendants* justify in part their unwillingness to engage regarding the schedule or the expert depositions because of AWG's failure to timely serve its expert reports as the Court had required. The Kroger and Publix Plaintiffs agree with Class Plaintiffs that Defendants' position is unjustified; and the Kroger and Publix Plaintiffs do not believe that any of AWG's actions should serve as a means to derail the very purpose of Track One to proceed with an expeditious trial date.

If this Court disagrees and finds Defendants justified in seeking delay based on AWG's failure to timely serve its expert reports, then we respectfully ask that the Kroger and Publix Plaintiffs, at least, not be impacted. In other words, having met this Court's deadlines, we respectfully request that any such change to the proffered Scheduling Order No. 17 be only as to AWG, and that the Court allow all other Track One Plaintiffs to remain on track with Defendants' expert disclosures as to all opinions applicable to them remain set for January 31, 2022.

Dated: December 3, 2021

Respectfully submitted,

| /s/ *David P. Germaine* | /s/ *William J. Blechman* |
|---|---|
| Paul E. Slater | William J. Blechman |
| Joseph M. Vanek | Kevin Murray |
| David P. Germaine | Douglas Patton |
| John P. Bjork | Samuel Randall |
| SPERLING & SLATER, P.C. | Michael Ponzoli |
| 55 West Monroe Street | KENNY NACHWALTER, P.A. |
| Suite 3200 | 1441 Brickell Avenue |
| Chicago, Illinois 60603 | Suite 1100 |
| Tel: (312) 641-3200 | Miami, Florida 33131 |
| Fax: (312) 641-6492 | Tel: (305) 373-1000 |
| E-mail: PES@Sperling-law.com | Fax: (305) 372-1861 |

      JVanek@Sperling-law.com  
      DGermaine@Sperling-law.com  
      JBjork@Sperling-law.com  

Phillip F. Cramer  
Ryan T. Holt  
SHERRARD ROE VOIGT & HARBISON, PLC  
150 3rd Avenue South, Suite 1100  
Nashville, TN 37201  
Tel: (615) 742-4200  
E-mail: pcramer@srvhlaw.com  
       rholt@srvhlaw.com  

***Counsel for Plaintiffs Associated Grocers of the South, Inc., Meijer, Inc., Meijer Distribution, Inc., OSI Restaurant Partners, LLC, Publix Super Markets, Inc., Supervalu Inc.; Unified Grocers, Inc.; Associated Grocers of Florida, Inc.; and Wakefern Food Corp.***

E-mail: wblechman@knpa.com  
      kmurray@knpa.com  
      dpatton@knpa.com  
      srandall@knpa.com  
      mponzoli@knpa.com  

***Counsel for Plaintiffs The Kroger Co., Albertsons Companies, Inc., Hy-Vee, Inc., and Save Mart Supermarkets***

## **CERTIFICATE OF SERVICE**

      David P. Germaine, certifies that on December 3, 2021, I caused a true and correct copy of the foregoing document to be filed via CM/ECF.

                                */s/ David P. Germaine*
                                David P. Germaine