**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | Case No. 1:16-cv-08637 |
| This Document Relates To: | Honorable Thomas M. Durkin |
| *All End-User Consumer Plaintiff Actions* | |
| JOHN ANDREN, <br><br> Objector. | |

**OBJECTOR ANDREN'S MOTION TO CONTINUE HEARING WITH RESPECT TO ATTORNEYS' FEES AND TO COMPEL INTERROGATORY RESPONSES**

**Introduction**

Objector John Andren filed a timely objection to the Rule 23(h) award of fees and expenses sought by end-user consumer plaintiff class counsel Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") (collectively, "EUCP counsel"). The fee request accompanies EUCP plaintiffs' motion for final approval of settlements with six families of defendants. The court preliminarily approved the settlements and scheduled a fairness hearing for December 20, 2021.

Class member John Andren filed an objection to EUCP counsel's motion for attorneys' fees. Andren argued in his objection that the excessive nature of the fee request was demonstrated, in part, by the far lower fee bids that Hagens Berman submitted in connection with their applications to serve as class counsel in other antitrust class actions. Along with his objection, Andren served by mail on November 10, 2021, a set of interrogatories on EUCP plaintiffs regarding EUCP counsel's fee bids in other antitrust class actions to further support his argument that their request for nearly 38% of the $181 million class settlement fund is excessive. *See* Decl. of M. Frank Bednarz an Offer of Proof ("Bednarz Decl.") Ex. A. Responses to the interrogatories were due on December 13—30 days after service, plus an additional 3 days for service by mail.[1] Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 6(d). EUCP counsel has not responded to Andren's interrogatories, which were due four days ago. As a result, EUCP counsel has waived all objections, Fed. R. Civ. P. 33(b)(4), and Andren now seeks to compel response without objections within days.

Andren served a second set of interrogatories on EUCP plaintiffs yesterday, December 16, in direct response to End-User Consumer Plaintiffs' Consolidated Response to Objections to Motions for Final Approval and for Attorneys' Fees, Costs, and Service Awards (Dkt. 5249). *See* Bednarz Decl. Ex. G. Andren limited both this second set and his original set of interrogatories to a small set of data

---

[1] EUCP counsel claims that they did not receive the first set of interrogatories sent by mail, only a courtesy copy subsequently sent by email, but that is contradicted by United States Postal Service tracking information. *See* Declaration of Neville Hedley.

that is directly relevant to this Court's assessment of an appropriate fee award. He limited his discovery requests in order to minimize the burden on the parties and any potential delay in the proceedings.

Andren undertook repeated efforts with EUCP counsel to narrow the dispute before filing this motion. The day after responses to the first set of interrogatories were due, Andren's counsel asked EUCP counsel to meet and confer on their lack of response and to continue the final approval hearing until discovery regarding attorneys' fees could be concluded. EUCP counsel refused to meet and confer, instead asserting that they did not receive the interrogatories until November 18 and therefore would not serve Andren with their objections and responses until December 20—the date of the final approval hearing. EUCP counsel also implied that they would not serve any substantive responses based on their misunderstanding that the interrogatories requested only public information. Andren's counsel responded to correct that misunderstanding and to again request a meet and confer. EUCP counsel responded that they opposed any motion to continue the hearing and again suggested that they viewed the interrogatories as requesting only publicly available information. Andren's counsel again requested a meet and confer by telephone and by email. EUCP counsel would not speak by telephone but stated in an email that plaintiffs oppose this motion and would confer regarding a schedule for their response after the motion is filed. *See* Bednarz Decl. ¶¶ 5-16.

Because Andren expects to receive information from EUCP counsel in response to his interrogatories that is highly relevant to this Court's analysis of a reasonable fee award (if this Court compels a response), Andren asks the Court, in the interest of judicial economy, efficiency, and fairness, to continue the fairness hearing to allow further argument regarding the attorneys' fee award until after he has received their responses to both sets of interrogatories, has time to analyze them and to follow up on any outstanding issues or deficiencies in the responses, and submits pertinent information from the responses to the Court. Andren believes a brief delay in deciding attorneys' fees until mid-February to allow Andren to make a supplemental submission and a further hearing at the Court's discretion will provide sufficient time for these actions, assuming EUCP does not delay service of substantive responses.

I. **EUCP counsel waived objections to Andren's first set of interrogatories and must respond with the critically relevant information requested in both the first and second sets of interrogatories.**

Andren served a first set of six interrogatories on EUCP plaintiffs via EUCP counsel on November 10. Under Rule 33, responses were due on November 13. Rule 33 expressly states that untimely objections are waived. Fed. R. Civ. P. 33(b)(4); *see also Vyse Gelatin Co. v. Jeffrey Hicks & Jt Naturals United States*, No. 17-cv-2937, 2019 WL 13084200 (N.D. Ill. 2019). The information requested in the six interrogatories is readily available such that EUCP counsel should not need any additional time to respond, and they must respond without objection. Serving non-substantive responses or objecting to the interrogatories at this late stage would only burden the Court and Andren's nonprofit counsel with the need for motions practice and slow the resolution of their fee motion.

Both the first set of interrogatories served on November 10 and the second set served on December 16 in response to EUCP counsel's response to objections and in support of their fee request are relevant to the Court's determination of a reasonable fee award. As Andren set forth in detail in his objection, this Circuit requires district courts to "assign fees that mimic a hypothetical *ex ante* bargain between the class and its attorneys." *Williams v. Rohm & Haas Pension Plan*, 658 F.3d 629, 635 (7th Cir. 2011). Critically relevant to this market-mimicking analysis are the attorneys' fee bids that EUCP counsel have submitted *ex ante* in other antitrust class actions in connection with their applications to serve as lead counsel. While Andren provided in his objection two such examples of similarly complex antitrust class actions in which Hagens Berman submitted *ex ante* bids with fee structures that would pay them less than the flat 33% of the common fund that they seek here, he believes both EUCP counsel firms may have bidding information from other antitrust cases that also would be relevant to the fee determination in this case. EUCP counsel also have information about their profitability based on fee awards, lodestar amounts, and expenses in other antitrust class actions that bear on the market rates and the profitability of their fee awards and fee requests.

This information is requested in Andren's first set of interrogatories, to which EUCP counsel have failed to submit a timely response. And contrary to EUCP counsel's suggestion, this information is not all publicly available. Prospective lead counsel firms often submit their fee bids or proposals in

camera or under seal. Otherwise, other firms seeking appointment can easily underbid them. Similarly, courts do not uniformly require class counsel to submit their lodestar information on the public docket or even at all when the firms file an attorneys' fee request. In cases in which EUCP counsel were unable to recover attorneys' fees due to an adverse ruling, then their lodestar and expense amounts almost certainly would not be publicly available. Andren respectfully asks this Court to order EUCP counsel to respond without objections within days to avoid unduly prolonging the final approval process and fee award at the expense of the consumer class.

The second set of interrogatories is likewise relevant to the fee determination. On December 6, 2021, nearly a month after the objection deadline, plaintiffs filed the Declaration of Steve W. Berman (Dkt. 5250) in which he made a variety of contentions about the relevance of bids in determining market rates under Circuit law. As detailed in the contemporaneously filed Declaration of M. Frank Bednarz and Offer of Proof, several statements in the Berman declaration indisputably contradict the record in previous cases, including previously sworn testimony by Mr. Berman. Other contentions appear self-serving, and Andren disputes the assertions in good faith but requires discovery to fully contest them and provide an adversarial presentation for the Court. For example, both the interrogatories and the Offer of Proof explore Mr. Berman's assertion that Hagens Berman belatedly "learned" that the attorneys' fee bid in a 2010 case was "below market," as well as the influence that other firms had on Hagens Berman's purported decision not to compete with other plaintiffs' firms by submitting competitive bids in their quest to be appointed lead counsel. A fuller understanding of Hagens Berman's *ex ante* assessment of the market, the competitive nature of their fee awards, including in relation to their actual lodestar, and the external and potentially anti-competitive reasons that the firm withdrew or stopped submitting fee bids is important to this Court's assessment of a reasonable attorneys' fee award in this case.

## II. Good cause exists to continue the fairness hearing until EUCP counsel responds to Andren's interrogatories to assist the Court with its determination of a reasonable attorneys' fee.

Andren requests a brief continuance of the December 20 fairness hearing and delay in decision on attorneys' fees until after EUCP counsel responds to both his original first set interrogatories without objection and the second set of interrogatories served on December 16. To enable him to review the responses and conduct any follow-up inquiries, Andren respectfully asks that the Court allow Andren to make a supplemental filing and present additional argument regarding attorneys' fees at a subsequent hearing held at the Court's discretion in mid-February. There is good cause for such a continuance.

As detailed in Section I, a reasonable fee is determined based on a hypothetical *ex ante* bargain between the class and its attorneys. Andren's discovery will elicit data showing, among other things, how EUCP counsel has structured their fee bids when they were competing for lead counsel status in an *ex ante* market involving similarly complex antitrust class actions and the calculations that went into such bids, how their fee awards have been profitable in relation to their lodestar and expenses, and the reasons other than the purportedly below market nature of the bids that led Hagens Berman to stop submitting fee bids. This is real-world data that this Circuit holds is central to determination of a reasonable attorneys' fee award and should not be ignored, even if it requires a few extra weeks than originally scheduled for a hearing on the issue of attorneys' fees. Upon receiving the information, Andren will analyze it as quickly as possible, follow up on any deficiencies, provide relevant information to the Court, and be prepared to discuss the discovery at the continued hearing. Andren estimates that a continuance until mid-February will provide sufficient time for him to complete these actions.

### Conclusion

For the foregoing reasons, Andren respectfully asks the Court to compel EUCP plaintiffs to respond to his first set of interrogatories and to continue the final approval hearing with respect to attorneys' fees to allow him to make a supplemental filing regarding the attorneys' fee award and present further argument at the Court's discretion.

Dated: December 17, 2021  /s/ M. Frank Bednarz
M. Frank Bednarz, (ARDC No. 6299073)
HAMILTON LINCOLN LAW INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
1440 W. Taylor St # 1487
Chicago, IL 60607
Phone: 801-706-2690
Email: frank.bednarz@hlli.org

*Attorney for Objector John Andren*

**CERTIFICATE OF SERVICE**

The undersigned certifies he electronically filed the foregoing Motion via the ECF system for the Northern District of Illinois and the contemporaneously-filed Declarations of Neville Hedley and Declaration of M. Frank Bednarz and Offer of Proof, and exhibits thereto, thus effecting service on all attorneys registered for electronic filing.

Dated: December 17, 2021

/s/ M. Frank Bednarz