**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: BROILER CHICKEN ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>All End-User Consumer Plaintiff Actions | Case No. 1:16-cv-08637<br><br>[Fed. R. Civ. P. 23(e), 23(h)]<br><br>Honorable Thomas M. Durkin<br>Magistrate Judge Jeffrey T. Gilbert |

**RESPONSE TO ANDREN'S MOTION TO COMPEL INTERROGATORY RESPONSES**

Huang believes Andren's motion is moot—because EUCPs' "our bids were too low" argument were **first raised in their reply brief. Those cover-up arguments are thus waived.**

The Seventh Circuit clearly provided three methods to recreate the "market rate": by "actual agreements", by "data from securities suits"; and lastly, "[a]t about the same time some district judges started **conducting auctions for the right to be lead counsel, and the outcome of these auctions provide the third benchmark."** *In re Synthroid Mktg. Litig.,* , 264 F.3d 712, 720-21 (7th Cir. 2001). Those factors became circuit law in **2001,** not after EUCPs filed their motion in **2021.** EUCPs' fee motion merely sought to undermine the auctions factor, but it cannot ignore *Synthorid* and must—under binding circuit laws—to consider those factors.

"[P]laintiff's failure to develop argument constitutes waiver[,]" and "absence of discussion in briefs amounts to abandonment of claim[.]" *Bassett v. IC System, Inc.,* 715 F. Supp. 2d 803, 814 (N.D. Il. 2010) (Durkin, J.) (citing *Gayton v. McCoy*, 593 F.3d 610, 625 (7th Cir. 2010); *Steen v. Myers*, 486 F.3d 1017, 1020 (7th Cir. 2007)). EUCP's *only* mention to actual auction results in an attempt to undermine that factor. *See* Dkt. 5161 at 12 n.36. Thus, such argument is already "waived" because the only reference was "made only in a footnote in the opening brief and was not developed fully until the reply brief." *Hernandez v. Cook County*

1

*Sheriff's Office*, 634 F.3d 906, 913 n.9 (7th Cir. 2011). As EUCPs provided *nothing* in its initial motion about any "outcome of these auctions" under *Synthroid,* EUCPs belated argument are **waived.** "[W]e have repeatedly held that an issue raised for the first time in the reply brief is waived[.]" *Hussein v. Oshkosh Motor Truck Co.*, 816 F. 2d 348, 358 (7th Cir. 1987). That simple principle is so repeatedly announced by the Seventh Circuit.[1]

Huang's position (that EUCP's belated argument is already waived) is similarly supported by Judge Posner's opinion setting forth the proper Rule 23(e) Objection procedures:

> The objectors were also handicapped by not knowing **the rationale that would be offered for the fee request**, a matter of particular significance * * * There was no excuse for permitting so irregular, indeed unlawful, a procedure.

*Redman v. Radioshack Corp.,* 768 F.3d 622, 638 (7th Cir. 2014) (emphasis added). Class Counsel **must not get a second bite at the apple**—by ambushing Objectors in a reply, instead of arguing them forefront in their initial motion. Not only does EUCP's waiver now imminently invite at least two rounds of motions practice (Andren's instant motion, and either a round of supplemental brief as Andren request, or other fights in light of the impossibility to discuss those "extra evidence" during the imminent fairness hearing on December 20, 2021), **EUCPs' counsel would succeed in making a mockery of Rule 23(e) objection procedure** by requiring Objectors to conduct discovery to keep EUCPs honest, or else Objectors would suffer in the hearing by "not hav[ing] all the information they needed to justify their objections." *Ibid.*

As Huang explained above, Huang believes Andren's motion is moot because EUCP's Counsel waived the issues already. Otherwise, if this Court believes the issue is not already moot,

---

[1] *Broaddus v. Shields,* 665 F.3d 846, 860 (7th Cir. 2011). *United States v. Blaylock*, 413 F.3d 616, 619 (7th Cir.2005) *United States v. Hook*, 195 F.3d 299, 310 (7th Cir. 1999). *McReynolds v. Merrill, Lynch & Co.,* 694 F.3d 873, 889 n.9 (7th Cir.2012); *Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010); *Hojnacki v. Klein-Acosta*, 285 F.3d 544, 549 (7th Cir. 2002).

Huang agrees with Andren that EUCP Counsel's "first time reply brief argument" were unsavory patchwork against objectors. EUCPs' claim essentially says they no longer submit *ex ante* bids, and thus class members must be re-injured by implicit bid-rigging via Counsels' united refusal to submit *ex ante* bids (when they obviously all evaluated the risks before filing such a case).[2]

Besides, EUCPs' "cry wolf" complaint of negative lodestars in other cases conveniently forgot the fact that such "negative lodestar" were both self-inflicted by Counsel's own un-fiduciary "achievements".[3] It is preposterous that EUCPs' Counsel complain about negative lodestars because they were rightfully unpaid for failing their fiduciary duty to the Class in various ways, such that they "frittered away hours on pointless motions or unnecessary discovery, padding the lodestar. " *Briseno v. Henderson,* 998 F.3d 1014, 1026 (9th Cir. 2021).

## CONCLUSION

EUCPs' first-time arguments in a reply are all waived. Thus, Andren's motion is moot.

Dated: December 19, 2021               Respectfully Submitted,

                                       Shiyang Huang
                                       /s/ SHIYANG HUANG
                                       2800 SW Engler Ct.
                                       Topeka, KS 66614
                                       314-669-1858
                                       defectivesettlement@gmail.com

---

[2] *See* Dkt. 5249 at 1 ("Hagens Berman would not now – and did not here – submit a fee bid as low as in *ODD* and *Batteries*"). *Compare* with Huang Obj. at 6 (citing Ostoyich & Lavery, *Looks Like Price-Fixing Among Class Action Plaintiffs Firms*, Law360 (Feb. 12, 2014)).

[3] *See In re Lithium Ion Batteries Litig.,* 777 Fed. Appx. 221 (9th Cir. 2019) (vacating settlement approval because Consumers Counsel failed to "account for the difference between repealer and non-repealer states"); *See also In re Optical Disk Drive Prods. Antitrust Litig.*, 2021 WL 3502506, *10 n.5 (N.D. Cal. Jul. 2, 2021) (finding a remand self-inflicted by Consumers Counsel because "Hagens Berman's initial fee application fell short of meeting its full duty of candor" by "inexcusably … requesting costs notwithstanding language in its bid suggesting that such costs would be absorbed in the fee recovery.")

## CERTIFICATE OF SERVICE

    I hereby certify that on December 19, 2021, I filed the foregoing motion via this Court's CM/ECF system, from which participants in the case will be served.

/s/ Shiyang Huang