UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 1:16-cv-08637<br><br>Honorable Thomas M. Durkin |
| This Document Relates To:<br><br>*All End-User Consumer Plaintiff Actions* | |

**ORDER GRANTING END-USER CONSUMER PLAINTIFFS'**
**MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENTS**

This matter comes before the Court on the End-User Consumer Plaintiffs' ("EUCPs") Motion for Final Approval of the Class Action Settlements ("Motion") between EUCPs and the following defendants: Fieldale Farms Corporation ("Fieldale"); George's Inc. and George's Farms, Inc. ("George's"); Mar-Jac Poultry, Inc., Mar-Jac AL/MS, Inc., Mar-Hac Holdings, Inc; Mar-Jac Poultry AL, LLC, Mar-Jac Poultry MS, LLC, and Mar-Jac Poultry, LLC ("Mar-Jac"); Peco Foods, Inc. ("Peco"); Pilgrim's Pride Corporation ("Pilgrim's"); and Tyson Foods, Inc., Tyson Chicken, Inc., Tyson Breeders, Inc., and Tyson Poultry, Inc. ("Tyson") (collectively, "Settling Defendants").

The Court has reviewed the memorandum submitted by the EUCPs in support of their Motion and has reviewed the various declarations and submissions relating to that motion. The Court has also reviewed the EUCPs' Motion for Attorneys' Fees and Expenses ("Fee Request", ECF No. 5160) and has reviewed the various declarations and submissions relating to that motion. The Court has also reviewed the objections of John M. Andren (ECF No. 5182), Shiyang Huang (ECF No. 5183) and Carlton A. Getz, as well as EUCPs' response. The Court held a

-1-

hearing on December 20, 2021, and appearances were noted on the record. Matters as to attorneys' fees and the amount of incentive awards are taken under advisement.

Based on the record and proceedings before the Court, it is hereby **ORDERED:**

### A. <u>Final approval of the settlements is granted.</u>

1. This Court has jurisdiction over this action and each of the parties to the settlement agreements. Upon review of the record, the Court finds that the settlement agreements are fair, reasonable, and adequate settlements for the Settlement Class within the meaning of Federal Rules of Civil Procedure 23 and in accordance with the factors identified by the Seventh Circuit in *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006).

2. For the Fieldale, George's, Mar-Jac, Peco, and Tyson settlements the Court certifies a Settlement Class defined as:

> All persons and entities who indirectly purchased fresh or frozen raw chicken (defined as whole birds (with or without giblets), whole cut-up birds purchased within a package, or "white meat" parts including breasts and wings (or cuts containing a combination of these), but excluding chicken that is marketed as halal, kosher, free range, or organic) from Defendants or alleged co-conspirators for personal consumption, where the person or entity purchased in California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Oregon, Rhode Island (after July 15, 2013), South Carolina, South Dakota, Tennessee, Utah, and Wisconsin from January 1, 2009 (except for Rhode Island, which is from July 15, 2013) to July 31, 2019.

3. The Court certifies the same Settlement Class for the Pilgrim's settlement, except that the period ends on December 31, 2020.

4. The Court preliminarily approved this Settlement Class (ECF Nos. 4451, 4938) and it is the same class set forth in each of the six settlement agreements.

5. The Court appoints the law firms of Hagens Berman Sobol Shapiro LLP and Cohen Milstein Sellers & Toll PLLC as Co-Lead counsel for the Settlement Class.

6. In granting final approval of the settlements, the Court considered all of the factors identified by Rule 23(e) and the Seventh Circuit:

a. **Rule 23(e)(2)(A)**: The Court finds that Class Counsel and class representatives adequately represented the class.

i. Class Counsel spent more than 67,500 hours in pursuit of these claims, overcame multiple motions to dismiss and navigated numerous other motions, led discovery and depositions for the classes and filed motions for class certification, which are pending before this Court. Likewise, each named plaintiff has adequately represented the class – spending more than 40 hours on tasks such as responding to discovery, preparing for and sitting for depositions, and reviewing and providing input for each settlement. Each named plaintiff has provided a declaration describing their efforts and certifying that they considered the interests of all class members before approving of the settlements and noting that they understood that they could disagree with Class Counsel about the merits of the settlement. None of the named plaintiffs have any business relationship with Class Counsel, nor do any have familial relationships.

ii. The Court has considered objector Huang's objection to class representative Weidner. Under Seventh Circuit law, there is no per se rule that prohibits a class member from serving as a representative simply because they are friends with an attorney. *See Armes v. Shanta Enter., Inc.*, No. 07 C 5766, 2009 WL 2020781, at *3 (N.D. Ill. July 8, 2009). Rather, the question is whether the prior relationship creates a "fear that a class representative who is closely associated with the class attorney would allow settlement on terms less favorable

to the interests of absent class members." *Susman v. Lincoln Am. Corp.*, 561 F.2d 86, 91 (7th Cir. 1977). That is not a concern here, as class representative David Weidner has certified under oath that his prior association with an attorney who has performed minimal work on this case has "not in any way prevented me from providing my view on whether the settlements are in the best interests of the class." *See* ECF No. 4377-6 at 97, 101. No substantive objection has been made to the affidavit. Moreover, the two-dozen other named plaintiffs each provided input on settlement and thus provided a forceful check to ensure the fairness of the settlements.

        iii.        The results of EUCPs' settlements, compared to the other classes' settlements, show that this prior friendship did not lead to a settlement on less favorable terms than what would have otherwise been achieved. Although EUCPs proposed a shorter class period that covered fewer products than the direct purchasers' proposed class or the commercial class, and was of course limited to about half the states in the country, EUCPs' $181 million recovery is higher than any other class recovery thus far from the Settling Defendants.

        b.        **Rule 23(e)(2)(B)**: The Court finds that the settlements were negotiated at an arm's length. EUCPs engaged in lengthy, protracted negotiations with each defendant before agreeing to a settlement. For the Tyson and Pilgrim's settlements, EUCPs participated in multiple mediation sessions before Judge Daniel Weinstein (ret.). There are no terms in the settlement that would suggest collusion.

        c.        **Rule 23(e)(2)(C)**: The Court finds that relief for the class is adequate.

        i.        The costs, risks, and delay of trial and appeal favor settlement. This case has required sixteen scheduling orders and Defendants are currently seeking the entry of a seventeenth. The costs, risks and delay of trial and appeal strongly support settlement here, where parties have engaged in five years of vigorous litigation and have yet to see trial.

ii. EUCPs have proposed a distribution plan and claims form are claimant-friendly, efficient, cost-effective, proportional and reasonable and generally accepted as effective.

iii. There are no "clear sailing" provisions or other provisions in the settlement that relate to attorneys' fees that would cause concern for the Court.

iv. All agreements have been identified in accordance with Rule 23(e)(3). EUCPs have publicly filed copies of the executed settlement agreements with their motions for preliminary approval. There are no other agreements with the Settling Defendants.

d. **Rule 23(e)(2)(D)**: The settlements treat class members equitably to each other. After the claims period closes (on December 31, 2022), EUCPS will move the Court for a distribution order, and will provide additional detail on the plan of distribution, the number of claimants, and the method by which class members will be paid. EUCPs propose to distribute the settlement funds to class members on a *pro rata* basis, based on the amount of purchases that claimants made from January 1, 2009, through December 31, 2020.

e. The settlements offer significant compensation to class members, especially in light of risks the classes face. The Seventh Circuit states that the most important factor for Courts to consider is "the strength of plaintiff's case on the merits balanced against the amount offered in the settlement." *Synfuel*, 463 F.3d 646, 653 (7th Cir. 2006) (quoting *Isby v. Bayh*, 75 F.3d 1191, 1199 (7th Cir. 1996)). Here, EUCPs have negotiated $181 million in settlements with six defendants. While damages in this case are estimated to be in the billions, the risks of non-recovery have been significant. As this Court has previously recognized, the Court's 92-page decision denying the motions to dismiss was a relatively close call.

Furthermore, issues raised in the motions to dismiss show that success on class certification and summary judgment, let alone trial, is no guarantee.

        f.        Another factor Courts are instructed to consider is whether experienced counsel recommends granting final approval of settlements. *See Isby v. Bayh*, 75 F.3d 1191, 1200 (7th Cir. 1996). Here, Class Counsel recommends granting final approval of these settlements and this factor weighs in supports granting final approval of the settlements.

        g.        The positive reaction of the class supports granting final approval of the settlements. The reaction of the class has been extraordinarily positive. Over 1.2 million class members have already filed claims. Despite the extraordinary number of claims, only seven people have opted out of the settlement and only 3 class members have objected to the settlement – representing .0008% percent of all claimants. These objections primarily related to attorneys' fees, not to the overall settlement itself. "Such a low percentage of opposition favors a finding that the settlement is fair, reasonable, and adequate under Rule 23." *In re Cap. One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781, 792 (N.D. Ill. 2015).

        h.        The stage of the proceedings favors granting final approval of the settlements. The classes have engaged in extensive, rigorous discovery, as reflected in the more than 5,000 docket entries that comprise this case. Years of robust discovery have ensured that Class Counsel and the Court can fully evaluate the merits of the claims. *In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*, 789 F. Supp. 2d 935, 966 (N.D. Ill. 2011) ("This factor is relevant because it determines how fully the district court and counsel are able to evaluate the merits of plaintiffs' claims.").

        i.        Defendants have complied with The Class Action Fairness Act (28 U.S.C. § 1715(d)). The Settling Defendants provided the required CAFA notice to all Attorneys

General and the U.S. Department of Justice. No Attorneys General have submitted statements of interest or objections in response to these notices.

      ii.  **Rule 23(c)**: the class was provided with adequate notice of the settlements. Direct notice was emailed to more than 40 million potential class members. Publication notice was disseminated widely, with digital banner advertisements and social media advertisements generating 367 million impressions. The claims website has been viewed more than three million times. The notice itself informed class members of the nature of the action, the terms of the proposed settlements, the effect of the action and the release of claims, as well as class members' right to exclude themselves from the action and their right to object to the proposed settlements.

### B.  EUCPs' claims against Tyson, Fieldale, Peco, George's, Mar-Jac and Pilgrim's are hereby dismissed with prejudice.

  7.  Having found that the settlements are fair, adequate, and reasonable, the Court hereby dismisses with prejudice EUCPs' claims against the Settling Defendants, with each party to bear their own costs and fees, including attorneys' fees, except as provided in the Settlement Agreements.

  8.  The Court incorporates the releases defined in the Settlement Agreements. The releasing parties are hereby and forever barred from commencing or continuing against the Settling Defendants any of the Released Claims, as defined in the Settlement Agreements.

  9.  Any member of the Settlement Class who failed to timely and validly request to be excluded from the Settlement Class shall be subject to and bound by the provisions of the Settlement Agreements, and the released claims as defined by these agreements, regardless of whether such members of the class seek or obtain any distribution from any settlement fund. All class members who validly requested to be excluded from the Settlement Class are listed in

**Exhibit F** in the Declaration of Eric Schachter in Support of Plaintiffs' Motion for Final Approval of Settlement (filed December 6, 2020). These individuals are not entitled to any recovery from the settlement fund. Furthermore, nothing in this Order shall be construed as a determination by this Court that any person or entity satisfies the criteria for membership in the Settlement Class merely because they filed a request for exclusion.

10. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that judgment should be entered and further finds that there is no just reason for delay in the entry of final judgment as to the parties to the Settlement Agreements. Accordingly, the Clerk is hereby directed to enter this Final Judgment forthwith.

11. Without affecting the finality of Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) consummation, administration and implementation of the Settlement Agreement and any allocation or distribution to the Settlement Class pursuant to further orders of this Court; (b) disposition of any settlement fund; (c) hearing and determining applications by plaintiffs for attorneys' fees, costs, expenses, and interest; (d) the actions until the Final Judgment has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreements; (e) hearing and ruling on any matters relating to any plan of allocation or distribution of proceeds from the Settlements; and (f) the parties to the Settlement Agreements for the purpose of enforcing and administering the Settlement Agreements and the releases contemplated by, or executed in connection with the Settlement Agreements.

IT IS SO ORDERED.

DATED: __December 20_____, 2021

*Thomas M Durkin*

HONORABLE THOMAS M. DURKIN
UNITED STATES DISTRICT COURT JUDGE