# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | Case No. 1:16-cv-08637 |
| This Document Relates To: | Honorable Thomas M. Durkin |
| *All End-User Consumer Plaintiff Actions* | |
| JOHN ANDREN, Objector. | |

## OBJECTOR ANDREN'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO CONTINUE FINAL APPROVAL HEARING WITH RESPECT TO ATTORNEYS' FEES AND TO COMPEL INTERROGATORY RESPONSES

On December 17, 2021, Objector John Andren filed a Motion to Continue Final Approval Hearing with Respect to Attorneys' Fees and Compel Interrogatory Responses (Dkt. 5294) in which he asked the Court to compel end-user consumer plaintiffs ("EUCPs") to respond to his first set of interrogatories without objection and to continue the final approval hearing with respect to attorneys' fees to allow him to make a supplemental filing and present further argument regarding EUCP counsel's requested fee award. At the final approval hearing on December 20, the Court stated that it would defer a decision on attorneys' fees. Also on December 20, EUCPs served their objections and responses to Andren's first set of interrogatories.[1]

Andren files this supplemental brief to remove any question as to whether EUCPs' response to his first set of interrogatories moots or otherwise diminishes his request for an order compelling an objection-free response from EUCPs. It does not. While Andren's request for a continuance of the final approval hearing with respect to attorneys' fees is now moot following the Court's decision to address the attorneys' fee award at a later time, the same is not true for the discovery component of his motion. Instead, EUCPs' objections and responses demonstrate Andren's need for the Court's assistance to obtain the requested information needed for this Court's analysis of the reasonableness of the attorneys' fee award for EUCP counsel.

EUCPs' responses to Andren's first set of interrogatories contained no substantive information and instead consisted entirely of objections. This form of response is disappointing and improper, but not surprising. During a meet-and-confer exchange in which EUCP counsel refused to speak with Andren's counsel, *see* Dkt. 5294-1, EUCP counsel cited their mistaken belief that Andren's interrogatories sought only public information as a reason they need not respond. Now, EUCPs rely on that assertion as well as a host of other improper objections to avoid their duty to respond.

---

[1] On December 16, Andren served a second set of interrogatories on EUCPs in direct response to EUCPs' response to objections and supporting papers. EUCPs' response is not yet due but may result in a second motion to compel if EUCPs' response similarly relies on objections to avoid providing any substantive information.

As Andren argued in his motion, all of EUCPs' objections are untimely and therefore waived. Fed. R. Civ. P. 33. Andren timely and properly served the interrogatories by U.S. mail on November 10, 2021, as documented in his certificate of service and the Declaration of Neville Hedley. *See* Dkts. 5294-1, 5294-15. The interrogatories were also referenced in Andren's objection, giving additional notice of his discovery requests to EUCPs. *See* Dkt. 5182 at 11. Responses, including objections, were due on December 13. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 6(d). EUCP did not serve their responses and objections until December 20.

As a matter of procedure, EUCPs' objections are waived. But they are also deficient and should be overruled as a matter of substance. Andren described the limited scope of his requests and the relevance of the information in his opening brief and, rather than belabor the point for the Court in this filing, will address EUCPs' specific arguments to the contrary in his reply brief. While Andren expects EUCPs to argue that the requested fee data would not assist the Court in its analysis of their counsel's fee request, the information he requests is relevant under this Circuit's fee analysis and it is up to the Court—not counsel—to examine the information and apply it as appropriate. And while certain information from EUCP counsel's previous fee bids may be publicly available and already submitted by Andren, EUCP counsel does not represent that all or even most of the information requested by Andren is so available. To the extent EUCP counsel has specific concerns about overbreadth, burden, or privilege, such concerns could have been addressed through the meet-and-confer process that Andren attempted to undertake, but EUCP counsel refused to discuss the matter. They should not get the benefit of such recalcitrance in violation of the local rules.

## Conclusion

For the foregoing reasons, Andren respectfully reiterates his request that the Court compel EUCP plaintiffs to respond to his first set of interrogatories without objections, and to allow him to make a supplemental filing regarding the attorneys' fee award and present further argument at the Court's discretion.

Dated: December 23, 2021       /s/ M. Frank Bednarz

M. Frank Bednarz, (ARDC No. 6299073)
HAMILTON LINCOLN LAW INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
1440 W. Taylor St # 1487
Chicago, IL 60607
Phone: 801-706-2690
Email: frank.bednarz@hlli.org

*Attorney for Objector John Andren*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies he electronically filed the foregoing Motion via the ECF system for the Northern District of Illinois and the contemporaneously-filed Declarations of Neville Hedley and Declaration of M. Frank Bednarz and Offer of Proof, and exhibits thereto, thus effecting service on all attorneys registered for electronic filing.

Dated: December 23, 2021

<u>/s/ M. Frank Bednarz</u>