# Exhibit A

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>This Document Relates To: All Actions | Case No. 1:16-cv-08637<br><br>**[PROPOSED] SCHEDULING ORDER NO. 17 FOR TRACK 1 ACTIONS** |

This Scheduling Order No. 17 for all actions in which Plaintiffs have opted for Track 1 supersedes the Court's previous Scheduling Order No. 2 (ECF Dkt. 574) issued on December 15, 2017, Scheduling Order No. 6 issued on September 13, 2018 (ECF Dkt. 1230), Scheduling Order No. 9 issued on November 19, 2018 (ECF Dkt. 1416), Scheduling Order No. 12 issued on July 15, 2019 (ECF Dkt. 2322), Scheduling Order No. 13 issued on January 29, 2020 (ECF Dkt. 3420), Scheduling Order No. 14 (ECF Dkt. 3788) issued on August 28, 2020, Scheduling Order No. 15 (ECF Dkt. 4641) issued on May 13, 2021, and Scheduling Order No. 16 (ECF Dkt. 4748) issued on June 17, 2021. The parties are directed to the separate Search Methodology Order (ECF Dkt. 586) for any additional deadlines relating to the search of electronically stored information. Additionally, the Court orders that the requirement of Fed. R. Civ. P. 45(a)(4) for notice to other parties before service of a subpoena shall be 4 business days after the day notice and a copy of the subpoena are provided, which shall be computed pursuant to Fed. R. Civ. P. 6(a)(1).

A party receiving objections or productions from a third party in response to a Rule 45 subpoena will serve a copy of those objections or documents on other parties within 7 days, unless otherwise agreed. A party that receives a non-Bates numbered production (or production without a load file) from a third party in response to a Rule 45 subpoena shall serve those documents on

other parties within 10 days, unless otherwise agreed by the parties. A party receiving a production from a third party in response to a Rule 45 subpoena that includes information relating to a deposition scheduled within 7 days must notify all parties within 48 hours of receipt.

| Event | Deadline |
|---|---|
| **Expiration of Stay on Depositions of DOJ-Requested Witnesses and Topics** | To be determined by the Court[1] |
| **Deadline to Depose Plaintiffs' Merits Experts**[2]<br><br>**Defendants to Identify Merits Experts By Topics to Facilitate Scheduling**[3] | February 11, 2022 |
| **Defendants' Affirmative & Rebuttal Merits Expert Reports Due** | February 21, 2022 |
| **Deadline to Provide Initial Positions on Documents for Which Admissibility/Authenticity Stipulations Have Been Requested** | March 11, 2022 |
| **Deadline to Meet and Confer About Authenticity and business record stipulations** | April 22, 2022 |

---

[1] Given the pending motions regarding these depositions (ECF Dkt. 4575, 4579, 4612, 5325, 5335, 5345), and this Court's comments during the December 20, 2021 hearing (*see, e.g.*, Tr. at 20:13-23), Defendants believe the Court plans to determine these deadlines and thus have not included them in this proposed order. Defendants also have not provided a position on these deadlines given the Court's further comments at that hearing that it will let the parties know if it would like additional briefing (*id.* at 30:25-31:5). Defendants remain ready to do so upon the Court's request. Defendants further understand that any such deposition will not include questions on bid rigging.

[2] The parties have agreed that the deposition of AWG's liability expert will take place on February 15, 2022, but that no further modification of the schedule, including the date for submission of Defendants' merits expert reports, is needed.

[3] The parties will identify by name any class certification expert who is also serving as a merits expert. However, the parties need not identify by name any new experts disclosed at this time, but instead can refer to them generically such as "Defendant Expert 2," etc.

| Event | Deadline |
|---|---|
| **Joint Submission on Any Additional Discovery Requested Per ECF Dkt. 3727 Concerning Evidentiary Issues Relating to Documents** | May 6, 2022 |
| **Deadline to Depose Defendants' Merits Experts** | May 30, 2022 |
| **Plaintiffs' Rebuttal Merits Expert Reports Due** | June 8, 2022 |
| **Deadline to Complete Depositions Previously Requested by U.S. Department of Justice to be Stayed or Partially Stayed** | To be determined by the Court[4] |
| **Deadline to Depose Plaintiffs' Rebuttal Merits Experts** | July 13, 2022 |
| **Summary Judgment Opening Briefs & Merits *Daubert* Motions Filed[5]** | August 3, 2022 |
| **Summary Judgment Responses & Merits Expert *Daubert* Responses Filed** | October 26, 2022 |
| **Summary Judgment Replies & Merits Expert *Daubert* Replies Filed** | December 23, 2022 |

---

[4] As with the other Department of Justice stay-related deadline, Defendants believe the Court will provide guidance on this deadline, and accordingly have not included in this order. Defendants' position is that all depositions should be completed before the beginning of briefing on summary judgment.

[5] Pre-summary judgment motion conference with Judge Durkin to be set on a date to be determined. The parties request that the conference take place at a time shortly after the Court rules on class certification and related motions.

| Event | Deadline |
|---|---|
| **First Trial Commences**[6] | TBD in the Summer or Fall of 2023 after the Court has considered the parties' 7/16/2021 trial plan submissions |

**SO ORDERED.**

Dated: _____ _____
HON. JEFFREY T. GILBERT
U.S. MAGISTRATE JUDGE

---

[6] The Court will decide the number, sequence and timing of trials at a later date.