**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 1:16-cv-08637 TMD<br>Hon. Thomas M. Durkin<br>Magistrate Judge Jeffrey T. Gilbert |
| This Document Relates To:<br><br>All Commercial and Institutional Indirect Purchaser Plaintiff Actions | |

**ORDER GRANTING COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' UNCONTESTED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENTS WITH DEFENDANTS TYSON, PILGRIM'S PRIDE, AND MAR-JAC AND FOR CONDITIONAL CERTIFICATION OF THE PROPOSED SETTLEMENT CLASSES**

Now before the Court is Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") Motion for Preliminary Approval of Settlements with Defendants Tyson Foods, Inc., Tyson Chicken, Inc., Tyson Breeders, Inc., and Tyson Poultry, Inc. (collectively referred to as "Tyson"), Pilgrim's Pride Corporation ("Pilgrim's"), and Mar-Jac Poultry, Inc., Mar-Jac Poultry MS, LLC, Mar-Jac Poultry AL, LLC, Mar-Jac AL/MS, Inc., Mar-Jac Poultry, LLC, and Mar-Jac Holdings, Inc. (collectively referred to as "Mar-Jac").

The Court, having reviewed the Motion, its accompanying memorandum, and the exhibits thereto, the Settlement Agreement between Tyson and CIIPPs ("Tyson Settlement Agreement"), the Settlement Agreement between Pilgrim's and CIIPPs ("Pilgrim's Settlement Agreement"), and the Settlement Agreement between Mar-Jac and CIIPPs ("Mar-Jac Settlement Agreement"), and the file, hereby **ORDERS AND ADJUDGES:**

1

1. This Court has jurisdiction over this action and each of the parties to the Settlement Agreement.

2. This Court certifies a Settlement Class for the Tyson and Mar-Jac Settlements defined as:

> All entities that purchased Broilers indirectly from a Defendant or named co-conspirator in the United States for their own use in commercial food preparation from January 1, 2008, until July 31, 2019 (the "Class Period").
>
> Excluded from this Class are: Natural persons who purchased Broilers for their personal use and not for commercial food preparation (End-User Consumers); purchasers of Broilers directly from Defendants; purchasers of Broilers for resale in unaltered form; purchases of Broilers from an intermediary who has further processed the Broiler; the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant; any federal, state governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; any juror assigned to this action; and any co-conspirator identified in this action.

The Court certifies a Settlement Class for the Pilgrim's Settlement defined as:

> All entities that purchased Broilers indirectly from a Defendant or named co-conspirators in the Indirect Purchaser States, as defined in the settlement agreement, for their own use in commercial food preparation from January 1, 2008, until July 31, 2019 (the "Class Period").
>
> Excluded from this Class are: Natural persons who purchased Broilers for their personal use and not for commercial food preparation (End-User Consumers); purchasers of Broilers directly from Defendants; purchasers of Broilers for resale in unaltered form; purchases of Broilers from an intermediary who has further processed the Broiler; the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant; any federal, state governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; any juror assigned to this action; and any co-conspirator identified in this action.

The Tyson and Mar-Jac class definition is in all material respects the same settlement class proposed in CIIPPs' Complaint. *See* Tyson Settlement Agreement, § II.G.2; , Mar Jac Settlement

Agreement § II.G.2. Because of the nationwide class and release in the Tyson and Mar-Jac Settlements, in addition to monetary relief for purchasers in the Indirect Purchaser States, these settlements also provide injunctive relief for those purchasers that do not reside in an Indirect Purchaser State. *See* Tyson Settlement, § II.C.2 (agreeing not to engage in conduct that constitutes a *per se* violation of Section 1 of the Sherman Act with respect to the sale of Broilers for 24 months after the entry of Final Judgment); Mar-Jac Settlement § II.C.2 (same). The Pilgrim's Settlement class is identical to the Tyson and Mar-Jac Settlements except that it is limited to those that purchased in Indirect Purchaser States and, therefore, does not contain the injunctive relief provision that exists in the Tyson and Mar-Jac agreements, respectively. *See* Pilgrim's Settlement, § II.H.2.

3. The Court appoints the law firms of Cotchett, Pitre & McCarthy LLP and Gustafson Gluek, PLLC as Co-Lead counsel for the Settlement Class.

4. Upon review of the record, the Court finds that the proposed Tyson Settlement Agreement has been negotiated at arm's length, falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at the Court's Fairness Hearing. The Court finds that the Tyson Settlement Agreement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the Settlement may be given to the Settlement Class when appropriate.

5. Upon review of the record, the Court finds that the proposed Pilgrim's Settlement Agreement has been negotiated at arm's length, falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at the Court's Fairness Hearing.

The Court finds that the Pilgrim's Settlement Agreement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the Settlement may be given to the Settlement Class when appropriate.

6. Upon review of the record, the Court finds that the proposed Mar-Jac Settlement Agreement has been negotiated at arm's length, falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at the Court's Fairness Hearing. The Court finds that the Mar-Jac Settlement Agreement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the Settlement may be given to the Settlement Class when appropriate.

7. In the near future, Co-Lead Counsel will move the Court to approve a program to notify members of the Settlement Classes of these three settlements along with the four prior settlements preliminarily approved by this Court in this matter.

8. After Class Notice has been approved and disseminated, the Court shall hold a hearing on the Proposed Settlements to determine whether they are fair, reasonable, and adequate, and whether they should be finally approved by the Court (the "Fairness Hearing").

9. After Notice has been disseminated, Class Members who wish to exclude themselves from any of the Settlements will be required to submit an appropriate and timely request for exclusion, and Class Members who wish to object to any of the Settlements must submit an appropriate and timely written statement of the grounds for objection. Class Members who wish

to appear in person to object to any of the Settlements may do so at the Fairness Hearing pursuant to directions by the Court.

10. Terms used in this Order that are defined in the Settlement Agreements are, unless otherwise defined herein, used as defined in the Settlement Agreements.

11. If the Tyson Settlement Agreement is terminated or rescinded in accordance with its provisions, or otherwise does not become Final, then the Settlement Agreement and all proceedings in connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided otherwise in the Settlement Agreement, and without prejudice to the status quo ante rights of CIIPPs, the Settling Defendant, and the members of the Class. The Parties shall also comply with any terms or provisions of the Settlement Agreement applicable to termination, rescission, or the Settlement otherwise not becoming Final.

12. If the Pilgrim's Settlement Agreement is terminated or rescinded in accordance with its provisions, or otherwise does not become Final, then the Settlement Agreement and all proceedings in connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided otherwise in the Settlement Agreement, and without prejudice to the status quo ante rights of CIIPPs, the Settling Defendant, and the members of the Class. The Parties shall also comply with any terms or provisions of the Settlement Agreement applicable to termination, rescission, or the Settlement otherwise not becoming Final.

13. If the Mar-Jac Settlement Agreement is terminated or rescinded in accordance with its provisions, or otherwise does not become Final, then the Settlement Agreement and all proceedings in connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided otherwise in the Settlement Agreement, and without prejudice to the status quo ante rights of CIIPPs, the Settling Defendant, and the members of the Class. The Parties shall also

comply with any terms or provisions of the Settlement Agreement applicable to termination, rescission, or the Settlement otherwise not becoming Final.

14. Neither this Order nor any of the Settlement Agreements shall be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, or regulation or of any liability or wrongdoing by any of the Settling Defendants or of the truth of any of CIIPPs' Claims or allegations, nor shall it be deemed or construed to be an admission nor evidence of Released Parties' defenses.

15. The Action with respect to CIIPPs' Claims is stayed as to the Released Parties (as that term is defined in the Settlement Agreements) except as necessary to effectuate this Settlement.

**IT IS SO ORDERED.**

DATED: 01/14/2022

_Thomas M Durkin_
HON. THOMAS M. DURKIN