# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>This Document Relates To: All Actions | Case No. 16 C 8637 |

## MEMORANDUM OPINION AND ORDER

Direct Action Plaintiffs' ("DAPs") Motion to Set Schedule for Defendants' Responses to Contention Interrogatories [ECF No. 4732] is denied. The Court denies DAPs' request to set a schedule for Defendants to respond to their contention interrogatories or, alternatively, to give DAPs leave to serve their new interrogatories now. The Court agrees with Defendants that DAPs' proposed new interrogatories, which are attached to DAPs' Motion as Exhibit A [ECF No. 4732-1], are untimely under the discovery schedule in place when DAPs purported to serve those interrogatories pursuant to the stipulation entered into by DAPs and Defendants on May 1, 2019 [ECF No. 2193], which was embodied in the Court's May 2, 2019 Order [ECF No. 2197].

DAPs served their interrogatories on May 19, 2021. At that time, fact discovery was set to close on June 11, 2021. *See* Scheduling Order No. 14 [ECF No. 3788] (entered on August 28, 2020) and Scheduling Order No. 15 [ECF No. 4641] (entered on May 13, 2021). Pursuant to the parties' stipulation [ECF No. 2193], DAPs and Defendants agreed that DAPs would serve their interrogatories <u>no later than 60 days</u>

before the fact discovery close date, which at that time would have required DAPs to serve their interrogatories on or before April 12, 2021. Therefore, DAPs' proposed interrogatories were not timely when they were served on Defendants on May 19, 2021.

DAPs argue, however, that when the Court extended the fact discovery close date to July 30, 2021, in its Order issued on May 25, 2021 [ECF No. 4714], which memorialized rulings made during a hearing on May 24, 2021, then—presto—the previously untimely served interrogatories were rendered timely.[1] The Court disagrees. The parties stipulated in May 2019, two years earlier, that DAPs were to serve their interrogatories "no later than sixty (60) days prior to the then-current fact discovery deadline." [ECF No. 2193], at ¶ 3. The Court interprets the phrase "then-current fact discovery deadline" to mean the fact discovery deadline at the time the interrogatories were served; otherwise, it is completely ambiguous and meaningless, and nobody would ever know whether interrogatories were timely when they were served. In the Court's view, all parties knew what that agreement meant, and DAPs were late in serving their interrogatories.

Contrary to their initial position that they were not tardy, with which the Court disagrees, DAPs alternatively say they were late in serving their proposed interrogatories because it took them a long time to coordinate among themselves about the 10 common interrogatories they wanted to serve. DAPs' Reply [ECF No.

---

[1] The Court notes that Scheduling Order No. 16 [ECF No. 4748], which was entered on June 17, 2021, currently is the operative case management order and includes the fact discovery close date of July 30, 2121.

4774], at 2-3. That is well and good, but generally, a deadline is a deadline. It is not a suggestion to be taken lightly or complied with only as a matter of choice.[2] As the Seventh Circuit has noted pithily, "[w]e live in a world of deadlines. If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us. The practice of law is no exception. A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 2006). DAPs are held to have known the April 12, 2021, deadline to serve contention interrogatories with a discovery close date of June 11, 2021, and DAPs were over one month late in serving those interrogatories on May 19, 2021. DAPs' argument that the Court's limited extension of the fact discovery close date on May 24, 2021, now makes their interrogatories timely served does not hold water.[3]

---

[2] In *McCann v. Cullinan*, 2015 WL 4254226 (N.D. Ill. July 14, 2015), Judge Johnston recognized the importance of deadlines that are set by the court and concluded that "[c]ounsel must calendar and meet dates. And if counsel is going to miss a deadline, then counsel should file a motion seeking an extension *before* the deadline has passed." *Id.* at *2 (citing cases). In *Hard Surface Sols., Inc. v. Sherwin-Williams Co.*, 271 F.R.D. 612 (N.D. Ill. 2010), Judge Cole noted "[u]nder the Federal Rules of Civil Procedure, it is the court's prerogative-indeed, its duty-to manage its caseload and to set and enforce discovery and other significant deadlines…. A party does not have the option of complying with those deadlines or ignoring them and then demanding that the court and the opposing party restructure the discovery schedule to accommodate the violation." *Id.* at 617 (citing *Reales v. Consolid. Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996)).

[3] Further, in a slightly different vein, the subject of deadlines to respond to contention interrogatories served before February 28, 2021, came up at a status hearing held on May 7, 2021. Hearing Transcript [ECF No. 4625], at 74-76, 80. Although the Court acknowledges that this is a different issue, no mention was made at that time of DAPs' intent to serve additional contention interrogatories after the April 12, 2021, deadline had passed.

As the Court made clear during the May 24, 2021, hearing, when it extended the fact discovery close date to July 30, 2021, to allow the parties to complete discovery that was then in progress and had been timely served or noticed, the extension of the fact discovery close date was not intended to give anyone free rein "to serve additional written discovery about anything." May 24, 2021 Hearing Transcript [ECF No. 4814], at 20; 21-22 ("I would extend fact discovery to July 30th for the taking of depositions and *for the completion of discovery timely served.*"). Under that standard, DAPs' proposed interrogatories remain untimely.

Further, DAPs have not shown good cause for their request that they be allowed to serve their proposed interrogatories now and be excused from the deadline to which they agreed years ago and which the Court memorialized in its May 2, 2019 Order. *See* [ECF No. 2197]. As this Court previously has recognized, the lynchpin for a finding of good cause to modify a scheduling order under Federal Rule of Civil Procedure 16(b)(4) for an extension of a discovery deadline after the fact is the party's due diligence. *See Maui Jim, Inc. v. SmartBuy Guru Enters.*, 2019 WL 4140782, at *4 (N.D. Ill. Aug. 30, 2019); *McCann*, 2015 WL 4254226, at *10-12. Here, DAPs have not shown their diligence to serve the interrogatories timely. DAPs were aware of the deadline for over two years and provided no explanation other than it took them a long time to coordinate among themselves to finalize their proposed interrogatories. If DAPs were having a difficult time reaching a consensus, they could have asked Defendants and/or the Court for more time. They made no such request, and the Court wonders whether the April 12, 2021, deadline to serve these interrogatories was even on DAPs' radar given that, in many other instances in this case, parties

4

have asked for more time when deadlines were approaching and more time was needed.

The Court also finds that DAPs have not shown good cause why they should be excused from missing the April 12, 2021, deadline by more than 30 days. DAPs' excuse is that it took time to coordinate among themselves and settle on 10 interrogatories to serve on Defendants. The Court does not know when the coordination process began; DAPs say they "conferred and coordinated for several weeks to decide which *specific* contention interrogatory subjects would be satisfactory *across all DAPs*." DAPs Reply [ECF No. 4775], at 2 (emphasis added). That easily could mean DAPs did not begin to think about serving additional interrogatories until after the April 12 deadline had passed. Nor do DAPs give any reason for not asking for more time to serve their interrogatories before the deadline expired. Although this is a huge case with many moving pieces and a lot going on at all times, that is not a good reason to ignore an agreed upon deadline. *See supra* note 2.

In addition, Defendants have shown they will be unduly burdened and prejudiced if the Court allows DAPs to serve their proposed interrogatories now. Although the Court is not specifically ruling on the propriety of the interrogatories at this time, the Court sees no reason to doubt Defendants' representation that it would take them hundreds or even thousands of hours to answer DAPs' interrogatories. Defendants' Opposition [ECF No. 4752], at 11. That is burdensome.

In addition, the Court notes that, although DAPs characterize their interrogatories as "contention" interrogatories, only five of the 10 proposed interrogatories seem to fit that bill. *See* DAPs' Third Set of Interrogatories to All

Defendants [ECF No. 4732-1], at Plaintiff Specific Interrogatory No. 2 and General Interrogatory Nos. 5, 6, 7, 8. The others are run of the mill interrogatories, some of which ask Defendants to provide responsive information for each of the 160 or so individual DAPs. *Id.* at Plaintiff Specific Interrogatory No. 1 and General Interrogatory Nos. 2, 3, 4. Interrogatories of that type are even more untimely and burdensome when the parties were moving full speed ahead to try to complete fact discovery that was served timely.

The Court sees no reason why many of these interrogatories could not have been served, and should have been served, much earlier in the discovery process and, importantly, consistent with the parties' stipulation and Court's May 2, 2019 Order. [ECF Nos. 2193, 2197]. Although DAPs are correct that contention interrogatories generally are served close to the end of fact discovery (hence, again, the parties' long-ago stipulation), it is not proportionate to the needs of the case to allow DAPs now to serve interrogatories at the very end of fact discovery in this case when they by all rights could have and should have been served long ago.

The Court also agrees with Defendants that some of the interrogatories are duplicative of interrogatories served previously, and some contain multiple subparts so the total number of interrogatories objectively exceed the 15 allowed by the stipulation. *See* DAPs' Third Set of Interrogatories to All Defendants [ECF No. 4732-1], at Plaintiff Specific Interrogatory No. 1 and General Interrogatory Nos. 2, 3. In addition, it appears that Defendants already have produced documents to DAPs from which they can obtain the information they are seeking with these new interrogatories. On that last point, while the Court understands Defendants can

identify those documents in answers to the interrogatories consistent with Federal Rule 33(d), if the responsive documents are not readily discernible, that may not be proportional to the needs of the case at this late juncture.

Finally, the Court recognizes that the Seventh Circuit has not addressed whether prejudice to a non-movant is a proper consideration under Rule 16(b)(4)'s "good cause" standard. *See McCann*, 2015 WL 4254226, at \*11. However, to the extent that prejudice to Defendants should factor into the Court's analysis of DAPs' Motion [ECF No. 4732], that is a further reason to deny DAPs' request for leave to serve their proposed interrogatories late. As the parties now are focused on expert disclosures and depositions [ECF Nos. 4748, 4976, 5014, 5178, 5256, 5302] and other matters, Defendants should not be forced at this time to spend hundreds or thousands of hours responding to interrogatories that by all rights should have been served well-before they were served under the circumstances described herein.

Accordingly, for all these reasons, DAPs' Motion to Set Schedule for Defendants' Responses to Contention Interrogatories [ECF No. 4732] is denied, and DAPs are not given leave to serve any new interrogatories at this time.

It is so ordered.

_____

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: January 19, 2022