**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION,<br><br>This Document Relates To:<br><br>THE DIRECT PURCHASER PLAINTIFF ACTION | Case No.: 1:16-cv-08637<br><br>The Honorable Thomas M. Durkin |

**ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION FOR FINAL
APPROVAL OF THE SETTLEMENTS WITH
THE MAR-JAC AND HARRISON POULTRY DEFENDANTS**

969274.1

This Court has held a hearing on Direct Purchaser Plaintiffs' Motion for Final Approval of the Settlements with Defendants Mar-Jac Poultry, Inc., Mar-Jac Poultry MS, LLC, Mar-Jac Poultry AL, LLC, Mar-Jac AL/MS, Inc., Mar-Jac Poultry, LLC and Mar-Jac Holdings, Inc. (Mar-Jac Holdings, Inc. is incorrectly named in the Complaint as Mar-Jac Holdings, LLC) (collectively, "Mar-Jac") and Harrison Poultry, Inc. ("Harrison Poultry") ("Motion"). Direct Purchaser Plaintiffs ("Plaintiffs") have entered into Settlement Agreements with Defendants Mar-Jac and Harrison Poultry (collectively, "Settling Defendants"). The Court, having reviewed the Motion, its accompanying memorandum and the exhibits thereto, the Settlement Agreements, and all papers filed, hereby finds that the motion should be **GRANTED** as to the settlements with Settling Defendants.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of this litigation, including the actions within this litigation, and over the parties to the Settlement Agreements, including all members of the Settlement Class (also referred to herein as the "Class") and the Settling Defendants.

2. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreements.

3. Pursuant to Fed. R. Civ. P. 23(g), Interim Co-Lead Counsel previously appointed by the Court is appointed as Co-Lead Counsel for the Settlement Class as they have and will fairly and competently represent the interests of the Settlement Class.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court determines that the following Settlement Class be certified solely for the purposes of the Settlement:

> All persons who purchased Broilers directly from any of the Defendants or any co-conspirator identified in this action, or their respective subsidiaries or affiliates for

use or delivery in the United States from at least as early as January 1, 2008 until December 20, 2019. Specifically excluded from the Settlement Class are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded from this Settlement Class are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

5. The Court further finds that the prerequisites to a class action under Rule 23 are satisfied solely for settlement purposes in that: (a) there are hundreds of geographically dispersed class members, making joinder of all members impracticable; (b) there are questions of law and fact common to the class that predominate over individual issues; (c) the claims or defenses of the plaintiffs are typical of the claims or defenses of the Settlement Class; (d) the plaintiffs will fairly and adequately protect the interests of the Settlement Class, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the Settlement Class; (e) common issues of law and fact predominate; and (f) a class action is superior to individual actions.

6. The Court hereby finally approves the Settlement Agreements and their terms and finds that said Settlements are, in all respects, fair, reasonable and adequate to the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure and directs consummation of the Settlement Agreements according to their terms and conditions.

7. This Court hereby dismisses on the merits and with prejudice all Claims in the DPP action against the Settling Defendants, with each party to bear its own costs and fees, including attorneys' fees, except as provided in the Settlement Agreements.

8. The Releases in the Settlement Agreements are incorporated herein and the Releasing Parties shall, by operation of law, be deemed to have released all Released Parties from the Released Claims. All entities who are Releasing Parties (as defined in the Settlement

Agreements) or who purport to assert claims on behalf of the Releasing Parties are hereby and forever barred and enjoined from commencing, prosecuting, or continuing, against the Released Parties, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreements.

9. The Released Parties are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasing Parties had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreements.

10. The notice given to the Settlement Class, including individual notice to all members of the Settlement Class who could be identified through reasonable efforts, was the most effective and practicable under the circumstances. This notice provided due and sufficient notice of the proceedings and of the matters set forth therein, including the proposed settlement, to all persons entitled to such notice, and this notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

11. No objections to the Settlements were filed.

12. As set forth in the notice to the Settlement Class, at this time Co-Lead Counsel are not seeking attorneys' fees, reimbursement of litigation expenses, or class representative incentive awards, or to distribute Settlement proceeds to qualified claimants; when Co-Lead Counsel determine to do so, they will notify the Settlement Class and seek the Court's approval.

13. Any member of the Settlement Class who failed to timely and validly request to be excluded from the Settlement Class shall be subject to and bound by the provisions of the Settlement Agreements, the Released Claims contained therein, and this Order with respect to all

Released Claims, regardless of whether such members of the Class seek or obtain any distribution from the Settlement Fund. Persons/Entities who validly requested to be excluded from the Settlement Class are listed in Exhibit A (Mar-Jac) and Exhibit B (Harrison Poultry), attached hereto. Such persons/entities are not entitled to any recovery from the Settlement Fund. Furthermore, nothing in this Judgment shall be construed as a determination by this Court that any person or entity satisfies the criteria for membership in the Settlement Class merely because they filed a Request for Exclusion.

14. A list of entities requesting to be excluded from the Settlement Class who have partial assignments ("Partial Assignees") is set forth in Exhibit C, attached hereto. Claims based on purchases assigned by the Settlement Class member to the Partial Assignees, as listed in Exhibit C, are excluded from the Settlement Class. Except for the claims of the Partial Assignees listed in Exhibit C, all claims belonging to the Settlement Class members (whether assigned or not) are part of the Class and released through the provisions of the Settlement Agreements and this Order.

15. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) consummation, administration and implementation of the Settlement Agreements and any allocation or distribution to Settlement Class members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) hearing and determining applications by Plaintiffs for attorneys' fees, costs, expenses, and interest; (d) the actions in this litigation until the Final Judgment has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreements; (e) hearing and ruling on any matters relating to any plan of allocation or distribution of proceeds from the Settlements; (f) the parties to the Settlement Agreement for the purpose of

enforcing and administering the Settlement Agreements and the releases contemplated by, or executed in connection with the Settlement Agreements; (g) the enforcement of this Final Judgment; and (h) over any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreements or the applicability of the Settlement Agreements, that cannot be resolved by negotiation and agreement.

16. The Settling Defendants have served upon the appropriate state officials and the appropriate federal official notice under the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA").

17. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that judgment should be entered and further finds that there is no just reason for delay in the entry of final judgment as to the parties to the Settlement Agreements. Accordingly, the Clerk is hereby directed to enter this Final Judgment forthwith.

**IT IS SO ORDERED.**

DATED: January 27, 2022

HON. THOMAS M. DURKIN