**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 1:16-cv-08637 TMD<br>Hon. Thomas M. Durkin<br>Magistrate Judge Jeffrey T. Gilbert |
| This Document Relates To:<br><br>All Commercial and Institutional Indirect Purchaser Plaintiff Actions | |

**JOINT DECLARATION OF CIIPPS' CO-LEAD COUNSEL DANIEL C. HEDLUND AND ADAM J. ZAPALA IN SUPPORT OF COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' MOTION FOR PAYMENT OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS**

I, Daniel C. Hedlund and Adam J. Zapala, declare and state as follows:

1. Danial C. Hedlund is a partner in the law firm of Gustafson Gluek PLLC ("Gustafson Gluek"). He submits this declaration in support of Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") Motion for Payment of Attorneys' Fees, Reimbursement of Expenses, and Class Representative Service Awards.

2. Adam J. Zapala is a partner in the law firm of Cotchett, Pitre & McCarthy, LLP ("CPM"). He similarly submits this declaration in support of CIIPPs' Motion for Payment of Attorneys' Fees, Reimbursement of Expenses, and Class Representative Service Awards.

3. We jointly make this declaration based on our personal knowledge and if called as a witness, we could and would competently testify to the matters stated herein.

4. The Court appointed Gustafson Gluek and Cotchett, Pitre & McCarthy as Interim Co-Lead Class Counsel to the CIIPP class, and Wexler, Boley & Elgersma LLP ("WBE")

1

(formerly Wexler Wallace LLP) as Interim Liaison Counsel, on October 14, 2016. *See* ECF No. 144. Together, Co-Lead Class Counsel, Liaison Counsel, and a number of other Class Counsel firms, have vigorously and efficiently prosecuted this Action to the benefit of the CIIPP class.

A. **Class Counsel's Efforts to Advance This Litigation and Achieve Favorable Settlements**

5. All work completed in litigating this Action, since case inception, was performed either by Co-Lead Class Counsel or at the request and direction of Co-Lead Class Counsel.

6. All Counsel for the CIIPPs class are working on a contingent fee basis, and without any guarantee of compensation or reimbursement for the extraordinary amount of time and expenses they have incurred and devoted to this Action, as explained more fully herein.

7. Antitrust class actions are notoriously difficult and complex, with indirect purchaser actions presenting unique, additional challenges. In this case, Class Counsel represent 32 class representatives from states across the country and have asserted multiple claims under state antitrust, consumer protection, and unjust enrichment laws.

8. Class Counsel have devoted significant time to this litigation since inception, as detailed below. This time and effort has successfully advanced the litigation towards trial and has directly led to the excellent settlements achieved to date. This Court and Judge Gilbert have witnessed the representation by Class Counsel of the CIIPPs. Class Counsel's efforts include:

- extensive pre-complaint research of the poultry industry, its distribution chain and associated economics, along with the federal and state antitrust, consumer protection, and unjust enrichment laws of 31 states and the District of Columbia in connection with drafting and filing the first indirect purchaser complaint on September 12, 2016;

- successfully opposing multiple motions to dismiss filed by all Defendants jointly and individually on every claim CIIPPs brought through extensive briefing before the Court;

- actively participating in the drafting and negotiation of multiple case management

- protocols, including but not limited to, discovery plans, the ESI protocol, the search methodology order, a protective order, a deposition protocol, and an expert stipulation;

- working cooperatively with direct purchaser class counsel ("DPPs"), end-user consumer purchaser ("EUCPs") class counsel, and the direct-action plaintiffs ("DAPs") on discovery, case management plans, and depositions;

- drafting, serving, and coordinating discovery against 19 Defendant families in conjunction with the other classes, followed by lengthy and laborious meet and confers with each Defendant family;

- identifying, drafting, and serving 50 document subpoenas on non-parties and direct-action plaintiffs to obtain necessary information for purposes of pass-through, antitrust impact, and damages;

- participating in numerous meet and confers to negotiate the foregoing subpoenas, obtaining extensive discovery and data from many non-parties, including engaging in motion practice to compel production of such material in other jurisdictions;

- reviewing and analyzing over 9 million pages of documents produced by Defendants, while staffing the document review effort with the most attorneys of any class;

- coordinating with the other classes on developing a database to analyze voluminous telephone records, which included millions of calls and text messages;

- assisting all 32 class representatives with drafting initial disclosures, and collecting responsive documents and data requested by Defendants;

- obtaining, analyzing, and producing approximately 50,000 documents in electronic and paper form and data from each of the 32 class representatives;

- responding and objecting to, and supplementing and correcting, multiple rounds of detailed Interrogatories, Requests for Production, and Requests for Admissions propounded by Defendants;

- preparing for and defending 33 class representative depositions;[1]

- responding to questions propounded by class representatives and providing updates to class representatives regarding discovery matters, case updates and filings, settlements, discovery responses, and required disclosures;

---

[1] Every class representative named in CIIPPs Seventh Amended Consolidated Class Action Complaint (ECF No. 3929) was deposed, with one class representative being deposed twice. *See* ECF Nos. 3968-8 and 3968-9 (Compendium of Class Representatives Declaration Part I and II).

3

- preparing for, taking, and/or participating in the depositions of over 120 Defendant witnesses and just as many for non-party witnesses, while coordinating with the other classes to avoid duplication of effort;

- consulting extensively with CIIPPs' expert economists to analyze Defendants' and non-parties' voluminous transactional data and other information produced in discovery to develop opinions relating to antitrust impact, passthrough analysis, and damages for purposes of class certification, settlement, summary judgment, and trial;

- working extensively with CIIPPs' expert economist, Dr. Russell Mangum, in developing his 147-page opening report and a 195-page reply report in support of class certification, not including the lengthy appendices attached to his reports;

- working closely with Dr. Mangum in developing his 90-page opening merits report;

- preparing for and defending the deposition of CIIPPs' class certification expert;

- preparing for and taking the depositions of Defendants' class certification expert, in which CIIPPs' counsel led the joint examination;

- engaging in critical motion practice, including litigating (and successfully precluding) the issue of whether downstream discovery could be taken of the CIIPP class, enforcing subpoenas against third parties such as Porky Products, and defeating claims of privilege by Defendant Koch;

- drafting, researching, and compiling a comprehensive motion for class certification, including assembling the common liability evidence, including approximately 147 exhibits;

- performing numerous tasks necessary to achieve favorable and reasonable settlements, including: analyzing economic evidence and data and formulating settlement demands; engaging in extensive arm's-length negotiations with Defendants, in some cases with the assistance of nationally-renowned mediators; negotiating and preparing drafts of the settlement agreements and negotiating over their cooperation and other terms; preparing the preliminary approval motions and escrow agreements for the settlements;

- taking evidence proffers and interviewing witnesses made available by Defendants who have settled; and

- retaining and working with a competent class-notice and claims administration expert to formulate a notice program and claims administration process, including by utilizing pre-populated claim forms based on the extensive data received from non-parties and subsequently implementing that plan after approval by the Court.

9. The foregoing outline of the various tasks performed obviously cannot detail each and every task performed by Class Counsel over the course of this arduous litigation, as many other tasks large and small have been performed.

10. CIIPPs have settled with the following Defendants: (1) Fieldale Farms Corporation; (2) Amick Farms, LLC; (3) Peco Foods, Inc.; (4) George's, Inc. and George's Farms, Inc.; (5) Tyson Foods, Inc., Tyson Chicken, Inc., Tyson Breeders, Inc., and Tyson Poultry, Inc.; (6) Pilgrim's Pride Corporation; and (7) Mar-Jac Poultry, Inc., Mar-Jac Poultry MS, LLC, Mar-Jac Poultry AL, LLC, Mar-Jac AL/MS, Inc., Mar-Jac Poultry, LLC, and Mar-Jac Holdings, Inc. *See* ECF No. 5234.

11. These settlements have generated a cumulative settlement amount of $104,890,000.00. $1 million of this cumulative settlement amount was provided by the Pilgrim's Pride settlement and is exclusively available for notice and claims administration. *See* ECF No. 5213.

**B.     CIIPPs' Class Counsel Time and Expense Reporting and Total Time and Expenses Incurred**

12. Among the Co-Lead Counsel firms, Gustafson Gluek is responsible for collecting all Class Counsel's contemporaneously prepared attorney and paralegal time and expense reports. Co-Lead Counsel's court approved time and expense protocol was distributed to all Class Counsel in December 2016, (*see* Exhibit 2), with instructions and Excel templates for monthly reporting.

13. The time and expense protocol requires each Class Counsel firm to keep contemporaneous, daily time records regularly prepared and maintained by each firm, and provided to Co-Lead Class Counsel via email, for their review. These reports contain a chronological listing of time reported for work performed by attorneys, paralegals, and support

5

staff, in specified task categories, a detailed description of the work performed, the name and title of the person who completed the work, the hourly rate associated with each person at the time the work was completed (*e.g.*, the professional's "historical" rate), and the firm's total lodestar reported for that month.

14. In order to control Class Counsel's lodestar and ensure that counsel are performing necessary and non-duplicative work, the time and expense protocol instructs Class Counsel not to submit time for work not performed at the request or under the direction of Co-Lead Counsel, unnecessary read and review time, preparing time and expense reports, routine clerical tasks, or for work related to any client not retained. In addition, the protocol required that each firm submit, via email, all litigation-related expenses incurred by that firm for the reporting month. Further procedures were implemented to ensure appropriate billing judgment to eliminate the risk of wasteful lodestar. For example, all document review time was capped at $350.00 per hour. The foregoing time and expense reports were submitted by Class Counsel, in the Excel format, on or by the 20th of each month, for time and expenses that were incurred in the preceding month. These monthly Excel reports allowed Co-Lead Counsel to uniformly review reports, and request adjustments/revisions as appropriate, as per the time and expense protocol set for this litigation.

15. At the Court's direction, Co-Lead Counsel has submitted CIIPP Class Counsel's time, lodestar, and expense reports to the Court *in camera* on a quarterly basis. All monthly attorney and paralegal time and expense reports submitted to Gustafson Gluek by Class Counsel, are retained and preserved on a computer server and on back-up media in the office.

16. In preparation for this petition, Co-Lead Counsel asked Class Counsel to review their monthly reported lodestar and expenses, and to submit a declaration attesting to the total submitted time and expenses incurred in this litigation from inception through August 31, 2021.

In doing so, both Class Counsel and Co-Lead Counsel exercised additional billing judgment to the extent that unnecessary time was expended to further limit lodestar. Class Counsel again reviewed these submissions, in preparation of this petition, to ensure all protocols were followed.

17. Attached hereto as Exhibits 3-24, are Class Counsel's individual declarations attesting to the time and expenses they have reported to Co-Lead Counsel, and the accuracy of those submissions and compliance with the time and expense protocol.

18. Based upon those declarations, Class Counsel has expended 85,782.30 hours of time on this litigation, for the benefit of the Class through August 31, 2021. These hours represent a lodestar of $40,260,516.00, using Class Counsel's historic hourly rates. All of this work was performed by Class Counsel on a contingent basis.

19. Attached hereto this declaration as Exhibit 25, is a summary chart of the hours and lodestar amounts for all of Class Counsel's attorneys and paralegal time reported from inception through August 31, 2021. This exhibit is based on the data reported in the individual Declarations of CIIPPs' Class Counsel.

20. Attached hereto this declaration as Exhibit 26, is a summary chart of Class Counsel's individual recorded expenses, which they have incurred from inception through August 31, 2021, and for which they are seeking reimbursement. These expenses total $412,967.78 and are based on monthly expense reports submitted to Co-Lead Counsel and coincide with the declaration each Class Counsel has submitted, confirming their adherence to the Time and Expense protocol. These expenses do not include those expenses incurred by the collective Litigation Fund established to prosecute the CIIPP action and process common costs. The firm-specific expenses included in this summary chart include such things as: online legal research, travel, document imaging and copying, shipping or mailing costs, and filing fees. The primary firm-specific

expenses incurred by Class Counsel that are not covered by the CIIPP Litigation Fund are related to the preparation and attendance of depositions, hearings, and legal research.

21. Based upon the data available to us and Co-Lead Counsel, we hereby attest that the lodestar and expense amounts reported in Exhibits 25-26, accurately reflect the data reported to us by Class Counsel.

### C. Common Fund Costs

22. At the beginning of the litigation, Co-Lead Counsel established a Litigation Fund for the payment of common case expenses. Co-Lead Counsel have maintained and contributed extensively to the Fund, as have Co-Counsel for the CIIPP class. Cotchett, Pitre & McCarthy was responsible for establishing the Litigation Fund and arranging, paying, and accounting for the common assessments and costs incurred by, and paid out of, the Fund. The common costs incurred by the Litigation Fund are summarized in Exhibit 27. These incurred costs include, but are not limited to, costs for experts, investigator costs, transcript costs, deposition costs, ESI document database hosting fees, and costs associated with mediators. Through January 28, 2022 these incurred costs for which Class Counsel seek reimbursement total $9,994,531.84.

### D. Lead Counsel's Contributions to the Litigation

23. As Co-Lead Counsel, our firms worked early on with DPP counsel to help investigate and craft the initial allegations in this case. On September 12, 2016, we filed the first indirect purchaser case in this action along with the court-appointed liaison counsel, Wexler, Boley & Elgersma LLP, and two of our other co-counseling firms.

24. We have played a primary and major role in all aspects of the CIIPP litigation. These efforts have included both work within the CIIPP counsel group and in conjunction with the other class counsel and DAP counsel to manage this complex litigation. From dispositive motions

to discovery to class certification to settlement, we have contributed to this case in myraid important ways. We have organized and directed the work of our multiple co-counseling firms and worked cooperatively and efficiently with the other class counsel as well as with the numerous DAP counsel in our joint prosecution efforts. We have taken a lead role in numerous depositions of defendants, briefed and successfully opposed defendants' comprehensive and wide-ranging motions to dismiss, served and negotiated over 50 subpoenas on third parties as part of our efforts to gather extensive transactional data to support our class certification expert's passthrough analysis, worked closely with our experts to facilitate class certification and merits reports, and reviewed and analyzed numerous documents. We have organized and led weekly Co-Lead Counsel calls, which include the Court-appointed liaison counsel, to plan and discuss case strategy, establish task lists, and delegate any work appropriate for co counseling firms. Moreover, we have had primary responsibility in negotiating all seven of the CIIPP settlements to date that have led to the over $100 million recovery for the CIIPP class.

25. The total number of hours expended on this litigation by Gustafson Gluek from this case's inception through August 31, 2021, is 19,449.80 hours. The total lodestar for Gustafson Gluek is $9,892,930.00. This is shown in Exhibit 21 to this declaration. The firm's lodestar figures are based on its historic hourly billing rates. The hourly rates for the partners, attorneys, and professional support staff are the same as the usual and customary hourly rates charged for their services in contingent billable matters. The total hours were determined by the examination of contemporaneous, daily time records regularly prepared and maintained by the firm.

26. As detailed in Exhibit 22 attached hereto, Gustafson Gluek has incurred a total of $166,816.21 in unreimbursed expenses during the period from this case's inception through August 31, 2021. These expenses do not include the firm's assessment payments to the common

cost Litigation Fund, maintained by Co-Lead Class Counsel. The expenses incurred in this litigation are reflected on the books and records of the firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of the expenses incurred.

27. The total number of hours expended on this litigation by CPM from this case's inception through August 31, 2021, is 23,748.80 hours. The total lodestar for CPM is $10,145,590.00. This is shown in Exhibit 23 to this declaration. The firm's lodestar figures are based on its historic hourly billing rates. The hourly rates for the partners, attorneys, and professional support staff are the same as the usual and customary hourly rates charged for their services in contingent billable matters. The total hours were determined by the examination of contemporaneous, daily time records regularly prepared and maintained by the firm.

28. As detailed in Exhibit 24 attached hereto, CPM has incurred a total of $111,527.83 in unreimbursed firm-specific expenses during the period from this case's inception through August 31, 2021. These expenses do not include the firm's assessment payments to the common cost Litigation Fund, maintained by Co-Lead Class Counsel. The expenses incurred in this litigation are reflected on the books and records of the firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of the expenses incurred.

29. During this litigation Co-Lead Counsel have abided by the time and expense protocols approved by the Court as we have performed work, incurred expenses, and submitted monthly reports of our time and expenses. Our firms' submission of their compensable time and reimbursable expenses in this declaration and its exhibits, comports with these Court-approved time and expense reporting protocols.

### E. Class Representatives Sacrificed Greatly to Contribute to the Prosecution of This Action

30. There are 32 CIIPP class representatives representing the interests of the class of indirect commercial and institutional purchasers of chicken. They all signed legal agreements with counsel at the outset of their involvement in this Action. Fourteen plaintiffs entered agreements that expressly specified that class counsel may receive 1/3 of any recovery. Eighteen plaintiffs entered agreements that stated class counsel would receive an award of attorneys' fees from a common fund but did not specify a percentage. One plaintiff entered a legal agreement that expressly stated class counsel could receive "up to 35%."

31. Each CIIPP submitted a declaration detailing the work they performed thus far in the Action, in support of their motion for class certification. These declarations are located at ECF Nos. 3968-8 and 3968-9 (Compendium of Class Representatives Declaration Part I and II). To summarize the work each class representative performed thus far:

- Served initial disclosures, including the extra disclosures required by this Court (ECF No. 264) while the motions to dismiss were pending;

- Responded to Requests for Production, at least 17 Requests for Interrogatories, and at least 62 Requests for Admission, including several amendments supplementing and amending responses;

- Produced over 50,000 pages of documents and data in response to Defendants' discovery requests; and

- Sat for a Rule 30(b)(6) or 30(b)(1) deposition (Alpine Special Treatment Center, Inc. sat for two depositions.

32. Each class representative is a small business and in many cases is run by a small team that includes the owner, working both as the head chef and manager. Frequently, the deponent was the owner and/or head chef, which forced the business to run with limited capacity or be closed for the duration of the deposition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 28, 2022, in Minneapolis, Minnesota.

                  */s/ Daniel C. Hedlund*
                  Daniel C. Hedlund

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 28, 2022, in Burlingame, California.

                  /s/ *Adam J. Zapala*
                  Adam J. Zapala