# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **IN RE BROILER CHICKEN ANTITRUST LITIGATION** | **CASE NO: 1:16-CV-08637**<br><br>**Hon. Thomas M. Durkin**<br>**Magistrate Judge Jeffrey T. Gilbert** |

## DECLARATION OF PROFESSOR ROBERT KLONOFF IN SUPPORT OF COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO THIS COURT'S AUGUST 4, 2021 MINUTE ENTRY

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1
II.     QUALIFICATIONS ............................................................................................ 2
III.    MATERIALS RELIED UPON ........................................................................ 12
IV.     SUMMARY OF OPINIONS ............................................................................ 12
V.      DETAILED DISCUSSION OF OPINIONS .................................................... 13

A.  The Seventh Circuit's Approach is Not That District Courts Should Routinely Apply a Sliding Scale Method But That They Should Award Fees Based on a Reasonable Ex Ante Assessment of the Market Rate for Services ................................................................................ 13

1.  The Percentage of the Fund Method is Appropriate Here ............................ 13
2.  The Seventh Circuit Has Rejected the Mega-Fund Approach ...................... 15
3.  The Seventh Circuit Requires that Fees Represent What the Parties Would Have Agreed to at the Outset of the Representation ................................................. 17
4.  The Seventh Circuit Does Not Require a Sliding Scale Approach ................ 18

a.  Numerous District Courts in the Seventh Circuit Have Rejected Use of the Sliding Scale Approach ................................................................. 18
b.  The Cases Cited in the District Court's Minute Entry (and Other Sliding Scale Cases I Have Found) Bear No Similarity to this Case ............................... 21
c.  Case Law in the Seventh Circuit Overwhelmingly Applies a Flat Percentage, Not a Sliding Scale ............................................................... 26
d.  Strong Policy Reasons Exist to Reject the Declining Sliding Scale Approach ................................................................................................ 28
e.  Declining Sliding Scale Awards are Non-Existent in the Antitrust Context ................................................................................................ 30
f.  Unlike Cases Applying a Declining Scale, Here the Time and Expense Necessary to Increase the Size of the Settlement Would Not Flatten Out ... 32

B.  Here, a Sliding Scale Approach Would Conflict With, Not Replicate, the Market for Legal Services in this Complex Antitrust Case ................................................................. 33

C.  Under Seventh Circuit Law, Attorneys' Fees of One Third of the Fund are Reasonable ........ 38

1.  Actual Agreements Between the Parties and Sophisticated Parties in Other Cases ........ 39
2.  Risk of Non-Payment at the Outset .............................................................. 41
3.  Caliber of Class Counsel's Performance ...................................................... 42
4.  Information from Other Cases ...................................................................... 43

D.  If the Court Ultimately Concludes that a Declining Sliding Scale Approach is Appropriate, the Proper Sliding Scale Should Take into Account the Substantial Contingent Fees That Class Counsel Expect in Complex Antitrust Cases .................................................. 48

EXHIBIT A: CURRICULUM VITAE

EXHIBIT B: CASE-SPECIFIC MATERIALS RELIED UPON

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE BROILER CHICKEN ANTITRUST LITIGATION** | **CASE NO: 1:16-CV-08637**<br><br>**Hon. Thomas M. Durkin**<br>**Magistrate Judge Jeffrey T. Gilbert** |

**DECLARATION OF PROFESSOR ROBERT KLONOFF IN SUPPORT OF
COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS'
RESPONSE TO THIS COURT'S AUGUST 4, 2021 MINUTE ENTRY**

ROBERT H. KLONOFF, under penalty of perjury, declares as follows:

## I. INTRODUCTION

1. On April 16, 2021, the Direct Purchaser Plaintiffs filed a motion for interim payment of attorneys' fee based on a settlement with six defendant families [Doc. No. 4551]. In its subsequent Minute Entry [Doc. No. 4915], dated August 4, 2021 (hereafter "Minute Entry"), this Court indicated that its "current intent is to apply [a sliding scale] to the fee award in this case." The Court asked the Direct Purchaser Plaintiffs to submit a brief "addressing: (1) whether application of a sliding scale is appropriate in this case; and (2) if the Court applies a sliding scale, what that sliding scale should be." [Doc. No. 4915] The Court also invited the Commercial and Institutional Indirect Purchaser Plaintiffs (CIIPPs) to submit a responsive brief, and they have asked me to provide my opinions on the issues identified by this Court.

2. As a matter of completeness, before addressing the precise issues specified by the Court, I address two threshold issues: (1) whether the percentage-of-the-fund or lodestar method is the preferable approach to setting fees in this case, and (2) whether the Seventh Circuit endorses the

so-called mega-fund doctrine with respect to evaluating the fairness and reasonableness of attorneys' fees. I then address whether a sliding scale is required or appropriate under Seventh Circuit law and the facts of this case; what a reasonable fee, set now, should be if the sliding scale approach is *not* utilized; and what a reasonable fee, set now, should be if a sliding scale approach *is* utilized.

3.    I offer my opinions for the Court's consideration, recognizing that my role is limited and that the Court will exercise its own independent judgment.

## II.  QUALIFICATIONS

4.    I have served as an expert in numerous class action cases and have opined on attorneys' fees issues in many of those cases. I am currently the Jordan D. Schnitzer Professor of Law at Lewis & Clark Law School and have held that position since June 1, 2014. This is an endowed, tenured position at the rank of full professor. From July 1, 2007, to May 31, 2014, I served as the Dean of Lewis & Clark Law School, and I was also a full professor at Lewis & Clark during that time. Immediately prior to assuming the deanship at Lewis & Clark, I served for four years as the Douglas Stripp/Missouri Professor of Law at the University of Missouri-Kansas City School of Law (UMKC). That appointment was an endowed, tenured position at the rank of full professor. Before joining the academy in a full-time capacity, I served for more than a dozen years as an attorney with the international law firm of Jones Day, working in the firm's Washington, D.C. office. For most of that time, I was an equity partner at the firm. (I continued to work at Jones Day while I was employed at UMKC; my status with the firm during that period changed from partner to of counsel.). While working at Jones Day (before joining the UMKC faculty), I also served for many years as an adjunct professor of law at Georgetown University Law Center. Before joining Jones Day, I served as an Assistant United States Attorney and as an Assistant to the Solicitor

General of the United States. Immediately after graduating from law school, I served as a law clerk for Chief Judge John R. Brown of the U.S. Court of Appeals for the Fifth Circuit. I received my law degree from Yale Law School.

5.  In my various academic positions, I have taught (among other subjects) complex litigation, class actions, civil procedure, federal courts, and federal appellate procedure.

6.  In September 2011, Chief Justice John G. Roberts, Jr., appointed me to serve a three-year term as the academic voting member of the Judicial Conference Advisory Committee on Rules of Civil Procedure ("Advisory Committee"). The Advisory Committee considers and recommends amendments to the Federal Rules of Civil Procedure. Only one civil procedure professor in the United States is selected by the Chief Justice to serve in that role during any three-year term. In May 2014, the Chief Justice reappointed me to serve a second three-year term on the Advisory Committee. I completed that service in May 2017. (The maximum period of service on the Advisory Committee is six years.) I also served on the Advisory Committee's Class Action Subcommittee (chaired by Judge Robert Dow). That subcommittee took the lead for the full Advisory Committee on proposed amendments to the federal class action rule, Federal Rule of Civil Procedure 23. Those amendments became effective on December 1, 2018.

7.  I served for five years as an Associate Reporter for the American Law Institute's class action (and other multi-party litigation) project, *Principles of the Law of Aggregate Litigation*. I was the principal author of Chapter 3, which addresses class action settlements and attorneys' fees. The *Aggregate Litigation* project was unanimously approved by the membership of the American

Law Institute at its annual meeting in May 2009, and was published by the American Law Institute in May 2010. It has been frequently cited by courts and commentators.[1]

8.   I have more than 40 years of experience as a practicing lawyer. I have had eight oral arguments before the U.S. Supreme Court and numerous oral arguments in other federal and state appellate courts throughout the country, including oral arguments in eight federal circuits. As an

---

[1] *See*, *e.g.*, *In re Suboxone (Buprenorphine Hydrochloride & Nalaxone) Antitrust Litig.*, 421 F. Supp. 3d 12, 71 (E.D. Pa. 2019), *aff'd sub nom. In re Suboxone (Buprenorphine Hydrochlorine & Naloxone) Antitrust Litig.*, 967 F.3d 264 (3d Cir. 2020); In *re Google Inc. Cookie Placement Consumer Privacy Litig.*, 934 F.3d 316, 331 (3d Cir. 2019); *Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2381 n.11 (2011); *Keepseagle v. Perdue*, 856 F.3d 1039, 1069–70 (D.C. Cir. 2017) (Brown, J., dissenting); *In re Google Referrer Header Privacy Litig.*, 869 F.3d 737, 744, 749 (9th Cir. 2017); *Baker v. Microsoft Corp.*, 797 F.3d 607, 615 n. 5 (9th Cir. 2015), *rev'd on other grounds*, 137 S. Ct. 1702 (2017); *Hill v. State Street Corp.*, 794 F.3d 227, 229, 231 (1st Cir. 2015); *In re BankAmerica Corp. Secs. Litig.*, 775 F.3d 1060, 1063–67 (8th Cir. 2015); *In re Nexium Antitrust Litig.*, 777 F.3d 9, 19–20 (1st Cir. 2015); *In re Trans Union Corp. Privacy Litig.*, 741 F.3d 811, 813 (7th Cir. 2014); *In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 171–72 (3d Cir. 2013); *Ira Holtzman, CPA v. Turza*, 728 F.3d 682, 689–90 (7th Cir. 2013); *In re Lupron Mktg. & Sales Practices Litig.*, 677 F.3d 21, 32–33 (1st Cir. 2012); *Klier v. Elf Atochem N.A., Inc.*, 658 F.3d 468, 474–75 nn.14–16 (5th Cir. 2011); *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1039 n.2 (9th Cir. 2011); *Cabiness v. Educ. Fin. Solutions, LLC*, No. 16-cv-01109-JST, 2018 WL 3108991, at *8 n.4 (N.D. Cal. June 25, 2018); *Keepseagle v. Vilsack*, 118 F. Supp. 3d 98, 116 (D.D.C. 2015); *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1355–56 (S.D. Fla. 2011); Abbe R. Gluck & Elizabeth Chamblee Burch, *MDL Revolution*, 96 N.Y.U. L. Rev. 1, 30 (2021); Myriam Gilles & Gary Friedman, *The Issue Class Revolution*, 101 B.U. L. Rev. 133, 139-140 (2021); Elizabeth Chamblee Burch & Margaret S. Williams, *Judicial Adjuncts in Multidistrict Litigation*, 120 Colum. L. Rev. 2129, 2121-22 (2020); Brian T. Fitzpatrick, *Why Class Actions Are Something Both Liberals and Conservatives Can Love*, 73 Vand. L. Rev. 1147, 1153 (2020); Robert G. Bone, *In Defense of the Cy-Pres-Only Class Action*, 24 Lewis & Clark L. Rev. 571, 575 (2020); David L. Noll, *MDL As Public Administration*, 118 Mich. L. Rev. 403, 457 (2019); Andrew D. Bradt & D. Theodore Rave, *It's Good to Have the "Haves" on Your Side: A Defense of Repeat Players in Multidistrict Litigation*, 108 Geo. L.J. 73, 99 (2019); Richard Marcus, *Revolution v. Evolution in Class Action Reform*, 96 N.C. L. REV. 903, 927–28, 933 n.161, (2018); Sergio J. Campos, *Mass Torts and Due Process*, 65 VAND. L. REV. 1059, 1063 (2012); Tanya J. Monestier, *Transnational Class Actions and the Illusory Search for Res Judicata*, 86 TUL. L. REV. 1, 66 (2011); Rhonda Wasserman, *Cy Pres in Class Action Settlements*, 88 S. CAL. L. REV. 97, 111 (2014); Ryan C. Williams, *Due Process, Class Action Opt Outs, and the Right to Sue*, 115 COLUM. L. REV. 599, 649–50 (2015).

attorney at Jones Day, I personally handled more than 100 class action cases, mostly (but not entirely) on the defense side.

9.  I have lectured and taught on class actions and other litigation topics throughout the United States and abroad, including presentations or courses at law schools in Cambodia, Canada, China, Colombia, Croatia, Ecuador, Germany, India, Israel, Italy, Japan, the Philippines, Russia, South Korea, Taiwan, and Turkey. Over the years, I have frequently appeared as an invited speaker at class action symposia, conferences, and continuing legal education programs.[2]

10. I co-authored the first casebook on class actions, and I am now the sole author of that book, *Class Actions and Other Multi-Party Litigation: Cases and Materials* (West 4th ed. 2017). I am also the sole author of the following texts: Robert H. Klonoff, *Federal Multidistrict Litigation in a Nutshell* (West 1st ed. 2020); and Robert H. Klonoff, *Class Actions and Other Multi-Party Litigation in a Nutshell* (West 6th ed. 2020). These texts, which address various attorneys' fees issues, are used at law schools throughout the United States and have been cited by many courts and commentators.[3] I am also the author of a chapter—focusing on the United States—in a

---

[2] Examples of those courses and speaking engagements are contained in my attached curriculum vitae (Exhibit A).

[3] *See, e.g., Kolbe v. BAC Home Loans Servicing, LP*, 738 F.3d 432, 468 (1st Cir. 2013) (citing *Class Action Nutshell*); *Culver v. City of Milwaukee*, 277 F.3d 908, 913 (7th Cir. 2002) (citing *Class Action Nutshell*); *LaRocque ex rel. Spang v. TRS Recovery Servs., Inc.*, 285 F.R.D. 139, 151 (D. Me. 2012) (citing *Class Action Nutshell*); *Adams v. United Services Automobile Ass'n*, No. 2:14-CV-02013, 2016 WL 1465433, at *7 (W.D. Ark. Apr. 14, 2016) (citing *Class Action Nutshell*), *rev'd on other grounds*, 863 F.3d 1069 (8th Cir. 2017); Judge Stephen R. Bough & Anne E. Case-Halferty, *A Judicial Perspective on Approaches to Mdl Settlement*, 89 UMKC L. Rev. 971, 973-974 (2021) (citing *Federal Multidistrict Litigation Nutshell*); Libby Jelinek, *The Applicability of the Federal Rules of Evidence at Class Certification*, 65 UCLA L. Rev. 280, 286 n.27, 291 n.65, 316 n.206 (2018) (citing casebook and *Class Action Nutshell*); Jaime Dodge, *Privatizing Mass Settlement*, 90 Notre Dame L. Rev. 335, 337 n.12 (2014) (citing casebook); Vaughn R. Walker, *Class Actions Along the Path of Federal Rule Making*, 44 Loy. U. Chi. L.J. 445, 449 n. 17 (2012) (citing *Class Action Nutshell*); Richard A. Nagareda, *The Preexistence Principle and the Structure of the Class Action*, 103 Colum. L. Rev. 149, 151 n.5 (2003) (citing casebook); Kenneth S. Rivlin & Jamaica D. Potts, *Proposed Rule Changes to Federal Civil*

textbook published by Cambridge University Press on class actions throughout the world, entitled *The Cambridge Handbook on Class Actions* (Brian Fitzpatrick and Randall Thomas, editors, 2021). In addition, I have authored or co-authored numerous scholarly articles on class actions and other topics.[4] I have also served on the advisory board of the Class Action Litigation Report, a Bloomberg/BNA publication.

---

*Procedure May Introduce New Challenges in Environmental Class Action Litigation*, 27 HARV. ENVTL. L. REV. 519, 521 n.10 (2003) (citing *Class Action Nutshell*).

[4] My writings have been frequently cited. For example, my 2013 article, *The Decline of Class Actions*, 90 WASH. U. L. REV. 729 (2013), has been cited dozens of times by courts and commentators. *See, e.g.*, *Roland v. Annett Holdings, Inc.*, 940 N.W.2d 752, 769 (Iowa 2020); *McCreary v. Federal Bureau of* Prisons, 2020 U.S. Dist. Lexis 15310, at \*46 (M.D. Pa. Jan. 29, 2020); *Mielo v. Steak 'n Shake Operations, Inc.*, 897 F.3d 467, 484 & n.18 (3d Cir. 2018); *In re National Football League Players' Concussion Injury Litig.*, 775 F.3d 570, 576 (3d Cir. 2014); *Eubank v. Pella Corp.*, 753 F.3d 718, 719 (7th Cir. 2014) (Posner, J.); *In re Johnson*, 760 F.3d 66, 75 (D.C. Cir. 2014); *LaRocque ex rel. Spang v. TRS Recovery Servs., Inc.*, 285 F.R.D. 139, 152 (D. Me. 2012); *Wendell H. Stone Co., Inc. v. PC Shield Inc.*, No. 18-cv-001135, 2018 WL 6065408, at \*2 (W.D. Pa. Nov. 19, 2018); *In re Aetna UCR Litig.*, No. 07-cv-03541-KSH-CLW, 2018 U.S. Dist. LEXIS 111130, at \*43 n.15 (D.N.J. June 30, 2018); *Dickens v. GC Services Limited Partnership*, 220 F. Supp. 3d 1312, 1324 (M.D. Fla. 2016), *vacated on other grounds*, 706 F. App'x 529 (11th Cir. 2017); *In re Kosmos Energy Ltd. Sec. Litig.*, No. 3:12-cv-373-B, 2014 WL 1095326, at \*2 n.20 (N.D. Tex. Mar. 19, 2014); Abbe R. Gluck & Elizabeth Chamblee Burch, *MDL Revolution*, 96 N.Y.U. L. Rev. 1, 60 (2021); Jason Iuliano, *The Student Loan Bankruptcy Gap*, 70 Duke L.J. 497, 538 (2020); Elysa M. Dishman, *Class Action Squared: Multistate Actions and Agency Dilemmas*, 96 Notre Dame L. Rev. 291, 311 (2020); Angela P. Harris & Aysha Pamukcu, *The Civil Rights of Health: A New Approach to Challenging Structural Inequality*, 67 UCLA L. Rev. 758, 800 (2020); Sunita Patel, *Jumping Hurdles to Sue the Police*, 104 Minn. L. Rev. 2257, 2262 (2020); Anne E. Ralph, *The Story of A Class: Uses of Narrative in Public Interest Class Actions Before Certification*, 95 Wash. L. Rev. 259, 278-79 (2020); Colin Crawford, *Access to Justice for Collective and Diffuse Rights: Theoretical Challenges and Opportunities for Social Contract Theory*, 27 Ind. J. Global Legal Stud. 59, 79 (2020); D. Brooks Smith, *Class Action and Aggregate Litigation: A Comparative International Analysis*, 124 Penn St. L. Rev. 303, 326-27 (2020); Daniel Wilf-Townsend, *Did* Bristol-Myers Squibb *Kill the Nationwide Class Action?*, 129 Yale L.J. Forum 205, 206 (2019); Pamela K. Bookman, *The Arbitration–Litigation Paradox*, 72 VAND. L. REV. 1119, 1143 n.146 (2019); David C. Miller, *Abuse of Discretion and the Sliding Scale of Difference: Restoring the Balance of Power Between Circuit Courts and District Courts for Rule 23 Class Certification Decisions in Oil and Gas Royalty Litigation*, 103 IOWA L. REV. 1811 *passim* (2018); Libby Jelinek, *The Applicability of the Federal Rules of Evidence at Class Certification*, 65 UCLA L. REV. 280, 297 n.101 (2018); Andrew D. Bradt & D. Theodore Rave, *Aggregation on Defendants' Terms:* Bristol-Myers Squibb *and the Federalization of Mass Tort Litigation*, 59 B.C. L. REV. 1251, 1261 n.39, 1266 n.78, 1286

11. In October 2014, I was elected to membership in the International Association of Procedural Law (IAPL), an organization of preeminent civil procedure scholars from around the world. I was selected in a competitive process to present a scholarly article on class actions at the May 2015 Congress of the IAPL, an event held once every four years.

12. I have testified as an expert (in person or by declaration) in numerous class action cases and in other cases raising civil procedure issues. Between 2011 and the present, I testified in the following cases:

- *Pinon v. Daimler AG.*, No. 1:18-cv-03984 (N.D. Ga.) (submitted expert declaration dated 7/24/21 opining on the fairness of the settlement to members

---

n.196 (2018); Joseph A. Seiner, *Tailoring Class Actions to the On-Demand Economy*, 78 OHIO ST. L.J. 21, 25 n.14, 32 n.54 (2017); Brian T. Fitzpatrick, *Justice Scalia and Class Actions: A Loving Critique*, 92 NOTRE DAME L. REV. 1977, 1979 (2017); Deborah R. Hensler, *From Sea to Shining Sea: How and Why Class Actions Are Spreading Globally*, 65 KAN. L. REV. 965, 965 n.2 (2017); Richard Marcus, *Bending in the Breeze: American Class Actions in the Twenty-First Century*, 65 DEPAUL L. REV. 497, 497 & n.2 (2016); Maureen Carroll, *Class Action Myopia*, 65 DUKE L.J. 843, 846 n.8, 876–78 & nn.181, 183 & 190–93, 881 nn.211 & 213, 883 n.225 (2016); Claire E. Bourque, Note, *Liability Only, Please—Hold the Damages: The Supreme Court's New Order for Class Certification*, 22 GEO. MASON L. REV. 695, 698 n.29 (2015); Martin H. Redish & Julie M. Karaba, *One Size Doesn't Fit All: Multidistrict Litigation, Due Process, and the Dangers of Procedural Collectivism*, 95 B.U. L. REV. 109, 110 n.2 (2015); Robert G. Bone, *The Misguided Search For Class Unity*, 82 GEO. WASH. L. REV. 651, 654 n.6 (2014); David Freeman Engstrom, *Private Enforcement's Pathways: Lessons From Qui Tam Litigation*, 114 COLUM. L. REV. 1913, 1920 n.17 (2014); Howard M. Erichson, *The Problem of Settlement Class Actions*, 82 WASH. U. L. REV. 951, 956 n.20 (2014); Arthur R. Miller, Keynote Address, *The Preservation and Rejuvenation of Aggregate Litigation: A Systemic Imperative*, 64 EMORY L.J. 293, 294 n.7 (2014); Linda S. Mullenix, *Ending Class Actions As We Know Them: Rethinking the American Class Action*, 64 EMORY L.J. 399, 403 n.14 (2014); Stephen R. Subrin & Thomas O. Main, *The Fourth Era of American Civil Procedure*, 162 U. PA. L. REV. 1839, 1853 n.80 (2014); Erin L. Geller, *The Fail-Safe Class as an Independent Bar to Class Certification*, 81 FORDHAM L. REV. 2769, 2775 n. 38 (2013); Arthur R. Miller, *Simplified Pleading, Meaningful Days in Court, and Trials on the Merits: Reflections on the Deformation of Federal Procedure*, 88 N.Y.U. L. REV. 286, 314 n.105 (2013); D. Theodore Rave, *Governing the Anticommons in Aggregate Litigation*, 66 VAND. L. REV. 1183, 1186 n.5 (2013); Brandon L. Garrett, *Aggregation and Constitutional Rights*, 88 NOTRE DAME L. REV. 593, 610 n.82 (2012); Richard Marcus, *Still Confronting the Consolidation Conundrum*, 88 NOTRE DAME L. REV. 557, 560 n.17, 589 n.154 (2012); *Hearing on "The State of Class Actions Ten Years after the Class Action Fairness Act" Before the Committee on the Judiciary, Subcommittee on the Constitution and Civil Justice* (U.S. House of Representatives, Feb. 27, 2015) (statement of Prof. Patricia W. Moore), at 2 n.4.

of the class under Fed. R. Civ. P. 23(e) and the adequacy of the class counsel and class representatives);

- *Rosas v. Sarbanand Farms, LLC.,* No. 2:18-CV-0112-JCC (W.D. Wa.) (submitted expert declaration, dated 4/19/20, opining that a final fairness hearing under Fed. R. Civ. P. 23(e) can be conducted telephonically);

- *In re Equifax Inc. Customer Data Sec. Breach Litig.*, No. 1:17-MD-2800-TWT, 2020 WL 256132 (N.D. Ga. Mar. 17, 2020) (submitted expert declaration on attorneys' fees on 10/29/19; submitted supplemental expert declaration on class settlement terms on 12/15/19), *aff'd in relevant part, In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247 (11th Cir. June 3, 2021);

- *In re Chrysler-Dodge-Jeep Ecodiesel Marketing, Sales Practices & Products Liability Litigation*, No. 3:17-md-02777-EMC (N.D. Cal.) (submitted expert declaration on settlement fairness dated 4/25/19);

- *The Doan v. State Farm General Insurance Co.*, No. 1-08-CV-129264 (Cal. Sup. Ct. Santa Clara Cnty.) (submitted expert declaration on settlement fairness, attorneys' fees, expenses, and incentive payments dated 1/16/19);

- *In re Syngenta AG MIR162 Corn Litigation*, No. 2:14-MD-02591-JWL-JPO (D. Kan.) (submitted expert declaration on attorneys' fees, expenses, and incentive payments dated 7/10/18; submitted supplemental declaration on attorneys' fee dated 8/17/18);

- *In re Chinese-Manufactured Drywall Litigation*, MDL No. 2047 (E.D. La.) (submitted expert declarations on attorneys' fees issues dated 05/04/17 and 08/01/18);

- *Jabbari v. Wells Fargo & Co.*, No. 15-cv-02159-VC (N.D. Cal.) (submitted expert declaration on class certification, settlement fairness, attorneys' fees, expenses, and incentive payments dated 1/19/18; submitted supplemental declaration dated 5/21/18);

- *Lynch v. Lynch*, No. F.D. 14-6239-006 (Pa. Ct. Comm. Pl., Allegheny Cnty.) (submitted expert declaration on the nature of class action law practice in the context of a divorce proceeding involving a class action attorney, dated 9/05/17);

- *In re Volkswagen "Clean Diesel" Marketing, Sales Practices & Products Liability Litigation*, No. 3:15-md-02672-CRB (N.D. Cal.) (submitted expert declaration addressing objections by class members to proposed 3.0-liter and Bosch settlements, dated 4/28/17);

- *State of Louisiana & Vermilion Parish School Board v. Louisiana Land & Exploration Co.,* No. 82162 (15th Judicial Court, Parish of Vermilion) (submitted expert declaration on attorneys' fees issues dated 3/9/17);

- *Thacker v. Farmers Insurance Exchange*, Case No. 2006CV342 (Dist. Ct. Boulder County, Colo.) (submitted expert declaration on class certification issues dated 1/24/17);

- *In re Volkswagen "Clean Diesel" Marketing, Sales Practices & Products Liability Litigation*, No. 3:15-md-02672-CRB (N.D. Cal.) (submitted expert declaration addressing objections by class members to proposed 2.0-liter settlement, dated 9/30/16);

- *In the Matter of Gosselin Group*, No. 15/3925/B (Antwerp Court of First Instance, Belgium) (submitted expert declaration discussing the role of U.S. federal appellate courts in the factfinding process, dated 9/27/16);

- *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*, Nos. 12-970, 15-4143, 15-4146, and 15-4645 (E.D. La.) (submitted expert declaration on class certification, settlement fairness, and attorneys' fees relating to proposed Halliburton/Transocean class settlement, dated 8/5/16);

- *Ben-Hamo v. Facebook, Inc. and Facebook Ireland Ltd.*, No. 46065-09-14 (Central District Court, Israel) (submitted expert declaration on behalf of Facebook, Inc. and Facebook Ireland Limited addressing various issues of U.S. civil procedure and class action law, dated 9/3/15);

- *Skold v. Intel Corp.*, Case No. 1-05-CV-039231 (Super. Ct. of Cal., Santa Clara County) (submitted expert declaration on class settlement approval, attorneys' fees, and incentive payments dated 12/30/14);

- *In re National Football League Players' Concussion Injury Litigation*, No. 2:12-md-02323-AB (E.D. Pa.) (submitted expert declaration on class certification, class notice, and settlement fairness dated 11/12/14);

- *MBA Surety Agency, Inc. v. AT&T Mobility, LLC*, Case No. 1222-CC09746 (Mo. 22d Dist.) (submitted expert declaration on class certification and settlement fairness dated 2/13/13; submitted supplemental declaration dated 2/19/13; testified in court on 2/20/13);

- *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, No. 2:10-md-02179-CJB-SS (E.D. La.) ("*Deepwater Horizon*") (submitted expert declarations on class certification, settlement fairness, and attorneys' fees for the economic and property damages settlement (Doc. No. 7104-3) and class certification, settlement fairness, and attorneys' fees for the

9

personal injuries settlement (Doc. No. 7111-4), both dated 08/13/12; submitted supplemental expert declarations for both class settlements (Doc. No. 7727-4: economic) and (Doc. No. 7728-2: medical), both dated 10/22/12);

- *Robichaux v. State of Louisiana, et al.* (No. 55,127) (18th Judicial Dist. Ct., Iberville Parish, La.) (submitted expert declaration on attorneys' fees dated 2/20/12; gave deposition testimony on 3/7/12; testified in court on 4/11/2012); and

- *In re AT&T Mobility Wireless Data Services Sales Tax Litigation*, MDL No. 2147, Case No. 1:10-cv-02278 (N.D. Ill.) (submitted expert declarations on settlement fairness (Doc. No. 163-3) and attorneys' fees and incentive payments (Doc. No. 164-1), both dated 03/08/11; testified in court on 3/10/11).

13. Courts reviewing class action settlements and attorneys' fees issues have relied extensively on my expert testimony. For example, in the *AT&T Mobility* MDL litigation, then-District Judge Amy St. Eve (now a Judge on the Seventh Circuit) cited and quoted my Declarations more than 20 times in approving a class settlement and awarding attorneys' fees.[5] In the *Deepwater Horizon* MDL litigation, Judge Carl Barbier cited and quoted my Declarations (relating to a proposed settlement with British Petroleum) more than 60 times in his two opinions analyzing class certification and fairness.[6] In a later order in that MDL, Judge Barbier repeatedly cited my Declaration—which I filed in connection with a class settlement involving Transocean and Halliburton).[7] In the *Volkswagen Clean Diesel* MDL litigation, Judge Charles Breyer repeatedly

---

[5] *See In re AT&T Mobility Wireless Data Svcs. Sales Tax Litig.*, 789 F. Supp. 2d 935, 956–59, 961, 963–65 (N.D. Ill. 2011) (approving class settlement); *In re AT&T Mobility Wireless Data Svcs. Sales Tax Litig.*, 792 F. Supp. 2d 1028, 1032 n.3, 1034–35, 1037, 1040, 1042 (N.D. Ill. 2011) (awarding attorneys' fees).

[6] *See In re Deepwater Horizon*, 910 F. Supp. 2d 891, 903, 914–16, 918–21, 923–24, 926, 929–33, 938, 941, 947, 953, 955, 960, 962 (E.D. La. 2012) (approving economic and property damages settlement), *aff'd*, 739 F.3d 790 (5th Cir. 2014); *In re Deepwater Horizon*, 295 F.R.D. 112, 133–34, 136, 138–41, 144–45, 147 (E.D. La. 2013) (approving medical benefits settlement).

[7] *See* Order and Reasons, Case No. 2:10-md-02179-CJB-JCW (Doc. No. 22252) (E.D. La. 02/15/17); *available at* http://www.laed.uscourts.gov/sites/default/files/OilSpill/2152017OrderAndReasons%28HESI%26TOsettlement%29.pdf (last visited July 7, 2018).

cited and quoted from my two Declarations in his three opinions—relating to the 2.0-liter VW class settlement, the 3.0-liter VW class settlement, and the class settlement with VW's co-defendant, Bosch.[8] Similarly, in the *Syngenta GMO Corn* MDL litigation, Judge John Lungstrum cited my two Declarations on attorneys' fees issues numerous times in his two opinions.[9] Indeed, Judge Lungstrum credited my opinions on attorneys' fees over the contrary opinions of five law professor experts retained by various objectors.[10] In the *Equifax Data Breach* case, Judge Thrash considered various expert reports relating to a class settlement and proposed attorneys' fees; he noted that, although he exercised his own independent judgment, he found my report to be "particularly helpful."[11] In the *Wells Fargo Unauthorized Accounts* litigation, Judge Vince Chhabria cited my testimony in ordering that objectors to a class settlement post an appeal bond.[12]

---

[8] *See In re Volkswagen "Clean Diesel" Marketing, Sales Practices & Prods Liab. Litig.*, No. 3:15-md-02672-CRB, 2016 WL 6248426, at *18, *19, *20 (N.D. Cal. Oct. 25, 2016), *appeal filed*, No. 16-17185 (9th Cir. Nov. 29, 2016); Order Granting Final Approval of the Consumer and Reseller Dealership 3.0-Liter Class Action Settlement, Case No. 3:15-md-02672-CRB (Doc. No. 3229) (filed 05/17/17), at 34, 35, 38; Order Granting Final Approval of the Bosch Class Action Settlement, Case No. 3:15-md-02672-CRB (Doc. No.. 3230) (filed 05/17/17), at 18.

[9] *See In re Syngenta AG MIR 162 Corn Litig.,* 357 F. Supp. 3d 1094, 1112 (D. Kan. 2018) (granting final approval of class settlement and awarding total attorneys' fees); *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-2591-JWL, 2018 WL 6839380 (D. Kan. Dec. 31, 2018) (allocating attorneys' fees among common benefit counsel and individually retained private attorneys).

[10] *In re Syngenta AG MIR 162 Corn Litig.,* No. 14-MD-2591-JWL, 2018 WL 6839380 (D. Kan. Dec. 31, 2018).

[11] *In re Equifax Inc. Customer Data Sec. Breach Litig.*, No. 1:17-MD-2800-TWT, 2020 WL 256132 (N.D. Ga. Mar. 17, 2020), *aff'd in relevant part,* No. 20-10249, 2021 WL 2250845 (11th Cir. June 3, 2021)

[12] *See Jabbari v. Wells Fargo & Co*., No. 15-cv-02159-VC, slip op. at 14 (N.D. Cal. June 14, 2018) (Doc. No. 271), *available at* https://www.courthousenews.com/wp-content/uploads/2018/06/Wells-Fargo-settlement.pdf.

And in *Skold v. Intel Corp.*, Judge Peter Kirwan cited my Declaration in approving a class settlement and awarding attorneys' fees.[13]

14. In this case, I am being compensated at my customary rate of $985 per hour. My fee is not contingent on the substance of my opinions.

15. Additional information regarding my qualifications and experience—including a list of my publications—can be found in my curriculum vitae (attached hereto as Exhibit A).

## III. MATERIALS RELIED UPON

16. I reviewed and relied upon various court filings and other materials in the instant case. Those materials are listed in Exhibit B.

## IV. SUMMARY OF OPINIONS

17. In Section V of this Declaration, I explain in detail my conclusions, which are as follows:

- Consistent with long-standing Seventh Circuit authority, this Court should apply the percentage-of-the-fund method, not the lodestar method (except as a cross check).

- The Seventh Circuit has rejected the so-called mega-fund doctrine.

- Under the Seventh Circuit's case law, fees should reflect what the parties would have agreed to at the outset of the representation.

- The Seventh Circuit does not require a declining sliding scale approach. Numerous cases within the Seventh Circuit have rejected that approach; cases that apply a sliding scale are readily distinguishable; most common fund cases apply a flat percentage; and a declining sliding scale approach is not sensible in a complex antitrust case such as this one.

- The rational for applying a declining sliding scale approach—reflecting that the cost and efforts for expanding the size of the recovery become minimal after a certain point—does not apply here.

---

[13] *See Skold v. Intel Corp.*, No. 1-05-CV-039231 (Cal. Super. Ct. Santa Clara County) (Jan. 29, 2015), at 7, *available at* http://lawzilla.com/blog/janet-skold-et-al-vs-intel-corporation/.

- A sliding scale approach would not replicate the market *ex ante* in this complex antitrust case and would conflict with settled law and sound policy regarding attorneys' fees in complex antitrust cases.

- A flat fee of 33 1/3 percent is appropriate here, based on actual fee agreements, the risk of non-payment, the caliber of class counsel's performance, and fee awards in other cases.

- In my expert opinion, if the Court ultimately adopts a declining sliding scale approach, an appropriate sliding scale should be: 35 percent of the common fund for the first $50 million; 34 percent for the $50 million-$100 million band; 33 1/3 percent for the $100 million-$150 million band; 32 percent for the $150 million-$200 million band; and 31 percent for any amount above $200 million. I explain in Section V(D), *infra,* my rationale for this proposed sliding scale.

## V. DETAILED DISCUSSION OF OPINIONS[14]

### A. The Seventh Circuit's Approach is Not That District Courts Should Routinely Apply a Sliding Scale Method But That They Should Award Fees Based on a Reasonable *Ex Ante* Assessment of the Market Rate for Services

#### 1. The Percentage of the Fund Method is Appropriate Here

18. As an initial matter, although the sliding scale approach identified by the Court in its Minute Entry assumes the application of varying percentages, I briefly address the question of whether the percentage-of-the-fund method (hereafter, the percentage method) should be used or whether, instead, the lodestar method should be used. Under the percentage method, "class counsel's fees are based on a percentage of the common settlement fund paid by the defendants." *N.P. v. Standard Innovation Corp*, No. 16 CV 8655, 2017 WL 10544061, at *3 (N.D. Ill. July 25, 2017). In some cases, the percentage award is confirmed for reasonableness by applying a lodestar cross-check. By contrast, "under the lodestar the fee award is calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly fee." *Gaskill v. Gordon*, 942 F. Supp. 382, 385–86 (N.D. Ill. 1996), *aff'd*, 160 F.3d 361 (7th Cir. 1998). Under the latter

---

[14] In citing docket entries (hereafter "Doc."), I cite to the page numbers assigned by the Court's CM/DOC system; the only exceptions are when I cite to pages in pleadings filed under seal.

approach, the lodestar determines the fees, as opposed to just serving to confirm the reasonableness of the percentage calculation.

19.  In the Seventh Circuit, courts have discretion to use the percentage method or the lodestar approach. *See, e.g., Americana Art China Co. v. Foxfire Printing & Packaging, Inc*., 743 F.3d 243 (7th Cir. 2014) ("Both the lodestar approach and the percentage approach may be appropriate in determining attorney fee awards, depending on the circumstances."); *Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 566 (7th Cir. 1994) (same). Nonetheless, the vast majority of courts in the Seventh Circuit use the percentage approach in common fund cases. *See, e.g., Chambers v. Together Credit Union,* No. 19-CV-00842-SPM, 2021 WL 1948452, at *1 (S.D. Ill. May 14, 2021) ("[T]he percentage method is employed by the vast majority of courts in the Seventh Circuit"); *In re Dairy Farmers of Am., Inc.,* 80 F. Supp. 3d 838, 845 (N.D. Ill. 2015) (the percentage method has "emerged as the favored method for calculating fees in common–fund cases in this district"); *Beesley v. Int'l Paper Co.,* No. 3:06–cv– 703–DRH–CJP, 2014 WL 375432, at *2 (S.D. Ill. Jan. 31, 2014) ("When determining a reasonable fee, the Court of Appeals for the Seventh Circuit uses the percentage basis rather than a lodestar or other basis.") (citation omitted).

20.  A percentage approach is especially appropriate in a complicated antitrust case such as this one, because "it is essentially unheard of for sophisticated lawyers to take on [an antitrust] case of this magnitude and type on any basis other than a contingency fee, expressed as a percentage of the relief obtained." *In re Payment Card Interchange Fee and Merch. Discount Antitrust Litig.*, 991 F. Supp. 2d 437, 440 (E.D.N.Y. 2014), *rev'd on other grounds*, 827 F.3d 223 (2d Cir. 2016); *accord, e.g., In re New Jersey Tax Sales Certificates Antitrust Litig*, No. CV121893MASTJB, 2016 WL 5844319, at *10 (D.N.J. Oct. 3, 2016) **("**In antitrust cases . . . the percentage-recovery method is generally favored[.]"); *In re Fasteners Antitrust Litig., No*. CIV.A.

08-MD-1912, 2014 WL 296954, at *3 (E.D. Pa. Jan. 27, 2014) ("[C]ourts . . . assess requests for attorney's fees in antitrust cases using the percentage-of-recovery method[.]"). In short, there can be little doubt that the percentage method, not the lodestar method, is the appropriate one for evaluating an attorneys' fee request in this case.

### 2. The Seventh Circuit Has Rejected the Mega-Fund Approach

21. Although the Court's Minute Entry does not suggest that the Court is considering the so-called mega fund approach, I address it for purposes of completeness. The mega-fund approach requires fee awards to be set at lower percentages when the common fund is very large. *See, e.g., Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 123 (2d Cir. 2005) (affirming a 6.5 percent fee award from a common fund over $3 billion, reasoning that "the sheer size of the instant fund makes a smaller percentage appropriate"); *Dial Corp. v. News Corp.,* 317 F.R.D. 426 (S.D.N.Y. 2016) ("[I]n class actions where the recovered settlement fund runs into the multi-millions, courts typically decrease the percentage of the fees amount as the size of the fund increases.").

22. Under the mega-fund approach, a lower flat percentage is applied to the entire fund (*e.g.*, 10 percent of a $200 million settlement), as opposed to a declining sliding scale, in which the percentage varies within a particular award (*e.g.,* 30 percent of the first $50 million, 20 percent of the second $50 million, and 10 percent of anything over $100 million). A mega fund is typically (but not always) defined as a common fund recovery of more than $100 million. *See, e.g., Arkansas Tchr. Ret. Sys. v. State St. Bank & Tr. Co.*, 512 F. Supp. 3d 196, 213 (D. Mass. 2020) ("[T]his case involves a 'megafund' of more than $100,000,000."), *appeal dismissed sub nom. Arkansas Tchr. Ret. Sys. v. State St. Corp.*, No. 20-1365, 2020 WL 5793216 (1st Cir. Sept. 3, 2020)*; Ramah Navajo Chapter v. Jewell*, 167 F. Supp. 3d 1217, 1242 (D.N.M. 2016) ("[A] 'mega fund' . . . [is] defined as cases with common fund recovery of more than $100 million.").

23. The mega-fund method can lead to attorney incentives that collide with the interests of the class. For instance, a court utilizing that approach might apply a 40 percent rate to a fund of $50 million ($20 million in fees) but might apply only a 10 percent rate to a mega fund of $200 million (again, $20 million in fees). As this hypothetical illustrates, such an approach would give class counsel no attorneys' fee incentive to achieve a $200 million outcome instead of a $50 million outcome because their attorneys' fees would be identical in both scenarios.

24. In *In re Synthroid Marketing Litig.,* 264 F.3d 712 (7th Cir. 2001) ("*Synthroid I*"), the Seventh Circuit expressly rejected the mega-fund approach. The court vacated the district court's 10 percent cap on the mega-fund settlement of $134 million, reasoning that "private parties would never contract for such an arrangement, because it would eliminate counsel's incentive" to advocate for increased settlement amounts. *Id*. at 718. According to the court, "when deciding on appropriate fee levels in common-fund cases, courts must do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *Id.* That holding applies fully in the mega-fund context: "We have never suggested that a 'mega-fund rule' trumps these market rates, or that as a matter of law no recovery can exceed 10% of a 'mega-fund[.]'" *Id.*

25. In light of *Synthroid I,* courts within the Seventh Circuit have repeatedly rejected the mega-fund approach. *See, e.g., Williams v. Rohm & Haas Pension Plan,* 658 F.3d 629, 636 (7th Cir. 2011) (noting that the Seventh Circuit has "rejected" a "'mega-fund cap'"); *Hale v. State Farm Mut. Auto. Ins. Co*., No. 12-0660-DRH, 2018 WL 6606079 (S.D. Ill. Dec. 16, 2018) (same); *In re FedEx Ground Package Sys., Inc., Emp. Pracs. Litig.,* 251 F. Supp. 3d 1225, 1239 (N.D. Ind. 2017) (*"*[O]ur court of appeals hasn't recognized the mega-fund as a separate concept when determining the reasonableness of a common fund fee request."). Indeed, as discussed below, courts within the

Seventh Circuit have approved percentages of well over 30 percent, even in settlements of more than $100 million.[15]

### 3. The Seventh Circuit Requires that Fees Represent What the Parties Would Have Agreed to at the Outset of the Representation

26. In the Seventh Circuit, the approach to setting attorneys' fees is clear: District courts should "always seek to replicate the market value of an attorney's services . . . ." *Americana Art China v. Foxfire Printing & Packaging, Inc.,* 743 F.3d 243, 246 (7th Cir. 2014). Put another way, "the district court must try to assign fees that mimic a hypothetical *ex ante* bargain between the class and its attorneys." *Williams v. Rohm & Haas Pension Plan*, 658 F.3d 629, 636 (7th Cir. 2011). *Accord, e.g., Silverman v. Motorola Solutions, Inc.,* 739 F.3d 956, 957 (7th Cir. 2013) (fees "should approximate the market rate that prevails between willing buyers and willing sellers of legal services"); *Sutton v. Bernard*, 504 F.3d 688, 693 (7th Cir. 2007) (courts must determine

---

[15] In this Declaration, I assume that this Court does not intend to utilize the auction concept as a methodology for setting fees. The Seventh Circuit, in both *Synthroid* decisions, referenced auctions as a possible method for determining fees. *See Synthroid I,* 264 F.3d at 719; *In re Synthroid Mktg. Litig.,* 325 F.3d 974, 978-79 (7th Cir. 2003) (*Synthroid II*). Yet, the court was critical of the auction approach. *See Synthroid II,* 325 F.3d at 979 ("[I]t is not possible to say . . . that the outcome of auctions . . . in other litigation shows that the 22% contingent fee agreed to in arms'-length transactions between well informed parties in this case is 'too high[.]'"). Subsequently, in *Silverman v. Motorola Solutions, Inc.,* 739 F.3d 956 (7th Cir. 2013), the Seventh Circuit noted that "[i]n many markets competition proceeds by auction. But . . . solvent litigants do not select their own lawyers by holding auctions, because auctions do not work well unless a standard unit of quality can be defined and its delivery verified. There is no 'standard quantity' of legal services, and verification is difficult if not impossible." *Id.* at 957. Subsequent cases within the Seventh Circuit have similarly recognized that the auction concept is flawed because of the absence of relevant and reliable data. *See, e.g., Leung v. XPO Logistics, Inc.,* 326 F.R.D. 185, 199 (N.D. Ill. 2018) (noting that "there are no relevant class-counsel auctions to look to"), *In re Cap. One Tel. Consumer Prot. Act Litig.,* 80 F. Supp. 3d 781, 796 (N.D. Ill. 2015) ("The Seventh Circuit has repeatedly stated that litigants do not select their own lawyers through auctions because there is no standard of quality of legal services"; the court also noted that "data from pre-suit negotiations and auctions tend to be sparse"). Given these flaws, it is my opinion that the auction concept is not a feasible approach here, and I do not discuss it further in this Declaration.

"what the parties would have agreed to had negotiations occurred at the outset"); *Synthroid I,* 264 F.3d at 718 ("[W]hen deciding on appropriate fee levels in common-fund cases, courts must do their best to award counsel the market price for legal services [.]"). Thus, the "Seventh Circuit has directed district courts, when deciding whether requested fees are excessive, to estimate the contingent fee that the class would have negotiated with Class Counsel at the outset of the litigation, had 'negotiations with clients having a real stake been feasible.'" *In re Cap. One Tel. Consumer Prot. Act Litig.,* 80 F. Supp. 3d 781, 794 (N.D. Ill. 2015) (*quoting In re Trans Union Corp. Privacy Litig.,* 629 F.3d 741, 744 (7th Cir. 2011)). Of course, the class representatives in the CIIPP case here do, in fact, have "a real stake" in the outcome of this case.

### 4. The Seventh Circuit Does Not Require a Sliding Scale Approach

#### a. Numerous District Courts in the Seventh Circuit Have Rejected Use of the Sliding Scale Approach

27. In addressing the Court's Minute Entry, I assume that the Court is contemplating a *declining* sliding scale, in which the fee percentage goes down in bands as the amount of the recovery increases.[16]

28. As explained in ¶¶ 29-34, there is no Seventh Circuit opinion *requiring* a declining sliding scale approach. That should not be surprising. If the goal is to figure out what the parties would have negotiated at the outset of counsel's representation, then a sliding scale approach should only be applied if the court concludes that the parties would in fact have negotiated a sliding scale arrangement at the outset of the litigation under the particular facts and circumstances of the case.

---

[16] There is, however, another type of sliding scale, which I discuss below, in which the fee percentage goes *up* in bands as the amount of the recovery increases. As I explain in ¶ 61, I believe that a flat fee is the preferable approach, but as between a declining or an increasing sliding scale, I believe that an increasing sliding scale more accurately captures the kind of arrangement that would have been negotiated at the outset in a case like this.

29.  In many (if not most) circumstances, the proper assumption is that parties would not have bargained for a sliding scale approach because of the possibility that such an approach would deter counsel from doing everything possible to maximize the client's recovery. Thus, in *Synthroid I*, the Seventh Circuit warned that "systems with declining marginal percentages are not always best" because they "ensur[e] that at some point attorneys' opportunity costs will exceed the benefit of pushing for a large recovery, even though extra work could benefit the client." 264 F.3d at 721. Indeed, in *Silverman v. Motorola Solutions, Inc.,* 739 F.3d 956 (7th Cir. 2013), the Seventh Circuit held that the district court did not abuse its discretion in awarding a flat fee percentage. *Id.* at 958.

30.  Not surprisingly, therefore, district courts within the Seventh Circuit have on numerous occasions refused to apply a declining sliding scale approach.  For example, in *Hale v. State Farm Mut. Auto. Ins. Co.,* No. 12-0660-DRH, 2018 WL 6606079 (S.D. Ill. Dec. 16, 2018)—which involved a common fund settlement of $250 million in a nationwide consumer protection lawsuit—the court awarded a 33 1/3 percent fee after applying controlling Seventh Circuit law. In doing so, the court squarely rejected the sliding scale approach, reasoning:

> [T]his Court declines to adopt a decreasing sliding scale fee structure. The Seventh Circuit explained the rationale for this approach in *Synthroid I*, but also cautioned that "systems with declining marginal percentages are [not] always best" because they "create declining marginal returns to legal work, ensuring that at some point attorneys' opportunity cost will exceed the benefits of pushing for a larger recovery, even though extra work could benefit the client." 264 F.3d at 721. Thus, while the Seventh Circuit, and courts within it, have applied the declining scale to large recoveries in some circumstances, the Court rejects [the] suggestion that it is the only permissible model. *Silverman* itself, which affirmed a flat percentage in a megafund case, confirms this. 739 F.3d at 956. *Hale* 2018 WL 6606079 at * 12.

31. Similarly, in *In re Dairy Farmers of Am., Inc.,* 80 F. Supp. 3d 838 (N.D. Ill. 2015), a multi-party antitrust case, the court recognized that the declining sliding scale approach "is not a one-size-fits-all recovery scheme, and there are many other factors to consider before declaring this pricing grid the Cinderella slipper." *Id* at 845. The court noted that "this has been a long and

19

arduous litigation, compounded by the intricacies of these particular commodities markets, the parsing of actions on a day-by-day basis over a long time period, and the inclusion of both traders and purchasers in the settlement class." *Id.* at 847**.** The court ultimately awarded a flat 33 1/3 percent fee, emphasizing that "[c]ourts in this district have awarded fees representing approximately one-third of the amount of the cash settlement, including antitrust cases involving the commodities market." *Id.* at 846.

32.  Likewise, in *Young v. Cty. of Cook,* No. 06 C 552, 2017 WL 4164238 (N.D. Ill. Sept. 20, 2017), a civil rights case brought by pretrial detainees, the district court rejected the sliding scale approach, reasoning:

> [Class counsel's effort] is the kind of lawyering that the Court believes the class members would have expected—and been willing to pay for—had it been possible for them to negotiate rates *ex ante*. Imposing a declining marginal percentage fee structure in this case would disincentivize this by creating the "declining marginal returns to legal work" of which *Synthroid I* warned . . . . [T]he Court concludes that . . . the use of a declining marginal percentage scale is not appropriate. *Id*. at *5.

33.  As another example, in *Shah v. Zimmer Biomet Holdings, Inc*., No. 3:16-CV-815-PPS-MGG, 2020 WL 5627171 (N.D. Ind. Sept. 18, 2020), a securities fraud case involving numerous defendants, the court likewise rejected the declining sliding scale approach and awarded a 30 percent flat fee. The court noted that, while an increasing sliding scale provides an incentive for class counsel to push for the highest fund, a declining scale does just the opposite: When a complex class action "incurs several million dollars in legal fees and expenses every year, rational class counsel is likely going to take the quick but still substantial settlement" to avoid a lower percentage fee award. *Id*. at *12.

**b. The Cases Cited in the District Court's Minute Entry (and Other Sliding Scale Cases I Have Found) Bear No Similarity to this Case**

34. In its Minute Entry, this Court cites *Synthroid I* and *II, Silverman, Gehrich v. Chase Bank USA, N.A.,* 316 F.R.D. 215 (N.D. Ill. 2016), and *In re Cap. One Tel. Consumer Prot. Act Litig.,* 80 F. Supp. 3d 781 (N.D. Ill. 2015). With the utmost respect to the Court, I do not read those cases as suggesting that a declining scale approach would be appropriate in the present case. None of those cases arise in the antitrust context, and there are no other features of those cases suggesting that a declining sliding scale would be appropriate here.

35. In *Synthroid I* and *II,* there were two classes suing a pharmaceutical company for alleged misrepresentations to physicians in connection with the company's hypothyroidism drug—a consumer class and a third-party-payor (TPP) class. In the initial settlement, the parties agreed to an $88 million settlement for consumers and a $46 million settlement for the TPPs. Applying a mega-fund approach (which the court defined as settlements of $75 million and above), and treating the two settlements together, the district court awarded fees of 10 percent to counsel for each of the two classes. The Seventh Circuit reversed, as noted above (¶ 24), and in so doing rejected the mega-fund approach. On remand, the district court awarded a flat percentage of 22 percent to counsel for the TPP class and used a declining sliding scale for the consumer class (30 percent of the first $10 million, 25 percent of the next $10 million, 20 percent of the third $10 million, 15 percent of the fourth $10 million, and 10 percent of the remaining $48 million). The district court's award was again challenged on appeal. In reviewing the district court's revised approach, the Seventh Circuit noted that, under the sliding scale, the overall average percentage received by counsel for the consumer class was 15.45 percent, substantially below the 22 percent awarded to counsel for the TPP class. *See Synthroid II,* 325 F.3d at 976. The Seventh Circuit pointed out that the TPPs were all "sophisticated financial intermediaries with in-house counsel

21

who can (and do) shop for legal services in a national market," *id.,* and that virtually all of them agreed to contingent-fee representation, with 22 percent being the average fee percentage. The problem in the case was that the TPP class bore less risk than the consumer class: "[B]y the time the TPPs appeared as parties, the consumer class had done the entrepreneurial work and the defendants had agreed to a substantial settlement." *Id.* at 978. Yet, under the district court's approach, counsel for the consumer class ended up with a lower percentage overall than counsel for the TPP class. In disagreeing with the district court, the Seventh Circuit opted not to remand the case yet again. Instead, while it upheld the flat 22 percent award to the TPP class, it chose to adjust the district court's sliding scale (applicable to the consumer class) to reflect the greater risk that the consumer class counsel undertook at the outset of the case. It thus awarded 30 percent of the first $10 million, 25 percent of the next $10 million, 22 percent for the portion between $20 million and $46 million, and 15 percent of the portion over $46 million. *Id.* at 980. This revised sliding scale ensured that for each band of the first $46 million of the consumer class settlement (the total amount of the TPP settlement), counsel for the consumer class received a higher percentage than (or, at a minimum, the same percentage as) the TPP counsel received, thus reflecting the greater risk of litigating the consumer class. Far from mandating a sliding scale approach, however, the Seventh Circuit merely "st[u]ck as close as possible to the district court's approach," *id.,* and thus simply tweaked the district court's sliding scale approach. These unique facts—and the Seventh Circuit's decision to modify the district court's sliding scale approach rather than remanding the case again or coming up with an entirely new approach—says nothing, in my view, about how fees should be set in the present case, a complicated antitrust suit involving substantial risks. Indeed, it is notable that the Seventh Circuit did not hold that the district court erred in awarding a flat percentage of the fund for the TPP class counsel.

36. *Silverman* likewise does not support a sliding scale approach here. That case involved a $200 million settlement in a securities fraud suit, in which the district court awarded fees of 27.5 percent. The Seventh Circuit noted that in the securities fraud context presented there, "it is almost as expensive to conduct discovery in a $100 million case as in a $200 million case." *Id.* at 959. As discussed *infra* (¶ 51)*,* this observation does not apply here. It is likely to get *more* expensive and difficult to obtain higher and higher amounts for the common fund. In all events, even in the *Silverman* case, the Seventh Circuit did not reverse and order a sliding scale award. Instead, applying "deferential appellate review," the court determined that the district court's 27.5 percent award "must stand." *Id.* Thus, even in a context in which the parties might have negotiated a declining sliding scale fee structure *ex ante*, the Seventh Circuit upheld a flat fee.

37. Nor do the two district court cases cited by this Court indicate that a declining sliding scale would be appropriate in the instant case. *Gehrich v. Chase Bank USA,* N.A., 316 F.R.D. 215 (N.D. Ill. 2016), and *In re Cap. One Tel. Consumer Prot. Act Litig*., 80 F. Supp. 3d 781 (N.D. Ill. 2015), were both consumer actions under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA). In terms of risk and complexity, TCPA cases are the polar opposite of the present case, a complicated multi-party antitrust conspiracy case. Given the comparatively low level of risk to class counsel in both the *Gehrich* and *Capital One* TCPA cases, it made sense for the courts in those cases to apply a declining sliding scale approach as indicative of what market negotiations would have produced.

38. Thus, in *Gehrich,* the court noted that because of prior TCPA settlements in the Northern District of Illinois and elsewhere, class counsel knew that "settlement was likely—a notion supported by the fact that the parties entered settlement discussions after only nine months and before any significant motion practice." 316 F.R.D. at 230. As a result, "any risks to Class Counsel

23

could and should have been addressed through a sliding-scale fee percentage that declined with increases in the total recovery." *Id.* at 237. Accordingly, "the court [found] that fully informed and modestly sophisticated plaintiffs would have bargained for a sliding-scale contingency fee." *Id.* Moreover, as in *Silverman,* the court noted that "after a certain point the costs incurred in increasing a recovery [were] low relative to the actual increase in the recovery." *Id.* at 239 (citing *Silverman*). As discussed below (¶¶ 52-59)*,* the circumstances in the present case are vastly different.

39.  Similarly, the *Capital One* court found that the declining sliding scale made sense in that TCPA case because "the marginal costs of increasing the class's damages recover [were] low," and "the risks [involved] existed only with regard to liability, not damages." 80 F. Supp.3d at 806. Moreover, the court noted that, according to a class objector's expert, "the average TCPA case carries a 43% chance of success," and the court reasoned that "[the *Capital One*] case was only slightly riskier than a typical TCPA class action[.]" *Id.* at 807. Moreover, the court noted that defendant's "violation of the TCPA . . . [created a] potentially bankruptcy-level exposure [that was] sufficient to compel an *in terrorem* settlement before a liability determination [was] made and accordingly [was] a factor that reduce[d] Class Counsel's risk of non-payment." *Id.* at 805. Again, as discussed below (¶¶ 52-59), that case bears no similarity to the present case.

40. Another case in which a declining sliding scale approach was used was *Aranda v. Caribbean Cruise Line, Inc.,* No. 12 C 4069, 2017 WL 1369741, *aff'd sub nom. Birchmeier v. Caribbean Cruise Line, Inc.,* 896 F.3d 792 (7th Cir. 2018). That case was also a TCPA case, and the district court recognized that "counsel would have had the same or virtually the same incentive to fight for [the] award whether they were receiving a flat rate or a sliding-scale rate." 2017 WL at *5. On appeal, the Seventh Circuit's opinion does not suggest that the sliding scale approach

was challenged *per se;* rather, the defendants argued that the flaw was that the bands yielded an overall fee award that was too high. The Seventh Circuit rejected that argument under a deferential standard of review. 896 F.3d at 796.

41.  Other cases are also readily distinguishable from the instant case.  For example, *Craftwood Lumber Co. v. Interline Brands, Inc.,* No. 11-CV-4462, 2015 WL 1399367 (N.D. Ill. Mar. 23, 2015), *motion to amend denied,* 2015 WL 2147679 (N.D. Ill. May 6, 2015), was also a TCPA case. The court's rationale for applying the declining sliding scale fee award was that "the case was not especially difficult or time consuming" and that class counsel "did not become involved in this case until shortly before settlement." 2015 WL 1399367, at *4. That rationale is inapplicable to the instant case, as discussed in ¶¶ 52-59 below. In *Wilkins v. HSBC Bank Nevada, N.A.,* No. 14 C 190, 2015 WL 890566 (N.D. Ill. Feb. 27, 2015), another TCPA case, the court applied a declining scale because of "the similarities between the *Capital One* case and this *HSBC* case[.]" *Id.* at * 10. The court emphasized that "Class Counsel knew or should have known that [defendants'] incentives to settlement . . . would most likely overcome any incentives to litigate." *Id.* The case of *Vergara v. Uber Techs., Inc.,* 2018 U.S. Dist. LEXIS 117355 (N.D. Ill. Feb. 26, 2018), also arises under the TCPA, and the court simply "adopt[ed] what 'appears to have become the standard model in this circuit' for awarding fee awards *in TCPA cases like this one* involving a common fund settlement: a sliding-scale percentage approach." *Id.* at* 3 (emphasis added; citations omitted). The *Vergara* case confirms my research—that the main use of the declining sliding scale approach is in TCPA cases. To be sure, use of the sliding scale approach is not strictly limited to TCPA cases, as *Synthroid* reveals. In *In re Akorn, Inc. Sec. Litig.,* No. 15 C 1944, 2018 WL 2688877 (N.D. Ill. June 5, 2018), the court used a sliding scale approach in what it described as a "mine-run securities-class action," *id.* at * 3. But that is a very different kind of case than the

complicated, risky antitrust case at issue here. As explained below (¶¶ 51-59), in this antitrust case, substantial effort will be required to increase the size of the fund, even if some defendants settle early in the litigation. In any event, *Akorn* is clearly an outlier. As noted below (¶¶ 43), putting aside TCPA cases, district courts in the Seventh Circuit overwhelming apply the flat fee approach in all kinds of cases, *including securities cases*. Indeed, I have found numerous securities cases, post-*Synthroid II,* that applied a flat percentage rate. *See* ¶ 43 n.18. Thus, in my opinion, *Akorn* does not provide a persuasive foundation to apply a declining sliding scale approach in the context of a complicated and contentious antitrust case.

42.  In sum, cases within the Seventh Circuit utilizing the declining sliding scale involve relatively simple lawsuits in which a sliding scale replicated the type of arrangement that class counsel would have negotiated at the outset. As explained below, the circumstances of this case could not be more different. Moreover, as discussed below (¶¶ 43, 52-59), the vast majority of cases within the Seventh Circuit do not apply the sliding scale approach.

### c.  Case Law in the Seventh Circuit Overwhelmingly Applies a Flat Percentage, Not a Sliding Scale

43.  The sliding scale cases discussed above (¶¶ 34-42) bear no resemblance to the present case; indeed, most of them are TCPA cases. Moreover, they are few in number. Had the Seventh Circuit in *Synthroid II* announced an overarching preference for a sliding scale approach, one would expect to find legions of sliding scale fee awards following that decision. In my review of post-*Synthroid II* cases, however, I have found just the opposite: legions of cases awarding fees

on a flat percentage basis. These cases include antitrust,[17] securities,[18] labor and employment,[19] environmental/property,[20] and consumer,[21] including even several TCPA cases.[22] Clearly, in

---

[17] *See, e.g., Kleen Prod. LLC v. Int'l Paper Co.,* No. 1:10-CV-05711, 2017 WL 5247928 (N.D. Ill. Oct. 17, 2017); *In re Dairy Farmers of Am., Inc.,* 80 F. Supp. 3d 838, 862 (N.D. Ill. 2015); *In re Lawnmower Engine Horsepower Mktg. & Sales Pracs. Litig.,* 733 F. Supp. 2d 997, 1014 (E.D. Wis. 2010). *See also* ¶ 76, *infra* (table citing numerous antitrust cases).

[18] *See, e.g., Sutton v. Bernard,* 504 F.3d 688 (7th Cir. 2007); *Taubenfeld v. AON Corp.,* 415 F.3d 597 (7th Cir. 2005); *Shah v. Zimmer Biomet Holdings Inc.,* No. 3:16-cv-00815 (N.D. Ind. Dec. 2, 2016), Doc. No. 266; *Sokolow v. LJM Funds Management, Ltd.,* No. 1:18-cv-01039 (N.D. Ill. Dec. 18, 2019), Doc. No. 216; *Pension Trust Fund for Operating Engineers v. DeVry Education Group, Inc.,* No. 1:16-cv-05198 (N.D. Ill. May 13, 2016), Doc. No. 162; *Johnson v. Meriter Health Servs. Emple. Ret. Plan,* 2015 U.S. Dist. LEXIS 158859 (W.D. Wis. Jan. 5, 2015); *Heekin v. Anthem, Inc.,* No. 1:05-CV-01908-TWP, 2012 WL 5878032 (S.D. Ind. Nov. 20, 2012); *In re Northfield Lab'ys, Inc. Sec. Litig.,* No. 06 C 1493, 2012 WL 2458445 (N.D. Ill. June 26, 2012); *Abrams v. Van Kampen Funds, Inc.,* No. 01 C 7538, 2006 WL 163023 (N.D. Ill. Jan. 18, 2006).

[19] *See, e.g., Benoskie v. Kerry Foods, Inc.,* No. 19-CV-684-PP, 2020 WL 5769488 (E.D. Wis. Sept. 28, 2020); *Chen v. Genesco, Inc.,* No. 118CV00690SEBTAB, 2020 WL 360517 (S.D. Ind. Jan. 22, 2020); *In re FedEx Ground Package Sys., Inc., Emp. Pracs. Litig.,* 251 F. Supp. 3d 1225, 1244 (N.D. Ind. 2017); *Bitner v. Wyndham Vacation Resorts, Inc.,* No. 13-CV-451-WMC, 2017 WL 3530942 (W.D. Wis. July 28, 2017); *Briggs v. PNC Fin. Servs. Grp., Inc.,* No. 1:15-CV-10447, 2016 WL 7018566 (N.D. Ill. Nov. 29, 2016); *Holmes v. Roadview, Inc.,* No. 15-CV-4-JDP, 2016 WL 1466582 (W.D. Wis. Apr. 14, 2016); *Downes v. Wisconsin Energy Corp. Ret. Acct. Plan,* No. 09-C-0637, 2012 WL 1410023 (E.D. Wis. Apr. 20, 2012); *Burkholder v. City of Ft. Wayne,* 750 F. Supp. 2d 990, 997 (N.D. Ind. 2010).

[20] *See, e.g., Averett v. Metalworking Lubricants Co.,* 2017 WL 4284748 (S.D. Ill. Sept. 27, 2017) *City of Greenville v. Syngenta Crop Prot., Inc.,* 904 F. Supp. 2d 902 (S.D. Ill. 2012); *Ford v. Sprint Communs. Co. L.P.,* No. 3:12-cv-00270-slc, 2012 U.S. Dist. LEXIS 177280 (W.D. Wis. Dec. 13, 2012); *McDaniel v. Qwest Communs. Corp.,* No. 05 C 1008, 2011 U.S. Dist. LEXIS 154591(N,D, Ill. Aug. 29, 2011).

[21] *See, e.g., Chambers v. Together Credit Union, No.* 19-CV-00842-SPM, 2021 WL 1948452 (S.D. Ill. May 14, 2021); *Coleman v. Sentry Ins. a Mut. Co.,* No. 15-CV-1411-SMY-SCW, 2016 WL 6277593 (S.D. Ill. Oct. 27, 2016); *LaPlant v. Nw. Mut. Life Ins.* Co., No. 11-CV-0910, 2015 WL 13820474 (E.D. Wis. Oct. 5, 2015); *In re Kentucky Grilled Chicken Coupon Mktg. & Sales Pracs. Litig.,* No. 09 C 7670, 2011 WL 13257072 (N.D. Ill. Nov. 30, 2011); *Schulte v. Fifth Third Bank,* 805 F. Supp. 2d 560 (N.D. Ill. 2011).

[22] *See, e.g., Camp Drug Store, Inc. v. Cochran Wholesale Pharm., Inc.,* 897 F.3d 825, 830 (7th Cir. 2018); *Charvat v. Valente,* No. 12-CV-05746, 2019 WL 5576932 (N.D. Ill. Oct. 28, 2019); *Leung v. XPO Logistics, Inc.,* 326 F.R.D. 185, 202 (N.D. Ill. 2018); *Farnham v. Caribou Coffee*

common fund cases, the overwhelming practice within the Seventh Circuit is to award a flat fee percentage, not a declining sliding scale.

### d. Strong Policy Reasons Exist to Reject the Declining Sliding Scale Approach

44.  I respectfully urge this Court, in its consideration of a declining sliding scale award here, to take into account what I believe are serious policy concerns with that methodology—concerns that courts throughout the country have recognized. *See, e.g., In re Linerboard Antitrust Litig.,* No. CIV.A. 98-5055, 2004 WL 1221350, at *16–17 (E.D. Pa. June 2, 2004), *amended*, No. CIV.A.98-5055, 2004 WL 1240775 (E.D. Pa. June 4, 2004) ("The court rejects [the declining sliding scale] . . . . [T]he highly favorable settlement was attributable to the [class counsels'] skill and it is inappropriate to penalize them for their success . . . . [T]he sliding scale approach is economically unsound."); *In re Auction Houses Antitrust Litig.,* 197 F.R.D. 71, 80 (S.D.N.Y. 2000) ("[A]djusting downward the percentage of the recovery awarded to counsel as plaintiffs' recovery increases . . . may give rise to an attorney incentive problem by creating declining marginal returns to effort for counsel."). As a federal district court in Florida succinctly put it, "[b]y not rewarding class counsel for the additional work necessary to achieve a better outcome for the class, *the sliding scale approach creates the perverse incentive for class counsel to settle too early for too little.*" *Allapattah Services, Inc. v. Exxon Corp.,* 454 F. Supp. 2d 1185, 1213 (S.D. Fla. 2006) (emphasis added).

45.  A leading class action treatise has similarly identified several problems with the declining sliding scale approach:

---

*Co.*, 2017 U.S. Dist. LEXIS 214929 (W.D. Wis. Dec. 15, 2017); *Wright v. Nationstar Mortgage LLC*, No. 14 C 10457, 2016 WL 4505169 (N.D. Ill. Aug. 29, 2016); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483 (N.D. Ill. 2015)

*First,* the sliding scale lacks rigor because it provides no direction to courts about when to start decreasing the percentage award, nor by how much. *Second,* its suggestion that there is a smooth inverse relationship between the size of the common fund and an appropriate percentage may not be accurate: some high fund cases involve significant risks, require enormous investments of money and time, and may appropriately trigger a healthy percentage award; conversely, a relatively small fund (say $25 million), secured with a few months' work, may not truly entitle class counsel to a mean 25% award. In other words, the sliding scale is more rough proxy than real science. *Third*, the approach can create perverse incentives: if class counsel receives less of each next dollar that they secure for the class, they may have an incentive to settle when their percentage drops from 25% to 20%, for example, thereby encouraging quick settlements at sub-optimal levels. Courts have attempted to address this last problem by applying the lower percentage only to the marginal dollar—that is, class counsel would get, say, 25% of the first $10 million, 20% of the second $10 million, 15% of the third $10 million, etc.—but even this methodology is only a partial fix. Indeed, both scholars and courts have embraced precisely the *opposite* sliding scale, wherein the percentage fee awarded for the marginal dollar *increases* as the size of the fund increases; their argument is that the increasing percentage approach incentivizes class counsel to fight for every last dollar and discourages quick and easy settlements that may not be in the best interest of the class.

5 *Newberg on Class Actions* § 15:80 (5th ed. 2019) (emphasis in original).

46.  Other authorities share these concerns about the disincentives created by the use of a declining sliding scale methodology. For example, Vanderbilt Law Professor Brian Fitzpatrick has stated: "[The sliding scale approach] . . . undermines the lawyer's incentives. The lower the percentage the lawyer receives, the more inclined the lawyer is to try to settle a case early for less than the client would prefer . . . . [T]his is especially true if counsel can redirect their efforts to other cases where the tapering will not yet apply." Declaration of Brian Fitzpatrick in *In re Blue Cross Blue Shield Antitrust Litigation*, MDL 2406 (N.D. Ala. May 28, 2021), Doc. No. 2733-4 ¶ 23. *Accord, e.g.,* Declaration of U. Texas Law Professor Charles Silver in *In re Blue Cross Blue Shield Antitrust Litigation*, MDL 2406 (N.D. Ala. May 28, 2021), Doc. No. 2733-3 ¶ 36 (urging flat fees or increasing sliding scale fee awards). These kinds of concerns may well explain why so few cases within the Seventh Circuit utilize the declining sliding scale approach.

29

### e. Declining Sliding Scale Awards are Non-Existent in the Antitrust Context

47.  It is important to note that sliding scale fee arrangements are rarely, if ever, embodied in fee agreements in complex antitrust cases. In 2004, Columbia Law School Professor John C. Coffee, Jr., made this exact point in his declaration in a major antitrust case:

> I am aware that "declining" percentage of the recovery fee formulas are used by some public pension funds, serving as lead plaintiffs in the securities class action context. However, *I have never seen such a fee contract used in the antitrust context; nor, in any context, have I seen a large corporation negotiate such a contract (they have instead typically used straight percentage of the recovery formulas).*

*In re High Fructose Corn Syrup Antitrust Litig.*, M.D.L. 1087 (C.D. Ill. Oct. 7, 2004), Doc. No. 1421, ¶ 22 (emphasis added). That statement is still true today. In May 2021, Professor Charles Silver made the following statement in the context of a major antitrust case: "My experience is similar to Professor Coffee's. I know of few instances in which large corporations used scales with declining percentages when hiring attorneys." Declaration of Charles Silver in *In re Blue Cross Blue Shield Antitrust Litigation*, MDL 2406 (N.D. Ala. May 28, 2021), Doc. No. 2733-3 ¶ 35.

48.  My experience is identical to that of Professor Coffee and Professor Silver. I am not aware of any antitrust cases in which the actual fee contract utilized a declining sliding scale methodology.[23]

---

[23] Of course, research using case law databases does not necessarily tell the whole story. In many situations, the actual fee agreements are confidential and would not be revealed through online research. Nonetheless, fee agreements are frequently referenced in fee applications, in which counsel attempt to justify their fee requests by noting the actual agreements entered into between the class representatives and class counsel. For examples of cases referencing the actual contingent fee contract percentage, *see, e.g., In re FedEx Ground Package Sys., Inc., Emp. Pracs. Litig.,* 251 F. Supp. 3d 1225, 1243 (N.D. Ind. 2017) ("[T]he requested 30 percent fee" is reasonable because "of the 20 fee contracts in the case . . . none set a percentage of the recovery less than the 30 percent[.]"); *Heekin v. Anthem, Inc.,* No. 1:05-CV-01908-TWP, 2012 WL 5878032, at *5 (S.D. Ind. Nov. 20, 2012) (awarding the request fee award of 33.3 percent, reasoning that the "named plaintiffs . . . entered into contingent fee agreements with Class Counsel agreeing to pay a fee of

30

49.  To the contrary, where I have seen sliding scale agreements in complicated class action cases, those cases involve agreements in which the percentages *increase* after certain amounts,[24] or increase based on certain critical events, such as a trial or appeal.[25] Scholars, too, suggest that if a sliding scale is to replicate the considerations in a complex class action, fees should be based "on a graduated, *increasing* percentage of the recovery formula—one that operates, much like the Internal Revenue Code, to award the plaintiff's attorney a marginally greater percentage of each defined increment of the recovery." John C. Coffee, Jr., *Understanding the Plaintiff's Attorney:*

---

33.3% and up to 45% percent of the recovery depending on the stage of the litigation"); *City of Greenville v. Syngenta Crop Prot., Inc.*, 904 F. Supp. 2d 902, 908 (S.D. Ill. 2012) ("[P]laintiffs in this matter concluded a one-third contingency fee with advanced costs was in their best financial interests in this litigation . . . . Accordingly, these contracts *define* the market.") (emphasis in original). Thus, it is probative (albeit, not dispositive) that research fails to disclose declining sliding scale agreements in antitrust cases.

[24] *See, e.g., In re AT&T Corp.*, 455 F.3d 160, 163 (3d Cir. 2006) (under the fee agreement between class counsel and the lead plaintiff, "attorneys' fees would equal 15% of any settlement amount up to $25 million, 20% of any settlement amount between $25 million and $50 million, and 25% of any settlement amount over $50 million"); *In re Enron Corp. Securities, Derivative & ERISA Litig.*, 586 F. Supp. 2d 732 (S.D. Tex. 2008) (fee agreement between class counsel and the lead plaintiff provided for an increasing scale of 8 percent on the first one-billion-dollar recovery and 9 percent on the second-billion-dollar recovery); *Schwartz v. TXU Corp.*, No. 3:02-CV-2243-K, 2005 WL 3148350, at *26 (N.D. Tex. Nov. 8, 2005) ("[The negotiated fee schedule between lead plaintiff and class counsel] provides that Counsel receive[s] increasing percentages (20, 22 and 24%) of the common fund only on those amounts recovered above the prior tier. It is axiomatic that the 'last' dollars of a recovery are more difficult to obtain.").

[25] *See, e.g., Sistrunk v. TitleMax, Inc., No.* 5:14-CV-628-RP, 2018 WL 1773307, at *3 (W.D. Tex. Feb. 22, 2018) ("Class Counsel states that his customary contingency fee is 40 percent of the total recovery for cases that resolve before an appeal and 45 percent for cases that are appealed."); *Beaver v. Tarsadia Hotels*, No. 11-CV-01842-GPC-KSC, 2017 WL 4310707, at *12 (S.D. Cal. Sept. 28, 2017) ("Attorneys with comparable skill and experience, and who litigate class actions on a contingency basis routinely charge one-third of the recovery, or 40% or more if the case goes to trial."); *Atkinson v. Wal-Mart Stores, Inc.*, No. 8:08-CV-691-T-30TBM, 2011 WL 6846747, at *7 (M.D. Fla. Dec. 29, 2011) ("Class Counsel's fee agreements . . . provide for a fee of between 33⅓% to 40% to trial, and 40% to 45% on appeal.").

*The Implications of Economic Theory for Private Enforcement of Law Through Class and Derivative Actions,* 86 Colum. L. Rev. 669, 696-97 (1986) (emphasis added).

50. In short, given the lack of any real-world evidence that the declining sliding scale approach is used in the antitrust context, the use of such an approach here would *conflict with* the approach mandated by the Seventh Circuit, *i.e.,* to *replicate* the real-world market.

> **f. Unlike Cases Applying a Declining Scale, Here the Time and Expense Necessary to Increase the Size of the Settlement Would Not Flatten Out**

51. As discussed above (¶¶ 35-42), cases applying the declining sliding scale explain that the costs and efforts for expanding the size of the recovery become minimal after a certain point, making a declining sliding scale appropriate. For instance, in a TCPA case, frequently the whole battle is liability, with damages requiring very little additional proof. And frequently, in those cases, early settlement is common. Here, by contrast, the opposite is true. Incrementally increasing the size of the common fund will require enormous time and effort because:

- Early settlements were highly unlikely at the outset of the litigation, in which the defendants vigorously contested the allegations; indeed, even after five years, although the CIIPPs have reached settlements with some defendants, the CIIPPs have not yet secured final judicial approval of any of those settlements;

- Even if some defendants settle with the CIIPPs, as some now have, plaintiffs must still prove an antitrust conspiracy and overcome other legal and factual challenges for the remaining defendants;

- Defendants who do not settle will force class counsel to incur the enormous time and effort of going to trial;

- Some plaintiffs will opt out (and, indeed, some have already done so),[26] but class counsel must still prove plaintiffs' case (including the existence of a conspiracy) on behalf of the remaining plaintiffs and the unnamed class members, even though the pool of potential damages will have decreased;

---

[26] I am advised that there have been more than 100 opt outs. Although many are large direct purchasers (*e.g.,* Sysco and US Food), a number are large indirect purchasers, such as Chick Fil-A and McDonalds.

- Defendants who do not settle or opt out will almost certainly contend that their unique facts do not support the claim that (a) they are part of a conspiracy or (b) they profited from any such conspiracy. Even if those arguments are meritless, plaintiffs' counsel will have to devote considerable effort to litigating those issues; and

- Unlike in TCPA cases, proof of damages in antitrust cases is extremely complicated, requiring expensive econometric and statistical analyses that defendants virtually always contest.

### B. Here, a Sliding Scale Approach Would Conflict With, Not Replicate, the Market for Legal Services in this Complex Antitrust Case

52. As noted throughout this Declaration, this is a complicated antitrust case. The CIIPP complaint alone is more than 200 pages in length and alleges more than 40 claims for relief (most of which were upheld by this Court against Defs.' Mot. to Dismiss). The case filed by the CIIPPs alone involves 20 separate defendants (who controlled between 92 and 97 percent of the market) and hundreds of thousands of class member entities. [CIIPP Seventh Amended Complaint, filed under seal]; [Doc. No. 541, Order on Mot. to Dismiss]; [Mem. in Supp. of CIIPPs' Mot. for Class Certification, filed under seal, at 3. The case has generated thousands of pages of class certification and merits expert reports. Moreover, the case involves a unique industry, the broiler chicken industry.

53. In the instant case, there were numerous complications at the outset—complications that would have deterred capable and experienced plaintiff antitrust attorneys from taking on the litigation absent the ability to recover substantial fees. These included:

- The need to sue numerous defendants, who no doubt would retain some of the country's most sophisticated and aggressive law firms;[27]

---

[27] As it turned out, counsel who entered the case to represent the various defendants represent a who's who of some of the most prominent law firms in the country, including (among others): Hogan Lovells, Kirkland & Ellis, Kutak Rock, Mayer Brown, Proskauer Rose, Shook Hardy & Bacon, Venable, Weil Gotshal & Manges, and Winston & Strawn.

- Complications for all three categories of direct and indirect plaintiffs, including pleading/plausibility issues, statute of limitations issues (including continuing violations and application of the discovery rule), and the impact of the bankruptcy of a major player in the industry, Pilgrim's Pride;

- Particular complications that exist for the indirect purchaser classes, including Article III standing, the unavailability of damages under the Sherman Act, and the scope and applicability of numerous state laws (including the existence of *Illinois Brick* repealers, *Erie* issues, and statutes of limitations);

- The expectation that defendants would vigorously contest class certification, including defense challenges to plaintiffs' experts; defense challenges based on the size and configuration of the CIIPP class; and defense arguments claiming a lack of predominance, including the purported inability to show antitrust injury on a classwide basis (because of variations in production and pricing of products and different types of products), individualized damages, and state law variations among the 31 jurisdictions;

- The likely protracted nature of the case—which, unlike a TCPA case or a garden-variety securities fraud case, had no chance of settling quickly; indeed, the case has already gone on for more than five years without a single finally-approved settlement for the CIIPPs;

- The expected large number of hours that the plaintiff firms would need to devote to the case; indeed, I am advised that the case has already generated more than 84,000 hours—and a lodestar of more than $39 million— as of the date of this Declaration just for the CIIPP plaintiff law firms;

- The expected high cost of experts and other expenses; indeed, expenses thus far, just for the CIIPPs, are over $9.5 million, a staggering level of financial risk and commitment that is significantly greater than in most class actions, such as TCPA cases;

- The certainty of voluminous discovery—indeed, thus far there have been: more than 120 depositions of fact witnesses, with dozens of additional depositions contemplated; eight depositions of expert witnesses at the class certification stage (with more contemplated at the merits stage); and review, analysis, and coding of more than eight million documents produced by defendants and third parties, and involving more than 200 document custodians;

- The need to coordinate discovery and other issues with two other classes and more than 100 opt-out plaintiffs;

- The likelihood that many defendants would resist settlement and insist on going to trial; and

- The reality that the chicken industry has been formidable in prior antitrust litigation.

54. That is not to say that the case was hopeless or faced insurmountable class certification or merits issues. In fact, class counsel have marshaled strong class certification and merits arguments and evidence. But the case clearly posed daunting challenges at the outset, which would be apparent to any experienced antitrust lawyer contemplating involvement in this case. The case thus presented the polar opposite of the quick settlements that class counsel in the TCPA sliding scale cases might expect.

55. Indeed, the risks at the outset of the instant case were significantly greater even than in many other *antitrust* cases. In many antitrust actions, private attorneys contemplating involvement are able to utilize prior government efforts. Clearly, a lawyer who takes on a private antitrust case after thorough government enforcement efforts incurs far less risk than one who takes on a case in which the government has not previously played a role. *See, e.g.*, *In re Linerboard Antitrust Litig.*, No. CIV.A. 98-5055, 2004 WL 1221350, at *11 (E.D. Pa. June 2, 2004), *amended,* No. CIV.A.98-5055, 2004 WL 1240775 (E.D. Pa. June 4, 2004) ( "[T]o assess risk in antitrust class actions, the only truly objective measurement of the strength of plaintiffs' case is found by asking: Was defendants' liability prima facie established by the government's successful action?"); *Seabrook v. Postal Fin. Servs., Inc.,* 527 F. Supp. 1006, 1009 (S.D.N.Y. 1981) ("The tangible factors which comprise the 'risk of litigation' might be determined by asking the following questions: has a relevant government action been instituted[?]"); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 122 (2d Cir. 2005) (affirming fee award of $220,290,160, noting that "plaintiffs' counsel did not have the benefit of 'piggybacking' off of a previous case—instead, the Government piggybacked off of plaintiffs' counsel's work"); *Ebarle v. Lifelock, Inc*., No. 15-CV-00258-HSG,

2016 WL 5076203, at *11 (N.D. Cal. Sept. 20, 2016) (awarding a flat fee, reasoning that "the Court rejects the objectors' arguments that Class Counsel unfairly 'piggybacked' on the work of the FTC in securing funds from [defendant]," given that class counsel sued months before the FTC became involved); *In re Dairy Farmers of Am., Inc.,* 80 F. Supp. 3d 838, 848 (N.D. Ill. 2015) ("[The Commodity Futures Trading Commission] did not run the race for [class counsel] . . . . [T]here is nothing . . . mandating a reduction in their otherwise reasonable fee request.").

56. Although the government eventually became involved in the broiler chicken price fixing allegations, class counsel had no way of knowing that such involvement would eventually occur. The CIIPPs were on the ground-floor of this litigation and devoted significant hours to pre-complaint investigation. The CIIPPs' investigation, as previously explained to the Court, was undertaken in tandem with the Direct Purchaser Plaintiffs, who eventually filed the first complaint. [Doc. No. 44-1, Bruckner Decl. ¶ 11, at p. 4]; [Doc. No. 62-1, Gustafson Decl. ¶¶ 16-17, at p. 5]. Counsel for the CIIPPs spent numerous hours conducting wide-ranging fact investigations before filing suit. [Gustafson Decl. ¶¶ 18-20, at p. 5].

57. Indeed, I am advised by class counsel for the CIIPPs that the CIIPPs had litigated the case for two and a half years before the Department of Justice even convened grand jury proceedings. It was not until June 2020 that a federal grand jury in Denver, Colorado, returned an indictment charging various individuals with certain offenses (with additional individuals charged in October 2020). The first major guilty plea of a corporate entity (Pilgrim's Pride) did not occur until February 2021, with additional indictments handed down in May and June 2021. Thus, viewed from the vantage point of lawyers contemplating involvement in 2016, class counsel had to assume that they would have no government help in developing evidence, pursuing theories, conducting

discovery, and proving a conspiracy. Indeed, if anything, it was the government that piggybacked on the work of class counsel.

58.  Given all of these risks, it is my opinion that no experienced antitrust lawyer would have agreed to a declining sliding scale approach in the present case (absent a sliding scale that, at its lowest level, was still well above 30 percent, *see* ¶¶ 82-85). The risks were far too great. If there is any case in which the declining sliding scale is especially inappropriate, it is this one.

59.  Indeed, it is significant that *no named plaintiff in the CIIPP class actually negotiated a sliding scale approach*. To the contrary, all of the CIIPP class representatives retained counsel on a contingent-fee basis, and in the 15 instances in which a specific percentage was included in the agreement, fourteen specified 33 1/3 percent and one specified up to 35 percent. In my opinion, this evidence of actual fee agreements confirms that the market would not have generated a declining scale fee structure at the outset of the present case.[28] Moreover, unlike in TCPA cases, the class representatives in this case are not consumers. Thus, to the extent that there is concern that consumer class representatives are somehow unsophisticated or would not protect the interest of the class as it relates to attorneys' fees, such a concern does not exist here. The class representatives in this case are sophisticated commercial and institutional food preparers—in many cases, restaurants.

---

[28] Although fee agreements by class representatives are not controlling, courts have given them at least some weight. *See, e.g.*, *Magana v. Platzer Shipyard, Inc.*, 74 F.R.D. 61, 77 (S.D. Tex. 1977) ("The Court is not . . . [precluded] from looking to a contingent fee agreement[s] in determining a reasonable fee."); *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG), 2010 WL 2653354 at *4 (E.D.N.Y. June 24, 2010) ("The court sees no need to impose its own ex post assessment of lead counsel's value when the retainer and fee agreements speak for themselves."). *See also* cases cited in ¶ 48 n. 23, *supra*.

### C. Under Seventh Circuit Law, Attorneys' Fees of One Third of the Fund are Reasonable

60. As I explained above (¶¶ 52-59), I do not believe that a declining sliding scale approach makes sense in the context of the present case. In my opinion, the Court should award fees based on a flat percentage rate (or a sliding scale in which fee percentages increase as the recovery goes up). The Court can certainly set a benchmark attorneys' fee percentage now for the CIIPP class counsel (subject, of course, to revisiting the issue as the case progresses). Alternatively, the Court could defer the decision on attorneys' fees for the CIIPPs until counsel for those plaintiffs actually seek an interim award of fees based on a finally approved settlement (or settlements). In this section, I explain what, in my opinion, a reasonable flat fee would be should the Court choose to set a flat rate percentage now. In my view, that percentage should be 33 1/3. (In the following section, Section V(D), I assume that the Court will set a declining sliding scale now and offer my opinion on what such a scale should look like.)

61. Initially, I should note that I would support an *increasing* sliding scale approach (as opposed to a *decreasing* sliding scale), provided that the percentages as a whole correspond with the fee percentage I urge here as a flat rate. I favor a flat fee, however, as do most courts. Among other things, setting bands in an effort to replicate an *ex ante* negotiation involves substantial guess work, and there are very few increasing sliding scale cases to look to for guidance. By contrast, as I discuss herein, there is substantial case law supporting the 33 1/3 flat fee percentage that I urge. Thus, while I believe that an increasing sliding scale is superior to a declining sliding scale in ensuring that class counsel are properly incentivized to vigorously represent the class, I believe that the flat percentage approach is best. Accordingly, the rest of the discussion in this section focuses solely on a flat percentage proposal.

38

62. In setting a reasonable flat percentage fee, it is important to recognize that fee awards must be sufficiently robust to entice counsel to take on such cases. This goal is especially important in antitrust cases. *See, e.g., Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 122 (2d Cir. 2005) ("[I]t is especially important to provide appropriate incentives to attorneys pursuing antitrust actions because public policy relies on private sector enforcement of the antitrust laws."); *In re Linerboard Antitrust Litig.,* No. CIV.A. 98-5055, 2004 WL 1221350, at *17 (E.D. Pa. June 2, 2004), *amended*, No. CIV.A.98-5055, 2004 WL 1240775 (E.D. Pa. June 4, 2004) (noting that "providing sufficient . . . incentive for the private attorney general is particularly important in the area of antitrust enforcement because public policy relies so heavily on such private action for enforcement of the antitrust law"); *Alpine Pharmacy, Inc. v. Chas. Pfizer & Co*., 481 F.2d 1045, 1050 (2d Cir. 1973) ("In the absence of adequate attorneys' fee awards, many antitrust actions would not be commenced.").

63. Several factors determine a proper fee: "(1) the actual agreements between the parties as well as fee agreements reached by sophisticated entities in the market for legal services; (2) the risk of non-payment at the outset of the case; (3) the caliber of Class Counsel's performance; and ([4]) information from other cases, including fees awarded in comparable cases." *Hale v. State Farm Mut. Auto. Ins. Co.,* No. 12-0660-DRH, 2018 WL 6606079, at *8, *citing Synthroid I*, 264 F.3d at 719. Applying those criteria to the instant case, it is my opinion that an appropriate fee would be a flat fee of 33 1/3 percent, precisely the percentage that numerous plaintiffs in this case agreed to.

## 1. Actual Agreements Between the Parties and Sophisticated Parties in Other Cases

64. As noted above (¶ 59), not a single plaintiff in this putative class negotiated a sliding scale fee. Instead, all who specified precise fee percentages indicated 33 1/3 percent (or in one instance,

up to 35 percent). As noted (¶ 59 & n. 28), courts in class actions often consider the actual fee

percentage negotiated with plaintiffs in setting a reasonable fee.

65. Moreover, although actual fee agreements are important, what sophisticated clients do

more generally is "[p]erhaps more important[]" than the fee contracts in the particular case. *Hale,*

2018 WL 6606079 at \*11. As the *Hale* Court noted:

> Class Counsel have advanced significant evidence and empirical analysis . . .
> demonstrating that sophisticated clients and sophisticated class representatives
> regularly agree to pay 33.33% or more in risky, complex litigation, even when
> potential rewards are very large . . . . [T]he market that this Court must mimic—
> one formed by sophisticated entities in comparable contexts—routinely produces
> fee agreements at or above the percentage Class Counsel request here . . . .
>
> * * *
>
> [Expert testimony] details many examples in which sophisticated parties—both in
> non-class fee agreements and when negotiating fee arrangements as lead plaintiffs
> in class actions—agree to flat percentages at or above 33.33% in cases that yield
> significant recoveries. *Id.* at \*11.

66. My own experience in litigating and studying class actions for a number of decades

confirms the *Hale* court's well-supported findings. Sophisticated parties in class actions regularly

agree to fee percentages of 33 1/3 or more. *Accord, e.g., Leung v. XPO Logistics, Inc.,* 326 F.R.D.

185, 201 (N.D. Ill. 2018) ("a typical contingency agreement in this Circuit might range from 33%

to 40% of recovery"). Indeed, even in individual cases, fee agreements of 33 1/3 or more are

common, and the present suit—a complicated class action antitrust case—raises far more

challenges and complications than an individual lawsuit.

67. In the context of the present antitrust case, it would be unrealistic to posit that any

competent counsel would agree at the outset to a declining sliding scale, especially one in which

higher and higher recoveries result in percentage awards of below 33 percent. Nor is it realistic—

based on prior fee awards in antitrust cases (*see* ¶¶ 74-77, *infra*)—to conclude that any competent

experienced and accomplished counsel would have agreed at the outset of this litigation to a fee percentage that was significantly less than 33 1/3 percent.

## 2. Risk of Non-Payment at the Outset

68. Courts have universally recognized that, because of the risks incurred, plaintiffs' counsel who are paid on a contingent fee basis should receive larger fees than those paid to counsel who bill at a set hourly rate, regardless of the outcome. *See, e.g., Matter of Cont'l Illinois Sec. Litig.*, 962 F.2d 566, 569 (7th Cir. 1992), *as amended on denial of reh'g*, 985 F.2d 867 (7th Cir. 1992) ("[T]he failure to make any provision for risk of loss may result in systematic undercompensation of plaintiffs' counsel in a class action case, where . . . the only fee that counsel can obtain is, in the nature of the case, a contingent one."); *Harman v. Lyphomed, Inc.*, 787 F. Supp. 772, 782 (N.D. Ill. 1992) ("[L]awyers in successful contingent fee cases should receive a fee twice what they would have received from clients whose payment is not contingent on success.")*; Yates v. Mobile Cnnty. Pers. Bd.*, 719 F.2d 1530, 1533 (11th Cir.1983) ("Lawyers who are to be compensated only in the event of victory expect and are entitled to be paid more when successful than those who are assured of compensation regardless of result.") (citation omitted); *In re Flonase Antitrust Litig.*, 291 F.R.D. 93, 104 (E.D. Pa. 2013) ("[A]s a contingent fee case, counsel faced a risk of nonpayment in the event of an unsuccessful trial. Throughout this lengthy litigation, class counsel have not received any payment. This factor supports approval of the requested fee [of 33 1/3 percent].").

69. It follows, therefore, that "[t]he greater the risk of walking away empty-handed, the higher the award must be to attract competent and energetic counsel." *Silverman* 739 F.3d at 958; *accord, e.g., Synthroid I*, 264 F.3d at 721 (market rate must take into the "risk of nonpayment a firm agrees to bear"). Thus, "[w]hen determining the reasonableness of a fee request, courts put a fair amount

41

of emphasis on the severity of the risk (read: financial risk) that class counsel assumed in undertaking the lawsuit." *In re Dairy Farmers of Am., Inc.,* 80 F. Supp. 3d 838, 847-48 (N.D. Ill. 2015).

70. Not surprisingly, many courts have recognized that antitrust cases are among the most challenging, difficult, and expensive cases to litigate. *See, e.g., Arenson v. Bd. of Trade of City of Chi.*, 372 F. Supp. 1349, 1352 (N.D.Ill.1974) ("An antitrust class action is arguably the most complex action to prosecute," because "[t]he legal and factual issues involved are always numerous and uncertain in outcome."); *In re Flonase Antitrust Litig.,* 291 F.R.D. 93, 98–99 (E.D. Pa. 2013) ("Antitrust class actions are particularly complex to litigate and therefore quite expensive."); *Columbus Drywall & Insulation, Inc. v. Masco Corp.,* 258 F.R.D. 545, 559 (N.D. Ga. 2007) ("[C]ourts have found that antitrust actions generally present complex, novel issues, and that plaintiffs can rarely guarantee recovery at trial."); *In re Shopping Carts Antitrust Litig.,* No. 451-CLB, 1983 WL 1950, at *7 (S.D.N.Y. Nov. 18, 1983) ("[A]ntitrust price fixing actions are generally complex, expensive and lengthy."). *See also In re Ready-Mixed Concrete Antitrust Litig.,* No. 1:05-CV-00979-SEB (S.D. Ind. March 31, 2009)*, Doc. No. 732 at *6-8 (discussing myriad risks facing antitrust class counsel).

71. In the present case, as detailed *supra* (¶¶ 53-57), the enormous risks, challenges, and likely expenses were apparent at the outset of this case, and they have only been confirmed as the lawsuit has progressed. And, unlike in many antitrust class actions, class counsel could not piggyback on a previously litigated government suit. *See* ¶¶ 55-57, *supra.*

### 3. Caliber of Class Counsel's Performance

72. "'[E]vidence of the quality of legal services rendered' is among 'the type[s] of evidence needed to mimic the market per *Synthroid I*." *Taubenfeld v. AON Corp.*, 415 F. 3d 597, 600 (7th

Cir. 2005). Here, class counsel are some of the country's most experienced and successful antitrust and complex litigation attorneys. *See* [Doc. No. 116 at 8-13 (detailing the credentials of class counsel)].

73. The results in this case thus far confirm the caliber of class counsel. For instance:

- Prior to filing their first complaint, CIIPP class counsel thoroughly investigated the broiler chicken industry and the claims in this case. In connection with that investigation, class counsel consulted with experts in economics and the industry to understand the viability of the claims being asserted. These efforts occurred at least two and a half years before the Department of Justice became involved.

- Class counsel won a substantial victory in defending against the defendants' vigorous and multi-faceted motion to dismiss. Although isolated claims were dismissed, the bulk of the claims remained intact.

- Class counsel engaged in substantial discovery efforts, including preparing for and/or conducting over one hundred Rule 30(b)(1), 30(b)(6), and expert depositions. More depositions are anticipated. Discovery has also involved more than 200 document custodians, over 8 million documents, and millions of telephone calls and messages. This is an enormous factual record and required massive resources to compile.

- The case has already generated more than 84,000 hours as of the date of this Declaration just for the CIIPP plaintiff law firms.

- Although the Court has not ruled on class certification, I have reviewed class counsel's motion for class certification briefing and accompanying expert testimony. In my opinion, those materials are thorough and well supported.

- The enormous time and money already expended by CIIPP class counsel (*see* ¶ 53, *supra*) speak volumes about class counsel's thoroughness and commitment to the case.

### 4. Information from Other Cases

74. "Another relevant data point for the market price for attorneys' fees is those awarded in 'analogous class action settlements.'" *Hale,* 2018 WL at *10 (citation omitted). *Accord, e.g., Taubenfeld v. AON Corp.,* 415 F.3d 597, 600 (7th Cir. 2005) (noting the relevance of "attorneys' fees from analogous class action settlements"); *Kolinek v. Walgreen Co.,* 311 F.R.D.

43

483 (N.D. Ill. 2015) ("Attorney's fee awards in analogous class action settlements shed light on the market rate for legal services in similar cases."); *In re Dairy Farmers of Am., Inc.,* 80 F. Supp. 3d 838, 845 (N.D. Ill. 2015) ("As a barometer for assessing the reasonableness of a fee award in common-fund cases, courts look to the going market rate for legal services in similar cases.").

75. As noted in ¶ 66, *supra*, typical contingent fee agreements in the Seventh Circuit (and elsewhere in the country) are 33 1/3 percent or greater.[29] Not surprisingly, therefore, fee awards of 33 1/3 percent or more are common in antitrust cases and other complex class actions. As one district court in this Circuit has noted: "Courts within the Seventh Circuit, and elsewhere, regularly award percentages of 33.33% or higher to counsel in class action litigation." *Hale,* 2018 WL at *10. *Accord, e.g., In re Ready-Mixed Concrete Antitrust Litig*., No. 1:05-CV-00979-SEB (S.D. Ind. March 31, 2009), Doc. No. 732 at *10 (relying on "fee awards in other price fixing cases" in awarding 33 1/3 percent). To be sure, the Seventh Circuit in *Silverman* noted that a flat fee of 27.5 percent of $200 million "may be at the outer limit of reasonableness." 739 F.3d at 956. But that statement is inapplicable in a complex case such as this one. As the court in *Hale* noted, that statement "did not dispense with the Seventh Circuit's overarching instruction to 'approximate the market rate that prevails between willing buyers and willing sellers of legal services.'" 2018 WL 6606079 at * 11. As the *Hale* court explained: "The outer limits of a reasonable *ex ante* fee negotiation in one case may be the inner limits in another." *Id.* As the *Hale* court also pointed out, "*Silverman* was a securities case, where class certification is relatively perfunctory." *Id.*

---

[29] *See, e.g., Gaskill v. Gordon,* 160 F.3d 361, 362 (7th Cir. 1998) ("[T]he typical contingent fee contract is between 33 and 40 percent."); *George v. Acad. Mortg. Corp. (UT),* 369 F. Supp. 3d 1356, 1382 (N.D. Ga. 2019) ("Plaintiffs' request for approval of Class Counsel's 33% fee falls within the range of the private marketplace, where contingency-fee arrangements are often between 30 and 40 percent of any recovery.").

76.  The following table cites numerous antitrust actions within the Seventh Circuit involving fees of 33 percent or greater:

**EXAMPLES OF ANTITRUST CASES WITHIN THE SEVENTH CIRCUIT WITH PERCENTAGES OF 33 PERCENT OR GREATER**

| | **Case** | **Settlement Amount** | **Fee Percentage** |
|---|---|---|---|
| 1. | *First Impressions Salon, Inc. v. Nat'l Milk Producers Fed'n,* No. 3:13-CV-00454-NJR, Doc. No. 541 (S.D. Ill. Apr. 27, 2020) | $220,000,000 | 33 1/3% |
| 2. | *Standard Iron Works v. ArcelorMittal,* No. 08 C 5214, 2014 WL 7781572, at *1 (N.D. Ill. Oct. 22, 2014) | $163,900,000 | 33% |
| 3. | *In re Potash Antitrust Litig.,* No. 1:08-cv-06910 (N.D. Ill. June 12, 2013), Doc. Nos. 589, 592 | $90,000,000 (Direct Purchasers) $20,250,000 (Indirect Purchasers) | 33 1/3% 33 1/3% |
| 4. | *In Re: Plasma-Derivative Protein Therapies Antitrust Litig.,* No. 09-07666 (N.D. Ill April 4, 2014), Doc. Nos. 697, 701, 703 | $64,000,000 | 33 1/3% |
| 5. | *In re Dairy Farmers of Am., Inc.,* 80 F. Supp. 3d 838 (N.D. Ill. 2015) | $46,000,000 | 33 1/3% |
| 6. | *In re Ready-Mixed Concrete Antitrust Litig.,* No. 1:05-CV-00979-SEB (S.D. Ind. Aug. 17, 2010), Doc. Nos. 732, 823, 849, 874 | $29,000,000 (IMI settlement) $24,068,000 (SAP settlement) $5,515,000 (Builder's settlement) $575,000 (Hughey and Beaver settlement) | 33 1/3/% 33 1/3% 33 1/3% 33 1/3% |
| 7. | *In re BP Propane Indirect Purchaser Antitrust Litig.,* No. 1:06-cv-03541 (E.D. Ill. Feb. 10, 2010), Doc. Nos. 159, 209 | $15,250,000 | 33% |

| 8. | *Pearson v. Target Corp.*, No. 1:11-cv-07972 (N.D. Ill. Nov 09, 2011), Doc. No. 288 | $7,500,000 | 33% |
| 9. | *In Re Aftermarket Filters Antitrust Litig.*, No. 1:08-cv-04883 (N.D. Ill. Nov. 28, 2012), Doc. Nos. 1025, 1044 | $6,018,750 (Indirect Purchasers)<br><br>$1,143,750 (Gas Retailers) | 33 1/3%<br><br>33 1/3% |
| 10. | *Kitson v. Bank of Edwardsville,* No. CIV. 08-507-GPM, 2010 WL 331730 (S.D. Ill. Jan. 25, 2010) | $3,415,000 | 33 1/3% |
| 11. | *Fond du Lac Bumper Exchange Inc. v. Jui Li Enterprise Company Ltd.*, No. 2:09-cv-00852 (E.D. Wis. Aug. 7, 2018), Doc. Nos. 1233, 1247 | $3,250,000 | 33 1/3% |
| 12. | *Swift v. DirectBuy, Inc.*, No. 2:11-CV-401-TLS (N.D. Ind Oct. 24, 2013) | $1,900,000 | 33 1/3% |
| 13. | *In re Lithotripsy Antitrust Litig.*, No. 98 C 8394, 2000 WL 765086, at *1 (N.D. Ill. June 12, 2000) | $1,300,000 | 33 1/3% |

77. In addition, although the Court is understandably focusing mainly on cases within the Seventh Circuit, I would note that courts in other Circuits throughout the country have awarded fees of 33 percent or more in antitrust cases, even with funds of greater than $100 million. The following table provides some examples, focusing just on mega-fund cases:

**EXAMPLES OF ANTITRUST CASES OUTSIDE THE SEVENTH CIRCUIT WITH PERCENTAGES OF 33 PERCENT OR GREATER INVOLVING SETTLEMENTS OF MORE THAN $100 MILLION**

| | **Case** | **Settlement Amount** | **Fee Percentage** |
| --- | --- | --- | --- |
| 1. | *In re Urethane Antitrust Litig.*, MDL No. 1616, 2016 WL 406015 (D. Kan. July 29, 2016) | $835,000,000 | 33 1/3% |

46

| 2. | *Dahl v. Bain Capital Partners, LLC*, No.07-cv-12388 (D. Mass. Feb. 2, 2015), Doc. Nos. 1051, 1095 | $590,500,000 | 33% |
|---|---|---|---|
| 3. | *In re Vitamins Antitrust Litig.*, MDL No. 1285, 2001 WL 34312839, at *10 (D.D.C. July 16, 2001) | $359,000,000 | 34% |
| 4. | *In re U.S. Foodservice, Inc. Pricing Litig.*, No. 3:07-md-01894 (AWT) (D. Conn. Dec.9, 2014), Doc. No. 521 | $297,000,000 | 33 1/3% |
| 5. | *In re Tricor Direct Purchaser Antitrust Litig.* at 9-10, No. 05-340-SLR (D. Del. Apr. 23, 2009), Doc. No. 543 | $250,000,000 | 33 1/3% |
| 6. | *In re Buspirone Antitrust Litig.*, MDL No. 1413 (JGK), 2003 U.S. Dist. LEXIS 26538, at *11 (S.D.N.Y. Apr. 11, 2003) | $220,000,000 | 33 1/3% |
| 7. | *In re Neurontin Antitrust Litig.*, No. 02-cv-1830 (D.N.J. Aug. 6, 2014), Doc. No. 114 | $190,420,000 | 33 1/3% |
| 8. | *La. Wholesale Drug Co. v. Pfizer, Inc.*, Nos. 02-1830 & 02-2731 (D.N.J. Aug. 6, 2014) | $190,416,438 | 33 1/3% |
| 9. | *In re Relafen Antitrust Litig.* No. 01-cv-12239-WGY (D. Mass. Apr. 9, 2004), Doc. No. 297 | $175,000,000 | 33 1/3% |
| 10. | *In re Titanium Dioxide Antitrust Litig.*, No. 10-cv-00318 RDB, 2013 WL 6577029, at *1 (D. Md. Dec. 13, 2013) | $163,500,000 | 33 1/3% |
| 11 | *In re Southeastern Milk Antitrust Litig.*, No. 2:07-cv-208, 2013 WL 2155387, at *8 (E.D. Tenn. May 17, 2013) | $158,600,000 | 33 1/3% |
| 12. | *In re Flonase Antitrust Litig.*, 951 F. Supp. 2d 739, 746, 757 (E.D. Pa. 2013) | $150,000,000 | 33 1/3% |

| 13. | *In re Aggrenox Antitrust Litig.*, No. 14-md-02516 (D. Conn. Dec. 19, 2017) | $146,000,000 | 33 1/3% |
| 14. | *In re Auto. Refinishing Paint Antitrust Litig.*, MDL No. 1426, 2008 WL 63269, at *4-6 (E.D. Pa. Jan. 3, 2008) | $105,750,000 | 33% |

78.   In short, a flat fee of 33 1/3 percent in the instant case is well within the levels awarded by courts—in both the Seventh Circuit and elsewhere—in complex antitrust cases like this one.

### D. If the Court Ultimately Concludes that a Declining Sliding Scale Approach is Appropriate, the Proper Sliding Scale Should Take into Account the Substantial Contingent Fees That Class Counsel Expect in Complex Antitrust Cases

79.   The above discussion reflects my belief that a flat fee percentage (or an increasing sliding scale) is far superior to a declining sliding scale. I fully understand, however, that the Court may disagree with me and may opt for a declining sliding scale.

80.   If the Court decides to use a declining sliding scale, I respectfully urge that the percentages take into account the enormous complexity and difficulty of this case, especially when viewed at the outset.[30] I recognize that courts with the Seventh Circuit "have established 30% as a benchmark percentage for the first band of recovery in sliding-scale arrangements." *Aranda v. Caribbean Cruise Line, Inc.,* No. 12 C 4069, 2017 WL 1369741, at *6 (N.D. Ill. Apr. 10, 2017) (TCPA case), *aff'd sub nom. Birchmeier v. Caribbean Cruise Line, Inc.,* 896 F.3d 792 (7th Cir. 2018). Nonetheless, this complicated antitrust case is outside the norm, for the reasons explained above. Accordingly, a benchmark that might be appropriate for a straightforward TCPA case has

---

[30] As stated in ¶ 1, *supra*, the CIIPPs have not yet submitted a fee petition to this Court. My opinion here is limited to what the CIIPPs should recover in the event that this Court decides to apply a declining scale at the time the CIIPPs submit a fee proposal. I take no position on the Direct Purchaser Plaintiffs' interim fee petition [Doc. No. 4551].

no relevance to what the proper benchmark should be in a complicated and risky antitrust case like this one.

81.  Because I have not seen the declining sliding scale used in a complicated antitrust case, let alone one as complicated as this one, there is no precedent on point. Certainly, the TCPA sliding scales cannot be viewed as authoritative here because those cases involve considerably less risk, expense, and effort.

82.  In my opinion, a declining sliding scale for this case should ensure that class counsel receive a reasonable fee that corresponds to what the market would have generated at the outset of the case. Based on my consideration of numerous fee awards in antitrust and other complex cases, including cases involving very large recoveries, I suggest the following sliding scale:

First $50 million:  35 percent

$50 million-$100 million:  34 percent

$100 million-$150 million:  33 1/3 percent

$150 million-$200 million: 32 percent

Amounts over $200 million: 31 percent

83.  The first two bands in my proposal are higher than the 33 1/3 percent contingent fee percentages actually negotiated with various plaintiffs. By contrast, the last three bands are lower than the negotiated fee percentages. Given the decision of class counsel and plaintiffs (as reflected in the actual negotiations) to set overall fees at 33 1/3 percent, my suggested approach attempts to preserve the goals of both class counsel and plaintiffs by making 33 1/3 percent the middle band, with 35 percent the highest band and 31 percent the lowest band.

84. Nonetheless, one might argue, based on the actual fee negotiations, that 33 1/3 percent must serve as a cap on fees, because that is what was agreed to as the cap. I disagree with any such

argument; the cap agreement was in the context of a flat percentage, not a declining sliding scale. I doubt that class counsel would have agreed to a 33 1/3 percent cap in the context of a sliding scale. Nonetheless, if the Court concludes that 33 1/3 percent should indeed be the maximum fee in a sliding scale, I would suggest the following:

     First $50 million:  33 1/3 percent

     $50 million-$100 million:  32 percent

     $100 million-$150 million:  31 percent

     Excess over $150 million: 30 percent

85.  Based on my scholarly work, hands-on experience, and prior expert work, I believe that the latter sliding scale (which is significantly less than 33 1/3 percent overall) would award less to class counsel than is reasonable. Nonetheless, it at least preserves a minimum of 30 percent, regardless of the level of the fund.  I strongly believe that the percentages in any declining sliding scale should not fall below 30 percent, even if the fees are capped at a high of 33 1/3 percent.

* * *

86.  In sum, I urge the Court to reject a declining sliding scale approach and instead to set as a benchmark a flat percentage rate of 33 percent. If the Court nonetheless decides to utilize a declining sliding scale approach, I urge the Court to set levels as suggested in ¶ 82 above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct based on information known to me.

_____

Robert H. Klonoff

**EXHIBIT A**

**CURRICULUM VITAE**

**ROBERT H. KLONOFF**
Lewis & Clark Law School
10101 S. Terwilliger Blvd.
Portland, Oregon 97219
Tel:  503-768-6935 (Office)
E-Mail:  klonoff@lclark.edu

Date of Birth:  March 15, 1955
Place of Birth:  Portland, Oregon

<u>**EDUCATION**</u>**:**

> J.D., Yale University, 1979
>
> A.B., University of California, Berkeley, 1976, Majored in Political Science/Economics (Highest Honors)

<u>**WORK EXPERIENCE**</u>**:**

> <u>**Current Positions**</u>**:**
>
> > Jordan D. Schnitzer Professor of Law, Lewis & Clark Law School (since 2014)
> >
> > Panelist, FedArb (dispute resolutions)
>
> <u>**Prior Positions**</u>**:**
>
> > Dean of the Law School, Lewis & Clark Law School (2007-2014)
> >
> > Douglas Stripp/Missouri Endowed Professor of Law, University of Missouri-Kansas City School of Law (2003-2007)
> >
> > Jones Day, Washington, D.C. (Partner, 1991-July 2003; Of Counsel, 1989-1991, 2003- 2007)
> >
> > Adjunct Professor of Law, Georgetown University Law Center (class action law and practice) (1999-2003)
> >
> > Visiting Professor of Law, University of San Diego School of Law (1988-1989)
> >
> > Assistant to the Solicitor General of the United States (1986-1988)

Assistant United States Attorney (Criminal Division, District of Columbia) (1983-1986)

Associate, Arnold & Porter, Washington, D.C. (1980-1983)

Law Clerk to the Honorable John R. Brown, Chief Judge, United States Court of Appeals for the Fifth Circuit (1979-1980)

Summer Associate, Baker & Botts, Houston, and Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C. (1978)

Summer Associate, Sidley & Austin, Washington, D.C. (1977)

## SPECIAL HONORS AND ACHIEVEMENTS:

Recipient, Lewis & Clark Law School's 2020 Leo Levenson Award for Excellence in Teaching

Recipient, 2018 Albert Nelson Marquis Lifetime Achievement Award in the field of law from *Who's Who in America*

Member, 2011-2017, United States Judicial Conference Advisory Committee on Civil Rules (appointed by Chief Justice John G. Roberts, Jr., in 2011 as the sole voting member from the law school academy; reappointed May 2014 for a second three-year term)

Elected Member, International Association of Procedural Law

Fulbright Specialist Scholar at the University of Hong Kong Faculty of Law (2016)

Recipient, Oregon Consular Corps Award for Individual Achievement in International Outreach, Portland, Oregon (May 2013)

Associate Reporter, American Law Institute's *Principles of the Law of Aggregate Litigation* (class action project; drafts presented at several annual meetings; final version approved by full ALI in May 2009 annual meeting and published in May 2010)

Fellow, American Academy of Appellate Lawyers

Sustaining Life Fellow, American Bar Foundation

Academic Fellow, Pound Institute

Elected Member, American Law Institute

Recipient, 2007 Award for Outstanding UMKC Law Professor (based on vote of 3d year class)

2007 UMKC Law School Commencement Speaker (based on vote of 3d year class)

Recipient, 2006 UMKC Law School Elmer Pierson Teaching Award for Most Outstanding Teacher in the Law School (selected by the Dean)

Recipient, 2005 President's Award for Outstanding Service from the UMKC Law School Foundation

Reporter, 2005 National Conference on Appellate Justice (co-sponsored by the Federal Judicial Center, National Center for State Courts, and other organizations)

Co-Recipient, District of Columbia Bar's Frederick B. Abramson Award for Superior Service to the Community (June 1998)

Attorney General's Special Achievement Award for Outstanding Work as an Assistant to the Solicitor General of the United States (1986, 1987)

Attorney General's Special Achievement Award for Outstanding Work as an Assistant United States Attorney (1984, 1985)

The Benjamin N. Cardozo Prize for Best Moot Court Brief for Academic Year 1978-1979, Yale Law School

Semi-Finalist, Moot Court Oral Argument, Yale Law School (Fall, 1978)

Phi Beta Kappa

U.C. Berkeley's Most Outstanding Political Science Student (1976)

The Edward Kraft Award for Outstanding Work as a Freshman Student, U.C. Berkeley (1974)

## **MEMBERSHIPS:**

U.S. Supreme Court Bar

Various Federal Circuit and District Courts

District of Columbia Bar

Missouri State Bar

Oregon State Bar

Multnomah County Bar

American Law Institute

American Bar Association

American Bar Association Committee on Class Actions & Derivative Suits (Section of Litigation)

## PUBLICATIONS:

### Books:

Klonoff, *Introduction to the Study of U.S. Law: Cases and Materials* (West 2d ed. 2021) (with teacher's manual)

Klonoff, *Class Actions and Other Multi-Party Litigation in a Nutshell* (West 6th ed. 2021)

Klonoff, *Federal Multidistrict Litigation in a Nutshell* (West 2020)

Klonoff, *Class Actions and Other Multi-Party Litigation in a Nutshell* (West 5th ed. 2017)

Castanias & Klonoff, *Federal Appellate Practice in a Nutshell* (West 2d ed. 2017)

Klonoff, *Class Actions and Other Multi-Party Litigation: Cases and Materials* (West 4th ed. 2017) (with teacher's manual)

Klonoff, *Introduction to the Study of U.S. Law: Cases and Materials* (West 2016) (with teacher's manual)

Klonoff, *Class Actions and Other Multi-Party Litigation in a Nutshell* (Thomson West 4th ed.) (2012)

Klonoff, Bilich & Malveaux, *Class Actions and Other Multi-Party Litigation: Cases and Materials* (West 3d ed.) (2012) (with teacher's manual)

Klonoff (associate reporter), *Principles of the Law of Aggregate Litigation*, American Law Institute Publications (2010) (along with Samuel Issacharoff, reporter, and associate reporters Richard Nagareda and Charles Silver)

Castanias & Klonoff, *Federal Appellate Practice and Procedure in a Nutshell* (Thomson West) (2008)

Klonoff & Colby, *Winning Jury Trials: Trial Tactics and Sponsorship Strategies* (NITA 3d ed.) (2007)

Klonoff, *Class Actions and Other Multi-Party Litigation in a Nutshell* (Thomson West 3d ed.) (2007)

Klonoff, Bilich & Malveaux, *Class Actions and Other Multi-Party Litigation: Cases and Materials* (Thomson West 2d ed.) (2006) (with teacher's manual)

4

Klonoff, *Class Actions and Other Multi-Party Litigation in a Nutshell* (Thomson West 2d ed.) (2004)

Klonoff & Colby, *Winning Jury Trials: Trial Tactics and Sponsorship Strategies* (Lexis Nexis 2d ed.) (2002)

Klonoff & Bilich, *Class Actions and Other Multi-Party Litigation: Cases and Materials* (West Group 2000)

Klonoff, *Class Actions and Other Multi-Party Litigation in a Nutshell* (West Group 1999)

Klonoff & Colby, *Sponsorship Strategy: Evidentiary Tactics for Winning Jury Trials* (Michie Co. 1990)

## **Articles and Book Chapters:**

*Francis McGovern: The Consummate Facilitator, Teacher, and Scholar*, 84 Law & Contemporary Problems (2021) (co-author) (also served as a special editor for the entire volume)

Klonoff, *International Handbook on Class Actions,* chapter on the Future of U.S. Aggregate Litigation, Cambridge University Press (2021)

Klonoff, *The Judicial Panel on Multidistrict Litigation: The Virtues of Unfettered Discretion*, 89 UMKC L. Rev. 1003 (2021)

Klonoff, *Class Action Objectors: The Good, the Bad, and the Ugly*, 89 Fordham L. Rev. 475 (2020)

Klonoff, *Foreword—Class Actions, Mass Torts, and MDLs: The Next 50 Years*, 24 Lewis & Clark Law Review 359 (2020)

*Application of the New Discovery Rules in Class Actions: Much Ado About Nothing,* 71 Vanderbilt L. Rev. 1949 (2018)

*Class Actions in the U.S. and Israel: A Comparative Approach*, 19 Theoretical Inquiries in the Law 151 (2018) (co-author)

*Class Actions Part II: A Respite from the Decline*, 92 N.Y.U. L. Rev. 971 (2017)

*The Remedy for Election Fraud Is A New Election,* Law 360 (July 20, 2017) (www.law360.com/whitecollar/articles/946569/the-remedy-for-election-fraud-is-a-new-election)

*Class Actions in the Year 2025: A Prognosis*, 65 Emory L.J. 1569 (2016)

*Why Most Nations Do Not Have U.S.-Style Class Actions*, 16 BNA Class Action Litigation Report, Vol. 16, No. 10, at 586 (May 22, 2015) (selected for

presentation at the May 2015 World Congress of the International Association of Procedural Law, Istanbul, Turkey)

*Federal Rules Symposium:  A Tribute to Judge Mark R. Kravitz -- Introduction to the Symposium*, 18 Lewis & Clark L. Rev. 583 (2014) (co-author)

*Class Actions for Monetary Relief Under Rule 23(b)(1)(A) and (b)(1)(B):  Does Due Process Require Notice and Opt-Out Rights?*, 82 Geo. Wash. L. Rev. 798 (2014)

*The Decline of Class Actions,* 90 Wash. U. (St. Louis) L. Rev. 729 (2013)

*Reflections on the Future of Class Actions,* 44 Loy. U. Chi. L.J. 533 (2013)

*Richard Nagareda: In Memorium,* 80 U. Cin. L. Rev. 289 (2012)

*Introduction and Memories of a Law Clerk,* 47 Houston L. Rev. 529, 573 (2010)

*ALI's Aggregate Litigation Project Has Global Impact,* 33 ALI Reporter 7 (Fall 2010)

Book Review, *In the Public Interest,* 39 Env. Law 1225 (2009)

*The Public Value of Settlement,* 78 Fordham L. Rev. 1177 (2009) (co-author)

*Making Class Actions Work:  The Untapped Potential of the Internet,* 69 U. Pitt. L. Rev. 727 (co-author) (2008), adapted and published in 13 J. Internet Law 1 (2009)

*The Class Action Fairness Act:  An Ill-Conceived Approach to Class Settlements*, 80 Tul. L. Rev. 1695 (co-author) (2006)

*The Twentieth Anniversary of* Phillips Petroleum v. Shutts, *Introduction to the Symposium*, 74 UMKC L. Rev. 433 (2006)

*The Adoption of a Class Action Rule:  Some Issues for Mississippi to Consider*, 24 Miss. C. L. Rev. 261 (2005)

*Antitrust Class Actions:  Chaos in the Courts*, 11 Stan. J. L. Bus. & Fin. 1 (2005), reprinted in Litigation Conspiracy:  An Analysis of Competition Class Actions (Stephen G.A. Pitel ed. Irwin Law 2006), and 3 Canadian Class Action Review 137 (2006)

*The Judiciary's Flawed Application of Rule 23's "Adequacy of Representation" Requirement*, 2004 Mich. St. L. Rev. 671 (2004)

*Class Action Rules — Are They Driven by Substance?*, 1 Class Action Litigation Report 504 (Nov. 10, 2000) (co-author)

*Response to May 2000 Article on Sponsorship Strategy*, 63 Tex. B.J. 754 (Sept. 2000) (co-author)

*A Look at Interlocutory Appeals of Class Certification Decisions Under Rule 23(f)*, 1 Class Action Litigation Report 69 (May 12, 2000) (co-author)

*The Mass Tort Class Action Gamble*, 7 Metro. Corp. Counsel 1, 8 (Aug. 8, 1999) (co-author)

"Legal Approaches to Sex Discrimination" (co-author), in H. Landrine & E. Klonoff, *Discrimination Against Women: Prevalence, Consequences, Remedies* (Sage Pub. 1997)

*Sponsorship Strategy: A Reply to Floyd Abrams and Professor Saks*, 52 Md. L. Rev. 458 (1993) (co-author)

*A Trial Lawyer's Roadmap for Handling Bad Facts: The Role of Credibility*, 16 Trial Diplomacy Journal 139 (July/Aug. 1993) (co-author)

*Opening Statement*, 17 Litigation 1 (ABA Spring 1991) (co-author)

Contributing Editor, *Criminal Practice Institute Trial Manual*, Young Lawyers Section, Bar Ass'n of D.C. (1986)

*The Congressman as Mediator Between Citizens and Government Agencies: Problems and Prospects*, 15 Harv. J. Legis. 701 (1979)

*A Dialogue on the Unauthorized Practice of Law*, 25 Villanova L. Rev. 6 (1979) (co-author)

*The Problems of Nursing Homes: Connecticut's Non Response*, 31 Admin. L. Rev. 1 (1979)

## SIGNIFICANT LEGAL EXPERIENCE:

Argued eight cases before the U.S. Supreme Court

Authored dozens of U.S. Supreme Court filings (certiorari petitions, certiorari oppositions, merits briefs, reply briefs)

Briefed and argued numerous cases before various U.S. circuit and district courts and state trial and appellate courts

Tried dozens of cases (primarily jury trials)

Handled more than 100 class action cases as counsel

Served as an expert witness in numerous high profile class action cases, including the *British Petroleum Deepwater Horizon Oil Spill* litigation, the *National Football League*

*Concussion* litigation, the *Syngenta Genetically Modified Corn* litigation, the *Volkswagen Clean Diesel* litigation, the *Wells Fargo Unauthorized Accounts* litigation, and the *Equifax Data Breach* litigation

Worked extensively with testifying and consulting experts on class action issues, including economists, securities experts, medical and scientific experts, and leading academics

Presented more than 100 cases to the grand jury while serving as an Assistant U.S. Attorney

Handled hundreds of sentencing hearings, preliminary hearings, and probation revocation hearings

## SIGNIFICANT TEACHING AND SPEAKING ENGAGEMENTS

Speaker on the Legacy of Justice Ruth Bader Ginsburg (held remotely), Temple Beth Sholom Synagogue, Salem Oregon (June 27, 2021)

Panel Moderator, Mass-Tort MDL Bench-Bar Conference (held remotely), George Washington University Law School, Washington, D.C. (June 10, 2021)

Speaker on Class Actions (held remotely), Oregon Association of Defense Counsel, Portland Oregon (May 20, 2021)

Speaker on Class Actions and Multidistrict Litigation (held remotely), South Ural State University Institute of Law, Chelyabinsk, Russia (April 8, 2021)

Speaker on Class Actions and Multidistrict Litigation (held remotely), Northwestern Pritzker School of Law, Complex Litigation Seminar, Chicago, Illinois (March 31, 2021)

Speaker on Multidistrict Litigation, Class Actions, and the *Volkswagen Clean Diesel* Case (held remotely), Bahcesehir University, Istanbul, Turkey (July 15, 2020)

Speaker, Multidistrict Litigation Conference (held remotely), Emory University School of Law, Atlanta, Georgia (June 19, 2020)

Speaker, Class Action Conference, Fordham Law Review and the Institute for Law & Economic Policy, New York, New York (Feb. 27-28, 2020)

Keynote Speaker, Harold Schnitzer Spirit of Unity Peace Leadership Award Ceremony, Salem, Oregon (Nov. 20, 2019).

Conference Chair and Participant, 2019 Symposium on Class Actions and Aggregate Litigation, Pound Civil Justice Institute and Lewis & Clark Law School, Portland, Oregon (Nov. 1-2, 2019).

Speaker, International Class Actions Conference, Vanderbilt Law School, Nashville, Tennessee (Aug. 23, 2019)

Keynote Speaker, Pound Civil Justice Institute, Aggregate Litigation in State Court: Conference of State Court Appellate Judges, San Diego, California (July 27, 2019)

Visiting Professor of Law, University of Bologna School of Law, Ravenna, Italy (July, 2019) (faculty member for summer program on Transnational Torts)

Visiting Professor of Law, University of Trento School of Jurisprudence, Trento, Italy (May, 2019) (taught Introduction to U.S. Law)

Visiting Professor of Law, Royal University of Law and Economics, Phnom Penh, Cambodia (April 2019)

Speaker, Impact Fund Class Action Conference, San Francisco, California (Feb. 22, 2019)

Speaker on Class Actions, 17th Annual Impact Fund Class Action Conference, San Francisco, California (Feb. 23, 2019)

Visiting Professor of Law, National Taiwan University, Taipei, Taiwan (December 2018) (taught course on U.S. Class Actions)

Speaker on the National Football League Concussion case, National Taiwan University, Taipei, Taiwan (December 20, 2018)

Speaker on Class Actions, Live Webinar Broadcast, Rule 23 Will Be Amended in Four Days: Are You Ready, American Bar Association (Nov. 27, 2018)

Speaker, American Bar Association's 22d Annual Institute on Class Actions, Chicago, Illinois (Oct. 18, 2018)

Speaker, MDL at 50 –The 50th Anniversary of Multidistrict Litigation, New York University School of Law, New York, New York (Oct. 12, 2018)

Visiting Professor of Law, University of Bologna School of Law, Ravenna, Italy (July 2018) (faculty member for environmental law program; lectured on environmental class actions)

Speaker on Class Actions, Freie University Faculty of Law, Berlin, Germany (June 26, 2018)

Visiting Professor of Law, Royal University of Law and Economics, Phnom Penh, Cambodia (April 2018) (taught course on Introduction to United States Law)

Co-Chair, Moderator, and Panelist, Posner on Class Actions, Columbia Law School, New York, New York (March 2, 2018)

Panelist on Civil Discovery, Vanderbilt University School of Law, Nashville, Tennessee (October 13, 2017)

Panelist on the Civil Rules Committee Process, University of Arizona College of Law, Tucson, Arizona (October 7, 2017)

Visiting Professor of Law, University of Bologna School of Law, Ravenna, Italy (July 2017) (faculty member for environmental law program; lectured on environmental class actions)

Visiting Professor of Law, University of Trento School of Jurisprudence, Trento, Italy (May 2017) (taught course on Introduction to U.S. Law)

Panelist on Class Actions, Beard Group, Class Action Money and Ethics Conference, New York, New York (May 1, 2017)

Visiting Professor of Law, Tel Aviv University, Tel Aviv, Israel (January 2017) (taught course on class actions)

Panelist on Class Actions, Tel Aviv University, Fifty Years of Class Actions – A Global Perspective (January 4, 2017)

Panelist on Class Actions, New York University Law School Conference on Rule 23@50, New York, New York (December 2, 2016)

Panelist on Class Actions, Appellate Judges Education Institute, Philadelphia, Pennsylvania (November 11, 2016)

Speaker on Class Actions, National Legal Aid Defender Association National Farmworker Conference, Indianapolis, Indiana (November 10, 2016)

Panelist on Class Actions, American Bar Association Class Action Institute, Las Vegas, Nevada (October 20, 2016)

Panelist, Duke University Law School Conference on Class Action Settlements, San Diego, California (October 6, 2016)

Fulbright Scholar, Hong Kong University School of Law (August- September 2016) (taught course on class actions and delivered campus-wide lecture on criminal procedure)

Visiting Professor of Law, National Taiwan University, Taipei, Taiwan (June 2016) (taught course on Introduction to United States Law)

Speaker on Class Actions, University of Zagreb Law School, Zagreb, Croatia (May 11, 2016)

Panelist on Civil Litigation, Association of American Law Schools Annual Meeting, New York, New York (January 8, 2016)

Visiting Professor of Law, Bahçeşehir University School of Law, Istanbul, Turkey (December 2015) (taught Introduction to United States Law)

Participant, Conference on Civil Justice (Pound Institute) Emory University Law School, Atlanta, Georgia (October 15, 2015)

Participant, Conference on Class Actions, Duke Law School, Arlington, Virginia (July 23-24, 2015)

Participant, Conference on Class Actions, Defense Research Institute, Washington, D.C. (July 23-24, 2015)

Participant, Civil Procedure Workshop, Seattle University Law School, Seattle, Washington (July 17, 2015)

Panelist on Class Actions, Annual Meeting, American Association for Justice, Montreal, Canada (July 12, 2015)

Speaker on Class Actions, International Association of Procedural Law, Istanbul, Turkey (May 28, 2015)

Panelist, Subcommittee on Class Actions of U.S. Judicial Conference Advisory Committee on Civil Rules, American Law Institute Annual Meeting, Washington, D.C. (May 17, 2015)

Moderator, Ethical Issues in Class Actions and Non-Class Aggregate Litigation, American Law Institute Annual Meeting, Washington, D.C., (May 17, 2015)

Visiting Professor of Law, University of Trento School of Jurisprudence, Trento, Italy (March 2015) (taught U.S. Class Actions)

Speaker on Class Actions, European University Institute, Fiesole, Italy (February 23, 2015)

Visiting Professor of Law, University of Notre Dame, Fremantle Australia (January 2015) (taught course on U.S. Civil Rights and Civil Liberties)

Visiting Professor of Law, Universidad Sergio Arboleda, Bogota and Santa Marta, Colombia (December 2014) (taught course on Introduction to United States Law)

Visiting Professor of Law, National Taiwan University, Taipei, Taiwan (November 2014) (taught course on Introduction to United States Law)

Panelist, American Bar Association, National Institute on Class Actions, Chicago, Illinois (October 23, 2014)

Visiting Professor of Law, East China University of Political Science and Law, Shanghai, China (October 2014) (taught U.S. Class Actions)

Visiting Professor of Law, Herzen State Pedagogical University of Russia, St. Petersburg, Russia (September 2014) (taught U.S. Class Actions)

Visiting Professor of Law, Royal University of Law and Economics, Phnom Penh, Cambodia (July 2014) (taught Introduction to United States Law)

Speaker on U.S. Legal Education, Universidad Sergio Arboleda School of Law, Bogota, Colombia (June 3 and 5, 2014)

Speaker on Class Actions, Superintendencia de Industria y Comercio, Bogota, Colombia (June 3, 2014)

Speaker on Class Actions and the Fukushima Nuclear Accident, Waseda University School of Law, Tokyo, Japan (January 24, 2014)

Speaker on Class Actions, Osaka Bar Association, Osaka, Japan (January 23, 2014)

Speaker on Class Actions, East China University of Political Science and Law, Shanghai, China (January 15, 2014)

Speaker on Class Actions, AmCham Shanghai, Shanghai, China (January 14, 2014)

Speaker on Development of Animal Law in the Legal Academy, 2013 Animal Law Conference, Stanford Law School, Palo Alto, California (November 25, 2013)

Speaker on U.S. Law and Legal Education, Royal University of Law and Economics, Phnom Penh, Cambodia (October 1, 2013)

Speaker on U.S. Law and Legal Education, Paññāsāstra University of Cambodia, Phnom Penh, Cambodia (October 1, 2013)

Speaker on U.S. Legal Education, International Association of Law Schools International Deans' Forum, National University of Singapore Law School, Singapore (September 26, 2013)

Speaker on Class Actions, Japan Federation of Bar Associations, Tokyo, Japan (September 19, 2013)

Speaker on Class Actions, Waseda University School of Law, Tokyo, Japan (September 19, 2013)

Speaker on Ethics of Aggregate Settlements, American Association for Justice Annual Meeting, San Francisco, California (July 22, 2013)

Speaker on the British Petroleum Class Action Settlement, International Water Law Conference, National Law University of Delhi, Delhi, India (May 31, 2013)

Speaker on U.S. Supreme Court Confirmation Process, Jewish Federation of Greater Portland's Food for Thought Festival, Portland, Oregon (April 21, 2013)

Speaker on Class Actions, Class Action Symposium, George Washington University Law School, Washington, D.C. (March 8, 2013)

Speaker on Class Actions, Impact Fund Class Action Conference, Oakland, California (March 1, 2013)

Speaker on Class Actions, Hong Kong University Department of Law (November 15, 2012)

Speaker on Class Actions, Fudan University Law School (Shanghai, China) (November 13, 2012)

Keynote Speaker, National Consumer Law Center Symposium, Seattle, Washington (October 28, 2012)

Speaker, American Bar Association, National Institute on Class Actions, Chicago, Illinois (October 25, 2012)

Speaker, Conference on Class Actions, Washington University St. Louis School of Law and the Institute for Law and Economic Policy (April 27, 2012)

Speaker, Conference on Class Actions, Loyola Chicago School of Law (April 13, 2012)

Panelist on leadership and world peace with Former South African President F.W. De Klerk, University of Portland (February 29, 2012)

Panelist on class actions before the Standing Committee on Rules of Practice and Procedure, Phoenix, Arizona (January 5, 2012)

Speaker on Class Actions Lawsuits in the U.S., University of the Philippines, College of Law, Quezon City, Philippines (August 2011)

Speaker on Environmental Class Actions, Kangwon University Law School, Chuncheon, South Korea (August 2011)

Speaker on Class Actions, Federal Judicial Center Conference on Class Actions, Duke University School of Law (May 20, 2011)

Speaker, Conference on Aggregate Litigation, University of Cincinnati College of Law (April 1, 2011)

Speaker on Class Actions, Seoul National University School of Law (May 18, 2010)

Keynote Speaker (addressing US Supreme Court confirmation process), Alaska Bar Annual Meeting (April 28, 2010)

Speaker, Conference on the Future of Animal Law, Harvard Law School (April 11, 2010)

Speaker, Conference on Aggregate Litigation: Critical Perspectives, George Washington University Law School (Mar. 12, 2010)

Speaker, U.S. Supreme Court Confirmation Process, Multnomah County Bar Association and City Club of Portland, (Sept. 30, 2009)

Speaker on Class Actions, American Legal Institutions, and American Legal Education at National Law Schools of India in Bangalore, Hyderabad, Calcutta, Jodhpur, and Delhi (August 2009)

Speaker, China/U.S. Conference on Tort and Class Action Law, Renmin University of China School of Law, Beijing, China (July 11-12, 2009)

Speaker on Class Actions, Southeastern Association of Law Schools annual meeting, Palm Beach, Florida (August 1, 2008)

Speaker on Class Actions, National Foundation for Judicial Excellence (meeting of 150 state appellate court judges), Chicago, Illinois (July 12, 2008)

Speaker on Class Actions, Practising Law Institute, New York, NY (July 10, 2008)

Speaker at Conference on Class Actions in Europe and North America, sponsored by New York University School of Law, the American Law Institute, and the European University Institute, Florence, Italy (June 13, 2008)

Speaker on Class Actions at the American Bar Association Tort and Insurance Section Meeting, Washington, D.C. (Oct. 26, 2007)

Speaker on Antitrust Class Actions at the American Bar Association's Annual Antitrust Meeting, Washington D.C. (April 18, 2007)

Chair, Organizer, and Moderator of Class Action Symposium at UMKC School of Law (April 7, 2006) (other speakers (26 in all) included, *e.g.*, Professors Arthur Miller, Edward Cooper, Sam Issacharoff, Geoffrey Miller, and Linda Mullenix, as well as several prominent federal judges and practicing lawyers)

Speaker on Class Actions, Missouri CLE (Nov. 18, 2005)

Speaker on Class Actions, Practising Law Institute (July 29, 2005)

Speaker on Class Actions, Kansas CLE (June 23, 2005)

Speaker on Class Actions at Bureau of National Affairs Seminar on the Class Action Fairness Act of 2005 (June 17, 2005)

Visiting Lecturer on Class Actions, Peking University (May 30-June 3, 2005)

Speaker on Oral Argument, American Bar Association 2005 Section of Litigation Annual Conference (April 22, 2005) (part of panel including Second Circuit Chief Judge Walker and several others)

Speaker on Class Actions, Federal Trade Commission/Organization for Economic Co-operation and Development, Workshop on Consumer Dispute Resolution and Redress in the Global Marketplace (April 19, 2005)

Speaker at Antitrust Class Action Symposium, University of Western Ontario College of Law (April 1, 2005)

Speaker at Class Action Symposium, Mississippi College of Law (February 18, 2005)

Speaker on Class Actions, Practising Law Institute (July 30, 2004)

Visiting Lecturer on Class Actions, Peking University (June 2004)

Visiting Lecturer on Class Actions, Tsinghua University (June 2004)

Speaker at Class Action Symposium, Michigan State University (April 16-17, 2004)

Speaker on U.S. Supreme Court advocacy, David Prager Advanced Appellate Institute (Kansas City Metropolitan Bar Association) (Feb. 27, 2004)

Speaker on Class Actions, Institute of Continuing Legal Education in Georgia (Oct. 24, 2003)

Speaker on Class Actions, Practising Law Institute (July 31, 2003)

Speaker on Class Actions, Practising Law Institute (Aug. 5, 2002)

Speaker on Class Actions, Practising Law Institute (Aug. 16, 2001)

Speaker on many occasions throughout the country on "Sponsorship Strategy" (1990-present) and advocacy before the U.S. Supreme Court (1988-present)

## **OTHER PROFESSIONAL ACTIVITIES:**

Member of American Bar Association Group Evaluating Qualifications of Merrick Garland to serve on the U.S. Supreme Court (reviewed Judge Garland's civil procedure opinions)

Advisory Board Consulting Editor, *Class Action Litigation Report* (BNA)

Advisory Board, The Flawless Foundation (an organization that serves troubled children)

Member, Board of Directors, Citizens' Crime Commission (Portland, Oregon) (2007-2011)

Served on numerous UMKC School of Law committees, including Programs (Chair), Promotion and Tenure, Appointments, and Smith Chair Appointment

Chair of pro bono program for all 27 offices of Jones Day (2000-2004); also, previously Chair of Washington office pro bono program (1992-2003)

Member, Board of Directors, Bread for the City (a D.C. public interest organization providing medical, legal, and social services) (2001-2003)

Master, Edward Coke Appellate Practice Inn of Court in Washington, D.C. (other participants include Ted Olson, Seth Waxman, Ken Starr, Walter Dellinger, and several sitting appellate judges) (2001-2003)

Member, Board of Directors, Washington Lawyers' Committee for Civil Rights and Urban Affairs (2000-2003); Advisory Board Member (2003-present)

Member, D.C. Court of Appeals Committee on Unauthorized Practice of Law (1997-2000)

Handled and supervised numerous pro bono matters (*e.g.*, death penalty and other criminal defense, civil rights, veterans' rights)

Played a major role in establishing a walk-in free legal clinic in Washington, D.C.'s Shaw neighborhood

## **VOLUNTEER WORK:**

Numerous guest speaker appearances at public schools and retirement homes; volunteer at local soup kitchen; volunteer judge for Classroom Law Project.

**EXHIBIT B**

**CASE-SPECIFIC MATERIALS RELIED UPON**

1. CIIPP's Seventh Amended Consolidated Class Action Complaint dated 10/10/20.

2. CIIPP's Memorandum in Support of Motion for Class Certification, including expert report.

3. Defendants' Opposition to CIIPP's Motion for Class Certification, including expert report.

4. CIIPP's Reply in Support of Class Certification, including reply expert report.

5. Defendants' Sur-Reply Memorandum and Sur-reply expert report in Opposition to Class Certification.

6. Memorandum in Support of Direct Purchaser Plaintiffs' Motion for Interim Payment of Attorneys' Fees, Reimbursement of Expenses, and Class Representative Incentive Awards and Declaration of Co-Lead Counsel W. Joseph Bruckner.

7. Court's 11/20/17 Memorandum Opinion and Order ruling on Defendants' Motion to Dismiss.

8. Rule 23(g) Orders for Indirect Purchasers dated 10/14/16 and 12/14/16.

9. Spread sheet on fee agreements with plaintiffs.

10. Daniel Gustafson Decl. in Motion for Appointment (Doc. No. 116).

11. Merits Expert Reports Submitted by Plaintiffs.

12. Bullet points and charts prepared by plaintiffs' counsel outlining the risks of litigation; the chronology of the government's involvement; details regarding expert witness submissions; and data on expenses and on lodestar information as of June 30, 2021.

13. Briefing and declarations in connection with motion for appointment of interim class counsel.

# EXHIBIT 2

**GUSTAFSON GLUEK PLLC**

ATTORNEYS AT LAW

CANADIAN PACIFIC PLAZA
120 SOUTH SIXTH STREET, SUITE 2600
MINNEAPOLIS, MINNESOTA 55402
TEL (612) 333-8844 • FAX (612) 339-6622

LAW OFFICES
**COTCHETT, PITRE & McCARTHY, LLP**
SAN FRANCISCO AIRPORT OFFICE CENTER
840 MALCOLM ROAD
BURLINGAME, CALIFORNIA 94010
TELEPHONE (650) 697-6000
FAX (650) 697-0577

DANIEL E. GUSTAFSON
DGUSTAFSON@GUSTAFSONGLUEK.COM

STEVEN N. WILLIAMS
SWILLIAMS@CPMLEGAL.COM

December 6, 2016

**VIA E-MAIL**                                          *PRIVILEGED & CONFIDENTIAL*

See Attached Service List

RE:   *IN RE BROILER CHICKEN ANTITRUST LITIGATION*
      **Case No. 1:16-cv-08637**

Dear Counsel:

On October 14, 2016, our firms were appointed as Interim Co-Lead Class Counsel for Indirect Purchasers, and Wexler Wallace, LLP was appointed Interim Liaison Class Counsel for the Indirect Purchaser Class in this case. We are negotiating a pretrial schedule with defendants and with lead counsel for the Direct Purchaser plaintiffs. We filed our Second Amended Class Action Complaint on November 23, 2016.

**Common Cost Litigation Fund**

We have already incurred expert and related expenses, and expect those to continue in the coming months. We also will establish a discovery database to which each of us will have necessary access as the case proceeds. Accordingly, we have established a common cost litigation fund, and are asking each of you initially to contribute $10,000 each to the fund. Co-Lead Counsel will contribute $30,000 apiece, and Liaison Counsel will contribute $20,000. Please submit your payment by December 14, 2016 and make your check payable to:

Poultry Antitrust Litigation Fund

and mail it to the attention of:

**Adam J. Zapala**
**Cotchett, Pitre & McCarthy, LLP**
**San Francisco Airport Office Center**
**840 Malcolm Road**
**Burlingame, CA 94010**

Future assessments will be based upon each firm's relative lodestar in the case.

Letter to IPP Counsel                                    *PRIVILEGED & CONFIDENTIAL*
Page 2
December 6, 2016

## Time and Expense Reports

To efficiently manage and direct the prosecution of this case, Interim Co-Lead Counsel will collect time and expense reports from each firm. Attached are Excel spreadsheet time and expense report forms to use for reporting your firm's time and expense data. Please submit your time and expense reports along with the detailed back up reports to Jamie Holzer at jholzer@gustafsongluek.com. Her phone number is 612-333-8844.

Your first time and expense report should cover the time period from inception through November 30, 2016. This initial report is due on December 21, 2016. All time is to be reported at the billing rates in effect at the time the work was performed. Your subsequent reports should be done on a monthly basis and submitted by the **20th day of the month** (or next business day thereafter if the 20th falls on a weekend or holiday) for the preceding month. For future reference, please advise Jamie Holzer who at your firm is the appropriate contact person (name and e-mail address) for time and expenses.

In your time and expense report, please adhere to these guidelines:

1.      Time is to be reported in tenths of an hour.

2.      Time is to be recorded by task with a specific amount of time for each task described; do not submit "block billing" with one undifferentiated total time for multiple tasks.

3.      Time is to be recorded at the billing rate in effect when the work is performed.

4.      Time spent reviewing and coding documents is capped at $350 per hour.

5.      Please do not submit time for any of the following. It will not be compensated or included in any fee petition:

- work not performed at the request or under the direction of co-lead counsel;
- duplication of efforts within a firm;
- time expended in preparing time and expense reports;
- "read and review" time unrelated to preparation for or performance of work specifically assigned by co-lead counsel;
- unnecessary intra-firm attorney conferences;
- work associated with any direct purchaser case;
- routine clerical tasks (such as "file maintenance" by a paralegal or clerical staff) unrelated to preparation for and performance of work specifically assigned by co-lead counsel; or
- time associated with work relating to any client or potential client that did not retain your firm for this case.

43341

Letter to IPP Counsel                                          *PRIVILEGED & CONFIDENTIAL*
Page 3
December 6, 2016

6.      Your expense report should itemize your out-of-pocket, case-related expenses.  If you have a "Miscellaneous/Other" expense item on a report, please describe it with sufficient detail to identify the expense and its relation to the case.

7.      Routine office supplies and regular secretarial time should not be included as a case expense.

8.      No surcharges should be reflected in or applied to any expenses, including telephone, faxes, and copying.

9.      Travel expenses should follow these guidelines:

- Flights of less than two hours should be submitted at coach class rates; flights exceeding two hours, but less than five hours may be billed in economy plus.  Flights exceeding five hours may be submitted at business class rates; all flights are to be booked at the lowest fare available; first class airfare should not be submitted and will not be reimbursed.

- For overnight travel, counsel is to be mindful in selecting reasonable hotel accommodations not to exceed $400 per night, unless extenuating circumstances exist; and

- Per Diem expenses for travel should not exceed $75 per person per day exclusive of lodging and transportation.

Failure to make timely payments to the litigation fund, or to submit time and expense reports may result in the loss of work assigned to your law firm.

If you have any questions, please call us. We look forward to working with each of you toward a successful resolution of this case.

Sincerely,

GUSTAFSON GLUEK PLLC                    COTCHETT, PITRE & McCARTHY, LLP

Daniel E. Gustafson                     Steven N. Williams

DEG/jlh
Enclosure

43341

# EXHIBIT 3

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 1:16-cv-08637 TMD<br><br>Hon. Thomas M. Durkin<br><br>Magistrate Judge Jeffrey T. Gilbert |
| This Document Relates To:<br><br>All Commercial and Institutional Indirect Purchaser Plaintiff Actions | |

**<u>DECLARATION OF DAVID W. GARRISON IN SUPPORT OF COMMERCIAL AND
INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' MOTION FOR INTERIM
AWARD OF ATTORNEYS' FEES AND EXPENSES ON BEHALF OF BARRETT,
JOHNSTON, MARTIN & GARRISON, LLC</u>**

I, David W. Garrison, declare and state as follows:

1.       I am a Partner of Barrett, Johnston, Martin & Garrison, LLC. I submit this declaration in support of Interim Co-Lead Class Counsel's Motion for an interim award of attorneys' fees and reimbursement of costs and expenses in connection with services rendered and expenses incurred by my firm in connection with this litigation. I make this declaration based on my personal knowledge and if called as a witness, I could and would competently testify to the matters stated herein.

2.       During the pendency of this litigation, my firm has acted as Counsel to the Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") class, including as counsel for Plaintiff Eowyn, LLC dba Cabana ("Cabana"). During the period of case inception through August 31, 2021, and at the request of Interim Co-Lead Class Counsel, my firm has been involved in taking deposition discovery, producing discovery for Plaintiff Cabana, advising Plaintiff Cabana

1

as to the progress of the litigation, and defending depositions related to Plaintiff Cabana.

3.     Attached hereto as Exhibit A, is a detailed summary showing the amount of time spent by the partners, attorneys, and paralegals of my firm who have been involved in this litigation. The lodestar calculation is based upon my firm's historic hourly billing rates.

4.     The total number of hours expended on this litigation by my firm from this case's inception through August 31, 2021, is 102.6 hours. The total lodestar for my firm is $49,903.00. My firm's lodestar figures are based on the firm's historic hourly billing rates. The hourly rates for the partners, attorneys, and professional support staff in my firm are the same as the usual and customary hourly rates charged for their services in contingent billable matters. The total hours were determined by the examination of contemporaneous, daily time records regularly prepared and maintained by my firm, and which have been provided to Interim Co-Lead Class Counsel for their review.

5.     As detailed in Exhibit B attached hereto, my firm has incurred a total of $1,344.13 in unreimbursed expenses during the period from this case's inception through August 31, 2021. These expenses do not include my firm's assessment payments to the common cost litigation fund, maintained by Interim Co-Lead Class Counsel. The expenses incurred in this litigation are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of the expenses incurred.

6.     In December 2016, shortly after this litigation was commenced and Lead Counsel was appointed, CIIPPs' Interim Co-Lead Class Counsel sent us the Court's approved time and expense reporting protocols. In the course of this litigation my firm has abided by these protocols as we have performed work, incurred expenses, and submitted monthly reports of our time and

expenses. My firm's submission of it compensable time and reimbursable expenses in this declaration and its exhibits, comports with these Court-approved time and expense reporting protocols.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 28, 2022, in Nashville, Tennessee.


_____*/s/ David W. Garrison*_____
David W. Garrison

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

**Exhibit A - TIME REPORT**

| Firm Name: | Barrett Johnston Martin & Garrison | Reporting Period: | 05/21/2018 through 08/31/2021 |
|---|---|---|---|

**Categories:**

1) Legal Research

2) Investigation / Factual Research

3) Discovery
   (Written / Deposition Taking & Defending / Meet & Confer / etc. )

4) Document Review
   (Including for depo prep, class cert, experts, liability issues, jurisdictional issues, and meetings re doc review)

5) Pleadings, Briefs & Motions (Drafting, Research, Serving & Filing)

6) Class Certification

7) Summary Judgment

8) Appeals

9) Court Appearance and Prep

10) Experts

11) Settlements & Mediation

12) Case Management

13) Class Notice

14) Trial Prep
   (Exhibit & Witness List/Jury Instruction/ Vior Dire/Opening Statements/Closing Arguments/Demonstratives/etc.)

15) Trial

**TITLE:**

(P) Partner

(A) Associate

(LC) Law Clerk

(SPL) Senior Paralegal

(PL) Paralegal
(CR) Contract Reviewer

| ATTORNEYS (P, A) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| David W. Garrison | | | | | | | | | | | | 13.60 | | | | | 13.60 | 13.60 | $525.00 | $0.00 | $7,140.00 | **$7,140.00** |
| Scott P. Tift | | | 87.80 | | | | | | | | | | | | | | 87.80 | 87.80 | $485.00 | $0.00 | $42,583.00 | **$42,583.00** |
| (P) | | | | | | | | | | | | | | | | | 0.00 | 0.00 | $1,025.00 | $0.00 | $0.00 | **$0.00** |
| (P) | | | | | | | | | | | | | | | | | 0.00 | 0.00 | $1,050.00 | $0.00 | $0.00 | **$0.00** |
| (P) | | | | | | | | | | | | | | | | | 0.00 | 0.00 | $1,075.00 | $0.00 | $0.00 | **$0.00** |
| (P) | | | | | | | | | | | | | | | | | 0.00 | 0.00 | $1,100.00 | $0.00 | $0.00 | **$0.00** |
| (A) | | | | | | | | | | | | | | | | | 0.00 | 0.00 | $575.00 | $0.00 | $0.00 | **$0.00** |
| (CR) | | | | | | | | | | | | | | | | | 0.00 | 0.00 | $250.00 | $0.00 | $0.00 | **$0.00** |
| **SUB-TOTAL** | **0.00** | **0.00** | **87.80** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **13.60** | **0.00** | **0.00** | **0.00** | **0.00** | **101.40** | **101.40** | | **$0.00** | **$49,723.00** | **$49,723.00** |

| NON-ATTORNEYS (LC, SPL, PL) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Daniel Craig | | | | | | | | | | | | 0.50 | | | | | 0.50 | 0.50 | $150.00 | $0.00 | $75.00 | **$75.00** |
| Grant Gilbert | | | | | | | | | | | | 0.70 | | | | | 0.70 | 0.70 | $150.00 | $0.00 | $105.00 | **$105.00** |
| (LC) | | | | | | | | | | | | | | | | | 0.00 | 0.00 | $200.00 | $0.00 | $0.00 | **$0.00** |
| (PL) | | | | | | | | | | | | | | | | | 0.00 | 0.00 | $225.00 | $0.00 | $0.00 | **$0.00** |
| (PL) | | | | | | | | | | | | | | | | | 0.00 | 0.00 | $250.00 | $0.00 | $0.00 | **$0.00** |
| **SUB-TOTAL** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **1.20** | **0.00** | **0.00** | **0.00** | **0.00** | **1.20** | **1.20** | | **$0.00** | **$180.00** | **$180.00** |
| **GRAND TOTAL:** | **0.00** | **0.00** | **87.80** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **14.80** | **0.00** | **0.00** | **0.00** | **0.00** | **102.60** | **102.60** | | **$0.00** | **$49,903.00** | **$49,903.00** |

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

**Exhibit B - EXPENSE REPORT**

**FIRM NAME: Barrett, Johnston, Martin & Garrison, LLC**

**REPORTING PERIOD:** Inception through 08/31/2021

| CATEGORY | DESCRIPTION (If necessary) | CUMULATIVE COSTS |
|---|---|---|
| Court Costs - Filing Fees | | $150.00 |
| Experts/consultants | | $0.00 |
| Federal Express / UPS /Ontrac | | $34.33 |
| Postage / U.S. Mail | | $0.00 |
| Service of Process | | $0.00 |
| Messenger/delivery | | $0.00 |
| Hearing Transcripts | | $0.00 |
| Investigation | | $0.00 |
| Lexis/westlaw | | $0.00 |
| Photocopies - in House | | $105.30 |
| Photocopies - Outside | | $0.00 |
| Telephone/telecopier | | $0.00 |
| Travel - Transportation | | $751.60 |
| Travel - Meals ($75 per person / day cap) | | $92.90 |
| Travel - Hotels | | $210.00 |
| Miscellaneous | | $0.00 |
| | | |
| **TOTAL EXPENSES** | | **$1,344.13** |

# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 1:16-cv-08637 TMD |
| | Hon. Thomas M. Durkin |
| | Magistrate Judge Jeffrey T. Gilbert |
| This Document Relates To: | |
| All Commercial and Institutional Indirect Purchaser Plaintiff Actions | |

**DECLARATION OF ALAN R. PLUTZIK IN SUPPORT OF COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' MOTION FOR INTERIM AWARD OF ATTORNEYS' FEES AND EXPENSES ON BEHALF OF BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP**

I, Alan R. Plutzik, declare and state as follows:

1.     I am a partner in the law firm of Bramson, Plutzik, Mahler & Birkhaeuser, LLP. I submit this declaration in support of Interim Co-Lead Class Counsel's Motion for an interim award of attorneys' fees and reimbursement of costs and expenses in connection with services rendered and expenses incurred by my firm in connection with this litigation. I make this declaration based on my personal knowledge, and if called as a witness, I could and would competently testify to the matters stated herein.

2.     During the pendency of this litigation, my firm has acted as Counsel to the Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") class, including as counsel for Plaintiff Bodega Brewpub,Inc.  During the period of case inception through August 31, 2021, and at the request of Interim Co-Lead Class Counsel, my firm has been involved in the following activities on behalf of CIIPPs:

1

- Reviewed and edited draft complaint and communicated edits to co-counsel;

- Conducted factual research regarding the class definition and the application of the U-B index to the broiler industry;

- Researched and identified states for which claims had been brought;

- Reviewed the factual allegations in the Fourth Amended Complaint, the defendants' interrogatory answers and the "meet and confer" letters that had been sent to Defendants Fieldale Farms and Foster Farms, LLC;

- Reviewed and discussed issues regarding the adequacy of Defendants' discovery responses with Co-Lead Counsel;

- Prepared for and conducted separate "meet and confer" conference calls with Defendants George's, Koch, Simmons, Mar-Jac and Harrison, and discussed those "meet and confer" sessions with Co-Lead Counsel;

- Drafted letters summarizing the results of the "meet and confer" discussions for submission to Co-Lead Counsel and, ultimately, to Defendants' counsel.

3. Attached hereto as Exhibit A, is a detailed summary showing the amount of time spent by the partners, attorneys, and paralegals of my firm who have been involved in this litigation. The lodestar calculation is based upon my firm's historic hourly billing rates, except for work completed on document review, which is capped at $350 per hour, from case inception through August 31, 2021.

4. The total number of hours expended on this litigation by my firm from this case's inception through August 31, 2021, is 28.80 hours. The total lodestar for my firm is $23,079.00. My firm's lodestar figures are based on the firm's historic hourly billing rates. The hourly rates

for the partners, attorneys, and professional support staff in my firm are the same as the usual and customary hourly rates charged for their services in contingent billable matters. The total hours were determined by the examination of contemporaneous, daily time records regularly prepared and maintained by my firm, and which have been provided to Interim Co-Lead Class Counsel for their review.

5.      In December 2016, shortly after this litigation was commenced and Lead Counsel was appointed, CIIPPs' Interim Co-Lead Class Counsel sent us the Court's approved time and expense reporting protocols. In the course of this litigation my firm has abided by these protocols as we have performed work, incurred expenses, and submitted monthly reports of our time and expenses. My firm's submission of its compensable time and reimbursable expenses in this declaration and its exhibits, comports with these Court-approved time and expense reporting protocols.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 26, 2022, at Walnut Creek, California.

_____*/s/ Alan R. Plutzik*_____
Alan R. Plutzik

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

## Exhibit A - TIME REPORT

| Firm Name: | Bramson, Plutzik, Mahler & Birkhaeuser, LLP | | | | | Reporting Period: | | | | | Inception through 08/31/2021 | | | | | | | | | | |

**Categories:**

1) Legal Research

2) Investigation / Factual Research

3) Discovery
   (Written / Deposition Taking & Defending / Meet & Confer / etc. )

4) Document Review
   (Including for depo prep, class cert, experts, liability issues, jurisdictional issues, and meetings re doc review)

5) Pleadings, Briefs & Motions (Drafting, Research, Serving & Filing)

6) Class Certification

7) Summary Judgment

8) Appeals

9) Court Appearance and Prep

10) Experts

11) Settlements & Mediation

12) Case Management

13) Class Notice

14) Trial Prep
   (Exhibit & Witness List/Jury Instruction/ Vior Dire/Opening Statements/Closing Arguments/Demonstratives/etc.)

15) Trial

**TITLE:**

(P) Partner

(A) Associate

(LC) Law Clerk

(SPL) Senior Paralegal

(PL) Paralegal
(CR) Contract Reviewer

| ATTORNEYS (P, A) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Daniel Birkhaeuser(P) | | | | | 3.30 | | | | | | | | | | | 0.00 | 3.30 | 3.30 | $770.00 | $0.00 | $2,541.00 | **$2,541.00** |
| Daniel Birkhaeuser (P) | | | 14.90 | | | | | | | | | | | | | 0.00 | 14.90 | 14.90 | $820.00 | $0.00 | $12,218.00 | **$12,218.00** |
| Alan Plutzik (P) | | | 6.50 | | 1.00 | | | | | | | | | | | 0.00 | 7.50 | 7.50 | $820.00 | $0.00 | $6,150.00 | **$6,150.00** |
| Jennifer Rosenberg (A) | | | | | 3.10 | | | | | | | | | | | 0.00 | 3.10 | 3.10 | $700.00 | $0.00 | $2,170.00 | **$2,170.00** |
| (A) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | **$0.00** |
| (A) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | **$0.00** |
| (CR) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | **$0.00** |
| | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | **$0.00** |
| **SUB-TOTAL** | **0.00** | **0.00** | **21.40** | **0.00** | **7.40** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **28.80** | **28.80** | | **$0.00** | **$23,079.00** | **$23,079.00** |

| NON-ATTORNEYS (LC, SPL, PL) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| (LC) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | **$0.00** |
| (LC) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | **$0.00** |
| (PL) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | **$0.00** |
| **SUB-TOTAL** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | | **$0.00** | **$0.00** | **$0.00** |
| **GRAND TOTAL:** | **0.00** | **0.00** | **21.40** | **0.00** | **7.40** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **28.80** | **28.80** | | **$0.00** | **$23,079.00** | **$23,079.00** |

# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 1:16-cv-08637 TMD |
| | Hon. Thomas M. Durkin |
| | Magistrate Judge Jeffrey T. Gilbert |
| This Document Relates To: | |
| All Commercial and Institutional Indirect Purchaser Plaintiff Actions | |

**DECLARATION OF MARC H. EDELSON, ESQ. IN SUPPORT OF COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' MOTION FOR INTERIM AWARD OF ATTORNEYS' FEES AND EXPENSES ON BEHALF OF EDELSON & ASSOCIATES, LLC**

I, MARC H. EDELSON, ESQ., declare and state as follows:

1.      I am a partner at EDELSON & ASSOCIATES, LLC. I submit this declaration in support of Interim Co-Lead Class Counsel's Motion for an interim award of attorneys' fees and reimbursement of costs and expenses in connection with services rendered and expenses incurred by my firm in connection with this litigation. I make this declaration based on my personal knowledge and if called as a witness, I could and would competently testify to the matters stated herein.

2.      During the pendency of this litigation, my firm has acted as Class Counsel to the Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") class, including as counsel for Plaintiff Kelley's Row ("Kelley's"). During the period of case inception through August 31, 2021, and at the request of Interim Co-Lead Class Counsel, my firm has been involved in the following activities on behalf of CIIPPs:

1

- Collected documents, in both paper and electronic format (ESI), from Kelley;

- In coordination with Interim Co-Lead Class Counsel, assisted in preparing Brian Kelley for his Rule 30(b)(6)/(1) deposition and attendance at said deposition;

- Assisted in drafting confidentiality designations for Kelley;

- Conferred with Brian Kelley regarding initial disclosures, ESI disclosures, written discovery responses, and assisted in drafting the disclosures and responses;

- Consulted with Brian Kelley and assisted in the preparation of the Declaration of Brian Kelley in Support of CIIPPs' Motion for Class Certification;

- Served as a direct contact with Brian Kelley regarding discovery matters, case updates and filings, settlements, discovery responses, required disclosures;

- Contributed to the review of CIIPPs' and Defendants' document productions, at the direction of Interim Co-Lead Class Counsel;

- Attended numerous depositions of Direct Action Plaintiffs; and

- Conducted legal research and analysis, at the direction of Interim Co-Lead Class Counsel regarding state antitrust laws.

3.      Attached hereto as Exhibit A, is a detailed summary showing the amount of time spent by the partners, attorneys, and paralegals of my firm who have been involved in this litigation. The lodestar calculation is based upon my firm's historic hourly billing rates, except for work completed on document review, which is capped at $350 per hour, from case inception through August 31, 2021.

4.      The total number of hours expended on this litigation by my firm from this case's inception through August 31, 2021, is 1,972 hours. The total lodestar for my firm is $878,535.00. My firm's lodestar figures are based on the firm's historic hourly billing rates. The hourly rates

for the partners, attorneys, and professional support staff in my firm are the same as the usual and customary hourly rates charged for their services in contingent billable matters. The total hours were determined by the examination of contemporaneous, daily time records regularly prepared and maintained by my firm, and which have been provided to Interim Co-Lead Class Counsel for their review.

5.     As detailed in Exhibit B attached hereto, my firm has incurred a total of $1,348.73 in unreimbursed expenses during the period from this case's inception through August 31, 2021. These expenses do not include my firm's assessment payments to the common cost litigation fund, maintained by Interim Co-Lead Class Counsel. The expenses incurred in this litigation are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of the expenses incurred.

6.     In December 2016, shortly after this litigation was commenced and Lead Counsel was appointed, CIIPPs' Interim Co-Lead Class Counsel sent us the Court's approved time and expense reporting protocols. In the course of this litigation my firm has abided by these protocols as we have performed work, incurred expenses, and submitted monthly reports of our time and expenses. My firm's submission of it compensable time and reimbursable expenses in this declaration and its exhibits, comports with these Court-approved time and expense reporting protocols.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 26, 2022, in Newtown, Pennsylvania.


_____*/s/ Marc H. Edelson*_____
MARC H. EDELSON, ESQ.

3

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

**Exhibit A - TIME REPORT**

| Firm Name: | Edelson & Associates, LLC | Reporting Period: | Inception through 08/31/2021 |
|---|---|---|---|

| Categories: | 1) Legal Research<br><br>2) Investigation / Factual Research<br><br>3) Discovery<br>   (Written / Deposition Taking &<br>   Defending / Meet & Confer / etc. )<br><br>4) Document Review<br>   (Including for depo prep, class cert,<br>   experts, liability issues,<br>   jurisdictional issues, and meetings<br>   re doc review) | 5) Pleadings, Briefs & Motions (Drafting,<br>Research, Serving & Filing)<br><br>6) Class Certification<br><br>7) Summary Judgment<br><br>8) Appeals<br><br>9) Court Appearance and Prep<br><br>10) Experts | 11) Settlements & Mediation<br><br>12) Case Management<br><br>13) Class Notice<br><br>14) Trial Prep<br>   (Exhibit & Witness List/Jury Instruction/<br>   Vior Dire/Opening Statements/Closing<br>   Arguments/Demonstratives/etc.)<br><br>15) Trial | **TITLE:** | (P) Partner<br><br>(A) Associate<br><br>(LC) Law Clerk<br><br>(SPL) Senior Paralegal<br><br>(PL) Paralegal<br>(CR) Contract Reviewer |
|---|---|---|---|---|---|

| ATTORNEYS (P, A) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Edelson, Marc (P) | | 22.00 | | 10.80 | 8.20 | | | | | | | | | | | 0.00 | 41.00 | 41.00 | $800.00 | $0.00 | $32,800.00 | **$32,800.00** |
| Edelson, Marc (P) | | | 6.90 | 66.70 | 8.30 | | | | | | 0.40 | | | | | 0.00 | 82.30 | 82.30 | $850.00 | $0.00 | $69,955.00 | **$69,955.00** |
| Edelson, Marc (P) | | | 119.90 | 50.30 | | | | | | | | | | | | 0.00 | 170.20 | 170.20 | $900.00 | $0.00 | $153,180.00 | **$153,180.00** |
| Verderame, Liberato (A) | | | | 701.90 | | | | | | | | | | | | 0.00 | 701.90 | 701.90 | $350.00 | $0.00 | $245,665.00 | **$245,665.00** |
| Verderame, Liberato (A) | | | | 40.10 | | | | | | | | | | | | 0.00 | 40.10 | 40.10 | $600.00 | $0.00 | $24,060.00 | **$24,060.00** |
| Verderame, Liberato (A) | 90.00 | | | | | | | | | | | | | | | 0.00 | 90.00 | 90.00 | $625.00 | $0.00 | $56,250.00 | **$56,250.00** |
| Verderame, Liberato (A) | | | 1.00 | | | | | | | | | | | | | 0.00 | 1.00 | 1.00 | $700.00 | $0.00 | $700.00 | **$700.00** |
| Gibson, Sati (A) | | | | 845.50 | | | | | | | | | | | | 0.00 | 845.50 | 845.50 | $350.00 | $0.00 | $295,925.00 | **$295,925.00** |
| | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | **$0.00** |
| | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | **$0.00** |
| | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | **$0.00** |
| **SUB-TOTAL** | **90.00** | **22.00** | **127.80** | **1,715.30** | **16.50** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.40** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **1,972.00** | **1,972.00** | | **$0.00** | **$878,535.00** | **$878,535.00** |

| NON-ATTORNEYS (LC, SPL, PL) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| (LC) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $250.00 | $0.00 | $0.00 | **$0.00** |
| (PL) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $225.00 | $0.00 | $0.00 | **$0.00** |
| (PL) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $250.00 | $0.00 | $0.00 | **$0.00** |
| **SUB-TOTAL** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | | **$0.00** | **$0.00** | **$0.00** |
| **GRAND TOTAL:** | **90.00** | **22.00** | **127.80** | **1715.30** | **16.50** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.40** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **1972.00** | **1,972.00** | | **$0.00** | **$878,535.00** | **$878,535.00** |

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

**Exhibit B - EXPENSE REPORT**

**FIRM NAME: Edelson & Associates, LLC**

**REPORTING PERIOD:** Inception through 08/31/2021

| CATEGORY | DESCRIPTION (If necessary) | CUMULATIVE COSTS |
|---|---|---|
| Court Costs - Filing Fees | | $358.00 |
| Experts/consultants | | $0.00 |
| Federal Express / UPS /Ontrac | | $0.00 |
| Postage / U.S. Mail | | $0.00 |
| Service of Process | | $0.00 |
| Messenger/delivery | | $0.00 |
| Hearing Transcripts | | $0.00 |
| Investigation | | $0.00 |
| Lexis/westlaw | | $0.00 |
| Photocopies - in House | | $0.00 |
| Photocopies - Outside | | $0.00 |
| Telephone/telecopier | | $0.00 |
| Travel - Transportation | | $0.00 |
| Travel - Meals ($75 per person / day cap) | | $783.46 |
| Travel - Hotels | | $207.27 |
| Miscellaneous | | $0.00 |
| | | |
| **TOTAL EXPENSES** | | **$1,348.73** |

# EXHIBIT 6

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 1:16-cv-08637 TMD<br>Hon. Thomas M. Durkin<br>Magistrate Judge Jeffrey T. Gilbert |
| This Document Relates To:<br><br>All Commercial and Institutional Indirect Purchaser Plaintiff Actions | |

**DECLARATION OF DAVID H. FINK IN SUPPORT OF COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' MOTION FOR INTERIM AWARD OF ATTORNEYS' FEES AND EXPENSES ON BEHALF OF FINK BRESSACK PLLC**

I, DAVID H. FINK, declare and state as follows:

1.     I am the managing partner of Fink Bressack PLLC. I submit this declaration in support of Interim Co-Lead Class Counsel's Motion for an interim award of attorneys' fees and reimbursement of costs and expenses in connection with services rendered and expenses incurred by my firm in connection with this litigation. I make this declaration based on my personal knowledge and if called as a witness, I could and would competently testify to the matters stated herein.

2.     During the pendency of this litigation, my firm has acted as counsel to the Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") class, working under the direction of Interim Co-Lead Class Counsel, including as counsel for Plaintiff Daliano's, Inc., d/b/a Dalionos ("Daliano's"). During the period of case inception through August 31, 2021, at the request of Interim Co-Lead Class Counsel, my firm has been involved in the following activities

1

on behalf of CIIPPs:

- Collected documents, in both paper and electronic format from Class Plaintiff Daliano's;

- Assisted in preparing Class Plaintiff Daliano's for their Rule 30(b)(6)/(1) deposition including attendance at said deposition;

- Conferred with Class Plaintiff Daliano's and assisted regarding production of documents for deposition of same;

- Conferred with Class Plaintiff Daliano's regarding discovery responses;

- Served as direct contact with Class Plaintiff Daliano's regarding discovery matters, case updates and filings, settlements, discovery responses and required disclosures;

- Conducted legal research and analysis, at the direction of Interim Co-Lead Class Counsel in support of review of Defendant's document productions;

- Conducted review of Defendant' document productions at the direction of Interim Co-Lead Class Counsel;

- Participated in telephone conferences with Interim Co-Lead Counsel regarding review of Defendants' document productions.

3.    Attached hereto as Exhibit A, is a detailed summary showing the amount of time spent by the partners, attorneys, and paralegals of my firm who have been involved in this litigation. The lodestar calculation is based upon my firm's historic hourly billing rates, except for work completed on document review, which is capped at $350 per hour, from case inception through August 31, 2021.

4.    The total number of hours expended on this litigation by my firm from this case's inception through August 31, 2021, is 1,653.30 hours. The total lodestar for my firm is $639,314.50. My firm's lodestar figures are based on the firm's historic hourly billing rates. The

hourly rates for the partners, attorneys, and professional support staff in my firm are the same as the usual and customary hourly rates charged for their services in contingent billable matters. The total hours were determined by the examination of contemporaneous, daily time records regularly prepared and maintained by my firm, and which have been provided to Interim Co-Lead Class Counsel for their review.

5.      As detailed in Exhibit B attached hereto, my firm has incurred a total of $635.12 in unreimbursed expenses during the period from this case's inception through August 31, 2021. These expenses do not include my firm's assessment payments to the common cost litigation fund, maintained by Interim Co-Lead Class Counsel. The expenses incurred in this litigation are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of the expenses incurred.

6.      In December 2016, shortly after this litigation was commenced and Lead Counsel was appointed, CIIPPs' Interim Co-Lead Class Counsel sent us the Court's approved time and expense reporting protocols. In the course of this litigation my firm has abided by these protocols as we have performed work, incurred expenses, and submitted monthly reports of our time and expenses. My firm's submission of its compensable time and reimbursable expenses in this declaration and its exhibits, comports with these Court-approved time and expense reporting protocols.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 27, 2022, in Bloomfield Hills, Michigan.

_____
DAVID H. FINK

3

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

## Exhibit A - TIME REPORT

**Firm Name:** Fink Bressack PLLC

**Reporting Period:** Inception (09/12/2018) through 08/31/2021

**Categories:**

1) Legal Research
2) Investigation / Factual Research
3) Discovery (Written / Deposition Taking & Defending / Meet & Confer / etc. )
4) Document Review (Including for depo prep, class cert, experts, liability issues, jurisdictional issues, and meetings re doc review)
5) Pleadings, Briefs & Motions (Drafting, Research, Serving & Filing)
6) Class Certification
7) Summary Judgment
8) Appeals
9) Court Appearance and Prep
10) Experts
11) Settlements & Mediation
12) Case Management
13) Class Notice
14) Trial Prep (Exhibit & Witness List/Jury Instruction/ Vior Dire/Opening Statements/Closing Arguments/Demonstratives/etc.)
15) Trial

**TITLE:**

(P) Partner
(A) Associate
(LC) Law Clerk
(SPL) Senior Paralegal
(PL) Paralegal
(CR) Contract Reviewer

| ATTORNEYS (P, A) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| David H. Fink (P) (2018) | | 4.90 | 8.30 | | 1.50 | | | | | | 0.40 | | | | | 0.00 | 15.10 | 15.10 | $925.00 | $0.00 | $13,967.50 | $13,967.50 |
| David H. Fink (P) (2019) | | 0.40 | 23.40 | | | | | | | | | | | | | 0.00 | 23.80 | 23.80 | $975.00 | $0.00 | $23,205.00 | $23,205.00 |
| David H. Fink (P) (2020-2021) | | 1.30 | 26.00 | | | 1.20 | | | | | 1.40 | | | | | 0.00 | 29.90 | 29.90 | $995.00 | $0.00 | $29,750.50 | $29,750.50 |
| Darryl G. Bressack (P) (2018) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $700.00 | $0.00 | $0.00 | $0.00 |
| Darryl G. Bressack (P) (2019) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $750.00 | $0.00 | $0.00 | $0.00 |
| Darryl G. Bressack (P) (2020-2021) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $775.00 | $0.00 | $0.00 | $0.00 |
| Nathan J. Fink (P) (2018) | | 0.30 | | | | | | | | | | | | | | 0.00 | 0.30 | 0.30 | $515.00 | $0.00 | $154.50 | $154.50 |
| Nathan J. Fink (P) (2019) | | 0.30 | | | | | | | | | | | | | | 0.00 | 0.30 | 0.30 | $575.00 | $0.00 | $172.50 | $172.50 |
| Nathan J. Fink (P) (2020) | | | | | | | | | | | 0.20 | | | | | 0.00 | 0.20 | 0.20 | $600.00 | $0.00 | $120.00 | $120.00 |
| Nathan J. Fink (P) (2021) | | 0.20 | | | | | | | | | | | | | | 0.00 | 0.20 | 0.20 | $635.00 | $0.00 | $127.00 | $127.00 |
| Lindsay D. Long (A) (2018) | | 4.90 | 24.50 | | 1.60 | | | | | | 1.50 | | | | | 0.00 | 32.50 | 32.50 | $545.00 | $0.00 | $17,712.50 | $17,712.50 |
| Lindsay D. Long (A) (2019) | | 1.50 | 27.50 | | 0.80 | | | | | | | | | | | 0.00 | 29.80 | 29.80 | $575.00 | $0.00 | $17,135.00 | $17,135.00 |
| Lindsay D. Long (A) (2020) | | 0.30 | 9.50 | | | 2.40 | | | | | | | | | | 0.00 | 12.20 | 12.20 | $650.00 | $0.00 | $7,930.00 | $7,930.00 |
| Lindsay D. Long (A) (2021) | | | 1.00 | | | | | | | | | | | | | 0.00 | 1.00 | 1.00 | $680.00 | $0.00 | $680.00 | $680.00 |
| John L. Mack (A) (2020-2021) | | | 3.20 | | | | | | | | | | | | | 0.00 | 3.20 | 3.20 | $525.00 | $0.00 | $1,680.00 | $1,680.00 |
| Glenn A. Gayer (A) (2018-2021) | | 0.20 | 4.60 | 1,498.00 | 2.00 | | | | | | | | | | | 1,504.80 | 1,504.80 | 1,504.80 | $350.00 | $0.00 | $526,680.00 | $526,680.00 |
| | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $250.00 | $0.00 | $0.00 | $0.00 |
| **SUB-TOTAL** | 0.00 | 14.30 | 128.00 | 1,498.00 | 5.90 | 3.60 | 0.00 | 0.00 | 0.00 | 0.00 | 3.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,653.30 | 1,653.30 | | $0.00 | $639,314.50 | $639,314.50 |

| NON-ATTORNEYS (LC, SPL, PL) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| (LC) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $250.00 | $0.00 | $0.00 | $0.00 |
| (LC) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $250.00 | $0.00 | $0.00 | $0.00 |
| (PL) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $250.00 | $0.00 | $0.00 | $0.00 |
| **SUB-TOTAL** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 | $0.00 | $0.00 |
| **GRAND TOTAL:** | 0.00 | 14.30 | 128.00 | 1498.00 | 5.90 | 3.60 | 0.00 | 0.00 | 0.00 | 0.00 | 3.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1653.30 | 1,653.30 | | $0.00 | $639,314.50 | $639,314.50 |

Ex. A - Time Summary

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

**Exhibit B - EXPENSE REPORT**

**FIRM NAME: FINK BRESSACK PLLC**

**REPORTING PERIOD:** Inception through 08/31/2021

| CATEGORY | DESCRIPTION (If necessary) | CUMULATIVE COSTS |
|---|---|---|
| Court Costs - Filing Fees | | $21.60 |
| Experts/consultants | | $0.00 |
| Federal Express / UPS /Ontrac | | $105.67 |
| Postage / U.S. Mail | | $12.34 |
| Service of Process | | $0.00 |
| Messenger/delivery | | $95.00 |
| Hearing Transcripts | | $0.00 |
| Investigation | | $0.00 |
| Lexis/westlaw | | $0.00 |
| Photocopies - in House | | $198.75 |
| Photocopies - Outside | | $0.00 |
| Telephone/telecopier | | $0.00 |
| Travel - Transportation | | $0.00 |
| Travel - Meals ($75 per person / day cap) | | $49.07 |
| Travel - Hotels | | $152.69 |
| Miscellaneous | | $0.00 |
| | | |
| **TOTAL EXPENSES** | | **$635.12** |

# EXHIBIT 7

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 1:16-cv-08637 TMD<br><br>Hon. Thomas M. Durkin<br><br>Magistrate Judge Jeffrey T. Gilbert |
| This Document Relates To:<br><br>All Commercial and Institutional Indirect Purchaser Plaintiff Actions | |

### DECLARATION OF BRIAN DOUGLAS PENNY IN SUPPORT OF COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' MOTION FOR INTERIM AWARD OF ATTORNEYS' FEES AND EXPENSES ON BEHALF OF GOLDMAN SCARLATO & PENNY

I, Brian Douglas Penny, declare and state as follows:

1. I am a partner in the firm of Goldman Scarlato & Penny, P.C. I submit this declaration in support of Interim Co-Lead Class Counsel's Motion for an interim award of attorneys' fees and reimbursement of costs and expenses in connection with services rendered and expenses incurred by my firm in connection with this litigation. I make this declaration based on my personal knowledge and if called as a witness, I could and would competently testify to the matters stated herein.

2. During the pendency of this litigation, my firm has acted as one the law firms representing the Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") at the direction of Interim Co-Lead Class Counsel. During the period of case inception through August 31, 2021, and at the request of Interim Co-Lead Class Counsel, my firm has been involved in the following activities on behalf of CIIPPs:

1

- Was the point person for negotiating discovery requests, responses, and objections, as well as obtaining adequate productions and written responses to interrogatories for several of the third parties that were subpoenaed in this case;

- Contributed to the review of CIIPPs' and Defendants' document productions, at the direction of Interim Co-Lead Class Counsel;

- Took a deposition of a Defendant witness;

- Assisted with drafting discovery-related briefs; and

- Conducted legal research and analysis, at the direction of Interim Co-Lead Class Counsel, in support of the allegations in the Amended Complaint.

3.     Attached hereto as Exhibit A, is a detailed summary showing the amount of time spent by the partners, attorneys, and paralegals of my firm who have been involved in this litigation. The lodestar calculation is based upon my firm's historic hourly billing rates, except for work completed on document review, which is capped at $350 per hour, from case inception through August 31, 2021.

4.     The total number of hours expended on this litigation by my firm from this case's inception through August 31, 2021, is **2,412.80** hours. The total lodestar for my firm is **$959,586.50**. My firm's lodestar figures are based on the firm's historic hourly billing rates. The hourly rates for the partners, attorneys, and professional support staff in my firm are the same as the usual and customary hourly rates charged for their services in contingent billable matters. The total hours were determined by the examination of contemporaneous, daily time records regularly prepared and maintained by my firm, and which have been provided to Interim Co-Lead Class Counsel for their review.

5.     As detailed in Exhibit B attached hereto, my firm has incurred a total of **$2,553.09**

in unreimbursed expenses during the period from this case's inception through August 31, 2021. These expenses do not include my firm's assessment payments to the common cost litigation fund, maintained by Interim Co-Lead Class Counsel. The expenses incurred in this litigation are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of the expenses incurred.

6.      In December 2016, shortly after this litigation was commenced and Lead Counsel was appointed, CIIPPs' Interim Co-Lead Class Counsel sent us the Court's approved time and expense reporting protocols. In the course of this litigation my firm has abided by these protocols as we have performed work, incurred expenses, and submitted monthly reports of our time and expenses. My firm's submission of its compensable time and reimbursable expenses in this declaration and its exhibits, comports with these Court-approved time and expense reporting protocols.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 26, 2022, in Conshohocken, Pennsylvania.


_____*/s/ Brian Douglas Penny*_____
BRIAN DOUGLAS PENNY

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

## *Exhibit A - TIME REPORT*

| Firm Name: | Goldman, Scarlato & Penny, P.C. | Reporting Period: | Inception through 08/31/2021 |
|---|---|---|---|

**Categories:**

1) Legal Research

2) Investigation / Factual Research

3) Discovery
  (Written / Deposition Taking &
  Defending / Meet & Confer / etc. )

4) Document Review
  (Including for depo prep, class cert,
  experts, liability issues,
  jurisdictional issues, and meetings
  re doc review)

5) Pleadings, Briefs & Motions (Drafting, Research, Serving & Filing)

6) Class Certification

7) Summary Judgment

8) Appeals

9) Court Appearance and Prep

10) Experts

11) Settlements & Mediation

12) Case Management

13) Class Notice

14) Trial Prep
  (Exhibit & Witness List/Jury Instruction/
  Vior Dire/Opening Statements/Closing
  Arguments/Demonstratives/etc.)

15) Trial

**TITLE:**

(P) Partner

(A) Associate

(LC) Law Clerk

(SPL) Senior Paralegal

(PL) Paralegal

(CR) Contract Reviewer

| ATTORNEYS (P, A) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| (P) Paul Scarlato | 3.30 | 0.70 | | | | | | | | | | 0.30 | | | | 0.00 | 4.30 | 4.30 | $725.00 | $0.00 | $3,117.50 | **$3,117.50** |
| (P) Brian Penny | 10.70 | 116.00 | 89.20 | | 72.40 | | | | | | | 17.00 | | | | 0.00 | 305.30 | 305.30 | $705.00 | $0.00 | $215,236.50 | **$215,236.50** |
| (A) Douglas Bench | | | 40.90 | | | | | | | | | | | | | 0.00 | 40.90 | 40.90 | $475.00 | $0.00 | $19,427.50 | **$19,427.50** |
| (A) Robert Biela | | | 2,061.80 | | | | | | | | | 0.50 | | | | 0.00 | 2,062.30 | 2,062.30 | $350.00 | $0.00 | $721,805.00 | **$721,805.00** |
| **SUB-TOTAL** | **14.00** | **116.70** | **2,191.90** | **0.00** | **72.40** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **17.80** | **0.00** | **0.00** | **0.00** | **0.00** | **2,412.80** | **2,412.80** | | **$0.00** | **$959,586.50** | **$959,586.50** |

| NON-ATTORNEYS (LC, SPL, PL) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| (LC) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $250.00 | $0.00 | $0.00 | **$0.00** |
| (LC) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $250.00 | $0.00 | $0.00 | **$0.00** |
| (PL) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $225.00 | $0.00 | $0.00 | **$0.00** |
| (PL) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $250.00 | $0.00 | $0.00 | **$0.00** |
| **SUB-TOTAL** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | | **$0.00** | **$0.00** | **$0.00** |
| **GRAND TOTAL:** | **14.00** | **116.70** | **2191.90** | **0.00** | **72.40** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **17.80** | **0.00** | **0.00** | **0.00** | **0.00** | **2412.80** | **2,412.80** | | **$0.00** | **$959,586.50** | **$959,586.50** |

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

**Exhibit B - EXPENSE REPORT**

**FIRM NAME: Goldman, Scarlato & Penny, P.C.**

**REPORTING PERIOD:** Inception through 08/31/2021

| CATEGORY | DESCRIPTION (If necessary) | CUMULATIVE COSTS |
|---|---|---|
| Court Costs - Filing Fees | | $0.00 |
| Experts/consultants | | $0.00 |
| Federal Express / UPS /Ontrac | | $0.00 |
| Postage / U.S. Mail | | $20.01 |
| Service of Process | | $0.00 |
| Messenger/delivery | | $71.09 |
| Hearing Transcripts | | $0.00 |
| Investigation | | $71.00 |
| Lexis/westlaw | | $788.83 |
| Photocopies - in House | | $421.80 |
| Photocopies - Outside | | $0.00 |
| Telephone/telecopier | | $0.00 |
| Travel - Transportation | | $700.60 |
| Travel - Meals ($75 per person / day cap) | | $479.76 |
| Travel - Hotels | | $0.00 |
| Miscellaneous | | $0.00 |
| | | |
| **TOTAL EXPENSES** | | **$2,553.09** |

# EXHIBIT 8

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 1:16-cv-08637 TMD<br><br>Hon. Thomas M. Durkin<br><br>Magistrate Judge Jeffrey T. Gilbert |
| This Document Relates To:<br><br>All Commercial and Institutional Indirect Purchaser Plaintiff Actions |  |

### DECLARATION OF JAMES HARPER IN SUPPORT OF COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' MOTION FOR INTERIM AWARD OF ATTORNEYS' FEES AND EXPENSES ON BEHALF OF HARPER LITTLE, PLLC

I, JAMES HARPER, declare and state as follows:

1.      I am a partner of HARPER LITTLE, PLLC. I submit this declaration in support of Interim Co-Lead Class Counsel's Motion for an interim award of attorneys' fees and reimbursement of costs and expenses in connection with services rendered and expenses incurred by my firm in connection with this litigation. I make this declaration based on my personal knowledge and if called as witnesses, I could and would competently testify to the matters stated herein.

2.      During the pendency of this litigation, our firm has acted as Interim Co-Lead Class Counsel/Counsel to the Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") class, including as counsel for Mookie's Southern Cuisine, LLC ("Mookie's"). During the period of case inception through August 31, 2021, and at the request of Interim Co-Lead Class Counsel, our firm has been involved in the following activities on behalf of CIIPPs:

1

- Collected documents, in both paper and electronic format (ESI), from our client;

- In coordination with Interim Co-Lead Class Counsel, assisted in preparing Mookie's Southern Cuisine for their Rule 30(b)(6)/(1) deposition including Caprica Montgomery's attendance of said deposition;

- Conferred with co-counsel regarding initial disclosures, ESI disclosures, written discovery responses, and assisted in drafting the disclosures and responses;

- Served as a direct contact with Mookie's Southern Cuisine regarding discovery matters, case updates and filings, settlements, discovery responses, required disclosures;

- Contributed to the review of CIIPPs' and Defendants' document productions, at the direction of Interim Co-Lead Class Counsel;

- Assisted with drafting discovery-related briefs; and

- Conducted legal research and analysis, at the direction of Interim Co-Lead Class Counsel, in support of our client.

3.      Attached hereto as Exhibit A, is a detailed summary showing the amount of time spent by the partners, attorneys, and paralegals of my firm who have been involved in this litigation. The lodestar calculation is based upon my firm's historic hourly billing rates, except for work completed on document review, which is capped at $350 per hour, from case inception through August 31, 2021.

4.      The total number of hours expended on this litigation by my firm from this case's inception through August 31, 2021, is 146.70 hours. The total lodestar for my firm is $58,680.00. My firm's lodestar figures are based on the firm's historic hourly billing rates. The hourly rates for the partners, attorneys, and professional support staff in my firm are the same as the usual and

2

customary hourly rates charged for their services in contingent billable matters. The total hours were determined by the examination of contemporaneous, daily time records regularly prepared and maintained by my firm, and which have been provided to Interim Co-Lead Class Counsel for their review.

5.      As detailed in Exhibit B attached hereto, my firm has incurred a total of $515.45 in unreimbursed expenses during the period from this case's inception through August 31, 2021. These expenses do not include my firm's assessment payments to the common cost litigation fund, maintained by Interim Co-Lead Class Counsel. The expenses incurred in this litigation are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of the expenses incurred.

6.      In December 2016, shortly after this litigation was commenced and Lead Counsel was appointed, CIIPPs' Interim Co-Lead Class Counsel sent us the Court's approved time and expense reporting protocols. In the course of this litigation my firm has abided by these protocols as we have performed work, incurred expenses, and submitted monthly reports of our time and expenses. My firm's submission of it compensable time and reimbursable expenses in this declaration and its exhibits, comports with these Court-approved time and expense reporting protocols.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on JANUARY 28, 2022, in OXFORD, MISSISSIPPI.


                        */s/ JAMES HARPER*
                        JAMES HARPER

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 1:16-cv-08637 TMD<br><br>Hon. Thomas M. Durkin<br><br>Magistrate Judge Jeffrey T. Gilbert |
| This Document Relates To:<br><br>All Commercial and Institutional Indirect Purchaser Plaintiff Actions | |

**DECLARATION OF CLAY OLSON IN SUPPORT OF COMMERCIAL AND**
**INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS'**
**MOTION FOR INTERIM AWARD OF ATTORNEYS' FEES AND EXPENSES**
**ON BEHALF OF HARPER LITTLE, PLLC**

I, CLAY OLSON, declare and state as follows:

1.       I am a partner of HARPER LITTLE, PLLC. I submit this declaration in support of Interim Co-Lead Class Counsel's Motion for an interim award of attorneys' fees and reimbursement of costs and expenses in connection with services rendered and expenses incurred by my firm in connection with this litigation. I make this declaration based on my personal knowledge and if called as witnesses, I could and would competently testify to the matters stated herein.

2.       During the pendency of this litigation, our firm has acted as Interim Co-Lead Class Counsel/Counsel to the Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") class, including as counsel for Mookie's Southern Cuisine, LLC ("Mookie's"). During the period of case inception through August 31, 2021, and at the request of Interim Co-Lead Class Counsel, our firm has been involved in the following activities on behalf of CIIPPs:

1

- Collected documents, in both paper and electronic format (ESI), from our client;

- In coordination with Interim Co-Lead Class Counsel, assisted in preparing Mookie's Southern Cuisine for their Rule 30(b)(6)/(1) deposition including Caprica Montgomery's attendance of said deposition;

- Conferred with co-counsel regarding initial disclosures, ESI disclosures, written discovery responses, and assisted in drafting the disclosures and responses;

- Served as a direct contact with Mookie's Southern Cuisine regarding discovery matters, case updates and filings, settlements, discovery responses, required disclosures;

- Contributed to the review of CIIPPs' and Defendants' document productions, at the direction of Interim Co-Lead Class Counsel;

- Assisted with drafting discovery-related briefs; and

- Conducted legal research and analysis, at the direction of Interim Co-Lead Class Counsel, in support of our client.

3. Attached hereto as Exhibit A, is a detailed summary showing the amount of time spent by the partners, attorneys, and paralegals of my firm who have been involved in this litigation. The lodestar calculation is based upon my firm's historic hourly billing rates, except for work completed on document review, which is capped at $350 per hour, from case inception through August 31, 2021.

4. The total number of hours expended on this litigation by my firm from this case's inception through August 31, 2021, is 146.70 hours. The total lodestar for my firm is $58,680.00. My firm's lodestar figures are based on the firm's historic hourly billing rates. The hourly rates for the partners, attorneys, and professional support staff in my firm are the same as the usual and

customary hourly rates charged for their services in contingent billable matters. The total hours were determined by the examination of contemporaneous, daily time records regularly prepared and maintained by my firm, and which have been provided to Interim Co-Lead Class Counsel for their review.

5.     As detailed in Exhibit B attached hereto, my firm has incurred a total of $515.45 in unreimbursed expenses during the period from this case's inception through August 31, 2021. These expenses do not include my firm's assessment payments to the common cost litigation fund, maintained by Interim Co-Lead Class Counsel. The expenses incurred in this litigation are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of the expenses incurred.

6.     In December 2016, shortly after this litigation was commenced and Lead Counsel was appointed, CIIPPs' Interim Co-Lead Class Counsel sent us the Court's approved time and expense reporting protocols. In the course of this litigation my firm has abided by these protocols as we have performed work, incurred expenses, and submitted monthly reports of our time and expenses. My firm's submission of it compensable time and reimbursable expenses in this declaration and its exhibits, comports with these Court-approved time and expense reporting protocols.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on JANUARY 28, 2022, in CHARLESTON, SOUTH CAROLINA.

_/s/ CLAY OLSON_
CLAY OLSON

3

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

**Exhibit A - TIME REPORT**

| Firm Name: | Harper Little, PLLC | | | | Reporting Period: | | Inception through 08/31/2021 | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**Categories:**

1) Legal Research

2) Investigation / Factual Research

3) Discovery
   (Written / Deposition Taking & Defending / Meet & Confer / etc. )

4) Document Review
   (Including for depo prep, class cert, experts, liability issues, jurisdictional issues, and meetings re doc review)

5) Pleadings, Briefs & Motions (Drafting, Research, Serving & Filing)

6) Class Certification

7) Summary Judgment

8) Appeals

9) Court Appearance and Prep

10) Experts

11) Settlements & Mediation

12) Case Management

13) Class Notice

14) Trial Prep
   (Exhibit & Witness List/Jury Instruction/ Vior Dire/Opening Statements/Closing Arguments/Demonstratives/etc.)

15) Trial

**TITLE:**

(P) Partner

(A) Associate

(LC) Law Clerk

(SPL) Senior Paralegal

(PL) Paralegal
(CR) Contract Reviewer

| ATTORNEYS (P, A) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Olson, C. Clay (P) | | | | | | | | | | | | | | | | 0.00 | 116.30 | 116.30 | $400.00 | $0.00 | $46,520.00 | $46,520.00 |
| Whitwell, Jr., Quentin (P) | | | | | | | | | | | | | | | | 0.00 | 11.30 | 11.30 | $400.00 | $0.00 | $4,520.00 | $4,520.00 |
| Harper, James D. (P) | | | | | | | | | | | | | | | | 0.00 | 3.70 | 3.70 | $400.00 | $0.00 | $1,480.00 | $1,480.00 |
| Helmly, Randy (P) | | | | | | | | | | | | | | | | 0.00 | 15.40 | 15.40 | $400.00 | $0.00 | $6,160.00 | $6,160.00 |
| (P) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| (P) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| (A) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| (CR) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| SUB-TOTAL | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 146.70 | | $0.00 | $58,680.00 | $58,680.00 |

| NON-ATTORNEYS (LC, SPL, PL) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| (LC) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $250.00 | $0.00 | $0.00 | $0.00 |
| (LC) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $250.00 | $0.00 | $0.00 | $0.00 |
| (PL) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $225.00 | $0.00 | $0.00 | $0.00 |
| (PL) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $250.00 | $0.00 | $0.00 | $0.00 |
| SUB-TOTAL | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 | $0.00 | $0.00 |
| GRAND TOTAL: | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 146.70 | | $0.00 | $58,680.00 | $58,680.00 |

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

**Exhibit B - EXPENSE REPORT**

**FIRM NAME: Harper Little, PLLC**

**REPORTING PERIOD:** Inception through 08/31/2021

| CATEGORY | DESCRIPTION (If necessary) | CUMULATIVE COSTS |
|---|---|---|
| Court Costs - Filing Fees | | $300.00 |
| Experts/consultants | | $0.00 |
| Federal Express / UPS /Ontrac | | $0.00 |
| Postage / U.S. Mail | | $0.00 |
| Service of Process | | $0.00 |
| Messenger/delivery | | $0.00 |
| Hearing Transcripts | | $0.00 |
| Investigation | | $0.00 |
| Lexis/westlaw | | $0.00 |
| Photocopies - in House | | $6.50 |
| Photocopies - Outside | | $0.00 |
| Telephone/telecopier | | $0.00 |
| Travel - Transportation | | $0.00 |
| Travel - Meals ($75 per person / day cap) | | $26.61 |
| Travel - Hotels | | $182.34 |
| Miscellaneous | | $0.00 |
| | | |
| **TOTAL EXPENSES** | | **$515.45** |

# EXHIBIT 9

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 1:16-cv-08637 TMD<br><br>Hon. Thomas M. Durkin<br><br>Magistrate Judge Jeffrey T. Gilbert |
| This Document Relates To:<br><br>All Commercial and Institutional Indirect Purchaser Plaintiff Actions | |

**<u>DECLARATION OF RICHARD M. HAGSTROM IN SUPPORT OF COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' MOTION FOR INTERIM AWARD OF ATTORNEYS' FEES AND EXPENSES ON BEHALF OF HELLMUTH & JOHNSON</u>**

I, Richard M. Hagstrom, declare and state as follows:

1.      I am Of Counsel to Hellmuth & Johnson ("H&J"). I submit this declaration in support of Interim Co-Lead Class Counsel's Motion for an interim award of attorneys' fees and reimbursement of costs and expenses in connection with services rendered and expenses incurred by my firm in connection with this litigation. I make this declaration based on my personal knowledge and if called as a witness, I could and would competently testify to the matters stated herein.

2.      During the pendency of this litigation, my firm has acted as Interim Class Counsel to the Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") class, including as counsel for Plaintiffs Alliance Healthcare System, Inc. ("Alliance") and Mookie's Southern Cuisine LLC ("Mookie's"). During the period of case inception through August 31, 2021, and at the request of Interim Co-Lead Class Counsel, my firm has been involved in the following

1

activities on behalf of CIIPPs:

- Collected documents, in both paper and electronic format (ESI), from Alliance and Mookie's;

- In coordination with Interim Co-Lead Class Counsel, assisted in preparing representatives of Alliance and Mookie's for their Rule 30(b)(6)/(1) deposition including David Dukes and Caprica Montgomery, respectively, and attendance of said deposition;

- Assisted in drafting confidentiality designations for Alliance and Mookie's;

- Conferred with Alliance and Mookie's regarding initial disclosures, ESI disclosures, written discovery responses, and assisted in drafting the disclosures and responses;

- Served as a direct contact with Alliance and Mookie's regarding discovery matters, case updates and filings, settlements, discovery responses, and required disclosures;

- Contributed to the review of CIIPPs' and Defendants' document productions, at the direction of Interim Co-Lead Class Counsel;

- Assisted with conferring with experts; and

- Conducted legal research and analysis, at the direction of Interim Co-Lead Class Counsel.

3.      Attached hereto as Exhibit A, is a detailed summary showing the amount of time spent by the partners, attorneys, and paralegals of H&J who have been involved in this litigation. The lodestar calculation is based upon my firm's historic hourly billing rates, except for work completed on document review, which is capped at $350 per hour, from case inception through August 31, 2021.

4.     The total number of hours expended on this litigation by H&J from this case's inception through August 31, 2021, is 2739.00 hours. The total lodestar for H&J is $1,359,108.00. H&J's lodestar figures are based on the firm's historic hourly billing rates. The hourly rates for the partners, attorneys, and professional support staff at H&J are the same as the usual and customary hourly rates charged for their services in contingent billable matters. The total hours were determined by the examination of contemporaneous, daily time records regularly prepared and maintained by H&J, and which have been provided to Interim Co-Lead Class Counsel for their review.

5.     As detailed in Exhibit B attached hereto, H&J has incurred a total of $8,024.93 in unreimbursed expenses during the period from this case's inception through August 31, 2021. These expenses do not include H&J's assessment payments to the common cost litigation fund, maintained by Interim Co-Lead Class Counsel. The expenses incurred in this litigation are reflected on the books and records of H&J. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of the expenses incurred.

6.     In December 2016, shortly after this litigation was commenced and Lead Counsel was appointed, CIIPPs' Interim Co-Lead Class Counsel sent us the Court's approved time and expense reporting protocols. In the course of this litigation H&J has abided by these protocols as work was performed, expenses were incurred, and submitted monthly reports of H&J time and expenses. H&J's submission of its compensable time and reimbursable expenses in this declaration and its exhibits, comports with these Court-approved time and expense reporting protocols.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 27, 2022, in Fort Myers Beach, Florida.

_____

RICHARD M. HAGSTROM

### IN RE BROILER CHICKEN ANTITRUST LITIGATION

#### Exhibit A - TIME REPORT

**Firm Name:** Hellmuth & Johnson, PLLC  **Reporting Period:** Inception through 08/31/2021

**Categories:**

1) Legal Research

2) Investigation / Factual Research

3) Discovery
(Written / Deposition Taking & Defending / Meet & Confer / etc. )

4) Document Review
(Including  for depo prep, class cert, experts, liability issues, jurisdictional issues, and meetings re doc review)

5) Pleadings, Briefs & Motions (Drafting, Research, Serving & Filing)

6) Class Certification

7) Summary Judgment

8) Appeals

9) Court Appearance and Prep

10) Experts

11) Settlements & Mediation

12) Case Management

13) Class Notice

14) Trial Prep
(Exhibit & Witness List/Jury Instruction/ Vior Dire/Opening Statements/Closing Arguments/Demonstratives/etc.)

15) Trial

**TITLE:**

(P)  Partner

(A)  Associate

(LC)  Law Clerk

(SPL) Senior Paralegal

(PL) Paralegal
(CR) Contract Reviewer
(OC) Of Counsel

| ATTORNEYS (P, A) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Branton, Calvin F. (P) | | 8.20 | | | | | | | | | | 0.20 | | | | 0.00 | 8.40 | 8.40 | $540.00 | $0.00 | $4,536.00 | **$4,536.00** |
| Cashman, Michael P. (P) | | | 77.10 | | | | | | | | | | | | | 0.00 | 77.10 | 77.10 | $895.00 | $0.00 | $69,004.50 | **$69,004.50** |
| Hagstrom, Richard M. (P) | 0.90 | 23.90 | | 1.60 | | | | | | | | 9.10 | | | | 0.00 | 35.50 | 35.50 | $940.00 | $0.00 | $33,370.00 | **$33,370.00** |
| Hagstrom, Richard M. (P/OC) | 1.20 | 36.90 | 149.30 | | 29.70 | 5.30 | | | | 9.30 | 3.80 | 4.70 | | | | 0.00 | 240.20 | 240.20 | $980.00 | $0.00 | $235,396.00 | **$235,396.00** |
| Jay, Jonathan D. (P) | | 1.00 | | | | | | | | | | | | | | 0.00 | 1.00 | 1.00 | $750.00 | $0.00 | $750.00 | **$750.00** |
| Otsuka, Gregory S. (P) | 1.70 | | | | | | | | | | | | | | | 0.00 | 1.70 | 1.70 | $660.00 | $0.00 | $1,122.00 | **$1,122.00** |
| Otsuka, Gregory S. (P) | | 0.40 | 30.80 | | 0.30 | | | | | | | | | | | 0.00 | 31.50 | 31.50 | $700.00 | $0.00 | $22,050.00 | **$22,050.00** |
| Otsuka, Gregory S. (P) | | 2.20 | 161.50 | | 0.30 | | | | | 4.40 | | 0.60 | | | | 0.00 | 169.00 | 169.00 | $730.00 | $0.00 | $123,370.00 | **$123,370.00** |
| Prosser, Nathan D. (P) | | | 5.80 | | | | | | | | 0.20 | 7.20 | 38.50 | | | 0.00 | 51.70 | 51.70 | $740.00 | $0.00 | $38,258.00 | **$38,258.00** |
| Asiedu, Daniel K. (A) | | 2.00 | | 60.60 | | 10.10 | | | | 72.30 | | | | | | 0.00 | 145.00 | 145.00 | $330.00 | $0.00 | $47,850.00 | **$47,850.00** |
| Kuhlmann, Nicholas S. (A) | | | 222.50 | | | | | | | | | | | | | 0.00 | 222.50 | 222.50 | $350.00 | $0.00 | $77,875.00 | **$77,875.00** |
| Kuhlmann, Nicholas S. (A) | | 1.40 | | | 1.00 | | | | | | | | | | | 0.00 | 2.40 | 2.40 | $540.00 | $0.00 | $1,296.00 | **$1,296.00** |
| Kuhlmann, Nicholas S. (A) | 5.60 | 5.70 | 49.40 | | 10.60 | | | | | | | 0.20 | | | | 0.00 | 71.50 | 71.50 | $580.00 | $0.00 | $41,470.00 | **$41,470.00** |
| Kuhlmann, Nicholas S. (A) | 12.00 | 10.30 | 145.10 | | 11.90 | 20.00 | | | | 26.70 | 0.50 | 0.60 | | | | 0.00 | 227.10 | 227.10 | $640.00 | $0.00 | $145,344.00 | **$145,344.00** |
| Miklasevics, Eric P. (A) | | | | 230.50 | | | | | | | | | | | | 0.00 | 230.50 | 230.50 | $350.00 | $0.00 | $80,675.00 | **$80,675.00** |
| Srodoski, Michael P. (A) | | | | 1,079.50 | | | | | | | | | | | | 0.00 | 1,079.50 | 1,079.50 | $350.00 | $0.00 | $377,825.00 | **$377,825.00** |
| Srodoski, Michael P. (A) | 8.20 | | | | | | | | | | | 0.60 | | | | 0.00 | 8.80 | 8.80 | $370.00 | $0.00 | $3,256.00 | **$3,256.00** |
| Srodoski, Michael P. (A) | | 1.60 | 24.90 | | | | | | | | | 2.00 | | | | 0.00 | 28.50 | 28.50 | $395.00 | $0.00 | $11,257.50 | **$11,257.50** |
| Srodoski, Michael P. (A) | | | 94.10 | | | | | | | | | | | | | 0.00 | 94.10 | 94.10 | $430.00 | $0.00 | $40,463.00 | **$40,463.00** |
| Williams, Faline M. (A) | 6.00 | | | | | | | | | | | | | | | 0.00 | 6.00 | 6.00 | $330.00 | $0.00 | $1,980.00 | **$1,980.00** |
| | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | | $0.00 | $0.00 | **$0.00** |
| **SUB-TOTAL** | **35.60** | **93.60** | **738.00** | **1,593.10** | **55.40** | **35.40** | **0.00** | **0.00** | **0.00** | **112.70** | **4.70** | **25.00** | **38.50** | **0.00** | **0.00** | **0.00** | **2,732.00** | **2,732.00** | | **$0.00** | **$1,357,148.00** | **$1,357,148.00** |

| NON-ATTORNEYS (LC, SPL, PL) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| McKewin, Vivian P. (PL) | | | 2.60 | | | | | | | 4.40 | | | | | | 0.00 | 7.00 | 7.00 | $280.00 | $0.00 | $1,960.00 | **$1,960.00** |
| **SUB-TOTAL** | **0.00** | **0.00** | **2.60** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **4.40** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **7.00** | **7.00** | | **$0.00** | **$1,960.00** | **$1,960.00** |
| **GRAND TOTAL:** | **35.60** | **93.60** | **740.60** | **1593.10** | **55.40** | **35.40** | **0.00** | **0.00** | **0.00** | **117.10** | **4.70** | **25.00** | **38.50** | **0.00** | **0.00** | **0.00** | **2739.00** | **2,739.00** | | **$0.00** | **$1,359,108.00** | **$1,359,108.00** |

508854.1

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

**Exhibit B - EXPENSE REPORT**

**FIRM NAME: Hellmuth & Johnson, PLLC**

**REPORTING PERIOD:** Inception through 08/31/2021

| CATEGORY | DESCRIPTION (If necessary) | CUMULATIVE COSTS |
|---|---|---|
| Court Costs - Filing Fees | | $300.00 |
| Experts/consultants | | $0.00 |
| Federal Express / UPS /Ontrac | | $309.78 |
| Postage / U.S. Mail | | $0.00 |
| Service of Process | | $0.00 |
| Messenger/delivery | | $0.00 |
| Hearing Transcripts | | $0.00 |
| Investigation | | $0.00 |
| Lexis/westlaw | | $50.00 |
| Photocopies - in House | | $0.00 |
| Photocopies - Outside | | $0.00 |
| Telephone/telecopier | | $0.00 |
| Travel - Transportation | | $6,229.74 |
| Travel - Meals ($75 per person / day cap) | | $194.39 |
| Travel - Hotels | | $941.02 |
| Miscellaneous | | $0.00 |
| | | |
| **TOTAL EXPENSES** | | **$8,024.93** |

# EXHIBIT 10

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 1:16-cv-08637 TMD<br><br>Hon. Thomas M. Durkin<br><br>Magistrate Judge Jeffrey T. Gilbert |
| This Document Relates To:<br><br>All Commercial and Institutional Indirect Purchaser Plaintiff Actions | |

**DECLARATION OF MICHAEL E. JACOBS IN SUPPORT OF COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' MOTION FOR INTERIM AWARD OF ATTORNEYS' FEES AND EXPENSES ON BEHALF OF HINKLE SHANOR LLP**

I, Michael E. Jacobs, declare and state as follows:

1.      I am a partner in the Santa Fe, New Mexico office of Hinkle Shanor LLP. I submit this declaration in support of Interim Co-Lead Class Counsel's Motion for an interim award of attorneys' fees and reimbursement of costs and expenses in connection with services rendered and expenses incurred by my firm in connection with this litigation. I make this declaration based on my personal knowledge and if called as a witness, I could and would competently testify to the matters stated herein.

2.      During the pendency of this litigation, my firm has acted as Counsel to the Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") class, including as counsel for Plaintiff Peppers Grill & Bar ("Peppers"). During the period of case inception through August 31, 2021, and at the request of Interim Co-Lead Class Counsel, my firm has been involved in the following activities on behalf of CIIPPs:

1

- Collected documents, in both paper and electronic format (ESI), from Peppers;

- In coordination with Interim Co-Lead Class Counsel, assisted in preparing Peppers for its Rule 30(b)(6) deposition including and attendance of said deposition;

- Conferred with Peppers regarding initial disclosures, ESI disclosures, written discovery responses, and assisted in drafting the disclosures and responses;

- Consulted with Peppers and assisted in the preparation of the Declaration of Peppers in Support of CIIPPs' Motion for Class Certification;

- Served as a direct contact with Peppers regarding discovery matters, case updates and filings, settlements, discovery responses, required disclosures;

- Contributed to the review of CIIPPs' and Defendants' document productions, at the direction of Interim Co-Lead Class Counsel;

- Conducted legal research and analysis, at the direction of Interim Co-Lead Class Counsel, on various issues;

- Prepared for and attended multiple depositions, including depositions of various Direct Action Plaintiffs.

3.      Attached hereto as Exhibit A, is a detailed summary showing the amount of time spent by the partners, attorneys, and paralegals of my firm who have been involved in this litigation. The lodestar calculation is based upon my firm's historic hourly billing rates, except for work completed on document review, which is capped at $350 per hour, from case inception through August 31, 2021.

4.      The total number of hours expended on this litigation by my firm from this case's inception through August 31, 2021, is 715.3 hours. The total lodestar for my firm is $436,990.00. My firm's lodestar figures are based on the firm's historic hourly billing rates. The hourly rates

for the partners, attorneys, and professional support staff in my firm are the same as the usual and customary hourly rates charged for their services in contingent billable matters. The total hours were determined by the examination of contemporaneous, daily time records regularly prepared and maintained by my firm, and which have been provided to Interim Co-Lead Class Counsel for their review.

5.      As detailed in Exhibit B attached hereto, my firm has incurred a total of $239.05 in unreimbursed expenses during the period from this case's inception through August 31, 2021. These expenses do not include my firm's assessment payments to the common cost litigation fund, maintained by Interim Co-Lead Class Counsel. The expenses incurred in this litigation are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of the expenses incurred.

6.      In December 2016, shortly after this litigation was commenced and Lead Counsel was appointed, CIIPPs' Interim Co-Lead Class Counsel sent us the Court's approved time and expense reporting protocols. In the course of this litigation my firm has abided by these protocols as we have performed work, incurred expenses, and submitted monthly reports of our time and expenses. My firm's submission of it compensable time and reimbursable expenses in this declaration and its exhibits, comports with these Court-approved time and expense reporting protocols.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 26, 2022, in Santa Fe, New Mexico


_____*/s/ Michael E. Jacobs*_____
Michael E. Jacobs

3

HINKLE SHANOR LLP
218 Montezuma Avenue
Santa Fe, NM 87501

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

**Exhibit A - TIME REPORT**

| Firm Name: | Hinkle Shanor LLP | | | | | Reporting Period: | | | | | Inception through 08/31/2021 | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Categories: | 1) Legal Research | 5) Pleadings, Briefs & Motions (Drafting, Research, Serving & Filing) | 11) Settlements & Mediation | | TITLE: | (P) Partner |
|---|---|---|---|---|---|---|
| | 2) Investigation / Factual Research | | 12) Case Management | | | (A) Associate |
| | 3) Discovery | 6) Class Certification | 13) Class Notice | | | (LC) Law Clerk |
| |    (Written / Deposition Taking & Defending / Meet & Confer / etc. ) | 7) Summary Judgment | 14) Trial Prep | | | (SPL) Senior Paralegal |
| | 4) Document Review | 8) Appeals |    (Exhibit & Witness List/Jury Instruction/ Vior Dire/Opening Statements/Closing Arguments/Demonstratives/etc.) | | | (PL) Paralegal |
| |    (Including for depo prep, class cert, experts, liability issues, jurisdictional issues, and meetings re doc review) | 9) Court Appearance and Prep | | | | (CR) Contract Reviewer |
| | | 10) Experts | 15) Trial | | | |

| ATTORNEYS (P, A) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Michael Jacobs (P) | | 8.70 | 148.70 | 26.60 | | | | | | | | | | | | 0.00 | 184.00 | 184.00 | $700.00 | $0.00 | $128,800.00 | **$128,800.00** |
| Michael Jacobs (P) | | 226.30 | 22.90 | 71.70 | 15.30 | | | | | | | 3.40 | | | | 0.00 | 339.60 | 339.60 | $650.00 | $0.00 | $220,740.00 | **$220,740.00** |
| Parker Folse (P) | | 2.50 | 128.30 | 5.70 | 5.70 | | | | | | | 3.10 | | | | 0.00 | 145.30 | 145.30 | $500.00 | $0.00 | $72,650.00 | **$72,650.00** |
| Joshua Nathanson (A) | 14.00 | 25.00 | | | | | | | | | | | | | | 0.00 | 39.00 | 39.00 | $350.00 | $0.00 | $13,650.00 | **$13,650.00** |
| (A) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | | $0.00 | $0.00 | **$0.00** |
| (CR) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | | $0.00 | $0.00 | **$0.00** |
| | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | | $0.00 | $0.00 | **$0.00** |
| **SUB-TOTAL** | **14.00** | **262.50** | **299.90** | **104.00** | **21.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **6.50** | **0.00** | **0.00** | **0.00** | **0.00** | **707.90** | **707.90** | | **$0.00** | **$435,840.00** | **$435,840.00** |

| NON-ATTORNEYS (LC, SPL, PL) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| (LC) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | | $0.00 | $0.00 | **$0.00** |
| (LC) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | | $0.00 | $0.00 | **$0.00** |
| (LC) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | | $0.00 | $0.00 | **$0.00** |
| Madkenzie L. Morin (PL) | | 2.10 | | | 2.30 | | | | | | | | | | | 0.00 | 4.40 | 4.40 | $125.00 | $0.00 | $550.00 | **$550.00** |
| Kerrie Allen (PL) | | 3.00 | | | | | | | | | | | | | | 0.00 | 3.00 | 3.00 | $200.00 | $0.00 | $600.00 | **$600.00** |
| (PL) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | | $0.00 | $0.00 | **$0.00** |
| **SUB-TOTAL** | **0.00** | **5.10** | **0.00** | **0.00** | **2.30** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **7.40** | **7.40** | | **$0.00** | **$1,150.00** | **$1,150.00** |
| **GRAND TOTAL:** | **14.00** | **267.60** | **299.90** | **104.00** | **23.30** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **6.50** | **0.00** | **0.00** | **0.00** | **0.00** | **715.30** | **715.30** | | **$0.00** | **$436,990.00** | **$436,990.00** |

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

**Exhibit B - EXPENSE REPORT**

**HINKLE SHANOR LLP**

**REPORTING PERIOD:** Inception through 08/31/2021

| CATEGORY | DESCRIPTION (If necessary) | CUMULATIVE COSTS |
|---|---|---|
| Court Costs - Filing Fees | | $201.00 |
| Experts/consultants | | $0.00 |
| Federal Express / UPS /Ontrac | | $36.39 |
| Postage / U.S. Mail | | $1.66 |
| Service of Process | | $0.00 |
| Messenger/delivery | | $0.00 |
| Hearing Transcripts | | $0.00 |
| Investigation | | $0.00 |
| Lexis/westlaw | | $0.00 |
| Photocopies - in House | | $0.00 |
| Photocopies - Outside | | $0.00 |
| Telephone/telecopier | | $0.00 |
| Travel - Transportation | | $0.00 |
| Travel - Meals ($75 per person / day cap) | | $0.00 |
| Travel - Hotels | | $0.00 |
| Miscellaneous | | $0.00 |
| | | |
| **TOTAL EXPENSES** | | **$239.05** |

Ex. B - Expenses Summary

# EXHIBIT 11

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 1:16-cv-08637 TMD |
| | Hon. Thomas M. Durkin |
| | Magistrate Judge Jeffrey T. Gilbert |
| This Document Relates To: | |
| All Commercial and Institutional Indirect Purchaser Plaintiff Actions | |

**<u>DECLARATION OF ROBERT J. GRALEWSKI, JR. IN SUPPORT OF COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' MOTION FOR INTERIM AWARD OF ATTORNEYS' FEES AND EXPENSES ON BEHALF OF KIRBY MCINERNEY LLP</u>**

I, ROBERT J. GRALEWSKI, JR., declare and state as follows:

1.      I am a partner of KIRBY MCINERNEY LLP. I submit this declaration in support of Interim Co-Lead Class Counsel's Motion for an interim award of attorneys' fees and reimbursement of costs and expenses in connection with services rendered and expenses incurred by my firm in connection with this litigation. I make this declaration based on my personal knowledge and if called as a witness, I could and would competently testify to the matters stated herein.

2.      During the pendency of this litigation, my firm has acted as Counsel to the Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") class, including as counsel for Plaintiff ALPINE SPECIAL TREATMENT CENTER INC. ("ALPINE"). During the period of case inception through August 31, 2021, and at the request of Interim Co-Lead Class Counsel, my firm has been involved in numerous important tasks, including but not limited to the following

1

activities on behalf of CIIPPs:

- Collected documents, in both paper and electronic format (ESI), from ALPINE;

- In coordination with Interim Co-Lead Class Counsel, assisted in preparing ALPINE and Plaintiff Peppers Grill & Bar for their Rule 30(b)(6) and 30(b)(1) depositions including negotiating with Defendants over the scope of the depositions and defending the depositions;

- Conferred with ALPINE regarding initial disclosures, ESI disclosures, written discovery responses, and assisted in drafting the disclosures and responses;

- Consulted with ALPINE and assisted in the preparation of the Declaration of ALPINE in Support of CIIPPs' Motion for Class Certification;

- Served as a direct contact with ALPINE regarding discovery matters, case updates and filings, settlements, discovery responses, required disclosures;

- Contributed to the review of CIIPPs' and Defendants' document productions, at the direction of Interim Co-Lead Class Counsel;

- Conducted legal research, document collection, and factual analysis, at the direction of Interim Co-Lead Class Counsel, in support of the motions to dismiss and class certification, among other subjects;

- Primarily responsible for all discovery involving Defendants Foster Farms, LLC and Foster Poultry Farms ("Foster Farms") and prepared for and conducted Foster Farms depositions;

- Conducted meet and confers involving numerous third-party subpoenas;

- Attended approximately 25 Direct Action Plaintiff depositions and, in collaboration with Interim Co-Lead Class Counsel, often examined the Direct Action Plaintiff

witnesses on matters pertaining to class certification-related issues; and

- Oversaw CIIPPs' monitoring of the broiler chicken bid rigging and price fixing trial before Judge Philip A. Brimmer in the District of Colorado (*United States v. Penn*, Case 1:20-cr-00152-PAB) which included collecting and summarizing the evidence introduced and admitted at trial.

3. Attached hereto as Exhibit A, is a detailed summary showing the amount of time spent by the partners, attorneys, and paralegals of my firm who have been involved in this litigation. The lodestar calculation is based upon my firm's historic hourly billing rates, except for work completed on document review, which is capped at $350 per hour, from case inception through August 31, 2021.

4. The total number of hours expended on this litigation by my firm from this case's inception through August 31, 2021, is 5,242.10 hours. The total lodestar for my firm is $2,256,150.50. My firm's lodestar figures are based on the firm's historic hourly billing rates. The hourly rates for the partners, attorneys, and professional support staff in my firm are the same as the usual and customary hourly rates charged for their services in contingent billable matters. The total hours were determined by the examination of contemporaneous, daily time records regularly prepared and maintained by my firm, and which have been provided to Interim Co-Lead Class Counsel for their review.

5. As detailed in Exhibit B attached hereto, my firm has incurred a total of $8,566.38 in unreimbursed expenses during the period from this case's inception through August 31, 2021. These expenses do not include my firm's assessment payments to the common cost litigation fund, maintained by Interim Co-Lead Class Counsel. The expenses incurred in this litigation are reflected on the books and records of my firm. These books and records are prepared

from expense vouchers, check records, and other source materials and represent an accurate record of the expenses incurred.

6. In December 2016, shortly after this litigation was commenced and Lead Counsel was appointed, CIIPPs' Interim Co-Lead Class Counsel sent us the Court's approved time and expense reporting protocols. In the course of this litigation my firm has abided by these protocols as we have performed work, incurred expenses, and submitted monthly reports of our time and expenses. My firm's submission of its compensable time and reimbursable expenses in this declaration and its exhibits comports with these Court-approved time and expense reporting protocols.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on JANUARY 26, 2022, in SAN DIEGO, CALIFORNIA.

ROBERT J. GRALEWSKI, JR.

**IN RE BROILER CHICKEN ANTITRUST LITIGATION**

**Exhibit A - TIME REPORT**

| Firm Name: | KIRBY MCINERNEY LLP | Reporting Period: | Inception through 08/31/2021 |
|---|---|---|---|

**Categories:**

1) Legal Research
2) Investigation / Factual Research
3) Discovery (Written / Deposition Taking & Defending / Meet & Confer / etc. )
4) Document Review (Including for depo prep, class cert, experts, liability issues, jurisdictional issues, and meetings re doc review)
5) Pleadings, Briefs & Motions (Drafting, Research, Serving & Filing)
6) Class Certification
7) Summary Judgment
8) Appeals
9) Court Appearance and Prep
10) Experts
11) Settlements & Mediation
12) Case Management
13) Class Notice
14) Trial Prep (Exhibit & Witness List/Jury Instruction/ Vior Dire/Opening Statements/Closing Arguments/Demonstratives/etc.)
15) Trial

**TITLE:**
(P) Partner
(OC) Of Counsel
(A) Associate
(CA) - Contract Attorney
(LC) Law Clerk
(SPL) Senior Paralegal
(PL) Paralegal
(CR) Contract Reviewer

| ATTORNEYS (P,A) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Robert J. Gralewski Jr. (P) - 2016 | 3.10 | 3.60 | | | | 0.20 | | | | | | 6.70 | | | | 0.00 | 13.60 | 13.60 | $800.00 | $0.00 | $10,880.00 | $10,880.00 |
| Robert J. Gralewski Jr. (P) - 2017 | 1.00 | 1.00 | 5.60 | | 35.60 | | | | | | 0.20 | 4.40 | | | | 0.00 | 47.80 | 47.80 | $810.00 | $0.00 | $38,718.00 | $38,718.00 |
| Robert J. Gralewski Jr. (P) - 2018 | 0.10 | 1.70 | 49.90 | | 0.50 | | | | | | | 3.10 | | | | 0.00 | 55.30 | 55.30 | $900.00 | $0.00 | $49,770.00 | $49,770.00 |
| Robert J. Gralewski Jr. (P) - 2019 | | | 213.70 | | | | | | | | | 4.90 | | | | 0.00 | 218.60 | 218.60 | $950.00 | $0.00 | $207,670.00 | $207,670.00 |
| Robert J. Gralewski Jr. (P) - 2019 | | | | 0.50 | | | | | | | | | | | | 0.00 | 0.50 | 0.50 | $350.00 | $0.00 | $175.00 | $175.00 |
| Robert J. Gralewski Jr. (P) - 2020 | 0.60 | | 73.40 | | | 6.10 | | | | | | 1.50 | | | | 0.00 | 81.60 | 81.60 | $950.00 | $0.00 | $77,520.00 | $77,520.00 |
| Robert J. Gralewski Jr. (P) - 2021 | 1.40 | 0.70 | 270.10 | | 0.30 | | | | | | 0.40 | 2.70 | | | | 0.00 | 275.60 | 275.60 | $950.00 | $0.00 | $261,820.00 | $261,820.00 |
| Daniel Hume (P) - 2018 | | | | | | | | | | | | 0.60 | | | | 0.00 | 0.60 | 0.60 | $900.00 | $0.00 | $540.00 | $540.00 |
| Karina Kosharskyy (OC) - 2018 | | | | 72.30 | | | | | | | | | | | | 0.00 | 72.30 | 72.30 | $350.00 | $0.00 | $25,305.00 | $25,305.00 |
| William D. Harris, II (OC) - 2018 | | | | | | | | | | | | 1.40 | | | | 0.00 | 1.40 | 1.40 | $650.00 | $0.00 | $910.00 | $910.00 |
| William D. Harris, II (OC) - 2018 | | | | 1,365.20 | | | | | | | | | | | | 0.00 | 1,365.20 | 1,365.20 | $350.00 | $0.00 | $477,820.00 | $477,820.00 |
| William D. Harris, II (OC) - 2019 | | | 26.70 | | | | | | | | | 2.00 | | | | 0.00 | 28.70 | 28.70 | $700.00 | $0.00 | $20,090.00 | $20,090.00 |
| William D. Harris, II (OC) - 2019 | | | | 1,657.00 | | | | | | | | | | | | 0.00 | 1,657.00 | 1,657.00 | $350.00 | $0.00 | $579,950.00 | $579,950.00 |
| William D. Harris, II (OC) - 2020 | | | | 289.00 | | | | | | | | | | | | 0.00 | 289.00 | 289.00 | $350.00 | $0.00 | $101,150.00 | $101,150.00 |
| Fatima Brizuela (A) - 2016 | 7.90 | | | | | | | | | | | | | | | 0.00 | 7.90 | 7.90 | $350.00 | $0.00 | $2,765.00 | $2,765.00 |
| Fatima Brizuela (A) - 2017 | | 20.60 | | | 19.30 | | | | | | | 1.00 | | | | 0.00 | 40.90 | 40.90 | $375.00 | $0.00 | $15,337.50 | $15,337.50 |
| Fatima Brizuela (A) - 2018 | 7.40 | | 17.40 | | 2.20 | | | | | | 1.00 | 0.90 | | | | 0.00 | 28.90 | 28.90 | $400.00 | $0.00 | $11,560.00 | $11,560.00 |
| Fatima Brizuela (A) - 2019 | | | | 187.30 | | | | | | | | | | | | 0.00 | 187.30 | 187.30 | $350.00 | $0.00 | $65,555.00 | $65,555.00 |
| Fatima Brizuela (A) - 2019 | | | 5.00 | | | | | | | | | | | | | 0.00 | 5.00 | 5.00 | $425.00 | $0.00 | $2,125.00 | $2,125.00 |
| Fatima Brizuela (A) - 2019 | | | | 133.70 | | | | | | | | | | | | 0.00 | 133.70 | 133.70 | $350.00 | $0.00 | $46,795.00 | $46,795.00 |
| Samantha Greenberg (A) - 2020 | | | | | 53.20 | | | | | | | | | | | 0.00 | 53.20 | 53.20 | $375.00 | $0.00 | $19,950.00 | $19,950.00 |
| Samantha Greenberg (A) - 2020 | | | | 67.60 | | | | | | | | | | | | 0.00 | 67.60 | 67.60 | $350.00 | $0.00 | $23,660.00 | $23,660.00 |
| Marko Radisavljevic (A) - 2021 | | | 0.60 | | | | | | | | | | | | | 0.00 | 0.60 | 0.60 | $400.00 | $0.00 | $240.00 | $240.00 |
| Andrew Kubik (CA) - 2017 | | | | | 30.10 | | | | | | | | | | | 0.00 | 30.10 | 30.10 | $600.00 | $0.00 | $18,060.00 | $18,060.00 |
| **SUB-TOTAL** | **21.50** | **27.60** | **662.40** | **3,772.60** | **141.20** | **6.30** | **0.00** | **0.00** | **0.00** | **0.00** | **1.60** | **29.20** | **0.00** | **0.00** | **0.00** | **0.00** | **4,662.40** | **4,662.40** | | **$0.00** | **$2,058,365.50** | **$2,058,365.50** |
| NON-ATTORNEYS (LC, SPL, PL) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
| Samantha Greenberg (LC) - 2018 | | | | 283.30 | | | | | | | | | | | | 0.00 | 283.30 | 283.30 | $350.00 | $0.00 | $99,155.00 | $99,155.00 |
| Samantha Greenberg (LC) - 2019 | | | 11.80 | | | | | | | | | | | | | 0.00 | 11.80 | 11.80 | $325.00 | $0.00 | $3,835.00 | $3,835.00 |
| Samantha Greenberg (LC) - 2019 | | | | 234.90 | | | | | | | | | | | | 0.00 | 234.90 | 234.90 | $350.00 | $0.00 | $82,215.00 | $82,215.00 |
| Wendy Li - (PL) - 2016 | 0.50 | | | | | | | | | | | | | | | 0.00 | 0.50 | 0.50 | $225.00 | $0.00 | $112.50 | $112.50 |
| Ethan Klotz (PL) - 2018 | | 37.50 | | | | | | | | | | | | | | 0.00 | 37.50 | 37.50 | $250.00 | $0.00 | $9,375.00 | $9,375.00 |
| Ethan Klotz (PL) - 2018 | | | | 5.00 | | | | | | | | | | | | 0.00 | 5.00 | 5.00 | $250.00 | $0.00 | $1,250.00 | $1,250.00 |
| Julia Clementi (PL) - 2021 | | | | | | | | | | | | 0.20 | | | | 0.00 | 0.20 | 0.20 | $275.00 | $0.00 | $55.00 | $55.00 |
| Brian Garcia (PL) - 2021 | 6.50 | | | | | | | | | | | | | | | 0.00 | 6.50 | 6.50 | $275.00 | $0.00 | $1,787.50 | $1,787.50 |
| **SUB-TOTAL** | **7.00** | **37.50** | **0.00** | **5.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.20** | **0.00** | **0.00** | **0.00** | **0.00** | **579.70** | **579.70** | | **$0.00** | **$197,785.00** | **$197,785.00** |
| **GRAND TOTAL:** | **28.50** | **65.10** | **662.40** | **3777.60** | **141.20** | **6.30** | **0.00** | **0.00** | **0.00** | **0.00** | **1.60** | **29.40** | **0.00** | **0.00** | **0.00** | **0.00** | **5242.10** | **5,242.10** | | **$0.00** | **$2,256,150.50** | **$2,256,150.50** |

Ex. A - Time Summary

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

**Exhibit B - EXPENSE REPORT**

**FIRM NAME: KIRBY MCINERNEY LLP**

**REPORTING PERIOD:** Inception through 08/31/2021

| CATEGORY | CUMULATIVE COSTS |
|---|---|
| Travel - Transportation | $3,747.95 |
| Travel - Meals ($75 per person / day cap) | $1,304.49 |
| Travel - Hotels | $965.24 |
| Lexis/westlaw | $927.39 |
| Photocopies - Outside | $790.64 |
| Federal Express / UPS /Ontrac | $251.51 |
| Service of Process | $176.75 |
| Hearing Transcripts | $140.70 |
| Telephone/telecopier | $112.71 |
| Document Management | $99.00 |
| Court Costs - Filing Fees | $50.00 |
| | |
| **TOTAL EXPENSES** | **$8,566.38** |

# EXHIBIT 12

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 1:16-cv-08637 TMD<br>Hon. Thomas M. Durkin<br>Magistrate Judge Jeffrey T. Gilbert |
| This Document Relates To:<br><br>All Commercial and Institutional Indirect Purchaser Plaintiff Actions | |

## DECLARATION OF PETER D. ST. PHILLIP, JR. IN SUPPORT OF COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' MOTION FOR INTERIM AWARD OF ATTORNEYS' FEES AND EXPENSES ON BEHALF OF LOWEY DANNENBERG, P.C.

I, Peter D. St. Phillip, Jr., declare and state as follows:

1.      I am a partner at Lowey Dannenberg, P.C. I submit this declaration in support of Interim Co-Lead Class Counsel's Motion for an interim award of attorneys' fees and reimbursement of costs and expenses in connection with services rendered and expenses incurred by my firm in connection with this litigation. I make this declaration based on my personal knowledge and, if called as a witness, I could and would competently testify to the matters stated herein.

2.      During the pendency of this litigation, my firm has acted as Counsel to the Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") class, including as counsel for Plaintiff Chicken Joe's, LLC ("Chicken Joe's"). During the period of case inception through August 31, 2021, and at the request of Interim Co-Lead Class Counsel, my firm has been involved in the following activities on behalf of CIIPPs:

1

- Collected documents, in both paper and electronic format (ESI), from Chicken Joe's;

- In coordination with Interim Co-Lead Class Counsel, assisted in preparing Class Plaintiff for its Rule 30(b)(6) deposition;

- Conferred with Chicken Joe's regarding initial disclosures, ESI disclosures, written discovery responses, and assisted in drafting the disclosures and responses;

- Consulted with Chicken Joe's and assisted in the preparation of the Declaration of in Support of CIIPPs' Motion for Class Certification;

- Served as a direct contact with Chicken Joe's regarding discovery matters, case updates and filings, settlements, discovery responses, and required disclosures;

- Contributed to the review of CIIPPs' and Defendants' document productions, at the direction of Interim Co-Lead Class Counsel; and

- Conducted legal research and analysis, at the direction of Interim Co-Lead Class Counsel, in support of the opposition to the motion to dismiss.

3.      Attached hereto as Exhibit A, is a detailed summary showing the amount of time spent by the partners, attorneys, and paralegals of my firm who have been involved in this litigation. The lodestar calculation is based upon my firm's historic hourly billing rates, except for work completed on document review, which is capped at $350 per hour, from case inception through August 31, 2021.

4.      The total number of hours expended on this litigation by my firm from this case's inception through August 31, 2021, is 237.40 hours. The total lodestar for my firm is $145,517.00. My firm's lodestar figures are based on the firm's historic hourly billing rates. The hourly rates for the partners, attorneys, and professional support staff in my firm are the same as the usual and

customary hourly rates charged for their services in contingent billable matters. The total hours were determined by the examination of contemporaneous, daily time records regularly prepared and maintained by my firm, and which have been provided to Interim Co-Lead Class Counsel for their review.

5.      As detailed in Exhibit B attached hereto, my firm has incurred a total of $2,222.61 in unreimbursed expenses during the period from this case's inception through August 31, 2021. These expenses do not include my firm's assessment payments to the common cost litigation fund, maintained by Interim Co-Lead Class Counsel. The expenses incurred in this litigation are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of the expenses incurred.

6.      In December 2016, shortly after this litigation was commenced and Lead Counsel was appointed, CIIPPs' Interim Co-Lead Class Counsel sent us the Court's approved time and expense reporting protocols. In the course of this litigation my firm has abided by these protocols as we have performed work, incurred expenses, and submitted monthly reports of our time and expenses. My firm's submission of it compensable time and reimbursable expenses in this declaration and its exhibits, comports with these Court-approved time and expense reporting protocols.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 26, 2022, in White Plains, New York.

_____
Peter D. St. Phillip, Jr.,

3

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

## Exhibit A - TIME REPORT

| Firm Name: | LOWEY DANNENBERG, P.C. | | Reporting Period: | Inception through 08/31/2021 | | | |
|---|---|---|---|---|---|---|---|

| Categories: | 1) Legal Research<br><br>2) Investigation / Factual Research<br><br>3) Discovery<br>(Written / Deposition Taking & Defending / Meet & Confer / etc. )<br><br>4) Document Review<br>(Including for depo prep, class cert, experts, liability issues, jurisdictional issues, and meetings re doc review) | 5) Pleadings, Briefs & Motions (Drafting, Research, Serving & Filing)<br><br>6) Class Certification<br><br>7) Summary Judgment<br><br>8) Appeals<br><br>9) Court Appearance and Prep<br><br>10) Experts | 11) Settlements & Mediation<br><br>12) Case Management<br><br>13) Class Notice<br><br>14) Trial Prep<br>(Exhibit & Witness List/Jury Instruction/ Vior Dire/Opening Statements/Closing Arguments/Demonstratives/etc.)<br><br>15) Trial | **TITLE:** | (P) Partner<br><br>(A) Associate<br><br>(LC) Law Clerk<br><br>(SPL) Senior Paralegal<br><br>(PL) Paralegal<br><br>(CR) Contract Reviewer |
|---|---|---|---|---|---|

| ATTORNEYS (P, A) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Peter D. St. Phillip, Jr. (P) | | 9.70 | 8.10 | | 8.40 | | | | | | | 8.90 | | | | 0.00 | 35.10 | 35.10 | $875.00 | $0.00 | $30,712.50 | **$30,712.50** |
| Peter D. St. Phillip, Jr. (P) | | | 7.30 | | | | | | | | | 0.70 | | | | 0.00 | 8.00 | 8.00 | $900.00 | $0.00 | $7,200.00 | **$7,200.00** |
| Peter D. St. Phillip, Jr. (P) | | | 0.10 | 14.80 | 5.80 | | | | | | | 0.40 | | | | 0.00 | 21.10 | 21.10 | $945.00 | $0.00 | $19,939.50 | **$19,939.50** |
| Peter D. St. Phillip, Jr. (P) | | 0.50 | 6.40 | | 0.50 | 1.90 | | | | | | 0.80 | | | | 0.00 | 10.10 | 10.10 | $980.00 | $0.00 | $9,898.00 | **$9,898.00** |
| Peter D. St. Phillip, Jr. (P) | | 0.70 | | | | | | | | | 0.90 | | | | | 0.00 | 1.60 | 1.60 | $1,025.00 | $0.00 | $1,640.00 | **$1,640.00** |
| Barbara J. Hart (P) | | 8.80 | | | 5.20 | | | | | | | 4.40 | | | | 0.00 | 18.40 | 18.40 | $900.00 | $0.00 | $16,560.00 | **$16,560.00** |
| Sung-Min Lee (A) | | | | | 56.30 | | | | | | | | | | | 0.00 | 56.30 | 56.30 | $525.00 | $0.00 | $29,557.50 | **$29,557.50** |
| Uriel Rabinovitz (A) | | | | | 0.50 | | | | | | | | | | | 0.00 | 0.50 | 0.50 | $525.00 | $0.00 | $262.50 | **$262.50** |
| Noelle Ruggiero (A) | 0.30 | | | | | | | | | | | | | | | 0.00 | 0.30 | 0.30 | $525.00 | $0.00 | $157.50 | **$157.50** |
| Christina McPhaul (A) | | 11.50 | 1.70 | 3.80 | 49.90 | | | | | | | 5.70 | | | | 0.00 | 72.60 | 72.60 | $350.00 | $0.00 | $25,410.00 | **$25,410.00** |
| Christina McPhaul (A) | | | | | | | | | | | 1.10 | | | | | 0.00 | 1.10 | 1.10 | $365.00 | $0.00 | $401.50 | **$401.50** |
| Christina McPhaul (A) | | 2.90 | | | 0.50 | | | | | | | 3.70 | | | | 0.00 | 7.10 | 7.10 | $380.00 | $0.00 | $2,698.00 | **$2,698.00** |
| Christina McPhaul (A) | | 0.20 | | | | | | | | | 1.00 | | | | | 0.00 | 1.20 | 1.20 | $400.00 | $0.00 | $480.00 | **$480.00** |
| **SUB-TOTAL** | **0.30** | **34.40** | **38.30** | **9.60** | **120.80** | **2.40** | **0.00** | **0.00** | **0.00** | **0.00** | **6.70** | **20.90** | **0.00** | **0.00** | **0.00** | **0.00** | **233.40** | **233.40** | | **$0.00** | **$144,917.00** | **$144,917.00** |

| NON-ATTORNEYS (LC, SPL, PL) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Gregory Santiago (PL) | | | | 4.00 | | | | | | | | | | | | 0.00 | 4.00 | 4.00 | $150.00 | $0.00 | $600.00 | **$600.00** |
| **SUB-TOTAL** | **0.00** | **0.00** | **0.00** | **4.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **4.00** | **4.00** | | **$0.00** | **$600.00** | **$600.00** |
| **GRAND TOTAL:** | **0.30** | **34.40** | **38.30** | **13.60** | **120.80** | **2.40** | **0.00** | **0.00** | **0.00** | **0.00** | **6.70** | **20.90** | **0.00** | **0.00** | **0.00** | **0.00** | **237.40** | **237.40** | | **$0.00** | **$145,517.00** | **$145,517.00** |

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

**Exhibit B - EXPENSE REPORT**

**FIRM NAME: LOWEY DANNENBERG, P.C.**

**REPORTING PERIOD:** Inception through 08/31/2021

| CATEGORY | DESCRIPTION (If necessary) | CUMULATIVE COSTS |
|---|---|---|
| Court Costs - Filing Fees | | $0.00 |
| Experts/consultants | | $0.00 |
| Federal Express / UPS /Ontrac | | $15.11 |
| Postage / U.S. Mail | | $0.00 |
| Service of Process | | $0.00 |
| Messenger/delivery | | $0.00 |
| Hearing Transcripts | | $0.00 |
| Investigation | | $26.81 |
| Lexis/westlaw | | $1,136.33 |
| Photocopies - in House | | $519.80 |
| Photocopies - Outside | | $0.00 |
| Telephone/telecopier | | $12.99 |
| Travel - Transportation | | $511.57 |
| Travel - Meals ($75 per person / day cap) | | $0.00 |
| Travel - Hotels | | $0.00 |
| Miscellaneous | | $0.00 |
| | | |
| **TOTAL EXPENSES** | | **$2,222.61** |

# EXHIBIT 13

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 1:16-cv-08637 TMD |
| | Hon. Thomas M. Durkin |
| | Magistrate Judge Jeffrey T. Gilbert |
| This Document Relates To: | |
| All Commercial and Institutional Indirect Purchaser Plaintiff Actions | |

**DECLARATION OF DIANNE M. NAST IN SUPPORT OF COMMERCIAL AND
INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' MOTION FOR INTERIM
AWARD OF ATTORNEYS' FEES AND EXPENSES ON BEHALF OF NASTLAW LLC**

I, Dianne M. Nast, declare and state as follows:

1.      I am the owner of NastLaw LLC. I submit this declaration in support of Interim Co-Lead Class Counsel's Motion for an interim award of attorneys' fees and reimbursement of costs and expenses in connection with services rendered and expenses incurred by my firm in connection with this litigation. I make this declaration based on my personal knowledge and if called as a witness, I could and would competently testify to the matters stated herein.

2.      During the pendency of this litigation, my firm has acted as Counsel to the Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") class, including as counsel for Plaintiff Fargo Stopping Center LLC & Sargent's. During the period of case inception through August 31, 2021, and at the request of Interim Co-Lead Class Counsel, my firm has been involved in the following activities on behalf of CIIPPs:

- Participated in a subpoena project including, subpoena negotiations;

- Attended deposition strategy meeting in San Francisco, California;

1

- Contributed to the review of CIIPPs' and Defendants' document productions, at the direction of Interim Co-Lead Class Counsel;

- Drafted amended Protective Order to cover only non-party data;

- Drafted memorandum summarizing parties' different proposals for Trial structure and scheduling;

- Participated in the deposition of Claxton witness Phil Campbell;

- Participated in the depositions of G. Finch and J. Martin; and

- Assisted with drafting discovery-related briefs.

3.      Attached hereto as Exhibit A, is a detailed summary showing the amount of time spent by the partners, attorneys, and paralegals of my firm who have been involved in this litigation. The lodestar calculation is based upon my firm's historic hourly billing rates, except for work completed on document review, which is capped at $350 per hour, from case inception through August 31, 2021.

4.      The total audited number of hours expended on this litigation by my firm from this case's inception through August 31, 2021, is 2547.20 hours. The total lodestar for my firm is $1,246,761. My firm's lodestar figures are based on the firm's historic hourly billing rates. The hourly rates for the partners, attorneys, and professional support staff in my firm are the same as the usual and customary hourly rates charged for their services in contingent billable matters. The total hours were determined by the examination of contemporaneous, daily time records regularly prepared and maintained by my firm, and which have been provided to Interim Co-Lead Class Counsel for their review.

5.      As detailed in Exhibit B attached hereto, my firm has incurred a total of $11,526.69 in unreimbursed expenses during the period from this case's inception through August

31, 2021. These audited expenses do not include my firm's assessment payments to the common cost litigation fund, maintained by Interim Co-Lead Class Counsel. The expenses incurred in this litigation are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of the expenses incurred.

6.      In December 2016, shortly after this litigation was commenced and Lead Counsel was appointed, CIIPPs' Interim Co-Lead Class Counsel sent us the Court's approved time and expense reporting protocols. In the course of this litigation my firm has abided by these protocols as we have performed work, incurred expenses, and submitted monthly reports of our time and expenses. My firm's submission of it compensable time and reimbursable expenses in this declaration and its exhibits, comports with these Court-approved time and expense reporting protocols.

I declare under the laws of the United States of America that the foregoing is true and correct. Executed on January 26, 2022, in Philadelphia, Pennsylvania.


                              _/s/Dianne M. Nast_____
                              Dianne M. Nast

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

**Exhibit A - TIME REPORT**

| Firm Name: | NastLaw LLC | | | | | Reporting Period: | | | | Inception through 08/31/2021 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**Categories:**

1) Legal Research
2) Investigation / Factual Research
3) Discovery (Written / Deposition Taking & Defending / Meet & Confer / etc.)
4) Document Review (Including for depo prep, class cert, experts, liability issues, jurisdictional issues, and meetings re doc review)
5) Pleadings, Briefs & Motions (Drafting, Research, Serving & Filing)
6) Class Certification
7) Summary Judgment
8) Appeals
9) Court Appearance and Prep
10) Experts
11) Settlements & Mediation
12) Case Management
13) Class Notice
14) Trial Prep (Exhibit & Witness List/Jury Instruction/ Vior Dire/Opening Statements/Closing Arguments/Demonstratives/etc.)
15) Trial

**TITLE:** (P) Partner; (A) Associate; (LC) Law Clerk; (SPL) Senior Paralegal; (PL) Paralegal; (CR) Contract Reviewer

| ATTORNEYS (P, A) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dianne M. Nast (P) | | | 1.20 | | 0.30 | | | | | | | | | | | 0.00 | 1.50 | 1.50 | $995.00 | $0.00 | $1,492.50 | $1,492.50 |
| Dianne M. Nast (P) | | | 1.30 | | 13.20 | | | | | | | | | | | 0.00 | 14.50 | 14.50 | $950.00 | $0.00 | $13,775.00 | $13,775.00 |
| Dianne M. Nast (P) | | 0.50 | 2.50 | | 0.80 | | | | | | 0.30 | | | | | 0.00 | 4.10 | 4.10 | $895.00 | $0.00 | $3,669.50 | $3,669.50 |
| Dianne M. Nast (P) | | 0.30 | 2.00 | 0.70 | 1.10 | | | | | | 0.50 | | | | | 0.00 | 4.60 | 4.60 | $865.00 | $0.00 | $3,979.00 | $3,979.00 |
| Dianne M. Nast (P) | 0.80 | | 0.90 | | 0.20 | | | | | | | 0.50 | | | | 0.00 | 2.40 | 2.40 | $825.00 | $0.00 | $1,980.00 | $1,980.00 |
| Dianne M. Nast (P) | | 2.20 | 1.60 | | 4.80 | | | | | | | 3.50 | | | | 0.00 | 12.10 | 12.10 | $800.00 | $0.00 | $9,680.00 | $9,680.00 |
| Dianne M. Nast (P) | | 1.50 | | | | | | | | | | | | | | 0.00 | 1.50 | 1.50 | $780.00 | $0.00 | $1,170.00 | $1,170.00 |
| Daniel N. Gallucci (A) | | | 1.20 | | | | | | | | | | | | | 0.00 | 1.20 | 1.20 | $740.00 | $0.00 | $888.00 | $888.00 |
| Joseph N. Roda (A) | | | 0.10 | | | | | | | | | | | | | 0.00 | 0.10 | 0.10 | $595.00 | $0.00 | $59.50 | $59.50 |
| Joseph N. Roda (A) | | 0.80 | | | 2.70 | | | | | | | | | | | 0.00 | 3.50 | 3.50 | $550.00 | $0.00 | $1,925.00 | $1,925.00 |
| Joseph N. Roda (A) | | 0.50 | 1.30 | | 12.80 | | | | | | | | | 0.60 | | 0.00 | 15.20 | 15.20 | $495.00 | $0.00 | $7,524.00 | $7,524.00 |
| Joseph N. Roda (A) | | | | | 4.90 | | | | | | 0.70 | | | | | 0.00 | 5.60 | 5.60 | $475.00 | $0.00 | $2,660.00 | $2,660.00 |
| Joseph N. Roda (A) | | 2.00 | | | 2.00 | | | | | | | | | | | 0.00 | 4.00 | 4.00 | $450.00 | $0.00 | $1,800.00 | $1,800.00 |
| Erin C. Burns (A) | | | 14.20 | | | | | | | | | | | | | 0.00 | 14.20 | 14.20 | $650.00 | $0.00 | $9,230.00 | $9,230.00 |
| Erin C. Burns (A) | | 91.20 | | 0.60 | | | | | | | | | | | | 0.00 | 91.80 | 91.80 | $610.00 | $0.00 | $55,998.00 | $55,998.00 |
| Erin C. Burns (A) | | 0.60 | | | 0.50 | | | | | | | 0.40 | | | | 0.00 | 1.50 | 1.50 | $585.00 | $0.00 | $877.50 | $877.50 |
| Erin C. Burns (A) | 1.40 | | | | 3.20 | | | | | | | 1.50 | | | | 0.00 | 6.10 | 6.10 | $560.00 | $0.00 | $3,416.00 | $3,416.00 |
| Matthew A. Reid (A) | | | 5.00 | | | | | | | | | | | 84.10 | | 0.00 | 89.10 | 89.10 | $575.00 | $0.00 | $51,232.50 | $51,232.50 |
| Matthew A. Reid (A) | | | | 14.50 | | | | | | | | | | | | 0.00 | 14.50 | 14.50 | $350.00 | $0.00 | $5,075.00 | $5,075.00 |
| Matthew A. Reid (A) | | | 44.20 | 5.50 | 1.50 | | | | | | | | | | | 0.00 | 51.20 | 51.20 | $545.00 | $0.00 | $27,904.00 | $27,904.00 |
| Matthew A. Reid (A) | | 0.20 | | 544.50 | 2.00 | | | | | | | | | | | 0.00 | 546.70 | 546.70 | $350.00 | $0.00 | $191,345.00 | $191,345.00 |
| Matthew A. Reid (A) | | | | 710.00 | | | | | | | | | | | | 0.00 | 710.00 | 710.00 | $350.00 | $0.00 | $248,500.00 | $248,500.00 |
| Michael D. Ford (A) | | | 50.10 | | 1.00 | | | | | | | | | | | 0.00 | 51.10 | 51.10 | $425.00 | $0.00 | $21,717.50 | $21,717.50 |
| Michael D. Ford (A) | | | 45.80 | | | | | | | | | | | | | 0.00 | 45.80 | 45.80 | $375.00 | $0.00 | $17,175.00 | $17,175.00 |
| Michael S. Tarringer (A) | | | 168.30 | 0.40 | 2.10 | 2.40 | | | | | | | | 50.50 | | 0.00 | 223.70 | 223.70 | $725.00 | $0.00 | $162,182.50 | $162,182.50 |
| Michael S. Tarringer (A) | | | 61.00 | | | | | | | | | | | | | 0.00 | 61.00 | 61.00 | $350.00 | $0.00 | $21,350.00 | $21,350.00 |
| Michael S. Tarringer (A) | | 6.30 | 199.00 | 14.60 | 103.30 | | | | | | | | | | | 0.00 | 323.20 | 323.20 | $690.00 | $0.00 | $223,008.00 | $223,008.00 |
| Michael S. Tarringer (A) | | | 229.70 | 1.80 | 5.00 | | | | | | | | | | | 0.00 | 236.50 | 236.50 | $650.00 | $0.00 | $153,725.00 | $153,725.00 |
| Michael S. Tarringer (A) | | | 7.90 | | | | | | | | | | | | | 0.00 | 7.90 | 7.90 | $350.00 | $0.00 | $2,765.00 | $2,765.00 |
| | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **SUB-TOTAL** | 0.80 | 15.50 | 860.40 | 1,361.50 | 161.40 | 2.40 | 0.00 | 0.00 | 0.00 | 0.00 | 1.50 | 6.50 | 0.00 | 134.60 | 0.00 | 0.00 | 2,544.60 | 2,544.60 | | | $0.00 | $1,246,103.50 | $1,246,103.50 |

| NON-ATTORNEYS (LC, SPL, PL) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Christy (PL) | | | 0.30 | | | | | | | | | | | | | 0.00 | 0.30 | 0.30 | $275.00 | $0.00 | $82.50 | $82.50 |
| Christy (PL) | | | 2.30 | | | | | | | | | | | | | 0.00 | 2.30 | 2.30 | $250.00 | $0.00 | $575.00 | $575.00 |
| | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $200.00 | $0.00 | $0.00 | $0.00 |
| | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $250.00 | $0.00 | $0.00 | $0.00 |
| **SUB-TOTAL:** | 0.00 | 0.00 | 2.60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2.60 | 2.60 | | | $0.00 | $657.50 | $657.50 |
| **GRAND TOTAL:** | 0.80 | 15.50 | 863.00 | 1361.50 | 161.40 | 2.40 | 0.00 | 0.00 | 0.00 | 0.00 | 1.50 | 6.50 | 0.00 | 134.60 | 0.00 | 0.00 | 2547.20 | 2,547.20 | | | $0.00 | $1,246,761.00 | $1,246,761.00 |

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

**Exhibit B - EXPENSE REPORT**

**FIRM NAME: NastLaw LLC**

**REPORTING PERIOD:**  Inception through 08/31/2021

| CATEGORY | DESCRIPTION (If necessary) | CUMULATIVE COSTS |
|---|---|---|
| Court Costs - Filing Fees | | $100.00 |
| Experts/consultants | | $0.00 |
| Federal Express / UPS /Ontrac | | $314.48 |
| Postage / U.S. Mail | | $2.94 |
| Service of Process | | $0.00 |
| Messenger/delivery | | $0.00 |
| Hearing Transcripts | | $0.00 |
| Investigation | | $0.00 |
| Lexis/westlaw | | $1,507.28 |
| Photocopies - in House | | $3,494.50 |
| Photocopies - Outside | | $0.00 |
| Telephone/telecopier | | $0.00 |
| Travel - Transportation | | $4,324.02 |
| Travel - Meals ($75 per person / day cap) | | $352.15 |
| Travel - Hotels | | $1,431.32 |
| Miscellaneous | | $0.00 |
| | | |
| **TOTAL EXPENSES** | | **$11,526.69** |

# EXHIBIT 14

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 1:16-cv-08637 TMD<br>Hon. Thomas M. Durkin<br>Magistrate Judge Jeffrey T. Gilbert |
| This Document Relates To:<br><br>All Commercial and Institutional Indirect Purchaser Plaintiff Actions | |

**DECLARATION OF ALYSON OLIVER IN SUPPORT OF COMMERCIAL AND
INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' MOTION FOR INTERIM
AWARD OF ATTORNEYS' FEES AND EXPENSES ON BEHALF OF OLIVER LAW
GROUP PC**

I, Alyson Oliver, declare and state as follows:

1.      I am a partner of Oliver Law Group PC. I submit this declaration in support of Interim Co-Lead Class Counsel's Motion for an interim award of attorneys' fees and reimbursement of costs and expenses in connection with services rendered and expenses incurred by my firm in connection with this litigation. I make this declaration based on my personal knowledge and if called as a witness, I could and would competently testify to the matters stated herein.

2.      During the pendency of this litigation, my firm has acted as Interim Co-Lead Class Counsel/Counsel to the Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") class, including as counsel for La Fonda Mexican Kitchen. During the period of case inception through August 31, 2021, and at the request of Interim Co-Lead Class Counsel, my firm has been involved in the following activities on behalf of CIIPPs:

1

- Collected documents, in both paper and electronic format (ESI), from La Fonda Mexican Kitchen;

- Assisted in drafting confidentiality designations for La Fonda Mexican Kitchen;

- Conferred with La Fonda Mexican Kitchen regarding initial disclosures, ESI disclosures, written discovery responses, and assisted in drafting the disclosures and responses;

- Consulted with La Fonda Mexican Kitchen and assisted in the preparation of the Declaration of La Fonda Mexican Kitchen in Support of CIIPPs' Motion for Class Certification;

- Served as a direct contact with La Fonda Mexican Kitchen regarding discovery matters, case updates and filings, settlements, discovery responses, required disclosures;

3.  Attached hereto as Exhibit A, is a detailed summary showing the amount of time spent by the partners, attorneys, and paralegals of my firm who have been involved in this litigation. The lodestar calculation is based upon my firm's historic hourly billing rates, except for work completed on document review, which is capped at $350 per hour, from case inception through August 31, 2021.

4.  The total number of hours expended on this litigation by my firm from this case's inception through August 31, 2021, is 25.8 hours. The total lodestar for my firm is $13,230.50. My firm's lodestar figures are based on the firm's historic hourly billing rates. The hourly rates for the partners, attorneys, and professional support staff in my firm are the same as the usual and customary hourly rates charged for their services in contingent billable matters. The total hours were determined by the examination of contemporaneous, daily time records regularly prepared

2

and maintained by my firm, and which have been provided to Interim Co-Lead Class Counsel for their review.

5.      As detailed in Exhibit B attached hereto, my firm has incurred a total of $33.78 in unreimbursed expenses during the period from this case's inception through August 31, 2021. These expenses do not include my firm's assessment payments to the common cost litigation fund, maintained by Interim Co-Lead Class Counsel. The expenses incurred in this litigation are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of the expenses incurred.

6.      In December 2016, shortly after this litigation was commenced and Lead Counsel was appointed, CIIPPs' Interim Co-Lead Class Counsel sent us the Court's approved time and expense reporting protocols. In the course of this litigation my firm has abided by these protocols as we have performed work, incurred expenses, and submitted monthly reports of our time and expenses. My firm's submission of it compensable time and reimbursable expenses in this declaration and its exhibits, comports with these Court-approved time and expense reporting protocols.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 26, 2022, in Troy Michigan.

/s/

Alyson Oliver

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

**Exhibit A - TIME REPORT**

| Firm Name: | Oliver Law Group P.C. | | | | | Reporting Period: | | | | | Inception through 08/31/2021 | | | | | | | TITLE: | (P) Partner | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Categories: | 1) Legal Research<br><br>2) Investigation / Factual Research<br><br>3) Discovery<br>(Written / Deposition Taking &<br>Defending / Meet & Confer / etc. )<br><br>4) Document Review<br>(Including for depot prep, class cert,<br>experts, liability issues,<br>jurisdictional issues, and meetings<br>re doc review) | 5) Pleadings, Briefs & Motions (Drafting,<br>Research, Serving & Filing)<br><br>6) Class Certification<br><br>7) Summary Judgment<br><br>8) Appeals<br><br>9) Court Appearance and Prep<br><br>10) Experts | 11) Settlements & Mediation<br><br>12) Case Management<br><br>13) Class Notice<br><br>14) Trial Prep<br>(Exhibit & Witness List/Jury Instruction/<br>Vior Dire/Opening Statements/Closing<br>Arguments/Demonstratives/etc.)<br><br>15) Trial | (A) Associate<br><br>(LC) Law Clerk<br><br>(SPL) Senior Paralegal<br><br>(PL) Paralegal<br>(CR) Contract Reviewer |
|---|---|---|---|---|

| ATTORNEYS<br>(P, A) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Alyson Oliver (P) | | 1.40 | 2.40 | 9.60 | 1.40 | | | | | | | 0.10 | | | | 0.00 | 14.90 | 14.90 | $595.00 | $0.00 | $8,865.50 | **$8,865.50** |
| Adam Miller (A) | | 5.20 | 1.80 | 0.40 | | | | | | | | | | | | 0.00 | 7.40 | 7.40 | $475.00 | $0.00 | $3,515.00 | **$3,515.00** |
| Matthew Barsenas (A) | | | 0.50 | 0.50 | | | | | | | | | | | | 0.00 | 1.00 | 1.00 | $475.00 | $0.00 | $475.00 | **$475.00** |
| SUB-TOTAL | 0.00 | 6.60 | 4.70 | 10.50 | 1.40 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.10 | 0.00 | 0.00 | 0.00 | 0.00 | 23.30 | 23.30 | | $0.00 | $12,855.50 | **$12,855.50** |

| NON-ATTORNEYS<br>(LC, SPL, PL) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Meaghan Skillman (PL) | | 0.20 | | | | | | | | | | | | | | 0.00 | 0.20 | 0.20 | $150.00 | $0.00 | $30.00 | **$30.00** |
| Lindsay Marino (PL) | | | 1.70 | | | | | | | | | 0.60 | | | | 0.00 | 2.30 | 2.30 | $150.00 | $0.00 | $345.00 | **$345.00** |
| SUB-TOTAL | 0.00 | 0.20 | 1.70 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.60 | 0.00 | 0.00 | 0.00 | 0.00 | 2.50 | 2.50 | | $0.00 | $375.00 | **$375.00** |
| GRAND TOTAL: | 0.00 | 6.80 | 6.40 | 10.50 | 1.40 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.70 | 0.00 | 0.00 | 0.00 | 0.00 | 25.80 | 25.80 | | $0.00 | $13,230.50 | **$13,230.50** |

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

**Exhibit B - EXPENSE REPORT**

**FIRM NAME: Oliver Law Group P.C.**

**REPORTING PERIOD:** Inception through 08/31/2021

| CATEGORY | DESCRIPTION (If necessary) | CUMULATIVE COSTS |
|---|---|---|
| Court Costs - Filing Fees | | $0.00 |
| Experts/consultants | | $0.00 |
| Federal Express / UPS /Ontrac | | $0.00 |
| Postage / U.S. Mail | | $0.46 |
| Service of Process | | $0.00 |
| Messenger/delivery | | $0.00 |
| Hearing Transcripts | | $0.00 |
| Investigation | | $0.00 |
| Lexis/westlaw | | $0.00 |
| Photocopies - in House | | $4.75 |
| Photocopies - Outside | | $0.00 |
| Telephone/telecopier | | $0.00 |
| Travel - Transportation | | $28.57 |
| Travel - Meals ($75 per person / day cap) | | $0.00 |
| Travel - Hotels | | $0.00 |
| Miscellaneous | | $0.00 |
| | | |
| **TOTAL EXPENSES** | | **$33.78** |

# EXHIBIT 15

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 1:16-cv-08637 TMD |
| | Hon. Thomas M. Durkin |
| | Magistrate Judge Jeffrey T. Gilbert |
| This Document Relates To: | |
| All Commercial and Institutional Indirect Purchaser Plaintiff Actions | |

**DECLARATION OF GREGORY P. HANSEL IN SUPPORT OF COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' MOTION FOR INTERIM AWARD OF ATTORNEYS' FEES AND EXPENSES ON BEHALF OF PRETI FLAHERTY BELIVEAU & PACHIOS**

I, Gregory P. Hansel, declare and state as follows:

1.        I am a partner of Preti Flaherty Beliveau & Pachios, Chartered LLP ("Preti"). I submit this declaration in support of Interim Co-Lead Class Counsel's Motion for an interim award of attorneys' fees and reimbursement of costs and expenses in connection with services rendered and expenses incurred by my firm in connection with this litigation. I make this declaration based on my personal knowledge and if called as a witness, I could and would competently testify to the matters stated herein.

2.        During the pendency of this litigation, my firm has acted as Counsel to the Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") class, including as counsel for Plaintiffs Tic-Tac-O, Roost Fried Chicken, LLC, Telavi Hospitality, Inc., Bordenaro's Pizza, Pancho's Taqueria, Daliano's Inc., Legacy 5, LLC, Brix Tavern LLC, FB Mall LLC, Oregano Italian, LLC, and Bashara & Co., LC. ("Preti Clients"). During the period of case inception through

1

August 31, 2021, and at the request of Interim Co-Lead Class Counsel, my firm has been involved in the following activities on behalf of CIIPPs:

- Collected documents, in both paper and electronic format (ESI), from Preti Clients;

- In coordination with Interim Co-Lead Class Counsel, assisted in preparing Preti Clients for their Rule 30(b)(6)/(1) depositions including review of client documents and representation at said deposition;

- Assisted in drafting confidentiality designations for Preti Clients;

- Conferred with Preti Clients regarding initial disclosures, ESI disclosures, written discovery responses, and assisted in drafting the disclosures and responses;

- Consulted with Preti Clients and assisted in the preparation of the Declaration of Preti Clients in Support of CIIPPs' Motion for Class Certification;

- Served as a direct contact with Preti Clients regarding discovery matters, case updates and filings, settlements, discovery responses, required disclosures;

- Contributed to the review of CIIPPs' and Defendants' document productions, at the direction of Interim Co-Lead Class Counsel;

- Assisted with drafting discovery-related briefs;

- Conducted legal research and analysis, at the direction of Interim Co-Lead Class Counsel, in support of briefing of discovery disputes; and

- Prepared for and took depositions of defendants.

- Consulted with Interim Co-Lead Class Counsel.

3. Attached hereto as Exhibit A, is a detailed summary showing the amount of time spent by the partners, attorneys, and paralegals of my firm who have been involved in this litigation. The lodestar calculation is based upon my firm's historic hourly billing rates, except for

18625271.1

work completed on document review, which is capped at $350 per hour, from case inception through August 31, 2021.

4.     The total number of hours expended on this litigation by my firm from this case's inception through August 31, 2021, is 4016.90 hours. The total lodestar for my firm is $1,952,316.50. My firm's lodestar figures are based on the firm's historic hourly billing rates. The hourly rates for the partners, attorneys, and professional support staff of my firm are the same as the usual and customary hourly rates charged for their services in contingent billable matters. The total hours were determined by the examination of contemporaneous, daily time records regularly prepared and maintained by my firm, and which have been provided to Interim Co-Lead Class Counsel for their review.

5.     As detailed in Exhibit B attached hereto, my firm has incurred a total of $30,959.07 in unreimbursed expenses during the period from this case's inception through August 31, 2021. These expenses do not include my firm's assessment payments to the common cost litigation fund, maintained by Interim Co-Lead Class Counsel. The expenses incurred in this litigation are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of the expenses incurred.

6.     In December 2016, shortly after this litigation was commenced and Lead Counsel was appointed, CIIPPs' Interim Co-Lead Class Counsel sent us the Court's approved time and expense reporting protocols. In the course of this litigation my firm has abided by these protocols as we have performed work, incurred expenses, and submitted monthly reports of our time and expenses. My firm's submission of its compensable time and reimbursable expenses in this declaration and its exhibits, comports with these Court-approved time and expense reporting

18625271.1

protocols.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 27, 2022, in Portland, Maine.


_____/s/ Gregory P. Hansel_____
Gregory P. Hansel

4

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

*Exhibit A - TIME REPORT*

**Firm Name:** PRETI FLAHERTY  **Reporting Period:** Inception through 08/31/2021

**Categories:**

1) Legal Research

2) Investigation / Factual Research

3) Discovery
   (Written / Deposition Taking & Defending / Meet & Confer / etc.)

4) Document Review
   (Including for depo prep, class cert, experts, liability issues, jurisdictional issues, and meetings re doc review)

5) Pleadings, Briefs & Motions (Drafting, Research, Serving & Filing)

6) Class Certification

7) Summary Judgment

8) Appeals

9) Court Appearance and Prep

10) Experts

11) Settlements & Mediation

12) Case Management

13) Class Notice

14) Trial Prep
   (Exhibit & Witness List/Jury Instruction/ Vior Dire/Opening Statements/Closing Arguments/Demonstratives/etc.)

15) Trial

**TITLE:**

(P) Partner

(A) Associate

(LC) Law Clerk

(SPL) Senior Paralegal

(PL) Paralegal

(CR) Contract Reviewer

| ATTORNEYS (P, A) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Hansel, Gregory P. (P) | 46.70 | 80.60 | 59.00 | 0.70 | | 3.20 | | | 9.90 | | 2.30 | 3.20 | | | | 0.00 | 205.60 | 205.60 | $780.00 | $0.00 | $160,368.00 | $160,368.00 |
| Hansel, Gregory P. (P) | 5.10 | 35.50 | 252.70 | 11.30 | 8.80 | | | | | 4.50 | 0.30 | 35.80 | | 1.10 | | 0.00 | 355.10 | 355.10 | $820.00 | $0.00 | $291,182.00 | $291,182.00 |
| Smith, Michael S. (P) | 0.50 | 8.60 | 8.7 | 0.80 | | | | | | | | | | | | 0.00 | 18.60 | 18.60 | $650.00 | $0.00 | $12,090.00 | $12,090.00 |
| Smith, Michael S. (P) | 11.00 | | 421.30 | 0.80 | 32.40 | | | | | | | | | | | 0.00 | 465.50 | 465.50 | $685.00 | $0.00 | $318,867.50 | $318,867.50 |
| Cronan, John J. (SA) | 4.90 | 0.80 | | 24.10 | | | | | | | | | | | | 0.00 | 29.80 | 29.80 | $350.00 | $0.00 | $10,430.00 | $10,430.00 |
| Connolly, Timothy D. (A) | | | | 3.50 | | | | | | | | | | | | 0.00 | 3.50 | 3.50 | $350.00 | $0.00 | $1,225.00 | $1,225.00 |
| Connolly, Timothy D. (SA) | 1.90 | 22.10 | 30.30 | | | | | | | 8.00 | | 0.20 | | | | 0.00 | 62.50 | 62.50 | $470.00 | $0.00 | $29,375.00 | $29,375.00 |
| Baron, Mariana (SA) | | | | 53.10 | | | | | | | | | | | | 0.00 | 53.10 | 53.10 | $350.00 | $0.00 | $18,585.00 | $18,585.00 |
| Baron, Mariana (SA) | 0.20 | 4.00 | 69.30 | | | 0.2 | | | 2.20 | | 0.10 | 2.60 | | | | 0.00 | 78.60 | 78.60 | $470.00 | $0.00 | $36,942.00 | $36,942.00 |
| Quinby, Elizabeth F. (A) | 21.40 | | 20.50 | | | 1.20 | | | 5.30 | | 2.70 | 0.10 | | | | 0.00 | 51.20 | 51.20 | $350.00 | $0.00 | $17,920.00 | $17,920.00 |
| Quinby, Elizabeth F. (A) | 1.50 | 1.30 | 310.00 | 14.00 | 3.10 | 19.30 | | | | 25.40 | 0.40 | 2.50 | | | | 0.00 | 377.50 | 377.50 | $370.00 | $0.00 | $139,675.00 | $139,675.00 |
| Weill, Randall B. (P) | 1.00 | | | | 0.30 | | | | | | | 1.10 | | | | 0.00 | 2.40 | 2.40 | $780.00 | $0.00 | $1,872.00 | $1,872.00 |
| Weill, Randall B. (P) | | | 239.20 | | 0.30 | | | | | 8.50 | 0.30 | 3.90 | | | | 0.00 | 252.20 | 252.20 | $820.00 | $0.00 | $206,804.00 | $206,804.00 |
| Eric G. Penley (A) | | 1.80 | | | | | | | | | | | | | | 0.00 | 1.80 | 1.80 | $450.00 | $0.00 | $810.00 | $810.00 |
| Matthew H. Carlson (A2) | | | | 1,872.30 | | | | | | | | | | | | 0.00 | 1,872.30 | 1,872.30 | $350.00 | $0.00 | $655,305.00 | $655,305.00 |
| Mermin, Jonathan G. (OC) | 1.60 | | 7.10 | | 19.30 | | | | | 5.40 | | | | | | 0.00 | 33.40 | 33.40 | $625.00 | $0.00 | $20,875.00 | $20,875.00 |
| **SUB-TOTAL** | 95.80 | 154.70 | 1,418.10 | 1,980.60 | 64.20 | 23.90 | 0.00 | 0.00 | 17.40 | 51.80 | 6.10 | 49.40 | 0.00 | 1.10 | 0.00 | 0.00 | 3,863.10 | 3,863.10 | | | $0.00 | $1,922,325.50 | $1,922,325.50 |

| NON-ATTORNEYS (LC, SPL, PL) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Belanger, Sonja (SPL) | 3.20 | 1.10 | | 1.60 | 0.20 | 0.80 | | | | | | 125.20 | | | | 0.00 | 132.10 | 132.10 | $195.00 | $0.00 | $25,759.50 | $25,759.50 |
| Wilson-McNearney (PL) | 3.70 | | 2.50 | | | | | | | | | 0.50 | | | | 0.00 | 6.70 | 6.70 | $195.00 | $0.00 | $1,306.50 | $1,306.50 |
| Wallace, Sean A. (PL) | | | 1.80 | | | | | | | | | | | | | 0.00 | 1.80 | 1.80 | $195.00 | $0.00 | $351.00 | $351.00 |
| Brianna S. Clark (PL) | | | 10.30 | | | | | | | | | 2.90 | | | | 0.00 | 13.20 | 13.20 | $195.00 | $0.00 | $2,574.00 | $2,574.00 |
| **SUB-TOTAL** | 6.90 | 1.10 | 14.60 | 1.60 | 0.20 | 0.80 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 128.60 | 0.00 | 0.00 | 0.00 | 0.00 | 153.80 | 153.80 | | | $0.00 | $29,991.00 | $29,991.00 |
| **GRAND TOTAL:** | 102.70 | 155.80 | 1432.70 | 1982.20 | 64.40 | 24.70 | 0.00 | 0.00 | 17.40 | 51.80 | 6.10 | 178.00 | 0.00 | 1.10 | 0.00 | 0.00 | 4016.90 | 4,016.90 | | | $0.00 | $1,952,316.50 | $1,952,316.50 |

Ex. A - Time Summary
18630408.1

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

**Exhibit B - EXPENSE REPORT**

**FIRM NAME: PRETI FLAHERTY**

**REPORTING PERIOD:**  Inception through 08/31/2021

| CATEGORY | DESCRIPTION (If necessary) | CUMULATIVE COSTS |
|---|---|---|
| Court Costs - Filing Fees | | $2,532.00 |
| Experts/consultants | | $0.00 |
| Federal Express / UPS /Ontrac | | $794.70 |
| Postage / U.S. Mail | | $0.00 |
| Service of Process | | $0.00 |
| Messenger/delivery | | $284.39 |
| Hearing Transcripts | | $0.00 |
| Investigation | | $0.00 |
| Lexis/westlaw | | $1,964.00 |
| Photocopies - in House | | $1,571.60 |
| Photocopies - Outside | | $0.00 |
| Telephone/telecopier | | $19.94 |
| Travel - Transportation (Airplanes - Coach Fares Only) | | $16,349.17 |
| Travel - Meals ($75 per person / day cap) | | $1,972.87 |
| Travel - Hotels | | $5,180.40 |
| Miscellaneous | | $290.00 |
| **TOTAL EXPENSES** | | **$30,959.07** |

# EXHIBIT 16

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 1:16-cv-08637 TMD |
| | Hon. Thomas M. Durkin |
| | Magistrate Judge Jeffrey T. Gilbert |
| This Document Relates To: | |
| All Commercial and Institutional Indirect Purchaser Plaintiff Actions | |

**DECLARATION OF SIMON BAHNE PARIS IN SUPPORT OF COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' MOTION FOR INTERIM AWARD OF ATTORNEYS' FEES AND EXPENSES ON BEHALF OF SALTZ MONGELUZZI & BENDESKY, PC**

I, Simon B. Paris, declare and state as follows:

1.      I am a Partner of Saltz Mongeluzzi & Bendesky, PC. I submit this declaration in support of Interim Co-Lead Class Counsel's Motion for an interim award of attorneys' fees and reimbursement of costs and expenses in connection with services rendered and expenses incurred by my firm in connection with this litigation. I make this declaration based on my personal knowledge and if called as a witness, I could and would competently testify to the matters stated herein.

2.      During the pendency of this litigation, my firm has acted as Counsel to the Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") class, including as counsel for Plaintiffs Fargo Stopping Centers, LLC ("Fargo Stopping") and Sargent's Restaurant and Lounge ("Sargent's"). During the period of case inception through August 31, 2021, and at the request of Interim Co-Lead Class Counsel, my firm has been involved in the following activities

1

on behalf of CIIPPs:

- Assisted in the preparation and drafting of CIIPPs' initial complaint;

- Negotiated subpoenas and collected documents from third-parties for experts' analysis; and

- Contributed to the review of CIIPPs' and Defendants' document productions.

3.      Attached hereto as Exhibit A, is a detailed summary showing the amount of time spent by the partners, attorneys, and paralegals of my firm who have been involved in this litigation. The lodestar calculation is based upon my firm's historic hourly billing rates, except for work completed on document review, which is capped at $350 per hour, from case inception through August 31, 2021.

4.      The total number of hours expended on this litigation by my firm from this case's inception through August 31, 2021, is 4,935.80 hours. The total lodestar for my firm is $1,786,295.00. My firm's lodestar figures are based on the firm's historic hourly billing rates. The hourly rates for the partners, attorneys, and professional support staff in my firm are the same as the usual and customary hourly rates charged for their services in contingent billable matters. The total hours were determined by the examination of contemporaneous, daily time records regularly prepared and maintained by my firm, and which have been provided to Interim Co-Lead Class Counsel for their review.

5.      As detailed in Exhibit B attached hereto, my firm has incurred a total of $3,069.16 in unreimbursed expenses during the period from this case's inception through August 31, 2021. These expenses do not include my firm's assessment payments to the common cost litigation fund, maintained by Interim Co-Lead Class Counsel. The expenses incurred in this litigation are reflected on the books and records of my firm. These books and records are prepared from expense

vouchers, check records, and other source materials and represent an accurate record of the expenses incurred.

6. In December 2016, shortly after this litigation was commenced and Lead Counsel was appointed, CIIPPs' Interim Co-Lead Class Counsel sent us the Court's approved time and expense reporting protocols. In the course of this litigation my firm has abided by these protocols as we have performed work, incurred expenses, and submitted monthly reports of our time and expenses. My firm's submission of it compensable time and reimbursable expenses in this declaration and its exhibits, comports with these Court-approved time and expense reporting protocols.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 26, 2022, in Philadelphia Pennsylvania.


_____ */s/ Simon B. Paris*_____
SIMON BAHNE PARIS

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

## Exhibit A - TIME REPORT

| Firm Name: | SALTZ MONGELUZZI & BENDESKY, PC | Reporting Period: | Inception through 08/31/2021 | TITLE: | (P) Partner |

**Categories:**

1) Legal Research

2) Investigation / Factual Research

3) Discovery
   (Written / Deposition Taking & Defending / Meet & Confer / etc. )

4) Document Review
   (Including for depo prep, class cert, experts, liability issues, jurisdictional issues, and meetings re doc review)

5) Pleadings, Briefs & Motions (Drafting, Research, Serving & Filing)

6) Class Certification

7) Summary Judgment

8) Appeals

9) Court Appearance and Prep

10) Experts

11) Settlements & Mediation

12) Case Management

13) Class Notice

14) Trial Prep
   (Exhibit & Witness List/Jury Instruction/ Vior Dire/Opening Statements/Closing Arguments/Demonstratives/etc.)

15) Trial

(A) Associate

(LC) Law Clerk

(SPL) Senior Paralegal

(PL) Paralegal

(CR) Contract Reviewer

| ATTORNEYS (P, A) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Patrick Howard (P) | | | 7.60 | | | | | | | 30.10 | | 23.10 | | | | 0.00 | 60.80 | 60.80 | $650.00 | $0.00 | $39,520.00 | $39,520.00 |
| Charles Kocher (A) | | | | 16.00 | | | | | | | | | | | | 0.00 | 16.00 | 16.00 | $350.00 | $0.00 | $5,600.00 | $5,600.00 |
| Charles Kocher (A) | | | 28.00 | | | | | | | | | | | | | 0.00 | 28.00 | 28.00 | $535.00 | $0.00 | $14,980.00 | $14,980.00 |
| Charles Kocher (A) | | | | 23.50 | | | | | | | | | | | | 0.00 | 23.50 | 23.50 | $560.00 | $0.00 | $13,160.00 | $13,160.00 |
| Simon Paris (P) | | 0.20 | 0.60 | | 1.60 | | | | | | | 1.10 | | | | 0.00 | 3.50 | 3.50 | $635.00 | $0.00 | $2,222.50 | $2,222.50 |
| Simon Paris (P) | | | 1.30 | | | | | | | | | | | | | 0.00 | 1.30 | 1.30 | $645.00 | $0.00 | $838.50 | $838.50 |
| Simon Paris (P) | | | 32.60 | | 1.40 | | | | | | 0.40 | 0.30 | | | | 0.00 | 34.70 | 34.70 | $660.00 | $0.00 | $22,902.00 | $22,902.00 |
| Simon Paris (P) | | | 22.90 | | | | | | | 0.20 | | 0.60 | | | | 0.00 | 23.70 | 23.70 | $685.00 | $0.00 | $16,234.50 | $16,234.50 |
| Simon Paris (P) | | | 26.20 | | | | | | | 1.40 | | 1.40 | | | | 0.00 | 29.00 | 29.00 | $700.00 | $0.00 | $20,300.00 | $20,300.00 |
| Simon Paris (P) | | | | | | | | | | | | 0.50 | | | | 0.00 | 0.50 | 0.50 | $715.00 | $0.00 | $357.50 | $357.50 |
| Christine Jadge (CR) | | | 8.60 | 2,221.60 | | | | | | | | | | | | 0.00 | 2,230.20 | 2,230.20 | $350.00 | $0.00 | $780,570.00 | $780,570.00 |
| Kevin Lacorte (CR) | | | 3.00 | 2,481.60 | | | | | | | | | | | | 0.00 | 2,484.60 | 2,484.60 | $350.00 | $0.00 | $869,610.00 | $869,610.00 |
| | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | | $0.00 | $0.00 | $0.00 |
| | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | | $0.00 | $0.00 | $0.00 |
| | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | | $0.00 | $0.00 | $0.00 |
| | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | | $0.00 | $0.00 | $0.00 |
| SUB-TOTAL | 0.00 | 0.20 | 130.80 | 4,742.70 | 3.00 | 0.00 | 0.00 | 0.00 | 0.00 | 31.70 | 0.40 | 27.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,935.80 | 4,935.80 | | $0.00 | $1,786,295.00 | $1,786,295.00 |

| NON-ATTORNEYS (LC, SPL, PL) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $250.00 | $0.00 | $0.00 | $0.00 |
| | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $250.00 | $0.00 | $0.00 | $0.00 |
| | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $225.00 | $0.00 | $0.00 | $0.00 |
| | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $250.00 | $0.00 | $0.00 | $0.00 |
| SUB-TOTAL | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 | $0.00 | $0.00 |
| GRAND TOTAL: | 0.00 | 0.20 | 130.80 | 4742.70 | 3.00 | 0.00 | 0.00 | 0.00 | 0.00 | 31.70 | 0.40 | 27.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4935.80 | 4,935.80 | | $0.00 | $1,786,295.00 | $1,786,295.00 |

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

**Exhibit B - EXPENSE REPORT**

**FIRM NAME: SALTZ MONGELUZZI & BENDESKY, PC**

**REPORTING PERIOD:** Inception through 08/31/2021

| CATEGORY | DESCRIPTION (If necessary) | CUMULATIVE COSTS |
|---|---|---|
| Court Costs - Filing Fees | | $0.00 |
| Experts/consultants | | $0.00 |
| Federal Express / UPS /Ontrac | | $0.00 |
| Postage / U.S. Mail | | $0.00 |
| Service of Process | | $0.00 |
| Messenger/delivery | | $0.00 |
| Hearing Transcripts | | $0.00 |
| Investigation | | $0.00 |
| Lexis/westlaw | | $0.00 |
| Photocopies - in House | | $0.00 |
| Photocopies - Outside | | $0.00 |
| Telephone/telecopier | | $0.00 |
| Travel - Transportation | | $2,330.56 |
| Travel - Meals ($75 per person / day cap) | | $126.71 |
| Travel - Hotels | | $563.89 |
| Miscellaneous - Parking | | $48.00 |
| | | |
| **TOTAL EXPENSES** | | **$3,069.16** |

Ex. B - Expenses Summary

# EXHIBIT 17

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 1:16-cv-08637 TMD |
| | Hon. Thomas M. Durkin |
| | Magistrate Judge Jeffrey T. Gilbert |
| This Document Relates To: | |
| All Commercial and Institutional Indirect Purchaser Plaintiff Actions | |

**DECLARATION OF CHRISTOPHER LE IN SUPPORT OF**
**COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS'**
**MOTION FOR INTERIM AWARD OF ATTORNEYS' FEES AND EXPENSES ON**
**BEHALF OF BOIESBATTIN, LLP**

I, Christopher Le, declare and state as follows:

1.      I am a partner of BoiesBattin LLP.[1] I submit this declaration in support of Interim Co-Lead Class Counsel's Motion for an interim award of attorneys' fees and reimbursement of costs and expenses in connection with services rendered and expenses incurred by my firm in connection with this litigation. I make this declaration based on my personal knowledge and if called as a witness, I could and would competently testify to the matters stated herein.

2.      During the pendency of this litigation, my firm has acted as Counsel to the Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") class, including as counsel for France 44 Foods, Inc. ("France 44"). During the period of case inception through August 31, 2021, and at the request of Interim Co-Lead Class Counsel, my firm has been involved in the following activities on behalf of CIIPPs:

---

[1] BoiesBattin LLP was formerly Straus & Boies, LLP.

- In coordination with Interim Co-Lead Class Counsel, assisted in drafting the Amended CIIPP complaint;

- Assisted in drafting the initial requests for production of documents;

- Assisted in the selection and negotiation of Defendant custodians;

- Participated in meet and confer conferences with Defendants to negotiate search terms for discovery production;

- Worked with Interim Co-Lead Class Counsel to implement TAR and negotiate the second phase of Defendants' discovery production;

- Contributed to the review of CIIPPs' and Defendants' document productions, at the direction of Interim Co-Lead Class Counsel;

- Assisted with drafting discovery-related briefs;

- Collected documents, in both paper and electronic format (ESI), from France 44;

- Conferred with France 44 regarding initial disclosures, ESI disclosures, written discovery responses, and assisted in drafting the disclosures and responses;

- Consulted with France 44 and assisted in the preparation of the Declaration of France 44 in Support of CIIPPs' Motion for Class Certification;

- Served as a contact with France 44 regarding discovery matters, case updates and filings, settlements, discovery responses, required disclosures;

- Had primary responsibly for discovery related to the Mar-Jac Defendants on behalf of the CIIPPs;

- Analyzed Mar-Jac production data and identified potential production cuts;

- Drafted Mar-Jac liability memorandum at the request of Interim Co-Lead Class Counsel;

- Took the depositions of Philip Turner, Alan Duncan, and select topics in the Mountaire 30(b)(6);

- Prepared for and participated in the following 30(b)(1) depositions on behalf of the CIIPPs: Don Jackson, Ken Qualls, Ronnie Cameron, Clay Mullins, Donald Taber, Bob Johnson, and Jeff Tynes;

- Prepared for and participated in the following 30(b)(6) depositions on behalf of the CIIPPs: House of Raeford, Case Farms, Mar-Jac, Certco Inc., Checkers, and Springfield Grocer Co.;

- Conducted legal research and analysis, at the direction of Interim Co-Lead Class Counsel, in support of class certification;

- Analyzed expert issues at the direction of Interim Co-Lead Class Counsel, in support of class certification;

- Assisted lead counsel in evaluating and negotiating Mar-Jac settlement; and

- Assisted lead counsel in drafting notice and claims materials for settlements.

3.      Attached hereto as Exhibit A, is a detailed summary showing the amount of time spent by the partners, attorneys, and paralegals of my firm who have been involved in this litigation. The lodestar calculation is based upon my firm's historic hourly billing rates, except for work completed on document review, which is capped at $350 per hour, from case inception through August 31, 2021.

4.      The total number of hours expended on this litigation by my firm from this case's inception through August 31, 2021, is 7,215.40 hours. The total lodestar for my firm is $3,185,037.00. My firm's lodestar figures are based on the firm's historic hourly billing rates. The hourly rates for the partners, attorneys, and professional support staff in my firm are the same as

3

the usual and customary hourly rates charged for their services in contingent billable matters. The total hours were determined by the examination of contemporaneous, daily time records regularly prepared and maintained by my firm, and which have been provided to Interim Co-Lead Class Counsel for their review.

5.     As detailed in Exhibit B attached hereto, my firm has incurred a total of $9,914.57 in unreimbursed expenses during the period from this case's inception through August 31, 2021. These expenses do not include my firm's assessment payments to the common cost litigation fund, maintained by Interim Co-Lead Class Counsel. The expenses incurred in this litigation are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of the expenses incurred.

6.     In December 2016, shortly after this litigation was commenced and Lead Counsel was appointed, CIIPPs' Interim Co-Lead Class Counsel sent us the Court's approved time and expense reporting protocols. In the course of this litigation my firm has abided by these protocols as we have performed work, incurred expenses, and submitted monthly reports of our time and expenses. My firm's submission of it compensable time and reimbursable expenses in this declaration and its exhibits, comports with these Court-approved time and expense reporting protocols.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 26, 2022, in Fairfax, VA.

_____*/s/   Christopher Le*_____
Christopher Le

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

**Exhibit A - TIME REPORT**

| Firm Name: | BoiesBattin, LLP (Formerly Straus & Boies) | | | | | | Reporting Period: | | | | Inception through 08/31/2021 | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**Categories:**

1) Legal Research
2) Investigation / Factual Research
3) Discovery (Written / Deposition Taking & Defending / Meet & Confer / etc.)
4) Document Review (Including for depo prep, class cert, experts, liability issues, jurisdictional issues, and meetings re doc review)
5) Pleadings, Briefs & Motions (Drafting, Research, Serving & Filing)
6) Class Certification
7) Summary Judgment
8) Appeals
9) Court Appearance and Prep
10) Experts
11) Settlements & Mediation
12) Case Management
13) Class Notice
14) Trial Prep (Exhibit & Witness List/Jury Instruction/ Vior Dire/Opening Statements/Closing Arguments/Demonstratives/etc.)
15) Trial

**TITLE:** (P) Partner / (A) Associate / (LC) Law Clerk / (SPL) Senior Paralegal / (PL) Paralegal / (CR) Contract Reviewer

| ATTORNEYS (P, A) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Battin, Timothy (P) | | 5.50 | | | 21.20 | | | | | | | 0.70 | | | | 0.00 | 27.40 | 27.40 | $725.00 | $0.00 | $19,865.00 | $19,865.00 |
| Battin, Timothy (P) | | | | | 0.50 | 1.00 | | | | | | 1.50 | | | | 0.00 | 3.00 | 3.00 | $735.00 | $0.00 | $2,205.00 | $2,205.00 |
| Battin, Timothy (P) | | | 61.10 | | | 2.70 | | | | 30.20 | 12.30 | | 18.20 | | | 0.00 | 124.50 | 124.50 | $750.00 | $0.00 | $93,375.00 | $93,375.00 |
| Schirmer, Mark (P) | | | | 14.20 | | | | | | | | | | | | 0.00 | 14.20 | 14.20 | $350.00 | $0.00 | $4,970.00 | $4,970.00 |
| Schirmer, Mark (P) | 17.20 | 7.50 | 67.70 | | 104.20 | 5.40 | | | | 11.40 | 19.50 | | | | | 0.00 | 232.90 | 232.90 | $650.00 | $0.00 | $151,385.00 | $151,385.00 |
| Cihlar, Nathan (P) | | 3.00 | 4.10 | | 30.50 | | | | | | | | | | | 0.00 | 37.60 | 37.60 | $550.00 | $0.00 | $20,680.00 | $20,680.00 |
| Le, Christopher (P) | | | | 75.60 | | | | | | | | | | | | 0.00 | 75.60 | 75.60 | $350.00 | $0.00 | $26,460.00 | $26,460.00 |
| Le, Christopher (P) | | | 143.50 | | | | | | | 0.80 | 73.30 | 1.40 | | | | 0.00 | 219.00 | 219.00 | $575.00 | $0.00 | $125,925.00 | $125,925.00 |
| Le, Christopher (P) | | 3.00 | 1,443.60 | | 36.90 | | | | | 0.50 | 24.70 | 0.50 | | | | 0.00 | 1,509.20 | 1,509.20 | $545.00 | $0.00 | $822,514.00 | $822,514.00 |
| Le, Christopher (P) | 4.80 | 7.00 | 24.80 | | 151.90 | | | | | | | 1.80 | | | | 0.00 | 190.30 | 190.30 | $465.00 | $0.00 | $88,489.50 | $88,489.50 |
| Le, Christopher (P) | | | 175.60 | | 3.20 | | | | | | | 1.90 | | | | 0.00 | 180.70 | 180.70 | $475.00 | $0.00 | $85,832.50 | $85,832.50 |
| Le, Christopher (P) | 4.30 | | 327.30 | | | | | | | | | | | | | 0.00 | 331.60 | 331.60 | $525.00 | $0.00 | $174,090.00 | $174,090.00 |
| Dinner, Scott (A) | 2.50 | 27.10 | 9.70 | | 96.30 | | | | | | | 2.50 | | | | 0.00 | 138.10 | 138.10 | $325.00 | $0.00 | $44,882.50 | $44,882.50 |
| Voigt, Carla (A) | | 3.00 | | | | | | | | | | | | | | 0.00 | 3.00 | 3.00 | $300.00 | $0.00 | $900.00 | $900.00 |
| Kim-Helms, Shinae (A) | | | 1,531.30 | | | | | | | | | | | | | 0.00 | 1,531.30 | 1,531.30 | $350.00 | $0.00 | $535,955.00 | $535,955.00 |
| Kim-Helms, Shinae (A) | | 48.30 | | | | | | | | | | | | | | 0.00 | 48.30 | 48.30 | $545.00 | $0.00 | $26,323.50 | $26,323.50 |
| Kim-Helms, Shinae (A) | | | 890.60 | | 16.00 | | | | | | 10.60 | | | | | 0.00 | 917.20 | 917.20 | $505.00 | $0.00 | $463,186.00 | $463,186.00 |
| Kim-Helms, Shinae (A) | | 24.80 | | | | | | | | | | | | | | 0.00 | 24.80 | 24.80 | $465.00 | $0.00 | $11,532.00 | $11,532.00 |
| Callister, Joshua (A) | | 6.00 | 3.50 | | | | | | | | | | | | | 0.00 | 9.50 | 9.50 | $345.00 | $0.00 | $3,277.50 | $3,277.50 |
| Callister, Joshua (A) | | 11.40 | | | | | | | | | | | | | | 0.00 | 11.40 | 11.40 | $395.00 | $0.00 | $4,503.00 | $4,503.00 |
| Zemans, Daniel (A) | | 1.80 | 1,107.30 | | | | | | | | | | | | | 0.00 | 1,109.10 | 1,109.10 | $350.00 | $0.00 | $388,185.00 | $388,185.00 |
| | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **SUB-TOTAL** | 28.80 | 56.10 | 3,240.30 | 2,731.90 | 407.80 | 62.00 | 0.00 | 0.00 | 0.00 | 42.90 | 140.40 | 10.30 | 18.20 | 0.00 | 0.00 | 0.00 | 6,738.70 | 6,738.70 | | $0.00 | $3,094,535.50 | $3,094,535.50 |

| NON-ATTORNEYS (LC, SPL, PL) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| O'Donnell, Erin (PL) | | 10.80 | | | | | | | | | | 3.00 | | | | 0.00 | 13.80 | 13.80 | $155.00 | $0.00 | $2,139.00 | $2,139.00 |
| Miorin, Elizabeth (PL) | | | | | | | | | | | | 2.50 | | | | 0.00 | 2.50 | 2.50 | $155.00 | $0.00 | $387.50 | $387.50 |
| Gooding, Anna (PL) | | | 6.00 | | | | | | | | | | | | | 0.00 | 6.00 | 6.00 | $180.00 | $0.00 | $1,080.00 | $1,080.00 |
| Scialabba, Greg (LC) | | | 13.90 | | | | | | | | | | | | | 0.00 | 13.90 | 13.90 | $195.00 | $0.00 | $2,710.50 | $2,710.50 |
| Gross, Benjamin (PL) | | | 32.50 | | | | | | | | | | | | | 0.00 | 32.50 | 32.50 | $155.00 | $0.00 | $5,037.50 | $5,037.50 |
| Gross, Benjamin (PL) | | | 14.30 | 6.00 | | | | | | | | | | | | 0.00 | 20.30 | 20.30 | $170.00 | $0.00 | $3,451.00 | $3,451.00 |
| Carral, Anthony (LC) | | | 5.50 | | | | | | | | | | | | | 0.00 | 5.50 | 5.50 | $195.00 | $0.00 | $1,072.50 | $1,072.50 |
| Hare, Casey (PL) | | | 1.10 | | | | | | | | | | | | | 0.00 | 1.10 | 1.10 | $180.00 | $0.00 | $198.00 | $198.00 |
| Hare, Casey (PL) | | | 236.40 | 0.40 | | | | | | | 0.50 | 4.00 | | | | 0.00 | 241.30 | 241.30 | $205.00 | $0.00 | $49,466.50 | $49,466.50 |
| Hare, Casey (PL) | | | | | | | | | | | 6.40 | | | | | 0.00 | 6.40 | 6.40 | $210.00 | $0.00 | $1,344.00 | $1,344.00 |
| McGinty, Tara (PL) | | | | | | | | | | | 0.20 | | | | | 0.00 | 0.20 | 0.20 | $185.00 | $0.00 | $37.00 | $37.00 |
| McGinty, Tara (PL) | | | 35.20 | | | | | | | | | | | | | 0.00 | 35.20 | 35.20 | $175.00 | $0.00 | $6,160.00 | $6,160.00 |
| McGinty, Tara (PL) | | | 33.40 | | | | | | | | | | | | | 0.00 | 33.40 | 33.40 | $160.00 | $0.00 | $5,344.00 | $5,344.00 |
| Yi, Karen (PL) | | | | | | | | | | | 1.00 | | | | | 0.00 | 1.00 | 1.00 | $185.00 | $0.00 | $185.00 | $185.00 |
| Yi, Karen (PL) | | | 38.30 | | | | | | | | | | | | | 0.00 | 38.30 | 38.30 | $175.00 | $0.00 | $6,702.50 | $6,702.50 |
| Jaffery, Mariam (LC) | | | 19.30 | | | | | | | | | | | | | 0.00 | 19.30 | 19.30 | $205.00 | $0.00 | $3,956.50 | $3,956.50 |
| Verbeck, Lily (LC) | | | | | | | | | | | 6.00 | | | | | 0.00 | 6.00 | 6.00 | $205.00 | $0.00 | $1,230.00 | $1,230.00 |
| | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | | $0.00 | $0.00 | $0.00 |
| **SUB-TOTAL** | 0.00 | 10.80 | 309.70 | 6.40 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 7.10 | 9.50 | 0.00 | 0.00 | 0.00 | 0.00 | 476.70 | 476.70 | | $0.00 | $90,501.50 | $90,501.50 |
| **GRAND TOTAL:** | 28.80 | 66.90 | 3550.00 | 2738.30 | 407.80 | 62.00 | 0.00 | 0.00 | 0.00 | 42.90 | 147.50 | 19.80 | 18.20 | 0.00 | 0.00 | 0.00 | 7215.40 | 7,215.40 | | $0.00 | $3,185,037.00 | $3,185,037.00 |

508854.1

Ex. A - Time Summary

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

**Exhibit B - EXPENSE REPORT**

**FIRM NAME: BoiesBattin, LLP (Formerly Straus & Boies)**

**REPORTING PERIOD:** Inception through 08/31/2021

| CATEGORY | DESCRIPTION (If necessary) | CUMULATIVE COSTS |
|---|---|---|
| Court Costs - Filing Fees | | $0.00 |
| Experts/consultants | | $0.00 |
| Federal Express / UPS /Ontrac | | $857.12 |
| Postage / U.S. Mail | | $0.00 |
| Service of Process | | $0.00 |
| Messenger/delivery | | $0.00 |
| Hearing Transcripts | | $0.00 |
| Investigation | | $0.00 |
| Lexis/westlaw | | $1,630.29 |
| Photocopies - in House | | $1,774.60 |
| Photocopies - Outside | | $0.00 |
| Telephone/telecopier | | $23.44 |
| Travel - Transportation | | $2,724.46 |
| Travel - Meals ($75 per person / day cap) | | $427.20 |
| Travel - Hotels | | $2,477.46 |
| Miscellaneous | | $0.00 |
| | | |
| **TOTAL EXPENSES** | | **$9,914.57** |

# EXHIBIT 18

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 1:16-cv-08637 TMD<br><br>Hon. Thomas M. Durkin<br><br>Magistrate Judge Jeffrey T. Gilbert |
| This Document Relates To:<br><br>All Commercial and Institutional Indirect Purchaser Plaintiff Actions | |

**DECLARATION OF KEVIN LANDAU IN SUPPORT OF COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' MOTION FOR INTERIM AWARD OF ATTORNEYS' FEES AND EXPENSES ON BEHALF OF TAUS, CEBULASH & LANDAU, LLP**

I, Kevin Landau, declare and state as follows:

1.     I am a partner of Taus, Cebulash & Landau, LLP. I submit this declaration in support of Interim Co-Lead Class Counsel's Motion for an interim award of attorneys' fees and reimbursement of costs and expenses in connection with services rendered and expenses incurred by my firm in connection with this litigation. I make this declaration based on my personal knowledge and if called as a witness, I could and would competently testify to the matters stated herein.

2.     During the pendency of this litigation, my firm has acted as Counsel to the Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") class, including as counsel for Plaintiff Sullott Corporation ("Sullott"). During the period of case inception through August 31, 2021, and at the request of Interim Co-Lead Class Counsel, my firm has been involved in the following activities on behalf of CIIPPs:

1

- Conducted legal research and analysis in opposition to Defendants' Motion to Dismiss;

- Assisted with drafting CIIPPs' brief in Opposition to Defendants' Motion to Dismiss CIIPPs' Complaint;

- Conducted legal research and drafted objections to Defendants' discovery requests;

- Met and conferred with multiple third parties to enforce CIIPP's subpoenas and obtain discovery;

-  Prepared for and participated in 20 fact witness depositions on behalf of CIIPPs;

- Assisted with fact analysis in support of CIIPPs' Motion for Class Certification and drafted memoranda regarding the same;

- Analyzed discovery and prepared a memorandum focused on establishing liability of one of the named Defendant co-conspirators;

- Conducted factual analysis and drafted allegations to amend CIIPPs' Complaint to include bid-rigging allegations;

- Collected documents, in both paper and electronic format (ESI), from Sullott;

- In coordination with Interim Co-Lead Class Counsel, assisted in preparing Sullott for their Rule 30(b)(6)/(1) deposition and attendance of said deposition;

- Conferred with Sullott regarding initial disclosures, ESI disclosures, written discovery responses, and assisted in drafting the disclosures and responses;

- Consulted with Sullott and assisted in the preparation of the Declaration of Sullott in Support of CIIPPs' Motion for Class Certification;

- Served as a direct contact with Sullott regarding discovery matters, case updates and filings, settlements, discovery responses, required disclosures; and,

2

- Contributed to the review of CIIPPs' and Defendants' document productions.

3. Attached hereto as Exhibit A, is a detailed summary showing the amount of time spent by the partners, attorneys, and paralegals of my firm who have been involved in this litigation. The lodestar calculation is based upon my firm's historic hourly billing rates, except for work completed on document review, which is capped at $350 per hour, from case inception through August 31, 2021.

4. The total number of hours expended on this litigation by my firm from this case's inception through August 31, 2021, is 1,886.20 hours. The total lodestar for my firm is $1,071,307.50. My firm's lodestar figures are based on the firm's historic hourly billing rates. The hourly rates for the partners, attorneys, and professional support staff in my firm are the same as the usual and customary hourly rates charged for their services in contingent billable matters. The total hours were determined by the examination of contemporaneous, daily time records regularly prepared and maintained by my firm, and which have been provided to Interim Co-Lead Class Counsel for their review.

5. As detailed in Exhibit B attached hereto, my firm has incurred a total of $13,879.24 in unreimbursed expenses during the period from this case's inception through August 31, 2021. These expenses do not include my firm's assessment payments to the common cost litigation fund, maintained by Interim Co-Lead Class Counsel. The expenses incurred in this litigation are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of the expenses incurred.

6. In December 2016, shortly after this litigation was commenced and Lead Counsel was appointed, CIIPPs' Interim Co-Lead Class Counsel sent us the Court's approved time and

expense reporting protocols. In the course of this litigation my firm has abided by these protocols as we have performed work, incurred expenses, and submitted monthly reports of our time and expenses. My firm's submission of its compensable time and reimbursable expenses in this declaration and its exhibits, comports with these Court-approved time and expense reporting protocols.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 26, 2022, in New York, New York.


_____*/s/ Kevin Landau*_____
Kevin Landau

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

## Exhibit A - TIME REPORT

| Firm Name: | TAUS, CEBULASH & LANDAU, LLP | Reporting Period: | Inception through 08/31/2021 |
|---|---|---|---|

**Categories:**

1) Legal Research

2) Investigation / Factual Research

3) Discovery
   (Written / Deposition Taking & Defending / Meet & Confer / etc. )

4) Document Review
   (Including for depo prep, class cert, experts, liability issues, jurisdictional issues, and meetings re doc review)

5) Pleadings, Briefs & Motions (Drafting, Research, Serving & Filing)

6) Class Certification

7) Summary Judgment

8) Appeals

9) Court Appearance and Prep

10) Experts

11) Settlements & Mediation

12) Case Management

13) Class Notice

14) Trial Prep
   (Exhibit & Witness List/Jury Instruction/ Vior Dire/Opening Statements/Closing Arguments/Demonstratives/etc.)

15) Trial

**TITLE:**

(P) Partner

(A) Associate

(LC) Law Clerk

(SPL) Senior Paralegal

(PL) Paralegal

(CR) Contract Reviewer

| ATTORNEYS (P, A) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Kevin Landau (P) | | | | | | | | | | | | | | | | 14.90 | 0.00 | 14.90 | $350.00 | $5,215.00 | $0.00 | **$5,215.00** |
| Kevin Landau (P) | | | | | | | | | | | | | | | | 65.60 | 0.00 | 65.60 | $700.00 | $45,920.00 | $0.00 | **$45,920.00** |
| Kevin Landau (P) | | | | | | | | | | | | | | | | 293.90 | 0.00 | 293.90 | $725.00 | $213,077.50 | $0.00 | **$213,077.50** |
| Kevin Landau (P) | | | | | | | | | | | | | | | | 239.70 | 0.00 | 239.70 | $750.00 | $179,775.00 | $0.00 | **$179,775.00** |
| Kevin Landau (P) | | | | | | | | | | | | | | | | 273.20 | 0.00 | 273.20 | $775.00 | $211,730.00 | $0.00 | **$211,730.00** |
| Miles Greaves (A) | | | | | | | | | | | | | | | | 4.70 | 0.00 | 4.70 | $400.00 | $1,880.00 | $0.00 | **$1,880.00** |
| Miles Greaves (A) | | | | | | | | | | | | | | | | 113.70 | 0.00 | 113.70 | $450.00 | $51,165.00 | $0.00 | **$51,165.00** |
| Miles Greaves (A) | | | | | | | | | | | | | | | | 21.00 | 0.00 | 21.00 | $475.00 | $9,975.00 | $0.00 | **$9,975.00** |
| Miles Greaves (A) | | | | | | | | | | | | | | | | 180.80 | 0.00 | 180.80 | $350.00 | $63,280.00 | $0.00 | **$63,280.00** |
| Miles Greaves (A) | | | | | | | | | | | | | | | | 260.30 | 0.00 | 260.30 | $500.00 | $130,150.00 | $0.00 | **$130,150.00** |
| Miles Greaves (P) | | | | | | | | | | | | | | | | 88.30 | 0.00 | 88.30 | $550.00 | $48,565.00 | $0.00 | **$48,565.00** |
| Tess Bonoli (A) | | | | | | | | | | | | | | | | 301.50 | 0.00 | 301.50 | $350.00 | $105,525.00 | $0.00 | **$105,525.00** |
| (A) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | **$0.00** |
| (A) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | **$0.00** |
| (A) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | **$0.00** |
| (CR) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | **$0.00** |
| | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $0.00 | $0.00 | $0.00 | **$0.00** |
| **SUB-TOTAL** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,857.60 | 0.00 | 1,857.60 | | $1,066,257.50 | $0.00 | **$1,066,257.50** |

| NON-ATTORNEYS (LC, SPL, PL) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Neisha Brown (PL) | | | | | | | | | | | | | | | | 26.80 | 0.00 | 26.80 | $175.00 | $4,690.00 | $0.00 | **$4,690.00** |
| Neisha Brown (PL) | | | | | | | | | | | | | | | | 1.80 | 0.00 | 1.80 | $200.00 | $360.00 | $0.00 | **$360.00** |
| (LC) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $200.00 | $0.00 | $0.00 | **$0.00** |
| (PL) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $225.00 | $0.00 | $0.00 | **$0.00** |
| (PL) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $250.00 | $0.00 | $0.00 | **$0.00** |
| **SUB-TOTAL** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 28.60 | 0.00 | 28.60 | | $5,050.00 | $0.00 | **$5,050.00** |
| **GRAND TOTAL:** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,886.20 | 0.00 | 1,886.20 | | $1,071,307.50 | $0.00 | **$1,071,307.50** |

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

**Exhibit B - EXPENSE REPORT**

**FIRM NAME: TAUS, CEBULASH & LANDAU, LLP**

**REPORTING PERIOD:** Inception through 08/31/2021

| CATEGORY | DESCRIPTION (If necessary) | CUMULATIVE COSTS |
|---|---|---|
| Court Costs - Filing Fees | | $50.00 |
| Experts/consultants | | $0.00 |
| Federal Express / UPS /Ontrac | | $289.55 |
| Postage / U.S. Mail | | $0.00 |
| Service of Process | | $0.00 |
| Messenger/delivery | | $0.00 |
| Hearing Transcripts | | $0.00 |
| Investigation | | $0.00 |
| Lexis/westlaw | | $1,220.33 |
| Photocopies - in House | | $1,602.25 |
| Photocopies - Outside | | $1,390.42 |
| Telephone/telecopier | | $0.00 |
| Travel - Transportation | | $3,737.89 |
| Travel - Meals ($75 per person / day cap) | | $655.10 |
| Travel - Hotels | | $2,802.62 |
| Miscellaneous | | $2,131.08 |
| | | |
| **TOTAL EXPENSES** | | **$13,879.24** |

Ex. B - Expenses Summary

# EXHIBIT 19

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 1:16-cv-08637 TMD |
| | Hon. Thomas M. Durkin |
| | Magistrate Judge Jeffrey T. Gilbert |
| This Document Relates To: | |
| All Commercial and Institutional Indirect Purchaser Plaintiff Actions | |

## DECLARATION OF DOUGLAS J. WINTERS IN SUPPORT OF COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' MOTION FOR INTERIM AWARD OF ATTORNEYS' FEES AND EXPENSES ON BEHALF OF SHER CORWIN WINTERS AND THE WINTERS LAW GROUP

I, Douglas J. Winters, declare and state as follows:

1.      I am a member of The Winters Law Group LLC. I submit this declaration in support of Interim Co-Lead Class Counsel's Motion for an interim award of attorneys' fees and reimbursement of costs and expenses in connection with services rendered and expenses incurred by The Winters Law Group LLC and Sher Corwin Winters LLC in connection with this litigation. I make this declaration based on my personal knowledge and if called as a witness, I could and would competently testify to the matters stated herein.

2.      During the pendency of this litigation, my firm has acted as Counsel to the Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") class, including as counsel for Tani Sushi Bistro, LLC ("Tani"). During the period of case inception through August 31, 2021, and at the request of Interim Co-Lead Class Counsel, my firm has been involved in the following activities on behalf of CIIPPs:

1

- Collected documents, in both paper and electronic format (ESI), from Tani;

- Traveled to Tuscaloosa to conduct in-person document review of Defendant Peco Foods' document collection;

- In coordination with Interim Co-Lead Class Counsel, assisted in preparing Tani for their Rule 30(b)(6) deposition including pre-deposition preparation meetings with client and attendance of said deposition;

- Conferred with Tani regarding initial disclosures, ESI disclosures, written discovery responses, and assisted in drafting the disclosures and responses;

- Consulted with Tani and assisted in the preparation of the Declaration of Tani in Support of CIIPPs' Motion for Class Certification;

- Served as a direct contact with Tani regarding discovery matters, case updates and filings, settlements, discovery responses, and required disclosures;

- Contributed to the review of CIIPPs' and Defendants' document productions, at the direction of Interim Co-Lead Class Counsel;

- Assisted with drafting discovery-related briefs; and

- Conducted legal research and analysis, at the direction of Interim Co-Lead Class Counsel.

3.  Attached hereto as Exhibit A, is a detailed summary showing the amount of time spent by the partners, attorneys, and paralegals of The Winters Law Group and Sher Corwin Winters who have been involved in this litigation. The lodestar calculation is based upon the firms' historic hourly billing rates, except for work completed on document review, which is capped at $350 per hour, from case inception through August 31, 2021.

4.  The total number of hours expended on this litigation by my firm from this case's

2

inception through August 31, 2021, is 689.50 hours. The total lodestar for my firm is $248,525.00. My firm's lodestar figures are based on the firm's historic hourly billing rates. The hourly rates for the partners, attorneys, and professional support staff in my firm are the same as the usual and customary hourly rates charged for their services in contingent billable matters. The total hours were determined by the examination of contemporaneous, daily time records regularly prepared and maintained by my firm, and which have been provided to Interim Co-Lead Class Counsel for their review.

5.      As detailed in Exhibit B attached hereto, my firm has incurred a total of $1,232.82 in unreimbursed expenses during the period from this case's inception through August 31, 2021. These expenses do not include my firm's assessment payments to the common cost litigation fund, maintained by Interim Co-Lead Class Counsel. The expenses incurred in this litigation are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of the expenses incurred.

6.      In December 2016, shortly after this litigation was commenced and Lead Counsel was appointed, CIIPPs' Interim Co-Lead Class Counsel sent us the Court's approved time and expense reporting protocols. In the course of this litigation my firm has abided by these protocols as we have performed work, incurred expenses, and submitted monthly reports of our time and expenses. My firm's submission of it compensable time and reimbursable expenses in this declaration and its exhibits, comports with these Court-approved time and expense reporting protocols.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 26, 2022 in St. Louis, Missouri.

3

_/s/ Douglas J. Winters_
Douglas J. Winters

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

## *Exhibit A - TIME REPORT*

| Firm Name: | WINTERS LAW GROUP & SHER CORWIN WINTERS COMBINED | Reporting Period: | Inception through 08/31/2021 |
|---|---|---|---|

**Categories:**

1) Legal Research

2) Investigation / Factual Research

3) Discovery
  (Written / Deposition Taking & Defending / Meet & Confer / etc. )

4) Document Review
  (Including for depo prep, class cert, experts, liability issues, jurisdictional issues, and meetings re doc review)

5) Pleadings, Briefs & Motions (Drafting, Research, Serving & Filing)

6) Class Certification

7) Summary Judgment

8) Appeals

9) Court Appearance and Prep

10) Experts

11) Settlements & Mediation

12) Case Management

13) Class Notice

14) Trial Prep
  (Exhibit & Witness List/Jury Instruction/ Vior Dire/Opening Statements/Closing Arguments/Demonstratives/etc.)

15) Trial

**TITLE:**

(P) Partner

(A) Associate

(LC) Law Clerk

(SPL) Senior Paralegal

(PL) Paralegal
(CR) Contract Reviewer

| ATTORNEYS (P, A) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| David S. Corwin (P) | | 2.40 | 3.30 | | | 3.40 | | | | | | 0.40 | | | | 0.00 | 9.50 | 9.50 | $650.00 | $0.00 | $6,175.00 | $6,175.00 |
| Doug J. Winters (A) | 0.50 | 2.80 | 24.10 | 26.10 | | 1.60 | | | | | | 1.80 | | | | 0.00 | 56.90 | 56.90 | $350.00 | $0.00 | $19,915.00 | $19,915.00 |
| Vicki L. Little (A) | | 9.50 | 0.50 | 4.10 | | | | | | | | 0.40 | | | | 0.00 | 14.50 | 14.50 | $650.00 | $0.00 | $9,425.00 | $9,425.00 |
| Amanda R. Sher (A) | | | | 591.60 | | | 17.00 | | | | | | | | | 0.00 | 608.60 | 608.60 | $350.00 | $0.00 | $213,010.00 | $213,010.00 |
| (P) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $1,075.00 | $0.00 | $0.00 | $0.00 |
| (P) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $1,100.00 | $0.00 | $0.00 | $0.00 |
| (P) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $750.00 | $0.00 | $0.00 | $0.00 |
| (A) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $575.00 | $0.00 | $0.00 | $0.00 |
| (CR) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $350.00 | $0.00 | $0.00 | $0.00 |
| | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $250.00 | $0.00 | $0.00 | $0.00 |
| **SUB-TOTAL** | 0.50 | 14.70 | 27.90 | 621.80 | 0.00 | 5.00 | 17.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2.60 | 0.00 | 0.00 | 0.00 | 0.00 | 689.50 | 689.50 | | $0.00 | $248,525.00 | $248,525.00 |

| NON-ATTORNEYS (LC, SPL, PL) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| (LC) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $250.00 | $0.00 | $0.00 | $0.00 |
| (LC) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $250.00 | $0.00 | $0.00 | $0.00 |
| (PL) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $225.00 | $0.00 | $0.00 | $0.00 |
| (PL) | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $250.00 | $0.00 | $0.00 | $0.00 |
| **SUB-TOTAL** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 | $0.00 | $0.00 |
| **GRAND TOTAL:** | 0.50 | 14.70 | 27.90 | 621.80 | 0.00 | 5.00 | 17.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2.60 | 0.00 | 0.00 | 0.00 | 0.00 | 689.50 | 689.50 | | $0.00 | $248,525.00 | $248,525.00 |

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

**Exhibit B - EXPENSE REPORT**

**FIRM NAME:** The Winters Law Group & Sher Corwin Winters Combined

**REPORTING PERIOD:** 11/1/2016 through 08/31/2021

| CATEGORY | DESCRIPTION (If necessary) | CUMULATIVE COSTS |
|---|---|---|
| Court Costs - Filing Fees | | $0.00 |
| Experts/consultants | | $0.00 |
| Federal Express / UPS /Ontrac | | $40.90 |
| Postage / U.S. Mail | | $7.45 |
| Service of Process | | $0.00 |
| Messenger/delivery | | $0.00 |
| Hearing Transcripts | | $0.00 |
| Investigation | | $0.00 |
| Lexis/westlaw | | $0.00 |
| Photocopies - in House | | $0.00 |
| Photocopies - Outside | | $0.00 |
| Telephone/telecopier | | $0.00 |
| Travel - Transportation | | $1,184.47 |
| Travel - Meals ($75 per person / day cap) | | $0.00 |
| Travel - Hotels | | $0.00 |
| Miscellaneous | | $0.00 |
| | | |
| **TOTAL EXPENSES** | | **$1,232.82** |

# EXHIBIT 20

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 1:16-cv-08637 TMD |
| | Hon. Thomas M. Durkin |
| | Magistrate Judge Jeffrey T. Gilbert |
| This Document Relates To: All Commercial and Institutional Indirect Purchaser Plaintiff Actions | |

**DECLARATION OF KENNETH A. WEXLER IN SUPPORT OF COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' MOTION FOR INTERIM AWARD OF ATTORNEYS' FEES AND EXPENSES ON BEHALF OF WEXLER BOLEY & ELGERSMA LLP**

I, Kenneth A. Wexler, declare and state as follows:

1.      I am a partner of Wexler Boley & Elgersma LLP. I submit this declaration in support of Interim Co-Lead Class Counsel's Motion for an interim award of attorneys' fees and reimbursement of costs and expenses in connection with services rendered and expenses incurred by my firm in connection with this litigation. I make this declaration based on my personal knowledge and if called as a witness, I could and would competently testify to the matters stated herein.

2.      During the pendency of this litigation, my firm has acted as Interim Liaison Counsel to the Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") class. During the period of case inception through August 31, 2021, and at the request of and in coordination with Interim Co-Lead Class Counsel, my firm has been involved in the following activities (*inter alia*) on behalf of CIIPPs:

- Appeared at hearings before District Court Judge Thomas M. Durkin and Magistrate Judge Jeffrey T. Gilbert;

- Participated in weekly case management and strategy calls with Interim Co-Lead Class Counsel;

- Handled various case management tasks at the direction of Co-Lead Class Counsel;

- Prepared for, took, or appeared at numerous Rule 30(b)(1) and Rule 30(b)(6) depositions of Defendants, Direct Action Plaintiffs, and other witnesses on behalf of CIIPPs;

- Communicated and worked with client class representative Wildwood Tavern on case related matters;

- Prepared for and defended the 30(b)(6) deposition of Wildwood Tavern;

- Conferred with Interim Co-Lead Class Counsel regarding initial disclosures, ESI disclosures, written discovery responses, and assisted in drafting the disclosures and responses;

- Participated in the meet and confer process with various Defendants and third parties regarding discovery matters;

- Conducted review and analysis of thousands of documents in the discovery process;

- Conducted legal and factual investigation, research, and analysis, and assisted drafting, editing and finalizing CIIPPs' Motions for Class Certification and Opposition to Defendants' Motion to Dismiss;

- Worked on evidentiary admissibility and authentication matters;

- Participated in working with CIIPPs experts; and

- Participated in mediation and settlement negotiations.

3.     Attached hereto as Exhibit A, is a detailed summary showing the amount of time spent by the partners, attorneys, and paralegals of my firm who have been involved in this litigation. The lodestar calculation is based upon my firm's historic hourly billing rates, except for work completed on document review, which is capped at $350 per hour, from case inception through August 31, 2021.

4.     The total number of hours expended on this litigation by my firm from this case's inception through August 31, 2021, is 6,016.90 hours. The total lodestar for my firm is $3,911,660.00. My firm's lodestar figures are based on the firm's historic hourly billing rates. The hourly rates for the partners, attorneys, and professional support staff in my firm are the same as the usual and customary hourly rates charged for their services in contingent billable matters. The total hours were determined by the examination of contemporaneous, daily time records regularly prepared and maintained by my firm, and which have been provided to Interim Co-Lead Class Counsel for their review.

5.     As detailed in Exhibit B attached hereto, my firm has incurred a total of $38,558.92 in unreimbursed expenses during the period from this case's inception through August 31, 2021. These expenses do not include my firm's assessment payments to the common cost litigation fund, maintained by Interim Co-Lead Class Counsel. The expenses incurred in this litigation are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of the expenses incurred.

6.     In December 2016, shortly after this litigation was commenced and Lead Counsel was appointed, CIIPPs' Interim Co-Lead Class Counsel sent us the Court's approved time and expense reporting protocols. In the course of this litigation my firm has abided by these protocols

3

as we have performed work, incurred expenses, and submitted monthly reports of our time and expenses. My firm's submission of its compensable time and reimbursable expenses in this declaration and its exhibits, comports with these Court-approved time and expense reporting protocols.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 28, 2022, in Chicago, IL.


*/s/ Kenneth A. Wexler*
Kenneth A. Wexler

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

**Exhibit A - TIME REPORT**

| Firm Name: | Wexler Boley & Elgersma LLP | | Reporting Period: | | | Inception through 08/31/2021 | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**Categories:**

1) Legal Research
2) Investigation / Factual Research
3) Discovery (Written / Deposition Taking & Defending / Meet & Confer / etc. )
4) Document Review (Including for depo prep, class cert, experts, liability issues, jurisdictional issues, and meetings re doc review)
5) Pleadings, Briefs & Motions (Drafting, Research, Serving & Filing)
6) Class Certification
7) Summary Judgment
8) Appeals
9) Court Appearance and Prep
10) Experts
11) Settlements & Mediation
12) Case Management
13) Class Notice
14) Trial Prep (Exhibit & Witness List/Jury Instruction/ Vior Dire/Opening Statements/Closing Arguments/Demonstratives/etc.)
15) Trial

**TITLE:**
(P) Partner
(A) Associate
(LC) Law Clerk
(SPL) Senior Paralegal
(PL) Paralegal
(CR) Contract Reviewer

| ATTORNEYS (P, A) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Kenneth A. Wexler (P) | | 1.30 | | 4.70 | | | | | 4.10 | | | 12.70 | | | | 0.00 | 22.80 | 22.80 | $750.00 | $0.00 | $17,100.00 | $17,100.00 |
| Kenneth A. Wexler (P) | | | 39.90 | | 3.10 | | | | | | 0.40 | 11.50 | | | | 0.00 | 54.90 | 54.90 | $850.00 | $0.00 | $46,665.00 | $46,665.00 |
| Kenneth A. Wexler (P) | | | 104.40 | | 7.00 | 0.10 | | | 1.80 | 4.20 | 1.60 | 11.30 | | | | 0.00 | 130.40 | 130.40 | $900.00 | $0.00 | $117,360.00 | $117,360.00 |
| Kenneth A. Wexler (P) | | 0.10 | 9.40 | 5.00 | 17.10 | 38.90 | | | 7.80 | 29.10 | 59.50 | 33.10 | | | | 0.00 | 200.00 | 200.00 | $925.00 | $0.00 | $185,000.00 | $185,000.00 |
| Kenneth A. Wexler (P) | | | 9.80 | 0.30 | 8.70 | 24.80 | | | 2.00 | 7.80 | 17.90 | 20.10 | | | | 0.00 | 91.40 | 91.40 | $950.00 | $0.00 | $86,830.00 | $86,830.00 |
| Edward A. Wallace (P) | | | | | 2.60 | | | | | | | 2.10 | | | | 0.00 | 4.70 | 4.70 | $675.00 | $0.00 | $3,172.50 | $3,172.50 |
| Edward A. Wallace (P) | | | | | | | | | | 0.10 | 0.20 | 0.10 | | | | 0.00 | 0.40 | 0.40 | $950.00 | $0.00 | $380.00 | $380.00 |
| Kara A. Elgersma (P) | | | 25.50 | | | | | | | | 1.30 | | | | | 0.00 | 26.80 | 26.80 | $750.00 | $0.00 | $20,100.00 | $20,100.00 |
| Bethany R. Turke (P) | | | | | | | | | | | | 0.70 | | | | 0.00 | 0.70 | 0.70 | $675.00 | $0.00 | $472.50 | $472.50 |
| Bethany R. Turke (P) | | | | 0.10 | | | | | | | | | | | | 0.00 | 0.10 | 0.10 | $750.00 | $0.00 | $75.00 | $75.00 |
| Bethany R. Turke (P) | | | 0.40 | | | | | | | 0.10 | | 0.10 | | | | 0.00 | 0.60 | 0.60 | $770.00 | $0.00 | $462.00 | $462.00 |
| Justin N. Boley (P) | | | 0.20 | | | | | | | | | | | | | 0.00 | 0.20 | 0.20 | $675.00 | $0.00 | $135.00 | $135.00 |
| Justin N. Boley (P) | | | | | 16.80 | | | | | | | | | | | 0.00 | 16.80 | 16.80 | $770.00 | $0.00 | $12,936.00 | $12,936.00 |
| Justin N. Boley (P) | | | | | | 11.30 | | | | | | | | | | 0.00 | 11.30 | 11.30 | $800.00 | $0.00 | $9,040.00 | $9,040.00 |
| Thomas A. Doyle (OC) | | | 234.50 | 166.80 | | | | | 4.10 | | | | | | | 0.00 | 405.40 | 405.40 | $600.00 | $0.00 | $243,240.00 | $243,240.00 |
| Thomas A. Doyle (OC) | | | 356.80 | | 19.20 | | | | 2.00 | | | | | | | 0.00 | 378.00 | 378.00 | $700.00 | $0.00 | $264,600.00 | $264,600.00 |
| Thomas A. Doyle (OC) | | | 460.80 | | 73.80 | | | | 7.90 | | | | | | | 0.00 | 542.50 | 542.50 | $900.00 | $0.00 | $488,250.00 | $488,250.00 |
| Amy E. Keller (A) | | | | | 1.50 | | | | | | | | | | | 0.00 | 1.50 | 1.50 | $485.00 | $0.00 | $727.50 | $727.50 |
| Andrew Welker (A) | | | | | | | | | | | | 1.70 | | | | 0.00 | 1.70 | 1.70 | $420.00 | $0.00 | $714.00 | $714.00 |
| Andrew Welker (A) | | | 40.90 | | | | | | | | | | | | | 0.00 | 40.90 | 40.90 | $550.00 | $0.00 | $22,495.00 | $22,495.00 |
| Tania Yusaf (A) | | | 540.20 | 86.10 | | | | | | | | | | | | 0.00 | 626.30 | 626.30 | $450.00 | $0.00 | $281,835.00 | $281,835.00 |
| Michelle Perkovic (A) | | | 34.20 | 295.70 | | | | | | | | | | | | 0.00 | 329.90 | 329.90 | $400.00 | $0.00 | $131,960.00 | $131,960.00 |
| Michelle Perkovic (A) | | | 77.60 | 449.60 | 0.80 | | | | | 1.40 | | 2.30 | | | | 0.00 | 531.70 | 531.70 | $450.00 | $0.00 | $239,265.00 | $239,265.00 |
| Michelle Perkovic (A) | | | 14.20 | | 10.80 | 23.30 | | | | | | 64.70 | | | | 0.00 | 113.00 | 113.00 | $460.00 | $0.00 | $51,980.00 | $51,980.00 |
| Michelle Lukic (A) | | | | | | | | | 1.00 | | | | | | | 0.00 | 1.00 | 1.00 | $500.00 | $0.00 | $500.00 | $500.00 |
| Molly L. Condon (A) | | | | | 4.80 | | | | | | | | | | | 0.00 | 4.80 | 4.80 | $640.00 | $0.00 | $3,072.00 | $3,072.00 |
| Sarah M. Stack (A) | | 6.50 | 18.60 | | 48.20 | 37.80 | | | | | | | | | | 0.00 | 111.10 | 111.10 | $600.00 | $0.00 | $66,660.00 | $66,660.00 |
| Sarah M. Stack (A) | | | 14.30 | | | | | | | | | | | | | 0.00 | 14.30 | 14.30 | $625.00 | $0.00 | $8,937.50 | $8,937.50 |
| Melinda J. Morales (OC) | | | 37.30 | | | | | | 8.00 | | | 4.30 | | | | 0.00 | 49.60 | 49.60 | $900.00 | $0.00 | $44,640.00 | $44,640.00 |
| Melinda J. Morales (OC) | | 0.10 | 375.60 | 82.40 | 56.30 | 147.10 | | | 12.00 | 35.10 | 27.40 | 122.30 | | | | 0.00 | 858.30 | 858.30 | $925.00 | $0.00 | $793,927.50 | $793,927.50 |
| Melinda J. Morales (OC) | | | 316.30 | 55.10 | 15.20 | 41.60 | | | 5.60 | 38.60 | 7.20 | 28.00 | | | | 0.00 | 507.60 | 507.60 | $935.00 | $0.00 | $474,606.00 | $474,606.00 |
| Bradley Dirks (A) | | | | 182.70 | | | | | | | | | | | | 0.00 | 182.70 | 182.70 | $250.00 | $0.00 | $45,675.00 | $45,675.00 |
| Bradley Dirks (A) | | | 0.70 | 421.70 | | | | | | | | | | | | 0.00 | 422.40 | 422.40 | $350.00 | $0.00 | $147,840.00 | $147,840.00 |
| Bradley Dirks (A) | | | 1.20 | | | | | | | | | | | | | 0.00 | 1.20 | 1.20 | $675.00 | $0.00 | $810.00 | $810.00 |
| **SUB-TOTAL** | **0.00** | **8.00** | **2,712.80** | **1,578.70** | **457.40** | **324.90** | **0.00** | **0.00** | **56.30** | **117.70** | **114.20** | **315.00** | **0.00** | **0.00** | **0.00** | **0.00** | **5,685.00** | **5,685.00** | | | **$3,811,462.50** | **$3,811,462.50** |

| NON-ATTORNEYS (LC, SPL, PL) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Amy Catena (PL) | | | | | 0.10 | | | | | | | | | | | 0.00 | 0.10 | 0.10 | $275.00 | $0.00 | $27.50 | $27.50 |
| Amy Catena (PL) | | | | | 1.00 | | | | | | | | | | | 0.00 | 1.00 | 1.00 | $325.00 | $0.00 | $325.00 | $325.00 |
| Evangeline Magas (PL) | | | 13.40 | | | | | | | | | | | | | 0.00 | 13.40 | 13.40 | $295.00 | $0.00 | $3,953.00 | $3,953.00 |
| Ashrin Otto (PL) | | | 24.90 | | | | | | | | | | | | | 0.00 | 24.90 | 24.90 | $275.00 | $0.00 | $6,847.50 | $6,847.50 |
| Ashrin Otto (PL) | | | 1.80 | | 0.30 | | | | | | | | | | | 0.00 | 2.10 | 2.10 | $295.00 | $0.00 | $619.50 | $619.50 |
| Ashrin Otto (PL) | | | | | | | | | | | | 42.80 | | | | 0.00 | 42.80 | 42.80 | $300.00 | $0.00 | $12,840.00 | $12,840.00 |
| Ashrin Otto (PL) | | | | | 1.70 | 11.00 | | | | | | | | | | 0.00 | 12.70 | 12.70 | $325.00 | $0.00 | $4,127.50 | $4,127.50 |
| Travis Richmond (PL) | | 19.70 | 50.20 | 101.50 | 7.10 | 14.80 | | | | | | 2.10 | | | | 0.00 | 195.40 | 195.40 | $300.00 | $0.00 | $58,620.00 | $58,620.00 |
| Travis Richmond (PL) | | 11.00 | 10.10 | 17.10 | 0.30 | | | | | | | 1.00 | | | | 0.00 | 39.50 | 39.50 | $325.00 | $0.00 | $12,837.50 | $12,837.50 |
| **SUB-TOTAL** | **0.00** | **30.70** | **100.40** | **118.60** | **10.50** | **25.80** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **42.80** | **3.10** | **0.00** | **0.00** | **0.00** | **331.90** | **331.90** | | | **$100,197.50** | **$100,197.50** |
| **GRAND TOTAL:** | **0.00** | **38.70** | **2813.20** | **1697.30** | **467.90** | **350.70** | **0.00** | **0.00** | **56.30** | **117.70** | **157.00** | **318.10** | **0.00** | **0.00** | **0.00** | **0.00** | **6016.90** | **6,016.90** | | **$0.00** | **$3,911,660.00** | **$3,911,660.00** |

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

**Exhibit B - EXPENSE REPORT**

**FIRM NAME: Wexler Boley & Elgersma LLP**

**REPORTING PERIOD:** Inception through 08/31/2021

| CATEGORY | DESCRIPTION (If necessary) | CUMULATIVE COSTS |
|---|---|---|
| Court Costs - Filing Fees | | $1,411.80 |
| Experts/consultants | | $0.00 |
| Federal Express / UPS /Ontrac | | $314.93 |
| Postage / U.S. Mail | | $9.95 |
| Service of Process | | $4,340.10 |
| Messenger/delivery | | $1,050.42 |
| Hearing Transcripts | | $589.15 |
| Investigation | | $0.00 |
| Lexis/westlaw | | $5,523.85 |
| Photocopies - in House | | $0.00 |
| Photocopies - Outside | | $1,569.69 |
| Telephone/telecopier | | $297.36 |
| Travel - Transportation | | $15,235.48 |
| Travel - Meals ($75 per person / day cap) | | $869.12 |
| Travel - Hotels | | $7,195.07 |
| Miscellaneous | | $152.00 |
| | | |
| **TOTAL EXPENSES** | | **$38,558.92** |

# EXHIBIT 21

*In re Broiler Chicken Antitrust Litigation*

**Exhibit 21 - TIME REPORT**

**Firm Name:** Gustafson Gluck PLLC  **Reporting Period:** Inception through 08/31/2021

**Categories:**

1) Legal Research
2) Investigation / Factual Research
3) Discovery (Written / Deposition Taking & Defending / Meet & Confer / etc. )
4) Document Review (Including for depo prep, class cert, experts, liability issues, jurisdictional issues, and meetings re doc review)
5) Pleadings, Briefs & Motions (Drafting, Research, Serving & Filing)
6) Class Certification
7) Summary Judgment
8) Appeals
9) Court Appearance and Prep
10) Experts
11) Settlements & Mediation
12) Case Management
13) Class Notice
14) Trial Prep (Exhibit & Witness List/Jury Instruction/ Vior Dire/Opening Statements/Closing Arguments/Demonstratives/etc.)
15) Trial

**TITLE:**
(P) Partner
(A) Associate
(LC) Law Clerk
(SPL) Senior Paralegal
(PL) Paralegal
(CR) Contract Reviewer

| ATTORNEYS (P, A) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Daniel E. Gustafson (P) | | | | | | | | | | 0.10 | | 7.80 | | | | 0.00 | 7.90 | 7.90 | $950.00 | $0.00 | $7,505.00 | $7,505.00 |
| Daniel E. Gustafson (P) | | 0.40 | 0.40 | | 9.80 | | | | 4.90 | 0.10 | | 32.40 | | | | 0.00 | 48.00 | 48.00 | $975.00 | $0.00 | $46,800.00 | $46,800.00 |
| Daniel E. Gustafson (P) | | | | | 0.10 | | | | | | 0.40 | 0.90 | | | | 0.00 | 1.40 | 1.40 | $1,025.00 | $0.00 | $1,435.00 | $1,435.00 |
| Daniel E. Gustafson (P) | | | | | | | 0.50 | | | | | 0.90 | | | | 0.00 | 1.40 | 1.40 | $1,050.00 | $0.00 | $1,470.00 | $1,470.00 |
| Daniel E. Gustafson (P) | 0.20 | 1.30 | | | 0.50 | | 2.30 | | | | | 0.10 | | | | 0.00 | 4.40 | 4.40 | $1,075.00 | $0.00 | $4,730.00 | $4,730.00 |
| Daniel E. Gustafson (P) | | 1.60 | 4.20 | | 5.40 | 10.80 | 0.60 | | 0.50 | 32.70 | 129.90 | 30.60 | | | | 0.00 | 216.30 | 216.30 | $1,100.00 | $0.00 | $237,930.00 | $237,930.00 |
| Jason S. Kilene (P) | | 2.00 | | | | | | | | | | 105.40 | | | | 0.00 | 110.50 | 110.50 | $750.00 | $0.00 | $82,875.00 | $82,875.00 |
| Jason S. Kilene (P) | | 2.00 | 1.40 | | 4.20 | | | | | | | 64.60 | | | | 0.00 | 72.20 | 72.20 | $800.00 | $0.00 | $57,760.00 | $57,760.00 |
| Jason S. Kilene (P) | | 13.50 | 33.20 | | | | | | | | | 31.90 | | | | 0.00 | 78.60 | 78.60 | $850.00 | $0.00 | $66,810.00 | $66,810.00 |
| Jason S. Kilene (P) | | 0.50 | 14.20 | | | | | | | | 0.60 | 13.30 | | | | 0.00 | 28.60 | 28.60 | $875.00 | $0.00 | $25,025.00 | $25,025.00 |
| Jason S. Kilene (P) | | | 7.10 | | | | | | | | | 0.60 | | | | 0.00 | 7.70 | 7.70 | $900.00 | $0.00 | $6,930.00 | $6,930.00 |
| Jason S. Kilene (P) | | 6.50 | 14.20 | | | | | | | | 0.60 | 29.50 | | | | 0.00 | 50.80 | 50.80 | $925.00 | $0.00 | $46,990.00 | $46,990.00 |
| David C. Hedlund (P) | 6.10 | 0.10 | | | 3.30 | | | | | | | 14.50 | | | | 0.00 | 24.00 | 24.00 | $750.00 | $0.00 | $18,000.00 | $18,000.00 |
| David C. Hedlund (P) | | 0.30 | 3.80 | | 48.20 | | | | | 10.30 | 0.20 | 39.10 | | | | 0.00 | 101.90 | 101.90 | $775.00 | $0.00 | $81,520.00 | $81,520.00 |
| David C. Hedlund (P) | | 1.10 | 69.90 | | 22.40 | | | | | 17.10 | 1.40 | 15.10 | 63.20 | | | 0.00 | 190.20 | 190.20 | $850.00 | $0.00 | $161,670.00 | $161,670.00 |
| David C. Hedlund (P) | | 0.70 | 319.40 | | 17.30 | | | | | 16.25 | 8.00 | 32.10 | 42.70 | | | 0.00 | 436.40 | 436.40 | $875.00 | $0.00 | $381,850.00 | $381,850.00 |
| David C. Hedlund (P) | | 1.50 | 715.90 | | 4.20 | | | | | 24.40 | 18.40 | 15.00 | 17.50 | | | 0.00 | 796.90 | 796.90 | $900.00 | $0.00 | $717,210.00 | $717,210.00 |
| David C. Hedlund (P) | 2.70 | | 579.00 | | 21.20 | 81.20 | | | | 27.10 | 137.30 | 241.20 | 63.40 | | 0.70 | 0.00 | 1,153.80 | 1,153.80 | $925.00 | $0.00 | $1,067,265.00 | $1,067,265.00 |
| Dennis J. Stewart (P) | | | 3.90 | | 7.60 | 94.40 | | | | 107.90 | 7.30 | 10.00 | | 0.50 | | 0.00 | 231.60 | 231.60 | $1,025.00 | $0.00 | $237,390.00 | $237,390.00 |
| David A. Goodwin (P) | 2.00 | 31.50 | | | | | | | | | | 12.70 | | | | 0.00 | 46.20 | 46.20 | $450.00 | $0.00 | $20,790.00 | $20,790.00 |
| David A. Goodwin (P) | | 0.40 | | | | | | | | | | 12.70 | | | | 0.00 | 13.10 | 13.10 | $500.00 | $0.00 | $6,550.00 | $6,550.00 |
| David A. Goodwin (P) | | 2.80 | | | | | | | | | | 5.70 | | | | 0.00 | 8.50 | 8.50 | $600.00 | $0.00 | $5,100.00 | $5,100.00 |
| David A. Goodwin (P) | | | 2.40 | | | | | | | | | 1.60 | | | | 0.00 | 4.00 | 4.00 | $625.00 | $0.00 | $2,500.00 | $2,500.00 |
| David A. Goodwin (P) | | | 2.20 | | | | | | | | | | | | | 0.00 | 2.20 | 2.20 | $650.00 | $0.00 | $1,430.00 | $1,430.00 |
| David A. Goodwin (P) | | 0.30 | 94.60 | | | 0.40 | | | | | | 17.00 | | | | 0.00 | 112.30 | 112.30 | $675.00 | $0.00 | $75,802.50 | $75,802.50 |
| Michelle J. Looby (P) | 0.10 | 0.50 | 22.70 | | 68.20 | | | | | | | 43.70 | | | | 0.00 | 135.20 | 135.20 | $500.00 | $0.00 | $67,600.00 | $67,600.00 |
| Michelle J. Looby (P) | | | 46.20 | 0.90 | 33.40 | | | | 23.00 | | | 73.50 | | | | 0.00 | 186.90 | 186.90 | $600.00 | $0.00 | $112,140.00 | $112,140.00 |
| Michelle J. Looby (P) | | 0.10 | 199.90 | | 35.70 | 0.80 | | 0.60 | | 1.70 | 43.80 | 80.90 | | | | 0.00 | 363.50 | 363.50 | $625.00 | $0.00 | $227,187.50 | $227,187.50 |
| Michelle J. Looby (P) | | | 282.20 | | 18.50 | | | | | 1.50 | 7.00 | 37.10 | 64.10 | | | 0.00 | 410.40 | 410.40 | $650.00 | $0.00 | $266,760.00 | $266,760.00 |
| Michelle J. Looby (P) | 0.20 | | 116.30 | | 30.30 | 7.60 | | | | 36.70 | 223.60 | 143.40 | | | | 0.00 | 558.10 | 558.10 | $675.00 | $0.00 | $376,717.50 | $376,717.50 |
| Joseph C. Bourne (P) | | | | | | | | | | | | 0.80 | | | | 0.00 | 0.80 | 0.80 | $425.00 | $0.00 | $340.00 | $340.00 |
| Joseph C. Bourne (P) | | | 0.80 | | | | | | | | | | | | | 0.00 | 0.80 | 0.80 | $475.00 | $0.00 | $380.00 | $380.00 |
| Joshua J. Rissman (P) | 1.40 | 48.20 | | | 4.30 | | | | | | | 7.40 | | | | 0.00 | 61.30 | 61.30 | $400.00 | $0.00 | $24,520.00 | $24,520.00 |
| Joshua J. Rissman (P) | | 20.70 | 58.80 | | 176.20 | | | | 2.50 | | | 88.70 | | | | 0.00 | 346.90 | 346.90 | $425.00 | $0.00 | $147,432.50 | $147,432.50 |
| Joshua J. Rissman (P) | 1.00 | 10.40 | 209.40 | 0.50 | 34.30 | | | | 24.70 | | 0.30 | 41.70 | | | | 0.00 | 322.30 | 322.30 | $450.00 | $0.00 | $145,035.00 | $145,035.00 |
| Joshua J. Rissman (P) | 1.20 | 28.60 | 516.20 | 155.10 | 43.20 | 1.00 | | | 38.10 | 11.10 | 39.50 | 129.30 | | | | 0.00 | 963.30 | 963.30 | $475.00 | $0.00 | $457,567.50 | $457,567.50 |
| Joshua J. Rissman (P) | | 1.70 | 930.10 | 6.70 | 36.10 | 1.20 | | | 25.00 | 3.60 | 14.10 | 124.60 | | | | 0.00 | 1,143.10 | 1,143.10 | $500.00 | $0.00 | $571,550.00 | $571,550.00 |
| Joshua J. Rissman (P) | | 2.50 | 467.20 | | 25.80 | 266.50 | | | 10.90 | 20.10 | 52.60 | 245.40 | | | | 0.00 | 1,091.00 | 1,091.00 | $525.00 | $0.00 | $572,775.00 | $572,775.00 |
| Joshua J. Rissman (P) | | 2.00 | 251.70 | | 17.10 | 92.90 | | | 16.00 | 114.40 | 42.00 | 189.40 | | 2.50 | | 0.00 | 728.00 | 728.00 | $600.00 | $0.00 | $436,800.00 | $436,800.00 |
| Ling S. Wang (A) | 45.70 | | 162.90 | | 31.00 | 74.00 | | | | 8.70 | 30.10 | 25.90 | | 0.70 | | 0.00 | 379.00 | 379.00 | $350.00 | $0.00 | $132,650.00 | $132,650.00 |
| Ling S. Wang (A) | 6.10 | | 223.40 | 3.00 | 78.20 | 2.30 | | | | 1.30 | 18.00 | 11.00 | | | | 0.00 | 343.50 | 343.50 | $425.00 | $0.00 | $145,987.50 | $145,987.50 |
| Ling S. Wang (A) | 5.30 | | | | | | | | | | 4.00 | | | | | 0.00 | 9.30 | 9.30 | $325.00 | $0.00 | $3,022.50 | $3,022.50 |
| Mary M. Nikolai (A) | 2.00 | | 14.70 | | | | | | | | 1.00 | 0.20 | | | | 0.00 | 17.90 | 17.90 | $400.00 | $0.00 | $7,160.00 | $7,160.00 |
| Shirley J. Menard (CR) | | | | 2,147.70 | | | | | | | | | | | | 0.00 | 2,147.70 | 2,147.70 | $350.00 | $0.00 | $751,695.00 | $751,695.00 |
| Ellison A. Snider (CR) | | 1.40 | | 2.60 | | | | | | | | | | | | 0.00 | 4.00 | 4.00 | $200.00 | $0.00 | $800.00 | $800.00 |
| Gabrielle O. Sliwka (A) | | | 2.00 | 439.00 | | | | | | | | | | | | 0.00 | 449.00 | 449.00 | $315.00 | $0.00 | $141,435.00 | $141,435.00 |
| Gabrielle O. Sliwka (A) | 62.00 | 50.60 | 1,055.40 | 681.10 | 14.50 | | 10.00 | | | | | 12.00 | | | | 0.00 | 1,885.80 | 1,885.80 | $300.00 | $0.00 | $565,740.00 | $565,740.00 |
| Gabrielle O. Sliwka (LC) | 2.00 | | 25.00 | 392.60 | | | | | | | | 11.60 | | | | 0.00 | 431.20 | 431.20 | $250.00 | $0.00 | $107,800.00 | $107,800.00 |
| **SUB-TOTAL** | 176.00 | 248.90 | 8,598.10 | 3,870.70 | 885.90 | 739.50 | 13.90 | | 0.60 | 262.20 | 537.40 | 991.40 | 1,928.30 | 3.00 | 3.70 | 0.00 | 18,259.60 | 18,259.60 | | $0.00 | $9,647,532.50 | $9,647,532.50 |

| NON-ATTORNEYS (LC, SPL, PL) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ling S. Wang (LC) | 56.30 | 20.10 | | | 0.70 | | | | | | | 0.50 | | | | 0.00 | 57.60 | 57.60 | $250.00 | $0.00 | $14,400.00 | $14,400.00 |
| Riley A. Conlin (LC) | 5.00 | 4.30 | | | | | | | | | | | | | | 0.00 | 9.30 | 9.30 | $250.00 | $0.00 | $2,325.00 | $2,325.00 |
| Dana Jakobsackisone (PL) | | | | | 1.50 | | | | | | | | | | | 0.00 | 1.50 | 1.50 | $200.00 | $0.00 | $300.00 | $300.00 |
| Jamie L. Holzer (PL) | | 0.10 | | | | | | | | | | 3.50 | | | | 0.00 | 3.60 | 3.60 | $175.00 | $0.00 | $630.00 | $630.00 |
| Jamie L. Holzer (PL) | | 2.00 | 653.20 | | 44.30 | 16.20 | | | | 15.10 | 30.10 | 35.30 | 153.70 | | | 0.00 | 949.90 | 949.90 | $200.00 | $0.00 | $189,980.00 | $189,980.00 |
| Chelsea M. Noble (PL) | 1.50 | 2.50 | 24.30 | | 1.00 | | | | | | | 5.30 | | | | 0.00 | 34.40 | 34.40 | $150.00 | $0.00 | $5,190.00 | $5,190.00 |
| Danette K. Mundahl (PL) | | | 0.50 | | 0.90 | 0.70 | | | | | | 0.70 | | | | 0.00 | 2.80 | 2.80 | $150.00 | $0.00 | $420.00 | $420.00 |
| Tracey D. Grill (Admin) | | 0.60 | | | | | | | | | | 1.20 | | | | 0.00 | 1.80 | 1.80 | $125.00 | $0.00 | $225.00 | $225.00 |
| Amanda E. Teske | 1.50 | 8.50 | | | | | | | | | | | | | | 0.00 | 10.00 | 10.00 | $150.00 | $0.00 | $1,500.00 | $1,500.00 |
| Sarah A. Moen (PL) | | 0.80 | 5.70 | | 6.90 | | | | | | | | | | | 0.00 | 13.40 | 13.40 | $225.00 | $0.00 | $3,015.00 | $3,015.00 |
| Frances Mahoney-Mosedale (LC) | 56.00 | 3.50 | | | | | | | | | | 39.50 | 39.50 | | | 0.00 | 79.50 | 79.50 | $200.00 | $0.00 | $10,862.50 | $10,862.50 |
| Frances Mahoney-Mosedale (LC) | 17.30 | | 39.40 | | 9.50 | | | | | | | | | | | 0.00 | 66.20 | 66.20 | $250.00 | $0.00 | $16,550.00 | $16,550.00 |
| | | | | | | | | | | | | | | | | 0.00 | | | | $0.00 | $0.00 | $0.00 |
| **SUB-TOTAL** | 97.60 | 42.40 | 723.20 | 0.00 | 64.80 | 36.90 | 0.00 | | 0.00 | 15.10 | 30.10 | 35.30 | 164.90 | 0.00 | 0.00 | 0.00 | 1,190.20 | 1,190.20 | | $0.00 | $245,397.50 | $245,397.50 |
| **GRAND TOTAL:** | 273.60 | 291.30 | 9,321.20 | 3,870.70 | 950.70 | 776.40 | 13.90 | | 0.60 | 277.30 | 567.50 | 1,026.70 | 2,093.20 | 3.00 | 3.70 | 0.00 | 19,449.80 | 19,449.80 | | $0.00 | $9,892,930.00 | $9,892,930.00 |

# EXHIBIT 22

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

**Exhibit 22 - EXPENSE REPORT**

**FIRM NAME: Gustafson Gluek PLLC**

**REPORTING PERIOD:** Inception through 08/31/2021

| CATEGORY | DESCRIPTION (If necessary) | CUMULATIVE COSTS |
|---|---|---|
| Court Costs - Filing Fees | | $550.00 |
| Experts/consultants | | $0.00 |
| Federal Express / UPS /Ontrac | | $3,915.49 |
| Postage / U.S. Mail | | $96.11 |
| Service of Process | | $5,181.28 |
| Messenger/delivery | | $0.00 |
| Hearing Transcripts | | $0.00 |
| Investigation | | $0.00 |
| Lexis/westlaw | | $16,123.13 |
| Photocopies - in House | | $12,760.30 |
| Photocopies - Outside | | $3,195.62 |
| Telephone/telecopier | | $4,922.70 |
| Travel - Transportation | | $72,580.25 |
| Travel - Meals ($75 per person / day cap) | | $11,008.60 |
| Travel - Hotels | | $35,469.36 |
| Miscellaneous | | $1,013.37 |
| | | |
| **TOTAL EXPENSES** | | **$166,816.21** |

# EXHIBIT 23

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

**TIME REPORT**

| Firm Name: | COTCHETT, PITRE & McCARTHY, LLP | Reporting Period: | Inception through 08/31/2021 |
| --- | --- | --- | --- |

**Categories:**

1) Legal Research

2) Investigation / Factual Research

3) Discovery
   (Written / Deposition Taking & Defending / Meet & Confer / etc. )

4) Document Review
   (Including for depo prep, class cert, experts, liability issues, jurisdictional issues, and meetings re doc review)

5) Pleadings, Briefs & Motions (Drafting, Research, Serving & Filing)

6) Class Certification

7) Summary Judgment

8) Appeals

9) Court Appearance and Prep

10) Experts

11) Settlements & Mediation

12) Case Management

13) Class Notice

14) Trial Prep
   (Exhibit & Witness List/Jury Instruction/ Vior Dire/Opening Statements/Closing Arguments/Demonstratives/etc.)

15) Trial

**TITLE:**

(P) Partner

(A) Associate

(LC) Law Clerk

(SPL) Senior Paralegal

(PL) Paralegal

(SA) Staff Attorney

| ATTORNEYS (P, A) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Cotchett, Joseph W. (P) | 22.90 | 4.30 | 3.50 | | 59.6 | 3.50 | | | | 6.20 | | 1.60 | | | | 0.00 | 101.60 | 101.60 | $950.00 | $0.00 | $96,520.00 | $96,520.00 |
| Williams, Steven N. (P) | | 27.10 | 13.60 | | 53.30 | | | | | 23.30 | 4.30 | 18.90 | | 1.50 | | 0.00 | 142.00 | 142.00 | $850.00 | $0.00 | $120,700.00 | $120,700.00 |
| Williams, Steven N. (P) | | 2.00 | | | | | | | | | | | | | | 0.00 | 2.00 | 2.00 | $700.00 | $0.00 | $1,400.00 | $1,400.00 |
| Zapala, Adam (P) | 1.10 | 5.30 | 162.60 | | 486.70 | 533.90 | | | 80.20 | 30.90 | 531.50 | 29.70 | | | | 0.00 | 1,861.90 | 1,861.90 | $750.00 | $0.00 | $1,396,425.00 | $1,396,425.00 |
| Alioto, Joseph (P) | | 9.30 | 184.90 | | 3.00 | | | | 27.90 | 40.80 | 1.40 | 22.10 | | | | 0.00 | 289.40 | 289.40 | $750.00 | $0.00 | $217,050.00 | $217,050.00 |
| Alioto, Joseph (P) | | | | 1.70 | | | | | | | | | | | | 0.00 | 1.70 | 1.70 | $350.00 | $0.00 | $595.00 | $595.00 |
| Barnett, Alexander (P) | 6.80 | 0.70 | 91.50 | | 98.60 | 34.90 | | | | 21.10 | 21.90 | 16.8 | | | | 0.00 | 292.30 | 292.30 | $725.00 | $0.00 | $211,917.50 | $211,917.50 |
| Barnett, Alexander (P) | 3.90 | | 19.70 | | 18.5 | 162.60 | | | | | | | | | | 0.00 | 204.70 | 204.70 | $650.00 | $0.00 | $133,055.00 | $133,055.00 |
| Barnett, Alexander (A) | 0.70 | 6.00 | 726.10 | | 112.00 | | | | | 4.80 | 12.10 | 30.90 | | | | 0.00 | 892.60 | 892.60 | $600.00 | $0.00 | $535,560.00 | $535,560.00 |
| Barnett, Alexander (A) | | | | 1.80 | | | | | | | | | | | | 0.00 | 1.80 | 1.80 | $350.00 | $0.00 | $630.00 | $630.00 |
| Castillo, Elizabeth T. (P) | | | 32.20 | | 2.90 | | | | | | | | | | | 0.00 | 35.10 | 35.10 | $650.00 | $0.00 | $22,815.00 | $22,815.00 |
| Castillo, Elizabeth T. (A) | | | | | | | | | | 0.70 | | 0.70 | | | | 0.00 | 1.40 | 1.40 | $600.00 | $0.00 | $840.00 | $840.00 |
| Chang, Joyce (A) | 8.50 | 2.80 | 18.10 | | 70.20 | | | | 19.70 | | | 40.70 | | | | 0.00 | 160.00 | 160.00 | $425.00 | $0.00 | $68,000.00 | $68,000.00 |
| Chang, Joyce (A) | | | 1.40 | | 13.40 | | | | | | | 9.50 | | | | 0.00 | 24.30 | 24.30 | $400.00 | $0.00 | $9,720.00 | $9,720.00 |
| Dallal, James (A) | 16.90 | 31.00 | 401.10 | | 8.2 | 477.50 | | | 1.70 | 12.60 | 73.00 | 39.50 | 1.30 | | | 0.00 | 1,062.80 | 1,062.80 | $600.00 | $0.00 | $637,680.00 | $637,680.00 |
| Prevost, Tamarah P. (P) | 6.70 | | 27.30 | | 34.40 | 67.90 | | | | 1.30 | 30.80 | 44.30 | | | | 0.00 | 212.70 | 212.70 | $675.00 | $0.00 | $143,572.50 | $143,572.50 |
| Prevost, Tamarah P. (P) | | | 7.80 | | 12.00 | 37.50 | | | | | 2.10 | 35.20 | | | | 0.00 | 94.60 | 94.60 | $650.00 | $0.00 | $61,490.00 | $61,490.00 |
| Prevost, Tamarah P. (A) | 93.00 | 31.10 | 492.00 | | 2.60 | 8.00 | | | | 29.70 | 7.00 | 87.10 | | | | 0.00 | 750.50 | 750.50 | $600.00 | $0.00 | $450,300.00 | $450,300.00 |
| Prevost, Tamarah P. (A) | 2.30 | | 197.20 | | 3.30 | | | | 1.60 | 1.70 | | 39.00 | | | | 0.00 | 245.10 | 245.10 | $425.00 | $0.00 | $104,167.50 | $104,167.50 |
| Prevost, Tamarah P. (A) | | | | 11.10 | | | | | | | | | | | | 0.00 | 11.10 | 11.10 | $350.00 | $0.00 | $3,885.00 | $3,885.00 |
| Ram, Mark (A) | 5.00 | | 50.10 | | 5.30 | | | | | | | 0.50 | | | | 0.00 | 60.90 | 60.90 | $600.00 | $0.00 | $36,540.00 | $36,540.00 |
| Ram, Mark (A) | 7.30 | 0.40 | 1,040.80 | | 145.30 | | | 1.30 | 95.70 | 2.70 | 10.10 | 15.60 | | | | 0.00 | 1,319.20 | 1,319.20 | $425.00 | $0.00 | $560,660.00 | $560,660.00 |
| Ram, Mark (A) | | | 0.60 | | 0.60 | | | | | | | 0.10 | | | | 0.00 | 1.30 | 1.30 | $400.00 | $0.00 | $520.00 | $520.00 |
| Ram, Mark (A) | | | | | 19.60 | | | | | | | | | | | 0.00 | 19.60 | 19.60 | $350.00 | $0.00 | $6,860.00 | $6,860.00 |
| Trott, Adam (A) | | | 455.70 | | | 6.80 | 0.70 | | | 11.50 | 2.10 | 33.80 | 3.70 | | | 0.00 | 514.30 | 514.30 | $600.00 | $0.00 | $308,580.00 | $308,580.00 |
| Trott, Adam (A) | | | | 23.20 | | | | | | | | | | | | 0.00 | 23.20 | 23.20 | $350.00 | $0.00 | $8,120.00 | $8,120.00 |
| Chen, Tom (SA) | | | | | | | | | | 10.00 | | | | | | 0.00 | 10.00 | 10.00 | $425.00 | $0.00 | $4,250.00 | $4,250.00 |
| Chen, Tom (SA) | | | | 3,254.80 | | | | | | | | | | | | 0.00 | 3,254.80 | 3,254.80 | $350.00 | $0.00 | $1,139,180.00 | $1,139,180.00 |
| Jordan, Gregory (SA) | | | 8.00 | | | | | | | | | | | | | 0.00 | 8.00 | 8.00 | $425.00 | $0.00 | $3,400.00 | $3,400.00 |
| Jordan, Gregory (SA) | | | | 1,502.00 | | | | | | | | | | | | 0.00 | 1,502.00 | 1,502.00 | $350.00 | $0.00 | $525,700.00 | $525,700.00 |
| Nishimura, Chikako (SA) | | | 9.00 | | | | | | | | | | | | | 0.00 | 9.00 | 9.00 | $425.00 | $0.00 | $3,825.00 | $3,825.00 |
| Nishimura, Chikako (SA) | | | | 1828.3 | | | | | | | | | | | | 0.00 | 1,828.30 | 1,828.30 | $350.00 | $0.00 | $639,905.00 | $639,905.00 |
| Nozaki, Shinichi (SA) | | | | 893.50 | | | | | | | | | | | | 0.00 | 893.50 | 893.50 | $350.00 | $0.00 | $312,725.00 | $312,725.00 |
| Porter, Matthew (SA) | | | | 1,269.10 | | | | | | | | | | | | 0.00 | 1,269.10 | 1,269.10 | $350.00 | $0.00 | $444,185.00 | $444,185.00 |

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $350.00 | $0.00 | $0.00 | $0.00 |
| **SUB-TOTAL** | 175.10 | 120.00 | 3,943.20 | 8,805.10 | 1,136.70 | 1,326.50 | 0.00 | 1.30 | 261.60 | 168.70 | 724.40 | 435.40 | 1.30 | 1.50 | 0.00 | 0.00 | 17,100.80 | 17,100.80 | $350.00 | $0.00 | $8,210,772.50 | $8,210,772.50 |
| | | | | | | | | | | | | | | | | | | | | | | |
| **NON-ATTORNEYS (LC, SPL, PL)** | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | PREVIOUS HOURS | CURRENT HOURS | CUMULATIVE HOURS | HOURLY RATE | PREVIOUS LODESTAR | CURRENT LODESTAR | CUMULATIVE LODESTAR |
| Verducci, Jaelyn (SPL) | 2.20 | 35.50 | 1,314.70 | 13.70 | 152.60 | 72.50 | | | 1.50 | 22.70 | 18.20 | 38.00 | 15.40 | | | 0.00 | 1687.00 | 1,687.00 | $325.00 | $0.00 | $548,275.00 | $548,275.00 |
| Concepcion, Latoya (SPL) | | | 22.30 | | | | | | | | | | | | | 0.00 | 22.30 | 22.30 | $325.00 | $0.00 | $7,247.50 | $7,247.50 |
| Engineer, Nirav (SPL) | | 47.90 | | | | | | | | | | | | | | 0.00 | 47.90 | 47.90 | $325.00 | $0.00 | $15,567.50 | $15,567.50 |
| Blehm, Morgan (PL) | | | 73.80 | | | | | | 2.30 | | | 0.30 | | | | 0.00 | 76.40 | 76.40 | $275.00 | $0.00 | $21,010.00 | $21,010.00 |
| Bloch, Jennifer (PL) | | | 1.50 | | | | | | | | | | | | | 0.00 | 1.50 | 1.50 | $275.00 | $0.00 | $412.50 | $412.50 |
| Caylao, Michael (SPL) | 0.50 | 29.40 | 232.60 | | 83.20 | 36.60 | | | | 0.30 | 1.30 | 20.60 | 0.60 | | | 0.00 | 405.10 | 405.10 | $325.00 | $0.00 | $131,657.50 | $131,657.50 |
| Caylao, Michael (PL) | 2.00 | 49.60 | 506.60 | | 13.50 | | | | 1.00 | 0.30 | 9.50 | 30.20 | 5.50 | | | 0.00 | 618.20 | 618.20 | $275.00 | $0.00 | $170,005.00 | $170,005.00 |
| Buchwald, Josephine (PL) | | | 517.20 | 57.90 | 55.1 | 34.00 | | | | | | 47.60 | | | | 0.00 | 711.80 | 711.80 | $275.00 | $0.00 | $195,745.00 | $195,745.00 |
| Cox, Allison (PL) | | | 47.30 | | | | | | | | | | 3.20 | | | 0.00 | 50.50 | 50.50 | $275.00 | $0.00 | $13,887.50 | $13,887.50 |
| Delavan, Alexandra (PL) | | | 92.50 | 8.50 | 17.50 | | | | | | | 58.00 | | | | 0.00 | 176.50 | 176.50 | $275.00 | $0.00 | $48,537.50 | $48,537.50 |
| Fong, Samantha (PL) | | | 704.50 | | 97.50 | 35.00 | | | | | 3.70 | 78.10 | | | | 0.00 | 918.80 | 918.80 | $275.00 | $0.00 | $252,670.00 | $252,670.00 |
| Heminger, Alyssa (PL) | | | 87.70 | 36.80 | 4.60 | | | | | | | 2.20 | | | | 0.00 | 131.30 | 131.30 | $275.00 | $0.00 | $36,107.50 | $36,107.50 |
| Lin, Virginia (PL) | | 3.00 | 26.40 | | | | | | 4.70 | | | 9.10 | | | | 0.00 | 43.20 | 43.20 | $275.00 | $0.00 | $11,880.00 | $11,880.00 |
| Lipson, Carlo (PL) | | 5.90 | 950.80 | 11.50 | 14.00 | | | | | | | 573.70 | | | | 0.00 | 1555.90 | 1,555.90 | $275.00 | $0.00 | $427,872.50 | $427,872.50 |
| Lyons, Patrick (PL) | | 6.80 | 78.60 | | 7.30 | | | | | | | 75.80 | | | | 0.00 | 168.50 | 168.50 | $275.00 | $0.00 | $46,337.50 | $46,337.50 |
| Purcell, Sean (PL) | | 5.10 | 0.50 | | | | | | 6.30 | | | 4.80 | | | | 0.00 | 16.70 | 16.70 | $275.00 | $0.00 | $4,592.50 | $4,592.50 |
| Goldwyn, Priya (PL) | | 0.70 | | | | | | | | | | 1.20 | | | | 0.00 | 1.90 | 1.90 | $250.00 | $0.00 | $475.00 | $475.00 |
| Gaa, Reid (LC) | | | | | 1.50 | | | | | | | | | | | 0.00 | 1.50 | 1.50 | $175.00 | $0.00 | $262.50 | $262.50 |
| Harteker, Rebecca (LC) | | | | | | | | | 0.60 | | | 1.50 | | | | 0.00 | 2.10 | 2.10 | $175.00 | $0.00 | $367.50 | $367.50 |
| Kohan, Eric (LC) | | | 9.40 | | | | | | | | | | | | | 0.00 | 9.40 | 9.40 | $175.00 | $0.00 | $1,645.00 | $1,645.00 |
| Simon, Kira (LC) | | 1.50 | | | | | | | | | | | | | | 0.00 | 1.50 | 1.50 | $175.00 | $0.00 | $262.50 | $262.50 |
| | | | | | | | | | | | | | | | | 0.00 | 0.00 | 0.00 | $250.00 | $0.00 | $0.00 | $0.00 |
| **SUB-TOTAL** | 4.70 | 185.40 | 4666.40 | 128.40 | 446.80 | 178.10 | 0.00 | 0.00 | 16.40 | 27.00 | 29.00 | 941.10 | 24.70 | 0.00 | 0.00 | 0.00 | 6648.00 | 6,648.00 | | $0.00 | $1,934,817.50 | $1,934,817.50 |
| **GRAND TOTAL:** | 179.80 | 305.40 | 8609.60 | 8933.50 | 1583.50 | 1504.60 | 0.00 | 1.30 | 278.00 | 195.70 | 753.40 | 1376.50 | 26.00 | 1.50 | 0.00 | 0.00 | 23748.80 | 23,748.80 | | $0.00 | $10,145,590.00 | $10,145,590.00 |

# EXHIBIT 24

*IN RE BROILER CHICKEN ANTITRUST LITIGATION*

**EXPENSE REPORT**

**FIRM NAME: Cotchett, Pitre & McCarthy**

**REPORTING PERIOD:** Inception through 08/31/2021

| CATEGORY | DESCRIPTION (If necessary) | CUMULATIVE COSTS |
|---|---|---|
| Court Costs - Filing Fees | | $348.00 |
| Experts/consultants | | $0.00 |
| Federal Express / UPS /Ontrac | | $1,401.17 |
| Postage / U.S. Mail | | $16.10 |
| Service of Process | | $759.35 |
| Messenger/delivery | | $0.00 |
| Hearing Transcripts | | $199.80 |
| Investigation | | $0.00 |
| Lexis/westlaw | | $15,391.68 |
| Photocopies - in House | | $5,422.00 |
| Photocopies - Outside | | $0.00 |
| Telephone/telecopier | | $1,586.22 |
| Travel - Transportation | | $60,242.11 |
| Travel - Meals ($75 per person / day cap) | | $6,019.21 |
| Travel - Hotels | | $19,383.31 |
| Miscellaneous | External HDD - Document Production | $897.48 |
| Credit | | -$138.60 |
| **TOTAL EXPENSES** | | **$111,527.83** |

### In re Broiler Chicken Antitrust Litigation

### Commercial and Institutional Indirect Purchaser Plaintiffs' Time and Lodestar

### From Inception through August 31, 2021

### Exhibit 25

| Firm | Time/Lodestar From Inception to August 31, 2021 | |
|---|---|---|
| | Total Hours | Total Lodestar |
| Bramson, Plutzik, Mahler & Birkhaeuser, LLP | 28.80 | $ 23,079.00 |
| Barrett Johnston Martin & Garrison, LLC | 102.60 | $ 49,903.00 |
| Cotchett, Pitre & McCarthy, LLP | 23,748.80 | $ 10,145,590.00 |
| Gustafson Gluek PLLC | 19,449.80 | $ 9,892,930.00 |
| Kirby McInerney LLP | 5,242.10 | $ 2,256,150.50 |
| Lowey Dannenberg, P.C. | 237.40 | $ 145,517.00 |
| NastLaw LLC | 2,547.20 | $ 1,246,761.00 |
| Oliver Law Group, P.C. | 25.80 | $ 13,230.50 |
| Saltz, Mongeluzzi & Bendesky, P.C. | 4,935.80 | $ 1,786,295.00 |
| The Winters Law Group, LLC | 689.50 | $ 248,525.00 |
| BoiesBattin, LLP fka Straus & Boies, LLP | 7,215.40 | $ 3,185,037.00 |
| Taus, Cebulash & Landau, LLP | 1,886.20 | $ 1,071,307.50 |
| Wexler Boley & Elgersma LLP fka Wexler Wallace LLP | 6,016.90 | $ 3,911,660.00 |
| Hellmuth & Johnson PLLC | 2,739.00 | $ 1,359,108.00 |
| Goldman, Scarlato & Penny, P.C. | 2,412.80 | $ 959,586.50 |
| Edelson & Associates, LLC | 1,972.00 | $ 878,535.00 |
| Preti Flaherty | 4,016.90 | $ 1,952,316.50 |
| Harper Little PLLC | 146.70 | $ 58,680.00 |
| Fink Bressack | 1,653.30 | $ 639,314.50 |
| Hinkle Shanor LLP | 715.30 | $ 436,990.00 |
| **TOTAL** | **85,782.30** | **$ 40,260,516.00** |

### In re Broiler Chicken Antitrust Litigation
### Commercial and Institutional Indirect Purchaser Plaintiffs' Expenses

### Exhibit 26

| Firm | Total Expenses for Inception to August 31, 2021 |
|------|--------------------------------------------------|
|      | Total Expenses |
| Bramson, Plutzik, Mahler & Birkhaeuser, LLP | $ - |
| Barrett Johnston Martin & Garrison, LLC | $ 1,344.13 |
| Cotchett, Pitre & McCarthy, LLP | $ 111,527.83 |
| Gustafson Gluek PLLC | $ 166,816.21 |
| Kirby McInerney LLP | $ 8,566.38 |
| Lowey Dannenberg, P.C. | $ 2,222.61 |
| NastLaw LLC | $ 11,526.69 |
| Oliver Law Group, P.C. | $ 33.78 |
| Saltz, Mongeluzzi & Bendesky, P.C. | $ 3,069.16 |
| The Winters Law Group, LLC | $ 1,232.82 |
| BoiesBattin, LLP fka Straus & Boies, LLP | $ 9,914.57 |
| Taus, Cebulash & Landau, LLP | $ 13,879.24 |
| Wexler Boley & Elgersma LLP fka Wexler Wallace LLP | $ 38,558.92 |
| Hellmuth & Johnson PLLC | $ 8,024.93 |
| Goldman, Scarlato & Penny, P.C. | $ 2,553.09 |
| Edelson & Associates, LLC | $ 1,348.73 |
| Preti Flaherty | $ 30,959.07 |
| Harper Little PLLC | $ 515.45 |
| Fink Bressack | $ 635.12 |
| Hinkle Shanor LLP | $ 239.05 |
| TOTAL | $ 412,967.78 |

**EXHIBIT - 27**
*In re Broiler Chicken Antitrust Litigation*
**ND IL Case No. 1:16-cv-08637**
**CIIPPs' Common Incurred Costs Litigation Fund**
**Inception through January 28, 2022**

| DESCRIPTION | TOTAL INCURRED |
|---|---|
| Investigators/Consultants | $166,338.96 |
| Court Fees & Service Costs | $473.95 |
| Hearing Transcripts | $9,831.75 |
| Document Scanning, Copying Services and Translations | $3,428.55 |
| Deposition Costs | $134,121.86 |
| Experts | $8,474,665.60 |
| Document Database Vendor | $1,123,780.46 |
| Phone Records Vendors & Subpoena Costs | $4,495.07 |
| Mediators | $76,663.12 |
| Miscellaneous Bank Fees | $732.52 |
| | |
| **TOTAL:** | **$9,994,531.84** |

# EXHIBIT 28

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

IN RE: POTASH ANTITRUST LITIGATION (II)

MDL Docket No. 1996

Civil No. 1:08-cv-06910

THIS DOCUMENT APPLIES TO:

ALL DIRECT PURCHASER ACTIONS

The Honorable Ruben Castillo

## ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND CLASS REPRESENTATIVE INCENTIVE AWARDS

This Court, having considered Direct Purchaser Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Class Representative Incentive Awards (the "Motion") and memorandum in support thereof, after a duly noticed hearing, hereby finds that:

1.    The Motion seeks an award of attorneys' fees of $30,000,000, representing one-third of the $90,000,000.00 Settlement Funds that comprise the settlement payments paid into escrow by all Settling Defendants.  Class Counsel for Direct Purchaser Plaintiffs also seek an order awarding $791,124.63 in expenses incurred during the pendency of this action that were not previously requested and awarded.  Finally, the Motion seeks an incentive award of $15,000.00 for each Class Representative.

2.    The amount of attorneys' fees requested is fair and reasonable under the percentage-of-the-fund method, which is confirmed by a lodestar "cross-check."

3.    The attorneys' fees requested were entirely contingent upon a successful outcome for the Class.  The risk undertaken by Class Counsel was significant, especially considering the lack of any related government proceedings, the complex legal theories advanced in the case, the vigorous defense by experienced defense counsel, the lengthy appellate proceedings, and the

proposed novel discovery methodology.

4.     In addition to risking time and effort, Class Counsel advanced substantial costs and expenses in connection with the prosecution of the litigation for the benefit of the Class with no guarantee of compensation.

5.     An award of one-third of the Settlement Funds is reasonable and warranted for the reasons set forth in Direct Purchaser Plaintiffs' Memorandum in Support of their Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Class Representative Incentive Awards (the "Memorandum"), including, but not limited to, the following: the outstanding result obtained for the Class – payment by Defendants of $90,000,000 in cash; the quality of work product and quantity of work performed by Class Counsel, including extensive motion practice, substantial discovery efforts, mediation, and appellate practice, all involving complex issues of fact and law that were zealously litigated since 2008; and the risks faced throughout the litigation, which existed from the outset and continued until the ultimate settlement of the case.

6.     Therefore, upon consideration of the Motion and accompanying Memorandum, and based upon all matters of record in this action, the Court hereby finds that: (1) the requested attorneys' fees are warranted and just; (2) the requested expenses were necessary, reasonable, and proper; and (3) the requested class representative incentive awards are justified.

Having considered Direct Purchaser Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Class Representative Incentive Awards,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.     Class Counsel are awarded attorneys' fees in the amount of $30,000,000 or one-third of the Settlement Funds of $90,000,000.

2.     Class Counsel are awarded $791,124.63 as remuneration for their unreimbursed

2

costs and expenses incurred during the course of the litigation.

3.     The Following Class Representatives shall each receive $15,000.00 as incentive awards:  Gage's Fertilizer & Grain, Inc., Kraft Chemical Company, Minn-Chem, Inc., Shannon D. Flinn, Thomasville Feed & Seed, Inc., and Westside Forestry Services, Inc. d/b/a/ Signature Lawn Care.

4.     The awarded attorneys' fees, reimbursed expenses, and incentive awards shall be paid from the Settlement Funds.

5.     The awarded attorneys' fees and reimbursed expenses shall be equitably distributed among Class Counsel by Co-Lead Counsel in a good-faith manner that in Co-Lead Counsel's judgment reflects each individual Class Counsel's contribution to the institution, prosecution, and resolution of the litigation.

6.     The Court finding no just reason for delay, this Order shall be entered as of this date pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

This _12th_ day of _____ _June_ , 2013.

HONORABLE RUBEN CASTILLO
UNITED STATES DISTRICT JUDGE

3

# EXHIBIT 29

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE: PLASMA-DERIVATIVE PROTEIN THERAPIES ANTITRUST LITIGATION | Case No. 09 C 7666 |
| | MDL No. 2109 |
| | Judge Joan B. Gottschall |
| | Magistrate Judge Arlander Keys |
| This Document Relates To All Actions | |

## PLAINTIFFS' MOTION FOR A FINAL AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND APPROVAL OF INCENTIVE AWARDS FOR THE CLASS REPRESENTATIVES

Plaintiffs respectfully move this Court for entry of an Order approving the requested award of attorney's fees in the amount of one-third the Settlement Fund ($21.33 million), reimbursement of litigation expenses ($280,971.12), and the approval of incentive awards of $50,0000 for each of the three Class Representatives from the settlement with Defendants Baxter International, Inc. and Baxter Healthcare Corporation (collectively "Baxter"). In support of this motion, Plaintiffs provide the attached Memorandum of Law, the Joint Declaration of Richard A. Koffman and Charles E. Tompkins, and the accompanying exhibits.

Dated: March 10, 2014

Respectfully submitted,

_s/Charles E. Tompkins_
**WILLIAMS MONTGOMERY & JOHN LTD.**
Charles E. Tompkins
Anthony J. O'Neill
Bethany C. Teska
233 S. Wacker Dr., Suite 6100
Chicago, IL 60606
***Plaintiffs' Steering Committee***

_s/Richard A. Koffman_
**COHEN MILSTEIN SELLERS & TOLL**
Richard A. Koffman
Benjamin D. Brown
Christopher J. Cormier

1857768.1

Emmy L. Levens
1100 New York Ave, NW, Suite 500 West
Washington, D.C. 20005
***Plaintiffs' Steering Committee***


*s/Deborah H. Bornstein*
**FREEBORN & PETERS LLP**
Deborah H. Bornstein
David C. Gustman
311 S. Wacker Dr., Suite 3000
Chicago, IL 60606
***Plaintiffs' Liaison Counsel***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served upon All Counsel of Record by e-mail on this 10th day of March, 2014.

*s/Emmy L. Levens*

# EXHIBIT 30

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6,1
### Eastern Division

In Re: Plasma–Derivative Protein Therapies
Antitrust Litigation, et al.

                              Plaintiff,

v.                                      Case No.:
                                      1:09–cv–07666
                                      Honorable Joan B.
                                      Gottschall

CSL Limited, et al.

                              Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, April 16, 2014:

      MINUTE entry before the Honorable Joan B. Gottschall: Motion hearing held. Plaintiff's Unopposed Motion for Final Approval of Class Settlement with Baxter [696] and Motion for Final Award of Attorneys' Fees, Reimbursement of Expenses, and Approval of Incentive Awards for Class Representatives [697] are granted. Judgment is entered dismissing with prejudice from this action Defendants Baxter International, Inc. and Baxter Healthcare Corporation. Enter Order and Judgment. Civil case terminated. This order relates to all member cases associated with MDL 2109. MDL 2109 terminated. Mailed notice(ef, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.