IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>This Document Relates To: All Actions | Case No. 1:16-cv-08637<br><br>Magistrate Judge Jeffrey T. Gilbert |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Direct Action Plaintiffs Bojangles' Restaurants, Inc.'s and Bojangles OPCO, LLC's Motion to Compel 30(b)(6) Deposition of Cheney [ECF No. 4932]. For the reasons set forth below, the Motion is denied.

## FACTUAL BACKGROUND

Bojangles Restaurants, Inc. and Bojangles OPCO, LLC (together, "Bojangles DAPs") and Cheney Bros., Inc. ("Cheney") are direct action plaintiffs ("DAPs") that opted out of one of the class actions that are part of this *In re Broiler Chicken Antitrust Litigation*, which has been pending in this District since September 2016. Cheney along with other DAPs filed a complaint against Defendants Tyson Foods, Inc., *et al.*, Case No. 1:18-cv-06693, on October 3, 2018, which case was reassigned to this docket on October 16, 2018. [ECF No. 1286]. After Cheney's lawsuit had been pending for over two years, Bojangles DAPs filed their own opt out complaint against Defendants Tyson Foods, Inc., *et al.,* Case No. 1:20-cv-07734, which was reassigned to this docket on December 28, 2020. [ECF Nos. 4120-1, 4126].

After Bojangles DAPs filed their complaint, they say they learned, presumably in late 2020 or early 2021, that Cheney already had asserted a claim for damages

arising from purchases of Broiler chickens that allegedly included some of the same purchases of Broiler chickens that underlie Bojangles DAPs' claim. Specifically, Bojangles DAPs assert that Cheney included within its damage claim purchases of proprietary Broiler products that Bojangles DAPs' distributor, Pate Dawson (which had been acquired by Cheney in 2016), had made on behalf of the Bojangles DAPs during the relevant period.

To better understand the basis for Cheney's damage claim, Bojangles DAPs served Cheney with a Rule 45 subpoena to produce documents on January 27, 2021, followed by a second Rule 45 subpoena to produce documents on February 10, 2021. Cheney served objections and responses to those subpoenas but also produced responsive documents on February 26, 2021, and March 19, 2021. Bojangles DAPs did not pursue any further discovery from Cheney for nearly four months. Then, on July 14, 2021, more than one month after the applicable June 11, 2021, fact discovery deadline in the *In re Broiler Chickens Antitrust Litigations* case,[1] Bojangles DAPs sent Cheney a Notice of Rule 30(b)(6) Deposition via e-mail to Cheney's counsel seeking the deposition of a Cheney corporate witness. *See* Notice of Deposition [ECF No. 4993], at Exhibit C. Cheney objects to the requested deposition on several grounds. The Court will address each argument in turn.

---

[1] *See* Scheduling Order No. 15 [ECF No. 4641] (entered on May 13, 2021); and Scheduling Order No. 16 [ECF No. 4748] (entered on June 17, 2021).

## DISCUSSION

### I.

Cheney first contends the Bojangles DAPs' notice of deposition is procedurally defective because Cheney is not a party to Bojangles DAPs' lawsuit against the Tyson Defendants, *et al.* Cheney says that Bojangles DAPs should have served a Rule 45 subpoena for the Rule 30(b)(6) deposition just like they did when they served Rule 45 subpoenas for the documents they previously requested from Cheney. Since Bojangles DAPs did not serve Cheney with a subpoena, Cheney argues that the Bojangles DAPs' motion to compel is procedurally improper and should be denied.

Despite having previously served two third-party subpoenas for documents on Cheney, Bojangles DAPs argue that they did not need to serve a Rule 45 subpoena for Cheney's Rule 30(b)(6) deposition because Cheney is "not a 'third party' to this case." Bojangles DAPs' Memorandum of Law [ECF No. 4933], at 4. Nevertheless, on July 27, 2021, during a meet and confer regarding this issue, counsel for Bojangles DAPs offered to serve a Rule 45 subpoena if that would resolve Cheney's objection to the deposition. Cheney said that even if Bojangles DAPs would have served a Rule 45 subpoena, it still would argue that the subpoena was untimely and Bojangles DAPs had not shown good cause to take the deposition. Bojangles did not serve a subpoena, but instead filed this motion to compel a Rule 30(b)(6) deposition of Cheney.

As a threshold matter, the Court agrees with Cheney that Bojangles DAPs were required to serve a subpoena to take a Rule 30(b)(6) deposition of a Cheney corporate representative absent Cheney's agreement to appear voluntarily for such a deposition. It is well-settled law that a party cannot compel the presence of a non-

3

party at a deposition without serving a subpoena. *See Bueker v. Atchison, Topeka and Santa Fe Ry. Co.*, 175 F.R.D. 291, 292 (N.D. Ill. 1997); *Metzger ex rel. Anderson v. Francis W. Parker School*, 2001 WL 910443, at *3 (N.D. Ill. Aug. 10, 2001) (holding that "when a party wants a non-party to testify at a deposition or to produce documents, Rule 45 requires a subpoena and permits the non-party the opportunity to object"); *see also* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2452 (3d ed. 2021) (stating that "a subpoena is necessary to compel someone who is not a party to appear for the taking of a deposition").

Cheney and the Bojangles' parties each filed separate lawsuits, and their individual cases have been reassigned to this *In re Broiler Chicken Antitrust Litigation* docket because they are related to other such cases that have been filed. Bojangles DAPs and Cheney have no pending claims against each other, and they asserted their own claims against various Defendants in separate complaints after they opted out of the direct purchaser class action.[2] Cheney's position is simple—a subpoena is required because Cheney is not a party to the Bojangles DAPs' individual case even though both Cheney and Bojangles DAPs are plaintiffs in the *In re Broiler Chicken Antitrust Litigation*. The Court agrees. Bojangles DAPs' prior service on Cheney of two Rule 45 subpoenas for documents confirms their acknowledgement

---

[2] Although the all the DAPs in this case, at the Court's instance [ECF Nos. 3653, 3700], have filed an omnibus complaint that accumulates in one place the factual allegations and legal claims being made by more than 150 DAPs in their individual complaints, they have maintained the independent legal existence of their individual cases. *See* Direct Action Plaintiffs' Amended Consolidated Complaint and Demand for Jury Trial [ECF No. 4244], at 2 (stating "DAPs understand the Court's orders to preserve the independent legal existence of each DAP case").

4

that Cheney is a third-party to Bojangles DAPs' individual case. The Court is not persuaded by Bojangles DAPs' argument to the contrary. Bojangles DAPs' motion to compel, therefore, could be denied on this ground alone, but the Court will address the remaining arguments made by the parties.

## II.

Cheney next argues that Bojangles DAPs' notice of deposition and their motion to compel are untimely under Scheduling Order No. 16. *See* Scheduling Order No. 15 [ECF No. 4641] (entered on May 13, 2021) and Scheduling Order No. 16 [ECF No. 4748] (entered on June 17, 2021). The Court agrees with Cheney that Bojangles DAPs' notice of deposition and their subsequent motion to compel are untimely. Bojangles DAPs did not serve Cheney with a notice of a Rule 30(b)(6) deposition until July 14, 2021, more than one month after the June 11, 2021 fact discovery deadline in this case. The Court had extended fact discovery to July 30, 2021, solely to allow parties to complete discovery that already had been served or was then at-issue as the fact discovery close date was fast approaching. That "extension" was not an invitation to serve new discovery that could have been served timely during the period allowed for fact discovery.[3]

---

[3] The parties have taken almost 400 depositions in this case. *See* Tyson Defendants' Opposition to Aldi's Motion to Compel Individualized Discovery [ECF No. 4865], at 2. As the Court made clear during a May 24, 2021 hearing when it extended the fact discovery close date to July 30, 2021 to allow the parties to complete discovery that was then in progress and had been timely served or noticed, the extension of the fact discovery close date was not intended to give anyone free rein to serve new discovery. *See* May 24, 2021 Hearing Transcript [ECF No. 4814], at 20; 21-22 ("I would extend fact discovery to July 30th for the taking of depositions and for the completion of discovery timely served."). Although the Court noted that depositions could be taken during that time, the Court did not necessarily mean that depositions that had not yet been noticed would be allowed.

5

Generally, a deadline is a deadline. It is not a suggestion to be taken lightly or complied with only as a matter of choice.[4] Bojangles DAPs do not offer any reasonable explanation for their lack of diligence in pursuing the Cheney deposition during the period when deposition discovery was to take place within the confines of the Court's Scheduling Orders. Bojangles DAPs served timely Rule 45 subpoenas on Cheney earlier in the discovery period. Bojangles DAPs should have raised the issue of a Cheney Rule 30(b)(6) deposition months before they did so, and their desire to take that deposition now, and to compel it in the eleventh hour, comes too late.

### III.

Finally, putting aside the procedural defects of an untimely notice of deposition, the Court also finds Bojangles DAPs have not shown that the discovery they are seeking is relevant or proportional to the needs of their case within the meaning of Federal Rule of Civil Procedure 26((b)(1). Bojangles DAPs do not need the information they are seeking to support their affirmative claim for relief alleged in their complaint. If they need the information at all, it would be to respond to a Defendant's potential argument that Bojangles DAPs do not own the claim they are

---

[4] In *McCann v. Cullinan*, 2015 WL 4254226 (N.D. Ill. July 14, 2015), Judge Johnston recognized the importance of deadlines that are set by the court and concluded that "[c]ounsel must calendar and meet dates. And if counsel is going to miss a deadline, then counsel should file a motion seeking an extension *before* the deadline has passed." *Id.* at *2 (citing cases). In *Hard Surface Sols., Inc. v. Sherwin-Williams Co.*, 271 F.R.D. 612 (N.D. Ill. 2010), Judge Cole noted "[u]nder the Federal Rules of Civil Procedure, it is the court's prerogative-indeed, its duty-to manage its caseload and to set and enforce discovery and other significant deadlines…. A party does not have the option of complying with those deadlines or ignoring them and then demanding that the court and the opposing party restructure the discovery schedule to accommodate the violation." *Id.* at 617 (citing *Reales v. Consolid. Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996)).

asserting. As far as the Court can tell, however, no Defendant has made that argument as of now. A potential dispute between Bojangles DAPs and Cheney as to who is the rightful owner of certain claims for damages they have asserted in their individual cases is not part of this case at this time.[5]

Therefore, in the Court's view, the discovery Bojangles DAPs are seeking is not relevant to a claim or defense in their case or, importantly, proportional to the needs of that case at this time within the meaning of Federal Rule of Civil Procedure 26(b)(1). If the information Bojangles DAPs are seeking becomes relevant to a claim or defense in the future, and discovery of that information is proportional to the needs of the case at that time, the Court can address the issue in that context.

## CONCLUSION

Accordingly, for all these reasons, Bojangles' Restaurants, Inc. and Bojangles OPCO, LLC's Motion to Compel 30(b)(6) Deposition of Cheney [ECF No. 4932] is denied.

It is so ordered.

Dated: February 16, 2022

Jeffrey T. Gilbert
United States Magistrate Judge

---

[5] The word "Cheney," for example, does not appear in Bojangles' original complaint [ECF No. 4120-1] or in its amended complaint [ECF No. 4347]. A footnote in paragraph 61 of the Direct Action Plaintiffs' Amended Consolidated Complaint and Demand for Jury Trial does reference the existence of a dispute between Bojangles and Cheney as to the proper party to assert claims arising from Bojangles' purchases of Broiler chickens through its distributor, Pate Dawson, which Cheney acquired in 2016. The footnote then says, "Bojangles reserves all of its rights on this issue." [ECF Nos. 4243, 4244], at 67-68, ¶ 61, n.5. In their Consolidated Answer, Defendants do not respond to the Bojangles DAPs' statement in footnote 5 of the Consolidated Complaint about its dispute with Cheney, presumably because no response was required. Defendants' Consolidated Answer and Affirmative Defenses to Direct Action Plaintiffs' Amended And Consolidated Complaint [ECF No. 4417], at 77-78, ¶ 61.