IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>This Document Relates To: All Actions | Case No. 1:16-cv-08637<br><br>Magistrate Judge Jeffrey T. Gilbert |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Certain Direct Action Plaintiffs' Motion to Compel Mountaire Employee Bruce Mooney as a Document Custodian [ECF No. 4738] (the "Motion"). For the reasons set forth below, the Motion is denied.

## BACKGROUND

On May 11, 2021, one month before the then-scheduled close date of fact discovery, all Plaintiffs issued a notice to Defendants Mountaire Farms Inc., Mountaire Farms, LLC, and Mountaire Farms of Delaware, Inc. (together, "Mountaire") for the deposition of one of Mountaire's employees, Bruce Mooney, who is a Vice President of Retail Sales. During the relevant time period, Mooney was responsible for retail sales, communicated directly with customers about pricing, including plaintiffs in the direct purchaser class as well as the direct action plaintiffs ("DAPs"), and allegedly collected and shared information about competitors' pricing. During a Rule 30(b)(6) deposition, Mountaire's corporate designee testified that Mooney is the employee best situated to speak about Mountaire's customers, pricing for those customers, and Georgia Dock pricing. Mountaire also has designated

Mooney as a Rule 30(b)(6) witness for individual topics requested by DAPs Ahold Delhaize and ALDI.

The present Motion is brought by several of Mountaire's customers, including DAPs Ahold Delhaize USA, Inc., ALDI, Inc., Alex Lee, Inc., The Golub Corporation, Topco Associates, Inc., Giant Eagle, Inc., Carl Buddig & Co., Services Group of America, Inc., Conagra Brands, Inc., Pinnacle Foods, Inc., Kraft Heinz Foods Company, Nestlé USA, Inc., Nestlé Purina PetCare Co., Quirch Foods, LLC, Independent Purchasing Cooperative, Inc., The Kroger Co., Albertsons Companies, Inc., Hy-Vee, Inc., and Save Mart Supermarkets.[1] These moving DAPs now seek an order from the Court compelling Mountaire to designate Mooney as a document custodian and to produce his documents before his deposition goes forward. Mountaire opposes the Motion on the following grounds: (1) the Motion is untimely; (2) the parties negotiated years ago which individuals would be document custodians and Mooney was not chosen; and (3) producing Mooney as a Rule 30(b)(6) witness does not mandate he also be designated as a document custodian. The Court will address the parties' arguments in turn.

---

[1] The moving DAPs who have elected to proceed to trial in this case on Track One include The Golub Corporation, Giant Eagle, Inc., The Kroger Co., Albertsons Companies, Inc., Hy-Vee, Inc., and Save Mart Supermarkets. *See* [ECF Nos. 5331, 5332]. The moving DAPs on Track Two include Ahold Delhaize USA, Inc., ALDI, Inc., Alex Lee, Inc., Carl Buddig & Co., Topco Associates, Inc., Services Group of America, Inc., Conagra Brands, Inc., Pinnacle Foods, Inc., Kraft Heinz Foods Company, Nestlé USA, Inc., Nestlé Purina PetCare Co., Quirch Foods, LLC, and Independent Purchasing Cooperative, Inc. *See* [ECF No. 5334].

## DISCUSSION

The Court agrees with Mountaire that the Motion is untimely. Plaintiffs, including the DAPs who filed this Motion, have known about Mooney and his role at Mountaire for several years. The process of designating document custodians in this case, including Mountaire's custodians, was the result of extensive and good-faith negotiations between the parties that took place several years ago over a period of many months. Notably, Mooney was a specific subject of those negotiations.[2] Ultimately, however, the parties agreed that other individuals at Mountaire, and not Mooney, were the appropriate sources of custodial documents in this case. Or at least they agreed to compromise on the designation of document custodians and Mooney was not so designated. The moving DAPs cannot re-visit those negotiations now, so many years later and with so much discovery water under the proverbial bridge, without a much better reason for doing so than they have presented here.

---

[2] The record reflects that between April and July 2017 the parties negotiated which individuals would be identified as document custodians for the relevant period, January 1, 2007 through September 2, 2016. Whether Mooney would be included as a document custodian was a topic that was explicitly considered and negotiated by the parties. *See* [ECF No. 4771-3], Ex. C. Those negotiations culminated in an agreement on July 22, 2017, in which ten Mountaire employees were made document custodians, including three employees from the sales department Phil Plylar (then-Executive Vice President of Sales and Operations and current President), Mike Little (Vice President of Sales), and Erik Smith (Director of Sales-Wholesale), among others. *See* [ECF No. 4771-4], Ex. D. Mooney was not one of them. This belies Certain DAPs' claim that "[v]ery few" of Mountaire's document custodians worked in sales. *See* [ECF No. 4739], at 2. It is not disputed that Mountaire timely completed substantial production of its documents from these sources by July 2018. In August 2018, Plaintiffs, including all putative classes and DAPs, requested that Mountaire add an additional four document custodians. Again, the parties negotiated Plaintiffs' request, and Mountaire ultimately agreed to add an additional three custodians, including another two employees in its sales department, Amanda Irwin (Director of Business Development) and Larry Saywell (former Vice President of Sales and Marketing). *See* [ECF No. 4771-5], Ex. E. Mountaire completed its production of documents from these additional custodians in the fall of 2018.

The Court recognizes that certain DAPs, including Ahold, among others, may not have actively participated in the negotiations geared toward identifying and selecting document custodians in the first instance. In particular, it was not until August 6, 2018, that Ahold, one of the movants here, opted out of one of the class actions that are part of this *In re Broiler Chicken Antitrust Litigation*, which has been pending in this District since September 2016, and filed its own direct action complaint against Defendants Tyson Foods, Inc., *et al.*, Case No. 1:18-cv-5351. Two days later on August 8, 2018, Ahold filed a motion to reassign the case to this docket [ECF No. 1102] which was granted on August 13, 2018. [ECF No. 1121]. After Ahold had its own seat at the table, however, it specifically raised the document custodian issue with Mountaire and requested Mountaire add Mooney as a custodian. Mountaire declined to do so, citing the earlier negotiations and agreement on this issue. *See* [ECF No. 4771-6], Ex. F. After that, neither Ahold nor any other DAP raised the issue of designating Mooney as a document custodian again for the next two and a half years.

In the Court's view, this particular document custodian ship sailed a long time ago. Some of the moving DAPs were parties to the case during the original negotiations about document custodians in 2017. Others who opted out of the class action and filed their own direct action complaints afterwards have been parties for a long time and could have raised the issue of Mountaire's custodians and their request to designate Mooney much sooner than they did. And they could have raised the issue with the Court if it was important for them to do so. Fact discovery for the

supply reduction and Georgia Dock part of this case that now will be tried on Track One [ECF Nos. 5128, 5305] is closed. Under these circumstances, the moving DAPs' instant request to compel Mountaire to designate Mooney as a custodian and produce his documents before his deposition comes much too late in the Court's view.

Further, putting aside the untimeliness of this Motion, there is no evidence at this time that production of additional documents in Mooney's files will materially advance the moving DAPs' ability to prosecute their cases. The record shows that Mountaire already has produced hundreds of Mooney documents, including many documents relevant to the alleged Georgia Dock and supply side conspiracies. The moving DAPs have not shown they need the information they are seeking to take Mooney's deposition or that their ability to prosecute the case will be materially prejudiced without the production of additional documents from Mooney. Therefore, it is not clear that the discovery being sought in the Motion is proportional to the needs of this case at this time within the meaning of Federal Rule of Civil Procedure 26(b)(1). *See also O'Toole v. Sears Roebuck and Co.*, 2014 WL 1388660, at *3 (April 10, 2014) ( "The discovery rules are not an excursion ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest. Parties are entitled to a reasonable opportunity to investigate the facts-and no more.") (internal quotation and citation omitted).

The moving DAPs reply that Mountaire has not shown that adding Mooney as an additional custodian would be unduly burdensome or that his documents would be duplicative, so therefore, their Motion should be granted. But that puts the cart

5

before the horse to some extent. The moving DAPs do not offer any compelling argument that Mooney is likely to have non-duplicative documents that relate to the active claims of supply restriction and Georgia Dock conspiracies that are not contained within their own files or not already part of Mountaire's substantial production of documents. On this record, the Court will not revisit the parties' long-ago negotiations on the custodian issue, and, as discussed above, even if the Court would have been inclined to do so at one point in time, the moving DAPs waited too long to bring this issue to the Court.

Lastly, the moving DAPs argue that Mooney should be added as a document custodian and required to produce documents before his deposition because Mountaire recently identified him as its corporate designee charged with responding to certain topics in the Rule 30(b)(6) deposition notices served by DAPs Ahold and ALDI. The moving DAPs, however, do not cite any authority to support the proposition that a Rule 30(b)(6) witness must reflexively or automatically be made a document custodian. Nor is the Court aware of any such requirement or authority. By definition, a witness designated under Rule 30(b)(6) testifies on behalf of the corporation and that testimony binds the corporation. It is not a vehicle that automatically subjects that witness to targeted individual discovery requests concerning the witness's individual knowledge of facts nor does it automatically require production of that witness's own documents.

## CONCLUSION

Accordingly, for all these reasons, Certain Direct Action Plaintiffs' Motion to Compel Mountaire Employee Bruce Mooney as a Document Custodian [ECF No. 4738] is denied.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: March 3, 2022