**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **IN RE BROILER CHICKEN ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS. | Case No. 1:16-cv-08637<br><br>The Honorable Thomas M. Durkin<br>The Honorable Jeffery T. Gilbert |

**NON-GEORGIA DOCK DEFENDANTS' MOTION FOR LEAVE TO FILE *INSTANTER* MOTION FOR PARTIAL SUMMARY JUDGMENT ON ALL TRACK 1 PLAINTIFFS' CLAIMS ALLEGING A "GEORGIA DOCK CONSPIRACY"**

The Non-Georgia Dock Defendants[1] hereby move this Court for an Order granting them leave to file *instanter* their Motion for Partial Summary Judgment On All Track 1 Plaintiffs' Claims Alleging a "Georgia Dock Conspiracy," as well as a Memorandum of Law (not to exceed 15 pages) and a Statement of Material Facts in support thereof (attached as Exhibits 1-3). The Non-Georgia Dock Defendants specifically request such leave without prejudice to their right to bring summary judgment motions at a later date against any other claims that remain, including any "production cut conspiracy" claims.

In support of this Motion, the Non-Georgia Dock Defendants state as follows:

---

[1] The ten "Non-Georgia Dock Defendants" bringing this motion are Agri Stats, Inc. ("Agri Stats"); Case Foods, Inc., Case Farms, LLC, and Case Farms Processing, Inc. (collectively, "Case Farms"); Foster Farms, LLC and Foster Poultry Farms (collectively, "Foster Farms"), George's Inc. and George's Farms, Inc. (collectively, "George's"); House of Raeford Farms, Inc. ("House of Raeford"); Mountaire Farms Inc., Mountaire Farms, LLC, and Mountaire Farms of Delaware, Inc. (collectively, "Mountaire"), O.K. Foods, Inc., O.K. Farms, Inc., and O.K. Industries, Inc. (collectively, "O.K. Foods"); Peco Foods, Inc. ("Peco"); Perdue Farms, Inc. and Perdue Foods, LLC ("Perdue"); and Simmons Foods, Inc. and Simmons Prepared Foods, Inc. (collectively, "Simmons").) George's and Peco join this Motion only as to those Track 1 DAPs with which they have an active, ongoing dispute. Amick Farms LLC ("Amick") is also not a Georgia Dock Defendant, but does not join this motion because no Track 1 Plaintiff has pending claims against it.

**BACKGROUND FACTS**

1. In their operative complaints, Track 1 Plaintiffs ("Plaintiffs") assert claims under Section 1 of the Sherman Act alleging an overarching conspiracy that purportedly included both (1) an industry-wide conspiracy among all Defendants to cut chicken production, and (2) a narrower conspiracy among a subset of Defendants to manipulate the Georgia Dock price index.[2] The motion that movants seek leave to file addresses only whether the Non-Georgia Dock Defendants—whom Plaintiffs themselves have excluded from the Georgia Dock conspiracy claim and for whom there is no evidence of participation in any alleged Georgia Dock manipulation—can nevertheless be held responsible for the acts of the alleged Georgia Dock conspiracy based on a purported "overarching" conspiracy. Answering that question now, in parallel with the upcoming motion to dismiss briefing concerning substantially the same issue and case law in connection with the Track 2 Plaintiffs' recently-filed Second Amended Consolidated Complaint, will materially advance the case, including by streamlining the issues and parties for settlement purposes now and in advance of what will likely be extensive summary judgment briefing.

2. Plaintiffs have alleged that the specifically-identified "Georgia Dock Defendants" engaged in a conspiracy to manipulate the Georgia Dock index.[3] Plaintiffs do not, however, assert any such "Georgia Dock conspiracy" claim against any of the Non-Georgia Dock Defendants.

---

[2] The Track I DAPs allege distinct claims on the basis of the alleged Georgia Dock and production cut conspiracies, as well as an "overarching" conspiracy claim supposedly based on an overall agreement amongst Defendants. *See* Doc. 4243, Count I (Conspiracy against all Defendants), Count II (Production Cut Conspiracy), Count III (Georgia Dock Conspiracy Against Georgia Dock Defendants). The alleged Class Plaintiffs assert a single Sherman Act claim alleging a conspiracy that purportedly includes both Georgia Dock and production cut claims. *See* Doc. DPP Am. Consol. Compl., Doc. 3919, at ¶ 460; CIIP Am. Consol. Compl., Doc. 3929, at ¶¶ 489-490; EUCP Am. Consol. Compl., Doc. 3748, at ¶¶ 490-491.

[3] The "Georgia Dock Defendants" alleged in Plaintiffs' Complaints are Claxton Poultry, Fieldale Farms, Harrison Poultry, Koch Foods, Mar-Jac Poultry, Pilgrim's Pride, Sanderson Farms, Tyson Foods, and Wayne Farms. DPP Complaint, Dkt. 3919, ¶¶ 128-136; CIIPP Compl., Dkt. 3929, ¶¶ 154-172; DAP Compl., Dkt. 4244, ¶¶ 587-839; EUCP Am. Consol. Compl., Doc. 3748, at ¶¶ 141-157. These Georgia Dock-related sections of Plaintiffs' Complaints do not reference the Non-Georgia Dock Defendants at all.

Instead, Plaintiffs lump all Defendants, including the *Non*-Georgia Dock Defendants, together in a single count asserting that they all engaged in a single, purported overarching conspiracy that includes both (1) alleged manipulation of the Georgia Dock index and (2) alleged coordinated production cuts.[4]

3. The Non-Georgia Dock Defendants' motion for partial summary judgment argues that any "overarching conspiracy" claim that includes a purported Georgia Dock conspiracy as a part should be dismissed as to them for two separate reasons: (1) despite years of discovery, there is no evidence that they consciously committed to a scheme to manipulate the Georgia Dock, or to a broader conspiracy that included a scheme to manipulate the Georgia Dock; and (2) there is no factual or legal basis that justifies treating the alleged Georgia Dock conspiracy and the alleged production cut conspiracy as two parts of a single "overarching" conspiracy, rather than as two separate conspiracies.

4. Under the current case schedule, summary judgment motions are due no later than September 9, 2022. Nevertheless, the Non-Georgia Dock Defendants believe it is appropriate and more efficient for the Court to address this partial summary judgment motion at this time for the reasons stated below.

**The Proposed Motion Addresses Issues Very Similar to Those The Court Will Soon Consider In Connection With Rule 12(b) Motions Directed To Track 2 Plaintiffs' Recently-Filed Amended Complaint.**

5. Track 2 Plaintiffs recently filed an amended complaint that alleges not only (1) a conspiracy to manipulate the Georgia Dock, (2) a conspiracy to cut production, and (3) bid-rigging, but also purported "overarching conspiracies" comprised of different combinations of those three

---

[4] DAP Am. Consol. Compl., Doc. 4243, ¶ 1034; DPP Am. Consol. Compl., Doc. 3919, at ¶ 460; CIIP Am. Consol. Compl., Doc. 3929, at ¶¶ 489-490; EUCP Am. Consol. Compl., Doc. 3748, at ¶¶ 490-491.

alleged conspiracies.[5] Defendants will soon file Rule 12(b)(6) motions directed to that amended complaint, as the Court discussed in its October 15, 2021 Order. Doc. 5128. To resolve those forthcoming Rule 12(b)(6) motions, the Court will need to consider the law governing whether and when multiple different types of alleged misconduct should be considered as separate conspiracies or as a single "overarching" conspiracy with multiple parts.

6. As mentioned above, the Non-Georgia Dock Defendants' partial summary judgment motion argues, among other things, that there is no factual or legal justification for treating the alleged Georgia Dock conspiracy and the alleged production cut conspiracy as two parts of a single conspiracy, particularly when the Non-Georgia Dock Defendants are not even alleged to have participated in the alleged Georgia Dock conspiracy. The proposed motion addresses (in a Rule 56 context) the same or similar issue that the Defendants' forthcoming Track 2 motions to dismiss will likely address (in a Rule 12 context). Thus, it would be more efficient for the Court to consider the issue of whether different types of alleged conduct should be treated as a single "overarching" conspiracy in the same timeframe.

7. Accordingly, the Non-Georgia Dock Defendants seek confirmation that they may file this limited summary judgment motion now, while preserving rights to later file additional summary judgment motions, including any directed to an asserted production cut conspiracy.

**Resolving the Non-Georgia Dock Defendants' Summary Judgment Motion Is Likely To Advance the Litigation.**

8. It would be beneficial to the Court and the parties to understand as soon as is reasonable the scope of a Track 1 trial, *i.e.*, what claims will be made by whom, against whom, after class certification and summary judgment motions are decided and settlements occur.

---

[5] *See* Doc. 5456 at Counts 1 (overarching conspiracy against all Defendants) and 6 (combination of alleged Georgia Dock and bid-rigging conspiracies solely against Georgia Dock and Bid-Rigging Defendants).

4

Resolving the Non-Georgia Dock Defendants' limited motion for summary judgment on Georgia Dock-related claims is a step in that direction.[6]

9. Further, eliminating over half of the Defendants from one of two conspiracy theories asserted by the Track 1 Plaintiffs, including resolving any "overarching conspiracy" claim, will likely aid the parties in more accurately valuing the claims and assessing the issues in dispute. Resolving this motion now would also be more efficient because it would allow the Court and the parties to address this discrete and comparatively narrow issue now, rather than awaiting subsequent summary judgment briefing on the allegations of production cuts that will be far more voluminous.

10. In any event, greater certainty in litigation generally facilitates settlements, if they are to be had. An early decision on the viability of the Plaintiffs' theory of an "overarching" conspiracy supposedly comprised of both the alleged Georgia Dock and production cut conspiracies is likely to bring greater certainty to the course of the litigation.

**Leave Should Be Granted Without Prejudice to Non-Georgia Defendants' Right to File Summary Judgment Motions Directed to Other Claims at a Later Time.**

11. The Non-Georgia Dock Defendants are mindful of the Court's admonition that parties should "inquire with the court prior to filing a summary judgment motion," including as to whether an in-chambers discussion about the motion would be productive. *See* Case Procedures, Summary Judgment Practice. By this motion for leave, the Non-Georgia Dock Defendants do so, and they would welcome the opportunity for such a discussion.

---

[6] For example, there have been a number of settlements between Track 1 Plaintiffs and Georgia Dock Defendants. If the Court were to grant the Non-Georgia Dock Defendants' summary judgment motion—which would eliminate over half of the Defendants from one of two conspiracy theories asserted by Track 1 Plaintiffs—*and* there were very few Georgia Dock conspiracy claims to try as a result of settlements, then the Court might decide in its discretion to sever all Georgia Dock claims to a separate trial, and try only the production cut claims in the Track 1 trial.

5

12. The Non-Georgia Dock Defendants also request that if this motion for leave is granted, it be made clear that it is granted without prejudice to their rights to subsequently move for summary judgment on other claims or issues, including Plaintiffs' lack of evidence of a production cut conspiracy. *Gordon v. Veneman*, 61 Fed. Appx. 296, 298 (7th Cir. 2003) (holding it is entirely within district court's discretion as a matter of case management to allow for multiple summary judgment motions).

WHEREFORE, the Non-Georgia Dock Defendants respectfully request this Court to enter an order (1) granting them leave to file *instanter* the attached Partial Motion for Summary Judgment on All Track 1 Plaintiffs' Claims Alleging a "Georgia Dock Conspiracy," as well as a supporting Memorandum and Statement of Facts, and (2) granting such leave without prejudice to the Non-Georgia Dock Defendants' right to file, at a later date and on the schedule set by the Court, summary judgment motions directed to other claims made by the Track 1 Plaintiffs.

DATED: April 12, 2022                                             Respectfully Submitted,

By: /s/ *Lawrence H. Heftman*

ARENTFOX SCHIFF LLP

Lawrence H. Heftman
Margaret A. Hickey
Kylie S. Wood
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone: (312) 258-5500
lawrence.heftman@afslaw.com
maggie.hickey@afslaw.com
kylie.wood@afslaw.com

Robert J. Wierenga
Suzanne L. Wahl
350 South Maine Street, Suite 210
Ann Arbor, MI 48104
Telephone: (734) 222-1500
robert.wierenga@afslaw.com
suzanne.wahl@afslaw.com

John W. Treece (#3122889)
1135 West Montana Street
Chicago, IL 60614
Telephone: (312) 961-7808
jtreece@jwtreece.com

ROSE LAW FIRM

Amanda K. Wofford (admitted *pro hac vice*)
Bourgon Reynolds (admitted *pro hac vice*)
120 East Fourth Street
Little Rock, Arkansas 72201
Telephone: (501) 375-9131
awofford@roselawfirm.com
breynolds@roselawfirm.com

*Attorneys for Defendants Mountaire Farms Inc., Mountaire Farms, LLC and Mountaire Farms of Delaware, Inc.*

VENABLE LLP

By: /s/ *J. Douglas Baldridge*
J. Douglas Baldridge (#437678)
Lisa Jose Fales (admitted *pro hac vice*)
Danielle Foley (admitted *pro hac vice*)
Andrew Hernacki (admitted *pro hac vice*)
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: 202-344-8300
jdbaldridge@venable.com
ljfales@venable.com
drfoley@venable.com
athernacki@venable.com

FALKENBERG IVES LLP

Kirstin B. Ives
30 N. LaSalle St., Ste 4020
Chicago, IL 60602
Telephone: (312) 566-4803
Facsimile: (312) 566-4810
kbi@ffilaw.com

*Attorneys for Defendants Perdue Farms, Inc. and Perdue Foods LLC*

MAYER BROWN LLP

By: /s/ *Carmine R. Zarlenga*
Carmine R. Zarlenga (#90784529)
William H. Stallings (admitted *pro hac vice*)
Stephen M. Medlock (admitted *pro hac vice*)
Oral D. Pottinger (admitted *pro hac vice*)
1999 K Street N.W.
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
czarlenga@mayerbrown.com
wstallings@mayerbrown.com
smedlock@mayerbrown.com
opottinger@mayerbrown.com

*Attorneys for Defendant Foster Farms, LLC and Foster Poultry Farms, a California Corporation*

KUTAK ROCK LLP

By: /s/ John P. Passarelli
John P. Passarelli
James M. Sulentic
1650 Farnam Street
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
john.passarelli@kutakrock.com
james.sulentic@kutakrock.com

J.R. Carroll
Jeffrey M. Fletcher
Stephen M. Dacus
234 East Millsap Road, Suite 200
Fayetteville, AR 72703-4099
Telephone: (479) 973-4200
Facsimile: (479) 973-0007
jr.caroll@kutakrock.com
jeffrey.fletcher@kuakrock.com
stephen.dacus@kutakrock.com

*Attorneys for Defendants O.K. Foods, Inc., O.K. Farms, Inc., and O.K. Industries, Inc.*

VEDDER PRICE P.C.

By: /s/ *Gregory G. Wrobel*
Gregory G. Wrobel (#3122900)
222 N. LaSalle Street
Chicago, IL 60601
Telephone: (312) 609-7722
Facsimile: (312) 609-5005
gwrobel@vedderprice.com

JORDAN PRICE WALL GRAY JONES & CARLTON, PLLC

Henry W. Jones, Jr. (admitted *pro hac vice*)
1951 Clark Avenue
Raleigh, NC 27605
Telephone: (919) 828-2501
Facsimile: (919) 834-8447
hjones@jordanprice.com

*Attorneys for Defendant House of Raeford Farms, Inc.*

HOGAN LOVELLS US LLP

By: /s/ *William L. Monts III*
William L. Monts III (admitted *pro hac vice*)
Justin W. Bernick (admitted *pro hac vice*)
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
Telephone: (202) 637-5910
Facsimile: (202) 637-5911
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com

MILLER, CANFIELD, PADDOCK, AND STONE P.L.C.

Jacob D. Koering
225 West Washington Street, Ste 2600
Chicago, Illinois 60606
Telephone: (312) 460-4272
Facsimile: (312) 460-4201
koering@millercanfield.com

*Attorneys for Defendant Agri Stats, Inc.*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ *Patrick Fitzgerald*
Patrick Fitzgerald (#6307561)
Gail Lee
155 N. Wacker Drive
Chicago, IL 60606
Telephone: (312) 407-0700
Facsimile: (312) 407-0411
patrick.fitzgerald@skadden.com
gail.lee@skadden.com

Boris Bershteyn (admitted *pro hac vice*)
Lara Flath (#6289481)
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
boris.bershteyn@skadden.com
lara.flath@skadden.com
*Attorneys for Defendant Peco Foods, Inc.*

STINSON LLP

By: /s/ *William L. Greene*
William L. Greene (admitted *pro hac vice*)
Peter J. Schwingler (admitted *pro hac vice*)
Kevin P. Kitchen (admitted *pro hac vice*)
50 South Sixth Street, Ste 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
kevin.kitchen@stinson.com

J. Nicci Warr
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
Telephone: (314) 259-4570
nicci.warr@stinson.com

SUGAR FELSENTHAL GRAIS & HELSINGER LLP

John C. Martin
30 N. LaSalle Street, Ste 3000
Chicago, IL 60602
Telephone: (312) 704-2172
Facsimile: (312) 372-7951
jmartin@sfgh.com

THE LAW GROUP OF NORTHWEST ARKANSAS LLP

Gary V. Weeks (admitted *pro hac vice*)
K.C. Dupps Tucker (admitted *pro hac vice*)
Kristy E. Boehler (admitted *pro hac vice*)
1830 Shelby Lane
Fayetteville, AR 72704
Telephone: (479) 316-3760
gary.weeks@lawgroupnwa.com
kc.tucker@lawgroupnwa.com
kristy.boehler@lawgroupnwa.com

*Attorneys for Defendants George's, Inc. and George's Farms, Inc.*

SHOOK HARDY & BACON LLP

By: /s/ *Lynn H. Murray*
Lynn H. Murray
111 S. Wacker Dr., Ste 4700
Chicago IL 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195
lhmurray@shb.com

Laurie A. Novion
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
lnovion@shb.com

CONNER & WINTERS

John R. Elrod
Vicki Bronson (admitted *pro hac vice*)
4375 N. Vantage Drive, Ste. 405
Fayetteville, AR 72703
Telephone: (479) 582-5711
jelrod@cwlaw.com
vbronson@cwlaw.com

*Attorneys for Defendant Simmons Foods, Inc. and Simmons Prepared Foods Inc.*

JOSEPH D. CARNEY & ASSOCIATES LLC

By: /s/ *Joseph D. Carney*

Joseph D. Carney (admitted *pro hac vice*)
Telephone: 440-249-0860
Facsimile: 866-270-1221
jdc@jdcarney.com
case@jdcarney.com

Office Address:
139 Crocker Park Boulevard, Ste. 400
Westlake, OH 44145

Mailing Address:
1540 Peach Drive
Avon, OH 44011

MILLER SHAKMAN LEVINE & FELDMAN LLP

Thomas M. Staunton
Daniel M. Feeney
180 North LaSalle Suite 3600
Chicago, IL 60601
Telephone: 312-263-3700
tstaunton@millershakman.com
dfeeney@millershakman.com


D.KLAR LAW

Deborah A. Klar (admitted *pro hac vice*)
Deborah A. Klar, Esq.
2934 1/2 Beverly Glen Circle, Suite 761
Bel Air, CA 90077
Telephone: 310-858-9500
dklar@dklarlaw.com
*Attorneys for Defendants Case Foods, Inc., Case Farms, LLC, and Case Farms Processing, Inc.*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on April 12, 2022, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                           */s/ Lawrence H. Heftman*