# EXHIBIT 3

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **IN RE BROILER CHICKEN ANTITRUST LITIGATION** | Case No. 1:16-cv-08637 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS. | The Honorable Thomas M. Durkin<br>The Honorable Jeffery T. Gilbert |

### NON-GEORGIA DOCK DEFENDANTS' LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT ON ALL TRACK 1 PLAINTIFFS' CLAIMS ALLEGING A "GEORGIA DOCK CONSPIRACY"

The "Moving Defendants,"[1] by their respective undersigned attorneys, submit the following statement of material facts, pursuant to Local Rules 56.1(a)(2) and 56.1(d), in support of their concurrently filed Motion for Partial Summary Judgment on All Track 1 Plaintiffs' Claims Alleging a "Georgia Dock Conspiracy" and the memorandum in support thereof.

### I. THE TRACK 1 PLAINTIFFS

1.     The Track 1 Plaintiffs ("Plaintiffs") are direct and indirect purchasers of broiler chicken products who allege that 20 broiler-producing Defendants and Agri Stats, a provider of

---

[1] "Moving Defendants" are the following ten "Non-Georgia Dock Defendants": Agri Stats, Inc. ("Agri Stats"); Case Foods, Inc., Case Farms, LLC, and Case Farms Processing, Inc. (collectively, "Case Farms"); Foster Farms, LLC and Foster Poultry Farms (collectively, "Foster Farms"), George's Inc. and George's Farms, Inc. (collectively, "George's"); House of Raeford Farms, Inc. ("House of Raeford"); Mountaire Farms Inc., Mountaire Farms, LLC, and Mountaire Farms of Delaware, Inc. (collectively, "Mountaire"), O.K. Foods, Inc., O.K. Farms, Inc., and O.K. Industries, Inc. (collectively, "O.K. Foods"); Peco Foods, Inc. ("Peco"), Perdue Farms, Inc. and Perdue Foods, LLC ("Perdue"); and Simmons Foods, Inc. and Simmons Prepared Foods, Inc. (collectively, "Simmons"). George's and Peco join this Motion only as to those Track 1 DAPs with which they have an active, ongoing dispute. Amick Farms, LLC ("Amick") also is not a Georgia Dock Defendant, but does not join this motion because no Track 1 Plaintiff has pending claims against it.

benchmarking services, entered into an agreement to raise the price of thousands of different broiler chicken products sold to approximately 6,000 direct purchasers between December 1, 2008 and July 31, 2019 (the "relevant time period"). Plaintiffs consist of three putative classes—the Direct Purchaser Plaintiffs ("DPPs"), the End User Consumer Plaintiffs ("EUCPs"), and the Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs"). (DPP Compl., Dkt. 3919; EUCP Compl., Dkt. 3748; CIIP Compl., Dkt. 3929.) Certain Track 1 Plaintiffs are Direct Action Plaintiffs ("DAPs") who have elected to forego class membership.[2]

2.　　　Plaintiffs allege that Defendants conspired to raise broiler prices through three mechanisms: (1) reducing the supply of broiler chickens sold in the United States; (2) conspiring to manipulate the Georgia Dock, an index published by the Georgia Department of Agriculture; and (3) rigging specific bids to certain customers. (*See e.g.*, CIIPP Compl., Dkt. 3929 ¶ 1; DPP Compl., Dkt. 3919 ¶ 1.)

3.　　　The Track 1 Plaintiffs have stipulated that they are not asserting, and will not assert, bid-rigging claims. (*See* Oct. 15, 2021 Order, Dkt. 5128 at 5.) In addition, they do not assert a stand-alone "Georgia Dock claim" against the Non-Georgia Dock Defendants. Rather, Plaintiffs assert that even though the Non-Georgia Dock Defendants are not alleged to have played any part in the purported manipulation of the Georgia Dock, they nevertheless participated in a single "overarching conspiracy" comprised of two parts, *i.e.*, the alleged production cut conspiracy and the alleged conspiracy to manipulate the Georgia Dock index. (*See e.g.*, DAP Compl., Dkt. 4243 ¶¶ 24-30, 598, 655-58, 1034; EUCP Compl., Dkt. 3748 ¶¶ 144, 148, 490; CIIP Compl., Dkt. 3929 ¶¶ 157, 162, 489; DPP Compl., Dkt. 3919 ¶¶ 131, 136, 460.)

---

[2] Track 1 DAPs are identified in Exhibit R hereto.

## II.     BACKGROUND ON THE GEORGIA DOCK

4.      The Georgia Department of Agriculture first began publishing quotes for broiler products in 1966. (Ex. A (GDA0000016263-64) at 16263.).) From 1972 through December 2016, the Georgia Department of Agriculture's Poultry Market News division published the Georgia f.o.b. dock quote.[3] (*See* Ex. B (GDA0000015430-32) at 15431–32; Ex. C (GDA0000008022); Ex. D (GDA0000017069-70) at 17070.) While the Poultry Market News division reported several different weekly quotes for different broiler products (*see* Ex. E. (USDA000000611-615) at 613-614; ██████████████████████████), the quote at issue in this litigation is the Wednesday small bird quote, which was based on the quote for a 2.5-to-3 pound broiler. (*See* Ex. C (The Georgia Dock is "based on full truck load lots of ice pack USDA grade 'A' sized 2½ to 3 pound birds."); Ex. E. at 613-614) This weekly Wednesday quote was known in the broiler industry as the "Georgia Dock." (████████████████████████████████████████
██.)

5.      Contracts for the purchase and sale of broiler products often include flat, grain-based (or other cost-based), or market-based pricing. (*See e.g.*, Ex. B at 15431.); Ex. I (WM-BROILERS_0001098015) (grain matrix); Ex. J (BASHAS00678173) (grain matrix).) Flat pricing describes a contract in which the parties negotiate a price which generally does not change for the duration of the contract. (███████████████████████████) Prices under a grain-based contract may vary during the term of the contract as the cost of grain (used to feed chickens) fluctuates. Contracts that employ market-based pricing use prices that fluctuate over the course of the contract because they are tied in various ways to indices for chicken products.  (*See e.g.*, Ex. B at 15430; █████████████████████████████████████████)

---

[3] ████████████████████████████████████████

6.     The Georgia Dock was one such market-based metric used by some producers and purchasers of broilers in their negotiations and contracts for broiler products. ███████████ Other indices frequently used in broiler contracts and negotiations included the Urner Barry index and the Express Markets, Inc. ("EMI") index. ████████████

███████████████████████████████

███████████████████████

7.     The Georgia Dock was determined by the Georgia Department of Agriculture based on weekly submissions received from certain broiler producers who had broiler slaughter or processing facilities or operations in the State of Georgia.  (*See* Ex. O (GDA0000016331–33); ██ ███████████ ).

## III.     THE GEORGIA DOCK DEFENDANTS

8.     Claxton Poultry, Fieldale Farms, Harrison Poultry, Koch Foods, Mar-Jac Poultry, Pilgrim's Pride, Sanderson Farms, Tyson Foods, and Wayne Farms are referred to in each of the Plaintiffs' complaints, and herein, collectively as the "Georgia Dock Defendants."  Each of the Georgia Dock Defendants has broiler slaughter and processing operations and facilities in the State of Georgia.  *See*  https://www.claxtonpoultry.com/corporation.html;  http://www.fieldale.com; https://www.harrisonpoultry.com/history;  https://kochfoods.com/our-company/frequently-asked-questions/;    https://www.marjacpoultry.com/;    https://sustainability.pilgrims.com/chapters/who-we-are/facilities-and-locations/;             https://sandersonfarms.com/corporate/about-us/plant-locations/?plants=processing_plants;         https://www.tysonfoods.com/sites/default/files/2018-07/Tyson%20Foods%20Major%20Locations.pdf;   https://waynefarms.com/our-brand-story/our-facilities.

9.    At the request of the Georgia Department of Agriculture, each of the Georgia Dock Defendants submitted quotes or other information to the Georgia Department of Agriculture that were used to calculate the weekly Georgia Dock index.[4] (*See e.g.,* Ex. O; ███████████████ )

## IV.    THE NON-GEORGIA DOCK DEFENDANTS

10.    As shown below, with the exception of Perdue, none of the Non-Georgia Dock Defendants had a broiler slaughtering and processing plant in the State of Georgia.  (*See infra,* ¶¶ 17, 25, 33, 40, 47, 54, 61, 68, 82.)

11.    As shown below, Plaintiffs have not alleged, and there is no evidence, that any Moving Defendant participated in the alleged Georgia Dock manipulation.  (*See infra,* ¶¶ 18, 26, 34, 41, 48, 55, 62, 69, 76, 83;  *see also* DPP Compl., Dkt. 3919, ¶¶ 128-146 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748, ¶¶ 141-157 (same).)

12.    As shown below, Plaintiffs have not alleged, and there is no evidence, that any of the Non-Georgia Dock Defendants submitted any prices, quotes, or other information to the Georgia Department of Agriculture during the alleged conspiracy period in connection with the Georgia Dock.  (*See infra,* ¶¶ 19, 27, 35, 42, 49, 56, 63, 70, 77, 84; *see also* DPP Compl., Dkt. 3919, ¶¶ 128-146 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

13.    As shown below, Plaintiffs have not alleged, and there is no evidence, that any of the Non-Georgia Dock Defendants was ever a member of the Georgia Dock Advisory Committee. (*See infra,* ¶¶ 20, 28, 36, 43, 50, 57, 64, 71, 78, 85; *see also* DPP Compl., Dkt. 3919, ¶¶ 128-146

---

[4] Harrison Poultry stopped participating in the Georgia Dock in January 2016. ( ███████████████ )

(no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748, ¶¶ 141-157 (same).)

14.     As shown below, Plaintiffs have not alleged, and there is no evidence, that any of the Non-Georgia Dock Defendants had a role in the creation, development, governance, or administration of the Georgia Dock.  (*See infra,* ¶¶ 21, 29, 37, 44, 51, 58, 65, 72, 79, 86; *see also* DPP Compl., Dkt. 3919, ¶¶ 128-146 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748, ¶¶ 141-157 (same).)

15.     As shown below, Plaintiffs have not alleged, and there is no evidence, that any of the Non-Georgia Dock Defendants had discussions with any of the Georgia Dock Defendants regarding the Georgia Dock Defendants' submissions to the Georgia Department of Agriculture in connection with the Georgia Dock, much less had any discussions with the Georgia Dock Defendants about manipulating the Georgia Dock Defendants' submissions.  (*See infra,* ¶¶ 22, 30, 38, 45, 52, 59, 66, 73, 80, 87; *see also* DPP Compl., Dkt. 3919, ¶¶ 128-146 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748, ¶¶ 141-157 (same).)

16.     As shown below, Plaintiffs have not alleged, and there is no evidence that, any of the Non-Georgia Dock Defendants influenced, directed, or caused a Georgia Dock Defendant to submit the information that it did to the Georgia Department of Agriculture in connection with the Georgia Dock.  (*See infra,* ¶¶ 23, 31, 39, 46, 53, 60, 67, 74, 81, 88; *see also* DPP Complaint, Dkt. 3919, ¶¶ 128-146 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748, ¶¶ 141-157 (same).)

A.    **Agri Stats**

17.    Agri Stats is a benchmarking company incorporated under Indiana law and headquartered in Fort Wayne, Indiana.  Agri Stats is not a broiler producer.  It does not and has never sold any broiler chicken product, and has never had any facilities in Georgia. (*See* Ex. S (Decl. of Eric Scholer in Support of Non-Georgia Dock Defs.' Mot. for Partial Summ. J.) ¶¶ 4-5.)

18.    Plaintiffs have not alleged, and there is no evidence, that Agri Stats participated in the alleged Georgia Dock manipulation.  (*See also* DPP Complaint, Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4244, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748, ¶¶ 141-157 (same); ███████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████

19.    Agri Stats has never submitted any prices, quotes, or other information to the Georgia Department of Agriculture in connection with the Georgia Dock. (Ex. S, ¶ 6; ███████

███████████████████████████████████████████████████████

████████████████████████████

20.    Agri Stats was never a member of the Georgia Dock Advisory Committee. (Ex. S, ¶ 7; *see also* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

21. Agri Stats had no role in the creation, development, governance, or administration of the Georgia Dock. (Ex. S, ¶ 8; *see also* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

22. Plaintiffs have not alleged, and there is no evidence, that Agri Stats had discussions with any of the Georgia Dock Defendants regarding the Georgia Dock Defendants' submissions to the Georgia Department of Agriculture in connection with the Georgia Dock, much less had any discussions with the Georgia Dock Defendants about manipulating the Georgia Dock Defendants' submissions. (*See* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

23. Plaintiffs have not alleged, and there is no evidence, that Agri Stats influenced, directed, or caused a Georgia Dock Defendant to submit the information it did to the Georgia Department of Agriculture in connection with the Georgia Dock. (*See* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

**B. Case Farms**

24. Case Farms is a broiler producer headquartered in Troutman, North Carolina. (Ex. Y (Decl.of Michael Popowycz) ¶5.)

25. Case Farms has never had any broiler slaughter or processing operations or facilities in Georgia. (Ex. Y, ¶6(a).)

26.     Plaintiffs have not alleged, and there is no evidence, that Case Farms participated in the alleged Georgia Dock manipulation. ████████████ ████ ████████████

████████████████████████████████████████████████████████████████████

████████████████████

27.     Plaintiffs have not alleged, and there is no evidence, that Case Farms ever submitted any prices, quotes, or other information to the Georgia Department of Agriculture in connection with the Georgia Dock. (Ex. Y, ¶ 6(b); *see also* DPP Compl., Dkt. 3919, ¶ 131 (not including Case Farms among the defendants who allegedly submitted price reports to the Georgia Department of Agriculture); CIIPP Compl., Dkt 3929, ¶ 157 (same); DAP Complaint, 4243, ¶ 598 (same); EUCP Compl., Dkt. 3748, ¶ 144 (same).)

28.     Plaintiffs have not alleged, and there is no evidence, that Case Farms was ever a member of the Georgia Dock Advisory Committee. (Ex. Y, ¶ 6(c); *see also e.g.,* ████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████); DPP Compl., Dkt 3919, ¶ 136 (Case Farms not alleged to be a member of GDA advisory committee).

29.     Plaintiffs have not alleged, and there is no evidence, that Case Farms had a role in the creation, development, governance, or administration of the Georgia Dock. (Ex. Y, ¶ 6(d); s*ee also* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172



5 ████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████

(same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same);  EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same); ███████████████████████████████████████████████████████

████████████████████████████████████████████████████████)

30.    Plaintiffs have not alleged, and there is no evidence, that Case Farms had discussions with any of the Georgia Dock Defendants regarding the Georgia Dock Defendants' submissions to the Georgia Department of Agriculture in connection with the Georgia Dock, much less had any discussions with the Georgia Dock Defendants about manipulating the Georgia Dock Defendants' submissions.  (*See* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same); ████████████████████████

███████████████████████████████████████████████████████████

██████████████)

31.    Plaintiffs have not alleged, and there is no evidence, that Case Farms influenced, directed, or caused a Georgia Dock Defendant to submit the information it did to the Georgia Department of Agriculture. (*See* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same); ████████████████████████

███████████████████████████████████████████████████████████

██████████████)

### C.    **Foster Farms**

32.    Foster Farms is a broiler producer headquartered in Livingston California. (Ex. AA (Decl. of Randall Boyce) ¶ 4(a).)

33.     Foster Farms has never had any slaughter or processing operations or facilities in Georgia.  (*Id.*; s*ee also* Certain DAP's Supp. RFA Resps. at 6-8;[6] ██████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████

34.     Plaintiffs have not alleged, and there is no evidence, that Foster Farms participated in the alleged Georgia Dock manipulation.  ████████████████████████

████████████████████████████████████████████████████████████████

█████████████████████████████████████████████

35.     Plaintiffs have not alleged, and there is no evidence, that Foster Farms ever submitted any prices, quotes, or other information to the Georgia Department of Agriculture in connection with the Georgia Dock.  (Ex. AA, ¶ 4(b); ██████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

36.     Plaintiffs have not alleged, and there is no evidence, that Foster Farms was ever a member of the Georgia Dock Advisory Committee. (Ex. AA. ¶ 4(c); ████████████████████████.

---

[6] ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
█████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████

37.    Plaintiffs have not alleged, and there is no evidence, that Foster Farms had a role in the creation, development, governance, or administration of the Georgia Dock. (Ex. AA ¶ 4(d); *see also* ████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████

38.    Plaintiffs have not alleged, and there is no evidence, that Foster Farms had discussions with any of the Georgia Dock Defendants regarding the Georgia Dock Defendants' submissions to the Georgia Department of Agriculture in connection with the Georgia Dock, much less had any discussions with the Georgia Dock Defendants about manipulating the Georgia Dock Defendants' submissions. ████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████

39.    Plaintiffs have not alleged, and there is no evidence, that Foster Farms influenced, directed, or caused a Georgia Dock Defendant to submit the information it did to the Georgia Department of Agriculture.

**D.    George's**

40.    George's is a broiler producer with its headquarters in Springdale, Arkansas.  (Ex. JJ (Decl. of Gary George) at ¶ 3.)  George's has never had any slaughter or processing operations or facilities in Georgia. (*Id.* at ¶4(d).)

41.    Plaintiffs have not alleged, and there is no evidence, that George's participated in the alleged Georgia Dock manipulation. (*See* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation);

CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

42. Plaintiffs have not alleged, and there is no evidence, that George's ever submitted any prices, quotes, or other information to the Georgia Department of Agriculture in connection with the Georgia Dock. (*See* Ex. JJ, ¶ 4(b); *see also* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

43. Plaintiffs have not alleged, and there is no evidence, that George's was a member of the Georgia Dock Advisory Committee. (*See* Ex. JJ, ¶4(a); *see also* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

44. Plaintiffs have not alleged, and there is no evidence, that George's had a role in the creation, development, governance, or administration of the Georgia Dock. (*See* Ex. JJ, ¶4(c); *see also* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

45. Plaintiffs have not alleged, and there is no evidence, that George's had discussions with any of the Georgia Dock Defendants regarding the Georgia Dock Defendants' submissions to the Georgia Department of Agriculture in connection with the Georgia Dock, much less had any discussions with the Georgia Dock Defendants about manipulating the Georgia Dock Defendants' submissions. (*See* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

46. Plaintiffs have not alleged, and there is no evidence, that George's influenced, directed, or caused a Georgia Dock Defendant to submit the information it did to the Georgia Department of Agriculture. (*See* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

### E. House of Raeford

47. House of Raeford is a broiler producer headquartered in Rose Hill, North Carolina, and has never had a facility or operations in Georgia to slaughter and process broiler chickens. (Ex. KK (Decl. of Ken Qualls) at ¶ 3(a).)

48. Plaintiffs have not alleged, and there is no evidence, that House of Raeford participated in the alleged Georgia Dock manipulation. (*See* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

49. Plaintiffs have not alleged, and there is no evidence, that House of Raeford ever submitted any prices, quotes, or other information to the Georgia Department of Agriculture in connection with the Georgia Dock. (Ex. KK, ¶3(b); *see also* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

50. Plaintiffs have not alleged, and there is no evidence, that House of Raeford was a member of the Georgia Dock Advisory Committee. (Ex. KK, ¶3(c); *see also* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

51.     Plaintiffs have not alleged, and there is no evidence, that House of Raeford had a role in the creation, development, governance, or administration of the Georgia Dock. (Ex. KK, ¶3(d); *see also* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

52.     Plaintiffs have not alleged, and there is no evidence, that House of Raeford had discussions with any of the Georgia Dock Defendants regarding the Georgia Dock Defendants' submissions to the Georgia Department of Agriculture in connection with the Georgia Dock, much less had discussions with the Georgia Dock Defendants about manipulating the Georgia Dock Defendants' submissions. (*See* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

53.     Plaintiffs have not alleged, and there is no evidence, that House of Raeford influenced, directed, or caused a Georgia Dock Defendant to submit the information it did to the Georgia Department of Agriculture. (*See* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

###     F.     <u>Mountaire</u>

54.     Mountaire is a broiler producer headquartered in Millsboro, Delaware. (Ex. LL (Decl. of Michael Little ) at ¶3.) Mountaire has never had any slaughter or processing operations or facilities in Georgia.  (*Id.* at ¶5(a).)

55.     Plaintiffs have not alleged, and there is no evidence, that Mountaire participated in the alleged Georgia Dock manipulation.  (*See* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation);

CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

56.     Plaintiffs have not alleged, and there is no evidence, that Mountaire ever submitted any prices, quotes, or other information to the Georgia Department of Agriculture in connection with the Georgia Dock.  (Ex. LL, ⁋ 5(b); DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

57.     Plaintiffs have not alleged, and there is no evidence, that Mountaire was ever a member of the Georgia Dock Advisory Committee. (Ex. LL, ⁋ 5(c); *see also* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

58.     Plaintiffs have not alleged, and there is no evidence, that Mountaire had a role in the creation, development, governance or administration of the Georgia Dock. (Ex. LL, ⁋ 5(d); *see also* ██████████████████████████████████████████████ ██████████████████████████████████ DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

59.     Plaintiffs have not alleged, and there is no evidence, that Mountaire had discussions with any of the Georgia Dock Defendants regarding the Georgia Dock Defendants' submissions to the Georgia Department of Agriculture in connection with the Georgia Dock, much less had any discussions with the Georgia Dock Defendants about manipulating the Georgia Dock Defendants' submissions. (*See* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929,

¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

60.     Plaintiffs have not alleged, and there is no evidence, that Mountaire influenced, directed, or caused a Georgia Dock Defendant to submit the information it did to the Georgia Department of Agriculture. (*See* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

### G.     O.K. Foods

61.     O.K. Foods is a broiler producer headquartered in Fort Smith, Arkansas. (Ex. NN (Decl. of Randall Meyers) at ¶ 4(a).) O.K. Foods has never had any broiler slaughter or processing operations or facilities in Georgia.  (*Id.*)

62.     Plaintiffs have not alleged, and there is no evidence, that O.K. Foods participated in the alleged Georgia Dock manipulation. (*See* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).).

63.     Plaintiffs have not alleged, and there is no evidence, that O.K. Foods ever submitted any prices, quotes, or other information to the Georgia Department of Agriculture in connection with the Georgia Dock. (Ex. NN at ¶ 4(b); *see also* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748, ¶¶ 141-157 (same).)

64.     Plaintiffs have not alleged, and there is no evidence, that O.K. Foods was a member of the Georgia Dock Advisory Committee.  (Ex. NN at ¶ 4(d); *see also* DPP Compl., Dkt. 3919,

¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

65.     Plaintiffs have not alleged, and there is no evidence, that O.K. Foods had a role in the creation, development, governance, or administration of the Georgia Dock. (Ex. NN at ¶ 4(d); *see also* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

66.     Plaintiffs have not alleged, and there is no evidence, that O.K. Foods had discussions with any of the Georgia Dock Defendants regarding the Georgia Dock Defendants' submissions to the Georgia Department of Agriculture in connection with the Georgia Dock, much less had any discussions with the Georgia Dock Defendants about manipulating of the Georgia Dock Defendants' submissions. (*See* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).).

67.     Plaintiffs have not alleged, and there is no evidence, that O.K. Foods influenced, directed, or caused a Georgia Dock Defendant to submit the information it did to the Georgia Department of Agriculture. (*See* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).).

### H.     Peco

68.     Peco Foods, Inc. is a broiler producer headquartered in Tuscaloosa, Alabama. (Ex. OO (Decl. of Bobby Wilburn) at ¶ 5(a).) Peco has never had any slaughter or processing operations or facilities in Georgia.  (*Id.*)

69.     Plaintiffs have not alleged, and there is no evidence, that Peco participated in the alleged Georgia Dock manipulation.  (*See* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).).

70.     Plaintiffs have not alleged, and there is no evidence, that Peco ever submitted any prices, quotes, or other information to the Georgia Department of Agriculture in connection with the Georgia Dock. (Ex. OO  at ¶ 5(b); *see also* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

71.     Plaintiffs do not allege, and there is no evidence, that Peco was a member of the Georgia Dock Advisory Committee.  (Ex. OO  at ¶ 5(c);  *see also* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

72.     Plaintiffs do not allege, and there is no evidence, that Peco had a role in the creation, development, governance, or administration of the Georgia Dock. (Ex. OO  at ¶ 5(d); *see also* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

73.     Plaintiffs do not allege, and there is no evidence, that Peco had discussions with any of the Georgia Dock Defendants regarding the Georgia Dock Defendants' submissions to the Georgia Department of Agriculture in connection with the Georgia Dock, much less had any discussions with the Georgia Dock Defendants about manipulating the Georgia Dock Defendants' submissions. (*See* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929,

¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

74.     Plaintiffs have not alleged, and there is no evidence, that Peco influenced, directed, or caused a Georgia Dock Defendant to submit the information it did to the Georgia Department of Agriculture. (*See* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

### I.     Perdue

75.     Perdue is a broiler producer headquartered in Salisbury, Maryland. (*See* DPP Compl., Dkt. 3919, ¶¶ 39-41; CIIPP Compl., Dkt. 3929, ¶¶ 64-66; DAP Compl., Dkt. 4243, ¶¶ 221-223; EUCP Compl., Dkt. 3748 ¶¶ 59-61.) Perdue has a broiler processing facility in Perry, Georgia. *See, e.g.,* "Perdue investing $42 million in Perry cook plant expansion and creating 125 new jobs," April 10, 2018, https://corporate.perduefarms.com/news/press-releases/perry-expansion-announcement/.

76.     Plaintiffs have not alleged, and there is no evidence, that Perdue participated in the alleged Georgia Dock manipulation. (████████████████████████████████████ ███████████████████████; *see also* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).) Furthermore, Plaintiffs' responses to Defendants' contention interrogatories say nothing about Perdue's involvement in the Georgia Dock during the alleged conspiracy period. ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████ )

77.　Plaintiffs have not alleged, and there is no evidence, that Perdue ever submitted any prices, quotes, or other information to the Georgia Department of Agriculture during the alleged conspiracy period in connection with the Georgia Dock.  (*See* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

78.　Plaintiffs have not alleged, and there is no evidence, that Perdue was a member of the Georgia Dock Advisory Committee. (*See* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

79.　Plaintiffs have not alleged, and there is no evidence, that Perdue had a role in the creation, development, governance, or administration of the Georgia Dock. (*See* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

80.　Plaintiffs have not alleged, and there is no evidence, that Perdue had discussions with the Georgia Dock Defendants regarding the Georgia Dock Defendants' submissions to the Georgia Department of Agriculture in connection with the Georgia Dock, much less had any discussions with the Georgia Dock Defendants about manipulating the Georgia Dock Defendants' submissions.  (*See* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

81. Plaintiffs have not alleged, and there is no evidence, that Perdue influenced, directed, or caused a Georgia Dock Defendant to submit the information it did to the Georgia Department of Agriculture. (*See* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

**J.    Simmons**

82. Simmons is a broiler producer headquartered in Siloam Springs, Arkansas. (Ex. QQ (Decl. of Chip Miller) at ¶ 4. Simmons has never had any slaughter or processing operations or facilities in Georgia. (*Id.* at ¶ 5(D).)

83. Plaintiffs have not alleged, and there is no evidence, that Simmons participated in the alleged Georgia Dock manipulation.  (*See* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

84. Plaintiffs have not alleged, and there is no evidence, that Simmons ever submitted any prices, quotes, or other information to the Georgia Department of Agriculture in connection with the Georgia Dock.  (Ex. QQ, ¶ 5(B); *See also* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

85. Plaintiffs have not alleged, and there is no evidence, that Simmons was a member of the Georgia Dock Advisory Committee.  (Ex. QQ, ¶ 5(C); *see also* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

86. Plaintiffs have not alleged, and there is no evidence, that Simmons had a role in the creation, development, governance, or administration of the Georgia Dock. (Ex. QQ, ¶ 5(A); *see also* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

87. Plaintiffs have not alleged, and there is no evidence, that Simmons had discussions with any of the Georgia Dock Defendants regarding the Georgia Dock Defendants' submissions to the Georgia Department of Agriculture in connection with the Georgia Dock, much less had any discussions with the Georgia Dock Defendants about manipulating the Georgia Dock Defendants' submissions. (*See* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

88. Plaintiffs have not alleged, and there is no evidence, that Simmons influenced, directed, or caused a Georgia Dock Defendant to submit the information it did to the Georgia Department of Agriculture. (*See* DPP Compl., Dkt. 3919, ¶¶ 128-136 (no allegation); CIIPP Compl., Dkt. 3929, ¶¶ 154-172 (same); DAP Compl., Dkt. 4243, ¶¶ 587-839 (same); EUCP Compl., Dkt. 3748 ¶¶ 141-157 (same).)

DATED:  April 12, 2022                                   Respectfully Submitted,

ROSE LAW FIRM

By: /s/ *Lawrence H. Heftman*

ARENTFOX SCHIFF LLP

Lawrence H. Heftman
Margaret A. Hickey
Kylie S. Wood
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone: (312) 258-5500
lawrence.heftman@afslaw.com
maggie.hickey@afslaw.com
kylie.wood@afslaw.com

Robert J. Wierenga
Suzanne L. Wahl
350 South Maine Street, Suite 210
Ann Arbor, MI 48104
Telephone: (734) 222-1500
robert.wierenga@afslaw.com
suzanne.wahl@afslaw.com

John W. Treece (#3122889)
1135 West Montana Street
Chicago, IL 60614
Telephone: (312) 961-7808
jtreece@jwtreece.com

Amanda K. Wofford (admitted *pro hac vice*)
Bourgon Reynolds (admitted *pro hac vice*)
120 East Fourth Street
Little Rock, Arkansas 72201
Telephone: (501) 375-9131
awofford@roselawfirm.com
breynolds@roselawfirm.com

*Attorneys for Defendants Mountaire Farms Inc.,*
*Mountaire Farms, LLC and Mountaire Farms of*
*Delaware, Inc.*

VENABLE LLP

By: /s/ *J. Douglas Baldridge*
J. Douglas Baldridge (#437678)
Lisa Jose Fales (admitted *pro hac vice*)
Danielle Foley (admitted *pro hac vice*)
Andrew Hernacki (admitted *pro hac vice*)
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: 202-344-8300
jdbaldridge@venable.com
ljfales@venable.com
drfoley@venable.com
athernacki@venable.com

FALKENBERG IVES LLP

Kirstin B. Ives
30 N. LaSalle St., Ste 4020
Chicago, IL 60602
Telephone: (312) 566-4803
Facsimile: (312) 566-4810
kbi@ffilaw.com

*Attorneys for Defendants Perdue Farms, Inc. and Perdue Foods LLC*

VEDDER PRICE P.C.

By: /s/ *Gregory G. Wrobel*
Gregory G. Wrobel (#3122900)
222 N. LaSalle Street
Chicago, IL 60601
Telephone: (312) 609-7722
Facsimile: (312) 609-5005
gwrobel@vedderprice.com

JORDAN PRICE WALL GRAY JONES & CARLTON, PLLC

Henry W. Jones, Jr. (admitted *pro hac vice*)
1951 Clark Avenue
Raleigh, NC 27605
Telephone: (919) 828-2501
Facsimile: (919) 834-8447
hjones@jordanprice.com

*Attorneys for Defendant House of Raeford Farms, Inc.*

MAYER BROWN LLP

By: /s/ *Carmine R. Zarlenga*
Carmine R. Zarlenga (#90784529)
William H. Stallings (admitted *pro hac vice*)
Stephen M. Medlock (admitted *pro hac vice*)
Oral D. Pottinger (admitted *pro hac vice*)
1999 K Street N.W.
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
czarlenga@mayerbrown.com
wstallings@mayerbrown.com
smedlock@mayerbrown.com
opottinger@mayerbrown.com

*Attorneys for Defendant Foster Farms, LLC and Foster Poultry Farms, a California Corporation*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ *Patrick Fitzgerald*
Patrick Fitzgerald (#6307561)
Gail Lee
155 N. Wacker Drive
Chicago, IL 60606
Telephone: (312) 407-0700
Facsimile: (312) 407-0411
patrick.fitzgerald@skadden.com
gail.lee@skadden.com

Boris Bershteyn (admitted *pro hac vice*)
Lara Flath (#6289481)
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
boris.bershteyn@skadden.com
lara.flath@skadden.com

*Attorneys for Defendant Peco Foods, Inc.*

KUTAK ROCK LLP
By: /s/ John P. Passarelli
John P. Passarelli
James M. Sulentic
1650 Farnam Street
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
john.passarelli@kutakrock.com
james.sulentic@kutakrock.com

J.R. Carroll
Jeffrey M. Fletcher
Stephen M. Dacus
234 East Millsap Road, Suite 200
Fayetteville, AR 72703-4099
Telephone: (479) 973-4200
Facsimile: (479) 973-0007
jr.caroll@kutakrock.com
jeffrey.fletcher@kuakrock.com
stephen.dacus@kutakrock.com

*Attorneys for Defendants O.K. Foods, Inc., O.K. Farms, Inc., and O.K. Industries, Inc.*

HOGAN LOVELLS US LLP

By: /s/ *William L. Monts III*
William L. Monts III (admitted *pro hac vice*)
Justin W. Bernick (admitted *pro hac vice*)
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
Telephone: (202) 637-5910
Facsimile: (202) 637-5911
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com

MILLER, CANFIELD, PADDOCK, AND STONE P.L.C.

Jacob D. Koering
225 West Washington Street, Ste 2600
Chicago, Illinois 60606
Telephone: (312) 460-4272
Facsimile: (312) 460-4201
koering@millercanfield.com

*Attorneys for Defendant Agri Stats, Inc.*

STINSON LLP

By: /s/ *William L. Greene*
William L. Greene (admitted *pro hac vice*)
Peter J. Schwingler (admitted *pro hac vice*)
Kevin P. Kitchen (admitted *pro hac vice*)
50 South Sixth Street, Ste 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
kevin.kitchen@stinson.com

J. Nicci Warr
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
Telephone: (314) 259-4570
nicci.warr@stinson.com

SUGAR FELSENTHAL GRAIS &
HELSINGER LLP

John C. Martin
30 N. LaSalle Street, Ste 3000
Chicago, IL 60602
Telephone: (312) 704-2172
Facsimile: (312) 372-7951
jmartin@sfgh.com

THE LAW GROUP OF NORTHWEST
ARKANSAS LLP

Gary V. Weeks (admitted *pro hac vice*)
K.C. Dupps Tucker (admitted *pro hac vice*)
Kristy E. Boehler (admitted *pro hac vice*) 1830
Shelby Lane
Fayetteville, AR 72704
Telephone: (479) 316-3760
gary.weeks@lawgroupnwa.com
kc.tucker@lawgroupnwa.com
kristy.boehler@lawgroupnwa.com

*Attorneys for Defendants George's, Inc. and*
*George's Farms, Inc.*

SHOOK HARDY & BACON LLP

By:  /s/ *Lynn H. Murray*
Lynn H. Murray
111 S. Wacker Dr., Ste 4700
Chicago IL 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195
lhmurray@shb.com

Laurie A. Novion
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
lnovion@shb.com

CONNER & WINTERS

John R. Elrod
Vicki Bronson (admitted *pro hac vice*)
4375 N. Vantage Drive, Ste. 405
Fayetteville, AR 72703
Telephone: (479) 582-5711
jelrod@cwlaw.com
vbronson@cwlaw.com

*Attorneys for Defendant Simmons Foods, Inc. and*
*Simmons Prepared Foods Inc.*

JOSEPH D. CARNEY & ASSOCIATES LLC

By: /s/ *Joseph D. Carney*
Joseph D. Carney (admitted *pro hac vice*)
Telephone: 440-249-0860
Facsimile: 866-270-1221
jdc@jdcarney.com
case@jdcarney.com

Office Address:
139 Crocker Park Boulevard, Ste. 400
Westlake, OH 44145

Mailing Address:
1540 Peach Drive
Avon, OH 44011

MILLER SHAKMAN LEVINE &
FELDMAN LLP

Thomas M. Staunton
Daniel M. Feeney
180 North LaSalle Suite 3600
Chicago, IL 60601
Telephone: 312-263-3700
tstaunton@millershakman.com
dfeeney@millershakman.com

D.KLAR LAW

Deborah A. Klar (admitted *pro hac vice*)
Deborah A. Klar, Esq.
2934 1/2 Beverly Glen Circle, Suite 761
Bel Air, CA 90077
Telephone: 310-858-9500
dklar@dklarlaw.com

*Attorneys for Defendants Case Foods, Inc., Case Farms, LLC, and Case Farms Processing, Inc.*

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 12, 2022, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Lawrence H. Heftman*