UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 16 C 8637 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Amory Investments LLC, Campbell Soup Company, Campbell Soup Supply Company, L.L.C., John Soules Foods, Inc., John Soules Acquisitions LLC, Sysco Corporation, Target Corporation, and US Foods, Inc. brought claims against defendants Utrecht-America Holdings, Inc., Rabo AgriFinance LLC, Rabobank USA Financial Corporation, Utrecht-America Finance Co., and Coöperatieve Rabobank, U.A., New York Branch (collectively "Rabobank"). The Court dismissed those claims for failure to state a claim [4729], permitted an amended complaint, and then dismissed them again [5429]. Plaintiffs now seek entry of final judgment under Federal Rule of Civil Procedure 54(b) to permit an immediate appeal.

Appeal should be permitted here because the parties and the Court would benefit from certainty regarding whether Rabobank will be a party in this case. This case is: a highly complex antitrust matter; is more than five years old; has suffered delays due to a related criminal investigation and the pandemic; but is now on course for an initial trial in the fall of 2023. Uncertainty as to Rabobank's role in this case is an additional complication that should be avoided.

Rabobank opposes the motion arguing that there is "significant factual overlap" between "the dismissed claims against Rabobank and the remaining claims in this litigation," which counsels against piecemeal appeals. The Court agrees there is a significant relationship between the claims, but not overlap. The Court dismissed the claims against Rabobank despite permitting the claims against all other defendants, having found plausible allegations of a conspiracy among chicken producers. Unlike all but one of the other defendants, Rabobank is not a producer of chicken meat. Just as this Court did, the Court of Appeals will be able to assume to the truth of the conspiracy allegations against the other defendants, and separately evaluate the plausibility that Rabobank, a financier, participated in that conspiracy.

Rabobank also argues that this motion will be moot if the Court grants summary judgment to the other defendants. This is true as far as it goes. On the other hand, should the dismissal be reversed, Rabobank's presence as a party could change the parties' and the Court's evaluation of summary judgment.

Lastly, Rabobank argues that granting this motion will be a step on a slippery slope of piecemeal appeals as the case proceeds. The Court, however, does not anticipate multiple dismissals at random times. Certain parties may be dismissed at summary judgment or on the anticipated motion to dismiss. The Court may be asked to evaluate whether it is appropriate to enter final judgment against those parties. This is a possibility. Although, because such rulings will necessarily be closer to a trial date, it is not at all certain final judgment would be granted. In any case, the

2

Court does not perceive those isolated possibilities to be a burden on this Court or the Court of Appeals. It is simply an unavoidable aspect of a case of this size.

Therefore, the motion for entry of final judgment [5441] is granted. The Court finds there is no just reason for delay and enters final judgment in favor of defendants Utrecht-America Holdings, Inc., Rabo AgriFinance LLC, Rabobank USA Financial Corporation, Utrecht-America Finance Co., and Coöperatieve Rabobank, U.A., New York Branch.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: April 29, 2022

3