IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION* <br><br> This Document Relates To: All Actions | Case No. 16 C 8637 <br><br> Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Costco Wholesale Corporation's ("Costco") Motion and Memorandum in Support to Permit Costco's Compliance with Document Subpoena and Request for Expedited Ruling [ECF No. 5650]. For the reasons discussed below, the Motion is denied.

**BACKGROUND**

The Court assumes the parties' familiarity with the extensive facts and procedural history of this case and only will highlight facts relevant to resolution of Costco's Motion [ECF No. 5650]. Contrary to what Costco says in its Motion, the relevant background does not start with Costco's initiation of a private arbitration against Tyson Foods, Inc. ("Tyson") on December 10, 2021, but instead begins on September 2, 2016, with the filing of the first complaint in this case—*In re Broiler Chicken Antitrust Litigation*, Case No. 16 C 8637. *See* [ECF No. 1].

When this case was filed nearly six years ago, Costco was a putative class member in the Direct Purchaser Plaintiffs' class. A few months after the first complaint was filed, the parties submitted, and the Court entered on November 8, 2016, an Agreed Confidentiality Order [ECF No. 202]. Among other provisions, the

Agreed Confidentiality Order prohibits the parties from using or disclosing "Confidential Information" and "Highly Confidential Information" (as defined in the Order) "*for any purpose whatsoever other than the prosecution or defense of claims in, or in the settlement of, this litigation, including any appeal thereof.*" Agreed Confidentiality Order [ECF No. 202], at ¶6(a) (emphasis added). The Agreed Confidentiality Order also provides an exception to the disclosure prohibition when a party is compelled by subpoena or court order to produce Confidential Materials in other litigation, and it sets forth specific procedures for notice to the affected parties to allow them an opportunity to protect their information. *Id.* at ¶15. A stated purpose of the "subpoena exception" in Paragraph 15 is to make clear that "nothing in [the Agreed Confidentiality Order] should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court." *Id.* at ¶15(c). Over the last six years and in reliance on the safeguards provided in the Agreed Confidentiality Order, all Defendants have produced and designated as Confidential or Highly Confidential millions of pages of documents and multiple terabytes of data, and hundreds of depositions with Confidential and Highly Confidential testimony have been taken.

On August 27, 2021, after this case had been pending for almost five years, Costco opted out of the putative Direct Purchaser Plaintiffs' class and filed its own direct action complaint against 14 of the 21 Defendant families named in the Direct Purchaser Plaintiffs' class action. *See Costco Wholesale Corp. v. Koch Foods, Inc.*, Case No. 21 C 4611 (N.D. Ill. Aug. 27, 2021). Costco, however, did not name Tyson as

a defendant in its complaint. The Court granted Costco's motion to reassign its case to this case as related. *See* [ECF No. 5015]. After reassignment, Defendants produced to Costco the Confidential and Highly Confidential Materials and testimony produced pursuant to and protected by the Agreed Confidentiality Order in this case.

Almost four months after filing its direct action complaint, Costco then initiated a private arbitration against Tyson on December 10, 2021. In response, Tyson filed a motion for preliminary and permanent injunctions in this case seeking to enjoin the arbitration.[1] *See* [ECF Nos. 5355, 5365]. Judge Durkin denied Tyson's motion and declined to enjoin the arbitration from proceeding. *See* [ECF No. 5421]. Of note, however, in its briefing and argument opposing Tyson's motion, Costco represented that in pursuing the arbitration against Tyson it did "not intend to violate any order" entered in this case. February 3, 2022 Transcript [ECF No. 5419], at 29:24-25. Specifically, in response to a question from Judge Durkin, counsel for Costco stated:

> We do not intend to violate any order – Court order. And, yes, we would agree, if there's a dispute between the parties, you are the logical person for it to come back to. That's why we didn't contest it here and we wouldn't contest in the future. This is your case, these are your orders, and we fully agree with that.

February 3, 2022 Transcript [ECF No. 5419], at 26:4-9.

---

[1] At that time, Tyson raised concerns regarding Costco's potential use of the discovery it obtained in this case in the arbitration, but Costco dismissed those concerns as "premature and likely inaccurate" because the arbitration "provides for discovery" and "it is impossible at this time to know what the discovery in the arbitration will be." Costco's Memorandum of Law in Opposition to Tyson's Motion for Preliminary and Permanent Injunctions [ECF Nos. 5381, 5388], at 13.

3

Soon after Judge Durkin denied Tyson's motion for preliminary and permanent injunctions, it became clear that Costco wanted to use in the arbitration some of Defendants' Confidential and Highly Confidential Materials produced in this case. *See* Costco's Motion [ECF No. 5650], at 1-3. Costco, however, did not seek Defendants' agreement to modify the Agreed Confidentiality Order to allow production and/or use of *Broiler Chicken Antitrust Litigation* discovery in its arbitration with Tyson nor did it seek relief from this Court to modify the Agreed Confidentiality Order as it represented it would. Instead, on April 15, 2022, Costco asked the arbitrator to issue a subpoena to Tyson covering all materials produced in the *Broiler Chicken Antitrust Litigation. See* Costco's Motion [ECF No. 5650], at 3. Tyson objected to the subpoena, and as Costco explains, the arbitrator denied its request, citing the breadth of the subpoena and the burden on Tyson to have to give notice to all the parties whose information would be produced. *See* Costco's Motion [ECF No. 5650], at 3. Costco also acknowledges that the arbitrator recognized it would not be proper to require Tyson to be the party to have to justify to this Court why a subpoena was issued (that clearly is in conflict with the Agreed Confidentiality Order) in the event there was an objection. *See* Costco's Motion [ECF No. 5650], at 4.

Just over a week later, Costco submitted a narrower subpoena to the arbitrator covering the materials relied upon by two of Plaintiffs' experts in this case, including the expert report of James T. McClave, Ph.D., dated August 21, 2021 ("McClave Report") and the expert report of Alan S. Frankel, Ph. D., dated August 31, 2020

4

(Frankel Report").[2] *See* Costco's Motion [ECF No. 5650], at 4. This time Costco proposed that the arbitrator issue the subpoena to Costco itself rather than Tyson. *Id.* Tyson again opposed the issuance of any subpoena. Over Tyson's objection, however, the arbitrator issued a subpoena to Costco on May 24, 2022, and the American Arbitration Association transmitted the subpoena to Costco and Tyson on May 25, 2022. *See* Costco's Motion [ECF No. 5650], at 4.

That same day, Costco provided notice to all Defendants of the arbitrator's subpoena and requested Defendants respond by May 27, 2022, if they had any concerns. *See* Costco's Motion [ECF No. 5650], at 4. On May 28, 2022, counsel for Defendant Case Foods, Inc. responded on behalf of all Defendants and indicated that "some or most" of Defendants (hereinafter, "Objecting Defendants") would object to Costco using in its private arbitration with Tyson any of their confidential documents and information produced in the *Broiler Chicken Antitrust Litigation* as a violation of the Agreed Confidentiality Order.[3] *See* Costco's Motion [ECF No. 5650], at 4-5.

---

[2] It is not disputed that the material relied upon in the McClave and Frankel Reports include documents, data, and deposition testimony that have been produced or provided by Defendants in connection with this case and that such materials have been designated Confidential or Highly Confidential.

[3] Objecting Defendants include: Agri Stats, Inc.; Amick Farms, LLC; Case Farms Processing, Inc.; Case Farms, LLC; Case Foods, Inc.; Fieldale Farms Corporation; Foster Farms, LLC; Foster Poultry Farms, a California Corporation; George's Farms, Inc.; George's, Inc.; Harrison Poultry, Inc.; House of Raeford Farms, Inc.; JCG Foods of Alabama LLC; JCG Foods of Georgia LLC; Koch Foods Incorporated; Koch Meat Co., Inc.; Mar-Jac AL/MS, Inc.; Mar-Jac Holdings, Inc.; Mar-Jac Poultry AL, LLC; Mar-Jac Poultry MS, LLC; Mar-Jac Poultry, Inc.; Mar-Jac Poultry, LLC; Mountaire Farms Inc.; Mountaire Farms of Delaware, Inc.; Mountaire Farms, LLC; Norman W. Fries, Inc. d/b/a Claxton Poultry Farms; O.K. Farms, Inc.; O.K. Foods, Inc.; O.K. Industries, Inc.; Perdue Farms, Inc.; Perdue Foods LLC; Sanderson Farms, Inc.; Simmons Foods, Inc.; Simmons Prepared Foods Inc.; and, Wayne Farms LLC. The Objecting Defendants does not include Pilgrim's Pride Corp., Peco Foods, Inc. or Tyson.

5

The parties met and conferred on May 31, 2022 but did not reach resolution. *See* Costco's Motion [ECF No. 5650], at 5. Costco filed the instant Motion on June 2, 2022 and requested expedited briefing and resolution of this dispute. The Motion became fully briefed on June 15, 2022 and now is ripe for decision.

## ANALYSIS

Under Rule 26(c) of the Federal Rules of Civil Procedure, a court may enter a protective order for good cause to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). The party requesting any modification of a protective order has the burden of showing good cause for its proposed modification. FED. R. CIV. P. 26(c); *see also Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.,* 234 F.R.D. 175, 179 (N.D. Ill. 2006). "The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." *County Materials Corp. v. Allan Block Corp.,* 502 F.3d 730, 739 (7th Cir. 2007). When considering a request to modify a protective order, judges in this district have adopted a four-factor test: "(1) the nature of the protective order; (2) the foreseeability, at the time of issuance of the order, of the modification requested; (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification." *Murata,* 234 F.R.D. at 179. The Court finds that all these factors weigh against modifying the parties' Agreed Confidentiality Order in this case.

6

In the Court's view, use of Objecting Defendants' Confidential and/or High Confidential Materials in the private arbitration between Costco and Tyson is a clear violation of the parties' Agreed Confidentiality Order in this case, and Costco has not established good cause for altering the protections established in that Agreed Order upon which all parties to this case, including Objecting Defendants, have relied for more than five years. The Court agrees with Objecting Defendants that Costco's Motion must be denied. After being a putative class member in the Direct Purchaser Plaintiffs' class for five years and then an individual direct action plaintiff for four months, Costco elected to assert its antitrust claims against Tyson in a private arbitration over Tyson's objections. Presumably, Costco decided on this course of action to obtain the benefit of an expedited arbitration schedule, among other reasons. A limit on the discovery parties can obtain in an arbitration, however, is part and parcel of an expedited schedule. That is how Costco elected to pursue its claims against Tyson. Costco cannot obtain the benefit of the arbitration proceeding and at the same time still take advantage of the discovery produced under the Agreed Confidentiality Order by the parties to this case.

As an initial matter, the Court notes that Costco did not come to this Court in the first instance as it said it would and seek to modify the Agreed Confidentiality Order entered in this case. In his oral ruling denying Tyson's motion for preliminary and permanent injunctions, Judge Durkin noted: "Costco also promised that they would bring any discovery dispute in the arbitration either to me or Judge Gilbert to resolve to the extent it implicates or is in any way inconsistent with the discovery

7

rulings Judge Gilbert and I have already entered." February 8, 2022 Transcript [ECF No. 5425], at 6:23-25-7:1-2. Judge Durkin made crystal clear when he allowed the arbitration to proceed that he would not countenance an end run around the Agreed Confidentiality Order: "I will enjoin any discovery in the arbitration proceedings which I find will evade discovery orders in this case or otherwise cause undue prejudice to the parties in this case." February 8, 2022 [ECF 5425], at 7:3-6. In any event, the issue is now before this Court to resolve.

As Objecting Defendants emphasize, Costco does not cite any legal authority in support of the relief it seeks in its Motion. Critically, Costco is not asking to use information that it otherwise could have obtained from non-party Objecting Defendants through discovery in the arbitration. Objecting Defendants confirm that Costco did not try to obtain any discovery from them as part of the arbitration, presumably due to the weight of authority establishing that a discovery subpoena issued by an arbitrator against non-parties would not be enforceable.[4]

---

[4] *See, e.g.*, *CVS Health Corp. v. Vividus, LLC*, 878 F.3d 703, 708 (9th Cir. 2017) ("We hold that section 7 of the Federal Arbitration Act does not grant arbitrators the power to order third parties to produce documents prior to an arbitration hearing."); *Matria Healthcare, LLC v. Duthie*, 584 F. Supp. 2d 1078, 1082-83 (N.D. Ill. 2008) (recommending denial of motion to enforce arbitration discovery subpoena against non-party because Federal Arbitration Act does not provide arbitrators authority to require non-parties to participate in discovery); *Ware v. CD Peacock, Inc.*, No. 10 C 2587, 2010 WL 1856021 (N.D. Ill. May 7, 2010) (recommending granting of motion to quash arbitration subpoena directed to non-party for her deposition and discussing circuit split regarding whether Federal Arbitration Act allows pre-hearing discovery from non-parties); *Next Level Planning & Wealth Mgmt., LLC v. Prudential Ins. Co. of Am.*, No. 18-MC-65, 2019 WL 585672 (E.D. Wis. Feb. 13, 2019) (recommending denial of motion to enforce an arbitration subpoena for documents against a non-party based on the plain language of the Federal Arbitration Act).

Objecting Defendants argue, and the Court agrees, that the *Vividus* ruling by the Ninth Circuit—where Costco's arbitration is pending—is factually on point and is instructive.[5] In that case, plaintiff HMC brought antitrust claims against some parties, including Express Scripts, in federal court and antitrust claims against other parties in an arbitration. 878 F.3d at 705. HMC sought and obtained from the arbitrator a subpoena to Express Scripts (which was not a party in the arbitration) ordering it to produce in the arbitration certain documents that Express Scripts had produced pursuant to a protective order in the federal court case. *Id.* Express Scripts did not respond to the subpoena, and HMC filed a petition to enforce the subpoena in federal court. *Id.* The district court denied HMC's petition, concluding that section 7 of the Federal Arbitration Act, 9 U.S.C. § 7, "does not confer upon an arbitrator authority to compel pre-hearing document discovery from a non-party to the arbitration outside the presence of an arbitrator." *Id.* at 705-06. The Ninth Circuit affirmed based on a plain reading of section 7. *Id.* at 706-07.

Costco is trying to do the same thing here that HMC did in *Vividus*, except through a subpoena to itself rather than to third parties who are not parties in the arbitration—*i.e.*, Objecting Defendants. Costco says that distinguishes the instant case from *Vividus* because that case involved a subpoena issued to a third party. In the Court's view, that is a distinction without a difference. By issuing the subpoena at issue to itself, Costco effectively is seeking to obtain Objecting Defendants'

---

[5] *See Vividus, LLC*, 878 F.3d at 706-07 (noting that "the circuit courts that have addressed this question most recently have interpreted section 7 similarly," and citing rulings from the Second, Third, and Fourth Circuits precluding third-party discovery).

9

documents that were produced to Costco and other parties in this case for use in the arbitration just as if Costco had issued the subpoena directly to those Defendants. In other words, Costco is attempting to do exactly what HMC was trying to do in *Vividus* – obtain third-parties' documents for use in an arbitration proceeding.

Costco titled its Motion as a "Motion to Permit Costco's Compliance with Document Subpoena." *See* Costco's Motion [ECF No. 5650]. But the "subpoena" Costco has issued to itself is not recognizable as a subpoena under any reasonable understanding of that term as generally used in federal court litigation. It is, rather, a transparent attempt by Costco to circumvent the Agreed Confidentiality Order and to produce in the arbitration Confidential and Highly Confidential Information it obtained from Objecting Defendants in this case, which information is subject to the Agreed Confidentiality Order, all of which Costco has in its possession only because it is a party in this litigation and otherwise cannot produce or use in the arbitration.

The Court disagrees with Costco's characterization that it is simply "responding" to a subpoena to produce documents, and the Court finds that Paragraph 15 of the Agreed Confidentiality Order, which Costco relies on in its Motion, does not have any application in these circumstances. The stated intent of the exception set out in Paragraph 15 is to prevent a party from being caught between two conflicting enforceable court orders—the Agreed Confidentiality Order restricting disclosure and a subpoena or court order in another case compelling disclosure. Costco cannot manufacture a purported conflict by requesting the arbitrator issue a subpoena to itself. That would turn the protections provided by any

10

such confidentiality orders on their head, and any confidentiality afforded to documents and information produced pursuant to similar confidentiality orders would be meaningless. If Costco's approach were permitted, then any party could circumvent the protections a confidentiality order or agreement affords (and to which the party agreed) and produce in a separate proceeding any third-party confidential information it has in its possession (and that it otherwise would not have) simply by subpoenaing itself, and that is neither just nor reasonable.

In addition to taking issue with Costco's attempt to circumvent the reasonable and valid provisions of the Agreed Confidentiality Order in this case, Objecting Defendants also rely on the other factors a court must consider when deciding whether to modify a protective order, and they substantively object to Costco's attempt to use their Confidential and Highly Confidential Information in another proceeding. During the discovery phase of this case, Plaintiffs obtained a significant amount of information, documents, and data from all Defendants, and Defendants produced their documents and data in reliance on *a negotiated and Agreed Confidentiality Order* that (1) safeguarded Confidential Information from disclosure to the outside world; and (2) *guaranteed the materials would be used solely in connection with the present lawsuit*.

In litigation, courts routinely balance a requesting party's discovery needs with the producing party's confidentiality interests by strictly limiting use of the produced confidential materials to the case at hand, as the Agreed Confidentiality Order does in this case. If Costco wanted the benefit of all the discovery, including the

11

Confidential and Highly Confidential Information, and the expert reports produced in this ligation when prosecuting its claims against Tyson, then Costco could have named Tyson as a Defendant in its direct action complaint rather than pursuing its claims in a private arbitration. Costco chose not to do that. Instead, Costco chose to arbitrate its claims against Tyson with the limited discovery allowed in that proceeding, and it cannot use documents and information produced in this case, which are protected from disclosure pursuant to the terms of the Agreed Confidentiality Order, consistent with that Order.

Costco also contends that Objecting Defendants' arguments lack merit because there is a protective order in the arbitration that will maintain the confidentiality of any information produced and/or used in the arbitration. Any protective order entered in the arbitration, however, does not cure the problem. The bottom line is that production of Objecting Defendants' Confidential Information beyond the permitted universe of individuals covered by the Agreed Confidentiality Order in this case, specifically to the arbitrator and anyone working with her, plainly violates the terms of the Agreed Confidentiality Order. Costco's assurances that there will be no further disclosure beyond the arbitrator and her staff also do not cure the problem. The existence of a protective order in the arbitration—that Costco claims provides the same protections as the Agreed Confidentiality Order entered in this case—does not guarantee any protection or reassurance to Objecting Defendants who are not parties to the arbitration. The Court means no disrespect to the arbitrator or her staff, but disclosure of Confidential Information produced in this case to them simply

is not permitted under the Agreed Confidentiality Order entered in this case whether there is a protective order in the arbitration or not, full stop. Further, Objecting Defendants, as outsiders to that proceeding, have no ability to monitor any inadvertent disclosure, much less any ability to enforce any protective order in the arbitration if a need to do so should arise.

In its reply brief, Costco argues that Objecting Defendants fail to make "any credible claim that use in the Arbitration of their confidential information will cause, or has any potential to cause, the kind of injury the Agreed Confidentiality Order is designed to protect against." Costco Reply [ECF No. 5668], at 2. That argument, however, misses the mark. Objecting Defendants do not have the burden here. It is Costco's burden to establish good cause for any proposed modification of the Agreed Confidentiality Order, and it has not done so. Costco's arguments boil down to the assertion that Objecting Defendants will not be prejudiced by use of their Confidential and Highly Confidential information in the arbitration because there are adequate safeguards to protect against unpermitted disclosure or misuse of that information. As discussed above, however, the Court disagrees with that characterization. Defendants are not parties to the arbitration, and they have no ability to monitor or police the use of their sensitive documents in that proceeding. Moreover, whether or not the law formally requires Objecting Defendants to show they will be prejudiced if Costco is allowed to comply with the "subpoena" it issued to itself and use their documents in the arbitration, Objecting Defendants have shown they would suffer prejudice in view of their longstanding reliance on the Agreed

13

Confidentiality Order which was intended to prevent Objecting Defendants from being put into precisely that position.

As discussed above, the Court also is not persuaded by Costco's argument that Paragraph 15 of the Agreed Confidentiality Order is applicable here. Instead, it is Paragraph 6 of the Agreed Confidentiality Order that is at issue, and the parties are prohibited from using or disclosing any Confidential Information produced in the *Broiler Chicken Antitrust Litigation* "for any purpose whatsoever other than the prosecution or defense of claims in, or in the settlement of, this litigation, including any appeal thereof." Agreed Confidentiality Order [ECF No. 202], at ¶6(a). Costco is bound by the Agreed Confidentiality Agreement, and if it wants relief from its requirements, then it must establish there is good cause to modify that provision to allow for documents and other Confidential Information produced in this case to be produced and used in the arbitration. In the Court's view, Costco has not shown good cause. The Agreed Confidentiality Order clearly prohibits disclosure of any Confidential Information "for any purpose other than prosecution or defense of claims in, or in the settlement of," the *Broiler Chicken Antitrust Litigation*. The Court sees no good reason to change the status quo years after the Agreed Confidentiality Order was entered particularly for the reasons advanced here by Costco.

In a last ditch effort to support its Motion, Costco argues that the production of the expert reports and supporting documents in its arbitration with Tyson is similar to two other cases—*In re Broiler Chicken Grower Antitrust Litigation*, Case No. 6:20-MD-2977 (E.D. Okla.), and *Washington v. Tyson Foods Inc., et al.*, Case No.

14

21-2-14175-5 (Wash. Super., King Cnty.)—in which Defendants produced copies of their expert reports and Plaintiffs' confidential documents (including Costco's) pursuant to the procedures in Paragraph 15 of the Agreed Confidentiality Order. Costco's Motion [ECF No. 5650], at 6-7. The Court is not persuaded by this argument either and disagrees with Costco that these cases are analogous.

In contrast with this case, confidential materials were sought in those cases by entities that were not parties in the *Broiler Chicken Antitrust Litigation* and, therefore, were not subject to the provisions of the Agreed Confidentiality Order in this case. In addition, the confidential information was sought in court proceedings in which the requesting parties could have obtained the materials directly from the parties who originally produced them (via regular or third-party discovery), and significantly, as Costco admits, it did not object to its confidential information being produced to the third party. *See* Costco's Motion [ECF No. 5650], at 7.

In this case, however, Costco is a party in the *Broiler Chicken Antitrust Litigation.* It agreed to comply with the Agreed Confidentiality Order, obtained the benefits of the discovery that Order facilitated, and must comply with the restrictions it imposes. Unlike the parties in the *Broiler Chicken Grower Antitrust Litigation* and *Washington v. Tyson Foods Inc.* cases, Costco likely cannot obtain in any other way the Confidential Information it seeks from non-party Objecting Defendants for use in its arbitration. In the Court's view, unlike the situation in the cases it cites, Costco is not under any compulsion to produce the documents pursuant to any court order or a subpoena enforceable by this Court. Rather, Costco is attempting to manufacture an

15

avenue for it to use in the arbitration Objecting Defendants' Confidential Information that it otherwise would not be able to produce and/or use in that proceeding. Although that is creative, it is not permissible for all the reasons discussed above.

## CONCLUSION

Accordingly, the Court finds Costco has not shown good cause that the Agreed Confidentiality Order entered in this case should be modified at this time, and Costco's request that it be permitted to comply with its self-serving document subpoena to itself is denied. Without Objecting Defendants' consent or other court order, Costco cannot produce and use in its arbitration proceeding against Tyson any of Objecting Defendants' documents, data, or testimony that were produced in this case and which are protected by the Agreed Confidentiality Order entered by this Court. Accordingly, Costco Wholesale Corporation's Motion and Memorandum in Support to Permit Costco's Compliance with Document Subpoena and Request for Expedited Ruling [ECF No. 5650] is denied.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: June 23, 2022