UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 16 C 8637<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Defendants have filed motions to permit the testimony of a witness—Gus Arrendale—who invoked his Fifth Amendment right not answer questions at his deposition, but who now has waived his privilege and is willing to substantively answer questions at a second deposition. In general, courts "take a liberal view towards [timely] applications" to waive the privilege, because it "allows adjudication based on consideration of all the material facts to occur." *United States v. Certain Real Prop. & Premises Known as 4003-4005 5th Ave., Brooklyn, N.Y.*, 55 F.3d 78, 84 (2d Cir. 1995). However, because "an assertion of the Fifth Amendment is an effective way to hinder discovery and provides a convenient method for obstructing a proceeding, trial courts must be especially alert to the danger that the litigant might have invoked the privilege primarily to abuse, manipulate or gain an unfair strategic advantage over opposing parties." *Id.* "If it appears that a litigant has sought to use the Fifth Amendment to abuse or obstruct the discovery process, trial courts, to prevent prejudice to opposing parties, may adopt remedial procedures or impose sanctions." *Id.* at 84-85. "In the end, exactly how a trial court should respond to a request to withdraw the privilege—or indeed, more generally, how it should react to

any motion precipitated by a litigant's assertion of the Fifth Amendment in a civil proceeding—necessarily depends on the precise facts and circumstances of each case." *Id.* at 85.

## I. Second Deposition

Plaintiffs seek to bar any additional testimony from Arrendale because Defendants' motions come after the discovery deadline of Scheduling Order 16. That would be an argument relevant to a motion to amend a scheduling order. But that is not the issue here. According to the Seventh Circuit, timeliness in this context should be analyzed with respect to the trial date, not the close of discovery. *See Evans v. City of Chicago*, 513 F.3d 735, 745 (7th Cir. 2008) ("The trial had not yet begun when the officers waived the privilege, which gave them time to provide amended answers to all discovery and appear for redepositions."); *Harris v. City of Chicago*, 266 F.3d 750, 755 (7th Cir. 2001) ("[W]e agree with Harris that Ramos did not abandon his Fifth Amendment privilege with respect to the events at issue in this case until just prior to trial."). As of the date of this order, trial is more than a year away. Indeed, while the formal discovery deadline has passed, time remains in the current scheduling order for the parties to take depositions of both fact and expert witnesses before summary judgment briefing is scheduled to commence. There is time for Arrendale's deposition to be taken again.

Plaintiffs argue that they would have preferred to take Arrendale's deposition before other witnesses. This argument is not persuasive for the simple fact that there must be a last witness deposed. Especially in a case as sprawling as this, it is

impossible to avoid the circumstance that the latest depositions will necessarily be taken in the context of a more fulsome factual record established by the earlier depositions. Plaintiffs' preference that Arrendale be one of the earlier depositions, and their disappointment that this did not occur, is not true prejudice. It is simply a fact of litigating a case as large as this. In fact, given the greater record that exists now, questioning can likely be more targeted and precise, and could be seen as an advantage.

Based on their contention that they would have preferred to have taken Arrendale's deposition earlier in the case, Plaintiffs imply that Defendants must have intentionally encouraged Arrendale to invoke the Fifth Amendment to delay his deposition. But there is no evidence that Defendants or Arrendale had such an intention. Arrendale invoked the Fifth Amendment when it was common knowledge that there was an active criminal investigation that could potentially include him. With the narrowing of the investigation and prosecution, Arrendale apparently no longer believes he is in criminal jeopardy. In other words, there does not appear to be any reason Defendants would have been concerned to avoid having Arrendale testify earlier in the case absent the criminal investigation. To the contrary, the existence of the government's investigation and prosecution appear to have been a legitimate basis to invoke the Fifth Amendment until now.[1]

---

[1] Contrary to Plaintffs' argument, declarations from the Arrendale or defense counsel are unnecessary for the Court to making these findings. The commonly known circumstances of the case are sufficient.

In sum, the circumstances indicate that Arrendale had a good faith basis for previously invoking the Fifth Amendment. The circumstances also indicate that Arrendale has a good faith basis for waiving that privilege now. Further, Defendants' motions are timely made because there remain 42 days until the summary judgment motions are due, and more than a year before trial. Additionally, the parties will continue to take depositions during the time leading up to summary judgment, some of which were delayed because of the government's criminal investigation. Timing-wise Arrendale's deposition is no different and may proceed.

## II. Impeachment

Plaintiffs also argue that since the Court has permitted Arrendale's testimony, the Court should permit Plaintiffs to impeach his testimony with his prior reliance on the Fifth Amendment. Whether to permit this impeachment is within the Court's discretion. The Seventh Circuit has explained that "if additional discovery alleviates the prejudice from an untimely request to testify, the district court *may* exclude evidence of prior silence because the effect of such a ruling would [no longer] be tantamount to allowing [a party] to avoid discovery altogether." *Evans*, 513 F.3d at 745 (emphasis in the original).

Impeachment is a method to demonstrate inconsistency in a witness's testimony. But it is impossible to know whether Arrendale's earlier reliance on the Fifth Amendment is inconsistent with testimony he has not given yet. Certainly, Arrendale can be asked at his second deposition about his earlier reliance on the Fifth Amendment (to the extent it is not covered by the attorney-client privilege). That is

4

discovery, not impeachment. *See Evans*, 513 F.3d at 743-44 (witnesses were asked at their re-depositions about their "good faith basis" for invoking the Fifth Amendment). Based on Arrendale's deposition testimony, and possibly even his trial testimony, the Court will decide (through motions in limine or ruling during the trial itself) whether impeachment with his earlier reliance on the Fifth Amendment is proper at trial. *See Evans*, 513 F.3d at 746 (affirming the district court's prohibition of impeachment about the Fifth Amendment, after witnesses had answered deposition questions about their "good faith basis" for invoking the Fifth Amendment). This is a fact intensive analysis that cannot be decided until all the facts (i.e., testimony) is in. A decision on the propriety of impeachment must wait until Arrendale has been deposed a second time and the parties can make arguments about his testimony's consistency or lack thereof.[2]

---

[2] This case is not like *Harris* where the Seventh Circuit reversed the district court's prohibition of impeachment concerning a witness's Fifth Amendment silence. In *Harris*, the witness "refused to answer any question about [the relevant issues] until just prior to trial," such that it "was error for the district court to exclude [the witness's] prior silence because the effect of [that] ruling [was] tantamount to allowing [the witness] to avoid discovery altogether." The witness's late waiver of the Fifth Amendment and the lack of deposition testimony makes that case largely inapposite.

5

## Conclusion

Therefore, Defendants' motions "to allow witness testimony in Track 1" [5664] [5667] are granted in accordance with this order.

                                              ENTERED:

                                              *Thomas M. Durkin*

                                              Honorable Thomas M. Durkin
                                              United States District Judge

Dated: August 5, 2022