# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION, | Case No.: 1:16-cv-08637<br><br>The Honorable Thomas M. Durkin |
| This Document Relates To:<br><br>THE DIRECT PURCHASER PLAINTIFF ACTION | |

## DIRECT PURCHASER PLAINTIFFS' STATUS REPORT REGARDING FIRST DISTRIBUTION OF NET SETTLEMENT PROCEEDS

979189.4

I.     **INTRODUCTION AND BACKGROUND**

The Direct Purchaser Plaintiffs ("DPPs") respectfully submit to the Court this status report regarding the distribution of over $100 million in net settlement proceeds as ordered and approved by the Court on February 11, 2022. *See* ECF No. 5434.

During the first five years of this litigation, the DPPs amassed a Settlement Fund of $169,601,600.00 following settlements with Defendants Fieldale Farms Corporation, Peco Foods, Inc., the George's Defendants,[1] Amick Farms LLC, Pilgrim's Pride Corporation, and the Tyson Defendants[2] (collectively, "Settled Defendants").[3] The Court-appointed Settlement Administrator, JND Legal Administration LLC ("JND"), in consultation with Class Counsel,[4] disseminated notice to the Settlement Classes (as defined in each of the Settlement Agreements), diligently processed thousands of claims, and determined each claimant's eligibility. *See* ECF No. 5431-2.

Following the Court's Order Approving a Plan of Distribution (ECF No. 5434), the Settlement Administrator initiated *pro rata* payment to each qualified claimant of the $108,723,999.79 Net Settlement Fund.[5] *See* Declaration of Lorri Staal, Vice President of

---

[1] The George's Defendants are George's Inc. and George's Farms, Inc.

[2] The Tyson Defendants are Tyson Foods, Inc., Tyson Chicken, Inc., Tyson Breeders, Inc., and Tyson Poultry, Inc.

[3] This Court granted final approval to the DPPs' settlements with Fieldale on November 16, 2018 (ECF No. 1414); Amick on October 26, 2020 (ECF No. 3934); Peco and George's on October 27, 2020 (ECF No. 3944); and Pilgrim's and Tyson on June 29, 2021 (ECF No. 4789).

[4] The Court appointed Lockridge Grindal Nauen P.L.L.P. ("LGN") and Pearson, Simon & Warshaw, LLP ("PSW") as Interim Co-Lead Counsel at the outset of the litigation, and as Class Counsel when it granted DPPs' Motion for Class Certification. Order of October 14, 2016 (ECF No. 144); Order Granting Class Certification dated May 27, 2022 (ECF No. 5644). The Court reaffirmed its appointment of LGN and PSW in approving each of the Settlements to date. *See* n.3 above.

[5] The term "Settlement Fund" refers to the $169,601,600.00 paid by the Settled Defendants into the escrow account. The term "Net Settlement Fund" refers to the Settlement fund plus accrued interest and minus (i) the costs of settlement administration and escrow, and (ii) the attorneys' fees, litigation expenses, and class representative incentive awards already distributed to Class

1

Operations at JND, in support of this Report ("Staal Decl.") ¶ 4. As of August 19, 2022, over 95% ($103,409,885.42) of the Net Settlement Fund has been successfully paid to qualified claimants. *Id.* ¶ 34.

As the Claims Administrator begins preparation to close out the initial distribution, Class Counsel respectfully requests that the Court enter an order approving the transfer of any remaining settlement proceeds into escrow for distribution at a later time.[6]

## II. THE NET SETTLEMENT FUND

In Class Counsel's Motion for Distribution (ECF No. 5431), the Net Settlement Fund was anticipated to total $108,714,999.81. *Id.* At that time, only two costs remained variable: (1) Settlement Administration costs related to the claims process and distribution, and (2) Escrow Fees. *Id.* The Settlement Administration costs were as anticipated ($200,000.00). The Escrow Fees were less than anticipated ($6,000.00[7] versus $15,000.00). Therefore, the actual Net Settlement Fund equaled $108,723,999.79 (approximately $9,000 more than anticipated). *Id.* ¶ 4.

As represented, the additional funds were distributed to qualified claimants *pro rata*.

## III. THE PLAN OF DISTRIBUTION WAS SUCCESSFULLY IMPLEMENTED

On March 31, 2022, the Settlement Administrator distributed the Net Settlement Fund to qualified claimants. *Id.* ¶ 19. As of August 19, 2022, $103,409,885.42 has been successfully paid and negotiated, $185,857.77 remains outstanding (checks not cashed or returned undeliverable),

---

Counsel (*see* ECF No. 5229). The Net Settlement Fund was more than anticipated due to lesser-than-anticipated Escrow Fees. *See* Section II below.

[6] DPPs have also settled with the Mar-Jac and Harrison Defendants, which were not part of the initial claims process and distribution. It is the intention of Class Counsel to seek distribution of the remaining Net Settlement Fund in conjunction with the distribution of these settlements (and any others) at a later time.

[7] $3,000.00 was charged against each of the Pilgrim's and Tyson settlement funds.

2

$170,819.82 is on hold due to a conflict regarding ownership of the claim, and $4,957,436.63 is to be redistributed. *Id.* ¶ 36.

The Claims Administrator has issued over 1,000 checks and sent numerous wire transfers in distributing the Net Settlement Fund. *Id.* ¶ 19. Within 6 weeks of distribution, over 93% of the checks/wires had been successfully negotiated. Since that time, many more checks have been cashed, and now only $185,857.77 (0.1% of the Net Settlement Fund) remains outstanding. *Id.* ¶ 36. Of the outstanding amount, $159,950.87 belongs to an out-of-business claimant, Southeast Frozen Foods. *Id.* ¶ 29. The Claims Administrator continues to search for and contact claimants (including but not limited to a representative of Southeast Frozen Foods), and will do so until a Court-ordered date on which any unclaimed funds will be set for redistribution. *Id.* ¶¶ 20-35.

Separate from the outstanding amount, one payment to claimant Saladinos of $170,819.82 is on hold due to a separate litigation regarding the ownership of the claim. *Id.* ¶¶ 19, 23. That issue is currently being litigated and the money will be distributed once resolved. *Id.*

Finally, $4,957,436.63 is to be redistributed. This amount comprises one large payment erroneously made to an excluded entity (due to the misspelling of an acronym) and one small claim that was withdrawn. *Id.* ¶¶ 25, 36. These amounts will be combined with any additional proceeds as set forth below.

Overall, it is the opinion of the Claims Administrator and Class Counsel that the distribution has been successful.

IV. **REDISTRIBUTION OF THE REMAINING SETTLEMENT PROCEEDS**

DPPs propose that any settlement proceeds that remain unclaimed[8] as of October 1, 2022, be transferred into an escrow account and earmarked for *pro rata* distribution to qualified

---

[8] This amount would include the "on hold" Saladinos funds if not already distributed.

3

claimants in a future distribution. As of August 19, 2022, this amount equals $5,143,294.40, but is expected to decrease. *Id.* ¶ 36. Although the money will be held in one account, the amount owed to qualified claimants will be based on their *pro rata* share of each of the six settlements and paid in addition to (1) any *pro rata* share of the Mar-Jac and Harrison settlements, and (2) any future settlements.[9]

DPPs respectfully request a Court order approving this plan of redistribution.

### V. CONCLUSION

Both the DPPs and the Claims Administrator believe the distribution has been successful. For the foregoing reasons, DPPs respectfully request that the Court issue an order approving a plan of redistribution of the remaining settlement proceeds.[10]

---

[9] Prior to any distribution of Mar-Jac, Harrison, and any other future settlements, of course Class Counsel will move the Court to approve a plan of distribution for those funds. In such a future motion for distribution DPPs will advise the Court regarding any practicality and/or feasibility issues pertaining to the redistribution funds.

[10] The Court did not previously set a hearing in conjunction with this Status Report. Should the Court have any questions, or wish to have a hearing, Class Counsel is available at the Court's convenience.

Date: August 26, 2022

/s/ Michael H. Pearson

Clifford H. Pearson (*Pro Hac Vice*)
Daniel L. Warshaw (*Pro Hac Vice*)
Bobby Pouya (*Pro Hac Vice*)
Michael H. Pearson (*Pro Hac Vice*)
PEARSON SIMON & WARSHAW, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
*cpearson@pswlaw.com*
*dwarshaw@pswlaw.com*
*bpouya@pswlaw.com*
*mpearson@pswlaw.com*

W. Joseph Bruckner (*Pro Hac Vice*)
Brian D. Clark (*Pro Hac Vice*)
Simeon A. Morbey (*Pro Hac Vice*)
Kyle J. Pozan (#6306761)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
*wjbruckner@locklaw.com*
*bdclark@locklaw.com*
*samorbey@locklaw.com*
*kjpozan@locklaw.com*

Bruce L. Simon (*Pro Hac Vice*)
Jill M. Manning (*Pro Hac Vice*)
PEARSON SIMON & WARSHAW, LLP
350 Sansome Street, Suite 680
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
*bsimon@pswlaw.com*

*Class Counsel for the Direct Purchaser Plaintiffs*

Steven A. Hart (#6211008)
Brian Eldridge (#6281336)
HART MCLAUGHLIN & ELDRIDGE, LLC
121 West Wacker Drive, Suite 1050
Chicago, IL 60601
Telephone: (312) 955-0545
Facsimile: (312) 971-9243
*shart@hmelegal.com*
*beldridge@hmelegal.com*

*Direct Purchaser Plaintiffs Liaison Counsel*