## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>This Document Relates To: All Track 1 Cases | Case No. 1:16-cv-08637 |

## ORDER GRANTING THE PARTIES' JOINT MOTION REGARDING PROCEDURES TO ADDRESS EVIDENTIARY ISSUES IN TRACK 1 CASES

The Parties' Joint Motion Regarding Procedures to Address Evidentiary Issues in Track 1 Cases (the "Joint Motion") is **GRANTED** nunc pro tunc to May 6, 2022.

The Court hereby adopts **Exhibit A** of the Joint Motion, which also is attached to this Order for ease of reference.

**SO ORDERED.**

Dated: August 29, 2022

                                                                                HON. JEFFREY T. GILBERT
                                                                                U.S. MAGISTRATE JUDGE

83337398.2

# **EXHIBIT A**

1. Direct Purchaser Plaintiffs, Commercial and Institutional Indirect Purchaser Plaintiffs, End-User Consumer Plaintiffs, Track 1 Direct Action Plaintiffs and Track 1 Defendants[1] ("the parties") have completed the process for designating documents subject to Scheduling Order No. 17's authenticity/admissibility meet and confer procedure. That designation procedure has now concluded, and no other documents may be designated as a part of the process outlined in that Order. The parties reserve the right to seek an additional meet and confer process, and to negotiate evidentiary issues, during the normal pre-trial exhibit exchange process for documents not designated thus far.

2. Third-Party Documents

   - By May 13, 2022, the parties will identify up to 200 third-party documents (200 for all Plaintiffs, and 200 for all Defendants) for discussion.

   - By June 3, 2022, the parties will meet and confer to discuss their positions and attempt to reach agreement on authenticity and hearsay. The people meeting and conferring should have the ability to speak for their respective groups (*i.e.*, Plaintiffs or Defendants) to negotiate recommended courses of action, subject to final group approval.

   - Depending on the results of this meet and confer, the parties will decide if continuing to meet and confer on third-party documents would be productive. If not, the parties can then decide to either stop third-party negotiations, or approach Judge Gilbert with suggestions for a more productive process.

   - The parties would reserve the right to submit a request for additional discovery per ECF Dkt. 3727 concerning evidentiary issues relating to documents identified through this "First Phase" and other documents.

3. Party Documents

   - By June 17, 2022, using the lists exchanged in April and September 2021, the parties may identify up to 500 party-produced documents per party for additional meeting and conferring on evidentiary issues. In other words, all Plaintiffs (as a collective group) may identify up to 500 documents per Defendant, and all Defendants (as a collective group) may identity up to 500 documents per Plaintiff.

---

[1] "Track 1 Direct Action Plaintiffs" and "Track 1 Defendants" refers to those DAPs and Defendants, respectively, whose signature blocks are at the end of the Joint Motion Regarding Procedures to Address Evidentiary Issues in Track 1 Cases that this Exhibit A accompanies. The terms "Plaintiff" and "Plaintiffs" refer to the Direct Purchaser Plaintiffs, Commercial and Institutional Indirect Purchaser Plaintiffs, End-User Consumer Plaintiffs, and the Track 1 Direct Action Plaintiffs. The terms "Defendant" and "Defendants" refer to the Track 1 Defendants.

- i. Structured data files will not count as separate documents subject to this 500-document cap, and the parties will negotiate in good faith to determine whether they can reach a separate stipulation for structured data.

- By June 24, any Plaintiff that did not provide detailed hearsay and authenticity objections/responses must provide such objections/responses for the documents identified by the opposing party. Parties who already provided detailed hearsay and authenticity objections/responses need not resubmit those objections/responses.

- By June 24, Plaintiffs must propose a specific schedule for each meet and confer (*i.e.*, Defendants meetings with each Plaintiff, and Plaintiffs' meetings with each Defendant).

- By July 8, the parties should reach agreement on a final party-produced document meet and confer schedule, which must take place between July 15, 2022 and November 1, 2022. The purpose of these meet and confers is for the parties to discuss their positions and attempt to reach agreement on authenticity and hearsay.

- By November 11, the parties may make a joint submission to the Court regarding limited evidentiary discovery as to any third-party and/or party documents from the lists exchanged in April and September 2021 over which the parties were unable to reach agreement consistent with Scheduling Order No. 17 and ECF Docket No. 3727. In the event such limited evidentiary discovery is ordered by the Court, the parties would not object to such limited evidentiary discovery on the basis of the timing of such discovery, and the parties would also cooperate in good faith such that the limited evidentiary discovery be conducted promptly so any evidentiary issues can be resolved and/or presented to the Court in advance of a ruling on summary judgment.[2]

- The parties agree that they reserve the right to seek expedited limited evidentiary discovery if the opposing party lodges an objection to any exhibits in connection with summary judgment (regardless of whether those exhibits were designated through the Scheduling Order No. 17 process). The decision of a party not to assert a Fed. R. Civ. 56(c)(2) objection to any document used in support of or in opposition to summary judgment does not waive that party's objections that were asserted in opposition to the April or September 2021 lists, or any of that party's objections if the document at issue was not included in the parties' April or September 2021 lists.

---

[2] With respect to documents on the parties' April or September 2021 lists produced by Amick Farms, LLC ("Amick"), which is no longer a Track 1 Defendant, the parties will meet and confer with Amick commencing after November 1, 2022 to discuss their positions and attempt to reach agreement with respect to these documents, guided by any agreements reached among the parties. In the event that agreement is not reached after the meet and confer process, the parties may make a joint submission to the Court regarding limited evidentiary discovery relating to such documents, after November 11, 2022.

4. <u>Exhibit List Negotiations</u>

- The parties anticipate a typical negotiation relating to documents on trial exhibit lists, including for documents not designated as part of the Scheduling Order 17 procedure. The parties agree to attempt to exchange exhibit lists no later than 90 days in advance of trial, and to serve responses/objections to the opposing parties' lists within 21 days therefrom. The parties will then meet and confer to attempt to resolve objections. Thereafter, if significant objections remain, the parties may make a joint submission to the Court regarding limited evidentiary discovery as to any given document or set of documents over which the parties were unable to reach agreement consistent with Scheduling Order No. 17 and ECF Docket No. 3727. To be clear, by entering into this agreement, no party is agreeing that such additional discovery is necessary or warranted, and all parties reserve the right to object to such discovery.