UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 16 C 8637<br><br>Judge Thomas M. Durkin |

ORDER

Prior to the Court's recent certification of the End User class, the Court approved the class's settlement with several defendants. Class counsel also sought an interim fee award. Shiyang Huang and John Andren each filed objections to the fee award.

As an initial matter, Huang and Andren argue that the costs sought by class counsel should be subtracted from the total settlement amount before a fee award percentage is applied. The Court agrees for the reasons stated in the Court's order of November 30, 2021, which awarded fees to counsel for the Direct Purchaser Class. *See* R. 5225. The Court will follow the same formula here.

As for the proper fee award, Andren seeks to compel answers to interrogatories it served on the class and counsel. The Court agrees with Andren that some of the information sought by the interrogatories would be helpful to the Court in determining the "market rate" for counsel's work, as the Seventh Circuit has instructed. Specifically, the Court orders class counsel (meaning both firms Hagens Berman and Cohen Milstein) to produce the following information submitted to, or

ordered by, a court from September 2, 2016 (which is the date this case was filed) to present:

- every fee bid made by counsel in an antitrust case;
- every fee award granted to counsel in an antitrust case;
- for any bid or award, the case name, number, district, and relevant docket entry numbers; and
- for any award, the lodestar amount and the award percentage sought by counsel.

In sum and substance, this is the information Andren seeks in his first set of interrogatories. This information is relevant to the market rate for counsel's work and will be helpful to the Court's analysis.

Andren's second set of interrogatories, however, go far beyond this and seek information about how class counsel determines their fee bids, and communications class counsel has had with other attorneys regarding bids and awards. This case is not an investigation into the conduct of class counsel with respect to seeking appointments and fees generally. The issue here is specifically the appropriate fee award for this settlement. Relevance for discovery purposes must be understood in that context. There is no allegation that class counsel has acted inappropriately in any way at all, so information beyond actual bid and award amounts is not discoverable on this motion.

Additionally, the Court finds that interrogatories are not the appropriate form for discovery in this context. Instead, class counsel should submit this information to the Court in a filing under seal by September 23, 2022 or sooner. To the extent the

objectors or any counsel on the case are unable to access a filing under seal, the End Users' counsel should email this filing to them.

Therefore, Andren's objection [5182] and Huang's objection [5167] are granted in part and denied in part in accordance with this order. Andren's motion to continue the fee hearing [5294] is granted. Huang's motion to reconsider the settlement approval, and to alter and amend the judgment [5312] is denied for the reasons the Court gave in certifying the class, which Huang conceded would be appropriate. *See* R. 5312 at 1. The questions of awards for objectors and class representatives will be decided along with determination of fees for class counsel after the Court has had the opportunity to review the information the Court has ordered class counsel to produce.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: August 30, 2022