**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE BROILER CHICKEN ANTITRUST LITIGATION** | Case No: 1:16-cv-08637 |
| | Hon. Judge Thomas M. Durkin |
| THIS DOCUMENT RELATES TO: ALL TRACK 1 CASES | Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANTS'[1] MEMORANDUM OF LAW IN SUPPORT OF THEIR JOINT
MOTION FOR SUMMARY JUDGMENT DISMISSING
TRACK 1 PLAINTIFFS' STATE LAW CLAIMS**

---

[1] "Defendants" refers to the defendants signing this brief. Each defendant signs this brief only against those plaintiffs who continue to have active claims against it.

# TABLE OF CONTENTS

PAGE

INTRODUCTION ...............................................................................................................................1

ARGUMENT ....................................................................................................................................2

I.   PLAINTIFFS' STATE LAW ANTITRUST CLAIMS FAIL BECAUSE PLAINTIFFS
     CANNOT ESTABLISH A CONSPIRACY ................................................................................2

II.  PLAINTIFFS' CONSUMER PROTECTION CLAIMS SHOULD BE DISMISSED FOR
     MULTIPLE REASONS ............................................................................................................3

     A.   Consumer Protection Claims Premised On Deficient Sherman Act Claims Fail
          As A Matter Of Law .............................................................................................3

     B.   In 9 States And D.C., The Consumer Protection Statute Does Not Apply To
          Claims Of Anti-Competitive Conduct Or Price-Fixing .........................................4

     C.   In 8 States And D.C., Businesses Cannot Bring Claims Under The Consumer
          Protection Statutes ...............................................................................................5

     D.   In 4 States, A Consumer Protection Claim Requires Evidence Demonstrating
          Plaintiffs' Reliance On Defendants' Allegedly Unlawful Conduct ........................6

     E.   In 3 States, There Can Be No Consumer Protection Claim Premised Upon
          Conduct That Is Mainly Interstate In Nature .......................................................6

III. PLAINTIFFS' UNJUST ENRICHMENT CLAIMS SHOULD BE DISMISSED FOR
     MULTIPLE REASONS ............................................................................................................7

     A.   An Unjust Enrichment Claim Cannot Be Based On A Deficient Sherman Act
          Claim ...................................................................................................................7

     B.   In 18 States, There Can Be No Unjust Enrichment Where An Adequate
          Remedy At Law Exists .........................................................................................8

     C.   In 4 States, Unjust Enrichment Is Not A Stand-Alone Cause Of Action ...............9

     D.   In At Least 12 States, Indirect Purchasers May Not Bring Claims For Unjust
          Enrichment ........................................................................................................10

CONCLUSION ...............................................................................................................................11

i

**TABLE OF AUTHORITIES**

Page(s)

CASES

*Alsea Veneer, Inc. v. Oregon,*
318 Or. 33, 862 P.2d 95 (1993) ....................................................................................9

*Anapoell v. Am. Express Bus. Fin. Corp.,*
No. 2:07-cv-198-TC, 2007 WL 4270548 (D. Utah Nov. 30, 2007) .............................5

*Ave. Lofts Condos. Owners' Ass'n v. Victaulic Co.,*
24 F. Supp. 3d 1010 (D. Or. 2014) ..............................................................................5

*Bouchard v. Price,*
694 A.2d 670 (R.I. 1997) ............................................................................................11

*Breakdown Servs., Ltd. v. Now Casting, Inc.,*
550 F. Supp. 2d 1123 (C.D. Cal. 2007) ......................................................................4

*Callaghan v. BMW of N. Am., LLC,*
No. 13–CV–04794–JD, 2014 WL 6629254 (N.D. Cal. Nov. 21, 2014) .......................10

*CIT Grp./Sales Fin., Inc. v. E-Z Pay Used Cars, Inc.,*
29 Kan. App. 2d 676, 32 P.3d 1197 (Kan. Ct. App. 2001) ........................................5

*Cleary v. Philip Morris Inc.,*
656 F.3d 511 (7th Cir. 2011) .......................................................................................8

*Cole v. Chevron USA, Inc.,*
554 F. Supp. 2d 655 (S.D. Miss. 2007) .......................................................................9

*Effler v. Pyles,*
94 N.C. App. 349, 353 S.E.2d 149 (N.C. Ct. App. 1989) ..........................................10

*Elkins v. Microsoft Corp.,*
817 A.2d 9 (Vt. 2002) ..................................................................................................5

*Freeman Indus., LLC v. Eastman Chem. Co.,*
172 S.W.3d 512 (Tenn. 2005) ....................................................................................11

*Gaebler v. New Mexico Potash Corp.,*
285 Ill. App. 3d 542, 676 N.E.2d 228 (1996) .............................................................4

*Gorman v. Express Recovery Servs., Inc.,*
No. 1:17CV115DAK, 2018 WL 5268207 (D. Utah Oct. 23, 2018) ............................4

*H-Quotient v. Knight Trading Grp.*,
   No. 03 Civ. 5889, 2005 WL 323750 (S.D.N.Y. Feb. 9, 2005) ..........................................7

*In re Cast Iron Soil Pipe & Fittings Antitrust Litig.*,
   No. 1:14–md–2508, 2015 WL 5166014 (E.D. Tenn. June 24, 2015) ...........................4, 5

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*,
   516 F. Supp. 2d 1072 (N.D. Cal. June 1, 2007) ..........................................................4, 5

*In re Flash Memory Antitrust Lit.*,
   643 F. Supp. 2d 1133 (N.D. Cal. 2009) ............................................................................5

*In re Flonase Antitrust Litig.*,
   692 F. Supp. 2d 524 (E.D. Pa. 2010) ..............................................................................11

*In re Gen. Motors LLC Ignition Switch Litig.*,
   257 F. Supp. 3d 372 (S.D.N.Y. 2017) .............................................................................11

*In re Gen. Motors LLC Ignition Switch Litig.*,
   339 F. Supp. 3d 262 (S.D.N.Y. 2018) ...............................................................................9

*In re Graphics Processing Units Antitrust Litig.*,
   527 F. Supp. 2d 1011 (N.D. Cal. 2007) ............................................................................4

*In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*,
   No. 19-MD-02918-MMC, 2021 WL 4306018 (N.D. Cal. Sept. 22, 2021) ...................5, 6

*In re Namenda Indirect Purchaser Antitrust Litig.*,
   No. 1:15-cv-6549, 2021 WL 2403727 (S.D.N.Y. June 11, 2021) ....................................10

*In re Packaged Seafood Prods. Antitrust Litig.*,
   242 F. Supp. 3d 1033 (S.D. Cal. 2017) .............................................................................8

*In re Refrigerant Compressors Antitrust Litig.*,
   No. 2:09–md–02042, 2013 WL 1431756 (E.D. Mich. Apr. 9, 2013) .................................5

*In re Static Random Access Memory (SRAM) Antitrust Litig.*,
   No. 07-md-01819, 2010 WL 5094289 (N.D. Cal. Dec. 8, 2010) .....................................11

*In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*,
   64 F. Supp. 3d 665 (E.D. Pa. 2014) ..................................................................................8

*Johnson v. Con-Vey/Keystone, Inc.*,
   814 F. Supp. 931 (D. Or. 1993) ........................................................................................2

*Jones v. Mackey Price Thompson & Ostler*,
   355 P.3d 1000 (Utah 2015) (Utah law) ...........................................................................11

*Kopel v. Kopel,*
    229 So. 3d 812 (Fla. 2017) ..................................................................................................11

*Loeb v. Champion Petfoods USA Inc.,*
    359 F. Supp. 3d 597 (E.D. Wis. 2019) ..............................................................................11

*Lumford v. Yoshio Ota,*
    144 Haw. 20 (Haw. Ct. App. 2018) ....................................................................................11

*Lyon Fin. Servs., Inc. v. Protech Plumbing & Heating, Inc.,*
    No. A03-810, 2004 WL 376966 (Minn. Ct. App. Mar. 2, 2004) .......................................5

*Martis v. Grinnell Mut. Reinsurance Co.,*
    905 N.E.2d 920 (Ill. Ct. App. 3rd Dist. 2009) ................................................................10

*Mattinen v. Kari,*
    No. A19-1976, 2020 WL 3494295 (Minn. Ct. App. June 29, 2020) ..................................6

*McLamb v. T.P. Inc.,*
    173 N.C. App. 586, S.E.2d 577 (N.C. Ct. App. 2005) ......................................................6

*Mosley v. GEICO Ins. Co.,*
    No. 3:13CV161-LG-JCG, 2014 WL 7882149 (S.D. Miss. Dec. 16, 2014) .......................10

*Omni Outdoor Advert. Inc. v. Columbia Outdoor Advert. Inc.,*
    974 F.2d 502 (4th Cir. 1992) ...............................................................................................5

*Ozaki v. Saunders,*
    140 Haw. 530, 403 P.3d 307 (Haw. Ct. App. 2017) ..........................................................5

*Picus v. Wal-Mart Stores, Inc.,*
    256 F.R.D. 651 (D. Nev. 2009) ...........................................................................................6

*QSGI, Inc. v. IBM Glob. Fin.,*
    No. 11-80880-CIV, 2012 WL 1150402 (S.D. Fla. Mar. 14, 2012) .....................................3

*Rainbow Play Sys., Inc. v. Backyard Adventure, Inc.,*
    No. 06-4166, 2009 WL 3150984 (D.S.D. Sept. 28, 2009) .................................................6

*Saber v. Sentient Lasers, LLC,*
    No. 2:19-CV-00760-DAK, 2020 WL 1249488 (D. Utah Mar. 16, 2020) .........................7

*Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC,*
    737 F. Supp. 2d 380 (E.D. Pa. 2010) ..............................................................................4, 10

*Smith v. Glenmark Generics, Inc., USA,*
    No. 315898, 2014 WL 4087968 (Mich. Ct. App. Aug. 19, 2014) ....................................10

*Southard v. Visa U.S.A. Inc.*,
    734 N.W.2d 192 (Iowa 2007) ........................................................................... 11

*State ex rel. Fitch v. Yazaki N. Am., Inc.*,
    294 So. 3d 1178 (Miss. 2020) ............................................................................. 7

*Tera Grp., Inc. v. Citigroup, Inc.*,
    No. 17 Civ. 4302, 2019 WL 3457242 (S.D.N.Y. July 30, 2019) ......................... 8

*Thimjon Farms P'ship v. First Int'l Bank & Tr.*,
    837 N.W.2d 327 (N.D. 2013) ........................................................................... 11

*Triple 7, Inc. v. Intervet, Inc.*,
    338 F. Supp. 2d 1082 (D. Neb. 2004) ................................................................ 4

*TYR Sport, Inc. v. Warnaco Swimwear, Inc.*,
    709 F. Supp. 2d 821 (C.D. Cal. 2010) ............................................................... 3

*Vermont Mobile Home Owners' Ass'n, Inc. v. Lapierre*,
    94 F. Supp. 2d 519 (D. Vt. 2000) ...................................................................... 3

*Volm v. Legacy Health Sys., Inc.*,
    237 F. Supp. 2d 1166 (D. Or. 2002) .................................................................. 4

*Wiles v. S.W. Bell Telephone Co.*,
    No. 09–4236, 2010 WL 1463025 (W.D. Mo. Apr. 13, 2010) ............................. 11

*Zine v. Chrysler Corp.*,
    236 Mich. App. 261, 600 N.W.2d 384 (Mich Ct. App. 1999) ............................. 5

## STATUTES

N.H. Rev. Stat. Ann. Title XXXI, § 358-A:2 ............................................................ 6

N.Y. Donnelly Act ..................................................................................................... 7

N.D. Cent. Code Ann. § 5-10-03 ............................................................................... 4

Or. Rev. Stat. § 646.725 ............................................................................................ 2

R.I. Gen. Laws §§ 6–13.1–1(6)(i)-(xx) ...................................................................... 4

R.I. Gen. Laws § 6-36-2(b) ....................................................................................... 2

Sherman Antitrust Act ....................................................................................... passim

South Dakota Deceptive Trade Practices Act ............................................................ 6

# TABLE OF ABBREVIATIONS

1. **"CIIPPs"** refers to the class of Commercial and Institutional Indirect Purchaser Plaintiffs.

2. **"CIIPP Complaint"** refers to the Commercial and Institutional Indirect Purchaser Plaintiffs' Seventh Amended Complaint, ECF No. 3931.

3. **"Columbia and Greenville Complaint"** refers to the Complaint filed by Track One DAPs Columbia Meats, Inc. and Greenville Meats, Inc., ECF. No. 4726-01.

4. **"DAPs" or "Track 1 DAPs"** refers to those Direct Action Plaintiffs that have opted for Track One, per the Court's Order of October 15, 2021, ECF. No. 5128. For purposes of this Motion, the Track One DAPs include Associated Wholesale Grocers, Inc., Columbia Meats, Inc., Greenville Meats, Inc. and W. Lee Flowers & Company, Inc.

5. **"DAP Complaint"** refers to the Direct Action Plaintiffs' Amended Consolidated Complaint And Demand For Jury Trial, ECF. No. 4243.

6. **"EUCPs"** refers to the class of End User and Consumer Plaintiffs.

7. **"EUCP Complaint"** refers to the End User and Consumer Plaintiffs' Fifth Amended Complaint, ECF No. 3748.

8. "**Georgia Dock Defendants**" refers to Norman W. Fries, Inc. d/b/a Claxton Poultry Farms, Inc. ("Claxton"); Harrison Poultry, Inc. ("Harrison Poultry"); Koch Foods, Inc., JCG Foods of Alabama LLC, JCG Foods of Georgia LLC and Koch Meat Co., Inc. ("Koch"); Mar-Jac Poultry AL, LLC, Mar-Jac Poultry, Inc., Mar-Jac AL/MS, Inc., Mar-Jac Poultry, LLC, Mar-Jac Holdings, Inc., Mar-Jac Poultry MS, LLC ("Mar-Jac"); Sanderson Farms, Inc., Sanderson Farms, Inc. (Foods Division), Sanderson Farms, Inc. (Processing Division), Sanderson Farms, Inc. (Production Division) ("Sanderson"); Tyson Foods, Inc., Tyson Chicken, Inc., Tyson Breeders, Inc., Tyson Poultry, Inc. ("Tyson"); Wayne Farms LLC ("Wayne"); Pilgrim's Pride Corporation ("Pilgrim's"); and Fieldale Farms Corporation ("Fieldale").

9. **"Joint Statute of Limitations Brief"** refers to Certain Defendants' Motion for Summary Judgment on Statute of Limitations Grounds.

# INTRODUCTION

Certain Track 1 DAPs, the CIIPPs and the EUCPs have asserted claims seeking recovery under state law for the same alleged conduct that underlies their Sherman Act claims.[2] Specifically, those Plaintiffs assert claims under 26 states' antitrust statutes, 18 states' consumer protection statutes, and 29 states' common law of unjust enrichment. Defendants are entitled to summary judgment dismissing each of those claims. For the reasons stated in the Memorandum in Support of Defendants' Motion for Summary Judgment Due to No Agreement to Restrict Broiler Supply, and in each Defendant's individual motions for summary judgment, Plaintiffs have not established a viable claim for a conspiracy under the Sherman Act. Plaintiffs' state law claims are also subject to dismissal, for the following reasons:

- ***State Law Antitrust Claims.*** Courts across the country have found that a state law antitrust claim could not survive, as a matter of law, where a parallel Sherman Act claim is deemed insufficient. The law in those states is clear—the state antitrust law is patterned after the Sherman Act and therefore where no conspiracy is established under federal law, no conspiracy is established under state law.

- ***State Law Consumer Protection Claims.*** ***First***, once a court finds no Sherman Act violation, there can be no claim for the same alleged conduct under state consumer protection statutes because such a claim cannot be premised on lawful conduct. ***Second***, there are state-specific reasons for summary judgment because the consumer protection statutes in many states: a) do not cover price fixing and other anti-competitive conduct; b) require the good at issue to be purchased for personal, family, or household use (relevant to CIIPPs & DAPs); c) require Plaintiffs to show that they relied upon Defendants' alleged conduct and/or statements—no such record evidence exists here; and d) do not apply to conduct that is mainly

---

[2] This motion addresses only those state law claims that are asserted against all Defendants. Certain CIIPPs, EUCPs and Track 1 DAPs also assert state law claims against the Georgia Dock Defendants based on the alleged manipulation of the Georgia Dock. Those claims are addressed in a separate motion filed by the Georgia Dock Defendants. In addition, certain of the state law claims asserted against the Defendants are subject to dismissal under the relevant statute of limitations. Those arguments are addressed in the Joint Statute of Limitations Brief.

interstate in nature.

- ***Common Law Unjust Enrichment Claims. First***, if there is no conspiracy, there is no unjust enrichment claim in any state—as a matter of law. ***Second***, there are state-specific reasons why Plaintiffs' unjust enrichment claims fail, as in many states: a) there can be no unjust enrichment claim where an "adequate remedy at law" potentially exists, whether or not Plaintiffs can prove their entitlement to it; b) unjust enrichment is not a standalone cause of action; and c) unjust enrichment claims require the plaintiff to establish that he or she directly conferred a benefit upon the defendant, which CIIPPs and EUCPs, as indirect purchasers, cannot show.

For these reasons, as more fully discussed below, Defendants are entitled to summary judgment as to each of the state law claims asserted against all Defendants.[3]

## ARGUMENT

### I. Plaintiffs' State Law Antitrust Claims Fail Because Plaintiffs Cannot Establish a Conspiracy

Accompanying Plaintiffs' Sherman Act claims are parallel claims under various states' antitrust laws. Many of these state antitrust laws include harmonization provisions, requiring they be construed consistently with the Sherman Act. *See, e.g.*, R.I. Gen. Laws § 6-36-2(b) (noting that Rhode Island antitrust laws are to "be construed in harmony with judicial interpretation of comparable federal antitrust statutes . . . ."). In other jurisdictions, a state antitrust claim is to be evaluated in the same manner as a federal claim. *See, e.g.*, *Johnson v. Con-Vey/Keystone, Inc.*, 814 F. Supp. 931, 934–35 (D. Or. 1993) (noting that Or. Rev. Stat. § 646.725 "is a state statute that mimics the federal statute" and dismissing a state law claim for the same reasons as the Sherman Act claim). Under either of these rationales, the unavoidable conclusion is the same: when a Sherman Act claim is deficient as a matter of law, so is the parallel state law claim. For this reason alone, Defendants are entitled to summary

---

[3] Charts identifying the bases for dismissal of all of the CIIPPs', EUCPs' and Track One DAPs' state law claims are attached as **Appendices 1, 2 and 3**, respectively.

judgment dismissing all of Plaintiffs' state law antitrust claims.  A table containing authority supporting the dismissal of each state law antitrust claim asserted by a Track 1 Plaintiff is attached as **Appendix 4**.[4]

## II. Plaintiffs' Consumer Protection Claims Should Be Dismissed For Multiple Reasons

### A. Consumer Protection Claims Premised on Deficient Sherman Act Claims Fail as a Matter of Law

Plaintiffs' Complaints make clear that their claims under the consumer protection statutes of several states are premised on the same conduct supporting their alleged Sherman Act conspiracy claims.[5]  Where, as here, that Sherman Act claim is fatally deficient, the only logical conclusion is that any consumer protection claim premised upon the same conduct must also fail.

Utilizing this common sense reasoning, courts in many jurisdictions have recognized that a deficient antitrust claim cannot be revived as a consumer protection claim.  *See, e.g.*, *TYR Sport, Inc. v. Warnaco Swimwear, Inc.*, 709 F. Supp. 2d 821, 838 (C.D. Cal. 2010) ("Because TYR's UCL claim is based on the same facts as its same failed antitrust claims, the Defendants are entitled to summary judgment on the UCL claim."); *Vermont Mobile Home Owners' Ass'n, Inc. v. Lapierre*, 94 F. Supp. 2d 519, 523 (D. Vt. 2000) (same); *see also QSGI, Inc. v. IBM Glob. Fin.*, No. 11-80880-CIV, 2012 WL 1150402, at *4 (S.D. Fla. Mar. 14, 2012) (no FDUTPA claim when premised upon conduct supporting deficient

---

[4] This includes the state law antitrust claims brought under the laws of the following jurisdictions: Arizona, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Minnesota, Michigan, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, West Virginia and Wisconsin.

[5] Examples from each complaint include: ***(1) CIIPP Complaint, ECF No. 3931 ¶ 682*** (Illinois consumer protection claim), "Defendants established, maintained, or used a monopoly, or attempted to establish a monopoly, of trade or commerce in the Relevant Markets, a substantial part of which occurred within Illinois, for the purpose of excluding competition or controlling, fixing, or maintaining prices in the Broiler Market."; (***2) EUCP Complaint, ECF No. 3748 ¶ 685*** (similar allegation as to EUCPs' Nebraska consumer protection claim); (3) ***DAP Complaint, ECF No. 4243 ¶ 1208*** (South Carolina consumer protection claim premised upon Defendants' alleged conduct causing broiler competition to be restrained and for the price of broilers to be fixed); and (4) ***Columbia and Greenville Complaint, ECF No. 4726-1 ¶ 345*** (South Carolina consumer protection claim and same analysis as the DAP Complaint).

antitrust claim).[6]

**B.    In 9 States and D.C., the Consumer Protection Statute Does Not Apply to Claims of Anti-Competitive Conduct or Price-Fixing**

Consumer protection statutes typically contain a list of prohibited conduct. *See, e.g.*, R.I. Gen. Laws §§ 6–13.1–1(6)(i)-(xx).  Generally, a type of conduct not included on the list is not covered. *See, e.g.*, *Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 737 F. Supp. 2d 380, 417 (E.D. Pa. 2010) (discussing concept utilizing Nevada's consumer protection statute).  In certain states, a claim premised on allegedly anti-competitive conduct is not on the list and is therefore not within the ambit of the statute. *See, e.g.*, *Volm v. Legacy Health Sys., Inc.*, 237 F. Supp. 2d 1166, 1175 (D. Or. 2002) (granting summary judgment as to an Oregon UTPA claim where "[t]he weight of [the plaintiff's] claim [was] for anti-competition, which is not protected by this statute."); *see also* N.D. Cent. Code Ann. § 5-10-03 (containing enumerated acts qualifying as deceptive trade practices, but not including price fixing).

Courts have found that consumer protection claims under the laws of the District of Columbia and 9 states may not be premised on claims of an alleged conspiracy to fix or stabilize prices.[7]

---

[6] *See also, e.g., Breakdown Servs., Ltd. v. Now Casting, Inc.,* 550 F. Supp. 2d 1123, 1142 (C.D. Cal. 2007) ("Accordingly, in a case where plaintiff's § 17200 [consumer protection] claim is predicated on antitrust violations that fail to withstand summary judgment, the § 17200 claim must also fail."); *Triple 7, Inc. v. Intervet, Inc.,* 338 F. Supp. 2d 1082, 1087 (D. Neb. 2004) (noting that Nebraska's "CPA is essentially the state version of the Sherman Antitrust Act" and dismissing the CPA claim "for the same reasons" as the "Sherman Act claim"); *Gorman v. Express Recovery Servs., Inc.,* No. 1:17CV115DAK, 2018 WL 5268207, at *7 (D. Utah Oct. 23, 2018) (same); *Gaebler v. New Mexico Potash Corp.,* 285 Ill. App. 3d 542, 544, 676 N.E.2d 228, 230 (1996) (noting that Illinois consumer protection claims premised upon Sherman Act violations are "classic antitrust allegations dressed in Consumer Fraud Act clothing").

[7] Those states are Illinois, Michigan, Nevada, North Dakota, New Mexico, Oregon, Rhode Island, South Dakota and Utah. *See In re Graphics Processing Units Antitrust Litig.,* 527 F. Supp. 2d 1011, 1029-30 (N.D. Cal. 2007) (D.C. and New Mexico law) (dismissing D.C. CPPA claim predicated upon price fixing because such schemes "are not the kind of conduct prohibited under the[] [statute]"); *Gaebler,* 285 Ill. App. at 544, 676 N.E.2d at 230 (Illinois law) (noting that allegations of a conspiracy to "fix," "maintain," or "stabilize" prices are classic examples of conduct covered by the Antitrust Act, not the Consumer Fraud Act); *In re Cast Iron Soil Pipe & Fittings Antitrust Litig.,* No. 1:14–md–2508, 2015 WL 5166014, at *29 (E.D. Tenn. June 24, 2015) (Michigan law); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.,* 516 F. Supp. 2d 1072, 1114 (N.D. Cal. June 1, 2007) (Oregon law) (finding that the Oregon UTPA does not cover indirect purchaser suits alleging

Accordingly, Defendants are entitled to summary judgment as to Plaintiffs' consumer protection claims in those jurisdictions.

### C. In 8 States and D.C., Businesses Cannot Bring Claims Under the Consumer Protection Statutes

By definition, the CIIPPs and DAPs purchased broilers for commercial or business use. *See* CIIPP Compl. at 1 (preamble) (the CIIPPs are "entities who purchased Broilers indirectly from a Defendant or co-conspirator . . . for their own use in commercial food preparation, including institutional purchasers such as hospitals, nursing homes, and schools"); DAP Compl. ¶¶ 38-176 (describing each DAP and its "place of incorporation [and] principal place of business").

The consumer protection statutes in several of the states where these Plaintiffs bring claims do not cover conduct that is commercial in nature.[8] They are, after all, "consumer" protection statutes.[9] For this reason, Defendants are entitled to summary judgment dismissing the DAP and

---

price-fixing activity); *In re Flash Memory Antitrust Lit.*, 643 F. Supp. 2d 1133, 1161 (N.D. Cal. 2009) (Rhode Island law) (finding "that price fixing is not within the ambit of the [Rhode Island] UTPCPA"); *In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*, No. 19-MD-02918-MMC, 2021 WL 4306018, at *19 (N.D. Cal. Sept. 22, 2021) (South Dakota law) (dismissing End-User Plaintiffs' SDDTPCPA claim because "End-User Plaintiffs cannot base their SDDTPCPA claim on price fixing"); *see also Anapoell v. Am. Express Bus. Fin. Corp.*, No. 2:07-cv-198-TC, 2007 WL 4270548, at *7-9 (D. Utah Nov. 30, 2007) (Utah UPA); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d at 1116-17 (Utah CSPA).

[8] Those jurisdictions are D.C., Hawaii, Kansas, Michigan, Minnesota, Nevada, Oregon, South Carolina and Vermont.

[9] *See, e.g., In re Refrigerant Compressors Antitrust Litig.*, No. 2:09–md–02042, 2013 WL 1431756, at *22 (E.D. Mich. Apr. 9, 2013) (D.C. law) (noting the D.C. CPPA "does not apply to commercial dealing outside the consumer sphere . . . [and] a valid claim for relief under the CPPA must originate out of a consumer transaction.") (citation omitted); *Ozaki v. Saunders*, 140 Haw. 530, 403 P.3d 307 (Haw. Ct. App. 2017) (explaining that a claim under Hawaii's consumer protection statute may only be brought by a consumer who purchased the good at issue for personal use (or certain state officials)); *CIT Grp./Sales Fin., Inc. v. E-Z Pay Used Cars, Inc.*, 29 Kan. App. 2d 676, 685, 32 P.3d 1197, 1204 (Kan. Ct. App. 2001); *Zine v. Chrysler Corp.*, 236 Mich. App. 261, 270–71, 600 N.W.2d 384, 392 (Mich Ct. App. 1999); *Lyon Fin. Servs., Inc. v. Protech Plumbing & Heating, Inc.*, No. A03-810, 2004 WL 376966, at *3 (Minn. Ct. App. Mar. 2, 2004); *In re Cast Iron Soil Pipe & Fittings Antitrust Litig.*, 2015 WL 5166014, at *31 (quoting Nev. Rev. Stat. Ann. § 41.600); *Ave. Lofts Condos. Owners' Ass'n v. Victaulic Co.*, 24 F. Supp. 3d 1010, 1018 (D. Or. 2014) (Oregon UTPA claim does not cover conduct that is commercial in nature); *Omni Outdoor Advert. Inc. v. Columbia Outdoor Advert. Inc.*, 974 F.2d 502, 507 (4th Cir. 1992) ("South Carolina courts have left no doubt that an unfair or deceptive act or practice that affects only the parties to a trade or

CIIPP Plaintiffs' consumer protection claims in these jurisdictions.

**D.      In 4 States, a Consumer Protection Claim Requires Evidence Demonstrating Plaintiffs' Reliance on Defendants' Allegedly Unlawful Conduct**

To recover under the consumer protection statutes in Minnesota, Nevada, North Carolina and South Dakota, the plaintiff must provide record evidence substantiating that the plaintiff actually relied on the allegedly deceptive statement or conduct of the defendant. *See, e.g., Mattinen v. Kari*, No. A19-1976, 2020 WL 3494295, at *4 (Minn. Ct. App. June 29, 2020) ("Although a plaintiff in a consumer-fraud action need not show reliance under the standard for common-law fraud, 'an element of individual reliance is embedded' in the requirements of the CFA.") (quoting *State v. Minn. Sch. of Bus., Inc.*, 935 N.W.2d 124, 134 (Minn. 2019))).[10] Because the record lacks even a "mere scintilla" of evidence substantiating that any Plaintiffs relied upon some unspecified statement made by Defendants, Defendants are entitled to summary judgment dismissing all Plaintiffs' claims under consumer protection statutes that require a showing of reliance.

**E.      In 3 States, There Can Be No Consumer Protection Claim Premised Upon Conduct That is Mainly Interstate in Nature**

Certain states, including Mississippi, New Hampshire and Utah, have recognized that no claim may be brought under the consumer protection statute where the conduct complained of is primarily interstate in nature. *See* N.H. Rev. Stat. Ann. Tit. XXXI, § 358-A:2 (emphasis added) (prohibiting "any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce *within this state.*"); *see also In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*, No. 19-md-02918-MMC, 2021 WL 4306018, at *16-17 (N.D. Cal. Sep. 22, 2021) (finding that the

---

commercial transaction is beyond the act's embrace."); *Elkins v. Microsoft Corp.*, 817 A.2d 9, 12-13 (Vt. 2002) (emphasizing the purpose of the act is to protect *consumers*).

[10] *See also Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 658 (D. Nev. 2009); *McLamb v. T.P. Inc.*, 173 N.C. App. 586, 619, S.E.2d 577 (N.C. Ct. App. 2005); *see also Rainbow Play Sys., Inc. v. Backyard Adventure, Inc.*, No. 06-4166, 2009 WL 3150984, at *7 (D.S.D. Sept. 28, 2009) ("[T]o recover in an action under the South Dakota Deceptive Trade Practices Act, a plaintiff must have relied on the alleged misrepresentation.").

majority view in New Hampshire is that there can be no claim under the state's consumer protection statute where the conduct at issue is primarily interstate in nature).[11]  In other words, to recover under these statutes, the plaintiff must demonstrate that the conduct at issue had a sufficient intrastate connection.  Because Plaintiffs have failed to do so in connection with the states listed above, Defendants are entitled to summary judgment as to Plaintiffs' consumer protection claims in these states.

## III.    Plaintiffs' Unjust Enrichment Claims Should Be Dismissed For Multiple Reasons

Plaintiffs bring unjust enrichment claims under the laws of the District of Columbia and 28 states.[12]  These claims also fail for multiple reasons, addressed below.

### A.    An Unjust Enrichment Claim Cannot Be Based on a Deficient Sherman Act Claim

In pleading their unjust enrichment claims, Plaintiffs made clear they were based on the same conduct supporting their Sherman Act claims.  *See, e.g.,* CIIPP Compl., ECF No. 3931 ¶¶ 795-797 (emphasis added) ("*As a result of their unlawful conduct described above*, Defendants have and will continued [sic] to be unjustly enriched by the receipt of unlawfully inflated prices and unlawful profits of Broilers."); EUCP Compl., ECF No. 3748 ¶¶ 777-79 (similar); *see also* DAP Compl., ECF No. 4243 ¶¶

---

[11] *See also State ex rel. Fitch v. Yazaki N. Am., Inc.*, 294 So. 3d 1178, 1183-87 (Miss. 2020) (consumer protection claims dismissed because they were not based upon "wholly intrastate commerce"); *Saber v. Sentient Lasers, LLC*, No. 2:19-CV-00760-DAK, 2020 WL 1249488, at *2 (D. Utah Mar. 16, 2020) (Utah law) ("[T]he UUPA only governs intrastate commerce in Utah; it does not govern commerce outside of Utah or among different states.").

The CIIPPs and the EUCPs also assert an antitrust claim under New York's Donnelly Act.  Under New York law, this claim is preempted by the Sherman Act.  Such preemption occurs "[w]here the conduct complained of principally affects interstate commerce, with little or no impact on local or intrastate commerce."  *H-Quotient v. Knight Trading Grp.*, No. 03 Civ. 5889, 2005 WL 323750, at *4 (S.D.N.Y. Feb. 9, 2005) (citation omitted).  It is beyond fair dispute that the alleged conspiracy here "principally affects interstate commerce."  The only connection to New York is the fact that some Plaintiffs claim they purchased broilers in the state.  That is insufficient to avoid preemption.  *See id.*

[12] Those states are: Arizona, California, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, North Carolina, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

1447-48.  Where "an unjust enrichment claim is made in connection with alleged antitrust violations, the law is clear that 'to the extent that the [Section] 1 claims have been found deficient, the unjust enrichment claims must fall,' since 'without a viable underlying claim of illegality,' there can be no unjust enrichment."  *Tera Grp., Inc. v. Citigroup, Inc.*, No. 17 Civ. 4302, 2019 WL 3457242, at \*22 (S.D.N.Y. July 30, 2019) (citation omitted); *see also Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011) (Illinois law) ("[I]f an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim."); *In re Packaged Seafood Prods. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1088 (S.D. Cal. 2017) ("[T]he vast majority of courts rightly hold that unjust enrichment may not supply a valid cause of action in states where plaintiffs are otherwise barred from recovery under relevant antitrust and consumer protection statutes.").

This reasoning applies to unjust enrichment claims under the laws of every state.  "While it is true that the elements of unjust enrichment vary state by state, 'almost all states at minimum require plaintiffs to allege that they conferred a benefit or enrichment upon defendant and that it would be inequitable or unjust for defendant to accept and retain the benefit.'"  *In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, 64 F. Supp. 3d 665, 703 (E.D. Pa. 2014) (citation omitted). A common requirement for an actionable unjust enrichment claim is that it be based on a defendant's inequitable conduct.  Where the claim of inequitable conduct is based on an alleged conspiracy among Defendants that has not been proven, there is no inequitable conduct to support the unjust enrichment claim.  For this reason, Defendants are entitled to summary judgment dismissing all of Plaintiffs' unjust enrichment claims.

**B.      In 18 States, There Can Be No Unjust Enrichment Where an Adequate Remedy at Law Exists**

Recognizing that a claim for unjust enrichment is an equitable claim available only where no

adequate remedy at law exists, courts in 18 states[13] have dismissed unjust enrichment claims where such a remedy *potentially* exists. *See In re Gen. Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262, 334-39 (S.D.N.Y. 2018) (holding that in Arizona, Mississippi, New Mexico, Oregon, South Carolina and West Virginia, no claim for unjust enrichment is available where an adequate remedy at law potentially exists). The question is not whether the plaintiff will ultimately recover the remedy available at law, but rather, whether such a remedy exists. *See, e.g., Alsea Veneer, Inc. v. Oregon*, 318 Or. 33, 43, 862 P.2d 95, 100 (1993) (Oregon law) (in determining whether equitable relief was available the dispositive question was whether a "remedy at law . . . could . . . , as a practical matter, recompense plaintiffs for their losses . . . .").

Here, Plaintiffs brought claims under multiple federal and state laws for their alleged injuries (and those claims survived a motion to dismiss). Therefore, they have an adequate remedy at law. The fact that Plaintiffs have been unable to prove those claims is of no consequence. It matters only that such a remedy was potentially available to them, not whether or not they could prove their entitlement to it. An unjust enrichment claim is not a "consolation prize" for a Plaintiff with no viable claim. A chart providing authority that an unjust enrichment claims is unavailable in the states listed above under these circumstances is in **Appendix 5.**

### C.    In 4 States, Unjust Enrichment is Not a Stand-Alone Cause of Action

For an additional reason, summary judgment is warranted dismissing the unjust enrichment claims brought under the common law of the following states: California, Illinois, Mississippi and Tennessee. In those states, unjust enrichment is considered a remedy and a not a stand-alone cause of action. *See, e.g., Cole v. Chevron USA, Inc.*, 554 F. Supp. 2d 655, 671 (S.D. Miss. 2007) ("Under

---

[13] These states are: Arizona, Florida, Hawaii, Kansas, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, Oregon, South Carolina, South Dakota, Tennessee, Utah and West Virginia.

Mississippi law, unjust enrichment is not an independent theory of recovery.") (citations omitted).[14]

### D. In at Least 12 States, Indirect Purchasers May Not Bring Claims for Unjust Enrichment

Additionally, summary judgment is warranted dismissing the CIIPP and EUCP Plaintiffs' unjust enrichment claims in 11 states where unjust enrichment claims are only actionable when record evidence substantiates that a plaintiff *directly* conferred a benefit upon the defendant.[15] *See, e.g.*, *In re Namenda Indirect Purchaser Antitrust Litig.*, No. 1:15-cv-6549, 2021 WL 2403727, at *36 (S.D.N.Y. June 11, 2021) (applying Florida law) (granting summary judgment as to indirect purchaser's Florida law unjust enrichment claim because *Kopel* definitively established that indirect purchasers could not bring an unjust enrichment claim under Florida law); *see also, e.g.*, *Smith v. Glenmark Generics, Inc., USA*, No. 315898, 2014 WL 4087968, at *1 (Mich. Ct. App. Aug. 19, 2014) (Michigan law) (noting that Michigan "courts only employ the doctrine of unjust enrichment in cases where the defendant directly receives a benefit from the plaintiff."); *Effler v. Pyles*, 94 N.C. App. 349, 353 S.E.2d 149, 152 (N.C. Ct. App. 1989) (North Carolina law) (actionable unjust enrichment claim requires that plaintiff show "she conferred a benefit directly on defendant"). Again, by definition, the CIIPPs and EUCPs indirectly purchased broilers from Defendants.[16] For this reason, Defendants are entitled to summary judgment

---

[14] *See also Callaghan v. BMW of N. Am., LLC*, No. 13–CV–04794–JD, 2014 WL 6629254, at *4 (N.D. Cal. Nov. 21, 2014) (California law) (finding that "to the extent plaintiffs are seeking to rely on California law, the claim must be dismissed for the separate and additional reason that unjust enrichment is not an independent cause of action"); *Martis v. Grinnell Mut. Reinsurance Co.*, 905 N.E.2d 920, 928 (Ill. Ct. App. 3rd Dist. 2009) (Illinois law) ("Unjust enrichment is not a separate cause of action that, standing alone, will justify an action for recovery.") (citations omitted); *Mosley v. GEICO Ins. Co.*, No. 3:13CV161-LG-JCG, 2014 WL 7882149, at *5 (S.D. Miss. Dec. 16, 2014) (Mississippi law) ("Additionally, this Court has recognized that unjust enrichment is considered to be a remedy, rather than an independent theory of recovery."); *GlaxoSmithKline, PLC*, 737 F. Supp. 2d at 426 (Tennessee law) (dismissing unjust enrichment claims under Tennessee law absent convincing case law establishing that Tennessee recognizes unjust enrichment as an autonomous cause of action).

[15] These states are: Florida, Hawaii, Iowa, Kansas, Michigan, Missouri, North Carolina, North Dakota, Rhode Island, Tennessee, Utah and Wisconsin.

[16] *See, e.g.*, CIIPPs' Compl., ECF No. 3931 ¶¶ 20-52 (each paragraph stating the relevant plaintiff indirectly purchased broilers); *see also* EUCP Compl., ECF No. 3748 at 1 (alleging that the EUCP Plaintiffs bring this action on behalf of "all persons and entities who indirectly purchased" broilers from Defendants).

dismissing the CIIPPs and EUCPs' unjust enrichment claims in these states.[17]

Similarly, Iowa courts have applied the common law remoteness doctrine to dismiss indirect purchasers' claims for unjust enrichment. *See Southard v. Visa U.S.A. Inc.*, 734 N.W.2d 192, 199-200 (Iowa 2007) (no recovery permitted under state competition law or unjust enrichment because injuries were too remote). Accordingly, Defendants are entitled to summary judgment dismissing the EUCPs' and the CIIPPs' unjust enrichment claims under Iowa law as well.

## CONCLUSION

For the foregoing reasons, Defendants are entitled to summary judgment dismissing all of the state law claims asserted by the Track 1 DAPs, CIIPPs and EUCPs against all Defendants, as listed in Appendices 1, 2 and 3 to the Motion.

---

[17] *See Kopel v. Kopel*, 229 So. 3d 812, 818 (Fla. 2017) (Florida law) ("[T]o prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant."); *Lumford v. Yoshio Ota*, 144 Haw. 20, 23 (Haw. Ct. App. 2018) (Hawaii law) (indicating that the lower court ruled in defendant's favor as to the unjust enrichment claims because no benefit was directly conferred by the plaintiff upon the defendant); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-md-01819, 2010 WL 5094289, at *6 (N.D. Cal. Dec. 8, 2010) (Kansas law) (recognizing that while Kansas contains certain exceptions to the "direct benefit" rule, no exception existed in the run of the mill case involving unjust enrichment claims brought by indirect purchasers); *In re Gen. Motors LLC Ignition Switch Litig.*, 257 F. Supp. 3d 372, 428 (S.D.N.Y. 2017) (Michigan law) ("This case is indisputably of the consumer-remote manufacturer variety, as all of the Michigan Plaintiffs purchased their vehicles from third parties rather than directly from New GM. That is fatal to their unjust enrichment claims."); *Wiles v. S.W. Bell Telephone Co.*, No. 09–4236, 2010 WL 1463025, at *4 (W.D. Mo. Apr. 13, 2010) ("The Missouri Supreme Court has held that to state a claim for unjust enrichment, a plaintiff must allege that a benefit was conferred on the defendant by that particular plaintiff."); *In re Flonase Antitrust Litig.*, 692 F. Supp. 2d 524, 546 (E.D. Pa. 2010) (North Carolina law) (dismissing indirect purchaser's North Carolina unjust enrichment claim and finding "that the Supreme Court of North Carolina would hold that a direct benefit is required in North Carolina"); *Thimjon Farms P'ship v. First Int'l Bank & Tr.*, 837 N.W.2d 327, 336 (N.D. 2013) (North Dakota law); *Bouchard v. Price*, 694 A.2d 670, 673 (R.I. 1997) (Rhode Island law) (affirming dismissal of unjust enrichment claim where it was not shown that the plaintiff conferred a benefit upon the defendant); *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005) (Tennessee law) (stating that an element of an unjust enrichment claim is that the plaintiff conferred a benefit upon the defendant); *Jones v. Mackey Price Thompson & Ostler*, 355 P.3d 1000, 1018 (Utah 2015) (Utah law) ("A defendant is liable under the unjust enrichment prong of quantum meruit only if he or she received a direct benefit from the plaintiff."); *see also Loeb v. Champion Petfoods USA Inc.*, 359 F. Supp. 3d 597, 605 (E.D. Wis. 2019) (entering summary judgment in defendant's favor where the plaintiff bought the product "in various pet supply stores, not from Defendants directly").

Dated: October 7, 2022

Respectfully submitted,

PROSKAUER ROSE LLP

By: /s/ *Christopher E. Ondeck*
Christopher E. Ondeck (admitted *pro hac vice*)
Stephen R. Chuk (admitted *pro hac vice*)
1001 Pennsylvania Ave., NW, Ste 600 South
Washington, DC 20004
Telephone: (202) 416-6800
Facsimile: (202) 416-6899
condeck@proskauer.com
schuk@proskauer.com

-and-

Scott A. Eggers (admitted *pro hac vice*)
11 Times Square
New York, NY 10036
Telephone: (212) 969-3000
seggers@proskauer.com

*Attorneys for Defendant Wayne Farms LLC*

<u>DEFENDANTS' ATTORNEYS</u>

ARENTFOX SCHIFF LLP

By: /s/ *Margaret A. Hickey*

Margaret A. Hickey
Lawrence Harris Heftman
Kylie S. Wood
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone: (312) 258-5500
maggie.hickey@afslaw.com
lawrence.heftman@afslaw.com
kylie.wood@afslaw.com

Robert J. Wierenga
Suzanne L. Wahl
350 South Main Street, Suite 210
Ann Arbor, MI 48104
Telephone: (734) 222-1500
robert.wierenga@afslaw.com
suzanne.wahl@afslaw.com

ROSE LAW FIRM

Amanda K. Wofford (admitted *pro hac vice*)
Bourgon Reynolds (admitted *pro hac vice*)
120 East Fourth Street
Little Rock, AR 72201
Telephone: (501) 375-9131
Facsimile: (501) 375-1309
awofford@roselawfirm.com
breynolds@roselawfirm.com

John W. Treece (#3122889)
1135 West Montana Street
Chicago, IL 60614
Telephone: (312) 961-7808
jtreece@jwtreece.com

*Attorneys for Defendants Mountaire Farms Inc.,*
*Mountaire Farms, LLC and Mountaire Farms of*
*Delaware, Inc.*

VENABLE LLP

By: /s/ *J. Douglas Baldridge*
J. Douglas Baldridge (#437678)
Lisa Jose Fales (admitted *pro hac vice*)
Danielle Foley (admitted *pro hac vice*)
Andrew Hernacki (admitted *pro hac vice*)
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: (202)344-8300
jdbaldridge@venable.com
ljfales@venable.com
drfoley@venable.com
athernacki@venable.com

FALKENBERG IVES LLP

Kirstin B. Ives (#6289952)
30 N. LaSalle St., Ste 4020
Chicago, IL 60602
Telephone: (312) 566-4803
Facsimile: (312) 566-4810
kbi@ffilaw.com

*Attorneys for Defendants Perdue Farms, Inc. and*
*Perdue Foods LLC*

MAYER BROWN LLP

By: /s/ *Carmine R. Zarlenga*
Carmine R. Zarlenga (#90784529)
Stephen M. Medlock (admitted *pro hac vice*)
Oral D. Pottinger (admitted *pro hac vice*)
1999 K Street N.W.
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
czarlenga@mayerbrown.com
wstallings@mayerbrown.com
smedlock@mayerbrown.com
opottinger@mayerbrown.com

*Attorneys for Defendants Foster Farms, LLC and*
*Foster Poultry Farms, a California Corporation*

NOVACK AND MACEY LLP

By: /s/ *Stephen Novack*
Stephen Novack (#6284749)
Stephen J. Siegel (#6209054)
100 North Riverside Plaza
Chicago, IL 60606
Telephone: (312) 419-6900
Facsimile: (312) 419-6928
snovack@novackmacey.com
ssiegel@novackmacey.com

*Attorneys for Defendants Koch Foods*
*Incorporated, JCG Foods of Alabama LLC,*
*JCG Foods of Georgia LLC and Koch Meat Co., Inc.*

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

By: /s/ *Christopher E. Thorsen*
Christopher E. Thorsen (admitted *pro hac vice*)
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
Telephone: (615)726-5586
Facsimile: (615)726-0464
cthorsen@bakerdonelson.com

*Attorneys for Defendants Koch Foods*
*Incorporated, JCG Foods of Alabama LLC,*
*JCG Foods of Georgia LLC and Koch Meat Co., Inc.*
*(with respect to DAP Case No. 21-CV-4354 only)*

KIRKLAND & ELLIS LLP

By: /s/ *Daniel E. Laytin, P.C.*
Daniel E. Laytin, P.C. (#6257119)
Christa C. Cottrell, P.C. (#6284749)
Theresa Cederoth Horan (#6317943)
Jenna M. Stupar (#6321583)
Amelia H. Bailey (#6323592)
Jessica J. Giulitto (#6323951)
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
dlaytin@kirkland.com
ccottrell@kirkland.com
theresa.horan@kirkland.com
jenna.stupar@kirkland.com
amelia.bailey@kirkland.com
jessica.giulitto@kirkland.com

*Attorneys for Defendants Sanderson Farms, LLC*
*(f/k/a Sanderson Farms, Inc.), Sanderson Farms*
*Foods, LLC (f/k/a Sanderson Farms, Inc. (Foods*
*Division)), Sanderson Farms Production, LLC (f/k/a*
*Sanderson Farms, Inc. (Production Division)), and*
*Sanderson Farms Processing, LLC (f/k/a Sanderson*
*Farms, Inc. (Processing Division))*

KUTAK ROCK LLP

By: /s/ *John P. Passarelli*
John P. Passarelli (admitted *pro hac vice*)
James M. Sulentic (admitted *pro hac vice*)
1650 Farnam Street
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
john.passarelli@kutakrock.com
james.sulentic@kutakrock.com

J.R. Carroll (admitted *pro hac vice*)
Jeffrey M. Fletcher (admitted *pro hac vice*)
234 East Millsap Road, Ste 200
Fayetteville, AR 72703-4099
Telephone: (479) 973-4200
Facsimile: (479) 973-0007
jr.caroll@kutakrock.com
Jeffrey.fletcher@kuakrock.com

Kimberly M. Hare (#6323326)
One South Wacker Drive, Ste 2050
Chicago, IL 60606-4614
Telephone: (312) 602-4100
Facsimile: (312) 602-4101
kimberly.hare@kutakrock.com

*Attorneys for Defendants O.K. Foods, Inc.,*
*O.K. Farms, Inc., and O.K. Industries, Inc.*

EDWARD C. KONIECZNY LLC

By: /s/ *Edward C. Konieczny*
Edward C. Konieczny (admitted *pro hac vice*)
1105 W. Peachtree St. NE Suite 1000
Atlanta, GA 30309
Telephone: (404) 380-1430
Facsimile: (404) 382-6011
ed@koniecznylaw.com

SMITH, GAMBRELL & RUSSELL, LLP

David C. Newman (admitted *pro hac vice*)
W. Parker Sanders (admitted *pro hac vice*)
1105 W. Peachtree St. NE
Suite 1000
Atlanta, GA 30309
Telephone: (404) 815-3500
Facsimile: (404) 815-3509
dnewman@sgrlaw.com
psanders@sgrlaw.com

James L. Thompson (#6199621)
Lynch Thompson LLP
150 S. Wacker Drive, Suite 2600
Chicago, IL 60606
Telephone: (312) 445-4623
Facsimile: (312) 896-5883
jthompson@lynchthompson.com

*Attorneys for Defendants Mar-Jac Poultry, Inc., Mar-*
*Jac Poultry MS, LLC, Mar-Jac Poultry AL, LLC,*
*Mar-Jac AL/MS, Inc., Mar-Jac Poultry, LLC, and*
*Mar-Jac Holdings, Inc.*

VAUGHAN & MURPHY

By: /s/ *Charles C. Murphy, Jr.*
Charles C. Murphy, Jr. (admitted *pro hac vice*)
690 S Ponce Court NE
Atlanta, GA 30307
Telephone: (404) 667-0714
Facsimile: (404) 529-4193
cmurphy@vaughanandmurphy.com

WINSTON & STRAWN LLP

James F. Herbison (#6275116)
Michael P. Mayer (#6272677)
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
jherbison@winston.com
mmayer@winston.com

*Attorneys for Defendant Norman W. Fries, Inc.*
*d/b/a Claxton Poultry Farms*

HOGAN LOVELLS US LLP

By: /s/ *William L. Monts III*
William L. Monts III (admitted *pro hac vice*)
Justin W. Bernick (admitted *pro hac vice*)
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
Telephone: (202) 637-5910
Facsimile: (202) 637-5911
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com

MILLER, CANFIELD, PADDOCK, AND
STONE P.L.C.

Jacob D. Koering
225 W. Monroe, Suite 2600
Chicago, IL 60606
Telephone: (312) 460-4272
Facsimile: (312) 460-4201
koering@millercanfield.com

*Attorneys for Defendant Agri Stats, Inc.*

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP

By: /s/ *Lara Flath*

Patrick Fitzgerald (#6307561)
Gail Lee (#6318334)
155 N. Wacker Drive
Chicago, IL 60606
Telephone: (312) 407-0700
Facsimile: (312) 407-0411
patrick.fitzgerald@skadden.com
gail.lee@skadden.com

Boris Bershteyn (admitted *pro hac vice*)
Lara Flath (#6289481)
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
boris.bershteyn@skadden.com
lara.flath@skadden.com

*Attorneys for Defendant Peco Foods, Inc.*

SHOOK HARDY & BACON LLP

By: /s/ *Lynn H. Murray*
Lynn H. Murray (#6191802)
111 S. Wacker Dr., Ste 4700
Chicago IL 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195
lhmurray@shb.com

Laurie A. Novion (admitted *pro hac vice*)
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
lnovion@shb.com

CONNER & WINTERS

John R. Elrod (admitted *pro hac vice*)
Vicki Bronson (admitted *pro hac vice*)
4375 N. Vantage Drive, Ste. 405
Fayetteville, AR 72703
Telephone: (479) 582-5711
jelrod@cwlaw.com
vbronson@cwlaw.com

*Attorneys for Defendants Simmons Foods, Inc. and Simmons Prepared Foods Inc.*

STINSON LLP

By: /s/ *William L. Greene*
William L. Greene (admitted *pro hac vice*)
Peter J. Schwingler (admitted *pro hac vice*)
50 South Sixth Street, Ste 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
kevin.kitchen@stinson.com

J. Nicci Warr (admitted *pro hac vice*)
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
Telephone: (314) 259-4570
nicci.warr@stinson.com

SUGAR FELSENTHAL GRAIS & HELSINGER LLP

John C. Martin (#6225557)
30 N. LaSalle Street, Ste 3000
Chicago, IL 60602
Telephone: (312) 704-2172
Facsimile: (312) 372-7951 jmartin@sfgh.com

THE LAW GROUP OF NORTHWEST ARKANSAS LLP

Gary V. Weeks (admitted *pro hac vice*)
K.C. Dupps Tucker (admitted *pro hac vice*) Kristy E. Boehler (admitted *pro hac vice*)
1830 Shelby Lane
Fayetteville, AR 72704
Telephone: (479) 316-3760
gary.weeks@lawgroupnwa.com
kc.tucker@lawgroupnwa.com
kristy.boehler@lawgroupnwa.com

*Attorneys for Defendants George's, Inc. and George's Farms, Inc.*

EVERSHEDS SUTHERLAND (US) LLP

By: /s/ *Patricia A. Gorham*
Patricia A. Gorham (admitted *pro hac vice*)
James R. McGibbon (admitted *pro hac vice*)
Peter M. Szeremeta (admitted *pro hac vice*)
Kaitlin A. Carreno (admitted *pro hac vice*)
Dylan de Fouw (admitted *pro hac vice*)
Rebekah Whittington (admitted *pro hac vice*)
999 Peachtree Street, N.E., Ste 2300
Atlanta, GA 30309-3996
Telephone: (404) 853-8000
Facsimile: (404) 853-8806
patriciagorham@eversheds-sutherland.com
jimmcgibbon@eversheds-sutherland.com
peterszeremeta@eversheds-sutherland.com
katilincarreno@eversheds-sutherland.com
dylandefouw@eversheds-sutherland.com
rebekahwhittington@eversheds-sutherland.com


SMITH AMUNDSEN LLC

Ronald Balfour (#6307658)
150 N. Michigan Avenue, Ste 3300
Chicago, Illinois 60601
Telephone: (312) 894-3200
Facsimile: (312) 997-1828
RBalfour@smithamundsen.com


*Attorneys for Defendant Harrison Poultry, Inc.*

JOSEPH D. CARNEY & ASSOCIATES LLC

By: /s/ *Joseph D. Carney*
Joseph D. Carney (admitted *pro hac vice*)
OFFICE ADDRESS:
139 Crocker Park Boulevard, Ste. 400
Westlake, OH 44145
MAILING ADDRESS:
1540 Peach Drive
Avon, OH 44011
Telephone: 440-249-0860
Facsimile: 866-270-1221
jdc@jdcarney.com
case@jdcarney.com

MILLER SHAKMAN LEVINE &
FELDMAN LLP

Thomas M. Staunton (#621764)
Daniel M. Feeney (#6224893)
30 West Monroe Street, Suite 1900
Chicago, IL 60603
Telephone: 312-263-3700
tstaunton@millershakman.com
dfeeney@millershakman.com

D.KLAR LAW

Deborah A. Klar (admitted *pro hac vice*)
2934 1/2 Beverly Glen Circle, Suite 761
Bel Air, CA 90077
Telephone: 310-858-9500
dklar@dklarlaw.com

Paul L. Binder, Esq. (admitted *pro hac vice*)
Attorney at Law
20780 Brandywine
Fairview Park, OH 44126-2805
Telephone: 440-376-6850
binderpl@yahoo.com

*Attorneys for Defendants Case Foods, Inc., Case Farms, LLC, and Case Farms Processing, Inc.*

VEDDER PRICE P.C.

By: /s/ *Gregory G. Wrobel*
Gregory G. Wrobel (#3122900)
222 N. LaSalle Street
Chicago, IL 60601
Telephone: (312) 609-7500
Facsimile: (312) 609-5005
gwrobel@vedderprice.com

JORDAN PRICE WALL GRAY JONES &
CARLTON, PLLC

Henry W. Jones, Jr. (admitted *pro hac vice*)
1951 Clark Avenue
Raleigh, NC 27605
Telephone: (919) 828-2501
Facsimile: (919) 834-8447
hjones@jordanprice.com

*Attorneys for Defendant House of Raeford Farms, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2022, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Christopher E. Ondeck*