# APPENDIX 4

Appendix 4—State Law Antitrust Claims Fail Where Sherman Act Claim is Deficient

| State/Territory & Act | Harmonization Provision And/or Case Law |
|---|---|
| Arizona Antitrust Statute, Ariz. Rev. Stat. § 44-1401, *et seq.*<br>• CIIPP Complaint, Count 2 | *See Laborers' & Operating Eng'rs' Util. Agreement Health & Welfare Tr. Fund for Ariz. v. Philip Morris, Inc.*, 42 F. Supp. 2d 943, 949 (D. Ariz. 1999) ("Arizona's antitrust act mirrors federal law and is analyzed and construed in harmony with federal law."); *see also Tee Time Arrangers, Inc. v. Vistoso Gold Partners, LLC*, No. 1 CA-CV 07-0268, 2008 WL 4149295, at *12 (Ariz. Ct. App. Feb. 28, 2008) (granting summary judgment in defendant's favor on Arizona state law antitrust claim in reliance on federal antitrust precedents). |
| California Cartwright Act, Cal. Bus. & Prof. Code § 16700, *et seq.*<br>• CIIPP Complaint, Count 3<br>• EUCP Complaint, Count 2 | *See Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 666 n.8 (9th Cir. 2022) ("Because the analysis of a claim under the Cartwright Act 'mirrors the analysis under federal [antitrust] law,' we do not consider the Cartwright Act claims separately from the federal antitrust claims." (quoting *Cnty. of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1160 (9th Cir. 2001) (affirming summary judgment in favor of defendants on state law antitrust claims based on the same analysis underlying summary judgment in favor of defendants on federal antitrust claims))); *see also Jain Irrigation, Inc. v. Netafim Irrigation, Inc.*, 386 F. Supp. 3d 1308, 1316 (E.D. Cal. 2019) (dismissing Cartwright Act claims that "rise or fall depending on the success of its Sherman Act claim"). |
| D.C. Antitrust Law, D.C. Code § 28-4501, *et seq.*<br>• CIIPP Complaint, Count 4<br>• EUCP Complaint, Count 3 | *See, e.g., Banneker Ventures, LLC v. Graham*, 19 F. Supp. 3d 231, 251 (D.D.C. 2014) ("[I]f a plaintiff fails to state a claim under the Sherman Act, he also fails to state a claim under D.C.Code § 28-4502."), *aff'd in part, rev'd in part*, 798 F.3d 1119 (D.C. Cir. 2015); *GTE New Media Servs., Inc. v. Ameritech Corp.*, 21 F. Supp. 2d 27, 45 (D.D.C. 1998) (noting that the "analysis for federal antitrust claims will provide much force" with respect to the District's antitrust provisions because those provisions "essentially track" the language of federal antitrust statutes); *see also Alemu v. Dep't of For-Hire Vehicles*, 327 F. Supp. 3d 29, 48 n.16 (D.D.C. 2018) (analyzing Sherman Act and D.C. antitrust law regarding monopolization as one because of the consistent statutory language between the two acts). |
| Hawaii Antitrust Law, H.I. Rev. Stat. § 480-1, *et seq.*<br>• EUCP Complaint, Count 26[1] | *Lucas v. Citizens Commc'ns Co.*, 409 F. Supp. 2d 1206, 1223 (D. Haw. 2005) ("Plaintiff has failed to raise a genuine issue of material fact on his state law antitrust claims for the same reasons discussed above as to his federal law claims."), *aff'd*, 244 F. App'x 774 (9th Cir. 2007); *Hoilien v. OneWest Bank, FSB*, No. CV. 11-00357 DAE-RLP, 2012 WL 1379318, at *13 (D. Haw. Apr. 20, 2012) ("The close relationship between federal antitrust law and Hawaii antitrust law has been well-established."). |
| Illinois Antitrust Act, 740 Ill. Comp. Stat. Ann. 10/3(1), *et seq.*<br>• CIIPP Complaint, Count 5<br>• EUCP Complaint, Count 4 | *See Collins v. Associated Pathologists, Ltd.*, 676 F. Supp. 1388, 1405-06 (C.D. Ill. 1987), *aff'd*, 844 F.2d 473 (7th Cir. 1988) (holding that where plaintiff failed to state a cause of action under the Sherman Act and relied on the same factual allegations for their Illinois Antitrust Act claim, that claim also must be dismissed). |

| | |
|---|---|
| Iowa Competition Law, Iowa Code § 553.1, *et seq.*<br>• CIIPP Complaint, Count 6<br>• EUCP Complaint, Count 5 | *See Next Generation Realty v. Iowa Realty Co.*, 686 N.W.2d 206, 208 (Iowa 2004) ("In adopting Iowa Code Chapter 553, the legislature left us without authority to innovate from the federal courts' understanding of federal antitrust law."); *see also Mahaska Bottling Co. v. PepsiCo Inc.*, 271 F. Supp. 3d 1054, 1080 (S.D. Iowa 2017) ("[T]o the extent Mahaska's allegations fail to state a claim under federal antitrust law, as discussed above, they also fail to state a claim under the Iowa Competition Law."). |
| Kansas, Restraint of Trade Act, Kan. Stat. Ann. § 50-101, *et seq.*<br>• CIIPP Complaint, Count 7<br>• EUCP Complaint, Count 6 | *See O'Brien v. Leegin Creative Leather Prods., Inc.*, 294 Kan. 318, 356 (2012) (noting that both "K.S.A. 50-112 and § 1 of the Sherman Act share the 'between persons' language" and therefore looking to federal courts construction of this language); *Smith v. Phillip Morris Cos.*, 335 P.3d 644, 653 (Kan. Ct. App. 2014) ("[F]ederal precedents interpreting, construing, and applying federal antitrust law can be persuasive authority . . . ."); *see also In re Linerboard Antitrust Litig.*, 223 F.R.D. 335, 351 (E.D. Pa. 2004) (citing Kan. Stat. Ann. § 50-112, among other state antitrust statutes, and stating "the state antitrust statutes on which plaintiffs' claims are based are modeled upon or closely track the language of the federal antitrust statutes") (citation omitted). |
| Maine's Antitrust Statute, Me. Rev. Stat. Ann. Tit. 10 § 1101, *et seq.*<br>• CIIPP Complaint, Count 8<br>• EUCP Complaint, Count 7 | *See Tri-State Rubbish, Inc. v. Waste Management, Inc.*, 875 F. Supp. 8, 14 (D. Me. 1994) (granting judgment in defendant's favor as to state law antitrust claim where defendant was entitled to judgment on the related federal claim); *see also Davric Maine Corp. v. Rancourt*, No. 98–238–P–H, 1999 WL 33117166, at *7 n.9 (D. Me. Aug. 4, 1999) (similar). |
| Michigan Antitrust Reform Act, Mich. Comp. Laws § 445.771, *et seq.*<br>• CIIPP Complaint, Count 9<br>• EUCP Complaint, Count 8 | *See* Mich. Comp. Laws § 445.784(2) (instructing courts applying the Michigan Antitrust Reform Act to "give due deference to interpretations given by the federal courts to comparable antitrust statutes."); *DXS, Inc. v. Siemens Med. Sys., Inc.*, 991 F. Supp. 859, 865 (E.D. Mich. 1997) ("Courts examining claims under th[e Michigan Antitrust] Act apply the same legal analysis as courts examining analogous claims under the Sherman Act."); *see also Partner & Partner, Inc. v. ExxonMobil Oil Corp.*, No. CIV.A. 05-CV-74499, 2008 WL 896052, at *6 (E.D. Mich. Mar. 31, 2008) ("Plaintiff's state antitrust claims under § 445.772 of Michigan Antitrust Reform Act fail for the same reasons that its 'restraint of trade' theory failed under § 1 of the Sherman Act . . . ."), *aff'd*, 326 F. App'x 892 (6th Cir. 2009); *see also DXS, Inc.*, 991 F. Supp. at 865 ("For the reasons stated above in the analysis of Plaintiff's federal antitrust claims, Defendant's motion for summary judgment is granted on Plaintiff's state antitrust claims."). |
| Minnesota Antitrust Law, Minn. Stat. § 325D.49, *et seq.*<br>• CIIPP Complaint, Count 10 | *See Lamminen v. City of Cloquet*, 987 F. Supp. 723, 734 (D. Minn. 1997) ("Minnesota antitrust law is interpreted consistent with the federal court's construction of the Sherman Act. As discussed . . . above, there is no evidence which supports a reasonable inference of an unlawful conspiracy to restrain trade or to monopolize. Accordingly, Plaintiff's [state] law claim must fail as well.") (citations omitted); *Carlock v. Pillsbury Co.*, No. CIV. 4-87-517, 1988 WL |

---

[1] The EUCPs bring this claim in the consumer protection portion of their Complaint. However, this chapter of Hawaii's statutes is titled "Monopolies; Restraint of Trade." Thus, Defendants address this state law antitrust claim.

| | |
|---|---|
| • EUCP Complaint, Count 9 | 404839, at *5 (D. Minn. Oct. 13, 1988) ("Accordingly, the Court will apply the reasoning of its discussion of plaintiffs' Sherman Act claim and dismiss the Dwyer plaintiffs' Minnesota claim contained in Count IX of the Dwyer complaint for failure to allege an actionable conspiracy."); *see also Keating v. Philip Morris, Inc.*, 417 N.W.2d 132, 136 (Minn. Ct. App. 1987) ("The Minnesota Supreme Court has consistently held that the Minnesota Antitrust Law should be construed consistently with the federal courts' construction of the federal antitrust laws."). |
| Mississippi Antitrust Statute, Miss. Code Ann. § 74-21-1, *et seq.*<br>• CIIPP Complaint, Count 11 | *See Walker v. U-Haul Co. of Miss.*, 734 F.2d 1068, 1070-71 n.5 (5th Cir. 1984), *on reh'g*, 747 F.2d 1011 (5th Cir. 1984) ("The parties and the district court have treated the state and federal antitrust claims as analytically identical. We follow suit."). |
| Missouri Merchandising Practices Act, Mo. Ann. Stat. § 407.010, *et seq.*[2] | *Woman's Clinic, Inc. v. St. John's Health Sys., Inc.*, 252 F. Supp. 2d 857, 864 n.3 (W.D. Mo. 2002) ("Missouri's antitrust laws are almost identical the Sherman Antitrust Act, hence the reasoning of all federal antitrust cases will be equally applicable to state claims."). |
| Nebraska Junkin Act, Neb. Rev. Stat. § 59-801, *et seq.*<br>• CIIPP Complaint, Count 12<br>• EUCP Complaint, Count 11 | *See* Neb. Rev. St. § 59-829 (stating that when the Junkin Act uses the same or similar language to a provision of the Sherman Act, "the courts of this state in construing such sections or chapter shall follow the construction given to the federal law by the federal courts"); *see also Arthur v. Microsoft Corp.*, 676 N.W.2d 29, 38 (Neb. 2004) ("It is important to achieve and maintain a consistency in defining the types of business activity that are to be prohibited as unlawful. Harmonizing state law with federal law and its interpretation by federal courts will achieve uniformity and predictability as to the practices that are prohibited."); *see also McDonald Apiary, LLC v. Starrh Bees, Inc.*, No. 8:14-CV-351, 2015 WL 11108873, at *6 n.4 (D. Neb. May 22, 2015) ("Federal authority construing the Sherman Act, 15 U.S.C. § 1 *et seq.*, is authoritative in construing similar provisions of the Junkin Act. § 59-829."). |
| Nevada Unfair Trade Practices Act ("NUTPA"), Nev. Rev. Stat. § 598A.010, *et seq.*<br>• CIIPP Complaint, Count 13<br>• EUCP Complaint, Count 12 | *See* Nev. Rev. Stat. § 598A.050 (NUTPA "shall be construed in harmony with prevailing judicial interpretations of the federal antitrust statutes."); *Las Vegas Sun, Inc. v. Adelson*, No. 219-CV-01667GMNBNW, 2022 WL 876937, at *7 (D. Nev. Mar. 23, 2022) (when analyzing claims brought under NUTPA, courts "have routinely adhered to federal courts' interpretation of antitrust statutes under the NUTPA."); *see also Furniture Royal, Inc. v. Schnadig Int'l Corp.*, No. 218-CV-318JCMCWH, 2018 WL 6574779, at *4 (D. Nev. Dec. 13, 2018) ("Therefore, because the analysis under the NUTPA is the same as the Sherman Act, the court will dismiss Furniture Royal's NUTPA claim on the same grounds that it will dismiss Furniture Royal's claim for violation of section 1 of the Sherman Act."). |
| New Hampshire Antitrust Statute, N.H. Rev. Stat. Ann. Tit. XXXI, § 356, *et* | *See U.S. Healthcare, Inc. v. Healthsource, Inc.*, 986 F.2d 589, 599 (1st Cir. 1993) ("Once the federal antitrust claims are found wanting, this appeal is resolved. U.S. Healthcare offers no authority to suggest |

---

[2] The EUCPs bring this claim in the state law antitrust portion of their Complaint; however, the cited statutory provision is found within Missouri's consumer protection act. Accordingly, in an abundance of caution, Defendants address both the cited consumer protection provision and Missouri's antitrust act.

| | |
|---|---|
| *seq.*<br>• CIIPP Complaint, Count 14<br>• EUCP Complaint, Count 13 | that New Hampshire antitrust law diverges from federal law; indeed, the state statute encourages a uniform construction."); *Donovan v. Digit. Equip. Corp.*, 883 F. Supp. 775, 785 (D.N.H. 1994) ("Section 2 of the state antitrust act, RSA § 356:2, is analogous to section 1 of the Sherman Antitrust Act."); *see also Dennis v. Husqvarna Forest & Garden Co.*, No. CIV. 94-309-M, 1994 WL 759187, at *6 (D.N.H. Dec. 27, 1994) ("Plaintiff's first argument is that the Consumer Protection Act provides a remedy to a party harmed by violations of the Sherman Act. However, because the court has found plaintiff's allegations of vertical price fixing insufficient to support a claim under the Sherman Act, her derivative claim under the Consume Protection Act necessarily fails as well."). |
| New Mexico Antitrust Law, N.M. Stat. § 57-1-1, *et seq.*<br>• CIIPP Complaint, Count 15<br>• EUCP Complaint, Count 14 | *See Singh v. Mem'l Med. Ctr., Inc.*, 536 F. Supp. 2d 1244, 1247 n.3 (D.N.M. 2008) (noting the relevant New Mexico antitrust statute "is patterned after Section 1 of the Sherman Antitrust Act, and mandates a construction 'in harmony with judicial interpretations of the federal antitrust laws.'" (quoting N.M. Stat. § 57–1–15)); *see also, e.g., Gutierrez v. Bean*, No. CIV. 04-290 WJ/WDS, 2006 WL 4117064, at *5 (D.N.M. Dec. 13, 2006) ("The NMAA pleading requirements for claims of price fixing, tying and, generally, all claims under the NMAA are the same as those for Sections 1 and 2 of the Sherman Act. Accordingly, for the reasons stated for the dismissal of the federal antitrust claims, Defendant is entitled to dismissal with prejudice of Plaintiffs' antitrust claims brought pursuant to state law."). |
| New York Donnelly Act, Section 340 of the New York General Business Law<br>• CIIPP Complaint, Count 16<br>• EUCP Complaint, Count 15 | *See Lavoho, LLC v. Apple, Inc.*, 232 F. Supp. 3d 513 (S.D.N.Y. 2016) (analyzing the plaintiff's Sherman Act and Donnelly Act claims as one and granting summary judgment in the defendant's favor as to both claims); *Fido's Fences v. Canine Fence Co.*, 672 F. Supp. 2d 303, 313 (E.D.N.Y. 2009) (no actionable Donnelly Act claim where federal antitrust claim was subject to dismissal); *see also Reading Int'l, Inc. v. Oaktree Cap. Mgmt. LLC*, 317 F. Supp. 2d 301, 332-33 (S.D.N.Y. 2003) ("Under New York law, the state and federal antitrust statutes require identical basic elements of proof." (internal quotation and citation omitted)). |
| North Carolina General Statutes, N.C. Gen. Stat. § 75-1, *et seq.*<br>• CIIPP Complaint, Count 17<br>• EUCP Complaint, Count 16 | *See Rose v. Vulcan Materials Co.*, 194 S.E.2d 521, 530 (N.C. 1973) (noting that N.C. Gen. Stat. § 75-1 "was based upon section one of the Sherman Act" and case law interpreting the Sherman Act is "instructive in determining the full reach of th[e] [North Carolina] statute"); *see also Stearns v. Genrad, Inc.*, 564 F. Supp. 1309, 1318 (M.D.N.C. 1983), *aff'd*, 752 F.2d 942 (4th Cir. 1984). |
| North Dakota Uniform State Antitrust Act, N.D. Cent. Code § 51-08.1, *et seq.*<br>• CIIPP Complaint, Count 18 | *See Westgo Indus., Inc. v. W. J. King Co.*, No. A3-75-82, 1981 WL 2064, at *6 (D.N.D. Mar. 31, 1981) ("A reading of [51-08] discloses that it offers no broader protection than [] offered by the federal antitrust statutes.") |
| Oregon Antitrust Law, Or. Rev. Stat. § 646.705, *et seq.*<br>• CIIPP Complaint, | *See, e.g., Johnson v. Con-Vey/Keystone, Inc.*, 814 F. Supp. 931, 934–35 (D. Or. 1993) (noting that Or. Rev. Stat. § 646.725 "is a state statute that mimics the federal statute" and therefore, like the Sherman Act claim, the state law claim was |

| | |
|---|---|
| Count 19<br>• EUCP Complaint, Count 17 | subject to dismissal); *see also Jones v. City of Mcminnville*, No. 04-0047, 2005 WL 8165228, at *4 (D. Or. Apr. 25, 2005) ("Plaintiffs' state antitrust claims undergo a similar analysis, because Oregon antitrust statutes are almost identical to the federal antitrust statutes."); *see also Or. Laborers-Emps. Health & Welfare Tr. Fund v. Philip Morris Inc.*, 185 F.3d 957, 963 n.4 (9th Cir. 1999) (stating that the "Oregon antitrust statutes are almost identical to the federal antitrust statutes," and treating "the state and federal antitrust claims as one and the same for purposes of standing analysis."); *Willamette Dental Grp., P.C. v. Or. Dental Servs. Corp.*, 882 P.2d 637, 641 (Or. 1994) ("[W]e look to federal decisions interpreting section 2 of the Sherman Act for persuasive, albeit not binding, guidance."). |
| Rhode Island Antitrust Act, R.I. Gen Laws § 6-36-1, *et seq.*<br>• CIIPP Complaint, Count 20<br>• EUCP Complaint, Count 18 | *See* R.I. Gen. Laws § 6-36-2(b) (noting that Rhode Island antitrust laws are to "be construed in harmony with judicial interpretation of comparable federal antitrust statutes"); *see also Steward Health Care Sys., LLC v. Blue Cross & Blue Shield of R.I.*, 997 F. Supp. 2d 142, 152 (D.R.I. 2014) ("The Court applies the same substantive law to the state and federal antitrust claims as the Rhode Island Antitrust Act mirrors the Sherman Act."); *see also PSW, Inc. v. VISA U.S.A., Inc.*, No. C.A. 04–347T, 2006 WL 519670, at *12 (D.R.I. Feb. 28, 2006) (Almond, M.J.) ("Because the Court has recommended the dismissal of PSW's Sherman Act claims, I also recommend that the analogous state law claims be dismissed."), *adopted by*, ECF No. 84 (D.R.I. Feb. 28, 2006) (Torres, J.). |
| South Carolina Laws on Trusts, Monopolies and Restraints of Trade, S.C. Code Ann. § 39-3-10, *et seq.*<br>• Track 1 DAP Complaint, Count XX<br>• Columbia and Greenville Complaint, Count VI | *See, e.g., Drs. Steuer & Latham, P.A. v. Nat'l Med. Enters., Inc.*, 672 F. Supp. 1489, 1521 (D.S.C. 1987), *aff'd*, 846 F.2d 70 (4th Cir. 1988) ("Because South Carolina has long adhered to a policy of following federal precedents in matters relating to state trade regulation enforcement, defendants contend that the foregoing analysis of plaintiffs' claims under federal antitrust law is equally dispositive of plaintiffs' [claims under § 39-3-10]. Accordingly, summary judgment is granted to defendants on [that claim].") (internal citations and quotations omitted); *see also Century Aluminum of S.C., Inc. v. S.C. Pub. Serv. Auth.*, 278 F. Supp. 3d 877, 890 (D.S.C. 2017) ("Because the Court dismisses Century's federal antitrust claims, it also dismisses Century's South Carolina antitrust claims"). |
| South Dakota Antitrust Statute, S.D. Codified Laws § 37-1-3.1, *et. seq.*<br>• CIIPP Complaint, Count 21<br>• EUCP Complaint, Count 19 | *See Byre v. City of Chamberlain*, 362 N.W.2d 69, 74 (S.D. 1985) ("[B]ecause of the similarity of language between the federal and state antitrust statutes and because of the legislative suggestion for interpretation found in SDCL 37-1-22, great weight should be given to the federal cases interpreting the federal statute.") (citation omitted); *see also Assam Drug Co. v. Miller Brewing Co.*, 798 F.2d 311, 313 (8th Cir. 1986) (interpreting claim under South Dakota's antitrust law by looking to interpretations of federal antitrust law and affirming summary judgment in favor of defendant). |
| Tennessee Trade Practices Act, Tenn. Code § 47-25-101, *et seq.*<br>• CIIPP Complaint, Count 22<br>• EUCP Complaint, Count 20<br>• Track 1 DAP | *See Bailey's, Inc. v. Windsor Am., Inc.*, 948 F.2d 1018, 1032 (6th Cir. 1991) (affirming district court's conclusion that defendants were entitled to summary judgment on TTPA claims for the same reasons they were entitled to summary judgment on federal antitrust claims). |

| | |
|---|---|
| Complaint, Count XV | |
| Utah Antitrust Act, Utah Code § 76-10-911, *et seq.*,[3]<br>• CIIPP Complaint, Count 23<br>• EUCP Complaint, Count 21 | *See Searl v. Ogden Bd. of Realtors*, 937 F.2d 616, 1991 WL 132449, at *1 n.1 (10th Cir. 1991) ("Utah's Antitrust Act provides that 'The Legislature intends that the courts, in construing this act, will be guided by interpretations given by the federal courts to comparable federal antitrust statutes. . . .' [citation omitted]. Accordingly, we construe Utah's Antitrust Act as applying the same standards and as forbidding the same actions as the Sherman Act."); *Diaz v. Farley*, 15 F. Supp. 2d 1138, 1150 (D. Utah 1998), *aff'd*, 215 F.3d 1175 (10th Cir. 2000) (granting motion to dismiss Utah Antitrust claims for the same reasons as federal antitrust claims "because the Utah Antitrust statute follows the same analysis as the federal statute"); *Flying J Inc. v. TA Operating Corp.*, No. 1:06-CV-30-TC, 2008 U.S. Dist. LEXIS 92852, at *9 (D. Utah Nov. 25, 2008) (dismissing state law claims based on the analysis dismissing federal antitrust claims because state law claims were "so closely tied to the federal antitrust claims."). |
| West Virginia Antitrust Act, W. Va. Code §47-18-1, *et seq.*<br>• CIIPP Complaint, Count 24 | *See Kessel v. Monongalia Cnty. Gen. Hosp. Co.*, 648 S.E.2d 366, 374 (W. Va. 2007) (explaining that West Virginia law directs courts to apply federal decisional law interpreting the Sherman Act to West Virginia's own parallel antitrust statute and affirming partial summary judgment dismissing state antitrust claims). |
| Wisconsin Antitrust Act, Wis. Stat. Ann. § 133.01(1), *et seq.*<br>• CIIPP Complaint, Count 25<br>• EUCP Complaint, Count 22<br>• Track 1 DAP Complaint, Count XIV | *See Conley Pub. Grp., Ltd. v. J. Commc'ns, Inc.*, 665 N.W.2d 879, 885–86 (Wis. 2003) ("[T]he construction of [the Wisconsin Antitrust Act] is controlled by federal decisions under the Sherman Act.") (citations omitted), *abrogated on other grounds by Olstad v. Microsoft Corp.*, 700 N.W.2d 139 (Wis. 2005); *see also Roumann Consulting Inc. v. Symbiont Constr., Inc.*, No. 18-C-1551, 2019 WL 3501527, at *11 (E.D. Wis. Aug. 1, 2019) (finding that "Wisconsin courts construe [§ 133.01(1)] in conformity with federal cases decided under the Sherman Act," and dismissing the Wisconsin Antitrust Act claim upon review of federal case law). |

---

[3] Plaintiffs' Complaints refer to the Utah Antitrust Act as Utah Code § 76-10-911, but this section of the Utah Code has been renumbered as Utah Code § 76-10-3101. Defendants' arguments address both versions of the Utah Code to the extent relevant.