# APPENDIX 5

Appendix 5—No Unjust Enrichment Claim Available Where Adequate Remedy at Law Exists

| State/Territory | Case Law |
|---|---|
| Arizona | *See Digit. Sys. Eng'g, Inc. v. Bruce-Moreno*, No. 1 CA-CV 09-0574, 2010 WL 5030808, at *4 (Ariz. Ct. App. Nov. 16, 2010) (holding that a plaintiff was precluded from obtaining judgment on an unjust enrichment claims where the plaintiff also brought a fraud claim against the same parties on the same substantive facts); *see also In re Gen. Motors LLC Ignition Switch Litig., 339 F. Supp. 3d 262, 334 (S.D.N.Y. 2018)* ("In any event, to bring an unjust enrichment claim under Arizona law, 'a party must show the absence of any remedy at law.'" *(quoting Loiselle v. Cosas Mgmt. Grp., LLC*, 228 P.3d 943, 947 (Ariz. Ct. App. 2010))). |
| Florida | *See Wellbest Indus., LTD v. Retail Consumer Sci., LLC*, No. 8:18-cv-2914-KKM-JSS, 2021 WL 6280381, at *3 (M.D. Fla. Dec. 16, 2021) (Sneed, M.J.) ("The facts underpinning Plaintiff's claim for unjust enrichment are identical to those for each previous cause of action at law, and the relief requested is the same. [] As the undersigned recommends that Plaintiff has an adequate remedy at law, the undersigned further recommends that the fourth cause of action be dismissed."), *adopted by,* 2022 WL 46392 (S.D. Fla. Jan. 5, 2022) (Mizelle, J._); see also Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.,* 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005) ("It is well settled in Florida that unjust enrichment is an equitable remedy and is, therefore, not available where there is an adequate legal remedy. Thus, to properly state a claim for unjust enrichment, a party must allege that no adequate legal remedy exists."). |
| Hawaii | *See In re Chocolate Confectionary Antitrust Litig.*, 749 F. Supp. 2d 224, 236–37 (M.D. Pa. 2010) ("Under Hawaii law, '[t]he absence of an adequate remedy at law . . . is the 'necessary prerequisite' to maintaining equitable claims." (citation omitted)); *see also In re Valsartan, Losartan, & Irbesartan Prods. Liab. Litig.*, No. MDL 2875 (RBK-KMW), 2020 WL 8970347, at *2 (D.N.J. Mar. 12, 2020) (dismissing unjust enrichment claims in many states, including Hawaii, "because these states [including Hawaii] prohibit the pleading an unjust enrichment claim when an adequate remedy at law exists."). |
| Kansas | *See Linde v. Envision Healthcare Corp.*, No. 2:20-CV-02661-HLT-TJJ, 2021 WL 3089214, at *3 (D. Kan. July 22, 2021) ("Generally, equitable claims like Plaintiff's unjust enrichment/quantum meruit claim are not available if there is an adequate legal remedy.") (citation omitted); *see also Shafer, Kline & Warren, Inc. v. The Allen Grp.-Kansas City, LLC*, No. 13-2472-JAR-TJJ, 2014 WL 1974525, at *2 (D. Kan. May 15, 2014) ("While Plaintiff is correct that alternative remedies are generally permitted under the federal rules, a claim is still subject to dismissal if it is precluded by law. '[A] claim must first be made against the one who violated a duty . . . and a remedy at law must be unavailable before equitable relief is allowed.'") (citations omitted). |
| Michigan | *Pacheco v. Boar's Head Provisions Co.,* No. 1:09-CV-298, 2010 WL 1323785, at *4 (W.D. Mich. Mar. 30, 2010) *(*"Although Michigan cases do not explicitly list the 'nonexistence of any other remedy at law' as an element of an unjust enrichment claim, Michigan cases have consistently held that '[e]quity will not take jurisdiction where there is a full, complete, and adequate remedy at law, |

| | |
|---|---|
| | unless it is shown that there is some feature of the case peculiarly within its jurisdiction.'") (citation omitted); *see also Romeo Inv. Ltd. v. Mich. Consol. Gas Co.*, No. 260320, 2007 WL 1264008, at *9 (Mich. Ct. App. May 1, 2007) ("When a plaintiff has set forth both legal and equitable claims seeking identical relief and covering the same subject matter, the proper course is generally dismissal of the equitable claim."). |
| Minnesota | *Southtown Plumbing, Inc. v. Har-Ned Lumber Co.*, 493 N.W.2d 137, 140 (Minn. Ct. App. 1992) ("It is well settled in Minnesota that one may not seek a remedy in equity when there is an adequate remedy at law.") (citation omitted). |
| Mississippi | *Joel v. Joel*, 43 So. 3d 424, 430 n.10 (Miss. 2010) ("equitable relief . . . is unavailable if there exists an adequate remedy at law . . . ." (quoting *Bowling v. Madison Cnty. Bd. of Supervisors*, 724 So. 2d 431, 434 (Miss. Ct. App. 1998))); *see also Wilson v. Scruggs*, 371 F. Supp. 2d 837, 842 (S.D. Miss. 2005) ("[A]s a general proposition, equitable relief . . . is unavailable to a party who has an adequate remedy at law."); *see also In re Gen. Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262, 335 (S.D.N.Y. 2018) ("Under Mississippi law, 'unjust enrichment is an equitable claim,' and 'equitable relief is unavailable if there exists an adequate remedy at law.' Further, to be 'adequate' a remedy need not be successful.") (citations omitted). |
| Montana | *Dick Anderson Constr., Inc. v. Monroe Constr. Co.*, 221 P.3d 675, 682 n.2 (Mont. 2009) ("A court may only assert equitable jurisdiction when there is no adequate remedy at law."); *see also Bullard v. Zimmerman*, 268 P. 512, 519 (1928) ("The want of an adequate remedy at law 'constitutes the very cradle of equity.'") (citation omitted). |
| Nebraska | *Sw. Trinity Constructors, Inc. v. St. Paul Fire & Marine Ins. Co.*, 497 N.W.2d 366, 368 (Neb. 1993) ("Where a statute provides an adequate remedy at law, equity will not entertain jurisdiction, and the statutory remedy must be exhausted before equity may be resorted to.") (citation omitted); *see also Vaccaro v. City of Omaha*, 579 N.W.2d 535, 539 (Neb. 1998) ("An adequate remedy at law means a remedy which is plain and complete and as practical and efficient to the ends of justice and its prompt administration as the remedy in equity.") (citations omitted). |
| Nevada | *In re Wal-Mart Wage & Hour Emp. Pracs. Litig.*, 490 F. Supp. 2d 1091, 1125 (D. Nev. 2007) ("Nevada recognizes the general rule that equity remedies are not available where the plaintiff has a full and adequate remedy at law.") (citation omitted). |
| New Hampshire | *E. Elec. Corp. v. FERD Constr., Inc.*, No. 05-cv-303, 2005 WL 3447957, at *2-3 (D.N.H. Dec. 15, 2005) ("Equitable remedies are not available in New Hampshire courts when the plaintiff has an adequate legal remedy."); *Parsons Infrastructure & Tech. Grp., Inc. v. Gilbane Bldg. Co.*, No. 05-CV-01-PB, 2005 WL 2978901, at *1 (D.N.H. Nov. 7, 2005) (dismissing an unjust enrichment claim where plaintiff had an adequate legal remedy). |
| New Mexico | *In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Pracs. & Prods. Liab. Litig.*, 288 F. Supp. 3d 1087, 1193 (D.N.M. 2017) ("Equitable claims are not available if there is an adequate remedy at law."); *see In re Gen. Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262, 339 (S.D.N.Y. 2018) (" In any event, unjust enrichment is an equitable remedy, . . . and the New Mexico Supreme Court has held that |

| | equitable relief should be denied where there is an adequate remedy at law."); *see also Sims v. Sims*, 930 P.2d 153, 159 (1996) ("[E]quity will not act if there is a complete and adequate remedy at law." (internal quotation marks omitted)). |
|---|---|
| Oregon | *In re Gen. Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262, 339 (S.D.N.Y. 2018) ("Oregon courts hold that 'unjust enrichment is an equitable doctrine,' and that '[e]quitable relief does not lie if there is an adequate remedy at law.' . . . [A] plaintiff need not be guaranteed success in that remedy."); *see also Alsea Veneer, Inc. v. Oregon*, 862 P.2d 95, 100 (Or. 1993) (determination of whether equitable relief was available hinged on whether a "remedy at law . . . could . . ., as a practical matter, recompense plaintiffs for their losses . . . ."). |
| South Carolina | *See EllisDon Constr., Inc. v. Clemson Univ.*, 707 S.E. 2d 399, 401 (S.C. 2011) ("As the circuit court explains, equity is only available when a party is without an adequate remedy at law. . . . A party failing to fulfill the requirements of its legal remedy cannot later come to the courts complaining of hardship, seeking an equitable remedy."); *see also In re Gen. Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262, 341 (S.D.N.Y. 2018) ("South Carolina law provides both that '[u]njust enrichment is an equitable doctrine,' and that 'equity will not intervene" where a plaintiff "possesses an adequate remedy at law[.]'") (citations omitted). |
| South Dakota | *See Schumacher v. Tyson Fresh Meats, Inc.*, No. CIV 02-1027, 2006 WL 7124778, at *4 (D.S.D. Apr. 10, 2006) ("It is a firmly established rule of law that a party cannot have an equitable remedy if an adequate legal remedy is available.") (citation omitted); *see also Nw. Pub. Serv., a Div. of Nw. Corp. v. Union Carbide Corp.*, 236 F. Supp. 2d 966, 976 (D.S.D. 2002) (granting summary judgment in favor of defendant on equitable claim where plaintiffs' claims for fraud, deceit, and deceptive trade practices provided an adequate remedy at law). |
| Tennessee | *Furlough v. Spherion Atl. Workforce, LLC*, 397 S.W.3d 114, 134 (Tenn. 2013) (holding that equitable relief is unavailable unless plaintiff can show "there is no other available or adequate remedy"). |
| Utah | *See Brumbelow v. L. Offs. of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615, 623 (D. Utah 2005) ("In this case, the defendants were only unjustly enriched if the FDCPA was violated. As such, the FDCPA appears to provide an adequate remedy. For both of these reasons, therefore, summary judgment in favor of the individual defendants is granted on the unjust enrichment claim."). |
| West Virginia | *In re Gen. Motors LLC Ignition Switch Litig.*, 339 F. Supp. 3d 262, 341-42 (S.D.N.Y. 2018) ("In any event, in West Virginia, unjust enrichment claims are 'equitable in nature, and the West Virginia Supreme Court has held that a court of equity is without jurisdiction to entertain a suit where there is a 'plain, adequate and complete' remedy at law, whether or not the plaintiff is guaranteed success.") (citations omitted); *see also Mountain State Coll. v. Holsinger*, 742 S.E.2d 94, 103 (2013). |