**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE BROILER CHICKEN ANTITRUST LITIGATION** | Case No: 1:16-cv-08637 |
| | Hon. Judge Thomas M. Durkin |
| THIS DOCUMENT RELATES TO: *TRACK 1 CASES* | Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO OVERARCHING CONSPIRACY CLAIMS**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................... ii

UNDISPUTED FACTS .................................................................................................................. 1

LEGAL STANDARD..................................................................................................................... 2

ARGUMENT .................................................................................................................................. 3

I.      THERE IS NO EVIDENCE LINKING ALLEGED PRODUCTION
RESTRAINTS WITH ALLEGED GEORGIA DOCK MANIPULATION. ..................... 4

II.     SUMMARY JUDGMENT IS WARRANTED ON PLAINTIFFS' STITCHED-
TOGETHER PRICE FIXING CONSPIRACY. ................................................................. 5

III.    AN OVERLAP IN ALLEGED ACTORS OR OBJECTIVES DOES NOT SAVE
AN OTHERWISE UNSUPPORTED OVERARCHING CONSPIRACY CLAIM........... 7

CONCLUSION.............................................................................................................................. 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Continental Ore Co. v. Union Carbide & Carbon Corp.*,
    370 U.S. 690 (1962)..................................................................................................3

*In re Auto. Parts Antitrust Litig.*,
    2016 WL 8200512 (E.D. Mich. Apr. 13, 2016).....................................................7

*In re London Silver Fixing, Ltd., Antitrust Litig.*,
    332 F. Supp. 3d 885 (S.D.N.Y. 2018)...........................................................3, 4, 6, 7

*In re Text Messaging Antitrust Litig.*,
    46 F. Supp. 3d 788 (N.D. Ill. 2014), *aff'd*, 782 F.3d 867 (7th Cir. 2015) ..............5

*In re Zinc Antitrust Litig.*,
    155 F. Supp. 3d 337 (S.D.N.Y. 2016)................................................................5, 6

*Omnicare, Inc. v. UnitedHealth Grp., Inc.*,
    629 F.3d 697 (7th Cir. 2011) ..................................................................................3

*Orr v. Assurant Employee Benefits*,
    786 F.3d 596 (7th Cir. 2015) ..................................................................................2

*Parker v. Brooks Life Sci., Inc.*,
    39 F.4th 931 (7th Cir. 2022) ...................................................................................4

*Precision Assocs., Inc. v. Panalpina World Trans., (Holding) Ltd.*,
    2013 WL 6481195 (E.D.N.Y. 2013), *report and recommendation adopted*,
    2014 WL 298594 (E.D.N.Y. 2014)........................................................................3

*Sonterra Capital Master Fund Ltd. v. Credit Suisse Grp. AG*,
    277 F. Supp. 3d 521 (S.D.N.Y. 2017)....................................................................6

*Tapley v. Chambers*,
    840 F.3d 370 (7th Cir. 2016) ..................................................................................3

*U.S. Futures Exch., LLC v. Bd. of Trade of City of Chicago, Inc.*,
    346 F. Supp. 3d 1230 (N.D. Ill. 2018), *aff'd sub nom.*, 953 F.3d 955 (7th Cir. 2020)..........4, 8

*U.S. v Johnson*,
    515 F.2d 730 (7th Cir. 1975) ..............................................................................7, 8

*U.S. v. Rosenblatt*,
    554 F.2d 36 (2d Cir. 1977)......................................................................................8

*U.S. v. Varelli*,
   407 F.2d 735 (7th Cir. 1969) ................................................................................7

**Rules**

Fed. R. Civ. P. 56(a) ................................................................................................2

Local Rule 56.1 .........................................................................................................1

Track One Plaintiffs allege that all Defendants engaged in an "overarching conspiracy" consisting of alleged agreements to restrain supply and to manipulate the Georgia Dock index. (*See, e.g.*, DAP Compl. Dkt. 4243 at ¶¶ 1032-43.)  In response to Defendants' early challenge to the connection between these two alleged theories, the Court gave Plaintiffs the opportunity to attempt to establish such a connection through discovery. After extensive discovery, Plaintiffs cannot point to any facts showing such a connection. The alleged theories involve different acts, occurring at different times, using different mechanisms, allegedly carried out by different Defendants. A defendant cannot be held liable for a conspiracy in which it did not participate. These two alleged conspiracies simply cannot constitute a single "overarching" conspiracy, and no direct or circumstantial evidence of coordination links the two. Defendants thus seek summary judgment on Count One of Plaintiffs' respective complaints[1] on that basis.

## UNDISPUTED FACTS[2]

Although Defendants' other motions for summary judgment show they are entitled to summary judgment on all of Plaintiffs' claims for various reasons, Defendants will assume *arguendo*, for purposes of *this* motion the existence of a conspiracy to restrain supply on the one hand and a separate conspiracy to manipulate the Georgia Dock on the other. So the only question before the Court is simply whether Plaintiffs can show a disputed issue of material fact as to whether the submissions to the Georgia Dock by nine producers were part of, a continuation of, or

---

[1] (DAP Compl. Dkt 4243, ¶¶ 1032-1043; CIIPP Compl., Dkt. 3929, ¶¶ 488-493; DPP Compl., Dkt. 3919, ¶¶ 457-467; EUCP Compl., ¶¶ 489-496.)

[2] Defendants refer the Court to Defendant's Local Rule 56.1 Statement of Material Facts As To Which There Is No Genuine Issue To Be Tried, filed with Defendants' Motion for Summary Judgment Concerning Alleged Agreement to Restrict Broiler Supply, cited as "SMF" and Georgia Dock Defendants' Statement of Undisputed Facts in Support of Their Motion for Summary Judgment, filed with Defendants' Motion for Summary Judgment Dismissing Track 1 Plaintiffs' Georgia Dock Claims, cited as "GDSUF."

coordinated with, the alleged supply restraint conspiracy among approximately 20 producers and Agri Stats. They cannot, and summary judgment thus must be granted.

Plaintiffs' alleged supply restraint theory and Georgia Dock theory involve different parties, different conduct, and different time frames. Plaintiffs assert the existence of an agreement between virtually all U.S. broiler processors to restrain broiler production, pursuant to which Defendants supposedly signaled their agreements via coded public statements, and monitored and enforced adherence to the conspiracy through Agri Stats. (SMF ¶ 1; *see also, e.g.,* DAP Compl. Dkt. 4243 at ¶¶ 10-21.) In contrast, Plaintiffs' allegations regarding a Georgia Dock conspiracy involve a Georgia Department of Agriculture ("GDA") index and the alleged submission of false information to the GDA by only nine Defendants. (*See e.g., id.* at ¶¶ 24-30: DPP Compl., Dkt. 3919 at ¶¶ 131, 136.) The relevant time frames of the two alleged conspiracies also differ. Plaintiffs cannot agree when the alleged Georgia Dock conspiracy began (GDSUF ¶ 32, n. 12) but certainly no Plaintiff alleges it began in 2008, when the alleged production cut conspiracy supposedly began. Plaintiffs agree the alleged Georgia Dock conspiracy ended in 2016, while claiming the alleged supply restraint conspiracy persisted until 2019. (GDSUF ¶ 23; *see also, e.g.*, DAP Compl., Dkt. 4243, at ¶ 16.) Plaintiffs do not allege—and the evidence does not show—that any Defendant linked its production decisions in any way to the alleged Georgia Dock manipulation. Thus, these theories cannot be stitched together in a single overarching theory and the overarching conspiracy claim fails.

## LEGAL STANDARD

Summary judgment is appropriate if there is "no genuine issue as to any material facts and the movant is entitled to judgment as a matter of law." *Orr v. Assurant Employee Benefits*, 786 F.3d 596, 600 (7th Cir. 2015) (quoting Fed. R. Civ. P. 56(a)). When the defendant "demonstrate[s] that [plaintiffs'] claim lacks supporting evidence . . . [t]he burden then shifts to [plaintiff] to offer

specific evidence showing a genuine issue for trial." *Tapley v. Chambers*, 840 F.3d 370, 376 (7th Cir. 2016) (citations omitted). While all factual inferences are to be construed in favor of the non-moving party, "district courts are not required to draw every requested inference; they must draw only reasonable ones that are supported by the record." *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011). Even when a plaintiff offers a "richly detailed narrative," it "cannot get to trial based on the elegance of its theory alone . . . . [I]t 'must show that the inference of conspiracy is reasonable in light of competing inferences of independent action.'" *Id.* at 720 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986)).[3]

## **ARGUMENT**

This Court previously recognized that aspects of an alleged "overarching conspiracy" can be assessed separately when (1) the complaint's allegations do not plausibly show, or discovery does not sufficiently establish, "any coordinated or concert of action between" the multiple underlying conspiracies, or (2) the "alleged underlying conspiracies" are "too different from the type of coordination alleged to have occurred in the overarching conspiracy." (Dkt. 5128 at 2 (citing *Precision Assocs., Inc. v. Panalpina World Trans., (Holding) Ltd.*, 2013 WL 6481195, at *40 (E.D.N.Y. 2013), *report and recommendation adopted*, 2014 WL 298594 (E.D.N.Y. 2014); *In re Zinc Antitrust Litig.*, 155 F. Supp. 3d 337, 369 (S.D.N.Y. 2016)).) This is why courts regularly reject "overarching conspiracies" like the one Plaintiffs claim here. *See, e.g.*, *In re London Silver Fixing, Ltd., Antitrust Litig.*, 332 F. Supp. 3d 885, 897 (S.D.N.Y. 2018). When, as here, the relevant

---

[3] Plaintiffs have previously cited to *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690 (1962), as relevant to the concept of an "overarching conspiracy." However, the *Continental Ore* plaintiffs alleged only a single conspiracy to limit supply and allocate sales. The lower court treated the claims of five separate plaintiffs—each trying to show how they were harmed by the shortages resulting from the single conspiracy—like five separate lawsuits. *Id.* at 698. There was no claim of an overarching conspiracy by plaintiffs and no claim the allegations described separate conspiracies by defendants. Thus, as this Court noted, since *Continental Ore* does not "concern[] a multi-faceted conspiracy like this case," it has nothing "to say about how such a case should be discovered or tried." (May 27, 2021 Order, Dkt. 4722 at 3).

facts are undisputed, the Court "serves a vital function" in granting summary judgment to keep claims from the jury that clearly fail to meet the relevant legal standards. *U.S. Futures Exch., LLC v. Bd. of Trade of City of Chicago, Inc.*, 346 F. Supp. 3d 1230, 1248 (N.D. Ill. 2018), *aff'd sub nom.*, 953 F.3d 955 (7th Cir. 2020).

## I.  THERE IS NO EVIDENCE LINKING ALLEGED PRODUCTION RESTRAINTS WITH ALLEGED GEORGIA DOCK MANIPULATION.

Plaintiffs have engaged in six years of expansive discovery. Defendants, third parties, and Plaintiffs have produced millions of pages of documents. Hundreds of senior and mid-level executives of the Defendants, current and former GDA employees, and current and former employees of other indexing entities like Urner Barry and the USDA have been deposed.  Despite this, Plaintiffs cannot point to a single meeting or document that creates an issue of fact as to whether there was "coordinated or concert of action" relating to the alleged actions taken by the Defendants allegedly agreeing to production restraints and the nine Defendants allegedly agreeing to manipulate the Georgia Dock index. (Dkt. 5128 at 2). Plaintiffs cannot show even a "scintilla of evidence" that the alleged Georgia Dock conduct was necessary to, dependent on, or a "continuation of the production cut conspiracy" (Nov. 11, 2017 Order, Dkt. 541 at 63), much less create an issue of fact necessary to survive summary judgment. *Parker v. Brooks Life Sci., Inc.*, 39 F.4th 931, 936-37 (7th Cir. 2022).

To the contrary, Plaintiffs have not tied the success of Defendants' alleged supply restraint attempts to the alleged Georgia Dock manipulation in any way. Accordingly, Plaintiffs cannot show the existence of an "overarching conspiracy." *See In re London Silver*, 332 F. Supp. 3d at 900 (rejecting as insufficient, on a motion to dismiss, allegations of an overarching conspiracy to manipulate both trades and a benchmark because the manipulated trades "would be profitable to the traders involved regardless of whether the conduct was connected to a broader agreement to

manipulate the [benchmark]"). Because Plaintiffs have failed to come forward with the necessary evidence to meet their burden, despite being given the opportunity to do so at the motion to dismiss stage years ago, this Court should now grant summary judgment in favor of Defendants. *See, e.g.*, *In re Text Messaging Antitrust Litig.*, 46 F. Supp. 3d 788, 805 (N.D. Ill. 2014) ("Although plaintiffs' arguments about parallel price increases . . . made their complaint sufficiently plausible to proceed past a motion to dismiss, the evidence collected in discovery is inadequate to sustain a dispute of material fact for trial."), *aff'd*, 782 F.3d 867 (7th Cir. 2015).

## II. SUMMARY JUDGMENT IS WARRANTED ON PLAINTIFFS' STITCHED-TOGETHER PRICE FIXING CONSPIRACY.

Plaintiffs' contention that the overall goal of two alleged conspiracies was to raise prices in the broiler market is insufficient for a claim of an overarching conspiracy. The proposition proves too much as the ultimate goal of any antitrust conspiracy is to raise prices. For this reason, courts reject overarching conspiracy claims where multiple different conspiracy theories are stitched together by nothing more than a common goal to raise prices.

For example, in *In re Zinc Antitrust Litigation*, the court dismissed a claim of a "broad, five year conspiracy" in the zinc market, holding that the plaintiffs did not stitch together "overlapping theories" including (i) a "horizontal agreement . . . to restrain the supply of zinc," (ii) a "Queue Order Agreement" governing which customers would receive zinc in which order, and (iii) "market allocation across multiple metals . . . and geographic areas" into one single conspiracy, even though each theory was alleged to affect pricing in the zinc market. 155 F. Supp. 3d at 346, 367. The *Zinc* plaintiffs had not plausibly explained how "the sprawling allegations fit together," especially where the alleged conduct was not "similar in kind." *Id.* at 368-69. Instead, each of the alleged "activities . . . [we]re simply too different" to infer a single agreement. *Id.*

Similarly, the plaintiffs in *In re London Silver Fixing* failed to plead a "comprehensive" conspiracy in which they alleged that several banks conspired "to manipulate the markets" via "three elements," including: (i) an allegedly rigged auction, (ii) manipulation of "the 'bid-ask' spread in the market for physical silver," and (iii) "a scheme to manipulate the silver markets through coordinated trading and information sharing." 332 F. Supp. 3d at 892. Despite the fact that all of the alleged activity was designed to increase prices in silver and silver-denominated financial instruments, the court dismissed the "comprehensive" conspiracy claim. *Id.* at 897. The court reasoned that: (i) there was no connection between the "coordinated trading" and the "suppression of the [auction] Fix Price;" (ii) plaintiffs failed to explain why banks not participating in the auction "would be in on the [comprehensive] agreement;" and (iii) communications between the defendants that plaintiffs relied on did not "reference or suggest an overarching scheme." *Id.; see also Sonterra Capital Master Fund Ltd. v. Credit Suisse Grp. AG*, 277 F. Supp. 3d 521, 546 & n. 11 (S.D.N.Y. 2017) (dismissing overarching conspiracy claims consisting of multiple alleged conspiracies with an overlapping impact in pricing of currency derivatives because "there is no indication that the two conspiracies were part of one interwoven plot, as opposed to two separate sets of misconduct allegedly committed by the same entities").

The same is true here. Like the "sprawling allegations" in *In re Zinc,* involving very different types of alleged activities, the alleged supply restraint and Georgia Dock manipulation conspiracies here are "simply too different" to infer a single overarching agreement. 155 F. Supp. 3d at 368-69. Indeed, the court in *In re London Silver* even found two types of index manipulation too distinct to support an overarching conspiracy. 332 F. Supp. 3d at 892. The types of alleged conspiratorial activity Plaintiffs try to stitch together here are more disparate in their mechanisms, action, and actors, and thus even *less* supportive of an "overarching conspiracy" claim. *Id.*

There is no evidence tying Plaintiffs' "sprawling allegations" together. *Id.* Plaintiffs do not even allege that the majority of Defendants had anything to do with manipulating Georgia Dock pricing. (*See, e.g.*, DPP Compl., Dkt. 3919, ¶¶ 128-146.) Further, even for the Defendants alleged to have manipulated the Georgia Dock, Plaintiffs cannot identify a shred of evidence—not a single communication, meeting, or anything else—showing an overarching agreement to both manipulate the Georgia Dock and undertake improper supply restraints. Absent evidence of such "coordinated or concert of action" between the two alleged conspiracies, Plaintiffs' "overarching conspiracy" count cannot stand. (Dkt. 5128 at 2 (citing *Precision Assocs.*, 2013 WL 6481195, at *40).)

## III. AN OVERLAP IN ALLEGED ACTORS OR OBJECTIVES DOES NOT SAVE AN OTHERWISE UNSUPPORTED OVERARCHING CONSPIRACY CLAIM.

The mere fact that there is some overlap in alleged actors with the alleged goal of raising prices does not support a claim of a single "overarching conspiracy." *See U.S. v. Varelli*, 407 F.2d 735, 739-41 (7th Cir. 1969) (overturning a finding that two separate truck hijackings involving some overlapping defendants constituted a single conspiracy because plaintiffs failed to prove "one overall general scheme among the parties"); *see also, e.g.*, *In re Auto. Parts Antitrust Litig.*, 2016 WL 8200512, at *4 (E.D. Mich. Apr. 13, 2016) ("mere overlap of some of the defendants in some of the transactions is, on its own, insufficient to establish an overarching agreement").

For example, in *U.S. v Johnson*, 515 F.2d 730, 732-33 (7th Cir. 1975), the Seventh Circuit overturned Defendant Johnson's conviction for conspiracy to traffic six stolen cars with co-defendant Altvare and five additional co-defendants even though there was sufficient evidence to find that Johnson and Altvare separately conspired to sell a different stolen car. Despite the overlap in actors and similarity between conspiratorial objectives, the *Johnson* court found insufficient evidence to establish Johnson's "participation in the single overall conspiracy charged in the indictment" because Johnson neither had knowledge of nor participated in any of the alleged

conspiratorial activity between Altvare and the other five co-defendants. *Id.* at 733; *U.S. Futures*, 346 F. Supp. 3d at 1249 ("separate theories of antitrust liability still must be assessed individually").

Similarly, in *U.S. v. Rosenblatt*, 554 F.2d 36, 37-38 (2d Cir. 1977), defendant Rosenblatt's alleged co-conspirator Brooks falsified postal records to steal over $180,000 in checks, which he then gave to Rosenblatt to launder through Rosenblatt's bank account. Rosenblatt was told that the checks were valid, but were being laundered to evade taxes and conceal kickbacks. *Id.* Because Rosenblatt did not agree to the falsification of the checks, the Second Circuit noted that "[t]he question of whether single or multiple conspiracies have been pled or proved depends on the nature of the agreement." *Id.* at 39. Finding the government had not proven that Rosenblatt and Brooks had agreed "on the essential nature of the fraud," the Court reversed Rosenblatt's general conspiracy conviction even though Brooks' *ultimate* objective aligned with Rosenblatt's ultimate objective in later laundering the falsified checks. *Id.* at 42.

Here, there is no evidence even suggesting that "the nature of the agreement" allegedly entered into by Defendants included both supply restraints beginning in 2008 and manipulation of the Georgia Dock index beginning years later. Absent such evidence, a claim that some Defendants allegedly participated in both conspiracies, or that both conspiracies were allegedly directed at impacting broiler prices is simply not enough to support an "overarching conspiracy" claim.

## CONCLUSION

In declining to dismiss Plaintiffs' "overarching conspiracy" claims previously, the Court gave Plaintiffs an opportunity to find evidence linking their alleged production constraint and Georgia Dock conspiracies. Plaintiffs failed to do so. Accordingly, Defendants are entitled to summary judgment in their favor on the "overarching conspiracy" claim of Count One of Plaintiffs' respective complaints.

Dated:  October 7, 2022

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

*/s/ Lynn H. Murray*

Lynn H. Murray (#6191802)
111 S. Wacker Dr., Ste 4700
Chicago IL 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195
lhmurray@shb.com

Laurie A. Novion (admitted *pro hac vice*)
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
lnovion@shb.com

CONNER & WINTERS, LLP

John R. Elrod (admitted *pro hac vice*)
Vicki Bronson (admitted *pro hac vice*)
4375 N. Vantage Drive, Ste. 405
Fayetteville, AR 72703
Telephone: (479) 582-5711
jelrod@cwlaw.com
vbronson@cwlaw.com

***Attorneys for Defendants Simmons Foods, Inc.
and Simmons Prepared Foods Inc.***

ARENTFOX SCHIFF LLP

By: */s/ Margaret A. Hickey*
Margaret A. Hickey
Lawrence Harris Heftman
Kylie S. Wood
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone: (312) 258-5500
maggie.hickey@afslaw.com
lawrence.heftman@afslaw.com
kylie.wood@afslaw.com

Robert J. Wierenga
Suzanne L. Wahl
350 South Main Street, Suite 210
Ann Arbor, MI 48104
Telephone: (734) 222-1500
robert.wierenga@afslaw.com
suzanne.wahl@afslaw.com

ROSE LAW FIRM

Amanda K. Wofford (admitted *pro hac vice*)
Bourgon Reynolds (admitted *pro hac vice*)
120 East Fourth Street
Little Rock, AR 72201
Telephone: (501) 375-9131
Facsimile: (501) 375-1309
awofford@roselawfirm.com
breynolds@roselawfirm.com

John W. Treece (#3122889)
1135 West Montana Street
Chicago, IL 60614
Telephone: (312) 961-7808
jtreece@jwtreece.com

***Attorneys for Defendants Mountaire Farms Inc.,
Mountaire Farms, LLC and Mountaire Farms of
Delaware, Inc.***

VENABLE LLP

By: */s/ J. Douglas Baldridge*
J. Douglas Baldridge (#437678)
Lisa Jose Fales (admitted *pro hac vice*)
Danielle Foley (admitted *pro hac vice*)
Andrew Hernacki (admitted *pro hac vice*)
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: 202-344-8300
jdbaldridge@venable.com
ljfales@venable.com
drfoley@venable.com
athernacki@venable.com

FALKENBERG IVES LLP

Kirstin B. Ives (#6289952)
30 N. LaSalle St., Ste 4020
Chicago, IL 60602
Telephone: (312) 566-4803
Facsimile: (312) 566-4810
kbi@ffilaw.com

***Attorneys for Defendants Perdue Farms, Inc.
and Perdue Foods LLC***

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP

By: /s/ *Lara Flath*
Boris Bershteyn (admitted *pro hac vice*)
Lara Flath (#6289481)
Sam Auld (admitted *pro hac vice*)
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
boris.bershteyn@skadden.com
lara.flath@skadden.com
sam.auld@skadden.com

Patrick Fitzgerald (#6307561)
Gail Lee (#6318334)
155 N. Wacker Drive
Chicago, IL 60606
Telephone: (312) 407-0700
Facsimile: (312) 407-0411
patrick.fitzgerald@skadden.com
gail.lee@skadden.com

**Attorneys for Defendant Peco Foods, Inc.**

MAYER BROWN LLP

By: /s/ *Carmine R. Zarlenga*
Carmine R. Zarlenga (#90784529)
William H. Stallings (admitted *pro hac vice*)
Stephen M. Medlock (admitted *pro hac vice*)
Oral D. Pottinger (admitted *pro hac vice*)
Katherine Monks Bleicher (admitted *pro hac vice*)
1999 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
czarlenga@mayerbrown.com
wstallings@mayerbrown.com
smedlock@mayerbrown.com
opottinger@mayerbrown.com
kbleicher@mayerbrown.com

**Attorneys for Defendants Foster Farms, LLC and Foster Poultry Farms LLC**

KIRKLAND & ELLIS LLP

By: /s/ *Daniel E. Laytin, P.C.*
Daniel E. Laytin, P.C. (#6257119)
Christa C. Cottrell, P.C. (#6284749)
Jenna M. Stupar (#6321583)
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
dlaytin@kirkland.com
ccottrell@kirkland.com
jenna.stupar@kirkland.com

**Attorneys for Defendants Sanderson Farms, LLC (f/k/a Sanderson Farms, Inc.), Sanderson Farms Foods, LLC (f/k/a Sanderson Farms, Inc. (Foods Division)), Sanderson Farms Production, LLC (f/k/a Sanderson Farms, Inc. (Production Division)), and Sanderson Farms Processing, LLC (f/k/a Sanderson Farms, Inc. (Processing Division))**

VEDDER PRICE P.C.

By: /s/ *Gregory G. Wrobel*
Gregory G. Wrobel (#3122900)
222 N. LaSalle Street
Chicago, IL 60601
Telephone: (312) 609-7722
Facsimile: (312) 609-5005
gwrobel@vedderprice.com

JORDAN PRICE WALL GRAY JONES &
CARLTON, PLLC

Henry W. Jones, Jr. (admitted *pro hac vice*)
1951 Clark Avenue
Raleigh, NC 27605
Telephone: (919) 828-2501
Facsimile: (919) 834-8447
hjones@jordanprice.com

***Attorneys for Defendant House of Raeford Farms, Inc.***

NOVACK AND MACEY LLP

By: /s/ *Stephen Novack*
Stephen Novack (#6284749)
Stephen J. Siegel (#6209054)
100 North Riverside Plaza
Chicago, IL 60606
Telephone: (312) 419-6900
Facsimile: (312) 419-6928
snovack@novackmacey.com
ssiegel@novackmacey.com

***Attorneys for Defendants Koch Foods Incorporated, JCG Foods of Alabama LLC, JCG Foods of Georgia LLC and Koch Meat Co., Inc.***

PROSKAUER ROSE LLP

By: /s/ *Christopher E. Ondeck*
Christopher E. Ondeck (admitted *pro hac vice*)
Stephen R. Chuk (admitted *pro hac vice*)
1001 Pennsylvania Ave., NW, Ste 600 South
Washington, DC 20004
Telephone: (202) 416-6800
Facsimile: (202) 416-6899
condeck@proskauer.com
schuk@proskauer.com

-and-

Scott A. Eggers (admitted *pro hac vice*)
11 Times Square
New York, NY 10036
Telephone: (212) 969-3000
seggers@proskauer.com

***Attorneys for Defendant Wayne Farms LLC***

KUTAK ROCK LLP

By: /s/ *John P. Passarelli*
John P. Passarelli (admitted *pro hac vice*)
James M. Sulentic (admitted *pro hac vice*)
1650 Farnam Street
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
john.passarelli@kutakrock.com
james.sulentic@kutakrock.com

J.R. Carroll (admitted *pro hac vice*)
Jeffrey M. Fletcher (admitted *pro hac vice*)
234 East Millsap Road, Ste 200
Fayetteville, AR 72703-4099
Telephone: (479) 973-4200
Facsimile: (479) 973-0007
jr.caroll@kutakrock.com
Jeffrey.fletcher@kuakrock.com

Kimberly M. Hare (#6323326)
One South Wacker Drive, Ste 2050
Chicago, IL 60606-4614
Telephone: (312) 602-4100
Facsimile: (312) 602-4101
kimberly.hare@kutakrock.com

***Attorneys for Defendants O.K. Foods, Inc.,
O.K. Farms, Inc., and O.K. Industries, Inc.***

EDWARD C. KONIECZNY LLC

By: /s/ *Edward C. Konieczny*
Edward C. Konieczny (admitted *pro hac vice*)
1105 W. Peachtree St. NE Suite 1000
Atlanta, GA 30309
Telephone: (404) 380-1430
Facsimile: (404) 382-6011
ed@koniecznylaw.com

SMITH, GAMBRELL & RUSSELL, LLP

David C. Newman (admitted *pro hac vice*)
Wm. Parker Sanders (admitted *pro hac vice*)
1105 W. Peachtree St. NE Suite 1000
Atlanta, GA 30309
Telephone: (404) 815-3500
Facsimile: (404) 815-3509
dnewman@sgrlaw.com
psanders@sgrlaw.com

James L. Thompson (#6199621)
Lynch Thompson LLP
150 S. Wacker Drive, Suite 2600
Chicago, IL 60606
Telephone: (312) 445-4623
Facsimile: (312) 896-5883
jthompson@lynchthompson.com

***Attorneys for Defendants Mar-Jac Poultry,
Inc., Mar-Jac Poultry MS, LLC, Mar-Jac
Poultry AL, LLC, Mar-Jac AL/MS, Inc.,
Mar-Jac Poultry, LLC, and Mar-Jac
Holdings, Inc.***

VAUGHAN & MURPHY

By: /s/ *Charles C. Murphy, Jr.*
Charles C. Murphy, Jr. (admitted *pro hac vice*)
690 S Ponce Court NE
Atlanta, GA 30307
Telephone: (404) 667-0714
Facsimile: (404) 529-4193
cmurphy@vaughanandmurphy.com

WINSTON & STRAWN LLP

James F. Herbison (#6275116)
Michael P. Mayer (#6272677)
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
jherbison@winston.com
mmayer@winston.com

*Attorneys for Defendant Norman W. Fries, Inc.*
*d/b/a Claxton Poultry Farms*

HOGAN LOVELLS US LLP

By: /s/ *William L. Monts III*
William L. Monts III (admitted *pro hac vice*)
Justin W. Bernick (admitted *pro hac vice*)
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
Telephone: (202) 637-5910
Facsimile: (202) 637-5911
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com

MILLER, CANFIELD, PADDOCK, AND
STONE P.L.C.

Jacob D. Koering
227 W. Monroe, Suite 3600
Chicago, IL 60606
Telephone: (312) 460-4200
Facsimile: (312) 460-4201
koering@millercanfield.com

*Attorneys for Defendant Agri Stats, Inc.*

STINSON LLP

By: /s/ *William L. Greene*
William L. Greene (admitted *pro hac vice*)
Peter J. Schwingler (admitted *pro hac vice*)
50 South Sixth Street, Ste 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
kevin.kitchen@stinson.com

J. Nicci Warr (admitted *pro hac vice*)
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
Telephone: (314) 259-4570
nicci.warr@stinson.com

SUGAR FELSENTHAL GRAIS & HELSINGER LLP

John C. Martin (#6225557)
30 N. LaSalle Street, Ste 3000
Chicago, IL 60602
Telephone: (312) 704-2172
Facsimile: (312) 372-795
jmartin@sfgh.com

THE LAW GROUP OF NORTHWEST ARKANSAS LLP

Gary V. Weeks (admitted *pro hac vice*)
K.C. Dupps Tucker (admitted *pro hac vice*)
Kristy E. Boehler (admitted *pro hac vice*)
1830 Shelby Lane
Fayetteville, AR 72704
Telephone: (479) 316-3760
gary.weeks@lawgroupnwa.com
kc.tucker@lawgroupnwa.com
kristy.boehler@lawgroupnwa.com

**Attorneys for Defendants George's, Inc. and George's Farms, Inc.**

JOSEPH D. CARNEY & ASSOCIATES LLC

By: /s/ Joseph D. Carney
Joseph D. Carney (admitted pro hac vice)
OFFICE ADDRESS:
139 Crocker Park Boulevard, Ste. 400
Westlake, OH 44145
MAILING ADDRESS:
1540 Peach Drive
Avon, OH 44011
Telephone: 440-249-0860
Facsimile: 866-270-1221
jdc@jdcarney.com
case@jdcarney.com

MILLER SHAKMAN LEVINE & FELDMAN LLP

Thomas M. Staunton (#621764)
Daniel M. Feeney (#6224893)
180 North LaSalle Suite 3600
Chicago, IL 60601
Telephone: 312-263-3700
tstaunton@millershakman.com
dfeeney@millershakman.com

D.KLAR LAW

Deborah A. Klar (admitted pro hac vice)
2934 1/2 Beverly Glen Circle, Suite 761
Bel Air, CA 90077
Telephone: 310-858-9500
dklar@dklarlaw.com

Paul L. Binder, Esq. (admitted pro hac vice)
Attorney at Law
20780 Brandywine
Fairview Park, OH 44126-2805
Telephone: 440-376-6850
binderpl@yahoo.com

**Attorneys for Defendants Case Foods, Inc., Case Farms, LLC, and Case Farms Processing, Inc.**

EVERSHEDS SUTHERLAND (US) LLP

By: /s/ *Patricia A. Gorham*
Patricia A. Gorham (admitted *pro hac vice*)
James R. McGibbon (admitted *pro hac vice*)
Peter M. Szeremeta (admitted *pro hac vice*)
Kaitlin A. Carreno (admitted *pro hac vice*)
Dylan de Fouw (admitted *pro hac vice*)
Rebekah Whittington (admitted *pro hac vice*)
999 Peachtree Street, N.E., Ste 2300
Atlanta, GA 30309-3996
Telephone: (404) 853-8000
Facsimile: (404) 853-8806
patriciagorham@eversheds-sutherland.com
jimmcgibbon@eversheds-sutherland.com
peterszeremeta@eversheds-sutherland.com
katilincarreno@eversheds-sutherland.com
dylandefouw@eversheds-sutherland.com
rebekahwhittington@eversheds-sutherland.com

SMITH AMUNDSEN LLC

Ronald Balfour (#6307658)
150 N. Michigan Avenue, Ste 3300
Chicago, Illinois 60601
Telephone: (312) 894-3369
Facsimile: (312) 997-1828
RBalfour@smithamundsen.com

**Attorneys for Defendant Harrison Poultry, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2022, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Lynn H. Murray*
Lynn H. Murray
