IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | Case No. 1:16-cv-08637 |
| This Document Relates To: Certain Track 1 Direct Action Plaintiffs | Honorable Thomas M. Durkin<br>Honorable Jeffery T. Gilbert<br>[PUBLIC, REDACTED] |

MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO EXCLUDE CERTAIN
DIRECT ACTION PLAINTIFFS' EXPERT JAMES T. MCCLAVE

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................ i

INTRODUCTION ..........................................................................................................................1

SUMMARY OF DR. MCCLAVE'S OPINIONS ..........................................................................3

LEGAL STANDARD FOR ADMITTING EXPERT OPINIONS .................................................7

ARGUMENT..................................................................................................................................7

I.     THE COURT SHOULD EXCLUDE DR. MCCLAVE'S OPINION
       ESTIMATING ███████████████████████████████ ............................7

II.    THE COURT SHOULD EXCLUDE DR. MCCLAVE'S OPINION
       ESTIMATING ███████████████ ...................................................................12

       A.     Dr. McClave's Opinion Is Unreliable Because It Attributes Differences
              █████████████ To The Alleged Conspiracies ..............................................13

       B.     Dr. McClave Unreliably Compares █████████████████████
              ███████████████████████████████████ ................14

CONCLUSION.............................................................................................................................15

## TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE(S)**

*American Honda Motor Co. v. Allen,*
   600 F.3d 813 (7th Cir. 2010) .............................................................................................11

*ATA Airlines, Inc. v. Federal Express Corp.,*
   665 F.3d 882 (7th Cir. 2011) .............................................................................................12

*Barber v. United Airlines, Inc.,*
   17 F. App'x 433 (7th Cir. 2001) ..........................................................................................7

*Bielskis v. Louisville Ladder, Inc.,*
   663 F.3d 887 (7th Cir. 2011) ...............................................................................................7

*Black & Decker v. Bosch Tools,*
   No. 04-CV-7955, 2006 WL 5156873 (N.D. Ill. Sept. 8, 2006) .........................................12

*Blue Cross & Blue Shield United of Wisconsin v. Marshfield Clinic,*
   152 F.3d 588 (7th Cir. 1998) .............................................................................................13

*Brooke Group, Ltd. v. Brown & Williamson Tobacco Corp.,*
   509 U.S. 209 (1993)..........................................................................................................7, 9

*Chen-Oster v. Goldman, Sachs & Co.,*
   No. 10-CV-6950, 2022 WL 814074 (S.D.N.Y. Mar. 17, 2022) ........................................10

*Comcast Corp. v. Behrend,*
   569 U.S. 27 (2013)...............................................................................................1, 2, 3, 13

*Concord Boat Corp. v. Brunswick Corp.,*
   207 F.3d 1039 (8th Cir. 2000) ..........................................................................................13

*Daubert v. Merrell Dow Pharmaceuticals, Inc.,*
   509 U.S. 579 (1993)............................................................................................................7

*E.E.O.C. v. Freeman,*
   778 F.3d 463 (4th Cir. 2015) ............................................................................................11

*Espenscheid v. DirectSat USA, LLC,*
   705 F.3d 770 (7th Cir. 2013) .......................................................................................10, 11

*Farmer v. DirectSat USA, LLC,*
   No. 08-CV-3962, 2013 WL 1195651 (N.D. Ill. Mar. 22, 2013)........................................11

*Forte v. Liquidnet Holding, Inc.,*
   675 F. App'x 21 (2d Cir. 2017) .........................................................................................12

i

*General Electric Co. v. Joiner,*
   522 U.S. 136 (1997)............................................................................................8

*Kumho Tire Co. v. Carmichael,*
   526 U.S. 137 (1999)............................................................................................7

*Laumann v. National Hockey League,*
   117 F. Supp. 3d 299 (S.D.N.Y. 2015)........................................................10, 12

*LeClercq v. Lockformer Co.,*
   No. 00-CV-7164, 2005 WL 1162979 (N.D. Ill. Apr. 28, 2005)...........................7

*In re LIBOR-Based Financial Instruments Antitrust Litigation.,*
   299 F. Supp. 3d 430 (S.D.N.Y. 2018)...............................................................10

*Mandala v. NTT Data, Inc.,*
   975 F.3d 202 (2d Cir. 2020) ...............................................................................1

*In re Pharmacy Benefit Managers Antitrust Litig.,*
   No. 03-CV-4730, 2017 WL 275398 (E.D. Pa. Jan. 18, 2017)...........................13

*Rowe Entertainment, Inc. v. William Morris Agency, Inc.,*
   No. 98-CV-8272, 2003 WL 22124991 (S.D.N.Y. Sept. 15, 2003).....................12

*State Farm Fire & Casualty Co. v. Electrolux Home Products, Inc.,*
   980 F. Supp. 2d 1031 (N.D. Ind. 2013) ......................................................12, 14

ii

Certain defendants[1] respectfully submit this memorandum of law in support of their motion to exclude the opinions of certain direct action purchaser plaintiffs' ("DAPs") damages expert Dr. James T. McClave.[2]

## INTRODUCTION

"Facts are stubborn things, but statistics . . . [a]s Mark Twain's saying suggests . . . must be consulted cautiously" because they are "pliable." *Mandala v. NTT Data, Inc.*, 975 F.3d 202, 205 (2d Cir. 2020). The notorious pliability of statistics and the caution with which they must therefore be consulted were both on full display in *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013), where the Supreme Court rejected a damages opinion offered by Dr. McClave, finding it

---

[1] Defendants are: Koch Foods, Inc., JCG Foods of Alabama, LLC, JCG Foods of Georgia, LLC, and Koch Meat Co., Inc.; Perdue Farms, Inc. and Perdue Foods LLC ("Perdue"); Sanderson Farms, Inc., Sanderson Farms, Inc. (Foods Division), Sanderson Farms, Inc. (Production Division), and Sanderson Farms, Inc. (Processing Division); Wayne Farms, LLC; Mountaire Farms Inc., Mountaire Farms, LLC, and Mountaire Farms of Delaware, Inc.; Foster Farms, LLC and Foster Poultry Farms; House of Raeford Farms, Inc.; Simmons Foods, Inc. and Simmons Prepared Foods, Inc. ("Simmons Foods"); O.K. Foods, Inc., O.K. Farms, Inc., and O.K. Industries, Inc.; Norman W. Fries, Inc. and Claxton Poultry Farms, Inc.; Harrison Poultry, Inc. ("Harrison Poultry"); Mar-Jac Poultry, Inc., Mar-Jac Poultry MS, LLC, Mar-Jac Poultry AL, LLC, Mar-Jac AL/MS, Inc., Mar-Jac Poultry, LLC, and Mar-Jac Holdings, Inc.; Case Foods, Inc., Case Farms, LLC, and Case Farms Processing, Inc.; Keystone Foods Corporation, Keystone Foods LLC Fieldale Farms Corporation, Fieldale Farms Corporation; Peco Foods, Inc. ("Peco"); George's, Inc. and George's Farms, Inc.; Tyson Breeders, Inc., Tyson Chicken, Inc., Tyson Foods, and Agri Stats, Inc. Each defendant joins this motion in its entirety except as against any DAP with whom that defendant has settled.

[2] The 49 DAPs are: Action Meat Distributors, Inc.; Affiliated Foods, Inc.; Albertsons Companies, Inc.; Alex Lee, Inc./Merchants Distributors, LLC; Associated Food Stores, Inc.; Associated Grocers, Inc.; Associated Grocers of Florida, Inc.; Associated Grocers of New England, Inc.; Associated Grocers of South, Inc.; Bashas' Inc.; Big Y Foods, Inc.; Bi-Lo Holdings, LLC; Brookshire Brothers, Inc.; Brookshire Grocery Company; CBBC OPCO, LLC d/b/a Colorado Boxed Beef; Central Grocers, Inc.; Certco, Inc.; Columbia Meats, Inc.; Fareway Stores, Inc.; Giant Eagle, Inc.; The Golub Corporation; Greenville Meats Wholesale and Retail; Hy-Vee, Inc.; Ira Higdon Grocery Company, Inc.; King Solomon Foods, Inc.; The Kroger Co.; Latina Boulevard Foods, LLC; Meijer, Inc./Meijer Distribution, Inc.; Nicholas & Co., Inc.; OSI Restaurant Partners, LLC; Pacific Food Distributors, Inc.; Piggly Wiggly Alabama Distributing Co., Inc.; Publix Super Markets, Inc.; S & S Trading Co.; Save Mart Supermarkets; Schnuck Markets, Inc.; SGC Foodservice; SpartanNash Company; SuperValu Inc.; The Distribution Group, Inc. d/b/a van Eerden Foodservice Company; Topco Associates, LLC; Troyer Foods, Inc.; Unified Grocers, Inc.; URM Stores, Inc.; W. Lee Flowers & Company, Inc.; Wakefern Food Corporation; Weinstein Wholesale Meats, Inc.; Winn-Dixie Stores, Inc.; and Woodman's Food Market, Inc.

"obvious[ly] and exceptional[ly] erroneous." *Id.* at 36 n.5. Heedless of the Supreme Court's rebuke, Dr. McClave takes liberties with statistics again here, and openly disregards "stubborn" facts in the documentary record when they inconveniently contradict his models' conclusions. So outlandish are these conclusions that, in one case, Dr. McClave ▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ This statistical gamesmanship is not reliable evidence, and Dr. McClave's opinions should be excluded in their entirety.

Dr. McClave offers no opinions with respect to liability, but purports ▮▮▮



▮▮▮▮▮ Both models are contradicted by the record evidence and are unreliable.

Dr. McClave's ▮▮▮▮ is demonstrably inaccurate. Most obviously, ▮▮

▮▮▮▮ Because Dr. McClave's ▮▮▮▮ violates the black letter law requirement that a model must be consistent with the evidence, any opinions premised on it should be excluded.

Dr. McClave's ▮▮▮▮ suffers from other—but equally fatal—problems. As the Supreme Court confirmed when it discarded Dr. McClave's "obvious[ly] and exceptional[ly] erroneous" model in *Comcast*, any reliable model of damages from a conspiracy must exclude damages caused by events unrelated to the conspiracy. *See Behrend,* 569 U.S. at 36 n.5; *see also*

2

*id.* at 37 ("Dr. McClave . . . identif[ied] 'damages' that are . . . not the certain result of the wrong.").

Yet Dr. McClave commits the same error here by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Therefore, this

Court should exclude Dr. McClave's opinions ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in their entirety.

## SUMMARY OF DR. MCCLAVE'S OPINIONS

*Georgia Dock Transaction* ▮▮▮▮▮▮▮▮ '

Unlike every other plaintiffs' expert in this case, Dr. McClave purports ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. 1, Expert Report of James T. McClave, dated Aug. 31,

2021 ("McClave Rep.") at App'x A, p.1.)[3] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



---

[3] Exhibits 1-8 are attached to the accompanying Declaration of Lara A. Flath.



(Ex. 2, Deposition Transcript of Dr. James T. McClave, Feb. 11, 2022 ("McClave Dep. I") at 145:4-146:6.)

(Ex. 1, McClave Rep., App'x A, p.3.)

(*Id.*)

(*Id.*; Ex. 3, Expert Report of John H. Johnson, IV ("Johnson Rep.") ¶ 251.)

(Ex. 3, Johnson Rep. ¶ 251.)

(*Id.* ¶¶ 244, 252.)

(Ex. 4, Deposition Transcript of Dr. James T. McClave, Aug. 30, 2022 ("McClave Dep. II") at 173:15-174:3.)

---

4 (Ex. 6, Reply Report of Dr. James T. McClave ("Reply Rep.") at 35.)

(Ex. 2, McClave Dep. I at 151:5-8.)



(Ex. 3, Johnson Rep. ¶ 243; *see also*

Ex. 5, Expert Report of Dr. Robert Stoner ("Stoner Rep.") ¶¶ 86-87.)

Dr. McClave also attempts to                                                    (Ex. 1, McClave Rep. at

1-9.)

*(Id.* at 8-9, 11.)

*(Id* at 9.)[5]

*(Id.* at 8.)

' (Ex. 2, McClave Dep. I at 82:21-84:23.)

---

[5]                                                                            (Ex. 6, McClave Reply Rep. at 5.)

[6]                                                                            (Ex. 2, McClave Dep. I at
82:21-83:1.)

5



(*Id.* at 62:24-68:21.)

(*Id.* at 64:1-65:2.)

(*Id.*)

(*See* Ex. A.)



(Ex. 2, McClave Dep. I at 124:12-21), (Ex. 8, Expert Report of Randall R. Rucker ("Rucker Rep.") at App'x C.)

The same failure to 

(*See* Ex. B.)

## LEGAL STANDARD FOR ADMITTING EXPERT OPINIONS

The proponent of expert testimony bears the burden of demonstrating, by a preponderance of the evidence, that the opinions are reliable. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593 n.10 (1993). In considering whether opinions are reliable, courts consider: (1) "whether the theory has been subjected to peer review"; (2) the "theory's known or potential rate of error; and" (3) the "theory's level of acceptance within the relevant community." *Bielskis v. Louisville Ladder, Inc.*, 663 F.3d 887, 894 (7th Cir. 2011). The Court must also examine the expert's conclusions to ensure that are "'tied to the facts' of a particular 'case.'" *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999) (citation omitted).

## ARGUMENT

### I. THE COURT SHOULD EXCLUDE DR. MCCLAVE'S OPINION ESTIMATING DAMAGES RELATING TO

Dr. McClave                                                                are unreliable because it conflicts with the underlying evidence,

that is too small and unrepresentative. First, Dr. McClave's opinions conflict with the evidence because

An expert opinion must be excluded "when indisputable record facts contradict or otherwise render the opinion unreasonable." *See Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993); *see also Barber v. United Airlines, Inc.*, 17 F. App'x 433, 437 (7th Cir. 2001) (excluding expert opinion where evidence "contradicted his opinion"); *LeClercq v.*

7



(Ex. 1, McClave Rep., App'x A, pg. 1)

(Ex. 3, Johnson Rep. ¶ 243.)

(*Id.*; *see also* Ex. 5, Stoner Rep. ¶¶ 86-87 (collecting testimony).)[8]

Dr. McClave's ▮▮▮▮ also conflict with the underlying data and contracts—including

▮▮▮▮ For instance, ▮▮▮▮

(Ex. 6, McClave Reply Rep. at 75; Ex. 3,

Johnson Rep. ¶ 244.) ▮▮▮▮

(Ex. 3, Johnson Rep. ¶ 244; *see also*

Ex. 4, McClave Dep. II at 154:19-155:15.)

---

[8] ▮▮▮▮ (Ex. 5, Stoner Rep. Fig. 3.)



(Ex. 4, McClave Dep. II at 154:7-155:15.)

Dr. McClave also ignored

(Ex. 6, McClave Reply Rep. at 81.)

(Ex. 7, McClave Dep. II, Ex. 5301; *see also* Ex. 4, McClave Dep. II at 168:18-173:14.)

(Ex. 4, McClave Dep. II at 168:18-173:14.)

Dr. McClave's             also conflict with

(Ex. 3, Johnson Rep. ¶ 245.)

(*Id.*)

To attempt to save his conclusions, Dr. McClave makes the extraordinary claim that his

(Ex. 4, McClave Dep. II at 37:25-38-3; 173:10-174.) Not so. It is well-settled that a reliable statistical model must be tethered to the record evidence. *See Brooke Grp.*, 509 U.S. at 242. And here, undisputed evidence demonstrates that Dr. McClave's            produces inaccurate results.

9

Second, the ▓▓▓▓▓ unreliability is evident because Dr. McClave was forced to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Courts routinely exclude opinions that produce facially unreliable results. *See, e.g., Chen-Oster v. Goldman, Sachs & Co.*, No. 10-CV-6950, 2022 WL 814074, at *13 (S.D.N.Y. Mar. 17, 2022) (excluding expert report that removed meaningful outliers from regression dataset); *see also In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 481 (S.D.N.Y. 2018) (excluding expert opinion that had an "error rate between 25% and 29%"). Here, Dr. McClave's error rate easily crosses that threshold because he



▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. 1, McClave Rep., App'x A1, p.3; Ex. 3, Johnson Rep. ¶ 251.)

Confronted with these facts, Dr. McClave improperly fell back to naked speculation that transactions that he ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. 6, McClave Reply Rep. at 92.) Dr. McClave's unsupported conjecture that ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓ model is guesswork. Apparently, a core foundation of his ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓

Third, Dr. McClave's ▓▓▓▓▓ is unreliable because ▓▓▓▓▓ is too small and unrepresentative. Courts routinely reject expert opinions that rely on small samples to draw conclusions about a far larger population. *See, e.g., Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 774-75 (7th Cir. 2013) (rejecting expert's attempt to extrapolate from sample of 42 class members to 2,341 absent class members); *Laumann v. Nat'l Hockey League*, 117 F. Supp. 3d 299,

307, 315 (S.D.N.Y. 2015) (concluding expert's model was "simply too sparse to survive" because it sampled "only four percent of all World Series watchers").[9] And Dr. McClave's attempt to extrapolate ████████████████████████████████ ▮ ████████ falls far below the sample size of 1.7% that the Seventh Circuit has previously rejected as too small. *See Espenscheid*, 705 F.3d at 774-75.[10]

Dr. McClave's ████████ is also unrepresentative of the millions of transactions to which it is applied. "Although convenience samples are 'easy to take,' they 'may suffer from serious bias.'" *EEOC v. Freeman*, 778 F.3d 463, 469 n.1 (4th Cir. 2015) (citation omitted). "Determining the minimum sample size from which reliable extrapolations can be made to the sampled population is tricky," but it "is rarely, if ever, sufficient" to use a small sample without demonstrating that the sample is representative of the data to which the sample is being applied. *Am. Honda Motor Co. v. Allen*, 600 F.3d 813, 818 (7th Cir. 2010) (citation omitted); *see also Farmer v. DirectSat USA, LLC*, No. 08-CV-3962, 2013 WL 1195651, at *6 (N.D. Ill. Mar. 22, 2013) ("Becker conducts no analysis . . . to demonstrate the appropriateness of extrapolating results from this data to all plaintiffs.").

Dr. McClave failed to heed the Seventh Circuit's command from *American Honda* that he demonstrate that his ████████ is representative. On the contrary, he admitted that the ▮ ███ ████████████████████████ ▮ █████████████████ (Ex. 2, McClave Dep. I at 151:5-

---

[9] Dr. McClave's use of jus████████████████████████████ ████████ has been rejected by other academics, with one study concluding that "[r]esults that derive from [convenience] sampling have known generalizability only to the sample." Marc H. Bornstein, *Sampling in Developmental Science: Situations, Shortcomings, and Standards*, Developmental Review, Vol. 33, No. 4 (2013) at 361.

[10] Dr. McClave's use of a████████████████████████████ ▮ ████████ (Ex. 6, McClave Reply Rep. at 5.)

11

▇ Indeed, he did not find one. Dr. McClave's ▇▇ entirely excludes ▇▇▇▇▇▇▇

▇▇▇▇▇▇▇ *See ATA Airlines, Inc. v. Fed. Express Corp.*, 665 F.3d

882, 895 (7th Cir. 2011) (concluding that expert was unreliable where model used "a tiny sample"

that was "less representative of the population being sampled"); *Laumann*, 117 F. Supp. 3d at 311,

315 (excluding opinion because there were possibly "major differences between viewers' tastes"

in the sample and larger population). Consequently, the Court should exclude Dr. McClave's

opinion attempting to estimate ▇▇▇▇▇▇▇

▇▇▇▇▇▇▇

## II.     THE COURT SHOULD EXCLUDE DR. MCCLAVE'S OPINION ESTIMATING ▇▇▇▇

Dr. McClave's ▇▇▇▇ must also be excluded because he failed to ▇▇

▇▇▇▇▇▇▇ unreliable. "An analysis is only as good as the data

upon which it rests," *Rowe Ent. v. William Morris Agency, Inc.*, No. 98-CV-8272, 2003 WL

22124991, at *4 (S.D.N.Y. Sept. 15, 2003), and '[w]hen an expert bases her opinion on

information supplied by another, the Court must focus on the reliability of the expert's

foundation." *Black & Decker v. Bosch Tools*, No. 04-CV-7955, 2006 WL 5156873, at *1 (N.D.

Ill. Sept. 8, 2006). Confirming the accuracy of the underlying data is a critical first step in any

applied economic exercise, and skipping that step "by itself can constitute grounds for excluding

an expert report." *Forte v. Liquidnet Holding, Inc.*, 675 F. App'x 21, 24 (2d Cir. 2017); *see also*

*State Farm Fire & Cas. Co. v. Electrolux Home Prods., Inc.*, 980 F. Supp. 2d 1031, 1049 (N.D.

Ind. 2013) ("Dr. Wood admittedly did nothing to independently verify the reliability of this

information before she used it in her calculations. This renders her statistical analysis unreliable.").

### A. Dr. McClave's Opinion Is Unreliable Because It Attributes Differences ████████████ To The Alleged Conspiracies.

Dr. McClave's ████████████████████████████████████████████████

████████████████████████████████████████████████ Opinions should

not be admitted if they "d[o] not incorporate all aspects of the economic reality of the [particular] market." *Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1057 (8th Cir. 2000); *see also Blue Cross & Blue Shield United of Wis. v. Marshfield Clinic*, 152 F.3d 588, 593 (7th Cir. 1998) (excluding expert opinion that "fail[ed] to correct for salient factors . . . that may have caused the harm"). Failing to accurately control for customer bargaining power creates opinions that are not grounded in the economic reality of the market because they attribute "the relative bargaining power of small [customers] vs. large [customers]" to "a violation of the antitrust laws." *In re Pharmacy Benefit Managers Antitrust Litig.*, No. 03-CV-4730, 2017 WL 275398, at *15 (E.D. Pa. Jan. 18, 2017). Indeed, Dr. McClave himself recognized that it was ████████████████████

████████████████████████████████████████████████

(Ex. 2, McClave Dep. I at 84:5-23.)

Yet the data on which Dr. McClave's ████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████ (*See* Ex. A.) █████████████

████████████████████████████████████████████████

████████████████████████████████████████ As Dr. McClave has

implicitly conceded, ████████████████████████████████████████

13

 (Ex. 6, McClave

Reply Rep. at 6 ▮ ▮

▮)

Dr. McClave made similar mistakes in *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013), leading the Supreme Court to conclude that Dr. McClave's model was "obvious[ly] and exceptional[ly]" erroneous because he had impermissibly attributed damages to phenomena that did not reflect unlawful conduct. *Id.* at 36 n.5. The Supreme Court observed that, as here, the "scheme devised by respondents' expert, Dr. McClave, sought to . . . compar[e] [a] baseline [to] what the actual prices were during the charged period." *Id.* at 36. But the Court discarded Dr. McClave's model because it "identif[ied] 'damages' that are not . . . the certain result of the wrong" by failing to control for non-conspiratorial factors. *Id.* at 37 (citation omitted). Because Dr. McClave made the same mistake here, this Court should reach the same conclusion: Dr. McClave's failure to ▮ ▮

▮

▮ Accordingly, Dr. McClave's opinion is unreliable.

**B.** **Dr. McClave Unreliably Compares** ▮

Similarly, because Dr. McClave also made no attempt to ▮

▮

and his corresponding opinions should be excluded. Even if "'an expert bases her opinion on information supplied by' . . . a party, 'the Court[] must focus on the reliability of the expert's foundation.'" *Electrolux*, 980 F. Supp. 2d at 1049 (citation omitted). After all, experts have a duty to "independently verify the reliability of th[e] information" on which they rely. *Id.*

14

Once again, Dr. McClave's approach does not measure up. Just like the expert in

*Electrolux*, Dr. McClave did



(Ex. 2, McClave Dep. I at 124:12-21.) As one

startling example,

(Ex. 8, Rucker Rep. at App'x C.)

(Ex. 4, McClave Dep. II at 65:13-18.) Accordingly, Dr. McClave's model

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court exclude the opinions offered by Dr. McClave.

Dated: October 7, 2022

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP

By: /s/ *Lara Flath*
Boris Bershteyn (admitted *pro hac vice*)
Lara Flath (#6289481)
Sam Auld (admitted *pro hac vice*)
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
boris.bershteyn@skadden.com
lara.flath@skadden.com
sam.auld@skadden.com

Patrick Fitzgerald (#6307561)
Gail Lee (#6318334)
155 N. Wacker Drive
Chicago, IL 60606
Telephone: (312) 407-0700
Facsimile: (312) 407-0411
patrick.fitzgerald@skadden.com
gail.lee@skadden.com

*Attorneys for Defendant Peco Foods, Inc.*

16

STINSON LLP

By: /s/ *William L. Greene*
William L. Greene (admitted *pro hac vice*)
Peter J. Schwingler (admitted *pro hac vice*)
50 South Sixth Street, Ste 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com

J. Nicci Warr (admitted *pro hac vice*)
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
Telephone: (314) 259-4570
nicci.warr@stinson.com

SUGAR FELSENTHAL GRAIS &
HELSINGER LLP

John C. Martin (#6225557)
30 N. LaSalle Street, Ste 3000
Chicago, IL 60602
Telephone: (312) 704-2172
Facsimile: (312) 372-7951
jmartin@sfgh.com

THE LAW GROUP OF NORTHWEST
ARKANSAS LLP

Gary V. Weeks (admitted *pro hac vice*)
K.C. Dupps Tucker (admitted *pro hac vice*)
Kristy E. Boehler (admitted *pro hac vice*)
1830 Shelby Lane
Fayetteville, AR 72704
Telephone: (479) 316-3760
gary.weeks@lawgroupnwa.com
kc.tucker@lawgroupnwa.com
kristy.boehler@lawgroupnwa.com

*Attorneys for Defendants George's, Inc. and
George's Farms, Inc.*

SHOOK, HARDY & BACON L.L.P

By: /s/ *Lynn H. Murray*
Lynn H. Murray (#6191802)
SHOOK, HARDY & BACON L.L.P.
111 S. Wacker Dr., Ste 4700
Chicago IL 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195
lhmurray@shb.com

Laurie A. Novion (admitted *pro hac vice*)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
lnovion@shb.com

John R. Elrod (admitted *pro hac vice*)
Vicki Bronson (admitted *pro hac vice*)
CONNER & WINTERS
4375 N. Vantage Drive, Ste. 405
Fayetteville, AR 72703
Telephone: (479) 582-5711
jelrod@cwlaw.com
vbronson@cwlaw.com

*Attorneys for Defendants Simmons Foods,
Inc. and Simmons Prepared Foods, Inc.*

17

ARENTFOX SCHIFF LLP

By: /s/ *Margaret A. Hickey*
Margaret A. Hickey
Lawrence Harris Heftman
Kylie S. Wood
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone: (312) 258-5500
maggie.hickey@afslaw.com
lawrence.heftman@afslaw.com
kylie.wood@afslaw.com

Robert J. Wierenga
Suzanne L. Wahl
350 South Main Street, Suite 210
Ann Arbor, MI 48104
Telephone: (734) 222-1500
robert.wierenga@afslaw.com
suzanne.wahl@afslaw.com

ROSE LAW FIRM

Amanda K. Wofford (admitted *pro hac vice*)
Bourgon Reynolds (admitted *pro hac vice*)
120 East Fourth Street
Little Rock, AR 72201
Telephone: (501) 375-9131
Facsimile: (501) 375-1309
awofford@roselawfirm.com
breynolds@roselawfirm.com

John W. Treece (#3122889)
1135 West Montana Street
Chicago, IL 60614
Telephone: (312) 961-7808
jtreece@jwtreece.com

*Attorneys for Defendants Mountaire Farms Inc., Mountaire Farms, LLC and Mountaire Farms of Delaware, Inc.*

VENABLE LLP

By: /s/ *J. Douglas Baldridge*
J. Douglas Baldridge (#437678)
Lisa Jose Fales (admitted *pro hac vice*)
Danielle Foley (admitted *pro hac vice*)
Andrew Hernacki (admitted *pro hac vice*)
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: 202-344-8300
jdbaldridge@venable.com
ljfales@venable.com
drfoley@venable.com
athernacki@venable.com

FALKENBERG IVES LLP

Kirstin B. Ives (#6289952)
30 N. LaSalle St., Ste 4020
Chicago, IL 60602
Telephone: (312) 566-4803
Facsimile: (312) 566-4810
kbi@ffilaw.com

*Attorneys for Defendants Perdue Farms, Inc. and Perdue Foods LLC*

18

VEDDER PRICE P.C.

By: /s/ *Gregory G. Wrobel*
Gregory G. Wrobel (#3122900)
222 N. LaSalle Street
Chicago, IL 60601
Telephone: (312) 609-7722
Facsimile: (312) 609-5005
gwrobel@vedderprice.com

JORDAN PRICE WALL GRAY JONES &
CARLTON, PLLC

Henry W. Jones, Jr. (admitted *pro hac vice*)
1951 Clark Avenue
Raleigh, NC 27605
Telephone: (919) 828-2501
Facsimile: (919) 834-8447
hjones@jordanprice.com

***Attorneys for Defendant House of Raeford
Farms, Inc.***

MAYER BROWN LLP

By: /s/ *Carmine R. Zarlenga*
Carmine R. Zarlenga (#90784529)
Stephen M. Medlock (admitted *pro hac vice*)
Oral D. Pottinger (admitted *pro hac vice*)
1999 K Street N.W.
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
czarlenga@mayerbrown.com
wstallings@mayerbrown.com
smedlock@mayerbrown.com
opottinger@mayerbrown.com

***Attorneys for Defendants Foster Farms,
LLC and Foster Poultry Farms, a California
Corporation***

ALSTON & BIRD LLP

By: /s/ *B. Parker Miller*
B. Parker Miller (*pro hac* vice)
Valarie C. Williams (*pro hac* vice)
Thomas P. Grantham (*pro hac* vice)
1201 West Peachtree Street
Atlanta, GA 30309
(404) 881-7000 (T)
(404) 881-7777 (F)
parker.miller@alston.com
valarie.williams@alston.com
thomas.grantham@alston.com

THE BLOCK FIRM LLC
Max Marks (*pro hac* vice)
Aaron Block (*pro hac* vice)
309 East Paces Ferry Road, Suite 400
Atlanta, GA 30305
(404) 997-8419
max.marks@blockfirmllc.com
aaron@blockfirmllc.com

***Attorneys for Defendant Fieldale Farms
Corporation***

19

NOVACK AND MACEY LLP

By: /s/ *Stephen Novack*
Stephen Novack (#6284749)
Stephen J. Siegel (#6284749)
100 North Riverside Plaza
Chicago, IL 60606
Telephone: (312) 419-6900
Facsimile: (312) 419-6928
snovack@novackmacey.com
ssiegel@novackmacey.com

***Attorneys for Defendants Koch Foods
Incorporated, JCG Foods of Alabama LLC,
JCG Foods of Georgia LLC and Koch Meat
Co., Inc.***

KIRKLAND & ELLIS LLP

By: /s/ *Daniel E. Laytin, P.C.*
Daniel E. Laytin, P.C. (#6257119)
Christa C. Cottrell, P.C. (#6284749)
Jenna M. Stupar (#6321583)
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
dlaytin@kirkland.com
ccottrell@kirkland.com
jenna.stupar@kirkland.com

***Attorneys for Defendants Sanderson Farms,
LLC (f/k/a Sanderson Farms, Inc.),
Sanderson Farms Foods, LLC (f/k/a
Sanderson Farms, Inc. (Foods Division)),
Sanderson Farms Production, LLC (f/k/a
Sanderson Farms, Inc. (Production
Division)), and Sanderson Farms
Processing, LLC (f/k/a Sanderson Farms,
Inc. (Processing Division)***

PROSKAUER ROSE LLP

By: /s/ *Christopher E. Ondeck*
Christopher E. Ondeck (admitted pro hac vice)
Stephen R. Chuk (admitted pro hac vice)
1001 Pennsylvania Ave., NW, Ste 600 South
Washington, DC 20004
Telephone: (202) 416-6800
Facsimile: (202) 416-6899
condeck@proskauer.com
schuk@proskauer.com

-and-

Scott A. Eggers (admitted pro hac vice)
11 Times Square
New York, NY 10036
Telephone: (212) 969-3000
seggers@proskauer.com

***Attorneys for Defendant Wayne Farms LLC***

20

VEDDER PRICE P.C.

By: /s/ Gregory G. Wrobel
Gregory G. Wrobel (#3122900)
222 N. LaSalle Street
Chicago, IL 60601
Telephone: (312) 609-7722
Facsimile: (312) 609-5005
gwrobel@vedderprice.com

JORDAN PRICE WALL GRAY JONES &
CARLTON, PLLC

Henry W. Jones, Jr. (admitted *pro hac vice*)
1951 Clark Avenue
Raleigh, NC 27605
Telephone: (919) 828-2501
Facsimile: (919) 834-8447
hjones@jordanprice.com

**Attorneys for Defendant House of Raeford
Farms, Inc.**

EDWARD C. KONIECZNY LLC

By: /s/ Edward C. Konieczny
Edward C. Konieczny (admitted *pro hac
vice*)
1105 Peachtree Street, N.E., Suite 1000
Atlanta, GA 30361
Telephone: (404) 380-1430
Facsimile: (404) 382-6011
ed@koniecznylaw.com

SMITH, GAMBRELL & RUSSELL, LLP

David C. Newman (admitted *pro hac vice*)
W. Parker Sanders (admitted *pro hac vice*)
1105 Peachtree Street, N.E., Suite 1000
Atlanta, GA 30309
Telephone: (404) 815-3500
Facsimile: (404) 815-3509
dnewman@sgrlaw.com
psanders@sgrlaw.com

James L. Thompson (#6199621)
Lynch Thompson LLP
150 S. Wacker Drive, Suite 2600
Chicago, IL 60606
Telephone: (312) 445-4623
Facsimile: (312) 896-5883
jthompson@lynchthompson.com

**Attorneys for Defendants Mar-Jac Poultry,
Inc., Mar-Jac Poultry MS, LLC, Mar-Jac
Poultry AL, LLC, Mar-Jac AL/MS, Inc.,
Mar-Jac Poultry, LLC, and Mar-Jac
Holdings, Inc.**

21

KUTAK ROCK LLP

By: /s/ *John P. Passarelli*
John P. Passarelli (admitted *pro hac vice*)
James M. Sulentic (admitted *pro hac vice*)
1650 Farnam Street
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
john.passarelli@kutakrock.com
james.sulentic@kutakrock.com

J.R. Carroll (admitted *pro hac vice*)
Jeffrey M. Fletcher (admitted *pro hac vice*)
234 East Millsap Road, Ste 200
Fayetteville, AR 72703-4099
Telephone: (479) 973-4200
Facsimile: (479) 973-0007
jr.caroll@kutakrock.com
Jeffrey.fletcher@kuakrock.com

Kimberly M. Hare (#6323326)
One South Wacker Drive, Ste 2050
Chicago, IL 60606-4614
Telephone: (312) 602-4100
Facsimile: (312) 602-4101
kimberly.hare@kutakrock.com

*Attorneys for Defendants O.K. Foods, Inc.,*
*O.K. Farms, Inc., and O.K. Industries, Inc.*

HOGAN LOVELLS US LLP

By: /s/ *William L. Monts III*
William L. Monts III (admitted *pro hac vice*)
Justin W. Bernick (admitted *pro hac vice*)
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
Telephone: (202) 637-5910
Facsimile: (202) 637-5911
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com

MILLER, CANFIELD, PADDOCK, AND
STONE P.L.C.

Jacob D. Koering
227 W. Monroe, Suite 3600
Chicago, IL 60606
Telephone: (312) 460-4200
Facsimile: (312) 460-4201
koering@millercanfield.com

*Attorneys for Defendant Agri Stats, Inc.*

VAUGHAN & MURPHY

By: /s/ *Charles C. Murphy, Jr.*
Charles C. Murphy, Jr. (admitted *pro hac vice*)
690 S Ponce Court NE
Atlanta, GA 30307
Telephone: (404) 667-0714
Facsimile: (404) 529-4193
cmurphy@vaughanandmurphy.com


WINSTON & STRAWN LLP

James F. Herbison (#6275116)
Michael P. Mayer (#6272677)
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
jherbison@winston.com
mmayer@winston.com

**Attorneys for Defendant Norman W. Fries, Inc. d/b/a Claxton Poultry Farms**

EVERSHEDS SUTHERLAND (US) LLP

By: /s/ *Patricia A. Gorham*
James R. McGibbon (admitted *pro hac vice*)
Patricia A. Gorham (admitted *pro hac vice*)
Peter M. Szeremeta (admitted *pro hac vice*)
Kaitlin A. Carreno (admitted *pro hac vice*)
Dylan de Fouw (admitted *pro hac vice*)
Rebekah Whittington (admitted *pro hac vice*)
999 Peachtree Street, N.E., Ste 2300
Atlanta, GA 30309-3996
Telephone: (404) 853-8000
Facsimile: (404) 853-8806
jimmcgibbon@eversheds-sutherland.com
patriciagorham@eversheds-sutherland.com
peterszeremeta@eversheds-sutherland.com
katilincarreno@eversheds-sutherland.com
dylandefouw@eversheds-sutherland.com
rebekahwhittington@eversheds-sutherland.com

SMITH AMUNDSEN LLC

Ronald Balfour (#6307658)
150 N. Michigan Avenue, Ste 3300
Chicago, Illinois 60601
Telephone: (312) 894-3200
Facsimile: (312) 997-1828
cphillips@salawus.com

**Attorneys for Defendant Harrison Poultry, Inc.**

AXINN, VELTROP & HARKRIDER LLP

/s/ Rachel J. Adcox
Rachel J. Adcox (#1001488)
Bradley D. Justus (*pro hac vice*)
Daniel K. Oakes (*pro hac vice*)
Kenina J. Lee (*pro hac vice*)
Carmel R. Arikat (*pro hac vice*)
1901 L Street NW
Washington, DC 20036
T: 202-912-4700
radcox@axinn.com
bjustus@axinn.com
doakes@axinn.com
klee@axinn.com
carikat@axinn.com

Nicholas E.O. Gaglio (*pro hac vice*)
Denise L. Plunkett (*pro hac vice*)
Kail J. Jethmalani (*pro hac vice*)
114 West 47th Street
New York, NY 10036
T: 212-728-2200
ngaglio@axinn.com
dplunkett@axinn.com
kjethmalani@axinn.com

John M. Tanski (*pro hac vice*)
Jarod G. Taylor (*pro hac vice*)
90 State House Square
Hartford, CT 06103
T: 860-275-8100
jtanski@axinn.com
jtaylor@axinn.com

LIPE LYONS MURPHY NAHRSTADT &
PONTIKIS, LTD.

Jordan M. Tank
230 West Monroe Street, Ste 2260
Chicago, IL 60606
T: 312-702-0586
jmt@lipelyons.com

*Attorneys for Defendants Tyson Foods, Inc.,
Tyson Chicken, Inc., Tyson Breeders, Inc.,
Tyson Poultry, Inc., Keystone Foods, LLC,
Equity Group Eufaula Division, LLC,
Equity Group Kentucky Division, LLC, and
Equity Group – Georgia Division, LLC*

24

JOSEPH D. CARNEY & ASSOCIATES LLC

By: /s/ *Joseph D. Carney*
Joseph D. Carney (admitted *pro hac vice*)
OFFICE ADDRESS:
139 Crocker Park Boulevard, Ste. 400
Westlake, OH 44145
MAILING ADDRESS:
1540 Peach Drive
Avon, OH 44011
Telephone: 440-249-0860
Facsimile: 866-270-1221
jdc@jdcarney.com
case@jdcarney.com

MILLER SHAKMAN LEVINE &
FELDMAN LLP

Thomas M. Staunton (#621764)
Daniel M. Feeney (#6224893)
180 North LaSalle Suite 3600
Chicago, IL 60601
Telephone: 312-263-3700
tstaunton@millershakman.com
dfeeney@millershakman.com

D.KLAR LAW

Deborah A. Klar (admitted *pro hac vice*)
2934 1/2 Beverly Glen Circle, Suite 761
Bel Air, CA 90077
Telephone: 310-858-9500
dklar@dklarlaw.com

Paul L. Binder, Esq. (admitted *pro hac vice*)
Attorney at Law
20780 Brandywine
Fairview Park, OH 44126-2805
Telephone: 440-376-6850
binderpl@yahoo.com

*Attorneys for Defendants Case Foods, Inc.,*
*Case Farms, LLC, and Case Farms*
*Processing, Inc.*

25

# EXHIBIT A
## (Document submitted under seal)

# EXHIBIT B
## (Document submitted under seal)

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2022, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Lara Flath
Lara Flath