IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION* <br><br> This Document Relates To: All Actions | Case No. 16 C 8637 <br><br> Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM ORDER**

This matter is before the Court on Non-Party Roger Austin's Motion to Quash Subpoena [ECF No. 5789] ("Motion"). For the reasons set forth below, the Motion is denied.[1]

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Roger Austin seeks to quash the deposition subpoena served upon him by Plaintiffs on August 5, 2022 as unduly burdensome. Federal Rule 26 provides that a party may "obtain discovery regarding any nonprivileged matter that is relevant to the claim or defense of any party and proportional to the needs of the case...." FED. R. CIV. P. 26(b)(1). Although third parties are subject to discovery under the Federal Rules of Civil Procedure, a party's ability to obtain discovery from a third party is not unlimited. *See Little v. JB Pritzker for Governor*, 2020 WL 1939358 (N.D. Ill. Apr. 22, 2020). Courts "must quash" a subpoena that "subjects a person to undue burden."

---

[1] The Court notes that Mr. Austin included "Oral Argument Requested" in the caption of his Motion. Mr. Austin, however, does not discuss his request for oral argument in the briefs he submitted is support of the Motion. *See* [ECF Nos. 5790, 5822]. There is no reason given why oral argument is particularly necessary on the Motion. The parties' briefs frame the issues well, and their arguments in support of and in opposition to the Motion are clear and straightforward. The Court is not persuaded oral argument is necessary, and Mr. Austin's request for oral argument therefore is denied.

FED. R. CIV. P. 45(d)(3)(A)(iv). In determining whether a subpoena for a deposition imposes an undue burden on a non-party, a court weighs several factors, including: (1) the deponent's status as a non-party; (2) the relevance of the discovery sought by the party or parties that served the subpoena; (3) those parties' need for the discovery; and (4) the burden imposed on the deponent. *See Ansur Am. Ins. Co. v. Borland*, 2022 WL 1605338, at *2 (S.D. Ill. May 20, 2022). In the Court's view, each of these factors weighs in favor of denying Mr. Austin's Motion in this case.

As to the first factor, Mr. Austin is not a named party in this case, but he is not a stranger to this litigation or to the parties and claims being asserted. While this Court must take into consideration the fact that Mr. Austin is not a party to this litigation, that is not the most important or even a decisive factor here. Until his retirement in 2018, Mr. Austin was employed as a salesman for 18 years at Pilgrim's Pride Corporation ("Pilgrim's Pride"), one of the defendants in this case, with primary responsibility for selling chicken to Kentucky Fried Chicken and intermittently other quick-service restaurants. Prior to his retirement, Mr. Austin was an agreed-upon document custodian for Pilgrim's Pride's document production to Plaintiffs in this case. Mr. Austin also was a named defendant in three federal criminal trials that centered on allegations that he participated in a bid-rigging conspiracy in the broiler chicken industry from 2012-2019. After two trials which ended with deadlocked juries, Mr. Austin and his co-defendants were acquitted in the third trial. *See United States v. Penn et al.*, 20-cr-00152 (D. Colo. 2022).

Class Plaintiffs have made no secret of their desire to depose Mr. Austin in this case during discussions with Pilgrim's Pride. Though Mr. Austin and his counsel were not privy to those discussions, or specifically to the settlement discussions and agreements between Class Plaintiffs and Pilgrim's Pride about Class Plaintiffs' express desire to depose Mr. Austin in this case, it should come as no surprise to him that Plaintiffs would be interested in taking his deposition to discover his knowledge about topics relevant to this litigation.

As to the second and third factors, the fact that Mr. Austin was an agreed-upon custodian in this case belies his position that he has little to no relevant information or had little involvement in issues covered by Track One discovery. The Court is not persuaded by Mr. Austin's bald statements about his lack of relevant knowledge, and Plaintiffs do not have to take Mr. Austin's word that he does not have any relevant information. *See Berdell v. Velocity Investments LLC., et al.*, 2022 U.S. Dist. LEXIS 85653, at *3 (N.D. Ill. May 11, 2022) (holding that a plaintiff does not have to take a respondent's word that he/she does not have relevant information and the mere fact that that other parties or third parties also may have relevant information does not preclude a party from taking the deposition of a relevant non-party).

Mr. Austin's inclusion as a document custodian is itself a recognition by both Pilgrim's Pride and Plaintiffs that Mr. Austin may have or is likely to have information relevant to the claims or defenses in this matter. *See Kleen Prod. LLC v. Packaging Corp. of Am.*, 2012 WL 4498465, at *15 (N.D. Ill. Sept. 28, 2012). Also, it is not disputed that Pilgrim's Pride produced over 20,000 documents from Mr.

3

Austin's custodial file. Based on documents produced in this case and cited in part in their brief in opposition to Mr. Austin's Motion, among other reasons, Plaintiffs want to depose Mr. Austin. *See* Plaintiffs' Memorandum of Law in Opposition to Motion [ECF Nos. 5807, 5809], at 5-7. So long as the information being sought is relevant and proportional to the needs of the case, as it appears to be here, that discovery should proceed. Nothing that Mr. Austin has argued in his Motion and supporting briefs has convinced the Court that the discovery Plaintiffs seek is not relevant or not proportional to the needs of this case.

The Court also is not persuaded by Mr. Austin's argument that Plaintiffs waited too long to seek his deposition. Again, as noted above, it should come as no surprise to Mr. Austin or his counsel that Plaintiffs want to depose him. All Mr. Austin's alleged co-conspirators in the criminal case—William Lovette, Bill Kantola, Jayson Penn, Mikell Fries, Scott Brady—either already have been deposed or have agreed to be deposed in this litigation. *See* Plaintiffs' Memorandum of Law in Opposition to Motion [ECF Nos. 5807, 5809], at 8. Mr. Austin appears to seek treatment that is different than that afforded almost every other individual involved in the criminal case, but he has not offered any convincing reason why the Court should accede to that position.

As to the fourth factor, the Court is not persuaded by Mr. Austin's argument that sitting for a deposition in this case would impose a substantial and undue burden on him. The facts that Mr. Austin is 65 years old and retired from Pilgrim's Pride do not substantiate his claim of undue burden. Mr. Austin has not indicated he is in poor

4

health or that he otherwise is not able to sit for a deposition. The Court understands that Mr. Austin spent a significant amount of time defending himself in the criminal trials. That, however, is not a reason to excuse him from being deposed in this civil litigation. Those criminal trials were separate and distinct from these civil cases.

In the Court's view, Mr. Austin has not demonstrated any real prejudice or undue burden that would result from him sitting for a deposition in this case. Plaintiffs have not asked Mr. Austin to produce any documents for his deposition, and they have agreed that he can be deposed remotely so he does not have to leave his home or family to comply with the subpoena. Accordingly, for all these reasons, Non-Party Roger Austin's Motion to Quash Subpoena [ECF No. 5789] is denied.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: November 30, 2022

5