**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE BROILER CHICKEN ANTITRUST LITIGATION** | Case No: 1:16-cv-08637 |
| | Hon. Judge Thomas M. Durkin |
| THIS DOCUMENT RELATES TO: *Commercial and Institutional Indirect Purchaser Plaintiffs, End User and Consumer Plaintiffs, and Track One Direct Action Plaintiffs Associated Wholesale Grocers, Inc., W. Lee Flowers & Co., Inc., Columbia Meats, Inc., and Greenville Meats, Inc.* | Magistrate Judge Jeffrey T. Gilbert |

**CIIPPs, EUCPs, AND TRACK ONE DAPs' OPPOSITION TO DEFENDANTS'
JOINT MOTION FOR SUMMARY JUDGMENT DISMISSING
<u>TRACK 1 PLAINTIFFS' STATE LAW CLAIMS</u>**

| TABLE OF ABBREVIATIONS | |
|---|---|
| **Parties** | |
| **Track 1 Plaintiffs** | CIIPs, EUCPs, and Track 1 DAPs |
| **CIIPPs** | Commercial and Institutional Indirect Purchaser Plaintiffs |
| **EUCPs** | End-User Consumer Plaintiffs |
| **DAPs** | Track 1 Direct Action Plaintiffs |
| **Defendants** | Wayne Farms, Mountaire, Perdue, Foster Farms, Koch, Sanderson Farms, OK Foods, Mar-Jac, Claxton Poultry, Agri Stats, Peco Foods, Simmons, George's, Harrison Poultry, Case Foods, and House of Raeford (*see* ECF No. 5847 at 1 n.1) |
| **Briefs/ Pleadings** | |
| State Br. | Defs.' Mem. of Law in Supp. of Their Joint Mot. for Summ. J. Dismissing Track 1 Pls.' State Law Claims, ECF No. 5847, (Oct. 7, 2022) |
| EUCPs' Class Cert. Mot. | EUCPs' Mot. for Class Certification, ECF No. 3970 (Oct. 30, 2020) |
| CIIPPs' Class Cert. Mot. | CIIPPs' Mot. for Class Certification, ECF No. 3968 (Oct. 30, 2020) |
| EUCPs' Class Cert. Reply | EUCPs' Reply in. Supp. of Mot. for Class Certification, ECF No. 4487 (Mar. 29, 2021) |
| CIIPPs' Class Cert. Reply | CIIPPs' Reply in. Supp. of Mot. for Class Certification, ECF No. 4513 (Apr. 1, 2021) |
| EUCPs' Fifth Am. Compl. | EUCPs' Fifth Am. Compl., ECF No. 3748 (Aug. 7, 2020) |

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................... 1

ARGUMENT ......................................................................................................................... 1

    I.   Defendants' Primary Argument Against Plaintiffs' State-Law Claims Fails. ..................... 1

    II.  Defendants' Arguments Against Plaintiffs' Consumer Protection Claims Fail. .................. 2

        A.   The Relevant Statutes Apply to Plaintiffs' Consumer Protection Claims. .................. 2

        B.   Plaintiff "Businesses" May Bring Consumer Protection Claims. ............................... 4

        C.   "Reliance" Is Irrelevant to Plaintiffs' Price Fixing Claims ......................................... 5

        D.   Plaintiffs' Claims Have a Sufficient Intrastate Connection to be Cognizable Under
        Applicable Consumer Protection Statutes. ................................................................. 6

    III. Defendants' Arguments Against Plaintiffs' Unjust Enrichment Claims Fail. .................... 7

        A.   There Is No Bar to Plaintiffs' Unjust Enrichment Claims Based on an Adequate
        Remedy at Law. .......................................................................................................... 7

        B.   EUCPs' California, Illinois, and Tennessee Restitution Claims Are Proper. ............... 9

        C.   Indirect Purchaser Claims Are Cognizable Under Each State's Law. ......................... 9

    CONCLUSION .................................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Aftermarket Filters Antitrust Litigation*,
2009 WL 3754041 (N.D. Ill. Nov. 5, 2009) .................................................................4

*Ames v. Oceanside Welding and Towing Co., Inc.*,
767 A.2d 677 (R.I. 2001) .............................................................................................3

*In re Auto. Parts Antitrust Litig.*,
50 F. Supp. 3d 861 (E.D. Mich. 2014) .........................................................................8

*In re Auto. Parts Antitrust Litig.*,
29 F. Supp. 3d 982 (E.D. Mich. 2014) .....................................................................7, 10

*Batson v. Live Nation Entm't, Inc.*,
746 F.3d 827 (7th Cir. 2014) .......................................................................................3

*In re Broiler Chicken*,
290 F. Supp. 3d 772 (N.D. Ill. 2017) ...........................................................................7

*In re Broiler Chicken Antitrust Litig.*,
2022 WL 1720468 (N.D. Ill. May 27, 2022) ............................................................5, 6

*Butler v. Jimmy John's Franchise, LLC*,
331 F. Supp. 3d 786 (S.D. Ill. 2018) ............................................................................2

*In re Cast Iron Soil Pipe & Fittings*,
2015 WL 5166014 (E.D. Tenn. June 24, 2015) ............................................................4

*In re Chocolate Confectionary Antitrust Litig.*,
749 F. Supp. 2d 224 (M.D. Pa. 2010) .......................................................................7, 8

*City of Charleston, v. Hotels.com, LP*,
487 F. Supp. 2d 676 (D.S.C. 2007) ..............................................................................5

*In re DDAVP Indirect Purchaser Antitrust Litig. ("DDAVP")*,
903 F.Supp.2d 198 (S.D.N.Y. 2012) .....................................................................4, 5, 6

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*,
516 F. Supp. 2d 1072 (N.D. Cal. June 1, 2007) ...........................................................3

*In re Effexor Antitrust Litig.*,
357 F. Supp. 3d 363 (D.N.J. 2018) ..............................................................................3

*Fenerjian v. Nong Shim Co., Ltd.*,
   2015 WL 13000357 (N.D. Cal. Mar. 30, 2015)..................................................................10

*In re Flash Memory Antitrust Litig.*,
   643 F. Supp. 2d 1133 (N.D. Cal. 2009) ...............................................................................3

*Gaebler v. New Mexico Potash Corp.*,
   676 N.E.2d 228 (Ill. App. 1996) ..........................................................................................2

*In re General Motors LLC Ignition Switch Litigation*,
   339 F. Supp. 3d 262 (S.D.N.Y. 2018)...................................................................................8

*In re Generic Pharms. Pricing Antitrust Litig.*,
   368 F. Supp. 3d 814 (E.D. Pa. 2019) .........................................................................8, 9, 10

*Goodyear Tire & Rubber Co. v. Tualatin Tire & Auto, Inc.*,
   879 P.2d 193 (Or. App. Ct. 1994), *aff'd in part, rev'd in part on other*
   *grounds*, 932 P.2d 1141 (Or. 1997) .....................................................................................5

*In re Hard Disk Drive Suspension Assemblies Antitrust Litigation*
   2021 WL 4306018 (N.D. Cal. Sept. 22, 2021) .....................................................................6

*Hosp. Auth. of Nashville v. Momenta Pharms., Inc.*,
   353 F. Supp. 3d 678 (M.D. Tenn. 2018) .............................................................................10

*Illinois Brick Co. v. Illinois*,
   431 U.S. 720 (1977).............................................................................................................1

*In re Intel Corp. Microprocessor Antitrust Litig.*,
   496 F. Supp.2d 404 (D. Del. 2007)......................................................................................4

*In re K-Dur Antitrust Litig.*,
   338 F. Supp. 2d 517 (D.N.J. 2004) ......................................................................................8

*In re Korean Ramen Antitrust Litig.*,
   2017 WL 235052 (N.D. Cal. Jan. 19, 2017) ......................................................................10

*In re Lipitor Antitrust Litig.*,
   336 F. Supp. 3d 395 (D.N.J. 2018) ......................................................................................3

*In re Loestrin 24 FE Antitrust Litig.*,
   410 F. Supp. 3d 352 (D.R.I. 2019).......................................................................................4

*Ly v. Nystrom*,
   615 N.W.2d 302 (Minn. 2000).............................................................................................5

*McLamb v. T.P. Inc.*,
   619 S.E.2d 577 (N.C. Ct. App. 2005) ..................................................................................6

*McTeer v. Provident Life & Accident Ins.*,
    712 F. Supp. 512 (D.S.C. 1989).............................................................................5

*In re New Motor Vehicles Canadian Export Antitrust Litig.*,
    350 F. Supp. 2d 160 (D. Me. 2004) ....................................................................4, 9

*In re Opana ER Antritrust Litig.*,
    2016 WL 4245516 (N.D. Ill. Aug. 11, 2016) .........................................................10

*In re Packaged Seafood Products Antitrust Litig.*,
    242 F. Supp. 3d 1033 (S.D. Cal. 2017) ..........................................................3, 7, 10

*In re Processed Egg Products Antitrust Litig.*,
    851 F. Supp. 2d 867 (E.D. Pa. 2012) (New Mexico)..........................................4, 8

*Rainbow Play Sys., Inc. v. Backyard Adventure, Inc.*,
    No. 06-4166, 2009 WL 3150984 (D.S.D. Sept. 28, 2009) ......................................6

*Rathe Salvage, Inc. v. R. Brown & Sons, Inc.*,
    965 A.2d 460 (Vt. 2008) .........................................................................................5

*State ex rel. Rosenblum v. Johnson & Johnson*,
    275 Or. App. 23, 362 P. 3d 1197 (2015)................................................................3

*S. Serv. Corp. v. Excel Bldg. Servs., Inc.*,
    617 F. Supp. 2d 1097 (D. Nev. 2007).....................................................................5

*Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*,
    737 F. Supp. 2d 380 (E.D. Pa. 2010) .....................................................................9

*Siegel v. Shell Oil Co.*,
    480 F. Supp. 2d 1034 (N.D. Ill. 2007) ...................................................................2

*State by Humphrey v. Philip Morris Inc.*,
    551 N.W.2d 490 (Minn. 1996)................................................................................5

*In re Static Random Access Memory (SRAM) Antitrust Litig.*,
    2008 WL 2610549 (N.D. Cal. Sep. 29. 2008) ........................................................4

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    586 F. Supp. 2d 1109 (N.D. Cal. 2008)...............................................................3, 4

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    2011 WL 4501223 (N.D. Cal. Sept. 28, 2011) ..................................................8, 10

*Volm v. Legacy Health Sys., Inc.*,
    237 F. Supp. 2d 1166 (D. Or. 2002) ......................................................................3

*Williams v. Wells Fargo Bank N.A.*,
  2011 WL 4368980 (S.D. Fla. Sept. 19, 2011) ........................................................................9

## INTRODUCTION

Defendants challenge three categories of Track 1 Plaintiffs' claims: their state antitrust claims, state consumer protection claims, and state unjust enrichment claims.[1] As Defendants acknowledge, however, Plaintiffs' state antitrust claims are "evaluated in the same manner as a federal claim," State Br. at 2. Because Plaintiffs' federal claims survive, so do their state-law analogues. And, as described below, any differences between Plaintiffs' Sherman Act claims and their state consumer protection and unjust enrichment claims are immaterial to the outcome here.

## ARGUMENT

**I.     Defendants' Primary Argument Against Plaintiffs' State-Law Claims Fails.**

It is undisputed that each of Plaintiffs' state claims is premised on the same conduct as their federal Sherman Act claims—namely, Defendants' unlawful conspiracy to suppress supply and increase the prices of broiler chickens. Of the myriad reasons that Defendants seek summary judgment on Plaintiffs' state claims, Defendants' primary argument is that because (in their view) Plaintiffs' evidence is insufficient to support their Sherman Act claims, their state-law claims must likewise fail. State Br. at 3 (addressing state consumer protection claims); *id.* at 2–3 (same for state antitrust claims); *id.* at 7–8 (same for state unjust enrichment claims).

That argument, therefore, rises and falls with Defendants' efforts to defeat Plaintiffs' Sherman Act claims. And because, as explained elsewhere, those efforts fall short, so too does Defendants' primary argument against Plaintiffs' state-law claims. Crucially, this is the *only* asserted basis for Defendants' summary judgment motion as to (1) *all* of Plaintiffs' state antitrust

---

[1] For ease of reference Plaintiffs attach Appendix A, detailing the state laws under which CIIPPs, EUCPs, and DAPs bring the claims that Defendants challenge in this motion. *See* Appendix A. Because *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 748 (1977), bars federal damages claims brought by indirect purchasers, CIIPPs and EUCPs bring damages claims under state law alone. DAPs, who purchased broilers directly from Defendants, bring damages claims under both federal and state law.

claims; (2) Plaintiffs' consumer protection claims under the laws of California, Florida, Massachusetts, and Nebraska; and (3) Plaintiffs' unjust enrichment claims under the laws of the District of Columbia, Maine, and Massachusetts. Those claims, accordingly, survive for the simple reason that Plaintiffs' evidence of a Sherman Act violation (at a minimum) generates genuine issues of material fact that preclude summary judgment.

## II. Defendants' Arguments Against Plaintiffs' Consumer Protection Claims Fail.

Defendants separately advance several other theories, specific to various of Plaintiffs' state consumer protection claims, for summary judgment. Each is unavailing.

### A. The Relevant Statutes Apply to Plaintiffs' Consumer Protection Claims.

Defendants first argue that, under the consumer protection laws of nine states and the District of Columbia, a claim may not be premised on an alleged conspiracy to fix or stabilize prices. State Br. at 4–5.[2] However, in all of those states price fixing is actionable, as shown in Plaintiffs' class certification submissions.[3] Defendants ignore these previous submissions and fail to meaningfully confront the case law offered by them.

Instead, Defendants are forced to rely on outlier decisions and strained readings of various states' laws. As an example, for Illinois, Defendants point to a lone intermediate appellate court decision.[4] But that decision has been criticized by federal district courts in Illinois, no other Illinois appellate court has followed it, and the Illinois Supreme Court has never held that Illinois state antitrust claims may not also lie under the state's consumer protection statute.[5] The Seventh Circuit,

---

[2] Although Defendants list North Dakota as among these states, *see* State Br. at 4 n.7, no Track 1 Plaintiff asserts a consumer protection claim under North Dakota law, *see* Appendix 1.

[3] *See* App. A, EUCPs' Class Cert. Reply (ECF No. 4487); App. B, CIIPPs' Class Cert. Mot. (ECF No. 3968-3).

[4] State Br. at 4 n.7 (quoting *Gaebler v. New Mexico Potash Corp.*, 676 N.E.2d 228, 229 (Ill. App. 1996)).

[5] *Siegel v. Shell Oil Co.*, 480 F. Supp. 1034, 1048–49, n.12 (N.D. Ill. 2007) (criticizing *Gaebler* and denying motion to dismiss state consumer protection claims based on price-fixing allegations); *Butler v. Jimmy John's Franchise, LLC*, 331 F. Supp. 3d 786, 798 (S.D. Ill. 2018); *City of Rockford v. Mallinckrodt ARD*, Inc., 360

accordingly, has said that "[i]t remains possible . . . that an unfair practice might be covered by both [statutes], and so we proceed on the basis of that assumption."[6]

Oregon and Rhode Island are also illustrative. For Oregon, Defendants cite two federal district court cases (from 2002 and 2007) that found the Oregon UTPA does not cover price-fixing claims.[7] More recent decisions, however, have rejected that reasoning based on intervening developments in Oregon law—including a decision from the Oregon Court of Appeals holding that the OUTPA is to be construed liberally to cover allegations of "false or misleading representations or conduct" not explicitly enumerated in the statute.[8] In Rhode Island, even Defendants' preferred case acknowledges that the Rhode Island Supreme Court's three-pronged *Ames* test governs the analysis.[9] What Defendants do not acknowledge is that "[t]he majority of courts that have been presented with this issue have held that the three prong *Ames* standard 'encompass[es] price-fixing injuries, and [therefore] consumers subject to collusive pricing possess a cognizable claim.'"[10] The

---

F. Supp. 3d 730, 758 n.17 (N.D. Ill. 2019) (permitting indirect purchaser plaintiffs to pursue price-fixing claims under Illinois consumer protection statute).

[6] *Batson v. Live Nation Entm't, Inc.*, 746 F.3d 827, 831 (7th Cir. 2014).

[7] *See* State Br. 4–5 & n.7 (citing *Volm v. Legacy Health Sys., Inc.*, 237 F. Supp. 2d 1166, 1175 (D. Or. 2002); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1114 (N.D. Cal. June 1, 2007).

[8] *See State ex rel. Rosenblum v. Johnson & Johnson*, 275 Or. App. 23, 362 P. 3d 1197, 1202–03 (2015), review denied, 358 Or. 611, 369 P.3d 386 (2016); *see, e.g.*, *In re Packaged Seafood Products Antitrust Litig.*, 242 F. Supp. 3d 1033, 1084 (S.D. Cal. 2017) (applying this decision to an indirect purchaser antitrust class action).

[9] *In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1161 (N.D. Cal. 2009) ("To determine whether a practice is 'unfair' under the statute, the court is to consider: '(1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-whether, in other words, it is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers (or competitors or other businessmen).'" (quoting *Ames v. Oceanside Welding and Towing Co., Inc.*, 767 A.2d 677, 681 (R.I. 2001)).

[10] *In re Effexor Antitrust Litig.*, 357 F. Supp. 3d 363, 399 (D.N.J. 2018) (quoting *In re Chocolate Confectionary Antitrust Litig.*, 602 F. Supp. 2d 538, 587 (M.D. Pa. 2009)); *see also In re Packaged Seafood Prod.*, 242 F. Supp. 3d at 1084 ("Numerous courts have found price-fixing to meet this [*Ames*] test."); *see, e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1129 (N.D. Cal. 2008); *Dram*, 536 F. Supp. 2d at 1145; *In re Packaged Seafood*, 242 F. Supp. 3d at 1084; *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d 395, 426 (D.N.J. 2018).

reason is simple: the principal question is whether the conduct at issue offends public policy, and a conspiracy to "artificially maintain high prices" is "'likely to offend public policy as has been established by statute and/or common law (e.g., statutory prohibitions on price-fixing).'"[11]

The weight of the case law is the same in the remaining states, where time and again courts have found that price-fixing claims are cognizable under each of the relevant statutes.[12]

### B. Plaintiff "Businesses" May Bring Consumer Protection Claims.

Defendants next argue that, because they are businesses rather than persons, CIIPPs and DAPs cannot assert claims under the consumer protection laws of Minnesota, Nevada, Oregon, South Carolina, or Vermont. State Br. at 5–6.[13] Defendants are wrong.

In each of the jurisdictions, businesses are authorized to proceed under the relevant consumer-protection statutes. And much like their assertions regarding price-fixing under those statutes, Defendants' arguments do not withstand scrutiny. In Minnesota, for example, Defendants rely on a single, unpublished intermediate appellate case,[14] ignoring that the Minnesota Supreme Court has "observed that the [state consumer-protection statute] is not expressly limited to

---

[11] *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 2008 WL 2610549, at *4 (N.D. Cal. Sep. 29. 2008) (quoting *DRAM*, 536 F. Supp. 2d at 1145).

[12] *See In re DDAVP Indirect Purchaser Antitrust Litig. ("DDAVP")*, 903 F. Supp. 2d 198, 227 (S.D.N.Y. 2012) (Michigan & Nevada); *In re Aftermarket Filters Antitrust Litigation*, 2009 WL 3754041 (N.D. Ill. Nov. 5, 2009), at *9 (Gettleman, J.) (New Mexico); *In re Cast Iron Soil Pipe & Fittings*, 2015 WL 5166014, at *28 (E.D. Tenn. June 24, 2015) (New Mexico); *In re Processed Egg Products Antitrust Litig.*, 851 F. Supp. 2d 867, 904–07 (E.D. Pa. 2012) (New Mexico); *DDAVP*, 903 F. Supp.2d at 229 (South Dakota); *In re Packaged Seafood Prods.*, 242 F. Supp. 3d at 1087 (Utah); *In re Intel Corp. Microprocessor Antitrust Litig.*, 496 F. Supp.2d 404, 418 (D. Del. 2007) (Utah); *In re Loestrin 24 FE Antitrust Litig.*, 410 F. Supp. 3d 352, 379 (D.R.I. 2019) (D.C.); *TFT-LCD Litig.*, 586 F. Supp. 2d at 1126 (D.C.); *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 350 F. Supp. 2d 160, 182–83 (D. Me. 2004) (D.C.).

[13] Defendants do not advance this argument as to any of EUCPs' claims, nor could they, as the EUCPs are consumers who purchased chicken for personal use. Moreover, although Defendants raise the same argument as to the laws of the District of Columbia, Hawaii, Kansas, or Michigan, neither CIIPPs nor any Track 1 DAPs raise a consumer protection claim under the laws of those jurisdictions.

[14] *See* State Br. at 5 n.9 (citing *Lyon Fin. Servs., Inc. v. Protech Plumbing & Heating, Inc.*, 2004 WL 376966, at *3 (Minn. Ct. App. Mar. 2, 2004)).

individual consumers and has not been interpreted that way by the courts,"[15] and has concluded that business have standing to pursue claims under that statute.[16] Defendants' only authority under Nevada law has likewise been soundly rejected as a tortured interpretation of the statute that would limit claims only to natural persons who are elderly or disabled.[17] The same is true in the remaining states at issue, each of which recognizes that businesses may pursue claims under the relevant consumer-protection statutes.[18]

## C.    "Reliance" Is Irrelevant to Plaintiffs' Price Fixing Claims

Defendants separately argue Plaintiffs' consumer protection claims fail under the laws of Minnesota, Nevada, North Carolina, and South Dakota because Plaintiffs lack sufficient evidence of reliance. State Br. at 6. But, as this Court observed when it certified class claims under these states' laws, "reliance . . . [is] simply not relevant to a price-fixing claim."[19] Defendants should not be permitted to relitigate this issue anew at summary judgment.

---

[15] *Ly v. Nystrom*, 615 N.W.2d 302, 309 (Minn. 2000).

[16] *State by Humphrey v. Philip Morris Inc.*, 551 N.W.2d 490, 495–96 (Minn. 1996) (concluding that Blue Cross and Blue Shield of Minnesota had standing to pursue claims under the MCFA for increased costs incurred in medical and hospital care of insureds with tobacco-related illnesses).

[17] *Compare* State Br. at 5 n.9 (citing *In re Cast Iron Soil Pipe And Fittings Antitrust Litigation*, No. 1:14-MD-2508, 2015 WL 5166014 (E.D. Tenn. June 24, 2015)), *with DDAVP*, 903 F. Supp. 2d at 227 n.14 ("[T]he language of the statute does not support such a finding, and NDTPA claims have been raised by non-elderly or disabled persons and companies alike." (citing cases)); *see also S. Serv. Corp. v. Excel Bldg. Servs., Inc.*, 617 F. Supp. 2d 1097, 1099 (D. Nev. 2007) (explaining that "[b]y creating a presumption that deceptive trade practices harm competitors, then making those same deceptive trade practices into acts of consumer fraud, the Nevada legislature impliedly defines competitors [i.e., businesses] harmed by deceptive trade practices as victims of consumer fraud" and thus proper plaintiffs under the Nevada statute).

[18] *See Goodyear Tire & Rubber Co. v. Tualatin Tire & Auto, Inc.*, 879 P.2d 193, 199-200 (Or. App. Ct. 1994) (concluding that Oregon's Unfair Trade Practices Act "clearly contemplate[s] that a corporation may bring a private action against another corporation"), *aff'd in part, rev'd in part on other grounds*, 932 P.2d 1141 (Or. 1997); *McTeer v. Provident Life & Accident Ins.*, 712 F. Supp. 512, 515 (D.S.C. 1989) ("[T]he South Carolina UTPA also includes transactions between businesses or commercial entities."); *City of Charleston, v. Hotels.com, LP*, 487 F. Supp. 2d 676, 680 (D.S.C. 2007) ("A SCUTPA cause of action may be asserted by any 'person' who suffers an ascertainable loss of money or property as a result of a defendant's unfair or deceptive trade practice. . . . [T]he definition of "persons" under the Act includes "natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations and any other legal entity." (emphasis added) (citations omitted)); *Rathe Salvage, Inc. v. R. Brown & Sons, Inc.*, 965 A.2d 460, 467 (Vt. 2008) ("[T]he Act applies to businesses in general.").

[19] *In re Broiler Chicken Antitrust Litig.*, 2022 WL 1720468, *20 (N.D. Ill. May 27, 2022).

At any rate, Defendants remain incorrect as to the law in each of these jurisdictions. In Minnesota, for example, neither of the cases cited by Defendants involved a price-fixing claim.[20] And, consistent with this Court's prior holding in this case, other federal courts have concluded that a price-fixing plaintiff need not establish reliance because Minnesota law imposes no such requirement "unless such plaintiff alleges his injury was caused by 'deceptive, misleading, or fraudulent statements.'"[21] Likewise, in Nevada, North Carolina, and South Dakota, Defendants rely on cases that did not involve price fixing, a crucial distinction given that, as this Court (and others) have held, "reliance . . . [is] simply not relevant to a price-fixing claim."[22]

### D. Plaintiffs' Claims Have a Sufficient Intrastate Connection to be Cognizable Under Applicable Consumer Protection Statutes.

Defendants argue that to be cognizable under the consumer protection statutes of New Hampshire and Utah, "the Plaintiffs' claims must have a sufficient intrastate connection" and that claims under the New York Donnelly Act are preempted by the Sherman Act "[w]here the conduct complained of principally affects interstate commerce, with little or no impact on local or intrastate commerce." State Br. at 7 & n.11 (quotation marks and citation omitted).[23]

Here again, Defendants' position is inconsistent with this Court's earlier decisions in this case. As this Court recognized in denying the Defendants' motion to dismiss based on similar

---

[20] *See* State Br. at 6 (citing *Mattinen v. Kari*, No. A19-1976, 2020 WL 3494295, at *4 (Minn. Ct. App. June 29, 2020); *State v. Minn. Sch. of Bus., Inc.*, 935 N.W.2d 124, 134 (Minn. 2019)).

[21] *In re Hard Disk Drive Suspension Assemblies Antitrust Litigation* No. 19-MD-02918-MMC, 2021 WL 4306018, at *15 (N.D. Cal. Sept. 22, 2021) (quoting *Group Health Plan, Inc. v. Philip Morris Inc.*, 621 N.W. 2d 2, 12–13 (Minn. 2001)).

[22] *In re Broiler Chicken Antitrust Litig.*, 2022 WL 1720468, at *20; *see* State Br. at 5 n.9 (citing *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 658 (D. Nev. 2009); *McLamb v. T.P. Inc.*, 619 S.E.2d 577 (N.C. Ct. App. 2005) *Rainbow Play Sys., Inc. v. Backyard Adventure, Inc.*, No. 06-4166, 2009 WL 3150984, at *7 (D.S.D. Sept. 28, 2009)). What is more, other courts have held that, *even if reliance was required*, in a price-fixing case it is sufficient to show (as here) defendants' misrepresentations allowed the defendants to charge plaintiffs supra-competitive prices. *DDAVP*, 903 F. Supp. 2d at 229.

[23] Although Defendants also direct this argument at Mississippi, no Track 1 Plaintiffs asserts a consumer protection claim under Mississippi law. *See* Appendix 1.

6

arguments, "[i]n light of the obvious fact that Broilers are purchased in substantial numbers throughout the United States, [the] allegations plausibly establish 'substantial' intrastate effects."[24] The relevant case law has not changed, and the evidence in this case indisputably shows there have been substantial broiler purchases—and therefore significant intrastate impacts—in the states of New Hampshire, Utah, and New York.

## III. Defendants' Arguments Against Plaintiffs' Unjust Enrichment Claims Fail.

That leaves Defendants' three remaining arguments against some of Plaintiffs' unjust enrichment claims.[25] These arguments do not withstand scrutiny.

### A. There Is No Bar to Plaintiffs' Unjust Enrichment Claims Based on an Adequate Remedy at Law.

Defendants move for summary judgment under the laws of 18 states on the ground that unjust enrichment is available in those states only where no other adequate remedy exists and, according to Defendants, such a remedy exists here. *See* State Br. at 8–9.[26] For certain states, however, Defendants' arguments are self-defeating. For example, although Defendants list New Hampshire as among these 18 states, *see* State Br. 9 n.13, the *only federal antitrust case*

---

[24] *In re Broiler Chicken*, 290 F. Supp. 3d 772, 816 (N.D. Ill. 2017); *see also In re Chocolate Confectionary Antitrust Litig.*, 749 F. Supp. 2d 224, 234–35 (M.D. Pa. 2010) (plaintiffs' allegations of nationwide conspiracy to fix price of chocolate products satisfied New Hampshire intrastate requirement); *In re Auto. Parts Antitrust Litig.*, 29 F. Supp. 3d 982, 1006 (E.D. Mich. 2014) (plaintiffs' allegations that they paid artificially high prices in New York sufficiently stated an intrastate commercial impact as well as nationwide effects to support their Donnelly Act claim); *cf. In re Packaged Seafood Prods*, 242 F. Supp. 3d at 1087 (denying motion to dismiss price-fixing claims under Utah consumer protection statute).

[25] Although Defendants move for summary judgment against CIIPPs on 29 different state-law unjust enrichment claims, *see* State Br., App. 1, CIIPPs expressly stated in their class certification papers that they assert unjust enrichment under the laws of only four states—Hawaii, Massachusetts, Missouri, and Montana, *see* CIIPPs Class Cert. Reply (ECF No. 4513) at 33 (explaining that CIIPPS "allege four state unjust enrichment claims"); *see also* CIIPPs' Class Cert. Mot., App. C - Unjust Enrichment Claims (ECF No. 3968-4) (identifying these four unjust enrichment law states). Additionally, although Defendants claim DAPs' unjust enrichment claim is improper, *see* State Br. 7–8 (citing ECF No. 4243 ¶¶ 1447-48), that claim was brought by Track 2 DAPs, rather than Track 1 DAPs.

[26] Only 15 of these states are under dispute, as no Track 1 Plaintiff asserts an unjust enrichment claim under the laws of Arizona, Mississippi, or West Virginia.

Defendants' brief cites to for this argument expressly acknowledges that "New Hampshire does not bar a plaintiff from bringing unjust enrichment claims just because an adequate remedy at law exists."[27] And other courts have held that "the absence of an adequate remedy at law is *not* an element of the *prima facie* case for unjust enrichment under the laws of" several states identified by Defendants, including Florida, Minnesota, Nevada, New Mexico, and Utah.[28] Defendants have not attempted to assert any affirmative defense based on an adequate legal remedy, so they may not rely on this ground to secure summary judgment.

The more fundamental point, however, is that there is nothing wrong with Plaintiffs' pursuit of alternative theories of recovery. It is of course true that Plaintiffs may not ultimately recover twice for the same injury. But there is no bar against bringing separate claims that each would provide an avenue to recovery for the class. For this reason, courts regularly permit plaintiffs to pursue *both* unjust enrichment claims *and* antitrust or consumer protection claims under the laws of each of the states identified by Defendants.[29] CIIPPs, moreover, do not raise consumer protection or antitrust claims for the only two states for which their claims are implicated by this argument (Hawaii and Montana), eliminating this concern altogether.

---

[27] *In re General Motors LLC Ignition Switch Litigation*, 339 F. Supp. 3d 262, 336 (S.D.N.Y. 2018).
[28] *In re Processed Egg Prod. Antitrust Litig.*, 851 F. Supp. 2d 867, 915–17 & n.50 (E.D. Pa. 2012) (collecting case law).
[29] *See In re Generic Pharms. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (rejecting adequate-remedy argument for Minnesota, Montana, New Hampshire, and Utah); *In re Auto. Parts Antitrust Litig.*, 50 F. Supp. 3d 836, 862–63 (E.D. Mich. 2014) (same for Florida, Hawaii, Kansas, Michigan, Minnesota, Nebraska, Nevada, New Hampshire, New Mexico, Oregon, South Carolina, South Dakota, Tennessee, and Utah); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2011 WL 4501223, at *13 (N.D. Cal. Sept. 28, 2011) (same for Hawaii, Kansas, New Mexico, and South Dakota); *In re Chocolate Confectionary.*, 749 F. Supp. 2d at 235-43 (same for Hawaii, Minnesota, Nebraska, Nevada, New Hampshire, New Mexico, and Tennessee); *In re K-Dur Antitrust Litig.*, 338 F. Supp. 2d 517, 544-46 (D.N.J. 2004) (rejecting defendants' argument that "equitable remedies such as unjust enrichment will not be granted where an adequate remedy at law exists" and permitting plaintiffs to proceed under the laws of all fifty states and the District of Columbia).

8

### B. EUCPs' California, Illinois, and Tennessee Restitution Claims Are Proper.

Defendants next maintain that in California, Illinois, and Tennessee, "unjust enrichment is considered a remedy and not a stand-alone cause of action." State Br. 9–10.[30] But the case law on which Defendants rely demonstrates that this logic provides no basis to grant judgment where Plaintiffs possess viable antitrust or consumer protection claims in those states.[31] Here, EUCPs press consumer protection and antitrust claims under California law and antitrust claims under Illinois and Tennessee law.[32] Plaintiffs' pursuit of restitution as a means of remedying violations of state-law antitrust and consumer protection statutes is hardly novel.[33] Defendants' failure to secure summary judgment as to those claims dooms their efforts to secure judgment against these unjust enrichment claims on this basis.

### C. Indirect Purchaser Claims Are Cognizable Under Each State's Law.

Defendants contend indirect purchasers cannot pursue an unjust enrichment claim under the laws of 12 states.[34] To be sure, as a general matter, "the benefit conferred under an unjust-enrichment claim must be a direct benefit."[35] But "[t]he mere fact that there has been no direct contact between a defendant and the plaintiff does not preclude a finding that the defendant received a direct benefit from that plaintiff."[36] "The critical inquiry is whether the Defendants received a benefit at [Plaintiffs'] expense."[37] And so, when faced with precisely the argument

---

[30] Although Defendants also advance this argument with respect to Mississippi law, no Track 1 Plaintiff is pressing an unjust enrichment claim under Mississippi law.

[31] *See, e.g.*, *Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 737 F. Supp. 2d 380, 428 (E.D. Pa. 2010) ("I will allow plaintiffs to assert unjust enrichment claims in those states where they have successfully pleaded an antitrust or consumer protection claim.").

[32] *See* EUCPs' Fifth Amended Compl. (ECF 3748) at 158, 160, 175, & 179.

[33] *See, e.g.*, *In re New Motor Vehicles*, 350 F. Supp. 2d at 212–13.

[34] Here again, Defendants include North Dakota among these states, but no Track 1 Plaintiff asserts an unjust enrichment claim under the law of North Dakota.

[35] *Williams v. Wells Fargo Bank N.A.*, 2011 WL 4368980, at *9 (S.D. Fla. Sept. 19, 2011).

[36] *In re Generic Pharms.*, 368 F. Supp. 3d at 851 (quoting *Williams*, 2011 WL 4368980, at *9).

[37] *In re Opana ER Antritrust Litig.*, No. 14 C 10150, 2016 WL 4245516, at *3 (N.D. Ill. Aug. 11, 2016); *see also Flat Panel*, 2011 WL 4501223, at *7–8.

Defendants press here, "courts considering indirect consumer price-fixing claims have denied dismissal of unjust enrichment claims where the claims arise out of the alleged antitrust violations that resulted in overpayment."[38] The reason is that, in an antitrust conspiracy case like this one, Plaintiffs have "conferred a benefit on Defendants in the form of overpayments, resulting in Defendants enjoying profits flowing from the anti-competitive conduct."[39] It should come as no surprise, then, that courts have concluded that indirect purchasers may bring unjust enrichment claims under the laws of each state identified by Defendants.[40]

## CONCLUSION

For the foregoing reasons, Defendants' motion should be denied.

---

[38] *Hosp. Auth. of Nashville v. Momenta Pharms., Inc.*, 353 F. Supp. 3d 678, 696 (M.D. Tenn. 2018); *see also In re Generic Pharms.*, 368 F. Supp. 3d 814, 850–51 (accepting Plaintiffs' argument that "in the unjust enrichment context, the term direct refers to a benefit that is not incidental, and not to a requirement that there be privity between the parties").

[39] *Momenta Pharms.*, 353 F. Supp. 3d at 696.

[40] *See, e.g.*, *In re Generic Pharms.*, 368 F. Supp. 3d at 850–51 (Florida, Iowa, Kansas, Michigan, Missouri, North Carolina, Rhode Island, Tennessee, and Utah); *In re Auto. Parts*, 29 F. Supp. 3d at 1016–17 (Florida, Hawaii, Iowa, Michigan, Missouri, Nebraska, North Carolina, Oregon, Rhode Island, and Utah); *In re Packaged Seafood*, 242 F. Supp. 3d at 1091–93 (Michigan, North Carolina, Rhode Island, Utah, and Wisconsin); *In re Opana ER*, 2016 WL 4245516, at *3 (Hawaii, Missouri, Rhode Island, and Wisconsin); *Momenta Pharms*, 353 F. Supp. 3d at 696 (Tennessee); *Fenerjian v. Nong Shim Co., Ltd.*, 2015 WL 13000357, at *6 (N.D. Cal. Mar. 30, 2015) (Hawaii); *see also In re Korean Ramen Antitrust Litig.*, 2017 WL 235052, at *1, *24 (N.D. Cal. Jan. 19, 2017) (certifying indirect purchaser class asserting Hawaii unjust enrichment claim).

Date:  January 26, 2023

Respectfully submitted,

*s/ Shana E. Scarlett*
Shana E. Scarlett
Rio R. Pierce
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
T: (510) 725-3000
shanas@hbsslaw.com
riop@hbsslaw.com

Steve W. Berman
Breanna Van Engelen
Abigail D. Pershing
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
T: (206) 623-7292
steve@hbsslaw.com
breannav@hbsslaw.com
abigailp@hbsslaw.com

Elaine T. Byszewski
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Ave., Suite 920
Pasadena, CA 91101
T: (213) 330-7150
elaine@hbsslaw.com

*s/ Brent W. Johnson*
Brent W. Johnson
Benjamin D. Brown
Daniel H. Silverman
Alison Deich
Zachary R. Glubiak
Zachary Krowitz
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave. NW
Suite 500, West Tower
Washington, DC 20005
T: (202) 408-4600
bjohnson@cohenmilstein.com
bbrown@cohenmilstein.com
dsilverman@cohenmilstein.com
adeich@cohenmilstein.com
zglubiak@cohenmilstein.com
zkrowitz@cohenmilstein.com

***End-User Consumer Plaintiffs' Co-Lead Counsel***

11

*s/ Daniel C. Hedlund*
Daniel E. Gustafson
Daniel C. Hedlund
Michelle J. Looby
Joshua J. Rissman
GUSTAFSON GLUEK PLLC
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
T: (612) 333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
jrissman@gustafsongluek.com


S/ Adam J. Zapala
Adam J. Zapala
James G. Dallal
COTCHETT, PITRE & MCCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
T: (650) 697-6000
azapala@cpmlegal.com
jdallal@cpmlegal.com

Alexander E. Barnett
COTCHETT, PITRE & MCCARTHY, LLP
40 Worth Street, Suite 602
New York, NY 10013
T: (212) 201-6820
abarnett@cpmlegal.com

***Commercial and Institutional Indirect
Purchaser Plaintiffs' Co-Lead Counsel***

Kenneth A. Wexler
Melinda J. Morales
WEXLER BOLEY & ELGERSMA LLP
311 So. Wacker Dr., Ste. 5450
Chicago, IL 60606
T: (312) 346-2222
kaw@wbe-llp.com
mjm@wbe-llp.com

***Commercial and Institutional Indirect Purchaser
Plaintiffs' Liaison Counsel***

Solomon B. Cera
CERA LLP
201 California Street, Suite 1240
San Francisco, CA 94111
Tel: (415) 777-2230
scera@cerallp.com

C. Andrew Dirksen
CERA LLP
800 Boylston Street, 16th Floor
Boston, MA 02199
Tel: (857) 453-6555
cdirksen@cerallp.com

Elizabeth H. Black
HAYNSWORTH SINKLER BOYD P.A.
1201 Main Street, 22nd Floor
Columbia, SC 29201-3226
Tel: (803) 540-7753
eblack@hsblawfirm.com

/s/ *Eric R. Lifvendahl*
Eric R. Lifvendahl
L&G LAW GROUP
175 W. Jackson Boulevard, Suite 950
Chicago, IL 60604
Tel: (312) 364-2500
elifvendahl@lgcounsel.com

Robert N. Kaplan
Gregory K. Arenson
Jeffrey P. Campisi
Matthew P. McCahill
KAPLAN FOX & KILSHEIMER, LLP
850 Third Avenue, 14th Floor
New York, NY 10022
Tel: (212) 687-1980
rkaplan@kaplanfox.com
garenson@kaplanfox.com
jcampisi@kaplanfox.com
mmccahill@kaplanfox.com

Richard L. Coffman
THE COFFMAN LAW FIRM
3355 West Alabama, Suite 240
Houston, TX 77098
Tel: (713) 528-6700
rcoffman@coffmanlawfirm.com

Bernard D. Marcus
Moira Cain-Mannix
Erin Gibson Allen
MARCUS & SHAPIRA LLP
One Oxford Center, 35th Floor
Pittsburgh, PA 15219
Tel: (412) 471-3490
marcus@marcus-shapira.com
cain-mannix@marcus-shapira.com
allen@marcus-shapira.com

*Counsel for Action Meat Distributors, Inc.; Affiliated Foods, Inc.; Alex Lee, Inc./Merchants Distributors, LLC; Associated Food Stores, Inc.; Associated Grocers of New England, Inc.; Associated Grocers, Inc.; Bashas' Inc.; Big Y Foods, Inc.; Brookshire Bros., Inc.; Brookshire Grocery Company; CBBC Opco, LLC d/b/a Colorado Boxed Beef; Certco, Inc.; Columbia Meats,*

*Inc.; Fareway Stores, Inc.; Giant Eagle, Inc.; Greenville Meats, Inc.; Howard Samuels as Trustee in Bankruptcy for Central Grocers, Inc.; Ira Higdon Grocery Company, Inc.; King Solomon Foods, Inc.; Latina Boulevard Foods, LLC; Nicholas & Co., Inc.; Pacific Food Distributors, Inc.; Piggly Wiggly Alabama Distributing Co., Inc.; S&S Trading, LLC; Schnuck Markets, Inc.; SpartanNash Company; Springfield Grocer Co. (d/b/a SGC Foodservice); The Distribution Group, Inc. (d/b/a Van Eerden Foodservice Company); The Golub Corporation; Topco Associates, LLC; Troyer Foods, Inc.; URM Stores, Inc.; W. Lee Flowers & Company, Inc.; Weinstein Wholesale Meats, Inc.; and Woodman's Food Market, Inc.*

*/s/ Daniel D. Owen*
Amy D. Fitts (IL Bar No. 629248)
Daniel D. Owen (MO Bar No. 41514)
Guillermo G. Zorogastua (MO Bar No. 59643)
POLSINELLI PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
afitts@polsinelli.com
dowen@polsinelli.com
gzorogastua@polsinelli.com

Rodney L. Lewis (IL Bar No. 6288353)
POLSINELLI PC
150 N. Riverside Plaza, Suite 3000
Chicago, IL 60606
Telephone: (312) 819-1900
Facsimile: (312) 819-1910
rodneylewis@polsinelli.com

*Counsel for Plaintiff Associated Wholesale Grocers, Inc.*

## CERTIFICATE OF SERVICE

The undersigned attorney of record hereby certifies that a true and correct copy of the foregoing was filed electronically through the Court's CM/ECF system. Notice and a copy of this filing will be served upon all counsel of record by operation of the Court's CM/ECF system.

*/s/ Brent W. Johnson*

Brent W. Johnson

15