IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**IN RE BROILER CHICKEN ANTITRUST LITIGATION**

THIS DOCUMENT RELATES TO:
*TRACK I CASES*

Case No. 1:16-CV-08637

Judge Thomas M. Durkin
Magistrate Judge Jeffrey T. Gilbert

PUBLIC-REDACTED VERSION

REPLY IN SUPPORT OF DEFENDANTS'[1] MOTION TO EXCLUDE
THE TESTIMONY OF DR. MICHAEL WILLIAMS

---

[1] "Defendants" refers to the defendants signing this brief. "Ex." Refers to the exhibits filed with Defendants' Memorandum in Support of their Motion to Exclude the Testimony of Dr. Michael Williams, ECF No. 6072.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................. ii

I.    DR. WILLIAMS' TESTIMONTY IS UNRELIABLE IN ITS ENTIRETY ...................... 2

II.   SPECIFIC PORTIONS OF DR. WILLIAMS' TESTIMONY SHOULD BE EXCLUDED FOR ADDITIONAL REASONS ................................................................. 6

      A.    Dr. Williams' abstract participation theory does not fit the facts of this case ...................................................................................................................... 6

      B.    Dr. Williams' analysis of certain Defendants' production data is unreliable ................................................................................................................ 7

      C.    Dr. Williams' testimony that Defendants engaged in "parallel conduct" should be excluded ...................................................................................... 9

      D.    Dr. Williams' testimony that communications between Defendants indicate the existence of a conspiracy should be excluded ................................... 10

CONCLUSION ..................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brown v. Burlington N. Santa Fe Ry. Co.*,
 765 F.3d 765 (7th Cir. 2014) ................................................................................................2

*Cates v. Whirlpool Corp.*,
 2017 WL 1862640 (N.D. Ill. May 9, 2017) ........................................................................10

*Concord Boat v. Brunswick Corp.*,
 207 F.3d 1039 (8th Cir. 2000) ..............................................................................................9

*In re Linerboard Antitrust Litig.*,
 497 F. Supp. 2d 666 (E.D. Pa. 2007) ....................................................................................5

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
 299 F. Supp. 3d 420 (S.D.N.Y. 2018) ...............................................................................2, 4

*In re Packaged Seafood Prod. Antitrust Litig.*,
 332 F.R.D 308 (S.D. Cal. 2019) ...........................................................................................5

*Kumho Tire Co. v. Carmichael*,
 526 U.S. 137 (1999) ..............................................................................................................7

*Nease v. Ford Motor Co.*,
 848 F.3d 219 (4th Cir. 2017) ................................................................................................7

*Persian Gulf Inc. v. BP West Coast Prods, LLC*,
 2022 WL 4830698 (S.D. Cal. Sept. 30, 2022) ...........................................................2, 3, 4, 5

*Sullivan v. Alcatel Lucent USA Inc.*,
 2014 WL 3558690 (N.D. Ill. July 17, 2014) ......................................................................10

*Zenith Elecs. Corp. v. WH-TV Broad. Corp.*,
 395 F.3d 416 (7th Cir. 2005) ..............................................................................................10

Dr. Williams' testimony is fundamentally unreliable and should be excluded. His opinions rest on a regression analysis with an impermissibly tainted benchmark period that violates basic econometric principles. Dr. Williams has been excluded for this exact problem before, and he should be excluded for it here. While this is enough to warrant exclusion, the problems don't end there. Each of the specific opinions challenged in Defendants' Motion is either unreliable or untethered from the actual issues in this case. These flaws require exclusion and Plaintiffs' Opposition does not establish otherwise.

*First*, Plaintiffs fail to distinguish on-point cases showing that Dr. Williams' failure to use a benchmark period free of any alleged conspiratorial activity renders Dr. Williams' regression analysis unreliable. As that unreliable regression is the foundation of Dr. Williams' opinions, this flaw warrants exclusion of Dr. Williams' testimony in its entirety.

*Second*, Plaintiffs fail to tie Dr. Williams' discussion of the theoretical possibility that Defendants could conspire to restrain production even if some defendants produced more than they would have absent the conspiracy while others produced less to Defendants' actual production decisions. Absent such a tether, this opinion would do nothing but confuse a jury.

*Third*, Dr. Williams' later attempt to look at Defendants' ██████████████████████████████████████████████████████████████████████████████████████████████████████ Plaintiffs' explanations as to why the data was omitted fail to establish that this cherry-picked analysis is the product of a reliable economic methodology.

*Fourth*, Dr. Williams' parallel conduct analysis is untethered to the facts of the case. Neither Dr. Williams nor Plaintiffs' Opposition adequately ties Dr. Williams' proffered examples of supposed parallel conduct to the relevant issue in this case—Defendants' *production*.

1

*Finally*, Dr. Williams' discussion of a handful of Defendants' emails is not proper expert testimony. Plaintiffs' Opposition identifies no reliable methodology Dr. Williams' used in forming his opinion and it must be excluded.

The Court should grant Defendants' Motion and perform its "vital 'gatekeeping' role in ensuring that only helpful, legitimate expert testimony reaches the jury." *Brown v. Burlington N. Santa Fe Ry. Co.*, 765 F.3d 765, 772 (7th Cir. 2014).

I. **DR. WILLIAMS' TESTIMONTY IS UNRELIABLE IN ITS ENTIRETY.**

As discussed in Defendants' Motion, it is a fundamental econometric principle that a benchmark period in a regression analysis should be a period free of the factors that the analysis seeks to examine. Mot. at 3-4. Defendants' cited authority, including a recent case involving Dr. Williams, demonstrate that expert testimony that is reliant on a tainted benchmark period should be excluded. *See Persian Gulf Inc. v. BP West Coast Prods, LLC*, No. 15-cv-1749-JO-AGS, 2022 WL 4830698 (S.D. Cal. Sept. 30, 2022); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 420, 484 (S.D.N.Y. 2018). In response, Plaintiffs unsuccessfully attempt to distinguish *Persian Gulf*, where Dr. Williams' testimony was excluded for the same problem, arguing that the similarities between that case and this one begin and end with Dr. Williams' name, a contention that borders on incredulous.

*First*, Plaintiffs' admitted that they have alleged supply restraints that began in 2008, ▪

▪▪▪▪▪▪

2

██████████████████████████████

██████████████████████████████

██████████████████████████████

██████████████████████████████

██████████████████████████████

██████████████████████████████

████████████████ As demonstrated by *Persian Gulf*, a benchmark period that is inconsistent with Plaintiffs' "*post-discovery* theory of the case" as asserted in "binding interrogatory responses," should be excluded. 2022 WL 4830698 at *36.

Moreover, Plaintiffs have continued to argue, ████████████████

██████████████████████████████

██████████████████████████████

██████████████████████████████

██████████████████████████████

██████████████████████████████

████████████████ Plaintiffs cannot have it both ways—arguing throughout their briefing that ████████████████ but then arguing here that ████████████████ As both Plaintiffs' arguments and binding interrogatory

---

[2] In response to Defendants' Motion to Exclude the Testimony of Frankel, Plaintiffs go even further and suggest that Defendants began to restrain trade *earlier* than 2008. *See* ECF No. 6267 at 5 ("Contrary to Defendants' assertions, this is consistent with Plaintiffs' allegation that Defendants 'reached illegal agreements and restrained trade beginning *at least as early* as 2008.'") (emphasis added).

3

responses show, ███

███

███

███

███

*Second*, Plaintiffs' contention that inclusion of 2008 in the benchmark period would make Dr. Williams' estimates more "conservative" ignores the undisputed fact ███

███

███ When the tainted benchmark is fixed, Dr. Williams' model no longer supports his conclusions. There is no need to speculate about the effect of the faulty benchmark. Just like the defendants in *Persian Gulf*, Defendants here ran Dr. Williams' regression using the proper benchmark period and demonstrated ███

███

███ In excluding Dr. Williams' regression analysis in *Persian* Gulf, that court noted that the defendants' expert had performed the same analysis, with the same results. *Persian Gulf*, 2022 WL 4830698, at *38 n. 54. As in *Persian Gulf*, ███

███ "counsel against overlooking the fundamental unreliability of Dr. Williams' methodology based on an untested assumption" that including an allegedly anticompetitive period in the benchmark would merely render the results more favorable for Defendants. *Persian Gulf*, 2022 WL 4830698, at *38 n. 54; *see also In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 484 (S.D.N.Y. 2018) (finding the inclusion of an improper year in an expert's "clean period" which was "a significant driver of his results" "strongly suggests cherry-picking and render[ed] [the expert's model] . . . unreliable.").

4

Contrary to Plaintiffs' assertions, this is not a classic "battle of the experts." As discussed in Defendants' Motion, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇ Mot. at 5-6. Thus, Plaintiffs appear to have conceded that if Dr. Williams' benchmark period matched Plaintiffs' theory of the case (that collusion began in 2008) Dr. Williams' model no longer supports his conclusions. Levinsohn ¶ 249, Ex. 4.

Further, *Persian Gulf* explicitly rejected the notion that "benchmark periods divorced from econometric principles and record evidence can be cured by an assumption that tainted benchmark periods render damages figures more conservative." *Persian Gulf*, 2022 WL 4830698, at *38. To the extent *Persian Gulf* discussed estimates being made more conservative by a tainted benchmark period, it merely stated that *Packaged Seafood* and *In re Linerboard* "noted" the potential for this effect "but only after finding that the experts selected reasonable benchmark periods based on econometric principles and the evidence in the case." *Persian Gulf*, 2022 WL 4830698, at *38; *In re Packaged Seafood Prod. Antitrust Litig.*, 332 F.R.D 308 (S.D. Cal. 2019); *In re Linerboard Antitrust Litig.*, 497 F. Supp. 2d 666, 63-884 (E.D. Pa. 2007). Dr. Williams' benchmark is not based on econometric principles and the evidence in the case. Mot. at 3-6.

Thus, Plaintiffs' contention that Defendants' benchmark-related argument is "focusing on the name of the expert in a certain case, rather than the substance of their opinions" is simply wrong. As discussed above and in Defendants' Motion, the similarities between *Persian Gulf* and this case go well beyond Dr. Williams' identity. Mot. at 4-6. As Dr. Williams' economic analysis is based entirely on this flawed regression model, it is exactly the type of "unreliable" analysis that should be excluded. *Persian Gulf*, 2022 WL 4830698, at *35 (citing *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579, 589 (1993)).

5

## II. SPECIFIC PORTIONS OF DR. WILLIAMS' TESTIMONY SHOULD BE EXCLUDED FOR ADDITIONAL REASONS

### A. Dr. Williams' abstract participation theory does not fit the facts of this case.

Plaintiffs go to great lengths to claim that they have alleged a conspiracy to restrain industry-wide supply, but doggedly refuse to consider Defendants' actual production data. In support of that flawed analysis, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

- ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
- ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
- ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

Absent any attempt to "fit" Dr. Williams' hypothetical theory to the underlying facts of this case, his opinion should be excluded. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999); *see also Nease v. Ford Motor Co.*, 848 F.3d 219, 232 (4th Cir. 2017) (excluding an expert's testimony because he presented "a hypothesis only" that "he failed to validate [] with testing" or "principles and methods applied reliably to the facts of the case").

Plaintiffs also assert—without any support—that ███████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████ Aside from lacking any support or credible illustration, these assertions are contradicted by Dr. Williams' own testimony, in which he recognizes that ███████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ████████████████

### B. Dr. Williams' analysis of certain Defendants' production data is unreliable.

███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████

Plaintiffs' attempts to justify the omission of these categories of production data are unpersuasive. *First,* ███████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████

7

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████████

*Second*, Plaintiffs claim that Dr. Williams' decision ████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████████████████████
███████████████████████████████████████
███████████████

*Finally*, Plaintiffs' argue that ██████████████████████
███████████████████████████████████████
███████████████████████████████████████

---
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

8

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████

      **C.    Dr. Williams' testimony that Defendants engaged in "parallel conduct" should be excluded.**

Plaintiffs argue ████████████████████████████████████████████

████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████ This misses the point—███████████████████████████████████████████

████████████████████████████████████████████████████████████████

████ Crucially, Dr. Williams never opines that "all things remain[ed] equal." Nor can he, as Dr. Williams did not analyze the other "things" that would have impacted production. Mot. at 12-13. Given Dr. Williams' complete failure to address any of the other factors of production that he himself identifies to see whether they "remained equal" such that breeder slaughter ages would drive production rates, his parallel conduct opinion regarding breeder slaughter ages is unreliable and unhelpful to a jury. *See Concord Boat v. Brunswick Corp.*, 207 F.3d 1039, 1055-57 (8th Cir. 2000) (excluding expert testimony because it did not incorporate all relevant circumstances and ignored inconvenient evidence).

      As for Dr. Williams' █████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

9

████████████████████████████ But a subscription to Agri Stats does not show parallel conduct *with regard to Defendants' production*. As explained in Defendants' Motion, Dr. Williams chose to ignore ██████████████████████ which he had access to, and instead attempt to create ███████████████ out of other decisions. This choice to forego analysis of ████████ ███████████ requires exclusion of Dr. Williams' testimony regarding ██████████[5] *Cates v. Whirlpool Corp.*, 2017 WL 1862640, at *15 (N.D. Ill. May 9, 2017) ("Ignoring relevant data is not a scientifically valid method.").

       **D.**    **Dr. Williams' testimony that communications between Defendants indicate the existence of a conspiracy should be excluded.**

Plaintiffs cannot identify any methodology by which Dr. Williams' undertook to review emails and offer opinions on them. Plaintiffs essentially argue that Dr. Williams' review of the documentary record constitutes proper expert testimony because Dr. Williams' expertise lies in "knowing what evidence to look for." Opp. at 15. This does not absolve Dr. Williams of needing to use a reliable methodology to form his opinions. *See Zenith Elecs. Corp. v. WH-TV Broad. Corp.*, 395 F.3d 416, 419 (7th Cir. 2005) (rejecting "method" of "expert intuition" because it was neither "testable," "replica[ble]," or "falsifiable"). An expert that "simply reads and interprets documents" in a manner that supports Plaintiffs' preferred position must be excluded. *Sullivan v. Alcatel Lucent USA Inc.*, No. 12-C-07528, 2014 WL 3558690, at *5 (N.D. Ill. July 17, 2014).

## CONCLUSION

For all of the reasons stated above and in Defendants' Motion, the expert testimony of Dr. Williams should be excluded in whole or, alternatively, in part.

---

[5] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Dated: March 24, 2023                    Respectfully submitted,

*/s/ Lynn H. Murray*
Lynn H. Murray (#6191802)
111 S. Wacker Dr., Ste 4700
Chicago IL 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195
lhmurray@shb.com

Laurie A. Novion (admitted *pro hac vice*)
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
lnovion@shb.com

John R. Elrod (admitted *pro hac vice*)
Vicki Bronson (admitted *pro hac vice*)
4375 N. Vantage Drive, Ste. 405
Fayetteville, AR 72703
Telephone: (479) 582-5711
jelrod@cwlaw.com
vbronson@cwlaw.com

*Attorneys for Defendants Simmons Foods, Inc. and Simmons Prepared Foods Inc.*

ARENTFOX SCHIFF LLP

By: */s/ Margaret A. Hickey*
Margaret A. Hickey
Lawrence Harris Heftman
Kylie S. Wood
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone: (312) 258-5500
maggie.hickey@afslaw.com
lawrence.heftman@afslaw.com
kylie.wood@afslaw.com

Robert J. Wierenga
Suzanne L. Wahl
350 South Main Street, Suite 210
Ann Arbor, MI 48104
Telephone: (734) 222-1500
robert.wierenga@afslaw.com
suzanne.wahl@afslaw.com

ROSE LAW FIRM

Amanda K. Wofford (admitted *pro hac vice*)
Bourgon Reynolds (admitted *pro hac vice*)
120 East Fourth Street
Little Rock, AR 72201
Telephone: (501) 375-9131
Facsimile: (501) 375-1309
awofford@roselawfirm.com
breynolds@roselawfirm.com

John W. Treece (#3122889)
1135 West Montana Street
Chicago, IL 60614
Telephone: (312) 961-7808
jtreece@jwtreece.com

***Attorneys for Defendants Mountaire Farms Inc., Mountaire Farms, LLC and Mountaire Farms of Delaware, Inc.***

VENABLE LLP

By: */s/ J. Douglas Baldridge*
J. Douglas Baldridge (#437678)
Lisa Jose Fales (admitted *pro hac vice*)
Danielle Foley (admitted *pro hac vice*)
Andrew Hernacki (admitted *pro hac vice*)
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300
jdbaldridge@venable.com
ljfales@venable.com
drfoley@venable.com
athernacki@venable.com

FALKENBERG IVES LLP

Kirstin B. Ives (#6289952)
30 N. LaSalle St., Ste 4020
Chicago, IL 60602
Telephone: (312) 566-4803
Facsimile: (312) 566-4810
kbi@ffilaw.com

***Attorneys for Defendants Perdue Farms, Inc. and Perdue Foods LLC***

| | |
|---|---|
| NOVACK AND MACEY LLP | MAYER BROWN LLP |
| By: /s/ *Stephen Novack* <br> Stephen Novack (#6284749) <br> Stephen J. Siegel (#6284749) <br> 100 North Riverside Plaza <br> Chicago, IL 60606 <br> Telephone: (312) 419-6900 <br> Facsimile: (312) 419-6928 <br> snovack@novackmacey.com <br> ssiegel@novackmacey.com <br><br> ***Attorneys for Defendants Koch Foods Incorporated, JCG Foods of Alabama LLC, JCG Foods of Georgia LLC and Koch Meat Co., Inc.*** | By: */s/ Carmine R. Zarlenga* <br> Carmine R. Zarlenga (#90784529) <br> William H. Stallings (*pro hac vice*) <br> Oral D. Pottinger (*pro hac vice*) <br> Katherine M. Bleicher (*pro hac vice*) <br> 1999 K Street N.W. <br> Washington, DC 20006-1101 <br> Telephone: (202) 263-3000 <br> czarlenga@mayerbrown.com <br> wstallings@mayerbrown.com <br> opottinger@mayerbrown.com <br> kbleicher@mayerbrown.com <br><br> ***Attorneys for Defendants Foster Farms, LLC and Foster Poultry Farms LLC*** |
| VEDDER PRICE P.C. <br><br> By: /s/ *Gregory G. Wrobel* <br> Gregory G. Wrobel (#3122900) <br> 222 N. LaSalle Street <br> Chicago, IL 60601 <br> Telephone: (312) 609-7722 <br> Facsimile: (312) 609-5005 <br> gwrobel@vedderprice.com <br><br> JORDAN PRICE WALL GRAY JONES & CARLTON, PLLC <br><br> Henry W. Jones, Jr. (admitted *pro hac vice*) <br> 1951 Clark Avenue <br> Raleigh, NC 27605 <br> Telephone: (919) 828-2501 <br> Facsimile: (919) 834-8447 <br> hjones@jordanprice.com <br><br> ***Attorneys for Defendant House of Raeford Farms, Inc.*** | KIRKLAND & ELLIS LLP <br><br> By: /s/ *Daniel E. Laytin, P.C.* <br> Daniel E. Laytin, P.C. (#6257119) <br> Christa C. Cottrell, P.C. (#6284749) <br> Jenna M. Stupar (#6321583) <br> 300 North LaSalle Street <br> Chicago, IL 60654 <br> Telephone: (312) 862-2000 <br> Facsimile: (312) 862-2200 <br> dlaytin@kirkland.com <br> ccottrell@kirkland.com <br> jenna.stupar@kirkland.com <br><br> ***Attorneys for Defendants Sanderson Farms, LLC (f/k/a Sanderson Farms, Inc.), Sanderson Farms Foods, LLC (f/k/a Sanderson Farms, Inc. (Foods Division)), Sanderson Farms Production, LLC (f/k/a Sanderson Farms, Inc. (Production Division)), and Sanderson Farms Processing, LLC (f/k/a Sanderson Farms, Inc. (Processing Division))*** |

13

| KUTAK ROCK LLP | PROSKAUER ROSE LLP |
|---|---|
| By: /s/ *John P. Passarelli* | By: /s/ *Christopher E. Ondeck* |
| John P. Passarelli (admitted *pro hac vice*) | Christopher E. Ondeck (admitted *pro hac vice*) |
| James M. Sulentic (admitted *pro hac vice*) | Stephen R. Chuk (admitted *pro hac vice*) |
| 1650 Farnam Street | 1001 Pennsylvania Ave., NW, Ste 600 South |
| Omaha, NE 68102 | Washington, DC 20004 |
| Telephone: (402) 346-6000 | Telephone: (202) 416-6800 |
| Facsimile: (402) 346-1148 | condeck@proskauer.com |
| john.passarelli@kutakrock.com | schuk@proskauer.com |
| james.sulentic@kutakrock.com | |
| | -and- |
| J.R. Carroll (admitted *pro hac vice*) | |
| Jeffrey M. Fletcher (admitted *pro hac vice*) | Scott A. Eggers (admitted *pro hac vice*) |
| 234 East Millsap Road, Ste 200 | 11 Times Square |
| Fayetteville, AR 72703-4099 | New York, NY 10036 |
| Telephone: (479) 973-4200 | Telephone: (212) 969-3000 |
| Facsimile: (479) 973-0007 | seggers@proskauer.com |
| jr.caroll@kutakrock.com | |
| Jeffrey.fletcher@kuakrock.com | -and- |
| Kimberly M. Hare (#6323326) | Kyle A. Casazza (admitted *pro hac vice*) |
| One South Wacker Drive, Ste 2050 | 2029 Century Park East, Suite 2400 |
| Chicago, IL 60606-4614 | Los Angeles, CA 90067-3010 |
| Telephone: (312) 602-4100 | Telephone: (310) 284-5677 |
| Facsimile: (312) 602-4101 | kcasazza@proskauer.com |
| kimberly.hare@kutakrock.com | |
| ***Attorneys for Defendants O.K. Foods, Inc., O.K. Farms, Inc., and O.K. Industries, Inc.*** | ***Attorneys for Defendant Wayne Farms LLC*** |

| | |
|---|---|
| VAUGHAN & MURPHY | HOGAN LOVELLS US LLP |
| By: /s/ *Charles C. Murphy, Jr.* <br> Charles C. Murphy, Jr. (admitted *pro hac vice*) <br> 690 S Ponce Court NE <br> Atlanta, GA 30307 <br> Telephone: (404) 667-0714 <br> Facsimile: (404) 529-4193 <br> cmurphy@vaughanandmurphy.com | By: /s/ *William L. Monts III* <br> William L. Monts III (admitted *pro hac vice*) <br> Justin W. Bernick (admitted *pro hac vice*) <br> 555 Thirteenth Street, N.W. <br> Washington, D.C. 20004-1109 <br> Telephone: (202) 637-5910 <br> Facsimile: (202) 637-5911 <br> william.monts@hoganlovells.com <br> justin.bernick@hoganlovells.com |
| WINSTON & STRAWN LLP | MILLER, CANFIELD, PADDOCK, AND STONE P.L.C. |
| James F. Herbison (#6275116) <br> Michael P. Mayer (#6272677) <br> 35 West Wacker Drive <br> Chicago, Illinois 60601 <br> Telephone: (312) 558-5600 <br> Facsimile: (312) 558-5700 <br> jherbison@winston.com <br> mmayer@winston.com | Jacob D. Koering <br> 227 W. Monroe, Suite 3600 <br> Chicago, IL 60606 <br> Telephone: (312) 460-4200 <br> Facsimile: (312) 460-4201 <br> koering@millercanfield.com |
| ***Attorneys for Defendant Norman W. Fries, Inc. d/b/a Claxton Poultry Farms*** | ***Attorneys for Defendant Agri Stats, Inc.*** |

EVERSHEDS SUTHERLAND (US) LLP

By: /s/ *Patricia A. Gorham*
James R. McGibbon (admitted *pro hac vice*)
Patricia A. Gorham (admitted *pro hac vice*)
Peter M. Szeremeta (admitted *pro hac vice*)
Kaitlin A. Carreno (admitted *pro hac vice*)
Dylan de Fouw (admitted *pro hac vice*)
Rebekah Whittington (admitted *pro hac vice*)
999 Peachtree Street, N.E., Ste 2300
Atlanta, GA 30309-3996
Telephone: (404) 853-8000
Facsimile: (404) 853-8806
jimmcgibbon@eversheds-sutherland.com
patriciagorham@eversheds-sutherland.com
peterszeremeta@eversheds-sutherland.com
katilincarreno@eversheds-sutherland.com
dylandefouw@eversheds-sutherland.com
rebekahwhittington@eversheds-sutherland.com

AMUNDSEN DAVIS, LLC

Ronald Balfour (#6307658)
150 N. Michigan Avenue, Ste 3300
Chicago, Illinois 60601
Telephone: (312) 894-3200
Facsimile: (312) 997-1828
RBalfour@amundsendavislaw.com

**Attorneys for Defendant Harrison Poultry, Inc.**

JOSEPH D. CARNEY & ASSOCIATES LLC

By: /s/ *Joseph D. Carney*
Joseph D. Carney (admitted *pro hac vice*)
OFFICE ADDRESS:
139 Crocker Park Boulevard, Ste. 400
Westlake, OH 44145
MAILING ADDRESS:
1540 Peach Drive
Avon, OH 44011
Telephone: (440) 249-0860
Facsimile: (866) 270-1221
jdc@jdcarney.com
case@jdcarney.com

MILLER SHAKMAN LEVINE & FELDMAN LLP

Thomas M. Staunton (#621764)
Daniel M. Feeney (#6224893)
180 North LaSalle Suite 3600
Chicago, IL 60601
Telephone: (312) 263-3700
tstaunton@millershakman.com
dfeeney@millershakman.com

D.KLAR LAW

Deborah A. Klar (admitted *pro hac vice*)
2934 1/2 Beverly Glen Circle, Suite 761
Bel Air, CA 90077
Telephone: 310-858-9500
dklar@dklarlaw.com

Paul L. Binder, Esq. (admitted *pro hac vice*)
Attorney at Law
20780 Brandywine
Fairview Park, OH 44126-2805
Telephone: (440) 376-6850
binderpl@yahoo.com

**Attorneys for Defendants Case Foods, Inc., Case Farms, LLC, and Case Farms Processing, Inc.**

16

## **CERTIFICATE OF SERVICE**

I hereby certify that on, March 24, 2023, I electronically filed the foregoing document using the CMF/ECF system, which will cause an electronic copy to be served on counsel of record.

*/s/ Lynn H. Murray*