UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 16 C 8637 <br><br> Judge Thomas M. Durkin |

**ORDER**

An arbitration tribunal has enjoined Sysco Corporation from settling its claims in this case (16 C 8637, the "Broilers Case") without the consent of certain entities that have financed Sysco's claims. The financing entities are managed by Burford Capital LLC. Sysco has filed an action in this district before Judge Pacold seeking to vacate the injunction (Case No. 23 C 1451, "Case 1451")). Sysco has moved to have that case reassigned to this Judge and consolidated with the Broilers Case. R. 6487. That motion is denied.

**Analysis**

Under Local Rule 40.4(b), reassignment is appropriate when two cases are "related." "Related" in this context means "the cases involve some of the same issues of fact or law." L.R. 40.4(a).

In the Broilers Case, Plaintiffs (including Sysco) allege that producers of chicken meat—which is known as "broilers"—conspired to fix prices and price indices. By contrast, Case 1451 concerns Sysco's attempt to vacate an arbitration decision regarding its contract with Burford. That description of the cases by itself should make clear that the cases are not related. Despite this apparent difference, Sysco

contends that because Case 1451 might "impact" Sysco's ability to settle its claims in the Broilers Case, the two cases are related as "night-following-day." R. 6507 at 3.

But as this Judge sees it, the two cases are as different as "night and day." The "impact" Sysco points to is to Sysco's ability to settle its claims in the Broilers Case. But it does not follow that this constitutes an impact on the Broilers Case. Whether parties settle impacts whether a case proceeds, but it does not impact the proceedings of the case itself. That is especially true for the Broilers Case, which involves many parties. Whether Sysco is one of them going forward will have little impact on the contours of the case.

Furthermore, many extraneous events can "impact" the context in which a case proceeds. But that does not mean that the impacting event is related to the case proceedings. That is why "relatedness" for purposes of reassignment is defined with respect to common issues of fact or law, which is the subject matter of the proceedings of a case.

Here, the only issue in Case 1451 are the terms of the financing contract. Sysco admits that there are no questions of fact to resolve in Case 1451. *See* R. 6487 at 12-13 n.5 ("there are no disputed issues of fact known to Sysco"). The Broilers Case, by contrast, has many unresolved questions of law and fact, and none of them concern the Sysco-Burford contract. The two cases are simply not related.

Even if the cases are related (which they aren't), reassignment would be inappropriate. First, the cases are not "susceptible of disposition in a single proceeding." L.R. 40.4(b)(4). Sysco argues that resolution of Case 1451 in its favor will

2

lead to settlement of its claims, thereby disposing of part of the Broilers Case. But Sysco's claims are only a small part of the Broilers Case and settlement of its claims would not dispose of the Broilers Case as whole. Moreover, if Case 1451 is decided in Burford's favor, that case will not dispose of any aspect of the Broilers Case. As discussed, there is no issue—factual or legal—that is common to both cases. Without such a common issue the cases cannot be susceptible to common disposition.

Next, there are no efficiencies to be gained by reassignment. *See* L.R. 40.4(b)(2) ("the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort"). This Judge's experience with the Broilers Case is not relevant to addressing claims about the terms of the finance agreement underlying Case 1451. Nor was this Judge even aware of the finance agreement before this motion was filed. Even so, Sysco argues that preventing it from settling its claims "will waste significant judicial resources." R. 6487 at 7. But that is not the type of efficiency that should be considered when deciding reassignment. Reassignment is appropriate when combining the proceedings of two cases will create efficiencies in deciding common issues. Urging reassignment so this Judge can decide Case 1451 in Sysco's favor in order to decrease the number of claims in the Broilers Case is not more efficient resolution of the claims—it is avoidance of the claims altogether.

Sysco emphasizes this aspect of its argument by asserting that this Judge is "uniquely positioned to appreciate the wastefulness of forced adjudication of claims the parties want to settle." R. 6507 at 7. This is not an appropriate or ethical

perspective for a judge to take with respect to active claims before the Court. Sysco's argument here amounts to the contention that this Judge should grant the motion to reassign in order to ensure that Case 1451 is decided in Sysco's favor so that Sysco can settle its claims in the Broilers case. While district judges sometimes mediate settlement, it is never appropriate to presume settlement. And it is certainly inappropriate to decide whether Case 1451 should be reassigned on the assumption that Sysco's claim in that case is meritorious. Leave that to another judge, who has no stake, perceived or otherwise, as to whether Sysco settles its claims.

## Conclusion

Therefore, Sysco's motion for reassignment and consolidation [6487] is denied.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: April 13, 2023

4