**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION, | Case No.: 1:16-cv-08637 |
| | The Honorable Thomas M. Durkin |
| This Document Relates To: | |
| THE DIRECT PURCHASER PLAINTIFF ACTION | |

**ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF THE SETTLEMENT WITH
SIMMONS FOODS, INC. AND SIMMONS PREPARED FOODS, INC.**

993723.5

Direct Purchaser Plaintiffs ("Plaintiffs") have entered into a Settlement Agreement with Simmons. On June 12, 2023, this Court held a hearing on Direct Purchaser Plaintiffs' Motion for Preliminary Approval of the Settlement with Defendants Simmons Foods, Inc. and Simmons Prepared Foods, Inc. (collectively, "Simmons") ("Motion"). The Court, having reviewed the Motion, its accompanying memorandum and the exhibits thereto, the Settlement Agreement, and the file, hereby **ORDERS AND ADJUDGES:**

### Preliminary Approval of the Settlement

1. This Court has jurisdiction over this action and each of the parties to the Settlement Agreement. Upon review of the record, the Court finds that the proposed Settlement Agreement, which was arrived at by arm's length negotiations by highly experienced counsel, falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at the Court's Fairness Hearing. The Court finds that the Settlement Agreement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Certified Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the Settlement should be given to the Certified Class.

2. The Settlement was entered into on behalf of the Class certified by this Court in its order dated May 27, 2022, ECF No. 5644 (the "Certified Class"):

> All persons who purchased raw Broilers directly from any of the Defendants or their respective subsidiaries or affiliates either fresh or frozen, in the form of: whole birds (with or without giblets), whole cut-up birds, or parts (boneless or bone in) derived from the front half of the whole bird, for use or delivery in the United States from December 1, 2008 until July 31, 2019.

3. The Court previously appointed the law firms of Lockridge Grindal Nauen P.L.L.P., and Pearson Warshaw, LLP (then known as Pearson, Simon & Warshaw, LLP) as Co-Lead Class Counsel for the Certified Class.

**Approval of the Notice Plan**

4. The Court hereby directs notice to be distributed to the Certified Class members pursuant to Federal Rule of Civil Procedure ("Rule") 23(c)(2). A.B. Data Ltd. is hereby appointed as Claims Administrator and ordered to effectuate the notice plan. US Bank is hereby appointed as the Escrow Agent for the Settlement.

5. The proposed notice plan set forth in the Motion and the supporting declarations comply with Rule 23(c)(2)(B) and due process as it constitutes the best notice that is practicable under the circumstances, including individual notice via mail and email to all members who can be identified through reasonable effort. The direct mail and email notice will be supported by reasonable publication notice to reach Certified Class members who could not be individually identified.

6. On January 4, 2023, the Court approved a notice program that provided a final opportunity for Certified Class members to exclude themselves. *See* ECF No. 6195. As Certified Class members have already been provided an opportunity to exclude themselves, the Court finds that an additional opportunity to opt out is not warranted and is not required here.

7. The attached proposed notice documents: the Long Form Notice (Exhibit "A"), Short Form Notice (Exhibit "B"), and Summary Publication Notice (Exhibit "C"), and their proposed manner of transmission taken together comply with Rule 23(c)(2)(B) and due process because the notices, forms, and manner of transmission are reasonably calculated to adequately apprise Certified Class members of (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a Certified Class member may enter an appearance through an attorney if the member so desires; and (v) the binding effect of a class

judgment on members under Rule 23(c)(3). Non-substantive changes, such as typographical errors, can be made to the notice documents by agreement of the parties without leave of the Court.

### Schedule for Class Notice and the Fairness Hearing

8. The Court hereby sets the below schedule for the dissemination of notice to the class, for Certified Class members to object to the Settlement, and for the Court's Fairness Hearing, at which time the Court will determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. The Fairness Hearing may take place remotely via telephone or video conference. This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website, but other than the website posting the Parties will not be required to provide any additional notice to Certified Class members.

| DATE | EVENT |
|---|---|
| Within 90 days after preliminary approval | Settlement Administrator to provide direct mail and email notice, and commence the publication notice plan. |
| 30 days after mailing of Notice | Co-Lead Class Counsel to file their motion for payment of litigation expenses. |
| 60 days after the mailing of Notice | Last day to object to the Settlement; and file notices to appear at the Fairness Hearing. |
| 14 days before Fairness Hearing | Class Counsel shall file a motion for final approval of the Settlement and all supporting papers, and Class Counsel and Simmons may respond to any objections to the proposed Settlement. |
| December 12, 2023 at 10:00 a.m. Central Time (30 days after last day to object to the Settlement) | Final Settlement Fairness Hearing. |

### Other Provisions

9. Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used as defined in the Settlement Agreement.

993723.5                              4

10. If the Settlement Agreement is not finally approved, then it and all proceedings in connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided otherwise in the Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs, the Settling Defendants, and the members of the Class. The parties shall also comply with any terms or provisions of the Settlement Agreement applicable to termination, rescission, or the Settlements otherwise not becoming Final.

**IT IS SO ORDERED.**

DATED: June 12, 2023

_____
HON. THOMAS M. DURKIN

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

# If you purchased raw Broiler chicken directly from a Broiler chicken producer for use or delivery in the United States from December 1, 2008 through July 31, 2019, a class action settlement may affect your rights.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- An additional settlement has been reached in a class action antitrust lawsuit filed on behalf of Direct Purchaser Plaintiffs ("Plaintiffs") of Broiler chicken. The new settlement is with Defendants Simmons Foods, Inc. and Simmons Prepared Foods, Inc. (collectively, "New Settlement" with "Simmons" or the "New Settling Defendant"). Previous settlements (the "Previous Settlements") were reached on behalf of Plaintiffs with Defendants Tyson Foods, Inc., Tyson Chicken, Inc., Tyson Breeders, Inc., and Tyson Poultry, Inc. (collectively, "Tyson"); Pilgrim's Pride Corporation ("Pilgrim's Pride"); Peco Foods, Inc. ("Peco"); George's, Inc. and George's Farms, Inc. (collectively, "George's"); Amick Farms, LLC ("Amick"); Fieldale Farms Corporation ("Fieldale Farms"); Mar-Jac Poultry, Inc., Mar-Jac Poultry MS, LLC, Mar-Jac Poultry AL, LLC, Mar-Jac AL/MS, Inc., Mar-Jac Poultry, LLC, and Mar-Jac Holdings, Inc. (collectively, "Mar-Jac"), and Harrison Poultry, Inc. ("Harrison Poultry") (collectively, the "Previous Settling Defendants"). Together, the New Settling Defendant and Previous Settling Defendants are referred to as "Settling Defendants."

- The proposed New Settlement is with Simmons only and does not dismiss claims against other Defendants. The settlements with the Previous Settling Defendants have been given final approval by the Court. Eleven other Defendants remain in the case, and Plaintiffs' lawsuit will continue against them in the case entitled *In re Broiler Chicken Antitrust Litigation*, N.D. Ill. Case No. 1:16-cv-08637.

- If approved by the Court, the New Settlement will resolve Plaintiffs' claims that Simmons conspired in restraint of trade, the purpose and effect of which were to suppress competition and to allow the Simmons and other Broiler chicken producers to charge supra-competitive prices for Broilers from December 1, 2008, through July 31, 2019 (the "Class Period"), in violation of federal law. Simmons has not admitted any liability and continues to deny the legal claims alleged in this lawsuit. If approved, the New Settlement will avoid litigation costs and risks to Plaintiffs and Simmons, and will release Simmons from liability to the Class members.

- The New Settlement require Simmons to pay $8,018,991 to benefit the certified Direct Purchaser Plaintiff Class. Together with the amounts paid by the Previous Settling Defendants (Tyson $79,340,000; Pilgrim's Pride $75,000,000; Peco $4,964,600; George's $4,097,000; Amick $3,950,000; Fieldale Farms $2,250,000; Mar-Jac $7,975,000; and Harrison Poultry $3,300,000), total settlements in the Direct Purchaser Plaintiffs' case are $188,895,591 (the "Settlement Proceeds").

- Your legal rights are affected whether you act or don't act. Please read this notice carefully.

**Questions? Read on and visit www.broilerchickenantitrustlitigation.com or call toll-free 1-866-552-1178.**

| YOUR LEGAL RIGHTS AND OPTIONS FOR THE NEW SETTLEMENT | |
|---|---|
| **OBJECT** | You may write to the Court about why you don't like the New Settlement with Simmons or the motion for reimbursement of expenses. Objections must be postmarked by _____, 2023. The deadline to object to the substantive terms of the settlements with the Previous Settling Defendants has already passed. |
| **ATTEND THE FAIRNESS HEARING** | You may request to speak in Court about the fairness of the New Settlement by providing notice by _____, 2023. |
| **DO NOTHING** | You will remain part of the New Settlement and you may participate in any monetary distribution to qualified purchasers. The New Settlement will resolve your claims against Simmons, and you will give up your rights to sue or to continue suing Simmons about the Released Claims (as defined in the Settlement Agreement). You will be bound by the judgment. |

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ........................................................................................................... 3
    1. Why did I receive a notice? ............................................................................................ 3
    2. What is this lawsuit about? ............................................................................................. 3
    3. What is a class action, and who is involved? ................................................................ 4
    4. Why are there settlements in this case? ......................................................................... 4
    5. What if I received previous communications regarding this lawsuit? ......................... 4

**THE CLASS** ............................................................................................................................. 4
    6. Am I part of the Class? .................................................................................................. 4
    7. Are there exceptions to being included in the Class? .................................................. 5
    8. I'm still not sure if I'm included. ................................................................................... 5

**THE SETTLEMENT BENEFITS** ........................................................................................... 5
    9. What does the Settlement provide? .............................................................................. 5
    10. What am I giving up by staying in the Class? ............................................................ 5

**IF YOU DO NOTHING** ......................................................................................................... 6
    11. What happens if I do nothing at all? ........................................................................... 6

**OBJECTION PROCEDURES** ................................................................................................ 6
    12. How do I object to the New Settlement or request for reimbursement of litigation expenses? ............ 6
    13. What is the difference between excluding myself and objecting? ............................. 6

**THE LAWYERS REPRESENTING YOU** ............................................................................. 7
    14. Do I have a lawyer in this case? .................................................................................. 7
    15. How will the lawyers be paid? ..................................................................................... 7

**THE COURT'S FAIRNESS HEARING** ................................................................................. 7
    16. When and where will the Court decide whether to approve the New Settlement? .... 7
    17. Do I have to come to the hearing? ............................................................................... 7
    18. May I speak at the hearing? ......................................................................................... 7

**GETTING MORE INFORMATION** ..................................................................................... 8

19.   How do I get more information about the New Settlement?................................................................ 8

## BASIC INFORMATION

### 1. Why did I receive a notice?

All Defendants, including the Settling Defendant, produce Broiler chicken. Records from all Defendants show that you may have purchased Broiler chicken products directly from one or more Defendants and/or alleged Co-Conspirators for use and delivery in the United States between December 1, 2008, and July 31, 2019. The list of Defendants and alleged Co-Conspirators is in Question 2 below and in the operative Complaint available for download at www.broilerchickenantitrustlitigation.com.

The Court authorized this notice because you have a right to know about the proposed New Settlement (see Question No. 9 below), Co-Lead Class Counsel's upcoming request for reimbursement of up to $3.5 million in incurred litigation expenses (see Question No. 15 below), and about your options as the Court considers these matters. If the Court approves the New Settlement, and after any objections or appeals are resolved, you will be bound by the judgment and terms of the New Settlement. This notice explains the lawsuit, the New Settlement, and your legal rights under the New Settlement.

### 2. What is this lawsuit about?

This class action, *In re Broiler Chicken Antitrust Litigation*, N.D. Ill. Case No. 1:16-cv-08637, is pending in the United States District Court for the Northern District of Illinois. U.S. District Court Judge Thomas M. Durkin presides over this class action.

Plaintiffs allege that Defendants and their Co-Conspirators conspired to fix, raise, maintain, and stabilize the price of Broilers, beginning at least as early as January 1, 2008. Plaintiffs allege that Defendants implemented their conspiracy in various ways, including via coordinated supply restrictions, sharing competitively sensitive price and production information, and otherwise manipulating Broiler prices, with the intent and expected result of increasing prices of Broilers in the United States, in violation of federal antitrust laws.

On May 27, 2022, Judge Thomas M. Durkin issued an Order certifying a class of direct purchasers defined as: "All persons who purchased raw Broilers directly from any of the Defendants or their respective subsidiaries or affiliates either fresh or frozen, in the form of: whole birds (with or without giblets), whole cut-up birds, or parts (boneless or bone in) derived from the front half of the whole bird, for use or delivery in the United States from December 1, 2008 until July 31, 2019." (the "Class").

The Defendants and alleged Co-Conspirators named in Plaintiffs' Fifth Consolidated Amended Complaint are producers of Broiler chicken and Broiler chicken products in the United States. The Defendants and alleged Co-Conspirators include: Fieldale Farms Corporation; Koch Foods, Inc.; JCG Foods of Alabama, LLC; JCG Foods of Georgia, LLC; Koch Meat Co., Inc.; Tyson Foods, Inc.; Tyson Chicken, Inc.; Tyson Breeders, Inc.; Tyson Poultry, Inc.; Pilgrim's Pride Corporation; Perdue Farms, Inc.; Perdue Foods LLC; Sanderson Farms, Inc.; Sanderson Farms, Inc. (Foods Division); Sanderson Farms, Inc. (Production Division); Sanderson Farms, Inc. (Processing Division); Wayne Farms, LLC; Mountaire Farms, Inc.; Mountaire Farms, LLC; Mountaire Farms of Delaware, Inc.; Peco Foods, Inc.; Foster Farms, LLC; Foster Poultry Farms; House of Raeford Farms, Inc.; Simmons Foods, Inc.; Simmons Prepared Foods, Inc.; George's, Inc.; George's Farms, Inc.; O.K. Foods, Inc.; O.K. Farms, Inc.; O.K. Industries, Inc.; Claxton Poultry Farms, Inc.; Norman W. Fries, Inc.; Harrison Poultry, Inc.; Mar-Jac Poultry, Inc.; Mar-Jac Poultry MS, LLC; Mar-Jac Poultry AL, LLC; Mar-Jac AL/MS, Inc.; Mar-Jac Poultry, LLC; Mar-Jac Holdings, Inc.; Amick Farms, LLC; The Amick Company, Inc.; Amick-OSI Broilers, LLC; Amick-OSI Processing, LLC; Case Foods, Inc.; Case Farms, LLC; Case Farms Processing, Inc.; Agri Stats, Inc.; Keystone Foods, LLC; Keystone Foods Corporation; Equity Group Eufaula Division, LLC; Equity Group Kentucky Division LLC; Equity Group – Georgia Division LLC; Allen Harim USA, Ltd.; Allen Harim Foods, LLC; Allen Harim Farms, LLC; JCG Industries, Inc.; JCG Properties, Inc.; JCG Land Holdings, LLC; JCG Foods LLC; Koch Foods of Cumming LLC; Koch Foods of Gainesville LLC; JCG Farms of Georgia LLC; Koch Foods of Mississippi LLC; Koch Farms of Mississippi LLC; Koch Freezers LLC; Koch Properties of Mississippi LLC; Koch Foods of Alabama LLC; Koch Farms of Alabama LLC; JCG Farms of Alabama LLC; Koch Foods of Ashland LLC; Koch Farms of Ashland LLC; Koch Farms of Gadsden LLC; Koch Foods of Gadsden LLC; Koch Foods of Cincinnati LLC; Koch Foods LLC; Koch Farms LLC; Koch Farms of Chattanooga LLC; Koch Foods of Chattanooga LLC; Koch Foods of Morristown LLC; Koch Farms of Morristown LLC; Tyson Sales & Distribution, Inc.; Perdue Foods, Inc.; Harvestland Holdings, LLC; Perdue Food Products, Inc.; Perdue Farms, LLC; Perdue Farms Incorporated; WFSP Foods, LLC; George's Chicken, LLC; George's Family Farms, LLC; George's Foods, LLC;

George's of Missouri, Inc.; George's Processing, Inc.; Peco Farms of Mississippi, LLC; PFS Distribution Company; Merit Provisions, LLC; GC Properties, LLC; Pilgrim's Pride of Nevada, Inc.; PPC Marketing, Ltd.; Pilgrim's Pride Corporation of West Virginia, Inc.; Foster International Trading Company, Inc.; Napoleon Poultry Supply, LLC; O.K. Broiler Farms Limited Partnership; House of Raeford Farms of Louisiana, LLC; Johnson Breeders, Inc.; Columbia Farms of Georgia, Inc.; Raeford Farms of Louisiana, LLC; and Columbia Farms, Inc.

The Court previously gave final approval to settlements between the Plaintiffs and Tyson, Pilgrim's Pride, Fieldale Farms, Peco, George's, Amick, Mar-Jac, and Harrison Poultry. The Court has now preliminarily approved a settlement with Simmons. The Direct Purchaser Plaintiffs' case is proceeding against all other Defendants who have not settled the case. If applicable, you will receive a separate notice regarding any resolution of claims against other Defendants.

Simmons has not admitted any liability, continue to deny the legal claims alleged in this lawsuit, and would allege numerous defenses to the Plaintiffs' claims if the case against them were to proceed. Nevertheless, Simmons has agreed to settle this action to avoid the further expense, inconvenience, disruption, and burden of this litigation and any other present or future litigation arising out of the facts that gave rise to this litigation, to avoid the risks inherent in uncertain complex litigation and trial, and thereby to put to rest this controversy.

### 3. What is a class action, and who is involved?

In a class action lawsuit, one or more people or businesses called class representatives sue on behalf of others who have similar claims, all of whom together are a "class." Individual class members do not have to file a lawsuit to participate in the class action settlement, or be bound by the judgment in the class action. One court resolves the issues for everyone in the class, except for those who exclude themselves from the class.

### 4. Why are there settlements in this case?

The Court did not decide in favor either of Plaintiffs or New Settling Defendant. Plaintiffs believe they may win at trial and possibly obtain a greater recovery. New Settling Defendant believes they may win at trial and that Plaintiffs might recover nothing against them. But trials involve risks to both sides, and therefore Plaintiffs and Simmons have agreed to settle the case. The New Settlement requires Simmons to pay money for the benefit of the Class members. Plaintiffs and their attorneys believe the New Settlement is in the best interests of all Class members.

### 5. What if I received previous communications regarding this lawsuit?

You may have already received notice regarding settlements with the Previous Settling Defendants and the Court's determination that this lawsuit will proceed as a class action (the Class Certification notice). You are permitted to participate in the New Settlement with Simmons regardless of whether you excluded yourself from the settlements with the Previous Settling Defendants. However, if you excluded yourself in response to the Class Certification notice sent earlier this year, then you cannot participate in the New Settlement with Simmons.

You may have received other communications regarding this lawsuit, including solicitations by other attorneys seeking to represent you as a Direct Action Plaintiff in an individual lawsuit against Defendants. Contrary to what you may have been told in such solicitations, you do not need to file an individual lawsuit to protect your rights in this litigation. You also may have received solicitations from persons seeking to purchase your claim or represent you as a Class member.

None of these communications regarding Direct Action Plaintiffs, filing individual lawsuits, or purchasing your claim have been approved by the Court and—unlike this notice—they did not come from Court-appointed Class Counsel for the Direct Purchaser Plaintiffs. You should carefully review this notice and your rights as a Class member. In addition, you do not need to retain or pay anyone in order to receive the benefits provided to Class members in this lawsuit.

If you have questions about this litigation and your rights as a Class member, please contact Class Counsel, whose contact information is listed in Question 12 below.

## THE CLASS

### 6. Am I part of the Class?

The Court decided that Class members are defined as follows:

All persons who purchased raw Broilers directly from any of the Defendants or their respective subsidiaries or affiliates either fresh or frozen, in the form of: whole birds (with or without giblets), whole cut-up birds, or parts (boneless or bone in) derived from the front half of the whole bird, for use or delivery in the United States from December 1, 2008 until July 31, 2019.

If you satisfy these criteria, then you are a Class member, subject to the exceptions listed in Question 7 below.

While the New Settlement is only with Simmons, the Class includes persons (including businesses and companies) who purchased Broiler chicken from *any* of the Defendants or their alleged Co-Conspirators. If you are a Class member and did not exclude yourself in response to the Class Certification notice sent earlier this year, you will be eligible to participate in the New Settlement.

### 7. Are there exceptions to being included in the Class?

Yes. Specifically excluded from this Class are the Defendants; the officers, directors, or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir, or assign of any Defendant. Also excluded from this Class are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, and any alleged Co-Conspirator identified in this action.

If you are in one of these categories, you are not a Class member and not eligible to participate in the New Settlement.

### 8. I'm still not sure if I'm included.

If you are still not sure if you are included, please review the detailed information contained in the Settlement Agreement, available at the settlement website, www.broilerchickenantitrustlitigation.com (the "Settlement Website"). You may also call the Settlement Administrator at 1- 866-552-1178 or call or write to Class Counsel at the phone numbers or addresses listed in Question 12 below.

## THE SETTLEMENT BENEFITS

### 9. What does the Settlement provide?

If the New Settlement is approved, Simmons will pay $8,018,991. Of the Previous Settling Defendants, Tyson has paid $79,340,000, Pilgrim's Pride has paid $75,000,000, Peco has paid $4,964,600, George's has paid $4,097,000, Amick has paid $3,950,000, Fieldale Farms has paid $2,250,000, Mar-Jac has paid $7,975,000, and Harrison Poultry has paid $3,300,000. Collectively, all settlements to date provide $188,895,591 in Settlement Proceeds.

Simmons has agreed to provide testimony, where it reasonably can, to authenticate and provide foundation for admissibility of documents, which may assist Plaintiffs in the prosecution of their claims against the remaining Defendants in the case.

A portion of the Settlement Proceeds has been and will be used for notice and administration costs. A portion of the Settlement Proceeds will also be used to pay attorneys' fees, litigation expenses, and incentive awards that the Court chooses to award. Finally, as discussed in Question No. 15 below, by [DATE] Direct Purchaser Plaintiffs and their counsel will move the Court to reimburse them from the Simmons, Mar-Jac, and Harrison Poultry settlement proceeds *pro rata* for litigation expenses already incurred, in an amount not to exceed $3.5 million. A copy of the motion for reimbursement of litigation expenses will be available on the Settlement Website at the time it is filed with the Court.

Class Counsel do not intend to distribute any proceeds from the New Settlement to qualifying members of the Class at this time, but instead intend to combine any distribution of the proceeds from the New Settlement with proceeds from future settlements or other recoveries in the litigation. You will be provided further notice of any such future settlements or recoveries.

### 10. What am I giving up by staying in the Class?

The deadline to request exclusion from the Class has already passed. Unless you excluded yourself in response to the Class Certification notice, you are in the Class, which means that you can't sue, continue to sue, or be part of any other lawsuit

against Simmons that pertain to the Released Claims (as defined in the Settlement Agreements). It also means that all Court orders will apply to you and legally bind you. The Released Claims are detailed in the Settlement Agreement, available at www.broilerchickenantitrustlitigation.com.

## IF YOU DO NOTHING

**11. What happens if I do nothing at all?**

Unless you previously excluded yourself from the Class, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Simmons about the claims that the New Settlement resolves, ever again. The deadline to request exclusion from the Class has already passed.

## OBJECTION PROCEDURES

**12. How do I object to the New Settlement or request for reimbursement of litigation expenses?**

If you are a Class member and have not excluded yourself from the Class, you can object to the New Settlement with Simmons if you don't like part or all of the terms of the Settlement. With regard to Co-Lead Class Counsel's request for reimbursement of up to $3.5 million in incurred litigation expenses, Mar Jac and Harrison Poultry Settlement Class members who have not excluded themselves may also object to this request. The Court will consider your views. To object, you must send a letter or other written statement saying that you object to the New Settlement with Simmons in *In re: Broiler Chicken Antitrust Litigation*, you are objecting to, and the reasons why you object to the New Settlement. Be sure to include your full name, the name of your business that purchased Broiler chicken, current mailing address, and email address. Your objection must be signed. You may include or attach any documents that you would like the Court to consider. Do not send your written objection to the Court or the judge. Instead, mail the objection to the Settlement Administrator, Class Counsel, and Counsel for the Settling Defendant at the addresses listed below. Your objection must be postmarked no later than _____, 2023. The deadline to object to the Previous Settlements with the Previous Settling Defendants has already passed.

| Settlement Administrator | Class Counsel | Class Counsel |
|---|---|---|
| Broiler Chicken Antitrust Litigation Simmons Settlement Attn: OBJECTIONS c/o A.B. Data, Ltd. P.O. Box 173001 Milwaukee, WI 53217 (866) 552-1178 | W. Joseph Bruckner Brian D. Clark Lockridge Grindal Nauen P.L.L.P. 100 Washington Ave. S., Ste. 2200 Minneapolis, MN 55401 (612) 339-6900 | Clifford H. Pearson Bobby Pouya Pearson Warshaw, LLP 15165 Ventura Blvd., Suite 400 Sherman Oaks, CA 91403 (818) 788-8300 |

| Counsel for Simmons |
|---|
| Lynn H. Murray SHOOK, HARDY & BACON L.L.P. 111 S. Wacker Dr., Suite 4700 Chicago, IL 60606 (312) 704-7700 |

**13. What is the difference between excluding myself and objecting?**

Objecting is telling the Court that you do not like something about the New Settlement. You can object only if you did not exclude yourself from the Class. Excluding yourself is telling the Court that you do not want to be part of the Class or the lawsuit. The time to exclude yourself has already passed. If you excluded yourself, you have no standing to object because the

case no longer affects you.

## THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in this case?

The Court has appointed Lockridge Grindal Nauen P.L.L.P. and Pearson Warshaw, LLP as Class Counsel on behalf of Plaintiffs and Class members. Their contact information is provided above in Question 12. If you are a Class member, you do not need to hire your own lawyer because Class Counsel are working on your behalf, but may do so at your own expense.

If you excluded yourself from the Class, these lawyers no longer represent you. You may need to hire your own lawyer if you wish to pursue your own lawsuit against the Settling Defendants.

### 15. How will the lawyers be paid?

You will not have to pay any attorneys' fees or costs out-of-pocket. Class Counsel are not currently seeking additional fees or Class Representative service awards, but reserve their right to do so, subject to an additional notice to the Class and Court approval.

By [DATE] Direct Purchaser Plaintiffs and their counsel will move the Court for a *pro rata* reimbursement (in proportion to the settlement amount) from the Simmons, Mar-Jac, and Harrison Poultry settlement proceeds for litigation expenses already incurred, in an amount not to exceed $3.5 million. A copy of the motion for reimbursement of litigation expenses will be available on the Settlement Website at the time it is filed with the Court. Mar Jac and Harrison Poultry Settlement Class members, as well as Certified Class members who have not excluded themselves from the Class, may object to this request if they choose, and may do so pursuant to the instructions and deadline in Question No. 12 above.

## THE COURT'S FAIRNESS HEARING

### 16. When and where will the Court decide whether to approve the New Settlement?

The Court will hold a Fairness Hearing to decide whether to approve the New Settlement at xxxx. Central time on _____, 2023. The hearing will be held via telephone, and dial in information will be available on the Court's docket and the case website. Do not go to the Court in person unless there is notice that the hearing will be conducted in person. At this hearing, the Court will consider whether the New Settlement is fair, reasonable, and adequate. The Court will also consider Co-Lead Class Counsel's expense reimbursement request. If there are objections to either the New Settlement or the expense reimbursement request, the Court will consider them. You may attend and you may ask to speak, if you make a request as instructed in Question 18, but you do not have to. The Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the New Settlement. We do not know how long the Court will take to decide. The date of the hearing may change without further notice to the Class, so please check the Settlement Website for updates.

### 17. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend the hearing via telephone. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 18. May I speak at the hearing?

You may ask to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *In re: Broiler Chicken Antitrust Litigation*." Be sure to include your name, and the name of your business that purchased Broiler chicken, current mailing address, telephone number, and signature. Your Notice of Intention to Appear must be postmarked no later than _____, 2023, and it must be sent to the Clerk of the Court, Class Counsel, and Defense Counsel. The address for the Clerk of the Court is: Clerk of the United States District Court, Dirksen Federal Building, 219 South Dearborn Street, Chicago, IL 60604. The addresses for Class Counsel and Defense Counsel are provided in Question 12. You cannot ask to speak at the hearing if you exclude yourself from the New Settlement.

## **GETTING MORE INFORMATION**

| 19. How do I get more information about the New Settlement? |
|---|

This notice summarizes the proposed New Settlement. More details are in the Settlement Agreement. You can find a copy of the Settlement Agreement, other important documents, and information about the current status of the litigation by visiting www.broilerchickenantitrustlitigation.com. You may also contact Class Counsel at the addresses and phone numbers provided in Question 12.

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

# EXHIBIT B

<u>COURT-APPROVED LEGAL NOTICE</u>

**If you purchased raw Broiler chicken directly from a Broiler chicken producer for use or delivery in the United States from December 1, 2008 through July 31, 2019, a class action settlement may affect your rights.**

*Para una notificacion in español, llame gratis al 1-866-552-1178*
*o visite nuestro website www.broilerchickenantitrustlitigation.com.*

Another settlement has been reached in a class action antitrust lawsuit filed on behalf of Direct Purchaser Plaintiffs with Defendants Simmons Foods, Inc. and Simmons Prepared Foods, Inc. ("New Settlement") with ("Simmons" or the "New Settling Defendant"). Co-Lead Class Counsel will also request in an upcoming motion reimbursement of up to $3.5 million in incurred litigation expenses from the Simmons, Mar-Jac, and Harrison Poultry settlement proceeds *pro rata*. This Court-ordered notice may affect your rights. Please review and follow the instructions carefully. The United States District Court for the Northern District of Illinois authorized this notice. Before any money is paid, the Court will hold a hearing to decide whether to approve the New Settlement or to reimburse Co-Lead Class Counsel's litigation expenses.

<u>WHO IS INCLUDED?</u>

Members of the Class are defined as "all persons who purchased raw Broilers directly from any of the Defendants or their respective subsidiaries or affiliates either fresh or frozen, in the form of: whole birds (with or without giblets), whole cut-up birds, or parts (boneless or bone in) derived from the front half of the whole bird, for use or delivery in the United States from December 1, 2008 until July 31, 2019." Specifically excluded from the Class are the Defendants; the officers, directors, or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir, or assign of any Defendant. Also excluded from this Class are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action. If you are not sure you are included, you can get more information, including a detailed notice, at www.broilerchickenantitrustlitigation.com or by calling toll-free 1-866-552-1178.

<u>WHAT IS THIS LAWSUIT ABOUT?</u>

Plaintiffs allege that Defendants and their Co-Conspirators conspired to fix, raise, maintain, and stabilize the price of Broilers, beginning at least as early as January 1, 2008. Plaintiffs allege that Defendants implemented their conspiracy in various ways, including via coordinated supply restrictions, sharing competitively sensitive price and production information, and otherwise manipulating Broiler prices, with the intent and expected result of increasing prices of Broilers in the United States, in violation of federal antitrust laws. Simmons has not admitted any liability concerning, and continues to deny, the legal claims alleged. The Court did not decide which side was right, but both sides agreed to the New Settlement to resolve the case. The case is still proceeding on behalf of the Direct Purchaser Plaintiffs against all other Defendants who have not settled with the Plaintiffs. A list of all Defendants is in the detailed notice available at www.broilerchickenantitrustlitigation.com.

On May 27, 2022, Judge Thomas M. Durkin issued an Order certifying a class of direct purchasers defined as: "All persons who purchased raw Broilers directly from any of the Defendants or their respective subsidiaries or affiliates either fresh or frozen, in the form of: whole birds (with or without giblets), whole cut-up birds, or parts (boneless or bone in) derived from the front half of the whole bird, for use or delivery in the United States from December 1, 2008 until July 31, 2019." (the "Class").

You may have already received notices or correspondence related to this litigation and previous settlements in this case that were reached with Defendants Tyson Foods, Inc., Tyson Chicken, Inc., Tyson Breeders, Inc., and Tyson Poultry, Inc. (collectively, "Tyson"); Pilgrim's Pride Corporation ("Pilgrim's Pride"); Peco Foods, Inc. ("Peco"); George's, Inc. and George's Farms, Inc. (collectively, "George's"); Amick Farms, LLC ("Amick"); Fieldale Farms Corporation ("Fieldale Farms"); Mar-Jac Poultry, Inc., Mar-Jac Poultry MS, LLC, Mar-Jac Poultry AL, LLC, Mar-Jac AL/MS, Inc., Mar-Jac Poultry, LLC, and Mar-Jac Holdings, Inc. (collectively, "Mar-Jac"), and Harrison Poultry, Inc. ("Harrison Poultry") (collectively, the "Previous Settling Defendants"). This notice concerns the New Settlement with Simmons only, as well as Co-Lead Class Counsel's request for reimbursement of litigation expenses. For more information on the Previous Settlements, please visit www.broilerchickenantitrustlitigation.com.

<u>WHAT DOES THE SETTLEMENT PROVIDE?</u>

The New Settlement requires Simmons to pay $8,018,991. Together with the amounts paid by the Previous Settling Defendants (Tyson $79,340,000; Pilgrim's Pride $75,000,000; Peco $4,964,600; George's $4,097,000; Amick $3,950,000; Fieldale Farms $2,250,000; Mar-Jac $7,975,000; and Harrison Poultry $3,300,000), total settlements in the Direct Purchaser Plaintiffs' case are $188,895,591 (the "Settlement Proceeds").

A portion of the Settlement Proceeds has been and will be used for notice and administration costs. A portion of the Settlement Proceeds will also be used to pay attorneys' fees, litigation expenses, and incentive awards that the Court chooses to award. Direct Purchaser Plaintiffs and their counsel will file a motion by _____, 2023, in which they will seek an amount not to exceed $3.5 million in litigation expenses from

the Simmons, Mar-Jac, and Harrison Poultry settlement proceeds *pro rata*. Class Counsel are not currently seeking fees or Class Representative service awards, but reserve their right to do so, subject to an additional notice to the Class and Court approval. A copy of the motion for reimbursement of litigation expenses will be available on the Settlement Website.

Class Counsel do not intend to distribute any proceeds from the New Settlement with Simmons to qualifying members of the Class at this time, but instead intend to combine any distribution with proceeds from future settlements or other recoveries in the litigation. You will be provided further notice of any such future settlements or recoveries. For information related to the distribution of proceeds from the Previous Settling Defendants, please visit www.broilerchickenantitrustlitigation.com.

### WHAT ARE YOUR RIGHTS AND OPTIONS?

You do not need to take any action to remain a member of the Class and be bound by the New Settlement with Simmons. The deadline to request exclusion from the Class has already passed. Unless you excluded yourself in response to the Class Certification notice, you are in the Class, which means that you can't sue, continue to sue, or be part of any other lawsuit against Simmons that pertain to the Released Claims (as defined in the Settlement Agreements). It also means that all Court orders will apply to you and legally bind you. The Released Claims are detailed in the Settlement Agreement, available at www.broilerchickenantitrustlitigation.com. If you are a Class member and have not excluded yourself from the Class, you can object to the New Settlement with Simmons if you don't like part or all of the terms of the Settlement. With regard to Co-Lead Class Counsel's request for reimbursement of up to $3.5 million in incurred litigation expenses, Certified Class members as well as Mar Jac and Harrison Poultry Settlement Class members who have not excluded themselves may also object to this request. The Court will consider your views. The detailed notice, available on www.broilerchickenantitrustlitigation.com, explains how to object. The Court will hold a hearing in this case (*In re Broiler Chicken Antitrust Litigation*, Case No. 16-cv-08637) on _____, 2023, at _____.m. Central, to consider whether to approve the New Settlements. You may ask to speak at the hearing, but you don't have to.

**This notice is only a summary. You can find more details about the Settlement at www.broilerchickenantitrustlitigation.com or by calling toll-free 1-866-552-1178. Please do not contact the Court.**

# EXHIBIT C

