UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*L. Hart, Inc., R & D Marketing, LLC, Timber Lake Foods, Inc.; and EMA Foods Co., LLC; v. Pilgrim's Pride Corporation, et al.*, Case No. 1: 20-cv-06347<br><br>*Red Bird Farms Distribution Company v. Pilgrim's Pride Corporation, et al.*, Case No. 1: 21-cv-00261 | Master Case No: 1:16-cv-08637<br><br>Judge Thomas Durkin<br><br>Magistrate Judge Jeffrey T. Gilbert |

**CERTAIN DIRECT ACTION PLAINTIFFS'
NOTICE AND MOTION TO APPROVE OPT-OUT AND,
IN THE ALTERNATIVE, FOR EXTENSION OF TIME**

Certain Direct Action Plaintiffs ("Certain DAPs")[1] respectfully submit this notice and motion to approve opt-out status, or, in the alternative motion for an extension of the time to exclude themselves from the certified Direct Purchaser Plaintiffs' ("DPPs") class.

The Court should grant Certain DAPs opt-out status or permit Certain DAPs an extension of time to exclude themselves from the DPP class for the following reasons. First, Certain DAPs have been prosecuting this case as opt-out Direct Action Plaintiffs since 2020. They have opted out of four class settlements and are currently Track 2 DAPs that will be able to proceed independently to trial against three of the settled class defendants. Second, Certain DAPs did not in any way cause the failure to submit a timely opt-out notice, and this error constitutes excusable neglect on the part of counsel. As explained below and in the declaration filed herewith,

---

[1] For the purposes of this filing, Certain DAPs refers to: L. Hart, Inc.; R & D Marketing, LLC; Timber Lake Foods, Inc.; EMA Foods Co., LLC; and Red Bird Farms Distribution Company.

undersigned counsel failed to docket properly and comply with the exclusion deadline. Counsel has diligently litigated this case over the last two and a half years, complying with all deadlines except this one, and apologizes to the Court for this error. Third, Defendants will not be prejudiced by the short delay in formal exclusion of Certain DAPs. Defendants have had full and fair discovery of Certain DAPs as opt-out plaintiffs throughout this litigation. Finally, the Court's approval of Certain DAPs' status as opt-out plaintiffs does not impact the Court's rulings since the opt-out deadline, nor will it impact the Track 1 cases proceeding to trial.

## BACKGROUND

Certain DAPs filed claims as opt-out Direct Action Plaintiffs in October 2020 and January 2021 and have proceeded as opt-out claimants ever since. They have participated in discovery and motion practice; have formally requested and been granted exclusions from the DPP class settlements for which they were eligible; have invested in the preparation of expert reports with other DAP opt-out plaintiffs; and have requested to proceed as Track 2 plaintiffs. In November 2021, Certain DAPs further confirmed their status as opt-out plaintiffs when they elected to proceed as Track 2 DAPs, indicating their rejection of the DPPs' election to proceed in Track 1. Decl. ¶ 20-21. On January 12, 2022, the Court granted Certain DAPs' stipulations of dismissal as to claims against Pilgrim's Pride Corporation ("Pilgrim's") which specifically noted that the dismissal would have no bearing on claims against Defendants other than Pilgrim's. Dkts. 5346 and 5347.

On May 27, 2022, the Court granted class certification and approved the DPPs' Notice of Contested Class Certification on January 4, 2023. Dkts. 5644 and 6195. The notice plan provided

2

class members the right to be excluded from the DPP class as to the Non-Settling Defendants[2] by mailing a request for exclusion no later than sixty (60) days after the Notice Date. Dkt. 6195, ¶ 7. That exclusion deadline expired on April 4, 2023. Although Certain DAPs did not mail a request for exclusion, they have consistently maintained their intent to opt out since filing their own separate claims in this matter.

Certain DAPs previously and repeatedly exercised their opt-out rights in connection with the DPP Class settlements with Pilgrim's, Tyson, Harrison, and Mar-Jac. Decl. ¶ 15. Except for the claims against Pilgrim's, those claims remain at issue for trial with Certain DAPs as a member of the Track 2 schedule. Certain DAPs' participation in this action as opt-out plaintiffs and the absence of prejudice to the Remaining Defendants justify an order confirming Certain DAPs' status as opt-out plaintiffs or extending the deadline to opt out of the DPP certified class.

## ARGUMENT

### A. The Court Should Grant Certain DAPs' Request for Opt Out Status

To avoid situations where parties might seek an advantage by delaying their choice of whether to opt out of a certified class, courts generally require class members to provide notice of exclusion, but may permit opt out where such concerns are minimal. Absent compliance with exclusion notice requirements, courts may further consider whether a party's actions reasonably indicate a desire to opt out. "A number of [] courts"—including this one—"have adopted this

---

[2] "Non-settling Defendants" or "Remaining Defendants" refers to Koch Foods, Inc.; JCG Foods of Alabama, LLC; JCG Foods of Georgia, LLC; Koch Meat Co., Inc.; Perdue Farms, Inc.; Perdue Foods LLC; Sanderson Farms, Inc.; Sanderson Farms, Inc. (Foods Division); Sanderson Farms, Inc. (Production Division); Sanderson Farms, Inc. (Processing Division); Wayne Farms, LLC; Mountaire Farms, Inc.; Mountaire Farms, LLC; Mountaire Farms of Delaware, Inc.; Foster Farms, LLC; Foster Poultry Farms; House of Raeford Farms, Inc.; Simmons Foods, Inc.; Simmons Prepared Foods, Inc.; O.K. Foods, Inc.; O.K. Farms, Inc.; O.K. Industries, Inc.; Norman W. Fries, Inc. d/b/a Claxton Poultry Farms; Case Foods, Inc.; Case Farms, LLC; Case Farms Processing, Inc.; Agri Stats, Inc.

preference for 'considerable flexibility' and thus require only a 'reasonable indication' of a desire to opt out." *In re Brand Name Prescription Drugs Antitrust Litig.*, 171 F.R.D. 213, 215 (N.D. Ill. 1997) (citing *Plummer v. Chem. Bank*, 668 F.2d 654, 657 n.2 (2d Cir. 1982); *Council on Soc. Work Educ., Inc. v. Tex. Instruments Inc.*, 105 F.R.D. 68, 71 (N.D. Tex. 1985)); *see also In re Four Seasons Sec. Laws Litig.*, 492 F.2d 1288, 1290 (10th Cir. 1974) (where plaintiff intended to opt out and defendants were on notice of the charges against them, plaintiff's failure to opt out of the DPP class did not bar claims).

In *Brand Name Prescription Drugs*, the plaintiff inadvertently sent its request for exclusion to the incorrect address and was not included in the list of excluded class members. *Id*. at 214. Although the error went unnoticed for well over a year, the plaintiff promptly sought exclusion from the certified class after discovering it had not opted out properly. *Id.* at 214-215. This Court reviewed the circumstances, asking "the question of whether [the plaintiff's] actions were sufficient to signify an intention to opt out" notwithstanding the late notice. *Id*. at 216. It found that "[t]he clearest evidence of [the plaintiff's] desire to pursue its own litigation against the defendants [was] the filing of [a separate lawsuit] against the same 23 defendants" in the class action. *Id.* at 216. The filings were "not merely evidence in hindsight; the defendants against whom [the separate] complaint was filed (just three weeks after the opt-out deadline) can certainly be said to have received some notice of [the plaintiff's] intent." *Id*. The Court further found no evidence of an intent to await adjudication nor a danger of the plaintiff "benefitting in such a way." *Id*. Accordingly, it granted the motion to confirm plaintiff's status as an opt-out plaintiff. *Id*.

In this case, like in *Brand Name Prescription Drugs*, Certain DAPs have consistently manifested their intent to pursue this litigation separately and to remain as opt-out direct action plaintiffs. Certain DAPs filed their initial opt-out complaints in October 2020 and January 2021.

4

Certain DAPs were also signatories to the opt-out DAPs' Consolidated and Amended Consolidated Complaint and the Track 2 Second Amended Consolidated Complaint filed January 2021 and February 2022, respectively. Decl. ¶¶ 7, 23. Thereafter, Defendants have engaged with Certain DAPs not as DPPs, but rather as opt-out DAPs. Defendants have propounded extensive individual discovery requests with respect to Certain DAPs. Counsel for Certain DAPs engaged with representative Defendants' counsel over several months to negotiate search terms, collect and produce documents, answer interrogatories, answer requests to admit. *Id.* ¶¶ 8-9. Defendants took separate 30(b)(6) depositions of each Certain DAP. *Id.* ¶ 10. Defendants have not contested the adequacy of Certain DAPs discovery responses. *Id.* ¶ 11. Certain DAPs engaged with Defendant's counsel in seeking discovery and prepared the motion to compel relating to the Judgment Sharing Agreement. *Id.* ¶ 13.[3]

Certain DAPs recognize that this Court has previously rejected a request for exclusion finding that the cited litigation conduct lacked a sufficient "reasonable indication" of intent to opt out. *In re Broiler Chicken Antitrust Litig.*, No. 16 C 8637, 2019 U.S. Dist. LEXIS 211397, at *44-45 (N.D. Ill. Dec. 9, 2019). In that case and the cases cited therein, however, the issue related to participation in a settlement – not exclusion from a class certification order. *Id.* at 47.[4] In contrast, the issue here relates to class certification, the case has proceeded along distinct tracks for DPPs (Track 1) and Certain DAPs (on Track 2). In addition, Defendants have acknowledged Certain

---

[3] Certain DAPs also contested the enforceability of the JSA – an issue DPPs declined to pursue – and which remained pending before the Seventh Circuit Court of Appeals until June 23, 2023. Decl. ¶ 14

[4] Both *In re Broiler*, (*id.* at *40) and *In re VMS Sec. Litig.*, Case No. 89 C 9448, 1992 U.S. Dist. LEXIS 12141, at *1 (N.D. Ill. Aug. 11, 1992) also related to a final judgment on settlements – something that is not at issue here.

DAPs active claims; Certain DAPs actions both before and after the class certification show their intent to opt out; and Certain DAPs, by this motion, seek to give notice and confirm their intent.

Unlike Winn-Dixie's attempt to obtain retroactive exclusion from a *settlement granted final approval*, Certain DAPs seek by this motion to confirm its intent to opt out of *class certification* without prejudice to any existing judgment.[5] The Court granted class certification in May of 2022. Dkt. 5644. The DPPs did not move for notice of class certification for the purpose of exclusions until December 2021 (Dkt. 6177), which the Court granted in January 2022 (Dkt. 6195). This time-period did not require a formal notice of exclusion and did no prejudice to any party despite many developments in the case.[6] Similarly, despite the continued developments in the case to date, Certain DAPs' conduct showing an intent to opt out, and the limited delay since the exclusion period ended, warrant granting their request to opt out of the class,

Certain DAPs maintained a consistent position by excluding themselves from the DPP Class Settlements with Defendants Pilgrims, Tyson, Harrison, and Mar-Jac. Decl. ¶ 15. Long after the Court gave final approval to the Pilgrim's settlement in June of 2021 (Dkt. 4789), Certain DAPs separately stipulated to the dismissal of their claims against Pilgrim's. *Id.* ¶ 16. In addition, they have retained and invested in two experts as part of a group of DAPs and informed Defendants of that retention in preparation for expert disclosures separate from DPPs. *Id.* ¶¶ 17-18.

---

[5] The only decisions of the Court arguably impacted by allowing Certain DAPs to opt out relates to its Summary Judgment Order and preliminary approval of DPPs settlement with Simmons. For the reasons set forth in Section B, granting Certain DAPs exclusion will not impact these orders or cause prejudice.

[6] In part, because of the import of settlement compared to class certification, Rule 23 grants discretion to permit exclusion from a settlement notwithstanding an earlier class certification exclusion period. *See* Advisory Committee Notes to 2003 Amendment regarding Rule 23(e)(3) [now 23(e)(4)].

Unlike the DPPs, Certain DAPs elected to proceed in this case on Track 2. Decl. ¶¶ 20-21. Certain DAPs' election to proceed on Track 2 reflects a materially different assessment of the case, strategy, and costs and benefits. That election substantially modified the scope of the claims at issue. *Inter alia,* the Court stayed bid-rigging discovery for Track 2 and limited the scope of the claims for trial in Track 1. *See* Dkt. 5523. Certain DAPs accepted the coincident delay in proceeding on its claims.

Certain DAPs, filed along with the other Track 2 DAPs, a Second Amended Consolidated Complaint (Dkt. 5456), the subject of several motions to dismiss which remain pending (*see, e.g.,* Dkt. 6641 at 88). In response to the motions to dismiss, and *after* the Court's order certifying the class, Certain DAPs filed their opposition to those motions, further confirming their intent to opt-out. Decl. ¶ 24.

As recently as May 25, 2023—after the exclusion deadline—Certain DAPs confirmed their intent to remain excluded from the class by confirming its "active claims." Decl. ¶ 27. On May 30, 2023, Defendants circulated a spreadsheet confirming their understanding that Certain DAPs' active claims included all Remaining Defendants, as well as *the settled Class Defendants* Tyson, Harrison, and Mar-Jac. *Id.*

Certain DAPs, from the filing of their complaint, have made clear that they are pursuing their claims as opt-out plaintiffs. Defendants and Certain DAPs have litigated the case over the last several years accordingly. Moreover, there is no concern about Certain DAPs having awaited adjudication of the class claims. The Track 1 trial has not yet occurred and Certain DAPs have opted out of all eligible Class Settlements to date. Thus, the Court should grant Certain DAPs notice and motion to approve their status as opt-out plaintiffs.

### B. The Court Should Permit Extension of the Exclusion Deadline

In the alternative, the Court should permit an extension of the exclusion deadline In exercising their discretion to permit opt-out exclusion, courts generally apply Federal Rule 6(b) to motions for an extension to opt out of a class. *See Brand Name Prescription Drugs*, 171 F.R.D. at 216. Rule 6(b)(1) provides that courts may grant an extension of time "on motion after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The "excusable neglect" standard considers the totality of circumstances, including the "danger of prejudice to other parties, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *Brand Name Prescription Drugs*, 171 F.R.D at 216 (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Courts considering whether to accept a late exclusion form should examine the circumstances and are encouraged "not to ignore equitable considerations in favor of 'rigid and unquestioned adherence' to such deadlines." *In re Imprelis Herbicide Mktg., Sales Practices & Prods. Liab. Litig.*, No. MDL No. 2884, 2014 U.S. Dist. LEXIS 13050, at *7 (E.D. Pa. Jan. 30, 2014) (quoting *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 316 (3d Cir. 2001)).

In the *Brand Name Prescription Drugs* case, for example, the court found excusable neglect notwithstanding the plaintiff's almost certain negligence. 171 F.R.D. at 216. The court found the relevant factors split with (1) danger of prejudice plausible but minor; (2) delay significant but impact on proceedings minor; (3) cause of delay negligence but due in part to unclear notice; and (4) good faith. *Id.* As discussed below, an analysis of these factors in this case favor granting an extension to Certain DAPs because there is no prejudice to Defendants, the short delay has had no impact on the proceedings, and the error was a mistake made despite efforts to diligently review and track deadlines, with Certain DAPs' counsel acting in good faith.

1. *Defendants are not prejudiced*

Defendants cannot claim any detrimental reliance or prejudice resulting from Certain DAPs' exclusion from the class. As discussed above, Defendants since the outset of this litigation have engaged with Certain DAPs as opt-out plaintiffs. Defendants have had a full and fair opportunity to conduct individual discovery of Certain DAPs. Finally, Defendants have acknowledged Certain DAPs continuing active claims.

There has been one preliminary class settlement after the exclusion deadline: Defendants Simmons Foods, Inc. and Simmons Prepared Foods, Inc. (collectively, "Simmons"). But Certain DAPs' exclusion will not cause any plausible prejudice because DPPs' motion for preliminary approval of its settlement with Simmons acknowledges the Court's discretion to afford an opportunity for exclusion after class certification. Dkt. 6596 at 10-11. DPPs argue against providing a post-certification opportunity for opt out, based on a case emphasizing the risk of defeating some settlements or creating a new opportunity to "woo class members away from the settlement."[7] No such risks exist here. Certain DAPs are not absent class members. Rather, they are active litigants. It is notable that in their May 20, 2023, spreadsheet, Defendants indicated their understanding that Certain DAPs retained active claims against Simmons. Decl. ¶ 27. Certain DAPs do not question the Court's determination regarding the necessity of a second opt-out notice procedure (Dkt. 6615, ¶ 6), but Simmons can be presumed to have known of this possibility before its settlement.[8] Further, there are no grounds to surmise that the Simmons settlement is placed at risk due to the exclusion of Certain DAPs. Finally, although the Court granted preliminary approval of the Simmons settlement on

---

[7] *See In re Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Pracs. & Prod. Liab. Litig.*, No. 1:15-md-2627, 2022 WL 2128630, *6 n.9 (E.D. Va. 2022)), cited at Dkt. 6596 at 11.

[8] *See* Fed. R. Civ. Proc. 23(e)(4) ("the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.")

June 12, 2023, final approval remains months away. Dkt. 6615 at 4 (scheduling Final Settlement Fairness Hearing for Dec. 12, 2023).

Certain DAPs' claim value, while substantial, is a relatively small fraction of DPPs' claims. Decl. ¶ 19. Given other much more substantial uncertainties relating to settlement, the relatively small value of Certain DAPs claims compared to class claims did not prejudice Defendant Simmons in settlement negotiations with the DPPs.

Except for Simmons, no other DPPs settled with any other Defendants subsequent to the class certification exclusion deadline. Accordingly, there is no basis for DPPs nor Defendants to assert they detrimentally relied on Certain DAPs being members of the Class. In addition, because of Certain DAPs' clear intent to remain excluded from the class, DPPs have not amended their expert report to add and protect Certain DAPs' interests as a class member.

2. *Delay does not impact proceedings*

Following the expiration of the class certification deadline, the Court proceedings have focused on issues relating to Track 1 motions for summary judgment, Track 1 discovery relating to authenticity, and preparation for trial. While the DPPs are part of Track 1, the continued exclusion of Certain DAPs, who are Track 2 plaintiffs, has no plausible impact on these proceedings. Certain DAPs opting out of the class will not have any effect on the Court's recent summary judgment ruling. As set forth below, Certain DAPs will adjust its claims in view of the ruling. Nor will exclusion of Certain DAPs undo the Simmons settlement (which, in any event, remains months away from final approval).

3. *Certain DAPs' failure to file a formal request for exclusion was due to mistake notwithstanding diligent efforts to track all deadlines*

On January 4, 2023, the Court's class certification Notice Order set forth deadlines in terms of durations and the accompanying Long Form Notice had left the deadline date blank. Dkt. 6195

at 3, ¶ 7; *id.* at 9 ¶ 10. Despite diligent and daily tracking of the Court's orders for relevant deadlines, the Notice Order's differences from prior preliminary approval orders, while not unreasonable, made it more difficult to identify the deadline for exclusion. Decl. ¶ 26. Certain DAPs' counsel should have flagged the Notice Order for closer review, which would have identified the relevant deadline. Counsel does not contest the adequacy of the Court's Notice Order or notice process, and acknowledges that through his own mistake, a formal written request for exclusion from the certified class was not timely submitted. Decl. ¶ 26. With that omission, Certain DAPs did not intend to change course in its litigation position or preserve any potential advantage by waiting to see the outcome of any particular DPP class claim. *Id.*

This Court's prior rejection of Winn-Dixie's request for a finding of excusable neglect relied in part on Winn-Dixie's inaction and delay over six months after final judgment. *In re Broiler Chicken Antitrust Litig.*, No. 16 C 8637, 2019 U.S. Dist. LEXIS 211397, at *47 (N.D. Ill. Dec. 9, 2019). No such similar circumstance exists here. The delay in this case is approximately three months from the opt-out deadline, and one month from the preliminary approval of the Simmons' settlement. Upon recognition of its lapse, Certain DAPs have taken prompt action before any material prejudice and well before any final judgments have been rendered.

4. *Certain DAPs have demonstrated good faith*

Certain DAPs' good faith is demonstrated by their consistent position throughout the litigation and because they seek no advantage in requesting exclusion. On November 12, 2021, Certain DAPs elected to proceed in Track 2, with the intent of proceeding separately from the DPP class. Decl. ¶¶ 20-21. This election necessarily delayed and continues to delay the resolution of Certain DAPs' claims because the Court stayed bid-rigging discovery. Decl. ¶ 22. In addition, Certain DAPs carefully reviewed and elected certain counts in the Track 2 DAPs and coordinated

11

with other Track 2 DAPs in the preparation and identification of applicable arguments in opposition to Defendants' motions to dismiss. Decl. ¶¶ 23-24.

Although Certain DAPs' claims remain distinct from those pursued by the DPP class, the Court, in its ruling on motions for summary judgment, has requested Track 2 parties to give further consideration of the claims at issue in the motions to dismiss. Dkt. 6641 at 88. Certain DAPs have done so and will file separately to provide notice that they will not proceed with opt-out claims against Defendants relating to Count II (Georgia Dock) nor against the Defendants to whom the Court granted summary judgment. Accordingly, no particular advantage can be gleaned from Certain DAPs' continued pursuit of its claims as an opt-out plaintiff.

## **CONCLUSION**

Based on the foregoing, Certain DAPs respectfully request that the Court grant the motion and enter an order approving Certain DAPs opt out from the DPP class, or in the alternative, grant an extension of time to permit Certain DAPs to exercise its right to opt out of the DPP class.

Dated: July 12, 2023 	Respectfully submitted,

/s/ *Paul J. Ripp*
Paul J. Ripp
WILLIAMS BARBER & MOREL LTD.
233 S. Wacker Drive, Suite 6800
Chicago, IL 60606
Tel.: (312) 443-3205
Fax: (312) 630-8500
Email: pjr@williamsbarbermorel.com

Michael Gratz, Jr. (*pro hac vice*)
GRATZ & GRATZ, P.A.
312 N. Green Street
Tupelo, MS 38804
Tel.: (662) 844-5531
Fax: (662) 844-8747
Email: michael@gratzandigatz.com

*Counsel for Plaintiffs L. Hart, Inc.; R & D Marketing, LLC; Timber Lake Foods, Inc.; EMA Foods Co., LLC; and Red Bird Farms Distribution Company*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on July 12, 2023, I served a copy of the foregoing Certain Direct Action Plaintiffs' Notice and Motion for Approval of Opt-Out Status and, in the Alternative for Extension of Time to all counsel of record by filing using the Court's CM/ECF system.

                                          /s/ *Paul J. Ripp*
                                                Paul J. Ripp
                                                *Counsel for L. Hart, Inc.; R & D Marketing, LLC,*
                                                *Timber Lake Foods, Inc., EMA Foods Co., LLC; and*
                                                *Red Bird Farms Distribution Company*