IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*L. Hart, Inc., R & D Marketing, LLC, Timber Lake Foods, Inc.; and EMA Foods Co., LLC; v. Pilgrim's Pride Corporation, et al.*, Case No. 1: 20-cv-06347<br><br>*Red Bird Farms Distribution Company v. Pilgrim's Pride Corporation, et al.*, Case No. 1: 21-cv-00261 | Master Case No: 1:16-cv-08637<br><br>Judge Thomas Durkin<br><br>Magistrate Judge Jeffrey T. Gilbert |

## DECLARATION OF PAUL RIPP IN SUPPORT OF CERTAIN DIRECT ACTION PLAINTIFFS' NOTICE AND MOTION TO APPROVE OPT-OUT AND, IN THE ALTERNATIVE, FOR EXTENSION OF TIME

I, Paul Ripp, depose and state that I am over the age of 21, have personal knowledge of the matters set forth below, unless otherwise indicated, and if called as a witness under oath, would testify truthfully and competently as follows:

1. I am an attorney representing Direct Action Plaintiffs L. Hart, Inc., R & D Marketing, LLC, Timber Lake Foods, Inc., EMA Foods Co., LLC, (collectively, the "L. Hart DAPs") and Red Bird Farms Distribution Company ("Red Bird Farms") in this action. The L. Hart DAPs and Red Bird Farms, are referred to collectively as "Certain DAPs."

2. I submit this Declaration in support of the concurrently filed Certain DAPs' Notice and Motion to Approve Opt-Out and, in the Alternative, for Extension of Time.

*Commencement and Reassignment of Certain DAPs' Actions*

3. On October 26, 2020, The L. Hart DAPs filed a two-count Complaint alleging that Defendants engaged in an unlawful contract, combination, or conspiracy that unreasonably restrained trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. Case No. 20-cv-6347, Dkt. 1. On October 28, 2020, the Court granted the L. Hart DAPs' motion to reassign the case based on relatedness and the Executive Committee Reassigned the case to *In re Broiler Chicken Antitrust Litigation*. Case No. 16-cv-8637, Dkt. 3949; Case No. 20-cv-6347, Dkt. 6.[1]

4. On January 15, 2021, Red Bird Farms filed a two count Complaint joining Direct Action Plaintiffs' Consolidated Complaint alleging that Defendants engaged in an unlawful contract, combination, or conspiracy that unreasonably restrained trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. Case No. 21-cv-0261, Dkt. 1. On January 19, 2021, the Court granted Red Bird Farms's motion to reassign the case based on relatedness and instructed the Clerk's Office to add the case to *In re Broiler Chicken Antitrust Litigation*. Dkt. 4184.

5. Certain DAPs excluded from their claims the Defendants that had settled prior to the filing of the complaints: Fieldale Farms Corporation ("Fieldale"), Peco Foods, Inc. ("Peco"), George's, Inc. and George's Farms, Inc. ("George's"), and Amick Farms, LLC ("Amick"). These defendants were excluded from Certain DAPs claims because the time for exclusion from these claims had passed, and Certain DAPs had not considered whether to opt out prior to the exclusion deadline for those defendants. Certain DAPs, by filing their complaints, affirmed their intent to preserve and pursue their claims against the remaining defendants as plaintiffs separate from the DPP class.

---

[1] Unless otherwise noted, docket references are to *In re Broiler Chicken Antitrust Litigation*. Case No. 16-cv-8637.

6. By filing the foregoing complaints and participating in this litigation as further described below, Certain DAPs intended and continue to intend to pursue their claims as Direct Action Plaintiffs and to exclude themselves from the class.

7. On January 29, 2021, Certain DAPs and other DAPs filed the Direct Action Plaintiffs' Amended Consolidated Complaint and Demand for Jury Trial.

***Certain DAPs Discovery***

8. Shortly after the filing of the L. Hart Complaint, Defendants, with Shook Hardy & Bacon L.L.P. acting as Defendants' representative, served discovery on the L. Hart DAPs on November 4, 2020. Similarly, Defendants, with Winston & Strawn LLP acting as Defendants' representative, served discovery requests on Red Bird Farms on February 4, 2021. Defendants and Certain DAPs engaged in numerous discussions and exchanges of proposals to address the scope of discovery and the use of ESI search terms.

9. In response to written discovery, each of the Certain DAPs provided initial disclosures, undertook substantial searches of its records to produce thousands of pages of documents to Defendants, and answered interrogatories.

10. Each of the Certain DAPs also prepared and presented 30(b)(6) witnesses with depositions taking place on June 8, 2021 (L. Hart, Inc.), June 18, 2021 (Timber Lake Foods, Inc.) August 12, 2021 (R & D Marketing, LLC and EMA Foods Co., LLC) September 21, 2021 (Red Bird Farms).

11. Following Certain DAPs responses to written discovery and presentation of 30(b)(6) witnesses, Defendants have not taken action to contest the adequacy of Certain DAPs individual responses to discovery or their presentations of witnesses.

12. Counsel for Certain DAPs have monitored and reviewed expert reports, depositions, document productions, and discovery responses since joining this case.

13. Defendants Pilgrim's Pride Corp. ("Pilgrim's") and Tyson Foods, Inc., Tyson Chicken, Inc., Tyson Breeders, Inc., and Tyson Poultry, Inc. (collectively, "Tyson") settlements with Direct Purchaser Plaintiffs ("DPPs") and the hearing on those settlements revealed the existence of a Judgment Sharing Agreement ("JSA"). Dkt. No. 4259-1 at 8-35 (the "Pilgrim's Settlement"), ¶ 38; Dkt. No. 4259-1 at 36-65 (the "Tyson Settlement"), ¶ 40. As counsel for Certain DAPs, I took a lead role in pursuing discovery of the JSA which ultimately led to the preparation and filing of a motion to compel Defendants to produce the JSA. Dkt. 4768. The Motion to Compel was subsequently denied as moot because the Defendants responded to the motion by producing the requested document. Dkt. 5289.

14. Certain DAPs subsequently joined in the preparation and filing of a motion to preclude enforcement of the JSA and the subsequent appeal of the denial of that motion. Dkt. 5163, 5578; 7th Cir. Case 22-1994. The Seventh Circuit only recently dismissed the appeal for lack of jurisdiction on June 23, 2023. 7th Cir. Case 22-1994, Dkt. 53.

***Exclusions from Settlements***

15. Certain DAPs have excluded themselves from the DPP class settlements of Defendants' Pilgrim's, Tyson, Harrison and Mar-Jac.[2]

---

[2] June 15, 2021, Pilgrim's Pride Corp. Exclusion List (Dkt. 4746-2 at 13, 14); June 15, 2021, Tyson Foods, Inc. Tyson Chicken, Inc. Tyson Breeders, Inc. and Tyson Poultry, Inc. (collectively, "Tyson") Exclusion List (Dkt. 4746-2 at 18, 19); Jan. 11, 2022, Mar-Jac Poultry, Inc., Mar-Jac Poultry MS, LLC, Mar-Jac Poultry AL, LLC, Mar-Jac AL/MS, Inc., Mar-Jac Poultry, LLC and Mar-Jac Holdings, Inc. (collectively, "Mar-Jac.") Exclusion List (Dkt. 5342-3 at 14); Jan. 11, 2022, Harrison Poultry, Inc. ("Harrison") Exclusion List (Dkt. 5342-4 at 13).

16. On January 12, 2022, long after its exclusion from the DPP class settlement with Pilgrim's, the Court granted Certain DAPs' separately stipulated dismissals of Pilgrim's from suit. Dkt. 5346, 5347.

***Expert Discovery***

17. Certain DAPs have retained and invested in two experts as part of a group of DAPs. Dkt. 4994. Certain DAPs' counsel and their retained experts have performed substantial analysis of each of Certain DAPs' claims and damages.

18. Defendants are informed of Certain DAPs retention of two experts along with several other groups of DAPs – separate from the class – by a disclosure to Defendants' liaison counsel dated August 19, 2021, pursuant to the Court's Scheduling Order No. 16. Dkt. 4748.

19. Certain DAPs' collective purchases of broiler chickens have been estimated in the range of $1.2 billion. The damage claim for these purchases will likely exceed $100 million, but is a fraction of the reported damages for DPPs ($8.6 billion). Dkt. 6442, Reply In Support Of Defendants' Motion To Exclude Direct Purchaser Plaintiffs' Expert Dr. Colin A. Carter, at 1.

***Election to proceed on Track 2***

20. Certain DAPs joined in the request for reconsideration that led to the Court's October 15, 2021, Order that vacated its earlier bifurcation order. Dkt. 5128. The Court's Order stated that "[a]ny party that wishes to proceed to trial on the supply reduction and Georgia Dock conspiracies without discovery into bid rigging claims should file a stipulation to that effect by November 12, 2021." *Id.* DPPs elected to proceed to trial on Track 1. Dkt. 5151. After due consideration, Certain DAPs elected to proceed with the consolidated case, including discovery of bid-rigging, and did not file the stipulation specified by the Court.

21. On December 3, 2021, Defendants and Certain DAPs filed a Joint Status Report Regarding Discovery Schedule for Track 2. Dkt. 5241. As noted in this filing, "'Track 2 Plaintiffs'

5

refers to all Plaintiffs who did <u>not</u> file with the Court a stipulation electing to proceed on Track I." *Id.* at 1, n.1 (emphasis in original).

22. In connection with the creation of Track 2, the Court stayed discovery with respect to bid rigging. Dkt. 5523, citing Dkt. 5128, 5322 at 12 *et seq*.

23. Certain DAPs along with other DAPs filed the February 28, 2022, Track 2 Direct Action Plaintiffs' Second Amended Consolidated Complaint And Demand For Jury Trial. Dkt. 5456. In connection with that filing, Certain DAPs reviewed the allegations and coordinated with other DAPs to join in the amended complaint with respect to Counts 1, 2, 3, 5, and 6, which include claims directed at bid-rigging.

24. Certain DAPs carefully evaluated the arguments in opposition to the motions to dismiss, and on August 25, 2022, in coordination with other DAPs, filed their opposition to Defendants' Motions to Dismiss the Track 2 Second Amended Complaint. Dkt. 5783. With this filing, Certain DAPs intended to continue to demonstrate their intent to opt out – after the Court had certified the class on May 27, 2022. Dkt. 5644.

25. Defendants' Motions to Dismiss the Track 2 Complaint remain pending and the associated stay of bid-rigging discovery remains in effect. *See* Dkt. 5523.

***Request for Exclusion***

26. As counsel for Certain DAPs, I acknowledge that adequacy of the process for legal notice of class certification approved by the Court. Although we endeavored to stay apprised of the relevant deadlines, I did not flag the Court's Notice Order (Dkt. 6195) regarding exclusion from the class. Our process for identifying critical dates included daily review of court orders and other case related communications and calendaring of relevant deadlines. Prior to the class certification notice order, we had consistently identified and calendared class settlement exclusion deadlines through this daily monitoring and review of the Court's preliminary approval orders.

Without questioning the adequacy of the Court's Notice Order or the notice process, the Order and Long Form Notice accompanying the class certification notice order did not set forth dates as had been done in earlier settlement notice orders. Dkt. 6195, at 3, ¶ 7; *id* at 9, ¶ 10. Compare Dkt. 4341 at 4, ¶ 7; *id.* at 8-9, ¶ 15. In addition, I did not recognize an email regarding the deadline which came from what looked like a generic account "Notice Administrator." I should have further reviewed the relevant materials and anticipated and identified the applicable deadline but did not. As a result, I did not mail a request for exclusion. Notwithstanding that omission, Certain DAPs continue to intend to proceed with the claims of Certain DAPs separate and apart from the class.

***Defendant's Acknowledgment of Certain DAPs Active Claims***

27.  At the May 5, 2023, hearing on summary judgment, the Court requested the parties provide the court clerk with a listing showing "who's still got viable claims." Hr'g Tr. at 138-139. The parties subsequently exchanged a spreadsheet listing active claims. On May 25, 2023, I confirmed the status of active claims of the Certain DAPs represented by Williams Barber & Morel Ltd. In a May 30, 2023, email, following Defendant's edits, the spreadsheet reflected that Certain DAPs active claims remained against Defendants listed as: Agri Stats, Case, Claxton, Foster Farms, Harrison, House of Raeford, Keystone, Koch, Mar Jac, Mountaire, OK Foods, Perdue, Sanderson, Simmons, Tyson, and Wayne.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of July, 2023.

By: /s/ *Paul J. Ripp*
　　　　Paul J. Ripp

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on July 12, 2023, I served a copy of the foregoing Declaration of Paul Ripp in Support of Certain Direct Action Plaintiffs' Motion for Notice and Motion to Approve Opt Out and, in the Alternative, for Extension of Time to all counsel of record by filing using the Court's CM/ECF system.

                                            */s/ Paul J. Ripp*
                                            Paul J. Ripp
                                            *Counsel for L. Hart, Inc.; R & D Marketing, LLC, Timber Lake Foods, Inc., EMA Foods Co., LLC; and Red Bird Farms Distribution Company*