**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>THE DIRECT PURCHASER PLAINTIFF CLASS ACTION | Case No.: 1:16-cv-08637<br><br>The Honorable Thomas M. Durkin |

**DIRECT PURCHASER PLAINTIFFS' RESPONSE TO
CERTAIN DIRECT ACTION PLAINTIFFS' MOTION TO APPROVE OPT-OUT AND,
IN THE ALTERNATIVE, FOR EXTENSION OF TIME**

Direct action plaintiffs L. Hart, Inc.; R & D Marketing, LLC; Timber Lake Foods, Inc.; EMA Foods Co., LLC; and Red Bird Farms Distribution Company ("Certain DAPs") filed a motion (ECF No. 6655, "Motion") after it missed the April 4, 2023 deadline to opt out of the Direct Purchaser Plaintiff Certified Class, only realizing the error over three months later after another direct action plaintiff, Services Group of America, Inc., filed a similar motion. Both of these motions come well after the deadline, after DPPs filed a Report on Requests for Exclusion on April 18, 2023 (ECF No. 6515) and a supplement thereto on May 4, 2023 (ECF No. 6540), and after a significant settlement between Direct Purchaser Plaintiffs and the Simmons Defendants (*see* ECF No. 6595).[1]

As directed by the Court, DPPs and the Claims Administrator, A.B. Data, Ltd., carried out the notice of contested class certification, including the deadline to request exclusion from the

---

[1] Unlike SGA (*see* ECF No. 6638 at 2 n.1), the Certain DAPs state in their papers that they do not want to remain in the Simmons Settlement. *See* Motion at 9.

Certified Class by April 4, 2023.[2] *See* Order Approving Notice of Contested Class Certification, ECF No. 6195; *see also* Declaration of Eric Schachter Regarding: (A) Mailing of the Notice Packet; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion, ECF No. 6515. Ultimately, it is within the Court's authority and discretion to decide to waive the deadline, as it considers the circumstances of any particular post-deadline request; this is especially true in instances where a post-deadline opt-out request is opposed by another party with standing (Defendants represented to the Court that they intend to oppose the Motion during the hearing held on July 18, 2023).

In these circumstances, DPPs take no position on Certain DAPs' Motion because Certain DAPs' status as Class members (or not) will not prejudice other Class members at this time. However, as DPPs and other parties prepare for trial, which is set for September 12, 2023, it is imperative that the DPP Certified Class be finalized. Thus, DPPs reserve the right to oppose any additional motions seeking belated opt-outs from the DPP Certified Class.

Although DPPs take no position on the Motion, it is important to clarify the record regarding certain statements made in the Motion. First, Certain DAPs did not inform DPPs of their desire to opt out of the Certified Class, nor did they inform DPPs of their intent to file the Motion. Second, Certain DAPs represent that they have "repeatedly exercised their opt-out rights in connection with the DPP Class settlements" (Motion at 2), but have only opted out of 4 of the 9 DPP settlements to date.[3] Third, Certain DAPs imply that DPPs delayed by sending class notice in December 2022 following the May 2022 ruling (Motion at 6), however they fail to mention the

---

[2] Certain DAPs do not contest the adequacy of the notice or the process. *See* Declaration of Paul Ripp in support of Certain DAPs' Motion, ECF No. 6655-1 at ¶ 26.

[3] Certain DAPs did not opt out of the earlier settlements with Defendants Fieldale, Peco, George's, Amick, and now Simmons.

three month Rule 23(f) appeal to the Seventh Circuit (which was ultimately denied on July 18, 2023, Case No. 22-8007, ECF No. 25), and the time it takes to prepare such a motion. Notwithstanding the foregoing, DPPs defer to the Court regarding Certain DAPs' Motion.

Date: July 21, 2023

*/s/ Brian D. Clark*
Brian D. Clark (*Pro Hac Vice*)
W. Joseph Bruckner (*Pro Hac Vice*)
Simeon A. Morbey (*Pro Hac Vice*)
Kyle J. Pozan (IL #6306761)
Arielle S. Wagner (*Pro Hac Vice*)
Stephen M. Owen (*Pro Hac Vice*)
Develyn Mistriotti (*Pro Hac Vice*)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P**.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com
samorbey@locklaw.com
kjpozan@locklaw.com

Clifford H. Pearson (*Pro Hac Vice*)
Daniel L. Warshaw (*Pro Hac Vice*)
Bobby Pouya (*Pro Hac Vice*)
Michael H. Pearson (*Pro Hac Vice*)
**PEARSON WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
cpearson@pwfirm.com
dwarshaw@pwfirm.com
bpouya@pwfirm.com
mpearson@pwfirm.com

Bruce L. Simon (*Pro Hac Vice*)
Jill M. Manning (*Pro Hac Vice*)
**PEARSON WARSHAW, LLP**
555 Montgomery Street, Suite 1205
San Francisco, CA 94111
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pwfirm.com
jmanning@pwfirm.com

*Direct Purchaser Plaintiffs Co-Lead Class Counsel*

Steven A. Hart (#6211008)
Brian Eldridge (#6281336)
**HART MCLAUGHLIN & ELDRIDGE, LLC**
121 West Wacker Drive, Suite 1050
Chicago, IL 60601
Telephone: (312) 955-0545
Facsimile: (312) 971-9243
shart@hmelegal.com
beldridge@hmelegal.com

*Direct Purchaser Plaintiffs Liaison Counsel*