# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Sysco Corporation v. Tyson Foods, Inc., et al.*, No. 18-cv-00700 | Case No.: 1:16-cv-08637<br><br>Judge Thomas M. Durkin<br>Magistrate Judge Jeffrey T. Gilbert |

## SYSCO CORPORATION'S MEMORANDUM IN FURTHER SUPPORT OF JOINT MOTION FOR SUBSTITUTION OF PLAINTIFF

Carina Ventures LLC ("Carina"), which became the real party in interest in the above-captioned action upon taking assignment of Sysco Corporation's ("Sysco") claims in this case, should be allowed to prosecute the claims in its own name. Substituting Carina for Sysco (now the plaintiff in name only) will neither prejudice other parties nor impede the efficient management of the litigation. Substitution will not deprive Certain Defendants of any of their defenses or rights, nor will it deprive them of any discovery to which they would otherwise be entitled. There is simply no basis to allow Certain Defendants to turn this straightforward procedural motion into a distracting sideshow. Assignments of antitrust claims are routine (including in this litigation), and substitution is the ordinary procedure when assignments are made.

Federal Rule of Civil Procedure 17(a)(1) directs that an action "must be prosecuted in the name of the real party in interest" and, if that party changes during the course of litigation, Rule 25(c) provides that substitution is the appropriate vehicle to ensure that the real party in interest continues to control the litigation. That's exactly what happened here: Sysco assigned its claims

to Carina during the pendency of the litigation; as a result, both Sysco and Carina jointly moved to substitute Carina as the plaintiff consistent with Rule 17's command.

For unclear reasons (given that the substitution would merely reflect what the assignment already accomplished, and would not affect or alter any of their rights or defenses), Certain Defendants have opposed the Motion.[1] Their only stated basis for such opposition is speculation that there may be facts and circumstances surrounding the Assignment and Novation Agreement ("Assignment") effectuating the transfer of Sysco's claim, which was attached to the Joint Motion and is the only evidence in the current record, that could potentially render the Assignment unenforceable at some later date. *See* ECF No. 6654, Certain Defendants' Opposition to Sysco Corporation and Carina Ventures LLC's Joint Motion for Substitution of Plaintiff ("Opp.") at 1, 6. Certain Defendants do not offer any such evidence now and, for that reason alone, their Opposition should be rejected. Nor do they explain how substitution would deprive them of their ability to challenge the Assignment, should they ultimately choose to do so—because it would not.

In addition, they fail to explain why Sysco's routine assignment of its antitrust claims to Carina is any different from the plethora of assignments that already exist in this case, which they have long known about and never objected to and which the Court has already approved of in connection with numerous settlements, as is exceedingly common in antitrust cases across the country. The best that Certain Defendants can muster in opposition is alleged confusion regarding Sysco's obligations in the case going forward. *See* Opp. at 2. But any such confusion has now been abated by Sysco's clear and unequivocal representation that it will not take the position, post-substitution, that it is relieved of the obligation to participate in party discovery

---

[1] "Certain Defendants" has the meaning given to it in the Opposition brief.

2

and make witnesses available for trial. And should any concrete issues arise down the road as to Sysco's discovery responses or other similar matters, the Court is more than capable of addressing them with the benefit of a full and complete record at that time. At this juncture, however, hypothetical and speculative concerns about possible future discovery issues are not a basis to deny or even delay a common substitution motion seeking to ensure that the real party in interest is the party prosecuting Sysco's claims going forward.

Sysco is a Track 2 Direct Action Plaintiff ("DAP") and, if substitution is granted, Carina will be a Track 2 DAP as well. As such, there will also be plenty of time for Certain Defendants to engage in discovery if and when Track 2 discovery opens and, if they are then somehow able to uncover the evidence necessary to support their unsubstantiated innuendo, they will have the opportunity to address it. But, for now, there is every reason to allow substitution. This will allow the Court to focus on the Track 1 trial, provide clarity to all parties regarding who is prosecuting the claims in the litigation, ensure that Sysco receives the benefit of its bargain by agreeing to settle its dispute with Carina, and allow for the consideration and orderly disposition of any hypothetical future issues on a full and complete record.

## ARGUMENT

### I. CARINA IS NOW THE REAL PARTY IN INTEREST AND SHOULD THEREFORE BE SUBSTITUTED IN AS THE NAMED PLAINTIFF.

Federal Rule of Civil Procedure 17 directs that an action "***must be*** prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1) (emphasis added). This important procedural requirement ensures that the "the person who possesses the right or interest to be enforced through litigation" is the party prosecuting the action. *RK Co. v. See*, 622 F.3d 846, 850 (7th Cir. 2010). It is not uncommon, in lengthy and complex federal litigation, for interests in an action to be transferred during its pendency. When this occurs, Federal Rule of Civil

Procedure 25(c) provides the vehicle for the Court to substitute the parties to ensure that the new owner of a transferred interest is the party prosecuting the action, consistent with Rule 17's command.  *See* Fed. R. Civ. P. 25(c).[2]  Indeed, substitution under Rule 25(c) is "classically employed" when, as here, "an individual litigant assigns his rights or obligations to a third party[.]"  Shaun P. Martin, *Substitution*, 73 Tenn. L. Rev. 545, 548-49 (2006).  Obstructing substitution of parties following an assignment would deter normal business transactions, including settlements, during the pendency of what might be lengthy litigation.  *See Aion Acquisition LLC v. Dexter Axle Co., LLC*, No. 1:19-cv-04342, 2023 WL 2745625, at *6 (N.D. Ill. Mar. 31, 2023).

There is simply no reason for the Court to depart from the ordinary course here and force Sysco to continue as a named party in a case in which it has no further rights or interests, bearing all associated costs and burdens.  *See, e.g., Fischer Bros. Aviation, Inc. v. NWA, Inc.*, 117 F.R.D. 144, 147 (D. Minn. 1987) (granting substitution under Rule 25(c) in light of post-filing assignment of antitrust claims at issue and rejecting many of the same arguments advanced by Certain Defendants here).

First, Certain Defendants do not (and cannot) dispute that Sysco assigned all of its claims in this case to Carina, as evidenced by the Assignment, which was attached to the Joint Motion. It is a valid contract between two sophisticated business entities that contains all the requisite

---

[2] Certain Defendants suggest that the discretionary nature of Rule 25(c) renders Rule 17's clear command that any civil action must be prosecuted in the name of the real party in interest irrelevant.  Not so.  It is true, of course, that Rule 25(c) does not mandate substitution in every case where there has been a transfer of interest.  The reason for this, however, is practical.  It is not always clear who the real party in interest is and, in certain circumstances, substitution could impact the orderly progress of the case.  But where, as here, there is no question that Carina is the real party in interest, and there is otherwise no impact on the case, there is no basis for the Court to exercise its discretion in a way that ignores Rule 17's command.  *See, e.g., Fischer Bros. Aviation, Inc. v. NWA, Inc.*, 117 F.R.D. 144, 147 (D. Minn. 1987).

4

elements of an enforceable agreement.  The Assignment unambiguously provides that Sysco unconditionally "assigns" and "transfers" to Carina, and Carina unconditionally accepts, all of Sysco's right, title, and interest in each and every claim that Sysco has in this case.  *See* ECF 6630, Sysco and Carina Joint Motion for Substitution of Plaintiff, at Ex. A § 2 and Schedule 1.  The Assignment also clearly states that Carina "possesses all rights to prosecute, enforce and collect" on such claims going forward.  *Id.* § 4.  Accordingly, as a contractual matter, Sysco has no right, interest, or claims left in this litigation anymore.  Carina does.  That should be the end of it.

Second, there is nothing remarkable about Sysco's assignment of its legal claims.  To the contrary, the law recognizes that antitrust claims are freely assignable.  *See Fed. Ins. Co. v. Parello*, 767 F. Supp. 157, 163 (N.D. Ill. 1991).  It is therefore unsurprising that the assignment of antitrust claims in complex modern antitrust litigation has become exceedingly common.  In this case alone, there have been a plethora of assignments, including intra-corporate assignments to facilitate the efficient prosecution of claims, standard assignments from distributors to their customers, and assignments from claimants to bankruptcy trusts and other entities, like Carina, that have been formed to prosecute the claims.  *See, e.g.,* ECF 5456, Track 2 Direct Action Plaintiffs' Second Amended Consolidated Complaint and Demand for Jury Trial, at 59-114.  Notably, in the seven years this case has been pending, Certain Defendants have not raised any objection to such assignments and, indeed, the Court has already approved class settlements including assigned claims on multiple occasions.  There is no reason to treat Sysco's assignment of its claims any differently.

Third, substituting Carina for Sysco as the plaintiff will not alter the substantive rights of the other parties.  As Sysco has explained to Certain Defendants, it will not take the position that

substitution relieves it of existing discovery obligations, nor will it resist participating in discovery to the same extent as it would as a party.[3]  Among other things, Sysco will continue to comply with litigation holds, follow agreed protocols (such as ESI protocols), and produce documents and witnesses in response to discovery requests to the same extent required as if Sysco were still a party.  Sysco knows what its obligations are and will fully comply with them.

In short, Sysco will rely on the same established discovery procedures and protocols that the parties have been using to handle discovery for all of the assigned claims in the case over the past seven years.  Far from making this case harder to manage, therefore, substitution would instead allow this case to proceed in the same orderly fashion that it has since the outset, which would result in no harm or prejudice to Certain Defendants.  *See PW Stoelting, L.L.C. v. Levine*, No. 1:16-cv-00381, 2018 WL 6603874, at *3 (E.D. Wis. Dec. 17, 2018) (Rule 25(c) substitution proper where "there is no prejudice or harm to the defendants").  If any dispute or problem should later arise, moreover, this Court is more than capable of resolving it at that time—there is no need to decide the instant Motion based on speculative fears of some hypothetical future discovery or evidentiary issue.

Finally, Certain Defendants express concern that substitution "would meaningfully frustrate any future attempts for settlement discussions."  Opp. at 4.  It is difficult to understand how substitution is relevant to Certain Defendants' ability to settle the claims at issue, because substitution is merely a procedural tool to ensure that the named parties are not nominal but real—it does not alter substantive rights, and whether the substitution is made or not, Carina will

---

[3] Certain Defendants complain that they "do not know what role Sysco believes it will be playing going forward," Opp. at 2, but they did not seek out such information until July 12, 2023, just hours before their Opposition was filed.  Sysco has since provided information in response to Certain Defendants' requests.

have the sole right to settle the claims that have been assigned to it.  In other words, Certain Defendants' ability to settle these claims is incapable of being affected by the procedural tool of substitution.

The Assignment itself, moreover, is a product of the settlement of a contentious dispute between Sysco and its litigation funder over control of Sysco's claims against the Certain Defendants, which settlement was motivated in part by Sysco's desire to extricate itself from litigation and avoid the significant costs and hazards associated therewith.  There is a strong federal policy favoring enforcement of such settlements.  *See, e.g.*, *Ocean Tomo, LLC v. PatentRatings, LLC*, 262 F. Supp. 3d 553, 565 (N.D. Ill. 2017) (Durkin, J.) ("[P]ublic policy favors settlements because they foster judicial economy").  The denial of substitution now would deprive Sysco of the benefit of its settlement bargain with Carina, frustrating this important federal policy and undermining judicial economy.  *See Tujetsch v. Bradley Dental, LLC*, No. 1:09-cv-05568, 2010 WL 5099981, at *2 (N.D. Ill. Dec. 8, 2010) ("Because public policy favors settlements, 'settlements once made should be final.'") (internal citation omitted).

**II.      THERE IS LIKEWISE NO BASIS TO DELAY SUBSTITUTION.**

Certain Defendants suggest, as an alternative to denying the substitution Motion outright, that the Court should hold the Motion in abeyance in order to permit Certain Defendants to conduct discovery into the circumstances surrounding the Assignment.  There is no reason to do so—any relevant discovery sought by Certain Defendants can be obtained in the ordinary manner, and Certain Defendants have not even come close to establishing that the discovery they hope to pursue is in fact relevant, or proportional, or appropriate.  Nor would substitution deprive Certain Defendants of a remedy in the extremely unlikely event that discovery revealed facts supporting any potential defenses.

As explained above, Certain Defendants can use the existing discovery protocols and process that are already in place to pursue the discovery they seek. Sysco is currently a Track 2 DAP and, if substitution is granted, Carina would likewise be a Track 2 DAP. Accordingly, Certain Defendants will be free to seek relevant discovery from Carina (and, as confirmed above, Sysco to the extent appropriate) if and when the parties proceed to the Track 2 discovery phase. At that time, if they believe that the assignment is champertous or otherwise unenforceable, they would be free to move for summary judgment based on a fully developed record, which would better position the Court to address such weighty issues.

This procedure is precisely the vehicle that defendants recently used to raise a nearly identical issue in a related protein litigation. *See* Defendants' Motion for Leave to File Instanter Motion for Summary Judgment on Champerty and Public Policy Grounds to Dismiss Amory Investments, LLC's Complaint with Prejudice, *In re Turkey Antitrust Litig.*, No. 1:19-cv-8318 (N.D. Ill. July 14, 2023), ECF No. 796. All of the issues presented in Certain Defendants' Opposition are thus better addressed through the processes already in place in this complex case, which would allow the Court to avoid the distraction presented by the Opposition as it prepares for the Track 1 trial and better position it to later address such issues, if they are even still relevant, on a complete record.

Moreover, to the extent that Certain Defendants express a desire to seek discovery regarding the confidential settlement terms of the dispute between Sysco and Carina itself, they have failed to even attempt to meet the high burden necessary to overcome the strong policy shielding confidential settlement agreements from production. *See Homeland Ins. Co. of New York v. Health Care Serv. Corp.*, 330 F.R.D. 180, 182-83 (N.D. Ill. 2019) ("[P]ublic policy favoring settlements weighs against compelling production of a confidential settlement

8

agreement"). "Mere speculation" that a confidential antitrust settlement "might someday be relevant does not warrant overriding the interests inherent in the settling parties' decision to keep the agreement's terms confidential." *Id.* at 182.

Finally, Certain Defendants complain that they "do not know" certain information, such as "the financial arrangements between Sysco, Burford, Carina and the other parties to the original agreements," and suggest that such information might somehow be relevant to some argument they hope to make in the future. Opp. at 2. But they never explain how such information would be relevant or why they even need it. The only question the Court needs to decide to assess substitution is whether Sysco has transferred its interest in the case to Carina. It unquestionably has. Certain Defendants never contend otherwise. To the extent they intend to attack the validity of the Assignment on public policy grounds, they will have plenty of time to do so, but there is no reason to believe that discovery is necessary to such arguments and there is thus no basis to deny substitution now on the record before the Court.

## CONCLUSION

For the foregoing reasons, the Court should grant the Joint Motion for Substitution of Plaintiff.

Dated: July 21, 2023

Respectfully submitted,

*/s/ Ryan P. Phair*
Ryan P. Phair (#479050)
Carter C. Simpson
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
(202) 551-1751
ryanphair@paulhastings.com
cartersimpson@paulhastings.com

9

                                              Julie B. Porter (#6243787)
SALVATORE PRESCOTT PORTER &
PORTER, PLLC
1010 Davis Street
Evanston, Illinois 60201
(312) 283-5711
porter@spplaw.com

**Attorneys for Plaintiff Sysco Corporation**

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 21, 2023, I caused a true and correct copy of the foregoing document to be served upon all counsel of record via the Court's CM/ECF system.

                                                                */s/ Julie Porter*
                                                                Julie Porter