**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 1:16-cv-08637 TMD |
| This Document Relates To:<br><br>All Commercial and Institutional Indirect Purchaser Plaintiff Actions | |

**ORDER GRANTING COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' UNCONTESTED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH DEFENDANT HARRISON POULTRY, INC.**

Now before the Court is Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") Motion for Preliminary Approval of Settlement with Defendant Harrison Poultry, Inc. ("Harrison Poultry" or "Settling Defendant").

The Court, having reviewed the Motion, its accompanying memorandum, and the exhibits thereto, the Settlement Agreement between Harrison Poultry and CIIPPs ("Harrison Poultry Settlement Agreement"), and the file, hereby **ORDERS AND ADJUDGES:**

1. This Court has jurisdiction over this action and each of the parties to the Harrison Poultry Settlement Agreement.

2. The settlement was entered into on behalf of the damages and injunctive relief Classes certified by this Court in its Order dated May 27, 2022, ECF No. 5644 (the "Certified Classes"):

> All entities that purchased Broilers[1] indirectly from a Defendant or named co-conspirator in an Indirect Purchaser State[2] for their own use in commercial food preparation from January 1, 2009, until July 31, 2019.

---

[1] "Broilers" are chickens raised for meat consumption to be slaughtered before the age of 13 weeks, and which may be sold in a variety of forms, including fresh or frozen, and whole or in parts, but excluding chicken that is grown, processed, and sold according to halal, kosher, free range, or organic standards. "Broilers" does not include dark meat chicken products, such as chicken thighs. The definition also does not include certain "further processed" products, which include any chicken meat that has been breaded, cooked, or "formed," such as patties, or nuggets; or products made from mechanically separated meat such as chicken sausages; or products that are ground, sliced, diced, or cubed. Marinated, seasoned, frozen and portioned products, that are not otherwise further processed, are included within the definition of Broilers.

[2] The "Indirect Purchaser States" are: Arizona, California, the District of Columbia, Florida, Hawaii, Iowa, Illinois, Kansas, Massachusetts, Maine, Michigan, Minnesota, Missouri, Mississippi, Montana, North Carolina, North Dakota, Nebraska, New Hampshire, New Mexico, Nevada, New York, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, Wisconsin, or West Virginia. CIIPPs seek damages for this class under the respective state laws. This Court also certified CIIPPs' nationwide class for injunctive relief under federal law. (ECF No. 5644 at 3-4, 55). Plaintiffs are settling for both classes here.

> Excluded from the [Indirect] class are: Natural persons who purchased Broilers for their personal use and not for commercial food preparation; purchases of Broilers directly from Defendants; purchases of Broilers for resale in unaltered form; purchases or Broilers from an intermediary who has further processed the Broiler; the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant; any federal, state governmental entities, any judicial officer presiding over this action and the members of her/her immediate family and judicial staff, any juror assigned to this action; and any co-conspirator identified in this action.

And:

> All entities that purchased Broilers indirectly from a Defendant or named co-conspirator in the United States for their own use in commercial food preparation from January 1, 2009, until July 31, 2019 (the "Class Period"). Excluded from the CIIPP class are: Natural persons who purchased Broilers for their personal use and not for commercial food preparation (End-User Consumers); purchases of Broilers directly from Defendants; purchases of Broilers for resale in unaltered form; purchases of Broilers from an intermediary who has further processed the Broiler; the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant; any federal, state governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action; and any co-conspirator identified in this action

(ECF No. 5644 at 3-4, 55).

3.    The Court previously appointed the law firms of Cotchett, Pitre & McCarthy LLP and Gustafson Gluek PLLC as Co-Lead counsel for the Certified Class.

4.    Upon review of the record, the Court finds that the proposed Harrison Poultry Settlement Agreement has been negotiated at arm's length, falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at the Court's final Fairness Hearing. The Court finds that the Harrison Poultry Settlement Agreement is preliminarily

determined to be fair, reasonable, adequate, and in the best interests of the Certified Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the settlement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the settlement may be given to the Certified Class when appropriate.

5.     At a later time, Co-Lead Counsel will move the Court to approve a program to notify members of the Certified Class of the Harrison Poultry Settlement Agreement and any other then-pending settlements, as the Court finds it would be more efficient and economical to defer the notice and claims process until a later time.

6.     After Notice has been disseminated, Class Members who wish to exclude themselves from the settlement will be required to submit an appropriate and timely request for exclusion, and Class Members who wish to object to the settlement must submit an appropriate and timely written statement of the grounds for objection. Class Members who wish to appear in person to object to the Harrison Poultry Settlement Agreement may do so at the Fairness Hearing pursuant to directions by the Court.

7.     Terms used in this Order that are defined in the Harrison Poultry Settlement Agreement are, unless otherwise defined herein, used as defined in the Harrison Poultry Settlement Agreement.

8.     If the Harrison Poultry Settlement Agreement is terminated or rescinded in accordance with its provisions, or otherwise does not become Final, then the Harrison Poultry Settlement Agreement and all proceedings in connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided otherwise in the Harrison Poultry Settlement Agreement, and without prejudice to the status quo ante rights of CIIPPs, the Settling Defendant,

and the members of the Class. The Parties shall also comply with any terms or provisions of the Harrison Poultry Settlement Agreement applicable to termination, rescission, or the Settlement otherwise not becoming Final.

9.      Neither this Order nor the Harrison Poultry Settlement Agreement shall be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, or regulation or of any liability or wrongdoing by the Settling Defendant or of the truth of any of CIIPPs' Claims or allegations, nor shall it be deemed or construed to be an admission nor evidence of Released Parties' defenses.

10.     The Action with respect to CIIPPs' Claims is stayed as to the Released Parties (as that term is defined in the Harrison Poultry Settlement Agreement) except as necessary to effectuate this settlement.

**IT IS SO ORDERED.**

DATED: July 25, 2023

_____
HON. THOMAS M. DURKIN