**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION<br><br>This Document Relates To:<br>Direct Purchaser Plaintiff Class and<br>Track 1 DAP Actions | Case No.: 1:16-cv-08637<br><br>The Honorable Thomas M. Durkin<br><br>Magistrate Judge Jeffrey T. Gilbert |

# DIRECT PURCHASER PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CLARIFICATION

The purpose of ordering Direct Purchaser Plaintiffs ("DPPs") and Track 1 DAPs to proceed in a single joint trial was based on the congruence of the primary claims of these groups of direct purchaser plaintiffs, which seek to recover damages for violations of the Sherman Act. Two core distinctions between the Sherman Act and related state law claims is that the Sherman Act prohibits both a pass-through defense and any defense based on claimed business justifications for the challenged conduct, and the introduction of such evidence would be prejudicial to a *per se* Sherman Act claim. *See* Plaintiffs' Omnibus Motions in Limine No. 8, ECF No. 6705 at 20. Both DPPs and Defendants agree that the September trial should exclude the remaining state law claims asserted by Certain DAPs.[1] *See* Defendants' Response in Support of DPP's Motion for Clarification, ECF No. 6724 at 1. Through their motion, DPPs are requesting that the Court exclude this handful of state law claims asserted by Certain DAPs, because they present unique issues that will unnecessarily complicate and prolong the Track 1 trial and increase the risk of juror confusion. If Certain DAPs' state law claims are tried together with the Sherman Act claim, it will prejudice the Sherman Act Section 1 *per se* claims brought by DPPs and DAPs, and lead to judicial inefficiency. For these reasons and as discussed below, those claims should be excluded from the Track 1 trial.

**First**, AWG and other DAPs' Tennessee, Wisconsin, and South Carolina state law claims are materially different from DPPs' Sherman Act claim, and allowing DAPs' claims into the trial would be prejudicial to DPPs. DPPs' allegations constitute a *per se* violation of the Sherman Act. As a result, DPPs need not prove Defendants' market power or the competitive harm caused by Defendants' restraint, and Defendants may not offer any business excuses or justification for their conduct. All of these are hallmarks of a *per se* claim. By contrast, DAPs' state law claims differ

---

[1] Associated Wholesale Grocers ("AWG") (asserting claims under Tennessee and Wisconsin law), and KJ 2019 Holdings, LLC, Columbia Meats, Inc., and Greenville Meats, Inc. (asserting claims under South Carolina law).

1

materially from the Sherman Act Section 1 claim, requiring different evidence, allowing different defenses, and necessitating different jury instructions.

If, for instance, AWG's Tennessee state law claims are part of the Track 1 trial, Defendants indicated they will present evidence supporting a pass-through defense. *See* ECF No. 6724 at 2. This would prejudice DPPs. For the reasons provided in Plaintiffs' Omnibus Motions in Limine No. 8, evidence of pass-through overcharges in the trial not only is irrelevant, its introduction would be prejudicial error. ECF No. 6705 at 20; *see, e.g.*, *Costco Wholesale Corp. v. AU Optronics Corp.*, No. 13-CV-01207, 2014 WL 4674390, at *3 (W.D. Wash. Sept. 17, 2014). Defendants intend to present this evidence supporting a pass-through defense solely based on the inclusion of these state law claims as part of the trial. *See* ECF No. 6724 at 2. The evidence necessitated by AWG's claim will unfairly prejudice the DPPs and their sole *per se* claim, confuse the issues, and mislead the jury.

AWG and other DAPs also argue that their state law claims "run parallel" to the core Sherman Act claim, and "simply provide an additional remedy." ECF No. 6687 at 3, 6. But these general statements do not tell the full story. DPPs do not dispute that DAPs' state law claims are premised on the same conduct as the federal Sherman Act claims, or that if a Sherman Act claim is deficient as a matter of law, so is the parallel state claim. The difference—and the problem—is that DAPs' Tennessee, Wisconsin, and South Carolina claims, in addition to allowing prejudicial evidence of pass-through and business justifications for Defendants' conduct, also will require dozens of additional pages of jury instructions on various elements of proof. This will only increase the risk of juror confusion.

Including the state law claims would require the jury to hear extraneous theories and defenses while being presented with evidence that not only bears no relevance to the Sherman Act

2

Section 1 *per se* claim, but it is also materially prejudicial to that *per se* claim. *See Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752, 768 (1984). Juror confusion will be inevitable. And DPPs' ability to present their Sherman Act claim in a clear and straightforward manner will be jeopardized. These reasons warrant exclusion of such claims from the trial. Fed. R. Evid. 401; Fed. R. Evid. 403.

On the other hand, while DPPs will be prejudiced by the addition of irrelevant evidence, this is not true for AWG and other DAPs. If DAPs' state law claims remain after the Track 1 trial, AWG and other DAPs may still proceed with those claims that are not addressed in the first trial, as previously suggested by the Classes. *See* ECF No. 6188 at 10.

**Second**, despite what AWG and other DAPs argue, their proposal would complicate the trial and lead to judicial inefficiency, rather than judicial economy. DAPs argue that "[t]he Court was careful to seek input from all parties and devise a tracking system that would enable similar claims to be tried in a single jury trial, in a calculated manner, to promote judicial economy and maximize the precedential value for guiding the outcome of the overall case." ECF No. 6687 at 4-5. But the Classes, Defendants, and Kroger & Publix DAPs all contemplated that a trial involving Sherman Act Section 1 claims would achieve these goals—and did not mention a trial involving other claims. *See* ECF No. 6188 at 1; ECF No. 4948 at 7; ECF No. 6189 at 4. This is because adding the state law claims would unnecessarily complicate the trial. For example, if the issue of pass-through comes up, none of the evidence involving pass-through will be relevant to any of the other claims in the trial. Yet the additional evidence and testimony needed to present on these issues would unnecessarily prolong an already lengthy trial, conflict with and prejudice the *per se* claims, and confuse the jury. This does not comport with judicial economy.

**Third**, this issue was not fully resolved or raised in response to the Court's order from November 22, 2022.[2] In the Class Plaintiffs' submission in response to that order, the Classes[3] supported what was then the Court's suggested trial Option 1. *See* ECF No. 6188 at 1. The Classes' submission clearly contemplated only "a trial of Sherman Act *per se* claims by DPPs and a subgroup of Track 1 DAPs." *Id.* In fact, the Classes argued against trial Option 2 in part because Option 2 would necessitate discussing pass-through and because Option 2 would add a rule of reason claim which would present additional complexities at a joint trial. *Id.* at 6 ("Pass through evidence would add a new and confusing element to the initial trial"); *id.* at 8 ("Evidence supporting this claim will very likely prejudice the other Track One Plaintiffs per se claims, which only requires that DPPs show that Defendants' anticompetitive conduct took place."). The Classes also suggested that a post-trial status conference may be necessary with trial Option 1, because "among the Track 1 DAPs there are certain DAPs that may wish to proceed with a trial on their Sherman Act, federal and state RICO, and/or or state law claims, especially those that are not addressed in the first trial." *Id.* at 10.

Other parties advocating for Option 1 likewise mentioned only a trial on the Sherman Act claims. Defendants' Trial Proposal stated that the "initial trial should be limited to the core Sherman Act allegations of output cuts…" and argued for excluding the indirect antitrust plaintiffs because they "must prove pass through, meaning that their evidence will likely conflict with the direct plaintiffs' presentation." *See* ECF No. 4948 at 7. Likewise, the Kroger & Publix DAPs stated only that "the Kroger & Publix DAPs, like the DPPs, have Sherman Act Section 1 claims concerning Defendants' and their co-conspirators' collusive supply reduction …." *See* ECF No.

---

[2] ECF No. 6153.

[3] "Classes" refers to the Direct Purchaser Class ("DPPs"), the Commercial and Institutional Indirect Purchaser Class ("CIIPPs"), and the End-User Consumer Class ("EUCPs").

6189 at 4. In the trial plan submissions, only AWG argued that Option 1 should include state law claims.[4] ECF No. 6187 at 2-3.

After considering each party's submissions, the Court issued an order stating "the trial scheduled for 9/11/2023 will address the claims of the Direct Purchaser Class and all Direct Action Plaintiffs"—without specifying which claims will be tried. *See* ECF No. 6203. The issue regarding the scope of the claims at trial is not settled; thus, DPPs are asking the Court to clarify that the trial only includes Plaintiffs' *per se* Sherman Act Section 1 claims.

**In conclusion,** many of the other claims brought by Track 1 DAPs differ materially from a Sherman Act Section 1 *per se* claim and are all irrelevant to DPPs' sole *per se* claim, and their inclusion in a trial of DPPs' claim would be materially prejudicial. Accordingly, should be excluded under Federal Rules of Evidence 401 and 402. The introduction of such claims also will prejudice the DPPs, confuse the issues, and mislead the jury, and should therefore be excluded under Federal Rule of Evidence 403. Both DPPs and Defendants agree that the September trial should exclude DAPs' remaining state law claims. *See* ECF No. 6724 at 1.

DPPs, therefore, request that the Court exclude such claims from the trial.

---

[4] The "Affiliated Foods Plaintiffs," which included KJ 2019 Holdings, LLC, Columbia Meats, Inc., and Greenville Meats, Inc. (among others), submitted that they "understand from the Court's Minute Entry that Option 1 would be a bellwether trial covering liability, impact, and damages under the Sherman and Clayton Acts for the Direct Purchaser Plaintiff class plus a representative group of DAPs." ECF No. 6183 at 2.

Date: August 2, 2023

Respectfully submitted,

*/s/ Brian D. Clark*
W. Joseph Bruckner (MN #147758)
Brian D. Clark (MN #0390069)
Simeon A. Morbey (MN #0391338)
Kyle Pozan (IL #6306761)
Arielle S. Wagner (MN #0398332)
Stephen M. Owen (MN #0399370)
Develyn Mistriotti (MN #0403684)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
Fax: (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com
samorbey@locklaw.com
kjpozan@locklaw.com
aswagner@locklaw.com
smowen@locklaw.com
djmistriotti@locklaw.com

*/s/ Bobby Pouya*
Clifford H. Pearson
Daniel L. Warshaw
Bobby Pouya
Michael H. Pearson
PEARSON WARSHAW, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Tel: (818) 788-8300
Fax: (818) 788-8104
cpearson@pwfirm.com
dwarshaw@pwfirm.com
bpouya@pwfirm.com
mpearson@pwfirm.com

Bruce L. Simon
Jill M. Manning
PEARSON WARSHAW, LLP
555 Montgomery Street, Suite 1205
San Francisco, CA 94111
Tel: (415) 433-9000
Fax: (415) 433-9008
bsimon@pwfirm.com
jmanning@pwfirm.com

*Direct Purchaser Plaintiffs' Co-Lead Class Counsel*

Steven A. Hart (#6211008)
Brian Eldridge (#6281336)
HART MCLAUGHLIN & ELDRIDGE, LLC
1 South Dearborn, Suite 1400
Chicago, IL 60603
Tel: (312) 955-0545
Fax: (312) 971-9243
shart@hmelegal.com
beldridge@hmelegal.com

*Direct Purchaser Plaintiffs' Liaison Class Counsel*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2023, a true and correct copy of the foregoing was served on all counsel of record through the Court's electronic filing system.

/s/ Brian D. Clark