# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION* | Case No. 1:16-cv-08637 |
| *This Document Relates To:* | Honorable Thomas M. Durkin |
| *ALL TRACK 1 CASES* | Magistrate Judge Jeffrey T. Gilbert |

### DECLARATION OF BRENT W. JOHNSON IN SUPPORT OF THE MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING PERDUE'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' *PER SE* CLAIM

I, Brent W. Johnson, state under oath:

1. I am a partner at the law firm Cohen Milstein Sellers & Toll PLLC. Cohen Milstein is Co-Lead Counsel for the End-User Consumer Plaintiff Class. I am admitted *pro hac vice* in this action. I have full knowledge of the matters states herein and could testify hereto.

2. After receiving the Court's 90-page summary judgment opinion, Plaintiffs worked as quickly as they could to evaluate the Court's analysis and decide whether to file a motion for reconsideration.

3. Plaintiffs decided to file a motion for consideration on July 18, 2023. That same day, I notified counsel for Defendants—including counsel for Perdue—that "Class Plaintiffs and certain DAPs plan to file a motion to reconsider the Court's summary judgment decision granting Perdue's individual motion for summary judgment as to the dismissal of the *per se* claim against Perdue."

4. In response, Perdue requested an expedited briefing schedule on Plaintiffs' motion for reconsideration. Plaintiffs consented to the briefing schedule Perdue proposed.

5. Plaintiffs filed their motion for reconsideration on July 20, 2023, the Court-appointed deadline for such motions.

6. The Plaintiffs proceeding to trial in September disclosed the deposition designations, witnesses, and exhibits that would be used against Perdue at trial. The parties exchanged such disclosures on June 21 and June 23 (before the Court's Summary Judgment Order)[1]; the parties then exchanged *revised* disclosures on July 17,[2] under the assumption that the Court's summary judgment order would stand. Further, the parties spent *years* negotiating over

---

[1] Joint Status Report Ex. D at 1, ECF No. 6613-4.
[2] Pretrial Scheduling Order at 2, ECF No. 6677.

the admissibility of hundreds of documents,[3] concluding in June with a stipulation from Perdue regarding a subset of those and a Rule 30(b)(6) deposition on key documents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of August, 2023.

*/s/ Brent W. Johnson*
Brent W. Johnson

---

[3] Agreed Order Regarding Track One Parties' Joint Submission to Court Regarding Limited Evidentiary Discovery, ECF No. 6345.