# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

IN RE BROILER CHICKEN ANTITRUST
LITIGATION


This Document Relates To:
*Affiliated Foods, Inc. et al. v. Claxton Poultry
Farms, Inc. et al.*

Case No.: 1:16-cv-08637

Judge Thomas M. Durkin

Magistrate Judge Jeffrey T. Gilbert

**PUBLIC REDACTED VERSION**

# REPLY MEMORANDUM IN SUPPORT OF
# AFFILIATED FOODS PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT WITH
# DEFENDANT FIELDALE FARMS CORPORATION

## TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION ............................................................................................... 1

I.    THE COURT HAS THE INHERENT AUTHORITY TO ENFORCE
SETTLEMENT AGREEMENTS NOTWITHSTANDING ███
████████████████████████████████. ..................................... 3

II.    ILLINOIS LAW, NOT MASSACHUSETTS LAW, DETERMINES
WHETHER THE PARTIES REACHED A BINDING
SETTLEMENT AGREEMENT—WHICH THEY DID ..................................... 5

III.    THE PARTIES REACHED A BINDING AGREEMENT ON ALL
MATERIAL TERMS OF A SETTLEMENT ON ███████. ...................... 7

IV.    CONCLUSION ................................................................................. 12

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Anaesthesia Assocs. of Massachusetts, PC v. Feliz*,
  No. 1784CV0466BLS2, 2021 WL 3292080 (Mass. Super. Apr. 19, 2021) ............................. 6

*Beverly v. Abbott,*
  *Lab'ys,* 817 F.3d 328 (7th Cir. 2016) ................................................................... 11

*Bistany v. PNC Bank,* NA,
  585 F. Supp. 2d 179 (D. Mass. 2008) .................................................................. 6

*Black Jaguar, White Tiger, Found. v. Tiffany*,
  No. 1:18-CV-10987, 2020 WL 7022592 (D. Mass. Nov. 30, 2020) ......................... 6

*Brown v. Cook Cnty., Ill.,*
  590 F. App'x 639 (7th Cir. 2015) ............................................................... 3, 5, 8

*Carr v. Runyan,*
  89 F.3d 327 (7th Cir. 1996) ................................................................................ 3

*Craftwood Lumber Co. v. Interline Brands, Inc.*,
  No. 11 C 4462, 2014 WL 1389041 (N.D. Ill. Apr. 9, 2014) ..................................... 4

*Dillard v. Starcon Int'l, Inc.,*
  483 F.3d 502 (7th Cir. 2007) .......................................................................... 10, 11

*Furstenau v. City of Naperville*,
  No. 07 C 6143, 2009 WL 10741785 (N.D. Ill. June 17, 2009) ............................... 10

*Goren v. Royal Invs. Inc.*,
  25 Mass. App. Ct. 137, 516 N.E.2d 173 (1987) ...................................................... 6

*Guzman v. City of Chicago,*
  No. 09 C 7570, 2011 WL 55979 (N.D. Ill. Jan. 7, 2011) ........................................ 5

*Hamdan v. Indiana Univ. Health N. Hosp., Inc.,*
  880 F.3d 416 (7th Cir. 2018) ............................................................................... 5

*Hendricks v. Novae Corp. Underwriting, Ltd*,
  868 F.3d 542 (7th Cir. 2017) ........................................................................... 3, 7

*In re Grand Jury Subpoena Dated Dec. 17,1996*,
    148 F.3d 487 (5th Cir. 1998) ................................................................. 5

*Morris B. Chapman & Assocs., Ltd. v. Kitzman*,
    193 Ill. 2d 560 (2000) ........................................................................... 7

*Regan v. Baldwin,*
    No. 19-1270-CSB, 2023 WL 359486 (C.D. Ill. Jan. 23, 2023) ................. 5

*Rogers v. Union Pac. R.R. Co.*,
    No. 20 CV 100, 2022 WL 17176497 (N.D. Ill. Nov. 22, 2022) ............... 10

*Transportation Ins. Co. v. Island Food Stores, Ltd.,*
    No. 09-CV-7193, 2011 WL 209920 (N.D. Ill. Jan. 20, 2011) ................. 10

*W. Side Salvage, Inc. v. RSUI Indem. Co.*,
    878 F.3d 219 (7th Cir. 2017) ................................................................. 5

*Wilson v. Wilson*,
    46 F.3d 660 (7th Cir. 1995) ............................................................. 3, 11

**Rules**

Fed. R. Civ. P. 501 ....................................................................................... 5

Fed. R. Evid. 408 .......................................................................................... 1

Fed. R. Evid. 502 .......................................................................................... 3

# INTRODUCTION

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████

- ████████████████████████████████████████████

  ████████████████████████████████████████████████

  ███████████████████████████████████████████████████ █

- █ ████████████████████████████████████████████████

  ████████████████████████████████████████████████

  ████████████████████████████████████████████████

  ██████████████████████████████████

- ████████████████████████████████████████████

  ████████████████████████████████████████████████

---

[1] "Kaplan Decl." is the declaration of Robert N. Kaplan, dated July 11, 2023, submitted with Plaintiffs' opening motion. "Miller Decl." is the declaration of B. Parker Miller, dated July 28, 2023, submitted with Fieldale's opposition brief.

███████████████████████████████████████████████

██████████████████████████████████████████

█ ████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████

• ████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████

• ████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████ █

███████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████

---

█ "Clayton Decl." is the Declaration of Clayton Franklin, dated July 28, 2023, submitted with
Fieldale's opposition brief.



██████████████████████ *Brown v. Cook Cnty., Ill.,* 590 F. App'x 639, 640 (7th Cir. 2015). But in any event, notwithstanding the clear authority of *Brown*, Fieldale fails to identify a conflict of law justifying the application of law from a state (Massachusetts) that has a greater interest in the resolution of this claim than Illinois. *See Hendricks v. Novae Corp. Underwriting, Ltd*, 868 F.3d 542, 546 (7th Cir. 2017) (holding that the state where the underlying litigation is pending has the greatest interest in resolving disputes related to settlement agreements).

## I. THE COURT HAS THE INHERENT AUTHORITY TO ENFORCE SETTLEMENT AGREEMENTS NOTWITHSTANDING ███████████ ██████████████████.

The Seventh Circuit recognizes a district court's inherent authority to enforce agreements to settle litigation pending before it. *See, e.g., Carr v. Runyan,* 89 F.3d 327, 331 (7th Cir. 1996); *Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995).

Relying on such authority, the court in *Craftwood Lumber Co. v. Interline Brands, Inc.*, No. 11 C 4462, 2014 WL 1389041, at *1 (N.D. Ill. Apr. 9, 2014) (Grady, J.), ███████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████.

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

4

████████████ *In re Grand Jury Subpoena Dated Dec. 17, 1996*, 148 F.3d 487, 490-493 (5th Cir. 1998).

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████ *See* Fed. R. Civ. P. 501*;*

*Hamdan v. Indiana Univ. Health N. Hosp., Inc.,* 880 F.3d 416, 421 (7th Cir. 2018) (████████

████████████████████████████████████████████████████

██████████████████████ (citing cases); *Guzman v. City of Chicago*, No. 09 C 7570, 2011 WL 55979, at *2 (N.D. Ill. Jan. 7, 2011) ("Questions of privilege that arise in the course of the adjudication of federal rights are governed by federal common law principles.").

## II. ILLINOIS LAW, NOT MASSACHUSETTS LAW, DETERMINES WHETHER THE PARTIES REACHED A BINDING SETTLEMENT AGREEMENT—WHICH THEY DID.

The Seventh Circuit has squarely held that the contract law of the forum state governs whether an enforceable settlement agreement exists. *Brown v. Cook Cnty., Ill.,* 590 F. App'x 639, 640 (7th Cir. 2015); *accord Regan v. Baldwin,* No. 19-1270-CSB, 2023 WL 359486, at *1 (C.D. Ill. Jan. 23, 2023). The cases cited by Fieldale for the proposition that the forum's choice-of-law principles must first be applied pre-dates *Brown*, which Fieldale neither cites nor distinguishes. *See* Fieldale Br. at 4. Nor were Fieldale's cited cases decided in the context of a settlement agreement. *Id.*

In addition, as repeatedly recognized by the Seventh Circuit, Illinois courts do not undertake choice-of-law analyses unless the party arguing for the application of a non-forum state's law demonstrates that there is an outcome-determinative conflict of laws. *W. Side Salvage, Inc. v. RSUI Indem. Co.,* 878 F.3d 219, 223 (7th Cir. 2017). "[I]f the party fails to establish the existence of such a conflict, the court applies the law of the forum state." *Id.*

Fieldale made no effort to identify such a conflict here—because any such effort would be fruitless. ████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████ *See, e.g., Anaesthesia Assocs. of Massachusetts, PC v. Feliz,* No. 1784CV0466BLS2, 2021 WL 3292080, at *2 (Mass. Super. Apr. 19, 2021) ██████████████████████

████████████████████████████████████████████████████

████████████████████████████ (citing cases); *Bistany v. PNC Bank,* NA, 585 F. Supp. 2d 179, 182 (D. Mass. 2008) ████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████.

██████████████████████████████████████

████████████████████████████████████████████. *See, e.g., Goren v. Royal Invs. Inc.*, 25 Mass. App. Ct. 137, 140, 516 N.E.2d 173, 175 (1987). ████

████████████████████████████████████████████████████

████████████████████████████████████████ *Black Jaguar, White Tiger, Found. v. Tiffany*, No. 1:18-CV-10987, 2020 WL 7022592, at *11 (D. Mass. Nov. 30, 2020) (citing cases). There is no outcome determinative difference in these basic principles of contract law.

Even if Fieldale had demonstrated an actual conflict between Illinois and Massachusetts laws—which it cannot do—the result would still favor the application of Illinois law. "Illinois

6

follows the RESTATEMENT (SECOND) OF CONFLICT OF LAWS (1971) in making choice-of-law decisions." *Hendricks v. Novae Corp. Underwriting, Ltd*, 868 F.3d 542, 545 (7th Cir. 2017) (quoting *Morris B. Chapman & Assocs., Ltd. v. Kitzman*, 193 Ill. 2d 560, 568 (2000)). The RESTATEMENT sets forth general principles to guide courts in determining which jurisdiction has the greater interest in a given dispute. *See gen. Chapman*, 193 Ill. 2d at 568. In the context of a dispute concerning a settlement agreement, the Seventh Circuit has found that the state in which the underlying litigation is pending has the greatest interest in resolving the dispute. *Hendricks*, 868 F.3d at 546 ("The subject matter of the agreement is clear and singularly focused on settling the litigation in Denton County, Texas; its validity thus implicates the public policy of that state.").

███████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████

**III.  THE PARTIES REACHED A BINDING AGREEMENT ON ALL MATERIAL TERMS OF A SETTLEMENT ON ███████████.**

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

8

.



*Dillard v. Starcon Int'l, Inc.,* 483 F.3d 502, 507-09 (7th Cir. 2007). *See also Furstenau v. City of Naperville*, No. 07 C 6143, 2009 WL 10741785, at *6 (N.D. Ill. June 17, 2009)

*Rogers v. Union Pac. R.R. Co.*, No. 20 CV 100, 2022 WL 17176497, at *2, 4 (N.D. Ill. Nov. 22, 2022)

*Transportation Ins. Co. v. Island Food Stores, Ltd.,* No. 09-CV-7193, 2011 WL 209920, at *5 (N.D. Ill. Jan. 20, 2011)

---

[4] For example, the company website bills itself as "one of the largest independent poultry producers in the world," (www.fieldale.com/site), that ships "to over fifty countries around the world," (www.fieldale.com/OurProducts) and .

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████

　　████████████████████████████████████████████████████████████

██ *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 509 (7th Cir. 2007). *See also Beverly v. Abbott*

*Lab'ys,* 817 F.3d 328, 335 (7th Cir. 2016)█████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Wilson v. Wilson,*

46 F.3d 660, 667 (7th Cir. 1995)█████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████

　　████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████.

11

## IV.     CONCLUSION

Plaintiffs respectfully request the Court to enforce the settlement agreement by and
between Fieldale and the Affiliated Foods Plaintiffs ███████████, and grant Plaintiffs such
other and further relief to which they are justly entitled.

Dated: August 8, 2023

Respectfully submitted,

**CERA LLP**
Solomon B. Cera
201 California Street, Suite 1240
San Francisco, CA 94111
Tel: (415) 777-2230
Email: scera@cerallp.com

**CERA LLP**
C. Andrew Dirksen
800 Boylston Street, 16th Floor
Boston, MA 02199
Tel: (857) 453-6555
Email: cdirksen@cerallp.com

**HAYNSWORTH SINKLER BOYD P.A.**
Elizabeth H. Black
1201 Main Street, 22nd Floor
Columbia, South Carolina 29201
Tel: (803) 779-3080
Email:  eblack@hsblawfirm.com

*-and-*

Jay W. Matthews, III
1 North Main Street, 2nd Floor
Greenville, SC 29601
Tel: (864) 240-3200
Email:  jmatthews@hsblawfirm.com

*/s/ Robert N. Kaplan*
**KAPLAN FOX & KILSHEIMER LLP**
Robert N. Kaplan
Gregory K. Arenson
Matthew P. McCahill
800 Third Avenue, 38th Floor
New York, NY 10022
Tel: (212) 687-1980
Email: rkaplan@kaplanfox.com
Email: garenson@kaplanfox.com
Email: mmccahill@kaplanfox.com

**LIFVENDAHL LAW, LLC**
Eric R. Lifvendahl
265 Latrobe Avenue
Northfield, IL 60093
Tel: (847) 830-7002
Email: elifvendahl@lgcounsel.com

**THE COFFMAN LAW FIRM**
Richard L. Coffman
3355 West Alabama, Suite 240
Houston, TX 77098
Tel: (713) 528-6700
Email: rcoffman@coffmanlawfirm.com

**MARCUS & SHAPIRA LLP**
Bernard D. Marcus
Moira Cain-Mannix
Erin Gibson Allen
One Oxford Center, 35th Floor
Pittsburgh, PA 15219
Tel: (412) 471-3490
Email: marcus@marcus-shapira.com
Email: cain-mannix@marcus-shapira.com
Email: allen@marcus-shapira.com

*Counsel for the Affiliated Foods Plaintiffs*

**CERTIFICATE OF SERVICE**

On August 8, 2023, I caused a true and correct copy of the foregoing Reply Memorandum in Support of the Affiliated Food Plaintiffs' Motion to Enforce Settlement Agreement with Defendant Fieldale Farms Corporation to be electronically filed using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Robert N. Kaplan, Esq.*
Robert N. Kaplan, Esq.