UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 16 C 8637<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

As part of the summary judgment process, which included several separately filed and briefed motions, Defendants filed a motion for summary judgment on certain state law issues.[1] The Court granted that motion with respect to the following defendants: Agri Stats; Case; Fieldale; Foster; Fries-Claxton; Perdue; and Wayne. The Court reserved ruling on the motion with respect to the remaining defendants: Harrison; Keystone; Koch; Mountaire; OK Foods; Peco; Pilgrim's; Raeford; Sanderson; Simmons; and Tyson. This order addresses the issues raised by the motion for summary judgment on state law issues with respect to those remaining defendants.

---

[1] Some of the state law claims were brought by direct action plaintiffs participating in the trial scheduled for September 12, 2023 with the Direct Purchase Plaintiff Class. Those direct action plaintiffs have since stipulated to dismiss their state law claims. *See* R. 6752; R. 6753; R. 6754; R. 6755; R. 6756. Thus, the only remaining state law claims are brought by the Indirect Purchaser Plaintiff Class and the End User Plaintiff Class, which the Court refers to as "Plaintiffs" in this opinion.

I.  **Consumer Protection Claims**

   A.  **Price-Fixing**

Defendants first argue that summary judgment should be granted with respect to Plaintiffs' claims under the consumer protection statutes in nine states and the District of Columbia, because "the consumer protection statute does not apply to claims of anti-competitive conduct or price-fixing." R. 5847 at 4. The Court rejects those arguments with respect to each jurisdiction for the following reasons:

*Michigan & North Dakota*. As an initial matter, Defendants seek summary judgment on Plaintiffs' Michigan and North Dakota consumer protection claims, *see* R. 5847 at 4 n.1, but Plaintiffs do not bring claims under the Michigan and North Dakota consumer protection statutes. *See* R. 6230-1.

*District of Columbia*. Most courts have found that the D.C. consumer protection statute is broad enough to cover price-fixing claims. *See In re Chocolate Confectionary Antitrust Litig.*, 602 F. Supp. 2d 538, 584 (M.D. Pa. 2009); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1126 (N.D. Cal. 2008); *Osbourne v. Capital City Mortg. Corp.,* 727 A.2d 322, 325–26 (D.C.1999) (the statute's "extensive enforcement mechanisms apply not only to the unlawful trade practices proscribed by [the statute], but to all other statutory and common law prohibitions."); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1126 (N.D. Cal. 2008); *Dist. Cablevision Ltd. P'ship v. Bassin*, 828 A.2d 714, 723 (D.C. 2003) ("Trade practices that violate other laws, including the common law, also fall within the purview of the [D.C. consumer protection statute]."); *In re New Motor Vehicles*

2

*Canadian Exp. Antitrust Litig.*, 350 F. Supp. 2d 160, 183 (D. Me. 2004). The one case cited by Defendants found that the D.C. statute did not apply to price-fixing because it is not unconscionable conduct, *see* R. 5847 at 4 (citing *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1030 (N.D. Cal. 2007)), but unconscionability is not required for a violation of the D.C. statute.

*Illinois*. There is no dispositive authority finding that a price-fixing claim cannot be brought under the Illinois consumer protection statute, 815 ILCS 505/10a. Defendants cite a case finding that Illinois statute does not permit price-fixing claims. *See Gaebler v. New Mexico Potash Corp.*, 676 N.E.2d 228, 230 (Ill. App. Ct. 1st Dist. 1996). But a court in this district rejected *Gaebler's* reasoning. *See Siegel v. Shell Oil Co.*, 480 F. Supp. 2d 1034, 1049 (N.D. Ill. 2007). And the reasonsing of the Gaebler case has also been undermined by Seventh Circuit dicta. *See Batson v. Live Nation Ent., Inc.*, 746 F.3d 827, 831 (7th Cir. 2014) ("It remains possible, however, that an unfair practice might be covered by both the antitrust law and the Consumer Fraud Act, and so we proceed on the basis of that assumption.")

*Nevada*. Courts have permitted price-fixing claims under the Nevada consumer protection statute. *See In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d 198, 226-27 (S.D.N.Y. 2012); *see also In re Packaged Seafood Prod. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1081 (S.D. Cal. 2017). Defendants do not cite any authority to the contrary.

*New Mexico*. The one case cited by Defendants found that the New Mexico consumer protection statute does not apply to price-fixing because it is not

3

unconscionable conduct. *See* R. 5847 at 4 (citing *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1030 (N.D. Cal. 2007)). But most courts have found that unconscionability is not required for a violation of the New Mexico statute, and have permitted claims based on price-fixing to be brought under the New Mexico consumer protection statute. *See In re Effexor Antitrust Litig.*, 357 F. Supp. 3d 363, 397-98 (D.N.J. 2018) ("Federal courts generally permit [New Mexico Unfair Practices Act] actions in price-fixing cases provided that the plaintiff alleges a 'gross disparity' between the price paid for a product and the value received."); *Chocolate Confectionary*, 602 F.Supp.2d at 585 (collecting cases); *Flash Memory*, 643 F.Supp.2d at 1159-60; *Liquid Aluminum Sulfate,* 2017 WL 3131977, at \*27, at \*108-09; *In re Aftermarket Filters Antitrust Litig.*, 2009 WL 3754041, at \*9, (N.D. Ill. Nov. 5, 2009). This Court agrees.

*Oregon*. Defendants cite a case that dismissed price-fixing claims under the Oregon consumer protection statute because that statute requires "deceptive conduct" and the court found that the plaintiffs had not alleged such conduct. *See In re Zetia (Ezetimibe) Antitrust Litig.*, 2019 WL 1397228, at \*31 (E.D. Va. Feb. 6, 2019), *report and recommendation adopted by*, 400 F. Supp. 3d 418 (E.D. Va. Aug. 9, 2019). However, the court in *In re Packaged Seafood Prod. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1083-84 (S.D. Cal. 2017), found that plaintiffs bringing price-fixing claims had alleged "deceptive conduct." The Court agrees with the analysis in *In re Packaged Seafood*.

*Rhode Island*. "The majority of courts that have been presented with this issue have held" that the Rhode Island consumer protection statute "encompasses . . . price-

4

fixing injuries." *In re Effexor Antitrust Litig.*, 357 F. Supp. 3d 363, 399 (D.N.J. 2018); *Chocolate Confectionary*, 602 F.Supp.2d at 587; *TFT-LCD*, 586 F.Supp.2d at 1129-30; *DRAM II*, 536 F.Supp.2d at 1144-45. This Court joins that majority.

*South Dakota*. The South Dakota consumer protection statute prohibits deceptive practices or misrepresentations concerning the sale of merchandise. Courts have found that price-fixing claims are based on deceptive practices and misrepresentations. *See In re DDAVP Indirect Purchaser Antitrust Litig. v. Ferring Pharms. Inc.*, 903 F. Supp.2d 198, 229 (holding indirect purchaser plaintiffs stated a claim under the South Dakota consumer protection statute where defendants' misrepresentations allowed Defendants to charge plaintiffs' supra-competitive prices for the pharmaceuticals at issue); *In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*, 2021 WL 4306018, at *19 (N.D. Cal. Sept. 22, 2021). This Court agrees with those courts.

*Utah*. The Indirects bring a claim under the Utah Unfair Practices Act, Utah Code Ann. §§ 13-5-1. That statute has been repealed, so their claim is dismissed.

The End Users bring a claim under the Utah Consumer Sales Practices Act, Utah Code Ann. §§ 13-11-1. Defendants do not cite any authority supporting their argument that price-fixing claims are not permitted under this statute, so that claim stands.

### B. Businesses

Defendants argue that summary judgment should be granted on the Indirects' claims under consumer protection statutes in eight states and the District of

5

Columbia because the consumer protection statutes in those jurisdictions "do not cover conduct that is commercial."[2] The eight states are Hawaii, Kansas, Michigan, Minnesota, Nevada, Oregon, South Carolina and Vermont. Defendants arguments as to the District of Columbia, Hawaii, Kansas, and Michigan are irrelevant because the Indirects do not bring claims under the consumer protection statutes of those jurisdictions. *See* R. 6230-1.

With respect to Nevada, Defendants rely on cases finding that the Nevada statute was limited to claims by elderly or disabled people. This is an incorrect interpretation of the statute. *See In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d 198, 226-27 & n.14 (S.D.N.Y. 2012). And other courts have permitted competitors, as opposed to consumers, to bring claims under the statute. *See, e.g., S. Serv. Corp. v. Excel Bldg. Servs., Inc.,* 617 F. Supp. 2d 1097, 1099 (D. Nev. 2007). Thus, the Court rejects Defendants' argument that the Nevada consumer protection statute does not permit claims by competitors.

As for the remaining four states—Minnesota, Oregon, South Carolina, and Vermont—the Court agrees with Defendants that the consumer protection statutes in these states apply to only "consumer" transactions as opposed to purchases for "business purposes." *See Lyon Fin. Servs., Inc. v. Protech Plumbing & Heating, Inc.*, 2004 WL 376966, at *3 (Minn. Ct. App. Mar. 2, 2004). Plaintiffs arguments to the contrary rely on case law stating that businesses and corporations can be "consumers"

---

[2] Defendants of course do not make this argument with respect to the End Users' claims because the End Users' transactions are not commercial by definition.

in certain circumstances. But here, Plaintiffs' allege, and the evidence shows, that the Indirect Purchaser Plaintiffs purchased Broilers for business reasons, either to resell the Broilers or to use the Broilers in preparation of a product sold to consumers. None of the Indirect Purchaser Plaintiffs were "consumers" of the Broilers. Therefore, summary judgment is granted to Defendants on the claims under the consumer protection statutes of Minnesota, Oregon, South Carolina, and Vermont.

### C. Reliance

Defendants argue that Plaintiffs have failed to identify evidence of "reliance" and that failure is fatal to claims under the consumer protection statutes of Nevada, North Carolina and South Dakota.[3] Plaintiffs argue that the Court stated in the order on class certification that "reliance . . . [is] simply not relevant to a price-fixing claim." Of course, as Defendants point out, what the Court actually said was that in the context of addressing Rule 23's superiority element, "the differences in consumer protection laws concerning reliance and intent are simply not relevant to a price-fixing claim." R. 5644 at 53. That statement regarding class certification has nothing to say about whether "reliance" is a necessary element to proving liability in any state statute.

Plaintiffs do not dispute that the consumer protection statutes of Nevada, North Carolina and South Dakota include a reliance element. They also do not

---

[3] Defendants also make this argument with respect to the Minnesota consumer protection statute, but the Court has already granted summary judgment to Defendants on the Indirects' claims under the Minnesota consumer protection statute because the Indirects are not consumers, and the End Users do not bring a Minnesota consumer protection act claim.

7

dispute that they have failed to identify evidence of reliance. They argue only that the reliance element is not applicable to a price-fixing claim. But they cite no authority for this argument. Therefore, summary judgment is granted to Defendants on the consumer protection act claims under Nevada, North Carolina and South Dakota.

### D. Interstate

Defendants last argument with respect to consumer protection statutes is that summary judgment should be granted on the consumer protection statutes of Mississippi, New Hampshire and Utah because "no claim may be brought under [those statutes] where the conduct complained of is primarily interstate in nature." R. 5847 at 6. But while Plaintiffs' claims certainly concern interstate conduct, Defendants have not explained why this excludes the possibility that there was sufficient *intrastate* conduct to satisfy the consumer protection statutes of Mississippi, New Hampshire and Utah. Considering the nature of the Broiler industry and commerce in the United States in general, the Court presumes that interstate commerce is accompanied by extensive intrastate commerce. Without a much stronger showing that there was insufficient intrastate commerce in Mississippi, New Hampshire and Utah, the Court is unwilling to grant summary judgment on those claims.

## II. Unjust Enrichment Claims

Defendants make three arguments with respect to Plaintiffs' unjust enrichment claims: (1) in 18 states, there can be no unjust enrichment where an

8

adequate remedy at law exists; (2) in four states, unjust enrichment is not a stand-alone cause of action; and (3) in at least twelve states, indirect purchasers may not bring claims for unjust enrichment.

From the Court's perspective, a more fundamental issue precedes Defendants' arguments. Plaintiffs do not dispute that liability on their unjust enrichment claims rises and falls with liability on their statutory claims. In other words, Plaintiffs have not identified any difference in the elements of their unjust enrichment claims that would make it possible for them to succeed on those claims were they to fail on their statutory claims. Nor have Plaintiffs identified any form of relief under the unjust enrichment laws that is unavailable to them under their statutory claims. If there is no difference in the alleged harm and the available remedies, then the claims are duplicative. Instructing the jury as to both claims risks an inconsistent verdict. *See Fed. Deposit Ins. Corp. for Valley Bank v. Crowe Horwath LLP*, 2018 WL 1508485, at *7 (N.D. Ill. Mar. 27, 2018) ("presenting duplicate claims based on the same operative facts poses the danger of the jury delivering an inconsistent verdict, most likely requiring a new trial").

The parties have not addressed this issue. For that reason, the Court continues to reserve on Defendants' motion for summary judgment on the unjust enrichment claims. The parties should revisit these issues if necessary in a motion in limine.

## Conclusion

Therefore, Defendants' motion is granted in part, denied in part, and reserved in part. The motion for summary judgment is granted with respect to Plaintiffs'

9

claims under the consumer protection of statutes of Minnesota, Nevada, North Carolina, Oregon, South Carolina, South Dakota, and Vermont, and the Indirects' Utah claim. The motion is reserved with respect to the unjust enrichment claims. The motion is denied in all other respects.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: August 15, 2023