**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION* | Case No. 1:16-cv-08637 |
| *This Document Relates To:* | Honorable Thomas M. Durkin |
| *ALL TRACK 1 CASES* | Magistrate Judge Jeffrey T. Gilbert |

**COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' AND END-USER CONSUMER PLAINTIFFS' UNOPPOSED MOTION TO CLARIFY ORDER ON JOINT MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' STATE LAW CLAIMS**

Pursuant to Federal Rule of Civil Procedure 60(a), Plaintiffs respectfully request that the Court amend the conclusion of its order on Defendants' motion for summary judgment on Plaintiffs' state-law claims, *see* R. 6782, to clarify that the Court's ruling with respect to the consumer protection claims under the laws of Minnesota, Oregon, South Carolina, and Vermont applies only to Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs," or "Indirect Purchaser Plaintiffs")—and not to End-User Consumer Plaintiffs (or "End Users"). *See* Fed. R. Civ. P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice.").[1]

The Court granted summary judgment for Defendants on those claims based on Defendants' argument that "the consumer protection statutes in those jurisdictions 'do not cover conduct that is commercial.'" R. 6782 at 6. In their motion, Defendants made clear that this argument applied only to "CIIP[P]s and DAPs [who] purchased broilers for commercial or business use." R. 5847 at 5; *see also* R. 6374 at 1 (arguing on reply that "Defendants argue that th[ese] statutes 'do not cover conduct that is commercial in nature'—as opposed to personal consumer conduct. . . . That is an important difference, and one that bars *CIIPPs and DAPs' consumer protection claims* in these states." (emphasis added)).[2] And, as the Court acknowledged, "Defendants of course d[id] not make this argument with respect to the End Users' claims because the End Users' transactions are not commercial by definition." R. 6782 at 6 n.2. In analyzing that argument, the Court concluded "Indirect Purchase Plaintiffs purchased Broilers for business

---

[1] Plaintiffs conferred with Defendants regarding this motion, and Defendants advised that "Defendants do not oppose the EUCPs' motion insofar as it concerns the laws of Minnesota, Oregon, South Carolina, and Vermont."

[2] Because the direct action plaintiffs who brought these claims have since withdrawn them, the Court's analysis applied only to Indirect Purchaser Plaintiffs. *See* R. 6782 at 1 n.1.

1

reasons," and that "[n]one of the Indirect Purchaser Plaintiffs were 'consumers' of the Broilers." *Id.* at 7. Accordingly, the Court held that Defendants were entitled to summary judgment under the consumer protection laws of Minnesota, Oregon, South Carolina, and Vermont. *Id.*

The Court's decision makes clear the Court held that Defendants were entitled to summary judgment under the laws of Minnesota, Oregon, South Carolina, and Vermont based on arguments that applied only to Indirect Purchaser Plaintiffs.[3] The Court's conclusion, however, indicates that "the motion for summary judgment is granted with respect to Plaintiffs' claims under the consumer protection of statutes of Minnesota, Nevada, North Carolina, Oregon, South Carolina, South Dakota, and Vermont." *Id.* at 9-10. Because the Court's analysis on Plaintiffs' state law claims under the consumer protection laws of Minnesota, Oregon, South Carolina, and Vermont applied only to Indirect Purchaser Plaintiffs—and not to End User Consumer Plaintiffs—Plaintiffs respectfully request that the Court amend its order to indicate that its decision disposed of only Indirects' claims under the laws of those states.[4]

---

[3] This is particularly true for Minnesota and Vermont, as End Users do not have consumer protection claims under the laws of either state. *See* R. 6230-1.

[4] Plaintiffs do not request any other changes to the Court's conclusion.

2

| | |
|---|---|
| Date: September 6, 2023 | Respectfully submitted, |

| | |
|---|---|
| *s/ Shana E. Scarlett* | *s/ Brent W. Johnson* |
| Shana E. Scarlett | Brent W. Johnson |
| Rio R. Pierce | Benjamin D. Brown |
| HAGENS BERMAN SOBOL SHAPIRO LLP | Daniel H. Silverman |
| 715 Hearst Avenue, Suite 202 | Alison S. Deich |
| Berkeley, CA 94710 | Zachary R. Glubiak |
| T: (510) 725-3000 | Zachary Krowitz |
| shanas@hbsslaw.com | COHEN MILSTEIN SELLERS & TOLL, PLLC |
| riop@hbsslaw.com | 1100 New York Ave. NW |
| | Suite 500, West Tower |
| Steve W. Berman | Washington, DC 20005 |
| Breanna Van Engelen | T: (202) 408-4600 |
| Abigail D. Pershing | bjohnson@cohenmilstein.com |
| HAGENS BERMAN SOBOL SHAPIRO LLP | bbrown@cohenmilstein.com |
| 1301 Second Avenue, Suite 2000 | dsilverman@cohenmilstein.com |
| Seattle, WA 98101 | adeich@cohenmilstein.com |
| T: (206) 623-7292 | zglubiak@cohenmilstein.com |
| steve@hbsslaw.com | zkrowitz@cohenmilstein.com |
| breannav@hbsslaw.com | |
| abigailp@hbsslaw.com | ***End-User Consumer Plaintiffs' Co-Lead Counsel*** |
| | |
| Elaine T. Byszewski | |
| HAGENS BERMAN SOBOL SHAPIRO LLP | |
| 301 N. Lake Ave., Suite 920 | |
| Pasadena, CA 91101 | |
| T: (213) 330-7150 | |
| elaine@hbsslaw.com | |

*/s/ Daniel C. Hedlund*
Daniel E. Gustafson
Daniel C. Hedlund
Michelle J. Looby
Joshua J. Rissman
GUSTAFSON GLUEK PLLC
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
T: (612) 333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
jrissman@gustafsongluek.com

Adam J. Zapala
James G. Dallal
COTCHETT, PITRE & MCCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
T: (650) 697-6000
azapala@cpmlegal.com
jdallal@cpmlegal.com

Alexander E. Barnett
COTCHETT, PITRE & MCCARTHY, LLP
40 Worth Street, Suite 602
New York, NY 10013
T: (212) 201-6820
abarnett@cpmlegal.com

***Commercial and Institutional Indirect Purchaser Plaintiffs' Co-Lead Counsel***

Kenneth A. Wexler
Melinda J. Morales
WEXLER BOLEY & ELGERSMA LLP
311 So. Wacker Dr., Ste. 5450
Chicago, IL 60606
T: (312) 346-2222
kaw@wbe-llp.com
mjm@wbe-llp.com

***Commercial and Institutional Indirect Purchaser Plaintiffs' Liaison Counsel***

4

**CERTIFICATE OF SERVICE**

  The undersigned attorney of record hereby certifies that a true and correct copy of the foregoing was filed electronically through the Court's CM/ECF system. Notice and a copy of this filing will be served upon all counsel of record by email.

                 */s/ Brent W. Johnson*
                  Brent W. Johnson