IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>Sysco Corp. v. Tyson Foods, Inc., et al., 18-cv-700 | Case No. 16 C 8637<br><br>Judge Thomas M. Durkin<br>Magistrate Judge Jeffrey T. Gilbert<br><br>**PILGRIM'S PRIDE CORPORATION'S OPPOSITION TO NON-PARTY CARINA VENTURES LLC'S MOTION FOR PERMISSION TO FILE RESPONSE** |

Pilgrim's Pride Corporation objects to the motion filed by non-party Carina Ventures, LLC, ECF 6941, for the following reasons:

1. Although Carina has filed a motion to substitute for Sysco Corporation as a plaintiff in the case, ECF 6630, that motion has not been granted. Carina is therefore a non-party. The mechanism for a non-party to participate in the litigation of substantive motions is a motion to intervene. Carina has not filed a motion to intervene, so its motion should be denied.

2. If the Court were to construe Carina's filing as a motion to intervene, the motion should still be denied. To intervene, Carina must demonstrate a "direct" and "unique" interest relating to Pilgrim's motion that might be impaired by the disposition of the motion, and it must establish that the named parties inadequately represent that interest. *See Wisconsin Educ. Ass'n Council v. Walker*, 705 F.3d 640, 658 (7th Cir. 2013). It has done none of these things.

Carina's interest is plainly *indirect*. Carina is not a party to the settlement between Pilgrim's and Sysco, and it never was. *See* ECF 6853, Exs. 3, 5, 6, 10, 11 to Sangalis Declaration. That a Carina *affiliate*, Burford, engaged in arbitration with Sysco about a settlement between Sysco and Pilgrim's demonstrates the point—the settlement is between Sysco and Pilgrim's, not

1

Burford or Carina. *See* ECF 6510. Pilgrim's did not participate in the arbitration and it has no relationship with Burford or Carina.

Carina's interest is also not unique. While it states that its "interests with respect to Pilgrim's motion are not the same as Sysco's interests," ECF 6914 at 3, it does not explain how they differ or why any divergence in interests is relevant to Pilgrim's motion. Indeed, it appears that Carina's only unique interest relates to a *separate* dispute between Carina and Sysco that has nothing to do with Pilgrim's. To the extent Sysco represented to Carina or Burford that "it had not settled with Pilgrim's," *id*. at 3, that statement was not accurate, but it also has nothing to do with Pilgrim's or Pilgrim's motion. Pilgrim's never made such a representation to anyone, and if Carina believes it was misled by Sysco as to the status of Sysco's claims against Pilgrim's, that is a matter Carina must take up separately with Sysco in a separate forum.

While Carina states that "Sysco's own forthcoming filing is insufficient to protect Carina's interest," it again does not explain how or why this may be true. Sysco plans to oppose Pilgrim's motion. Presumably Sysco will argue the settlement should not be enforced so that it can avoid further litigation with Carina about whether Sysco misled Carina about the status of its claims against Pilgrim's. That is the same position that would be advanced by Carina, and Carina has not explained why it should be allowed to burden the Court with duplicative briefing or why Sysco's arguments in opposition to Pilgrim's motion will not adequately represent Carina's position.

3. The fact that "overlap" exists between Pilgrim's motion and Carina's substitution motion does not provide a basis for Carina to file as a non-party. The two motions overlap simply because the settlement between Sysco and Pilgrim's extinguished Sysco's claims against Pilgrim's, which means Sysco could not have assigned those claims to Carina months later. Thus, a ruling on Pilgrim's motion will clarify the scope of the claims that are subject to Carina's

substitution motion, which will be decided on its own merits by the Court.

Dated:  October 3, 2023    Respectfully submitted,

/s/ *Michael D. Bonanno*
Michael D. Bonanno
William A. Burck
Christopher G. Michel
Kathleen A. Lanigan
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I St. NW, Suite 900
Washington, DC 20005
Tel: (202) 538-8000
mikebonanno@quinnemanuel.com
williamburck@quinnemanuel.com
christophermichel@quinnemanuel.com
katlanigan@quinnemanuel.com

Debra D. Bernstein
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338
Tel: (404) 482-3502
debrabernstein@quinnemanuel.com

Michelle Schmit
191 N. Wacker Dr., Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
michelleschmit@quinnemanuel.com

*Counsel for Defendant Pilgrim's Pride Corporation*

## CERTIFICATE OF SERVICE

On October 3, 2023, I caused a true and correct copy of the foregoing opposition to be electronically filed using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: October 3, 2023

Respectfully submitted,

/s/ *Michael D. Bonanno*
Michael D. Bonanno

*Counsel for Defendant Pilgrim's Pride Corporation*