IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **IN RE BROILER CHICKEN ANTITRUST LITIGATION** <br><br> THIS DOCUMENT RELATES TO: <br> *Direct Purchaser Plaintiff & TRACK 1 DAP Actions* | Case No: 1:16-cv-08637 <br><br> Hon. Judge Thomas M. Durkin <br><br> Magistrate Judge Jeffrey T. Gilbert |

# SEPTEMBER TRACK ONE TRIAL PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S RULING REGARDING MOTION IN LIMINE NO. 15

I. **Introduction**

Plaintiffs respectfully request that the Court reconsider its order denying Plaintiffs' Motion in Limine No. 15 (ECF No. 6706) to exclude and distinguish Fact Testimony and Expert Testimony of Keith Cooper. On reconsideration Plaintiffs have narrowed the scope of this motion to Sections 2.2, 2.3 and 2.4 of the Cooper Report. (*See* Cooper Report at p. 29-51.) In these sections of his report, Mr. Cooper provides factual narratives relating to what he calls financial distress for broiler companies, based on his own personal knowledge, and summaries of evidence selected by defense counsel. Mr. Cooper is not analyzing this factual evidence for the purpose of supporting his expert analysis or the reasonableness of his damages model. Rather, it is the narrative itself, which Sanderson and Mr. Cooper are attempting to present as expert testimony. As this court has recognized, this type of narration of factual evidence is not appropriate for an expert witness.

The inappropriateness of Mr. Cooper's narrative summaries are compounded by his status as an industry participant and his "personal knowledge" of the events set forth in Sections 2.2 through 2.4 of his report. While a witness may testify as both an expert and a fact witness in some circumstances, Mr. Cooper cannot because he was never disclosed as a fact witness under Rule 26 and not subjected to the same documentary and evidentiary scrutiny as other fact witnesses. Furthermore, Mr. Cooper should not be able to serve as dual fact and opinion witness due to the inherent dangers and potential for prejudice arising from such testimony. Therefore, the Court should grant Plaintiffs' motion and bar Mr. Cooper from testifying to the factual narratives in Sections 2.2 through 2.4 of his report.

II. **Legal Argument**

Mr. Cooper is a consultant at FTI Consulting, Inc. ("FTI") who specializes in "distressed turnaround, restructuring, operational improvement, and interim management engagements." Expert Report of Keith F. Cooper, dated Feb. 21, 2022 ("Cooper Report"), at 5 (ECF Nos. 5906 and 5909).

Mr. Cooper is not an economist. Exhibit 1, Keith Cooper Dep. Tr., at 16:14-20 (June 29, 2022), (ECF No. 6707, Exhibit 13)(filed concurrently herewith). He has "advised firms within the broiler and agricultural industries on specific actions they can take to improve profitability," including the following co-conspirators: Pilgrim's, Koch, Tyson, OK Foods, House of Raeford, Sanderson Farms and Simmons Foods. *See* Cooper Report, at 6, 111-114 (listing Mr. Cooper's consulting engagements); Ex. 1, Cooper Dep. Tr., at 23:14-25:2. A number of those engagements occurred during the conspiracy period from late 2008 through 2012. *Id.* at 37:24-38:3.

Sections 2.2 through 2.4 of his report present factual narratives relating to what he characterizes as financial distress for broiler companies. Section 2.2 contains factual summaries of bankruptcies by Pilgrim's Pride and four non-defendant broiler producers. *See* Cooper Report at 29-36. Mr. Cooper and his company, FTI, were involved in each of these bankruptcies, except one (Townsends). Ex. 1, Cooper Dep. Tr., at 79:15-20. Section 2.3 of the Cooper Report contains factual summaries of "near bankruptcies and other financial distress" by House of Raeford, Koch Foods, Wayne Farms, Case Farms, Mar-Jac, and Peco, for which Mr. Cooper and FTI worked as consultants during the period at issue. *See* Cooper Report, at 36-48. Section 2.4 discusses "other company-specific factors that may impact production." *See id.*, at 51-52. Each of these sections of his report were based in large part on Mr. Cooper's personal knowledge. *Id.*, at 36 n.90 ("Information I know based on my personal involvement with those companies at the time."); Ex. 1, Cooper Dep. Tr., at 80:11-18; 97:5-15; 158:5-17. Furthermore, the documents relied upon by Mr. Cooper were cherry-picked for him by defense counsel. *Id.*, at 69:8-17, 97:16-23.

    A.    **The Challenged Portions of the Cooper Report Should Be Excluded Because They Constitute Inadmissible Factual Narratives**

Sections 2.2 through 2.4 of the Cooper Report should be excluded because they constitute inadmissible summaries of factual evidence which are outside of the permissible scope of expert

testimony. As this Court and others have recognized it is not the expert's job to interpret the meaning of documentary evidence. *See also JamSports Entertainment, LLC v. Paradama Prods., Inc.*, No. 02-CV-2298, 2005 WL 14917, *10 (N.D. Ill. Jan. 3, 2005) (Barring experts "from rendering opinions that amount to simply interpreting the evidence and drawing inferences regarding the motivation of Clear Channel or others."); *Rocklane Co., LLC v. Travelers Cas. Ins. Co. of Am.*, No. 1:17-CV-02158, 2020 WL 1320963, at *7 (S.D. Ind. Jan. 21, 2020) ("It is inappropriate for experts to become a vehicle for factual narrative, because [a]cting simply as a narrator of the facts does not convey opinions based on an expert's knowledge and expertise . . . and thus fails to fulfill *Daubert*'s most basic requirements.") (internal quotation marks and citation omitted); *Anderson News, L.L.C. v. Am. Media, Inc.*, No. 09-CV-2227 PAC, 2015 WL 5003528, at *4 (S.D.N.Y. Aug. 20, 2015) (excluding opinions that "merely recit[e] what is on the face of ... document[s] produced during discovery"), *aff'd*, 899 F.3d 87 (2d Cir. 2018).

"Under Rule 703, an expert may rely on hearsay in formulating his opinion—provided the requirements of Rule 702 are met—but the evidence is not admissible for the truth of the matters asserted." *Loeffel Steel Prod., Inc. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 808 (N.D. Ill. 2005), *amended*, No. 01-CV-9389, 2005 WL 8178971 (N.D. Ill. Sept. 8, 2005). Moreover, FRE 703 "was not intended to abolish the hearsay rule and to allow a witness, under the guise of giving expert testimony, to in effect become the mouthpiece of the witnesses on whose statements or opinions the expert purports to base his opinion." *Id.* An expert may disclose to the jury otherwise inadmissible facts "only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." FRE 703. More specifically, courts have recognized that whether defendants are "members of the conspiracy was not an appropriate subject for expert testimony. It was not in any way linked to the 'specialized knowledge' that Rule 702 requires." *Flores-De-Jesus,* 569 F.3d at 20. Even if expert testimony satisfies FRE 702, it may be excluded under FRE 403 "if its probative

value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." *Daubert v. Merrell Dow Pharms*., Inc., 509 U.S. 579, 595 (1993) (noting that "the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses'").

The factual narratives and summaries set forth in Sections 2.2 through 2.4 of the Cooper report fail to satisfy this standard and should be excluded. In these portions of his report, Mr. Cooper is providing factual summaries of facts and events which are interpreting the statements and intentions of factual events and witnesses.[1] These statements and summaries of facts and events improperly usurp the evidentiary rules and demarcation between factual and evidentiary evidence. Over the last several weeks the jury has had a chance to hear from the industry participants regarding these events and circumstances. If Sanderson intended to further develop the factual record they should have done so through fact witnesses. Sanderson should not be permitted to use Mr. Cooper to tell their factual narrative under the guise of expert opinion testimony.

    **B.**    **Cooper Cannot Qualify as a Fact Witness Because He Has Not Been Properly Disclosed and Such "Dual" Testimony is Unduly Prejudicial and Confusing**

For the reasons set forth above, Sections 2.2 through 2.4 of the Cooper Report do not qualify as proper opinion testimony and should be excluded. To the extent that Sanderson attempts to treat Mr. Cooper as a fact witness based on his "personal knowledge" this argument cannot prevail because Mr. Cooper was never disclosed as a fact witness. While witnesses can serve the dual role

---

[1] *See e.g.* Cooper Report, at 30 (repeating Pilgrim CFO's statement regarding the reasons for Pilgrim's bankruptcy and citing Declaration of Richard A. Cogdill), at 32 (quoting deposition testimony of Cogdill), at 38 (quoting the deposition of Don Taber of House of Raeford regarding effect of production cuts), 40 (citing Koch's publicly announced reason for cutting production), 44 (quoting deposition of Wayne CFO Courtney Fazekas), 46 (relying on deposition testimony of Case's CFO, President, and manager for the Morganton plant regarding the reasons for production cuts); Section 2.4 (Relying on the testimony of defendants witnesses regarding their supply cuts being caused by immigration raids).

of fact and expert witness under some circumstances, they must be disclosed pursuant to Rule 26 and subjected to fact discovery including production of documents and a fact deposition. None of these prerequisites for serving as a fact witness were satisfied as to Mr. Cooper, because he was never disclosed as a fact witness in any of Defendants' Rule 26 disclosures. As such, Plaintiffs did not have an opportunity to obtain documents or take his deposition as a fact witness.

In addition to these substantive procedural deficiencies, Mr. Cooper should not be able to serve in the dual role of fact and opinion witness due to the inherent dangers and potential for prejudice arising from such testimony. As the Seventh Circuit has warned, "there are some inherent dangers with this kind of dual testimony. For example, the witness' dual role might confuse the jury. Or the jury might be smitten by an expert's 'aura of special reliability' and therefore give his factual testimony undue weight." *United States v. York*, 572 F.3d 415, 425 (7th Cir. 2009) (internal citations omitted); *United States v. Christian*, 673 F.3d 702, 710 (7th Cir. 2012) ("[A] witness should not be allowed to put an 'expert gloss' on a conclusion that the jurors should draw themselves."). As set forth above, the concern regarding prejudice and confusion are heightened in the case of dual fact and expert witnesses, whose fact testimony may result in an "'aura of special reliability' and therefore give his factual testimony undue weight." *York*, 572 F.3d at 425.

### III. Conclusion

For these reasons, Plaintiffs respectfully request that the Court grant this motion and prohibit Mr. Cooper from testifying regarding the factual narratives set forth in Sections 2.2 through 2.4 of his report. To the extent that Mr. Cooper is permitted to provide such testimony, the Court should provide the jury with an appropriate limiting instruction.

| | |
|---|---|
| Dated: October 13, 2023 | Respectfully, |
| | |
| By: */s/ Bobby Pouya* | By: s/ Paul E. Slater |
| Clifford H. Pearson, Esquire | Paul E. Slater, Esquire |
| Daniel L. Warshaw, Esquire | Joseph M. Vanek, Esquire |
| Bobby Pouya, Esquire | David P. Germaine, Esquire |
| Michael H. Pearson, Esquire | Phillip F. Cramer, Esquire |
| PEARSON WARSHAW, LLP | John P. Bjork, Esquire |
| 15165 Ventura Boulevard | SPERLING & SLATER, P.C. |
| Suite 400 | 55 West Monroe Street |
| Sherman Oaks, CA 92403 | Suite 3200 |
| Tel: (818) 788-8300 | Chicago, Illinois 60603 |
| Fax: (818) 788-8104 | Tel: (312) 641-3200 |
| E-mail: cpearson@pwfirm.com | Fax: (312) 641-6492 |
|     dwarshaw@pwfirm.com | E-mail: PES@Sperling-law.com |
|     bpouya@pwfirm.com |     JVanek@Sperling-law.com |
|     mpearson@pwfirm.com |     DGermaine@Sperling-law.com |
| |     Cramer@Sperling-law.com |
| Bruce L. Simon, Esquire |     JBjork@Sperling-law.com |
| Jill M. Manning, Esquire | |
| PEARSON WARSHAW, LLP | Ryan T. Holt, Esquire |
| 555 Montgomery Street | Christina R.B. Lopez, Esquire |
| Suite 1205 | SHERRARD ROE VOIGT & HARBISON, PLC |
| San Francisco, CA 94111 | 150 3rd Avenue South |
| Tel: (415) 433-9000 | Suite 1100 |
| Fax: (415) 433-9008 | Nashville, TN 37201 |
| E-mail: bsimon@pwfirm.com | Tel: (615) 742-4200 |
|     jmanning@pwfirm.com | E-mail: rholt@srvhlaw.com |
| |     clopez@srvhlaw.com |
| W. Joseph Bruckner, Esquire | |
| Brian D. Clark, Esquire | ***Counsel for Plaintiffs Associated Grocers of the South, Inc., Meijer, Inc., Meijer Distribution, Inc., OSI Restaurant Partners, LLC, Publix Super Markets, Inc., Supervalu Inc.; Unified Grocers, Inc.; Associated Grocers of Florida, Inc.; and Wakefern Food Corp. (the "Publix DAPs")*** |
| Simeon A. Morbey, Esquire | |
| Kyle Pozan, Esquire | |
| LOCKRIDGE GRINDAL NAUEN P.L.L.P | |
| 100 Washington Avenue South | |
| Suite 2200 | |
| Minneapolis, MN 55401 | |
| Tel: (612) 339-6900 | |
| Fax: (612) 339-0981 | |
| E-mail: wjbruckner@locklaw.com | |
|     bdckark@locklaw.com | |
|     samorbey@locklaw.com | |
|     kjpozan@locklaw.com | |

***Co-Lead Class Counsel for Direct Purchaser Plaintiffs***

By: s/ William J. Blechman
William J. Blechman, Esquire
Kevin J. Murray, Esquire
Douglas H. Patton, Esquire
Samuel J. Randall, Esquire
Michael A. Ponzoli, Esquire
KENNY NACHWALTER, P.A.
1441 Brickell Avenue
Suite 1100
Miami, Florida 33131
Tel: (305) 373-1000
Fax: (305) 372-1861
E-mail: wblechman@knpa.com
  kmurray@knpa.com
  dpatton@knpa.com
  srandall@knpa.com
  mponzoli@knpa.com

**Counsel for Plaintiffs The Kroger Co., Albertsons Companies, Inc., Hy-Vee, Inc., and Save Mart Supermarkets (the "Kroger DAPs")**

By: s/ Patrick J. Ahern
Patrick J. Ahern, Esquire
AHERN AND ASSOCIATES, P.C.
8 South Michigan Avenue, Suite 3600
Chicago, Illinois 60603
Tel: (312) 404-3760
patrick.ahern@ahernandassociatespc.com

**Counsel for Plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC (the "Winn-Dixie DAPs")**

By: s/ Daniel D. Owen
Daniel D. Owen, Esquire
POLSINELLI PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112
Tel: (816) 753-1000
Fax: (816) 753-1536
E-mail: dowen@polsinelli.com

Rodney L. Lewis, Esquire
POLSINELLI PC
150 N. Riverside Plaza, Suite 3000
Chicago, Illinois 60606
Tel: (312) 819-1900
Fax: (312) 819-1910
E-mail: rodneylewis@polsinelli.com

**Counsel for Plaintiff Associated Wholesale Grocers, Inc.**

By: s/ Robert N. Kaplan
Robert N. Kaplan, Esquire
Gregory K. Arenson, Esquire
Matthew P. McCahill, Esquire
Jason Uris, Esquire
KAPLAN FOX & KILSHEIMER, LLP
800 Third Avenue, 38th Floor
New York, N.Y. 10022
Tel: (212) 687-1980
E-mail: rkaplan@kaplanfox.com
    garenson@kaplanfox.com
    mmccahill@kaplanfox.com
    juris@kaplanfox.com

Solomon B. Cera, Esquire
CERA LLP
201 California Street, Suite 1240
San Francisco, CA 94111
Tel: (415) 777-2230
E-mail: scera@cerallp.com

C. Andrew Dirksen, Esquire
CERA LLP
800 Boylston Street, 16th Floor
Boston, MA 02199
Tel: (857) 453-6555
E-mail: cdirksen@cerallp.com

Elizabeth H. Black, Esquire
HAYNSWORTH SINKLER BOYD P.A.
1201 Main Street, 22nd Floor
Columbia, SC 29201-3226
Tel: (803) 540-7753
E-mail: eblack@hsblawfirm.com

Jay W. Matthews, III, Esquire
HAYNSWORTH SINKLER BOYD P.A.
1 North Main Street, 2nd Floor
Greenville, SC 29601
Tel: (864) 240-3200
E-mail: jmatthews@hsblawfirm.com

Eric R. Lifvendahl, Esquire
LIFVENDAHL LAW, LLC
265 Latrobe Ave.
Northfield, IL 60093
E-mail: eric@liflaw.com

Richard L. Coffman, Esquire
THE COFFMAN LAW FIRM
3355 West Alabama, Suite 240
Houston, Texas 77098
Tel: (713) 528-6700
E-mail: rcoffman@coffmanlawfirm.com

Bernard D. Marcus, Esquire
Moira Cain-Mannix, Esquire
Brian C. Hill, Esquire
MARCUS & SHAPIRA LLP
One Oxford Center, 35th Floor
Pittsburgh, PA 15219
Tel: (412) 471-3490
E-mail: marcus@marcus-shapira.com
    cain-mannix@marcus-shapira.com
    bhill@marcus-shapira.com

*Counsel for Action Meat Distributors, Inc.; Affiliated Foods, Inc.; Alex Lee, Inc./Merchants Distributors, LLC; Associated Food Stores, Inc.; Associated Grocers of New England, Inc.; Associated Grocers, Inc.; Bashas' Inc.; Big Y Foods, Inc.; Brookshire Bros., Inc.; Brookshire Grocery Company; CBBC Opco, LLC d/b/a Colorado Boxed Beef; Certco, Inc.; Columbia Meats, Inc.; Fareway Stores, Inc.; Giant Eagle, Inc.; Greenville Meats, Inc.; Howard Samuels as Trustee in Bankruptcy for Central Grocers, Inc.; Ira Higdon Grocery Company, Inc.; King Solomon Foods, Inc.; Latina Boulevard Foods, LLC; Nicholas & Co., Inc.; Pacific Food Distributors, Inc.; Piggly Wiggly Alabama Distributing Co., Inc.; S&S Trading, LLC; Schnuck Markets, Inc.; SpartanNash Company; Springfield Grocer Co. (d/b/a SGC Foodservice); The Distribution Group, Inc. (d/b/a Van Eerden Foodservice Company); The Golub Corporation; Topco Associates, LLC; Troyer Foods, Inc.; URM Stores, Inc.; W. Lee Flowers & Company, Inc.; Weinstein Wholesale Meats, Inc.; and Woodman's Food Market, Inc.*