IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION* | Case No. 1:16-cv-08637 |
| This Document Relates To: *March 12, 2024 Track One Trial Parties* | Hon. Judge Thomas M. Durkin<br>Magistrate Judge Jeffrey T. Gilbert |

## JOINT STATUS REPORT RELATED TO MARCH 12, 2024 TRIAL

In response to the Court's Minute Entry (ECF No. 7016), the Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs") and Defendants Koch Foods, Mountaire Farms, House of Raeford Farms, O.K. Foods, Simmons Foods, and Sanderson Farms (collectively, the "Defendants") (CIIPPs and Defendants, collectively, the "Parties"), through their respective attorneys, present this joint status report related to the upcoming trial set to begin on March 12, 2024 ("March Trial").

1. **PARTIES' POSITION ON TRIAL DATE**

The trial is scheduled to begin on March 12, 2024. On November 9, 2023, the Court denied Defendant Sanderson Farms's oral motion to continue the March Trial by 120 days. ECF No. 7036. The parties are not seeking further adjustments at this time.

2. **PARTIES PARTICIPATING AT TRIAL**

As the CIIPPs indicated during the November 9 telephonic conference, the Plaintiffs participating at trial include the CIIPP class, and no opt-out plaintiffs. Koch Foods, Mountaire Farms, House of Raeford Farms, O.K. Foods, Simmons Foods, and Sanderson Farms are also proceeding to trial.[1]

---

[1] Harrison Poultry reached a settlement with the CIIPPs and that settlement has received preliminary approval. No final approval hearing has been scheduled.

1

### 3. PARTIES' POSITIONS REGARDING ANTICIPATED LENGTH OF TRIAL

**CIIPPs**: As CIIPPs have the burden of proof on most issues and are asserting claims under the laws of 29 jurisdictions (28 states and Washington, D.C) as represented by 31 class representatives, CIIPPs are of the view that they should be allocated more trial time than Defendants, reflecting an upward adjustment of one-third the number of hours that Defendants are allocated (*e.g.,* if Defendants are allocated 45 hours, CIIPPs should be allocated 60, etc.). The specific amount of time CIIPPs will request depends upon the parties' ability to stipulate as to several issues relating to which witnesses are required to appear, including whether Defendants will require *all* 31 class representatives to appear to provide what would amount to duplicative and cumulative testimony, which of the parties' witnesses are available to appear live rather than through deposition video, as well as any updates regarding which Defendants will ultimately participate in the March Trial. For present purposes, CIIPPs currently anticipate requesting between 60 to 75 hours to put on their affirmative case.

For the reasons stated above, CIIPPs also disagree with Defendants' request for 130 hours, the suggestion that Defendants be allocated nearly half again the time allocated to CIIPPs, and the proposal for 220 hours of total trial time. CIIPPs also note that the sides in the DPP-DAP trial took over six weeks to use roughly 88 hours of trial time, which suggests 220 hours of total trial time would require the members of the jury to serve for three months or more, and therefore would impose a greater burden than warranted. The DPP class and 54 DAPs put on their case in roughly 53 hours and Sanderson presented its defense in 35. There is no need to almost triple that amount of time as many of the issues overlap, such as whether there was an agreement to restrain supply. As for Defendants' statements regarding evidence relating to Defendants who will not be at trial or relating to Agri Stats and EMI, CIIPPs intend to present all admissible relevant evidence supporting the CIIPPs' claims, but do not see either issue as creating any

special need for significantly more trial time. As for the permissible scope of expert testimony, expert witnesses are permitted to offer opinions as to whether Defendants' conduct is more consistent with collusion than competition. For example, experts may evaluate such conduct as communications among competitors sharing production plans. An expert witness is permitted to explain to the jury why engaging in such conduct would be against a firm's self-interest absent collusion. CIIPPs furthermore note that now is not the time for Motions in Limine or *Daubert* briefing, but CIIPPs look forward to addressing these issues in due course.

**DEFENDANTS:** The six remaining Defendants currently estimate that the time needed to present their case is approximately 130 hours. Plaintiffs should need no more than 90 hours to present their case. A trial of roughly 220 hours would last roughly nine weeks (assuming four trial days per week with six hours of trial time per day).

As the Court previously recognized in conjunction with the September 2023 trial, "considering [the nine] defendants, and the relative unity of Plaintiffs' claims, the trial hours must be weighted towards Defendants." (ECF 6617, Minute Order). Defendants' proposal for this trial follows that approach because a single class of Plaintiffs will present a unified case with at most two opinion witnesses. State law variations and the possibility of multiple class representatives testifying does not warrant the single class of Plaintiffs needing more hours to present their case than six Defendants with multiple witnesses and distinct explanations for their conduct. Each of the six Defendants will need sufficient time to introduce their company to the jury and present the specific facts applicable to their unique business strategies and conditions through individual company fact witnesses and company-specific opinion witnesses. Those individual presentations will be in addition to the likely presentation of jointly-retained opinion witnesses on issues applicable to multiple Defendants. Moreover, the parties are in the process of meeting and conferring on the number of class representatives that

3

will testify, and Defendants anticipate that as in the last trial (where only two class representatives testified), testimony from every class representative will not be necessary.

For context, at the September 2023 trial, Sanderson Farms used roughly 35 hours by itself. Recognizing that there will be some overlap and joint presentations of common industry issues, Defendants' proposal of 130 hours is substantially less than a similar per Defendant figure while still preserving needed time for the substantial individual presentations that will be required by each trial defendant. Plaintiffs' proposal would only give six Defendants roughly 40-50 hours which is not remotely sufficient for Defendants to present their respective factual and expert witnesses.

The actual length of time Defendants need to present their case will depend on a variety of factors based on subsequent pretrial disclosures and Court rulings, as well as the amount of time Plaintiffs spend presenting their case. An important factor will be how much evidence Plaintiffs are permitted and ultimately choose to present on producers who have either settled with Plaintiffs, or whom the Court ruled are not part of any conspiracy at summary judgment. The extent to which Plaintiffs are permitted to suggest Agri Stats or EMI facilitated the alleged conspiracy will similarly bear on how much time is required. The scope of testimony that Plaintiffs elicit from the fact witnesses that Defendants make available for trial will also necessarily influence the time required for Defendants' case.

For opinion witnesses, the case can be streamlined by again not permitting Plaintiffs' opinion witnesses to "simply spout facts and dress them us as opinions," or proffer Plaintiffs' preferred interpretations of Defendants documents, *see, e.g., Burns v. Sherwin-Williams Co.*, 2022 WL 4329417, at *20 (N.D. Ill. Sept. 18, 2022), as was done in the first trial. *See, e.g.*, Trial Tr. at 368:17-20 ("[Y]ou can't put in your case on the plaintiffs' side through an expert interpreting 100 emails saying this is what this means, this is what that means."); *id.* at 1220:6-

4

12 (remarking one of plaintiffs' opinion witnesses could not "get in the minds of any of the people who wrote [] emails, writer or recipient, and his interpretation, unless it's based on some economic . . . theory"); *id.* at 1220:25 ("These opinion witnesses are not mouthpieces for the attorneys."); *id.* at 2728:9-17 ("Ladies and gentlemen, any of the opinion witnesses that have come in previously and Dr. Carter right now and what I expect will be some opinion witnesses in the defense case, they're not here to interpret or comment on credibility of fact witnesses. That ultimately is your decision, not . . . people who are testifying to say so-and-so meant something or so-and-so interpreted something that way. That's . . . your role and your role alone, not the role of a witness.").

As the Parties continue to confer and exchange pre-trial witness and exhibit lists, the Defendants anticipate being able to provide a more accurate and concise estimation of time necessary for trial.

DATED: November 17, 2023                                 Respectfully submitted,


*s/ Daniel C. Hedlund*
Daniel E. Gustafson
Daniel C. Hedlund
Michelle J. Looby
Joshua J. Rissman
GUSTAFSON GLUEK PLLC
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
jrissman@gustafsongluek.com

*s/ Adam J. Zapala*
Adam J. Zapala
James G. Dallal
COTCHETT, PITRE & MCCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010

Kenneth A. Wexler
Melinda J. Morales
WEXLER BOLEY & ELGERSMA LLP
311 South Wacker Drive, Suite 5450
Chicago, IL 60606
Tel: (312) 346-2222
kaw@wbe-llp.com
mjm@wbe-llp.com

*Commercial and Institutional Indirect Purchaser Plaintiffs' Liaison Counsel*

Tel: (650) 697-6000
azapala@cpmlegal.com
jdallal@cpmlegal.com

Alexander E. Barnett
COTCHETT, PITRE & MCCARTHY, LLP
40 Worth Street, Suite 602
New York, NY 10013
Tel: (212) 201-6820
abarnett@cpmlegal.com

*Commercial and Institutional Indirect*
*Purchaser Plaintiffs' Co-Lead Counsel*

SHOOK HARDY & BACON LLP

/s/ *Lynn H. Murray*
Lynn H. Murray (#6191802)
SHOOK, HARDY & BACON L.L.P.
111 S. Wacker Dr., Ste 4700
Chicago IL 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195
lhmurray@shb.com

Laurie A. Novion (admitted *pro hac vice*)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
lnovion@shb.com

John R. Elrod (admitted *pro hac vice*)
Vicki Bronson (admitted *pro hac vice*)
CONNER & WINTERS
4375 N. Vantage Drive, Ste. 405
Fayetteville, AR 72703
Telephone: (479) 582-5711
jelrod@cwlaw.com
vbronson@cwlaw.com
*Attorneys for Defendants Simmons Foods, Inc. and Simmons Prepared Foods, Inc.*

ARENTFOX SCHIFF LLP

By: */s/ Margaret A. Hickey*
Margaret A. Hickey Lawrence
Harris Heftman
Kylie S. Wood
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone: (312) 258-5500
maggie.hickey@afslaw.com
lawrence.heftman@afslaw.com
kylie.wood@afslaw.com

Robert J. Wierenga
Suzanne L. Wahl
350 South Main Street, Suite 210
Ann Arbor, MI 48104
Telephone: (734) 222-1500
robert.wierenga@afslaw.com
suzanne.wahl@afslaw.com

ROSE LAW FIRM

Amanda K. Wofford (admitted *pro hac vice*)
Bourgon Reynolds (admitted *pro hac vice*)
120 East Fourth Street
Little Rock, AR 72201
Telephone: (501) 375-9131
Facsimile: (501) 375-1309
awofford@roselawfirm.com
breynolds@roselawfirm.com

John W. Treece (#3122889)
1135 West Montana Street
Chicago, IL 60614
Telephone: (312) 961-7808
jtreece@jwtreece.com

*Attorneys for Defendants Mountaire Farms Inc., Mountaire Farms, LLC and Mountaire Farms of Delaware, Inc.*

| ARMSTRONG TEASDALE LLP | VEDDER PRICE P.C. |
|---|---|
| By: */s/ Stephen Novack*<br>Stephen Novack (#2067587)<br>Stephen J. Siegel (#6209054)<br>100 North Riverside Plaza<br>Chicago, IL 60606<br>Telephone: (312) 419-6900<br>Facsimile: (312) 419-6928<br>snovack@atllp.com<br>ssiegel@atllp.com<br><br>*Attorneys for Defendants Koch Foods Incorporated, JCG Foods of Alabama LLC, JCG Foods of Georgia LLC and Koch Meat Co., Inc.* | By: /s/ *Gregory G. Wrobel*<br>Gregory G. Wrobel (#3122900)<br>222 N. LaSalle Street<br>Chicago, IL 60601<br>Telephone: (312) 609-7722<br>Facsimile: (312) 609-5005<br>gwrobel@vedderprice.com<br><br>JORDAN PRICE WALL GRAY JONES & CARLTON, PLLC<br><br>Henry W. Jones, Jr. (admitted *pro hac vice*)<br>1951 Clark Avenue<br>Raleigh, NC 27605<br>Telephone: (919) 828-2501<br>Facsimile: (919) 834-8447<br>hjones@jordanprice.com<br>*Attorneys for Defendant House of Raeford Farms, Inc.* |

KUTAK ROCK LLP

By: */s/ John Passarelli*
John P. Passarelli
James M. Sulentic
KUTAK ROCK LLP
1650 Farnam Street
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
john.passarelli@kutakrock.com
james.sulentic@kutakrock.com

J.R. Carroll
Jeffrey M. Fletcher
Stephen M. Dacus
KUTAK ROCK LLP
234 East Millsap Road, Suite 200
Fayetteville, AR 72703-4099
Telephone: (479) 973-4200
Facsimile: (479) 973-0007
jr.carroll@kutakrock.com
jeffrey.fletcher@kutakrock.com
stephen.dacus@kutakrock.com

MOLOLAMKEN LLP

Megan Cunniff Church
MoloLamken LLP
300 N. LaSalle Street, Suite 5350
Chicago, IL 60654
Telephone: (312) 450-6716
Facsimile: (312) 450-6701
mchurch@mololamken.com
ldayton@mololamken.com
*Attorneys for Defendants O.K. Foods, Inc.,
O.K. Farms, Inc., and O.K. Industries, Inc.*

PROSKAUER ROSE LLP

By: */s/ Christopher E. Ondeck*
Marc E. Rosenthal
70 W. Madison, Suite 3800
Chicago, IL 60602
Telephone: (312) 962-3530
mrosenthal@proskauer.com

Christopher E. Ondeck (admitted *pro hac vice*)
Stephen R. Chuk (admitted *pro hac vice*)
1001 Pennsylvania Ave., NW, Ste 600
Washington, DC 20004
Telephone: (202) 416-6800
condeck@proskauer.com
schuk@proskauer.com

Scott A. Eggers (admitted *pro hac vice*)
11 Times Square
New York, NY 10036
Telephone: (212) 969-3000
seggers@proskauer.com

Colin G. Cabral (admitted *pro hac vice*)
Kyle A. Casazza (admitted *pro hac vice*)
Shawn S. Ledingham, Jr. (admitted *pro hac vice*)
Simona Weil (admitted *pro hac vice*)
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
Telephone: (310) 284-5677
ccabral@proskauer.com
kcasazza@proskauer.com
sledingham@proskauer.com
sweil@proskauer.com

Jared DuBosar (admitted *pro hac vice*)
2255 Glades Road, Suite 421
Boca Raton, FL 33431-7360
Telephone: (561) 995-4702
jdubosar@proskauer.com

*Attorneys for Defendants Sanderson Farms, LLC* (*f/k/a Sanderson Farms, Inc.*)*, Sanderson Farms Foods, LLC* (*f/k/a Sanderson Farms, Inc.* (*Foods Division*))*, Sanderson Farms Production, LLC* (*f/k/a Sanderson Farms, Inc.* (*Production Division*))*, and Sanderson Farms Processing, LLC* (*f/k/a Sanderson Farms, Inc.* (*Processing Division*))

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2023, a true and correct copy of the foregoing document was served on all counsel of record through the Court's electronic filing system.

*/s/ Adam J. Zapala*
Adam J. Zapala
