**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION,<br><br>This Document Relates To:<br><br>THE DIRECT PURCHASER PLAINTIFF ACTION | Case No.: 1:16-cv-08637<br><br>The Honorable Thomas M. Durkin |

**DIRECT PURCHASER PLAINTIFFS' STATEMENT IN RESPONSE TO ECF NO. 7046
REGARDING THE CERTAIN RESTAURANT DAPS' MOTION FOR
CLARIFICATION OF ORDER REGARDING OPT OUT STATUS**

On October 23, 2023, Direct Purchaser Plaintiffs filed their Response to Certain Restaurant DAPs' Motion for Clarification of Order Regarding Opt-Out Status (ECF No. 6999). On November 21, 2023 (ECF No. 7046), the Court requested either a citation for or an explanation of the following statement in DPPs' response:

> That is particularly true in this case, in which before the Class was certified the Court clearly notified DPPs (and **DPPs notified the Class**) **that if they elected to proceed on Track 1 they would waive bid-rigging claims**. Thus, when the Class was certified and the Class Notice was issued, the playing field was clear to the putative Class members—including the Certain Restaurant DAPs—that having elected Track 1 the Class would focus on supply restraints and Georgia Dock manipulation.

(ECF No. 6999 at 9 (emphasis added to match the Court's request, ECF No. 7046).)

The Class Notice did not specifically mention bid rigging, but for good reason: At the time of the Class Notice, there were no pending settlements and therefore no releases at issue. As such, it was necessary and consistent with Rule 23 to provide broad notice to Class members that if they have *any* antitrust claims against Defendants, they need to opt out or those claims would be barred.[1]

However, in making the statement that the Court is presently seeking explanation of, Co-Lead Class Counsel were actually referring to the docket (*e.g.*, "…having elected Track 1…"), not the Class Notice. The procedural history regarding waiver of bid rigging claims by the DPP Class was based on publicly available orders, transcripts, and filings in the case. Namely, on October 15, 2021, the Court required all plaintiffs in the action to elect whether to proceed on Track 1 (supply restraint and Georgia Dock) or Track 2 (which also included bid rigging). (ECF No. 5128.) During

---

[1] *See In re AT&T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. 330, 352 (N.D. Ill. 2010) ("The notice need not be unduly specific. The notice of the Proposed Settlement, to satisfy both Rule 23(e) requirements and constitutional due process protections, need only be reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the settlement proposed and to afford them an opportunity to present their objections.'") (quoting 4 Newberg on Class Actions § 11:53 (4th ed. 2010)); *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 807 F. App'x 752, 764 (10th Cir. 2020) (rejecting objector's argument that the notice was deficient by not detailing all potential affected claims, because no such level of specificity is required by Rule 23); *In re Brand Name Prescription Drugs Antitrust Litig.*, 94 C 897, 1996 WL 167347, at *4 (N.D. Ill. Apr. 4, 1996) ("Class notice is not intended to serve as a complete source of information as to each and every alternative a class member may have in pursuing any potential claim against named defendants."); *see also* ECF No. 7052 at 41-45 (addressing sufficiency of the notice).

the December 20, 2021, hearing regarding the case structure, the Court made clear, "if you're in Track One, that will be your only trial. If you want to allege bid rigging as part of an overall conspiracy or as some other type of your case in chief, go to Track Two." (ECF No. 5305 at 11:15-19.) In accordance with these orders the DPP Class elected to "proceed on Track One to try their claim under Section 1 of the Sherman Act against Defendants." (*See* ECF No. 5307.)

In addition to these publicly available documents, the Court-approved notice adequately apprised the Class members of the pendency of the class action and the need to opt out if they wanted to procced with their own individual suit. (*See* ECF No. 6195.) The notice plainly states:

> Plaintiffs allege that Defendants implemented their conspiracy in various ways, including via coordinated supply restrictions, sharing competitively sensitive price and production information, and otherwise manipulating Broiler prices, with the intent and expected result of increasing prices of Broilers in the United States, in violation of federal antitrust laws.

(ECF No. 6195 at 7.) The notice further advised:

> **Unless you exclude yourself … you will remain in the Certified Class**, which means that you **cannot** sue, **continue to sue**, or be part of any other lawsuit against the Non-Settling Defendants and their affiliates that pertains to the claims in this case.
>
> …if you wish to pursue your own separate lawsuit against the Non-Settling Defendants, **you must exclude yourself by submitting a written request to the Notice Administrator** stating your intent to exclude yourself from the Certified Class…
>
> Unless you exclude yourself, you give up the right to sue the Non-Settling Defendants for the claims set forth in the litigation. **If you have a pending lawsuit against one or more of the Defendants, speak to your lawyer in that lawsuit immediately to determine whether you must exclude yourself from this Class to continue your own lawsuit against the Non-Settling Defendants**.

(ECF No. 6195 at 8-9 (emphasis added).)

The Class Notice was clear, concise, and sufficient to place Class members on notice that they needed to act—including consulting their lawyers—to determine whether to opt out to protect their rights. Rule 23 does not require class notice to provide additional specificity, including every conceivable claim or right that could be impacted by a future judgment or settlement. (*See* n.1 above.) As the Certain Restaurant DAPs have admitted, their decision not to file a opt out does not arise from a lack of notice (*See* ECF No. 6841 at 2), but instead their misinterpretation of the law.

Date: December 1, 2023

/s/ Bobby Pouya
Clifford H. Pearson (*Pro Hac Vice*)
Daniel L. Warshaw (*Pro Hac Vice*)
Bobby Pouya (*Pro Hac Vice*)
Michael H. Pearson (*Pro Hac Vice*)
**PEARSON WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
T: (818) 788-8300
F: (818) 788-8104
cpearson@pwfirm.com
dwarshaw@pwfirm.com
bpouya@pwfirm.com
mpearson@pwfirm.com

W. Joseph Bruckner (*Pro Hac Vice*)
Brian D. Clark (*Pro Hac Vice*)
Simeon A. Morbey (*Pro Hac Vice*)
Kyle Pozan (IL #6306761)
Arielle S. Wagner (*Pro Hac Vice*)
Stephen M. Owen (*Pro Hac Vice*)
Develyn Mistriotti (*Pro Hac Vice*)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P**.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
T: (612) 339-6900
F: (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com
samorbey@locklaw.com
kjpozan@locklaw.com
aswagner@locklaw.com
smowen@locklaw.com
djmistriotti@locklaw.com

Bruce L. Simon (*Pro Hac Vice*)
Jill M. Manning (*Pro Hac Vice*)
**PEARSON WARSHAW, LLP**
555 Montgomery Street, Suite 1205
San Francisco, CA 94111
T: (415) 433-9000
F: (415) 433-9008
bsimon@pwfirm.com
jmanning@pwfirm.com

*Direct Purchaser Plaintiffs' Co-Lead Class Counsel*

Steven A. Hart (IL #6211008)
Brian Eldridge (IL #6281336)
**HART MCLAUGHLIN & ELDRIDGE, LLC**
1 South Dearborn, Suite 1400
Chicago, IL 60603
T: (312) 955-0545
F: (312) 971-9243
shart@hmelegal.com
beldridge@hmelegal.com

*Direct Purchaser Plaintiffs' Liaison Class Counsel*