**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Sysco Corp. v. Tyson Foods, Inc., et al.*<br>Case No. 18-cv-00700 | Case No. 1:16-cv-08637<br><br>Judge Thomas M. Durkin<br>Magistrate Judge Jeffrey T. Gilbert |

**CARINA VENTURES LLC'S SUPPLEMENTAL BRIEF IN OPPOSITION TO
PILGRIM'S PRIDE CORPORATION'S MOTION TO ENFORCE**

**INTRODUCTION**

Carina Ventures LLC ("Carina")[1] respectfully submits this supplemental brief in response to the Court's March 28, 2024 order requesting further briefing on whether the Court has "authority to enforce" a "purported agreement" that "requires dismissal of lawsuits not pending before this Court." *See* Dkt. No. 7194. ███████████████████████

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Whatever the scope of the Court's inherent authority to enforce settlement agreements, the Court surely does not have the power to create new agreements or to reform the agreement into something other than what the parties allegedly agreed to. *See Wang Lab'ys, Inc. v. Applied*

---

[1] Pursuant to the Court's order substituting Carina for Sysco Corporation ("Sysco") as plaintiff in this action, *see* Dkt. No. 7184, Carina is filing this supplemental brief as the party interested in the outcome of Pilgrim's Pride Corporation's ("Pilgrim's") motion.

*Comput. Scis., Inc.*, 958 F.2d 355, 359 (Fed. Cir. 1992) (explaining that a district court "does not have the power to make [a settlement] agreement for the parties"); *Ozyagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir. 1983) ("[A district court] does not have the power to impose, in the role of a final arbiter, a settlement agreement where there was never a meeting of the parties' minds.").

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████

The Court lacks authority to do so, for two reasons. First, the Court's ancillary jurisdiction does not extend to enforcement of settlements in cases pending before another court.[2] That power is limited to managing the Court's *own* proceedings. █████████████████████

██████████████████████████████████████████████████████████████████████

████████████████████████████████████████

I. **The Court lacks jurisdiction to enforce the purported settlement agreement.**

"Because federal courts possess limited jurisdiction, and 'jurisdiction is power to declare the law,'" this Court must "ensure it possesses authority to adjudicate the dispute." *Boim v. Am. Muslims for Palestine*, 9 F.4th 545, 550 (7th Cir. 2021) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)) (cleaned up). Pilgrim's cannot carry its the burden of showing that this dispute lies within the Court's "limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), because no source of federal jurisdiction empowers this Court to enforce the purported multijurisdictional settlement before it.

Although the Seventh Circuit has recognized a district court's inherent power "summarily

---

[2] "Ancillary jurisdiction is the formal name for the [Court's] inherent power[.]" *United States v. Wahi*, 850 F.3d 296, 298 (7th Cir. 2017).

to enforce an agreement to settle a case pending before it," *Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995), that power does not extend to enforcement of settlements of other cases pending before other courts. That limitation flows from the basic principle that ancillary jurisdiction is "at its core, a creature of necessity." *Peacock v. Thomas*, 516 U.S. 349, 358-59 (1996); *see Kokkonen*, 511 U.S. at 380; *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980) ("The inherent powers of federal courts are those which 'are necessary to the exercise of all others.'") (quoting *United States v. Hudson*, 11 U.S. 32, 34 (1812)). While the power to enforce a settlement of a case before it may be necessary "to enable a court to function successfully, that is, to manage *its* proceedings, vindicate *its* authority, and effectuate *its* decrees," *Boim*, 9 F.4th at 551 (quoting *Kokkonen*, 511 U.S. at 380) (emphases added), the same cannot be said of settlements of other cases. ████████████████████████████████████████████████████████████████████████, in violation of longstanding principles of comity among federal courts.³

No other source of jurisdiction exists here. The motion does not arise under federal law, so federal-question jurisdiction does not exist. *Badgerow v. Walters*, 596 U.S. 1, 9 (2022) ("[Q]uarrels about legal settlements—even settlements of federal claims—typically involve only state law, like disagreements about other contracts."); *see also Lynch, Inc. v. SamataMason Inc.*,

---

³ *See W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 728-29 (5th Cir. 1985) ("The federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs" and "avoid rulings which may trench upon the authority of sister courts[.]"); *Fla. v. Dep't of Health & Hum. Servs.*, 19 F.4th 1271, 1285 (11th Cir. 2021) (same); *In re Naranjo*, 768 F.3d 332, 348 (4th Cir. 2014) ("comity requires federal courts to 'exercise care to avoid interference with each other's affairs'") (quoting *W. Gulf Mar.*, 751 F.2d at 729); *Schiesser v. Ford Motor Co.*, 2017 WL 1283499, at *5 (N.D. Ill. Apr. 6, 2017) (judicial comity requires courts "to avoid rulings which may trench upon the authority of sister courts") (quoting *W. Gulf Mar.*, 751 F.2d at 729); *see also Smentek v. Dart*, 683 F.3d 373, 376 (7th Cir. 2012) ("caution[ing] judges against stepping on each other's toes when parallel suits are pending in different courts").

3

279 F.3d 487, 490 (7th Cir. 2002) (state law governs "a suit to enforce a settlement of a federal suit"). Likewise, the Court cannot exercise diversity jurisdiction over the motion to enforce because the parties are not diverse. *See* 28 U.S.C. § 1332. ▮

▮

▮ *See West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 830 (7th Cir. 2020).

The Court also does not have supplemental jurisdiction over Pilgrim's motion. Supplemental jurisdiction only extends to "claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In other words, the Court "has supplemental jurisdiction over [state law] claims pursuant to 28 U.S.C. § 1367(a) so long as they 'derive from a common nucleus of operative fact' with the original federal claims." *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008) (citation omitted). Pilgrim's motion does not involve "a common nucleus of operative fact." Rather, a "motion to enforce the settlement agreement essentially is an action to specifically enforce a contract." *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989); *see also Kokkonen*, 511 U.S. at 378. The facts relevant to Pilgrim's motion, such as the parties' negotiation history and "the existence or terms of an agreement to settle," *Wilson*, 46 F.3d at 664, share no connection with the operative facts in the underlying federal antitrust claims (Defendants' anticompetitive conduct). For this reason, Seventh Circuit precedent grounds the Court's authority to enforce settlements in its inherent power, not the supplemental jurisdiction statute. *See id.*; *Carr v. Runyan*, 89 F.3d 327, 331 (7th Cir. 1996).

II. **The Court cannot enforce the settlement agreement** ▮

In addition to exceeding the limits of this Court's ancillary jurisdiction, enforcing the purported settlement here would violate ▮

4

 Indeed, as the JPML has explained, "[t]wo courts of exclusive different jurisdictions, or venues, cannot exercise control over the same single claim for relief at the same time." *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 495 (J.P.M.L. 1968).

**CONCLUSION**

For these reasons and the reasons given in Sysco's opposition brief, Dkt. No. 6976, Carina respectfully requests that the Court deny Pilgrim's motion.

5

Dated: April 26, 2024 　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ Derek T. Ho
　　　　　　　　　　　　　　　　　　　　　　Derek T. Ho (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　Travis G. Edwards (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　Dustin G. Graber (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　KELLOGG, HANSEN, TODD, FIGEL
　　　　　　　　　　　　　　　　　　　　　　　　& FREDERICK, P.L.L.C.
　　　　　　　　　　　　　　　　　　　　　　1615 M Street, N.W., Suite 400
　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20036
　　　　　　　　　　　　　　　　　　　　　　Tel: (202) 326-7900
　　　　　　　　　　　　　　　　　　　　　　Fax: (202) 326-7999
　　　　　　　　　　　　　　　　　　　　　　dho@kellogghansen.com
　　　　　　　　　　　　　　　　　　　　　　tedwards@kellogghansen.com
　　　　　　　　　　　　　　　　　　　　　　dgraber@kellogghansen.com

　　　　　　　　　　　　　　　　　　　　　　Scott E. Gant
　　　　　　　　　　　　　　　　　　　　　　BOIES SCHILLER FLEXNER LLP
　　　　　　　　　　　　　　　　　　　　　　1401 New York Avenue, NW
　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20005
　　　　　　　　　　　　　　　　　　　　　　Tel: (202) 237-2727
　　　　　　　　　　　　　　　　　　　　　　Fax: (202) 237-6131
　　　　　　　　　　　　　　　　　　　　　　sgant@bsfllp.com

　　　　　　　　　　　　　　　　　　　　　　Colleen A. Harrison
　　　　　　　　　　　　　　　　　　　　　　BOIES SCHILLER FLEXNER LLP
　　　　　　　　　　　　　　　　　　　　　　333 Main Street
　　　　　　　　　　　　　　　　　　　　　　Armonk, NY 10504
　　　　　　　　　　　　　　　　　　　　　　Tel: (914) 749-8204
　　　　　　　　　　　　　　　　　　　　　　charrison@bsfllp.com

　　　　　　　　　　　　　　　　　　　　　　Christopher A. Seeger (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　Jennifer Scullion (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　SEEGER WEISS LLP
　　　　　　　　　　　　　　　　　　　　　　55 Challenger Road
　　　　　　　　　　　　　　　　　　　　　　Ridgefield Park, NJ 07660
　　　　　　　　　　　　　　　　　　　　　　Tel: 212-584-0700
　　　　　　　　　　　　　　　　　　　　　　cseeger@seegerweiss.com
　　　　　　　　　　　　　　　　　　　　　　jscullion@seegerweiss.com

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Carina Ventures LLC*

## CERTIFICATE OF SERVICE

On April 26, 2024, I caused a true and correct copy of Carina Ventures LLC's Supplemental Opposition to Pilgrim's Pride Corporation's Motion to Enforce to be electronically filed using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: April 26, 2024

/s/ Derek T. Ho
Derek T. Ho

*Counsel for Carina Ventures LLC*