**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION,<br><br>This Document Relates To:<br><br>THE DIRECT PURCHASER PLAINTIFF ACTION | Case No.: 1:16-cv-08637<br><br>The Honorable Thomas M. Durkin |

**ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF THE SETTLEMENTS WITH THE
HOUSE OF RAEFORD AND KOCH DEFENDANTS**

1016421.2

On August 13, 2024, at 9:30 a.m. Central Time, this Court held a hearing on Direct Purchaser Plaintiffs' Motion for Final Approval of the Settlement with Defendants House of Raeford Farms, Inc., Koch Foods, Inc., JCG Foods of Alabama, LLC, JCG Foods of Georgia, LLC, and Koch Meat Co., Inc (collectively, "Settling Defendants") ("Motion"). Direct Purchaser Plaintiffs ("Plaintiffs") have entered into the Settlement Agreements with the Settling Defendants. The Court, having reviewed the Motion, its accompanying memorandum and the exhibits thereto, the Settlement Agreements, and all papers filed, hereby finds that the Motion should be **GRANTED** as to the settlements with the Settling Defendants.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of this litigation, including the actions within this litigation, and over the parties to the Settlement Agreements, including all members of the Certified Class (also referred to herein as the "Class") and the Settling Defendants.

2. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreements.

3. The Court previously appointed the law firms of Lockridge Grindal Nauen P.L.L.P., and Pearson Warshaw, LLP (then known as Pearson, Simon & Warshaw, LLP) as Co-Lead Class Counsel for the Certified Class.

4. The Settlements were entered into on behalf of the Class certified by this Court in its order dated May 27, 2022, ECF No. 5644 (the "Certified Class"):

> All persons who purchased raw Broilers directly from any of the Defendants or their respective subsidiaries or affiliates either fresh or frozen, in the form of: whole birds (with or without giblets), whole cut-up birds, or parts (boneless or bone in) derived from the front half of the whole bird, for use or delivery in the United States from December 1, 2008 until July 31, 2019.

5. A court may finally approve a class action settlement if it is fair, reasonable, and adequate. *See* Fed. R. Civ. P. 23(e)(2). In evaluating the fairness of a proposed class action

settlement, courts typically consider: (1) the strength of plaintiffs' case compared to the amount of defendants' settlement offer; (2) an assessment of the likely complexity, length and expense of the litigation; an evaluation of the amount of opposition to settlement among affected parties; (3) the reaction of the class members; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed at the time of settlement. *Isby v. Bayh*, 75 F.3d 1191, 1198-99 (7th Cir. 1996). "[T]he first factor, the relative strength of plaintiffs' case on the merits as compared to what the defendants offer by way of settlement, is the most important consideration." *Id.*

6. In its order of December 6, 2023, ECF No. 7070, the Court preliminarily determined the proposed Settlements to be fair, reasonable, adequate, and in the best interests of the Certified Class. (*See* ECF No. 7070.) The Court further held that the proposed Settlement Agreements, which were arrived at by arm's length negotiations by highly experienced counsel, were within the range of possible approval and raised a reasonable basis for presuming that the Settlements and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e), and thus the Court directed that notice of the Settlements be given to the Certified Class. (*Id.*, ECF No. 7179 at 3-4.) The Court determined that the proposed notice plan complied with Rule 23(c)(2)(B) and due process as it constituted the best notice practicable under the circumstances, including individual notice via mail and email to all Certified Class members who could be identified through reasonable effort. The direct mail and email notice was supported by reasonable publication notice to reach Certified Class members who could not be individually identified. (*Id.*) That notice also informed Class members of their right to object to the Settlements, should they so choose, instructed them on how to file an objection, and informed them that any such objection was due no later than June 1, 2024.

7. Following the Court's preliminary approval of the Settlements, the Court-appointed claims administrator implemented the notice plan described above.

8. The notice given to the Class, including individual notice to all members of the Class who could be identified through reasonable efforts, was the best notice practicable under the circumstances. This notice provided due and sufficient notice of the proceedings and of the matters set forth therein, including the proposed settlements, to all persons entitled to such notice, and this notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

9. The Court hereby finally approves the Settlement Agreements and their terms and finds that the Settlements are, in all respects, fair, reasonable, and adequate to the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure and directs consummation of the Settlement Agreements according to their terms and conditions. The Settlements provide substantial relief to the Class including a combined $75 million in monetary recovery, which is a significant recovery, considering the significant risks and potential defenses available to trial. In addition to these risks, proceeding with the case through trial (and a potential appeal) would have been complex, lengthy, and expensive.

10. The Settlements were entered into after summary judgment and close to trial, after the completion of substantial discovery and pre-trial proceedings, which allowed the Court and Co-Lead Class Counsel to make informed decisions regarding the fairness, reasonableness, and adequacy of the recovery. Court-appointed Co-Lead Class Counsel, who have represented the Class since the inception of the case, fully endorse these Settlements.

11. The reaction of the Class to the Settlements has been overwhelmingly positive. One objection to the Settlement was filed by a group of direct action plaintiffs that failed to opt out of

the Direct Purchaser Class. (*See* ECF No. 7280.) The objectors are: Boston Market Corporation, Bojangles' Restaurants, Inc. and Bojangles' Opco, LLC, Golden Corral Corp., El Pollo Loco, Inc., Zaxby's Franchising LLC, Domino's Pizza LLC and Domino's Pizza Distribution LLC, Cracker Barrel Old Country Store, Inc., CBOCS Distribution, Inc., Barbeque Integrated, Inc. d/b/a Smokey Bones Bar & Fire Grill, Shamrock Foods Company, United Food Service, Inc., FIC Restaurants, Inc. d/b/a Friendly's, The Johnny Rockets Group, Inc., WZ Franchise Corp., Captain D's LLC, and White Castle Purchasing Co. (*See* ECF No. 7280, collectively referred to as the "Restaurant DAPs".) Having fully reviewed and considered the underlying Motion and the objection, pursuant to the Court's August 12, 2024 Order, the Restaurant DAPs' objection is denied. (*See* ECF No. 7352.)

12. Furthermore, the Settling Defendants have served upon the appropriate state officials and the appropriate federal official notice under the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA").

13. Any member of the Class who did not timely and validly request to be excluded from the Certified Class shall be subject to and bound by the provisions of the Settlement Agreements.

14. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) consummation, administration and implementation of the Settlement Agreements; (b) the actions in this litigation until the Final Judgment has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreements; (c) the parties to the Settlement Agreements for the purpose of enforcing and administering the Settlement Agreements; (d) the enforcement of this Final Judgment; and (e) over any suit, action, proceeding, or dispute arising

out of or relating to the Settlement Agreements or the applicability of the Settlement Agreements, that cannot be resolved by negotiation and agreement.

15. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that judgment should be entered and further finds that there is no just reason for delay in the entry of final judgment as to the parties to the Settlement Agreements. Accordingly, the Clerk is hereby directed to enter this Final Judgment forthwith.

**IT IS SO ORDERED.**

DATED: August 14, 2024

_____
HON. THOMAS M. DURKIN