IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION* | Case No. 16 C 8637 |
| This Document Relates To: | Judge Thomas M. Durkin Magistrate Judge Jeffrey T. Gilbert |
| *Sysco Corp. v. Tyson Foods, Inc., et al.*, 18-cv-700 |  |

**Pilgrim's Pride Corporation's Response to Carina Ventures LLC's Motion to Vacate or, in the Alternative, for Reconsideration and Stay Pending Appeal**

**Table of Contents**

INTRODUCTION ..................................................................................................................... 1

ARGUMENT ............................................................................................................................ 3

I.      Vacatur Is Not Warranted ........................................................................................... 3

          A.      Carina Identifies No Change Warranting Vacatur ......................................... 3

                   1.      The Court Had Jurisdiction To Issue The Order ........................................... 3

                   2.      The Settlements Were Binding Agreements ................................................... 5

          B.      Carina Acquiesced To The Enforceability Of The Settlement Agreements
                  By Accepting Payments Made By Pilgrim's And JBS ................................... 8

II.     This Court Should Dismiss Carina's Claims Rather Than Entering An Injunction .............. 9

III.    Carina Fails To Establish That It Is Entitled To A Stay Of Any Injunction ..................... 11

CONCLUSION ....................................................................................................................... 13

## INTRODUCTION

After its unsuccessful attempt to obtain interlocutory review of the Court's Order enforcing the settlement agreements that resolved the claims asserted by Sysco against Pilgrim's and JBS,[1] Carina comes before this Court seeking an extreme remedy: vacatur of the Court's June 14, 2024 Order.  ECF 7366 at 1 (the "Motion") (citing ECF 7272 (the "Order")).  But Carina does not come close to meeting the high bar for vacatur.  It does not identify any change in the law or mistake of fact underlying this Court's prior decision.  Instead, Carina grossly mischaracterizes the Seventh Circuit's order dismissing its appeal and rehashes arguments that this Court already rejected. Those misguided arguments provide no basis to vacate the Court's well-reasoned decision.

Moreover, the only new factual developments identified by Carina confirm that vacatur is inappropriate.  Carina acknowledges that, following the issuance of the Court's Order, Pilgrim's and JBS paid Sysco the amounts due under the *Broilers*, *Pork*, and *Beef* settlement agreements, Sysco accepted those funds, and Sysco then transferred them to Carina.  The acceptance of the settlement payments by both Sysco and Carina only confirms the enforceability of the settlements and underscores that there is no basis for vacatur.  Under Seventh Circuit precedent, "[a] party may become bound to a contract by accepting its benefits, even though he did not sign it," and that is necessarily the case when the party has "accepted the benefits of the contract when [it] cashed [its] check." *Skelton v. Gen. Motors Corp.*, 860 F.2d 250, 259 (7th Cir. 1988) (citation omitted). All potential disputes about the enforceability of the Court's Order were eliminated the moment that Sysco cashed the settlement checks it received from Pilgrim's and JBS.

---

[1]   For the sake of simplicity, Pilgrim's will use the same naming convention as Carina's Motion, referring to JBS USA Food Company, JBS S.A., Swift Beef Company and JBS Packerland, Inc. as "JBS," collectively.

1

As an alternative to vacatur, Carina asks the Court to reconsider its Order and issue an injunction. An injunction, however, is unwarranted and unnecessary at this point. Pilgrim's and JBS have already fulfilled their payment obligations under the settlements. As a result, Carina is now bound to dismiss its claims against Pilgrim's pending before this Court (and Sysco is bound to dismiss the claims pending against JBS before Judge Tunheim in the District of Minnesota). No injunction is necessary to effectuate those obligations. The Court can simply dismiss the claims previously asserted by Sysco against Pilgrim's in this litigation (as JBS is separately petitioning Judge Tunheim to do with the claims pending against JBS in *Pork* and *Beef*). Upon dismissal of the *Broilers* claims, Pilgrim's would remain bound by the other terms of the parties' settlement agreement, as memorialized in the execution-ready draft that was prepared by Sysco (and the same would be true for JBS for the settlements in *Pork* and *Beef*).

While Carina laments "[t]he current situation is, candidly, a mess," Motion at 4, any "mess" is obviously one of Carina's own making. The path to resolving this dispute was not complicated. In a well-reasoned decision, the Court enforced the straightforward settlement agreements, negotiated at arms-length, which Sysco willingly entered. After the issuance of the Court's Order, Pilgrim's and JBS promptly paid Sysco the consideration that they owed under each of the three settlement agreements. Sysco and Carina accepted the money. But instead of abiding by the terms of the agreements (and this Court's Order) by voluntarily dismissing the claims against Pilgrim's and JBS, Carina and Sysco instead opted to press forward with further litigation, hoping to re-trade for better terms than those Sysco accepted. Pilgrim's respectfully asks the Court to bring an end to this wasteful satellite litigation and clean up Carina's "mess" by dismissing the claims that were asserted against Pilgrim's by Sysco in this litigation.

2

**ARGUMENT**

**I.      Vacatur Is Not Warranted**

The bar for vacating an entered order of the Court is high, and Carina does not come close to meeting it.  If anything, developments since the Court issued its Order reinforce that it should remain in place.

**A.      Carina Identifies No Change Warranting Vacatur**

Vacatur is "an extraordinary remedy and is granted only in exceptional circumstances." *Zarate v. Midwest Arbor Corp.*, 2021 WL 5415147, at *1 (N.D. Ill. Nov. 19, 2021) (quoting *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000)).  Carina has not demonstrated the "extraordinary circumstances" necessary to justify that relief.  *Id*. (citation omitted). Specifically, Carina fails to identify any change in the law or facts that could undermine the basis for the Court's Order, and a mere desire to relitigate settled issues does not justify vacatur.  *See*, *e.g.*, *Waldner v. Branigar Org., Inc.*, 1992 WL 321512, at *1–2 (N.D. Ill. Oct. 28, 1992) (denying motion to vacate order to enforce settlement agreement and "reiterat[ing] its earlier order that the parties comply with the settlement agreement according to the terms as found").

Carina's rehashed complaints about jurisdiction and contract formation do not surpass the high barrier necessary to vacate the Order.  Nothing in the Seventh Circuit's order did anything to call into question this Court's inherent authority to enforce settlements involving claims pending before it—the Seventh Circuit merely declined to accept Carina's interlocutory appeal.  Carina's strained attempts to argue otherwise are misguided.

**1.      The Court Had Jurisdiction To Issue The Order**

Carina's statements that the Order "intrudes on the inherent authority of the MDL court in Minnesota" are repetitive and simply wrong.  Motion at 1–2.  As Pilgrim's has demonstrated and this Court has already ruled, this Court has the inherent power "to enforce an agreement to settle

3

a case pending before it."  Order at 4 (quoting *Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995));

*see also id.* at 7 ("The Court has jurisdiction to enforce the agreement because Sysco brought

claims against Pilgrim's before this Court and then agreed to settle them.").  As this Court correctly

concluded after multiple rounds of briefing, ECF 7224, 7227, 7250, 7252, "the parties reached an

agreement.  There must be some court that has the jurisdiction to enforce it. … [E]nforcing the

global settlement does not actually 'tread on' *any* other court's jurisdiction as Carina's argument

contends."  Order at 5 (emphasis in original).  Carina is wrong to suggest the Seventh Circuit's

decision did anything to call this reasoning into question.  The Seventh Circuit merely held that it

lacked appellate jurisdiction over the Order because it did not have injunctive force or create any

other basis for an interlocutory appeal.  2024 Bonanno Decl. Ex. 1 (*Carina Ventures LLC v.

Pilgrim's Pride Corp.*, No. 24-2100 (7th Cir.), ECF 12), at 2–3.

Carina also claims that Pilgrim's recognized the Court could not enforce all three

settlements, pointing to its pending motion for summary judgment in *Pork*, but that too is wrong.

The deadline for summary judgment motions in *Pork* was June 7, 2024, which was **before** the

issuance of the Court's Order enforcing the settlements.  2024 Bonanno Decl. Ex. 2 (*In re Pork

Antitrust Litig.*, No. 18-cv-1776 (D. Minn.), ECF 2119).  To comply with that deadline and avoid

potential waiver of its rights,[2] JBS filed a standalone summary judgment motion in *Pork*, based on

the parties' settlement.  *See* 2024 Bonanno Decl. Ex. 3 (*In re Pork Antitrust Litig.*, No. 18-cv-1776

---

[2]  *See Transclean Corp. v. Motorvac Techs., Inc.*, 2002 WL 31185886, at *2 (D. Minn. Sept. 30, 2002) (Tunheim, J.) ("[T]he Motion to Enforce Settlement is dispositive, and should therefore be treated as a motion for summary judgment."); *Kirckof v. Benoit*, 2005 WL 8163189, at *4 (D. Minn. June 7, 2005) ("Motions to enforce settlement are dispositive, and should therefore be treated similarly to motions for summary judgment.") (citing *Transclean*, 2002 WL 31185886, at *1–2); *Vang v. Prataya*, 2015 WL 5692317, at *2 n.4 (D. Minn. Feb. 10, 2015) ("Because Vang seeks dispositive relief—enforcement of the settlement agreement, which would end the case— the Motion to Enforce Settlement Agreement should [be] considered dispositive.").

4

(D. Minn.), ECF 2340). Following the issuance of the Court's Order on June 14, 2024, Sysco refused to dismiss its claims against JBS in *Pork* and *Beef*. It instead filed an opposition to JBS's motion on August 26, 2024, arguing that **no court** has the inherent authority to enforce the settlements. 2024 Bonanno Decl. Ex. 4 (*In re Pork Antitrust Litig.*, No. 18-cv-1776 (D. Minn.), ECF 2514). Thus, the only reason that JBS "continues to pursue a parallel motion to enforce a purported settlement in *Pork*," Motion at 1, is because Sysco has ignored this Court's Order.

### 2. The Settlements Were Binding Agreements

Carina similarly attempts to relitigate the already-decided issue of whether the settlement agreements were binding, including by suggesting that the negotiations between the parties' duly authorized representatives "cannot possibly be sufficient to bind sophisticated corporate parties." Motion at 3. But "[t]he objective facts here are emails … that demonstrate an agreement. There is also no question as to the terms of the agreement" as the "written draft agreements" provide "sufficient objective evidence of an agreement to enforce it." Order at 3. This Court has already rejected Carina's argument that there were no binding agreements, in accordance with a long line of precedent enforcing agreements in similar circumstances. *Id.* at 2–3; *see, e.g., Transp. Ins. Co. v. Island Food Stores, Ltd.*, 2011 WL 209920, at *5 (N.D. Ill. Jan. 20, 2011) ("The fact that the Parties' attorneys had not yet worked out the verb[i]age of the written settlement agreement or the particulars of the releases does not undermine the existence of the underlying contract."); *Dawson v. Gen. Motors Corp.*, 977 F.2d 369, 374 (7th Cir. 1992) ("The Illinois courts have not been shy about enforcing promises made in the context of ongoing negotiations and often involving preliminary or 'incomplete' agreements.") (collecting cases). Time and time again, courts within the Seventh Circuit have enforced settlements between sophisticated parties where there was no written agreement. *See id.* ("The fact that a formal written document is anticipated does not

5

preclude enforcement of a specific preliminary promise."); *Porter v. Chicago Bd. of Educ.*, 981 F. Supp. 1129, 1131 (N.D. Ill. 1997) ("The subsequent drafting of the written documents was only to memorialize the terms of the oral agreement; neither a written settlement document nor approval of the agreement by any non-party was a condition precedent to the final oral agreement."); *Allstate Fin. Corp. v. Utility Trailer of Illinois, Inc.*, 936 F. Supp. 525, 528 (N.D. Ill. 1996) ("[T]he court finds that the oral settlement agreement … was a final agreement."); *Wilson* 46 F.3d at 667 (affirming district court's ruling finding enforceable settlement agreement reached orally in open court). This case is no different, and contrary to what Carina suggests, there is no special rule that allows a sophisticated corporation to back out of a negotiated settlement agreement.

Likewise, Carina is wrong to question whether the *Broilers* settlement would "qualify under the Judgment Sharing Agreement." Motion at 3. ██████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

███████████████████████████████ as the Court has already recognized, the "Qualified Settlement language under the JSA[]" and "the terms and operation of the [most favored nation clause]" "were incorporated into the written draft agreements Sysco sent to Pilgrim's in December 2022." Order at 3.

Based on these objective facts, ████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████████████████

And the parties knew exactly what that would mean. ████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████

\* \* \* \* \*

7

In short, Carina's arguments as to this Court's jurisdiction over the settlement agreement and the agreement's negotiation provide no grounds to vacate the Order—they are merely an attempt to relitigate the Court's prior decision and should be rejected.

**B.      Carina Acquiesced To The Enforceability Of The Settlement Agreements By Accepting Payments Made By Pilgrim's And JBS**

To the extent that any relevant changes have occurred since the Court's issuance of the Order, they only confirm that it should remain in place. ███████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████

With the filing of Carina's motion, ████████████████████████

████████████████████████████████████      As Carina acknowledges in its Motion, it has "obtained custody of the funds" Pilgrim's and JBS rendered "to trigger the settlement." Motion at 4.  By accepting these funds, first Sysco, and then Carina, conceded that the settlements are valid and thereby eliminated any arguments challenging the Court's Order.  As the Seventh Circuit has explained, "entering into an agreement and accepting the benefits of that agreement ends the inquiry as to the validity of the settlement agreement." *Castellano v. Wal-Mart Stores,*

8

*Inc.*, 373 F.3d 817, 820 (7th Cir. 2004) (citation omitted); *see also Skelton*, 860 F.2d at 259 (party was bound by settlement agreement even though he did not sign it because he accepted its benefits "when he cashed his check"); *Hardy v. Chicago Housing Auth.*, 2005 WL 6088709, at *3 (N.D. Ill. Sept. 22, 2005) (settlement agreement was enforceable because plaintiffs "received and cashed the check. … By accepting the benefits of this agreement, plaintiffs are bound by it."). After accepting the funds tendered in satisfaction of the settlement agreements that were transmitted after the issuance of the Court's Order, neither Sysco nor Carina can further contest the validity of the Court's Order enforcing the settlement agreements.

## II.      This Court Should Dismiss Carina's Claims Rather Than Entering An Injunction

Carina accepts that enforcing the settlement agreements pursuant to the Court's Order requires dismissal of the claims Sysco had asserted against Pilgrim's and JBS. Motion at 12; *see* Order at 3 (Carina must "dismiss the claims in exchange for a total amount of money allocated across the three cases"). Carina offers the unusual proposal that this Court must implement those obligations by entering an injunction that orders Pilgrim's and JBS to pay the settlement amounts and Carina and Sysco to dismiss their claims. Motion at 11–12. No such injunction is necessary or appropriate.

An injunction against Pilgrim's and JBS is plainly unwarranted because they have already fulfilled their payment obligations under the settlement agreements and are contractually committed to uphold the other obligations under those agreements (e.g., making a limited number of current employees available for trial testimony). *See, e.g.*, *Minard Run Oil Co. v. U.S. Forest Serv.*, 894 F. Supp. 2d 642, 664 (W.D. Penn. 2012) (permanent injunction was unnecessary where requested relief had already been implemented); *Clemons v. Runck*, 402 F. Supp. 863, 864–65 (S.D. Ohio 1975) ("preliminary injunction became unnecessary … when the defendants agreed" to convey the property at issue in the dispute). And no injunction is necessary to implement

9

Sysco's and Carina's obligations either.  As the Court has stated, the "'heart' of the agreement was to dismiss the claims in exchange for a total amount of money allocated across the three cases." Order at 3 (citing *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 508 (7th Cir. 2007)).  Now that the money has been paid under all three settlements, there is no dispute that dismissal of all three cases is required.  The Court should accordingly dismiss the claims as required by the settlement agreement that the Court enforced.  *See, e.g.*, *Tiney-Bey v. Adams*, 182 F. App'x 554, 555 (7th Cir. 2006) (affirming dismissal of suit with prejudice following successful motion to enforce settlement); *Pittman v. Dolton Police Dep't*, 191 F. App'x 465, 466 (7th Cir. 2006) (similar).

Indeed, the logical extension of Carina's view confirms that no injunction is needed.  If Carina's view were valid,  the Court would need to enter a mandatory injunction every time a party in *Broilers* settled its claims.  That is clearly unnecessary, unsupported by law, and inconsistent with how the Court has handled the large volume of settlements in this case to date.  The only reason that Carina now requests that a mandatory injunction be entered against itself (and Sysco) is that Carina wishes to manufacture a basis for immediate appellate review.  The Court should decline Carina's invitation to create a one-off exception to how it has handled every other DAP settlement in this case, which would only further complicate and extend litigation over Sysco's settlements of its claims against Pilgrim's and JBS.[3]

---

[3]    In an effort to promptly bring an end to Carina's satellite litigation, Pilgrim's supported immediate appellate review by contending that this Court's Order had the force of an injunction and therefore the Seventh Circuit had appellate jurisdiction under 28 U.S.C. § 1292(a). 2024 Bonanno Decl. Ex. 15 (*Carina Ventures LLC v. Pilgrim's Pride Corporation*, No. 24-2100 (7th Cir.), ECF 11.).   As explained above, however, Pilgrim's subsequently discharged its responsibilities under the settlement agreements, and Carina has conceded that it is required to dismiss its claims.  No injunction is now necessary, and Carina's conduct since the Seventh Circuit dismissed its appeal, including the filing of this Motion and its refusal to dismiss the claims in *Pork* and *Beef*, has shown that nothing short of dismissal of the settled claims will bring an end to Carina's desire to re-litigate settled issues.

If the Court does enter the injunction requested by Carina, that injunction should make clear that it enforces all terms of the settlement agreement, including the provision that the settlement is a qualified settlement under the JSA. As discussed above, this Court has recognized that JSA qualification was "incorporated into the written draft agreements Sysco sent to Pilgrim's in December 2022. Carina does not contend otherwise." Order at 3. Carina makes no argument as to why Pilgrim's, having prevailed on its motion to enforce the *Broilers* settlement, should be bound by an injunction that gives it less than the parties agreed.

## III.   Carina Fails To Establish That It Is Entitled To A Stay Of Any Injunction

Finally, Carina requests that the Court stay any injunction that it enters. Because the Court should not enter an injunction, it need not consider that request. In any event, the Court should reject the request. To support a stay of an injunction pending appeal, an applicant must demonstrate that (1) he is likely to succeed on the merits; (2) he will suffer irreparable injury absent a stay; (3) issuance will not substantially injure the other parties interested in the proceeding; and (4) the public interest lies with issuance of a stay. *See Stone v. Signode Indus. Grp., LLC*, 2019 WL 2308038, at *1 (N.D. Ill. May 29, 2019) (Durkin, J.) (quoting *Deutsche Bank Nat'l Tr. Co. v. Cornish*, 759 F. App'x 503, 506 (7th Cir. 2019)). Carina cannot make any of those showings.

***First***, Carina is unlikely to succeed on the merits of a future appeal. This Court was correct that it has jurisdiction to enforce the agreement and that it should be enforced. Carina does not—and cannot—point to a single similar case decided in its favor. Rather, Carina only claims that there are "unsettled" legal questions that give it a "substantial likelihood" of convincing the Seventh Circuit to go its way on the merits, but it justifies these assertions with only one case that did not actually hold what Carina suggests it did. Motion at 13–14. And when this Court ordered supplemental briefing on these allegedly unsettled issues, *see* ECF 7224, 7227, 7250, 7252,

11

Carina's arguments were unavailing. The Court held that it has "jurisdiction to enforce the agreement because Sysco brought claims against Pilgrim's before this Court and then agreed to settle them," Order at 7, and Carina advances no further legal argument or caselaw to show that this holding will likely be upset on appeal.

*Second*, Carina will not suffer irreparable injury from the injunction absent a stay. After all, Carina *asked for the injunction*, and Carina does not point to any cases in which a court has stayed an injunction at the request of the party that sought the injunction. Carina contends that enforcing the settlement would "divorc[e]" Carina's and Sysco's claims in the consolidated proceedings in *Beef* and *Pork*. Motion at 14. But Carina fails to address how this would cause irreparable harm since Sysco itself agreed to dismiss those claims in the *Pork* and *Beef* settlements, which the Court has correctly recognized are valid and enforceable.

*Third*, Pilgrim's and JBS will be injured by a stay. Carina proposes to force Pilgrim's and JBS to incur expenses in continuing to litigate claims that have been settled. *Id.* at 15. *See In re Quay Corp., Inc.*, 2006 WL 208704, at *1, 3 (N.D. Ill. Jan. 24, 2006) (considering possibility of duplicative litigation in determining whether to issue stay).

*Fourth*, the public interest does not support a stay. Issuing a stay would incentivize parties to delay and obstruct consummation of valid settlement agreements entered into by consenting, sophisticated parties, which harms the public interest. *See Panduit Corp. v. HellermannTyton Corp.*, 2004 WL 1898954, at *2 (N.D. Ill. Aug. 11, 2004) (explaining the "compelling public interest and policy in upholding and enforcing settlement agreements voluntarily entered into, which fosters judicial economy") (quotations omitted); *Portus Pty Ltd. v. Zmodo Tech. Corp. Ltd.*, 2021 WL 61977552, at *3 (C.D. Ill. Apr. 12, 2021) (noting the "broader public interest in the enforcement of settlement agreements"). In fact, Carina concedes that a stay will create additional

litigation, stating that Pilgrim's and JBS will be required to continue to "litigate the cases against Carina and Sysco while the appeal is pending[,] … [r]egardless of whether Sysco and Carina's claims are [ultimately] dismissed." Motion at 15. Moreover, Carina's argument that the policy favoring settlement does not weigh against a stay because there never was a binding settlement, *id.*, has been rejected by this Court multiple times over. Allowing Sysco and Carina to dodge the consequences of a settlement would erode bedrock principles of contract law and harm judicial economy and the public interest. If the Court enters any injunction, it should not be stayed.

## CONCLUSION

Pilgrim's respectfully requests that the Court deny Carina's motion and dismiss Carina's claims against Pilgrim's in *Broilers*.

Dated: September 16, 2024         Respectfully submitted,

*/s/ Michael D. Bonanno*

Michael D. Bonanno
William A. Burck
Christopher G. Michel
Kathleen A. Lanigan
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
1300 I St. NW, Suite 900
Washington, DC 20005
Tel: (202) 538-8000
mikebonanno@quinnemanuel.com
williamburck@quinnemanuel.com
christophermichel@quinnemanuel.com
katlanigan@quinnemanuel.com

Debra D. Bernstein
1200 Abernathy Road, Suite 1500
Atlanta, GA 30328
Tel: (404) 482-3502
debrabernstein@quinnemanuel.com

Michelle Schmit
191 N. Wacker Dr., Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
michelleschmit@quinnemanuel.com

*Counsel for Defendant Pilgrim's Pride Corporation*