UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | No. 16 C 8637<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Sysco Corporation sued Pilgrim's Pride Corporation in this District alleging price fixing in the Broiler chicken market. Sysco also sued Pilgrim's in the District of Minnesota alleging price fixing in the beef and pork markets.

The Court granted Pilgrim's motion to enforce an agreement settling all of Sysco's claims in both Districts. *See* R. 7272 (*In re Broiler Chicken Antitrust Litig.*, 2024 WL 3011350, at *1 (N.D. Ill. June 14, 2024)). That motion was opposed by Carina Ventures LLC, which the Court permitted to substitute as a plaintiff in this case after Sysco assigned its claims to Carina. Carina appealed the Court's order enforcing the settlement agreement. The Seventh Circuit remanded for lack of jurisdiction, explaining that the Court's order failed to comply with the requirement of Federal Rule of Civil Procedure 65(d) that an order granting an injunction "state its terms specifically" and "describe in reasonable detail . . . the act or acts restrained or required." *See* R. 7373. The Seventh Circuit held that the Court's order was "fatally flawed" because it "awarded no specific relief to either party and did not prohibit or require any party to take any specific actions and no separate document providing these details was entered." *See id.*

Pilgrim's now seeks the "specific relief" of summary judgment on Sysco's claims against it in this case based on the contention that Sysco released its claims in the settlement agreement the Court enforced when it granted Pilgrim's earlier motion. Pilgrim's has since paid the money due under the settlement agreement. Carina does not dispute that the Court found the parties reached a settlement agreement and that Pilgrim's has paid the amount due. *See* R. 7438-2 (Carina stating that these facts are undisputed).

Carina's opposition to Sysco's motion for summary judgment is based on its continued contention that the Court's finding that the parties reached an agreement was erroneous. Carina contends that questions of fact remain for a jury to decide regarding whether an agreement was reached. Primarily, Carina's points to a telephone call in August 2022 between Pilgrim's and Sysco's representatives, during which Carina contends Sysco's representatives indicated a lack of agreement.

The problem with this argument is that the Court already considered it on Pilgrim's initial motion to enforce the agreement. The Court found sufficient evidence of agreement based on an email exchange that took place after the August phone call Carina relies on in opposition to this motion. As the Court noted in its order granting Pilgrim's motion to enforce, in August and September 2022, counsel for the parties memorialized a settlement of all three cases in a chain of emails. On August 24, counsel for Pilgrim's emailed counsel for Sysco with the statement, "We have a deal at [$$] for settlements of Broilers, Pork, and Beef antitrust cases." *See* R. 6853-2. He also stated that the parties would "figure out the allocation and draw up the

2

agreements." *See id.* The next day, Pilgrim's counsel again sent an email "confirming that . . . Pilgrim's [is] offering [$$] for a global settlement of Broilers, Pork, and Beef antitrust cases." *See* R. 6853-3. On September 9, 2022, Sysco's counsel responded saying, "sorry for the delay. We accept." *See id.* These documented statements take precedence in determining whether there was a meeting of the minds over any dispute regarding statements made on an earlier phone call.

Furthermore, the parties exchanged final written agreements in December 2022, with *Sysco* itself sending the final written agreement regarding the Broilers claims on December 9, 2022, which Pilgrim's accepted by email. *See* R. 6853-8 at 2 (Sysco's representative stating "we are good here," and Pilgrim's representative responding "that's great"). Sysco never signed them due to its dispute with Carina's parent company. But the offer and acceptance had already occurred by email. There was no indication in any of these communications that settlement would be subject to further approval by Carina or its parent company.

Carina also argues that the Court's findings on Pilgrim's motion to enforce cannot be dispositive on a motion for summary judgment. But despite different phrasing in the relevant case law of the relevant legal standards for a motion to enforcement settlement and a motion for summary judgment, the standards are effectively the same. Had the Court identified a genuine issue of material fact on the motion to enforce, the Court would not have granted the motion and would have scheduled an evidentiary hearing or trial so that the necessary findings of fact could be made. The Court, however, found that such a hearing was unnecessary because

the documentary evidence demonstrated an unambiguous meeting of the minds regarding settlement. Such evidence is sufficient to find the existence of an agreement and enforce the settlement without a hearing.

Contrary to Carina's arguments, this motion for summary judgment does not concern whether a binding settlement agreement exists, because, as discussed, the Court has already determined that the evidence shows that such an agreement exists, and that no reasonable fact finder could find otherwise. The present motion is necessary to determine the implications of the Court's finding that the agreement exists. The Seventh Circuit held (correctly of course) that the Court's order enforcing the agreement provided insufficient direction to the parties, and that a further order of the Court is required. On remand, Pilgrim's might have made a motion for the Court to enter judgment under Federal Rule of Civil Procedure 65(d) specifically stating "the act or acts restrained or required" in accordance with the Court's enforcement of the global settlement agreement. Instead, Pilgrim's more straightforwardly seeks dismissal of the claims against it brought by Sysco (now assigned to Carina) in only this case. The Court having found that Sysco agreed that the claims should be released upon payment of the agreed upon sum, and Pilgrim's having made the payment, the Court sees no reason why judgment should not be entered against Carina's continuing prosecution the claims against Pilgrim's in this case. Carina's claims against Pilgrim's in the District of Minnesota are not the subject of this motion for summary judgment, and the Court need not address them further.

## Conclusion

Therefore, Pilgrim's motion for summary judgment [7430] is granted.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: December 16, 2024