**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | Case No. 1:16-cv-08637 |
| This Document Relates To:<br><br>All Commercial and Institutional Indirect Purchaser Plaintiff Actions | |

**ORDER GRANTING COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' UNCONTESTED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENTS WITH DEFENDANTS HOUSE OF RAEFORD, KOCH FOODS, MOUNTAIRE, O.K. FOODS, SANDERSON FARMS, SIMMONS FOODS, AGRI STATS, CASE FARMS, CLAXTON, FOSTER FARMS, PERDUE, AND WAYNE FARMS; APPROVAL OF AMENDED HARRISON POULTRY SETTLEMENT; AND APPROVAL OF CIIPPS' SETTLEMENT NOTICE PROGRAM[1]**

---

[1] The "Settling Defendants" include: Harrison Poultry, Inc. ("Harrison Poultry"), House of Raeford Farms, Inc. ("House of Raeford"); Koch Foods, Inc., JCG Foods of Alabama, LLC., JCG Foods of Georgia, LLC, and Koch Meat Co., Inc. (collectively "Koch Foods"); Mountaire Farms, LLC and Mountaire Farms of Delaware, Inc. (collectively "Mountaire"); O.K. Foods, Inc., O.K. Farms, Inc., and O.K. Industries, Inc. (collectively, "O.K. Foods"); Sanderson Farms, LLC (f/k/a Sanderson Farms, Inc.), Sanderson Farms Foods, LLC (f/k/a Sanderson Farms, Inc. (Foods Division)), Sanderson Farms Production, LLC (f/k/a Sanderson Farms, Inc. (Production Division)), and Sanderson Farms Processing, LLC (f/k/a Sanderson Farms, Inc. (Processing Division)) (collectively "Sanderson Farms"); Simmons Foods, Inc. and Simmons Prepared Foods, Inc. (collectively "Simmons Foods"); Agri Stats, Inc. ("Agri Stats"); Case Foods, Inc., Case Farms, LLC, and Case Farms Processing, Inc. (collectively "Case Foods"); Norman W. Fries, Inc., d/b/a Claxton Poultry Farms ("Claxton"); Foster Farms, LLC and Foster Poultry Farms (collectively "Foster Farms);" Perdue Farms, Inc. and Perdue Foods LLC (collectively "Perdue"); and Wayne Farms, LLC ("Wayne Farms"). Settlements with the Settling Defendants are collectively referred to as the "Settlement Agreements," "Settlements," or "Round 2 Settlements."

Before the Court is Commercial and Institutional Indirect Purchaser Plaintiffs ("Plaintiffs") Uncontested Motion for Preliminary Approval of Settlements with House of Raeford, Koch Foods, Mountaire, O.K. Foods, Sanderson Farms, Simmons Foods, Agri Stats, Case Foods, Claxton, Foster Farms, Perdue, and Wayne Farms; Approval of Amended Harrison Poultry Settlement; and Approval of CIIPPs' Settlement Notice Program (the "Motion").

The Court, being familiar with the record and having reviewed the Motion and its accompanying memorandum, and the Settlement Agreements and other exhibits, hereby **ORDERS AND ADJUDGES:**

### Preliminary Approval of the Settlements

1. This Court has jurisdiction over this action and each of the parties to the Settlement Agreements.

2. Upon review of the record, the Court finds that the proposed Settlement Agreements, which were arrived at by arm's length negotiations by highly experienced counsel, fall within the range of possible approval and are hereby preliminarily approved, subject to further consideration at the Court's Final Fairness Hearing. The Court approves the amendments contained in the Amended Harrison Poultry Settlement and finds that all Settlement Agreements addressed in CIIPPs' Motion are preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Certified Classes, raise no obvious reasons to doubt their fairness, and raise a reasonable basis for presuming that the Settlements and their terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the Settlements should be given to the Certified Classes.

3. At the hearing on the Motion, there were no objections to the proposed Settlements.

4. The Settlements were entered into on behalf of the damages and injunctive relief classes certified by this Court in its Order dated May 27, 2022, ECF No. 5644.

5. The damages class and the injunctive relief class are collectively referred to herein as the "Certified Class".

6. The foregoing Certified Class excludes all persons and entities that previously filed a valid exclusion as set forth in ECF No. 6566-5.

7. The Court previously appointed the law firms of Cotchett, Pitre & McCarthy LLP and Gustafson Gluek PLLC as Co-Lead counsel for the Certified Class.

8. The Court preliminarily approves CIIPPs' proposed Plan of Allocation and discussed in their Memorandum of Law and proposed settlement notices as fair, reasonable, and adequate.

## Approval of CIIPPs' Proposed Settlement Notice Program

9. The Court hereby directs notice to be distributed to the Certified Class members pursuant to Federal Rule of Civil Procedure ("Rule") 23(c)(2) in a substantially similar fashion as that proposed in CIIPPs' Motion.

10. A.B. Data Ltd. is hereby appointed as Claims Administrator and ordered to effectuate the notice plan.

11. The proposed notice plan set forth in the Motion and the supporting declarations complies with Rule 23(c)(2)(B) and due process as it constitutes the best notice that is practicable under the circumstances, including individual notice via mail and email to all members who can be identified through reasonable effort. The direct mail and email notice will be supported by reasonable publication notice to reach Certified Class members who could not be individually identified.

12. The proposed notice documents and their proposed manner of transmission taken together comply with Rule 23(c)(2)(B) and due process because the notices, forms, and manner of transmission are reasonably calculated to adequately apprise Certified Class members (i) of the nature of the action; (ii) of the definition of the class certified; (iii) of the class claims, issues, or defenses; (iv) that a Certified Class member may submit additional supporting information to support his or her claim and/or object to the Settlements; (v) that a Certified Class member may enter an appearance through an attorney if the member so desires; and (vi) the binding effect of a class judgment on Certified Class members under Rule 23(c)(3). Non-substantive changes, such as typographical errors, can be made to the notice documents by agreement of the parties without leave of the Court.

## Schedule for Class Notice and the Fairness Hearing

13. The Court hereby sets the below schedule for the dissemination of notice to the class, for Certified Class members to object to the Settlements, and for the Court's Fairness Hearing, at which time the Court will determine whether the Settlement Agreements should be finally approved as fair, reasonable, and adequate, and hold a hearing on Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards. The Fairness Hearing may take place remotely via telephone or video conference. This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website, but other than the website posting the Parties will not be required to provide any additional notice to Certified Class members.

| April 19, 2025 (45 days after the preliminary approval order) | Settlement Administrator to provide direct mail and email notice, and commence the publication Notice Plan. |
|---|---|
| May 19, 2025 (30 days after the mailing of Notice). | Plaintiffs to file their Motion for Attorneys' Fees, Costs, and Service Awards. |

| | |
|---|---|
| June 19, 2025 (61 days after the mailing of Notice). | • Last day for claimants to submit additional claim information or challenge calculated purchase amounts.<br>• Last day to object to the Settlements.<br>• Last day to object to the Motion for Attorneys' Fees, Costs, and Service Awards.<br>• Last day to file notices to appear at the Fairness Hearing. |
| July 16, 2025 (14 days before the Fairness Hearing) | Co-Lead Class Counsel shall:<br>• File a motion for final approval of the Settlements and<br>• Respond to any objection to the Settlements or the Motion for Attorneys' Fees, Costs, and Service Awards. |
| July 30, 2025 at 9:30 am CST (At least 30 days after the deadline to object to any or all of the Settlements) | • Final Settlement Fairness Hearing for the Settlements, and<br>• Hearing on Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards. |
| August 29, 2025 (Approximately 30 days after the Final Approval Hearing) | Plaintiffs to file a status update regarding the claims process. |

## Other Provisions

14. Terms used in this Order that are defined in the Settlement Agreements are, unless otherwise defined herein, used as defined in the Settlement Agreements.

15. If any of the Settlement Agreements is terminated or rescinded in accordance with its provisions, or otherwise does not become final, then such Settlement Agreement and all proceedings in connection with that Settlement Agreement shall be vacated, and shall be null and void, except insofar as expressly provided otherwise in the Settlement Agreement, and without prejudice to the status quo ante rights of CIIPPs, the Settling Defendant, and the members of the Certified Class. The Parties shall also comply with any terms or provisions of the Settlement Agreement applicable to termination, rescission, or the Settlement otherwise not becoming Final.

5

16.     The Action with respect to CIIPPs' Claims is stayed as to the Released Parties (as that term is defined in the Settlement Agreements) except as necessary to effectuate the Settlements.

**IT IS SO ORDERED.**

DATED: March 10, 2025

*Thomas M Durkin*

HONORABLE THOMAS M. DURKIN
UNITED STATES DISTRICT COURT JUDGE