UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*All Commercial and Institutional Indirect Purchaser Plaintiff Actions* | No. 1:16-cv-08637 TMD<br><br>Hon. Thomas M. Durkin<br>Magistrate Judge Jeffrey T. Gilbert |

**JOINT DECLARATION OF CIIPPS' CO-LEAD COUNSEL DANIEL C. HEDLUND AND ADAM J. ZAPALA IN SUPPORT OF COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' MOTION FOR PAYMENT OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS**

I, Daniel C. Hedlund and Adam J. Zapala, declare and state as follows:

1. Daniel C. Hedlund is a partner in the law firm of Gustafson Gluek PLLC ("Gustafson Gluek"). He submits this declaration in support of Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") Motion for Payment of Attorneys' Fees, Reimbursement of Expenses, and Class Representative Service Awards.

2. Adam J. Zapala is a partner in the law firm of Cotchett, Pitre & McCarthy, LLP ("CPM"). He similarly submits this declaration in support of CIIPPs' Motion for Payment of Attorneys' Fees, Reimbursement of Expenses, and Class Representative Service Awards.

3. We jointly make this declaration based on our personal knowledge and if called as a witness, we could and would competently testify to the matters stated herein.

4. The Court appointed Gustafson Gluek and Cotchett, Pitre & McCarthy as Interim Co-Lead Class Counsel to the CIIPP class, and Wexler, Boley & Elgersma LLP ("WBE") (formerly Wexler Wallace LLP) as Interim Liaison Counsel, on October 14, 2016. *See* ECF No.

1

144. Together, Co-Lead Class Counsel, Liaison Counsel, and a number of other Class Counsel firms have vigorously and efficiently prosecuted this Action to the benefit of the CIIPP class.

      A.      **Class Counsel's Efforts to Advance This Litigation and Achieve Favorable Settlements**

5. All work completed in litigating this Action, since case inception, was performed either by Co-Lead Class Counsel or at the request and direction of Co-Lead Class Counsel.

6. All Counsel for the CIIPPs Class are working on a contingent fee basis, and without any guarantee of compensation or reimbursement for the extraordinary amount of time and expenses they have incurred and devoted to this Action, as explained more fully herein.

7. Antitrust class actions are notoriously difficult and complex, with indirect purchaser actions presenting unique, additional challenges. In this case, Class Counsel represent 32 class representatives from states across the country and have asserted multiple claims under state antitrust, consumer protection, and unjust enrichment laws.

8. Class Counsel have devoted significant time to this litigation since inception, as detailed below. This time and effort has successfully advanced to the brink of trial and has directly led to the excellent settlements achieved with all remaining Defendants which will bring the case to resolution for the CIIPP class. This Court and Judge Gilbert have witnessed the representation by Class Counsel of the CIIPPs. Class Counsel's efforts include:

- working cooperatively with direct purchaser class counsel ("DPPs"), end-user consumer purchaser class counsel ("EUCPs"), and the direct-action plaintiffs ("DAPs") on discovery, case management plans, and depositions;

- drafting, serving, and coordinating discovery against 20 Defendant families in conjunction with the other classes, followed by lengthy and laborious meet and confers with each Defendant family;

- participating in numerous meet and confers to negotiate the foregoing subpoenas, obtaining extensive discovery and data from many non-parties, including engaging in motion practice to compel production of such material in other jurisdictions;

- reviewing and analyzing over 9 million pages of documents produced by Defendants, while staffing the document review effort with the most attorneys of any class;

- coordinating with the other classes on developing a database to analyze voluminous telephone records, which included millions of calls and text messages;

- responding and objecting to, and supplementing and correcting, multiple rounds of detailed Interrogatories, Requests for Production, and Requests for Admissions propounded by Defendants;

- responding to questions propounded by class representatives and providing updates to class representatives regarding discovery matters, case updates and filings, settlements, discovery responses, and required disclosures;

- preparing for, taking, and/or participating in the depositions of over 120 Defendant witnesses and just as many for non-party witnesses, while coordinating with the other classes to avoid duplication of effort;

- consulting extensively with CIIPPs' expert economists to analyze Defendants' and non-parties' voluminous transactional data and other information produced in discovery to develop opinions relating to antitrust impact, passthrough analysis, and damages for purposes of class certification, settlement, summary judgment, and trial;

- working extensively with CIIPPs' expert economist, Dr. Russell Mangum, in developing his 147-page opening report, a 195-page reply report in support of class certification, as well as his 90-page opening merits report and 132-page reply merits report, not including the lengthy appendices attached to his reports;

- working extensively with CIIPPs liability expert, Dr. Michael Williams, in developing a 183-page liability report and a 118-page reply report.

- preparing for and defending the deposition of CIIPPs' class and merits experts;

- preparing for and taking the depositions of Defendants' class and merits experts;

- drafting, researching, and compiling comprehensive motions in opposition to **twenty** individual and **six** joint motions summary judgment and **ten** motions to exclude the testimony of Plaintiffs' experts, the combined briefing of which exceeded 1,500 pages (excluding statements of fact);

- Preparing for and participating in a two-day evidentiary class certification hearing with expert direct and cross examinations;

- Preparing for and participating in a highly-contested, two-day summary judgment hearing;

- Drafting oppositions to certain Defendants' motions to reconsider the Court's order on summary judgment, which resulted in orders denying reconsideration as to Koch and House of Raeford[1];

- Closely monitoring the DPPs' trial against Sanderson Farms, including reviewing transcripts, attending hearings and trial dates, and tracking exhibits and evidentiary issues;

- Following the close of the DPPs' trial, preparing for CIIPPs' trial, including drafting Motions in Limine, designating deposition testimony and exhibits, interviewing, organizing, and preparing witnesses, working with experts to prepare trial testimony, negotiating with opposing counsel, attending court hearings and participating in oral argument on pre-trial motions;

- performing numerous tasks necessary to achieve favorable and reasonable settlements, including: analyzing economic evidence and data and formulating settlement demands; engaging in extensive arm's-length negotiations with Defendants, in some cases with the assistance of nationally-renowned mediators; negotiating and preparing drafts of the settlement agreements and negotiating over their cooperation and other terms; preparing the preliminary approval motions and escrow agreements for the settlements;

- counsel was involved with intensive trial preparation for several months and all the way up until approximately four weeks before the scheduled start of trial;

- retaining and working with a competent class-notice and claims administration expert to formulate a notice program and claims administration process, including by utilizing pre-populated claim forms based on the extensive data received from non-parties and subsequently implementing that plan after approval by the Court.

9. The foregoing outline of the various tasks performed obviously cannot detail each and every task performed by Class Counsel over the course of this arduous litigation, as many other tasks large and small have been performed.

10. CIIPPs' motion for interim attorneys' fees reflected settlements with the following

---

[1] No orders issued on the motions for reconsideration for the other Defendants because of settlements with the CIIPP and EUCP classes.

4

Defendants: (1) Fieldale for $1.4 million, (ECF Nos. 5517-1 at ¶9, 5536); (2) Amick for $2.95 million, (ECF Nos. 5517-1 at ¶12, 5536); (3) Peco for $3.525 million, (ECF Nos. 5517-1 at ¶14, 5536); (4) George's for $3.525 million, (ECF Nos. 5517-1 at ¶16, 5536); (5) Mar-Jac for $5.99 million, (ECF Nos. 5517-1 at ¶20, 5536); (6) Pilgrim's for $44 million (plus up to $1 million additional to be used for notice and settlement administration), (ECF Nos. 5517-1 at ¶19, 5536); and (7) Tyson for $42.5 million, (ECF Nos. 5517-1 at ¶18, 5536). *See* ECF No. 5406

11. The total Settlement Fund at that time was $104,890,000, $1,000,000 of which was earmarked exclusively for notice and claims administration. *Id.*

12. Since that motion, CIIPPs' have secured the following monetary settlements: Harrison Poultry for $2,800,000 (ECF No. 6694); House of Raeford for $5,750,000 (ECF No. 7506-1); Koch Foods for $13,500,000 (ECF No. 7506-2); Mountaire for $9,700,000 (ECF No. 7506-3); O.K. Foods for $4,500,000 (ECF No. 7506-4); Simmons Foods for $4,250,000 (ECF No. 7506-5); and Sanderson Farms for $750,000 (ECF No. 7506-6).

13. The settlements CIIPPs secured subsequent to their motion for interim attorneys' fees have generated a cumulative settlement amount of $41,250,000.00. Additionally, the settlement fund has generated $750,409.00 in net interest to date.

B. **CIIPPs' Class Counsel Time and Expense Reporting and Total Time and Expenses Incurred**

14. Among the Co-Lead Counsel firms, Gustafson Gluek is responsible for collecting all Class Counsel's contemporaneously prepared attorney and paralegal time and expense reports. Co-Lead Counsel's court approved time and expense protocol was distributed to all Class Counsel in December 2016, with instructions and Excel templates for monthly reporting. *See* ECF No. 5406-2.

15. The time and expense protocol requires each Class Counsel firm to keep

contemporaneous, daily time records regularly prepared and maintained by each firm, and provided to Co-Lead Class Counsel via email, for their review. These reports contain a chronological listing of time reported for work performed by attorneys, paralegals, and support staff, in specified task categories, a detailed description of the work performed, the name and title of the person who completed the work, the hourly rate associated with each person at the time the work was completed (*e.g.*, the professional's "historical" rate), and the firm's total lodestar reported for that month.

16. In order to control Class Counsel's lodestar and ensure that counsel are performing necessary and non-duplicative work, the time and expense protocol instructs Class Counsel not to submit time for work not performed at the request or under the direction of Co-Lead Counsel, unnecessary read and review time, preparing time and expense reports, routine clerical tasks, or for work related to any client not retained. In addition, the protocol required that each firm submit, via email, all litigation-related expenses incurred by that firm for the reporting month. Further procedures were implemented to ensure appropriate billing judgment to eliminate the risk of wasteful lodestar. For example, all document review time was capped at $350.00 per hour. The foregoing time and expense reports were submitted by Class Counsel, in the Excel format, on or by the 20th of each month, for time and expenses that were incurred in the preceding month. These monthly Excel reports allowed Co-Lead Counsel to uniformly review reports, and request adjustments/revisions as appropriate, as per the time and expense protocol set for this litigation.

17. At the Court's direction, Co-Lead Counsel has submitted CIIPP Class Counsel's time, lodestar, and expense reports to the Court *in camera* on a quarterly basis. All monthly attorney and paralegal time and expense reports submitted to Gustafson Gluek by Class Counsel, are retained and preserved on a computer server and on back-up media in the office.

18. In preparation for this petition, Co-Lead Counsel asked Class Counsel to review their monthly reported lodestar and expenses, and to submit a declaration attesting to the total submitted time and expenses incurred in this litigation from September 1, 2021, through March 31, 2025. In doing so, both Class Counsel and Co-Lead Counsel exercised additional billing judgment to the extent that unnecessary time was expended to further limit lodestar. Class Counsel again reviewed these submissions, in preparation of this petition, to ensure all protocols were followed.

19. Attached hereto as Exhibits 1-14, are Class Counsel's individual declarations attesting to the time and expenses they have reported to Co-Lead Counsel, and the accuracy of those submissions and compliance with the time and expense protocol.

20. Based upon those declarations, Class Counsel has expended 28,641.20 hours of time on this litigation, for the benefit of the Class from September 1, 2021, through March 31, 2025. These hours represent a lodestar of $19,243,772.00, using Class Counsel's historic hourly rates. All of this work was performed by Class Counsel on a contingent basis.

21. Attached hereto this declaration as Exhibit 19, is a summary chart of the hours and lodestar amounts for all of Class Counsel's attorneys and paralegal time reported from inception through August 31, 2021. This exhibit is based on the data reported in the individual Declarations of CIIPPs' Class Counsel.

22. The following chart represents CIIPPs' Class Counsel lodestar as a percentage of the requested fee award – or multiplier – calculated for the motion for interim attorneys' fees, for this motion for fees, and for the entirety of the case:

7

| Time Period | Hours Expended | Lodestar | Fee Requested | Multiplier |
|---|---|---|---|---|
| Case Inception – August 31, 2021 | 85,782.30 | $40,260,516.00 | $31,000,833.46 | .77 |
| September 1, 2021 – March 31, 2025 | 28,641.20 | $19,243,772.00 | $12,282,078.28 | .64 |
| **Total Case** | 114,423.50 | $59,504,288.00 | $43,282,911.74 | .73 |

23. Attached hereto this declaration as Exhibit 20, is a summary chart of Class Counsel's individual recorded expenses, which they have incurred from inception through from September 1, 2021 through March 31, 2025, and for which they are seeking reimbursement. These expenses total $164,623.83 and are based on monthly expense reports submitted to Co-Lead Counsel and coincide with the declaration each Class Counsel has submitted, confirming their adherence to the Time and Expense protocol. These expenses do not include those expenses incurred by the collective Litigation Fund established to prosecute the CIIPP action and process common costs. The firm-specific expenses included in this summary chart include such things as: online legal research, travel, document imaging and copying, shipping or mailing costs, and filing fees. The primary firm-specific expenses incurred by Class Counsel that are not covered by the CIIPP Litigation Fund are related to the preparation and attendance of depositions, hearings, and legal research.

24. Based upon the data available to us and Co-Lead Counsel, we hereby attest that the lodestar and expense amounts reported in Exhibits 19-20 accurately reflect the data reported to us by Class Counsel.

C. **Common Fund Costs**

25. At the beginning of the litigation, Co-Lead Counsel established a Litigation Fund for the payment of common case expenses. Co-Lead Counsel have maintained and contributed extensively to the Fund, as have Co-Counsel for the CIIPP class. Cotchett, Pitre & McCarthy was

responsible for establishing the Litigation Fund and arranging, paying, and accounting for the common assessments and costs incurred by, and paid out of, the Fund. The common costs incurred by the Litigation Fund are summarized in Exhibit 21. These incurred costs include, but are not limited to, costs for experts, investigator costs, transcript costs, deposition costs, ESI document database hosting fees, and costs associated with mediators. Through May 19, 2025, these incurred costs for which Class Counsel seek reimbursement total $4,754,550.32.

        **D.**       **Lead Counsel's Contributions to the Litigation**

26. As Co-Lead Counsel, our firms worked early on with DPP counsel to help investigate and craft the initial allegations in this case. On September 12, 2016, we filed the first indirect purchaser case in this action along with the court-appointed liaison counsel, Wexler, Boley & Elgersma LLP, and two of our other co-counseling firms.

27. We have played a primary and major role in all aspects of the CIIPP litigation. These efforts have included both work within the CIIPP counsel group and in conjunction with the other class counsel and DAP counsel to manage this complex litigation. From class certification to summary judgment, trial preparation, and settlement, we have contributed to this case in myriad important ways. We have organized and directed the work of our multiple co-counsel firms and worked cooperatively and efficiently with the other class counsel as well as with the numerous DAP counsel in our joint prosecution efforts. We have worked closely with our experts to facilitate class certification and merits reports, taken a lead role in the critical motion practice involving summary judgment and motions to exclude Plaintiffs' experts, drafting hundreds of pages of briefs and reply memoranda and participating in numerous depositions of Plaintiffs' and Defendants experts. We have organized and led weekly Co-Lead Counsel calls, which include the Court-appointed liaison counsel, to plan and discuss case strategy, establish task lists, and delegate any

work appropriate for co counseling firms. Moreover, we have had primary responsibility in negotiating all of the CIIPP settlements to date that have led to the over $140 million recovery for the CIIPP class.

28. The total number of hours expended on this litigation by Gustafson Gluek from September 1, 2021 to March 31, 2025, is 8,874.60 hours. The total lodestar for Gustafson Gluek is $6,701,819.50. This is shown in Exhibit 15 to this declaration. The firm's lodestar figures are based on its historic hourly billing rates. The hourly rates for the partners, attorneys, and professional support staff are the same as the usual and customary hourly rates charged for their services in contingent billable matters. The total hours were determined by the examination of contemporaneous, daily time records regularly prepared and maintained by the firm.

29. As detailed in Exhibit 16 attached hereto, Gustafson Gluek has incurred a total of $76,143.12 in unreimbursed expenses during the period from September 1, 2021 to March 31, 2025. These expenses do not include the firm's assessment payments to the common cost Litigation Fund, maintained by Co-Lead Class Counsel. The expenses incurred in this litigation are reflected on the books and records of the firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of the expenses incurred.

30. The total number of hours expended on this litigation by CPM from September 1, 2021 to March 31, 2025, is 9,184.10 hours. The total lodestar for CPM is $4,853,030.00. This is shown in Exhibit 17 to this declaration. The firm's lodestar figures are based on its historic hourly billing rates. The hourly rates for the partners, attorneys, and professional support staff are the same as the usual and customary hourly rates charged for their services in contingent billable matters. The total hours were determined by the examination of contemporaneous, daily time

records regularly prepared and maintained by the firm.

31. As detailed in Exhibit 18 attached hereto, CPM has incurred a total of $56,306.08 in unreimbursed firm-specific expenses during the period from September 1, 2021, to March 31, 2025. These expenses do not include the firm's assessment payments to the common cost Litigation Fund, maintained by Co-Lead Class Counsel. The expenses incurred in this litigation are reflected on the books and records of the firm. These books and records are prepared from expense vouchers, check records, and other source materials and represent an accurate record of the expenses incurred.

32. During this litigation Co-Lead Counsel have abided by the time and expense protocols approved by the Court as we have performed work, incurred expenses, and submitted monthly reports of our time and expenses. Our firms' submission of their compensable time and reimbursable expenses in this declaration and its exhibits, and comports with these Court-approved time and expense reporting protocols.

### E. Class Representatives Sacrificed Greatly to Contribute to the Prosecution of This Action

33. There are 32 CIIPP class representatives representing the interests of the class of indirect commercial and institutional purchasers of chicken. They all signed legal agreements with counsel at the outset of their involvement in this Action. Fourteen plaintiffs entered agreements that expressly specified that class counsel may receive 1/3 of any recovery. Eighteen plaintiffs entered agreements that stated class counsel would receive an award of attorneys' fees from a common fund but did not specify a percentage. One plaintiff entered a legal agreement that expressly stated class counsel could receive "up to 35%."

34. Each CIIPP submitted a declaration detailing the work they performed from the inception of the case in support of their motion for class certification. These declarations are

11

located at ECF Nos. 3968-8 and 3968-9 (Compendium of Class Representatives Declaration Part I and II). The work of each class representative has continued from class certification to the conclusion of this litigation. To summarize the work each class representative performed throughout the case:

- Served initial disclosures, including the extra disclosures required by this Court (ECF No. 264) while the motions to dismiss were pending;

- Responded to Requests for Production, at least 17 Requests for Interrogatories, and at least 62 Requests for Admission, including several amendments supplementing and amending responses;

- Produced over 50,000 pages of documents and data in response to Defendants' discovery requests;

- Sat for a Rule 30(b)(6) or 30(b)(1) deposition (Alpine Special Treatment Center, Inc. sat for two depositions); and

- Worked with CIIPPs' Class Counsel to gather information and documents related to Defendants' pre-trial arguments that class representatives lacked standing if they did not purchase broilers from one of the remaining Defendants.

35. Each class representative is a small business and in many cases is run by a small team that includes the owner, working both as the head chef and manager. Frequently, the deponent was the owner and/or head chef, which forced the business to run with limited capacity or be closed for the duration of the deposition.

36. CIIPPs ask for additional class representative service awards in the amounts of either $5,000, $10,000, or $15,000 for additional work and effort expended by the class representatives since September 1, 2021. The difference in these amounts reflects the extent to which the class representative was involved in CIIPPs' trial preparation. All of the class representatives were required to stay engaged with the case and to provide input when asked by counsel throughout the case—something they all did for approximately nine years. In addition,

they were all required to maintain all of their relevant records. As trial approached, counsel was working with all class representatives to some extent to prepare for trial but the amount of work and time each class representative put in varied. Five of the class representatives were mid-way through the trial preparation process in terms of meeting with counsel, re-reviewing their deposition transcripts, and working on their trial testimony—for those five class representatives CIIPPs' Class Counsel believe they should be awarded $10,000. Five of the class representatives, in addition to performing the work described, worked even longer with CIIPPs' Class Counsel to prepare to testify at trial. These class representatives attended numerous meetings with counsel and participated in mock direct and cross-examination exercises which were recorded on videotape and analyzed by counsel for feedback. For these class representatives, CIIPPs' Class Counsel believes that an award of $15,000 is appropriate. In total, CIIPPs request $235,000.00 in class representative awards to be allocated as follows:

| CIIPP Class Representative | State | Proposed Service Award |
|---|---|---|
| Alabama Joe's 2, Inc., d/b/a Alabama Joe's | FL | $2,500 |
| Alliance Healthcare System, Inc | MS | $5,000 |
| Alpine Special Treatment Center, Inc. | CA | $5,000 |
| Avanti's of Phoenix, Inc. | AZ | $5,000 |
| Bashara & Company, LC d/b/a J. Morgan's Steakhouse | VT | $10,000 |
| Bodega Brew Pub, Inc. | WI | $5,00 |
| Bordenaro's Pizza, Inc. d/b/a Bordenaro's Pizza | IA | $15,000 |
| Brix Tavern, LLC | OR | $5,000 |
| Chicken Joe's LLC | CT/NY | $5,000 |
| Da Big Blue Enterprises Corp. d/b/a Blue Tropix Bar & Grill & Da Big Kahuna Waikiki | HI | $10,000 |
| Daliano's, Inc. d/b/a Daliano's | MI | $15,000 |
| Eat This, Inc./Witchy Kitchen | CA | $15,000 |
| Eowyn, LLC d/b/a Cabana | TN | $5,000 |

| CIIPP Class Representative | State | Proposed Service Award |
|---|---|---|
| Fargo Stopping Center, LLC | ND | $15,000 |
| FB Mall, LLC d/b/a Fat Belly's | RI | $10,000 |
| Floersch IGA, Inc. d/b/a Ray's Apple Market | KS | $10,000 |
| France 44 Foods, Inc. | MN | $5,000 |
| Legacy 5, LLC d/b/a Mr. Jim's Pizza | NV | $5,000 |
| Little Figs, Inc. d/b/a Figaretti's Restaurant | WV | $5,000 |
| Midtown Bar and Grill LLC | SC | $5,000 |
| Mookie's Southern Cuisine LLC | NC | $5,000 |
| Oregano Italian, LLC d/b/a Oregano Italian Kitchen | UT | $10,000 |
| Pancho's Taqueria, Inc. d/b/a Pancho's Taqueria | MA | $5,000 |
| Peppers Grill & Bar, Inc. | NM | $5,000 |
| Roost Fried Chicken LLC | MT | $5,000 |
| Sargent's Restaurant and Lounge | SD | $5,000 |
| Sullott Corporation | NY | $5,000 |
| Sumner Country Restaurant & Creamery LLC d/b/a Kelley's Row Restaurant & Pub | NH | $5,000 |
| Tani Sushi Bistro, LLC | MO | $5,000 |
| Telavi Hospitality, Inc. d/b/a Levante's | VA | $5,000 |
| Tennis Bums, LLC d/b/a Alabama Joe's | FL | $2,500[2] |
| Tic-Tac-O | ME | $5,000 |
| Wildwood Tavern LLC | IL | $15,000 |
| **Total Service Awards** | | **$235,000.00** |

---

[2] CIIPPs request a $5,000 total service award to be split between the two Alabama Joe's entities. *See* ECF No. 5543 n.1.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 19, 2025, in Minneapolis, Minnesota.

*/s/ Daniel C. Hedlund*
Daniel C. Hedlund

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 19, 2025, in Burlingame, California.

/s/ *Adam J. Zapala*
Adam J. Zapala
