quinn emanuel trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8225**

WRITER'S EMAIL ADDRESS
**mikebonanno@quinnemanuel.com**

August 8, 2025

**VIA E-MAIL**

Maura R. Grossman
Special Master
Maura Grossman Law
50 Fountain Street, Suite 1400, #233
Buffalo, NY 14202-2215
maura@mauragrossman.com
(212) 861-8097

Re: *In re Broiler Chicken Antitrust Litigation* (N.D. Ill. 1:16-cv-08637): Supplemental Briefing in Support of Pilgrim's Opposition to Certain DAPs' Motion to Compel Pilgrim's to Amend its Responses to Certain DAPs' First Set of Interrogatories

Dear Special Master Grossman:

On behalf of Pilgrim's Pride Corporation ("Pilgrim's"), and at your request, we write to provide supplemental briefing on Certain DAPs' Motion to Compel concerning Pilgrim's Responses to Certain DAPs' First Set of Interrogatories. Under all applicable standards, Pilgrim's responses are more than sufficient.

To address your inquiry: "A party may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. The Court has broad discretion when reviewing a discovery dispute and 'should independently determine the proper course of discovery based upon the arguments of the parties.'" *Holleman v. Aramark Corp.*, 2013 WL 3872221, at *1 (S.D. Ind. July 25, 2013) (*citing Gile v. United Airlines Inc.*, 95 F.3d 492, 496 (7th Cir. 1996)). When a party provides a substantive answer to the question posed—as Pilgrim's did here—courts unanimously hold that further or different answers cannot be compelled. *See, e.g.*, *Deere v. American Water Works Co., Inc.*, 306 F.R.D. 208, 214 (S.D. Ind. 2015); *see also Eastman v. Santos*, 2019 WL 11718732, at *3 (S.D. Ill. Aug. 29, 2019) (showing the inquiry is whether the responding party answered the question posed).

As the district court in *Vukadinovich v. Hanover Cmty. Sch. Corp.* aptly explained: "It is not the court's duty to determine the accuracy of a response to an interrogatory. If a good faith response to an interrogatory is that the respondent does not know the information asked, and cannot

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

make reasonable efforts to learn the information, then such a response is not objectionable. It is the court's duty to determine if the response directly addresses the interrogatory. It is reasonable and acceptable if the response includes a brief explanation or description of context." 2014 WL 667830, at *4–5 (N.D. Ind. Feb. 20, 2014). Simply put, a party "is not entitled to dictate what [its] adversary's] answers should be . . . or to try [its] case through discovery. *Holleman*, 2013 WL 3872221, at *1. Accordingly, Certain DAPs' Motion should be denied.

### *Certain DAPs Fail to Show That Pilgrim's Responses Are Inadequate*

Certain DAPs bear the burden to show that Pilgrim's interrogatory responses are insufficient. *See* Fed. R. Civ. P. 37(a)(3)(A)(iii); *Navarro v. Travelers Casualty Ins.*, 2018 WL 11412425, at *1 (C.D. Ill. Oct. 11, 2018) ("The party requesting discovery has the burden to explain how discovery responses are inadequate."). Certain DAPs do not meet this burden. As Pilgrim's explained in its opposition brief, and as is clear on the face of Pilgrim's responses, Pilgrim's provided ***complete*** answers—including all facts in Pilgrim's possession—to each of Certain DAPs' interrogatories. Opp. at 4–6; Mot. Ex. 2. Pilgrim's thus has "no more information to provide" that could be compelled, and Certain DAPs' arguments to the contrary are unavailing. *See Deere*, 306 F.R.D. at 215, 217. "[Certain DAPs] asked for [Pilgrim's] knowledge, and [Pilgrim's] divulged that knowledge. No further response is necessary." *Id.* at 217; *see also C.R. Bard, Inc. v. Medical Components, Inc.*, 2021 WL 2875449, at *2 (D. Utah Apr. 6, 2021) ("[A] court cannot compel a party to provide information it does not have.").

### *Certain DAPs Cannot Compel Pilgrim's to Provide Different Responses*

Certain DAP identify no real deficiencies with the substance of Pilgrim's detailed responses, but instead take issue with how those responses are phrased, including that Pilgrim's provided a description of facts "as described in Pilgrim's Plea Agreement." *See* Mot. at 2; Reply at 4; Mot. Ex. 2 at 2. But Certain DAPs' interrogatories expressly asked for information as "described in . . . the attached Plea Agreement." Mot. Ex. 2 at 2. Pilgrim's thus answered ***exactly*** what Certain DAPs asked. Certain DAPs provide no authority that would allow them to request information as "described in . . . the attached Plea Agreement," while barring Pilgrim's from quoting or referring to that plea agreement in its response. Certain DAPs even concede that the plea agreement "is a negotiated instrument between Pilgrim's and the government" that was approved by a court, *see* Reply at 1, but they still somehow contend that it can be indirectly revised by bringing a motion to compel. Not so.

It is well-settled that Certain DAPs cannot compel Pilgrim's to provide ***different*** answers to already-answered interrogatories just because Certain DAPs do not like Pilgrim's answers. *See Deere*, 306 F.R.D. at 215–16 (that "Plaintiffs may not be pleased with" the responses is no basis to grant a motion to compel); *see also Gilbert v. Fernald*, 2022 WL 16860279, at *7 (C.D. Cal. Sept. 1, 2022) ("Just because Plaintiff does not like Defendant's answer is not grounds to compel Defendant to give a different answer."); *Glass v. Beer*, 2007 WL 913876, at *2 (E.D. Cal. Mar. 23, 2007) ("Plaintiff is required to accept defendant's answer as given, and may not seek to compel a different answer."). In *Gilbert v. Fernald*, for example, the court denied a motion to compel where plaintiff tried to compel defendant to assist "in *creating* evidence to support [plaintiff's] case." 2022 WL 16860279 at *6 (emphasis in original). There, plaintiff asked defendant to

describe a prison cell door; defendant said it was "made from metal." *Id.* Because defendant answered the question posed, plaintiff was not entitled to compel a different or further answer just because plaintiff hoped his question would elicit defendant to make an "admission regarding the door's opaqueness." *Id.* The same logic holds here. Pilgrim's has already answered Certain DAPs' questions, yet Certain DAPs have moved to compel a different response in the hopes of *creating* bid-rigging evidence regarding their own clients to support their claims. As in *Gilbert v. Fernald*, the Court should deny Certain DAPs' attempt.

Certain DAPs are likewise not entitled to dictate or ask Pilgrim's to rephrase its responses. *See DMO Norwood LLC v. Kia America, Inc.*, 691 F. Supp. 3d 252, 261 (D. Mass. 2023) (holding "[a party] does not have the privilege of dictating how the plaintiff responds to the question beyond formulating the interrogatory itself."). Nor can Certain DAPs continue "asking for the same things until they get an answer they like." *Last Atlantis Capital, LLC v. AGS Specialist Partners*, 292 F.R.D. 568, 578 (N.D. Ill. 2013). Finally, Certain DAPs cannot compel Pilgrim's to provide a different response when it has already answered to the best of its knowledge. *See Brunker v. Schwan's Home Service, Inc.*, 2006 WL 8452474, at *3 (N.D. Ind. Apr. 3, 2006) ("While the plaintiff may not like [the] answers, the plaintiff may not continue to demand more or different answers to questions that the defendant already has answered to the best of its knowledge.").

\* \* \* \* \*

For these reasons, and those set forth in its opposition briefing, Pilgrim's respectfully requests that the Special Master deny Certain DAPs' motion.


Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Michael D. Bonanno*

Michael D. Bonanno

William A. Burck
Christopher G. Michel
Kathleen A. Lanigan
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
Phone: (202) 538-8000
Fax: (202) 538-8100
mikebonanno@quinnemanuel.com
williamburck@quinnemanuel.com
christophermichel@quinnemanuel.com

3

katlanigan@quinnemanuel.com

Debra D. Bernstein
1200 Abernathy Road, Suite 1500
Atlanta, GA 30328
Tel: (404) 482-3502
debrabernstein@quinnemanuel.com

Michelle Schmit
191 N. Wacker Dr., Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
michelleschmit@quinnemanuel.com

*Counsel for Defendant Pilgrim's Pride Corporation*