# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | Case No.: 1:16-cv-08637 |
| | The Honorable Thomas M. Durkin |
| This Document Relates To: | Magistrate Judge Jeffrey T. Gilbert |
| THE DIRECT PURCHASER PLAINTIFF ACTION | |

## ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION FOR APPROVAL OF SECOND DISTRIBUTION OF NET SETTLEMENT PROCEEDS

1052870.3

The Court, having reviewed Direct Purchaser Plaintiffs' Motion for an Order approving a second distribution of net settlement proceeds to qualified claimants, the concurrently filed Memorandum and supporting declarations, and all other evidence and arguments presented, hereby finds that the motion should be **GRANTED**.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of this litigation, including the actions within this litigation, and over the parties to the Settlement Agreements, including all members of the Class and the Settled Defendants.

2. The Court previously granted final approval of all the Settlement Agreements, and found that due and adequate notice of the Settlements was provided to the Class. Referring specifically to the seven settlements that are the subject of this Motion for a second distribution, this Court granted final approval to the DPPs' settlements with Mar-Jac and Harrison Poultry on January 27, 2022 (ECF No. 5397); Simmons, Mountaire and O.K. Foods on December 12, 2023 (ECF Nos. 7085, 7087, 7088); and HRF and Koch on August 14, 2024 (ECF No. 7356). The Settled Defendants have paid a total of $115,050,150.00 into the Settlement Fund.

3. On March 15, 2024, this Court approved the claims process and appointed A.B. Data as the Claims Administrator.[1] ECF No. 7179. The claims review process was fair, adequate and reasonable, providing a full and fair opportunity for potential Class members to submit a valid claim. The Court finds that A.B. Data has carried out the claims administration process in a reasonable manner and consistent with orders of this Court. A.B. Data has offered claimants reasonable notice of claim deficiencies and an opportunity to cure them.

---

[1] The Court approved the claims process in conjunction with preliminary approval of the Settlements with the prevailing defendants.

4.      The Settlement Administrator incurred a total of $629,351.09 in costs and expenses in administering the Settlements, processing and auditing claims, and related expenses. The Court holds that these costs and expenses were reasonably incurred in the ordinary course of administering the Settlements and were necessary given the nature and scope of the case. Based on A.B. Data's extensive experience, the estimate that its remaining work to the completion of final distribution will cost $54,000.00 is reasonable. If the actual amount is less than this anticipated amount, the difference shall be distributed *pro rata*.

5.      The Court holds that the amounts charged by the Escrow Agent were reasonable given the nature and scope of the case. The Escrow Agent shall be paid up to $3,000.00 per settlement through the end of the distribution. If the actual amount is less than this anticipated amount, the difference shall be distributed *pro rata*.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

6. The Court finds that the Net Distribution Fund is properly accounted for through February 28, 2026 as follows:

| Description | | Amount |
|---|---|---|
| Funding by Mar Jac | + | $7,975,000.00 |
| Funding by Harrison Poultry | + | $3,300,000.00 |
| Funding by Simmons | + | $8,018,991.00 |
| Funding by Mountaire | + | $15,899,826.00 |
| Funding by O.K. Foods | + | $4,856,333.00 |
| Funding by House of Raeford | + | $27,500,000.00 |
| Funding by Koch | + | $47,500,000.00 |
| **Settlement Fund** | = | **$115,050,150.00** |
| Earned Interest (through February 28, 2026)[2] | + | $12,255,048.25 |
| Litigation Expenses (Requested) | - | $9,976,873.76 |
| *Second Expense Reimbursement (ECF No. 7086)* | | *$4,469,346.65* |
| *Pending Expense Reimbursement (ECF No. 7232)* | | *$1,029,448.72* |
| *Claims/Notice Admin. (through January 31, 2026)[3]* | | *$629,351.09* |
| *Escrow Agent Fees (through February 28, 2026)* | | *$45,300.00* |
| *Taxes (through December 31, 2025)* | | *$3,803,427.30* |
| Future Litigation Expense Fund (Requested) | - | $100,000.00 |
| Attorneys' Fees (Requested) | - | $39,051,108.16 |
| Class Representative Service Awards (Requested) | - | $75,000.00 |
| Claims Administration Costs (Anticipated)[4] | - | $54,000.00 |
| Additional Escrow Agent Fees (Anticipated)[5] | - | $21,000.00 |
| Taxes (Anticipated)[6] | - | $172,351.67 |
| **Net Distribution Fund** | = | **$77,854,864.66** |

DPPs shall supplement this accounting with an updated and final accounting for distribution once the Court rules on the pending Direct Purchaser Plaintiffs' Motion for Payment of Attorneys' Fees,

---

[2] Mar Jac $1,131,770.18; Harrison Poultry $478,473.56; Simmons $948,847.76; Mountaire $1,568,749.07; O.K. Foods $492,117.28; HRF $2,761,088.50; Koch $4,874,001.90.

[3] Mar Jac $198,873.53; Harrison Poultry $82,292.49; Simmons $75,571.11; Mountaire $149,840.23; O.K. Foods $45,767.79; HRF $28,237.89; Koch $48,768.05.

[4] If the actual amount is less than this anticipated amount, the difference shall be distributed *pro rata*.

[5] $3,000.00 reserve for each of the seven Settlements for additional bank fees through the end of the distribution, for a total of $21,000.00. If the actual amount is less than this anticipated amount, the difference shall be distributed *pro rata*.

[6] This amount is based on the amount paid in December 2025. If the actual amount is less than this anticipated amount, the difference shall be distributed *pro rata*.

1052870.3 3

Reimbursement of Litigation Expenses, and Class Representative Service Awards, ECF No. 7232 ("Motion for Fees and Costs").

7. The Court hereby authorizes distribution of the Net Settlement Funds to all qualified claimants, including late claims, as set forth in Exhibit A to the Declaration of Taylor Foulk, ECF No. 8274, subject to the final resolution of Motion for Fees and Costs. All ineligible claims are hereby denied.

8. Certain of the funds from the first distribution to qualified DPP claimants were earmarked for redistribution. *See* ECF No. 5791. Those funds have been invested and earning interest, and now total $5,426,994.84 (the "Redistribution Amount"). The Court hereby authorizes distribution of the Redistribution Amount concurrent with the second distribution and according to the *pro rata* calculation applied in the first distribution.

9. DPPs shall report to the Court 150 days after payments are sent, advising the Court of the status of the distribution, and at that time will propose a plan for any funds remaining.

10. This Court retains continuing jurisdiction over the administration and distribution of the settlement proceeds.

**IT IS SO ORDERED.**

DATED: March 25, 2026

HON. THOMAS M. DURKIN