IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


IN RE BROILER CHICKEN                 )   Case No. 16 C 8637
ANTITRUST LITIGATION                  )
                                      )
This Document Relates To:             )
                                      )   Chicago, Illinois
All End-User Consumer                 )   April 14, 2026
Plaintiff Actions                     )   9:30 a.m.

          TRANSCRIPT OF PROCEEDINGS - TELEPHONIC MOTION HEARING
               BEFORE THE HONORABLE THOMAS M. DURKIN

APPEARANCES:

For the End-User          HAGENS BERMAN SOBOL SHAPIRO LLP
Consumer Class:           BY:  MS. SHANA E. SCARLETT
                          715 Hearst Avenue, Suite 202
                          Berkeley, California 94710


                          COHEN MILSTEIN SELLERS & TOLL PLLC
                          BY:  MR. BRENT W. JOHNSON
                          1100 New York Avenue, NW, Suite 800
                          Washington, D.C. 20005


For Agri Stats:           HOGAN LOVELLS US LLP
                          BY:  MR. JUSTIN W. BERNICK
                          555 Thirteenth Street, NW
                          Washington, D.C. 20004


Court Reporter:           ELIA E. CARRIÓN, RPR, CRR, CRC
                          Official Court Reporter
                          United States District Court
                          219 S. Dearborn Street, Room 1432
                          Chicago, Illinois 60604
                          312.408.7782
                          Elia_Carrion@ilnd.uscourts.gov

                    *   *   *   *   *

             PROCEEDINGS REPORTED BY STENOTYPE
   TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

(Proceedings heard telephonically:)

THE CLERK: This is the courtroom deputy speaking.

Now calling Case No. 16 CV 8637, In re Broiler Chicken Antitrust Litigation.

Attorneys that are planning on speaking on behalf of end-user consumer plaintiff, please state your name.

MS. SCARLETT: Good morning. This is Shana Scarlett from Hagens Berman on behalf of the end-user consumer class.

MR. JOHNSON: This is Brent Johnson from Cohen Milstein, also on behalf of consumers.

THE CLERK: Okay. And any attorney planning on speaking on behalf of the defendant Agri Stats, Inc., please state your name.

MR. BERNICK: Good morning. This is Justin Bernick on behalf of Agri Stats.

THE COURT: All right. Good morning.

This is the end-user plaintiffs' motion -- uncontested motion for preliminary approval of the settlement with Agri Stats and a motion to direct notice regarding settlement.

The first question is, is there anyone on the line who is objecting to preliminary approval of this settlement with Agri Stats?

The record should reflect no one has spoken up to say they object to it.

This is for preliminary approval. The history of this

case is lengthy. But as to Agri Stats itself, a motion for summary judgment was granted related to the end-user class. An appeal was taken from that grant of summary judgment. It was fully briefed. I think oral arguments were scheduled for tomorrow, but the parties reached a settlement.

It's a nonmonetary settlement where Agri Stats has agreed to a number of changes in their policies, which are all set forth in the Document 8314. I won't go through them on the record, but they're part of the record. I won't go through them orally right now.

The plaintiffs' attorneys are not seeking attorneys' fees relating to this, and each side is agreeing to pay their own costs.

So, Ms. Scarlett, have I correctly, on a high level, at least, summarized the state of the settlement?

MS. SCARLETT: You have, Your Honor.

THE COURT: Okay.

Mr. Bernick, do you agree?

MR. BERNICK: Yes, Your Honor.

THE COURT: Well, I find that this is a -- preliminary approval should be granted for this settlement. The standard of review at this point is simply whether this is a fair, reasonable, and adequate settlement within the range of possible approval. And I have to consider whether it's likely I would ultimately grant final approval and whether this, in

fact, is a fair, reasonable, and adequate settlement. I believe it is.

Agri Stats was out of the case, at least in front of me. They -- there was a risk they could be brought back in if the Seventh Circuit reversed. And in exchange for dropping of the appeal -- or a settlement of the -- of this matter, Agri Stats agreed to a number of what I believe to be substantive changes in their policies, which I think certainly seems like a fair and reasonable settlement.

There are benefits to the class in the sense that Agri Stats is still in the business of providing data to the broiler chicken market, but the types of data that is going to be available and the timing of it and the way it's displayed certainly would make any potential abuse of that data less likely.

I've already certified a litigation class in this case. The same class would be involved in this settlement. The form of notice clearly and fairly apprises class members of the nature of this action, the scope of their rights, because the settlement is injunctive -- is for injunctive relief only. Class members cannot -- cannot opt out, but they can object, and they'll be provided an opportunity to object when they get notice of this settlement.

The proposed notices satisfy the requirements of due process and the specific requirements of Rule 23(c)(2)(B) and

the manner of dissemination is reasonable.  And there's a proposed schedule, which is set forth on page 14 of Docket Entry 8314.  We'll adopt that schedule.  We'll insert the dates -- well, do you have a proposed order, Ms. Scarlett, that you've submitted?

MS. SCARLETT:  I believe one was submitted, yes.

THE COURT:  Oh.

MS. SCARLETT:  But if Your Honor would like us to resubmit today with updated dates, we can do that.

THE COURT:  Please do.  I think the way to do that would be with actual dates rather than the -- the way it's formatted now, 90 days after an order or 97 days from an order.  Put in actual dates using that -- that proposal, though.

Okay.

MS. SCARLETT:  Yes, Your Honor.

THE COURT:  Any -- and we'll then set a date for final approval when that order is entered.

And I think on that one, you should talk to my courtroom deputy, email her and ask for a date for the final approval once you have it mapped out with the other alternative -- with the other interim dates set forth in your proposal.  But she'll give you a date that we can hear it for final approval.

Ms. Scarlett, will that complete the end-user case?

MS. SCARLETT:  Yes, Your Honor, I believe this will at

last be the end of the end-user case.

THE COURT:  I suspected it, but I wanted you to say it on the record, so...

MS. SCARLETT:  Yes.

THE COURT:  All right.  And -- okay.

Anything else from plaintiffs, Ms. Scarlett or Mr. Benson -- or Mr. Johnson, rather?

MS. SCARLETT:  Nothing for us.  Thank you.

THE COURT:  Okay.

MR. JOHNSON:  No, Your Honor.

THE COURT:  And, Mr. Bernick, anything else on behalf of Agri Stats?

MR. BERNICK:  No, Your Honor.

THE COURT:  Okay.  Thank you all.

MS. SCARLETT:  Thank you very much, Judge.

MR. BERNICK:  Thank you, Your Honor.

(Concluded at 9:36 a.m.)

* * * * *

I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter.

*/s/ Elia E. Carrión*                    *14th of April, 2026*

Elia E. Carrión, RPR, CRR, CRC
Official Court Reporter