# Exhibit 1

# PAUL HASTINGS

1(202) 551-1752
craiglee@paulhastings.com

March 6, 2026

**VIA EMAIL AND FEDEX**

Omeed A. Assefi
Acting Assistant Attorney General
Antitrust Division
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

Re:     *In re Broiler Chicken Antitrust Litigation*, No. 1:16-cv-08637 (N.D. Ill.)

Dear Acting Assistant Attorney General Assefi:

We represent ALDI, Inc., Chick-fil-A, Inc., Sodexo, Inc., and Sodexo Operations, LLC in the above-captioned federal civil proceeding In re Broiler Chicken Antitrust Litigation, 16-cv-08637 (N.D. Ill.) ("*Broilers*"). This letter is submitted under 28 C.F.R. §§ 16.21 – 16.29 and *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). On behalf of our clients, we respectfully request that the Antitrust Division produce certain documents related to its prosecution of poultry supply company executives for violations of the Sherman Act in *United States v. Penn, et al.*, No. 1:20-cr-00152 (D. Colo.) and *United States v. McGuire, et al.*, No. 1:21-cr-00246 (D. Colo.) and Mr. Timothy Stiller for Obstruction of an Official Proceeding in the case captioned *United States v. McGuire, et al.*, No. 1:21-cr-00246 (D. Colo.).

In *Penn* and *McGuire*, the Division charged fourteen individuals with a conspiracy to restrain trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. Superseding Indictment, *United States v. Penn*, 1:20-cr-00152, Dkt. 101 (D. Colo. October 6, 2020); Superseding Indictment, *United States v. McGuire*, 1:21-cr-00246, Dkt. 102 (D. Colo. July 12, 2022).

In *McGuire*, the Division alleged that Mr. Stiller "did corruptly attempt to alter, destroy, mutilate, conceal, and cover up a record, document, or other object; to wit: one or more phones in [Mr. Stiller's] possession, with the intent to impede, obstruct, or influence the investigation and proper administration of an official proceedings; namely, Northern District of Illinois federal civil antitrust proceedings consolidated under case number 1:16-cv-08637." *See* Superseding Indictment at 39, *United States v. McGuire, et al.*, No. 1:21-cv-00246, Dkt. 102 (D. Colo. July 12, 2022). As our clients are plaintiffs in the "Northern District of Illinois federal civil antitrust" case referenced in the indictment, *i.e.*, *Broilers*, we request that the Antitrust Division produce the documents and information listed below.



Acting Assistant Attorney General Omeed A. Assefi
March 6, 2026
Page 2

**I.      Specific Requests.**

On behalf of our clients, we seek documents and information relevant to *Broilers*. Specifically, we request the following categories of documents.

- Copies of FBI interview reports, drafts, notes, and other memoranda produced to Defendants in *Penn* and *McGuire*.

- Phone records produced by any carriers, including Verizon and AT&T, in *Penn* and *McGuire*.

- Imaging reports, electronic device reports including but not limited to Cellebrite and GrayKey reports and/or other evaluations of any and all devices seized during the execution of the government's search warrant on Mr. Stiller's home in late July 2021. Devices of interest include, but are not limited to, a Samsung Galaxy S6 with the ESN 990007037762207 and a Samsung Galaxy S8 with the IMEI number 359031081440259.

- Any documentation, evaluation, or analysis regarding any potential or actual physical, water, or other damage to devices seized during the execution of the government's search warrant on Mr. Stiller's home in late July 2021. Devices of interest include, but are not limited to, a Samsung Galaxy S6 with the ESN 990007037762207 and a Samsung Galaxy S8 with the IMEI number 359031081440259.

- Any documentation, evaluation, or analysis regarding any data deletion from devices seized during the execution of the government's search warrant on Mr. Stiller's home in late July 2021. Devices of interest include, but are not limited to, a Samsung Galaxy S6 with the ESN 990007037762207 and a Samsung Galaxy S8 with the IMEI number 359031081440259.

- Any communications involving Mr. Stiller regarding his attempt to obstruct justice. This includes, but is not limited to, any text messages between Mr. Stiller and his wife, Ms. Kelly Stiller.

**II.     Summary of the Information Sought and Its Relevance to the Proceedings Pursuant to 28 C.F.R. § 16.22(d).**

Defendants in the *Penn* and *McGuire* cases were charged with a conspiracy to restrain trade to "suppress and eliminate competition by rigging bids and fixing prices and other price-related terms for broiler chicken products sold in the United States." Superseding Indictment, *United States v. Penn*, 1:20-cr-00152, Dkt. 101 (D. Colo. October 6, 2020); Superseding Indictment, *United States*

PAUL
HASTINGS

Acting Assistant Attorney General Omeed A. Assefi
March 6, 2026
Page 3

*v. McGuire*, 1:21-cr-00246, Dkt. 102 (D. Colo. July 12, 2022). The conduct underlying the criminal charges are part of the civil litigation and evidence gathered in the criminal investigation is highly relevant to the civil litigation.

Further, Mr. Stiller was alleged to have obstructed justice in connection with *Broilers*. The information sought thus speaks directly to potential spoliation of evidence in this litigation. Our requests target the conduct Mr. Stiller is alleged to have engaged in to obstruct justice, namely, his alleged destruction or attempted destruction of personal electronic devices and the evidence those devices contained.

We also seek Mr. Stiller's communications related to or regarding his attempt to obstruct justice, including text messages exchanged with his wife. In *Penn,* a case related to *McGuire* and also brought by the Antitrust Division stated that a former colleague of Mr. Stiller's would testify that Ms. Stiller texted him an image of one of his devices intentionally submerged in water. U.S. Resp. to Defs.' Joint Mot. at 2, *United States v. Penn*, 1:20-cr-00152, Dkt. 769 (D. Colo. Nov. 1, 2021) ("[Mr.] Stiller stated 'I can't fucking believe she texted me that' in response to a text message from his wife and asked the witness if he would text something like that if he saw phones in water[.]"). Mr. Stiller's communications related to or regarding his attempt to obstruct justice are highly relevant to the issue of spoliation in *Broilers*.

### III.    The Requested Information Is Appropriate under the Factors Specified in 28 C.F.R. § 16.26(a).

The two factors enumerated in Section 16.26(a) support the requested disclosure. First, disclosure is consistent with the rules of procedure governing *Broilers*. 28 C.F.R. § 16.26(a)(1). Second, disclosure is consistent with the relevant substantive law of privilege. 28 C.F.R. § 16.26(a)(2).

Relevant to the first factor, *Broilers* is a federal civil antitrust suit, and the Federal Rules of Civil Procedure apply. Under the Federal Rules, the scope of discovery extends to "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). In *Penn* and *McGuire*, the Division prosecuted fourteen individuals for criminal bid rigging charges. Those individuals are current and former employees of companies who are named Defendants in *Broilers*. Likewise, the Division prosecuted Mr. Stiller for seeking to obstruct justice in *Broilers*. Therefore, Mr. Stiller's alleged obstruction and materials regarding the same are relevant to *Broilers*—namely to the potential spoliation of evidence—and so are within the scope of discovery. In addition, fact discovery in *Broilers* is open until May 8, 2026. *See* Track Two Scheduling Order No. 2 and Case Management Order, *In re Broiler Chicken Antitrust Litigation*, No. 1:16-cv-08637, Dkt. 8211 (N.D. Ill. Jan. 7, 2026). Consequently, the requested disclosure is consistent with the rules of procedure governing *Broilers* in satisfaction of 28 § C.F.R. 16.26(a)(1).



Acting Assistant Attorney General Omeed A. Assefi
March 6, 2026
Page 4

Relevant to the second factor, the requested disclosure does not seek privileged information or material implicated by privilege. As such, "disclosure is appropriate under the relevant substantive law concerning privilege" in satisfaction of 28 C.F.R. § 16.26(a)(2).

**IV.      None of the Factors Barring Disclosure in 28 C.F.R. § 16.26(b) Are Satisfied.**

Section 16.26(b) lists six factors that limit the scope of requested disclosures. None of the six factors are met here, making disclosure warranted.

First, we are not aware of any statute or rule of procedure that would be violated by the requested disclosure. 28 C.F.R. § 16.26(b)(1). Second, we are aware of no regulations that would be violated by the requested disclosure. 28 C.F.R. § 16.26(b)(2). Third and fourth, we do not seek classified information, nor information that could reveal a confidential source or informant. 28 C.F.R. §§ 16.26(b)(3)-(4). Fifth, although the requested disclosure calls for "investigatory records compiled for law enforcement purposes," we understand that this would not "interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired," as the *Penn* and *McGuire* cases are closed. 28 C.F.R. § 16.26(b)(5). Sixth and lastly, no trade secrets are implicated by the requested disclosure. 28 C.F.R. § 16.26(b)(6).

Further, to the extent the Division is concerned that any factors above are implicated, we are willing to narrow the request as needed to eliminate potential issues.

*      *      *

We are confident that our requested disclosure is warranted under 28 C.F.R. §§ 16.21 – 16.29 and *Touhy*. We look forward to hearing from you, and kindly request that these materials be produced by April 3, 2026.

Sincerely,

Craig Y. Lee