**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

IN RE BROILER CHICKEN ANTITRUST LITIGATION

No. 16 C 8637

Judge Thomas M. Durkin

**ORDER**

On December 1, 2021, the Court entered an order granting counsel for the Direct Purchaser Class ("Directs") an interim fee award of one-third of the settlement fund that existed at that time, without objection. *See* R. 5229. The Court similarly granted an interim fee request made by counsel for the Indirect Purchaser Class ("Indirects"), also awarding them one-third of the settlement fund for the Indirects Class, also without objection. *See* R. 5543. Subsequently, the Court awarded one-third of the settlement fund to counsel for the End-User Class. Two class members objected to that award, and it was eventually reversed by the Seventh Circuit, which on a subsequent appeal ordered an award to counsel for the End-User Class of 26.6% of the net settlement fund. Concurrently with this order, the Court will enter an order awarding that amount to the End-User Class Counsel and granting awards to the objectors.

Both Directs Counsel and Indirects Counsel have new fee motions pending before the Court. *See* R. 7232; R. 7730. After the Seventh Circuit issued its decision regarding the End-User Class Counsel award, the Court ordered Directs Counsel and Indirects Counsel to file briefs addressing the impact of that decision on their pending

fee motions. Both argue that the Seventh Circuit's order is not relevant to their motions because it "turned on facts unique" to the End-User Class. *See* R. 7826 at 1; *see also* R. 7825 at 2 (the Seventh Circuit's order "deals with a specific award to specific counsel based on unique and particularized facts"). Specifically, Indirects argue the fact that 14 of the 32 named plaintiffs in their class signed agreements providing for a fee of one-third of recovery is the "best evidence of the value" of their services. *See* R. 7826 at 8 (quoting *Assessment Techs. of WI, LLC v. WIREdata, Inc.,* 361 F.3d 434 (7th Cir. 2004)).

Normally the Court would agree. Indeed, this Court has previously agreed with that argument in granting one-third awards to both Directs Counsel and Indirects Counsel. However, the ex ante agreements with the class representatives are evidence that is relevant to an issue the Seventh Circuit has since decided. While the ex ante agreements are *evidence* of the market value of counsel's services, the market value of class counsel's services in this case has already been determined. The Seventh Circuit has definitively decided what the market value of class counsel services is *in this case* in particular. The Seventh Circuit decided that the "market value" of the work of the End-User Class Counsel is 26.6% of the net settlement fund for that class. The additional "evidence" cited by Directs Counsel and Indirects Counsel is not a basis to reopen that issue and disregard the Seventh Circuit's order.

Indirects Counsel point out that the Seventh Circuit's decision implied that district courts are not *required* to rely on a sampling of ex post awards, as the Court did in determining the award for End-User Counsel. *See* R. 7826 at 14 (*"to the extent*

a district court relies on a sampling of *ex post* awards to recreate the hypothetical market, it must ensure that sample is representative." (quoting *In re Broiler Chicken Antitrust Litig.*, 142 F.4th 568, 575 (7th Cir. 2025) (emphasis added)). Furthermore, Indirects Counsel argues that "nothing in the [Seventh Circuit's] opinions requires the Court to use those ex post awards to arrive at a mathematically precise calculation of average class counsel's fees." R. 7826 at 14. These are of course accurate characterizations of the Seventh Circuit's decision, but they are beside the point. The Seventh Circuit was crystal clear that the value of class counsel's services *in this case* is 26.6% of the net settlement fund. *See Broiler Chicken*, 142 F.4th at 576 ("class counsel are entitled to 26.6% of the net common fund").

If the work performed or results achieved by Directs Counsel or Indirects Counsel in this case was materially different from that of counsel for the End-User Class, that might have been a basis to reconsider how the Seventh Circuit's order applies to these two Class Counsels differently. But Directs Counsel and Indirects Counsel do not argue that their work in this case is materially different or more valuable than the work of counsel for the End-User Class. And the Court sees no basis for them to have made such an argument. Counsel for each of the three Classes spent roughly the same amount of time and effort on their cases, which was primarily reflected in the briefing of the major issues in the case (motions to dismiss, class certification, and summary judgment). And the Classes collaborated during discovery. True, only the Directs went to trial; but they lost. Any additional benefit

3

for the additional work required by trial would have been reflected in a trial verdict the Directs did not earn.

In contrast to the trial loss, the value to the Classes of the settlements at issue here has already been determined by the Seventh Circuit with respect to the work of counsel for the End-User Class. The Seventh Circuit held that 26.6% is the "market value" of that work. With the work of Counsel for all three classes being materially similar, and counsel for the Directs and the Indirects having failed to make any argument to the contrary, there is no basis for the Court to depart from the 26.6% award the Seventh Circuit has determined is appropriate in this case. The Seventh Circuit's holding is the best evidence of the "market value" of the attorney work in this case, and that is what the Court will award here.

## Conclusion

Therefore, Directs' motion [7232] and Indirects' motion [7730] are granted in part and denied in part as follows:

- Directs Counsel are awarded fees in the amount of $30,723,384.44, which is 26.6% of the net settlement fund of $115,501,445.27;

- Directs Counsel are also awarded 26.6% of any interest that has accrued since the filing of their supplemental motion;

- Directs' Counsel are awarded $5,498,795.37 in expenses;

- The following class representatives for the Directs are each awarded $15,000:

  o Maplevale Farms, Inc.;

  o John Gross and Company, Inc.;

- o Ferraro Foods, Inc. and Ferraro Foods of North Carolina, LLC;

- o Joe Christiana Food Distributors, Inc.; and

- o Cedar Farms Co., Inc.

- Indirects Counsel are awarded fees in the amount of $9,801,098.47, which is 26.6% of the net settlements fund of $36,846,234.85;

- Indirects Counsel are also awarded $199,608.79 which is 26.6% of $750,409.00 in interest earned on the fund;

- Indirects Counsel are also awarded 26.6% of any interest that has accrued since the filing of their motion;

- Indirects Counsel are awarded $4,919,174.15 in expenses;

- The following class representatives for the Indirects are awarded the following amounts of money:

  - o $2,500 for Alabama Joe's 2, Inc., d/b/a Alabama Joe's;

  - o $5,000 for Alliance Healthcare System, Inc.;

  - o $5,000 for Alpine Special Treatment Center, Inc.;

  - o $5,000 for Avanti's of Phoenix, Inc.;

  - o $10,000 for Bashara & Company, LC d/b/a J. Morgan's Steakhouse;

  - o $5,000 for Bodega Brew Pub, Inc.;

  - o $15,000 for Bordenaro's Pizza, Inc. d/b/a Bordenaro's Pizza;

  - o $5,000 for Brix Tavern, LLC;

  - o $5,000 for Chicken Joe's LLC;

- $10,000 for Da Big Blue Enterprises Corp. d/b/a Blue Tropix Bar & Grill & Da Big Kahuna Waikiki;

- $15,000 for Daliano's, Inc. d/b/a Daliano's;

- $15,000 for Eat This, Inc./Witchy Kitchen;

- $5,000 for Eowyn, LLC d/b/a Cabana;

- $15,000 for Fargo Stopping Center, LLC;

- $10,000 for FB Mall, LLC d/b/a Fat Belly's;

- $10,000 for Floersch IGA, Inc. d/b/a Ray's Apple Market;

- $5,000 for France 44 Foods, Inc.;

- $5,000 for Legacy 5, LLC d/b/a Mr. Jim's Pizza;

- $5,000 for Little Figs, Inc. d/b/a Figaretti's Restaurant;

- $5,000 for Midtown Bar and Grill LLC;

- $5,000 for Mookie's Southern Cuisine LLC;

- $10,000 for Oregano Italian, LLC d/b/a Oregano Italian Kitchen;

- $5,000 for Pancho's Taqueria, Inc. d/b/a Pancho's Taqueria;

- $5,000 for Peppers Grill & Bar, Inc.;

- $5,000 for Roost Fried Chicken LLC;

- $5,000 for Sargent's Restaurant and Lounge;

- $5,000 for Sullott Corporation;

- $5,000 for Sumner Country Restaurant & Creamery LLC d/b/a Kelley's Row Restaurant & Pub;

- $5,000 for Tani Sushi Bistro, LLC;

- o $5,000 for Telavi Hospitality, Inc. d/b/a Levante's;

- o $2,500 for Tennis Bums, LLC d/b/a Alabama Joe's;

- o $5,000 for Tic-Tac-O; and

- o $15,000 for Wildwood Tavern LLC.

ENTERED:

Thomas M Durkin

Honorable Thomas M. Durkin
United States District Judge

Dated: May 21, 2026

7