**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>This document relates to: All End-User Consumer Plaintiffs Actions | No. 1:16-cv-08637<br><br>Honorable Thomas M. Durkin<br>Magistrate Judge Jeffrey T. Gilbert |

**OBJECTOR HUANG's UPDATED OBJECTION TO**
**EUCP's AGRISTATS SETTLEMENT [8314]**

EUCPs settled with AgriStats for $0 net recovery and injunctive relief. R.8314.

Objector Huang previously filed a response raising a question of **why class members must spend at least $23,000 to buy an injunction with AgriStats**. R.8374.

Huang intends to appear *remotely* in the fairness hearing to present his position to the settlement. Now Huang also flags a notice issue early in hopes for EUCPs to remedy the issue—if the notice performance was not as intended. *See infra,* Exhibit A.

Although Huang principally supports direct class notice whenever possible, direct notice *delivered into spam folders* is logically indistinguishable to no direct notice. Such is the case with **EUCP's AgriStats class-action settlement notice**, of which Huang received a copy, **in Gmail's spam folder**. Huang expects an explanation from EUCPs on how they will provide meaningful remedy the spam-notice issue, or, in the alternative, why would EUCPs find notices delivered to Gmail spam folders as "best notice practicable" under their proposed **Rule 23(b)(3) settlement for purely injunctive relief**, dismissing all class members' claims including all damage, R.8314-2 at 11, while the "monetary relief" *will cost* EUCP class members at least $23,000. *See id.* at 14 (AgriStats will not pay more than $23,000 cash); R.8314-3 at 4 (projecting notice cost to exceed $46,000).

1

To consolidate Huang's positions, this page was Huang's full response in R.8374:

To weigh whether the settlement is fair, reasonable and adequate under Rule 23(e) for this injunctive-only settlement, this Court still has a *sua sponte* fiduciary obligation to scrutinize a *de facto* **injunctions purchase for $23,695 of EUCPs' money** (*While notice is estimated for $46,695, AgriStats will not pay more than $23,000, and the class must pay the rest.* R.8314-3 at 4, R.8314-2 at 14). Some class members—not Huang—who ate chicken but has gone vegan will unlikely benefit from the AgriStats injunction. Huang notes counsel's rationale mirrors Rule 23(b)(1)(B) certifications if a more fair settlement must push AgriStats into bankruptcy. That said, Huang hopes that counsel's abandonment for more fee awards truly reflects EUCP's settlement possibilities.

Nevertheless, if the notice cost is reducing EUCP benefit—***counsel's fee award must decline*** when the net settlement fund shrinks for notice. *See* R.5798 at 1. While Huang supported 26.6% fee for EUCPs under *Broiler II*, denominator disputes—here, any cost requests, plus "legal research" and "interest expense", *see* R.7932, R.7966 at 2 n.4 ($1.17 million calculated by Huang last year), still need a "beady-eyed scrutiny by the district judge." *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 280, 286 (7th Cir. 2002).

Date: June 15, 2026

Respectfully Submitted,

/s/Shiyang Huang
Shiyang Huang
2813 SW Rother Rd.,
Topeka, KS 66614
(314) 669-1858
defectivesettlement@gmail.com

2

3

## CERTIFICATE OF SERVICE

I certify that on or before June 15, 2026, a true and correct copy of the foregoing was filed with this Court. CM/ECF will then notify all counsels of record electronically.

/s/ Shiyang Huang

3

**EXHIBIT: Notice Delivered to Gmail Spam Folder**

