UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>This document relates to: All End-User Consumer Plaintiffs Actions | No. 1:16-cv-08637<br><br>Honorable Thomas M. Durkin<br>Magistrate Judge Jeffrey T. Gilbert |

### OBJECTOR HUANG'S MOTION TO DISMISS APPEAL [8467]

Objecting End-User class member Shiyang Huang moves to dismiss his appeal from this Court's orders at **R.8467** before the appeal is docketed in the Seventh Circuit.

Fed. R. App. P. 42(a) provides: "Before an appeal has been docketed by the circuit clerk, the district court may dismiss the appeal . . . on the appellant's motion with notice to all parties." Huang has no agreement with any party to disclose in connection with this voluntary dismissal under Fed. R. Civ. P. 23(e)(5)(B).

Huang filed his notice of appeal on June 25, 2026. As Huang truly did not become aware of the fee order R.8404 until June 24, Huang also needed time to evaluate whether the appeal should be taken, while not implicating the equitable excusable neglect factors. Upon further consideration, Huang decides to dismiss his appeal.

*Huang's principal concern was the source for his $2,000 objector award.* Although Objector Andren's appeals produced new published precedent, Huang's successful objection merely *enforced* 2014 Seventh Circuit cases requiring that percentage-based fees be calculated on the net settlement fund under *Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014); *Pearson v. NBTY, Inc.*, 772 F.3d 778, 781 (7th Cir. 2014). The basis for the class to pay Andren's award means EUCPs should have paid for Huang's.

1

The calculus is same for Huang's *unintended* post-*Broiler II* objections and motion for an award for such, R.7966, as EUCP's interest allocation error has none to do with changing laws, and exclusion of legal research costs also relied on decades-old precedent.

Nonetheless, Huang decides to drop this appeal. As this Court noted, Huang still has time to object to the Agri Stats settlement. The Agri Stats $0 settlement was never a key reason for Huang to consider an appeal. But he will defend any potential attempt to bill the Class for $23,000 in notice costs in a $0 settlement that releases all damage claims for a *limited-time* injunction. If successful, that alone pays the class back tenfold.

Huang still owes fiduciary-like interests (as he "temporarily takes 'control of the common rights of all' the class members and thereby assumes 'a duty fairly to represent those common rights.'" *Pearson v. Target Corp.*, 968 F.3d 827, 834 (7th Cir. 2020)) to **(1)** ensure the class is protected by his objection, **(2)** to restore incentives for meritorious objections, and **(3)** to ensure class counsels have skin in the game to *not cause objections.*

Date: June 27, 2026

Respectfully Submitted,

/s/Shiyang Huang
Shiyang Huang
2813 SW Rother Rd.,
Topeka, KS 66614
(314) 669-1858
defectivesettlement@gmail.com

## CERTIFICATE OF SERVICE

I certify that on or before June 27, 2026, a true and correct copy of the foregoing was filed with this Court. CM/ECF will then notify all counsels of record electronically.

/s/ Shiyang Huang