**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION* | No. 1:16-cv-08637 |
| | Honorable Thomas M. Durkin |
| This document relates to: All End-User Consumer Plaintiffs Actions | Magistrate Judge Jeffrey T. Gilbert |

**NOTICE INCORPORATING STATEMENTS FROM THE UNITED STATES AND STATE ATTORNEYS GENERAL SUPPORTING EUCP OBJECTOR HUANG [8469]**

Objector Huang submits a relevant docket from *United States v. Agri Stats*, No. 0:23-cv-3009 (D. Minn.) to support his objection (**R.8469**) that EUCP's Agri Stats settlement is completely valueless for extinguishing an meritorious oral-argument track appeal—which EUCP's counsel will abandon if their Agri Stats settlement is approved.

The United States wrote: "Even on the merits, the private [Agri Stats] settlements do not resolve the issues in this case or the need for a thorough injunction. While the private settlements do call for the elimination of sales reports, they leave in place many other problematic aspects of Agri Stats' information exchanges and also allow Agri Stats to largely recreate the sales reports through EMI. For instance, they leave in place the exchange of plant-level data for many categories of information. More significantly, the private settlements provide for very little public availability—the default is that the information exchange remains available only to competitor processors. The evidence will show at trial that processors use Agri Stats' information exchanges in all manner of ways, both via Agri Stats reports and otherwise. Allowing Agri Stats to continue to collect and exchange all that information with only a minimum amount of public availability leaves the door open for processors to continue to use Agri Stats in anticompetitive ways."

1

Plaintiffs' Pre-Trial Brief, *United States et al. v. Agri Stats, Inc.,* 0:23-cv-3009, Dkt. 715 at 27 (D. Minn. Apr. 20, 2026). "Finally, the private settlements only have a term of five years (as contrasted with the decades of Agri Stats' anticompetitive conduct), and do no not provide for a monitor— a standard provision in government antitrust enforcement actions 'when a complex decree requires administration or complex policing, particularly when a party has proved resistant or intransigent or special skills are needed.' *United States v. Vulcan Soc'y, Inc.,* 2010 WL 2160057, at *4 (E.D.N.Y. May 26, 2010) (quoting 9C Wright & Miller, *Federal Practice & Procedure* § 2602.1 (3d ed. 2008)). Given Agri Stats' refusal to hire in-house counsel or a compliance officer, coupled with its lengthy history of operating an information exchange with no guardrails and an insistence that such behavior is lawful, a monitor is essential to ensure Agri Stats complies with any changes to its business model." *Id.* at 27-28.

The DOJ and States' critique of EUCP's settlement independently validates Huang's objection. R.8469 (arguing the settlement offers nothing meaningful for the retrospective *damage* class). The Government Plaintiffs further settled for "an end to important anticompetitive features of Agri Stats' information exchange" plus $350,000, although EUCPs suggest Agri Stats is nearly bankrupt. www.justice.gov/opa/pr/justice-department-requires-agri-stats-end-exchange-competitively-sensitive-information.

Date: July 1, 2026

Respectfully Submitted,

/s/Shiyang Huang
Shiyang Huang
2813 SW Rother Rd.,
Topeka, KS 66614
(314) 669-1858
defectivesettlement@gmail.com

3

## CERTIFICATE OF SERVICE

I certify that on or before July 1, 2026, a true and correct copy of the foregoing was filed with this Court. CM/ECF will then notify all counsels of record electronically.

/s/ Shiyang Huang