UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION* | No. 1:16-cv-08637 |
| This document relates to: All End-User Consumer Plaintiffs Actions | Honorable Thomas M. Durkin Magistrate Judge Jeffrey T. Gilbert |

**OBJECTOR HUANG'S MOTION FOR DECLARATIONS FROM EUCP COUNSEL**

In light of the fact that class members must "gain nothing, yet lose the right to the benefits of aggregation in a class" under EUCPs' Agri Stats settlement proposal, *Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877, 882 (7th Cir. 2000), Objector Shiyang Huang respectfully moves the Court, under Fed. R. Civ. P. 23(e)(2), to direct the counsel for EUCPs to submit four disclosures in a sworn declaration before the fairness hearing.

The burden is intentionally light: Huang seeks no depositions, no document discovery besides requesting one disclosure regarding notice. EUCPs bear the burden under Rule 23 to show that the settlement they support is "fair, reasonable, and adequate," Fed. R. Civ. P. 23(e)(2), and this motion asks only that EUCPs carry it with more than attorney arguments but with evidence, clearly and directly before this Court.

**LEGAL STANDARD**

"The standard here is not constructive disclosure, but clear and direct disclosure to the district judge." *In re Sw. Airlines Voucher Litig.*, 799 F.3d 701, 716 (7th Cir. 2015) (Hamilton, J.). The review of class-action settlements "is far from pro forma," and the district judge acts as "a fiduciary of the class, who is subject therefore to the high duty of care that the law requires of fiduciaries", *Pearson v. NBTY, Inc.*, 772 F.3d 778, 780 (7th

Cir. 2014), for "parties [to] present evidence" to allow for "a ballpark valuation" of the settlement. *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 280, 285 (7th Cir. 2002).

Class settlements may be approved "only after a hearing and only on finding that the proposal is fair, reasonable, and adequate such that "the class representatives and class counsel have adequately represented the class," Fed. R. Civ. P. 23(e)(2)(A); that "the proposal was negotiated at arm's length," *id.* (B); that the relief is adequate "taking into account ... the effectiveness of any proposed method of distributing relief to the class," *id.* (C)(ii); and that "the proposal treats class members equitably relative to each other," *id.* (D). Under *Comcast Corp. v. Behrend*, "a party seeking to maintain a class action 'must affirmatively demonstrate his compliance' with Rule 23." 569 U.S. 27, 33 (2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). The burden does not stop after certification, *id.,* as Rule 23 settlements also impose obligations.

EUCPs offered a strange "initial presumption that a proposed settlement is fair and reasonable when it is the result of arm's length negotiations," R.8314 at 8-9, citing *Armstrong v. Board of School Directors*, 616 F.2d 305, 314 (7th Cir. 1980); *Goldsmith v. Tech. Sols. Co.,* 1995 WL 17009594, at *3 n.2 (N.D. Ill. Oct. 10, 1995) and *In re Linerboard Antitrust Litig.,* 292 F. Supp. 2d 631, 640 (E.D. Pa. 2003). But controlling law forecloses it, beginning with EUCPs' own citation: the same *Gautreaux* opinion EUCPs cite holds "a district court may not assume a consent decree is prima facie fair and require the objectors to demonstrate its inadequacy." *Gautreaux v. Pierce*, 690 F.2d 616, 631 (7th Cir. 1982). *Comcast* and *Dukes* command the same allocation of the burden, and the Second and Ninth Circuits also expressly held what *Gautreaux* holds: "the district

2

court abused its discretion by stating that it applied a presumption of reasonableness and fairness to the settlement," *In re Apple Inc. Device Perf. Litig.*, 50 F.4th 769, 783 (9th Cir. 2022); *accord Moses v. New York Times Co.*, 79 F.4th 235, 243 (2d Cir. 2023). And the Seventh Circuit addressed EUCP's lead case "with disapproval" because "judges have accrued much more experience with class actions and have learned that class action settlements are often quite different from settlements of other types of cases … [plaintiffs] are typically chosen by class counsel; the other class members are not parties and have no control over class counsel." *Pearson*, 772 F.3d at 787.

### THE REQUESTED DECLARATIONS ARE NOT BURDENSOME AND CAN EASILY FIT THE BRIEFING SCHEDULE EUCPS ALREADY PROPOSED

The request for sworn declarations is intentionally far from burdensome, while allowing this Court to have a complete record to evaluate the settlement approval. Huang seeks a declaration on four key issues with no new deadline: the declarations may accompany the papers EUCPs already propose to file "14 days before the Final Approval Hearing," their "responses to any objections to the settlement." R.8314 at 14.

As detailed in Part III, *infra,* the requested sworn declarations should provide:

1. Agri Stats' inability to pay any class members, as purported by EUCP's counsel, despite Agri Stats' recent $350,000 settlement with the U.S. DOJ and States.

2. The class definition under the proposed settlement as Rule 23(e)(1) disclosures require, so that EUCPs clearly describe the class definition and any deviation that will be caused by the proposed injunctive relief terms of the settlement proposal.

3. EUCPs' handling of notice and spam-notice email deliveries, before and after Huang's Jun. 15 filing.

3

4. EUCP class representatives' awareness of the $0 release of all damages claims for the EUCP's Agri Stats settlement, the denial of right to opt out, and their opinion in light of the United States and the States' recent settlement with Agri Stats.

"The standard here is not constructive disclosure, but clear and direct disclosure to the district judge." *In re Sw. Airlines*, 799 F.3d at 716. The disclosures track the Rule 23(e)(2) findings this Court needs to make in any case. None of the disclosures intends to cause or requires revealing any term subject to secrets, or confidential negotiations; to the extent a responsive fact is claimed confidential, this Court can and did previously order a release of historical class counsel bids under seal with no apparent concerns.

Huang therefore respectfully requests that the Court: (1) direct EUCP's counsel to file the four disclosures identified in Part III by a sworn declaration as a part of their response to objections before the fairness hearing; or (2) alternatively, postpone the fairness hearing until EUCPs produce those declarations for reviewing the settlement.

**THE KEY DISCLOSURES SOUGHT**

**1. The factual basis for Agri Stats' asserted inability to pay**

EUCPs represented that "Agri Stats is not in a financial position to compensate class members." R.8314 at 10. That appeared to justify Agri Stats paying only $23,000 toward EUCPs' notice program. But just weeks later, Agri Stats agreed to pay $350,000 to the U.S. DOJ and bipartisan State AGs. *See* Stipulation & Order, *United States v. Agri Stats, Inc.*, No. 0:23-cv-3009-JRT-JFD, Dkt. 742-1 at 4 (D. Minn. May 7, 2026).

The accompanying representation that "[d]uring the course of litigation, it became clear that even if EUCPs prevailed on appeal, returned to the trial court and

4

prevailed at trial, Agri Stats would be bankrupted by any judgment" (R.8314 at 10; R.8314-1 ¶ 8) *may well be true for a while* as it would be for many defendants. But this argument was made to support the apparent claim that "The settlement does not provide monetary recovery for the class, but Agri Stats is not in a financial position to compensate class members." *Id*. Both were presented as one package by EUCP's counsel. No balance sheet, liquidity statement, or any evidence appears anywhere in the record.

*Disclosure sought:* a sworn declaration identifying (a) all financial documents and evidence reviewed to conclude that "Agri Stats is not in a financial position to compensate class members[,]" when and by whom it was reviewed; (b) whether Agri Stats represented its ability to pay at the time of this settlement, and how would the statement that "Agri Stats is not in a financial position to compensate class members" (R.8314 at 10) be consistent with Agri Stats' recent willingness to pay DOJ and States over 15 times what EUCPs got ($23,000 towards notice) in the amount of $350,000.

**2. All changes in class definition and Rule 23(b) subdivision under Rule 23(e)(1)**

"If the court has already certified a class, the only information ordinarily necessary is whether the proposed settlement calls for any change in the class certified, or of the claims, defenses, or issues regarding which certification was granted." Fed. R. Civ. P. 23(e)(1) Advisory Committee's Note—2018 amendment. But Agri Stats' "bankruptcy" framing, *supra,* counsels Rule 23(b)(1)(B) and Rule 23(b)(2) appears apparent if "EUCP class members (and **all chicken purchasers**) will benefit from these **reforms**." R.8314 at 10 (emphasis added). No class-change statement appears in EUCPs' preliminary motion, R.8314, as EUCPs only recite they "certified as a Rule 23(b)(3) damages class," *id.* at 12,

and the entire class "cannot opt out," *id.* at 11. But this is a Due Process problem. Fed. R. Civ. P. 23(c)(2)(B)(v) ("For (b)(3) Classes … [t]he notice *must* … state … that the court *will exclude from the class any member who requests exclusion*;") (emphasis added).

If the settlement's force applies to "all chicken purchasers," R.8314 at 10, the damages class definition (of repealer-state broiler purchasers between January 1, 2012 to July 31, 2019) is no longer the class Agri Stats settlement thrusts upon; EUCP's new injunctive theory requires a new class, new definition, before that specific settlement "class" must release all the monetary, injunctive and equitable claims against Agri Stats.

*Disclosure sought:* a sworn statement identifying every change the proposed settlement acts upon (a) the (b)(3) damages class this Court has already certified; (b) the scope of claims proposed for release, against the damages-class certified; (c) how a (b)(3) class must lose every Rule 23(c)(2)(B)(v) ability to opt-out; and (d) the exact class definition and 23(b) subsection that the settlement approval must operate under.

### 3. Claim administrator's spam notice-related disclosures

Because past EUCP settlements already had claims forms, the notice is email-first to "approximately 18 million potential settlement class members." R.8314-3 ¶ 6. But "supplemental" notice, *id.,* is now unlikely enough as "all chicken purchasers[] [who] benefit from these reforms" (R.8314 at 10) also likely need to receive notice. *See supra*.

In addition, Huang flagged significant issues with spam-folder notice delivery. R.8448, *after* the settlement administrator said it will "incorporate best practices, such as excluding words or phrases known to trigger spam or junk filters, not including attachments to the email, and sending the emails in tranches." R.8314 at 13; R.8314-3

6

at 8. Huang has already submitted undisputable evidence that his own Agri Stats settlement notice arrived in a Gmail spam folder. R.8448.

*Disclosure sought,* in periods defined by Huang's June 15, 2026 alert: (a) for the period before June 15, 2026, any deliverability analysis A.B. Data may have performed or planned for EUCP counsel's review, R.8314-3 ¶ 8, including any inbox-folder or spam-prevention, and whether A.B. Data explicitly advised counsel of spam-classification risk, and counsel's response; (b) since June 15, 2026, any remediation undertaken in response to Huang's concern; and (c) whether class members whose initial notice was delivered to spam folders (as Huang's did) have received a new inbox-ready notice.

**4. Declarations from the class representatives supporting this settlement**

EUCP's counsel stated they "have reached out to each of the class representatives. The class representatives also support this settlement." R.8314-1 ¶ 7. Yet no plaintiff submitted any declaration. But Rule 23(e)(2)(A) makes the representatives' adequacy a required finding, and the burden is highly modest for representatives whose service awards paid them $4,000 more than any ordinary class member.

*Disclosure sought:* sworn declarations from *some* class representatives (or all) attesting by March 31, 2026 (a) whether they know that the class's damage claims will be released for $0 and injunctions as part of the Agri Stats settlement, no class member has the right to opt out from this settlement or otherwise to recover a penny from the settlement if this Court approves it; and (b) whether they now know on May 7, 2026, the United States and States settled with Agri Stats for similar injunctive relief of up to ten years, with a monitor, plus $350,000 in cash without releasing any class member's

damages claims, their view of this settlement now in light of the DOJ/States agreement; and (c) whether they still support the settlement in light of these key developments.

## CONCLUSION

The motion should be granted for EUCP to address each issue in a declaration accompanying EUCPs' response to objection(s) before the fairness hearing.

Date: July 5, 2026

Respectfully Submitted,

/s/Shiyang Huang
Shiyang Huang
2813 SW Rother Rd.,
Topeka, KS 66614
(314) 669-1858
defectivesettlement@gmail.com

## CERTIFICATE OF SERVICE

I certify that on or before July 5, 2026, a true and correct copy of the foregoing was filed with this Court. CM/ECF will then notify all counsels of record electronically.

/s/ Shiyang Huang