**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE BROILER CHICKEN ANTITRUST LITIGATION | Case No.: 1:16-cv-08637 |
| | The Honorable Thomas M. Durkin |
| This Document Relates To: | Magistrate Judge Jeffrey T. Gilbert |
| THE DIRECT PURCHASER PLAINTIFF CLASS ACTION | |

# DIRECT PURCHASER PLAINTIFFS' RESPONSE TO JOHN ANDREN AND HAMILTON LINCOLN LAW INSTITUTE'S MOTION TO INTERVENE

# TABLE OF CONTENTS

**Page**


**INTRODUCTION** ........ 1

**BACKGROUND** ........ 2

**ANALYSIS** ........ 3

**I. ANDREN AND HLLI CANNOT INTERVENE AS OF RIGHT** ........ 3

A. The Motion to Intervene is Untimely. ........ 4

B. Neither Andren nor HLLI Possess an Interest Relating to the Subject Matter of the DPP Action. ........ 6

C. There is No Potential Impairment or Lack of Adequate Representation of Interest. ........ 10

**II. ANDREN AND HLLI DO NOT QUALIFY FOR PERMISSIVE INTERVENTION** ........ 11

**CONCLUSION** ........ 12

## TABLE OF AUTHORITIES

**Page(s)**

**Case**

*Alcarez v. Akorn, Inc.*,
99 F.4th 368 (7th Cir. 2024)........................................................................................ 9

*Am. Airlines, Inc. v. City of Chicago*,
No. 25-04874, 2025 WL 1904439 (N.D. Ill. July 10, 2025) ............................................. 6, 11

*Baer v. First Options of Chicago, Inc.*,
72 F.3d 1294 (7th Cir. 1995)......................................................................................... 10

*Blue Spring Partners, LLC v. Individuals, Corps., LLCs, Partnerships, & Unincorporated Ass'ns Identified on Schedule A*,
No. 23-983, 2026 WL 1383203 (N.D. Ill. May 18, 2026).................................................. 5

*Bost v. Ill. State Bd. of Elections*,
75 F.4th 682 (7th Cir. 2023)................................................................................ 4, 6, 10

*Bost v. Ill. State Bd. of Elections*,
No. 22-02754, 2022 WL 6750940 (N.D. Ill. Oct. 11, 2022) ................................................ 11

*Deposit Guaranty National Bank v. Roper*,
445 U.S. 326 (1980) ...................................................................................................... 9

*Flying J, Inc. v. Van Hollen*,
578 F.3d 569 (7th Cir. 2009)........................................................................................... 6

*Fulton Nat'l Bank of Atl. v. Hozier*,
267 U.S. 276 (1925) ..................................................................................................... 10

*Gautreaux v. Chicago Hous. Auth.*,
No. 66-1459, 2004 WL 1427107 (N.D. Ill. June 23, 2004).................................................. 4

*Heartwood, Inc. v. U.S. Forest Serv., Inc.*,
316 F.3d 694 (7th Cir. 2003)........................................................................................... 4

*HyperQuest, Inc. v. N'Site Sols., Inc.*,
559 F. Supp. 2d 918 (N.D. Ill. 2008) ............................................................................... 9

*In re Broiler Chicken Antitrust Litigation*,
142 F.4th 568 (7th Cir. 2025).......................................................................................... 2

*In re Checking Account Overdraft Litigation*,
No. 09-MD-02036, 2011 WL 6736064 (S.D. Fla. Dec. 9, 2011) ....................................... 7, 8

*In re Syngenta AG MIR 162 Corn Litigation*,
MDL No. 2591, 2020 WL 7828765 (D. Kan. Dec. 31, 2020).......................................... 8, 11

*In re Synthroid Mktg. Litig.*,
325 F.3d 974 (7th Cir. 2003)........................................................................................... 9

*In re Taylor*,
No. 13-07743, 2014 WL 2609790 (N.D. Ill. June 9, 2014)....................................................... 12

*Keith v. Daley*,
764 F.2d 1265 (7th Cir. 1985)........................................................................................... 6

*Lewis v. City of Chicago*,
No. 98-5596, 2012 WL 13163569 (N.D. Ill. July 31, 2012) ................................................ 4, 5

*Lewis v. Cont'l Bank Corp.*,
494 U.S. 472 (1990) ........................................................................................................... 7

*O'Donnell v. Saul*,
983 F.3d 950 (7th Cir. 2020)............................................................................................. 10

*People Who Care v. Rockford Bd. of Educ.*,
68 F.3d 172 (7th Cir. 1995)............................................................................................. 4, 6

*Planned Parenthood of Wisc., Inc. v. Kaul*,
942 F.3d 793 (7th Cir. 2019)............................................................................................. 11

*Raymundo v. Winnebago Cnty.*,
No. 07-50087, 2013 WL 12617554 (N.D. Ill. May 16, 2013).................................................. 11

*Reich v. ABC/York-Estes Corp.*,
64 F.3d 316 (7th Cir. 1995)................................................................................................. 6

*Remijas v. Neiman Marcus Grp.*,
794 F.3d 688 (7th Cir. 2015)............................................................................................... 9

*Rougvie v. Ascena Retail Group*,
No. 15-724, 2017 WL 2624544 (E.D. Pa. June 16, 2017)......................................................... 8

*S.E.C. v. Falor*,
270 F.R.D. 372 (N.D. Ill. 2010)........................................................................................... 7

*Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*,
69 F.3d 1377 (7th Cir. Nov. 17, 1995) ................................................................................. 11

*Sokaogon Chippewa Cmty. v. Babbitt*,
214 F.3d 941 (7th Cir. 2000)........................................................................................... 4, 11

*Solid Waste Agency of N. Cook Cnty. v. U.S. Army Corps of Eng'rs*,
101 F.3d 503 (7th Cir. 1996)............................................................................................... 6

*State v. City of Chicago*,
912 F.3d 979 (7th Cir. 2019)............................................................................................... 4

*Thole v. U.S. Bank N.A.*,
590 U.S. 538 (2020) ........................................................................................................... 7

*Thompson v. U.S.*,
268 F.R.D. 319 (N.D. Ill. 2010)........................................................................................... 7

*United States v. Alisal Water Corp.*,
370 F.3d 915 (9th Cir. 2004)........................................................................................... 8

*Wade v. Goldschmidt*,
673 F.2d 182 (7th Cir. 1982)........................................................................................... 4

*WEC 98C-3, LLC v. Saks, Inc.*,
No. 20-4356, 2021 WL 12401222 (N.D. Ill. June 28, 2021)...................................................... 6

**Rules**

Fed. R. Civ. P. 24...................................................................................................*Passim*

## INTRODUCTION

John Andren's motion for attorneys' fees from the Direct Purchaser Plaintiff ("DPP") Class settlement fund constituted an unprecedented attempt to extract fees from a class Andren is not a part of and has no standing to represent. Andren and his counsel, Hamilton Lincoln Law Institute ("HLLI"), openly concede this fact in their motion to intervene, which is a last-ditch effort to generate a legal basis in support of Andren's attempt to profit at the expense of the DPP Class. The motion to intervene further demonstrates the extremely attenuated nature of Andren's relationship to the DPP Class and the procedural impropriety of his fee request.

Under Seventh Circuit law, neither Andren nor HLLI may intervene as a matter of right in the DPP Action because they fail at every turn to meet the requirements of compulsory intervention. As non-Class members with no financial stake in the DPP Class settlements, neither have an interest relating to the subject matter of the DPP Action. Even if an interest did exist, the Court has repeatedly found that Court-appointed Class Counsel have adequately represented the DPP Class throughout the case. Furthermore, the motion to intervene is untimely because it was filed well after DPP Co-Lead Class Counsel's motion for attorneys' fees had been pending for over a year and after the Seventh Circuit decided attorneys' fees in the End-User Consumer Plaintiff ("EUCP") Class Action.

Permissive intervention, which is subject to the Court's discretion, is also inappropriate. Andren and HLLI are not members of the DPP Class and have no pecuniary interest in the DPP Class settlements. The only interest Andren can claim is the interest of his counsel, who seek an additional fee for work that this Court has already compensated in connection with Andren's EUCP Class objection. Andren himself, a member of the EUCP Class, has zero stake in this fee request. The motion to intervene and the fee motion have only delayed and threatened to dilute payments

to DPP Class members. Principles of law and equity do not permit Andren and his counsel to extract fees from funds created for classes they are not a member of and have no standing to represent.

The Court should therefore deny Andren and HLLI's motion to intervene for the purpose of seeking attorneys' fees. (Dkt. No. 8522.) The deficiencies of the attempted intervention also warrant denial of the fee motion. (Dkt. No. 8512.) Andren remains what he has always been in the DPP Action: a non-party with no pecuniary interest in the DPP case, and with no valid procedural vehicle to reach the DPP Class fund. But if the motion to intervene is granted, Andren's motion for attorneys' fees should be denied for the additional reasons set forth in the DPP Class's opposition. (*See* Dkt. No. 8512.)

**BACKGROUND**

DPP Co-Lead Class Counsel have litigated this case since 2016 — filing the complaint, taking the DPP Class through a six-week trial, and securing many settlements for the DPP Class. The Court certified the DPP, CIIPP, and EUCP Classes as three separate classes (Dkt. No. 5644) and has consistently treated each independently. Andren's participation has been confined to the EUCP case. He first appeared on November 10, 2021, by objecting to EUCP Class counsel's fee motion. (Dkt. No. 5182.) After the Court granted that motion (Dkt. No. 5855), he brought two subsequent appeals (Dkt. Nos. 6094, 7346) that led to *In re Broiler Chicken Antitrust Litigation*, 142 F.4th 568 (7th Cir. 2025) ("*Broiler II*").

The Court eventually awarded Andren 6.733333 percent (the percentage decrease in EUCP counsel's fee award) of $12,431,228.20 (the amount by which the settlement fund increased) for a total fee of $837,035.62 on May 21, 2026. (Dkt. No. 8404 at 8, 13.) That same day, in a separate order, the Court awarded attorneys' fees to DPP Co-Lead Class counsel, thereby setting the amount

in the DPP Class settlement fund. (Dkt. No. 8405.) Andren never objected to the DPP settlements, never objected to DPP Co-Lead Class Counsel's fee motion, and never moved to intervene in the DPP action while that fee motion was pending.

Over two months later, on July 27, 2026, Andren moved for attorneys' fees from the DPP and Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPP") Classes on the basis that he and his counsel had provided a common benefit to both. (Dkt. No. 8499.) DPP and CIIPP Classes each opposed Andren's fee motion on the basis that since he was not a member of either class, he did not have standing or legal or equitable authority to seek compensation. (Dkt. Nos. 8512, 8513.) The CIIPP's opposition also raised procedural defects in Andren's fee request, namely that he could not "insert himself into this case" prior to moving to intervene under Fed. R. Civ. P. 24. (Dkt. No. 8513 at 5.)

Andren and HLLI filed their motion to intervene concurrently with a reply in support of Andren's fee motion to reiterate their claim for "equitable compensation" from the DPP and CIIPP Class settlement funds. (Dkt. Nos. 8521, 8522 at 1.) The motion to intervene only highlights the deficiencies of Andren's underlying fee motion and should be denied.

## ANALYSIS

### I. ANDREN AND HLLI CANNOT INTERVENE AS OF RIGHT

The motion to intervene regurgitates Andren's unprecedented assertion that the common benefit doctrine entitles him to attorneys' fees for already-compensated work conducted for the EUCP Class. And, like Andren's fee motion, the motion to intervene also fails to conjure any supportive case law but relies instead on distorting core legal concepts to prop up his claim to the DPP Class's settlement fund. Andren—a non-member and non-objector of the DPP Class—does not have the standing to seek fees from DPPs, and his claimed "equitable entitlement to

$690,710.51" and interest in "equitable allocation" as an EUCP claimant does not meet the high standard for intervening in the DPP case. (Dkt. No. 8522 at 4–5.)

A nonparty may intervene as a matter of right under Fed. R. Civ. P. 24(a)(2), if it can show: "(1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties to the action." *Bost v. Ill. State Bd. of Elections*, 75 F.4th 682, 686 (7th Cir. 2023) (quoting *State v. City of Chicago*, 912 F.3d 979, 984 (7th Cir. 2019)). Intervention of right is not granted unless all four requirements are met. *Wade v. Goldschmidt*, 673 F.2d 182, 185 n.4 (7th Cir. 1982). Andren and HLLI's motion to intervene fails to establish all four factors and should therefore be denied.

**A. The Motion to Intervene is Untimely.**

Requiring an intervention motion to be timely "prevent[s] a tardy intervenor from derailing a lawsuit within sight of the terminal." *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000). Seventh Circuit courts determine timeliness "according to a reasonableness standard." *Gautreaux v. Chicago Hous. Auth.*, Civ. No. 66-1459, 2004 WL 1427107, at *2 (N.D. Ill. June 23, 2004) (citing *People Who Care v. Rockford Bd. of Educ.*, 68 F.3d 172, 175 (7th Cir. 1995)). That reasonableness standard weighs four factors: (1) "the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; and (4) any other unusual circumstances." *Sokaogon Chippewa Cmty.*, 214 F.3d at 949. A movant for intervention is "required to move . . . as soon as they knew or had reason to know that their interests 'might be adversely affected by the outcome of the litigation.'" *Lewis v. City of Chicago*, Civ. No. 98-5596,

2012 WL 13163569, at *2 (N.D. Ill. July 31, 2012) (quoting *Heartwood, Inc. v. U.S. Forest Serv., Inc.*, 316 F.3d 694, 701 (7th Cir. 2003)).

Andren and HLLI's claim that they could not have filed the motion to intervene any sooner than they did because "[b]efore *Broiler II*, HLLI had no claim" over fees from DPP Class's settlement fund (Dkt. No. 8522 at 8) has no basis. The DPP Class moved for attorneys' fees on May 1, 2024 (Dkt. No. 7232) and Andren immediately noticed: in June 2024—two years before he now says his interest first "arose"—HLLI filed an amicus brief attacking DPP Class counsel's fee request as excessive, but no motion to intervene. (Dkt. No. 7289.) Andren and HLLI also could have moved to intervene in the DPP matter when the Seventh Circuit issued its second order on fees in *Broiler II* on July 2, 2025. Or they could have attempted to intervene a few weeks later, on July 22, 2025, when this Court ordered DPPs to supplement their pending motion for fees in light of *Broiler II*. (*See* Dkt. No. 7820.) Instead, Andren and HLLI waited until *after* this Court had already awarded fees (Dkt. No. 8405), *after* DPP and CIIPPs objected to Andren's fee motion to seek intervention, and *on the day* that settlement funds to the DPP Class were scheduled for distribution (*see* Dkt. No. 8459 at 1).

At this point, the substantial prejudice to the original parties—namely DPP Class members who have litigated their case for a decade—greatly outweighs any prejudice that Andren and HLLI claim that their untenable and untimely fee claim will suffer. "Motions to intervene after a case is over or parties have settled are almost always denied as untimely." *Blue Spring Partners, LLC v. Individuals, Corps., LLCs, Partnerships, & Unincorporated Ass'ns Identified on Schedule A*, Civ. No. 23-983, 2026 WL 1383203, at *4 (N.D. Ill. May 18, 2026); *see also Lewis*, 2012 WL 13163569, at *3 (finding "unusual circumstance" that "further counsels against intervention of right" where plaintiffs "ha[d] been awaiting relief for fourteen years"). Andren's fee motion and

now untimely motion to intervene, both of which entailed weeks-long briefing schedules to ensure that DPPs have the chance to properly respond to motions threatening the DPP Class Settlement fund, have derailed this distribution.

**B. Neither Andren nor HLLI Possess an Interest Relating to the Subject Matter of the DPP Action.**

A finding of untimeliness is sufficient on its own to deny a motion to intervene. *People Who Care*, 68 F.3d at 179. Regardless, Andren and HLLI fail to present an interest relating to the subject matter of the DPP Action. "Intervention as of right requires a would-be intervenor to have a 'direct, significant and legally protectable interest in the [subject] at issue in the lawsuit.'" *See Bost*, 75 F.4th at 688 (quoting *Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985)). "[T]he interest required by Article III is not enough by itself to allow a person to intervene in a federal suit and thus become a party to it. There must be more." *Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 571 (7th Cir. 2009). Moreover, the prospect that a movant "might anticipate a benefit from a judgment in favor of one of the parties to a lawsuit . . . does not entitle [them] to intervene in their suit." *Id.*

The "clearest" source of an interest sufficient to satisfy Rule 24(a)(2) "is where the would-be intervenor has a legal claim that could be made the basis of an independent suit against the defendant in the action in which he seeks to intervene." *WEC 98C-3, LLC v. Saks, Inc.*, Civ. No. 20-4356, 2021 WL 12401222, at *1 (N.D. Ill. June 28, 2021) (quoting *Solid Waste Agency of N. Cook Cnty. v. U.S. Army Corps of Eng'rs*, 101 F.3d 503, 506 (7th Cir. 1996). In other words, Andren and HLLI must show that they have a "direct" and "significant" interest "in the issues to be resolved by the litigation." *Am. Airlines, Inc. v. City of Chicago*, Civ. No. 25-04874, 2025 WL 1904439, at *5 (N.D. Ill. July 10, 2025) (quoting *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 322 (7th Cir. 1995)).

Andren and HLLI possess no interest relating to the subject matter of the DPP Action sufficient to justify intervention as of right. As non-class members and non-parties, Andren and HLLI do not have Article III standing let alone a more concrete interest necessary to establish standing. Standing under Article III of the Constitution requires: (1) a concrete, particularized, and actual or imminent injury in fact; (2) an injury in fact caused by the defendant; and (3) the likelihood that the requested judicial relief will remedy the injury. *Thole v. U.S. Bank N.A.*, 590 U.S. 538, 540 (2020). Neither Andren nor HLLI, as non-members of the DPP Class, can fulfill these elements because the outcome of the DPP litigation will *not* affect any payout they will or are eligible to receive. Thus, they have no concrete stake and no standing in this suit. *Id.* at 541–42. HLLI may have an interest in attorney's fees but, as pointed out by the U.S. Supreme Court, "an interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists *on the merits of the underlying claim*." *Id.* at 541–42 (emphasis added) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990)).

Accordingly, it is not surprising that courts in this District deny intervention to those whose interest is "a purely practical, economic one." *See Thompson v. U.S.*, 268 F.R.D. 319, 322 (N.D. Ill. 2010) (denying a judgment creditor's motion to intervene because the movant had "no stake in the underlying legal issues or the subject matter of the dispute" and sought only "to protect its ability to collect its debt"); *S.E.C. v. Falor*, 270 F.R.D. 372, 377 (N.D. Ill. 2010) (denying intervention where the movant's "only interest in the case is as a judgment creditor looking to collect her debt").

Courts also consistently deny motions to intervene where the movant seeks to intervene solely regarding the process of allocating and distributing attorneys' fees from a class fund. For example, in *In re Checking Account Overdraft Litigation*, the court denied a motion to intervene

based on non-class attorneys' claims that they were entitled to receive notice of and participate in the class settlement fund. Civ. No. 09-MD-02036, 2011 WL 6736064, at *2 (S.D. Fla. Dec. 9, 2011). The court found it outcome-determinative that the movants' disputes arose out of the conduct of those who were "*not parties in this case*" and that "[w]ithout a dispute with any Plaintiff or Defendant in this case, Claimants do not have a right to intervene and participate in the allocation of attorneys' fees in this case." *Id.* (emphasis in original). Likewise, in *In re Syngenta AG MIR 162 Corn Litigation*, the court denied a motion to intervene by a group of plaintiffs whose claims had been previously dismissed from the MDL. MDL No. 2591, 2020 WL 7828765, at *1 (D. Kan. Dec. 31, 2020). The movants' attempt to intervene for the purpose of withholding roughly $148 million from disbursement of class counsel's fee award was rejected because the movants "presently have no legal claim to any fees" and the requested disbursement could not impair or impede a legal interest. *Id.* (quoting Fed. R. Civ. P. 24(a)(2)). Similarly, the court in *Rougvie v. Ascena Retail Group* denied a Rule 24 motion from class-member objectors who moved post-settlement to reach fee proceeds on the basis that their asserted equitable interest in those funds was too speculative. Civ. No. 15-724, 2017 WL 2624544, at *3, 5 (E.D. Pa. June 16, 2017).

The "equitable interest" in attorneys' fees from the DPP Class on which Andren and HLLI hang their motion (Dkt. No. 8522 at 4–5) is materially indistinguishable from these examples. Andren and HLLI admit they are not members of the DPP Class. (*Id.* at 6.) They have no standing or sufficiently concrete interest in the DPP Action or the DPP Class settlement fund to meet the high bar of intervention. (*Id.* at 5.) Allowing intervention because of a tangential interest in obtaining attorneys' fees would amount to an "open invitation" for anyone to intervene in any lawsuit where damages may be awarded. *United States v. Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir. 2004).

In light of these concerns, it is not surprising that Andren fails to present a single case where a non-class member who does *not* have standing in the underlying manner nevertheless was permitted to intervene or otherwise retained standing to seek fees. Instead, the cases Andren relies upon reinforce the fact that class membership is a prerequisite condition of intervening for the purpose of sharing in the attorneys' fees. *See Remijas v. Neiman Marcus Grp.*, 794 F.3d 688, 692 (7th Cir. 2015) (discussing whether allegations of future harm can confer Article III standing to putative *class members*); *In re Synthroid Mktg. Litig.*, 325 F.3d 974, 976 (7th Cir. 2003) (determining standing of *class members* to protest fees); *Alcarez v. Akorn, Inc.*, 99 F.4th 368, 375 (7th Cir. 2024) (allowing intervention by a "*member of the class*" who had "a claim in common with the main action") (emphasis added).

The argument that Andren has "an additional interest" based on his status as an EUCP claimant also rings hollow. Andren and HLLI's citation to *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326 (1980) stands only for the unremarkable assertions that "[c]ost-spreading constitutes 'a central concept of Rule 23'" (Dkt. No. 8522 at 5), and that class members retain the benefit of "reducing their costs of litigation, particularly attorney's fees, by allocating such costs among *all members of the class* who benefit from any recovery." *Roper*, 445 U.S. at 333, 338 n.9 (emphasis added). But this case is not *Roper* and Andren cannot stretch it to also claim economic interest in the DPP Class settlement fund when he is not a DPP Class member and ineligible to join the Class. Further, Andren's request for fees in the amount of a percentage of the DPP Class settlement fund would not actually "spread" the cost borne by EUCP class members (Dkt. No. 8522 at 5, 10); in fact, the amount Andren's' counsel receives from the EUCP Class *would not change* if Andren's fee motion as filed were granted.

Andren and HLLI also erroneously conflate standing, which considers whether a plaintiff may seek relief, with jurisdiction, which considers whether a federal court has the power to grant the requested relief. *See HyperQuest, Inc. v. N'Site Sols., Inc.*, 559 F. Supp. 2d 918, 920 (N.D. Ill. 2008) (noting standing and subject matter jurisdiction "are separate questions"). The fact that courts may consider a party's fee motion independently from the merits of the action does not mean that Andren, a non-party without standing in the DPP Action, may seek fees from DPPs. Andren and HLLI's other cited cases simply support the "general rule" that federal courts may consider controversies—including "ancillary controversies"—that have a "direct relation to property or assets actually or constructively drawn into the court's possession or control by the principal suit." *Fulton Nat'l Bank of Atl. v. Hozier*, 267 U.S. 276, 280 (1925). These cases discussed either issues with attorney fees awarded to a plaintiff's attorney, *see O'Donnell v. Saul*, 983 F.3d 950, 955 (7th Cir. 2020) (noting jurisdiction over issue regarding Social Security Administration fee award "because it concerns matters ancillary to the underlying dispute"), or a fee dispute between two attorneys who had represented the plaintiff, *see Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1300–01 (7th Cir. 1995). None stands for the proposition that a non-class member's interest in extracting fees for his attorneys provides a basis for standing, much less intervention, which is subject to a higher standard.

**C. There is No Potential Impairment or Lack of Adequate Representation of Interest.**

The final two factors only highlight the baselessness of Andren and HLLI's motion to intervene. This Court has repeatedly recognized that DPP Class Counsel has adequately represented the interests of the DPP Class Members throughout the litigation (*see, e.g.*, Dkt. No. 5225 at 8 ("Their [DPP Co-Lead Class Counsel] performance to date has been exemplary.")) and DPP Co-Lead Class counsel's motion for fees received no objections. To the extent that Andren

claims he is not adequately represented because he is not a DPP Class Members, this only further demonstrates that he lacks the necessary "direct, significant and legally protectable interest in the [subject] at issue in the lawsuit." *See Bost*, 75 F.4th at 688. Nor can there be a potential impairment of Andren or HLLI's interest in the DPP Class action when they have no cognizable interest in the DPP case. Andren claims that denying intervention would impair his interest. (Dkt. No. 8522 at 10.) But the only thing that distribution of the DPP Class fund would affect is Andren's hope of collecting fees—an economic expectancy that does not qualify as a protectable interest in the first place. A movant cannot manufacture the impairment element from an interest that Rule 24(a)(2) does not recognize. *See In re Syngenta AG MIR 162 Corn Litig.*, 2020 WL 7828765, at *1.

## II. ANDREN AND HLLI DO NOT QUALIFY FOR PERMISSIVE INTERVENTION

A grant of permissive intervention is "wholly discretionary" and allowed when (1) "an applicant's claim or defense and the main action have a question of law or fact in common[,]" (2) the motion is timely, and (3) independent jurisdiction over the would-be intervenor exists. *Sokaogon*, 214 F.3d at 949; *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. Nov. 17, 1995) (quoting Fed. R. Civ. P. 24(b)(2)). The court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Planned Parenthood of Wisc., Inc. v. Kaul*, 942 F.3d 793, 803 (7th Cir. 2019) (quoting Fed. R. Civ. P. 24(b)(3)). The fact that intervention as of right is inappropriate because Andren and HLLI's motion to intervene is untimely, would prejudice the existing parties, and does not claim a valid interest in the action, also strongly indicates that permissive intervention is similarly unsuitable. *See Am. Airlines*, 2025 WL 1904439, at *6; *Bost v. Ill. State Bd. of Elections*, Civ. No. 22-02754, 2022 WL 6750940, at *7 (N.D. Ill. Oct. 11, 2022).

As already mentioned, neither Andren nor HLLI's equitable claim to fees from the DPP Class fund constitutes a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Andren and HLLI do not qualify for the DPP Class and thus cannot share "common factual circumstances" with DPP Class members. *Raymundo v. Winnebago Cnty.*, Civ. No. 07-50087, 2013 WL 12617554, at *2 (N.D. Ill. May 16, 2013). And their economic interest in attorneys' fees is unduly attenuated from the DPP Action as it does not depend at all on the outcome of the litigation. *In re Taylor*, Civ. No. 13-07743, 2014 WL 2609790, at *4 (N.D. Ill. June 9, 2014) (holding that a claimed "economic interest in the settlement between the parties" was insufficient to allow permissive intervention because "[w]hether the parties settle is not a 'question of law or fact' that is related to the *substantive* issues on appeal").

Further, as Andren and HLLI recognize, distribution to the DPP Class would have happened on August 24, 2026, but for the fee motion and now their motion to intervene. (Dkt. No. 8522 at 12.) Andren and HLLI's attempts to obtain funds from the DPP Class settlement fund have delayed—and will continue to delay—the rightful and long-awaited disbursement of funds to DPP Class members. (*See* Dkt. No. 8459.)

## CONCLUSION

Andren and HLLI's motion to intervene in the DPP Action in support of its already-briefed motion for fees from the DPP Class is not only untimely, but further demonstrates the flaws in their claimed interest in obtaining a portion of the settlement proceeds from a class that they are not a part of and do not have a concrete interest in. The prejudice to the members of the DPP Class greatly outweighs any prejudice to Andren and HLLI, whose claim to fees is not only unreasonable, but untethered to any legal or equitable principle. For these reasons, the DPP Class respectfully

requests that the Court deny Andren and HLLI's motion to intervene (Dkt. No. 8522) and Andren's fee motion (Dkt. No. 8499).

Date: September 8, 2026

*/s/ Bobby Pouya*
Clifford H. Pearson (*Pro Hac Vice*)
Daniel L. Warshaw (*Pro Hac Vice*)
Bobby Pouya (*Pro Hac Vice*)
Michael H. Pearson (*Pro Hac Vice*)
**PEARSON WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
T: (818) 788-8300
F: (818) 788-8104
cpearson@pwfirm.com
dwarshaw@pwfirm.com
bpouya@pwfirm.com
mpearson@pwfirm.com

*/s/ Brian D. Clark*
W. Joseph Bruckner (*Pro Hac Vice*)
Brian D. Clark (IL # 6350416)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
T: (612) 339-6900
F: (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com

Kyle Pozan (IL #6306761)
**LOCKRIDGE GRINDAL NAUEN PLLP**
1165 N. Clark Street, Suite 700
Chicago, IL 60610
T: (312) 470-4333
kjpozan@locklaw.com

***Direct Purchaser Plaintiffs' Co-Lead Class Counsel***